WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
**In re**                                             :         **Chapter 11 Case No.**
:
**LEXINGTON PRECISION CORPORATION,**   :         08- _____ (   )
:
Debtor.                                            :
:
------------------------------------------------------------x
:
**In re**                                             :         **Chapter 11 Case No.**
:
**LEXINGTON RUBBER GROUP, INC.,**        :         08- _____ (   )
:
Debtor.                                            :
:
------------------------------------------------------------x

**DEBTORS' MOTION FOR ORDER DIRECTING JOINT**
**ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO RULE 1015(b)**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber

Group, Inc. ("Lexington Rubber Group" and, together with Lexington Precision, "Lexington" or

the "Debtors"), as debtors and debtors in possession, respectfully represent:

NY2:\1294774\15\RR1Y15!.DOC\26690.0008

**Background**

1. On the date hereof (the "Commencement Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**Lexington's Businesses**

2. Lexington manufactures large volumes of high-quality rubber and metal components at competitive prices for use primarily in automobiles and medical devices. Lexington operates through two operating segments—the Rubber Group and the Metals Group. Lexington's components are generally sold to other manufacturers.

3. Lexington is one of North America's largest manufacturers of rubber components for the automotive industry. The Rubber Group's principal products are connector seals used in primary wire harnesses and insulators for ignition wire sets. The Rubber Group also manufactures and sells rubber components used in a variety of medical devices, including drug delivery systems, syringes, laparoscopic instruments, and catheters, which are sold to some of the world's largest medical device manufacturers.

4. The Metals Group manufactures high-volume aluminum, brass, steel, and stainless steel components machined from bars, forgings, and cold-headed blanks primarily for manufacturers within the automotive industry. These components are used in many applications, including heating and cooling systems, airbag systems, solenoids, switches, and valves.

5. Lexington is headquartered in New York, New York, and maintains manufacturing plants in New York, Georgia, Ohio, and South Carolina. As of February 29,

2008, Lexington employed approximately 651 permanent and 22 temporary employees, of which 134 are salaried employees and 517 are hourly employees. In 2007, Rubber Group net sales totaled $74.5 million and Metals Group net sales totaled $13.8 million. As of December 31, 2007, Lexington's consolidated unaudited financial statements reflected assets totaling approximately $52.6 million, and current liabilities totaling approximately $88.5 million. Notwithstanding the Debtors' negative "book net worth" calculated in accordance with generally accepted accounting principles, the Debtors have received a number of offers for all or portions of the assets and business of the Lexington Rubber Group, the largest of the Debtors' operations and the generator of the preponderance of the Debtors' sales and earnings, each of which clearly indicates that the value of the Debtors' assets far exceeds the Debtors' liabilities. Consequently, the Debtors believe that they are solvent and that the equity securities of Lexington Precision have significant value.

### Jurisdiction and Venue

6.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

7.     By this Motion, the Debtors seek entry of an order directing joint administration of these cases for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

8.     Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are

"affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the requested relief.

9. On the date hereof, the Debtors commenced the chapter 11 cases referenced above by filing the appropriate petitions with this Court. Given the provisions of the Bankruptcy Code and the Debtors' affiliation, joint administration of these cases is warranted. Joint administration will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders, thereby saving the Debtors considerable expense and resources. The relief requested will not adversely affect creditors' rights as this Motion requests only administrative, and not substantive, consolidation of the estates. Moreover, each creditor may still file its claim against a particular estate. In fact, the reduced costs that will result from the joint administration of these cases will enhance the rights of all creditors. The relief requested will also relieve the Court of the burden of entering duplicative orders and maintaining duplicative files and similarly, simplify supervision of the administrative aspects of these chapter 11 cases by the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>").

10. Accordingly, the Debtors respectfully request that the Court modify the caption of their cases to reflect the joint administration of these chapter 11 cases, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                                :
**In re**                                                       :    **Chapter 11 Case No.**
                                                                :
**LEXINGTON PRECISION CORP., <u>et</u> <u>al.</u>,**            :    **08-_____ (   )**
                                                                :
    **Debtors.**                                                :    **(Jointly Administered)**
                                                                :
----------------------------------------------------------------x

11. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket of Lexington Rubber Group's case to reflect the joint administration of these cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Lexington Precision Corporation and Lexington Rubber Group, Inc. The docket in **Case No. 08- _____ ( )** should be consulted for all matters affecting this case.

12. Finally, the Debtors seek authority to file the monthly operating reports required by the U.S. Trustee Operating Guidelines on a consolidated basis. Consolidated monthly operating reports will further administrative economy and efficiency without prejudice to any party in interest.

## **Memorandum of Law**

13. The Debtors submit that the relevant authorities are set forth herein, and accordingly, that the requirement contained in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum in support of the Motion is satisfied.

## **Notice**

14. No trustee, examiner, or statutory creditors' committee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to (i) the U.S. Trustee, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis). The Debtors submit that no other or further notice need be provided.

15. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: April 1, 2008
     New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**LEXINGTON PRECISION CORPORATION,** : 08- _____ (   )
: 
Debtor. : 
: 
---------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**LEXINGTON RUBBER GROUP, INC.,** : 08- _____ (   )
: 
Debtor. : 
: 
---------------------------------------------------------------x

**ORDER PURSUANT TO RULE 1015(b)**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the Motion, dated April 1, 2008 (the "Motion"), of Lexington Precision Corporation and Lexington Rubber Group, Inc. (together, the "Debtors"), as debtors and debtors in possession, for entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the

agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Dennis J. Welhouse Pursuant to Local Bankruptcy Rule 1007-2, sworn to on April 1, 2008 (the "Welhouse Affidavit"), the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court; and it is further

ORDERED that nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of the above-captioned cases; and it is further

ORDERED that the caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
                                                :
**In re**                                       :    **Chapter 11 Case No.**
                                                :
**LEXINGTON PRECISION CORP., et al.,**          :    08- _____ ( )
                                                :
            **Debtors.**                        :    **(Jointly Administered)**
                                                :
---------------------------------------------------------------x

; and it is further

ORDERED that a docket entry shall be made in the chapter 11 case of Lexington Rubber Group, Inc. substantially as follows:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Lexington Precision Corporation and Lexington Rubber Group, Inc.  The docket in Case No. 08- _____ ( ) should be consulted for all matters affecting this case.

; and it is further

ORDERED that the Debtors shall be permitted to file their monthly operating reports required by the United States Trustee Operating Guidelines on a consolidated basis; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated: April __, 2008
       New York, New York

                                                    _____
                                                    United States Bankruptcy Judge