WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
: 
In re                                                           :   **Chapter 11 Case No.**
                                                                :
**LEXINGTON PRECISION CORP., et al.,**      :   08-_____ ( )
                                                                :
         Debtors.                                          :   **(Jointly Administered)**
                                                                :
-----------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULES 1007(c) AND 2002(d)
FOR AN EXTENSION OF TIME TO FILE SCHEDULES OF ASSETS AND
LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber Group" and, together with Lexington Precision, "Lexington" or the "Debtors"), as debtors and debtors in possession, respectfully represent:

**Background**

1.  On the date hereof (the "Commencement Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

NY2:\1294798\24\RR2M24!.DOC\26690.0008

2. Contemporaneously herewith, the Debtors filed a motion seeking joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Lexington's Businesses

3. Lexington manufactures large volumes of high-quality rubber and metal components at competitive prices for use primarily in automobiles and medical devices. Lexington operates through two operating segments—the Rubber Group and the Metals Group. Lexington's components are generally sold to other manufacturers.

4. Lexington is one of North America's largest manufacturers of rubber components for the automotive industry. The Rubber Group's principal products are connector seals used in primary wire harnesses and insulators for ignition wire sets. The Rubber Group also manufactures and sells rubber components used in a variety of medical devices, including drug delivery systems, syringes, laparoscopic instruments, and catheters, which are sold to some of the world's largest medical device manufacturers.

5. The Metals Group manufactures high-volume aluminum, brass, steel, and stainless steel components machined from bars, forgings, and cold-headed blanks primarily for manufacturers within the automotive industry. These components are used in many applications, including heating and cooling systems, airbag systems, solenoids, switches, and valves.

6. Lexington is headquartered in New York, New York, and maintains manufacturing plants in New York, Georgia, Ohio, and South Carolina. As of February 29, 2008, Lexington employed approximately 651 permanent and 22 temporary employees, of which 134 are salaried employees and 517 are hourly employees. In 2007, Rubber Group net sales totaled $74.5 million and Metals Group net sales totaled $13.8 million. As of December 31,

2007, Lexington's consolidated unaudited financial statements reflected assets totaling approximately $52.6 million, and current liabilities totaling approximately $88.5 million. Notwithstanding the Debtors' negative "book net worth" calculated in accordance with generally accepted accounting principles, the Debtors have received a number of offers for all or portions of the assets and business of the Lexington Rubber Group, the largest of the Debtors' operations and the generator of the preponderance of the Debtors' sales and earnings, each of which clearly indicates that the value of the Debtors' assets far exceeds the Debtors' liabilities. Consequently, the Debtors believe that they are solvent and that the equity securities of Lexington Precision have significant value.

## Jurisdiction and Venue

7.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8.  Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 require the Debtors to file their (i) schedules of assets and liabilities, (ii) schedules of executory contracts and unexpired leases, and (iii) statements of financial affairs (collectively, the "Schedules") within 15 days after the Commencement Date.

9.  By this Motion, the Debtors respectfully request that the Court extend the 15-day period to file the Schedules by an additional 45 days, without prejudice to the Debtors' ability to request additional time should it become necessary.

**Cause Exists to Extend**
**the Time to File the Schedules**

10. Due to the complexity and diversity of their operations, the Debtors anticipate that they will be unable to complete their Schedules in the 15 days provided under Bankruptcy Rule 1007(c). To prepare their Schedules, the Debtors must compile information from books, records, and documents relating to hundreds of claims, assets, and contracts. This information is voluminous and is located in numerous places throughout the Debtors' organization. Collecting the necessary information requires the Debtors and their employees to expend an enormous amount of time and effort.

11. While the Debtors are mobilizing their employees to work diligently and expeditiously to prepare the Schedules, the Debtors' resources are limited. In view of the amount of work entailed in completing the Schedules and the competing demands upon the Debtors' employees and professionals to assist in efforts to stabilize business operations during the initial postpetition period, the Debtors will not be able to properly and accurately complete the Schedules within the required 15-day time period.

12. At present, the Debtors anticipate that they will require at least 45 additional days to complete their Schedules. The Debtors therefore request that the Court extend the 15-day period, which expires on April 16, 2008, by an additional 45 days, through and including May 31, 2008.

13. This Court has authority to grant the requested extension under Bankruptcy Rule 1007(c), which provides that "[a]ny extension of time for the filing of the schedules and statements may be granted only on motion for cause shown and on notice to the United States Trustee and to any committee . . . trustee, examiner, or other party." FED. R. BANKR. P. 1007(c).

14. The Debtors submit that the vast amount of information that the Debtors must assemble and compile, the multiple places where the information is located, and the number of employee and professional hours required to complete the Schedules all constitute good and sufficient cause for granting the requested extension of time.

## Memorandum of Law

15. The Debtors submit that the relevant authorities are set forth herein, and accordingly, that the requirement contained in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum in support of the Motion is satisfied.

## Notice

16. No trustee, examiner, or statutory creditors' committee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis). The Debtors submit that no other or further notice need be provided.

17. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: April 1, 2008
     New York, New York

                    /s/ Richard P. Krasnow
                    Richard P. Krasnow, Esq.
                    Christopher J. Marcus, Esq.

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York  10153
                    Telephone:   (212) 310-8000
                    Facsimile:    (212) 310-8007

                    Attorneys for Debtors
                    and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
LEXINGTON PRECISION CORP., et al.,      :    08- _____ (   )
                                        :
     Debtors.                           :    (Jointly Administered)
                                        :
-----------------------------------------------------------x
```

**ORDER PURSUANT TO BANKRUPTCY RULES 1007(c) AND 2002(d)
GRANTING EXTENSION OF TIME TO FILE SCHEDULES OF
ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS**

Upon the Motion, dated April 1, 2008 (the "Motion"), of Lexington Precision Corporation and Lexington Rubber Group, Inc. (together, the "Debtors"), as debtors and debtors in possession, for entry of an order, pursuant to Rules 1007 and 2002(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) granting an extension of the time within which the Debtors must file their (a) schedules of assets and liabilities, (b) schedules of executory contracts and unexpired leases, and (c) statements of financial affairs (collectively, the "Schedules") and (ii) waiving the requirements to file a list of common stockholders (the "Equity List") and provide notice of the commencement of these chapter 11 cases to common stockholders, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States

Trustee for the Southern District of New York, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Dennis J. Welhouse Pursuant to Local Bankruptcy Rule 1007-2, sworn to on April 1, 2008 (the "Welhouse Affidavit"), the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

>ORDERED that the Motion is granted; and it is further

>ORDERED that pursuant to Bankruptcy Rule 1007(a)(4) the time by which the Debtors shall file their Schedules is extended by an additional 45 days, through and including May 31, 2008, without prejudice to the Debtors' right to seek further extensions upon a showing of cause therefor; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated: April __, 2008
      New York, New York

_____
United States Bankruptcy Judge