WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                             :

**In re**                                       :        **Chapter 11 Case No.**
                                       :
**LEXINGTON PRECISION CORP., et al.,**   :        **08- _____ (  )**
                                       :
       **Debtors.**                          :        **(Jointly Administered)**
                                         :
---------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO SECTIONS 105(a), 342(a), AND 521(a)(1) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 1007(a) AND 2002(a), (f) AND (*l*), AND LOCAL BANKRUPTCY RULE 1007-1 FOR (I) A WAIVER OF THE REQUIREMENT TO FILE A LIST OF CREDITORS AND
(II) APPROVAL OF THE FORM AND MANNER OF NOTIFYING
CREDITORS OF THE COMMENCEMENT OF THE DEBTORS' CHAPTER 11 CASES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

        Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber" and, together with Lexington Precision, "Lexington" or the "Debtors"), as debtors and debtors in possession, respectfully represent:

**Background**

        1.     On the date hereof (the "Commencement Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      Contemporaneously herewith, the Debtors filed a motion seeking joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Lexington's Businesses

3.      Lexington manufactures large volumes of high-quality rubber and metal components at competitive prices for use primarily in automobiles and medical devices. Lexington operates through two operating segments—the Rubber Group and the Metals Group. Lexington's components are generally sold to other manufacturers.

4.      Lexington is one of North America's largest manufacturers of rubber components for the automotive industry. The Rubber Group's principal products are connector seals used in primary wire harnesses and insulators for ignition wire sets. The Rubber Group also manufactures and sells rubber components used in a variety of medical devices, including drug delivery systems, syringes, laparoscopic instruments, and catheters, which are sold to some of the world's largest medical device manufacturers.

5.      The Metals Group manufactures high-volume aluminum, brass, steel, and stainless steel components machined from bars, forgings, and cold-headed blanks primarily for manufacturers within the automotive industry. These components are used in many applications, including heating and cooling systems, airbag systems, solenoids, switches, and valves.

6.      Lexington is headquartered in New York, New York, and maintains manufacturing plants in New York, Georgia, Ohio, and South Carolina. As of February 29, 2008, Lexington employed approximately 651 permanent and 22 temporary employees, of which

134 are salaried employees and 517 are hourly employees. In 2007, Rubber Group net sales totaled $74.5 million and Metals Group net sales totaled $13.8 million. As of December 31, 2007, Lexington's consolidated unaudited financial statements reflected assets totaling approximately $52.6 million, and current liabilities totaling approximately $88.5 million. Notwithstanding the Debtors' negative "book net worth" calculated in accordance with generally accepted accounting principles, the Debtors have received a number of offers for all or portions of the assets and business of the Lexington Rubber Group, the largest of the Debtors' operations and the generator of the preponderance of the Debtors' sales and earnings, each of which clearly indicates that the value of the Debtors' assets far exceeds the Debtors' liabilities. Consequently, the Debtors believe that they are solvent and that the equity securities of Lexington Precision have significant value.

## Jurisdiction and Venue

7.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8.     Pursuant to section 105(a) of the Bankruptcy Code, the Debtors are seeking: (i) a waiver of the requirement to file a list of creditors on the Commencement Date as required by section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and General Orders M-133, M-137, M-138 and M-192 (the "Standing Orders") of the United States Bankruptcy Court for the Southern District of New York (collectively, the "Notice Rules"), and (ii) authority to implement certain procedures (the "Procedures") for notifying creditors of the

commencement of these chapter 11 cases and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "Notice of Commencement"). The proposed form of Notice of Commencement is annexed hereto as Exhibit A.

9. Pursuant to the Notice Rules, a list of creditors must accompany a chapter 11 petition unless the Debtors file their schedules of assets and liabilities simultaneously with the petitions. Contemporaneously herewith, the Debtors have filed a motion for an extension of the time to file schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (the "Schedules"). Because the Debtors have not filed the Schedules on the Commencement Date, without further relief, the Notice Rules would require the Debtors to file a list of creditors and their addresses.

10. Contemporaneously herewith, the Debtors have also filed a motion to retain and employ Epiq Bankruptcy Solutions, LLC, as a notice and claims processing agent (the "Notice and Claims Agent") in these chapter 11 cases. The Debtors are requesting authorization to retain the Notice and Claims Agent pursuant to section 156(c) of title 28 of the United States Code, which empowers the Court to use outside facilities or services pertaining to the provision of notices and other administrative information to parties in interest when the Debtors pay the costs out of the estates' assets. See 28 U.S.C. § 156(c). The Debtors propose that, pursuant to section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), as soon as practicable after the Commencement Date, the Debtors furnish their list of creditors to the Notice and Claims Agent so that the Notice and Claims Agent may mail the Notice of Commencement to the parties identified thereon.[1]

---

[1] Pursuant to the Standing Orders, the Debtors have conferred with the Clerk of the Court and the Clerk has instructed the Debtors not to file a list of creditors. The Clerk has instructed the Debtors to provide the list of creditors to the Notice and Claims Agent as proposed herein.

11.     Because the Notice and Claims Agent will receive the list of creditors and mail the Notice of Commencement to the parties identified thereon, the Debtors believe that filing a list of creditors will serve no independent purpose, and therefore, the Court should waive the Notice Rules.

12.     Moreover, Bankruptcy Rule 2002(a) provides in relevant part that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 20 days' notice by mail of:  the meeting of creditors under § 341 or § 1104(b) of the Code."  Fed. R. Bankr. P. 2002(a).  Furthermore, Bankruptcy Rule 2002(f) provides that notice of the order for relief shall be sent by mail to all creditors.

13.     In addition to the mailing by the Notice and Claims Agent of the Notice of Commencement, the Debtors propose to publish, as soon as practicable, the Notice of Commencement substantially in the form of Exhibit A once in the national edition of the <u>Wall Street Journal</u>.[2]

14.     Section 105(a) of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  The Debtors submit that the relief requested is appropriate in these chapter 11 cases to provide adequate notice and is within the Court's equitable powers under section 105 of the Bankruptcy Code.

---

[2] The Court has authority under Bankruptcy Rule 2002(*l*) to "order notice by publication if it finds notice by mail is impracticable."  Fed. R. Bankr. P. 2002(*l*).  The Debtors submit that publication of the Notice of Commencement is the most practical method by which to notify those creditors who do not receive the Notice of Commencement by mail and other parties in interest of the commencement of these chapter 11 cases and constitutes an efficient use of the estates' resources.

### **Memorandum of Law**

15.     The Debtors submit that the relevant authorities are set forth herein, and accordingly, that the requirement contained in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum in support of the Motion is satisfied.

### **Notice**

16.     No trustee, examiner, or statutory creditors' committee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis). The Debtors submit that no other or further notice need be provided.

17.     No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: April 1, 2008
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:   (212) 310-8000
Facsimile:    (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**EXHIBIT A**

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK ||
|---|---|
| In re:<br>Lexington Precision Corp. and Lexington Rubber Group, Inc., Debtors. | Chapter 11<br>Case No.:  08 -      (     ) |

**NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 11 OF THE BANKRUPTCY CODE, MEETING OF CREDITORS, AND OTHER MATTERS**

On April [--], 2008, Lexington Precision Corporation and Lexington Rubber Group, Inc. (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  You may be a creditor of one of the Debtors.  **This notice lists important deadlines**.  You may want to consult an attorney to protect your rights.  **You are not being sued or forced into bankruptcy**.  All documents filed with the Court, including lists of the Debtors' assets and liabilities, are or will be available for inspection at the Office of the Clerk of the Bankruptcy Court and on the Court's website, www.nysb.uscourts.gov or http://chapter11.epiqsystems.com/lexington.  Note that you need a PACER password and login to access documents on the Court's website (a PACER password is obtained by accessing the PACER website, http://pacer.psc.uscourts.gov).
NOTE: The staff of the Bankruptcy Clerk's Office and the office of the United States Trustee cannot give legal advice.

| Name of Debtors | Case Numbers | Tax Identification Numbers |
|---|---|---|
| Lexington Precision Corporation | 08- _____ (     ) | 22-1830121 |
| Lexington Rubber Group, Inc. | 08- _____ (     ) | 13-3525759 |
| Name, Address, Telephone Number and Facsimile Number for Attorneys for the Debtors<br><br>Richard P. Krasnow, Esq.<br>Christopher J. Marcus, Esq.<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153-0119<br>Telephone: 212-310-8000<br>Facsimile: 212-310-8007 | Name, Address and Telephone of Trustee<br><br>NOT APPLICABLE | Date Cases Filed<br><br>April [--], 2008 |

| **DATE, TIME, AND LOCATION OF MEETING OF CREDITORS<br>PURSUANT TO BANKRUPTCY CODE SECTION 341(a)**<br>_____ ___, 2008, ___:___ __.m. (Eastern Time)<br>**80 Broad Street, Fourth Floor<br>New York, New York 10004** |
|---|
| **[DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS<br>[_____ __,] 2008 at 4:00 p.m. (prevailing Eastern Time)]**<br>Notice of the deadline will be sent at a later time.<br>**Creditor with a Foreign Address:**<br>A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side. |
| **CREDITORS MAY NOT TAKE CERTAIN ACTIONS**<br>In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property.  Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.  If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.  Common examples of prohibited actions by creditors are contacting the Debtors to demand payment, taking action against the Debtors to collect money owed or to take property of the Debtors, and starting or continuing collection actions, foreclosure actions, or repossessions.  Consult a lawyer to determine your rights in this case. |

| Address of the Clerk of the Bankruptcy Court<br>Clerk of the United States Bankruptcy Court<br>One Bowling Green, New York, New York 10004 | Approved by the Clerk of the Bankruptcy Court, |
|---|---|
| Hours Open:<br>8:30 a.m. to 5:00 p.m., Monday through Friday | Date:     April __, 2008 |

FILING OF CHAPTER 11 BANKRUPTCY CASE.  A bankruptcy case under Chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan.  A plan is not effective unless confirmed by the court.  You may be sent a copy of the plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan.  You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing.  Unless a trustee is serving, the debtor will remain in possession of the debtor's property and may continue to operate any business.

LEGAL ADVICE.  The staff of the Clerk of the Bankruptcy Court is not permitted to give legal advice.

CREDITORS MAY NOT TAKE CERTAIN ACTIONS.  Prohibited collection actions are listed in Bankruptcy Code § 362.  Common examples of prohibited actions include contacting the debtor by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; and starting or continuing lawsuits or foreclosures.  Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.

MEETING OF CREDITORS.  A meeting of creditors is scheduled for the date, time, and location listed on the front side.  The debtor's representative must be present at the meeting to be questioned under oath by the trustee and by creditors.  Creditors are welcome to attend, but are not required to do so.  The meeting may be continued and concluded at a later date without further notice.  The court, after notice and a hearing, may order that the United States trustee not convene the meeting if the debtor has filed a plan for which the debtor solicited acceptances before filing the case.

CLAIMS.  A Proof of Claim is a signed statement describing a creditor's claim.  If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. You may look at the schedules that have been or will be filed at the bankruptcy clerk's office.  If your claim is scheduled and is not listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim or you are sent further notice about the claim.  Whether or not your claim is scheduled, you are permitted to file a Proof of Claim.  If your claim is not listed at all or if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan.  The court has not yet set a deadline to file a Proof of Claim.  If a deadline is set, you will be sent another notice.  A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim.  Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial.  **Filing Deadline for a Creditor with a Foreign Address**: The deadline for filing claims will be set in a later court order and will apply to all creditors unless the order provides otherwise.  If notice of the order setting the deadline is sent to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline.

DISCHARGE OF DEBTS.  Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt.  See Bankruptcy Code § 1141 (d).  A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan.  If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141 (d) (6) (A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side.  The bankruptcy clerk's office must receive the complaint and any required filing fee by that deadline.

BANKRUPTCY CLERK'S OFFICE.  Any paper that you file in these bankruptcy cases should be filed at the Office of the Clerk of the Bankruptcy Court at the address listed below.

CREDITORS WITH A FOREIGN ADDRESS.  Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case.

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
LEXINGTON PRECISION CORP., et al.,                          :    08- _____ (   )
                                                            :
          Debtors.                                          :    (Jointly Administered)
                                                            :
------------------------------------------------------------x
```

ORDER PURSUANT TO SECTIONS 105(a), 342(a) AND 521(a)(1) OF THE
BANKRUPTCY CODE, BANKRUPTCY RULES 1007(a) AND 2002(a), (f) AND (*l*),
AND LOCAL BANKRUPTCY RULE 1007-1
(I) WAIVING THE REQUIREMENT TO FILE A LIST OF CREDITORS
AND (II) APPROVING THE FORM AND MANNER OF NOTIFYING
CREDITORS OF THE COMMENCEMENT OF THE DEBTORS' CHAPTER 11 CASES

Upon the Motion, dated April 1, 2008 (the "Motion"), of Lexington Precision Corporation and Lexington Rubber Group, Inc. (together, the "Debtors") for entry of an order waiving the requirement for filing a list of creditors and approving the form and manner of notifying creditors of the commencement of these chapter 11 cases pursuant to sections 105(a), 342(a), and 521(a)(1) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(a), 2002(a), (f), and (l) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and General Orders M-133, M-137, M-138, and M-192 (the "Standing Orders"), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Dennis J. Welhouse Pursuant to Local Bankruptcy Rule 1007-2, sworn to on April 1, 2008 (the "Welhouse Affidavit"), , the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

       ORDERED that the Motion is granted; and it is further

       ORDERED that the requirement under section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-,1 and the Standing Orders to file a list of creditors with the Court is waived; and it is further

       ORDERED that the Debtors, as soon as practicable after the commencement of these chapter 11 cases, shall furnish the list of creditors to a notice and claims agent, subject to the Court's authorization to engage such an agent in these chapter 11 cases (the "Notice and Claims Agent"); and it is further

ORDERED that the notice of the commencement of these chapter 11 cases and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "<u>341 Meeting</u>"), substantially in the form annexed hereto as Exhibit A (the "<u>Notice of Commencement</u>") is hereby approved; and it is further

ORDERED that the Debtors, with the assistance of the Notice and Claims Agent are hereby authorized and directed to mail the Notice of Commencement not later than the date that is twenty days prior to the date on which the 341 Meeting is to be held, to all parties identified on the Debtors' list of creditors; and it is further

ORDERED that the Debtors, with the assistance of the Notice and Claims Agent, shall cause the Notice of Commencement (with such changes as may be required for publication) to be published once in the national edition of the <u>Wall Street Journal</u> and that the form of the publication notice is hereby approved and authorized pursuant to Bankruptcy Rule 2002(*l*); and it is further

ORDERED that notice as provided herein is reasonably calculated to inform interested parties of these chapter 11 cases and is hereby approved; and it is further

ORDERED that this Court retains jurisdiction regarding all matters arising from or related to the implementation of this Order; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated: April __, 2008
      New York, New York

                                                                                 _____
                                                                                 United States Bankruptcy Judge

**EXHIBIT A**

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK ||
|---|---|
| In re:<br>**Lexington Precision Corp. and Lexington Rubber Group, Inc.,**<br>Debtors. | Chapter 11<br>Case No.:   08 -       (   ) |

**NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 11 OF THE BANKRUPTCY CODE, MEETING OF CREDITORS, AND OTHER MATTERS**

On April [--], 2008, Lexington Precision Corporation and Lexington Rubber Group, Inc. (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  You may be a creditor of one of the Debtors.  **This notice lists important deadlines**.  You may want to consult an attorney to protect your rights.  **You are not being sued or forced into bankruptcy**.  All documents filed with the Court, including lists of the Debtors' assets and liabilities, are or will be available for inspection at the Office of the Clerk of the Bankruptcy Court and on the Court's website, www.nysb.uscourts.gov or http://chapter11.epiqsystems.com/lexington.  Note that you need a PACER password and login to access documents on the Court's website (a PACER password is obtained by accessing the PACER website, http://pacer.psc.uscourts.gov).
NOTE: The staff of the Bankruptcy Clerk's Office and the office of the United States Trustee cannot give legal advice.

| Name of Debtors | Case Numbers | Tax Identification Numbers |
|---|---|---|
| Lexington Precision Corporation | 08-_____ (   ) | 22-1830121 |
| Lexington Rubber Group, Inc. | 08-_____ (   ) | 13-3525759 |

| Name, Address, Telephone Number and Facsimile Number for Attorneys for the Debtors | Name, Address and Telephone of Trustee | Date Cases Filed |
|---|---|---|
| Richard P. Krasnow, Esq.<br>Christopher J. Marcus, Esq.<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153-0119<br>Telephone: 212-310-8000<br>Facsimile: 212-310-8007 | NOT APPLICABLE | April [--], 2008 |

**DATE, TIME, AND LOCATION OF MEETING OF CREDITORS
PURSUANT TO BANKRUPTCY CODE SECTION 341(a)**
_____ ___, 2008, ___:___ __.m. (Eastern Time)
**80 Broad Street, Fourth Floor
New York, New York 10004**

**[DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS
[_____ __,] 2008 at 4:00 p.m. (prevailing Eastern Time)]**
Notice of the deadline will be sent at a later time.
**Creditor with a Foreign Address:**
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**CREDITORS MAY NOT TAKE CERTAIN ACTIONS**
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property.  Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.  If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.  Common examples of prohibited actions by creditors are contacting the Debtors to demand payment, taking action against the Debtors to collect money owed or to take property of the Debtors, and starting or continuing collection actions, foreclosure actions, or repossessions.  Consult a lawyer to determine your rights in this case.

| Address of the Clerk of the Bankruptcy Court<br>Clerk of the United States Bankruptcy Court<br>One Bowling Green, New York, New York 10004 | Approved by the Clerk of the Bankruptcy Court, |
|---|---|
| Hours Open:<br>8:30 a.m. to 5:00 p.m., Monday through Friday | Date:        March __, 2008 |

NY2:\1294788\20\RR2C20!.DOC\26690.0008

FILING OF CHAPTER 11 BANKRUPTCY CASE.  A bankruptcy case under Chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered.  Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan.  A plan is not effective unless confirmed by the court.  You may be sent a copy of the plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan.  You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing.  Unless a trustee is serving, the debtor will remain in possession of the debtor's property and may continue to operate any business.

LEGAL ADVICE.  The staff of the Clerk of the Bankruptcy Court is not permitted to give legal advice.

CREDITORS MAY NOT TAKE CERTAIN ACTIONS.  Prohibited collection actions are listed in Bankruptcy Code § 362.  Common examples of prohibited actions include contacting the debtor by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; and starting or continuing lawsuits or foreclosures.  Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.

MEETING OF CREDITORS.  A meeting of creditors is scheduled for the date, time, and location listed on the front side.  The debtor's representative must be present at the meeting to be questioned under oath by the trustee and by creditors.  Creditors are welcome to attend, but are not required to do so.  The meeting may be continued and concluded at a later date without further notice.  The court, after notice and a hearing, may order that the United States trustee not convene the meeting if the debtor has filed a plan for which the debtor solicited acceptances before filing the case.

CLAIMS.  A Proof of Claim is a signed statement describing a creditor's claim.  If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. You may look at the schedules that have been or will be filed at the bankruptcy clerk's office.  If your claim is scheduled and is not listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim or you are sent further notice about the claim.  Whether or not your claim is scheduled, you are permitted to file a Proof of Claim.  If your claim is not listed at all or if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan.  The court has not yet set a deadline to file a Proof of Claim.  If a deadline is set, you will be sent another notice.  A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim.  Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain.  For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial.  **Filing Deadline for a Creditor with a Foreign Address**: The deadline for filing claims will be set in a later court order and will apply to all creditors unless the order provides otherwise.  If notice of the order setting the deadline is sent to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline.

DISCHARGE OF DEBTS.  Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt.  See Bankruptcy Code § 1141 (d).  A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan.  If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141 (d) (6) (A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side.  The bankruptcy clerk's office must receive the complaint and any required filing fee by that deadline.

BANKRUPTCY CLERK'S OFFICE.  Any paper that you file in these bankruptcy cases should be filed at the Office of the Clerk of the Bankruptcy Court at the address listed below.

CREDITORS WITH A FOREIGN ADDRESS.  Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case.

NY2:\1294788\20\RR2C20!.DOC\26690.0008            2