WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                                      :
                                                                                 :    **Chapter 11 Case No.**
                                                                                 :
**LEXINGTON PRECISION CORP., et al.**,       :    08- _____ (       )
                                                                                 :
            Debtors.                                              :    **(Jointly Administered)**
                                                                                 :
---------------------------------------------------------------x

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 503(b) OF THE
BANKRUPTCY CODE GRANTING ADMINISTRATIVE PRIORITY STATUS TO
UNDISPUTED OBLIGATIONS TO VENDORS ARISING FROM THE
POSTPETITION DELIVERY OF GOODS AND SERVICES ORDERED IN THE
PREPETITION PERIOD AND AUTHORIZING THE DEBTORS
TO PAY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. (together, the "Debtors"), as debtors and debtors in possession, respectfully represent:

**Background**

1. On the date hereof (the "Commencement Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  Contemporaneously herewith, the Debtors filed a motion seeking joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Lexington's Businesses

3.  Lexington manufactures large volumes of high-quality rubber and metal components at competitive prices for use primarily in automobiles and medical devices. Lexington operates through two operating segments—the Rubber Group and the Metals Group. Lexington's components are generally sold to other manufacturers.

4.  Lexington is one of North America's largest manufacturers of rubber components for the automotive industry. The Rubber Group's principal products are connector seals used in primary wire harnesses and insulators for ignition wire sets. The Rubber Group also manufactures and sells rubber components used in a variety of medical devices, including drug delivery systems, syringes, laparoscopic instruments, and catheters, which are sold to some of the world's largest medical device manufacturers.

5.  The Metals Group manufactures high-volume aluminum, brass, steel, and stainless steel components machined from bars, forgings, and cold-headed blanks primarily for manufacturers within the automotive industry. These components are used in many applications, including heating and cooling systems, airbag systems, solenoids, switches, and valves.

6.  Lexington is headquartered in New York, New York, and maintains manufacturing plants in New York, Georgia, Ohio, and South Carolina. As of February 29, 2008, Lexington employed approximately 651 permanent and 22 temporary employees, of which

134 are salaried employees and 517 are hourly employees. In 2007, Rubber Group net sales totaled $74.5 million and Metals Group net sales totaled $13.8 million. As of December 31, 2007, Lexington's consolidated unaudited financial statements reflected assets totaling approximately $52.6 million, and current liabilities totaling approximately $88.5 million. Notwithstanding the Debtors' negative "book net worth" calculated in accordance with generally accepted accounting principles, the Debtors have received a number of offers for all or portions of the assets and business of the Lexington Rubber Group, the largest of the Debtors' operations and the generator of the preponderance of the Debtors' sales and earnings, each of which clearly indicates that the value of the Debtors' assets far exceeds the Debtors' liabilities. Consequently, the Debtors believe that they are solvent and that the equity securities of Lexington Precision have significant value.

## Jurisdiction

7. This Court has jurisdiction to consider this application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8. By this Motion, the Debtors seek authority pursuant to section 503(b) of the Bankruptcy Code to grant administrative priority status to all undisputed obligations of the Debtors owing to Vendors (as defined herein) arising from the postpetition delivery of goods and services ordered in the prepetition period, and authorizing the Debtors to pay such obligations in the ordinary course of business.

**Lexington's Obligations To Vendors**

9.  In connection with the normal operation of their businesses, the Debtors rely on providers of goods and services including, but not limited to, raw material suppliers, packagers, distributors (collectively, the "Vendors"), to provide the Debtors with the goods and services necessary for the Debtors' production and distribution of their products to customers.

10. As of the Commencement Date, the Debtors have certain prepetition purchase orders (the "Prepetition Orders") outstanding with various Vendors for goods and services ordered by the Debtors. The Debtors estimate that, as of the Commencement Date, approximately $2.7 million is outstanding on account of Prepetition Orders, for which the Debtors await delivery from Vendors.

11. As a consequence of the commencement of these chapter 11 cases, Vendors may be concerned that the obligations arising from goods shipped or services ordered prepetition and delivered postpetition, pursuant to the Prepetition Orders, will be treated as general unsecured claims against the Debtors' estates. Vendors may refuse to ship such goods (or recall shipments thereof) or perform services with respect to such Prepetition Orders unless the Debtors issue substitute postpetition purchase orders or obtain an order of the Court (i) providing that all undisputed obligations of the Debtors arising from the postpetition delivery of goods and services subject to Prepetition Orders are afforded administrative priority status under section 503(b) of the Bankruptcy Code and (ii) authorizing the Debtors to satisfy such obligations in the ordinary course of their businesses. Accordingly, out of abundance of caution, the Debtors request entry of an order deeming goods and services ordered prepetition and delivered postpetition as administrative obligations of the Debtors' estates. Nothing in this

Motion shall be deemed to affect the rights any creditor may have pursuant to section 503(b)(9) of the Bankruptcy Code.

**Payment of Claims in Respect of Goods and Services
Ordered Prepetition and Delivered Postpetition
<u>Is in the Best Interests of the Debtors and Their Estates</u>**

12. Pursuant to section 503(b) of the Bankruptcy Code, most obligations that arise in connection with the postpetition delivery of goods and services, including goods and services ordered prepetition, are afforded administrative expense priority status. <u>In re Chateaugay Corp.</u>, 10 F.3d 944, 956 (2d Cir. 1993) (holding an obligation from the postpetition performance related to a prepetition transaction is entitled to administrative expense priority); <u>In re Mammoth Mart, Inc.</u>, 536 F.2d 950, 954 (1st Cir. 1976) (same). Thus, the granting of the relief sought herein with respect to goods and services ordered prepetition and delivered postpetition will not provide the Vendors with any greater priority than they otherwise would have if the relief herein were not granted, and will not prejudice any other party in interest. Absent such relief, however, the Debtors may be required to expend substantial time and effort reissuing the Prepetition Orders to provide the Vendors with assurance of such administrative priority. The attendant disruption to the continuous flow of supplies to the Debtors could result in insufficient materials with which to manufacture their products and deliver such products and related services to their customers and prohibit the Debtors from maintaining and controlling production and delivery of these items. Such a disruption could lead to dissatisfied customers, potentially harming customer confidence in the Debtors' ability to conduct business at this critical juncture.

13. The satisfaction of obligations owed in respect of the Prepetition Orders is particularly important. Without the payment of these obligations, the Debtors will incur significant costs and may be unable to comply with customer deadlines to the detriment of all

parties in interest.  Moreover, any obstruction of the Debtors' ability to obtain or access goods and/or services that are required by the Debtors in the ordinary course of their business will result in the Debtors' inability to operate efficiently and will have a significantly damaging effect on the Debtors' restructuring efforts.

14. Courts in this and other districts have granted similar relief in other chapter 11 cases.  See, e.g., In re Silicon Graphics, Inc., et al., Case No 06-10977 (BRL) (Bankr. S.D.N.Y. May, 10, 2006) [Docket No. 46]; In re Footstar, Inc., et al, Case No. 04-22350 (ASH) (Bankr. S.D.N.Y. Mar. 3, 2004) [Doc. No. 44], (Bankr. S.D.N.Y. Mar. 31, 2004) [Docket No. 257]; In re Loral Space & Communications Ltd., et al., Case No. 03-41710 (RDD) (Bankr. S.D.N.Y. July 16, 2003)[ Docket No. 41]; and In re WestPoint Stevens, Inc., Case No. 03-13532 (RDD) (Bankr. S.D.N.Y. June 3, 2003) [Docket No. 42].  The Debtors submit that similar authorization is appropriate in these chapter 11 cases.

15. Authorization of the payment of all charges requested herein shall not be deemed to constitute postpetition assumption or adoption of any of the related agreements pursuant to section 365 of the Bankruptcy Code.  The Debtors reserve all of their rights under the Bankruptcy Code with respect thereto.

16. Based upon the foregoing, the Debtors submit that the relief requested herein is essential, appropriate, and in the best interest of the Debtors' estates and creditors, and therefore should be granted in these chapter 11 cases.

**Memorandum of Law**

17. The Debtors submit that the relevant authorities are set forth herein, and accordingly, that the requirement contained in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum in support of the Motion is satisfied.

**Notice**

18. No trustee, examiner, or statutory creditors' committee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis). The Debtors submit that no other or further notice need be provided.

19. No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order granting the relief requested herein and such other or further relief as is just.

Dated: April 1, 2008
  New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
|                                              |   |                                  |
|----------------------------------------------|---|----------------------------------|
| In re                                        | : |                                  |
|                                              | : | **Chapter 11 Case No.**          |
|                                              | : |                                  |
| **LEXINGTON PRECISION CORP., et al.,**       | : | 08- _____  (        )            |
|                                              | : |                                  |
| Debtors.                                     | : | **(Jointly Administered)**       |
|                                              | : |                                  |

----------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 503(b) OF THE BANKRUPTCY
CODE GRANTING ADMINISTRATIVE EXPENSE STATUS TO DEBTORS'
UNDISPUTED OBLIGATIONS TO VENDORS ARISING FROM THE
POSTPETITION DELIVERY OF GOODS AND SERVICES ORDERED
IN THE PREPETITION PERIOD AND AUTHORIZING THE DEBTORS
TO PAY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS,**

Upon the motion, dated April 1, 2008 (the "Motion") of Lexington Precision Corporation and Lexington Rubber Group, Inc. (together, the "Debtors"), as debtors and debtors in possession, pursuant to sections 503(b) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order granting administrative expense status to the Debtors' undisputed obligations to vendors (the "Vendors") arising from the postpetition delivery of goods and services ordered in the prepetition period (the "Prepetition Orders") and to pay such obligations in the ordinary course of business, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the

agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Dennis J. Welhouse Pursuant to Local Bankruptcy Rule 1007-2, sworn to on April 1, 2008 (the "Welhouse Affidavit"), , the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the undisputed obligations of the Debtors arising under the Prepetition Orders shall be afforded administrative expense priority status pursuant to section 503(b) of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized to pay in the ordinary course of their businesses all undisputed obligations arising from the postpetition delivery or shipment by Vendors of goods and services under the Prepetition Orders consistent with their customary practices; and it is further

ORDERED that nothing in this Order or the Motion shall be construed as prejudicing any rights the Debtors may have to dispute or contest the amount of or basis for any claims against the Debtors arising in connection with the Prepetition Orders; and it is further

ORDERED that nothing herein shall be deemed to constitute an assumption or rejection of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated: April __, 2008
      New York, New York

_____
United States Bankruptcy Judge