**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                             :

In re                                           :          Chapter 11 Case No.
                                                   :
**LEXINGTON PRECISION CORP., et al.,**    :          08-11153 (MG)
                                                   :
            Debtors.                    :          (Jointly Administered)
                                                   :
------------------------------------------------------------------x

**ORDER PURSUANT TO BANKRUPTCY RULES 1007(c) AND 2002(d)**
**GRANTING EXTENSION OF TIME TO FILE SCHEDULES OF**
**ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS**

Upon the Motion, dated April 1, 2008 (the "Motion"), of Lexington Precision Corporation and Lexington Rubber Group, Inc. (together, the "Debtors"), as debtors and debtors in possession, for entry of an order, pursuant to Rules 1007 and 2002(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) granting an extension of the time within which the Debtors must file their (a) schedules of assets and liabilities, (b) schedules of executory contracts and unexpired leases, and (c) statements of financial affairs (collectively, the "Schedules") and (ii) waiving the requirements to file a list of common stockholders (the "Equity List") and provide notice of the commencement of these chapter 11 cases to common stockholders, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States

Trustee for the Southern District of New York, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Dennis J. Welhouse Pursuant to Local Bankruptcy Rule 1007-2, sworn to on April 1, 2008 (the "Welhouse Affidavit"), the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to Bankruptcy Rule 1007(a)(4) the time by which the Debtors shall file their Schedules is extended by an additional 45 days, through and including May 31, 2008, without prejudice to the Debtors' right to seek further extensions upon a showing of cause therefor; and it is further

3

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated: April 2, 2008
      New York, New York

                                /s/ Martin Glenn
                                United States Bankruptcy Judge