UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
LEXINGTON PRECISION CORP., et al.,                          :    08- 11153 (MG)
                                                            :
        Debtors.                                            :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a), 342(a)
AND 521(a)(1) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 1007(a) AND 2002(a), (f) AND (*l*), AND LOCAL BANKRUPTCY
RULE 1007-1 (I) WAIVING THE REQUIREMENT TO FILE A LIST OF
CREDITORS AND (II) APPROVING THE FORM AND MANNER OF NOTIFYING
CREDITORS OF THE COMMENCEMENT OF THE DEBTORS' CHAPTER 11 CASES**

Upon the Motion, dated April 1, 2008 (the "Motion"), of Lexington Precision Corporation and Lexington Rubber Group, Inc. (together, the "Debtors") for entry of an order waiving the requirement for filing a list of creditors and approving the form and manner of notifying creditors of the commencement of these chapter 11 cases pursuant to sections 105(a), 342(a), and 521(a)(1) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(a), 2002(a), (f), and (l) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and General Orders M-133, M-137, M-138, and M-192 (the "Standing Orders"), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Dennis J. Welhouse Pursuant to Local Bankruptcy Rule 1007-2, sworn to on April 1, 2008 (the "Welhouse Affidavit"), , the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the requirement under section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-1 and the Standing Orders to file a list of creditors with the Court is waived; and it is further

ORDERED that the Debtors, as soon as practicable after the commencement of these chapter 11 cases, shall furnish the list of creditors to a notice and claims agent, subject to the Court's authorization to engage such an agent in these chapter 11 cases (the "Notice and Claims Agent"); and it is further

ORDERED that the notice of the commencement of these chapter 11 cases and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "<u>341 Meeting</u>"), substantially in the form annexed hereto as Exhibit A (the "<u>Notice of Commencement</u>") is hereby approved; and it is further

ORDERED that the Debtors, with the assistance of the Notice and Claims Agent are hereby authorized and directed to mail the Notice of Commencement not later than the date that is twenty days prior to the date on which the 341 Meeting is to be held, to all parties identified on the Debtors' list of creditors; and it is further

ORDERED that the Debtors, with the assistance of the Notice and Claims Agent, shall cause the Notice of Commencement (with such changes as may be required for publication) to be published once in the national edition of the <u>Wall Street Journal</u> and that the form of the publication notice is hereby approved and authorized pursuant to Bankruptcy Rule 2002(*l*); and it is further

ORDERED that notice as provided herein is reasonably calculated to inform interested parties of these chapter 11 cases and is hereby approved; and it is further

ORDERED that this Court retains jurisdiction regarding all matters arising from or related to the implementation of this Order; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated: April 2, 2008
     New York, New York

                                      /s/  Martin Glenn
                                      United States Bankruptcy Judge

**EXHIBIT A**

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK ||
|---|---|
| In re:<br>**Lexington Precision Corp. and Lexington Rubber Group, Inc., Debtors.** | Chapter 11<br>**Case No.: 08–11153 (MG)** |

**NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 11 OF THE BANKRUPTCY CODE, MEETING OF CREDITORS, AND OTHER MATTERS**

On April 1, 2008, Lexington Precision Corporation and Lexington Rubber Group, Inc. (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). You may be a creditor of one of the Debtors. **This notice lists important deadlines**. You may want to consult an attorney to protect your rights. **You are not being sued or forced into bankruptcy**. All documents filed with the Court, including lists of the Debtors' assets and liabilities, are or will be available for inspection at the Office of the Clerk of the Bankruptcy Court and on the Court's website, www.nysb.uscourts.gov or http://chapter11.epiqsystems.com/lexington. Note that you need a PACER password and login to access documents on the Court's website (a PACER password is obtained by accessing the PACER website, http://pacer.psc.uscourts.gov).
NOTE: The staff of the Bankruptcy Clerk's Office and the office of the United States Trustee cannot give legal advice.

| Name of Debtors | Case Numbers | Tax Identification Numbers |
|---|---|---|
| Lexington Precision Corporation | 08-11153 (MG) | 22-1830121 |
| Lexington Rubber Group, Inc. | 08-11156 (MG) | 13-3525759 |

| Name, Address, Telephone Number and Facsimile Number for Attorneys for the Debtors | Name, Address and Telephone of Trustee | Date Cases Filed |
|---|---|---|
| Richard P. Krasnow, Esq.<br>Christopher J. Marcus, Esq.<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153-0119<br>Telephone: 212-310-8000<br>Facsimile: 212-310-8007 | NOT APPLICABLE | April [--], 2008 |

**DATE, TIME, AND LOCATION OF MEETING OF CREDITORS
PURSUANT TO BANKRUPTCY CODE SECTION 341(a)**
_____ ___, 2008, ___:___ __.m. (Eastern Time)
**80 Broad Street, Fourth Floor
New York, New York 10004**

**[DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS
[_____ __,] 2008 at 4:00 p.m. (prevailing Eastern Time)]**
Notice of the deadline will be sent at a later time.
**Creditor with a Foreign Address:**
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**CREDITORS MAY NOT TAKE CERTAIN ACTIONS**
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Common examples of prohibited actions by creditors are contacting the Debtors to demand payment, taking action against the Debtors to collect money owed or to take property of the Debtors, and starting or continuing collection actions, foreclosure actions, or repossessions. Consult a lawyer to determine your rights in this case.

| Address of the Clerk of the Bankruptcy Court<br>Clerk of the United States Bankruptcy Court<br>One Bowling Green, New York, New York 10004 | Approved by the Clerk of the Bankruptcy Court, |
|---|---|
| Hours Open:<br>8:30 a.m. to 5:00 p.m., Monday through Friday | Date:    March __, 2008 |

FILING OF CHAPTER 11 BANKRUPTCY CASE.  A bankruptcy case under Chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered.  Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan.  A plan is not effective unless confirmed by the court.  You may be sent a copy of the plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan.  You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing.  Unless a trustee is serving, the debtor will remain in possession of the debtor's property and may continue to operate any business.

LEGAL ADVICE.  The staff of the Clerk of the Bankruptcy Court is not permitted to give legal advice.

CREDITORS MAY NOT TAKE CERTAIN ACTIONS.  Prohibited collection actions are listed in Bankruptcy Code § 362.  Common examples of prohibited actions include contacting the debtor by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; and starting or continuing lawsuits or foreclosures.  Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.

MEETING OF CREDITORS.  A meeting of creditors is scheduled for the date, time, and location listed on the front side.  The debtor's representative must be present at the meeting to be questioned under oath by the trustee and by creditors.  Creditors are welcome to attend, but are not required to do so.  The meeting may be continued and concluded at a later date without further notice.  The court, after notice and a hearing, may order that the United States trustee not convene the meeting if the debtor has filed a plan for which the debtor solicited acceptances before filing the case.

CLAIMS.  A Proof of Claim is a signed statement describing a creditor's claim.  If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. You may look at the schedules that have been or will be filed at the bankruptcy clerk's office.  If your claim is scheduled and is not listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim or you are sent further notice about the claim.  Whether or not your claim is scheduled, you are permitted to file a Proof of Claim.  If your claim is not listed at all or if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan.  The court has not yet set a deadline to file a Proof of Claim.  If a deadline is set, you will be sent another notice.  A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim.  Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain.  For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial.  **Filing Deadline for a Creditor with a Foreign Address**: The deadline for filing claims will be set in a later court order and will apply to all creditors unless the order provides otherwise.  If notice of the order setting the deadline is sent to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline.

DISCHARGE OF DEBTS.  Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt.  See Bankruptcy Code § 1141 (d).  A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan.  If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141 (d) (6) (A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side.  The bankruptcy clerk's office must receive the complaint and any required filing fee by that deadline.

BANKRUPTCY CLERK'S OFFICE.  Any paper that you file in these bankruptcy cases should be filed at the Office of the Clerk of the Bankruptcy Court at the address listed below.

CREDITORS WITH A FOREIGN ADDRESS.  Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case.