UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                              :
                                                   :    Chapter 11 Case No.
                                                   :
**LEXINGTON PRECISION CORP., et al.,**             :    08-11153 (MG)
                                                   :
         Debtors.                                  :    (Jointly Administered)
                                                   :
------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 503(b) OF THE BANKRUPTCY
CODE GRANTING ADMINISTRATIVE EXPENSE STATUS TO DEBTORS'
UNDISPUTED OBLIGATIONS TO VENDORS ARISING FROM THE
POSTPETITION DELIVERY OF GOODS AND SERVICES ORDERED
IN THE PREPETITION PERIOD AND AUTHORIZING THE DEBTORS
TO PAY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS,**

Upon the motion, dated April 1, 2008 (the "Motion") of Lexington Precision Corporation and Lexington Rubber Group, Inc. (together, the "Debtors"), as debtors and debtors in possession, pursuant to sections 503(b) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order granting administrative expense status to the Debtors' undisputed obligations to vendors (the "Vendors") arising from the postpetition delivery of goods and services ordered in the prepetition period (the "Prepetition Orders") and to pay such obligations in the ordinary course of business, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the

agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Dennis J. Welhouse Pursuant to Local Bankruptcy Rule 1007-2, sworn to on April 1, 2008 (the "Welhouse Affidavit"), , the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the undisputed obligations of the Debtors arising under the Prepetition Orders shall be afforded administrative expense priority status pursuant to section 503(b) of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized to pay in the ordinary course of their businesses all undisputed obligations arising from the postpetition delivery or shipment by Vendors of goods and services under the Prepetition Orders consistent with their customary practices; and it is further

ORDERED that nothing in this Order or the Motion shall be construed as prejudicing any rights the Debtors may have to dispute or contest the amount of or basis for any claims against the Debtors arising in connection with the Prepetition Orders; and it is further

ORDERED that nothing herein shall be deemed to constitute an assumption or rejection of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated: April 2, 2008
      New York, New York

                                /s/ Martin Glenn
                                United States Bankruptcy Judge