**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                                      :
                                                           :    **Chapter 11 Case No.**
**LEXINGTON PRECISION CORP., <u>et</u> <u>al.</u>,**       :    **08-11153 (MG)**
                                                           :
                                                           :    **(Jointly Administered)**
                               Debtors.                    :
------------------------------------------------------------x

**ORDER PURSUANT TO 28 U.S.C. § 156(c) AND LOCAL RULE 5075-1(a)**
**(i) AUTHORIZING THE EMPLOYMENT OF EPIQ BANKRUPTCY SOLUTIONS LLC**
**AS CLAIMS AND NOTICING AGENT FOR THE DEBTORS AND (ii) APPOINTING**
**<u>EPIQ BANKRUPTCY SOLUTIONS, INC. AS AGENT OF THE BANKRUPTCY COURT</u>**

Upon the application dated April 1, 2008 (the "<u>Application</u>") of Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for an order pursuant to section 156(c) of title 28 of the United States Code for authorization to employ Epiq Bankruptcy Solutions, LLC. ("<u>Epiq</u>") as noticing and claims agent, as more fully set forth in the Application; and upon consideration of Affidavit of Daniel C. Mc.Elhinney in Support of the Application, annexed to the Application as <u>Exhibit B</u>; and the Debtors having estimated that in excess of 800 creditors and other parties in interest exist in these chapter 11 cases, many of which the Debtors expect to file proofs of claim; and it appearing that noticing, receiving, docketing and maintaining proofs of claim in this volume will be unduly time consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C. § 156(c) and Local Rule 5075-1(a) of the Local Rules of the United States Bankruptcy Court for the Southern District of New York to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that Epiq has the capability and experience to provide such services and that Epiq does not hold an interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which Epiq is to

NY2:\1301013\13\RVV913!.DOC\26690.0008

be engaged; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Dennis J. Welhouse Pursuant to Local Bankruptcy Rule 1007-2, sworn to on April 1, 2008, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted; and it is further

ORDERED that the Debtors are authorized to retain and employ Epiq, effective as of the commencement of these chapter 11 cases, to perform the noticing and other services

described in the Application and to receive, maintain, record, and otherwise administer the proofs of claim filed in these chapter 11 cases; and it is further

ORDERED that Epiq is appointed as agent for the Clerk and custodian of court records and, as such, is designated as the authorized repository for all proofs of claim filed in these chapter 11 cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof on a monthly basis unless otherwise directed by the Clerk; and it is further

ORDERED that Epiq is authorized and directed to perform all related tasks to process the proofs of claim and maintain a claims register including, without limitation:

(a) notifying all potential creditors of the filing of the bankruptcy petition and of the setting of the first meeting of creditors pursuant to section 341(a) of the Bankruptcy Code, under the proper provisions of the Bankruptcy Code and the Bankruptcy Rules;

(b) assisting with and maintaining an official copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

(c) notifying all potential creditors of the existence and amount of their respective claims as set forth in the Schedules;

(d) docketing all claims received, maintaining the official claims register (the "Claims Register") for the Debtors on behalf of the Clerk, and providing the Clerk with a certified duplicate unofficial Claims Register on a monthly basis, unless otherwise directed;

(e) recording all transfers of claims and providing any notices of such transfers required by Bankruptcy Rule 3001; and

(f) making changes in the Claims Register pursuant to Court Order;

ORDERED that Epiq is authorized to take such other action as is reasonably necessary to comply with all duties set forth in the Application and this Order; and it is further

ORDERED that the Debtors are authorized to compensate Epiq on a monthly basis, in accordance with the Standard Bankruptcy Services Agreement, dated April 1, 2008, annexed to the Application as <u>Exhibit A</u>, upon receipt of reasonably detailed invoices setting forth the services Epiq provided in the prior month and the rates charged for each service, and to reimburse Epiq for all reasonable and necessary expenses Epiq may incur upon the presentation of appropriate documentation and without the necessity for Epiq to file an application for reimbursement with the Court; and it is further

ORDERED if these cases convert to cases under chapter 7, Epiq will continue to be paid for its services until the claims filed in these chapter 11 cases have been completely processed; if claims agent representation is necessary in the converted chapter 7 cases, Epiq will continue to be paid in accordance with 28 U.S.C. §156(c) under the terms set out herein; and it is further

ORDERED that in the event Epiq is unable to provide the services set out in this Order, Epiq will immediately notify the Clerk and the Debtors' attorneys and cause all original proofs of claim and computer information to be turned over to another claims agent with the advice and consent of the Clerk and Debtors' attorneys.

Dated: April 2, 2008
      New York, New York

                                        <u>/s/ Martin Glenn</u>
                                        United States Bankruptcy Judge