UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
**LEXINGTON PRECISION CORP., et al.,** : 08-11153 (MG)
:
Debtors. : (Jointly Administered)
:
-----------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a), 345(b), 363(c) AND 364(a) OF THE
BANKRUPTCY CODE (A) AUTHORIZING DEBTORS TO (i) CONTINUE
TO USE EXISTING CENTRALIZED CASH MANAGEMENT SYSTEM, (ii)
IMPLEMENT AN AUTOMATIC TRANSFER OF LOCKBOX FUNDS TO THE
DEBTORS' MASTER OPERATING ACCOUNT, AND (iii) MAINTAIN EXISTING
BANK ACCOUNTS AND BUSINESS FORMS; AND (B) EXTENDING THE DEBTORS'
TIME TO COMPLY WITH SECTION 345(b) OF THE BANKRUPTCY CODE**

Upon the motion, dated April 1, 2008 (the "Motion"), of Lexington Precision Corporation and Lexington Rubber Group, Inc. as debtors and debtors in possession, (together, the "Debtors"), for an order, pursuant to sections 105(a), 345(b), 363(c) and 364(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), (A) authorizing (i) the continuation of the Debtors' centralized cash management system, as modified from time to time by the Debtors (the "Cash Management System"); (ii) the implementation of an automatic transfer of funds in the Debtors' lockbox accounts to the Debtors' master operating account; (iii) the opening of a new bank account for the deposit of the proceeds of the Debtors' borrowings under the postpetition financing agreement; (iv) the maintenance and utilization of existing bank accounts (the "Bank Accounts") and business forms (the "Business Forms"); and (v) modifications to the Cash Management System, including the closing of any existing Bank Account(s) and the opening of any new bank accounts, as may be necessary in connection with section 345 of the Bankruptcy Code; and (B) authorizing and directing financial institutions to

honor the Debtors' requests to open or close, as the case may be, the Bank Accounts or additional bank or investment accounts; and (C) extending the time to comply with section 345(b) of the Bankruptcy Code, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Dennis J. Welhouse, pursuant to Local Bankruptcy Rule 1007-2, sworn to on April 1, 2008 (the "Welhouse Affidavit"), the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is hereby granted as provided herein; and it is further

ORDERED that the Debtors are authorized and empowered, pursuant to sections 105(a) and 363(c) of the Bankruptcy Code, to continue to manage their cash pursuant to the Cash Management System maintained by the Debtors prior to the commencement of their chapter 11 cases (the "Commencement Date"), as modified by this Order, and to collect, concentrate, and disburse cash in accordance with the Cash Management System, including intercompany and interdivision transfers of funds; and it is further

ORDERED that pursuant to section 105(a) of the Bankruptcy Code, FirstMerit Bank, N.A. ("FirstMerit") is authorized and directed to commence immediately automatic transfers (the "Automatic Transfers") on a daily basis of all available funds currently in or received into its lockbox accounts maintained in the Debtors' names, account numbers 76074, 76075, 76076, 76077, and 5923007889 (the "Lockboxes"), to the Debtors' master operating account at FirstMerit Bank, N.A., account number 5923007871 (the "Master Operating Account"), without the need to comply with any lockbox or blocked account agreement or any preexisting transfer arrangement concerning said accounts; and it is further

ORDERED that FirstMerit shall have no liability to any party for the Automatic Transfers of funds from the Lockboxes to the Master Operating Account pursuant to this Order; and it is further

ORDERED that the Debtors shall maintain accurate records of all transfers within the Cash Management System so that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Debtors prior to the Commencement Date; and it is further

ORDERED that the Debtors are authorized to: (i) designate, maintain and continue to use any or all of their existing Bank Accounts listed on Exhibit A, annexed hereto, in

the names and with the account numbers existing immediately prior to the Commencement Date, (ii) deposit funds in and withdraw funds from such accounts by all usual means including, without limitation, checks, wire transfers, automated clearinghouse transfers and other debits, (iii) pay any bank fees or charges associated with the Bank Accounts, and (iv) treat their prepetition Bank Accounts for all purposes as debtors in possession accounts; and it is further

ORDERED that except as otherwise provided in this Order, all financial institutions in which the Debtors maintain the Bank Accounts as of the commencement of their chapter 11 cases are authorized and directed to continue to maintain, service, and administer such Bank Accounts without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or other transfers by the holders or makers thereof, as the case may be; provided, however, that nothing contained herein shall authorize any such financial institution to honor any check, draft, wire, or other transfer issued or dated prior to the Commencement Date, except as otherwise provided by further order of this Court; provided, however, that any such financial institution may rely on the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Commencement Date should be honored pursuant to an order of this Court, and such bank shall not have any liability to any party for relying on such representation by the Debtors as provided for herein; and it is further

ORDERED that upon the Court's entry of an interim order approving the Debtors' request to incur postpetition financing (the "DIP Loan"), the Debtors are authorized to open a new interest-bearing bank account (the "DIP Account") at a bank that has been approved by the U.S. Trustee as an authorized bank depository (an "Authorized Bank Depository") specifically for the funds borrowed under the DIP Loan; and it is further

ORDERED that the Debtors' maintenance of the DIP Account at an Authorized Bank Depository shall constitute compliance with section 345(b) of the Bankruptcy Code with respect to the DIP Account; and it is further

ORDERED that the Debtors shall have 45 days (or such additional time as the U.S. Trustee may agreed to) from the entry of this Order (the "<u>Extension Period</u>") to either come into compliance with section 345(b) of the Bankruptcy Code or to make such other arrangements as the U.S. Trustee may agree to; and it is further

ORDERED that, as soon as practicable after the Commencement Date, the Debtors shall mark "Debtor in Possession" and the chapter 11 case number under which these cases are being jointly administered on their check stock, business form stock, and wire transfer instructions and shall not be required to order new stock with such marking until they exhaust their current stock; and it is further

ORDERED that, pursuant to section 364(a) of the Bankruptcy Code, the Debtors are authorized in connection with the ordinary course of their Cash Management System to obtain unsecured credit and incur unsecured debt in the ordinary course of business without notice and a hearing; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay prepetition amounts outstanding as of the Commencement Date, if any, owed to their banks as service charges for the maintenance of the Cash Management System; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated: April 2, 2008
      New York, New York

                                      /s/ Martin Glenn
                                       United States Bankruptcy Judge

# EXHIBIT A

## BANK ACCOUNTS

### DISBURSEMENT ACCOUNTS

| Bank Name and Address | Account Number |
| --- | --- |
| FirstMerit Bank N.A.<br>295 FirstMerit Circle<br>Akron, OH 44307<br>Attn: Thomas Heidy | 5999000546<br>5999000554<br>5999000562<br>5999000570<br>5999000588<br>5999000596<br>5999000619<br>5999000627<br>5999000855 |

### MASTER OPERATING (DISBURSEMENT) ACCOUNT

| Bank Name and Address | Account Number |
| --- | --- |
| FirstMerit Bank N.A.<br>295 FirstMerit Circle,<br>Akron, Ohio 44307<br>Attn: Thomas Heidy | 5923007871 |

### INDIVIDUAL LOCKBOX ACCOUNTS

| Bank Name and Address | Account Number |
| --- | --- |
| FirstMerit Bank N.A.<br>295 FirstMerit Circle<br>Akron, OH 44307<br>Attn: Thomas Heidy | 76074<br>76075<br>76076<br>76077 |

### MASTER LOCKBOX ACCOUNT

| Bank Name and Address | Account Number |
| --- | --- |
| FirstMerit Bank N.A.<br>295 FirstMerit Circle<br>Akron, OH 44307<br>Attn: Thomas Heidy | 5923007889 |