UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                              :
                                                   :        Chapter 11 Case No.
                                                   :
LEXINGTON PRECISION CORP., et al.,                 :        08-11153 (MG)
                                                   :
         Debtors.                                  :        (Jointly Administered)
                                                   :
------------------------------------------------------------x

**INTERIM ORDER PURSUANT TO SECTIONS 105(a) AND 363(b)(1) OF THE
BANKRUPTCY CODE (a) AUTHORIZING THE DEBTORS TO PAY COMMON
CARRIER CHARGES AND (b) SCHEDULING A FINAL HEARING**

Upon the motion, dated April 1, 2008 (the "Motion") of Lexington Precision Corporation and Lexington Rubber Group, Inc. (together, the "Debtors"), as debtors and debtors in possession, pursuant to sections 105(a), and 363(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order, among other things, (a) authorizing the debtors to pay undisputed prepetition obligations to certain common carriers and the Debtors' third-party shipping consultant (collectively, the "Common Carrier Charges"); and (b) scheduling a hearing to consider entry of an order granting the relief requested on a permanent basis (the "Final Hearing"), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) attorneys for the proposed postpetition lenders,

(iv) the attorneys for the <u>ad hoc</u> committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "<u>Interim Hearing</u>"); and the appearances of all interested parties having been noted in the record of the Interim Hearing; and upon the Affidavit of Dennis J. Welhouse Pursuant to Local Bankruptcy Rule 1007-2, dated April 1, 2008 (the "<u>Welhouse Affidavit</u>"), the record of the Hearing, and all of the proceedings had before the Court; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis; and it is further

ORDERED that the Debtors are authorized to pay all undisputed prepetition Common Carrier Charges consistent with their customary practices in the ordinary course of their businesses; and it is further

ORDERED that nothing in this Order or the Motion shall be construed as prejudicing any rights the Debtors may have to dispute or contest the amount of or basis for any claims against the Debtors arising in connection with the Common Carrier Charges; and it is further

ORDERED that nothing herein shall be deemed to constitute an assumption or rejection of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that entry of this Order is necessary to avoid immediate and irreparable harm and to the extent the relief granted herein implicates the use of property of the

estate and section 363 of the Bankruptcy Code, the requirements under Bankruptcy Rule 6003(b) have been satisfied; and it is further

ORDERED that entry of this Order shall be without prejudice to the right of any statutory committee appointed in these chapter 11 cases to object to the relief granted herein; provided, that such objection is filed no later than thirty (30) days after the appointment of such committee; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), this Order shall be effective immediately upon entry; and it is further

ORDERED that the Final Hearing to consider entry of an order granting the relief requested in the Motion on a permanent basis shall be held on April 22, 2008 at 10:00 a.m. (Eastern time); and any objections to entry of such order shall be in writing, filed with the Court in accordance with General Order M-242, and served upon (i) the attorneys for the Debtors; (ii) the U.S. Trustee; (iii) the attorneys for the agents for the Debtors' prepetition lenders, (iv) the attorneys for the Debtors' proposed postpetition lenders, and (v) the attorneys for any statutory committee appointed in these cases, in each case so as to be received no later than 4:00 p.m. (Eastern Time) on April 16, 2008; and it is further

ORDERED that the Debtors shall serve this Order within three business days of its entry on (i) the U.S. Trustee, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated: April 2, 2008
      New York, New York

                                           /s/ Martin Glenn
                                           United States Bankruptcy Judge