Hearing Date:  April 22, 2008 at 10:00 a.m. (prevailing Eastern Time)
Adequate Assurance Request Deadline:  April 16, 2008 at 4:00 p.m. (prevailing Eastern Time)
Objection Deadline:  April 16, 2008 at 4:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
In re                                                        :        **Chapter 11 Case No.**
                                                             :
**LEXINGTON PRECISION CORP., et al.,**                       :        **08-11153 (MG)**
                                                             :
          **Debtors.**                                       :        **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x

### NOTICE OF MOTION PURSUANT TO SECTIONS 105(a) AND 366 OF THE BANKRUPTCY CODE FOR AN ORDER (I) APPROVING DEBTORS PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT; (II) RESOLVING OBJECTIONS BY UTILITY COMPANIES; AND (III) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE

          PLEASE TAKE NOTICE THAT Lexington Precision Corporation, and its

subsidiary (together, the "Debtors") in the above-captioned chapter 11 cases filed in the United

States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") filed a

motion, dated April 2, 2008 (the "Motion"), for entry of an order, pursuant to sections 105(a) and

366 of the title 11 of the United States Code (the "Bankruptcy Code"), (i) approving the Debtors

proposed form of adequate assurance of payment (the "Proposed Adequate Assurance"); (ii)

resolving any objections by the utility companies that provide utility services to the Debtors

including, but not limited to, those listed in Exhibit A (the "Utility Companies") to the Motion

that the Proposed Adequate Assurance is not adequate in accordance with section 366 of the

Bankruptcy Code; and (iii) prohibiting the Utility Companies from altering, refusing, or

discontinuing service to, or discriminating against, the Debtors solely on the basis of the

commencement of this case or a debt that is owed by the Debtors for services rendered prior to

the petition date.

PLEASE TAKE FURTHER NOTICE that, pursuant to section 366 of the

Bankruptcy Code, the Utilities Companies may not alter, refuse, or discontinue service to, or

discriminate against the Debtors solely on the basis of the commencement of these chapter 11

cases or that a debt owed by the Debtors to such Utility Companies for service rendered before

the petition date.

PLEASE TAKE FURTHER NOTICE Utility Companies requesting an Adequate

Assurance Deposit (as defined in the Motion) must make such request on or before **4:00 p.m.

(prevailing Eastern Time) on April 16, 2008**.

PLEASE TAKE FURTHER NOTICE that Utility Companies not satisfied with an

Adequate Assurance Deposit must file an objection or response to the Motion that must be:  (i) in

writing; (ii) conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

and the Local Rules of the Bankruptcy Court for the Southern District of New York; (iii) set

forth the amount and form of additional assurance of payment requested; (iv) set forth the

location for which Utility Services are provided; (v) include a summary of the Debtors' payment

history to such Utility Company, including any security deposits; (vi) set forth why the Utility

Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of

payment, all as more fully described in the Motion; and (vii) must be filed on or before **April 16,

2008 at 4:00 p.m. (Prevailing Eastern Time)** with the Bankruptcy Court electronically in

accordance with General Order M-242 (General Order M-242 and the User's Manual for the

Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182, and be served upon: (a) the Debtors, Lexington Precision Corp., 800 Third Ave. 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin), (b) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Christopher J. Marcus, Esq. and John W. Lucas, Esq.); (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, (Attention: Paul Schwartzberg, Esq.); (d) Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, TN, 37219 (Attn: John C. Tishler), attorneys for the Debtors' prepetition lenders; (e) attorneys for any statutory committees appointed in these cases; and (f) O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, NY 10036 (Attn.: Gerald Bender, Esq.), attorneys for Debtors' proposed postpetition lenders, so as to be received no later than **April 16, 2008, at 4:00 p.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that a hearing to consider the relief requested in the Motion shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, on **April 22, 2008 at 10:00 a.m. (prevailing Eastern Time)**, at the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 or as soon thereafter as counsel may be heard.

Dated: April 2, 2008
     New York, New York

                            /s/ Richard P. Krasnow
                            Richard P. Krasnow, Esq.
                            Christopher J. Marcus, Esq.

                            WEIL, GOTSHAL & MANGES LLP
                            767 Fifth Avenue
                            New York, New York  10153
                            Telephone:   (212) 310-8000
                            Facsimile:    (212) 310-8007

                            Attorneys for Debtors
                            and Debtors in Possession

Hearing Date:  April 22, 2008 at 10:00 a.m. (prevailing Eastern Time)
Adequate Assurance Request Deadline:  April 16, 2008 at 4:00 p.m. (prevailing Eastern Time)
Objection Deadline:  April 16, 2008 at 4:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
In re                                                        :          **Chapter 11 Case No.**
                                                             :
**LEXINGTON PRECISION CORP., et al.,**                       :          **08-11153 (MG)**
                                                             :
          **Debtors.**                                       :          **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT**
**TO SECTIONS 105(a) AND 366 OF THE BANKRUPTCY**
**CODE FOR AN ORDER (I) APPROVING DEBTORS PROPOSED**
**FORM OF ADEQUATE ASSURANCE OF PAYMENT; (II) RESOLVING**
**OBJECTIONS BY UTILITY COMPANIES; AND (III) PROHIBITING**
**UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

          Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors

and debtors in possession (collectively, "Lexington" or the "Debtors"), respectfully represent:

**Background**

          1.          On the April 1, 2008 (the "Commencement Date"), the Debtors each

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code").  The Debtors are authorized to continue to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.        The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

## **<u>Lexington's Business</u>**

3.        Lexington manufactures large volumes of high-quality rubber and metal components at competitive prices for use primarily in automobiles and medical devices. Lexington operates through two operating segments—the Rubber Group and the Metals Group. Lexington's components are generally sold to other manufacturers.

4.        Lexington is one of North America's largest manufacturers of rubber components for the automotive industry.  The Rubber Group's principal products are connector seals used in primary wire harnesses and insulators for ignition wire sets.  The Rubber Group also manufactures and sells rubber components used in a variety of medical devices, including drug delivery systems, syringes, laparoscopic instruments, and catheters, which are sold to some of the world's largest medical device manufacturers.

5.        The Metals Group manufactures high-volume aluminum, brass, steel, and stainless steel components machined from bars, forgings, and cold-headed blanks primarily for manufacturers within the automotive industry.  These components are used in many applications, including heating and cooling systems, airbag systems, solenoids, switches, and valves.

6.        Lexington is headquartered in New York, New York, and maintains manufacturing plants in New York, Georgia, Ohio, and South Carolina.  As of February 29, 2008, Lexington employed approximately 651 permanent and 22 temporary employees, of which

134 are salaried employees and 517 are hourly employees.  In 2007, Rubber Group net sales

totaled $74.5 million and Metals Group net sales totaled $13.8 million.  As of December 31,

2007, Lexington's consolidated unaudited financial statements reflected assets totaling

approximately $52.6 million, and current liabilities totaling approximately $88.5 million.

Notwithstanding the Debtors' negative "book net worth" calculated in accordance with generally

accepted accounting principles, the Debtors have received a number of offers for all or portions

of the assets and business of the Lexington Rubber Group, the largest of the Debtors' operations

and the generator of the preponderance of the Debtors' sales and earnings, each of which clearly

indicates that the value of the Debtors' assets far exceeds the Debtors' liabilities. Consequently,

the Debtors believe that they are solvent and that the equity securities of Lexington Precision

have significant value.

## Jurisdiction

7.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8.      By this Motion, pursuant to sections 105(a) and 366 of the Bankruptcy

Code, the Debtors seek entry of an order (i) approving the Debtors Proposed Adequate

Assurance (as defined below); (ii) resolving any objections to the Motion by the Utility

Companies (as defined below) that the Proposed Adequate Assurance is not adequate; and (iii)

prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or

discriminating against, the Debtors solely on the basis of the commencement of this case or a

debt that is owed by the Debtors for services rendered prior to the petition date.

# I.

## The Utility Companies

9.      In connection with the operation of their businesses and the management

of their properties, the Debtors obtain electricity, natural gas, oil, water, sewer, telephone, trash

collection, and/or other similar services (collectively, the "Utility Services") from a number of

utilities, as that term is used in section 366 of the Bankruptcy Code, including, but not limited to,

those listed on Exhibit A annexed hereto (the "Utility Companies").  The Utility Companies and

their affiliates provide Utility Services to the Debtors as of the Commencement Date (the "Utility

Service List").[1]

10.      In the past 12 months, the Debtors paid an average of approximately

$222,000 per month on account of Utility Services.  The Debtors have a very good payment

history with the Utility Companies.  To the best of the Debtors' knowledge, there are few, if any,

defaults or arrearages of any significance with respect to the Debtors' undisputed invoices for

Utility Services, other than payment interruptions that may be caused by the commencement of

these chapter 11 cases.

11.      Uninterrupted Utility Services are essential to the Debtors' ongoing

operations, and therefore, to the success of the Debtors' reorganization.  In addition, by virtue of

the services that they provide, the Debtors cannot easily find replacement services if the Utility

Companies cease to provide the Utility Services.  Should any Utility Company refuse or

discontinue service, even for a brief period, the Debtors' business operations could be severely

disrupted.  The impact of this disruption on the Debtors' business operations and revenue would

---

[1] The inclusion of any entity on, as well as any omission of any entity from, Exhibit A and the description
thereof is not an admission or concession that such entity is, or is not, a utility within the meaning of
section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

4

be extremely harmful and would jeopardize the Debtors' reorganization efforts. It is therefore critical that Utility Services continue uninterrupted.

12.     The Debtors intend to pay all postpetition obligations owed to the Utility Companies in a timely manner. The Debtors believe that there will be sufficient funds available from their proposed consensual use of their prepetition lenders' cash collateral as well as funds from their proposed postpetition credit facility to permit them to pay Utility Companies in a timely manner. If, however, any Utility Company believes additional assurance is required than what the Debtors propose herein, they may file an objection to the Motion in accordance with the procedures set forth herein.

## II.

### Adequate Assurance of Payment of Postpetition Charges

13.     Pursuant to section 366(c)(2) of the Bankruptcy Code, a utility may alter, refuse or discontinue a chapter 11 debtor's utility service if the utility does not receive from the debtor or the trustee within 30 days of the commencement of the debtor's chapter 11 case adequate "assurance of payment" for utility service that is satisfactory to the utility. 11 U.S.C. § 366(c)(2). Section 366(c)(1) of the Bankruptcy Code provides that "assurance of payment" of postpetition charges may consist of "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee." 11 U.S.C. § 366(c)(1)(A).

### A.     The Proposed Adequate Assurance Deposit

14.     In connection with the relief requested herein, the Debtors propose to provide adequate assurance of payment to each Utility Company, pursuant to section 366 of the

5

Bankruptcy Code, in the form of a cash deposit.  The Debtors proposed to provide a deposit to a requesting Utility Company no more than five (5) days after the receipt of such request equal to two (2) weeks of Utility Service, calculated as historical average over the past 12 months (the "Adequate Assurance Deposit"), to any Utility Company that requests such a deposit, provided that: (a) such request is made in accordance with the procedures set forth below; (b) such requesting Utility Company does not already hold a deposit equal to or greater than two (2) weeks of Utility Services; and (c) such requesting Utility Company is not currently paid in advance for its Utility Services.  As a condition to requesting and accepting an Adequate Assurance Deposit, the requesting Utility Company shall be deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of payment to such Utility Company within the meaning of section 366 of the Bankruptcy Code.[2]

**B.**    **Adequate Assurance Deposit Request Deadline**

15.    A Utility Company seeking an Adequate Assurance Deposit must make such request in writing to (i) the Debtors, Lexington Precision Corp., 800 Third Ave. 15th Floor, New York, New York 10023 (Attn:  Michael A. Lubin), and (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Christopher J. Marcus, Esq. and John W. Lucas, Esq.) (together, the "Notice Parties"), so that it is received on or before **4:00 p.m. (prevailing Eastern Time) on April 16, 2008**.

**C.**    **Adequate of Proposed Adequate Assurance**

16.    The Debtors submit that the Adequate Assurance Deposit, in conjunction with the Debtors' ability to pay for future Utility Services in the ordinary course of business

---

[2] The Debtors further request that any Adequate Assurance Deposit required by, and provided to, any Utility Company pursuant to the procedures described above be returned to the Debtors at the conclusion of these chapter 11 cases, if not returned or applied sooner.

6

(collectively, the "Proposed Adequate Assurance"), constitutes adequate assurance to the Utility

Companies.  Accordingly, upon entry of an order granting the relief sought in this Motion, any

Utility Company that fails to timely request an Adequate Assurance Deposit on or before **4:00**

**p.m. (prevailing Eastern Time) on April 16, 2008**, or otherwise file an objection to the motion

as described below, shall be deemed to have been provided with adequate assurance of payment

as required by section 366 of the Bankruptcy Code and shall be prohibited from discontinuing,

altering, or refusing to provide Utility Services, including as a result of unpaid charges for

prepetition Utility Services.

### III.

### Objections To Proposed The Proposed Adequate Assurance

17.      In light of the severe consequences to the Debtors of any interruption in

services by the Utility Companies, but recognizing the right of the Utility Companies to evaluate

the Proposed Adequate Assurance on a case-by-case basis, any Utility Company not satisfied

with an Adequate Assurance Deposit (i) must file an objection ("Objection") (a) in writing; (b)

set forth the amount and form of additional assurance of payment requested, (c) set forth the

location for which Utility Services are provided, (d) include a summary of the Debtors' payment

history to such Utility Company, including any security deposits, and (e) set forth why the Utility

Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of

payment; and (ii) file the Objection with the Court and serve it upon the Notice Parties so that it

is received on or before **4:00 p.m. (prevailing Eastern Time) on April 16, 2008**.

18.      The Court will determine the adequacy of the Proposed Adequate

Assurance with respect to all Objections not resolved prior to the hearing pursuant to section

366(c) of the Bankruptcy Code.

7

19.     Absent compliance with the procedure to request an Adequate Assurance

Deposit or filing a timely objection to the Proposed Adequate Assurance, the Utility Companies

are forbidden from altering, refusing, or discontinuing service as a result of any unpaid

prepetition charges, or the Debtors' failure to provide additional adequate assurance of payment

other than the Proposed Adequate Assurance.

20.     Pending the entry of an order following the conclusion of the Hearing on

this Motion or any adjournments thereof, the Utility Companies are prohibited from

discontinuing, altering, or refusing service to the Debtors, including as a result of unpaid charges

for prepetition services or as a result of any Objections to the Proposed Adequate Assurance as

provided by section 366 of the Bankruptcy Code.

## IV.

## Subsequent Modifications of Utility Company List

21.     Although the Debtors have made an extensive and good-faith effort to

identify all of the Debtors' providers of Utility Services on Exhibit A, certain Utility Companies

that currently provide Utility Services to the Debtors may not be listed on Exhibit A.  To the

extent that the Debtors identify additional Utility Companies, the Debtors will promptly file

amendments to the Utility Service List, and shall serve copies of the Order (when and if entered)

on such newly-identified Utility Companies.  The Debtors request that the Order be binding on

all Utility Companies, regardless of when such Utility Company was added to the Utility Service

List.

## V.

## Basis for Relief Requested

22.     The relief requested herein will ensure that the Debtors' operations will

not be disrupted.  If a disruption occurs, the impact on the Debtors' business operations and

8

revenue would be extremely harmful.  The relief requested provides the Utility Companies with

a fair and orderly procedure for determining requests for additional or different adequate

assurance.  Without the Adequate Assurance Procedures, the Debtors could be forced to address

numerous requests by Utility Companies in a disorganized manner at a critical period in these

chapter 11 cases and during a time when the Debtors' efforts could be more productively focused

on the continuation of the Debtors' operations for the benefit of all parties in interest.

       23.      Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer

Protection Act of 2005 (the "2005 Amendments"), it was well established by courts,

commentators, and legislative history that section 366 of the Bankruptcy Code did not require, as

a matter of course, that the debtor provide a deposit or other security to its utilities as adequate

assurance of payment.  In Virginia Electric & Power Co. v. Caldor, Inc., 117 F.3d 646, 647 (2d

Cir. 1997), the United States Court of Appeals for the Second Circuit affirmed the bankruptcy

court's ruling that the debtor's prepetition payment history, its postpetition liquidity, and the

administrative expense priority afforded to postpetition invoices constituted adequate assurance

of future performance.  The Second Circuit rejected the argument that section 366(b)

nevertheless required a "deposit or other security," holding that "a bankruptcy court's authority

to 'modify' the level of the 'deposit or other security,' provided for under section 366(b),

includes the power to require no 'deposit or other security' where none is necessary to provide a

utility supplier with 'adequate assurance of payment.'"  Id. at 650.  See also Shirey v.

Philadelphia Elec. Co. (In re Shirey), 25 B.R. 247, 249 (Bankr. E.D. Pa. 1982) ("section

366(b)… does not permit a utility to request adequate assurance of payment for continued

services unless there has been a default by the debtor on a pre-petition debt owed for services

rendered.").

24.     Under the 2005 Amendments,[3] section 366(c) of the Bankruptcy Code

permits a utility company of a debtor in a chapter 11 case to alter, refuse, or discontinue utility

service if, within 30 days after the commencement of the chapter 11 case, the utility company

does not receive adequate assurance in a form that is "satisfactory" to the utility company,

subject to the Court's ability to modify the amount of adequate assurance.  Furthermore, pursuant

to section 366(c)(3)(B), in determining whether an assurance of payment is adequate, the court

may not consider (i) the absence of security before the petition date, (ii) the debtor's history of

timely payments or (iii) the availability of an administrative expense priority.

---

[3] Section 366 of the Bankruptcy Code provides, in relevant part, as follows:

(a)     Except as provided in subsections (b) and (c) of this section, a
utility may not alter, refuse, or discontinue service to, or discriminate against, the
trustee or the debtor solely on the basis of the commencement of a case under
this title or that a debt owed by the debtor to such utility for service rendered
before the order for relief was not paid when due.

*          *          *

(c)(2) Subject to paragraphs (3) and (4), with respect to a case filed under
chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue
utility service, if during the 30-day period beginning on the date of the filing of
the petition, the utility does not receive from the debtor or the trustee adequate
assurance of payment for utility service that is satisfactory to the utility.

(3)(A) On request of a party in interest and after notice and a hearing, the
court may order modification of the amount of an assurance of payment under
paragraph (2).

(B) In making a determination under this paragraph whether an assurance
of payment is adequate, the court may not consider—

(i) the absence of security before the date of the filing of the petition;

(ii) the payment by the debtor of charges for utility service in a timely
manner before the date of the filing of the petition; o

(iii) the availability of an administrative expense priority.

(4) Notwithstanding any other provision of law, with respect to a case
subject to this subsection, a utility may recover or set off against a security
deposit provided to the utility by the debtor before the date of the filing of the
petition without notice or order of the court.

11 U.S.C. § 366(a) and (c).

25.     The 2005 Amendments clarified what does and does not constitute "assurance of payment" and what can be considered in determining whether such assurance is adequate.  In enacting section 366(c) of the Bankruptcy Code, Congress did not divest the Court of its power to determine what amount, if any, is necessary to provide adequate assurance of payment to a Utility Company.  See 11 U.S.C. § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the Court may order modification of the amount of an assurance of payment . . .").  Under section 366(c), there is nothing to prevent a court from deciding, as courts have before the enactment of the 2005 Amendments, that, on the facts of the case before it, the amount required of the Debtors to adequately assure payment to a utility company is nominal, or even zero.

26.     Moreover, Congress has not changed the requirement that the assurance of payment only be "adequate."  Courts construing the meaning of "adequate" assurance of payment under section 366(b) of the Bankruptcy Code prior to the 2005 Amendments held that it did not require an absolute guarantee of the debtor's ability to pay.  See, e.g., In re Caldor, Inc. – N.Y., 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires [a] [b]ankruptcy [c]ourt to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment.  The statute does not require an 'absolute guarantee of payment.'") (citation omitted), aff'd sub nom. Virginia Elec. & Power Co. v. Caldor, Inc – N.Y., 117 F.3d 646 (2d Cir. 1997); In re Adelphia Bus. Solutions, Inc., 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) (same).  Therefore, despite the language in section 366(c)(2) of the Bankruptcy Code allowing a utility to take action against a debtor should the debtor fail to provide adequate assurance of payment that is "satisfactory" to the utility, section 366 of the Bankruptcy Code does not require that the

assurance provided be "satisfactory" once the Court determines the appropriate amount of adequate assurances.

27.    Based on the foregoing, the Debtors believe that the Proposed Adequate Assurance is reasonable and satisfy the requirements of section 366 of the Bankruptcy Code. The relief requested in this Motion is similar to the relief granted in other recent chapter 11 cases filed after the 2005 Amendments became effective. PRC, LLC, Case No. 08-10239 (MG) (Bankr. S.D.N.Y. Feb. 13, 2008) [Doc. No. 130], (Bankr. S.D.N.Y. Jan. 25, 2008) [Doc. No. 38]; Fortunoff Fine Jewelry and Silverware, LLC, Case No. 08-10353 (JMP) (Bankr. S.D.N.Y. Feb. 29, 2008) [Doc. No. 307], (Bankr. S.D.N.Y. Feb. 4, 2008) [Doc. No. 28]; Silicon Graphics, Inc., Case No. 06-10977 (ALG) (Bankr. S.D.N.Y. May 25, 2006) [Doc. No. 121] (same); In re Dana Corp., Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 6, 2006) [Doc. No. 86];(Bankr. S.D.N.Y. Mar. 29, 2006) [Doc. No. 736]; In re Calpine Corp., Case No, 05-60200 (BRL) (Bankr. S.D.N.Y. Jan. 18, 2006) [Doc. No. 496], (Bankr. S.D.N.Y. Dec. 21, 2005) [Doc. No. 36] (same).

28.    Further, the Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The proposed procedures will ensure the Debtors' Utility Services are continued without prejudicing the Utility Companies.

29.    The Debtors submit, therefore, that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## Memorandum of Law

30.    The Debtors submit that the relevant authorities are set forth herein, and accordingly, that the requirement contained in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum in support of the Motion is satisfied.

## Notice

31.     No trustee, examiner, or statutory creditors' committee has been appointed in these chapter 11 cases.  Notice of this Motion has been provided to (i) the United States Trustee for the Southern District of New York, (ii) the Utility Companies listed on Exhibit A annexed hereto; (iii) the attorneys for the agents for the Debtors' prepetition lenders, (iv) the attorneys for the Debtors' proposed postpetition lenders, (v) the attorneys for the ad hoc committee of noteholders, and (vi) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis).  The Debtors submit that no other or further notice need be provided.

WHEREFORE the Debtors respectfully request entry of an order substantially in the form annexed hereto as Exhibit B granting the relief requested herein and such other and further relief as is just.

Dated:  April 2, 2008
        New York, New York

/s/ Richard P. Krasnow_____
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:   (212) 310-8000
Facsimile:   (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

13

## Exhibit A

**(Utility Companies)**

**Lexington Precision Corporation**
**List of Utility Companies**

| Division | Description | Vendor Name | Vendor Address | Account # |
|----------|-------------|-------------|----------------|-----------|
| **LEXINGTON RUBBER GROUP, INC.** | | | | |
| **Vienna Facility:** | | | | |
| Vienna: | Electric | Ohio Edison | PO Box 3637, Akron, OH 44309 | 110015626911, 11001636613 |
| | Gas | Dominion East Ohio | PO Box 26785, Richmond, VA 23261 | 3420700255185 |
| | Water/Sewer | Trumbull County Water | 842 Youngstown-Kingsville Rd, Vienna, OH 44473 | 19-03-0002059-0000 28-03-9992039-0000 |
| | Telephone | Embarq | PO Box 96064, Charlotte, NC 28296-00064 | 330-856-1121-387 |
| | Telephone | Embarq | PO Box 219100, Kansas City, MO 64121-9100 | 925423967 |
| | Data services | Embarq | PO Box 660068, Dallas, TX 75266-0068 | 020-8500 |
| | Waste Removal | Waste Management | PO Box 9001054, Louisville, KY 40290-1054 | 784-0006915-1784-1 |
| **Rock Hill Facility:** | | | | |
| | Electric | City of Rock Hill | PO Box 11646, Rock Hill, SC 29731-1646 | 1059150 |
| | Water | City of Rock Hill | PO Box 11646, Rock Hill, SC 29731-1646 | 1053790 |
| | Gas | York County Natural Gas Comporium | PO Box 11907, Rock Hill, SC 29731-1907 | 5255-24355 & 5255-83090 |
| | Telephone | Communications | PO Box 1042, Rock Hill, SC 29731-7042 | 1011-4395-7 |
| | Waste disposal | Allied Waste | PO Box 9001099, Louisville, KY 40290-1099 | 3-0742-2000686 |
| **North Canton Facility:** | | | | |
| | Electric | Ohio Edison | PO Box 3637, Akron, OH 44309-3637 | 11-00-08-7008-2-2 |
| | Gas | Dominion East Ohio | PO Box 26785, Richmond, VA 23261-6785 | 8-4210-0025-5194 |
| | Water | City of North Canton PU | 145 N. Main St., North Canton, OH 44720 | 19470-1 |
| | Sewer | Stark County Sanitary Dept. | 1701 Mahoning Rd. NE, PO Box 7906, Canton, OH 44705 | 30-33466-00-8 |

| Division | Description | Vendor Name | Vendor Address | Account # |
|---|---|---|---|---|
| | Telephone | AT & T | PO Box 8100, Aurora, IL 60507-8100 | 330-305-1040-657-1 |
| | Telephone | WCS | 5471 N. University DR, Coral Springs, FL 33067 | 124451 |
| | Data services | AT & T | PO Box 8102, Aurora, IL 60507-8102 | 216 S66-3312-312 |
| | Data services | CanNet Internet Services | PO Box 36696, Canton, OH 44735-6696 | 109009 |
| | Waste disposal | Waste Management of Ohio | 1006 W. Walnut St, Canal Winchester, OH 43110 | 784-0044458-1784-6 |
| **Jasper Facility:** | | | | |
| | Electric | Georgia Power Company | 96 Annex Road, Atlanta, GA  30396 | 00033-2680518, 27657-3100416, 27237-3110216 27237-3100416, 27447-3100416 |
| | Gas | Georgia Natural Gas | PO Box 659411, San Antonio, TX 78265-9411 | 002439984-2460954 |
| | Water | City of Jasper | 200 Burnt Mtn. Rd., Jasper, GA 30143 | 0033-15600-01, 0033-15610-01 |
| | Telephone | ETC Communications, LLC | 224 Dalton St, PO Box 2149, Ellijay, GA 30540 | 706-692-2417, 706-692-6390 |
| | Data Services | ETC Communications, LLC | 224 Dalton St, PO Box 2149, Ellijay, GA 30540 | 706-135-5974 |
| | Telephone | Premiere Global Services | PO Box 404351, Atlanta, GA 30384-4351 | 546970 |
| | Telephone | AT & T Easy Link Services | PO Box 6003, Carol Stream, IL 60197-6003 | 129-0793 |
| | Telephone | Sprint | PO Box 219100, Kansas City, MO 64121-9100 | 354662180 |
| | Waste Disposal | Advanced Disposal Services | PO Box 439, Cumming, GA 30130 | 517896 |
| | Water Treatment | Superior Waste Services Inc | PO Box 1162, Smyrna, GA 30081 | **ZLI250-Lexington Ins** |
| **LEXINGTON PRECISION CORPORATION** | | | | |
| **Lakewood Facility:** | | | | |
| | Electric | National Grid | 300 Erie Blvd. W., Syracuse, NY  13202 | 75875-12111, 44475-13111 |
| | Water/sewer | City of Jamestown, NY | PO Box 700, Jamestown, NY 14702-0700 | 112-5511-19 |
| **Rochester Facility:** | | | | |
| New York: | Electric & Gas | Energet!x | 755 Brooks Ave., Rochester, NY 14619 | 9055, 9056, 214480 |
| | Water | City Treasurer | City Hall Room 100A, 30 Church St., Rochester, NY 14614 | 6740280000, 6740040008, 6700190005 |
| | Electric & Gas | Rochester Gas & Electric | 89 East Avenue, Rochester, NY 14604 | 2001-4934-531, 2001-2308-183, 2001-2308-282 |

2

| Division | Description | Vendor Name | Vendor Address | Account # |
|---|---|---|---|---|
| | Telephone | AT&T | PO Box 9001309, Louisville, KY 40290 | 030-245-8267-001 |
| | Telephone | Frontier Telephone | PO Box 23008, Rochester, NY 14692-3008 | 100208688 |
| | Telephone | Sprint | PO Box 6271, Baltimore, MD 21264 | 0069944540-4 |
| | Waste disposal | Safety-Kleen | 5400 Legacy Drive, Plano, TX 75024 | 393595 |
| | Waste disposal | Waste Management of NY | 1661 Mt Read Blvd., Rochester, NY 14606 | 806-0004983-2225-4 |
| | Security | ADT | PO Box 371967, Pittsburgh, PA 15250-7967 | 01300-108601755 |
| **Corporate Office:** | | | | |
| | Telephone | AT&T | PO Box 9001309, Louisville, KY 40290 | 030-394-9543-001, 216-591-1070-856-8 |
| | Data services | Avaya | PO Box 5125, Carol Stream, IL 60197-5125 | 0100660713 |

3

**<u>Exhibit B</u>**

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
LEXINGTON PRECISION CORP., et al.,        :        08-11153 (MG)
                                          :
              Debtors.                    :        (Jointly Administered)
                                          :
----------------------------------------------------------x
```

ORDER PURSUANT TO SECTIONS
105(a) AND 366 OF THE BANKRUPTCY
CODE (I) APPROVING DEBTORS PROPOSED FORM
OF ADEQUATE ASSURANCE OF PAYMENT; (II) RESOLVING
OBJECTIONS BY UTILITY COMPANIES; AND (III) PROHIBITING
UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE

Upon the motion, dated April 2, 2008 (the "Motion"), of Lexington Precision

Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession

(collectively, "Lexington" or the "Debtors"), for entry of an order, pursuant to sections 105(a)

and 366 of title 11 of the United States Code (the "Bankruptcy Code"), (i) approving the Debtors

Proposed Adequate Assurance[1]; (ii) resolving any objections to the Motion by the Utility

Companies that the Proposed Adequate Assurance is not adequate; and (iii) prohibiting the

Utility Companies from altering, refusing, or discontinuing service to, or discriminating against,

the Debtors solely on the basis of the commencement of this case or a debt that is owed by the

Debtors for services rendered prior to the petition date, all as more fully described in the Motion;

and the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

---

[1] All terms not defined herein shall the meaning used in the Motion.

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of noteholders, (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis), and (vi) the Utility Companies, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Dennis J. Welhouse Pursuant to Local Bankruptcy Rule 1007-2, the record of the Hearing, sworn to on April 1, 2008 (the "Welhouse Affidavit"), and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors' Proposed Adequate Assurance[2] satisfies the requirements under section 366 of the Bankruptcy Code; and it is further

---

[2] All terms not defined herein shall have the meaning used in the Motion.

2

ORDERED that any Utility Company having requested and received an Adequate

Assurance Deposit shall not (a) discontinue, alter, or refuse service to, or discriminate against,

the Debtors on the basis of the commencement of these chapter 11 cases or as a result of any

unpaid prepetition charges, or (b) require additional adequate assurance of payment, other than

the Adequate Assurance Deposit supplied; and it is further

ORDERED that any Utility Company that failed to request an Adequate

Assurance Deposit by April 16, 2008 or did not file a timely Objection to the Motion is deemed

to have adequate assurance that is satisfactory to it, within the meaning of section 366 of the

Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized to supplement, as necessary, the list of

Utility Companies annexed as <u>Exhibit A</u> hereto (the "<u>Utility Service List</u>"), and that this Order

shall apply to any such Utility Company that is subsequently added to the Utility Service List;

and it is further

ORDERED that any Adequate Assurance Deposit requested by, and provided to,

any Utility Company pursuant to the Motion shall be returned to the Debtors at the conclusion of

these chapter 11 cases, if not returned or applied earlier; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions

necessary or appropriate to implement the relief granted in this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order; and it is

further

ORDERED that nothing in this Order or the Motion shall be deemed to constitute the postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that the Debtors' service of the Motion upon the Utility Companies shall not constitute an admission or concession that such entities are a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated: April __, 2008
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit A</u>**

**Lexington Precision Corporation**
**List of Utility Companies**

| Division | Description | Vendor Name | Vendor Address | Account # |
|---|---|---|---|---|
| **LEXINGTON RUBBER GROUP, INC.** | | | | |
| **Vienna Facility:** | | | | |
| Vienna: | Electric | Ohio Edison | PO Box 3637, Akron, OH 44309 | 110015626911, 11001636613 |
| | Gas | Dominion East Ohio | PO Box 26785, Richmond, VA 23261 | 3420700255185 |
| | Water/Sewer | Trumbull County Water | 842 Youngstown-Kingsville Rd, Vienna, OH 44473 | 19-03-0002059-0000 28-03-9992039-0000 |
| | Telephone | Embarq | PO Box 96064, Charlotte, NC 28296-00064 | 330-856-1121-387 |
| | Telephone | Embarq | PO Box 219100, Kansas City, MO 64121-9100 | 925423967 |
| | Data services | Embarq | PO Box 660068, Dallas, TX 75266-0068 | 020-8500 |
| | Waste Removal | Waste Management | PO Box 9001054, Louisville, KY 40290-1054 | 784-0006915-1784-1 |
| **Rock Hill Facility:** | | | | |
| | Electric | City of Rock Hill | PO Box 11646, Rock Hill, SC 29731-1646 | 1059150 |
| | Water | City of Rock Hill | PO Box 11646, Rock Hill, SC 29731-1646 | 1053790 |
| | Gas | York County Natural Gas Comporium | PO Box 11907, Rock Hill, SC 29731-1907 | 5255-24355 & 5255-83090 |
| | Telephone | Communications | PO Box 1042, Rock Hill, SC 29731-7042 | 1011-4395-7 |
| | Waste disposal | Allied Waste | PO Box 9001099, Louisville, KY 40290-1099 | 3-0742-2000686 |
| **North Canton Facility:** | | | | |
| | Electric | Ohio Edison | PO Box 3637, Akron, OH 44309-3637 | 11-00-08-7008-2-2 |
| | Gas | Dominion East Ohio | PO Box 26785, Richmond, VA 23261-6785 | 8-4210-0025-5194 |
| | Water | City of North Canton PU | 145 N. Main St., North Canton, OH 44720 | 19470-1 |
| | Sewer | Stark County Sanitary Dept. | 1701 Mahoning Rd. NE, PO Box 7906, Canton, OH | 30-33466-00-8 |

44705

| Division | Description | Vendor Name | Vendor Address | Account # |
|---|---|---|---|---|
| | Telephone | AT & T | PO Box 8100, Aurora, IL 60507-8100 | 330-305-1040-657-1 |
| | Telephone | WCS | 5471 N. University DR, Coral Springs, FL 33067 | 124451 |
| | Data services | AT & T | PO Box 8102, Aurora, IL 60507-8102 | 216 S66-3312-312 |
| | Data services | CanNet Internet Services | PO Box 36696, Canton, OH 44735-6696 | 109009 |
| | Waste disposal | Waste Management of Ohio | 1006 W. Walnut St, Canal Winchester, OH 43110 | 784-0044458-1784-6 |
| **Jasper Facility:** | | | | |
| | Electric | Georgia Power Company | 96 Annex Road, Atlanta, GA  30396 | 00033-2680518, 27657-3100416, 27237-3110216 27237-3100416, 27447-3100416 |
| | Gas | Georgia Natural Gas | PO Box 659411, San Antonio, TX 78265-9411 | 002439984-2460954 |
| | Water | City of Jasper | 200 Burnt Mtn. Rd., Jasper, GA 30143 | 0033-15600-01, 0033-15610-01 |
| | Telephone | ETC Communications, LLC | 224 Dalton St, PO Box 2149, Ellijay, GA 30540 | 706-692-2417, 706-692-6390 |
| | Data Services | ETC Communications, LLC | 224 Dalton St, PO Box 2149, Ellijay, GA 30540 | 706-135-5974 |
| | Telephone | Premiere Global Services | PO Box 404351, Atlanta, GA 30384-4351 | 546970 |
| | Telephone | AT & T Easy Link Services | PO Box 6003, Carol Stream, IL 60197-6003 | 129-0793 |
| | Telephone | Sprint | PO Box 219100, Kansas City, MO 64121-9100 | 354662180 |
| | Waste Disposal | Advanced Disposal Services | PO Box 439, Cumming, GA 30130 | 517896 |
| | Water Treatment | Superior Waste Services Inc | PO Box 1162, Smyrna, GA 30081 | **ZLI250-Lexington Ins** |
| **LEXINGTON PRECISION CORPORATION** | | | | |
| **Lakewood Facility:** | | | | |
| | Electric | National Grid | 300 Erie Blvd. W., Syracuse, NY  13202 | 75875-12111, 44475-13111 |
| | Water/sewer | City of Jamestown, NY | PO Box 700, Jamestown, NY 14702-0700 | 112-5511-19 |
| **Rochester Facility:** | | | | |
| New York: | Electric & Gas | Energet!x | 755 Brooks Ave., Rochester, NY 14619 | 9055, 9056, 214480 |
| | Water | City Treasurer | City Hall Room 100A, 30 Church St., Rochester, NY 14614 | 6740280000, 6740040008, 6700190005 |
| | Electric & Gas | Rochester Gas & Electric | 89 East Avenue, Rochester, NY 14604 | 2001-4934-531, 2001-2308-183, 2001- |

| Division | Description | Vendor Name | Vendor Address | Account # |
|---|---|---|---|---|
| | | | | 2308-282 |
| | Telephone | AT&T | PO Box 9001309, Louisville, KY 40290 | 030-245-8267-001 |
| | Telephone | Frontier Telephone | PO Box 23008, Rochester, NY 14692-3008 | 100208688 |
| | Telephone | Sprint | PO Box 6271, Baltimore, MD 21264 | 0069944540-4 |
| | Waste disposal | Safety-Kleen | 5400 Legacy Drive, Plano, TX 75024 | 393595 |
| | Waste disposal | Waste Management of NY | 1661 Mt Read Blvd., Rochester, NY 14606 | 806-0004983-2225-4 |
| | Security | ADT | PO Box 371967, Pittsburgh, PA 15250-7967 | 01300-108601755 |
| **Corporate Office:** | | | | |
| | Telephone | AT&T | PO Box 9001309, Louisville, KY 40290 | 030-394-9543-001, 216-591-1070-856-8 |
| | Data services | Avaya | PO Box 5125, Carol Stream, IL 60197-5125 | 0100660713 |

3