Hearing Date:  April 22, 2008 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline:  April 16, 2008 at 4:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                              :
**In re**                                     :    **Chapter 11 Case No.**
                                              :
**LEXINGTON PRECISION CORP., et al.,**        :    **08-11153 (MG)**
                                              :
        **Debtors.**                          :    **(Jointly Administered)**
                                              :
---------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION PURSUANT TO
SECTIONS 105(a), 327, 328, AND 330 OF THE BANKRUPTCY
CODE FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

PLEASE TAKE NOTICE THAT Lexington Precision Corporation and its

subsidiary, Lexington Rubber Group, Inc. (together, the "Debtors"), in the above-captioned

chapter 11 cases filed in the United States Bankruptcy Court for the Southern District of New

York (the "Bankruptcy Court") filed a motion, dated April 2, 2008 (the "Motion"), for entry of

an order, pursuant to sections 105(a), 327, 328, and 330 of the title 11 of the United States Code

(the "Bankruptcy Code") authorizing the employment of professionals utilized in the ordinary

course of business.

PLEASE TAKE FURTHER NOTICE that objections or responses, if any, to the

Motion must be in writing, must conform to the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of

New York, must set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, the basis for the objection and the specific grounds therefor, and must be filed no later than **April 16, 2008 at 4:00 p.m. (Prevailing Eastern Time)** with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182, and be served upon:  (a) the Debtors, Lexington Precision Corp., 800 Third Ave. 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin), (b) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Christopher J. Marcus, Esq. and John W. Lucas, Esq.); (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, (Attention:  Paul Schwartzberg, Esq.); (d) Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, TN, 37219 (Attn:  John C. Tishler), attorneys for the Debtors' prepetition lenders; (e) attorneys for any statutory committees appointed in these cases; and (f) O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, NY 10036 (Attn.:  Gerald Bender, Esq.), attorneys for Debtors' proposed postpetition lenders, so as to be received no later than **April 16, 2008, at 4:00 p.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that a hearing to consider the relief

requested in the Motion shall be held before the Honorable Martin Glenn, United States

Bankruptcy Judge, on **April 22, 2008 at 10:00 a.m. (prevailing Eastern Time)**, at the United

States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York,

New York 10004 or as soon thereafter as counsel may be heard.

Dated: April 2, 2008
     New York, New York

                        /s/ Richard P. Krasnow
                        Richard P. Krasnow, Esq.
                        Christopher J. Marcus, Esq.

                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York  10153
                        Telephone:   (212) 310-8000
                        Facsimile:    (212) 310-8007

                        Attorneys for Debtors
                        and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                        :
In re                                   :        Chapter 11 Case No.
                                        :
LEXINGTON PRECISION CORP., et al.,      :        08-11153 (MG)
                                        :
              Debtors.                  :        (Jointly Administered)
                                        :
-------------------------------------------------------------x
```

### DEBTORS' MOTION PURSUANT TO SECTIONS
### 105(a), 327, 328, AND 330 OF THE BANKRUPTCY CODE
### FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF
### PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors

and debtors in possession (collectively, "Lexington" or the "Debtors"), respectfully represent:

### Background

1.      On April 1, 2008 (the "Commencement Date"), the Debtors each

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code").  The Debtors are authorized to continue to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Lexington's Business

3.      Lexington manufactures large volumes of high-quality rubber and metal components at competitive prices for use primarily in automobiles and medical devices. Lexington operates through two operating segments—the Rubber Group and the Metals Group. Lexington's components are generally sold to other manufacturers.

4.      Lexington is one of North America's largest manufacturers of rubber components for the automotive industry.  The Rubber Group's principal products are connector seals used in primary wire harnesses and insulators for ignition wire sets.  The Rubber Group also manufactures and sells rubber components used in a variety of medical devices, including drug delivery systems, syringes, laparoscopic instruments, and catheters, which are sold to some of the world's largest medical device manufacturers.

5.      The Metals Group manufactures high-volume aluminum, brass, steel, and stainless steel components machined from bars, forgings, and cold-headed blanks primarily for manufacturers within the automotive industry.  These components are used in many applications, including heating and cooling systems, airbag systems, solenoids, switches, and valves.

6.      Lexington is headquartered in New York, New York, and maintains manufacturing plants in New York, Georgia, Ohio, and South Carolina.  As of February 29, 2008, Lexington employed approximately 651 permanent and 22 temporary employees, of which 134 are salaried employees and 517 are hourly employees.  In 2007, Rubber Group net sales totaled $74.5 million and Metals Group net sales totaled $13.8 million.  As of December 31,

2

2007, Lexington's consolidated unaudited financial statements reflected assets totaling approximately $52.6 million, and current liabilities totaling approximately $88.5 million. Notwithstanding the Debtors' negative "book net worth" calculated in accordance with generally accepted accounting principles, the Debtors have received a number of offers for all or portions of the assets and business of the Lexington Rubber Group, the largest of the Debtors' operations and the generator of the preponderance of the Debtors' sales and earnings, each of which clearly indicates that the value of the Debtors' assets far exceeds the Debtors' liabilities. Consequently, the Debtors believe that they are solvent and that the equity securities of Lexington Precision have significant value.

## Jurisdiction

7.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8.       By this Motion, the Debtors seeks entry of an order, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, authorizing the retention of professionals utilized by Lexington in the ordinary course of business (the "Ordinary Course Professionals") without the submission of separate employment applications and the issuance of separate retention orders for each individual professional.

## Proposed Procedures

9.       The Debtors desire to continue to employ the Ordinary Course Professionals to render a variety of professional services to these estates in the same manner and for the same purposes as the Ordinary Course Professionals did prior to the Commencement

Date.  In the past, these professionals have rendered a range of professional services relating to

such topics as:  litigation, corporate requirements, tax, and employee related issues.  It is

essential that the employment of these Ordinary Course Professionals, many of whom are

already familiar with the Debtors' businesses and financial affairs, be continued to avoid

disruption of the Debtors' normal business operations.

10.    The Debtors submit that the proposed employment of the Ordinary Course

Professionals and the payment of monthly compensation on the basis set forth below are in the

best interest of their estates and creditors.  The relief requested will save the estates substantial

expenses associated with applying separately for the employment of each Ordinary Course

Professional.  Further, the relief requested will avoid the incurrence of additional fees relating to

the preparation and prosecution of interim fee applications.

11.    The Debtors propose that, within thirty (30) days of the later of (i) the

entry of a final order granting this Motion or (ii) the date on which the Ordinary Course

Professional commences services for the Debtors, each Ordinary Course Professional shall

provide to the Debtors' attorneys:  (a) an affidavit (the "Ordinary Course Professional

Affidavit"), substantially in the form annexed hereto as Exhibit A, certifying that the

professional does not represent or hold any interest adverse to the Debtors or theirs estates with

respect to the matter on which the professional is to be employed; and (b) a completed retention

questionnaire (the "Retention Questionnaire"), substantially in the form annexed hereto as

Exhibit B.

12.    The Debtors shall then file the Ordinary Course Professional Affidavit and

Retention Questionnaire with the Court and serve a copy thereof upon (i) the Office of the

United States Trustee for the Southern District of New York (the "U.S. Trustee"), and (ii)

4

attorneys for any statutory committee appointed in these chapter 11 cases (together with the Debtors, the "Reviewing Parties").  The Reviewing Parties shall have fifteen (15) days following service to notify the Reviewing Parties and the relevant Ordinary Course Professional in writing of any objection to the retention stemming from the contents of the Ordinary Course Professional Affidavit or Retention Questionnaire (the "Objection Deadline").  If, after the Objection Deadline, no objection is filed, the retention, employment, and compensation of such Ordinary Course Professional shall be deemed approved, without further order from the Court.  If an objection is filed and any such objection cannot be resolved with twenty (20) days, the matter shall be set down for a hearing before the Court.

13.     The Debtors propose that they be permitted to pay each Ordinary Course Professional, without a prior application to the Court by such professional, one hundred percent (100%) of the fees and disbursements incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred; provided, however, that, if any amount owed for professional's fees and disbursements exceeds a total of $25,000 per month per professional on a "rolling basis," then the payments to such professional for such excess amounts shall be subject to the prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Bankruptcy Rules, and the Fee Guidelines promulgated by the Executive Office of the United States Trustee. Paying fees on a "rolling basis" would mean that an Ordinary Course Professional whose fees and disbursements are less than $25,000 in any month may be paid in subsequent months a total of $25,000 plus the difference between $25,000 and the amount billed in prior months; provided, however, that the Debtors propose a cap or maximum payment of $50,000 to any Ordinary

5

Course Professional in any month.  The aggregate of such payments for all Ordinary Course

Professionals shall not exceed $250,000 per month.  In the event that an Ordinary Course

Professional seeks more than $25,000 per month on a rolling basis, that professional will be

required to file a fee application for the full amount of its fees and expenses for that month in

accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules, the Fee Guidelines promulgated by the United States

Trustee, and any and all orders of the Court.  The Debtors reserve the right to amend the monthly

compensation limitations set forth in this paragraph upon notice and hearing.

14.     Annexed hereto as <u>Exhibit C</u> is a list of the Ordinary Course Professionals

identified by the Debtors as of the Commencement Date.  The Debtors seek to reserve the right

to retain additional Ordinary Course Professionals from time to time during these cases, as the

need arises, and to otherwise supplement the list of Ordinary Course Professionals from time to

time as necessary.  In such event, the Debtors propose to file a notice with the Court listing such

additional Ordinary Course Professionals, and attaching to such notice the Ordinary Course

Retention Affidavits and the Retention Questionnaires for each additional Ordinary Course

Professional (collectively, the "<u>Supplemental Notice of Ordinary Course Professionals</u>"), and to

serve the Supplemental Notice of Ordinary Course Professionals on the Reviewing Parties.  The

Debtors further propose that the procedures and deadlines for Reviewing Parties to object to the

retention, employment, or compensation of the additional Ordinary Course Professionals be the

same as those set forth in paragraph 9 above for the Ordinary Course Professionals listed on

<u>Exhibit C</u>.

## Employment of Ordinary Course
## <u>Professional Should be Authorized</u>

15.    Section 327(a) of the Bankruptcy Code provides that:

> Except as otherwise provided in this section, the trustee, with the court's
> approval, may employ one or more attorneys, accountants, appraisers,
> auctioneers, or other professional persons, that do not hold or represent an interest
> adverse to the estate, and that are disinterested persons, to represent or assist the
> trustee in carrying out the trustee's duties under this title.

11.U.S.C. § 327(a).  Section 327(e) of the Bankruptcy Code further provides that "with the

court's approval" a debtor may employ

> for a specified special purpose, other than to represent the trustee in conducting
> the case, an attorney that has represented the debtor, if in the best interest of the
> estate, and if such attorney does not represent or hold any interest adverse to the
> debtor or to the estate with respect to the matter on which such attorney is to be
> employed.

<u>Id.</u> at § 327(e).

16.    Section 328(a) of the Bankruptcy Code provides, in pertinent part, that the

trustee "with the court's approval, may employ or authorize the employment of a professional

person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and

conditions of employment…"  <u>Id.</u> § 328(a).  Section 330 of the Bankruptcy Code further

provides, in pertinent part,

> [a]fter notice to the parties in interest and the United States Trustee and a hearing,
> and subject to sections 326, 328, and 329, the court may award to a…professional
> person employed under section 327 or 1103—
>
>         (A) reasonable compensation for actual, necessary services
> rendered…by the professional person, or attorney and by any paraprofessional
> person employed by any such person; and
>
>         (B) reimbursement for actual, necessary expenses.

<u>Id.</u> at § 330.

17.     Section 105(a) of the Bankruptcy Code provides,

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Id. at § 105(a).

18.     The Debtors submit that, in light of the additional cost associated with the preparation of employment applications for professionals who will receive relatively small fees, it is impractical and cost inefficient for the Debtors to submit individual applications and proposed retention orders for each Ordinary Course Professional as required by Bankruptcy Rules 2014 and 2016.  Accordingly, the Debtors requests that this Court dispense with the requirement of individual employment applications and retention orders with respect to each Ordinary Course Professional.

19.     Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services rendered to the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their creditors or other parties in interest that should preclude such professional from continuing to represent the Debtors, and thus, all of the Ordinary Course Professionals proposed to be retained meet the special counsel retention requirement under section 327(e) of the Bankruptcy Code.

20.     Retention and payment procedures similar to the procedures proposed herein have been approved by this and other courts and utilized in many chapter 11 cases.  See, e.g., New York Racing Assoc. Inc., Case No. 06-12618 (JMP) (Bankr. S.D.N.Y. Nov. 9, 2006)[Docket No. 35]; In re Silicon Graphics, Inc. et al., Case No. 06-10977 (BRL) (Bankr.

S.D.N.Y. May 31, 2006) [Docket No. 153]; In re Parmalat USA Corp., Case No. 04-11139

(RDD) (Bankr. S.D.N.Y. Feb. 26, 2004)[Docket No. 56]; In re Enron Corp., Case No. 01-16034

(AJG) (Bankr. S.D.N.Y. Feb. 22, 2002)[Docket No. 1635]; In re Bethlehem Steel Corp., et al.,

Case Nos. 01-15288 through 01-15302, 01-15308 through 01-15315 (BRL) (Bankr. S.D.N.Y.

Oct. 15, 2001)[Docket No. 39]; In re Rhythms Netconnections Inc., et al., Case Nos. 01-14283

through 01-14287 (BRL) (Bankr. S.D.N.Y. Aug. 2, 2001)[Docket No. 37]; In re Sunbeam Corp.,

Case No. 01-40291 (AJG) (Bankr. S.D.N.Y. Marc. 1, 2001)[Docket No. 83] (Bankr. S.D.N.Y.

Feb, 6, 2001)[Docket No. 23].

### **Memorandum of Law**

21.    The Debtors submit that the relevant authorities are set forth herein, and

accordingly, that the requirement contained in Local Bankruptcy Rule 9013-1(b) for the filing of

a separate memorandum in support of the Motion is satisfied.

## Notice

22.    No trustee, examiner, or statutory creditors' committee has been appointed in these chapter 11 cases.  Notice of this Motion has been provided to (i) the U.S. Trustee, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis). The Debtors submit that no other or further notice need be provided.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: April 2, 2008
       New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:   (212) 310-8000
Facsimile:    (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**EXHIBIT A**

**(Ordinary Course Professional Affidavit)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                **:**

In re                                  **:**       **Chapter 11 Case No.**
                                                **:**

**LEXINGTON PRECISION CORP., et al.,**    **:**       **08-11153 (MG)**
                                                **:**

             **Debtors.**              **:**       **(Jointly Administered)**
                                                  **:**
-------------------------------------------------------------x

**AFFIDAVIT AND DISCLOSURE STATEMENT OF _____,**

**ON BEHALF OF _____**

STATE OF _____         )
                                ) ss:
COUNTY OF _____        )

_____, being duly sworn, upon his oath, deposes and says:

1.      I am a [INSERT TITLE] of _____, located at

_____ (the "Firm").

2.      Lexington Precision Corporation and Lexington Rubber Group, Inc., as

debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm

provide _____ services to the Debtors, and the Firm has consented to provide such services.

3.      The Firm may have performed services in the past and may perform

services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties

in interest in the Debtors' chapter 11 cases.  As part of its customary practice, the Firm is

retained in cases, proceedings, and transactions involving many different parties, some of whom

may represent or be claimants or employees of the Debtors, or other parties in interest in these

chapter 11 cases.  The Firm does not perform services for any such person in connection with

these chapter 11 cases.  In addition, the Firm does not have any relationship with any such

person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4.      Neither I, nor any principal of, or professional employed by the Firm has

agreed to share or will share any portion of the compensation to be received from the Debtors

with any other person other than the principals and regular employees of the Firm.

5.      Neither I, nor any principal of, or professional employed by the Firm,

insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors

or their estates.

6.      The Debtors owe the Firm $_____ for prepetition services.

7.      [The Firm is conducting further inquiries regarding its retention by any

creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of

its employment, if the Firm should discover any facts bearing on the matters described herein,

the Firm will supplement the information contained in this Affidavit.][1]


Subscribed and sworn to before me
this ____ day of _____, 2008


_____
        Notary Public


---

[1] If necessary.

## EXHIBIT B

### (Retention Questionnaire)

In re Lexington Precision Corp., et al.
Chapter 11 Case No. **08-11153 (MG)**

RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY LEXINGTON PRECISION
CORPORATION OR LEXINGTON RUBBER GROUP, INC. (collectively, the "Debtors")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT FOR FILING BY THE DEBTORS, TO:

      Weil, Gotshal & Manges LLP
      767 Fifth Avenue
      New York, New York 10153
      Attn:   Christopher J. Marcus, Esq.
            John W. Lucas, Esq.

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate.
If more space is needed, please complete on a separate page and attach.

    1.     Name and address of firm:

       _____

       _____

       _____

       _____

    2.     Date of retention:    _____

    3.     Type of services provided (accounting, legal, etc.):

       _____

       _____

       _____

4.      Brief description of services to be provided:

_____

_____

_____

5.      Arrangements for compensation (hourly, contingent, etc.)

_____

(a)     Average hourly rate (if applicable):
        _____

(b)     Estimated average monthly compensation based on prepetition
        retention (if firm was employed prepetition):

        _____

6.      Prepetition claims against the Debtors held by the firm:

Amount of claim:        $_____

Date claim arose:       _____

Source of Claim:        _____

7.      Prepetition claims against the Debtors held individually by any member,
        associate, or professional employee of the firm:

Name: _____

Status: _____

Amount of Claim:  $_____

Date claim arose: _____

Source of claim: _____

_____

_____

_____

8.     Stock of the Debtors currently held by the firm:

     Kind of shares: _____

     No. of shares:  _____

9.     Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

     Name: _____

     Status:_____

     _____

     Kind of shares: _____

     No. of shares:  _____

10.    Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

     _____

     _____

     _____

     _____

11.    Name of individual completing this form:

     _____

## EXHIBIT C

### (Ordinary Course Professionals)

| Professional | Average Monthly Expenditure | Service Performed by Professional |
|---|---|---|
| Womble Carlyle Sandridge & Rice<br>PO Drawer 84<br>Winston Salem, NC 27102<br>Attn: Neil Edwards | $1,200 | Legal advice regarding sales tax issues |
| Buck Consultants, LLC<br>Dept CH 14061<br>Palatine, IL 60055-4061 | $1,500 | Investment advisors |
| Chelko Consulting<br>27500 Detroit Rd, Suite 201<br>Westlake, OH 44145 | $2,000 | Benefit Plans |
| Clark & Clark<br>PO Box H<br>Elijay, GA 30540 | $300 | Legal representation on real property |
| Ernst & Young LLP<br>925 Euclid Avenue<br>Cleveland, OH 44115<br>Attn: Larry Cruise | $0 | Audit and tax work |
| Fisher & Phillips LLP<br>1901 Main St, Suite 1400<br>Columbia, SC 29201 | $100 | Legal representation for labor issues |
| Haley & Aldrich, Inc<br>PO Box 846026<br>Boston, MA 02284-6026 | $5,800 | Environmental consultants |
| Landair Surveying Co of Georgia<br>1875 Old Alabama Rd, Ste 1120<br>Roswell, GA 30076 | $900 | Surveying services |
| Moreland Altobelli & Associates, Inc<br>2211 Beaver Ruin Rd, Suite 190<br>Norcross, GA 30071 | $4,000 | Appraisers |
| Nixon Peabody LLP<br>437 Madison Avenue<br>New York, NY 10022<br>Attn: Richard Langan, Jr. | $16,500 | Corporate counsel |
| Snell & Wilmer LLP<br>One Arizona Center<br>Phoenix, AZ 85004<br>Attn: Dan W. Goldfine | $2,300 | Legal representation for contractual issues |
| Sullivan & Worchester<br>1290 Avenue of the Americas<br>New York, NY 10104 | $1,300 | Legal work for financing |

| *Professional* | *Average Monthly Expenditure* | *Service Performed by Professional* |
|---|---|---|
| Sutherland, Asbil & Brennan LLP<br>999 Peachtree Street, NE<br>Atlanta, GA 30309-3996. | $100 | Legal work for real estate |
| Thompson Hine LLP<br>127 Public Square<br>Cleveland, OH  44114<br>Attn:  Mark Floyd | $8,400 | Legal representation for labor issues |
| CompManagement Inc<br>6377 Emerald Parkway<br>Dublin, OH 43017 | $3,000 | Workers compensation advisors |
| Malin, Bergquist & Company LLP<br>3605 McKnight East Drive<br>Pittsburgh, PA 15237-6400 | $20,000 | Audit and tax work |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                              :
In re                                         :        **Chapter 11 Case No.**
                                              :
**LEXINGTON PRECISION CORP., et al.,**        :        **08-11153 (MG)**
                                              :
        **Debtors.**                          :        **(Jointly Administered)**
                                              :
-------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion dated April 2, 2008 (the "Motion") of Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to sections 105(a), 327, 328 and 330 of chapter 11 of the title 11 of the United States Code (the "Bankruptcy Code") authorizing the Debtors to employ professionals utilized in the ordinary course of business (the "Ordinary Course Professionals"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis), and it

appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Dennis J. Welhouse, sworn to on April 1, 2008 (the "Welhouse Affidavit"), pursuant to Local Bankruptcy Rule 1007-2, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized to employ the Ordinary Course Professionals listed on Exhibit A hereto in the ordinary course of their businesses in accordance with the procedures set forth herein, effective as of the date of commencement of the Debtors' chapter 11 cases; and it is further

ORDERED that each Ordinary Course Professional shall provide the Debtors' attorneys within thirty (30) days of the later of (i) the entry of a final order granting this Motion or (ii) the date on which the Ordinary Course Professional commences services for the Debtors: (a) an affidavit (the "Ordinary Course Professional Affidavit"), substantially in the form annexed hereto as Exhibit B, certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed; and (b) a completed retention questionnaire (the "Retention Questionnaire"), substantially in the form annexed hereto as Exhibit C; and it is further

ORDERED that the Debtors' attorneys shall file the Ordinary Course Professional Affidavits and Retention Questionnaires with the Court and serve a copy thereof upon Reviewing Parties within fifteen (15) days of the later of (i) the entry of an order granting the relief requested herein or (ii) the commencement of any work by such Ordinary Course Professional; and it is further

ORDERED that the Debtors are authorized to supplement the list of Ordinary Course Professionals from time to time during these chapter 11 cases, as the need arises, and file a notice with the Court listing such additional Ordinary Course Professionals and attach thereto the relevant Ordinary Course Professional Affidavits and Retention Questionnaires (collectively, the "Supplemental Notice of Ordinary Course Professionals"), and serve the Supplemental Notice of Ordinary Course Professionals on the (i) U.S. Trustee, and (ii) attorneys for any statutory committee appointed in these chapter 11 cases (together with the Debtors, the "Reviewing Parties"); and it is further

ORDERED that the Reviewing Parties shall have fifteen (15) days after receipt of either the Ordinary Course Professional Affidavit and the Retention Questionnaire, in the case of Ordinary Course Professionals listed on Exhibit A, or the Supplemental Notice of Ordinary Course Professionals, in the case of any additional Ordinary Course Professionals, to object to the retention, employment or compensation of the Ordinary Course Professional stemming from the contents of the Ordinary Course Professional Affidavit or the Retention Questionnaire (the "Objection Deadline"); and it is further

ORDERED that if no objections are filed by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional shall be deemed approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a

hearing and without further order from the Court; provided, however, that if an objection is filed and any such objection cannot be resolved with twenty (20) days, the matter shall be set down for a hearing before the Court; and it is further

ORDERED that the Debtors are authorized to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to this Order in the customary manner in the full amount billed by each such Ordinary Course Professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices); provided, however, that the payments do not exceed the lesser of (a) $25,000 per month per Ordinary Course Professional on a "rolling basis" or (b) $250,000 per month, in the aggregate, for all Ordinary Course Professionals; and it is further

ORDERED that paying fees on a "rolling basis" shall mean that an Ordinary Course Professional whose fees and disbursements are less than $25,000 in any month may be paid in subsequent months a total of $25,000 plus the difference between $25,000 and the amount billed in prior months; provided, however, that the Debtors propose a cap or maximum payment of $50,000 to any Ordinary Course Professional in any month. The aggregate of such payments for all Ordinary Course Professionals shall not exceed $250,000 per month; and it is further

ORDERED that in the event that an Ordinary Course Professional seeks more than $25,000 per month on a rolling basis, that professional will be required to file a fee application for the full amount of its fees and expenses for that month in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the

Local Bankruptcy Rules, the Fee Guidelines promulgated by the United States Trustee, and any

and all orders of the Court; and it is further

ORDERED that the Debtors reserve the right to amend the monthly compensation

limitations set forth in this order upon notice and hearing; and it is further

ORDERED that this Order shall not apply to any professional retained by the

Debtors pursuant to a separate order of the Court; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for

the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated:  April __, 2008
        New York, New York


_____
United States Bankruptcy Judge

## EXHIBIT A

### (Ordinary Course Professionals)

| Professional | Average Monthly Expenditure | Service Performed by Professional |
|---|---|---|
| Womble Carlyle Sandridge & Rice<br>PO Drawer 84<br>Winston Salem, NC 27102<br>Attn: Neil Edwards | $1,200 | Legal advice regarding sales tax issues |
| Buck Consultants, LLC<br>Dept CH 14061<br>Palatine, IL 60055-4061 | $1,500 | Investment advisors |
| Chelko Consulting<br>27500 Detroit Rd, Suite 201<br>Westlake, OH 44145 | $2,000 | Benefit Plans |
| Clark & Clark<br>PO Box H<br>Elijay, GA 30540 | $300 | Legal representation on real property |
| Ernst & Young LLP<br>925 Euclid Avenue<br>Cleveland, OH 44115<br>Attn: Larry Cruise | $0 | Audit and tax work |
| Fisher & Phillips LLP<br>1901 Main St, Suite 1400<br>Columbia, SC 29201 | $100 | Legal representation for labor issues |
| Haley & Aldrich, Inc<br>PO Box 846026<br>Boston, MA 02284-6026 | $5,800 | Environmental consultants |
| Landair Surveying Co of Georgia<br>1875 Old Alabama Rd, Ste 1120<br>Roswell, GA 30076 | $900 | Surveying services |
| Moreland Altobelli & Associates, Inc<br>2211 Beaver Ruin Rd, Suite 190<br>Norcross, GA 30071 | $4,000 | Appraisers |
| Nixon Peabody LLP<br>437 Madison Avenue<br>New York, NY 10022<br>Attn: Richard Langan, Jr. | $16,500 | Corporate counsel |
| Snell & Wilmer LLP<br>One Arizona Center<br>Phoenix, AZ 85004<br>Attn: Dan W. Goldfine | $2,300 | Legal representation for contractual issues |
| Sullivan & Worchester<br>1290 Avenue of the Americas<br>New York, NY 10104 | $1,300 | Legal work for financing |

| *Professional* | *Average Monthly Expenditure* | *Service Performed by Professional* |
|---|---|---|
| Sutherland, Asbil & Brennan LLP 999 Peachtree Street, NE Atlanta, GA 30309-3996. | $100 | Legal work for real estate |
| Thompson Hine LLP 127 Public Square Cleveland, OH  44114 Attn:  Mark Floyd | $8,400 | Legal representation for labor issues |
| CompManagement Inc 6377 Emerald Parkway Dublin, OH 43017 | $3,000 | Workers compensation advisors |
| Malin, Bergquist & Company LLP 3605 McKnight East Drive Pittsburgh, PA 15237-6400 | $20,000 | Audit and tax work |

**EXHIBIT B**

**(Ordinary Course Professional Affidavit)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                  :
In re                                             :        **Chapter 11 Case No.**
                                                  :
**LEXINGTON PRECISION CORP., et al.,**            :        **08-11153 (MG)**
                                                  :
         Debtors.                                 :        **(Jointly Administered)**
                                                  :
-----------------------------------------------------------------x
    **AFFIDAVIT AND DISCLOSURE STATEMENT OF** _____,

      **ON BEHALF OF** _____

STATE OF _____                )
                                       ) ss:
COUNTY OF _____                 )
       _____, being duly sworn, upon his oath, deposes and says:

    1.    I am a [INSERT TITLE] of _____,

located at _____ (the "Firm").

    2.    Lexington Precision Corporation and Lexington Rubber Group,

Inc., as debtors and debtors in possession (collectively, the "Debtors"), have requested

that the Firm provide _____ services to the Debtors, and the Firm has consented to

provide such services.

    3.    The Firm may have performed services in the past and may

perform services in the future, in matters unrelated to these chapter 11 cases, for persons

that are parties in interest in the Debtors' chapter 11 cases. As part of its customary

practice, the Firm is retained in cases, proceedings, and transactions involving many

different parties, some of whom may represent or be claimants or employees of the

Debtors, or other parties in interest in these chapter 11 cases.  The Firm does not

perform services for any such person in connection with these chapter 11 cases.  In

addition, the Firm does not have any relationship with any such person, their attorneys,

or accountants, that would be adverse to the Debtors or their estates.

4.     Neither I, nor any principal of, or professional employed by the

Firm has agreed to share or will share any portion of the compensation to be received

from the Debtors with any other person other than the principals and regular employees

of the Firm.

5.     Neither I, nor any principal of, or professional employed by the

Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to

the Debtors or their estates.

6.     The Debtors owe the Firm $_____ for prepetition services.

7.     [The Firm is conducting further inquiries regarding its retention by

any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during

the period of its employment, if the Firm should discover any facts bearing on the

matters described herein, the Firm will supplement the information contained in this

Affidavit.][2]

Subscribed and sworn to before me
this ____ day of _____, 2008
_____
        Notary Public

_____

[2] If necessary.

### <u>EXHIBIT C</u>

**(Retention Questionnaire)**

In re Lexington Precision Corp., <u>et</u> <u>al.</u>
Chapter 11 Case No. **08-11153 (MG)**

<u>RETENTION QUESTIONNAIRE</u>

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY LEXINGTON
PRECISION CORPORATION OR LEXINGTON RUBBER GROUP, INC.
(collectively, the "<u>Debtors</u>")

<u>DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT</u>.
<u>RETURN IT FOR FILING BY THE DEBTORS, TO</u>:

      Weil, Gotshal & Manges LLP
      767 Fifth Avenue
      New York, New York 10153
      Attn:  Marcia L. Goldstein, Esq.
             Christopher J. Marcus, Esq.

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as
appropriate.  If more space is needed, please complete on a separate page and attach.

    1.     Name and address of firm:

            _____

            _____

            _____

            _____

    2.     Date of retention:    _____

    3.     Type of services provided (accounting, legal, etc.):

            _____

            _____

_____

4.      Brief description of services to be provided:

_____

_____

_____

5.      Arrangements for compensation (hourly, contingent, etc.)

_____

(a)     Average hourly rate (if applicable):

_____

(b)     Estimated average monthly compensation based on
        prepetition retention (if firm was employed prepetition):

_____

6.      Prepetition claims against the Debtors held by the firm:

Amount of claim:      $_____

Date claim arose:     _____

Source of Claim:      _____

7.      Prepetition claims against the Debtors held individually by any
        member, associate, or professional employee of the firm:

Name: _____

Status: _____

Amount of Claim:  $_____

Date claim arose: _____

Source of claim: _____

_____

_____

_____

8.     Stock of the Debtors currently held by the firm:

Kind of shares: _____

No. of shares:  _____

9.     Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

Name: _____

Status:_____

_____

Kind of shares: _____

No. of shares:  _____

10.     Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

_____

_____

_____

_____

11.     Name of individual completing this form:

_____