Hearing Date:  April 22, 2008 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline:  April 16, 2008 at 4:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                               :       Chapter 11 Case No.
                                                    :
**LEXINGTON PRECISION CORP., et al.,**   :       08-11153 (MG)
                                                    :
          Debtors.                          :       (Jointly Administered)
                                                    :
------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION PURSUANT TO
SECTIONS 105(a), 363(b), AND 541 OF THE BANKRUPTCY CODE
FOR AN ORDER AUTHORIZING DEBTORS TO PAY PREPETITION USE TAXES**

PLEASE TAKE NOTICE THAT Lexington Precision Corporation and its subsidiary, Lexington Rubber Group, Inc. (together, the "Debtors"), in the above-captioned chapter 11 cases filed in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") filed a motion, dated April 2, 2008 (the "Motion"), for entry of an order, pursuant to sections 105(a), 363(b), and 541 of the title 11 of the United States Code (the "Bankruptcy Code") authorizing the Debtors to pay prepetition use taxes.

PLEASE TAKE FURTHER NOTICE that objections or responses, if any, to the Motion must be in writing, must conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, must set forth the name of the objecting party, the nature and amount of claims or

NY2:\1297078\17\RSTY17!.DOC\26690.0008

interests held or asserted by the objecting party against the Debtors' estates or property, the basis for the objection and the specific grounds therefor, and must be filed no later than **April 16, 2008 at 4:00 p.m. (Prevailing Eastern Time)** with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182, and be served upon: (a) the Debtors, Lexington Precision Corp., 800 Third Ave. 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin), (b) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Christopher J. Marcus, Esq. and John W. Lucas, Esq.); (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, (Attention: Paul Schwartzberg, Esq.); (d) Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, TN, 37219 (Attn: John C. Tishler), attorneys for the Debtors' prepetition lenders; (e) attorneys for any statutory committees appointed in these cases; and (f) O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, NY 10036 (Attn.: Gerald Bender, Esq.), attorneys for Debtors' proposed postpetition lenders, so as to be received no later than **April 16, 2008, at 4:00 p.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that a hearing to consider the relief requested in the Motion shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, on **April 22, 2008 at 10:00 a.m. (prevailing Eastern Time)**, at the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 or as soon thereafter as counsel may be heard.

Dated: April 2, 2008
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:   (212) 310-8000
Facsimile:    (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Hearing Date: April 22, 2008 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: April 16, 2008 at 4:00 p.m. (prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                          :
In re                                     :   Chapter 11 Case No.
                                          :
LEXINGTON PRECISION CORP., et al.,        :   08-11153 (MG)
                                          :
          Debtors.                        :   (Jointly Administered)
                                          :
-----------------------------------------------------------------x
```

**DEBTORS' MOTION PURSUANT TO**
**SECTIONS 105(a), 363(b), AND 541 OF THE BANKRUPTCY CODE**
**FOR AN ORDER AUTHORIZING DEBTORS TO PAY PREPETITION USE TAXES**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber Group" and, together with Lexington Precision, "Lexington" or the "Debtors"), as debtors and debtors in possession, respectfully represent:

**Background**

1. On April 1, 2008 (the "Commencement Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Lexington's Businesses**

3.  Lexington manufactures large volumes of high-quality rubber and metal components at competitive prices for use primarily in automobiles and medical devices. Lexington operates through two operating segments—the Rubber Group and the Metals Group. Lexington's components are generally sold to other manufacturers.

4.  Lexington is one of North America's largest manufacturers of rubber components for the automotive industry. The Rubber Group's principal products are connector seals used in primary wire harnesses and insulators for ignition wire sets. The Rubber Group also manufactures and sells rubber components used in a variety of medical devices, including drug delivery systems, syringes, laparoscopic instruments, and catheters, which are sold to some of the world's largest medical device manufacturers.

5.  The Metals Group manufactures high-volume aluminum, brass, steel, and stainless steel components machined from bars, forgings, and cold-headed blanks primarily for manufacturers within the automotive industry. These components are used in many applications, including heating and cooling systems, airbag systems, solenoids, switches, and valves.

6.  Lexington is headquartered in New York, New York, and maintains manufacturing plants in New York, Georgia, Ohio, and South Carolina. As of February 29, 2008, Lexington employed approximately 651 permanent and 22 temporary employees, of which

134 are salaried employees and 517 are hourly employees. In 2007, Rubber Group net sales totaled $74.5 million and Metals Group net sales totaled $13.8 million. As of December 31, 2007, Lexington's consolidated unaudited financial statements reflected assets totaling approximately $52.6 million, and current liabilities totaling approximately $88.5 million. Notwithstanding the Debtors' negative "book net worth" calculated in accordance with generally accepted accounting principles, the Debtors have received a number of offers for all or portions of the assets and business of the Lexington Rubber Group, the largest of the Debtors' operations and the generator of the preponderance of the Debtors' sales and earnings, each of which clearly indicates that the value of the Debtors' assets far exceeds the Debtors' liabilities. Consequently, the Debtors believe that they are solvent and that the equity securities of Lexington Precision have significant value.

## Jurisdiction and Venue

7.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Use Taxes

8.  In connection with the normal operation of their businesses, the Debtors incur various tax obligations, including use taxes (collectively, the "Use Taxes"), to various state taxing authorities (the "Taxing Authorities"), including, but not limited to, those Taxing Authorities listed on Exhibit A annexed hereto.[1]

---

[1] The Debtors remit taxes to taxing authorities in respect of federal, state, and local income taxes, social security, and Medicare that the Debtors withhold from employees' wages. Remittance of these taxes to the applicable taxing authorities is addressed in the Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 for an Order (i) Authorizing, but note directing, Payment of Wages, Compensation, and Employee Benefits and (ii) Authorizing Financial

9.    The Debtors are responsible for the payment of Use Taxes when the Debtors purchase certain tangible personal property for use in a jurisdiction where the acquisition of such property is taxable, but the vendor did not charge sales tax.  The Use Taxes arise either (i) when the Debtors purchase equipment from a vendor that is not registered to collect sales tax for the state in which the property is delivered or (ii) when the Debtors provide an exemption certificate to the vendor declaring that such property is to be acquired tax free, but subsequently use the property in a taxable manner.  Under these circumstances, the vendor is not obligated to charge or remit sales taxes.  Nevertheless, the purchaser, in this case one of the Debtors, would be obligated to self-assess and pay the Use Taxes when applicable.  The Debtors pay Use Taxes to the Taxing Authorities as these amounts come due on a monthly basis with funds drawn by checks (the "Checks") or by means of electronic fund transfers (the "Electronic Transfers").

**Relief Requested**

10.    By this Motion, the Debtors request authorization to pay, in their sole discretion, any of the Use Taxes, including any penalties and interest thereon, that arose prior to the Commencement Date, including all Use Taxes subsequently determined upon audit, or otherwise, to be owed for periods before the Commencement Date.  As of February 29, 2008, the Debtors estimate that outstanding prepetition liabilities for Use Taxes are approximately $5,000.

11.    In addition, prior to the Commencement Date, certain Taxing Authorities were sent Checks or Electronic Transfers in respect of Use Taxes that may not have cleared the Debtors' banks or other financial institutions (together, the "Banks") as of the Commencement

---

Institutions to Honor and Process Checks and Transfers Related to Such Obligations, filed on the Commencement Date.

Date. To the extent any Check or Electronic Transfer has not cleared the Banks as of the Commencement Date, the Debtors also request the Court to authorize the Banks, when the Debtors request in their sole discretion, to receive, process, honor, and pay such Checks or Electronic Transfers. Consistent with the foregoing, to the extent the Taxing Authorities have not otherwise received payment for all prepetition Use Taxes owed, the Debtors seek authorization to issue replacement checks or to provide for other means of payment to the Taxing Authorities, to the extent necessary to pay all outstanding prepetition Use Taxes.

### Cause Exists to Authorize the
### Debtors' Payment of Prepetition Use Taxes

12. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Pursuant to section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtors submit that the relief requested herein is necessary and appropriate to carry out the provisions of the Bankruptcy Code.

13. Most, if not all, Use Taxes are afforded priority status under section 507(a)(8) of the Bankruptcy Code. As priority claims, the Use Taxes must be paid in full before any general unsecured obligations of the Debtors may be satisfied. The Debtors submit that sufficient assets exist to pay all prepetition Use Taxes in full under any plan of reorganization that may ultimately be proposed and confirmed by this Court. Accordingly, the proposed relief will only affect the timing of the payment of the prepetition Use Taxes and will not prejudice the rights of any general unsecured creditor or other party in interest.

14. Further, the Debtors seek to pay prepetition Use Taxes in order to, among other things, discourage the Taxing Authorities from taking actions that may interfere with the Debtors' continued, uninterrupted operations and successful reorganization. Non-payment of these obligations may cause the Taxing Authorities to take precipitous action, including but not limited to, filing liens, preventing the Debtors from conducting business in the applicable jurisdictions, pursuing payment of Use Taxes from the Debtors' directors, officers, and other employees, and seeking to lift the automatic stay, all of which would disrupt the Debtors' day-to-day operations and could potentially impose significant costs on the Debtors' estates.

15. Many federal and state statutes hold officers and directors of collecting entities personally liable or criminally responsible for certain taxes owed by those entities. To the extent that any Use Taxes remain unpaid by the Debtors, the Debtors' officers, directors, and other employees may be subject to lawsuits or criminal prosecution during the pendency of these chapter 11 cases. The threat of a lawsuit or criminal prosecution, and any ensuing liability, would distract the Debtors and their personnel from important tasks, to the detriment of all parties in interest. The dedicated and active participation of the Debtors' directors, officers, and other employees is not only integral to the Debtors' continued, uninterrupted operations, but also essential to the orderly administration of these chapter 11 cases. Accordingly, the Debtors submit that the proposed relief is in the best interests of the Debtors' estates.

16. Moreover, most, if not all, of the Use Taxes are collected by the Debtors on behalf of the applicable Taxing Authority and are held in trust by the Debtors for the benefit of the Taxing Authorities. As such, these taxes do not constitute property of the Debtors' estates pursuant to section 541 of the Bankruptcy Code. See, e.g., N.Y. Tax Law § 1132(a); see also Begier v. IRS, 496 U.S. 53, 59-61 (1990) (withholding taxes are property held by the debtor in

trust for another and, as such, are not property of the debtor's estate); <u>DeChiaro v. N.Y. State Tax Comm'n</u>, 760 F.2d 432, 433 (2d Cir. 1985) (sales taxes are "trust fund" taxes); <u>Al Copeland Enters., Inc. v. Texas (In re Al Copeland Enters., Inc.)</u>, 991 F.2d 233 (5th Cir. 1993) (debtors' prepetition collection of sales taxes and interest thereon were held subject to trust and were not property of the estate); <u>Shank v. Wash. State Dep't of Revenue, Excise Tax Div. (In re Shank)</u>, 792 F.2d 829, 830 (9th Cir. 1986) (sales taxes required by state law to be collected by sellers from their customers are "trust fund" taxes); <u>see</u> generally <u>Official Comm. of Unsecured Creditors of Columbia Gas Transmission Corp. v. Columbia Gas Sys. Inc. (In re Columbia Gas Sys. Inc.)</u>, 997 F.2d 1039, 1060 (3d Cir. 1993) (indicating that even if a statute does not establish an express trust, a constructive trust may be found). Because the Use Taxes are not property of the Debtors' estates, these funds are not available for the satisfaction of creditors' claims.

17. In numerous chapter 11 cases, bankruptcy courts in this district have exercised their equitable powers under section 105 of the Bankruptcy Code to authorize debtors to pay prepetition tax obligations. <u>See</u>, e.g., <u>In re Dana Corp.</u>, Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 6, 2006)[Docket No. 72] ; <u>In re Calpine Corp.</u>, Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. Jan. 25, 2006) [Docket No. 615], (Bankr. S.D.N.Y. Dec. 27, 2005) [Docket No. 120]; <u>In re Delphi Corp.</u>, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 13, 2005)[Docket No. 233]; <u>In re Atkins Nutritionals, Inc., et al.</u>, Case No. 05-15913 (ALG) (Bankr. S.D.N.Y. Aug. 1, 2005)[Docket No. 38]. The Debtors submit that similar relief is warranted in these chapter 11 cases.

**Payment of Checks Issued and Other
Transfers Made in Respect of Prepetition Use Taxes**

18.     The Debtors further request that all applicable Banks, including those set forth on <u>Exhibit B</u> annexed hereto, be authorized, when the Debtors request in their sole discretion, to receive, process, honor, and pay any and all Checks or Electronic Transfers drawn on the Debtors' accounts to pay prepetition Use Taxes owed to the Taxing Authorities, whether those Checks or Electronic Transfers were presented prior to or after the Commencement Date, and to make other transfers provided that sufficient funds are available in the applicable accounts to make such payments.  The Debtors represent that each of these Checks, Electronic Transfers, or other transfers can be readily identified as relating directly to the authorized payment of prepetition Use Taxes.  Accordingly, the Debtors believe that Checks, Electronic Transfers, and other transfers other than those relating to authorized payments, will not be honored inadvertently.

19.     Nothing in this Motion should be construed as impairing the Debtors' right to contest the amount of any Use Taxes that may be owed to any Taxing Authority, and the Debtors expressly reserve all of their rights with respect thereto.

20.     Further, to successfully implement the foregoing, the Debtors request that, pursuant to Bankruptcy Rule 6004(h),[2] the Court direct that the order granting the requested relief be effective immediately upon entry.

---

[2] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.

NY2:\1297078\17\RSTY17!.DOC\26690.0008         8

**Memorandum of Law**

21.  The Debtors submit that the relevant authorities are set forth herein, and accordingly, that the requirement contained in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum in support of the Motion is satisfied.

**Notice**

22.  No trustee, examiner, or statutory creditors' committee has been appointed in these chapter 11 cases.  Notice of this Motion has been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis).  The Debtors submit that no other or further notice need be provided.

23.  No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: April 2, 2008
     New York, New York

                                  /s/ Richard P. Krasnow
                                  Richard P. Krasnow, Esq.
                                  Christopher J. Marcus, Esq.

                                  WEIL, GOTSHAL & MANGES LLP
                                  767 Fifth Avenue
                                  New York, New York  10153
                                  Telephone:   (212) 310-8000
                                  Facsimile:    (212) 310-8007

                                  Attorneys for Debtors
                                  and Debtors in Possession

## **EXHIBIT A**

### **(Taxing Authorities)**

| Taxing Authorities |
|---|
| New York State Sales Tax <br> P.O. Box 1209 <br> New York, New York 10116 |
| New York State Tax Processing <br> JAF Building <br> P.O. Box 1206 <br> New York, New York 10116 |
| South Carolina Department of Revenue and Taxation <br> Sales Tax Return <br> Columbia, South Carolina 29214 |
| Georgia Department of Revenue <br> Sales & Use Tax Division <br> P.O. Box 105296 <br> Atlanta, Georgia 30348 |
| Treasurer of the State of Ohio <br> P.O. Box 16561 <br> Columbus, Ohio 43266 |

## **EXHIBIT B**

**(Banks)**

| Bank | Account Number |
|---|---|
| **FirstMerit Bank N.A.**<br>295 FirstMerit Circle<br>Akron, Ohio  44307<br>Attn:  Thomas Heidy | 5923007871 |

NY2:\1297078\17\RSTY17!.DOC\26690.0008

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                           :     Chapter 11 Case No.
:
**LEXINGTON PRECISION CORP., et al.,**          :     08-11153 (MG)
:
Debtors.                        :     (Jointly Administered)
:
------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS
### 105(a), 363(b), AND 541 OF THE BANKRUPTCY CODE
### AUTHORIZING DEBTORS TO PAY PREPETITION USE TAXES

Upon the Motion, dated April 2, 2008 (the "Motion"), of Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a), 363(b), and 541 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order (i) authorizing the Debtors to pay all prepetition use taxes, including all those taxes subsequently determined upon audit to be owed for periods prior to the commencement of these cases (collectively, the "Use Taxes"), and (ii) authorizing the Debtors' banks and other financial institutions (together, the "Banks"), when requested by the Debtors in their sole discretion, to receive, process, honor, and pay any and all checks and electronic transfers related to the prepetition Use Taxes, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Dennis J. Welhouse Pursuant to Local Bankruptcy Rule 1007-2, sworn to on April 1, 2008 (the "Welhouse Affidavit"), the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, but not directed, in their sole discretion, to pay all Use Taxes relating to the period prior to the commencement of their chapter 11 cases (the "Commencement Date"), including all those Use Taxes subsequently determined upon audit to be owed for periods prior to the Commencement Date, to the proper taxing authorities (the "Taxing Authorities") including those Taxing Authorities identified on Exhibit A annexed hereto; and it is further

ORDERED that all applicable Banks, including those identified on <u>Exhibit B</u> annexed hereto shall be, and hereby are, authorized, when requested by the Debtors in their sole discretion, to receive, process, honor, and pay any and all checks or electronic transfers drawn on the Debtors' accounts to pay the Use Taxes, whether those checks were presented prior to or after the Commencement Date, provided that sufficient funds are available in the applicable accounts to make the payments; and it is further

ORDERED that nothing in the Motion or this Order shall be construed as impairing the Debtors' right to contest the validity or amount of any Use Taxes that may be due to any Taxing Authorities, and all of the Debtors' rights with respect thereto are hereby reserved; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h),[1] this Order shall be effective immediately upon entry; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated: April __, 2008
      New York, New York

                                         _____
                                         United States Bankruptcy Judge

---

[1] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.

## **EXHIBIT A**
**Taxing Authorities**

| **Taxing Authorities** |
| --- |
| New York State Sales Tax <br> P.O. Box 1209 <br> New York, New York 10116 |
| New York State Tax Processing <br> JAF Building <br> P.O. Box 1206 <br> New York, New York 10116 |
| South Carolina Department of Revenue and Taxation <br> Sales Tax Return <br> Columbia, South Carolina 29214 |
| Georgia Department of Revenue <br> Sales & Use Tax Division <br> P.O. Box 105296 <br> Atlanta, Georgia 30348 |
| Treasurer of the State of Ohio <br> P.O. Box 16561 <br> Columbus, Ohio 43266 |

## **EXHIBIT B**

| Bank | Account Number |
|---|---|
| **FirstMerit Bank N.A.**<br>295 FirstMerit Circle<br>Akron, Ohio  44307<br>Attn:  Thomas Heidy | 5923007871 |