Hearing Date: April 22, 2008 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: April 16, 2008 at 4:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
LEXINGTON PRECISION CORP., et al.,        :        08- 11153 (MG)
                                          :
              Debtors.                    :        (Jointly Administered)
                                          :
------------------------------------------------------------x
```

**NOTICE OF DEBTORS' APPLICATION FOR AN ORDER PURSUANT TO
SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE
OF BANKRUPTCY PROCEDURE 2014(a) AUTHORIZING THE EMPLOYMENT AND
RETENTION OF WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS
FOR THE DEBTORS, NUNC PRO TUNC TO THE COMMENCEMENT DATE**

PLEASE TAKE NOTICE THAT Lexington Precision Corporation and its

wholly-owned subsidiary, Lexington Rubber Group, Inc. (together, the "Debtors"), in the above-

captioned chapter 11 cases filed in the United States Bankruptcy Court for the Southern District

of New York (the "Bankruptcy Court") filed an application, dated April 2, 2008 (the

"Application"), for entry of an order, pursuant to sections 327(a) and 328(a) of the title 11 of the

United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rule of Bankruptcy

Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of Weil, Gotshal

& Manges LLP as attorneys for the Debtors, nunc pro tunc to April 1, 2008, the commencement

date of the Debtors' chapter 11 cases.

PLEASE TAKE FURTHER NOTICE that objections or responses, if any, to the Application must be in writing, must conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, must set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, the basis for the objection and the specific grounds therefor, and must be filed no later than **April 16, 2008 at 4:00 p.m. (Prevailing Eastern Time)** with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182, and be served upon: (a) the Debtors, Lexington Precision Corp., 800 Third Ave. 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin), (b) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Christopher J. Marcus, Esq. and Conray C. Tseng, Esq.); (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, (Attention: Paul Schwartzberg, Esq.); (d) attorneys for the Debtors' prepetition lenders, Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, TN, 37219 (Attn: John C. Tishler); (e) attorneys for any statutory committees appointed in these cases; and (f) attorneys for Debtors' proposed postpetition lenders, O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New

York, NY 10036 (Attn.: Gerald Bender, Esq.), so as to be received no later than **April 16, 2008, at 4:00 p.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that a hearing to consider the relief requested in the Application shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, on **April 22, 2008 at 10:00 a.m. (prevailing Eastern Time)**, at the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 or as soon thereafter as counsel may be heard.

Dated: April 2, 2008
New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:   (212) 310-8000
Facsimile:    (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                            :
In re                                       :        **Chapter 11 Case No.**
                                            :
**LEXINGTON PRECISION CORP., et al.,**       :        **08- 11153 (MG)**
                                            :
          **Debtors.**                       :        **(Jointly Administered)**
                                            :
------------------------------------------------------------x

**DEBTORS' APPLICATION FOR AN ORDER PURSUANT TO SECTIONS 327(a)**
**AND 328(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF**
**BANKRUPTCY PROCEDURE 2014(a) AUTHORIZING THE EMPLOYMENT**
**AND RETENTION OF WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS**
**FOR THE DEBTORS, NUNC PRO TUNC TO THE COMMENCEMENT DATE**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors

and debtors in possession (collectively, "Lexington" or the "Debtors"), respectfully represent:

**Background**

1.       On April 1, 2008 (the "Commencement Date"), the Debtors each

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code").  The Debtors are authorized to continue to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

2.      The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules").

### Lexington's Businesses

3.      Lexington manufactures large volumes of high-quality rubber and metal

components at competitive prices for use primarily in automobiles and medical devices.

Lexington operates through two operating segments—the Rubber Group and the Metals Group.

Lexington's components are generally sold to other manufacturers.

4.      Lexington is one of North America's largest manufacturers of rubber

components for the automotive industry.  The Rubber Group's principal products are connector

seals used in primary wire harnesses and insulators for ignition wire sets.  The Rubber Group

also manufactures and sells rubber components used in a variety of medical devices, including

drug delivery systems, syringes, laparoscopic instruments, and catheters, which are sold to some

of the world's largest medical device manufacturers.

5.      The Metals Group manufactures high-volume aluminum, brass, steel, and

stainless steel components machined from bars, forgings, and cold-headed blanks primarily for

manufacturers within the automotive industry.  These components are used in many applications,

including heating and cooling systems, airbag systems, solenoids, switches, and valves.

6.      Lexington is headquartered in New York, New York, and maintains

manufacturing plants in New York, Georgia, Ohio, and South Carolina.  As of February 29,

2008, Lexington employed approximately 651 permanent and 22 temporary employees, of which

134 are salaried employees and 517 are hourly employees.  In 2007, Rubber Group net sales

totaled $74.5 million and Metals Group net sales totaled $13.8 million.  As of December 31,

2007, Lexington's consolidated unaudited financial statements reflected assets totaling

approximately $52.6 million, and current liabilities totaling approximately $88.5 million.

Notwithstanding the Debtors' negative "book net worth" calculated in accordance with generally

accepted accounting principles, the Debtors have received a number of offers for all or portions

of the assets and business of the Lexington Rubber Group, the largest of the Debtors' operations

and the generator of the preponderance of the Debtors' sales and earnings, each of which clearly

indicates that the value of the Debtors' assets far exceeds the Debtors' liabilities. Consequently,

the Debtors believe that they are solvent and that the equity securities of Lexington Precision

have significant value.

## Jurisdiction

7.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§ § 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. § § 1408 and 1409.

## Relief Requested

8.      The Debtors seek court approval pursuant to section 327(a) of the

Bankruptcy Code to employ and retain Weil, Gotshal & Manges LLP ("WG&M"), nunc pro tunc

to the Commencement Date, as their attorneys in connection with the commencement and

prosecution of their chapter 11 cases.  Pursuant to section 328(a) of the Bankruptcy Code, the

Debtors, as debtors in possession, request that the Court approve the retention of WG&M, under

a general retainer, as their attorneys, to perform the extensive legal services that will be

necessary during their chapter 11 cases in accordance with WG&M's normal hourly rates in

effect when services are rendered and normal reimbursement policies.

## The Retention of WG&M

9.      The Debtors have been informed that Marcia L. Goldstein, Richard P.

Krasnow, and Christopher J. Marcus, members of WG&M, Victoria Vron, John W. Lucas, and

Conray C. Tseng, associates of, WG&M, as well as other members of, counsel to, and associates

of WG&M who will be employed in these chapter 11 cases, are members in good standing of,

among others, the Bar of the State of New York and the United States District Court for the

Southern District of New York.

10.     The Debtors have selected WG&M as their attorneys because of the firm's

knowledge of the Debtors' businesses and financial affairs and its extensive general experience

and knowledge, and in particular, its recognized expertise in the field of debtor's protections and

creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.  Over

the last several decades, WG&M has been actively involved in major chapter 11 cases.  WG&M

currently represents or has represented the following debtors: Sharper Image, Inc.; PRC, LLC;

Silicon Graphics, Inc.; Saint Vincent's Catholic Medical Centers; Atkins Nutritionals, Inc.;

Footstar, Inc.; New World Pasta Company; Parmalat USA Corp.; Loral Space &

Communications Ltd.; TL Administration Corporation; Republic Engineered Product Holdings;

WestPoint Stevens Inc.; Worldcom, Inc.; Adelphia Business Solutions, Inc.; Enron Corp.; APW

Ltd.; Agway, Inc.; Formica Corp.; Global Crossing Ltd.; Kasper A.S.L., Ltd.; Ames Department

Stores, Inc.; AI Realty Marketing of New York, Inc.; Pergament Home Centers, Inc.; Regal

Cinemas, Inc.; Republic Technologies Int'l, LLC; Rhythms NetConnections Inc.; Sunbeam

Corporation; Bethlehem Steel Corporation; Armstrong Worldwide Industries; Genesis Health

Services Corp.; Grand Union Corporation; Weiner's Stores; Carmike Cinemas, Inc.; DIMAC

Marketing Corporation; Sun Healthcare Group, Inc.; United Companies Financial Corporation;

Bruno's, Inc.; Consolidated Hydro, Inc.; G. Heileman Brewing Company, Inc.; Olympia & York

Development Limited; R.H. Macy & Co., Inc.; Best Products Co., Inc. I & II; P.A. Bergner &

Co. Holding Company; The Drexel Burnham Lambert Group, Inc.; Eastern Air Lines, Inc.;

Edison Brothers Stores, Inc. I & II; Texaco Inc.; and many others.

         11.    Since May 1987, WG&M has represented the Debtors in connection with

various matters, including, more recently, the Debtors' current financial restructuring efforts.

During the course of these representations, WG&M has become familiar with the Debtors'

businesses, financial affairs, and capital structure.  Accordingly, WG&M has the necessary

background to deal effectively with many of the potential legal issues and problems that may

arise in the context of the Debtors' chapter 11 cases.  The Debtors believe that WG&M is both

well qualified and uniquely able to represent them in their chapter 11 cases in a most efficient

and timely manner.

         12.    Were the Debtors required to retain attorneys other than WG&M in

connection with the prosecution of these chapter 11 cases, the Debtors, their estates and all

parties in interest would be unduly prejudiced by the time and expense necessarily attendant to

such attorneys' familiarization with the intricacies of the Debtors and their business operations.

### Scope of Services

         13.    The services of WG&M under a general retainer are appropriate and

necessary to enable the Debtors to execute their duties as debtors and debtors in possession

faithfully and to implement the restructuring and reorganization of the Debtors.  Subject to

further order of this Court, it is proposed that WG&M be employed to render the following

professional services:

        a.    take all necessary or appropriate action to protect and preserve the
estates of the Debtors, including the prosecution of actions on the
Debtors' behalf, the defense of any actions commenced against the
Debtors, the negotiation of disputes in which the Debtors are

        involved, and the preparation of objections to claims filed against the Debtors' estates;

b.      prepare on behalf of the Debtors, as debtors in possession, all necessary or appropriate motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

c.      to take all necessary or appropriate actions in connection with a plan or plans of reorganization and related disclosure statement(s) and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates; and

d.      perform all other necessary or appropriate legal services in connection with the prosecution of these chapter 11 cases.

14.      It is necessary for the Debtors to employ attorneys under a general retainer to render the foregoing professional services. WG&M has stated its desire and willingness to act in these cases and render the necessary professional services as attorneys for the debtors and debtors in possession.

## WG&M's Disinterestedness

15.      To the best of the Debtors' knowledge, the members of, counsel, and associates of, WG&M do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the affidavit of Richard P. Krasnow, a member of WG&M (the "Krasnow Affidavit"), annexed hereto as Exhibit A.

16.      Based upon the Krasnow Affidavit, the Debtors submit that WG&M is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. The Debtors have been informed that WG&M will conduct an ongoing review of its files to ensure that no disqualifying circumstances

arise, and if any new relevant facts or relationships are discovered, WG&M will supplement its disclosure to the Court.

## **Professional Compensation**

17.     As set forth in the Krasnow Affidavit, WG&M received certain amounts from the Debtors as compensation for professional services performed relating to the potential restructuring of the Debtors' financial obligations and the potential commencement of these chapter 11 cases, and additional amounts for the reimbursement of reasonable and necessary expenses incurred in connection therewith.  WG&M also has received a retainer fee and an advance against expenses for services to be performed in preparation for and prosecution of these chapter 11 cases, in the amount disclosed in the Krasnow Affidavit.

18.     The Debtors understand that WG&M hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), the guidelines (the "Guidelines") established by the United States Trustee for the Southern District of New York (the "U.S. Trustee"), and further orders of this Court ("Orders") for all services performed and expenses incurred after the Commencement Date.

19.     The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Orders, propose to pay WG&M its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Krasnow Affidavit, and to reimburse WG&M according to its customary reimbursement policies, and respectfully submit that such rates are reasonable.

## <u>Notice</u>

20.    No trustee, examiner, or statutory creditors' committee has been appointed in these chapter 11 cases.  Notice of this Application will be provided to (i) the U.S. Trustee, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the <u>ad</u> <u>hoc</u> committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis).  The Debtors submit that no other or further notice need be provided.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated:  April 2, 2008
          New York, New York

                            LEXINGTON PRECISION CORPORATION


                            By:  /s/ Michael A. Lubin
                                  Michael A. Lubin
                                  Chairman of the Board of Directors
                                  (Co-Principal Executive Officer)


                            LEXINGTON RUBBER GROUP, INC.


                            By:  /s/ Michael A. Lubin
                                  Michael A. Lubin
                                  Chairman of the Board of Directors
                                  (Co-Principal Executive Officer)


                            Debtors and Debtors in Possession

# **EXHIBIT A**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                   :
In re                                              :        Chapter 11 Case No.
                                                   :
LEXINGTON PRECISION CORP., et al.,                 :        08- 11153 (MG)
                                                   :
                    Debtors.                       :        (Jointly Administered)
                                                   :
-------------------------------------------------------------x

**AFFIDAVIT AND DISCLOSURE STATEMENT OF RICHARD P.
KRASNOW PURSUANT TO BANKRUPTCY CODE SECTIONS
327, 328(a), 329 AND 504 AND FEDERAL RULES OF BANKRUPTCY
PROCEDURE 2014(a) AND 2016(b) IN SUPPORT OF DEBTORS'
APPLICATION FOR A MOTION AUTHORIZING THE EMPLOYMENT AND
RETENTION OF WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS
FOR THE DEBTORS, NUNC PRO TUNC TO THE COMMENCEMENT DATE**

STATE OF NEW YORK         )
                          )      ss.:
COUNTY OF NEW YORK        )

        Richard P. Krasnow, being duly sworn, deposes and says:

        1.      I am a member of the firm of Weil, Gotshal & Manges LLP ("WG&M" or

the "Firm"), a law firm with principal offices at 767 Fifth Avenue, New York, New York 10153;

regional offices in Washington, D.C.; Houston, Dallas and Austin, Texas; Miami, Florida;

Boston, Massachusetts; Menlo Park, California; Providence, Rhode Island; and Wilmington,

Delaware; and foreign offices in London, United Kingdom; Paris, France; Budapest, Hungary;

Warsaw, Poland; Frankfurt, Germany; Prague, The Czech Republic; Shanghai, Hong Kong and

Beijing, China; and Singapore.  I am admitted to practice before this Court.

2.      I submit this affidavit in connection with the application dated April 2,

2008 (the "Application") of Lexington Precision Corporation and Lexington Rubber Group, Inc.

as debtors and debtors in possession (collectively, "Lexington" or the "Debtors"), for approval of

the Debtors' retention of WG&M, as their attorneys in the above-captioned chapter 11 cases at

their normal hourly rates in effect from time-to-time and in accordance with their normal

reimbursement policies, in compliance with sections 328(a), 329, and 504 of title 11 of the

United States Code (the "Bankruptcy Code"), and to provide disclosure required under Rules

2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Unless otherwise stated in this affidavit, I have personal knowledge of the facts set forth herein.

To the extent any information disclosed herein requires amendment or modification upon

WG&M's completion of further review or as additional party-in-interest information becomes

available to it, a supplemental affidavit will be submitted to the Court reflecting such amended or

modified information.

### WG&M's Disinterestedness

3.      Except as set forth herein, to the best of my knowledge, after due inquiry,

neither I, WG&M, nor any member or counsel, or associate of the Firm represents any party in

interest or any other entity other than the Debtors in connection with these chapter 11 cases.

4.      WG&M is a "disinterested person," as that term is defined in section

101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that

WG&M, its members, counsel, and associates:

a.  are not creditors, equity security holders, or insiders of the Debtors;

b.  are not and were not, within two years before the Commencement Date a director, officer, or employee of the Debtors;

c.  do not have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason; and

d.  have not represented any party in connection with matters relating to the Debtors, although WG&M has certain relationships with other parties in interest and other professionals in connection with unrelated matters.

**WG&M's Prepetition Relationship with the Debtors**

5.      Since May 1987, WG&M has advised the Debtors on various matters.  On or about December 7, 2006, WG&M began advising the Debtors in connection with their financial restructuring.

6.      WG&M is not a creditor of the Debtors.  In the one year prior to April 1, 2008 (the "Commencement Date"), WG&M received advances in the aggregate amount of approximately $750,000 from the Debtors on account of services performed and to be performed, including the commencement and prosecution of these chapter 11 cases, and expenses incurred and to be incurred in connection therewith.  As of the Commencement Date, the fees and expenses incurred by WG&M during the same one year period and debited against the amounts advanced to it by the Debtors approximated $686,000.  The precise amount will be determined upon the final recording of all time and expense charges.  As of the Commencement Date, WG&M has a remaining credit balance in favor of the Debtors in the approximate amount of $63,700 for additional professional services performed and to be performed and expenses incurred and to be incurred in connection with these chapter 11 cases.  After application of amounts for payment of any additional prepetition professional services and related expenses, the excess advance amounts will be held by WG&M as a retainer.

7.      None of the Debtors' prepetition payments to WG&M constitute voidable preferential transfers pursuant to section 547 of the Bankruptcy Code.  Indeed, all payments to WG&M were made in a time and manner consistent with the ordinary payment practice between the Debtors and WG&M.

### WG&M Disclosure Procedures

8.      WG&M, which employs approximately 1,200 attorneys, has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations.  WG&M has in the past represented, currently represents, and may in the future represent, entities that are claimants of or interest holders in, the Debtors in matters unrelated to the Debtors' pending chapter 11 cases.  Some of these entities are, or may consider themselves to be, creditors or parties in interest in the Debtors' pending chapter 11 cases or to otherwise have interests in these cases.

9.      In preparing this Affidavit, I used a set of procedures developed by WG&M to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules. and local rules of the Court (the "Local Rules"), regarding the retention of professionals by a debtor under the Bankruptcy Code (the "Firm Disclosure Procedures").  Pursuant to the Firm Disclosure Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this affidavit and to ascertain WG&M's connection to such parties:

    a.      A comprehensive list of the types of entities who may have contacts with the Debtors was developed through discussions with the WG&M attorneys who have provided services to the Debtors and in consultation with senior management of the Debtors, a copy of which is annexed hereto as Exhibit 1 (the "Retention Checklist").

    b.      Using the Retention Checklist, the information provided by the Debtors, and additional information identified by WG&M, a list of names of

entities who may be parties in interest to these chapter 11 cases (the "Potential Parties In Interest") was assembled.

c.     WG&M compared the Potential Parties In Interest to the names that WG&M has compiled into a master client database from its conflict clearance and billing records compiled since 1980 (the "Client Database"). The Client Database is comprised of the names of the entities for which any attorney time charges have been billed and includes the name of each current or former client, the name of the parties who are or were related or adverse to such current or former client, and the names of the WG&M personnel who are or were responsible for current or former matters for such client.  It is the policy of WG&M that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict check system and adverse party index the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties.  Accordingly, the database is regularly updated for every new matter undertaken by WG&M.  The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a matter.

d.     Any matches between the Client Database and the list of Potential Parties In Interest were identified (the "Client Match List"), together with the names of the respective WG&M personnel responsible for current or former matters for the entities on the Client Match List.

e.     An attorney then reviewed the Client Match List and deleted obvious name coincidences and individuals or entities that were adverse to WG&M's clients in both this matter and the matter referenced on the Client Match List.  The remaining client connections with regard to which WG&M had represented the client within the last two years were compiled for purposes of this affidavit.

f.     In addition, a general inquiry to all WG&M personnel (attorneys and staff) was sent by electronic mail to determine if any WG&M employee, or anyone in his or her immediate family (spouse, minor children, or family members living in his or her household) (i) owns any debt or equity security of any of the Debtors, to the extent applicable; (ii) holds a claim against any of the Debtors; and/or (iii) was an officer, director, or employee of any of the Debtors.

### WG&M's Connections with Parties in Interest
### in Matters Unrelated to these Chapter 11 Cases

10.     WG&M has identified the client connections disclosed below.  The

connections are categorized as follows:  (i) Potential Parties In Interest, or affiliates thereof, for

which WG&M has rendered services within last two (2) years  ("Current Clients"); (ii) Potential

Parties In Interest, or affiliates thereof, for which WG&M has rendered services in the past two

(2) years and with respect to which WG&M's engagement was formally closed ("Former

Clients"); (iii) Potential Parties in Interest, or affiliates thereof, for which a WG&M engagement

has been opened but no services have been rendered within the last six (6) months ("Potential

Clients"); and (iv) Potential Parties in Interest, or affiliates thereof, which have a substantive

relationship to a matter for which WG&M rendered services to a Current or Former Client, or

affiliate thereof ("Related Entities").  All client connections were diligently reviewed by an

attorney working under my supervision.  From such review, I determined that, with respect to

each connection between WG&M and such parties, WG&M does not hold or represent an

interest that is adverse to the Debtors' estates, and that WG&M is a "disinterested person" as

such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b)

of the Bankruptcy Code, for the reasons discussed below.

Current Clients

11.    WG&M has rendered services within the prior two (2) years to the Current

Clients described below, or their affiliates, in matters totally unrelated to the Debtors:

| Matched Entity | Relationship to Debtors | Relationship to WG&M |
|---|---|---|
| American Express Company | Unsecured Creditor | Current Client/Affiliate of a Current Client |
| American International Group, Inc. | Unsecured creditor and insurance/benefits provider | Current Client |
| Avaya | Utility provider | Current Client |
| Capital Source Finance LLC | Secured Creditor | Current Client |
| Deutsche Bank | Directors and officer affiliate | Current Client |
| Jefferies & Company, Inc. | Bond holder | Current Client |

| Matched Entity | Relationship to Debtors | Relationship to WG&M |
|---|---|---|
| General Motors Corp. | Customer | Current Client |
| Putnam Properties | Significant lessor and lessees | Current Client |
| Sprint | Utility provider | Current Client |
| St. Paul Travelers Companies, Inc. | Unsecured creditor and insurance/benefits provider | Current Client |
| Tyco International, Ltd. | Significant customer | Current Client |
| Wilmington Trust Company | Indenture Trustee | Current Client |

12.     To the best of my knowledge and information, the annual fees paid to WG&M by any of the Current Clients (and their respective affiliates) for either of the last two years did not exceed 1% (one percent) of the annual gross revenue of WG&M other than General Motors Corporation ("GM"), which represented 1.5% of WG&M's annual gross revenue in 2006.

13.     GM is a customer of the Debtors.  The Debtors' sales to GM in 2007 totaled $499,000 or approximately .56% of the Debtors' 2007 sales and represent a less than de minimis amount of the $163.7 billion in automobile manufacturing costs GM incurred in 2007. Through March 23, 2008, the Debtors have sold GM approximately $134,088 worth of parts and estimate an additional $193,000 in sales through July 2008.

14.     In addition, WG&M currently represents GM in the chapter 11 cases of Delphi Corporation and its affiliates (collectively, "Delphi") in GM's capacity as creditor and largest customer of Delphi.  Although Delphi is the largest customer of the Debtors, WG&M's representation of GM in the Delphi chapter 11 cases does not result in WG&M holding or representing an interest that is adverse to the Debtors' estates, because Delphi is adverse to WG&M's clients in both of these matters.

15.    WG&M has not, does not, and will not represent any of the Current

Clients or their respective affiliates or subsidiaries in the Debtors' chapter 11 cases or in other

matters directly adverse to the Debtors during the pendency of these chapter 11 cases.  To the

extent issues may arise which would cause the Debtors to be adverse to any of WG&M's clients

such that it would not be appropriate for WG&M to represent the Debtors with respect to such

matters, another law firm will be retained to represent the Debtors with respect to such matters.

Former and Potential Clients

16.    After diligent effort, WG&M has determined that, at this time, no

Potential Party In Interest is a Former or Potential Client.  To the extent any Potential Party In

Interest becomes a Potential Client during the pendency of these chapter 11 cases, WG&M will

make the appropriate supplemental disclosures to the Court.  Further, to the extent any Current

Client becomes a Former Client during the pendency of these chapter 11 cases, WG&M will

make the appropriate supplemental disclosures to the Court.

Related Entities

17.    After diligent effort, WG&M had determined that, at this time, no

Potential Party In Interest is a Related Entity.  To the extent any Potential Party In Interest

becomes a Related Entity during the pendency of these chapter 11 cases, WG&M will make the

appropriate supplemental disclosures to the Court.

**WG&M Personnel Inquiry**

18.    WG&M has conducted a general inquiry of its personnel to determine

whether any WG&M personnel or anyone in his or her immediate family (spouse, minor

children, or family members living in his or her household) (i) owns any debt or equity security

of any of the Debtors; (ii) holds a claim against any of the Debtors; and/or (iii) was an officer, director, or employee of any of the Debtors.

19.    As a result of the inquiry, WG&M has determined that Katie Zunno, an associate of WG&M, was formerly employed as an executive assistant at Lexington Precision Corp from the summer of 2002 until the summer of 2003.  Ms. Zunno no longer maintains any connection with or relationship to Lexington Precision Corp. or its affiliates and holds no claims against the Debtors.

### Other Disclosures

20.    WG&M has represented, and may currently represent, entities which hold certain of the Debtors' debt in beneficial accounts on behalf of unidentified parties.  However, these entities maintain no direct financial stake in the Debtors' economic performance.

21.    Because distressed debt is actively traded in the commercial markets, WG&M may be unaware of the actual holder of such debt at any given moment.  WG&M represents numerous entities in unrelated matters that may buy and/or sell distressed debt of chapter 11 debtors.  As a result, out of an abundance of caution, I have listed many of such entities (or their affiliates) as represented by WG&M: Avenue Capital, Blackstone, Blue Ridge Capital, Brigade Capital, Carlyle Group, Caxton Associates, Cerberus Capital, Citigroup, DE Shaw, UBS, Elliott Associates, Eton Park, Farallon, Fortress, Goldman Sachs, JP Morgan, Highbridge, Magnetar, Maverick Capital, Moore Capital, Och-Ziff, Omega Advisors, Ospraie Management, Pequot Capital, Perry Capital, Renaissance Technologies, Silver Point Capital, TPG-Axon, Tontine, York Capital, Barclays, Cambridge Place Investment Management, Centaurus Capital, KBC, Man Group, and ADM Capital.

22.     WG&M will continue to apply the Firm Disclosure Procedures as additional information concerning entities having a connection with the Debtors is developed and will file appropriate supplemental disclosure with the Court.

### WG&M's Rates and Billing Practices

23.     WG&M's current customary hourly rates, subject to change from time to time, are $650 to $950 for members and counsel, $355 to $595 for associates and $155 to $290 for paraprofessionals in our United States offices.

24.     WG&M's disbursement policies pass through all out of pocket expenses at actual cost or at estimated actual cost when the actual cost is difficult to determine.  These expenses include facsimiles, toll calls, overtime, overtime meals, computerized research, deliveries, court costs, transcript fees, travel, clerk fees, and other expenses.

25.     No promises have been received by WG&M or any member, counsel or associate thereof as to payment or compensation in connection with these cases other than in accordance with the provisions set forth herein.  WG&M has no agreement with any other entity to share with such entity any compensation received by WG&M or by such entity.

26.     The Debtors' Application requests, pursuant to section 328(a) of the Bankruptcy Code, approval of their retention of WG&M on rates, terms and conditions consistent with what WG&M charges non-chapter 11 debtors, namely, prompt payment of its hourly rates as adjusted from time to time and reimbursement of out-of-pocket disbursements at cost or based on formulae that approximate the actual cost where the actual cost is not easily ascertainable.  Subject to these terms and conditions, WG&M intends to apply pursuant to section 330 of the Bankruptcy Code for allowances of compensation for professional services rendered in these chapter 11 cases and for reimbursement of actual and necessary expenses incurred in connection therewith.

27.    The foregoing constitutes the statement of WG&M pursuant to sections

327(a), 328(a), 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and

2016(b).

/s/ Richard P. Krasnow
Richard P. Krasnow

Sworn to and subscribed before me, a notary public for the State of New York, County of New York, this 2nd day of April, 2008.

/s/ Duke Amponsah

Notary Public

Notary Public, State of New York
No.01AM6172357
Qualified in   Kings County
Commission Expires  Aug. 6, 2011

**Exhibit 1**

**Retention Checklist**

Debtors and Affiliates
      Lexington Precision Corporation
      Lexington Rubber Group, Inc.

Secured Creditors
      Capital Source Finance LLC
      Webster Business Credit Corporation
      CSE Mortgage LLC
      DMD Special Situations, LLC
      Commercial Alloys
      Inter-Tel

30 Largest Unsecured Creditors
      Wilmington Trust Company Corporate Capital Markets
      Wacker Silicones
      Chase Brass & Copper, Inc.
      Momentive Performance Materials, Inc.
      St. Paul Travelers
      Earle M. Jorgensen Company
      Degussa-Huls Corporation
      Copper & Brass Sales
      Gold Key Processing, LTD
      Ohio Edison
      American Express
      Channel Prime Alliance
      Shin-Etsu Silicones of America
      Lintech International
      Vitex Corporation
      QAD Inc.
      Imperial Die & Mfg Co.
      Goodyear Tire & Rubber Co.
      Haley & Aldrich, Inc.
      U.S. Silica
      Georgia Power
      Burgess Pigment Company
      Energetix
      Process Oils
      Signature Aluminum
      Keystone Profiles
      Lion Copolymer
      PPG Industries, Inc.
      Technical Machine Products

<u>Noteholders</u>
     Michael A. Lubin (includes affiliates)
     Warren Delano
     Jefferies & Company
     Wilfred Aubrey International LTD
     Cape Investments, Inc.
     Sandler Capital Management
     Valhalla Capital Partners LLC
     Hedgehog Capital LLC
     Harch Capital Management, Inc.
     Leon G. Wagner
     Mario A. Monello
     Sima Wagner
     John Gildea
     R. Marcus Lane
     Fred L. Schmitt, TTEE
     Cliff Ferguson
     Jane S. Rose
     Sally Gardner Reed & Joyce Loveland Reed & Keith R. Read Jt. Ten.
     Stanley Jacobson & Barber Jacobson Jt. Ten.
     Neil Giardino
     Craig MacKay
     Steven Shapiro and Deborah Freedman
     Edward Dugen & Tracy Dugan
     Free Buffone

<u>Indenture Trustees</u>
     Wilmington Trust Company

<u>Significant Customers</u>
     Delphi Corporation
     General Cable Corporation
     Prestolite Wire Corporation
     Tyco International LTD
     Cooper-Standard Automotive, Inc.
     Ethicon, Inc.

<u>Other Customers</u>
     General Motors Corporation

<u>Accountants Employed or Retained Within Two Years of Commencement Date</u>
     Malin, Berquist & Company LLP

<u>Significant Lessors and Lessees</u>
     1984 Holdings, LLC

Boulter Industrial Contractor, Inc
Putnam Properties
Kings Grave Road
Inter-Tel
IKON
Pepper Pike Place Associates, LLC

Government and State Regulatory Agencies
U. S. Securities and Exchange Commission
U. S. Department of Labor

Significant Stockholders (5% or more)
Michael A. Lubin
Warren Delano
William B. Conner

Current Officers and Directors
*Officers*
Michael A. Lubin, Chairman
Warren Delano, President
Dennis J. Welhouse, CFO
Charles R. Jenkins, Assistant Treasurer

*Directors(or Managers, as applicable)*
Michael A. Lubin, Director
Warren Delano, Director
William B. Conner, Director
Kenneth I. Greenstein, Director
Joseph A. Pardo, Director
Elizabeth Ruml, Director
Keith G. Blockinger, President, Lexington Connector Seals Division
Michael D. Berry, President, Lexington Insulators Division
John C. Miller, President, Lexington Technologies Division
Kenneth Vivlamore, President, Lexington Machining Division

Former Officers and Directors for Last 3 Years
*Officers*
Florence Herst, Treasurer
*Directors*
None

Director and Officer Affiliations
Lubin, Delano & Company
Conner Holding Company
Nixon Peabody LLP
Salant Corporation

Phoenix Advisors LLC
Brothers Gourmet Coffee Co.
Weblink Wireless
Deutsche Bank
Bankers Trust Company
Salomon Brothers
Benjamin Moore & Company

Insurance/Benefits Providers
American International Group
CHUBB Group
Federal Insurance Company
Fireman's Fund Insurance Companies
Kemper Insurance
St. Paul Travelers Companies, Inc.
Affiliated FM Insurance Company
Reliance Standard Life Insurance Co.

Employees in the Office of the U.S. Trustee
None

Unions
United Steel Workers of America
IUE division of the Communication Workers of America

Tax Authorities
U. S. Department of the Treasury Internal Revenue Service
Arizona Department of Revenue
State of Delaware
Georgia Department of Revenue
Michigan Department of Revenue
New York State Department of Taxation and Finance
Ohio Department of Taxation
Commonwealth of Pennsylvania Department of Revenue
South Carolina Department of Revenue and Taxation
Tennessee Department of Revenue
New York State Sales Tax
New York State Tax Processing
Treasurer State of Ohio

Professionals
Malin, Bergquist & Company LLP
Nixon Peabody, LLP
Thompson Hine LLP
Snell & Wilmer LLP
W. Y. Campbell & Company

Weil, Gotshal & Manges LLP
Chelko Consulting Group
Womble Carlyle Sandridge & Rice
Haley & Aldrich, Inc
Buck Consultants, LLC
Clark & Clark
Fisher & Phillips, LLP
Landair Surveying Co. of Georgia
Moreland Altobelli & Associates, Inc.
Sullivan & Worcester
Sutherland, Asbil & Brennan, LLP
CompManagement, Inc.

Banks
FirstMerit Bank , N.A.

Utility Providers
Ohio Edison
Dominion East Ohio (Gas)
Trumbull County Ohio Water
Embarq Communications, Inc.
Waste Management of Ohio
City of Rock Hill, SC
York County, SC Natural Gas
Comporium Communications
Allied Waste
City of North Canton, Ohio PU (water)
Stark County Sanitary Dept
AT&T
WCS
CanNet Internet Services
Georgia Power Company
Georgia Natural Gas
City of Jasper
ETC Communications, LLC
Premiere Global Services
AT&T Easylink Services
Sprint
Advanced Disposal Services
Superior Waste Services, Inc.
National Grid
City of Jamestown
Rochester Gas & Electric
Energetix
City Treasurer (Rochester, NY) (water)
Frontier Telephone

Safety-Clean
Waste Management of NY
ADT
Avaya
Pepper Pike Place Associates, LLC

Litigation Adversaries
Autoliv ASP, Inc.
Autoliv, Inc.
Lorraine Cerimele

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                           :
In re                                      :        Chapter 11 Case No.
                                           :
LEXINGTON PRECISION CORP., et al.,         :        08- 11153 (MG)
                                           :
          Debtors.                         :        (Jointly Administered)
                                           :
-----------------------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) AUTHORIZING THE EMPLOYMENT AND RETENTION OF WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS, *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the Application dated April 2, 2008 (the "Application") of Lexington

Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession

(collectively, the "Debtors"), pursuant to sections 327(a) and 328(a) of title 11 of the United

States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the Debtors to employ

Weil, Gotshal & Manges LLP ("WG&M") as their attorneys under a general retainer, all as more

fully set forth in the Application; and upon consideration of the Affidavit of Richard P. Krasnow,

Esq., a member of WG&M, sworn to on April 2, 2008 (the "Krasnow Affidavit"); and the Court

having jurisdiction to consider the Application and the relief requested therein in accordance

with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges

for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10,

1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application

having been provided to (i) the United States Trustee for the Southern District of New York,

NY2:\1294937\17\RR6H17!.DOC\26690.0008

(ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the

Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of

noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a

consolidated basis), and it appearing that no other or further notice need be provided; and a

hearing having been held to consider the relief requested in the Application (the "Hearing"); and

the appearances of all interested parties having been noted in the record of the Hearing; and upon

the Affidavit of Dennis J. Welhouse Pursuant to Local Bankruptcy Rule 1007-2, sworn to on

April 1, 2008 (the "Welhouse Affidavit"), the record of the Hearing, and all of the proceedings

had before the Court; and it appearing that the members and associates of WG&M who will be

engaged in these chapter 11 cases are duly admitted to practice before this Court; and the Court

being satisfied that WG&M represents or holds no interest adverse to the Debtors or their estates

and is disinterested under section 101(14) of the Bankruptcy Code, as modified by section

1107(b) of the Bankruptcy Code and the Court having found and determined that the relief

sought in the Application is in the best interests of the Debtors, their estates and creditors, and all

parties in interest and that the legal and factual bases set forth in the Application establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the Application is approve nunc pro tunc to April 1, 2008, the

date on which the Debtors commenced their chapter 11 cases; and it is further

ORDERED that pursuant to sections 327(a) and 328(a) of the Bankruptcy Code,

the Debtors' retention of WG&M as their attorneys under a general retainer in accordance with

WG&M's normal hourly rates and disbursement policies as set forth in the Krasnow Affidavit is

approved; and it is further

ORDERED that WG&M shall apply for compensation and reimbursement in

accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code,

applicable provisions of the Bankruptcy Rules, the Local Rules of Civil Practice and Procedure

of the United States District Court for the Southern District of New York, the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern

District of New York, the guidelines established by the Office of the United States Trustee, and

such other procedures as may be fixed by order of this Court; and it is further

ORDERED that notice of the Application as provided herein and therein shall be

deemed good and sufficient notice of the Application; and it is further

Dated:  April ___, 2008
        New York, New York


_____
United States Bankruptcy Judge