**Hearing Date:  April 22, 2008 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  April 16, 2008 at 4:00 p.m. (prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow, Esq. (RK 5707)
Christopher J. Marcus, Esq (CM 8467)

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                                           :
In re                                         :   Chapter 11 Case No.
                                                           :
LEXINGTON PRECISION CORP., et al.,            :   08-11153 (MG)
                                                           :
       Debtors.                               :   (Jointly Administered)
                                                           :
-----------------------------------------------------------x
```

**NOTICE OF DEBTORS' MOTION FOR AN ORDER PURSUANT TO
SECTIONS 105, 362, AND 546(c) OF THE BANKRUPTCY CODE TO
ESTABLISH AND IMPLEMENT EXCLUSIVE AND GLOBAL
PROCEDURES FOR THE TREATMENT OF RECLAMATION CLAIMS**

PLEASE TAKE NOTICE THAT Lexington Precision Corporation and its wholly-owned subsidiary, Lexington Rubber Group, Inc. (together, the "Debtors"), in the above-captioned chapter 11 cases filed in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") filed a motion, dated April 2, 2008 (the "Motion"), for entry of an order, pursuant to sections 105, 362, 546(c) of the title 11 of the United States Code (the "Bankruptcy Code") to establish and implement exclusive and global procedures for the treatment of reclamation claims.

PLEASE TAKE FURTHER NOTICE that objections or responses, if any, to the Motion must be in writing, must conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of

New York, must set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, the basis for the objection and the specific grounds therefor, and must be filed no later than **April 16, 2008 at 4:00 p.m. (Prevailing Eastern Time)** with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182, and be served upon: (a) the Debtors, Lexington Precision Corp., 800 Third Ave. 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin), (b) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Christopher J. Marcus, Esq. and Victoria Vron, Esq.); (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, (Attention: Paul Schwartzberg, Esq.); (d) attorneys for the Debtors' prepetition lenders, Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, TN, 37219 (Attn: John C. Tishler); (e) attorneys for any statutory committees appointed in these cases; and (f) attorneys for Debtors' proposed postpetition lenders, O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, NY 10036 (Attn.: Gerald Bender, Esq.), so as to be received no later than **April 16, 2008, at 4:00 p.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that a hearing to consider the relief requested in the Motion shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, on **April 22, 2008 at 10:00 a.m. (prevailing Eastern Time)**, at the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 or as soon thereafter as counsel may be heard.

Dated: April 2, 2008
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                        :
In re                                                   :    **Chapter 11 Case No.**
                                                        :
**LEXINGTON PRECISION CORP., et al.,**                  :    **08-11153 (MG)**
                                                        :
          Debtors.                                      :    **(Jointly Administered)**
                                                        :
------------------------------------------------------------x

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS
105, 362, AND 546(c) OF THE BANKRUPTCY CODE TO
ESTABLISH AND IMPLEMENT EXCLUSIVE AND GLOBAL
PROCEDURES FOR THE TREATMENT OF RECLAMATION CLAIMS**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

    Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. (together, the "Debtors"), as debtors and debtors in possession, respectfully represent:

**Background**

    1.  On April 1, 2008 (the "Commencement Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

NY2:\1854581\03\13R0503!.DOC\26690.0008

1108 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Lexington's Businesses

3. Lexington manufactures large volumes of high-quality rubber and metal components at competitive prices for use primarily in automobiles and medical devices. Lexington operates through two operating segments—the Rubber Group and the Metals Group. Lexington's components are generally sold to other manufacturers.

4. Lexington is one of North America's largest manufacturers of rubber components for the automotive industry. The Rubber Group's principal products are connector seals used in primary wire harnesses and insulators for ignition wire sets. The Rubber Group also manufactures and sells rubber components used in a variety of medical devices, including drug delivery systems, syringes, laparoscopic instruments, and catheters, which are sold to some of the world's largest medical device manufacturers.

5. The Metals Group manufactures high-volume aluminum, brass, steel, and stainless steel components machined from bars, forgings, and cold-headed blanks primarily for manufacturers within the automotive industry. These components are used in many applications, including heating and cooling systems, airbag systems, solenoids, switches, and valves.

6. Lexington is headquartered in New York, New York, and maintains manufacturing plants in New York, Georgia, Ohio, and South Carolina. As of February 29, 2008, Lexington employed approximately 651 permanent and 22 temporary employees, of which 134 are salaried employees and 517 are hourly employees. In 2007, Rubber Group net sales

totaled $74.5 million and Metals Group net sales totaled $13.8 million. As of December 31, 2007, Lexington's consolidated unaudited financial statements reflected assets totaling approximately $52.6 million, and current liabilities totaling approximately $88.5 million. Notwithstanding the Debtors' negative "book net worth" calculated in accordance with generally accepted accounting principles, the Debtors have received a number of offers for all or portions of the assets and business of the Lexington Rubber Group, the largest of the Debtors' operations and the generator of the preponderance of the Debtors' sales and earnings, each of which clearly indicates that the value of the Debtors' assets far exceeds the Debtors' liabilities. Consequently, the Debtors believe that they are solvent and that the equity securities of Lexington Precision have significant value.

## Jurisdiction

7.      This Court has jurisdiction to consider this application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8.      Prior to the Commencement Date and in the ordinary course of their businesses, the Debtors purchased on credit a variety of raw materials and goods used in their operations (collectively, the "Goods"). As of the Commencement Date, the Debtors were in possession of certain Goods that had been delivered to them, but for which they had not yet been invoiced, or made payment to the suppliers. As a result of the commencement of these

bankruptcy cases, the Debtors may receive reclamation demands ("Reclamation Claims") from various vendors or other parties (collectively, the "Sellers") with respect to the Goods.[1]

9. Maintaining normal business operations and avoiding costly and distracting litigation relating to Reclamation Claims is critical at this stage of the Debtors' reorganization. If the Debtors are unable to establish and implement uniform reclamation procedures to resolve Reclamation Claims, they could be faced with the prospect of simultaneously defending multiple reclamation adversary proceedings at a time when the Debtors need to focus on critical aspects of the reorganization process.

10. To avoid piecemeal litigation that would interfere with the Debtors' reorganization efforts, the Debtors seek entry of an order, pursuant to sections 105(a), 362, and 546(c) of the Bankruptcy Code, (i) authorizing the Debtors to establish Reclamation Procedures (as defined below) for the reconciliation and allowance of all asserted Reclamation Claims and (ii) prohibiting the Sellers from interfering with the delivery of the Goods. The Debtors submit that the Reclamation Procedures will effectively and efficiently streamline the process of resolving Reclamation Claims.

**Proposed Reclamation Procedures**

11. The Debtors propose the following procedures (the "Reclamation Procedures" for processing and reconciling Reclamation Claims:

    a. Any Seller asserting a Reclamation Claim must satisfy all procedural and timing requirements entitling it to have a right to reclamation under section 546 of the Bankruptcy Code;

---

[1] The Motion is filed only out of an abundance of caution and nothing herein shall constitute an admission by the Debtors of insolvency. In that regard, as set forth in ¶ 6 above, the Debtors assert they are solvent. Consequently, the Debtors reserve the right to assert, among other defenses, that, on the basis of solvency, no creditor has any reclamation rights.

NY2:\1854581\03\13R0503!.DOC\26690.0008      7

b.  Any Seller asserting a Reclamation Claim must deliver a copy of its written reclamation demand ("Reclamation Demand") to: (i) the Debtors, c/o Lexington Precision Corporation, 800 Third Avenue, 15th Floor, New York, New York 10017 (Attn: Michael A. Lubin and Warren Delano); and (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Christopher J. Marcus, Esq. and Victoria Vron, Esq.).

c.  Upon receipt of a Reclamation Demand, the Debtors will serve upon the Seller, at the address indicated in its Reclamation Demand, a copy of this Motion or if this Motion has been granted, the order granting this Motion;

d.  After review of all timely Reclamation Demands and no later than 90 days after entry of the order granting the relief requested herein (the "Reclamation Notice Deadline"), the Debtors will file with the Court a notice (the "Reclamation Notice"), listing the Reclamation Claims and amounts, if any, that the Debtors determine to be valid for each such Reclamation Claim. The Debtors will serve the Reclamation Notice on the following parties (the "Notice Parties"): (i) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (ii) counsel to any statutory committee of unsecured creditors (the "Committee") appointed in these chapter 11 cases; and (iii) each Seller that is subject to the Reclamation Notice, at the address indicated in its reclamation demand;

e.  If the Debtors fail to file the Reclamation Notice within the required period of time, any holder of a Reclamation Claim may bring a motion on its own behalf to seek relief with respect to its Reclamation Claim, but may not bring any such motion prior to the expiration of the Reclamation Notice Deadline;

f.  Any party that wishes to object to the information set forth in the Reclamation Notice must file and serve, no later than 20 days after the Reclamation Notice is filed (the "Objection Deadline"), an objection (the "Reclamation Notice Objection") including the following information: (i) a copy of the Reclamation Demand with evidence of the date mailed to the Debtors; (ii) the name of the Debtor that ordered the Goods that are the subject of the Reclamation Demand; (iii) copies of any purchase orders and invoices relating to the Goods that are the subject of the Reclamation Demand; (iv) any evidence demonstrating the date the Goods that are the subject of the Reclamation Demand were shipped and the date such Goods were received by the Debtors; and (v) a statement describing with specificity why the Notice is incorrect with any legal basis for the objection; and must serve the Reclamation Notice Objection on the Notice Parties and on the Debtors' counsel at Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Christopher J. Marcus, Esq. and Victoria Vron, Esq.);

g.  Any Reclamation Claim that is included in the Reclamation Notice and is not the subject of a Reclamation Notice Objection by the Objection Deadline shall be deemed a valid reclamation claim allowed by the Court in the amount identified in the Reclamation Notice; provided that all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved;

h.  Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Seller and to seek an agreement with any Seller to resolve its Reclamation Claim and/or its Reclamation Notice Objection. If the Debtors and a Seller are able to agree on the validity, amount, and/or treatment of the Seller's Reclamation Claim, the Debtors shall prepare a notice of settlement (the "Settlement Notice"), file it with the Court and serve such Settlement Notice on the Notice Parties. The Notice Parties shall have ten days from the date of the Settlement Notice to file with the Court and serve on the other Notice Parties and counsel for the Debtors an objection thereto (a "Settlement Objection");

i.  If no Settlement Objection with respect to a Settlement Notice is timely filed and served, the Reclamation Claim at issue shall be allowed and treated in accordance with the Settlement Notice without further order of the Court. If a Settlement Objection with respect to a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "Settlement Stipulation"). Upon the filing of a Settlement Stipulation, the applicable Reclamation Claim shall be allowed and treated in accordance with the terms of the Settlement Stipulation without further order of the Court. If no consensual resolution of a Settlement Objection is reached within 30 days after the date of the Settlement Objection, unless such period is extended by mutual agreement of the Debtors and the party filing the Settlement Objection, the Debtors shall thereafter file a motion for the Court to resolve the Settlement Objection; and

j.  If any Reclamation Claim is still subject to a pending Reclamation Notice Objection 60 days following the Objection Deadline (or a later date as may be agreed to by the Seller and the Debtors) and no Settlement Notice has been filed therewith, the Debtors will file a motion for Court determination of such Reclamation Claims and will schedule the matter for hearing.

12.  The Debtors propose that the Reclamation Procedures be the sole and exclusive method for resolving Reclamation Claims. As a result, the Debtors request that all Sellers be prohibited from seeking any other means for the resolution or treatment of their

Reclamation Claims, including, without limitation, the following: (a) commencing adversary proceedings against the Debtors in connection with any Reclamation Claim, (b) seeking to obtain possession of any Goods except as permitted by the Reclamation Procedures, or (c) interfering with the delivery of any Goods to the Debtors.

## Basis for Relief

13. Upon the commencement of a chapter 11 case, reclamation rights are governed by section 546(c) of the Bankruptcy Code. Section 546(c) of the Bankruptcy Code provides, in relevant part:

> [S]ubject to the prior rights of a holder of a security interest in such goods or the proceeds thereof, the rights and powers of the trustee . . . are subject to the right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, within 45 days before the date of commencement of a case under this title, but such a seller may not reclaim such goods unless such seller demands in writing reclamation of such goods—(A) not later than 45 days after the date of receipt of such goods by the debtor; or (B) not later than 20 days after the date of commencement of the case, if the 45-day period expires after the commencement of the case.

11 U.S.C. § 546(c)(1).[2]

14. Section 546(c)(1) of the Bankruptcy Code subordinates the rights of sellers of goods to the prior interests of secured parties. A secured lender that holds a floating lien on the debtor's property holds a security interest in all of the debtor's inventory such that "a reclaiming seller is entitled to a lien or administrative expense only to the extent that the value of the specific inventory in which the reclaiming seller asserts an interest exceeds the amount of the floating lien in the debtor's inventory." In re Dana Corp., 367 B.R. 409, 419 (Bankr. S.D.N.Y.

---

[2] Any seller that fails to provide notice in the manner described in section 546(c) "still may assert" an administrative priority claim pursuant to section 503(b)(9) of the Bankruptcy Code for goods delivered to the debtor within 20 days before the petition date in the ordinary course of the debtor's business. See 11 U.S.C. § 546(c)(2); 11 U.S.C. § 503(b)(9).

2007) (quoting In re Pittsburgh-Canfield Corp., 309 B.R. 277, 287 (6th Cir. B.A.P. 2004)); In re Primary Health Sys. Inc., 258 B.R. 111, 117 (Bankr. D. Del. 2001).

15. As more fully described in the Affidavit of Dennis J. Welhouse Pursuant to Local Bankruptcy Rule 1007-2, which is filed contemporaneously herewith, the Debtors are party to certain prepetition secured facilities (the "Credit Facilities"), pursuant to which approximately $36.1 million in principal was outstanding as of March 31, 2008. The Debtors' obligations under the Credit Facilities are secured by in substantially all of the Debtors' assets, including a floating lien on inventory and accounts receivable.

16. Under the express language of section 546(c)(1) of the Bankruptcy Code, the interests of the lenders under the Credit Facilities may be superior to any Reclamation Claims. Accordingly, litigating multiple reclamation adversary proceedings at this early stage in these chapter 11 cases, when the Reclamation Claims may be worthless, would be a waste of the estates' resources. The proposed Reclamation Procedures avoid such litigation and allow the Sellers to establish the validity of their Reclamation Claims now, with the characterization and recovery of such claims to be determined at a later date.

17. The Debtors propose that the Reclamation Procedures be the sole and exclusive method for the handling of Reclamation Claims asserted against the Debtors. In particular, the Debtors request that all Sellers be prohibited from seeking any other means for the resolution or treatment of their Reclamation Claims, including, without limitation: (a) commencing adversary proceedings against the Debtors in connection with any Reclamation Claims; (b) seeking to obtain possession of any Goods, except as permitted by the Reclamation Procedures; or (c) interfering with the delivery of any Goods to the Debtors. The Reclamation Procedures will effectively and efficiently streamline the process of resolving the Reclamation

Claims for the Debtors and the Sellers alike, without impacting the parties' substantive rights to pursue or contest the Reclamation Claims.

18. In addition, as set forth in the proposed Reclamation Procedures, the Debtors request authority to negotiate with parties who file Reclamation Demands to reach an agreement with such parties to resolve their Reclamation Claims and/or Reclamation Notice Objections. Pursuant to Bankruptcy Rule 9019(a), after notice and a hearing, the Court may approve a compromise or settlement between the Debtors and Sellers who filed a Reclamation Demand and/or Reclamation Notice Objection. Fed. R. Bankr. P. 9019(a). The ability to negotiate with the Sellers will expedite the settlement of Reclamation Claims and will assist with the administration of these chapter 11 cases.

19. Section 105(a) of the Bankruptcy Code provides that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. See 11 U.S.C. § 105(a). Section 362 of the Bankruptcy Code further prohibits creditors from undertaking impermissible collection activities on account of debtor's prepetition obligations. See 11 U.S.C. § 362. The Debtors submit that establishing and implementing the Reclamation Procedures is necessary and appropriate pursuant to sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 9019(b), and that the Reclamation Procedures are consistent with the provisions of section 546(c) of the Bankruptcy Code.

20. Relief similar to that requested in this Motion has been granted in other chapter 11 cases in this district and elsewhere, including in cases filed since the recent amendments to the Bankruptcy Code's reclamation provisions. See, e.g., In re Dana Corp., No. 06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 6, 2006) [Doc. No. 82]; In re Delta Air Lines, Inc., No.

05-17923 (PCB) (Bankr. S.D.N.Y. Sept. 16, 2005) [Doc. No. 198]; <u>In re Levitz Home Furnishings, Inc.</u>, No. 05-45189 (BRL) (Bankr. S.D.N.Y. Oct. 12, 2005) [Doc. No. 45].

21.    In light of the foregoing, the Debtors believe that their ability to resolve Reclamation Claims in this uniform manner will assist in the consensual resolution of such claims, and ultimately, the maximization of value for the Debtors, their estates, and all parties in interest. Therefore, the relief requested in this Motion is in the best interests of the Debtors and their respective estates.

## Memorandum of Law

22.    The Debtors submit that the relevant authorities are set forth herein, and accordingly, that the requirement contained in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum in support of the Motion is satisfied.

## Notice

23.    No trustee, examiner, or statutory creditors' committee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to (i) the U.S. Trustee, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the <u>ad hoc</u> committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis). The Debtors submit that no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: April 2, 2008
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:   (212) 310-8000
Facsimile:    (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11 Case No.
                                                             :
**LEXINGTON PRECISION CORP., et al.,**                       :    08-11153 (MG)
                                                             :
            Debtors.                                         :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(a), 362, AND 546(c) OF THE BANKRUPTCY CODE ESTABLISHING AND IMPLEMENTING EXCLUSIVE AND GLOBAL PROCEDURES FOR THE TREATMENT OF RECLAMATION CLAIMS

Upon the motion, dated April 2, 2008 (the "Motion") of Lexington Precision Corporation and Lexington Rubber Group, Inc. (together, the "Debtors"), as debtors and debtors in possession, pursuant to sections 105(a), 362, and 546(c) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order authorizing the Debtors to establish and implement procedures to reconcile and resolve reclamation claims ("Reclamation Claims"), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' proposed postpetition lenders, (iv) the attorneys for the ad hoc committee of noteholders, and (v) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis), and it appearing that no other or further notice

need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Dennis J. Welhouse Pursuant to Local Bankruptcy Rule 1007-2, sworn to on April 1, 2008 (the "Welhouse Affidavit"), the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors hereby are authorized to resolve all Reclamation Claims in accordance with the following reclamation procedures (the "Reclamation Procedures"), which are hereby approved and authorized in their entirety:

    a. Any Seller asserting a Reclamation Claim must satisfy all procedural and timing requirements entitling it to have a right to reclamation under section 546 of the Bankruptcy Code;

    b. Any Seller asserting a Reclamation Claim must deliver a copy of its written reclamation demand ("Reclamation Demand") to: (i) the Debtors, c/o Lexington Precision Corporation, 800 Third Avenue, 15th Floor, New York, New York 10017 (Attn: Michael A. Lubin and Warren Delano); and (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Christopher J. Marcus, Esq. and Victoria Vron, Esq.).

    c. Upon receipt of a Reclamation Demand, the Debtors will serve upon the Seller, at the address indicated in its Reclamation Demand, a copy of this Motion or if this Motion has been granted, the order granting this Motion;

    d. After review of all timely Reclamation Demands and no later than 90 days after entry of the order granting the relief requested herein (the "Reclamation Notice Deadline"), the Debtors will file with the Court a notice (the "Reclamation Notice"), listing the Reclamation Claims and amounts, if any, that the Debtors determine to be valid for each such

    Reclamation Claim.  The Debtors will serve the Reclamation Notice on the following parties (the "Notice Parties"): (i) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (ii) counsel to any statutory committee of unsecured creditors (the "Committee") appointed in these chapter 11 cases; and (iii) each Seller that is subject to the Reclamation Notice, at the address indicated in its reclamation demand;

e. If the Debtors fail to file the Reclamation Notice within the required period of time, any holder of a Reclamation Claim may bring a motion on its own behalf to seek relief with respect to its Reclamation Claim, but may not bring any such motion prior to the expiration of the Reclamation Notice Deadline;

f. Any party that wishes to object to the information set forth in the Reclamation Notice must file and serve, no later than 20 days after the Reclamation Notice is filed (the "Objection Deadline"), an objection (the "Reclamation Notice Objection") including the following information: (i) a copy of the Reclamation Demand with evidence of the date mailed to the Debtors; (ii) the name of the Debtor that ordered the Goods that are the subject of the Reclamation Demand; (iii) copies of any purchase orders and invoices relating to the Goods that are the subject of the Reclamation Demand; (iv) any evidence demonstrating the date the Goods that are the subject of the Reclamation Demand were shipped and the date such Goods were received by the Debtors; and (v) a statement describing with specificity why the Notice is incorrect with any legal basis for the objection; and must serve the Reclamation Notice Objection on the Notice Parties and on the Debtors' counsel at Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Christopher J. Marcus, Esq. and Victoria Vron, Esq.);

g. Any Reclamation Claim that is included in the Reclamation Notice and is not the subject of a Reclamation Notice Objection by the Objection Deadline shall be deemed a valid reclamation claim allowed by the Court in the amount identified in the Reclamation Notice; provided that all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved;

h. Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Seller and to seek an agreement with any Seller to resolve its Reclamation Claim and/or its Reclamation Notice Objection.  If the Debtors and a Seller are able to agree on the validity, amount, and/or treatment of the Seller's Reclamation Claim, the Debtors shall prepare a notice of settlement (the "Settlement Notice"), file it with the Court and serve such Settlement Notice on the Notice Parties.  The Notice Parties shall have ten days from the date of the Settlement Notice to file with the Court and

        serve on the other Notice Parties and counsel for the Debtors an objection thereto (a "<u>Settlement Objection</u>");

i. If no Settlement Objection with respect to a Settlement Notice is timely filed and served, the Reclamation Claim at issue shall be allowed and treated in accordance with the Settlement Notice without further order of the Court.  If a Settlement Objection with respect to a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "<u>Settlement Stipulation</u>").  Upon the filing of a Settlement Stipulation, the applicable Reclamation Claim shall be allowed and treated in accordance with the terms of the Settlement Stipulation without further order of the Court.  If no consensual resolution of a Settlement Objection is reached within 30 days after the date of the Settlement Objection, unless such period is extended by mutual agreement of the Debtors and the party filing the Settlement Objection, the Debtors shall thereafter file a motion for the Court to resolve the Settlement Objection; and

j. If any Reclamation Claim is still subject to a pending Reclamation Notice Objection 60 days following the Objection Deadline (or a later date as may be agreed to by the Seller and the Debtors) and no Settlement Notice has been filed therewith, the Debtors will file a motion for Court determination of such Reclamation Claims and will schedule the matter for hearing;

; and it is further

        ORDERED that the foregoing Reclamation Procedures are the sole and exclusive method for resolving Reclamation Claims asserted against the Debtors; and it is further

        ORDERED that all Sellers are prohibited from seeking any other means for the resolution or treatment of their Reclamation Claims, including without limitation: (a) commencing adversary proceedings against the Debtors in connection with any reclamation claims, (b) seeking to obtain possession of any Goods, and (c) interfering with the delivery of any Goods to the Debtors; and it is further

        ORDERED that all adversary proceedings, whether currently pending or initiated in the future, except those proceedings initiated by the Debtors in accordance with these Reclamation Procedures, are stayed and the claims asserted therein shall be resolved exclusively pursuant to the Reclamation Procedures set forth herein; and it is further

ORDERED that nothing contained herein or in the Motion shall limit the Debtors' ability to make payments to creditors in accordance with any other orders of this Court regardless of whether such creditors have asserted Reclamation Claims; and its is further

ORDERED that nothing contained herein or in the Motion shall constitute any admission or conclusion as to the Debtors' solvency; and it is further

ORDERED that that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated: April __, 2008
          New York, New York

_____
United States Bankruptcy Judge