**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
:
In re                                              :    Chapter 11 Case No.
:
**LEXINGTON PRECISION CORP., et al.,**             :    08-11153 (MG)
:
  Debtors.                                         :    (Jointly Administered)
:
-------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(a), 345(b), AND 363(c) OF THE BANKRUPTCY CODE AUTHORIZING THE IMPLEMENTATION OF INVESTMENT GUIDELINES

Upon the motion, dated April 1, 2008 (the "Motion"), of Lexington Precision Corporation and Lexington Rubber Group, Inc. as debtors and debtors in possession, (together, the "Debtors"), for an order pursuant to sections 105(a), 345(b), and 363(c) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") authorizing the implementation of investment guidelines attached hereto as Exhibit A (the "Investment Guidelines") all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and no other or further notice need be provided; and a hearing (the "Final Hearing") having been held to consider the relief requested in the Motion; and upon the Affidavit of Dennis J. Welhouse, pursuant to Local Bankruptcy Rule 1007-2, sworn to on April 1, 2008 (the "Welhouse Affidavit"), the record of the Final Hearing,

and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

>ORDERED that the Motion is granted; and it is further

>ORDERED that the Debtors are authorized to implement the Investment Guidelines and invest and deposit their cash and cash equivalents in accordance therewith in addition to the investments permitted by section 345 of the Bankruptcy Code, while the Debtors operate as debtors in possession; and it is further

>ORDERED that the Investment Guidelines may be amended by order of the Court from time to time upon motion by the Debtors; and it is further

>ORDERED that the Debtors' compliance with the Investment Guidelines shall be deemed to constitute compliance with section 345 of the Bankruptcy Code, and the Debtors are relieved from the obligations under section 345(b) to obtain a bond from any entity with which money is deposited or invested in accordance with the Investment Guidelines; and it is further

>ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated: April ___, 2008
      New York, New York

                                                  _____
                                                  United States Bankruptcy Judge

## EXHIBIT A

## INVESTMENT GUIDELINES

The Debtors generally may invest their cash and cash equivalents in only the following U.S. investments:

(i) securities issued or directly and fully guaranteed or insured by the United States Government or any agency or instrumentality thereof having maturities of not more than six months from the date of acquisition;

(ii) time deposits and certificates of deposit of any domestic commercial bank having capital and surplus in excess of $500,000,000 the holding company of which has a commercial paper rating meeting the requirements specified in clause (iv) below having maturities of not more than six months from the date of acquisition;

(iii) repurchase obligations with a term of not more than seven days for underlying securities of the types described in clauses (i) and (ii) entered into with any bank meeting the qualifications specified in clause (ii) above;

(iv) commercial paper rated at least A-1 or the equivalent thereof by Standard & Poor's ("S&P") or P-1 or the equivalent thereof by Moody's and in either case maturing within six months after the date of acquisition;

(v) tax exempt obligations rated at least A2 or the equivalent thereof by Moody's and A or the equivalent thereof by S&P;

(vi) money market mutual funds;

(vii) commercial paper (other than commercial paper referred to in the preceding clause (iv)) rated at least A-2 or the equivalent thereof by S&P or P-2 or the equivalent thereof by Moody's in an aggregate principal amount not in excess of 25% of the liquid assets of the Debtors and in either case maturing within six months after the date of acquisition; and

(viii) money market funds at least 95% of the assets of which constitute cash equivalents of the kinds described in (i) through (vii) above.