UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                              :

In re                                    :        Chapter 11 Case No.
                                              :
LEXINGTON PRECISION CORP., et al.,      :        08-11153 (MG)
                                              :
               Debtors.                   :        (Jointly Administered)
                                              :
----------------------------------------------------------------x

ORDER PURSUANT TO SECTIONS
105(a), 363(b), AND 541 OF THE BANKRUPTCY CODE
<u>AUTHORIZING DEBTORS TO PAY PREPETITION USE TAXES</u>

Upon the motion, dated April 2, 2008 (the "Motion"), of Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a), 363(b), and 541 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order (i) authorizing the Debtors to pay all prepetition use taxes, including all those taxes subsequently determined upon audit to be owed for periods prior to the commencement of these cases (collectively, the "Use Taxes"), and (ii) authorizing the Debtors' banks and other financial institutions (together, the "Banks"), when requested by the Debtors in their sole discretion, to receive, process, honor, and pay any and all checks and electronic transfers related to the prepetition Use Taxes, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the Affidavit of Dennis J. Welhouse Pursuant to Local Bankruptcy Rule 1007-2, sworn to on April 1, 2008 (the "Welhouse Affidavit"), the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, but not directed, in their sole discretion, to pay all Use Taxes relating to the period prior to the commencement of their chapter 11 cases (the "Commencement Date"), including all those Use Taxes subsequently determined upon audit to be owed for periods prior to the Commencement Date, to the proper taxing authorities (the "Taxing Authorities") including those Taxing Authorities identified on Exhibit A annexed hereto; and it is further

ORDERED that all applicable Banks, including those identified on Exhibit B annexed hereto shall be, and hereby are, authorized, when requested by the Debtors in their sole discretion, to receive, process, honor, and pay any and all checks or electronic transfers drawn on the Debtors' accounts to pay the Use Taxes, whether those checks were presented prior to or after the Commencement Date, provided that sufficient funds are available in the applicable accounts to make the payments; and it is further

ORDERED that nothing in the Motion or this Order shall be construed as impairing the Debtors' right to contest the validity or amount of any Use Taxes that may be due to any Taxing Authorities, and all of the Debtors' rights with respect thereto are hereby reserved; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h),[1] this Order shall be effective immediately upon entry; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated: April __, 2008
       New York, New York

                                        _____
                                        United States Bankruptcy Judge

---

[1] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.

# **EXHIBIT A**
## **Taxing Authorities**

| **Taxing Authorities** |
| --- |
| New York State Sales Tax <br> P.O. Box 1209 <br> New York, New York 10116 |
| New York State Tax Processing <br> JAF Building <br> P.O. Box 1206 <br> New York, New York 10116 |
| South Carolina Department of Revenue and Taxation <br> Sales Tax Return <br> Columbia, South Carolina  29214 |
| Georgia Department of Revenue <br> Sales & Use Tax Division <br> P.O. Box 105296 <br> Atlanta, Georgia  30348 |
| Treasurer of the State of Ohio <br> P.O. Box 16561 <br> Columbus, Ohio  43266 |

## EXHIBIT B

| Bank | Account Number |
|---|---|
| **FirstMerit Bank N.A.**<br>295 FirstMerit Circle<br>Akron, Ohio  44307<br>Attn:  Thomas Heidy | 5923007871 |