**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                                                    :    Chapter 11 Case No.
:
**LEXINGTON PRECISION CORP., <u>et</u> <u>al.</u>,**    :    08- 11153 (MG)
:
    Debtors.                                                     :    (Jointly Administered)
:
------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE
BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY
PROCEDURE 2014(a) AUTHORIZING THE EMPLOYMENT AND
RETENTION OF WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS
FOR THE DEBTORS, *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

Upon the application dated April 2, 2008 (the "Application"), of Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the Debtors to employ Weil, Gotshal & Manges LLP ("WG&M") as their attorneys under a general retainer, all as more fully set forth in the Application; and upon consideration of the Affidavit of Richard P. Krasnow, Esq., a member of WG&M, sworn to on April 2, 2008 (the "Krasnow Affidavit"); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided and no other or further notice need be provided; and a hearing having been

held to consider the relief requested in the Application (the "Hearing"); and upon the Affidavit of Dennis J. Welhouse Pursuant to Local Bankruptcy Rule 1007-2, sworn to on April 1, 2008 (the "Welhouse Affidavit"), the record of the Hearing, and all of the proceedings had before the Court; and it appearing that the members and associates of WG&M who will be engaged in these chapter 11 cases are duly admitted to practice before this Court; and the Court being satisfied that WG&M represents or holds no interest adverse to the Debtors or their estates and is disinterested under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approve *nunc pro tunc* to April 1, 2008, the date on which the Debtors commenced their chapter 11 cases; and it is further

ORDERED that pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors' retention of WG&M as their attorneys under a general retainer in accordance with WG&M's normal hourly rates and disbursement policies as set forth in the Krasnow Affidavit is approved; and it is further

ORDERED that WG&M shall apply for compensation and reimbursement in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Rules of Civil Practice and Procedure of the United States District Court for the Southern District of New York, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York, the guidelines established by the Office of the United States Trustee, and

such other procedures as may be fixed by order of this Court.

Dated:  April ___, 2008
      New York, New York

                                          _____
                                          United States Bankruptcy Judge