UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
:
In re                                              :    Chapter 11 Case No.
:
**LEXINGTON PRECISION CORP., et al.,**             :    08-11153 (MG)
:
   Debtors.                                        :    (Jointly Administered)
:
---------------------------------------------------------------x

## FINAL ORDER PURSUANT TO SECTIONS 105(a), 363, 503(b)(1), 1107(a), AND 1108 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6003 AUTHORIZING THE DEBTORS TO HONOR CERTAIN PREPETITION CUSTOMER PROGRAMS

Upon the motion, dated April 1, 2008 (the "Motion"), of Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (together, the "Debtors"), pursuant to sections 105(a), 363, 503(b)(1), 1107(a), and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, among other things, authorizing the Debtors to perform and honor, in the Debtors' discretion, the Debtors' prepetition obligations related to certain customer programs and practices ("Customer Programs"), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and no other or further notice need be provided;; and upon the Affidavit of Dennis J. Welhouse Pursuant to Local Bankruptcy Rule 1007-2, sworn to upon April

1, 2008 (the "Welhouse Affidavit"), the record of the Final Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a), 363, 503(b)(1), 1107(a) and 1108 of the Bankruptcy Code and Bankruptcy Rule 6003, the Debtors, in their business judgment, are authorized, but not directed, to perform and honor their prepetition obligations related to the Customer Programs as they deem appropriate, in the ordinary course of business, without further application to the Court; and it is further

ORDERED that nothing herein shall be construed to limit, or in any way affect, the Debtors' ability to dispute any claim by a customer with respect to any Customer Program; and it is further

ORDERED that entry of this Order shall be without prejudice to the right of any statutory committee appointed in these chapter 11 cases to object to the relief granted herein; provided, that such objection is filed no later than thirty (30) days after the appointment of such committee; and it is further

ORDERED that nothing contained in this Order shall be deemed to constitute an assumption of any executory contract pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), this Order shall be effective immediately upon entry; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated: April __, 2008
      New York, New York

                                                _____
                                                United States Bankruptcy Judge