**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
::
In re                                                                     :         Chapter 11 Case No.
::
**LEXINGTON PRECISION CORP., <u>et al.</u>,**    :         08- 11153 (MG)
::
    Debtors.                                                    :         (Jointly Administered)
::
-----------------------------------------------------------------x

**FINAL ORDER PURSUANT TO SECTIONS 105(a)
AND 363(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULES 6003 AND 6004 (I) AUTHORIZING, BUT NOT DIRECTING,
PAYMENT OF WAGES, COMPENSATION, AND EMPLOYEE BENEFITS
AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND
<u>PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS</u>**

Upon the motion, dated April 1, 2008 (the "<u>Motion</u>"), of Lexington Precision Corporation and Lexington Rubber Group, Inc. as debtors and debtors in possession, (together, the "<u>Debtors</u>"), seeking entry of an order, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), authorizing, but not directing, the Debtors to pay wages, compensation, and all other Employee Obligations[1] and authorizing financial institutions to honor and process checks and transfers related to such obligations, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1] Capitalized terms used herein and not otherwise defined herein have the meanings ascribed to such terms in the Motion.

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Interim Hearing"); and the Court having entered an order approving the relief requested in the Motion on an interim basis; and upon the Affidavit of Dennis J. Welhouse Pursuant to Local Bankruptcy Rule 1007-2, sworn to on April 1, 2008 (the "Welhouse Affidavit"), the record of the final hearing on the Motion (the "Final Hearing"), and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code. the Debtors are authorized, but not directed, to continue to honor existing practices, programs, and policies with respect to their Employees as such practices, programs, and policies were in effect as of the date of the commencement of the Debtors' chapter 11 cases; and it is further

ORDERED that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized, but not required, to make all payments with respect to prepetition Employee Obligations in the amounts described in the Motion with respect to the prepetition Compensation Obligations, Severance Obligations, Employer Payroll Tax Obligations, Temporary Agency Obligations, Payroll Administration Obligations, Welfare Obligations (including the obligations arising from the plans listed on Exhibit A annexed hereto), 401(k) Plan

Obligations, the Fidelity Administration Obligations, and the Reimbursement Obligations, in accordance with the Debtors' prepetition practices and policies; and it is further

ORDERED that the banks set forth on Exhibit B annexed hereto and any other bank authorized to administer the Debtors' bank accounts under the Cash Collateral Motion (the "Banks") are authorized, when the Debtors request in the Debtors' sole discretion, to receive, process, honor and pay any and all checks drawn on the Debtors' payroll or disbursement accounts and any other transfers that are related to the prepetition Employee Obligations and the costs and expenses incidental thereto, whether those checks were presented prior to or after the Commencement Date, provided that sufficient funds are available in the accounts to make such payments; and it is further

ORDERED that any Bank may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Commencement Date should be honored pursuant to this Order, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein; and it is further

ORDERED that the Debtors are authorized (consistent with this Order) to issue postpetition checks or to effect postpetition funds transfer requests in replacement of any checks or funds transfer requests related to Employee Obligations dishonored or rejected as a consequence of the commencement of the Debtors' chapter 11 cases; and it is further

ORDERED that nothing in the Motion shall be deemed a request by the Debtors for authority to assume, and nothing in this Order shall be deemed authorization or approval to assume, any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that nothing in the Motion or this Order shall be construed as impairing the Debtors' right to contest the validity or amount of any Employee Obligation, including without limitation any taxes that may be due to any Taxing Authority; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rules 6004(h),[2] 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated:  **April 22, 2008**
    New York, New York

          **/s/Martin Glenn**
United States Bankruptcy Judge

---

[2] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.

## **EXHIBIT A**

| Type of Coverage | Company | Policy Period | Policy # |
|---|---|---|---|
| Medical Plan | Self-insured[*, †] | Calendar 2008 | NA |
| Medical Plan - Insured | BlueCross BlueShield of the Rochester Area Excellus Companies | Calendar 2008 | 7806-001 8 |
| Medical Plan - Insured | Preferred Care of Buffalo, New York | Calendar 2008 | A00264 |
| Dental Plan | Self-insured[*] | Calendar 2008 | NA |
| Flexible Spending Plan | Self-insured[*] | Calendar 2008 | NA |
| Life and AD&D Insurance | Reliance Standard Life Insurance Co. | 08/01/07 to 08/01/08 | 142607 |
| Optional Employee Life Insurance Plan[‡] | Reliance Standard Life Insurance Co. | 08/01/07 to 08/01/08 | 142607 |
| Medical Stop Loss Insurance | National Benefit Resources (UnitedHealth Group Company) | 07/01/08 to 12/31/08 | UHIC-102626 |
| Salaried Long-Term Disability Plan | Reliance Standard Life Insurance Co. | 08/01/07 to 08/01/08 | 116542 |
| Hourly Short-Term Disability Plan | Self-insured[*] | Calendar 2008 | NA |
| Vision Plan | Vision Plan Services | 1/01/07 to 12/31/08 | 12183414 |
| Travel-Accident Insurance | CIGNA Life Insurance Company of North America | 12/7/07 to 12/6/08 | ABY 010716 |
| Short-term disability (New York state Employees) | Security Mutual Life Insurance Company of New York | 1/1/08 to 12/31/08 | Unavailable |

[*] Administered by United Medical Resources, Inc.

[†] Includes prescription drug coverage, administered by Systemed L.L.C., a subsidiary of Medco Health Solutions, Inc.

[‡] Participation in this plan is voluntary and is funded entirely by employee contributions.

## **EXHIBIT B**

## **BANKS & PAYROLL ACCOUNTS**

| Bank Name & Address | Account Number | Account Name |
|---|---|---|
| FirstMerit Bank<br>295 FirstMerit Circle<br>Akron, OH 44307<br>Attn: Thomas Heidy | 5999000562 | Medical Disbursement Account |
| FirstMerit Bank<br>295 FirstMerit Circle<br>Akron, OH 44307<br>Attn: Thomas Heidy | 5999000570 | Flexible Spending Disbursement Account |
| FirstMerit Bank<br>c/o Lexington Precision Corporation – Vienna Facility<br>295 FirstMerit Circle<br>Akron, OH 44307<br>Attn: Thomas Heidy | 5999000588 | Operating Account |
| FirstMerit Bank<br>c/o Lexington Precision Corporation – Liquid Molding Facility<br>295 FirstMerit Circle<br>Akron, OH 44307<br>Attn: Thomas Heidy | 5999000855 | Operating Account |
| FirstMerit Bank<br>c/o Lexington Precision Corporation – Jasper Facility<br>295 FirstMerit Circle<br>Akron, OH 44307<br>Attn: Thomas Heidy | 5999000596 | Operating Account |
| FirstMerit Bank<br>c/o Lexington Precision Corporation – Rock Hill Facility<br>295 FirstMerit Circle<br>Akron, OH 44307<br>Attn: Thomas Heidy | 5999000627 | Operating Account |
| FirstMerit Bank<br>c/o Lexington Precision Corporation – Engineering Center<br>295 FirstMerit Circle<br>Akron, OH 44307<br>Attn: Thomas Heidy | 5999000619 | Operating Account |

| Bank Name & Address | Account Number | Account Name |
|---|---|---|
| FirstMerit Bank<br>c/o Lexington Precision Corporation – Rochester Facility<br>295 FirstMerit Circle<br>Akron, OH 44307<br>Attn:  Thomas Heidy | 5999000546 | Operating Account |
| FirstMerit Bank<br>c/o Lexington Precision<br>295 FirstMerit Circle<br>Akron, OH 44307<br>Attn:  Thomas Heidy | 5999000554 | Operating Account |
| FirstMerit Bank<br>295 FirstMerit Circle<br>Akron, OH 44307<br>Attn:  Thomas Heidy | 5923007871 | Company-wide master clearing account for all disbursements |