**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                                            :
In re                                                                     :          Chapter 11 Case No.
                                                                            :
**LEXINGTON PRECISION CORP., et al.,**       :          08-11153 (MG)
                                                                            :
        Debtors.                                     :          (Jointly Administered)
                                                                            :
-------------------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion dated April 2, 2008 (the "Motion") of Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to sections 105(a), 327, 328 and 330 of chapter 11 of the title 11 of the United States Code (the "Bankruptcy Code") authorizing the Debtors to employ professionals utilized in the ordinary course of business (the "Ordinary Course Professionals"),[1] all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having

---

[1] All capitalized terms not defined herein shall have the meaning used in the Motion.

been noted in the record of the Hearing; and upon the Affidavit of Dennis J. Welhouse, sworn to on April 1, 2008 (the "Welhouse Affidavit"), pursuant to Local Bankruptcy Rule 1007-2, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized to employ the Ordinary Course Professionals listed on Exhibit A hereto in the ordinary course of their businesses in accordance with the procedures set forth herein, effective as of the date of commencement of the Debtors' chapter 11 cases; and it is further

ORDERED that each Ordinary Course Professional shall provide the Debtors' attorneys within thirty (30) days of the later of (i) the entry of a final order granting this Motion or (ii) the date on which the Ordinary Course Professional commences services for the Debtors: (a) an affidavit (the "Ordinary Course Professional Affidavit"), substantially in the form annexed hereto as Exhibit B, certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed; and (b) a completed retention questionnaire (the "Retention Questionnaire"), substantially in the form annexed hereto as Exhibit C; and it is further

ORDERED that the Debtors' attorneys shall promptly file the Ordinary Course Professional Affidavits and Retention Questionnaires with the Court and serve a copy thereof

upon Reviewing Parties (defined below); and it is further

ORDERED that the Debtors are authorized to supplement the list of Ordinary Course Professionals from time to time during these chapter 11 cases, as the need arises, and file a notice with the Court listing such additional Ordinary Course Professionals and attach thereto the relevant Ordinary Course Professional Affidavits and Retention Questionnaires (collectively, the "Supplemental Notice of Ordinary Course Professionals"), and serve the Supplemental Notice of Ordinary Course Professionals on the (i) U.S. Trustee, and (ii) attorneys for the statutory creditors' committee (together with the Debtors, the "Reviewing Parties"); and it is further

ORDERED that the Reviewing Parties shall have 15 days after receipt of either the Ordinary Course Professional Affidavit and the Retention Questionnaire, in the case of Ordinary Course Professionals listed on Exhibit A, or the Supplemental Notice of Ordinary Course Professionals, in the case of any additional Ordinary Course Professionals, to object to the retention, employment or compensation of the Ordinary Course Professional arising from the contents of the applicable Ordinary Course Professional Affidavit or the Retention Questionnaire (the "Objection Deadline"); and it is further

ORDERED that if no objections are filed by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional shall be deemed approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a hearing and without further order from the Court; provided, however, that if an objection is filed and any such objection cannot be resolved with 20 days, the matter shall be set down for a hearing before the Court; and it is further

ORDERED that the Debtors are authorized to pay compensation and reimburse

expenses to each of the Ordinary Course Professionals retained pursuant to this Order in the customary manner in the full amount billed by each such Ordinary Course Professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices) subject to the caps and limitations set forth in this Order; and it is further

ORDERED that, except as otherwise provided in this Order, the payments authorized herein shall not exceed (a) $25,000 per month per Ordinary Course Professional on a "rolling basis;" (b) $250,000 per month, in the aggregate, for all Ordinary Course Professionals; and (c) $500,000 for all fees incurred by Ordinary Course Professionals during these chapter 11 cases from the Commencement Date through the effective date of a plan of reorganization approved by the Court; and it is further

ORDERED that paying fees on a "rolling basis" shall mean that an Ordinary Course Professional whose fees and disbursements are less than $25,000 in any month may be paid in subsequent months a total of $25,000 plus the difference between $25,000 and the amount billed in prior months; _provided_, _however_, that the maximum payment per month shall not exceed $50,000 to any Ordinary Course Professional; and it is further

ORDERED that in the event that an Ordinary Course Professional seeks more than $25,000 per month (or $50,000 on a rolling basis), that professional shall file an application with the Court for the full amount of its fees and expenses for that month in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the Fee Guidelines promulgated by the United States Trustee, and any and all orders of the Court; and it is further

ORDERED that in the event that an Ordinary Course Professional incurs more than $500,000 during the course of these chapter 11 cases, such professional shall file an application with the Court (i) to be retained in accordance with section 327 of the Bankruptcy Code and (ii) for the full amount of its fees and expenses incurred during the course of these chapter 11 cases in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the Fee Guidelines promulgated by the United States Trustee, and any and all orders of the Court; and it is further

ORDERED that the Debtors reserve the right to amend the monthly compensation limitations set forth in this Order upon notice and hearing; and it is further

ORDERED that this Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated: **April 22, 2008**
     New York, New York

                                         **/s/Martin Glenn**
                                      United States Bankruptcy Judge

# EXHIBIT A

### (Ordinary Course Professionals)

| *Professional* | *Average Monthly Expenditure* | *Service Performed by Professional* |
|---|---|---|
| Womble Carlyle Sandridge & Rice<br>PO Drawer 84<br>Winston Salem, NC  27102<br>Attn:  Neil Edwards | $1,200 | Legal advice regarding sales tax issues |
| Buck Consultants, LLC<br>Dept CH 14061<br>Palatine, IL 60055-4061 | $1,500 | Investment advisors |
| Chelko Consulting<br>27500 Detroit Rd, Suite 201<br>Westlake, OH 44145 | $2,000 | Benefit Plans |
| Clark & Clark<br>PO Box H<br>Elijay, GA 30540 | $300 | Legal representation on real property |
| Ernst & Young LLP<br>925 Euclid Avenue<br>Cleveland, OH  44115<br>Attn:  Larry Cruise | $0 | Audit and tax work |
| Fisher & Phillips LLP<br>1901 Main St, Suite 1400<br>Columbia, SC  29201 | $100 | Legal representation for labor issues |
| Haley & Aldrich, Inc<br>PO Box 846026<br>Boston, MA 02284-6026 | $5,800 | Environmental consultants |
| Landair Surveying Co of Georgia<br>1875 Old Alabama Rd, Ste 1120<br>Roswell, GA 30076 | $900 | Surveying services |
| Moreland Altobelli & Associates, Inc<br>2211 Beaver Ruin Rd, Suite 190<br>Norcross, GA 30071 | $4,000 | Appraisers |
| Nixon Peabody LLP<br>437 Madison Avenue<br>New York, NY  10022<br>Attn:  Richard Langan, Jr. | $16,500 | Corporate counsel |
| Snell & Wilmer LLP<br>One Arizona Center<br>Phoenix, AZ  85004<br>Attn:  Dan W. Goldfine | $2,300 | Legal representation for contractual issues |
| Sullivan & Worchester<br>1290 Avenue of the Americas<br>New York, NY 10104 | $1,300 | Legal work for financing |

| *Professional* | *Average Monthly Expenditure* | *Service Performed by Professional* |
|---|---|---|
| Sutherland, Asbil & Brennan LLP<br>999 Peachtree Street, NE<br>Atlanta, GA 30309-3996. | $100 | Legal work for real estate |
| Thompson Hine LLP<br>127 Public Square<br>Cleveland, OH  44114<br>Attn:  Mark Floyd | $8,400 | Legal representation for labor issues |
| CompManagement Inc<br>6377 Emerald Parkway<br>Dublin, OH 43017 | $3,000 | Workers compensation advisors |
| Malin, Bergquist & Company LLP<br>3605 McKnight East Drive<br>Pittsburgh, PA 15237-6400 | $20,000 | Audit and tax work |

# **EXHIBIT B**

**(Ordinary Course Professional Affidavit)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                   :
**In re**                                          :        **Chapter 11 Case No.**
                                                   :
**LEXINGTON PRECISION CORP., et al.,**             :        **08-11153 (MG)**
                                                   :
       Debtors.                                    :        **(Jointly Administered)**
                                                   :
-----------------------------------------------------------------x

**AFFIDAVIT AND DISCLOSURE STATEMENT OF _____,**

**ON BEHALF OF _____**

STATE OF _____        )
                                  ) ss:
COUNTY OF _____           )

_____, being duly sworn, upon his oath, deposes and says:

1. I am a [INSERT TITLE] of _____, located at _____ (the "Firm").

2. Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide _____ services to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with

A:\#1861846 V4 - OCP ORDER.DOC

these chapter 11 cases.  In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants, that would be adverse to the Debtors or their estates.

        4.        Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

        5.        Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

        6.        The Debtors owe the Firm $_____ for prepetition services.

        7.        [The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.][2]

Subscribed and sworn to before me
this ___ day of _____, 2008
_____
       Notary Public

---

[2] If necessary.

## **EXHIBIT C**

### **(Retention Questionnaire)**

In re Lexington Precision Corp., et al.
Chapter 11 Case No. **08-11153 (MG)**

RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY LEXINGTON PRECISION CORPORATION OR LEXINGTON RUBBER GROUP, INC. (collectively, the "Debtors")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT FOR FILING BY THE DEBTORS, TO:

    Weil, Gotshal & Manges LLP
    767 Fifth Avenue
    New York, New York 10153
    Attn:   Marcia L. Goldstein, Esq.
            Christopher J. Marcus, Esq.

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

    1.    Name and address of firm:

            _____

            _____

            _____

            _____

    2.    Date of retention:    _____

    3.    Type of services provided (accounting, legal, etc.):

            _____

            _____

            _____

4.      Brief description of services to be provided:

_____

_____

_____

5.      Arrangements for compensation (hourly, contingent, etc.)

_____

(a)    Average hourly rate (if applicable):
_____

(b)    Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

_____

6.      Prepetition claims against the Debtors held by the firm:

Amount of claim:    $_____

Date claim arose:    _____

Source of Claim:    _____

7.      Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

Name: _____

Status: _____

Amount of Claim:  $_____

Date claim arose: _____

Source of claim: _____

_____

_____

_____

A:\#1861846 V4 - OCP ORDER.DOC      2

8. Stock of the Debtors currently held by the firm:

   Kind of shares: _____

   No. of shares: _____

9. Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

   Name: _____

   Status:_____

   _____

   Kind of shares: _____

   No. of shares: _____

10. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

    _____

    _____

    _____

    _____

11. Name of individual completing this form:

    _____