# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

In re:                                                 :        Chapter 11
                                                       :
LEXINGTON PRECISION CORP, et al.,                      :        Case No. 08-11153 (MG)
                                                       :
                                                       :        (Jointly Administered)
                              Debtors.                 :
-----------------------------------------------------------x

### AFFIDAVIT OF JEFFREY M. RISIUS IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE RETENTION OF STOUT RISIUS ROSS, INC. AS FINANCIAL ADVISORS EFFECTIVE AS OF MAY 13, 2008

STATE OF NEW YORK    )
                     )  SS
COUNTY OF NEW YORK   )

Jeffrey M. Risius being duly sworn, hereby deposes and says:

1.    I am a Managing Director of Stout Risius Ross, Inc. ("SRR"), and I am duly authorized to make this affidavit on behalf of SRR. SRR is a financial and operational advisory firm, with its principal office located at 4000 Town Center, 20th Floor, Southfield, Michigan 48075.

2.    I submit this affidavit pursuant to 11 U.S.C. § 1103(b) and Rule 2014 of the Federal Rules of Bankruptcy Procedure, in support of the application of the Official Committee of Unsecured Creditors (the "Committee") of Lexington Precision Corporation ("LEXP") and Lexington Rubber Group, Inc. (collectively with LEXP, the "Debtors") for an order authorizing the retention of SRR, effective as of May 13, 2008, as financial advisors (the "Application").

NYC:175775.4

3.   Unless otherwise stated in this affidavit, I have personal knowledge of the facts set forth herein and, if called as a witness, I would competently testify thereto. Certain of the disclosures set forth herein relate to matters within the knowledge of other employees at SRR and are based on information provided by them. Unless otherwise defined, capitalized terms and phrases not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

4.   The Committee selected SRR because of its expertise in providing financial advisory services to debtors and creditors in bankrupt and distressed situations. SRR's Managing Directors and Directors have advised debtors and creditors in numerous restructuring transactions, including some of the largest and most complicated cases such as Blue Water Automotive Systems, Inc., UAL Corporation (United Airlines), Kmart Corporation, Circle K, Bethlehem Steel, amongst others.

5.   Subject to direction of the Committee and further order of this Court, SRR will perform the professional financial advisory services described below, as needed.

> (a)   financial advisory services, as reasonably requested by the Committee, including, but not limited to, the preparation of a liquidation analysis, monthly analysis of the Debtors' financial information (including analysis of significant changes financially, operationally or otherwise);
>
> (b)   analysis of the Debtors' general financial and business condition, including an analysis of current assets and liabilities, PP&E and other "soft" assets;
>
> (c)   qualitative analysis of the Debtors' plants, operations and facilities;
>
> (d)   qualitative analysis of the Debtors' customers and suppliers;
>
> (e)   qualitative analysis of the Debtors' principal products and markets;
>
> (f)   meet with Committee to discuss SRR's various analyses;

- 2 -

NYC:175775.4

(g)     determination of the Debtors' enterprise value as of the Petition Date and as of the effective date of a chapter 11 plan of reorganization; and

(h)     provide expert witness report and testimony regarding the Debtors' enterprise valuation, the valuation of any securities proposed to be issued under any chapter 11 plan of reorganization of the Debtors, confirmation issues, or other matters.

6.     The Committee may limit or expand the scope of SRR's representation from time to time on terms mutually acceptable to the parties in writing.

7.     Subject to this Court's approval of the Application, SRR is willing to serve as the Committee's financial advisor and to perform the services described above.

8.     Except as otherwise set forth herein, to the best of my knowledge, SRR (i) does not have any connection with the Debtors, the Debtors' creditors, their respective attorneys and accountants or any other party-in-interest (as reasonably known to us) and (ii) pursuant to 11 U.S.C. § 1103(b), does not provide advisory services to any other entity having an adverse interest in connection with these cases.

9.     In connection with its proposed retention by the Committee, SRR has conducted a conflicts check and due inquiry regarding its relations with the Debtors, their significant creditors and stakeholders, and the professionals in the case to determine whether it has any conflicts or potential conflicts in these cases. Among other things, SRR circulated the list of the parties-in-interest in these chapter 11 cases to SRR's professionals for their review of any relationships or potential conflicts of interest. The list of entities and persons from which SRR ran a conflicts check is attached as Schedule I hereto. SRR's relationships are attached as Schedule 2 hereto.

10.     To the best of my knowledge, after the investigation described above, SRR does not hold, or represent any entity holding, an interest adverse to the bankruptcy estates

-3-

NYC:175775.4

or the Committee.   In connection with SRR's retention in March 2007 by Waller, Lansden Dortch & Davis LLP, counsel to Capital Source Finance LLC and CSE Mortgage LLC, SRR performed real estate valuations on certain of the Debtors' owned real property.

11.    To the best of my knowledge and based on the investigation described above, and except as set forth above and in Schedule 2, SRR has no connection with the Debtors, creditors, any other party in interest in these chapter 11 cases that was searched, or their respective attorneys and accountants.

12.    To the best of my knowledge and based in the investigation described above, no director, officer, or employee of SRR is related to any United States Bankruptcy Judge in the Southern District of New York.

13.    In addition to the aforementioned, SRR is involved in numerous cases, proceedings and transactions involving many different professionals, attorneys, accountants and financial consultants, some of which may represent claimants and parties-in-interest in the Debtors' chapter 11 cases. Further, SRR has in the past, and may in the future, be represented by several attorneys and law firms, some of whom may be involved in these cases.  In addition, SRR has in the past, and may in the future, be working with or against other professionals and creditor committee members involved in these cases in matters wholly unrelated to these cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these business relationships constitute interests materially adverse to the Debtors herein in matters upon which SRR is to be employed, and none are in connection with these cases.

14.    Neither SRR nor, to the best of my knowledge, any employee of SRR is or was a creditor or equity holder of the Debtors.

- 4 -

NYC:175775.4

15.    Neither SRR nor, to the best of my knowledge, any employee of SRR is or was, within two years before the commencement of these cases, an investment banker for the Debtors in connection with the offer, sale or issuance of a security of the Debtors.

16.    The Debtors have numerous relationships with third parties and creditors. Consequently, although every reasonable effort has been made to discover and eliminate the possibility of any conflict, including the efforts outlined above, SRR is unable to state with certainty whether one of its clients or an affiliate of one of its clients holds a claim or otherwise is a party-in-interest in these chapter 11 cases. If SRR discovers any information that is contrary to or pertinent to the disclosures made herein, SRR will promptly disclose such information to this Court, to the Debtors' creditors and the Office of the United States Trustee.

17.    As of the date of this Affidavit, SRR has received no compensation for its work on behalf of the Committee.

18.    Subject to the Court's approval, and pursuant to the terms and conditions of the Engagement Letter, SRR has agreed to accept payment for its services on the following terms and conditions (the "Fee Structure"):

(a)    commencing as of May 13, 2008, SRR shall be paid by the Debtors a monthly fee each month in advance of its services, on the first day of each month, of (i) $50,000 per month, for the first 10 months of the engagement and (ii) $20,000 per month thereafter through the Plan Approval Date (as defined in the Engagement Letter). Notwithstanding any termination of SRR's engagement, the Debtors shall pay SRR the monthly fee for a minimum of 10 months;

(b)    the first monthly payment shall be paid by the Debtors as soon as practicable after entry of an order of this Court approving the Committee's retention of SRR;

(c)    to the extent the Committee requests SRR to perform additional services not contemplated by the engagement letter after the initial 10 months of the engagement, the Committee and SRR may mutually agree to modify the monthly fee; and

- 5 -

NYC:175775.4

(d)    reimbursement for all of SRR's reasonable out-of-pocket expenses reasonably incurred in connection with its legal engagement by the Committee, including the reasonable fees and expenses of its legal counsel (SRR agrees that its expenses will not exceed $25,000 without the Committee's prior approval, which approval shall not be unreasonably withheld or delayed).

19.    The fees set forth herein are consistent with SRR's typical fees for work of this nature. These fees are set at a level designed to compensate SRR fairly for the work of its professionals and assistants and to cover fixed and routine overhead expenses. It is SRR's policy to charge its clients for all reasonable disbursements and expenses incurred in the rendition of services.

20.    Other than as set forth above, and as more fully set forth in the Engagement Letter, there is no proposed arrangement between the Committee or other parties in interest, and SRR for compensation to be paid in these cases.

21.    SRR intends to apply to the court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court, and pursuant to any additional procedures that may be established by the Court in these cases.

22.    Since SRR will be compensated with a fixed fee, SRR requests that it be relieved of providing detailed time records a schedule of rates, in connection with its monthly statements, or interim and final fee applications. This is consistent with the practice of financial advisors in other chapter 11 cases whose fee agreements are not hours-based.

23.    The proposed employment of SRR is not prohibited by or improper under Rule 5002 of the Federal Rule of Bankruptcy Procedure.

- 6 -

NYC:175775.4

JEFFREY M. RISIUS
Managing Director
Stout Risius Ross, Inc.

Affirmed before me this 13th day
of May, 2008

Notary Public

JACLYN PARRISH
Notary Public - Michigan
Wayne County
My Commission Expires Mar 6, 2013
Acting in the County of Oakland



- 7 -

NYC:175775.4

## Schedule 1

1.  **Debtors**

    a.  Lexington Precision Corporation
    b.  Lexington Rubber Group, Inc.

2.  **Pre-Petition Secured Lenders**

    a.  CapitalSource Finance LLC
    b.  Webster Business Credit Corporation
    c.  CSE Mortgage LLC
    d.  DMD Special Situations, LLC

3.  **Indenture Trustee for 12% Subordinated Notes**

    a.  Wilmington Trust Company

4.  **Holders of 12% Senior Subordinated Notes**

    a.  Cape Investments, LLC
    b.  Hedgehog Capital LLC
    c.  Jefferies High Yield Trading
    d.  Sandler Capital Management
    e.  Valhalla Capital Partners, LLC
    f.  Wilfrid Aubrey, LLC
    g.  Warren Delano
    h.  Michael Lubin

5.  **Debtors' Largest Unsecured Creditors**

    a.  American Express
    b.  Environmental Products and Services of Vermont, Inc.
    c.  Goodyear Tire & Rubber Co.
    d.  Momentive Performance Materials, Inc.
    e.  PPG Industries, Inc.
    f.  Wacker Chemical Corporation
    g.  Chase Brass & Copper, Inc.
    h.  Earle M. Jorgensen
    i.  Environmental Products & Services
    j.  Signature Aluminum
    k.  Shin-Etsu Silicones of America, Inc.
    l.  Ohio Edison
    m.  Keystone Profiles
    n.  Channel Prime Alliance
    o.  Vitex Corporation
    p.  Haley & Aldrich, Inc.

q.   Degussa Huls Corporation
r.   Lintech International
s.   Imperial Die & Mfg Co.
t.   Gold Key Processing, Ltd.
u.   Process Oils, Inc.
v.   Copper & Brass Sales
w.   Gosiger Machine Tools
x.   Technical Machine
y.   Excellus Blue Cross
z.   Preferred Rubber
aa.  China Auto Group
bb.  Burnt Mountain Center, Inc.
cc.  Dow CorningSTI

6.   **DIP Lenders**

a.   Michael Lubin
b.   Lubin Partners, LLC
c.   ORA Associate LLC

7.   **5% or More Stockholder**

a.   Warren Delano
b.   Michael Lubin
c.   William B. Conner

8.   **Debtors Professionals**

a.   Weil, Gotshal & Manges LLP
b.   W.Y. Campbell and Company

9.   **Bankruptcy Judges in the Southern District of New York**

a.   Stuart M. Bernstein
b.   Prudence C. Beatty
c.   Robert D. Drain
d.   Robert E. Gerber
e.   Martin Glenn
f.   Arthur J. Gonzalez
g.   Allan L. Gropper
h.   Adlai S. Hardin
i.   Burton R. Lifland
j.   Cecelia G. Morris
k.   James M. Peck

### Schedule 2

**Waller Lansden Dortch & Davis, LLP - Appraisal**

In 2007, Stout Risius Ross, Inc. ("SRR") performed real estate valuation services on certain Lexington Precision Corporation properties for Waller Lansden Dortch & Davis, LLP, on behalf of CapitalSource Finance LLC and CSE Mortgage LLC. SRR received fees and expenses from Waller Lansden Dortch & Davis, LLP in connection with this engagement of approximately $33,908. This work was maintained confidential from Lexington's employees.

**Wacker Chemical Corporation (Wacker Silicones) – Committee Member**

In 2000, SRR issued an expert report and testified at a deposition on behalf of Wacker Silicones regarding a claim against a software consultant/implementation company relating to their conversion to the SAP platform. SRR received fees and expenses from Wacker Silicones in connection with this engagement of approximately $64,909.

**Dow Corning Corporation - Creditor**

SRR is currently performing tax valuation services for Dow Corning Corporation in Midland, MI. To date, SRR received fees and expenses from Dow Corning Corporation in connection with this engagement of approximately $10,105.

**American Express - Creditor**

In 2006, SRR performed litigation support services on behalf of Carpenter & Lipps LLP for American Express in a breach of contract case. SRR received fees from Carpenter & Lipps LLP in connection with this engagement of approximately $3,189.

NYC:176219.1

**Goodyear Tire & Rubber Co. - Creditor**

In 2005, SRR performed financial advisory services regarding Goodyear Tire & Rubber Co. operations on behalf of Ford Motor Company. SRR received fees and expenses from Ford Motor Company in connection with this engagement of approximately $8,459.

**Copper & Brass Sales, Inc. - Creditor**

In 1997, SRR performed a purchase price allocation for Thyssen Inc., N.A. in connection with Copper & Brass Sales, Inc. SRR received fees from Thyssen Inc., N.A. in connection with this engagement of approximately $7,339.

**Possible acquisition of Lexington Precision Corporation - Employee**

In 2007, a current employee at SRR while employed by Blue Point Capital, performed due diligence on Lexington Precision Corporation *et al.* Blue Point Capital considered acquiring all or some of Lexington Precision Corporation. This employee is not involved with the engagement team and will not be contacted regarding his prior involvement with Lexington Precision Corporation *et al.* or this current engagement.

NYC:176219.1