WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
::
**In re**  :  **Chapter 11 Case No.**
::
**LEXINGTON PRECISION CORP., et al.,**  :  **08-11153 (MG)**
::
**Debtors.**  :  **(Jointly Administered)**
::
------------------------------------------------------------x

**DEBTORS' REPLY TO THE COMMITTEE'S OBJECTION TO MOTION FOR
ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 1007(c)
FURTHER EXTENDING THE TIME TO FILE THE DEBTORS' SCHEDULES,
STATEMENT OF FINANCIAL AFFIARS AND RELATED DOCUMENTS**

TO THE HONORABLE MARTIN GLENN:

       Lexington Precision Corporation ("LPC") and its wholly-owned subsidiary,

Lexington Rubber Group, Inc., (together, the "Debtors") submit this reply to the Objection (the

"Objection") to the Motion (the "Motion") for Entry for an Order Pursuant to Bankruptcy Rule

1007(c) Further Extending the Time to File the Debtors' Schedules, Statement of Financial

Affairs, and Related Documents filed by the Official Committee of Unsecured Creditors (the

"Committee") and respectfully represent:

       1.     By the Motion, the Debtors seek an additional 30 days to file their

schedules, statements of financial affairs, and related documents (collectively, the "Schedules").

2. The Office of the United States Trustee has not objected to this administrative request.

3. The Committee has objected to the Motion, however, based upon (i) its meritless contention that the Debtors should have spent time prior to the Commencement Date (as defined in the Motion) preparing the Schedules, presumably in lieu of, for example, negotiating with the prepetition secured lenders with respect to an out-of-court restructuring or ensuring that the Debtors have sufficient liquidity in a chapter 11 case, and (ii) the contention that Schedules are important and need to be reviewed by the Committee, a contention that the Debtors do not dispute. Neither of these contentions, however, rebut (or even address) the ample cause demonstrated in the Motion and below, and that will be demonstrated at the hearing, for the granting of the mere 30 day extension that is requested in the Motion.

**Debtors Should Not Be Penalized for Not
Preparing the Schedules Prior to the Commencement Date**

4. The Committee's speculative contention that the Debtors should have been preparing the Schedules for several months prior to the Commencement Date ignores the facts extant prior to the Commencement Date and the applicable provisions of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). During the weeks leading up to the Commencement Date, the Debtors were faced with numerous tasks that they necessarily prioritized as having greater importance to their out-of-court and chapter 11 efforts than preparation of the Schedules. During that time, the Debtors were involved in negotiating an out-of-court resolution to the Debtors' financial problems.

5. When those efforts proved to be unsuccessful, the Debtors devoted their time to preparing for a chapter 11 filing. To ensure a smoother transition into chapter 11, the Debtors devoted substantially all of their time prior to the Commencement Date to preparing

first-day motions, such as, among many others, the petitions, the motion to continue using their cash management system, the motion to pay employee wages and benefits, and the motion to continue their workers compensation programs. In addition, to ensure the necessary liquidity to operate in chapter 11, the Debtors devoted a significant amount of time to negotiating the use of the prepetition senior lenders' cash collateral and obtaining additional postpetition financing.

6. Because of the numerous tasks the Debtors faced with respect to negotiating an out-of-court restructuring and then preparing for a chapter 11 filing, the Debtors simply did not have an opportunity to complete the Schedules prior to the Commencement Date. Nor are the Debtors required to do so, as the Bankruptcy Rules provide debtors with a period postpetition to complete their schedules and provide the Court with the authority to extend that period for cause. Although the Schedules are indeed important, there is no doubt that addressing the first-day motions and the Debtors' need for liquidity in chapter 11 had – and properly should have had – a greater priority than preparing the Schedules.

### The Fact that Schedules Are Important Does Not Rebut the Ample Cause Demonstrated to Grant the Extension

7. The Committee's second contention – that the Schedules are important and therefore should be filed immediately – does not rebut the ample cause shown for granting a 30 day extension for the Debtors' time to file the Schedules.

8. The Debtors do not dispute that the Schedules are important to the Committee (or any other party in interest). In fact, the Schedules are important to the Debtors as well in preparing their plan of reorganization. But axiomatic assertions that Schedules are important does not constitute a good reason for objecting to a short extension of the time period for the Debtors to complete and file these critical documents. Indeed, the importance of these

documents necessitates the requested extension, as there is no justification for rapidly filing important documents before they are complete and accurate.

9. The Debtors have been diligently working to complete the Schedules and anticipate filing sections of the Schedules in the ensuing weeks. However, for the reasons set forth in the Motion and below, and which will be stated at the hearing, Debtors' best efforts notwithstanding, it is unlikely that that Debtors will be able to complete all of the Schedules and file them by the current deadline, May 31, 2008.

**Ample Cause Exists to Further Extend the Time for Debtors to File Schedules**

10. In addition to their day-to-day responsibilities, the Debtors' Chief Financial Officer, Dennis J. Welhouse, and his staff – which consists of only a handful of individuals – (collectively, the "Financing Department"), have been tasked with the responsibility for preparing the Schedules. The Financing Department has numerous other responsibilities during the course of these chapter 11 cases, all of which have taxed the Financing Department's finite resources and have resulted in a delay in completing the Schedules.

11. Specifically, LPC is a public company and as such has to comply with various reporting requirements under the securities laws. The Commencement Date overlapped with the preparation of the LPC's annual and quarterly reports which LPC must file with the United States Securities and Exchange Commission, and which have taken longer to prepare than anticipated because of the chapter 11 filing. Because the Finance Department prepares internally LPC's annual report on Form 10-K (originally due on March 31, 2008) and its first quarter report on Form 10-Q (originally due on May 15, 2008), a significant portion of its time after the Commencement Date necessarily has been devoted to the preparation and filing of these reports. The 2007 annual report was filed last week and the quarterly report for the first quarter of 2008 is expected to be completed shortly. Assisting LPC's outside independent public accounting firm

that has been examining these two reports over the past couple of weeks has taken up additional time and resources.  The Finance Department has also prepared (i) a proxy statement in connection with the Debtors' annual shareholder meeting, which will be held on May 28, 2008.  Furthermore, in addition to the weekly information provided to the Debtors' senior prepetition lenders, the Finance Department also needs to prepare a new 13-week cash receipts and disbursements budget for the Debtors' senior prepetition lenders pursuant to the order approving the Debtors' use of cash collateral, which is due on June 6, 2008.

12.     All the while, the Finance Department has assisted in stabilizing the Debtors' postpetition operations and maintaining relationships with customers, employees, and suppliers in addition to the department's day-to-day responsibilities in running the Debtors' business.

13.     This confluence of factors has resulted in a delay in completion of the Schedules.  Indeed, by filing the Objection, the Committee has all but ensured that an extension is necessary as now the Debtors must divert their attention away from the Schedules to preparing for a contested hearing on the Motion.  Specifically, Mr. Welhouse, instead of preparing the Schedules, will now be spending two days preparing for and attending the hearing on the Motion.

14.     Based on the totality of the circumstances, and given the reality that the Debtors do not believe that they will be in a position to file all of the Schedules by May 31, 2008, ample cause exists to extend the time for the Debtors to file their Schedules for an additional 30 days.

WHEREFORE the Debtors respectfully request the Committee's Objection be overruled and the relief requested in the Motion be granted, along with such other and further relief as is just.

Dated: New York, New York
       May 23, 2008

/s/ Christopher J. Marcus
Richard P. Krasnow, Esq.
Christopher J. Marcus, Esq.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:   (212) 310-8000
Facsimile:    (212) 310-8007

Attorneys for Debtors
and Debtors in Possession