WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak
Christopher J. Marcus

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**LEXINGTON PRECISION CORP., et al.,** : **08-11153 (MG)**
: 
Debtors. : **(Jointly Administered)**
: 
---------------------------------------------------------------x

**DEBTORS' OBJECTION TO COMMITTEE'S NOTICE AND REQUEST
PURSUANT TO F.R.B.P. 9014(e) AND LOCAL RULE 9014-2(a) WITH
RESPECT TO THE COMMITTEE'S MOTION TO TERMINATE EXCLUSIVITY
UNDER SECTION 1121(D) OF THE BANKRUPTCY CODE**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber Group" and, together with Lexington Precision, "Lexington" or the "Debtors"), as debtors and debtors in possession, respectfully submit this objection to the notice and request, dated June 5, 2008 (the "Request"), of the Official Creditors' Committee (the "Committee"). The Committee requests that the initial hearing (the "Initial Hearing") on its motion to terminate exclusivity [Docket No. 133] (the "Motion") be conducted as an evidentiary hearing or, in the alternative, that an evidentiary hearing be set for a subsequent date.

1.      The Committee states that an evidentiary hearing is necessary to resolve material, disputed issues of fact but does not identify a single such issue in the Request.  The Debtors disagree.  For the reasons set forth in their objection to the Motion [Docket No. 161] (the "Objection") and accompanying Memorandum of Law [Docket No. 162], the Debtors believe the Court can and should decide the Motion as a matter of law.  Even if there exist disputed factual issues regarding pre-petition events, for reasons set forth in the Objection, these issues are irrelevant to the disposition of the Motion because even accepting the Committee's factual allegations as true for purposes of the Motion, they do not constitute cause to terminate exclusivity.

2.      The Debtors' primary goal is to get the Motion resolved expeditiously and efficiently so they can devote their full attention to preparing and filing a plan of reorganization on the expedited schedule previously agreed upon.   If the Court concludes that evidence should be taken at the Initial Hearing, the Debtors will be prepared to proceed.  To facilitate that, the Debtors request that the Court require the Committee, upon request by the Debtors, to make any witnesses it intends to call available for deposition on Monday or Tuesday, June 9 or 10, 2008, in New York City.

WHEREFORE for the reasons set forth herein, the Debtors respectfully request that the Court deny the Request and grant such other and further relief as is just.

Dated: June 5, 2008
      New York, New York

/s/ Adam P. Strochak
Richard P. Krasnow
Adam P. Strochak
Christopher J. Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession