UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                              :
                                                    :    Chapter 11
                                                    :
LEXINGTON PRECISION CORP, et al.,                   :    Case No. 08-11153 (MG)
                                                    :
                                                    :    (Jointly Administered)
                        Debtors.                    :
---------------------------------------------------------------x

### AFFIDAVIT OF ROBERT J. WELCH IN SUPPORT OF COMMITTEE'S REPLY TO DEBTORS' OBJECTION TO MOTION FOR ORDER TERMINATING DEBTORS' EXCLUSIVITY UNDER SECTION 1121(D) OF THE BANKRUPTCY CODE

STATE OF NEW YORK    )
                     )  ss.:
COUNTY OF NEW YORK   )

Robert J. Welch, being duly sworn, deposes and says:

1.  I am Managing Director of Jefferies & Company, Inc. ("Jefferies") which is located at One Station Place, Three North, Stamford, CT 06902.

2.  Jefferies owns approximately $12.69 million principal amount (plus $3.43 million of accrued and unpaid interest) of the Lexington Precision Corporation's ("Lexington") 12% Senior Subordinated Notes due 2009 (the "12% Notes"). Jefferies was a member of the Ad Hoc Noteholders' Committee prior to the Petition Date (the "Ad Hoc Committee"). Jefferies is currently a member of the Official Committee of Unsecured Creditors of the Debtors (the "Committee"). I serve as Chairperson of the Committee.

3.  I submit this affidavit in support of the Committee's Reply to the Debtors' Objection to Motion for an Order terminating the Debtors' exclusivity under Section 1121(d) of the Bankruptcy Code (the "Motion"). I have personal knowledge of the facts and circumstances described herein, except as otherwise indicated.

NYC:177803.4

4. Set forth below is a description of the negotiations surrounding, and "substance" of the March 28, 2008 proposal (the "March 28th Proposal"), which is attached hereto as <u>Exhibit A</u>, which was made to Jefferies by Management and which is briefly discussed, and mischaracterized, in Paragraph 28 of the Declaration of Michael A. Lubin in support of Debtors' Objection to the Official Creditors' Committee's Motion for Order Terminating Exclusivity Under Section 1121(d) of the Bankruptcy Code dated June 4, 2008 (the "Lubin Declaration").

5. The March 28th Proposal called for a full conversion of the 12% Notes to common stock at an undisclosed conversion rate. I find it disingenuous for Lubin to assert that "Lexington and its advisors believed that this proposal, too, would have offered the [Noteholders] a full recovery" as the negotiations never reached a point at which one could discern the economics of the March 28th Proposal. Rather, Management's negotiations were focused on governance issues. Management's principal concerns were that: (i) for a two year period they maintain their positions as officers and Board members of Lexington; (ii) for a period of not less then two years they retain at a minimum joint control of the Lexington Board through which they would retain control over certain corporate transactions (including, mergers, acquisitions, a sale of all or substantially all of the assets of Lexington, or changes in Board size issuance of additional common shares) as such would require a vote of the majority of the Board, and (iii) prior to the expiration of the shared control period, Management (<u>not</u> Lexington as stated in the Lubin Declaration) would have the right to repurchase the Noteholders' shares at unrealistic internal rate of return which was not reflective of the equity risk.

6. The March 28th Proposal is clearly geared towards governance issues which suggests that, at the time, Management was not acting as a fiduciary to anyone but themselves. Management's principal concerns were maintaining: (i) shared control of Lexington and (ii) the option to buy back the Noteholders' shares if Lexington's business and prospects were ever "turned around" or if Management was at the risk of losing control. Such concerns were for the

2

advancement the interests Management and other insiders who control over 70% of the common stock. The tenor of the March 28th Proposal goes to the fact that Management certainly has never acted as fiduciary to creditors in this process.

7. Finally, in rebuttal to the Lubin Declaration, at no time after the Petition Date has management reached out to myself, as Chairperson, or, to my knowledge, any other member of the Committee or to its counsel. The Debtors continually harp on the notion that the Committee has not approached them to negotiate a plan of reorganization. This is disingenuous as the Ad Hoc Committee and the Committee have always been willing to sit down at the table - - as evidenced by the eighteen month process pre-petition. The Debtors have chosen not to engage nor share with the Committee any outline for a proposed plan. Surely, the Debtors have such in their possession as they have told the Court on numerous occasions that they will file their plan by June 30, 2008 - - less than three weeks from today.

8. I have read the Affidavit of Nicholas W. Walsh in support of the Committee's reply to the Debtors' Objection to the Motion sworn to as of this date (the "Walsh Affidavit"). I have personal knowledge of the facts set forth therein. I agree with all of those factual statements and incorporate them by reference. It is clear to me that throughout the pre-petition process, Management devised every proposal such that Management (along with other insiders) would maintain control over the Debtors and Noteholders would not be paid in full and would receive a minority equity stake in the reorganized company.

9. I respectfully request that the Debtors' exclusivity be terminated under Section 1121(d) of the Bankruptcy Code so that creditors can propose their own plan on the same timetable as Management's proposal and that the Committee's motion for such relief be granted.

3

_____
Robert J. Welch

Sworn to and submitted before me
this 10th day of June, 2008.

_____
Notary Public

**MARIANNE KELLY**
**NOTARY PUBLIC**
MY COMMISSION EXPIRES MAY 31, 2013

4