```
 1                    UNITED STATES BANKRUPTCY COURT
                      SOUTHERN DISTRICT OF NEW YORK
 2

 3   ---------------------------------------X
                                             :
 4   In Re:                                  :   08-11153 (MG)
                                             :
 5       LEXINGTON PRECISION CORPORATION,    :   One Bowling Green
                                             :   New York, New York
 6                Debtor.                    :   May 28, 2008
                                             :
 7   ---------------------------------------X

 8                         TRANSCRIPT OF MOTIONS
                    BEFORE THE HONORABLE MARTIN GLENN
 9                    UNITED STATES BANKRUPTCY JUDGE

10
     APPEARANCES:
11

12   For the Debtors:           VICTORIA VRON, ESQ.
                                CHRISTOPHER MARCUS, ESQ.
13                              Weil, Gotshal & Manges LLP
                                767 Fifth Avenue
14                              New York, New York  10153

15   For the Bondholders:       PAUL SILVERSTEIN, ESQ.
      Committee                 Andrews Kurth LLP
16                              450 Lexington Avenue
                                New York, New York  10017
17
     For Capital Source:        AARON R. CAHN, ESQ.
18                              Carter, Ledyard & Milburn LLP
                                2 Wall Street
19                              New York, New York 10008

20   For the U.S. Trustee:      Office of the United States Trustee
                                BY: SERENE K. NAKANO, ESQ.
21                              Assistant United States Trustee
                                33 Whitehall Street
22                              New York, New York 10024

23   Court Transcriber:         SHARI RIEMER
                                TypeWrite Word Processing Service
24                              356 Eltingville Boulevard
                                Staten Island, New York 10312
25



     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

2

1       THE COURT: The first matter we call is <u>Lexington</u>
2  <u>Precision</u>, 08-11153.
3       MS. VRON:  Good afternoon, Your Honor.  Victoria Vron
4  from Weil, Gotshal & Manges on behalf of the debtors.
5       THE COURT: Good afternoon.
6       MS. VRON: I have in the courtroom here with me
7  Christopher Marcus and I believe we should also have on the
8  phone Andre Augier, managing director of WI Campbell, the
9  proposed financial advisor for the debtors.
10      We have on the calendar today two motions.  We filed
11 an agenda yesterday noting that both of these motions are
12 uncontested.  The first motion which was docketed under Docket
13 Number 90 is debtor's motion to retain WI Campbell as the
14 debtor's financial advisor.  As noted on the agenda, we did not
15 receive any objections to this motion.  We have received some
16 informal comments from the U.S. Trustee and from the debtor's
17 pre-petition lenders.  I just would like to note that on the
18 agenda we incorrectly noted that the Creditors Committee has
19 also submitted informal comments.  They have not.  The debtors
20 have resolved all their formal comments and we're prepared to
21 submit a revised proposed order to Your Honor.
22      THE COURT: Let me ask.  Does anyone wish to be heard
23 with respect to this motion?
24      MR. SILVERSTEIN: No, Your Honor.
25      THE COURT: Thank you.

```
 1            Your motion will be granted with the changes that
 2   have been made in the proposed order.  Why don't you wait until
 3   we finish the other matters?  You can hand up any orders at one
 4   time.
 5            MS. VRON: Of course, Your Honor.
 6            The second motion we have on the calendar was a
 7   motion that was docketed under Number 108.  It's the debtor's
 8   motion to extend the time to file schedules.  Currently the
 9   debtors have until May 31st to file their schedules.  The
10   debtors had originally sought an extra thirty days until the
11   end of June to file schedules.  We received an objection from
12   the Creditors Committee and as we stated in our reply that we
13   filed last Friday, there are a variety of factors that have
14   resulted in the debtors not being able to complete the
15   schedules by May 31st including the preparing of the company's
16   annual reports, the quarterly statements, also preparing for
17   the annual shareholder meeting and preparing various reports
18   that are required under the cash collateral order to be sent to
19   the pre-petition secured lenders.  Nonetheless, we have
20   discussed the Committee's objection with the Committee and have
21   agreed to modify a motion to seek an extension only until June
22   13th instead of June 30th.  The debtors expect that they will
23   be able to file their schedules by June 13th.
24            Your Honor, unless you have any questions on this
25   motion I would like -- I would ask the Court that you grant the
```

```
                                                                  4
 1  motion as modified.
 2             THE COURT:  I had reviewed the motion.  I reviewed the
 3  Committee's objection, the debtor's reply and your
 4  representations with respect to the resolution which seems to
 5  me to be appropriate.  So the Court will grant the motion to
 6  extend the time for the debtor to submit its -- extending the
 7  time to submit its schedules to the date you provided.
 8             MS. VRON:  Thank you, Your Honor.
 9             THE COURT:  Counsel, do you want to be heard on that?
10             MR. SILVERSTEIN:  Yes, I do, Your Honor.  Thank you,
11  Your Honor.  Paul Silverstein, Andrews Kurth for the Committee.
12             Your Honor, we exceeded to the debtor's request that
13  the time to file schedules and the statements be extended to
14  the 15th really on the theory that as I said to Mr. Crasnoff
15  [Ph.] he was telling me it was impossible to do it before then.
16  There's not a heck of a lot I can do.  There's no water
17  boarding allowed here and I don't have a lot of recourse on
18  that.
19             The problem is a little bit more general and I would
20  like to make a few comments to the Court I suppose more in the
21  nature of 105(d) status conference in terms of the situation
22  with information flow.  The schedules and the statements really
23  are one indication of the information flow that's not fully
24  flowing as it should be flowing.  There will come a point in
25  this case -- in these cases when it will be moving quickly and
```

5

1   intensely and my concern is that because the debtors right now
2   are seriously lagging in responding to the Committee's
3   financial advisors and the requests for data and information
4   that we're going to reach a point where the Committee is
5   somewhat behind the eight ball.  For example, the monthly
6   operating reports were extended on consent of the U.S. Trustee
7   and the Committee consented also because when someone requests
8   a few weeks extension we don't fight over silly things.  But,
9   for example, the Committee should be getting the same cash
10  collateral statements or cash collateral usage statements that
11  the secured lenders are getting.
12          There is basically -- I'm not  asking for relief
13  today.  I'm just giving Your Honor a status as to where we
14  perceive ourselves to be.  There's not the kind of transparency
15  that one is supposed to see in a Chapter 11  case and again, we
16  haven't sought formal relief but we're not getting the
17  information flow.  We're not getting the data flow and I don't
18  want to be in a situation in three days from now or so when
19  things are moving faster and furious, if you will, that we're
20  behind the eight ball.  So with those comments, again, we do
21  not object to extending the schedule, the date for filing
22  schedules and statements until the 15th I believe.
23          MS. VRON: 13th.
24          MR. SILVERSTEIN: 13th I believe.  But the -- to date
25  there has been a lack of transparency and a lack of

```
                                                                  6
 1   responsiveness in terms of giving the Committee the data and
 2   the information that we request.  That being said, I have
 3   nothing further.
 4            THE COURT: Thank you, Mr. Silverstein.
 5            Does the debtor want to be heard further?
 6            MS. VRON: Yes, Your Honor.  Just a couple of remarks,
 7   Your Honor.
 8            As Mr. Silverstein admitted, he has no pending motion
 9   before Your Honor with respect to the matters he just
10   discussed.  So I'm not really sure what's before this Court but
11   just to respond to Mr. Silverstein, the debtors had been
12   diligently providing documents at the request of the Committee.
13   We are in the process right now of reviewing the Committee's
14   very lengthy document requests and as Mr. Silverstein knows
15   such document requests are often negotiated with the Committee
16   first -- with the debtors first in order to narrow down -- in
17   order to narrow the scope of the requests and the debtor is in
18   the process of doing that right now.  So we're not really sure
19   what Mr. Silverstein means by there being a lack of information
20   flow in this case.
21            Thank you, Your Honor.
22            THE COURT: Mr. Silverstein, just sit here.
23            MR. SILVERSTEIN: Thank you.  Certainly.
24            THE COURT: Maybe the debtor -- maybe you can give me
25   an update on where things stand generally in the case at this
```

1  point.
2          MS. VRON: Your Honor, as you may know, under the cash
3  collateral order the debtors have to propose a final
4  reorganization -- has to file a plan of reorganization by June
5  30th and we're very well into that process.  We're preparing
6  the plan right now and expect to file it by June 30th.  We're
7  also working on the disclosure statement.  So we are pretty far
8  along in this reorganization.
9          THE COURT: Let me just make an observation.  I've
10 already seen the Committee's motion to terminate exclusivity.
11 I know that that's scheduled for sometime in June.  I obviously
12 will consider motions when they come on.  I would just make the
13 observation that based on the few hearings we've had in this
14 case to date it seems to me to be heading down an unduly
15 contentious path.
16         I will accept the Committee's motion as having been
17 made in good faith but I would observe that the Committee's
18 approach seems to have been to object to everything that has
19 occurred in this case to date and then perhaps back off on its
20 position.  I don't appreciate -- well, we'll take one motion at
21 a time and if the parties can't resolve issues they'll come on
22 with regularly scheduled motions.  That's really all I have to
23 say.  So this matter is adjourned.
24         MS. VRON: Your Honor, actually can I present --
25         THE COURT: Why don't you just hand up to one of my

```
                                                                    8
 1   law clerks the --
 2            MR. SILVERSTEIN: Your Honor, may I respond?
 3            THE COURT: No, Mr. Silverstein, you may not.
 4            MR. SILVERSTEIN: Okay.  Thank you.
 5            THE COURT: Thank you, Counsel.
 6                            * * * * *
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                  9
 1       I certify that the foregoing is a court transcript from an
 2  electronic sound recording of the proceedings in the above-
 3  entitled matter.
 4
 5                                  _____
 6                                        Shari Riemer
 7  Dated:  May 29, 2008
```