UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re                                             :        Chapter 11 Case No.
:
LEXINGTON PRECISION CORP., et al.,                :        08-11153 (MG)
:
Debtors.                                   :        (Jointly Administered)
:
---------------------------------------------------------------x

**ORDER PURSUANT TO BANKRUPTCY RULES 2002(a)(7), (f), AND (*l*) AND
3003(c)(3) AND SECTION 502(b)(9) OF THE BANKRUPTCY CODE
ESTABLISHING DEADLINES FOR FILING PROOFS OF
CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion, dated June 27, 2008 (the "Motion"), of Lexington Precision Corporation and Lexington Rubber Group, Inc. (together, the "Debtors"), for entry of an order pursuant to Rules 2002(a)(7), (f), and (*l*) and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 502(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") establishing deadlines for filing proofs of claim and approving the form and manner of notice thereof, all as more fully described in the Motion; and the Court[1] having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and no other notice need be provided; and such relief being in the best interest of the Debtors, their estates

---

[1] Capitalized terms used herein but not defined have the meanings ascribed in the Motion.

and creditors; and after due deliberation, and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted **to the extent provided herein [MG]**; and it is further

ORDERED that, except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, and trust) that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors that arose prior to April 1, 2008 must file an original proof of claim (a "Proof of Claim") so that the Lexington Claims Processing Center (as defined below) receives the Proof of Claim on or before **August 15, 2008 at 5:00 p.m**. (prevailing Eastern Time) (the "Bar Date"); and it is further

ORDERED that, except as otherwise provided herein, each Government Unit (as defined by section 101(27) of the Bankruptcy Code) that asserts a claim against any of the Debtors that arose prior to April 1, 2008 must file a Proof of Claim so that the Lexington Claims Processing Center (as defined below) receives the Proof of Claim on or before **September 29, 2008 at 5:00 p.m.** (prevailing Eastern Time) (the "Government Bar Date"); and it is further

ORDERED that the following procedures for filing proofs of claim shall apply:

(a) Proofs of Claim shall substantially conform to the form of Proof of Claim annexed to the Motion as Exhibit B, which is hereby approved in all respects, or Official Bankruptcy Form No. 10;

(b) Proofs of Claim must be received on or before the Bar Date or the Government Bar Date, as applicable, by the official claims agent in the Debtors' chapter 11 cases, Epiq Bankruptcy Solutions, LLC ("Epiq"), either by (i) overnight mail or hand delivery to Lexington Precision Claims Processing Center c/o Epiq Bankruptcy

2

      Solutions, LLC, 757 3rd Avenue, 3rd Floor, New York, New York 10017 or (ii) first-class mail to Lexington Precision Corporation Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5069, New York, New York 10150-5069 (collectively, the "Lexington Claims Processing Center");

(c) Debtors and Epiq shall **not** be required to accept a Proof of Claim sent by facsimile, telecopy, or electronic mail transmission;

(d) Proofs of Claim will be deemed timely filed only if **actually received** by the Lexington Claims Processing Center on or before the Bar Date or the Government Bar Date, as applicable;

(e) Proofs of Claim must: (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include supporting documentation (if voluminous, attach a summary) or explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency; and

(f) Proofs of Claim must specify by name and case number the Debtor against which the Proof of Claim is filed; if the holder asserts a claim against more than one Debtor **or has claims against different Debtors [MG]**, a separate Proof of Claim must be filed against each Debtor.

and it is further

  ORDERED that the following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date or the Government Bar Date, as applicable:

(a) any person or entity that has **already** properly filed a Proof of Claim against the Debtors with the Clerk of the United States Bankruptcy Court for the Southern District of New York or Epiq in a form substantially similar to Official Bankruptcy Form No. 10;

(b) any person or entity whose claim is listed on the Debtors' Schedules D, E, F, and G (collectively, the "Schedules of Liabilities"), provided that (i) the claim is **not** described as "disputed," "contingent," or "unliquidated"; (ii) the claimant agrees with the amount, nature, or priority of the claim set forth in the Schedules of Liabilities; and (iii) the claimant agrees that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules of Liabilities;

3

(c)   any holder of a claim that has already been allowed by order of the Court;

(d)   any person or entity whose claim has already been paid in full;

(e)   any Debtor having a claim against another Debtor;

(f)   any officer, director, or employee for a claim indemnification, contribution, or reimbursement, **provided however**, any officer, director, or employee must file Proofs of Claim if they wish to assert any other claims against any of the Debtors, unless another exception identified herein applies;

(g)   any holder of a claim allowable under sections 503(b) or 507(a) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

(h)   any person or entity that holds an interest in any Debtor, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

(i)   any holder of a claim for which the Court has already fixed a specific deadline to file a Proof of Claim; and

(j)   any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any debt security issued by the Debtors pursuant to an indenture (the "Debt Instruments"); **provided**, **however**, that (i) the foregoing exclusion in this subparagraph shall not apply to the indenture trustee under the applicable indenture (the "Indenture Trustee"), (ii) each Indenture Trustee shall be required to file one Proof of Claim, on or before the Bar Date, on account of all of the Debt Claims under the applicable Debt Instruments, and (iii) any holder of a Debt Claim wishing to assert a claim other than such Debt Claim shall be required to file a Proof of Claim with respect to such other claim on or before the applicable Bar Date, unless another exception identified herein applies;

and it is further

4

ORDERED that any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection on or before the later of (i) the Bar Date or the Government Bar Date, as applicable, or (ii) the date that is 30 days following the effective date of such rejection (unless the order authorizing such rejection provides otherwise); and it is further

ORDERED that any holder of a claim against one or more of the Debtors who is required, but fails to file a Proof of Claim in accordance with this Order on or before the Bar Date or the Government Bar Date, as applicable, shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these chapter 11 cases, or participate in any distribution in any of the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim or with respect to the Debtors' chapter 11 cases; and it is further

**ORDERED, that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further [MG]**

ORDERED that a the Bar Date Notice substantially in the form attached to the Motion as Exhibit C, is approved; and it is further

ORDERED that the Debtors shall serve the Bar Date Notice and a form Proof of Claim by first-class mail **at least 35 days prior to the Bar Date [MG]** on:

(a) the Office of the United States Trustee for the Southern District of New York;

5

(b) the attorneys for the statutory creditors' committee;

(c) the attorneys for the agents for the Debtors' prepetition lenders;

(d) the attorneys for the Debtors' postpetition lenders;

(e) all parties who have requested notice in these chapter 11 cases;

(f) all person or entities that have previously filed proofs of claim;

(g) all creditors and other known holders of claims as of the Commencement Date including all persons or entities listed in the Debtors' Schedules of Liabilities, unless otherwise specified;

(h) all parties to executory contracts and unexpired leases of the Debtors;

(i) all parties to litigation with the Debtors;

(j) the Internal Revenue Service for the Southern District of New York;

(k) the United States Attorneys Office for the Southern District of New York; and

(l) the Securities and Exchange Commission.

and it is further

ORDERED that, pursuant to Bankruptcy Rules 2002(f) and (*l*), the Debtors shall publish notice of the Bar Date and the Government Bar Date, substantially in the form of the Bar Date Notice once in The Wall Street Journal (National Edition) at least twenty-five (25) days prior to the Bar Date, which publication is hereby approved in all respects and shall be deemed good, adequate, and sufficient publication notice of the Bar Date and the Government Bar Date; and it is further

ORDERED that if the Debtors amend or supplement their Schedules of Liabilities subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be

6

afforded thirty (30) days from the date on which such notice is given to file Proofs of Claim in respect of their claims or be forever barred from doing so; and it is further

ORDERED that the Debtors and Epiq are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the Bar Date and Government Bar Date as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests **not** subject to the Bar Date and the Government Bar Date established herein must file such proofs of claims or interest or be barred from doing so; and it is further

ORDERED that the requirement pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: New York, New York
      June 30, 2008

                                        /s/ Martin Glenn
                                        UNITED STATES BANKRUPTCY JUDGE

| United States Bankruptcy Court for the Southern District of New York | | **PROOF OF CLAIM** |
|---|---|---|
| Lexington Precision Claims Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5069<br>New York, NY 10150-5069 | | |
| In Re:<br>Lexington Precision Corp., et al.<br>Debtors.<br>Name of Debtor Against Which Claim is Held | Chapter 11<br>Case No. 08-11153<br>Jointly Administered<br>Case No. of Debtor | |

**NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.**

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
  (*If known*)

Filed on: _____

Telephone number: _____   Email Address: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____   Email Address: _____

1. **Amount of Claim as of Date Case Filed: $** _____

   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

   If all or part of your claim is entitled to priority, complete Item 5.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

2. **Basis for Claim:** _____
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have schedules account as: _____
      (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:   ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $_____  Annual Interest Rate _____%

   Amount of arrearage and other charges as of time case filed included in secured claim, if any:

   $_____  Basis for perfection: _____

   **Amount of Secured Claim:** $_____  **Amount Unsecured:** $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

   **Amount entitled to priority:**

   $_____

   *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**

| Date: | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**
Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.

| Lexington Precision Corporation | 08-11153 |
| Lexington Rubber Group, Inc. | 08-11156 |

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

_____**D E F I N I T I O N S**_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

_____**I N F O R M A T I O N**_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's system (http://chapter11.epiqsystems.com/lexington) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**Exhibit C – Proposed Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
**In re**                                          :       Chapter 11 Case No.
                                                   :
**LEXINGTON PRECISION CORP., et al.,**             :       08-11153 (MG)
                                                   :
      Debtors.        :       (Jointly Administered)
                                                   :
---------------------------------------------------------------x

### NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST LEXINGTON PRECISION CORPORATION OR LEXINGTON RUBBER GROUP, INC.:

      PLEASE TAKE NOTICE THAT, on June 27, 2008, the United States Bankruptcy Court for the Southern District of New York (the "Court"), having jurisdiction over the chapter 11 cases of **Lexington Precision Corporation, Case No. 08-11153** and **Lexington Rubber Group, Inc., Case No. 08-11156** (collectively, the "Debtors"), entered an order (the "Bar Date Order") establishing **August 15, 2008 at 5:00 p.m. (prevailing Eastern Time)** (the "**Bar Date**") as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("Proof of Claim") against the Debtors listed above.

      PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Bar Date Order, the Court also established **September 29, 2008 at 5:00 p.m. (prevailing Eastern Time)** (the "**Government Bar Date**") as the last date and time for each Governmental Unit (as defined in section 101(27) of title 11 of the United States Code (the "Bankruptcy Code")) to file a Proof of Claim against any of the Debtors.

      PLEASE TAKE FURTHER NOTICE THAT the Bar Date Order, the Bar Date, and the Government Bar Date, as well as the procedures set forth below for the filing of Proofs of Claim, apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to **April 1, 2008**.

      **The Lexington Claims Processing Center may be contacted at (866) 212-0222 or (646) 282-2500 if there are questions with respect to this Notice**.

      **A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER TO FILE A PROOF OF CLAIM.**

**1.    WHO MUST FILE A PROOF OF CLAIM**

      You **MUST** file a Proof of Claim if you have a claim that arose prior to April 1, 2008, and it is not one of the other types of claims described in section 2 below. Acts or omissions of the Debtors that arose prior to April 1, 2008 may give rise to claims against the Debtors that must be filed by the Bar Date or the Government Bar Date, as applicable, notwithstanding that such claims may not have matured or become fixed or liquidated prior to April 1, 2008.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2.    WHO NEED NOT FILE A PROOF OF CLAIM**

You need **not** file a Proof of Claim if:

(a) You have **already** properly filed a Proof of Claim against the Debtors with the Clerk of the Court or Epiq in a form substantially similar to Official Bankruptcy Form No. 10;

(b) You have a claim listed on the Debtors' Schedules D, E, F, and G (collectively, the "Schedules of Liabilities"), provided that (i) the claim is **not** described as "disputed," "contingent," or "unliquidated"; (ii) you agree with the amount, nature, and priority of the claim set forth in the Schedules of Liabilities; and (iii) you agree that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules of Liabilities;

(c) You hold a claim that has already been allowed by order of the Court;

(d) You hold a claim that has been paid in full by any of the Debtors;

(e) You are a Debtor having a claim against another Debtor;

(f) You are an officer, director, or employee asserting **only** a claim for indemnification, contribution, or reimbursement; **provided however**, you must file a Proof of Claim if you wish to assert any other claim against any of the Debtors, unless another exception identified herein applies;

(g) You hold a claim allowable under sections 503(b) or 507(a) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

(h) You hold an interest in any Debtor, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided, however**, that if you wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, you must file a Proof of Claim on or before the Bar Date, unless another exception identified herein applies;

2

  (i) You hold a claim for which the Court has already fixed a specific deadline to file a Proof of Claim; or

  (j) You hold a claim exclusively for the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any debt security issued by the Debtors pursuant to an indenture (the "Debt Instruments"); **provided**, **however**, that (i) the foregoing exclusion in this subparagraph shall not apply to the indenture trustee under the applicable indenture (the "Indenture Trustee"), (ii) each Indenture Trustee shall be required to file one Proof of Claim, on or before the Bar Date, on account of all of the Debt Claims under the applicable Debt Instruments, and (iii) if you wish to assert a claim other than such Debt Claim, you must file a Proof of Claim with respect to such other claim on or before the applicable Bar Date, unless another exception identified herein applies.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST ANY OF THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**3. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

 If you hold a claim that arises from the rejection of an executory contract or unexpired lease, you **must** file a Proof of Claim based on such rejection on or before the later of (i) the Bar Date or the Government Bar Date, as applicable, or (ii) the date that is 30 days following the effective date of such rejection (unless the order authorizing such rejection provides otherwise).

**4. WHEN AND WHERE TO FILE**

 All Proofs of Claim must be filed so as to be **received** on or before **the Bar Date or the Government Bar Date, as applicable**, at the following address:

   If by overnight delivery or hand delivery to:

   Lexington Precision Claims Processing Center
   c/o Epiq Bankruptcy Solutions, LLC
   757 Third Avenue, 3rd Floor
   New York, NY 10017

   If by standard mailing to:

   Lexington Precision Corporation Claims Processing Center
   c/o Epiq Bankruptcy Solutions, LLC
   FDR Station, P.O. Box 5069
   New York, NY 10150-5069

(together, the "Lexington Claims Processing Center").

Proofs of Claim will be deemed timely filed only if **actually received** by the Lexington Claims Processing Center on or before the Bar Date or the Government Bar Date, as applicable.  Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

5.      **WHAT TO FILE**

You may receive a case-specific Proof of Claim form for use in these chapter 11 cases; if your claim is scheduled by the Debtors, the form also sets forth the amount of your claim as scheduled by the Debtors, the specific Debtor against which the claim is scheduled and whether the claim is scheduled as disputed, contingent, or unliquidated.  You will receive a different Proof of Claim form for each claim scheduled in your name by the Debtors.  You may utilize the Proof of Claim form(s) provided by the Debtors to file your claim.  Additional Proof of Claim forms may be obtained at http://www.uscourts.gov/bkforms or http://chapter11.epiqsystems.com/lexington.

If you file a Proof of Claim, your filed Proof of Claim must (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include supporting documentation (if voluminous, attach a summary) or explanation as to why documentation is not available; (iii) be in the English language; (iv) be denominated in United States currency; and (v) conform substantially with the Proof of Claim form approved pursuant to any Bar Date Order or Official Form No. 10.

Any holder of a claim against more than one Debtor must file a separate Proof of Claim with to each Debtor and all holders of claims must identify on their Proof of Claim the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case.  The Debtors' name and case numbers are set forth above.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.**

6.      **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE OR THE GOVERNMENT BAR DATE**

**Except with respect to claims of the type set forth in section 2 above, any creditor who fails to file a Proof of Claim on or before the Bar Date or the Government Bar Date, as applicable, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim) against the applicable Debtor and its estate, and each such Debtor, its estate, and its property will be forever discharged from any and all indebtedness or liability with respect to such claim, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in such Debtor's chapter 11 case on account of such claim or to receive further notices regarding such claim or with respect to such Debtor's chapter 11 case.**

7.      **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtors in the Schedules of Liabilities.

4

      To determine if and how you are listed on the Schedules of Liabilities, please refer to the description set forth on the customized Proof of Claim you have received regarding the nature, amount, and status of your claim(s).  If you received postpetition payments from the Debtors (which payments were authorized by the Court) on account of your claim(s), the Proof of Claim form(s) will reflect the net amount of your claim(s) (i.e., reduced by the postpetition payments), as such amount is listed in the Schedules of Liabilities.  If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proofs of Claim, each of which will reflect the nature and amount of your claim, as listed in the Schedules of Liabilities.

      If you rely on the Debtors' Schedules of Liabilities, it is your responsibility to determine that the claim is accurately listed in the Schedules of Liabilities.

      As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules of Liabilities, and if you do not dispute that your claim is only against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date or Government Bar Date, as applicable, in accordance with the procedures set forth in this Notice.

      Interested parties may examine copies of the Schedules of Liabilities at http://chapter11.epiqsystems.com/lexington or on the Court's electronic docket http://ecf.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at http://.pacer.psc.uscourts.gov.).  Interested parties may also examine copies of the Schedules of Liabilities between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at:

> Office of the Clerk of the Bankruptcy Court
> United States Bankruptcy Court for the Southern District of New York
> 615-3 Alexander Hamilton Custom House
> One Bowling Green
> New York, New York 10024.

DATED:  New York, New York                       BY ORDER OF THE COURT
             June 30, 2008

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
(212) 310-8000

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION