**Hearing Date: July 22, 2008 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: July 15, 2008 at 4:00 p.m. (prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Christopher J. Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
**LEXINGTON PRECISION CORP., et al.,**          :    08-11153 (MG)
                                                :
           Debtors.                             :    (Jointly Administered)
                                                :
---------------------------------------------------------------x

**NOTICE OF THE DEBTORS' MOTION FOR ENTRY OF AN**
**ORDER EXTENDING TIME TO FILE A PROPOSED DISCLOSURE**
**STATEMENT FOR THE PLAN OF REORGANIZATION**

PLEASE TAKE NOTICE that Lexington Precision Corporation and its wholly-owned subsidiary, Lexington Rubber Group, Inc. (together, the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 11 cases filed a motion, dated June 30, 2008 (the "Motion"), for entry of an order extending the time to file a proposed disclosure statement with respect to the Debtors' plan of reorganization.

PLEASE TAKE FURTHER NOTICE that any objections or responses to the Motion, if any, must (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor.

NY2:\1885641\02\14#YX02!.DOC\26690.0008

PLEASE TAKE FURTHER NOTICE that all objections and responses must be filed with the Bankruptcy Court no later than **July 15, 2008 at 4:00 p.m. (prevailing Eastern Time)**. In accordance with General Order M-242, registered users of the Bankruptcy Court's case filing system must file their objections and responses electronically. General Order M-242 may be found at www.nysb.uscourts.gov. All other parties-in-interest must file their objections and responses on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format) and deliver a hard copy directly to the chambers of Judge Martin Glenn.

PLEASE TAKE FURTHER NOTICE that all objections and responses must be served so as to be received no later than **July 15, 2008, at 4:00 p.m. (prevailing Eastern Time)**, upon: (a) the Debtors, Lexington Precision Corporation, 800 Third Ave. 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin), (b) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Christopher J. Marcus and Victoria Vron); (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg); (d) the attorneys for the Debtors' prepetition lenders, Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, Tennessee, 37219 (Attn: John C. Tishler); (e) the attorneys for the official creditors' committee of unsecured creditors, Andrews Kurth LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Paul Silverstein); and (f) the attorneys for Debtors' postpetition lenders, O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, New York 10036 (Attn: Gerald Bender).

PLEASE TAKE FURTHER NOTICE that a hearing to consider the relief requested in the Motion will be held before the Honorable Martin Glenn, United States

Bankruptcy Judge, on **July 22, 2008 at 10:00 a.m**. **(prevailing Eastern Time)**, at the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, or as soon thereafter as counsel may be heard.

Dated: New York, New York
      June 30, 2008

/s/ Christopher J. Marcus
Richard P. Krasnow
Christopher J. Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:   (212) 310-8000
Facsimile:    (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Hearing Date: July 22, 2008 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: July 15, 2008 at 4:00 p.m. (prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Christopher J. Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                         :
In re                                    :   Chapter 11 Case No.
                                         :
LEXINGTON PRECISION CORP., et al.,       :   08-11153 (MG)
                                         :
        Debtors.                         :   (Jointly Administered)
                                         :
------------------------------------------------------------x
```

### DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING TIME TO FILE A PROPOSED DISCLOSURE STATEMENT FOR THE PLAN OF REORGANIZATION

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (collectively, "Lexington" or the "Debtors"), respectfully represent:

**Background**

1.  On April 1, 2008 (the "Commencement Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

NY2:\1885641\02\14#YX02!.DOC\26690.0008

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409.

## The Debtors' Plan of Reorganization

4. From the commencement of these chapter 11 cases, the Debtors represented to the Court and the parties in interest that they intend to restructure and exit chapter 11 as soon as possible. In that regard, the Debtors agreed in the Final Order Pursuant to Bankruptcy Code Sections 105, 361, 362, 363, and 364 (I) Authorizing Debtors to Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Lenders, and (III) Authorizing Postpetition Financing, entered April 17, 2008 (the "Cash Collateral Order"), to file a plan of reorganization (the "Plan") by June 30, 2008 and a proposed disclosure statement (the "Disclosure Statement") with respect to the Plan by July 30, 2008. The Debtors have been working diligently in preparing the Plan and negotiating the terms of such plan with the statutory committee of unsecured creditors (the "Committee"). On the date hereof, the Debtors filed with the court their proposed Plan.

## Relief Requested

5. Bankruptcy Rule 3016(b) provides as follows:

*Disclosure Statement.* In a chapter 9 or 11 case, a disclosure statement under § 1125 or evidence showing compliance with § 1126(b) of the Code shall be filed with the plan or within a time fixed by the court.

6. Although the Debtors believe that the Court (J. Gonzalez) already authorized the extension of the time to file a proposed Disclosure Statement in the Cash Collateral Order by approving separate deadlines for the filing of both the Plan and the Disclosure Statement in the Cash Collateral Order, the Debtors are filing this Motion out of abundance of caution. Accordingly, by this Motion, pursuant to Bankruptcy Rule 3016(b), the Debtors seek entry of an order extending the time to file the proposed Disclosure Statement to and including July 30, 2008.

## The Time to File a Disclosure Statement with Respect to the Plan Should be Extended

7. To prepare the Disclosure Statement, the Debtors must compile information from books, records, and documents relating to a myriad of claims, assets, and contracts, as well as any potential tax consequences of the Plan. *See* 11 U.S.C. § 1125(a)(1). This information is voluminous and is located in numerous places throughout the Debtors' organization. Collection of the necessary information and the analysis required to file the Disclosure Statement requires an enormous expenditure of time and effort on the part of the Debtors, their employees, and their retained financial advisors.

8. In the short time since the Commencement Date, the Debtors have been devoting their energies to the preparation of a comprehensive business plan, projections, and plan of reorganization, preparing and filing their schedules of assets and liabilities and statements of financial affairs. In addition, during that time, the Debtors diverted substantial attention to responding to myriad discovery demands from the Committee and attending to various litigation with the Committee -- all while addressing numerous vendor and supplier issues and running the business. As a result, the Debtors have not had a sufficient amount of time to prepare the Disclosure Statement. Accordingly, the requested extension is necessary. The Debtors are

proceeding as expeditiously as possible with the preparation of the proposed Disclosure Statement and intend to file it with the Court promptly upon its completion.  The Debtors, therefore, respectfully request that the Court set July 30, 2008 as the date by which the Debtors must file a proposed Disclosure Statement.

### Waiver of Memorandum of Law

9. Pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-1(b), because there are no novel issues of law presented herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Motion.

### Notice

10. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' postpetition lenders, (iv) the attorneys for the Committee, and (v) all other parties that have requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
      June 30, 2008

/s/ Christopher J. Marcus
Richard P. Krasnow
Christopher J. Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:   (212) 310-8000
Facsimile:    (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
:
In re                                                          :         Chapter 11 Case No.
                                                               :
**LEXINGTON PRECISION CORP., et al.,**                         :         08-11153 (MG)
                                                               :
    Debtors.                                                   :         (Jointly Administered)
                                                               :
----------------------------------------------------------------x

**ORDER EXTENDING TIME TO FILE A PROPOSED DISCLOSURE
STATEMENT FOR THE PLAN OF REORGANIZATION**

Upon the motion, dated June 30, 2008 (the "Motion"), of Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (collectively, the "Debtors"), pursuant to Rule 3016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order extending the time to file a proposed disclosure statement with respect to the Debtors' plan of reorganization (the "Plan"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and no other or further notice needing to be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court, the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to Bankruptcy Rule 3016(b), the time by which the Debtors must file a proposed disclosure statement with respect to the Plan is extended through and including July 30, 2008, without prejudice to the Debtors seeking a further extension; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated: New York, New York
       July ___, 2008

_____
UNITED STATES BANKRUPTCY JUDGE