Hearing Date: July 29, 2008 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: July 22, 2008 at 4:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Christopher J. Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
**LEXINGTON PRECISION CORP., et al.,** : 08-11153 (MG)
:
  Debtors. : (Jointly Administered)
:
---------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO
SECTION 365(d)(4) OF THE BANKRUPTCY CODE EXTENDING THE
TIME TO ASSUME OR REJECT NON-RESIDENTIAL REAL PROPERTY LEASES**

PLEASE TAKE NOTICE that, on July 3, 2008, Lexington Precision Corporation and its wholly-owned subsidiary, Lexington Rubber Group, Inc. (together, the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 11 cases, filed a motion (the "Motion") pursuant to section 364(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), seeking an extension of the time to assume or reject non-residential real property leases.

PLEASE TAKE FURTHER NOTICE that objections or responses to the Motion, if any, must (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern

NY2:\1888043\04\14GTN04!.DOC\26690.0008

District of New York (the "Bankruptcy Court"); and (c) set forth the name of the objecting party, the basis for the objection, and specific grounds therefore.

PLEASE TAKE FURTHER NOTICE that all objections and responses must be filed with the Bankruptcy Court no later than **July 22, 2008 at 4:00 p.m. (prevailing Eastern Time)**. In accordance with General Order M-242, registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses. General Order M-242 may be found at www.nysb.uscourts.gov. All other parties-in-interest must file their objections and responses on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format) and deliver a hard copy directly to the chambers of Judge Martin Glenn.

PLEASE TAKE FURTHER NOTICE that all objections and responses must be served, so as to be received no later than **July 22, 2008, at 4:00 p.m. (prevailing Eastern Time)**, upon: (a) the Debtors, Lexington Precision Corporation, 800 Third Ave. 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin), (b) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Christopher J. Marcus and Victoria Vron); (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg); (d) the attorneys for the Debtors' prepetition lenders, Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, Tennessee, 37219 (Attn: John C. Tishler); (e) the attorneys for the statutory committee of unsecured creditors, Andrews Kurth LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Paul Silverstein); and (f) the attorneys for Debtors' postpetition lenders, O'Melveny & Meyers,

LLP, Times Square Tower, 7 Times Square, New York, New York 10036 (Attn: Gerald Bender).

PLEASE TAKE FURTHER NOTICE that a hearing to consider the relief requested in the Motion shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, on **July 29, 2008 at 10:00 a.m**. **(prevailing Eastern Time)**, at the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 or as soon thereafter as counsel may be heard.

Dated: New York, New York
July 3, 2008

/s/ Christopher J. Marcus
Richard P. Krasnow
Christopher J. Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date: July 29, 2008 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: July 22, 2008 at 4:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Christopher J. Marcus
Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEXINGTON PRECISION CORP., et al.,        :    08-11153 (MG)
                                          :
        Debtors.                          :    (Jointly Administered)
                                          :
-----------------------------------------------------------x
```

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO
SECTION 365(d)(4) OF THE BANKRUPTCY CODE EXTENDING THE
TIME TO ASSUME OR REJECT NON-RESIDENTIAL REAL PROPERTY LEASES**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (collectively, "Lexington" or the "Debtors"), respectfully represent:

**Background**

1. On April 1, 2008 (the "Commencement Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

NY2:\1888043\04\14GTN04!.DOC\26690.0008

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Jurisdiction

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4.      By this Motion, the Debtors seek entry of an order pursuant to section 365(d)(4) of the Bankruptcy Code extending the period within which the Debtors may assume or reject their Leases (as defined below) to the earlier of: (i) the effective date of a confirmed chapter 11 plan or (ii) October 28, 2008 (*i.e.*, an additional 90 days).

## Basis for the Relief Requested

5.      The Debtors are party to six leases of nonresidential lease property (the "Leases"), which are listed in Exhibit 1 attached hereto.  Pursuant to section 365(d)(4) of the Bankruptcy Code, the Debtors must assume or reject the Leases by the earlier of (a) 120 days after the Commencement Date, (*i.e.*, July 30, 2008), or (b) the date of entry of an order confirming a chapter 11 plan.  11 U.S.C. § 365(d)(4).  If the Debtors fail to make such an election with regards to any specific Lease, that Lease will be "deemed rejected."  *Id.*  However, section 365(d)(4) provides that "[t]he court may extend the [aforementioned period] prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause."  *Id.* at 365(d)(4)(B)(i).

6.      Factors that courts consider in determining whether "cause" exists to extend the assumption/rejection period include: whether the debtor is paying for the use of

the property; whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code; whether the lease is the debtor's primary asset; whether the debtor has had sufficient time to formulate a plan of reorganization; the size and complexity of the chapter 11 case; and the number of leases the debtor must evaluate. *See South Street Seaport Ltd. P'ship v. Burger Boys, Inc.* (*In re Burger Boys, Inc.*) 94 F.3d 755 (2d Cir. 1996); *In re Wedtech Corp.*, 72 B.R. 464 (Bankr. S.D.N.Y. 1987) (considering, among other factors, whether the leases are an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization and whether the debtor has had insufficient time to intelligently appraise each lease's value to a plan of reorganization); *see also In re Channel Home Centers, Inc.* 989 F.2d 682, 689 (3d Cir. 1993) ("Nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop.").

    7.  Where the initial period to assume or reject unexpired leases has proven to be inadequate, bankruptcy courts have extended such periods. *See*, *e.g.*, *In re PRC, LLC*, *et al*, Case No. 08-10239 (MG) (granting an extension for an additional 90- days) (Bankr. S.D.N.Y. Apr. 23, 2008) [Docket No. 345]; *In re Galvex Holdings Ltd., et al.*, Case No. 06-10083 (RDD) (granting an extension for an additional 90 days) (Bankr. S.D.N.Y. June 26, 2006) [Docket No. 93]; *In re PSI Net Inc., et al.*, Case No. 01-13213 (REG) (Bankr. S.D.N.Y. Feb. 5, 2002) (granting an extension for twelve months from commencement of chapter 11 cases) [Docket No. 729].

**Good Cause Exists to Extend the Time
For the Debtors to Assume or Reject Leases**

8.      While the Debtors have worked expeditiously during the course of these chapter 11 cases, the Debtors have not yet completed a thorough analysis of the Leases to evaluate the economics in the context of the Debtors' future business operations or to determine whether the assumption or rejection of any of the Leases would inure a benefit to the Debtors' estate.  Although the Debtors continue to analyze all aspects of their businesses, they do not believe it will be possible to make an informed decision as to whether to assume or reject all the Leases by July 30, 2008, as otherwise required by section 365(d)(4) of the Bankruptcy Code.

9.      As such, absent the relief requested herein, the Leases are subject to premature forfeiture pursuant to section 365(d)(4).  Such a forfeiture of the Debtors' interest in the Leases would cause significant disruption to the Debtors' core operations and harm all of the Debtors' stakeholders.  By contrast, the extension requested herein will allow the Debtors to make prudent business decisions regarding their future needs for leased real property.

10.     Further, because the Debtors are current, and intend to remain current, on their postpetition obligations under the Leases, the extension requested herein will not prejudice the respective lessors of the Leases.  The Debtors submit "cause" exists for the Court to extend the deadline to assume or reject the Leases and that the requested extension is in the best interest of the estates and all parties in interest.

**Waiver of Memorandum of Law**

11.     This motion does not raise any novel issues of law, and, accordingly, the Debtors respectfully request that the Court waive the requirement contained in Rule

9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted in support of the Motion.

### **Notice**

12. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' postpetition lenders, (iv) the attorneys for the statutory committee of unsecured creditors, (v) all other parties that have requested notice in these chapter 11 cases, and (vi) all counterparties to the Leases. The Debtors submit that no other or further notice need be provided.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated:  New York, New York
       July 3, 2008

/s/ Christopher J. Marcus
Richard P. Krasnow
Christopher J. Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:   (212) 310-8000
Facsimile:    (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# **EXHIBITS**

Exhibit 1 – List of Non-Residential Leases

**Exhibit 1 – List of Leases**

NY2:\1888043\04\14GTN04!.DOC\26690.0008

## Lexington Precision Corporation's Leases

| LESSOR NAME AND MAILING ADDRESS | DESCRIPTION OF LEASE |
|---|---|
| Pepper Pike Place Associates, LLC<br>30195 Chagrin Blvd.<br>Pepper Pike, OH 44124 | Non-residential Lease Agreement for Corporate Office Space (Corporate Office) |
| The Widewaters Group, Inc.<br>PO Box 1218<br>Albany, NY 12201-1218 | Non-residential Lease Agreement for Premises Located at Bushnell's Basin Office Building, Pittsford, NY (Rochester, NY Facility) |

## Lexington Rubber Group, Inc.'s Leases

| LESSOR NAME AND MAILING ADDRESS | DESCRIPTION OF LEASE |
|---|---|
| C.S.C. Partnership<br>PO Box 357<br>Greentown, OH 44630-0357 | Non-residential Lease Agreement for Premises Located at 7901 Cleveland Ave N, North Canton, OH (North Canton, OH Facility) |
| Mullinax Properties, LLC<br>1255 S. Main Street<br>Jasper, GA 30143 | Non-Residential Warehouse Rental |
| Northside Mini-Warehouse<br>40 East Church Street<br>Jasper, GA 30143 | Non-Residential Warehouse Rental |
| Williams-Scottsman, Inc.<br>8211 Town Center Drive<br>Baltimore, MD 21236 | Rental of Non-Residential Office Trailers |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                       :    Chapter 11 Case No.
                                            :
**LEXINGTON PRECISION CORP., et al.,**      :    08-11153 (MG)
                                            :
       Debtors.                         :    (Jointly Administered)
                                            :
------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE EXTENDING THE TIME TO ASSUME OR REJECT NON-RESIDENTIAL REAL PROPERTY LEASES

Upon the motion, dated July 3, 2008 (the "Motion"), of Lexington Precision Corporation and Lexington Rubber Group, Inc. (together, the "Debtors"), for entry of an order pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code") extending the time to assume or reject non-residential real property leases (the "Leases"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and no other notice need be provided; and such relief being in the best interest of the Debtors, their estates and creditors; and after due deliberation, and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the time within which the Debtors may assume or reject the Leases pursuant to section 365(d)(4) of the Bankruptcy Code is extended to the earlier of (i) the effective date of a confirmed chapter 11 plan or (ii) October 28, 2008; and it is further

ORDERED that the extension granted by this Order is without prejudice to the Debtors' right to seek further extensions of time to assume or reject some or all of their Leases; and it is further

ORDERED that nothing in this Order shall constitute postpetition assumption or rejection, pursuant to section 365 of the Bankruptcy Code, of the Leases, and all of the Debtors' rights to seek to assume or reject the Leases are preserved; and it is further

ORDERED that the requirement pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that the Debtors file a separate memorandum of law in support of the Motion is waived.

Dated: July __, 2008
      New York, New York

                                                  UNITED STATES BANKRUPTCY JUDGE