WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Christopher J. Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                                           :
In re                                :    Chapter 11 Case No.
                                     :
LEXINGTON PRECISION CORP., et al.,   :    08-11153 (MG)
                                     :
         Debtors.                    :    (Jointly Administered)
                                     :
-----------------------------------------------------------x
```

**DEBTORS' REPLY TO OFFICIAL CREDITORS' COMMITTEE
LIMITED OBJECTION TO MOTION PURSUANT TO SECTIONS 105(a)
AND 363(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004
FOR AN ORDER AUTHORIZING THE DEBTORS TO EMPLOY DEWOLFF,
BOBERG & ASSOCIATES, INC. TO PROVIDE CONSULTING SERVICES**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

    Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber Group" and, together with Lexington Precision, "Lexington" or the "Debtors"), as debtors and debtors in possession, as and for their reply to the limited objection, dated July 7, 2008 (the "Limited Objection"), of the official creditors' committee (the "Committee") to the Debtors' motion, dated June 20, 2008 (the "Motion"), for entry of an order authorizing the engagement of DeWolff, Boberg & Associates ("DeWolff"), respectfully represent as follows:

1. The Debtors filed the Motion seeking the Court's authorization to engage DeWolff to design and implement management systems and procedures that will help increase the productivity and efficiency of the Debtors' facility in Rock Hill, South Carolina. Although styled as a "limited objection" to the retention of DeWolff, the Committee expressly states that it "does not object to the DeWolff retention." Limited Objection at ¶ 2.

2. Instead of objecting to the relief sought in the Motion or the Debtors' business justification therefor, the Committee attempts to use the Limited Objection as a *quasi* motion *in limine* to preclude the DeWolff engagement, DeWolff's work-product, and the results thereof from being used in connection with any valuation disputes that might arise in connection with the Debtors' plan of reorganization filed on June 30, 2008 [Docket No. 196], as to which the Debtors have not yet filed a related disclosure statement and the Court has yet to schedule a confirmation hearing.

3. The Limited Objection has no relevance to the Motion and the relief sought therein. It is singularly devoid of merit and, therefore, should be overruled.

WHEREFORE the Debtors respectfully request entry of an order overruling the Limited Objection and granting the Motion and such other and further relief as is just.

Dated: July 9, 2008
     New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
Christopher J. Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

2