**Hearing Date:** July 29, 2008 at 10:00 a.m. (prevailing Eastern Time)
**Objection Deadline:** July 22, 2008 at 4:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Christopher J. Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                              :
In re                                         :     Chapter 11 Case No.
                                              :
LEXINGTON PRECISION CORP., et al.,            :     08-11153 (MG)
                                              :
         Debtors.                             :     (Jointly Administered)
                                              :
-------------------------------------------------------------x
```

# NOTICE OF THE DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE EXTENDING THE DEBTORS' EXCLUSIVITY PERIOD

PLEASE TAKE NOTICE that Lexington Precision Corporation and its wholly-owned subsidiary, Lexington Rubber Group, Inc. (together, the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 11 cases, filed a motion, dated July 9, 2008 (the "Motion"), for entry of an order, pursuant to section 1121(d) of title 11 of United States Code (the "Bankruptcy Code"), extending the Debtors' exclusivity period.

PLEASE TAKE FURTHER NOTICE that any objections or responses to the Motion, if any, must (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and (c) set forth the name of the objecting party, the basis for the objection, and specific grounds therefore.

PLEASE TAKE FURTHER NOTICE that all objections and responses must be filed with the Bankruptcy Court no later than **July 22, 2008 at 4:00 p.m. (prevailing Eastern Time)**. In accordance with General Order M-242, registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses. General Order M-242 may be found at www.nysb.uscourts.gov. All other parties-in-interest must file their objections and responses on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format) and deliver a hard copy directly to the chambers of Judge Martin Glenn.

PLEASE TAKE FURTHER NOTICE that all objections and responses must be served, so as to be received no later than **July 22, 2008, at 4:00 p.m. (prevailing Eastern Time)**, upon: (a) the Debtors, Lexington Precision Corporation, 800 Third Ave. 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin), (b) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Christopher J. Marcus and Victoria Vron); (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg); (d) attorneys for the Debtors' prepetition lenders, Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, Tennessee, 37219 (Attn: John C. Tishler); (e) attorneys for the statutory creditors' committee, Andrews Kurth LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Paul Silverstein); and (f) attorneys for Debtors' postpetition lenders, O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, New York 10036 (Attn: Gerald Bender).

PLEASE TAKE FURTHER NOTICE that a hearing to consider the relief requested in the Motion shall be held before the Honorable Martin Glenn, United States

Bankruptcy Judge, on **July 29, 2008 at 10:00 a.m**. **(prevailing Eastern Time)**, at the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 or as soon thereafter as counsel may be heard.

Dated: New York, New York
July 9, 2008

/s/ Richard P. Krasnow
Richard P. Krasnow
Christopher J. Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:   (212) 310-8000
Facsimile:    (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date:  July 29, 2008 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline:  July 22, 2008 at 4:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Christopher J. Marcus
Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
**In re**                                                                : **Chapter 11 Case No.**
: 
**LEXINGTON PRECISION CORP., et al.,**         : **08-11153 (MG)**
: 
**Debtors.**                                                    : **(Jointly Administered)**
: 
---------------------------------------------------------------x

**DEBTORS' MOTION FOR AN ORDER PURSUANT
TO SECTION 1121(d) OF THE BANKRUPTCY CODE
EXTENDING THE DEBTORS' EXCLUSIVITY PERIOD**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (collectively, "Lexington" or the "Debtors"), respectfully represent:

**Background**

1.     On April 1, 2008 (the "Commencement Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

NY2:\1889517\06\14HYL06!.DOC\26690.0008

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). On April 11, 2008, the United States Trustee for the Southern District of New York appointed the statutory committee of creditors (the "Committee").

3. From the outset of these cases, the Cash Collateral Order[1] has dictated a strict pace for the Debtors' reorganization. The Cash Collateral Order requires the Debtors to file a chapter 11 plan by June 30, 2008, file a disclosure statement by July 30, 2008, and consummate a chapter 11 plan by February 25, 2009. On June 30, 2008, the Debtors filed their Joint Plan of Reorganization (the "Plan"),[2] which essentially provides for payment in full to all creditors and for a return for existing equity holders. The Debtors intend to file a disclosure statement for the Plan (the "Disclosure Statement") on or before July 30, 2008. The Debtors have requested the extension of their exclusivity period to protect this ongoing plan process.

4. On May 21, 2008, the Committee filed a motion (the "Motion to Terminate") seeking to terminate the Debtors' Exclusive Periods (as defined below). On June 11, 2008, the Court held a hearing on the Motion to Terminate, but reserved judgment pending a meeting between the Debtors and the Committee to discuss the Plan and a June 25, 2008 status conference regarding the same. At the June 25, 2008, status conference, the

---

[1] Final Order Authorizing Debtors to Use Cash Collateral, Granting Adequate Protection to Prepetition Secured Lenders, and Authorizing Postpetition Financing, dated April 17, 2008 [Docket No. 61].

[2] Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated June 30, 2008 [Docket No. 196].

Court scheduled an evidentiary hearing on the Motion to Terminate for July 21, 2008 (nine days prior to the expiration of the Exclusive Period (as defined below)).

5. Despite diligent efforts, as of the date hereof, the Debtors have not completed their financial projections. Subsequent to the completion of the projection and providing the same to the Committee, the Debtors anticipate more robust negotiations with the Committee in an effort to reach a consensual plan of reorganization. Nevertheless, to date, the Debtors have gone to great lengths to supply the Committee with no less than 10,000 pages of documents, access to a virtual data room, tours of the Debtors' facilities, and a term sheet of the Plan before its filing. The Debtors have strived to be amenable to substantially all the Committee's demands and otherwise provide information as it becomes available.

6. The Court has scheduled an evidentiary hearing on the Motion to Terminate for July 21, 2008 to determine whether the Committee's allegations are true and sufficient to terminate the Debtors' exclusivity. As of the date of this Motion, the Court has yet to render a decision on the Motion to Terminate Exclusivity.

7. Concurrent with their discussions with the Committee, the Debtors have also engaged in talks with other creditors and their counsel, such as individual holders of general unsecured claims and asbestos-related claims. Based upon those discussions, the Debtors believe sufficient support exists for the Plan to be accepted as proposed. Nonetheless, the Debtors also intend to continue to negotiate in good faith with the Committee in the hope of a consensual confirmation of the Plan

**Jurisdiction**

8.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

9.  By this Motion, the Debtors request the entry of an order pursuant to section 1121(d) of the Bankruptcy extending the Debtors' exclusive periods for the filing of a chapter 11 plan to October 28, 2008[3] and solicitation of acceptances to December 27, 2008 without prejudice to the Debtors' right to seek further extension of the Exclusive Periods (as defined below) as may be appropriate under the circumstances. Unless extended, the Debtors' Exclusive Filing and Solicitation Periods (as defined below) will expire July 30, 2008 and September 28, 2008.

10.  Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after commencement of a chapter 11 case during which a debtor has the exclusive right to propose and file a chapter 11 plan (the "Exclusive Filing Period"). See 11 U.S.C. § 1121(b). Section 1121(c)(3) of the Bankruptcy Code provides that, if a debtor files a plan within the 120-day Exclusive Filing Period, it has a period of 180 days after the commencement of the case to obtain acceptances of such plan, during which time competing plans may not be filed (the "Solicitation Period" and together with the Exclusive Filing Period, the "Exclusive Periods"). See id. at § 1121(c)(3). Pursuant to section 1121(d) of the Bankruptcy Code, the Court may extend a debtor's Exclusive Periods for cause shown. See id. at § 1121(d).

---

[3] Although Lexington has filed a proposed plan, it seeks an extension of the deadline to file a chapter 11 plan out of an abundance of caution.

**The Court Should Extend the Exclusive Periods for Cause**

11. Where the initial 120 and 180-day Exclusive Periods provided for in the Bankruptcy Code prove to be an unrealistic time frame, section 1121(d) of the Bankruptcy Code allows the Court to extend a debtor's Exclusive Periods for cause. Although the Bankruptcy Code does not define the term "cause," the legislative history indicates it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. See H.R. Rep. No. 95-595, at 231-32 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give Bankruptcy Courts flexibility to protect a debtor's interest by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

12. Congress built flexibility into section 1121 of the Bankruptcy Code to give the debtor an adequate opportunity to stabilize its business operations at the outset of its chapter 11 case and to negotiate an effective plan of reorganization with creditors. In re Newark Airport/Hotel Ltd. P'ship., 156 B.R. 444, 451 (Bankr. D.N.J.), aff'd, 155 B.R. 93 (D.N.J. 1993) (noting that Congress designed chapter 11 provisions to enable a debtor to remain in control for some period of time, thereby making reorganization an attractive alternative to financially troubled companies); Gaines v. Perkins (In re Perkins), 71 B.R. 294, 297-98 (W.D. Tenn. 1987) (Congress designed section 1121 to give the debtor time to reach an agreement with its creditors regarding a plan of reorganization).

13. In determining whether cause exists to extend the Exclusive Periods, a court may consider a variety of factors to assess the totality of circumstances in each case. See In re Dow Corning Corp., 208 B.R. 661, 664, 670 (Bankr. E.D. Mich 1997); In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); In re McLean Indus., Inc.,

87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying the factors used by courts to determine whether cause exists to extend exclusivity).

14. Courts have had held that the relevant factors include:

a. the size and complexity of the case;
b. the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
c. the existence of good faith progress toward reorganization;
d. the fact that the debtor is paying its bills as they become due;
e. whether the debtor has demonstrated reasonable prospects for filing a viable plan;
f. whether the debtor has made progress in negotiations with its creditors;
g. the amount of time which has elapsed in the case;
h. whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
i. whether an unresolved contingency exists.

In re Adelphia Comm'n Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); see, e.g., McLean Indus., 87 B.R. at 834 (identifying a number of similar factors); accord In re Express One Int'l, Inc., 194 B.R. at 100 (identifying four of the five above-quoted factors, among others, as relevant in determining whether "cause" exists to extend exclusivity); In re United Press Int'l, Inc., 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (holding that the debtor showed "cause" to extend its exclusivity period based upon certain of above-quoted factors).

15. Notably, "displeasure with a plan on file is not one of the enumerated factors, and is not a basis for terminating exclusivity. Nor, without more, is creditor constituency unhappiness with a debtor's plan proposals, with or without a formal plan on file." Adelphia Comm'n Corp., 352 B.R. at 587. As illustrated below, an application of the foregoing standards to the facts of these cases demonstrates that "cause" exists to grant the Debtors' requested extensions.

16.     The Exclusive Periods are designed to provide a debtor with a full and fair opportunity to rehabilitate its businesses and negotiate, develop, propose, confirm and consummate a plan of reorganization.  With the Plan on file and the Disclosure Statement to be filed shortly, the Debtors have worked diligently to avail themselves of the statutory exclusive period.  The requested extension will protect the ongoing plan process to allow the Debtors to seek approval of the Disclosure Statement and prosecute the confirmation of the Plan without the existence of rival chapter 11 plans.  Indeed, in Adelphia Comm'n Corp., the Bankruptcy Court for the Southern District of New York noted, when a Plan is on file and proceeding toward a confirmation hearing, it is "exactly the wrong time to be terminating exclusivity."  Id. at 590.

17.     Moreover, the issue of whether the Debtors are entitled to an exclusive period to prosecute the Plan on file is essentially already before the Court in the context of the Committee's Motion to Terminate.  If the Court denies the motion, the Debtors submit that such decision will be based upon findings sufficient to justify an extension of the Debtors' Exclusive Periods.  See Adelphia Comm'n Corp., 352 B.R. at 587 (applying the same factors to extend exclusivity to a motion to terminate exclusivity subsequent to the initial 120-day exclusivity period).  Should the Court grant the Motion to Terminate, this motion would be moot.

18.     With regards to the Adelphia factors, the Debtors' good-faith progress toward reorganization is demonstrated by the Debtors' continued adherence to the milestones set forth in the Cash Collateral Order.  As required by the Cash Collateral Order, the Debtors filed the Plan on June 30, 2008 and will file the Disclosure Statement by July 30, 2008. Abiding by the Cash Collateral Order's deadlines, the Debtors hope to consummate the Plan

before February 25, 2009, less than a year since the Commencement Date. Put differently, the Debtors have made and continue to make progress in their reorganizations.

19. The Debtors have also engaged in good-faith negotiations with the Committee and other creditors and do not intend the extension of the Exclusive Periods as a means to pressure creditors or delay their recoveries. As to the Committee, the Debtors continue to meet the Committee's requests to the best of their abilities by providing no less than 10,000 pages of documents and access to the Debtors' facilities.

20. The Debtors will provide the Committee with its financial projections as soon as they are complete and anticipate (and indeed welcome) robust negotiations with the Committee. To date, the Debtors have never received a counterproposal from the ad hoc committee with respect to the prepetition restructuring term sheets put forth by the Debtors and did not receive a counteroffer to the Proposed Plan. The Debtors look forward to receiving the same from the Committee after it is provided with the projections.

21. The Debtors also have actively discussed the Plan with other creditors. The Debtors' discussions with the Committee and other parties in interest evidence the Debtors' willingness to engage in open discourse and good-faith negotiations.

22. The Debtors submit the Plan is viable and can be accepted as proposed despite the Committee's potential opposition. The Debtors believe that, at this time, the Plan may garner sufficient support among at least two classes as to allow the Plan to be accepted and confirmed despite the rejection of the Plan by other classes. Nonetheless, the Debtors intend to continue to negotiate in good faith with the Committee in hopes of a consensual confirmation.

23. As to the remaining <u>Adelphia</u> factors, the Debtors submit they have and shall continue to pay all post-petition debts as they come due and that, at this time, no unresolved contingencies exist.

24. Based upon foregoing (and inclusive of the Court's findings if the Court denies the Committee's Motion to Terminate), sufficient "cause" exists for the Court to grant the requested extension of the Debtors' Exclusive Periods to protect the ongoing plan process and enable the Debtors to proceed with their reorganization.

## Waiver of Memorandum of Law

25. This motion does not raise any novel issues of law, and, accordingly, the Debtors respectfully request that the Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted in support of the Motion.

## Notice

26. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' postpetition lenders, (iv) the attorneys for the Committee, and (v) all other parties that have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
      July 9, 2008

/s/ Richard P. Krasnow
Richard P. Krasnow
Christopher J. Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:   (212) 310-8000
Facsimile:    (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
**LEXINGTON PRECISION CORP., et al.**,                      :    08-11153 (MG)
                                                            :
        Debtors.            :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 1121(d) OF THE
### BANKRUPTCY CODE EXTENDING THE DEBTORS' EXCLUSIVITY PERIOD

Upon the motion, dated July 9, 2008 (the "Motion"), of Lexington Precision Corporation and Lexington Rubber Group, Inc. (together, the "Debtors"), for entry of an order pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") extending the period during which the Debtors have the exclusive right to file a chapter 11 plan to October 28, 2008 (the "Exclusive Filing Period") and the period within which the Debtor may solicit acceptances thereof to December 27, 2008 (the "Solicitation Period" and together with the Exclusive Filing Period, the "Exclusive Period"), all as more fully described in the Motion; and the Court[4] having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and no other notice need be provided; and such relief being in the best interest of the Debtors, their estates and creditors; and after due deliberation, and sufficient cause appearing

---

[4] Capitalized terms used herein but not defined have the meanings ascribed in the Motion.

NY2:\1889517\06\14HYL06!.DOC\26690.0008

therefor, it is hereby

      ORDERED that the Motion is granted; and it is further

      ORDERED that the Debtors' Exclusive Filing Period is extended through and including October 28, 2008; and it is further

      ORDERED that the Debtors' Solicitation Period is extended through and including December 27, 2008; and it is further

      ORDERED that the extension of the Exclusivity Periods granted herein is without prejudice to such further requests that may be made pursuant to section 1121(d) of the Bankruptcy Code; and it is further

      ORDERED that the requirement pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated:  New York, New York  
        July ___, 2008

                                     UNITED STATES BANKRUPTCY JUDGE