# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:

**LEXINGTON PRECISION**                           Chapter 11
**CORP. et al.,**[1]                               Case No. 08-11153 (MG)

                                                  (jointly administered)

                    Debtors.                      Hon. Martin Glenn

_____/

## NOTICE OF SUBMISSION OF MONTHLY FEE STATEMENT OF
## STOUT RISIUS ROSS, INC. AS FINANCIAL ADVISORS
## TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
## LEXINGTON PRECISION CORP., ET AL.
## FOR THE PERIOD JUNE 1, 2008 TO JUNE 30, 2008

Stout Risius Ross, Inc. ("SRR"), financial advisors to the Official Committee of

Unsecured Creditors of Lexington Precision Corp., et al. (the "Committee"), hereby submits its

monthly fee statement for the period June 1, 2008 to June 30, 2008 (the "Compensation Period"),

and in support states the following:

1.      The Debtors commenced their Chapter 11 proceedings by filing Voluntary

Petitions with this Court on April 1, 2008 (the "Petition Date").  The Debtors are continuing in

possession of their property and operating and managing their businesses as debtor-in-possession

pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.      The United States Trustee appointed a seven-member Committee on April 11,

2008 (Docket No.49).

---

[1] The Debtors are: Lexington Precision Corporation and Lexington Rubber Group, Inc..

3.    On June 5, 2008, the Court Authorized the Retention and Employment of SRR as Financial Advisors to the Committee *nunc pro tunc* to May 13, 2008, (Docket No. 163) attached as **Exhibit A**.

4.    In accordance with Paragraph (a) of the Court's April 22, 2008 Order Granting Motion to Establish Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals (the "Interim Compensation Order") (Docket No. 84), attached as **Exhibit B**, and relevant here:

> Each Retained Professional will submit its monthly statement (the "Monthly Statement") so that it is received on or before the thirtieth (30) day of each month following the month for which compensation is sought. Each Professional shall serve its Monthly Statement on the following parties (collectively, the "Notice Parties"):
>
> (i) Lexington Precision Corporation, 800 Third Avenue, 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin)
>
> (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Christopher J. Marcus and John W. Lucas), attorneys for the Debtors
>
> (iii) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg)
>
> (iv) Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, TN, 37219 (Attn: John C. Tishler), attorneys for the Debtors' pre-petition lenders
>
> (v) attorneys for the Official Committee of Unsecured Creditors (the "Committee"), Andrews Kurth, LLP, 450 Lexington Avenue, 15th Floor, New York, NY 10017 (Attn: Paul Silverstein)
>
> (vi) O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, NY 10036 (Attn.: Gerald Bender), attorneys for Debtors' post-petition lenders

5.    SRR submits its fee statement in the amount of $57,002.31 consisting of $50,000.00 for SRR's Monthly Fee plus expenses of $7,002.31 for the Compensation Period. In accordance with the procedures outlined in the Interim Compensation Order, if no objection is served by the Notice Parties within fifteen (15) calendar days from service of this Notice, SRR

shall be paid 80% of its fees ($40,000.00) and 100% of its expenses ($7,002.31) during the

Compensation Period.  See **Exhibit C** detailed statement of actual time incurred by SRR as

financial advisors to the Official Committee of Unsecured Creditors of Lexington Precision

Corp., *et al.*

Dated:  July 23, 2008

Stout Risius Ross, Inc.

Jeffrey M. Risius
4000 Town Center
20th Floor
Southfield, MI  48075
Telephone:   (248) 432-1240
Facsimile:    (248) 208-8800

*Financial Advisors to the Official Committee
of Unsecured Creditors of Lexington
Precision Corp., et al.*

OFFICIAL SEAL
MELISSA E SHREWSBURY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/18/12

Melissa E. Shrewsbury

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
In re:                                    :        Chapter 11
                                          :
LEXINGTON PRECISION CORP, et al.,         :        Case No. 08-11153 (MG)
                                          :
                                          :        (Jointly Administered)
                          Debtors.        :
------------------------------------------------------------x
```

## ORDER AUTHORIZING EMPLOYMENT OF
## STOUT RISIUS ROSS, INC. AS FINANCIAL ADVISORS TO THE OFFICIAL
## COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF MAY 13, 2008

Upon consideration of the application (the "Application") of the Official Committee of

Unsecured Creditors (the "Committee") of Lexington Precision Corporation ("LEXP") and

Lexington Rubber Group, Inc. (collectively with LEXP, the "Debtors") in the above-captioned

Chapter 11 cases for entry of an order, under sections 328(a) and 1103(a) of title 11 of the United

States Code (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of Stout Risius

Ross, Inc. ("SRR") as its financial advisor, effective as of May 13, 2008, pursuant to the terms of

SRR's engagement letter dated as of May 13, 2008 (the "Engagement Letter"); and the Court

having considered the Application and the Declaration of Jeffrey M. Risius dated May 13, 2008,

in support of the Application; and it appearing that (i) SRR does not hold or represent an interest

adverse to the Committee, (ii) SRR is a "disinterested person" as that term is defined in under

section 101(14) of the Bankruptcy Code, (iii) the retention of SRR by the Committee is

necessary and in the best interest of the Committee, and (iv) the terms and conditions of SRR's

employment as set forth in the Application and the Engagement Letter (as defined in the

Application) are fair and reasonable, including, without limitation, the Fee Structure (as defined

in the Application); and the Court having jurisdiction to consider and determine the Application

as a core proceeding under 28 U.S.C. §§ 157 and 1334; and it appearing that notice has been given and no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that, pursuant to sections 328(a) and 1103 of the Bankruptcy Code, the Application is hereby granted, and SRR is hereby employed as the Committee's financial advisors, as of May 13, 2008, on the terms and conditions set forth in the Engagement Letter; and it is further

ORDERED that, notwithstanding anything in the Engagement Letter to the contrary, SRR's compensation thereunder may not be increased absent further Order of this Court.

ORDERED that SRR shall be compensated and reimbursed in accordance with the terms of the Engagement Letter, pursuant to the standard of review under section 328(a) of the Bankruptcy Code and not subject to review for reasonableness under section 330 of the Bankruptcy Code, except as provided for below, subject to the approval of this Court, and the procedures set forth in the Application, including, without limitation, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and such other procedures as may be fixed by this Court; and it is further

ORDERED that, the United States Trustee, Capital Source Finance LLC, as agent, and CSF Mortgage LLC, as agent, retain all rights to object to SRR's interim and final fee applications (including expense reimbursement) on grounds including, without limitation, the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized and directed to indemnify and hold harmless SRR and the other Indemnified Parties (as defined in the Engagement Letter) pursuant to the indemnification provisions of the Engagement Letter, which requests for payment of indemnity,

if any, pursuant thereto shall be made by means of an application and shall be subject to review by the Court to ensure that any such payment conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall SRR or the other Indemnified Parties be indemnified for (x) their respective gross negligence, willful misconduct or fraud or (y) a material breach of a term or condition of the Engagement Letter by SRR; and it is further

ORDERED that in no event shall SRR be indemnified if the Debtor or a representative of the estates, assert a claim for, and a court determines by final order that such claim arose out of (x) SRR's or the Indemnified Parties' gross negligence, willful misconduct or fraud or (y) a material breach of a term of condition of the Engagement Letter by SRR; and it is further

ORDERED that in the event SRR seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in SRR's own application (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regards to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that SRR shall not, in the course of its engagement by the Committee under this Order, use any information obtained or work product developed in connection with its prior real estate valuation/appraisal engagement by Waller Lansden Dortch & Davis LLP, CapitalSource Finance LLC as agent, CSE Mortgage LLC, as agent, and other Prepetition Senior Lenders (as defined in the Final Order Authorizing Use of Cash Collateral, dated April 17, 2007)

NYC:175769.8

and shall keep all such information and work product strictly confidential; and it is further

ORDERED that SRR shall not testify adversely to Waller Lansden Dortch & Davis LLP, CapitalSource Finance LLC, as agent, CSE Mortgage LLC, as agent, or any other Prepetition Senior Lenders, with respect to real estate valuation/appraisal previously performed by SRR for or on behalf of such entities; and it is further

ORDERED that, notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules, Local Rules, any order of this Court or any guidelines regarding submission and approval of fee applications, SRR shall only be required to maintain contemporaneous summary time records for services rendered in hourly increments and shall not be required to file a schedule of rates; and it is further

ORDERED that the Court shall retain jurisdiction with respect to any matters arising from or related to this Order or the implementation hereof.

Dated:  June 5, 2008

New York, NY

/s/ Martin Glenn
UNITED STATES BANKRUPTCY JUDGE

NYC:175769.8

# Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                       :

In re                            :       **Chapter 11 Case No.**
                                         :

**LEXINGTON PRECISION CORP., et al.,**   :       **08-11153 (MG)**
                                         :

          **Debtors.**              :       **(Jointly Administered)**
                                         :
----------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016(a) ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion, dated April 2, 2008 (the "Motion") of Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to sections 105(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing procedures for interim monthly compensation and reimbursement of expenses of professionals (the "Professionals"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the

Hearing; and upon the Affidavit of Dennis J. Welhouse, sworn to on April 1, 2008 (the

"Welhouse Affidavit"), pursuant to Local Bankruptcy Rule 1007-2, the record of the Hearing,

and all of the proceedings had before the Court; and the Court having found and determined that

the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors,

and all parties in interest and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that except as may otherwise be provided in orders of the Court

authorizing the retention of specific Professionals, all Professionals in these cases may seek

monthly compensation in accordance with the following procedures (the "Interim Compensation

Procedures"):

(a)     On or before the **thirtieth (30th)** day of each month following the month
for which compensation is sought, each Professional seeking
compensation shall file with the Court a monthly statement and serve (the
"Monthly Statement"), by hand or overnight delivery, on (i) Lexington
Precision Corporation, 800 Third Avenue, 15th Floor, New York, New
York 10023 (Attn:  Michael A. Lubin); (ii) Weil, Gotshal & Manges LLP,
767 Fifth Avenue, New York, New York 10153 (Attn:  Christopher J.
Marcus and John W. Lucas), attorneys for the Debtors; (iii) the Office of
the United States Trustee, 33 Whitehall Street, 21st Floor, New York,
New York 10004 (Attn:  Paul Schwartzberg); (iv) Waller, Landsden,
Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, TN, 37219
(Attn:  John C. Tishler), attorneys for the Debtors' prepetition lenders; (v)
attorneys for the Official Committee of Unsecured Creditors (the
"Committee"), Andrews Kurth, LLP, 450 Lexington Avenue, 15th Floor,
New York, NY 10017 (Attn: Paul Silverstein); and (vi) O'Melveny &
Meyers, LLP, Times Square Tower, 7 Times Square, New York, NY
10036 (Attn.: Gerald Bender), attorneys for Debtors' postpetition lenders
(the "Notice Parties").

(b)     Each Monthly Statement must contain a list of the individuals and the
individuals' respective titles (e.g., attorney, paralegal, etc.) who provided
services during the statement period, the individuals' respective billing
rates, in the case of attorneys, their respective years of graduation from

law school, and to the extent applicable, their year of partnership, the aggregate hours spent by each individual, a reasonably detailed breakdown of the fees and expenses incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable.

(c)     Each Notice Party shall have **fifteen (15)** days after receiving the Monthly Statement to review the statement and, if the Notice Party objects to the compensation or reimbursement sought in a particular statement, such Notice Party shall, no later than the **forty-fifth (45th)** day following the end of the month for which compensation is sought, file with the Court and serve upon the Professional to whose Monthly Statement the Notice Party objects and the other Notice Parties a written "Notice of Objection to Fee Statement," setting forth the nature of the Notice Party's objection and the amount of fees or expenses at issue.

(d)     At the expiration of the **45** day period, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with paragraph (c) above.

(e)     If the Debtors object or receive an objection to a particular Monthly Statement, the Debtors shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (d).

(f)     If the parties to an objection resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose Monthly Statement was objected to files with the Court and serves on all Notice Parties a statement indicating that the objection is withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay in accordance with paragraph (d) that portion of the Monthly Statement that is no longer subject to an objection.

(g)     All objections that the parties do not resolve shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (i) below.

(h)     The filings and service of an objection in accordance with paragraph (c) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on

any ground regardless of whether the objecting party raised the ground in the objection or not.  Furthermore, the decision by any party not to object to a Monthly Statement shall not waive or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(i)     Commencing with the period ending July 31, 2008, and at four-month intervals thereafter, each of the professionals shall file with the Court, in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov), an application (an "Interim Fee Application") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the fee statements filed during such period (the "Interim Fee Period").  Each professional shall file its Interim Fee Application within forty-five (45) days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses.  Each professional shall file its first Interim Fee Application on or before September 15, 2008, and the first Interim Fee Application shall cover the Interim Fee Period from the Commencement Date through and including July 31, 2008.

(j)     The Debtors' attorneys shall obtain a date from the Court for the hearing of fee applications for all retained professionals.  At least 30 days prior to such hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all retained professionals, setting forth the time, date and location of the fee hearing, the Interim Fee Period applications cover and the objection deadline.  Any retained professional unable to file its own fee application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline.  The Debtors' attorneys shall file and serve such application.

(k)     Any professional who fails to file an application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement when due shall be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until the professional files its application.

(l)     The pendency of an objection asserting that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect

on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

; and it is further

ORDERED that the amount of fees and disbursements sought be set out in U.S. dollars; and it is further

ORDERED that the attorneys for the Committee may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of the Committee as part of the attorneys for the Committee's fee applications to the Court; provided, however, that these reimbursement requests comply with this Court's Administrative Orders, dated June 24, 1991 and April 21, 1995; and it is further

ORDERED that any party may object to requests for payments made pursuant to this Order on the grounds that the Debtors have not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of this Court, otherwise, this Order shall continue and shall remain in effect during the pendency of this case; and it is further

ORDERED that the Debtors shall include all payments to professionals on their monthly operating reports, detailed so as to state the amount paid to each professional; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated:  **April 22, 2008**
      New York, New York

                                          **/s/Martin Glenn**
                                    United States Bankruptcy Judge

# Exhibit C



July 23, 2008

Official Committee of Unsecured Creditors of Lexington Precision Corp., *et al.*
Attention: Mr. Robert J. Welch
Jefferies & Company, Inc.
One Station Place, Three North
Stamford, CT  06902

In Reference To:      UCC of Lexington Precision Corp., *et al.*
Matter No.            1016295
Invoice No.           50073

For the Period June 1, 2008 through June 30, 2008

Billing for professional services and expenses incurred as financial advisors to the Official
Committee of Unsecured Creditors during the above said period.

|  |  |  |
|---|---|---|
| June Monthly Fee for Services Rendered | $ | 50,000.00 |
| Expenses | | 7,002.31 |
| Total Balance Due | **$** | **57,002.31** |

Please include the matter number and invoice number with your payment.

Please remit check and invoice copy to:            **STOUT RISIUS ROSS, INC.**
                                                     4000 Town Center, 20th Floor
                                                     Southfield, MI  48075

Payments may be made electronically to:            **STOUT RISIUS ROSS, INC.**
                                                     Fifth Third Bank
                                                     Wire ABA Number 042000314
                                                     ACH ABA Number 072405455
                                                     Account Number 7911786619

Invoice Payable Upon Receipt
Fed ID 38-3003685

# MONTHLY FEE STATEMENT SUMMARY

### Summary of Hours by Professional

### JUNE 1, 2008 THROUGH JUNE 30, 2008

| Timekeeper | Titles | Hours |
|------------|--------|-------|
| Jeffrey M. Risius | Managing Director | 71.50 |
| Dennis Kalten | Director | 84.70 |
| Jesse A. Ultz | Manager | 125.10 |
| Julie E. Cavallaro | Senior Analyst | 2.75 |
| Brian Hock | Analyst | 143.45 |
| Andrew Robinson | Analyst | 3.00 |
| Ryan Stonier | Analyst | .75 |
| Nicholas Janiga | Analyst | 4.00 |
| David Walline | Analyst | 29.50 |
| Jeffrey Hollycross | Intern | 6.10 |
| **TOTAL** | | **470.85** |

Please See **Exhibit - A** for a detail of services provided by Stout Risius Ross, Inc.

## MONTHLY FEE STATEMENT SUMMARY

### Summary of Hours Billed by Category

### JUNE 1, 2008 THROUGH JUNE 30, 2008

| Time Category/Description | Hours |
|---|---:|
| Asset Recovery | 11.10 |
| Business Analysis | 120.05 |
| Case Administration | 21.20 |
| Fee Application | 3.50 |
| Litigation Consulting | 159.10 |
| Plan and Disclosure Statement | 15.85 |
| Teleconferences/Meetings with Debtors/Counsel | 53.20 |
| Teleconferences/Meetings with Committee/Counsel | 86.85 |
| **TOTAL** | **470.85** |

**MONTHLY FEE STATEMENT SUMMARY**

**Summary of Expenses**

**JUNE 1, 2008 THROUGH JUNE 30, 2008**

| Expense Category | Amount |
|---|---|
| Travel | $ 3,812.98 |
| Copy Service | 1,654.70 |
| Lodging | 994.35 |
| Federal Express | 319.97 |
| Working Meals | 220.31 |
| **TOTAL** | **$ 7,002.31** |

**MONTHLY FEE STATEMENT SUMMARY**

**JUNE 1, 2008 THROUGH JUNE 30, 2008**

| | | |
|---|---|---|
| June Monthly Fee for Services Rendered [1] | $ | 50,000.00 |
| Less: 20% Hold Back for the June Monthly Fee | | (10,000.00) |
| Fee Statement in Lieu of Application | | 40,000.00 |
| Expenses | | 7,002.31 |
| ***Total Fees and Expenses*** | $ | 47,002.31 |

[1] Pursuant to the Order Authorizing the Employment of Stout Risius Ross, Inc. as Financial Advisors to the Official Committee of Unsecured Creditors, effective as of May 13, 2008, dated June 5, 2008, **"SRR shall be compensated and reimbursed in accordance with the terms of the Engagement Letter, pursuant to the standard of review under section 328(a) of the Bankruptcy Code and not subject to review for reasonableness under section 330 of the Bankruptcy Code, except as provided for below, subject to the approval of this Court, and the procedures set forth in the Application, including, without limitation, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and such other procedures as may be fixed by this Court."** Pursuant to the Stout Risius Ross, Inc. Engagement Letter dated May 13, 2008 "SRR shall be paid a monthly fee (the "Monthly Fee") each month in advance for its services of :  (i) $50,000 per month, for the first ten months of the Engagement and (ii) $20,000 per month thereafter through the date of the confirmation hearing.  Notwithstanding any termination of this Engagement, the Company agrees to pay SRR the Monthly Fee for a minimum of ten (10) months.  The initial Monthly Fee of $50,000 shall be due immediately upon entry by the Bankruptcy Court of an order approving the Committee's retention of SRR."

**Detail of Services Provided By Stout Risius Ross, Inc.**    Exhibit - A
**Lexington Precision Corp., et al.**
**June 1, 2008 Through June 30, 2008**

| Project Category | Date | Initials | Name | Hours | Description |
|---|---|---|---|---|---|
| Asset Recovery | 06/11/08 | DK | Dennis Kalten | 2.50 | Review of the Debtors' assets and claims as of the filing date including 503(b)(9) claims |
| Asset Recovery | 06/12/08 | DK | Dennis Kalten | 2.00 | Continue to review the Debtors' assets and claims as of the filing date including 503(b)(9) claims |
| Asset Recovery | 06/13/08 | DK | Dennis Kalten | 2.00 | Continue to prepare claims and waterfall analysis |
| Asset Recovery | 06/16/08 | DK | Dennis Kalten | 0.50 | Initial preparation of a list of potential insiders and related parties including amounts disbursed to them within 1 year prior to the filing date based on the Statements of Financial Affairs |
| Asset Recovery | 06/16/08 | DK | Dennis Kalten | 1.50 | Revisions to the claims and waterfall analysis |
| Asset Recovery | 06/17/08 | DK | Dennis Kalten | 0.60 | Update summary of disbursements to potential insiders and related parties based on the April operating report |
| Asset Recovery | 06/17/08 | DK | Dennis Kalten | 0.40 | Updates to the claims and waterfall analysis |
| Asset Recovery | 06/18/08 | DK | Dennis Kalten | 0.80 | Update waterfall analysis based on additional information received from WY Campbell |
| Asset Recovery | 06/27/08 | DK | Dennis Kalten | 0.50 | Finalize asset and claims analysis |
| Asset Recovery | 06/27/08 | DK | Dennis Kalten | 0.30 | Update analysis of disbursements to potential insiders and related parties and distribute to Counsel |
| | | | | 11.10 | |
| Business Analysis | 06/01/08 | JU | Jesse A. Ultz | 3.20 | Review offering memorandum and prior financials |
| Business Analysis | 06/02/08 | JR | Jeffrey M. Risius | 2.00 | Review offering memorandum and prior financials |
| Business Analysis | 06/02/08 | JU | Jesse A. Ultz | 1.60 | Review offering memorandum and prior financials |
| Business Analysis | 06/03/08 | BH | Brian Hock | 2.00 | Analysis of historical income statements and balance sheets |
| Business Analysis | 06/03/08 | JR | Jeffrey M. Risius | 4.00 | Review offering memorandum and prior financials |
| Business Analysis | 06/03/08 | JU | Jesse A. Ultz | 0.80 | Review offering memorandum and prior financials |
| Business Analysis | 06/04/08 | BH | Brian Hock | 7.50 | Analysis of historical income statements and balance sheets |
| Business Analysis | 06/04/08 | BH | Brian Hock | 2.50 | Review of the actual versus budget results for the period 4/2/08-5/30/08. Compare actual results to historical results. Evaluate need for ongoing DIP facility including projecting future cash receipts. |
| Business Analysis | 06/04/08 | JR | Jeffrey M. Risius | 3.00 | Review of financial documents provided by W.Y. Campbell on Intralinks |
| Business Analysis | 06/05/08 | BH | Brian Hock | 5.50 | Analyze documents provided by W.Y. Campbell through Intralinks website |
| Business Analysis | 06/05/08 | DK | Dennis Kalten | 0.80 | Prepare summary of the Debtors' DIP results through May 30, 2008 and distribute to UCC Counsel |
| Business Analysis | 06/05/08 | DK | Dennis Kalten | 1.30 | Review of historical financial information provided by WY Campbell |
| Business Analysis | 06/09/08 | DK | Dennis Kalten | 0.50 | Review of the April Operating Report |
| Business Analysis | 06/09/08 | JR | Jeffrey M. Risius | 1.00 | Review of financial analyses/report and exhibits; Review of alternative debt restructuring schedule |
| Business Analysis | 06/10/08 | BH | Brian Hock | 1.50 | Review documents received by W.Y. Campbell (real estate appraisals, material contracts, cash receipts and disbursements, etc.) |
| Business Analysis | 06/10/08 | BH | Brian Hock | 0.80 | Review of the Debtors' forecast of receipts and disbursements for the period 6/23/08-9/19/08 |
| Business Analysis | 06/10/08 | JU | Jesse A. Ultz | 2.50 | Financial analysis and read and analyze documents produced |
| Business Analysis | 06/11/08 | BH | Brian Hock | 8.50 | Prepare financial analysis by division (e.g., insulators, medical, etc.) for the past five years. |
| Business Analysis | 06/12/08 | BH | Brian Hock | 2.25 | Analyze the differences between the internal financial statements and the SEC form 10-K and 10-Q filings |
| Business Analysis | 06/12/08 | BH | Brian Hock | 4.50 | Update analysis of historical financial statements |
| Business Analysis | 06/12/08 | BH | Brian Hock | 4.00 | Continue to prepare financial analysis by division (e.g., insulators, medical, etc.) for the past five years. |
| Business Analysis | 06/12/08 | JU | Jesse A. Ultz | 0.50 | Historical financial statement analysis |
| Business Analysis | 06/13/08 | BH | Brian Hock | 0.50 | Final revisions to historical financial statement summary |
| Business Analysis | 06/13/08 | DK | Dennis Kalten | 1.00 | Review and analyze the Debtors' revised DIP cash flow forecast through September 19, 2008 for reasonableness |
| Business Analysis | 06/13/08 | DK | Dennis Kalten | 1.00 | Review of the April 2008 balance sheet and income statement (from the Debtors' monthly operating report) and compare to historical data |
| Business Analysis | 06/13/08 | NJ | Nicholas J. Janiga | 1.50 | Review the Debtors' confidential offering memorandum |
| Business Analysis | 06/16/08 | DK | Dennis Kalten | 1.00 | Prepare summary of the Lexington Precision Corp. and Lexington Rubber Group Bankruptcy Schedules and Statements of Financial Affairs |
| Business Analysis | 06/16/08 | DK | Dennis Kalten | 1.50 | Review of the Lexington Precision Corp. Bankruptcy Schedules and Statement of Financial Affairs |
| Business Analysis | 06/16/08 | DK | Dennis Kalten | 1.00 | Review of the Lexington Rubber Group Bankruptcy Schedules and Statement of Financial Affairs |
| Business Analysis | 06/17/08 | DK | Dennis Kalten | 1.80 | Initial preparation of memorandum to UCC Counsel re: actual vs budget cash flow results through June 13, 2008 and DIP operating results including related exhibits |
| Business Analysis | 06/17/08 | DK | Dennis Kalten | 1.50 | Prepare analysis of the Debtors' historical operating results from 2003 through 2007 |
| Business Analysis | 06/17/08 | DK | Dennis Kalten | 0.50 | Prepare list of questions regarding the Debtors' actual versus budget cash flow results for the weeks ended June 6, 2008 and June 13, 2008 including the related borrowing base certificates |
| Business Analysis | 06/17/08 | DK | Dennis Kalten | 1.00 | Review of the Debtors' actual versus budget cash flow results for the weeks ended June 6, 2008 and June 13, 2008 including the related borrowing base certificates |
| Business Analysis | 06/17/08 | DK | Dennis Kalten | 1.20 | Review of the Debtors' May 2008 Directors' Financial Reporting Package |

**Detail of Services Provided By Stout Risius Ross, Inc.**
**Lexington Precision Corp., et al.**
**June 1, 2008 Through June 30, 2008**

Exhibit - A

| Project Category | Date | Initials | Name | Hours | Description |
|---|---|---|---|---|---|
| Business Analysis | 06/18/08 | BH | Brian Hock | 3.80 | Reconciliation of internal financial statements to the annual reports (10-k's) |
| Business Analysis | 06/18/08 | BH | Brian Hock | 4.50 | Preparation of analysis exhibits presenting historical financial performance for each division of LPC |
| Business Analysis | 06/18/08 | DK | Dennis Kalten | 1.90 | Finalize and distribute memorandum to UCC Counsel re: actual vs budget cash flow results through June 13, 2008 and DIP operating results |
| Business Analysis | 06/18/08 | DK | Dennis Kalten | 0.40 | Prepare schedule of consolidated statements of operations and income statements for March, April and May 2008 |
| Business Analysis | 06/18/08 | DK | Dennis Kalten | 0.60 | Prepare summary of the actual versus budget results for the weeks ended June 6, 2008 and June 13, 2008 and cumulatively through June 13, 2008 to distribute to the Committee |
| Business Analysis | 06/18/08 | DK | Dennis Kalten | 0.50 | Review of the Debtor's April 2008 Management reports |
| Business Analysis | 06/18/08 | JU | Jesse A. Ultz | 7.50 | Review new financial statements produced, site visit download to B. Hock and D. Kalten, prepare meeting packet for UCC |
| Business Analysis | 06/18/08 | NJ | Nicholas J. Janiga | 0.50 | Review of financial statement spreads |
| Business Analysis | 06/19/08 | DK | Dennis Kalten | 0.50 | Review of information provided by Debtors' Counsel and the Creditors' Committee including May operating and cash flow results |
| Business Analysis | 06/19/08 | JU | Jesse A. Ultz | 0.50 | Review new financial statements |
| Business Analysis | 06/20/08 | BH | Brian Hock | 1.00 | Financial statement analysis of historical income statements |
| Business Analysis | 06/20/08 | DK | Dennis Kalten | 1.50 | Review of additional historical financial data provided by WY Campbell |
| Business Analysis | 06/23/08 | DK | Dennis Kalten | 1.50 | Review and analysis of cash flow results through 6/20/08 |
| Business Analysis | 06/24/08 | AR | Andrew J. Robinson | 3.00 | Review financial statement spreads |
| Business Analysis | 06/24/08 | BH | Brian Hock | 3.90 | Reviewed adjustments made by W.Y. Campbell in offering memorandum |
| Business Analysis | 06/24/08 | BH | Brian Hock | 3.90 | Review of historical financial statement analysis |
| Business Analysis | 06/24/08 | JC | Julie E. Cavallaro | 2.75 | Review financial statement spreads |
| Business Analysis | 06/24/08 | RS | Ryan J. Stonier | 0.75 | Review financial statement spreads |
| Business Analysis | 06/25/08 | JH | Jeffrey M. Holycross | 1.80 | Preparation of historical financial analysis |
| Business Analysis | 06/25/08 | JR | Jeffrey M. Risius | 2.00 | Review historical company performance |
| Business Analysis | 06/27/08 | DK | Dennis Kalten | 1.20 | Preparation and distribute update to UCC Counsel on the Debtors' actual versus budget cash flow results through June 20, 2008 including answers to open items from the prior update to UCC Counsel |
| Business Analysis | 06/27/08 | DK | Dennis Kalten | 0.30 | Prepare actual versus budget analysis to be included as an exhibit in the update email to UCC Counsel |
| Business Analysis | 06/27/08 | DK | Dennis Kalten | 0.50 | Review of the May operating report |
| Business Analysis | 06/30/08 | BH | Brian Hock | 1.50 | Research Senior Subordinated Notes in the 10-K filings |
| | | | | 120.05 | |
| | | | | | |
| Case Administration | 06/13/08 | DK | Dennis Kalten | 0.50 | Update open item list to be sent to the Debtors |
| Case Administration | 06/13/08 | JU | Jesse A. Ultz | 2.00 | Prepare data request and prepare for site visits |
| Case Administration | 06/16/08 | BH | Brian Hock | 4.00 | Organize and review documents to be bates stamped |
| Case Administration | 06/16/08 | BH | Brian Hock | 1.50 | Document organization of electronic files received from W.Y. Campbell and review of files |
| Case Administration | 06/19/08 | BH | Brian Hock | 1.20 | Document organization of electronic files received from W.Y. Campbell and review of files |
| Case Administration | 06/20/08 | DK | Dennis Kalten | 1.00 | Review of Dewolff, Boberg & Associates, Inc. retention affidavit including a review of the facilities which providing consulting services. |
| Case Administration | 06/24/08 | BH | Brian Hock | 0.70 | Document organization of electronic files received from W.Y. Campbell and review of files |
| Case Administration | 06/25/08 | BH | Brian Hock | 2.50 | Document organization of electronic files received from W.Y. Campbell and review of files |
| Case Administration | 06/26/08 | JH | Jeffrey M. Holycross | 2.80 | Organize documents received after bates stamping |
| Case Administration | 06/27/08 | DK | Dennis Kalten | 1.00 | Review of Dewolff, Boberg & Associates, Inc. retention motion and prepare questions for UCC Counsel for potential deposition re: same |
| Case Administration | 06/27/08 | JR | Jeffrey M. Risius | 1.00 | Prepare list of questions for Dewolff, Boberg & Associates, Inc. |
| Case Administration | 06/27/08 | JU | Jesse A. Ultz | 0.50 | Revisions to data request |
| Case Administration | 06/27/08 | JU | Jesse A. Ultz | 1.50 | Review of Dewolff, Boberg & Associates, Inc. retention motion and prepare questions for UCC Counsel for potential deposition re: same |
| Case Administration | 06/30/08 | DK | Dennis Kalten | 1.00 | Review of Dewolff, Boberg & Associates, Inc. Summary of Analysis and Findings and Project Proposal for Lexington's Rock Hill facility |
| | | | | 21.20 | |
| | | | | | |
| Fee Application | 06/10/08 | DK | Dennis Kalten | 0.50 | Preparation of May monthly bill |
| Fee Application | 06/11/08 | DK | Dennis Kalten | 2.50 | Initial draft of template for interim fee statements, including preparation of the May fee statement. |
| Fee Application | 06/24/08 | DK | Dennis Kalten | 0.50 | Finalize and distribute the SRR May 2008 fee statement |
| | | | | 3.50 | |
| | | | | | |
| Litigation Consulting | 06/05/08 | JU | Jesse A. Ultz | 3.90 | Review prior offers, letters of interest, and new divisional financial statements |
| Litigation Consulting | 06/06/08 | BH | Brian Hock | 1.00 | Review of prior offers and letters of interest |
| Litigation Consulting | 06/06/08 | DK | Dennis Kalten | 4.40 | Review of the 1/9/08, 3/10/08 and 3/28/08 proposals to recapitalize the debt and prepare summary of proposals compared to the existing debt as of 12/31/06 and 12/31/07 |
| Litigation Consulting | 06/06/08 | DK | Dennis Kalten | 0.50 | Review of the Debtors' capital structure as of 12/31/06 and 12/31/07 |
| Litigation Consulting | 06/06/08 | JR | Jeffrey M. Risius | 2.50 | Review prior offers and letters of interest |
| Litigation Consulting | 06/06/08 | JU | Jesse A. Ultz | 2.75 | Review prior offers and letters of interest |

Detail of Services Provided By Stout Risius Ross, Inc.

**Exhibit - A**

Lexington Precision Corp., et al.

June 1, 2008 Through June 30, 2008

| Project Category | Date | Initials | Name | Hours | Description |
|---|---|---|---|---|---|
| Litigation Consulting | 06/07/08 | DK | Dennis Kalten | 0.50 | Review summary of proposals compared to the existing debt as of 12/31/06 and 12/31/07 |
| Litigation Consulting | 06/07/08 | JR | Jeffrey M. Risius | 4.00 | Review prior offers and letters of interest, preparing schedules with analysis of prior deal structures |
| Litigation Consulting | 06/07/08 | JU | Jesse A. Ultz | 5.00 | Review prior offers and letters of interest, preparing schedules with analysis of prior deal structures, creating analysis of implied values from prior offers, ratio and leverage analysis |
| Litigation Consulting | 06/08/08 | DK | Dennis Kalten | 1.50 | Revisions to summary of proposals compared to the existing debt as of 12/31/06 and 12/31/07 and discussions with J. Ultz re: same |
| Litigation Consulting | 06/08/08 | JU | Jesse A. Ultz | 3.50 | Update summary of proposals and compare to the existing debt as of 12/31/06 and 12/31/07 and discussions with D. Kalten re: same |
| Litigation Consulting | 06/09/08 | BH | Brian Hock | 2.50 | Perform research of comparable publicly traded companies |
| Litigation Consulting | 06/09/08 | DK | Dennis Kalten | 1.00 | Review revisions of Debtors' proposals compared to the existing debt as of 12/31/06 and 12/31/07 |
| Litigation Consulting | 06/09/08 | JH | Jeffrey M. Holycross | 1.50 | Review analysis of Lexington's refinancing options |
| Litigation Consulting | 06/09/08 | JU | Jesse A. Ultz | 5.25 | Analysis of prior deals/offers and related W.Y. Campbell information |
| Litigation Consulting | 06/10/08 | BH | Brian Hock | 7.00 | Market analysis and research, excel modeling of publicly traded comparable companies |
| Litigation Consulting | 06/11/08 | JU | Jesse A. Ultz | 1.50 | Review company buyout proposals |
| Litigation Consulting | 06/12/08 | DK | Dennis Kalten | 2.00 | Read and analyze 20 various letters of intent and summary prepared by WY Campbell |
| Litigation Consulting | 06/13/08 | BH | Brian Hock | 6.00 | Analysis of summary schedules prepared by W.Y. Campbell relating to the Letters of Intent |
| Litigation Consulting | 06/13/08 | DW | David M. Walline | 2.50 | Research Lexington's 10-k's for historical material events |
| Litigation Consulting | 06/13/08 | JU | Jesse A. Ultz | 5.00 | Analyze financial results and proposed deals |
| Litigation Consulting | 06/14/08 | JR | Jeffrey M. Risius | 2.50 | Analysis of prior deals/offers and related W.Y. Campbell information |
| Litigation Consulting | 06/14/08 | JU | Jesse A. Ultz | 4.00 | Analysis of prior proposed deals and create summary |
| Litigation Consulting | 06/15/08 | JR | Jeffrey M. Risius | 3.00 | Review summary of prior Letters of Intent, deals and offers. Preparation for site visits to Jasper and Rock Hill. |
| Litigation Consulting | 06/15/08 | JU | Jesse A. Ultz | 4.00 | Analyze and prepare summary of prior Letters of Intent, deals and offers. |
| Litigation Consulting | 06/16/08 | BH | Brian Hock | 1.50 | Revisions to summary of prior Letters of Intent, deals and offers. |
| Litigation Consulting | 06/16/08 | DW | David M. Walline | 2.00 | Comparable company research in connection with preparing business valuation |
| Litigation Consulting | 06/16/08 | DK | Dennis Kalten | 0.60 | Review of revisions to Letters of Intent summary |
| Litigation Consulting | 06/17/08 | BH | Brian Hock | 3.70 | Review filings of comparable public companies |
| Litigation Consulting | 06/17/08 | BH | Brian Hock | 5.50 | Perform analysis of Lexington Precision Corporation's selected comparable companies |
| Litigation Consulting | 06/17/08 | BH | Brian Hock | 3.50 | Read SEC filings of comparable companies chosen by Lexington Precision Corporation |
| Litigation Consulting | 06/18/08 | DW | David M. Walline | 7.25 | Comparable company research in connection with preparing business valuation |
| Litigation Consulting | 06/19/08 | BH | Brian Hock | 2.00 | Review 10-K's for unusual and nonrecurring events |
| Litigation Consulting | 06/19/08 | DW | David M. Walline | 1.50 | Comparable company research in connection with preparing business valuation |
| Litigation Consulting | 06/20/08 | BH | Brian Hock | 4.00 | Evaluation of comparable companies and suitability in connection with preparing business valuation |
| Litigation Consulting | 06/20/08 | BH | Brian Hock | 4.50 | Financial statement analysis of comparable companies in connection with preparing business valuation |
| Litigation Consulting | 06/20/08 | DW | David M. Walline | 4.00 | Comparable company and transaction research, industry research and meeting with investment bankers re: comparable multiples |
| Litigation Consulting | 06/20/08 | JR | Jeffrey M. Risius | 3.00 | Review automotive market data in connection with business valuation |
| Litigation Consulting | 06/23/08 | BH | Brian Hock | 4.00 | Research relevant transactions among comparable companies in connection with preparing business valuation. In addition, evaluate industry trends among comparable companies. |
| Litigation Consulting | 06/23/08 | BH | Brian Hock | 2.00 | Review analysis of comparable public companies |
| Litigation Consulting | 06/23/08 | BH | Brian Hock | 6.00 | Update analysis of comparable automotive transactions |
| Litigation Consulting | 06/23/08 | DW | David M. Walline | 7.00 | Comparable company and transaction research, industry research and meeting with investment bankers re: comparable multiples |
| Litigation Consulting | 06/23/08 | JU | Jesse A. Ultz | 5.50 | Comparable company and transaction research, industry research and meeting with investment bankers re: comparable multiples |
| Litigation Consulting | 06/24/08 | DW | David M. Walline | 5.25 | Comparable company research |
| Litigation Consulting | 06/25/08 | DK | Dennis Kalten | 1.00 | Review of historical financial statements and multiples for comparable companies |
| Litigation Consulting | 06/25/08 | JR | Jeffrey M. Risius | 4.00 | Review historical company performance of related public companies |
| Litigation Consulting | 06/25/08 | NJ | Nicholas J. Janiga | 2.00 | Review comparable company analysis |
| Litigation Consulting | 06/26/08 | BH | Brian Hock | 1.00 | Comparable company and transaction research, industry research and meeting with investment bankers re: comparable multiples |
| Litigation Consulting | 06/30/08 | JR | Jeffrey M. Risius | 1.00 | Market research |
| | | | | 159.10 | |
| Plan and Disclosure Statement | 06/05/08 | DK | Dennis Kalten | 0.30 | Review Debtors' objection to terminate exclusivity |
| Plan and Disclosure Statement | 06/18/08 | DK | Dennis Kalten | 0.90 | Review of the proposed Plan Term Sheet, to be included in the Plan of Reorganization, dated 6/18/08 provided by the Debtors |
| Plan and Disclosure Statement | 06/18/08 | JR | Jeffrey M. Risius | 1.50 | Analysis of Plan Term Sheet, to be included in the Plan of Reorganization, dated 6/18/08 |
| Plan and Disclosure Statement | 06/19/08 | BH | Brian Hock | 3.75 | Analysis of the Debtors Plan Term Sheet, to be included in the Plan of Reorganization, dated 6/18/08 |

**Detail of Services Provided By Stout Risius Ross, Inc.**    **Exhibit - A**
**Lexington Precision Corp., et al.**
**June 1, 2008 Through June 30, 2008**

| Project Category | Date | Initials | Name | Hours | Description |
|---|---|---|---|---|---|
| Plan and Disclosure Statement | 06/19/08 | DK | Dennis Kalten | 2.70 | Analysis of the Plan Term Sheet dated 6/18/08 provided by the Debtors including discussions with SRR team regarding exit balance sheet as of 9/1/08 and assumptions |
| Plan and Disclosure Statement | 06/19/08 | JU | Jesse A. Ultz | 1.50 | Review, analyze, and summarize the Debtors new Plan Term Sheet |
| Plan and Disclosure Statement | 06/24/08 | DK | Dennis Kalten | 1.00 | Preparation of an estimated 10/1/08 balance sheet based on assumptions from the proposed Plan Term Sheet dated 6/18/08 |
| Plan and Disclosure Statement | 06/30/08 | DK | Dennis Kalten | 2.20 | Review of the Debtors' proposed Plan of Reorganization and prepare summary of key points |
| Plan and Disclosure Statement | 06/30/08 | JU | Jesse A. Ultz | 2.00 | Review plan of reorganization |
| | | | | 15.85 | |
| Teleconferences/Meetings with Committee/Counsel | 06/05/08 | DK | Dennis Kalten | 0.50 | Preparation for conference call with UCC Counsel |
| Teleconferences/Meetings with Committee/Counsel | 06/05/08 | DK | Dennis Kalten | 0.60 | Teleconference with UCC Counsel re: progress of business valuation, DIP results, etc. |
| Teleconferences/Meetings with Committee/Counsel | 06/05/08 | JR | Jeffrey M. Risius | 1.00 | Preparation for and teleconference with UCC Counsel re: progress of business valuation, DIP results, etc. |
| Teleconferences/Meetings with Committee/Counsel | 06/05/08 | JU | Jesse A. Ultz | 0.60 | Teleconference with UCC Counsel re: progress of business valuation, DIP results, etc. |
| Teleconferences/Meetings with Committee/Counsel | 06/06/08 | BH | Brian Hock | 0.50 | Phone call with P. Silverstein re: letters of interest |
| Teleconferences/Meetings with Committee/Counsel | 06/06/08 | DK | Dennis Kalten | 0.10 | Email correspondence with P. Silverstein re: actual versus budget results through May 30, 2008 |
| Teleconferences/Meetings with Committee/Counsel | 06/06/08 | JU | Jesse A. Ultz | 0.50 | Phone call with UCC Counsel re: prior offers |
| Teleconferences/Meetings with Committee/Counsel | 06/09/08 | DK | Dennis Kalten | 0.50 | Review of correspondence from Counsel re: analysis of proposals |
| Teleconferences/Meetings with Committee/Counsel | 06/09/08 | JU | Jesse A. Ultz | 0.50 | Phone call with UCC Counsel re: prior offers |
| Teleconferences/Meetings with Committee/Counsel | 06/12/08 | BH | Brian Hock | 1.00 | Revisions to data request to be submitted to LPC. Send updated list to UCC Counsel. |
| Teleconferences/Meetings with Committee/Counsel | 06/13/08 | DK | Dennis Kalten | 1.00 | Teleconference with UCC Counsel re: status of information provided, upcoming site visits, etc. |
| Teleconferences/Meetings with Committee/Counsel | 06/13/08 | JR | Jeffrey M. Risius | 1.75 | Preparation for and call with UCC counsel concerning progress and information needs, etc. |
| Teleconferences/Meetings with Committee/Counsel | 06/13/08 | JU | Jesse A. Ultz | 0.75 | Conference with UCC Counsel re: progress and information needs, etc. |
| Teleconferences/Meetings with Committee/Counsel | 06/17/08 | JR | Jeffrey M. Risius | 0.50 | Conference call with UCC Counsel re: site visits |
| Teleconferences/Meetings with Committee/Counsel | 06/17/08 | JU | Jesse A. Ultz | 0.50 | Conference call with UCC Counsel re: site visits |
| Teleconferences/Meetings with Committee/Counsel | 06/18/08 | BH | Brian Hock | 2.00 | Preparation for and conference call with Andrews Kurth re: site visit, current results, case status, etc. |
| Teleconferences/Meetings with Committee/Counsel | 06/18/08 | DK | Dennis Kalten | 1.10 | Preparation for and conference call with UCC Counsel re: site visit, current results, case status, etc. |
| Teleconferences/Meetings with Committee/Counsel | 06/18/08 | JR | Jeffrey M. Risius | 1.00 | Preparation for and discussion with UCC counsel regarding information needs, Plan Term Sheet and site visit download |
| Teleconferences/Meetings with Committee/Counsel | 06/18/08 | JU | Jesse A. Ultz | 1.00 | Conference call with UCC Counsel re: site visits |
| Teleconferences/Meetings with Committee/Counsel | 06/19/08 | BH | Brian Hock | 2.25 | Preparation for and participation on conference call with the UCC and UCC Counsel re: SRR's report of site visits, review of letters of intent, claims analysis, 6/18/08 proposal, outstanding documents necessary to prepare a business valuation, actual versus budget cash flow results through 6/13/08, amongst other case issues. |
| Teleconferences/Meetings with Committee/Counsel | 06/19/08 | BH | Brian Hock | 0.50 | Email correspondence with J. Levine re: historical financial statements |
| Teleconferences/Meetings with Committee/Counsel | 06/19/08 | DK | Dennis Kalten | 0.30 | Discussion with J. Levine and B. Welch re: 6/18/08 proposal and related analysis |
| Teleconferences/Meetings with Committee/Counsel | 06/19/08 | DK | Dennis Kalten | 2.30 | Preparation for and participation on conference call with the UCC and UCC Counsel re: SRR's report of site visits, review of letters of intent, claims analysis, 6/18/08 proposal, outstanding documents necessary to prepare a business valuation, actual versus budget cash flow results through 6/13/08, amongst other case issues. |
| Teleconferences/Meetings with Committee/Counsel | 06/19/08 | DK | Dennis Kalten | 0.50 | Update and distribute estimated claims base to UCC Counsel as of 9/1/08 |
| Teleconferences/Meetings with Committee/Counsel | 06/19/08 | JR | Jeffrey M. Risius | 2.25 | Preparation for and participation on conference call with the UCC and UCC Counsel re: SRR's report of site visits, review of letters of intent, claims analysis, 6/18/08 proposal, outstanding documents necessary to prepare a business valuation, actual versus budget cash flow results through 6/13/08, amongst other case issues. |
| Teleconferences/Meetings with Committee/Counsel | 06/19/08 | JU | Jesse A. Ultz | 2.50 | Preparation for and participation on conference call with the UCC and UCC Counsel re: SRR's report of site visits, review of letters of intent, claims analysis, 6/18/08 proposal, outstanding documents necessary to prepare a business valuation, etc. |
| Teleconferences/Meetings with Committee/Counsel | 06/20/08 | JU | Jesse A. Ultz | 1.00 | Conference call with UCC Counsel re: industry research and new proposal |
| Teleconferences/Meetings with Committee/Counsel | 06/24/08 | BH | Brian Hock | 2.50 | Preparation of comparable transactions exhibits for meeting with UCC Counsel on June 26, 2008 |

**Detail of Services Provided By Stout Risius Ross, Inc.**
**Lexington Precision Corp., et al.**
**June 1, 2008 Through June 30, 2008**

**Exhibit - A**

| Project Category | Date | Initials | Name | Hours | Description |
|---|---|---|---|---|---|
| Teleconferences/Meetings with Committee/Counsel | 06/24/08 | BH | Brian Hock | 4.00 | Prepare comparable company analysis exhibits for meeting with UCC Counsel on June 26, 2008. |
| Teleconferences/Meetings with Committee/Counsel | 06/24/08 | DK | Dennis Kalten | 0.50 | Discussion with B. Welch re: case issues and estimated 10/1/08 balance sheet |
| Teleconferences/Meetings with Committee/Counsel | 06/24/08 | JU | Jesse A. Ultz | 4.25 | Prepare for meeting with UCC Counsel including industry and comparable company research |
| Teleconferences/Meetings with Committee/Counsel | 06/25/08 | BH | Brian Hock | 3.50 | Preparation of workpapers for meeting with UCC Counsel on June 26, 2008 |
| Teleconferences/Meetings with Committee/Counsel | 06/25/08 | DK | Dennis Kalten | 1.60 | Preparation for meeting with UCC Counsel and prepare update on current cash flow results |
| Teleconferences/Meetings with Committee/Counsel | 06/25/08 | JR | Jeffrey M. Risius | 1.00 | Preparation for meeting with UCC counsel |
| Teleconferences/Meetings with Committee/Counsel | 06/25/08 | JU | Jesse A. Ultz | 11.00 | Preparation for and meeting in New York with UCC counsel. Includes travel time to New York. |
| Teleconferences/Meetings with Committee/Counsel | 06/26/08 | DK | Dennis Kalten | 1.50 | Discussion with B. Welch and preparation of analysis regarding an estimated balance sheet as of 10/1/08 |
| Teleconferences/Meetings with Committee/Counsel | 06/26/08 | DK | Dennis Kalten | 9.50 | Preparation for and meeting in New York with UCC counsel. Includes travel time to and from New York. |
| Teleconferences/Meetings with Committee/Counsel | 06/26/08 | JR | Jeffrey M. Risius | 8.00 | Preparation for and meeting in New York with UCC counsel. Includes travel time to and from New York. |
| Teleconferences/Meetings with Committee/Counsel | 06/26/08 | JU | Jesse A. Ultz | 11.00 | Preparation for and meeting in New York with UCC counsel. Includes travel time to and from New York. |
| Teleconferences/Meetings with Committee/Counsel | 06/27/08 | JU | Jesse A. Ultz | 1.50 | Calls with UCC attorneys re: revised data request, proposals, questions for Dewolff |
| | | | | 86.85 | |
| Teleconferences/Meetings with Debtors/Counsel | 06/12/08 | JU | Jesse A. Ultz | 1.00 | Phone call with Debtor's experts re: travel arrangements and update data request |
| Teleconferences/Meetings with Debtors/Counsel | 06/13/08 | BH | Brian Hock | 4.50 | Preparation for meeting with the Debtors' management including preparing a list of questions re: historical results |
| Teleconferences/Meetings with Debtors/Counsel | 06/16/08 | DK | Dennis Kalten | 0.50 | Preparation of questions in advance of call with D. Welhouse |
| Teleconferences/Meetings with Debtors/Counsel | 06/16/08 | DK | Dennis Kalten | 0.30 | Teleconference with D. Welhouse (CFO) re: DIP results |
| Teleconferences/Meetings with Debtors/Counsel | 06/16/08 | JR | Jeffrey M. Risius | 12.00 | Travel to Jasper, GA site, meetings with management, facility tour and review financial information |
| Teleconferences/Meetings with Debtors/Counsel | 06/16/08 | JU | Jesse A. Ultz | 13.00 | Travel to Jasper, GA site, meetings with management, facility tour and review financial information |
| Teleconferences/Meetings with Debtors/Counsel | 06/17/08 | JR | Jeffrey M. Risius | 9.50 | Travel to company site in Rock Hill, SC, meetings with management, facility tour, review financial information |
| Teleconferences/Meetings with Debtors/Counsel | 06/17/08 | JU | Jesse A. Ultz | 11.50 | Travel to company site in Rock Hill, SC, meetings with management, facility tour, review financial information |
| Teleconferences/Meetings with Debtors/Counsel | 06/18/08 | DK | Dennis Kalten | 0.50 | Email correspondence and phone call to Kurt Haras from WY Campbell re: questions on current operating results |
| Teleconferences/Meetings with Debtors/Counsel | 06/25/08 | DK | Dennis Kalten | 0.40 | Prepare and send email to K. Haras re: questions on the 6/20/08 results cash flow results and 5/31/08 operating results |
| | | | | 53.20 | |
| | | | | 470.85 | |