UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                         :
                                                              :          Case No. 08-11153 (MG)
            LEXINGTON PRECISION CORP., et.al.,    :
                                                              :          (Chapter 11)
                                        Debtors.       :
------------------------------------------------------------------x


### ORDER GRANTING MOTION PURSUANT TO § 1121(d) TO EXTEND THE DEBTORS' EXCLUSIVITY


Pending before this Court is the opposed motion to extend exclusivity pursuant to 11

U.S.C. § 1121(d) filed on July 9, 2008 by Lexington Precision Corporation and Lexington

Rubber Group, Inc. (collectively "Lexington" or "Debtors"). (ECF Doc. # 238.) The motion

seeks an extension of the period in which the Debtors alone may file a plan and solicit

acceptances of their plan for ninety days. (*Id*. at ¶ 9.) The Official Committee of Unsecured

Creditors ("Committee") objected to the motion to extend exclusivity. (ECF Doc. # 266.) They

argued that the extension should be denied because (i) the Debtors failed to provide the

Committee with the information necessary to evaluate the proposed plan and engage in

meaningful negotiations, and (ii) the Debtors' are unable to confirm a plan. The Debtors' replied

that in the four months the case has been pending the Debtors have made significant progress

toward reorganization in that they have filed a plan and are preparing a disclosure statement.

(ECF Doc. # 275.) The Debtors also alleged that they had provided the Committee with all of

the necessary projections[1] and back up[2] to allow the Committee to evaluate the proposed plan.

The Debtors also argued that confirmation disputes are not relevant to exclusivity

determinations. An evidentiary hearing was held on July 29, 2008. For the reasons discussed

---

[1] The Debtors allege the projections were available to the Committee on July 15, 2008. (ECF Doc. # 275 at ¶ 8.)
[2] The Debtors allege that this was available to the Committee on July 22, 2008. (ECF Doc. # 275 at ¶ 8.)

below, the Court grants the extension of both the Debtors' period to file a plan until October 28,

2008 and solicit acceptances of such plan until December 27, 2008.

## BACKGROUND

The Debtors filed for chapter 11 relief on April 1, 2008.  On May 21, 2008, the

Committee filed a motion seeking an order terminating the exclusivity period pursuant to 11

U.S.C. § 1121(d).  (ECF Doc. # 133.)  The Debtors opposed the motion.  (ECF Doc. # 161, 162.)

In the briefing on the termination of exclusivity both parties agreed that prior to the chapter 11

filing, there were unsuccessful negotiations between the Debtors and certain creditors, which

eventually ceased with no additional communications prepetition.  The Debtors then filed their

chapter 11 petitions.  After the petitions were filed and the Committee was appointed, neither the

Debtors nor the Committee reached out to the other to begin negotiations.  (See ECF Doc. # 263

at pg. 4.)  A hearing on the motion to terminate exclusivity was held on June 11, 2008, but the

Court did not rule on the motion and instead reserved judgment to allow the parties time to meet

and begin negotiating the terms of a plan of reorganization.  After the meeting and a conference

call with the Court, on the record, an evidentiary hearing was scheduled for July 21, 2008.

Before the scheduled hearing, the Committee withdrew its motion to terminate exclusivity and

stated it would instead oppose the Debtors' motion to extend exclusivity.  (ECF Doc. # 262.)

The Debtor and the Committee have incorporated the filings from this prior motion for

consideration of the current motion.  (ECF Doc. # 266 and # 275.)

## DISCUSSION

### A.  Exclusivity Pursuant to §1121[3]

The Bankruptcy Code grants a debtor the exclusive right to file a plan during the first 120

days after the order granting relief.  11 U.S.C. § 1121(b).  Once the 120-day period expires or is

terminated, any party in interest may file a plan of reorganization.  11 U.S.C. § 1121(c).  Events

explicitly recognized by statute that end the exclusivity period include a failure to file a plan

within 120 days of the order for relief or a failure to obtain acceptance of the timely filed plan

within 180 days by all impaired classes.

The Bankruptcy Code allows the exclusivity period to be terminated or extended upon a

showing of cause by a party in interest.  11 U.S.C. § 1121(d).  The burden of proving cause to

extend exclusivity beyond the statutory limits is on the moving party, in this case the Debtors.  *In

re R.G. Pharm., Inc.*, 374 B.R. 484, 487 (Bankr. D. Conn. 2007) (stating debtor has burden in

motion to extend); *In re Texaco, Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987) (finding that

party seeking either an extension or a termination of exclusivity bears the burden of proving

cause).  Some courts have held that for the moving party to meet its burden it must produce

affirmative evidence to support a finding of cause.  *In re Parker Street Florist & Garden Center,*

---

[3]      11 U.S.C. § 1121 states in relevant part -
(a) The debtor may file a plan with a petition commencing a voluntary case, or at any time in a voluntary case or an involuntary case.
(b) Except as otherwise provided in this section, only the debtor may file a plan until after **120** days after the date of the order for relief under this chapter.
(c) Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if--
(1) a trustee has been appointed under this chapter;
(2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or
(3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.
(d)(1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

*Inc.*, 31 B.R. 206, 207 (Bankr. D. Mass. 1983) (debtor's assertion that it did not want the

interference of competing plans was found insufficient to make an affirmative showing of cause).

## B.  Cause Pursuant to § 1121(d)

The determination of cause under § 1121(d) is a fact specific inquiry in which this Court

has broad discretion in extending or terminating exclusivity.  *In re Adelphia Commc'ns Corp.*,

352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006) ("A decision to extend or terminate exclusivity for

cause is within the discretion of the bankruptcy court, and is fact-specific."); *see In re Lehigh*

*Valley Prof'l Sports Club, Inc.*, 2000 WL 290187 *2 (relief under §1121(d) is committed to the

sound discretion of the bankruptcy judge)*; In re Sharon Steel Corp.*, 78 B.R. 762, 763

(Bankr.W.D.Pa.1987) ("The decision of whether or not to extend the debtor's period of

exclusivity rests with the discretion of the Court.").

Both parties here focus on the nine factors for determining cause identified by Judge

Gerber in his *Adelphia* decision: (a) the size and complexity of the case; (b) the necessity for

sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate

information; (c) the existence of good faith progress toward reorganization; (d) the fact that the

debtor is paying its bills as they become due; (e) whether the debtor has demonstrated

reasonable prospects for filing a viable plan; (f) whether the debtor has made progress in

negotiations with its creditors; (g) the amount of time which has elapsed in the case; (h) whether

the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the

debtor's reorganization demands; and (i) whether an unresolved contingency exists.  *In re*

*Adelphia*, 352 B.R. at 587.

While not all of these factors are applicable in the current case, they do provide the

necessary framework in considering the relief requested.  The factors that the Court considers

most relevant based on the arguments presented by the Debtors and the Committee are as follows: (i) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (ii) the existence of good faith progress toward reorganization; (iii) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (iv) whether the debtor has made progress in negotiations with its creditors; (v) the amount of time which has elapsed in the case; and (vi) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands. *In re Adelphia*, 352 B.R. at 587. The Committee's objection similarly addresses these factors in alleging that (i) the Debtors have failed to provide them with adequate information to engage in meaningful negotiations, and (ii) the Debtors cannot propose a viable plan based on the information available to the Committee as of the hearing date.

The Committee argued that the Debtors had sufficient time to provide them the requested information on the financial projections and the back-up for the projections. The Court, however, finds that the Debtors are taking active steps to move the reorganization process along by creating and providing the necessary information to the Committee and its advisors as the information becomes available. The testimony of both parties' financial advisors as well as the documentary evidence of information requested by and produced to the Committee's advisors support this finding. See Debtors' Ex. 1; Committee's Exs. A, B, and C. The professionals have been working in good faith toward securing the information and analyzing it in a timely fashion to allow parties to negotiate meaningfully. In addition, the length of time the case has been pending — four months — also weighs in favor of an extension. The Court is satisfied that the above facts support an extension of exclusivity. The Debtors' efforts to meet their ambitious deadlines for emergence from bankruptcy in a timely fashion should not be diverted by time

spent fending off competing plans.  Both parties require additional time to consider the

underlying financial information to make informed choices.

In addition, the Committee's objections based on the Debtors' ability to propose a viable

plan do not support a denial of the extension based on the facts before the Court.  Though the

testimony did reflect cause for the Committee's healthy skepticism regarding the financial

projections underlying the currently proposed plan, representatives of both parties testified that

they are open to plan negotiations once there is sufficient information upon which to base them.

As the *Adelphia* decision made clear, in evaluations of cause for extensions of exclusivity, the

court should consider whether a debtor could present a viable plan not whether the currently

proposed plan is viable.  *Id.* at 588.  The testimony at the hearing by the Chairman of the

Committee supported the parties' willingness to negotiate and the need for additional time to

evaluate and test the projections.  Based on the testimony during the hearing, the Court believes

that the parties should be in a position to undertake serious plan negotiations no later than early

September 2008.  This, however, is contingent on the Committee receiving and evaluating the

back up documentation on the projections and the Debtors continued progress toward

reorganizing.  Negotiations should quickly test whether the Debtors' financial projections and

valuations can support the proposed reorganization plan or what changes or modifications or

new plan will be required to give the Debtors a realistic chance of emerging from chapter 11.

Based on the above, the motion to extend exclusivity for the requested ninety-day period

is granted to the extent provided herein.

Dated:  July 31, 2008
         New York, New York

                                    ___/s/ Martin Glenn_____
                                    UNITED STATES BANKRUPTCY JUDGE