```
 1                       UNITED STATES BANKRUPTCY COURT
                         SOUTHERN DISTRICT OF NEW YORK
 2

 3   ---------------------------------------X
     In Re:                                 :   08-11153 (MG)
 4                                          :
         LEXINGTON PRECISION CORPORATION,   :   One Bowling Green
 5                                          :   New York, New York
                     Debtor.                :   July 14, 2008
 6   ---------------------------------------X

 7
             TRANSCRIPT OF MOTION TO AUTHORIZE EMPLOYMENT
 8                BEFORE THE HONORABLE MARTIN GLENN
                   UNITED STATES BANKRUPTCY JUDGE
 9

10   APPEARANCES:

11
     For the Debtors:          CHRISTOPHER MARCUS, ESQ.
12                             Weil, Gotshal & Manges LLP
                               767 Fifth Avenue
13                             New York, New York  10153

14


15   For the Bondholders:      PAUL SILVERSTEIN, ESQ.
      Committee                JONATHAN LEVINE, ESQ.
16                             Andrews Kurth LLP
                               450 Lexington Avenue
17                             New York, New York  10017

18


19
     Court Transcriber:        CARLA NUTTER
20                             TypeWrite Word Processing Service
                               356 Eltingville Boulevard
21                             Staten Island, New York 10312

22


23


24


25



     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

```
                                                                     2
 1              THE COURT:  Lexington Precision Corp., 08-11153,
 2   motion to authorize employment of consulting firms.
 3              Counsel, please make your appearances.
 4              MR. MARCUS:  Good afternoon, Your Honor.  Christopher
 5   Marcus of Weil, Gotshal & Manges on behalf of the debtors.
 6              THE COURT:  Good afternoon, Mr. Marcus.
 7              Anyone else like to make an appearance?
 8              MR. SILVERSTEIN:  I'm sorry, Your Honor, I apologize.
 9              Paul Silverstein of Andrews Kurth for the committee.
10              THE COURT:  Thank you, Mr. Silverstein.
11              MR. SILVERSTEIN:  With me is John Levine, also of
12   with my firm.
13              THE COURT:  Mr. Marcus.
14              MR. MARCUS:  Thank you, Your Honor.
15              As you noted, we're here on Lexington's motion to
16   employ DeWolf & Goldberg as management consultants.
17              Your Honor, there is no dispute that retention of
18   DeWolf -- I'll call them "DeWolf" -- is in the best interests
19   of the estate.  They are going to increase productivity, cut
20   costs, implement problem solving methodologies.  They have a
21   proven track record with this company; the company has employed
22   them on three prior occasions and they have successfully helped
23   the company implement cost cutting procedures in all of those
24   and there's very little risk.  DeWolf will basically either
25   stay in place to insure that the company achieves the
```

3

1  reductions in cost that they predict or they will take a hit
2  from their own salary.
3           So for all of those reasons, Your Honor, we think
4  that employment of DeWolf is necessary and appropriate and
5  satisfies the business judgment standard under Section 363.
6           Your Honor, even including the committee's limited
7  objection there are no objections to the relief requested in
8  the motion.  The committee's objection really deals with
9  issues, I think, that may or may not arise in the future about
10 valuation considerations, how the valuations and projections
11 may or may not be put together.  Your Honor, I think the
12 committee sort of admits this in their limited objection when
13 they say they're skeptical about what may or may not happen in
14 the future but, of course, there are no facts about what
15 exactly or how exactly the debtors will use this employment in
16 connection with valuation.  I don't think anybody knows the
17 answer to that today so as far as the committee's limited
18 objection, Your Honor, I don't think that there's a justiciable
19 issue in connection with that document.  As I said, the
20 retention of DeWolf is in the best interests of the estate,
21 there are no objections and so to the extent that the committee
22 wants to introduce language into the order regarding preclusion
23 of evidence in the future, I think it's inappropriate and I
24 would ask that Your Honor enter the order in the form that it
25 is today.

1           I would note for the record -- and I've provided Mr.
2  Silverstein just a few minutes ago with a revised form of order
3  against the order that was originally filed.  There were no
4  substantive changes, Your Honor, but we did note in the
5  recitals the existence of the committee's limited objection of
6  the debtor's reply and then a decretal paragraph that
7  objections that are not otherwise resolved are overruled.
8  Other than that the order remains as it is.
9           THE COURT:  Thank you, Mr. Marcus.
10          MR. MARCUS:  Thank you, Your Honor.
11          THE COURT:  Mr. Silverstein.
12          MR. SILVERSTEIN:  Thank you, Your Honor.  I'll be
13 brief.
14          When Mr. Marcus says there's no dispute that DeWolf's
15 retention is in the best interests of the estate, that's a
16 little broad because, again, we don't oppose anything -- any
17 efforts to make the debtor's business better and I think we
18 made that clear in our limited objection.  What we do care
19 about, however, is that any retention order and any subsequent
20 fee approval orders, we're concerned that they not have any
21 preclusive effect on valuation for confirmation purposes.
22          We've proposed some additional language -- let me
23 just explain very briefly -- we seek clarification that a Court
24 order which ultimately approves the payment to DeWolf for
25 services rendered, that is $426,000.00, does not equate to the

```
                                                                    5
 1   Court's acceptance that the debtors will have achieved an
 2   $807,000.00 yearly savings at the Rock Hill [Ph.] facility or
 3   any kind of finding by the Court for purposes of plan
 4   valuation.
 5              THE COURT:  Why do you think the result of entering
 6   this order would have the effect that you're suggesting?
 7              MR. SILVERSTEIN:  Because I think what the debtor
 8   would argue then is the debtor would say Your Honor approved
 9   the payment of $406,000.00, therefore, if Your Honor approved
10   $406,000.00 it must be that they've delivered an $800,000.00
11   benefit.  So I don't think this is really controversial in
12   terms of what we care about, although the debtor's reply that
13   said it's a motion in limine really suggests to us that they
14   are exactly going to try to do that.
15              I think that the notion of the guaranty in the motion
16   is illusory, as I think we've pointed out in our papers, and
17   all we wanted in the order -- may I approach, Your Honor, and
18   provide Your Honor with a paragraph that we'd like inserted
19   into the order?
20              THE COURT:  Hand it up to my law clerk.
21              MR. SILVERSTEIN:  Certainly.
22                      [Pause in proceedings.]
23              THE COURT:  Go ahead, Mr. Silverstein.
24              MR. SILVERSTEIN:  The DeWolf retention motion refers
25   to a guaranty.  DeWolf only guaranties that by the end of its
```

6

1  eighteen week engagement they will have provided the debtors
2  with a plan that if continued properly or if properly executed
3  over the next twelve months that could result in an $807,000.00
4  savings assuming that production levels stay the same.  That's
5  not the same as the debtor's characterization of the impact of
6  DeWolf's work; they talk about a guaranteed savings, the debtor
7  will save at least $807,000.00.  As a prophylactic measure, we
8  do not want an order that could have a preclusive effect or
9  that could have the effect of a finding by Your Honor that a
10 payment to DeWolf --
11           THE COURT:  What's in the order that the debtor has
12 submitted that would even hint that there's a preclusive
13 effect?
14           MR. SILVERSTEIN:  It's not in the order, it's in the
15 application.  The application talks about how there's going to
16 be a payment to DeWolf in exchange for a guaranteed payment and
17 there's an inference to us -- or there was an inference to us
18 such that we were concerned that we did not want the Court to
19 enter an order that did not address this issue.  I don't think
20 it's anymore complicated than that and the language that we've
21 provided, I think, addresses our concerns.  So if it's so
22 obvious, Your Honor, that it can have no preclusive effect,
23 that's fine, but the language we've proposed is,
24 notwithstanding anything in the order to the contrary, the
25 entry of this order approving the retention of DeWolf --

```
                                                                  7
 1   there's a typo -- approving the retention of DeWolf and any
 2   further orders of this Court approving an awarding compensation
 3   to DeWolf shall not constitute (1) a finding by the Court that
 4   the debtors have realized the guarantied savings as defined in
 5   the motion or (2) a finding by the Court with respect to
 6   valuation for plan confirmation purposes.  Purely a
 7   prophylactic response and I don't think it should be
 8   objectionable by the debtor.  The fact that the debtor responds
 9   and says that the committee is making a motion in limine really
10   suggests that we are more sensitive to what they're doing than
11   perhaps the Court is.  So all we're asking for is protection on
12   that point.  If it's that clear and that's obvious and the
13   record establishes it without the additional language, so be it
14   but we don't think there's any harm in the additional language,
15   Your Honor.
16             Thank you.
17             THE COURT:  Thank you.  Mr. Marcus, do you want to be
18   heard?
19             MR. MARCUS:  Yes, Your Honor.
20             I haven't seen this language until just now.  I read
21   the limited objection to be asking for something a little bit
22   different than this, something a little bit more preclusive.
23   We're not asking the Court at this time to find that anything
24   that is or is not included in the valuation or the projections
25   is appropriate.  There's a time and a place for that.  I don't
```

8

1  think it belongs in this order.
2          There is a finding -- I'm sorry, there's a sentence
3  here that says, "a finding by the Court that the debtors have
4  realized the guaranteed savings," I'm not really sure that I
5  can agree to that.  I don't know what Your Honor would have to
6  find in connection with a final fee application regarding
7  DeWolf.  Some time later on down the road if to the extent it's
8  challenged, then perhaps Your Honor will have to make a finding
9  that they're entitled to the fee because they've achieved a
10 guaranteed savings but, again, that issue is just simply not
11 before the Court today.
12         I think that this order does one thing and one thing
13 only; it says the debtors have exercised their business
14 judgment in connection with seeking to employ DeWolf to try to
15 make the company better.  It doesn't say Your Honor is not
16 making a finding that the company will be better or that
17 anything or is not properly included in valuation.  All we're
18 asking is that it was appropriate, that we spend $465,000.00 or
19 will spend $465,000.00 to make this facility more profitable.
20 That's all.
21         THE COURT:  Thank you, Mr. Marcus.
22         MR. SILVERSTEIN:  Your Honor, may I?
23         THE COURT:  No.  The limited objection of the
24 creditors committee is overruled.  The motion for authorization
25 to employ DeWolf, Goldberg & Associates is granted.

9

1    Tell me where we stand with respect to the
2    evidentiary hearing next Monday.
3    MR. MARCUS:  Your Honor, I will do my best.  I
4    probably will have to defer a little bit to Mr. Silverstein.
5    We have my litigation partner, Adam Strochak, is handling most
6    of this.  I have been otherwise heavily involved in another
7    matter, The Sharper Image bankruptcy case.  So I have seen e-
8    mails go back and forth.  I understand that there are two
9    depositions that have been scheduled of, I believe, Mr. Mike
10   Lubin, as well as a representative from W.Y. Campbell.  I
11   believe the committee is going to have a witness at the hearing
12   and that we are discussing scheduling of depositions of that
13   witness, document production is ongoing.  I did see an e-mail
14   as I was sitting here that some more information has gone over
15   to the committee but I am only tangentially involved in that
16   process.
17   THE COURT:  Thank you, Mr. Marcus.  Mr. Silverstein.
18   MR. SILVERSTEIN:  Thank you, Your Honor.
19   As of now it's on.  We may in light of the debtor's
20   motion to extend exclusivity decide not to go forward but we're
21   considering that now.  We do have two depositions scheduled.
22   THE COURT:  When are those depositions because I had
23   authorized each side to take --
24   MR. SILVERSTEIN:  Three hours in total, I think.
25   THE COURT:  -- two depositions, three hours each;

10

1  right.

2          MR. SILVERSTEIN:  We're going to do them by video on
3  Tuesday and Wednesday and in the next few days we're going to
4  decide whether or not we will withdraw the motion to terminate
5  and deal with the debtor's motion to extend because that may be
6  more appropriate.  As far as plan negotiations, they haven't
7  happened.
8          Your Honor, just for clarification on your ruling, is
9  it clear from the record that the committee's concerns are
10 without foundation and there is no connection between valuation
11 and DeWolf and there cannot be an implication?  Because that's
12 all I was looking for.
13         THE COURT:  The ruling speaks for itself.  I'm
14 restraining myself because I thought your limited objection was
15 frivolous.  There's nothing in the order that at all suggests
16 any preclusive effect --
17         MR. SILVERSTEIN:  Okay.
18         THE COURT:  -- but I'll deal with issues as they
19 come.  I thought it was an absolute waste of time to file this
20 limited objection.
21         MR. SILVERSTEIN:  Oh, again, it didn't take that much
22 time so --
23         THE COURT:  I stand on what I said, Mr. Silverstein.
24         MR. SILVERSTEIN:  Thank you.
25         MR. MARCUS:  Your Honor, may I hand up the order?

```
                                                                    11
 1              THE COURT:  Yes, you may.
 2              MR. MARCUS:  Thank you.  To your clerk?
 3              THE COURT:  Yes, hand it up to my law clerk.
 4         Let me just ask -- Mr. Silverstein, I would just say
 5    if you make the decision to withdraw your motion the sooner you
 6    let me know the happier I'll be obviously and you're entitled
 7    to take the deposition -- so you said Tuesday and Wednesday was
 8    the deposition?
 9              MR. SILVERSTEIN:  Yes, Your Honor.
10              THE COURT:  Do you think you'll be in a position to
11    decide after those depositions?
12              MR. SILVERSTEIN:  Yes.
13              THE COURT:  All right.  Just let us know if you
14    could.
15              MR. SILVERSTEIN:  Thank you, Your Honor.
16              THE COURT:  Thank you very much.
17              MR. SILVERSTEIN:  We will at the earliest possible
18    time.
19              THE COURT:  Thank you.  Let me just ask, Mr. Marcus -
20    - and I'll ask Mr. Silverstein as well -- Mr. Silverstein
21    indicates there have been no plan negotiations.  There was the
22    one meeting that took place that was described for the Court, I
23    think, at the last hearing.  Have there been any efforts to set
24    up any additional meetings?
25              MR. MARCUS:  Your Honor, unfortunately, I'm not in a
```

                                                                    12

 1  position to answer that.  I think most of the communications
 2  between Mr. Silverstein and our firm regarding anything further
 3  post that first meeting have been with Mr. Krasnow.
 4          THE COURT:  All right.
 5          MR. MARCUS:  My understanding is that the company is
 6  finishing its projections.  We're trying to provide those to
 7  the committee as soon as possible.  I'm also not in a position
 8  to tell you what the status is of those and I understand the
 9  committee wants to see those as well.
10          THE COURT:  Mr. Silverstein, have there been any
11  efforts to set up any subsequent meetings, subsequent to that
12  one -- there has only been the one meeting I take it?
13          MR. SILVERSTEIN:  Yes.  There have been efforts but
14  there really can't be because they haven't provided us with
15  their projections so we don't know what to do.
16          THE COURT:  All right.  Mr. Marcus, do you know when
17  the projections are going to be provided?
18          MR. MARCUS:  Your Honor, I did speak to the chief
19  financial officer from Lexington this morning about the 341
20  meeting that's tomorrow and he indicated to me that he hoped
21  the projections could be completed some time today or tomorrow.
22  The way I understand it's working is they are building the
23  projections bottoms up and each individual facility and
24  management team is working on those quite diligently and that
25  that's what has taken more time than they thought that it

```
                                                              13
 1  otherwise was going to take.  The indication I got today was as
 2  soon as possible today or tomorrow.
 3          THE COURT:  All right.  Thank you, Mr. Marcus.
 4          MR. MARCUS:  You're welcome.
 5          THE COURT:  All right.  Thank you, Mr. Silverstein.
 6          MR. SILVERSTEIN:  Thank you, Your Honor.
 7                          *  *  *  *  *
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                 14
 1                         * * * * *
 2      I certify that the foregoing is a transcript from an
 3  electronic sound recording of the proceedings in the above-
 4  entitled matter.
 5
 6                          _____
 7                                  CARLA NUTTER
 8
 9  Dated:  July 15, 2008
```