WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                :
**In re**                                            :    **Chapter 11 Case No.**
                                                                :
**LEXINGTON PRECISION CORP., et al.,**    :    **08-11153 (MG)**
                                                                :
         **Debtors.**                             :    **(Jointly Administered)**
                                                                :
-----------------------------------------------------------------x

### DEBTORS' EX PARTE MOTION PURSUANT TO BANKRUPTCY RULES 2002(a)(1) AND 9006(c) TO SHORTEN THE NOTICE PERIOD WITH RESPECT TO THE DEBTORS' MOTION PURSUANT TO SECTION 363(b) FOR AUTHORITY TO REIMBURSE CERTAIN DUE DILIGENCE FEES

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

        Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (collectively, "Lexington" or the "Debtors"), respectfully represent:

**Background**

        1.      On April 1, 2008 (the "Commencement Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. On April 11, 2008, the United States Trustee for the Southern District of New York appointed the statutory creditors' committee (the "Creditors' Committee").

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5. By this motion (the "Motion to Shorten Time"), the Debtors request that the Court shorten the notice period and fix the date and time for an expedited hearing on the Debtors' Motion Pursuant to Section 363(b) of the Bankruptcy Code for Authority to Pay Certain Due Diligence Fees (the "Motion"), which the Debtors filed and served concurrently with this Motion to Shorten Time. Specifically, the Debtors request that the Court consider the relief requested in the Motion at a hearing on August 22, 2008 at 10:00 a.m. (Eastern Standard Time), or as soon thereafter as counsel may be heard. The Debtors submit the Declaration of Richard P. Krasnow in support of the Motion to Shorten Time, attached hereto as Exhibit 1.

## Cause Exists to Shorten the Notice Period for the Motion to Reimburse Certain Due Diligence Fees

6. Bankruptcy Rules 2002(a)(2) and 9006(c)(1) authorize this Court, for cause shown, to reduce the notice period required for a hearing. The Debtors submit that ample cause exists to shorten the notice period with respect to the Motion as requested herein.

7.      As is more fully described in the Motion, the Debtors are negotiating with Capital One Leverage Finance Corp. (f/k/a North Fork Business Capital Corporation) ("Capital One") to obtain a financing facility to finance the Debtors' chapter 11 plan and exit from bankruptcy (an "Exit Facility"). As part of Capital One's due diligence, Capital One has hired certain professionals (collectively, the "Consultants") and incurred, in connection with its diligence, certain professional fees totaling approximately $110,000 (the "Professional Fees"). Capital One may also incur additional fees and expenses in connection with its due diligence. Capital One has requested the Debtors reimburse Capital One for the Professional Fees and any additional fees and expenses up to $20,000 incurred by Capital One in connection with its due diligence (collectively, the "Due Diligence Fees"). The terms of the reimbursement are set forth in the letter, dated August 13, 2008 (the "Reimbursement Letter"), which is attached to the Delano Declaration as Exhibit A. The Delano Declaration is attached to the Motion as Exhibit 1.

8.      Certain of the Consultants have prepared or are preparing reports in conjunction with their due diligence (the "Due Diligence Reports"), which provide useful information regarding Debtors' assets and their businesses. The Due Diligence Reports will also assist the Debtors and the Creditors' Committee in their plan negotiations. Both the Debtors and the Creditors' Committee want to obtain the Due Diligence Reports as soon as practicable for use in the plan negotiation process. The Due Diligence Reports include real estate appraisals the Creditors' Committee indicated at the hearing to extend the Debtors' exclusivity that the Committee needed to review and consider prior to fully engaging in the plan negotiations.

9.      Pursuant to the Reimbursement Letter, upon reimbursement of the Due Diligence Fees, Capital One has agreed to share the Due Diligence Reports with the Debtors; and in turn, the Debtors will share the Due Diligence Reports with the Creditors' Committee.

10. To accelerate the Debtors' and the Creditors' Committee's access to the Due Diligence Reports, the Debtors request that the Court shorten the notice period with respect to the Motion such that the Court may consider the Motion expeditiously. Upon the Court's approval of the Motion, the Debtors will reimburse the Due Diligence Fees, obtain the Due Diligence Reports, and share the reports with the Creditors' Committee.

11. Based on the forgoing, the Debtors submit that cause exists for the notice period with respect to the Motion to be shortened and a hearing to consider the Motion to be scheduled for August 22, 2008 at 10:00 a.m.

**Notice**

12. Pursuant to Bankruptcy Rule 9006(c)(1), the Court may shorten time without notice. Accordingly, no notice of this Motion to Shorten Time has been given. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE the Debtors respectfully request that the Court approve the shortened notice periods requested herein, and grant the Debtors such other and further relief as the Court deems just and proper.

Dated: August 18, 2008
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:   (212) 310-8000
Facsimile:    (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibits**

**Exhibit 1 – Affidavit of Richard P. Krasnow**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
LEXINGTON PRECISION CORP., et al.,                          :    08-11153 (MG)
                                                            :
        Debtors.                                            :    (Jointly Administered)
                                                            :
------------------------------------------------------------x
```

**DECLARATION OF RICHARD P. KRASNOW IN SUPPORT OF THE
DEBTORS' EX PARTE MOTION PURSUANT TO BANKRUPTY
RULES 2002(a)(1) AND 9006(c) TO SHORTEN THE NOTICE PERIOD WITH
RESPECT TO THE DEBTORS' MOTION PURSUANT TO SECTION 363(b) OF THE
BANKRUPTCY CODE TO REIMBURSE OF CERTAIN DUE DILIGENCE FEES**

I, Richard P. Kransow, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.  I am an attorney admitted to practice before the Bankruptcy Court and a member of Weil, Gotshal & Manges LLP, attorneys for Lexington Precision Corporation and its wholly-owned subsidiary, Lexington Rubber Group, Inc., (collectively the "Debtors"), in the above-captioned chapter 11 case.

2.  I submit this affidavit in support of the Motion (the "Motion to Shorten Time") of the Debtors Pursuant to Bankruptcy Rules 2002(a)(2) and 9006(c) to Shorten the Notice Period Time With Respect to the Debtors' Motion Pursuant to Section 363(b) of the Bankruptcy Code to Reimburse Certain Due Diligence Fees.

NY2:\1902725\04\14S5H04!.DOC\26690.0008

3. All statements contained herein are based on personal knowledge or made upon information and belief.

### The Need for Shortened Notice With Respect to
### Motion to Reimburse Certain Due Diligence Fees

4. In the Motion to Shorten Time, the Debtors request the Court shorten the notice period with respect to the Debtors' motion pursuant to section 363(b) of the Bankruptcy Code to reimburse certain due diligence fees (the "Motion"). The Debtors submit expedited consideration of the relief requested in the Motion is necessary and cause exists to shorten the notice period with respect to the Motion.

5. As more fully described in the Motion to Shorten Time and the Motion, the Debtors are negotiating with Capital One Leverage Finance Corp. (f/k/a North Fork Business Capital Corp.) ("Capital One") to obtain a financing facility to finance the Debtors' chapter 11 plan and exit from bankruptcy (an "Exit Facility"). As part of Capital One's due diligence, Capital One has hired certain professionals (collectively, the "Consultants") and incurred, in connection with its diligence, certain professional fees totaling approximately $110,000 (the "Professional Fees"). Capital One may also incur additional fees and expenses in connection with its due diligence. Capital One has requested the Debtors reimburse Capital One for the Professional Fees and any additional fees and expenses up to $20,000 incurred by Capital One in connection with its due diligence (collectively, the "Due Diligence Fees"). The terms of the reimbursement are set forth in the letter, dated August 13, 2008, which is attached to the Motion as Exhibit 2.

6. Pursuant to the Reimbursement Letter, upon reimbursement, Capital One has agreed to share the Due Diligence Reports with the Debtors; and in turn, the Debtors will

share the Due Diligence Reports with the statutory creditors' committee (the "Creditors'

Committee").

       7.     Given the desire of both the Debtors and the Creditors' Committee to commence meaningful negotiations as soon as practicable, the Debtors request that this Court shorten notice with respect to the Motion, and consider the relief requested therein at a hearing scheduled for August 22, 2008 at 10:00 a.m. (prevailing Eastern Time).

Dated: August 18, 2008
       New York, New York

                                          /s/ Richard P. Krasnow
                                          Richard P. Krasnow

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re : Chapter 11 Case No.
:
**LEXINGTON PRECISION CORP., et al.,** : 08-11153 (MG)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------x

### ORDER PURSUANT TO BANKRUPTCY RULES 2002(a)(2) AND 9006(c) TO SHORTEN THE NOTICE PERIOD WITH RESPECT TO THE DEBTORS' MOTION PURSUANT SECTION 363(b) OF THE BANKRUPTCY CODE FOR AUTHORITY TO REIMBURSE CERTAIN DUE DILIGENCE FEES

Upon the ex parte motion, dated August 18, 2008 (the "Motion to Shorten Time") of Lexington Precision Corporation and Lexington Rubber Group, Inc. (collectively, the "Debtors"), pursuant to bankruptcy rules 2002(a)(2) and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to shorten the notice period with respect to the Debtors' motion (the "Motion") pursuant to section 363(b) of title 11 of the United States Code (the "Bankruptcy Code") for authority to reimburse certain due diligence fees (the "Motion"), all as more fully described in the Motion and the Motion to Shorten Time; and the Court having jurisdiction to consider the Motion to Shorten Time and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion to Shorten Time and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion to Shorten Time having been provided as described in the Motion to Shorten Time; and upon the declaration of Richard P. Krasnow in support of the Motion to Shorten Time (the

"Krasnow Declaration"); the Court finds cause exists to expedite consideration of the relief requested in the Motion and such expedited consideration is beneficial to, and in the interests of, the Debtors, their estates, and all parties in interest therein; notice of the Motion, as provided herein, is due and proper and no further notice of the Motion is necessary; notice of the Motion to Shorten Time is due and proper and no further notice is necessary; and therefore, it is hereby:

ORDERED that a hearing to consider the relief requested in the Motion will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, on **August 22, 2008 at 10:00 a.m**. **(prevailing Eastern Time)**, at the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, or as soon thereafter as counsel may be heard; and it is further

ORDERED that any objections or responses to the Motion, if any, must (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefore; and it is further

ORDERED that all objections and responses must be filed with the Bankruptcy Court no later than **August 21, 2008 at 12:00 p.m. (prevailing Eastern Time)**; and it is further

ORDERED that, in accordance with General Order M-242, registered users of the Bankruptcy Court's case filing system must file their objections and responses electronically; General Order M-242 may be found at www.nysb.uscourts.gov; and it is further

ORDERED that, all other parties-in-interest must file their objections and responses on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or

any other Windows-based word processing format) and deliver a hard copy directly to the chambers of Judge Martin Glenn; and it is further

ORDERED that, all objections and responses must be served so as to be received no later than **August 21, 2008, at 12:00 p.m. (prevailing Eastern Time)**, upon: (a) the Debtors, Lexington Precision Corporation, 800 Third Ave. 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin), (b) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Richard P. Krasnow); (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg); (d) the attorneys for the Debtors' prepetition lenders, Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, Tennessee, 37219 (Attn: John C. Tishler); (e) the attorneys for the official Creditors' Committee of unsecured creditors, Andrews Kurth LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Paul Silverstein); and (f) the attorneys for Debtors' postpetition lenders, O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, New York 10036 (Attn: Gerald Bender); and it is further

ORDERED that the Debtors shall serve notice of the Hearing and the other matters to be heard in connection therewith by sending a copy of this Order, the Krasnow Affidavit and the Motion and the exhibits thereto via email, fax or overnight mail, by **August 19, 2008** to ): (a) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg); (b) the attorneys for the Debtors' prepetition lenders, Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, Tennessee, 37219 (Attn: John C. Tishler); (c) the attorneys for the official Creditors' Committee of unsecured creditors, Andrews Kurth LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Paul Silverstein); (d) the attorneys for Debtors' postpetition lenders, O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, New York 10036 (Attn: Gerald Bender); and (e) all other parties requesting service in these chapter 11 cases.

Dated:    August __, 2008
          New York, New York

                                                              _____
                                                              UNITED STATES BANKRUPTCY JUDGE