UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
:
In re                                                          :         Chapter 11 Case No.
                                                               :
**LEXINGTON PRECISION CORP., et al.,**          :         08-11153 (MG)
                                                               :
        Debtors.                                         :         (Jointly Administered)
                                                               :
----------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 363(b) OF THE BANKRUPTCY CODE
GRANTING AUTHORITY TO REIMBURSE CERTAIN DUE DILIGENCE FEES**

       Upon the motion, dated August 18, 2008 (the "Motion") of Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), for authority to reimburse certain due diligence fees, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been provided as described in the Motion; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court and the declaration of Warren Delano in support of the Motion (the "Delano Declaration"), the Court finds and determines, after due deliberation, that the relief sought in the Motion is in the best interests of the Debtors, their estates, and all parties in interest therein; notice of the Motion was due and proper and no further notice is necessary; and the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein; and therefore, it is

        ORDERED that the Motion is granted; and it is further

        ORDERED that the Debtors are authorized to reimburse Capital One Leverage Finance Corp. (f/k/a North Fork Business Capital Corp.) ("Capital One") for the professional fees and expenses of Durkin Group LLC, Cushman & Wakefield, Bureau Veritas, AccuVal Associates, Inc., and First West Financial incurred during the course of Capital One's due diligence (the "Professional Fees") on the terms and conditions set forth in the letter dated August 13, 2008, which is attached to the Delano Declaration as Exhibit A (the "Reimbursement Agreement"); and it is further

        ORDERED that the Debtors are authorized to reimburse Capital One for any additional fees and expenses incurred during the Capital One's due diligence up to $20,000 (together with the Professional Fees, the "Due Diligence Fees") on the terms and conditions set forth in the Reimbursement Agreement; and it is further

        ORDERED that the $21,200 deposit held by Capital One is ratified and approved, which deposit Capital One shall apply against the Due Diligence Fees before the Debtors reimburse any remaining balance; and it is further

        ORDERED that notwithstanding any applicability of Bankruptcy Rules 6004(h),[1] the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

---

[1] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.

ORDERED that the requirements of Bankruptcy Rule 6004(a) are waived.

Dated: New York, New York
**August 22, 2008**

                                        **/s/Martin Glenn**
                              UNITED STATES BANKRUPTCY JUDGE