UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
In re:                                                               :

       LEXINGTON PRECISION CORP., et al.         :
                                                                                 Chapter 11
                                                                          :    Case No. 08-11153 (MG)

                                                  Debtor(s)          :    Jointly Administered

---------------------------------------------------------------------x


**CASE MANAGEMENT AND SCHEDULING ORDER**

       This Case Management and Scheduling Order is entered by the Court in accordance with Fed. R. Civ. P. 16(b) and 26(f).

       **1.**    **Motions**

       (a)    All motions and applications shall be governed by the Civil Rules, Bankruptcy Rules and Local Bankruptcy Rules, including any pre-motion conference requirements.

       (b)    Motions, pleadings, applications, and other requests for relief shall not be considered by the Court unless filed and served in accordance with the ordered Notice Procedures, ECF Doc. # 22, at least seventeen (17) calendar days before the scheduled hearing date.  Notwithstanding the foregoing, pursuant to Bankruptcy Rule 9006, if the parties served with a motion, pleading, application, or other request for relief include parties being served by U.S. mail, a hearing may not be scheduled before twenty (20) days from the date of service.

(c) Any party may move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 6006(b) and 9006(c).

(d) Any motion, pleading, application, or other request for relief pursuant to Bankruptcy Rules 2002 (a)-(b) shall be set for hearing after the passage of the time period set forth therein. If, consistent with Bankruptcy Rule 9006, service is by U.S. mail, a hearing will not be scheduled before twenty-three (23) calendar days from the date of service or as otherwise provided therein.

(e) All motions shall include a table of contents listing all affidavits and exhibits. Affidavits and exhibits shall be clearly identified by tabs on both the original and courtesy copies. Exhibits shall be marked sequentially such that no exhibit number or letter repeats, regardless of the affidavit to which it is attached. Exhibits for the moving party should be marked by numbers; exhibits for responding parties should be marked by letters.

(f) Two courtesy copies of all motion papers shall be delivered to chambers as soon as practicable after filing.

(g) **Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. All memoranda shall be double-spaced, 12-point font, with 1" margins. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities.**

     (h)  The Deadline to file an objection to any motion, pleading, application, or other request for relief shall be at least seven (7) calendar days before the applicable hearing date or a date otherwise ordered by the Court.

     (i)  Unless otherwise ordered by the Court, a reply to an objection shall be filed with the Court and served on or before the day that is at least five (5) calendar days before the date of the hearing.

     (j)  Notwithstanding the foregoing paragraphs, the Court may grant the relief requested in a motion, pleading, application or other request for relief without a hearing provided that, after the passage of the objection deadline, the attorney for the entity that filed the request for relief: (i) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no parties have filed or served an objection; (ii) serves the declaration by facsimile or e-mail upon the attorneys for the Debtors and the attorneys for the Committee one business day before submission thereof to the Court; and (iii) delivers by U.S. mail, e-mail, or hand or overnight delivery, a package to the Court including (a) the declaration described in subsection (i) above, and (b) an electronic copy of an order granting the relief requested in the applicable request for relief (collectively, the "<u>No Objection Package</u>"). Upon receipt of the No Objection Package, the Court may grant the relief requested in the request for relief without further submission, hearing, or request. If the Court does not grant the relief, the Court shall consider the request for relief at the hearing date set in accordance with these Procedures; <u>provided</u>, <u>however</u>, the Court's decision to not grant the requested relief shall not extend the objection deadline related thereto.

  **2.**  **Telephonic Appearances**

(a) In order to minimize the need for counsel to travel to New York City for hearings, the Court will permit any counsel of record who maintains his or her office outside of New York City, and who wishes to appear at a hearing but who does not expect to be one of the principal oral advocates in support of or in opposition to one of the pending motions, to appear by telephone.

(b) Debtor's counsel is directed to arrange the necessary conference telephone connection for each hearing through CourtCall, and to post on ECF a notice of the call-in arrangements for each hearing no later than 5:00 p.m. at least three (3) days prior to any hearing date.

(c) Any counsel appearing at a hearing, whether in person or by telephone, should be present in the Courtroom or on the telephone no later than fifteen minutes prior to the scheduled start of each hearing to make his or her appearance on the record, identifying counsel's name and each of the parties on whose behalf he or she is appearing, so that the hearing may start promptly on time. Any counsel appearing by telephone and wishing to speak at the hearing must be present on the telephone and make an appearance before the start of the hearing.

Dated: August 28, 2008  
New York, New York

/s/ Martin Glenn  
Martin Glenn  
United States Bankruptcy Judge