UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                              :
                                                   :   Chapter 11 Case No.
LEXINGTON PRECISION CORP., et al.,                 :   08-11153 (MG)
                                                   :
                                                   :   (Jointly Administered)
                        Debtors.                   :
-----------------------------------------------------------------x

ORDER PURSUANT TO 28 U.S.C. § 156(c) AND
LOCAL RULE 5075-1(a) AUTHORIZING THE EMPLOYMENT OF
FINANCIAL BALLOTING GROUP LLC AS SOLICITATION AND
BALLOTING AGENT FOR THE DEBTORS NUNC PRO TUNC TO AUGUST 5, 2008

Upon the application, dated August 22, 2008 (the "Application"), of Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (collectively, the "Debtors"), for an order, pursuant to section 156(c) of title 28 of the United States Code and Local Rule 5075-1(a), for authorization to employ Financial Balloting Group LLC ("FBG") as solicitation and balloting agent nunc pro tunc to August 5, 2008, as more fully set forth in the Application; and upon consideration of Declaration of Jane Sullivan in Support of the Application, annexed to the Application as Exhibit 2; and the Court being authorized under 28 U.S.C. § 156(c) and Local Rule 5075-1(a) of the Local Rules of the United States Bankruptcy Court for the Southern District of New York to utilize, at the Debtors' expense, outside agents and facilities to assist in the administration of these chapter 11 cases; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been provided as

described in the Application; and a hearing having been held to consider the relief requested in the Application (the "Hearing"); the Court finds and determines that FBG is qualified to provide the necessary solicitation and balloting services; FBG does not hold an interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which FBG is to be engaged; the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause therefor, it is

ORDERED that the Application is granted; and it is further

ORDERED that the Agreement, dated August 5, 2008 (the "Retention Agreement") and the terms and conditions contained therein are approved; and it is futher

ORDERED that the Debtors are authorized to retain and employ FBG, nunc pro tunc to August 5, 2008, to perform the noticing, solicitation, balloting, tabulation and other services described in the Application; and it is further

ORDERED that, upon the Debtors' request, FBG shall:

(a) Provide advice to the Debtors and their counsel regarding all aspects of the plan vote, including timing issues, voting and tabulation procedures, and documents needed for the vote;

(b) Review the voting portions of the disclosure statement and ballots, particularly as they may relate to beneficial owners of securities held in street name;

(c) Work with the Debtors to request appropriate information from the Depository Trust Company, the trustee of the bonds, and the transfer agent for the common stock;

(d) Mail appropriate documents to any registered holders of securities and any non-noteholder creditors;

(e) Coordinate the distribution of voting documents to street name holders of voting securities by forwarding the appropriate

        documents to the banks and brokerage firms holding the securities (or their agent), who in turn will forward it to beneficial owners for voting;

(f) Distribute copies of the master ballots to the appropriate nominees (after the initial distribution of documents) so that firms may cast votes on behalf of beneficial owners;

(g) Prepare a certificate of service for filing with the court;

(h) Handle requests for documents from parties in interest, including brokerage firm and bank back-offices and institutional holders;

(i) Respond to telephone inquiries from security holders regarding the disclosure statement and the voting procedures;

(j) If requested to do so, FBG will make telephone calls to any known beneficial owners and/or registered holders of bonds to confirm receipt of plan documents and respond to questions about the voting procedures;

(k) Receive and examine all ballots and master ballots cast by bondholders and other parties entitled to vote;

(l) Tabulate all ballots and master ballots received prior to the voting deadline in accordance with established procedures, and prepare a vote certification for filing with the court; and

(m) Undertake such other duties as may be agreed upon by the Debtors and FBG.

ORDERED that the Debtors and FBG are authorized to take such other action as is reasonably necessary to comply with all duties set forth in the Application and this Order; and it is further

ORDERED that, in accordance with the Retention Agreement, the Debtors are authorized to compensate FBG on a monthly basis upon receipt of reasonably detailed invoices setting forth the services FBG provided in the prior month and the rates charged for each service, and to reimburse FBG for all reasonable and necessary expenses FBG may incur upon the presentation of appropriate documentation and without the necessity for FBG to file an application for reimbursement with the Court.

Dated: **September 2, 2008**
      New York, New York

                                              /s/Martin Glenn
                                    UNITED STATES BANKRUPTCY JUDGE