# Exhibit B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                               :

In re                                     :          Chapter 11 Case No.
                                             :

**LEXINGTON PRECISION CORP., et al.,**    :          08-11153 (MG)
                                           :

            Debtors.                 :          (Jointly Administered)
                                           :
----------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a) AND 331
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE
2016(a) ESTABLISHING PROCEDURES FOR INTERIM MONTHLY
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the motion, dated April 2, 2008 (the "Motion") of Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to sections 105(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing procedures for interim monthly compensation and reimbursement of expenses of professionals (the "Professionals"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the

Hearing; and upon the Affidavit of Dennis J. Welhouse, sworn to on April 1, 2008 (the "Welhouse Affidavit"), pursuant to Local Bankruptcy Rule 1007-2, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that except as may otherwise be provided in orders of the Court authorizing the retention of specific Professionals, all Professionals in these cases may seek monthly compensation in accordance with the following procedures (the "Interim Compensation Procedures"):

(a) On or before the **thirtieth (30th)** day of each month following the month for which compensation is sought, each Professional seeking compensation shall file with the Court a monthly statement and serve (the "Monthly Statement"), by hand or overnight delivery, on (i) Lexington Precision Corporation, 800 Third Avenue, 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin); (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Christopher J. Marcus and John W. Lucas), attorneys for the Debtors; (iii) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg); (iv) Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, TN, 37219 (Attn: John C. Tishler), attorneys for the Debtors' prepetition lenders; (v) attorneys for the Official Committee of Unsecured Creditors (the "Committee"), Andrews Kurth, LLP, 450 Lexington Avenue, 15th Floor, New York, NY 10017 (Attn: Paul Silverstein); and (vi) O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, NY 10036 (Attn.: Gerald Bender), attorneys for Debtors' postpetition lenders (the "Notice Parties").

(b) Each Monthly Statement must contain a list of the individuals and the individuals' respective titles (e.g., attorney, paralegal, etc.) who provided services during the statement period, the individuals' respective billing rates, in the case of attorneys, their respective years of graduation from

   law school, and to the extent applicable, their year of partnership, the aggregate hours spent by each individual, a reasonably detailed breakdown of the fees and expenses incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable.

(c)  Each Notice Party shall have **fifteen (15)** days after receiving the Monthly Statement to review the statement and, if the Notice Party objects to the compensation or reimbursement sought in a particular statement, such Notice Party shall, no later than the **forty-fifth (45th)** day following the end of the month for which compensation is sought, file with the Court and serve upon the Professional to whose Monthly Statement the Notice Party objects and the other Notice Parties a written "Notice of Objection to Fee Statement," setting forth the nature of the Notice Party's objection and the amount of fees or expenses at issue.

(d)  At the expiration of the **45** day period, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with paragraph (c) above.

(e)  If the Debtors object or receive an objection to a particular Monthly Statement, the Debtors shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (d).

(f)  If the parties to an objection resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose Monthly Statement was objected to files with the Court and serves on all Notice Parties a statement indicating that the objection is withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay in accordance with paragraph (d) that portion of the Monthly Statement that is no longer subject to an objection.

(g)  All objections that the parties do not resolve shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (i) below.

(h)  The filings and service of an objection in accordance with paragraph (c) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on

    any ground regardless of whether the objecting party raised the ground in the objection or not.  Furthermore, the decision by any party not to object to a Monthly Statement shall not waive or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(i)  Commencing with the period ending July 31, 2008, and at four-month intervals thereafter, each of the professionals shall file with the Court, in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov), an application (an "<u>Interim Fee Application</u>") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the fee statements filed during such period (the "<u>Interim Fee Period</u>").  Each professional shall file its Interim Fee Application within forty-five (45) days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses.  Each professional shall file its first Interim Fee Application on or before September 15, 2008, and the first Interim Fee Application shall cover the Interim Fee Period from the Commencement Date through and including July 31, 2008.

(j)  The Debtors' attorneys shall obtain a date from the Court for the hearing of fee applications for all retained professionals.  At least 30 days prior to such hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all retained professionals, setting forth the time, date and location of the fee hearing, the Interim Fee Period applications cover and the objection deadline.  Any retained professional unable to file its own fee application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline.  The Debtors' attorneys shall file and serve such application.

(k)  Any professional who fails to file an application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement when due shall be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until the professional files its application.

(l)  The pendency of an objection asserting that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m)  Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect

> on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

; and it is further

ORDERED that the amount of fees and disbursements sought be set out in U.S. dollars; and it is further

ORDERED that the attorneys for the Committee may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of the Committee as part of the attorneys for the Committee's fee applications to the Court; provided, however, that these reimbursement requests comply with this Court's Administrative Orders, dated June 24, 1991 and April 21, 1995; and it is further

ORDERED that any party may object to requests for payments made pursuant to this Order on the grounds that the Debtors have not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of this Court, otherwise, this Order shall continue and shall remain in effect during the pendency of this case; and it is further

ORDERED that the Debtors shall include all payments to professionals on their monthly operating reports, detailed so as to state the amount paid to each professional; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated: **April 22, 2008**
New York, New York

                                                           **/s/Martin Glenn**
                                                United States Bankruptcy Judge