WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
In re:                            :           **Chapter 11**
                                                             :
**LEXINGTON PRECISION CORP., et al.,**    :    **Case No. 08-11153 (MG)**
                                                             :
           **Debtors.**             :           **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE**
**GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**

**FIRST INTERIM APPLICATION**

| NAME OF APPLICANT: | Weil, Gotshal & Manges LLP |
|---|---|
| | |
| TIME PERIOD: | April 1, 2008 through and including July 31, 2008 |
| | |
| ROLE IN THE CASE: | Attorneys for the Debtors |
| | |
| CURRENT APPLICATION: | Total Fees Requested:  $958,601.50 |
| | Total Expenses Requested:  $31,759.50 |
| | |
| PRIOR APPLICATIONS: | N/A |

## SUMMARY OF FIRST INTERIM QUARTERLY FEE APPLICATION OF WEIL, GOTSHAL & MANGES LLP FOR SERVICES RENDERED FOR THE PERIOD APRIL 1, 2008 THROUGH JULY 31, 2008

| NAME OF PROFESSIONAL<br><br>PARTNERS & OF COUNSELS: | DEPARTMENT [1] AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Goldstein, Marcia L. | BFR – 1975 | $950.00 | 12.80 | $12,160.00 |
| Krasnow, Richard P. | BFR – 1972 | $895.00 | 184.40 | $165,038.00 |
| Waksman, Ted S. | C – 1978 | $895.00 | 9.70 | $8,681.50 |
| Buhle, Warren T. | C – 1976 | $860.00 | 3.30 | $2,838.00 |
| Goldring, Stuart J. | T – 1984 | $860.00 | 25.80 | $22,188.00 |
| Rusman, Jared M. | T – 1997 | $770.00 | 4.10 | $3,157.00 |
| Strochak, Adam P. | L – 1993 | $750.00 | 119.00 | $89,250.00 |
| Hird, David B. | L – 1977 | $750.00 | 10.40 | $7,800.00 |
| Marcus, Christopher J. | BFR – 2000 | $650.00 | 131.80 | $85,670.00 |
| **Total Partners** | | | **501.30** | **$396,782.50** |

---

[1] BFR- Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  SA – Summer Associate,  X – Library  * Not yet admitted to the bar.

| NAME OF PROFESSIONAL<br><br>ASSOCIATES: | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Nagar, Roshelle A. | C – 1989 | $595.00 | 0.60 | $357.00 |
| Gartin, Randell J. | T – 2001 | $530.00 | 56.40 | $29,892.00 |
| Vron, Victoria | BFR – 2005 | $490.00 | 309.40 | $151,606.00 |
| Lucas, John W. | BFR – 2005 | $465.00 | 260.60 | $121,179.00 |
| Levine, Alexander | L – 2006 | $465.00 | 34.30 | $15,949.50 |
| Tseng, Conray C. | BFR – 2007 | $415.00 | 493.70 | $204,885.50 |
| Solaimani, Farbod | T | $355.00 | 0.30 | $106.50 |
| **Total Associates** | | | **1,155.30** | **$523,975.50**[2] |

---

[2] As a result of a voluntary reduction in the amount of the applicant's charges, this amount is less $43,497.50 than the total amounts billed in the applicant's monthly fee statements.

| NAME OF PROFESSIONAL<br><br>Paralegals, Clerks, Library Staff and Other Non-Legal Staff | DEPARTMENT | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lee, Kathleen | BFR | $240.00 | 41.30 | $9,912.00 |
| Fredrick, Fran | X | $195.00 | 0.20 | $39.00 |
| Losick, Merill | X | $195.00 | 0.50 | $97.50 |
| Amponsah, Duke | BFR | $180.00 | 131.40 | $23,652.00 |
| Ribaudo, Mark | MC | $170.00 | 1.20 | $204.00 |
| Rodriguez, Ilusion | BFR | $155.00 | 2.70 | $418.50 |
| Wilmer, Andrea | BFR | $155.00 | 10.20 | $1,581.00 |
| Etienne, Donald | BFR | $155.00 | 9.70 | $1,503.50 |
| Pasion, Luis L. | MC | $140.00 | 2.00 | $280.00 |
| Cruz, Luis | X | $135.00 | 0.40 | $54.00 |
| Greco, Maximiliano | X | $85.00 | 1.20 | $102.00 |
| **Total Paraprofessionals** | | | **200.80** | **$37,843.50** |

| PROFESSIONALS<br><br>TOTALS: | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Of Counsel | $791.50 | 501.30 | $396,782.50 |
| Associates | $453.54 | 1,155.30 | $523,975.50 |
| Paraprofessionals | $188.46 | 200.80 | $37,843.50 |
| **Total Fees Incurred** | | **1,857.40** | **$958,601.50** |
| **Blended Attorney Rate** | **$555.81** | | |
| | | | |
| **Total Fees Requested** | | **1,857.40** | **$958,601.50** |

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak
Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
**In re:**                                                   :          **Chapter 11**
                                                             :
**LEXINGTON PRECISION CORP., et al.,**                       :          **Case No. 08-11153 (MG)**
                                                             :
            **Debtors.**                                     :          **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x

**FIRST APPLICATION OF WEIL, GOTSHAL & MANGES LLP,**
**AS ATTORNEYS FOR THE DEBTORS, FOR INTERIM**
**ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES**
**RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY**
**EXPENSES INCURRED FROM APRIL 1, 2008 THROUGH JULY 31, 2008**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

        Weil, Gotshal & Manges LLP ("WGM"), attorneys for Lexington Precision

Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber

Group" and together with Lexington Precision, the "Debtors"), as debtors and debtors in

possession, for its first application (the "Application"), pursuant to sections 330(a) and 331 of

title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), for the interim allowance of compensation

for professional services performed by WGM for the period commencing April 1, 2008  through

and including July 31, 2008 (the "Compensation Period"), and for reimbursement of its actual

and necessary expenses incurred during the Compensation Period, respectfully represents:

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

1.     This Application has been prepared in accordance with the Guidelines for

Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

adopted by the Court on June 20, 1991 (the "Fee and Disbursement Guidelines") and the

Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New

York Bankruptcy Cases adopted by the Court on April 19, 1995 (together with the Fee and

Disbursement Guidelines, the "Local Guidelines"), the United States Trustee Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), and the Order Pursuant to

Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Monthly

Compensation and Reimbursement of Expenses of Professionals (the "Administrative Order,"

and collectively with the Local Guidelines and the UST Guidelines, the "Guidelines").  Pursuant

to the Local Guidelines, a certification regarding compliance with the same is annexed hereto as

Exhibit A.  Pursuant to the UST Guidelines, the Debtors have reviewed this Application and

approved of the entire amount requested by WGM for services performed and expenses incurred

during the Compensation Period.

2.     WGM seeks allowance of interim compensation for professional services

rendered to the Debtors during the Compensation Period in the aggregate amount of $958,601.50

and for reimbursement of expenses incurred in connection with the rendition of such services in

the aggregate amount of $31,759.50.  During the Compensation Period, WGM attorneys and

paraprofessionals expended a total of 1,857.40 hours for which compensation is sought.

3.      During the Compensation Period, other than pursuant to the Administrative Order, WGM has received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between WGM and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

4.      In accordance with the Administrative Order, WGM has received payments totaling $833,430.70 for the Compensation Period, which consists of $801,671.20, representing 80% of the fees incurred during first four months of these cases prior to WGM's voluntary reduction of its charges of $43,497.50, and $31,759.50, representing 100% of the expenses incurred during the Compensation Period.

5.      The fees charged by WGM in these cases are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period.  The rates WGM charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates WGM charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

6.      Pursuant to the UST Guidelines, annexed hereto as Exhibit B is a schedule setting forth all WGM professionals and paraprofessionals who have performed services in these chapter 11 cases during the Compensation Period, the capacities in which each such individual is employed by WGM, the department in which each individual practices, the hourly billing rate charged by WGM for services performed by such individual, the year in which each professional

was first licensed to practice law and the aggregate number of hours expended in this matter and

fees billed therefor.

7.    Annexed hereto as Exhibit C is a schedule specifying the categories of

expenses for which WGM is seeking reimbursement and the total amount for each such expense

category.

8.    Pursuant to Section II.D of the UST Guidelines, annexed hereto as Exhibit

D is a summary of WGM's time records billed during the Compensation Period, including the

utilization of project categories as hereinafter described.

9.    WGM maintains computerized records of the time spent by all WGM

attorneys and paraprofessionals in connection with the prosecution of the Debtors' chapter 11

cases.  Subject to redaction or modification for the attorney-client privilege where necessary to

protect the Debtors' estates, copies of these computerized records will be furnished to the Court,

the attorneys for the official committee of unsecured creditors (the "Creditors' Committee"), and

the Office of the United States Trustee for the Southern District of New York (the "U.S.

Trustee") in the format specified by the UST Guidelines.

10.    Prior to the commencement of these chapter 11 cases, the Debtors paid

WGM an aggregate amount of $750,000 in respect of professional services rendered and to be

rendered and for disbursements incurred and to be incurred in connection with (i) the Debtors'

efforts prior to the commencement of these chapter 11 cases to restructure their obligations out

of court, (ii) the preparation for the Debtors' chapter 11 cases, and (iii) certain other related

matters.  In the Affidavit and Disclosure Statement of Richard P. Krasnow Pursuant to

Bankrutpcy Code Sections 327, 328(a), 329 And 504 And Federal Rules of Bankruptcy

Procedure 2014(a) And 2016(b) In Support of Debtors' Application For A Motion Authorizing

The Employment and Retention of Weil, Gotshal & Manges LLP As Attorneys For The Debtors, *Nunc Pro Tunc* To The Commencement Date, dated April 1, 2008, (the "<u>Krasnow Affidavit</u>"), WGM disclosed that it has used this advance to credit the Debtors' account for WGM's estimated charges for professional services performed and expenses incurred up to the time of the commencement of these chapter 11 cases and has reduced the balance of the credit available to the Debtors by the amount of such charges. As of the Commencement Date, WGM has a remaining credit balance in favor of the Debtors for future professional services to be performed, and expenses to be incurred, in the approximate amount of $97,017.51. (Krasnow Affidavit ¶ 6). WGM will retain this amount and apply it towards any amounts owing as of the final fee applications considered by the Court.

11.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, WGM reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## <u>BACKGROUND</u>

12.     On the April 1, 2008 (the "<u>Commencement Date</u>"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

13.     On April 2, 2008, the Debtors filed an application for an order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) authorizing the employment and retention of WGM as attorneys for the Debtors. [Doc. No.35]. No objections were filed to WGM's retention and pursuant to an order of this Court dated April 22, 2008, the

Debtors' were authorized to retain WGM as their attorneys to render legal services in the prosecution of their chapter 11 cases.  [Doc. No. 85].

14.    On April 11, 2008, the U.S. Trustee appointed the Creditors' Committee pursuant to section 1102(a) of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

15.    On June 13, 2008, each of the Debtors filed a Statement of Financial Affairs and Schedule of Assets and Liabilities (collectively, the "Schedules and Statements"). [Doc. Nos. 173, 174, 175, and 176].

16.    The Debtors have advised WGM that, to date, they have paid all quarterly fees due to the U.S. Trustee.

## SUMMARY OF SERVICES

17.    In the initial four months of these chapter 11 cases, WGM was required to render professional services to deal with various issues typically faced by a debtor at the outset of a chapter 11 case.

18.    WGM devoted a substantial amount of time toward addressing numerous issues in connection with the Debtors' (i) negotiation of the final order authorizing the Debtors to use cash collateral, granting adequate protection to prepetition secured lenders, and authorizing postpetition debtor in possession financing from new lenders; (ii) prosecuting the Debtors' first day motions; (iii) preparing the Debtors' Schedules and Statements; (iv) opposing the Creditors' Committee's motion to terminate the Debtors' exclusive periods and the Creditors' Committee's opposition to the Debtors' motion to extend the same; and (v) drafting the plan, an amended plan, and a proposed disclosure statement.

19.    Other professional services rendered by WGM during the Compensation Period included, among other things, (i) preparing Debtors' officers for first day hearings; (ii) participating in various meetings with the attorneys for the Creditors' Committee and counsel for the Debtors' prepetition secured lenders; (iii) responding to creditor inquiries concerning the chapter 11 cases; (iv) preparing monthly operating reports; and (v) preparing and filing, on behalf of the Debtors, numerous motions, applications, and related court pleadings regarding, among other things, the retention of professionals, the extension of time to assume or reject unexpired leases and executory contracts, the establishment of a date by which to file proofs of claims (the "Bar Date").

20.    The following is a summary of the significant professional services rendered by WGM during the Compensation Period.  This summary is organized in accordance with WGM's internal system of project or work codes.  Exhibit D provides a more detailed breakdown of the time devoted and fees allocable to each work code.

a.    Case Administration (Work Code LP0001)

- Maintained project list, case calendar, and case docket of documents filed with the Court.

- Prepared and filed agenda letters for each hearing before the Court.

b.    Unsecured Creditors Issues/Meetings/
Communications/Creditors' Committee (Work Code LP0002)

- Attended Creditors' Committee formation meeting.

- Reviewed retention application for Creditors' Committee's counsel and financial advisor; attend hearings regarding the same.

- Prepared for, attended at and participated in meetings with the Creditors' Committee and/or its professionals.

- Conducted teleconferences with the attorneys for the Creditors' Committee regarding the status of the cases.

- Conducted teleconference with attorneys and financial advisors for the Creditors' Committee regarding the engagement of DeWolff, Boberg & Associates.

- Negotiated confidentiality agreements with Creditors' Committee and financial advisor to Creditors' Committee.

- Reviewed various extensive document production requests by Creditors' Committee; discussions with Creditors' Committee, Debtors, and other advisors regarding same.

c.    General Case Strategy (Work Code LP0004)

- Held numerous conferences with the Debtors' management regarding strategic issues in the Debtors' chapter 11 cases.

- Held internal meetings to prepare case and develop strategy regarding, among other things, first day hearings, plan formulation, and bankruptcy litigation including motion to terminate exclusivity and prosecuting a motion to extend exclusivity.

d.    Hearing and Court Matters (Work Code LP 0005)

- Attended numerous hearings, including first day hearings, motion to terminate exclusivity, motion to extend time to file schedules, applications to retain financial advisors, DeWolff engagement, motion to extend exclusivity periods, among others.

e.    WGM Retention/Billings/Fee Applications (Work Code LP0006)

- Reviewed monthly billing summary reports of WGM and other professionals.

- Prepared monthly fee statements.

f.    Retention/Fee Applications:
      Ordinary Course Professionals (Work Code LP0007)

- Prepared questionnaire and affidavit forms for ordinary course professional retention.

- Coordinated filing of various ordinary course professional affidavits and questionnaires.

- Reviewed questionnaires and affidavits filed by ordinary course professionals.

g.    <u>Retention/Fee Application:  Other Professionals (Work Code LP 0008)</u>

- Prepared retention application for W.Y. Campbell as Debtors' financial advisor

- Reviewed retention applications of Andrews Kurth LLP and Stout Risius Ross.

h.    <u>Schedules/Statement of Financial Affairs (Work Code LP 0009)</u>

- Prepared Schedules and Statements.

- Conducted numerous meetings and telephone conferences with the Debtors regarding the preparation of the Debtors' Schedules and Statements.

- Prepared motion seeking extension of time to file the Schedules and Statements.

i.    <u>U.S. Trustee Related Issues (Work Code LP0010)</u>

- Teleconferences with the U.S. Trustee's Office regarding various issues pertaining to the Debtors' chapter 11 cases including, but not limited to, the organizational meeting for the Creditors' Committee, the Debtors' retention of ordinary course professionals, investment guidelines, fees to be paid to the U.S. Trustee, and the first meeting of creditors pursuant to section 341 of the Bankruptcy Code.

j.    <u>General Business Operations (Work Code LP 0011)</u>

- Reviewed drafts of Debtors' Forms 10-Q and 10-K.

- Discussions regarding Debtors' charter.

k.    <u>Corporate Governance (Work Code LP 0012)</u>

- Teleconference with Debtors regarding board meeting.

- Attended board meeting.

*l.*    <u>DIP Financing (Work Code LP 0013)</u>

- Participated in numerous teleconferences with the attorneys for prepetition lenders regarding use of cash collateral and account control agreement; attended hearing on interim and final approval of cash collateral and DIP financing.

m.    <u>Exit Financing (Work Code LP0014)</u>

- Reviewed and revise proposal letter.

- Prepared motion to reimburse due diligence fees relating to exit financing.

n.    <u>Insurance Issues (Work Code LP 0015)</u>

- Prepared insurance binder for U.S. Trustee.

- Teleconferences with the Debtors and certain insurer regarding workmans' compensation policy.

- Teleconferences with Debtors and certain insurers regarding scope of coverage under certain insurance policies.

o.    <u>Employee/ERISA/Benefits Issues (Work Code LP0016)</u>

- Conferred with Debtors regarding honoring employee related checks.

- Reviewed employee expense reimbursement request.

p.    <u>Asset Disposition/363 Issues (Work Code LP0017)</u>

- Researched and drafted motion to engage DeWolff, Boberg & Associates.

- Teleconference interview of DeWolff, Boberg & Associates by Creditors' Committee.

q.    <u>Executory Contracts/365 Issues (Work Code LP0018)</u>

- Prepared motion to extend time to assume or reject unexpired leases and executory contracts.

r.    <u>Real Property/365 Issues (Work Code LP0019)</u>

- Prepared motion to extend time to assume or reject unexpired leases and executory contracts.

s.    <u>Claims Objection Litigation (Work Code LP0021)</u>

- Reviewed motion for administrative expense claim by Wacker; teleconferences with Debtors and Wacker regarding the same; attended to settlement discussions regarding the same.

t.    <u>Bar Motion and Claims Reconciliation Issues (Work Code LP0022)</u>

- Participated in teleconferences with certain parties in interest with respect to questions regarding and resolution of certain claims.

- Prepared motion for Bar Date.

- Research regarding certain prepetition claims.

u.    <u>Disclosure Statement/Solicitation/Voting (Work Code LP0025)</u>

- Prepared proposed disclosure statement.

- Numerous teleconferences with Debtors regarding disclosure statement.

- Prepared motion to approve disclosure statement, ballots, solicitation procedures, notice of non-voting status, and confirmation hearing notice.

v.    <u>Exclusivity (Work Code LP0026)</u>

- Reviewed Creditors' Committee's motion to terminate exclusivity.

- Researched and prepared objection to Creditors' Committee's motion to terminate exclusivity.

- Teleconference with Court and Creditors' Committee regarding motion to terminate exclusivity.

- Prepared for depositions of Debtors' management and financial advisors regarding Committee's motion to terminate exclusivity.

- Prepared motion to extend exclusivity; respond to Creditors' Committee's objection regarding the same; prepared for evidentiary hearing regarding the same.

w.    <u>Plan of Reorganization/Plan Confirmation (Work Code LP0027)</u>

- Numerous teleconferences with Debtors regarding plan of reorganization.

- Researched various plan confirmation issues.

- Meeting with Creditors' Committee regarding plan terms.

- Prepared plan and revised amended plan.

x.    <u>Tax Issues (Work Code LP0029)</u>

- Research regarding priority of certain tax claims.

- Research regarding tax implications of stock transfers and the effect of other restructurings.

y.    Customer/Vendor Issues (Work Code LP0031)

- Teleconferences with various creditors/vendors regarding credit card payments, proofs of claims, among others.

z.    Utility Issues (Work Code LP0032)

- Advice and negotiations regarding the Debtors' utility vendors and their obligation to provide the Debtors with continued utility services during the pendency of the Debtors' chapter 11 cases.

- Participated in negotiations and prepared stipulations with respect to the Debtors' utility vendors regarding their requests for additional adequate assurance, including Georgia Power.

- Reviewed objections to utility motion.

aa.    Reclamation (Work Code LP0033)

- Research regarding reclamation rights.

- Prepared motion to establish reclamation procedures.

bb.    Non-Bankruptcy Litigation (Work Code LP0035)

- Researched and diligence regarding Delphi cure claim; teleconferences with Delphi's counsel and Debtors regarding the same.

- Research removal of state actions to bankruptcy court.

- Teleconferences with ordinary course counsel regarding pending state action.

- Teleconference with various asbestos counsel regarding claims.

cc.    Non Working Travel (Work Code LP0036)

- Traveled to and from various destinations including, but not limited to, Court hearings, Debtors' offices, section 341 meetings, among other things.

21.    The foregoing professional services performed by WGM were necessary

and appropriate to the administration of the Debtors' chapter 11 cases.  The professional services

performed by WGM were in the best interests of the Debtors and other parties in interest.

Compensation for the foregoing services as requested is commensurate with the complexity,

importance, and nature of the problems, issues, or tasks involved. The professional services

were performed with expedition and in an efficient manner.

22.     The majority of the services performed by members and associates of

WGM were rendered by the Business Finance & Restructuring Department. WGM has a

preeminent practice in this area and enjoys a national reputation for its expertise in financial

reorganizations and restructurings of troubled entities, with approximately 92 attorneys that

specialize in this area of law.

23.     The professional services performed by WGM on behalf of the Debtors

during the Compensation Period required an aggregate expenditure of 1,857.40 recorded hours

by WGM's members, counsel, associates, and paraprofessionals. Of the aggregate time

expended, 501.30 recorded hours were expended by partners and counsel of WGM, 1,155.30

recorded hours were expended by associates, and 200.80 recorded hours were expended by

paraprofessionals of WGM.

24.     During the Compensation Period, WGM billed the Debtors for time

expended by attorneys bases on hourly rates ranging from $355 to $950 per hour. Allowance of

compensation in the amount requested would result in a blended hourly billing rate of

approximately $555.81 (based on 1,656.60 recorded hours for attorneys at WGM's regular

billing rates in effect at the time of the performance of services). As noted, annexed hereto is a

schedule listing each WGM professional and paraprofessional who performed services in these

cases during the Compensation Period, the hourly rate charged by WGM for services performed

by each such individual, and the aggregate number of hours and charges by each such individual.

## ACTUAL AND NECESSARY DISBURSEMENTS OF WGM

25.     As set forth in Exhibit C hereto, WGM has disbursed $31,759.50 as

expenses incurred in providing professional services during the Compensation Period.  WGM's

disbursement policies pass through all out of pocket expenses at actual cost or an estimated

actual cost when the actual cost is difficult to determine.  For example, with respect to

duplication charges, WGM will charge $0.10 per page because the actual cost is difficult to

determine.  Similarly, as it relates to computerized research, WGM believes that it does not make

a profit on that service as a whole although the cost of any particular search is difficult to

ascertain.  Other reimbursable expenses (whether the service is performed by WGM in-house or

through a third party vendor) include, but are not limited to, facsimiles, toll calls, overtime,

overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk

fees.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

26.     Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 to govern the Court's

award of such compensation.  11 U.S.C. § 331.  Section 330 provides that a court may award a

professional employed under section 327 of the Bankruptcy Code "reasonable compensation for

actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  *Id.*

§ 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and

reimbursement:

> In determining the amount of reasonable compensation to be
> awarded, the court should consider the nature, the extent, and the
> value of such services, taking into account all relevant factors,
> including –
>
> (A)     the time spent on such services;

      (B)     the rates charged for such services;

      (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

      (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

      (E)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* at § 330(a)(3).

27.     In the instant case, WGM respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the Debtors' orderly administration of their estates and their rehabilitation and reorganization effort. WGM worked assiduously to anticipate or respond to the Debtors' needs and assist in the Debtors' chapter 11 process. Such services and expenditures were necessary to and in the best interests of the Debtors' estates and creditors. Accordingly, WGM further submits the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

28.     The foregoing professional services performed by WGM were necessary and appropriate to the administration of the Debtors' chapter 11 cases. The professional services performed by WGM were in the best interests of the Debtors and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues or tasks involved. The professional services were performed with expedience and in an efficient manner.

29.    Whenever possible, WGM sought to minimize the costs of its services to the Debtors by utilizing talented junior attorneys and paraprofessionals to handle more routine aspects of case administration.  A small group of the same WGM attorneys was utilized for the vast majority of the work in these cases to minimize the costs of intra-WGM communication and education about the Debtors' circumstances.

30.    In sum, the services rendered by WGM were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved, and approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## **CONCLUSION**

WHEREFORE WGM respectfully requests (i) an interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $958,601.50 and reimbursement for actual and necessary expenses WGM incurred during the Compensation Period in the amount of $31,759.50; (ii) the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to WGM's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which were not processed at the time of this Application; and (iii) such other and further relief as is just.

Dated: September 24, 2008
     New York, New York

        /s/ Richard P. Krasnow
        Richard P. Krasnow
        Adam P. Strochak
        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York  10153-0119
        Telephone: (212) 310-8000
        Facsimile: (212) 310-8007

        Attorneys for the Debtors and
        Debtors In Possession

## EXHIBIT A

**(Certification)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak
Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                     :
**In re:**                                           :          **Chapter 11**
                                                     :
**LEXINGTON PRECISION CORP., et al.,**               :          **Case No. 08-11153 (MG)**
                                                     :
            **Debtors.**                             :          **(Jointly Administered)**
                                                     :
---------------------------------------------------------------x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND
DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF FIRST
APPLICATION OF WEIL, GOTSHAL & MANGES LLP FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

I, Richard P. Krasnow, hereby certify that:

1.      I am a partner with the applicant firm, Weil, Gotshal & Manges

LLP ("WGM"), with responsibility for the chapter 11 cases of Lexington Precision

Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington

Rubber" and together with Lexington Precision, the "Debtors"), as debtors and debtors in

possession, in respect of compliance with the Guidelines for Fees and Disbursements for

Professionals in Southern District of New York Bankruptcy Cases adopted by the Court

on June 20, 1991 (the "Fee and Disbursement Guidelines") and the Amended Guidelines

for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases adopted by the Court on April 19, 1995 (together with the Fee and

Disbursement Guidelines, the "Local Guidelines"), the United States Trustee Guidelines

for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines") and the

Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule

2016(a) Establishing Procedures for Monthly Compensation and Reimbursement of

Expenses of Professionals (the "Administrative Order," and collectively with the

Amended Local Guidelines and UST Guidelines, the "Guidelines").

2.      This certification is made in respect of WGM's application, dated

September 15, 2008 (the "Application"), for interim compensation and reimbursement of

expenses for the period commencing April 1, 2008 through and including July 31, 2008

(the "Compensation Period") in accordance with the Guidelines.

3.      In respect of section 2 of the Fee and Disbursement Guidelines, I

certify that WGM reviewed the fee application and has approved it.

4.      In respect of section B.1 of the Local Guidelines, I certify that:

     a.      I have read the Application;

     b.      to the best of my knowledge, information, and belief
formed after reasonable inquiry, the fees and disbursements
sought fall within the Local Guidelines;

     c.      the fees and disbursements sought are billed at rates in
accordance with those customarily charged by WGM and
generally accepted by WGM's clients; and

     d.      in providing a reimbursable service, WGM does not make a
profit on that service, whether the service is performed by
WGM in-house or through a third party.

5. In respect of section B.2 of the Local Guidelines and as required by the Administrative Order, I certify that WGM has complied with these provisions requiring it to provide counsel for the official committee of unsecured creditors appointed in these cases and the Debtors, on a monthly basis, with a statement of WGM's fees and disbursements accrued during the previous month.

6. In respect of section B.3 of the Local Guidelines, I certify that the Debtors, counsel for the statutory creditors' committee, and the United States Trustee for the Southern District of New York are each being provided with a copy of the Application.

Dated: September 24, 2008
New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
Adam P. Strochak
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for the Debtors and
Debtors In Possession

**EXHIBIT B**

**SUMMARY OF FIRST INTERIM QUARTERLY FEE APPLICATION
OF WEIL, GOTSHAL & MANGES LLP FOR SERVICES RENDERED
FOR THE PERIOD APRIL 1, 2008 THROUGH JULY 31, 2008**

| NAME OF PROFESSIONAL<br><br>PARTNERS & OF COUNSELS: | DEPARTMENT [3] AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Goldstein, Marcia L. | BFR – 1975 | $950.00 | 12.80 | $12,160.00 |
| Krasnow, Richard P. | BFR – 1972 | $895.00 | 184.40 | $165,038.00 |
| Waksman, Ted S. | C – 1978 | $895.00 | 9.70 | $8,681.50 |
| Buhle, Warren T. | C – 1976 | $860.00 | 3.30 | $2,838.00 |
| Goldring, Stuart J. | T – 1984 | $860.00 | 25.80 | $22,188.00 |
| Rusman, Jared M. | T – 1997 | $770.00 | 4.10 | $3,157.00 |
| Strochak, Adam P. | L – 1993 | $750.00 | 119.00 | $89,250.00 |
| Hird, David B. | L – 1977 | $750.00 | 10.40 | $7,800.00 |
| Marcus, Christopher J. | BFR – 2000 | $650.00 | 131.80 | $85,670.00 |
| **Total Partners** | | | **501.30** | **$396,782.50** |

---

[3] BFR- Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  SA – Summer Associate,  X – Library  * Not yet admitted to the bar.

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT [4] AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Nagar, Roshelle A. | C – 1989 | $595.00 | 0.60 | $357.00 |
| Gartin, Randell J. | T – 2001 | $530.00 | 56.40 | $29,892.00 |
| Vron, Victoria | BFR – 2005 | $490.00 | 309.40 | $151,606.00 |
| Lucas, John W. | BFR – 2005 | $465.00 | 260.60 | $121,179.00 |
| Levine, Alexander | L – 2006 | $465.00 | 34.30 | $15,949.50 |
| Tseng, Conray C. | BFR – 2007 | $415.00 | 493.70 | $204,885.50 |
| Solaimani, Farbod | T | $355.00 | 0.30 | $106.50 |
| **Total Associates** | | | **1,155.30** | **$523,975.50** |

---

[4] BFR- Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  SA – Summer Associate,  X – Library  * Not yet admitted to the bar.

| NAME OF PROFESSIONAL<br><br>Paralegals, Clerks, Library Staff and Other Non-Legal Staff | DEPARTMENT | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lee, Kathleen | BFR | $240.00 | 41.30 | $9,912.00 |
| Fredrick, Fran | X | $195.00 | 0.20 | $39.00 |
| Losick, Merill | X | $195.00 | 0.50 | $97.50 |
| Amponsah, Duke | BFR | $180.00 | 131.40 | $23,652.00 |
| Ribaudo, Mark | MC | $170.00 | 1.20 | $204.00 |
| Rodriguez, Ilusion | BFR | $155.00 | 2.70 | $418.50 |
| Wilmer, Andrea | BFR | $155.00 | 10.20 | $1,581.00 |
| Etienne, Donald | BFR | $155.00 | 9.70 | $1,503.50 |
| Pasion, Luis L. | MC | $140.00 | 2.00 | $280.00 |
| Cruz, Luis | X | $135.00 | 0.40 | $54.00 |
| Greco, Maximiliano | X | $85.00 | 1.20 | $102.00 |
| **Total Paraprofessionals** | | | **200.80** | **$37,843.50** |

| PROFESSIONALS<br><br>TOTALS: | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Of Counsel | $791.50 | 501.30 | $396,782.50 |
| Associates | $453.54 | 1,155.30 | $523,975.00 |
| Paraprofessionals | $188.46 | 200.80 | $37,843.50 |
| **Total Fees Incurred** | | **1,857.40** | **$958,601.50** |
| **Blended Attorney Rate** | **$555.81** | | |
| | | | |
| **Total Fees Requested** | | **1,857.40** | **$958,601.50** |

**EXHIBIT C**

**EXPENSE SUMMARY**
**BY WEIL, GOTSHAL & MANGES LLP FOR**
**THE FIRST INTERIM PERIOD OF APRIL 1, 2008 THROUGH JULY 31, 2008**

| EXPENSES | AMOUNTS |
|---|---|
| Local Transportation | $1,083.06 |
| Domestic Travel | $579.48 |
| Meals | $955.21 |
| Conference Meals | $287.10 |
| Postage | $43.97 |
| Telecommunications | $127.19 |
| Duplicating – Firm | $5,461.05 |
| Air Courier/Express Mail | $354.28 |
| Computerized Research | $19,709.06 |
| Court Reporting | $877.10 |
| Filing Fees | $2,078.00 |
| Document Processing | $204.00 |
| **Total Expenses Requested:** | **$31,759.50** |

**EXHIBIT D**

**COMPENSATION BY WORK TASK CODE FOR SERVICES
RENDERED BY WEIL, GOTSHAL & MANGES LLP FOR
THE FIRST INTERIM PERIOD APRIL 1, 2008 THROUGH JULY 31, 2008**

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| LP0001 | Case Administration | 212.50 | $86,360.50 |
| LP0002 | Unsecured Creditors Issues/Meeting/Communications/Creditor's Committee | 19.40 | $12,696.50 |
| LP0004 | General Case Strategy | 13.60 | $7,489.00 |
| LP0005 | Hearings and Court Matters | 116.70 | $48,855.50 |
| LP0006 | WG&M Retention/Billing/Fee Applications | 41.30 | $11,779.00 |
| LP0007 | Retention/Fee Applications: Ordinary Course Professionals | 15.00 | $5,283.50 |
| LP0008 | Retention/Fee Applications: Other Professionals | 59.90 | $29,348.50 |
| LP0009 | Schedules/Statement of Financial Affairs | 112.20 | $49,135.50 |
| LP0010 | US Trustee Related Issues | 35.30 | $16,487.00 |
| LP0011 | General Business Operations | 4.10 | $2,854.50 |
| LP0012 | Corporate Governance | 1.90 | $1,700.50 |
| LP0013 | DIP Financing | 69.50 | $37,725.50 |
| LP0014 | Exit Financing | 15.60 | $9,069.00 |
| LP0015 | Insurance Issues | 10.90 | $6,956.50 |
| LP0016 | Employee/ERISA/Benefits Issues | 1.10 | $526.50 |
| LP0017 | Asset Disposition/363 Issues | 42.90 | $22,515.50 |
| LP0018 | Executory Contracts/365 Issues | 5.00 | $2,195.50 |
| LP0019 | Real Property/365 Issues | 12.30 | $5,200.50 |
| LP0021 | Claims Objections Litigation | 2.40 | $1,559.00 |
| LP0022 | Bar Date Motion and Claims Reconciliation Issues | 53.30 | $25,304.00 |
| LP0025 | Disclosure Statement/Solicitation/Voting | 196.30 | $98,282.00 |
| LP0026 | Exclusivity | 456.10 | $273,107.50 |
| LP0027 | Plan of Reorganization/Plan Confirmation | 240.50 | $139,082.00 |
| LP0029 | Tax Issues | 22.40 | $11,921.50 |
| LP0031 | Customer/Vendor Issues | 8.70 | $4,237.50 |
| LP0032 | Utility Issues | 15.60 | $7,699.50 |
| LP0033 | Reclamation | 15.60 | $8,114.50 |
| LP0035 | Non-Bankruptcy Litigation | 23.40 | $12,861.50 |
| LP0036 | Non-Working Travel | 33.90 | $20,253.50 |
| **Total Fees Requested:** | | **1,857.40** | **$958,601.50** |