**Presentment Date and Time: October 10, 2008 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: October 10, 2008 at 11:30 a.m. (prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow, Esq.
Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
                                                            :   **Chapter 11 Case No.**
**LEXINGTON PRECISION CORP., et al.,**                      :   **08-11153 (MG)**
                                                            :
                                                            :   **(Jointly Administered)**
                        Debtors.                            :
------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF AN AMENDED AND RESTATED STIPULATION, AGREEMENT AND ORDER RESOLVING WACKER CHEMICAL CORPORATION'S CLAIM

PLEASE TAKE NOTICE that the undersigned will present the attached amended and restated stipulation, agreement and order (the "Proposed Stipulation") between the Debtors and Wacker Chemical Corporation ("Wacker") to the Honorable Martin Glenn, United States Bankruptcy Judge, for signature on **October 10, 2008 at 12:00 p.m**. **(prevailing Easter Time).**

PLEASE TAKE FURTHER NOTICE that objections or responses to the Proposed Stipulation, if any, must (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and (c) set forth the name of the objecting party, the basis for the objection, and specific grounds therefore.

PLEASE TAKE FURTHER NOTICE that all objections and responses must be received by Judge Glenn's chambers and by the undersigned no later than **October 10, 2008 at 11:30 a.m. (prevailing Eastern Time)**.

NY2:\1923351\01\1582F01!.DOC\26690.0008

PLEASE TAKE FURTHER NOTICE that, unless objections are received by **October 10, 2008 at 11:30 a.m. (prevailing Eastern Time)**, the Proposed Stipulation may be signed. If objections are received, a hearing before the Bankruptcy Court to consider the Proposed Stipulation and any objections thereto shall be held on October 22, 2008 at 10 a.m. (prevailing Eastern Time).

Dated: October 6, 2008
       New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                    :
                                                         :    **Chapter 11 Case No.**
**LEXINGTON PRECISION CORP., et al.,**                   :    **08-11153 (MG)**
                                                         :
                                                         :    **(Jointly Administered)**
                        Debtors.                         :
-------------------------------------------------------------x

**AMENDED AND RESTATED STIPULATION, AGREEMENT AND ORDER
RESOLVING WACKER CHEMICAL CORPORATION'S CLAIM**

**Recitals**

   A. Lexington Precision Corporation ("LPC") and Lexington Rubber Group, Inc. ("LRGI", and together with LPC, the "Debtors") each commenced voluntary chapter 11 cases on April 1, 2008 (the "Commencement Date"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

   B. Prior to the Commencement Date, Wacker Chemical Corporation ("Wacker", and together with the Debtors, the "Parties") supplied certain goods to the Debtors in the ordinary course of business. Wacker has continued to supply goods to the Debtors subsequent to the Commencement Date.

   C. On May 16, 2008, Wacker filed a motion (the "Motion") for entry of an order awarding administrative expense status pursuant to section 503(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") with respect to certain goods in the amount of $483,744.09 allegedly received by the Debtors within 20 days prior to the Commencement Date and requiring immediate payment thereof under section 503(a) of the Bankruptcy Code.

   D. The Debtors have verified that within 20 days prior to the Commencement Date, the Debtors received goods from Wacker in the aggregate amount of $387,658.76.

NY2:\1923351\01\1582F01!.DOC\26690.0008

E. On or about August 13, 2008, Wacker filed a proof of claim numbered 247 against LRGI asserting a general unsecured claim in the amount of $387,658.76 in the event that its claim under section 503(b)(9) of the Bankruptcy Code is disallowed ("Claim No. 247").

F. On or about August 13, 2008, Wacker also filed an additional proof of claim against LRGI asserting an additional general unsecured claim in the amount of $610,753.78 ("General Unsecured Claim") and Wacker later assigned this General Unsecured Claim to Equity Trust Company Custodian FBO David Fishel IRA.

G. On September 25, 2008, after good-faith, arms'-length negotiations, the Parties entered into a stipulation, agreement and order to, among other things, resolve the Motion (the "Original Stipulation").

H. Thereafter, the Parties engaged in further negotiations, specifically with respect to an improvement of the payment terms to be provided to the Debtors by Wacker. As a result of such negotiations, Wacker has agreed to extend such payment terms from thirty (30) days, as provided in the Original Stipulation, to forty-five (45) days, as provided herein. Accordingly, the Parties now desire to amend and restate the Original Stipulation as set forth below.

**Agreement**

1. Wacker shall have an allowed administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code in the amount of $387,658.76 (the "Allowed Claim").

2. Wacker represents that it is, and will be at the time the Allowed Claim is paid pursuant to this Stipulation, Agreement and Order, the owner of the Allowed Claim.

3. The Debtors shall pay the Allowed Claim in full in cash within three (3) days of entry of a final, nonappealable order approving this Stipulation, Agreement and Order, subject to disgorgement as set forth in Paragraph 7 below.

4. Upon payment of the Allowed Claim, Wacker shall extend payment terms to the Debtors of net forty-five (45) days (up to a maximum receivable to Wacker at any time of $700,000) through and including the effective date of a plan of reorganization in LRGI's chapter 11 case, as such term or similar term (i.e., substantial consummation) is defined in said plan (the "Effective Date"). Subsequent to the Effective Date, Wacker's present intention is to provide the reorganized Debtors with forty-five (45) day credit terms but subject to conditions at the time and a negotiated cap.

5. Wacker shall provide the Debtors and reorganized Debtors their requirements of the products listed in that certain letter titled "Material Pricing, Effective September 1, 2008," dated September 4, 2008, at prices listed in such letter through July 31, 2009.

6. Upon the Court's approval of this Stipulation, Agreement and Order, the Motion shall be deemed withdrawn with prejudice.

7. Upon the Court's approval of this Stipulation, Agreement and Order, Claim No. 247 shall be disallowed and expunged with prejudice, subject to the provisions of Paragraph 7 below.

8. If at any time after payment of the Allowed Claim, Wacker shall breach any of its obligations under Paragraph 3 above, (a) Wacker shall immediately disgorge to the Debtors or the reorganized Debtors, as the case may be, the full amount of the Allowed Claim plus interest at the rate of 6% per annum from the date of payment of the Allowed Claim to the

date of disgorgement (the "Disgorgement"), and (b) upon Disgorgement, the Allowed Claim shall be reinstated to be satisfied pursuant to a confirmed plan of reorganization in the same manner as other administrative expense claims; provided, however, that the Debtors may, at their option, set off the Disgorgement against any of the distribution obligations to Wacker they may have under such plan.

9.    This Amended and Restated Stipulation, Agreement and Order contains the entire agreement between the Parties as to the subject matter hereof, except as to those matters described in Paragraph 4 hereof, and supersedes all prior agreements and undertakings between the Parties relating thereto, including the Original Stipulation.  This Amended and Restated Stipulation, Agreement and Order is subject to approval of the Court and shall be of no force and effect unless and until it is approved.

10.    This Amended and Restated Stipulation, Agreement and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of this Court.

11.    Each person who executes this Amended and Restated Stipulation, Agreement and Order represents that he or she is duly authorized to execute this Amended and Restated Stipulation, Agreement and Order on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Amended and Restated Stipulation, Agreement and Order.

12.    This Amended and Restated Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this

Amended and Restated Stipulation, Agreement and Order to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

13. This Amended and Restated Stipulation, Agreement and Order shall be governed by, and construed and enforced in accordance with the laws of the State of New York, without giving effect to the principles of conflict of laws thereof.  The Parties hereby irrevocably and unconditionally agree that the United States Bankruptcy Court for the Southern District of New York shall retain exclusive jurisdiction over all matters relating to the construction, interpretation or enforcement of this Amended and Restated Stipulation, Agreement and Order.  Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Amended and Restated Stipulation, Agreement and Order, such matter shall be adjudicated in either a federal district court or state court in the State of New York.

Dated: October 6, 2008
     New York, New York

| | |
|---|---|
| By: /s/ Richard P. Krasnow | By: /s/ Deborah J. Piazza   (by JLR) |
| Richard P. Krasnow, Esq.<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>Attorneys for the<br>Debtors and Debtors in Possession | Deborah J. Piazza, Esq.<br>HODGSON RUSS LLP<br>60 East 42nd Street, 37th Floor<br>New York, NY 10165<br>Telephone: (212) 661-3535<br>Facsimile: (212) 972-1677<br><br>Attorneys for Wacker Chemical<br>Corporation |

SO ORDERED, this
___ day of October, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

NY2:\1923351\01\1582F01!.DOC\26690.0008     5