**Hearing Date:  October 28, 2008 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  October 20, 2008 at 4:00 p.m. (prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                              :
In re                                                         :        **Chapter 11 Case No.**
                                                              :
**LEXINGTON PRECISION CORP., et al.,**                        :        **08-11153 (MG)**
                                                              :
            **Debtors.**                                      :        **(Jointly Administered)**
                                                              :
-------------------------------------------------------------x

### NOTICE OF THE DEBTORS' MOTION FOR AN ORDER
### PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY
### <u>CODE FURTHER EXTENDING THE DEBTORS' EXCLUSIVITY PERIODS</u>

PLEASE TAKE NOTICE that Lexington Precision Corporation and its wholly-

owned subsidiary, Lexington Rubber Group, Inc. (together, the "<u>Debtors</u>"), as debtors and

debtors in possession in the above-captioned chapter 11 cases, filed a motion, dated October 7,

2008 (the "<u>Motion</u>"), for entry of an order, pursuant to section 1121(d) of title 11 of United

States Code (the "<u>Bankruptcy Code</u>"), further extending the Debtors' exclusivity periods.

PLEASE TAKE FURTHER NOTICE that any objections or responses to the

Motion, if any, must (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure

and the Local Rules for the United States Bankruptcy Court for the Southern District of New

York (the "<u>Bankruptcy Court</u>"); and (c) set forth the name of the objecting party, the basis for the

objection, and specific grounds therefore.

PLEASE TAKE FURTHER NOTICE that all objections and responses must be filed with the Bankruptcy Court no later than **October 20, 2008 at 4:00 p.m. (prevailing Eastern Time)**.  In accordance with General Order M-242, registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses.  General Order M-242 may be found at www.nysb.uscourts.gov.  All other parties-in-interest must file their objections and responses on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format) and deliver a hard copy directly to the chambers of Judge Martin Glenn.

PLEASE TAKE FURTHER NOTICE that all objections and responses must be served, so as to be received no later than **October 20, 2008, at 4:00 p.m. (prevailing Eastern Time)**, upon:  (a) the Debtors, Lexington Precision Corporation, 800 Third Ave. 15th Floor, New York, New York 10023 (Attn:  Michael A. Lubin), (b) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Victoria Vron); (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn:  Paul Schwartzberg); (d) the attorneys for the Debtors' prepetition lenders, Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, Tennessee, 37219 (Attn:  John C. Tishler); (e) the attorneys for the statutory creditors' committee, Andrews Kurth LLP, 450 Lexington Avenue, New York, New York 10017 (Attn:  Paul Silverstein); and (f) the attorneys for the Debtors' postpetition lenders, O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, New York 10036 (Attn:  Gerald Bender).

PLEASE TAKE FURTHER NOTICE that a hearing to consider the relief requested in the Motion shall be held before the Honorable Martin Glenn, United States

Bankruptcy Judge, on **October 28, 2008 at 10:00 a.m**. (**prevailing Eastern Time**), at the United

States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York,

New York 10004, or as soon thereafter as counsel may be heard.

Dated: New York, New York
       October 7, 2008

/s/ Richard P. Krasnow
Richard P. Krasnow
Adam P. Strochak

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:   (212) 310-8000
Facsimile:    (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                         :
**In re**                                                :       **Chapter 11 Case No.**
                                                         :
**LEXINGTON PRECISION CORP., et al.,**                   :       **08-11153 (MG)**
                                                         :
         **Debtors.**                                    :       **(Jointly Administered)**
                                                         :
----------------------------------------------------------------x

**DEBTORS' MOTION FOR AN ORDER PURSUANT**
**TO SECTION 1121(d) OF THE BANKRUPTCY CODE**
**FURTHER EXTENDING THE DEBTORS' EXCLUSIVITY PERIODS**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors

and debtors in possession (collectively, "Lexington" or the "Debtors"), move pursuant to 11

U.S.C. § 1121(d) for a further 90-day extension of the exclusive period to file a plan of

reorganization and a further 60-day extension of the exclusive period to solicit acceptances of a

plan of reorganization, and in support thereof respectfully represent:

**Background**

1.       On April 1, 2008 (the "Commencement Date"), each of the Debtors

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code").  The Debtors are authorized to continue to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  On April 11, 2008, the United States Trustee for the Southern District of New York appointed the statutory committee of creditors (the "Committee").

3.    The Debtors' businesses continue to perform very well, particularly in view of the overall economic conditions and the plunge in demand in the automotive OEM segment.  For the five-month period from the Commencement Date through the end of August, the Debtors had net sales of $32,393,000 and earnings before interest, taxes, depreciation, amortization, and reorganization expenses ("EBITDA") of $4,544,000, or 14.0% of net sales.  For the same period, the Rubber Group, the Debtors' principal business, had net sales of $27,865,000 and EBITDA of $5,541,000, or 19.9% of net sales.  During the five-month period, the Debtors have met all of their postpetition obligations have reduced their secured debt by $1,886,000 while paying $1,519,000 in interest to the secured lenders.

4.    From the outset of these cases, the Cash Collateral Order[1] has dictated a rapid pace for the Debtors' reorganization.  The Cash Collateral Order required the Debtors to file a chapter 11 plan by June 30, 2008, file a disclosure statement by July 30, 2008, and consummate a chapter 11 plan by February 25, 2009.  With the consent of the Debtors' prepetition and debtor-in-possession lenders, the deadline to file a disclosure statement was extended until August 8, 2008.  On June 30, 2008, the Debtors filed their Joint Plan of

---

[1] Final Order Authorizing Debtors to Use Cash Collateral, Granting Adequate Protection to Prepetition Secured Lenders, and Authorizing Postpetition Financing, dated April 17, 2008 [Docket No. 61].

Reorganization (the "Plan"),[2] which essentially provides for payment in full to all creditors and for a return for existing equity holders.  On August 8, 2008, the Debtors filed their Amended Joint Plan of Reorganization (the "Amended Plan")[3] and the disclosure statement with respect thereto (the "Disclosure Statement").[4]

5.    On July 9, 2008, the Debtors filed their first motion to extend their exclusive periods to propose a chapter 11 plan and solicit acceptances thereof.  On July 31, 2008, the Court extended the Debtors' exclusive periods to propose a chapter 11 plan and solicit acceptances thereof until October 28, 2008 and December 27, 2008, respectively.

6.    At the hearing on the Debtors' first motion to extend exclusivity, the Court heard extensive evidence on the exchange of information between the Debtors and the Committee, with a goal toward providing the Committee with sufficient information to allow it to participate meaningfully in plan negotiations.  Since then, the Debtors have continued to provide the Committee and its financial advisors, Stout Risius Ross ("SRR"), with the information requested.  Since the first extension of exclusivity, the Committee requested and received extensive detail supporting the Debtors' financial projections, a comprehensive valuation report prepared by the Debtors' financial advisors, W.Y. Campbell & Co. ("Campbell"), updated appraisal reports with respect to the Debtors' real estate and equipment, and other documentation.

---

[2] Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated June 30, 2008 [Docket No. 196].

[3] Debtors' Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated August 8, 2008 [Docket No. 305].

[4] Proposed Disclosure Statement for Debtors' Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated August 8, 2008 [Docket No. 306].

7.      With respect to the Debtors' financial projections, comments from SRR resulted in the Debtors reexamining their projections and making certain changes as appropriate. In some instances these changes resulted in decreases in projected revenues and profitability, and in some cases they resulted in increases.  The Debtors also have continued to reassess and refine their financial projections in light of the severe recession in the U.S. automotive OEM market and the resulting weakness in demand in their connector seals business, which principally serves the automotive OEM segment.  While the Debtors' automotive OEM business has declined, their automotive aftermarket and medical businesses have performed well and projections for these businesses have been adjusted to reflect the successes of these business units.

8.      On August 8, 2008, the Debtors filed the Disclosure Statement, which included a twelve-page summary of the estimate of the Debtors' reorganization value and equity value prepared by Campbell.  Disclosure Statement at 63.  The summary set forth the methodologies used and stated separate conclusions for each of five core drivers of value in the Debtors' business: (1) the Rubber Group; (2) the Metals Group; (3) non-operating assets; (4) tax attributes; and (5) corporate office.  Immediately after the Debtors filed the Disclosure Statement, the Committee requested copies of "analysis schedules (and backup detail)" relating to the Campbell valuation.  The Debtors promptly requested that, Campbell prepare a complete valuation report and share that with the Committee when it was in near-final form.  Although that process took longer than anticipated, Campbell worked diligently to complete the project and on September 19, 2008, delivered to the Committee and SRR a 74-page valuation report.

9.      When the Court approved the first extension of exclusivity, the Debtors anticipated satisfying the remainder of the Committee's information requests in August, conducting plan negotiations in September, and, if negotiations were not successful, scheduling a

hearing on the Disclosure Statement in early October.  That schedule has slipped by approximately one month as the Debtors have had to adjust their forecasts due to industry conditions, respond to additional requests for information from the Committee, and wait for the preparation of the valuation report.  Although the Debtors proposed to meet with the Committee during the period when the additional information was being prepared, the Committee preferred to wait until all requested information had been received.

10.     The Debtors and the Committee are working to schedule a meeting in mid-October to commence plan negotiations.  Negotiations with other constituencies, specifically attorneys representing over 3,500 asbestos personal injury claimants, have already commenced.  Although those negotiations have not yet resulted in agreement on plan treatment of asbestos claims, they have been productive and the Debtors are considering further amendments to the plan of reorganization to address the concerns raised.

11.     In the coming weeks, the Debtors intend to file a motion to, among other things, approve a disclosure statement, begin the solicitation process, and set a timetable for a confirmation hearing (the "Motion to Approve the Disclosure Statement").  The Debtors are hopeful they will be able to set the disclosure statement hearing for early November.

12.     After plan negotiations with the Committee and continued discussions other constituencies but before the hearing to consider the Motion to Approve the Disclosure Statement, the Debtors intend to file a draft Second Amended Joint Plan of Reorganization (the "Second Amended Plan") and a revised disclosure statement therefor (the "Revised Disclosure Statement") to incorporate the results of such negotiations and discussions.

## Jurisdiction

13.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

14.     In order to afford the Debtors a full and fair opportunity to propose a

consensual plan and solicit acceptances of such plan without the deterioration and disruption of

the Debtors' businesses that is likely to be caused by the filing of competing plans by non-debtor

parties, the Debtors request a 90-day extension of the exclusive period to file a plan of

reorganization and a 60-day extension of the exclusive period to solicit the acceptances thereof.

through and including January 26, 2009[5] and February 25, 2009, respectively, without prejudice

to the Debtors' right to seek further extension of such periods as may be appropriate under the

circumstances.  Unless extended, the Debtors' exclusive period to file a chapter 11 plan and

solicit acceptances thereof will expire October 28, 2008 and December 27, 2008, respectively.

## Cause Exists to Further Extend the Exclusive Periods

15.     Section 1121(b) of the Bankruptcy Code provides for an initial period of

120 days after commencement of a chapter 11 case during which a debtor has the exclusive right

to propose and file a chapter 11 plan (the "Exclusive Filing Period"). 11 U.S.C. § 1121(b).

Section 1121(c)(3) of the Bankruptcy Code provides that, if a debtor files a plan within the 120-

day Exclusive Filing Period, it has a period of 180 days after the commencement of the case to

obtain acceptances of such plan, during which time competing plans may not be filed (the

"Solicitation Period, " and together with the Exclusive Filing Period, the "Exclusive Periods").

---

[5] Although the Debtors already have filed a proposed plan, they seek an extension of the exclusive period
to file a chapter 11 plan out of an abundance of caution.

Id. at § 1121(c)(3).  Pursuant to section 1121(d) of the Bankruptcy Code, the Court may extend

the Exclusive Filing Period and the Solicitation Period for cause shown.  Id. at § 1121(d).  On

July 31, 2008, the Court extended the Debtors' Exclusive Filing Period to October 28, 2008 and

the Solicitation Period to December 27, 2008.

16.    Where the initial Exclusive Periods provided for in the Bankruptcy Code

prove to be an unrealistic time frame, section 1121(d) of the Bankruptcy Code allows the Court

to further extend a debtor's Exclusive Periods for cause.  Although the Bankruptcy Code does

not define the term "cause," the legislative history indicates it is intended to be a flexible

standard to balance the competing interests of a debtor and its creditors.  See H.R. Rep. No. 95-

595, at 231-32 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress

intended to give Bankruptcy Courts flexibility to protect a debtor's interests by allowing

unimpeded opportunity to negotiate settlement of debts without interference from other parties in

interest).

17.    Congress built flexibility into section 1121 of the Bankruptcy Code to give

the debtor an adequate opportunity to stabilize its business operations at the outset of its chapter

11 case and to negotiate an effective plan of reorganization with creditors.  In re Newark

Airport/Hotel Ltd. P'ship., 156 B.R. 444, 451 (Bankr. D.N.J.), aff'd, 155 B.R. 93 (D.N.J. 1993)

(noting that Congress designed chapter 11 provisions to enable a debtor to remain in control for

some period of time, thereby making reorganization an attractive alternative to financially

troubled companies); Gaines v. Perkins (In re Perkins), 71 B.R. 294, 297-98 (W.D. Tenn. 1987)

(Congress designed section 1121 to give the debtor time to reach an agreement with its creditors

regarding a plan of reorganization).

18.    In determining whether cause exists to extend the Exclusive Periods, a court may consider a variety of factors to assess the totality of circumstances in each case.   See In re Dow Corning Corp., 208 B.R. 661, 664, 670 (Bankr. E.D. Mich 1997); In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); In re McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying the factors used by courts to determine whether cause exists to extend exclusivity).

19.    Courts have had held that the relevant factors include:

a.    the size and complexity of the case;
b.    the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
c.    the existence of good faith progress toward reorganization;
d.    the fact that the debtor is paying its bills as they become due;
e.    whether the debtor has demonstrated reasonable prospects for filing a viable plan;
f.    whether the debtor has made progress in negotiations with its creditors;
g.    the amount of time which has elapsed in the case;
h.    whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
i.    whether an unresolved contingency exists.

In re Adelphia Comm'n Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); see, e.g., McLean Indus., 87 B.R. at 834 (identifying a number of similar factors); accord In re Express One Int'l, Inc., 194 B.R. at 100 (identifying four of the five above-quoted factors, among others, as relevant in determining whether "cause" exists to extend exclusivity); In re United Press Int'l, Inc., 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (holding that the debtor showed "cause" to extend its exclusivity period based upon certain of above-quoted factors).   Notably, "displeasure with a plan on file is not one of the enumerated factors, and is not a basis for terminating exclusivity. Nor, without more, is creditor constituency unhappiness with a debtor's plan proposals, with or without a formal plan on file." Adelphia Comm'n Corp., 352 B.R. at 587.

20.     As illustrated below, an application of the foregoing standards to the facts of these cases demonstrates that cause exists to grant the Debtors' requested extensions.

21.     With the Amended Plan and Disclosure Statement on file, and the Motion to Approve the Disclosure Statement, the draft Second Amended Plan, and the Revised Disclosure Statement to be filed in the coming weeks, the Debtors have worked diligently to move these cases forward.  However, the Debtors have not yet concluded plan negotiations with certain constituencies, such as the asbestos claimants, and despite extensive efforts to provide the Committee with all information it has requested, the Committee has until recently asserted that it lacked sufficient information even to begin preliminary negotiations.  The requested extension thus will protect the ongoing plan negotiation process by allowing the Debtors to seek approval of the Revised Disclosure Statement and prosecute the confirmation of the Second Amended Plan without the existence of competing chapter 11 plans.  Indeed, in Adelphia, the Bankruptcy Court for the Southern District of New York noted that, when a plan is on file and proceeding toward a confirmation hearing, it is "exactly the wrong time to be terminating exclusivity."  Id. at 590.  Further extending the Exclusive Periods will be in line with the purpose of Exclusive Periods in general – i.e., to provide a debtor with a full and fair opportunity to rehabilitate its businesses and negotiate, develop, propose, confirm and consummate a plan of reorganization.

22.     The Debtors have made a good faith effort to negotiate with all constituencies in these cases, including the Committee.  Although direct plan negotiations with the Committee have not yet commenced, the Debtors and the Committee are discussing dates within the next two weeks on which to meet and commence discussions.

23.      The Debtors also have actively discussed the Plan with other creditors and changes in the Second Amended Plan will reflect those discussions.  Notably, the Debtors will revise the treatment of asbestos claimants to reflect the concerns of such creditors.

24.      The Debtors submit the Second Amended Plan is viable and can be accepted as proposed despite the Committee's potential opposition.  Nonetheless, the Debtors intend to continue to negotiate in good faith with the Committee in hopes of a consensual confirmation.

25.      As to the remaining <u>Adelphia</u> factors, the Debtors submit they have and shall continue to pay all post-petition debts as they come due.

26.      Based upon the foregoing, sufficient cause exists for the Court to grant the requested extension of the Debtors' Exclusive Periods to protect the ongoing plan process and enable the Debtors to proceed with their reorganization.

<u>**Notice**</u>

27.      No trustee or examiner has been appointed in these chapter 11 cases. Notice of this motion has been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' postpetition lenders, (iv) the attorneys for the Committee, and (v) all other parties that have requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be provided.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated:  October 7, 2008
New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
Adam P. Strochak

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:   (212) 310-8000
Facsimile:    (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                :
In re                                           :        **Chapter 11 Case No.**
                                                :
**LEXINGTON PRECISION CORP., et al.,**          :        **08-11153 (MG)**
                                                :
            **Debtors.**                        :        **(Jointly Administered)**
                                                :
-----------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE FURTHER EXTENDING THE DEBTORS' EXCLUSIVITY PERIOD

Upon the motion, dated October 7, 2008 (the "Motion"), of Lexington Precision Corporation and Lexington Rubber Group, Inc. (together, the "Debtors"), for entry of an order pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") extending the period during which the Debtors have the exclusive right to file a chapter 11 plan to January 26, 2009 (the "Exclusive Filing Period") and the period within which the Debtor may solicit acceptances thereof to February 25, 2009 (the "Solicitation Period" and together with the Exclusive Filing Period, the "Exclusive Period"), all as more fully described in the Motion; and the Court[1] having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and no other notice need be provided; and such relief being in the best interest of the Debtors, their estates and creditors; and after due deliberation, and sufficient cause appearing

---

[1] Capitalized terms used herein but not defined have the meanings ascribed in the Motion.

therefor, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors' Exclusive Filing Period is extended through and

including January 26, 2009; and it is further

ORDERED that the Debtors' Solicitation Period is extended through and

including February 25, 2009; and it is further

ORDERED that the extension of the Exclusivity Periods granted herein is without

prejudice to such further requests that may be made pursuant to section 1121(d) of the

Bankruptcy Code.

Dated:  October ___, 2008
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE