**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                :

**In re**                                         :         **Chapter 11 Case No.**
                                                :
**LEXINGTON PRECISION CORP., et al.,**     :         **08-11153 (MG)**
                                                :
          **Debtors.**                              :         **(Jointly Administered)**
                                                  :
---------------------------------------------------------------x

**ORDER ALLOWING INTERIM COMPENSATION**
**FOR PROFESSIONAL SERVICES RENDERED AND**
<u>**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**</u>

       Upon the hearing held on October 28, 2008 (the "<u>Hearing</u>") to consider the applications (collectively, the "<u>Applications</u>") for allowance of interim compensation for professional services rendered and reimbursement of actual and necessary expenses incurred from April 1, 2008 to July 31, 2008 (the "<u>Application Period</u>") pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), filed by the professionals listed on Exhibit A annexed hereto (the "<u>Professionals</u>") retained in the above-captioned chapter 11 case of Lexington Precision Corporation and its wholly-owned subsidiary, Lexington Rubber Group, Inc., as debtors and debtors in possession (together, the "<u>Debtors</u>"); and the Court having considered the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996, and the Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated April 22, 2008 (the

08-11153-scc    Doc 462    Filed 11/06/08    Entered 11/06/08 10:46:28    Main Document
                                            Pg 2 of 4

"Interim Compensation Order"); and the Court having jurisdiction to consider the Applications and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and certain of the requests as set forth in the Application having been amended, as described in the record of the Hearing; and the Court having reviewed the Applications; the Court finds and determines (a) notice of the Applications was due and proper and no further notice is necessary, (b) the fees of the Professionals incurred during the Application Period, as amended, are reasonable compensation for actual, necessary services rendered by the Professionals, (c) the expenses incurred during the Application Period are actual and necessary expenses, and (d) the relief requested in the Applications, as amended, is in the best interests of the Debtors, their estate and their creditors; and therefore, it is hereby

      ORDERED that the Applications set forth on Exhibit A annexed hereto, as amended, are granted as provided in such Exhibit A; and it is further

      ORDERED that compensation to the Professionals for professional services rendered during the time periods set forth in the Applications, as amended, is allowed in the amounts set forth on Exhibit A in the column entitled "Fees Allowed" pursuant to section 331 of the Bankruptcy Code and are subject to final approval under section 330 of the Bankruptcy Code; and it is further

      ORDERED that reimbursement to the Professionals for expenses incurred during the time period set forth in the Applications is allowed in the amounts set forth on Exhibit A in the column entitled "Expenses Allowed"; and it is further

3

ORDERED that the Debtors are authorized and directed to make payment to the Professionals in satisfaction of all such allowed fees and expenses that have not previously been paid pursuant to the Interim Compensation Order or otherwise.

Dated: New York, New York
       November 6, 2008

**/s/ Martin Glenn**
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

| Applicant | Docket No. | Period | Fees Requested | Expenses Requested | Fees Allowed | Expenses Allowed | Hold-Back |
|---|---|---|---|---|---|---|---|
| Weil, Gotshal & Manges LLP | 412 | April 1, 2008 to July 31, 2008 | $959,601.50 | $31,759.50 | $897,371.42[1] | $31,182.07 | $47,230.08 |
| W. Y. Campbell & Company | 397 | April 1, 2008 to July 31, 2008 | $200,000.00 | $13,777.58 | $190,000.00 | $13,755.99 | $10,000 |
| Andrews Kurth LLP | 396 | April 11, 2008 to July 31, 2008 | $551,484.00 | $18,545.04 | $520,685.02 | $18,545.04 | $27,404.48 |
| Stout Risius Ross, Inc. | 390 | May 13, 2008 to July 31, 2008 | $180,645.16 | $11,013.06 | $171,612.90 | $11,013.06 | $9,032.26 |

**Dated: 11/6/2008          Initials: MG, USBJ**

---

[1] Weil, Gotshal & Manges LLP has voluntarily reduced its requested fees by $15,000.