**HEARING DATE:  December 19, 2008 at 10:00 a.m. (prevailing Eastern Time)**

WALLER LANSDEN DORTCH & DAVIS LLP
John C. Tishler (*Pro Hac Vice*)
Robert J. Welhoelter (*Pro Hac Vice*)
511 Union Street, Suite 2700
Nashville, Tennessee  37219-8966
TEL: (615) 244-6380
FAX: (615) 244-6804
Email: John.Tishler@Wallerlaw.com
Email: Robert.Welhoelter@Wallerlaw.com

and

CARTER LEDYARD & MILBURN LLP
Aaron R. Cahn
2 Wall Street
New York, New York 10005
TEL: (212) 238-8629
FAX: (212) 732-3232
Email: cahn@clm.com

*Counsel to Agents for the Senior Prepetition Lenders*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
**In re**                              :       **Chapter 11 Case No.**
                                                               :
**LEXINGTON PRECISION CORP., et al.,**   :       **08-11153 (MG)**
                                                               :
              **Debtors.**           :       **(Jointly Administered)**
                                                               :
---------------------------------------------------------------x

**SUPPLEMENT TO**
**OBJECTION OF AGENTS FOR PREPETITION SENIOR LENDERS TO**
**DEBTORS' MOTION FOR APPROVAL OF DISCLOSURE STATEMENT,**
**SOLICITATION PROCEDURES, AND CONFIRMATION PROCEDURES**

        By and through the undersigned attorneys, CapitalSource Finance LLC, as Revolver

Agent to the Prepetition Revolver Lenders and CSE Mortgage LLC, as Term Loan Agent to the

Senior Term Loan Lenders (collectively with the Prepetition Revolver Lenders and the Agents,

2564281.5

the "Prepetition Senior Lenders"), hereby supplement their previous objection (Docket No. 472,

the "Prior Objection") to the *Debtors' Motion to (i) Approve the Debtors' Proposed Disclosure*

*Statement, (ii) Approve the Procedures to Solicit Acceptances of the Debtors' Proposed Plan,*

*and (iii) Schedule a Hearing and Establish Notice and Objection Procedures for Confirmation of*

*the Debtors' Proposed Plan* (the "Motion") and state as follows:

### Introduction

1.        While the Prepetition Senior Lenders continue to support the Debtors and their

efforts to confirm and consummate the Amended Plan (defined below) and meet their obligations

under the Cash Collateral Order, the Amended Plan and Disclosure Statement do not alleviate

the Prepetition Senior Lenders' concerns regarding the prospects of an exit financing facility and

the ultimate direction of this case.  While the Prepetition Senior Lenders understand that the

market has made the Amended Plan difficult to consummate, the Debtors appear to be

unconcerned with options for this case in the event exit financing is ultimately unavailable.

Given the Debtors' deteriorating cash position, the Prepetition Senior Lenders request that,

should the Court approve the disclosure statement without the identity or terms of exit financing,

benchmarks be imposed such that a reasonable alternative to the Amended Plan can be

implemented in a timely fashion prior to the expiration of the use of a cash collateral on February

25, 2009.

2.        Capitalized terms not otherwise defined in this objection shall have the meaning

ascribed to them in the Prior Objection.  In addition, except as modified by this objection, the

Prepetition Senior Lenders hereby incorporate the Prior Objection herein, as if reproduced in

full.

**Additional Background Facts**

3.　　Recently, the Prepetition Senior Lenders have reiterated their indication to the

Debtors that the Prepetition Senior Lenders are not willing to serve as exit lenders, and that the

Prepetition Senior Lenders are not willing to extend the terms of the Cash Collateral Order

beyond the deadline set forth above.

4.　　On December 8, 2008, the Debtors filed their *Proposed Disclosure Statement for*

*Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy*

*Code*, dated December 8, 2008 (the "Amended Disclosure Statement"), which relates to the

*Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy*

*Code*, dated December 8, 2008 (the "Amended Plan").

**Partial Withdrawal of the Prior Objection**

5.　　Paragraphs 22 through 25 of the Prior Objection (Part C, "Additional Disclosure

Concerns"), have been adequately resolved in light of the Amended Disclosure Statement and

Amended Proposed Plan.  Accordingly, such objections are hereby withdrawn.

**Prepetition Senior Lender's Supplemental Objection**

A.　　Lack of Commitment for Exit Financing & Feasibility of Amended Plan

6.　　The Prepetition Senior Lenders have been informed that the Debtors are moving

toward obtaining a commitment for an exit financing facility and heartily support such efforts.

However, at this point the Debtors have not demonstrated any enforceable commitment to

provide any new secured financing.  As both the economic climate continues to erode (along

with the cash cushion with which the Debtors began the case) and the prospects for

consummation of the Amended Plan do not improve, the Lenders ask the Court to evaluate

whether there is sufficient cause to pursue confirmation of the Amended Plan without a firm commitment.

7.      For the reasons set forth in the Prior Objection, the Amended Disclosure Statement cannot be approved where the Amended Plan is patently unconfirmable and approval is not in the parties' economic best interest.  The only way the Debtors' plan is even arguably feasible is through the securing of exit financing.  In order to move toward confirmation, the Amended Disclosure Statement should not be approved if the Debtors fail to obtain a firm commitment for such financing prior to solicitation on the Amended Plan.

8.      Regarding the potential level of financing, the Prepetition Senior Lenders acknowledge that the following features of the Amended Plan do partially alleviate some of the liquidity concerns: the DIP Lenders rolling their loan into a subordinated position, conversion of the $15 million note to the senior noteholders into preferred stock, the added plant consolidation features, and the reduced payout to general unsecured claimants on the effective date.  However, the Prepetition Senior Lenders submit that the cash flow projections appear to be overly optimistic and the valuation  appears to be overstated.

9.      Moreover, it is still far from certain whether a commitment for a sufficient level of financing can be obtained.  As a result, the Prepetition Senior Lenders demand that the debtors provide significant insight as to the feasibility of the Amended Plan prior to incurring the tremendous expense of soliciting acceptances and rejections of the Amended Plan and pursuing an evidentiary hearing that will undoubtedly include confirmation and valuation evidence.

10.      Accordingly, to the extent the Court is inclined to approve the Amended Disclosure Statement, the Prepetition Senior Lenders request that the Court condition such approval on obtaining a firm exit commitment (without conditions other than confirmation of the

Amended Plan) prior to January 2, 2009, and that solicitation of votes on the Amended Plan only

commence once such a commitment is obtained.  In addition, the Prepetition Senior Lenders

request a status conference prior to solicitation, at which conference the Debtors be required to

demonstrate to the Court that the commitment level is adequate to render the Amended Plan

feasible.

B.    Benchmarks for the Amended Plan and Alternatives to the Amended Plan

11.    While the Prepetition Senior Lenders support the Debtors' pursuit of

consummation of the Amended Plan in accordance with the terms and conditions of the Cash

Collateral Order, the Prepetition Senior Lenders are growing increasingly concerned regarding

the Debtors' prospects if the Amended Plan is not consummated.  Given such concerns, the

Prepetition Senior Lenders have requested that the Debtors develop an alternative strategy to the

Amended Plan.

12.    To date, the Debtors have made significant changes to the plan as originally

proposed, but have refused to commit to any alternative structure or resolution should the

Amended Plan not be consummated in accordance with the terms and conditions of the Cash

Collateral Order.  The Prepetition Senior Lenders recognize the time and efforts it does and will

take to push the Amended Plan to fruition, but failure to have a backup plan is not excusable,

especially in an environment where financing for financially sound companies is hard to come

by, much less companies exiting bankruptcy.

13.    Accordingly, the Prepetition Senior Lenders request that the Court impose

reasonable deadlines by which significant steps toward consummation of the Amended Plan be

required to be made.  For instance, a firm commitment for a sufficient exit financing facility

should be obtained prior to solicitation, and the Amended Plan should be consummated prior to

the Cash Collateral Deadline, i.e. February 25, 2009.  Such benchmarks are reasonable in this

case, where the Debtors' recent monthly operating reports indicate a decreasing cash position.

14.    To the extent such deadlines are not met, the Prepetition Senior Lenders request

that the Debtors be compelled to seek a reasonable alternative transaction to the Amended Plan,

such as a section 363 sale on a reasonable time frame and pursuant to reasonable procedures.

The Prepetition Senior Lenders do not seek a quick liquidation sale on irresponsibly expedited

terms, but the constituents to these cases deserve for some alternative to the Amended Plan be

articulated so that time is not wasted in event the Amended Plan becomes unworkable.

**Conclusion**

15.    The Prepetition Senior Lenders support any plan that meets the terms and

conditions of the Cash Collateral Order, in particular the requirement that the Prepetition Senior

Lenders be paid out in full by the Cash Collateral Deadline.  However, such support is not blind

to the diminishing timeframe or to the current economic climate.  Thus, the Prepetition Senior

Lenders request that solicitation on the Amended Plan not commence until an adequate

commitment for exit financing is obtained, but such commitment must be achieved on a

timeframe that allows the terms and conditions of the Cash Collateral Order be met.  In addition,

the Prepetition Senior Lenders require benchmarks be implemented that allow an alternative

transaction to be pursued in a timely fashion should the exit commitment or consummation of the

Amended Plan not be realized.

16.    The Prepetition Senior Lenders reserve the right to amend, supplement, or

withdraw this objection prior to or at the hearing on the Motion, and reserve the right to oppose

the Motion at the hearing on any grounds whatsoever, whether or not contained in this objection

or any amendment or supplement hereto.

Based on the foregoing, the Prepetition Senior Lenders object to the Motion and urge the

Court to deny approval of the Amended Disclosure Statement, except on the conditions outlined

herein or argued at the hearing on the Motion, and for such other and further relief as the Court

deems proper.

Dated: December 17, 2008          Respectfully submitted:

                                WALLER LANSDEN DORTCH & DAVIS LLP

                                */s/ Robert J. Welhoelter*
                                John C. Tishler (*Pro Hac Vice*)
                                Robert J. Welhoelter (*Pro Hac Vice*)
                                511 Union Street, Suite 2700
                                Nashville, Tennessee  37219-8966
                                TEL: (615) 244-6380
                                FAX: (615) 244-6804
                                Email: John.Tishler@Wallerlaw.com
                                Email: Robert.Welhoelter@Wallerlaw.com

                                and

                                CARTER LEDYARD & MILBURN LLP

                                */s/ Aaron R. Cahn*
                                Aaron R. Cahn
                                2 Wall Street
                                New York, New York 10005
                                TEL: (212) 238-8629
                                FAX: (212) 732-3232
                                Email: cahn@clm.com

                                *Counsel to Agents for Senior Prepetition Lenders*

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the foregoing pleading was served by hand delivery, upon the following parties in accordance with that certain *Notice of Hearing of Debtors' Motion to (I) Approve the Debtors' Proposed Disclosure Statement, (II) Approve the Procedures to Solicit Acceptances of the Debtors' Proposed Plan, And (III) Schedule a Hearing and Establish Notice and Objection Procedures for Confirmation of the Debtors' Proposed Plan*, on this the 17th day of December, 2008.

Lexington Precision Corporation
(Attn: Michael A. Lubin)
800 Third Avenue, 15th Floor
New York, New York 10023

Weil, Gotshal & Manges, LLP
(Attn: Conray C. Tseng)
767 Fifth Avenue
New York, New York 10153

Office of the United States Trustee for the Southern District of New York
(Attn: Paul Schwartzberg)
33 Whitehall Street
New York, New York 10004

Andrews Kurth LLP
(Attn: Paul Silverstein)
450 Lexington Avenue
New York, New York 10017

O'Melveny & Meyers, LLP
(Attn: Gerald Bender)
Times Square Tower
7 Times Square
New York, New York 10036

*/s/ Aaraon R. Cahn*
Aaron R. Cahn

2564281.5                                         8