Hearing Date: December 19, 2008 at 10:00 a.m. ET

ANDREWS KURTH LLP
Paul N. Silverstein (PS 5098)
Jonathan I. Levine (JL 9674)
450 Lexington Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

Counsel to the Official Committee
of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                       :    Chapter 11
                                                             :
LEXINGTON PRECISION CORP., et al.,                           :    Case No. 08-11153 (MG)
                                                             :
                                                             :
                        Debtors.                             :
-------------------------------------------------------------x

**SUPPLEMENT TO OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' OBJECTION TO DEBTORS' MOTION FOR APPROVAL
OF DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

The Committee attached hereto, as <u>Exhibit A</u>, are the two solicitation letters (the

"Letters") addressed to holders of Class 7 and Class 17 claims, respectively, which the

Committee proposes to include in the Debtors' solicitation package. Such letters are referred to

in Paragraph 3 of the Committee's objection to the proposed Disclosure Statement (Docket No.

482).

NYC:184631.1

Dated: New York, New York
December 16, 2008

                    ANDREWS KURTH LLP

               By: /s/ Paul N. Silverstein
                   Paul N. Silverstein (PS 5098)
                   Jonathan I. Levine (JL 9674)
                   450 Lexington Avenue, 15th Floor
                   New York, New York  10017
                   Telephone:  (212) 850-2800
                   Facsimile:  (212) 850-2929

                   Counsel to the Official Committee of
                   Unsecured Creditors

NYC:184631.1

# EXHIBIT A

The Official Committee of Unsecured Creditors of Lexington Precision Corp., et al.
c/o Andrews Kurth LLP
450 Lexington Avenue
New York, New York 10017

December __, 2008

TO: HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST LEXINGTON PRECISION CORPORATION ("LPC") (CLASS 7)

RE: Lexington Precision Corporation, et al., (the "Debtors") Case No. 08-11153 (MG)

The Creditors Committee has been appointed as your representative in the Debtors' Chapter 11 cases. The Debtors are seeking to obtain confirmation of their Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated December __, 2008 (the "Proposed Plan"). The Debtors seek votes on the Proposed Plan from all holders of Class 7 claims (the "Class 7 Claim Holders") against LPC. To assist you in making a determination as to whether to vote for or against the Proposed Plan the Debtors have prepared the Disclosure Statement, dated December __, 2008 (the "Disclosure Statement").

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS (THE "COMMITTEE") URGES YOU TO VOTE <u>AGAINST</u> THE DEBTORS' PROPOSED PLAN.**

Under the Proposed Plan, Class 7 Claim Holders would be entitled to receive: (i) Cash in the amount of 10% of its Allowed General Unsecured Claim[1] against LPC as soon as reasonably practicable after the later of (a) the Effective Date and (b) the date such Claim becomes Allowed

---

[1] Capitalized terms not otherwise defined in this letter shall have the meaning given to such terms in the Proposed Plan.

NYC:183385.3

and (ii) nine (9) equal Cash payments, each in an amount equal to 10.75% of its Allowed General Unsecured Claim against LPC, payable quarterly commencing three (3) months after the later of (a) the Effective Date and (b) the date such Claim is Allowed (the "Proposed Recovery"). **THE COMMITTEE BELIEVES THAT UNDER THE DEBTORS' PROPOSED PLAN, THE PROPOSED RECOVERY FOR CLASS 7 CLAIM HOLDERS IS INADEQUATE, UNACCEPTABLE AND MUST BE REJECTED.**

Based upon the Debtors' valuation set forth in the Disclosure Statement and the Debtors' Proposed Plan, the Committee believes each Class 7 Claim Holder is entitled to receive, on the Effective Date, cash in the amount of 100% of the Allowed General Unsecured Claim against LPC, plus post-petition interest accrued thereon. As a result, the Debtors' Proposed Plan denies the Class 7 Claim Holders the recovery to which they are entitled thereunder.

The deadline for receipt of the ballots on the Proposed Plan is _____, 2009. We urge you to vote **AGAINST** the Proposed Plan and submit your ballot so that it is received before _____, 2009.

Should you have any questions about this case, the Proposed Plan or the voting process, please call either Paul N. Silverstein or Jonathan I. Levine at (212) 850-2800, counsel to the Creditors Committee at your convenience.

NYC:183385.3

The Official Committee of Unsecured Creditors of Lexington Precision Corp., et al.
c/o Andrews Kurth LLP
450 Lexington Avenue
New York, New York 10017

December __, 2008

TO: HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST LEXINGTON RUBBER GROUP, INC. ("LRGI") (CLASS 17)

RE: <u>Lexington Precision Corporation, et al., (the "Debtors") Case No. 08-11153 (MG)</u>

The Creditors Committee has been appointed as your representative in the Debtors' Chapter 11 cases. The Debtors are seeking to obtain confirmation of their Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated December __, 2008 (the "Proposed Plan"). The Debtors seek votes on the Proposed Plan from all holders of Class 16 claims (the "Class 17 Claim Holders") against LRGI. To assist you in making a determination as to whether to vote for or against the Proposed Plan the Debtors have prepared the Disclosure Statement, dated December __, 2008 (the "Disclosure Statement").

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS (THE "COMMITTEE") URGES YOU TO VOTE <u>AGAINST</u> THE DEBTORS' PROPOSED PLAN.**

Under the Proposed Plan, Class 17 Claim Holders would be entitled to receive: (i) Cash in the amount of 10% of its Allowed General Unsecured Claim[1] against LRGI as soon as reasonably practicable after the later of (a) the Effective Date and (b) the date such Claim

---

[1] Capitalized terms not otherwise defined in this letter shall have the meaning given to such terms in the Proposed Plan.

NYC:183399.4

becomes Allowed and (ii) nine (9) equal Cash payments, each in an amount equal to 10.75% of its Allowed General Unsecured Claim against LRGI, payable quarterly commencing three (3) months after the later of (a) the Effective Date and (b) the date such Claim is Allowed (the "Proposed Recovery"). **THE COMMITTEE BELIEVES THAT UNDER THE DEBTORS' PROPOSED PLAN, THE PROPOSED RECOVERY FOR CLASS 17 CLAIM HOLDERS IS INADEQUATE, UNACCEPTABLE AND MUST BE REJECTED.**

Based upon the Debtors' valuation set forth in the Disclosure Statement and the Debtors' Proposed Plan, the Committee believes each Class 17 Claim Holder is entitled to receive, on the Effective Date, cash in the amount of 100% of the Allowed General Unsecured Claim against LRGI, plus post-petition interest accrued thereon. As a result, the Debtors' Proposed Plan denies the Class 17 Claim Holders the recovery to which they are entitled thereunder.

The deadline for receipt of the ballots on the Proposed Plan is _____ \_\_, 2009. We urge you to vote **AGAINST** the Proposed Plan and submit your ballot so that it is received before _____ \_\_, 2009.

Should you have any questions about this case, the Proposed Plan or the voting process, please call either Paul N. Silverstein or Jonathan I. Levine at (212) 850-2800, counsel to the Creditors Committee at your convenience.

NYC:183399.4