WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
                                        :
In re                                   :        Chapter 11 Case No.
                                        :
LEXINGTON PRECISION CORP., et al.,      :        08-11153 (MG)
                                        :
        Debtors.                        :        (Jointly Administered)
                                        :
---------------------------------------------------------------x
```

**NOTICE OF DEBTORS' OBJECTION TO**
**PROOF OF CLAIM 262 OF LORRAINE CERIMELE**

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") to consider the

objection, dated December 30, 2008 (the "Objection"), of Lexington Precision Corporation and

its wholly-owned subsidiary, Lexington Rubber Group, Inc., each as debtors and debtors-in-

possession (together, the "Debtors") to proof of claim number 262 (the "Claim") of Lorraine

Cerimele filed in the Debtors' chapter 11 cases shall be held before the Honorable Martin Glenn,

United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court for the

Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New

York, New York 10004, on **February 4, 2009, at 10:00 a.m. (Prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that objections or responses, if any, to the

Objection must be in writing, must conform to the Bankruptcy Rules and the Local Rules of the

Bankruptcy Court for the Southern District of New York, must set forth the identity of the

objecting party, the basis for the objection and the specific grounds therefor, and must be filed no

later than **January 21, 2009 at 4:00 p.m. (Prevailing Eastern Time)** with the Bankruptcy Court

electronically in accordance with General Order M-242 (General Order M-242 and the User's

Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the

official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case

filing system, and by all other parties in interest on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182, and

be served upon:  (a) the Debtors, Lexington Precision Corp., 800 Third Ave. 15th Floor, New

York, New York 10023 (Attn:  Michael A. Lubin), (b) the attorneys for the Debtors, Weil,

Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Adam P.

Strochak and Conray T. Tseng); (c) the Office of the United States Trustee for the Southern

District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, (Attn:  Paul

Schwartzberg); (d) the attorneys for the Debtors' prepetition lenders, Waller, Landsden, Dortch

& Davis LLP, 511 Union Street, Suite 2700, Nashville, TN, 37219 (Attn:  John C. Tishler); (e)

the attorneys for the statutory committee of unsecured creditors, Andrews Kurth LLP, 450

Lexington Avenue, New York, New York, 10017 (Attn:  Paul Silverstein); and (f) attorneys for

the Debtors' postpetition lenders, O'Melveny & Meyers, LLP, Times Square Tower, 7 Times

Square, New York, NY 10036 (Attn:  Gerald Bender), so as to be received no later than

**January 21, 2009 at 4:00 p.m. (prevailing Eastern Time)**.

              PLEASE TAKE FURTHER NOTICE that a hearing to consider the relief

requested in the Objection shall be held before the Honorable Martin Glenn, United States

Bankruptcy Judge, on **February 4, 2009 at 10:00 a.m. (prevailing Eastern Time)**, in Room

501 at the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling

Green, New York, New York 10004 or as soon thereafter as counsel may be heard.

Dated: December 30, 2008
       New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
Adam P. Strochak
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                           :
**In re**                                  :         **Chapter 11 Case No.**
                                           :
**LEXINGTON PRECISION CORP., et al.,**     :         **08-11153 (MG)**
                                           :
          **Debtors.**                     :         **(Jointly Administered)**
                                           :
-----------------------------------------------------------------x

<b>DEBTOR'S OBJECTION TO<br>PROOF OF CLAIM 262 OF LORRAINE CERIMELE</b>

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

   Lexington Precision Corporation and its wholly-owned subsidiary, Lexington

Rubber Group, Inc., each as debtors and debtors in possession (together, the "Debtors") hereby

object (the "Objection") to proof of claim number 262 filed by Ms. Lorraine Cerimele (the

"Claimant") arising out of a certain state court action styled *Lorraine Cerimele v. Lexington*

*Precision Corp., et al.,* Case No. 00-CV-1997 (OH Trumbull County Ct. C.P.) (the "Action"),

and respectfully represent:

<b><u>Background</u></b>

   1. On April 1, 2008 (the "Commencement Date"), each of the Debtors

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code").  The Debtors are authorized to continue to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.      On April 11, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of creditors (the "Creditors' Committee").

4.      Pursuant to an order of the Court, dated, April 2, 2008, the Debtors retained Epiq Bankruptcy Solutions, LLC ("Epiq") as the Debtors' claims agent.

5.      On June 13, 2008, the Debtors filed their schedules and statements of financial affairs (collectively, the "Schedules").  [Docket Nos. 174, 176].

6.      Pursuant to an order of the Court, dated June 30, 2008 (the "Bar Date Order"), August 15, 2008 at 5:00 p.m. (prevailing Eastern Time) (the "Bar Date") was the deadline for any person or entity other than a Government Unit (as defined by section 101(27) of the Bankruptcy Code) that asserts a claim (as defined by section 101(5) of the Bankruptcy Code) against any of the Debtors that arose prior to April 1, 1008 to file a proof of claim ("Proof of Claim").  Pursuant to the Bar Date Order, September 29, 2008 at 5:00 p.m (prevailing Eastern Time) (the "Government Bar Date") was the deadline for Government Units to file such Proofs of Claim.

7.      On August 14, 2008, the Claimant filed the Proof of Claim No. 262 ("Claim 262") asserting a contingent claim in the amount of $2,466,110 (compensatory damages

of $466,110, punitive damages of $2,000,000) with respect to the Action. The Debtors object to the validity of the Claim 262.

**Jurisdiction**

8.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Cerimele v. Lexington Connector Seals**

9.      The Claimant is a former employee of Lexington Precision Corporation d/b/a Lexington Connector Seals ("Lexington") responsible for quality control of certain Lexington products. On December 17, 1998, Lexington terminated the Claimant's employment for cause because of the Claimant's poor work performance arising primarily out of (i) lack of interpersonal skills and inability to work well with co-workers and (ii) customer complaints showing dissatisfaction with the service she provided.

10.      Over the course of more than a year, Lexington advised the Claimant of these issues and requested improvements be made. After the Claimant's conduct continued unabated, Lexington terminated the Claimant's employment.

11.      On October 30, 2000, the Claimant commenced the Action against Lexington and alleged that (a) Lexington terminated the Claimant's employment in violation of Ohio public policy, which Claimant claims is founded on Ohio Rev. Code § 4165.02 and (b) Lexington's acts were motivated by malice. Specifically, the Claimant alleges that Lexington violated Ohio Rev. Code § 4165.02 by misrepresenting the quality of the products Lexington sold to its customers. The Claimant alleges that she complained about Lexington's conduct and such complaints led to her termination. The Claimant alleges that, in terminating her, Lexington jeopardized the "safety and welfare" of the general public.

12.    Beginning in March 2001, Lexington served a series of discovery requests upon the Claimant.  The Claimant did not respond for more than five years until Lexington moved to dismiss the case for failure to prosecute in April 2006.  Since then, the case has slowly progressed.  Prior to the Commencement Date, the parties were engaged in further discovery. The automatic stay imposed by section 362 of the Bankruptcy Code has since stayed the Action.

## Objection to Claim 262

A.    **Claimant's *Greeley* Claim is Without Merit**

13.    In order for Claimant to establish a tort claim for wrongful discharge in violation of public policy as an exception to Ohio's long-standing doctrine of employment at will, she must establish the elements set forth in *Greeley v. Miami Malley Maintenance*, 49 Ohio St. 3d 228 (1990).  Claimant must show: (1) that a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the "clarity" element); (2) that dismissing employees under circumstances like those involved would jeopardize public policy (the "jeopardy" element); (3) that the claimant's dismissal was motivated by conduct related to public policy; and (4) that the employer lacked overriding business justification for the dismissal.  *Id.*

14.    Claimant's first claim is that that her discharge violated the public policy underlying Ohio Rev. Code § 4165.02 (Ohio's implementation of the Uniform Deceptive Trade Practices Act (the "UDTPA")).  Claimant, however, cannot demonstrate that Lexington violated public policy protected by the UDTPA by terminating the Claimant's employment.  The UDTPA's goal is to protect against unfair competition, not protect employee rights.  *See, e.g., Phillips v. Cox*, 261 Ill. App. 3d 78, 632 N.E.2d 668 (5th District 1994); *Moran Indus. v. Costa*, 1996 U.S. Dist. Lexis 3248 (N.D. Ill. 1996) (stating that "the purpose of the Uniform Deceptive Trade Practices Act is to prohibit unfair competition – it is primarily directed toward acts which

unreasonably interfere with another's conduct of his business"); *Young v. Joyce*, Del. Supr., 351 A.2d 857 (Del. 1975) (finding that the legislative history of the Deceptive Trade Practices Act suggests it is a consumer protection act). Indeed, no case law in Ohio supports the Claimant's assertion that Ohio Rev. Code § 4165.02 provides the type of "clear public policy" required to support her wrongful discharge claim. Accordingly, because the Claimant fails to establish that Lexington violated any clear public policy under Ohio Rev. Code § 4165.02, she cannot meet the threshold element of *Greeley* and thus fails to state a basis for her claim.

15.    Even if the Claimant could demonstrate a clear public policy under Ohio Rev. Code § 4165.02, she still fails to establish the "jeopardy" element under *Greeley*. Ohio Courts have applied a three-part analysis to determine the jeopardy issue, looking at 1) what conduct is necessary to further the public policy at issue, 2) whether the employee's actual conduct fell within the scope of conduct protected by this policy, and 3) whether employees would be discouraged from engaging in similar future conduct by the threat of dismissal. *Himmel v. Ford Motor Co.*, 342 F.3d 593, 599 (6th Cir. 2003). Here, despite Claimant's conclusory assertions otherwise, her conduct was not aimed at vindicating the statute's policy. Claimant's conduct leading to her dismissal was not aimed at remedying any of the challenged practices, and Lexington made no attempt to coerce Claimant into approving the alleged "deceptive practices." Finally, because Claimant was discharged due to the complaint of a major Lexington customer, not as retaliation, there is no basis for any conclusion that her discharge discourage future employees from raising concerns over any allegedly deceptive practices. In the 10 years since Lexington terminated Claimant's employment, employees have not demonstrated any reticence to raise quality-control issues with management when necessary.

Claimant's termination therefore does not jeopardize any policies implicated by Ohio Rev. Code § 4165.02.

16.     Nor can Claimant show the last two *Greeley* prongs: that her dismissal was motivated by conduct related to the public policy at issue and that Lexington lacked overriding business justification for the dismissal.  Indeed, the Claimant's dismissal was motivated by her poor work performance arising from her inability to work effectively with co-workers and customer dissatisfaction.  These problems have nothing to do with the public policy behind the UDTPA; indeed, the intended beneficiaries of the UDTPA, Lexington's customers, were the very people complaining about Claimant's conduct.

**B.     Claimant's Second Cause of Action is Without Merit**

17.     For Claimant's second cause of action, Claimant alleges that Lexington's actions were motivated by malice, hatred, insult, ill-will and a spirit of revenge with a conscious, willful or wanton disregard for the legal rights and safety of Claimant and others.  However, acts motivated by malice, in of themselves, are not a basis for a claim under which the Claimant may obtain relief.  See Smiddy v. Kinko's, Inc., No. C-020222, 2003 WL 203576 at 2 (Ohio Ct. App. Jan. 31, 2003) (citing Anderson v. Minter, 291 N.E.2d 45 (Ohio 1972) & Contadino v. Tilow, 589 N.E.2d 48 (Ohio Ct. App. 1990)).  Accordingly, this cause of action fails to state a claim upon which relief can be granted.

**C.     Lexington Denies All Factual Allegations**

18.     To the extent that the Claimant asserts any valid causes of action, Lexington denies and disputes all the Claimant's factual allegations underlying such actions and submits that the Claimant cannot adduce evidence necessary to support her allegations.

19.     Based upon the foregoing, the Debtors submit that no basis in law or fact exist to support Claim 262.  Accordingly, the Debtors request that the Court expunge and disallow Claim 262 in its entirety.

**D.      Distribution on Allowable Claim is Subject to Section 726(a)(4)**

20.     In the event the Court determines that Claim 262 should be allowed, any portion relating to punitive damages should be subject to the priority scheme set forth under section 726(a)(4) of the Bankruptcy Code.  See In re Parr Meadows Racing Ass'n, Inc., 880 F.2d 1540, 1548 (2d 1989).

**Affirmative Defenses and Reservation of Rights**

21.     In addition to these defenses, Claimant's claims asserted by Claim 262 are barred by the applicable affirmative defenses first raised in the Answer filed by Defendants Lexington Precision Corporation and Lexington Components, Inc. attached as Exhibit B.  To the extent the relief requested herein is not granted, the Debtors reserve the right to object to Claim 262 on any other ground.

**Notice**

22.     No trustee or examiner has been appointed in these chapter 11 cases.  The Debtors have provided notice of this Objection to (i) the U.S. Trustee, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' postpetition lenders, (iv) the attorneys for the Committee, (v) the attorneys for the Claimant, and (vi) all other parties that have requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be provided.

WHEREFORE the Debtors respectfully request the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated:  December 30, 2008
      New York, New York

                                /s/ Richard P. Krasnow
                                Richard P. Krasnow
                                Adam P. Strochak

                                WEIL, GOTSHAL & MANGES LLP
                                767 Fifth Avenue
                                New York, New York  10153
                                Telephone:   (212) 310-8000
                                Facsimile:    (212) 310-8007

                                Attorneys for Debtors
                                and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                   :

In re                         :        Chapter 11 Case No.

                                         :

LEXINGTON PRECISION CORP., et al.,    :        08-11153 (MG)

                                         :

          Debtors.                :        (Jointly Administered)

                                         :

-------------------------------------------------------------x

### ORDER GRANTING DEBTOR'S OBJECTION TO
### PROOF OF CLAIM 262 OF LORRAINE CERIMELE

Upon the objection to proof of claim 262 of Lorraine Cerimele ("Claim 262"),

dated December 30, 2008 (the "Objection"), of Lexington Precision Corporation and its wholly-

owned subsidiary, Lexington Rubber Group, Inc., each as debtors and debtors in possession

(together, the "Debtors") for entry of an order pursuant to section 105 of title 11 of the United

States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), disallowing and expunging Claim 262, all as more fully

described in the Objection; and the Court having jurisdiction to consider the Objection and the

relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of

Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of

New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Objection and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed

the Objection; the Court hereby finds and determines that, pursuant to Bankruptcy Rule 3007,

due and proper notice has been provided to the Claimant and all other parties entitled to notice;

and no other or further notice is necessary; and the relief requested in the Objection is in the best

interests of the Debtors, their estates, and creditors; and the legal and factual bases set forth in

the Objection establish just cause for the relief and sufficient cause appearing therefore, it is

> ORDERED that Claim 262 is hereby disallowed and expunged in its entirety; and

it is further

> ORDERED that Epiq is authorized and directed to delete Claim 262 from the

official claims registry.

Dated:   New York, New York
        February ___, 2008

_____
UNITED STATES BANKRUPTCY JUDGE