WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
:
**In re**                                   :    **Chapter 11 Case No.**
:
**LEXINGTON PRECISION CORP., <u>et</u> <u>al.</u>,**    :    **08-11153 (MG)**
:
**Debtors.**                            :    **(Jointly Administered)**
:
-----------------------------------------------------------x

### NOTICE OF FILING OF THE MOTION OF THE DEBTORS FOR A BRIDGE ORDER PURSUANT TO SECTIONS 105 AND 1121(d) OF THE BANKRUPTCY CODE EXTENDING THE EXCLUSIVE <u>PERIODS DURING WHICH THE DEBTOR MAY FILE A CHAPTER 11 PLAN</u>

NOTICE IS HEREBY GIVEN that on January 15, 2009, Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession, (collectively, "<u>Lexington</u>" or the "<u>Debtors</u>") filed, with the United States Bankruptcy Court for the Southern District of New York (the "Court), a motion (the "<u>Motion</u>"), pursuant to sections 105 and 1121(d) of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), for a bridge order (the "<u>Bridge Order</u>") extending the Debtors' exclusive periods (the "<u>Exclusive Periods</u>") during which the Debtors may file a chapter 11 plan and solicit acceptances thereof to the time the Court enters an order on the Debtors' motion, dated January 12, 2009 [Docket No. 517] (the "<u>Exclusivity Motion</u>"), for an order pursuant to section 1121(d) of the Bankruptcy

Code extending the Exclusive Periods.   The Bridge Order would extend the Exclusive Periods until such time when the Court enters an order on the Exclusivity Motion.   The Debtors have asked that the Bridge Order be entered immediately.

Dated: January 15, 2009
      New York, New York

                                      /s/ Adam P. Strochak
                                      Richard P. Krasnow
                                      Adam P. Strochak

                                      WEIL, GOTSHAL & MANGES LLP
                                      767 Fifth Avenue
                                      New York, New York 10153
                                      Telephone:     (212) 310-8000
                                      Facsimile:     (212) 310-8007
                                      Attorneys for Debtors
                                      and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Richard P. Krasnow
Adam P. Strochak

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                :
**In re**                            :        **Chapter 11 Case No.**
                                :
**LEXINGTON PRECISION CORP., et al.,**   :        **08-11153 (MG)**
                                :
       **Debtors.**                 :        **(Jointly Administered)**
                                :
------------------------------------------------------------x

**MOTION OF THE DEBTORS FOR A BRIDGE ORDER PURSUANT TO
SECTIONS 105 AND 1121(d) OF THE BANKRUPTCY CODE EXTENDING
THE EXCLUSIVE PERIODS DURING WHICH THE DEBTOR MAY
<u>FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF</u>**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

        Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors

and debtors in possession, (collectively, "<u>Lexington</u>" or the "<u>Debtors</u>"), respectfully represent:

**<u>Preliminary Statement</u>**

        1.    The Debtors are requesting entry of a bridge order extending their

exclusive right to file a chapter 11 plan and solicit acceptances thereof through the time the Court

enters an order determining the Debtors' pending motion to extend exclusivity. The Debtors'

current exclusivity periods expire on January 26, 2009 and February 25, 2009, respectively, and

the Debtors have scheduled a hearing for the Court to consider such request on February 2, 2009. The U.S. Trustee (as defined below) has consented to the entry of a bridge order as well as the Creditors' Committee (as defined below), subject to its reservation of rights to object to the Debtors' motion for an extension of their exclusivity periods. Prior to filing this motion, the Debtors made a similar request to the Prepetition Lenders (as defined below) who have not yet provided a response.

**Background**

2. On April 1, 2008 (the "Commencement Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Sections 1107(a) and 1108 of the Bankruptcy Code authorize the Debtors to continue to operate their businesses and manage their properties as debtors in possession.

3. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). On April 11, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of creditors (the "Creditors' Committee"). No trustee or examiner has been appointed in these chapter 11 cases.

4. On December 17, 2008, the Debtors filed a Second Amended Joint Plan of Reorganization (the "Second Amended Plan")[1] and a revised disclosure statement thereto (the "Proposed Disclosure Statement").[2]

---

[1] Exhibit A to the Proposed Disclosure Statement for Debtors' Second Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated December 17, 2008 [Docket No. 489].

NY2:¥1956071¥04¥15XBB04!.DOC¥26690.0008                    2

5. The hearing on the approval of the Proposed Disclosure Statement was originally scheduled on December 19, 2008. On December 18, 2008, the Debtors filed a notice of adjournment of the hearing on the approval of the Proposed Disclosure Statement and the Court entered an order, dated December 18, 2008 [Docket No. 496], adjourning the hearing and rescheduling the hearing on Proposed Disclosure Statement for January 7, 2009.

6. On January 5, 2009, the Debtors filed a motion to adjourn the hearing to approve the Proposed Disclosure Statement [Docket No. 507] (the "Adjournment Motion"). By order dated January 6, 2009 [Docket No. 508], the Court granted the Adjournment Motion and rescheduled the hearing for the approval of the Proposed Disclosure Statement on February 9, 2009 at 10:00 a.m. and scheduled a status conference on February 2, 2009 at 10:00 a.m. to discuss, among other things, the Debtors progress towards obtaining an exit financing commitment.

## Jurisdiction

7. This Court has jurisdiction to consider and grant the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order M-64 of the United States Bankruptcy Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8. By this Motion, pursuant to sections 105 and 1121(d) of the Bankruptcy Code, the Debtors request entry of a bridge order extending the periods under sections 1121(b) and 1121(c)(3) of the Bankruptcy Code to file a chapter 11 plan and to solicit acceptances

---

[2] Proposed Disclosure Statement for Debtors' Second Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated December 17, 2008 [Docket No. 489].

NY2:¥1956071¥04¥15XBB04!.DOC¥26690.0008        3

thereof through the time the Court enters an order on the Debtors' motion, dated January 12, 2009 [Docket No. 517] (the "Exclusivity Motion"), pursuant to section 1121(d) of the Bankruptcy Code, extending the exclusive periods during which the Debtors may file a chapter 11 plan and solicit acceptances thereof.

### The Motion For A Bridge Order And Scheduling An Expedited Hearing On The Exclusivity Motion Should Be Granted

9.   As a result of the dramatic deterioration in the automotive original equipment manufacturing ("OEM") segment over the past several months, the Debtors have concluded that, in order to maximize the value of the Debtors' estates for the benefit of all parties-in-interest, it will be necessary to undertake an operational restructuring of their connector seals business, which primarily serves the automotive OEM segment.

10.   To this end, the Debtors determined that it was in the interest of the estates to adjourn hearing on the approval of the Proposed Disclosure Statement so they can begin the implementation of the operational restructuring of the connector seals business.   While the Debtors complete the operational restructuring of their connector seals business, they would continue negotiations with the proposed exit lenders regarding exit financing that will be used to fund distributions to be made under the Second Amended Plan and the Debtors business operations upon emergence from chapter 11 and continue negotiations with the Creditors' Committee in an effort to present a consensual plan of reorganization for the Court's approval.

11.   The period under section 1121(b) of the Bankruptcy Code during which the Debtors have the exclusive right to propose and file a chapter 11 plan is currently set to expire on January 26, 2009 (the "Exclusive Filing Period").   The period under section 1121(c)(3) of the Bankruptcy Code during which the Debtors have the exclusive right to solicit

acceptances of a chapter 11 plan (the "Solicitation Period" and together with the Exclusive Filing Period, the "Exclusive Periods") is currently set to expire on February 25, 2009.

12. In the Exclusivity Motion, the Debtors have sought an extension of the Exclusive Filing Period through and including April 27, 2009 and an extension of the Solicitation Period through and including June 25, 2009.

13. Had the Debtors determined that it would have been in the best interests of the estates to seek the Court's approval of the Proposed Disclosure Statement at the hearing scheduled for January 7, 2009, the Exclusivity Motion would not have been necessary. However, the effect the general economic crisis has had upon the OEM segment of the automobile industry has made these cases more complex than the balance-sheet restructuring contemplated at the outset.

14. To address this unanticipated turn of events, the Debtors are undertaking their operational restructuring and now require an extension of the Exclusivity Periods while they complete these endeavors. The Debtors have requested a hearing on the Exclusivity Motion for February 2, 2009, which is 7 days after the expiration of the Exclusive Filing Period. So as not to allow the Exclusive Periods to lapse prior to the scheduled hearing on the Exclusivity Motion and cause the automatic termination of the Debtors' continued used of cash collateral, the Debtors request that the Court extend the Exclusive Periods through the time the Court enters an order determining the Exclusivity Motion.

15. A proposed form of bridge order (the "Proposed Bridge Order") providing for this short extension of the Exclusive Periods is annexed hereto.

**Notice**

16. Notice of this Motion has been provided to (i) the U.S. Trustee, (ii) the Creditors' Committee, (iii) the Debtors' prepetition lenders, (iv) the Debtors' postpetition lenders,

and (v) those parties entitled to notice pursuant to this Court's Order establishing notice procedures in these chapter 11 cases.    The Debtors submit that no other or further notice need be provided. and that under the circumstances, the Proposed Bridge Order be entered immediately and without a further hearing.

WHEREFORE the Debtors respectfully request that this Court enter an order granting the relief requested herein and granting the Debtors such other and further relief as is just.

Dated: January 15, 2009
       New York, New York

/s/ Adam P. Strochak
Richard P. Krasnow
Adam P. Strochak

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:    (212) 310-8000
Facsimile:    (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                          :    Chapter 11 Case No.
:
**LEXINGTON PRECISION CORP., et al.,**         :    08-11153 (MG)
:
Debtors.                                  :    (Jointly Administered)
:
------------------------------------------------------------x

Upon the motion, dated January 15, 2009 (the "Motion"), of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105 and 1121(d) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), for a bridge order extending the Debtors' exclusive periods during which the Debtors may file a chapter 11 plan and solicit acceptances thereof (the "Exclusive Periods") to the time the Court enters an order on the Debtors' motion, dated January 12, 2009 [Docket 517] (the "Exclusivity Motion"), pursuant to section 1121(d) of the Bankruptcy Code extending the Exclusive Periods, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief sought therein in accordance with 28 U.S.C. §1334; and due and adequate notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having found that cause exists to extend the Exclusive Periods as requested in the Motion; and it appearing that the Debtors' exclusive period to file a chapter 11 plan expires on January 26, 2009 and have requested a hearing on the Exclusivity Motion to be scheduled for February 2, 2009; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105 and 1121(d) of the Bankruptcy Code, the Debtors' Exclusive Periods are extended to and including the time the Court enters an order

on the Debtors' Exclusivity Motion, without prejudice to the Debtors' pending Exclusivity Motion or any other or further request by the Debtors to extend the Exclusive Periods under section 1121 of the Bankruptcy Code.

_____
UNITED STATES BANKRUPTCY JUDGE

Dated: January\_\_\_, 2009
      New York, New York