WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x
                                                 :

In re                                     :          **Chapter 11**
                                                   :

**LEXINGTON PRECISION CORP., et al.,**    :          **Case No. 08-11153 (MG)**
                                                   :

                    **Debtors.**             :          **(Jointly Administered)**
                                                   :
--------------------------------------------------------------x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE**
**GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**

**SECOND INTERIM APPLICATION**

| | |
|---|---|
| NAME OF APPLICANT: | Weil, Gotshal & Manges LLP |
| TIME PERIOD: | August 1, 2008 to November 30, 2008 |
| ROLE IN THE CASE: | Attorneys for the Debtors |
| CURRENT APPLICATION: | Total Fees Requested    $400,657.75 |
| | Subject to 5% Holdback    ($20,032.89) |
| | Total Expenses Requested    $13,819.61 |
| | **Total Requested    $414,477.36** |

**Prior Applications**

| PERIOD<br>April 1, 2008 to July 31, 2008 | Fees<br>Approved | Corrected<br>Fees[1] |
|---|---|---|
| Total Fees | $959,601.50 | $958,601.50 |
| – 5% Holdback | ($47,230.08) | ($47,180.07) |
| **Total Fees Approved** | **$897,371.42** | **$896,421.43** |
| + Total Expenses Approved | $31,182.07 | $31,182.07 |
| **Total Approved** | **$928,553.49** | **$927,603.50** |

---

[1] Upon further review of the underlying figures, the Debtors calculated the fees of Weil, Gotshal & Manges LLP ("WGM") for the period between April 1, 2008 and July 31, 2008 to be $898,601.50, which is $1000 less than the requested amount.  Accordingly, the total fees approved was reduced by $949.99 from $897,371.42 to $896,421.43.  Similarly, the holdback was reduced by $50.01 from $47,230.08 to $47,180.07.  The Debtors paid WGM the revised total of $927,603.50 which reflects the corrected amounts.

## SUMMARY OF SECOND INTERIM QUARTERLY FEE APPLICATION
## OF WEIL, GOTSHAL & MANGES LLP FOR SERVICES RENDERED
## FOR THE PERIOD AUGUST 1, 2008 THROUGH NOVEMBER 30, 2008

| NAME OF PROFESSIONAL<br><br>PARTNERS & OF COUNSELS: | DEPARTMENT [2] AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Krasnow, Richard P. | BFR – 1972 | $950.00[3] | 9.70 | $9,215.00 |
| Krasnow, Richard P. | BFR – 1972 | $895.00 | 64.40 | $57,638.00 |
| Waksman, Ted S. | C – 1978 | $895.00 | 2.50 | $2,237.50 |
| Goldring, Stuart J. | T – 1984 | $900.00 | 1.10 | $990.00 |
| Goldring, Stuart J. | T – 1984 | $860.00 | 8.20 | $7,052.00 |
| Hird, David B. | L – 1977 | $750.00 | 14.30 | $10,725.00 |
| Strochak, Adam P. | L – 1993 | $790.00 | 11.40 | $9,006.00 |
| Strochak, Adam P. | L – 1993 | $750.00 | 82.50 | $59,287.50 |
| Gartin, Randell J. | T – 2001 | $580.00 | 10.90 | $6,322.00 |
| Gartin, Randell J. | T – 2001 | $530.00 | 37.30 | $19,769.00 |
| **Total Partners** | | | **242.30** | **$182,242.00** |

---

[2] BFR- Business Finance & Restructuring,  C – Corporate,  L – Litigation,  and T – Tax.

[3] In November 2008, the hourly rates of certain professionals increased to reflect their increase seniority and experience since the commencement of these chapter 11 cases.

| NAME OF PROFESSIONAL<br><br>ASSOCIATES: | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lucas, John W. | BFR – 2005 | $500.00 | 23.70 | $11,850.00 |
| Lucas, John W. | BFR – 2005 | $465.00 | 60.00 | $27,900 |
| Vron, Victoria | BFR – 2005 | $540.00 | 16.40 | $8,856.00 |
| Vron, Victoria | BFR – 2005 | $490.00 | 75.80 | $37,142.00 |
| Tseng, Conray C. | BFR – 2007 | $465.00 | 23.90 | $11,113.50 |
| Tseng, Conray C. | BFR – 2007 | $415.00 | 217.20 | $89,826.75 |
| Levine, Alexander | L – 2006 | $500 | .30 | $150.00 |
| Levine, Alexander | L – 2006 | $465 | 20.30 | $9,439.50 |
| Benfield, Brianna N. | L – 2008 | $355.00 | 5.90 | $2,094.50 |
| **Total Associates** | | | **443.50** | **$198,372.25** |

| NAME OF PROFESSIONAL<br><br>Paralegals, Clerks, Library Staff and Other Non-Legal Staff | DEPARTMENT | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lee, Kathleen | BFR | $245.00 | 5.80 | $1,421.00 |
| Lee, Kathleen | BFR | $240.00 | 30.60 | $7,344.00 |
| Amponsah, Duke | BFR | $180.00 | 52.20 | $9,396.00 |
| Wilmer, Andrea | BFR | $155.00 | 7.30 | $1,131.50 |
| Seavey, Lori A. | BFR | $205.00 | 2.30 | $471.50 |
| Geeslin, Judy | TAX | $205.00 | 1.10 | $225.50 |
| Cruz, Luis | LIBRARY | $135.00 | .40 | $54.00 |
| **Total Paraprofessionals** | | | **99.70** | **$20,043.50** |

| PROFESSIONALS<br><br>TOTALS: | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Of Counsel | $752.13 | 242.30 | $182,242.00 |
| Associates | $447.29 | 443.50 | $198,372.25 |
| Paraprofessionals | $199.48 | 99.70 | $20,043.50 |
| **Total Fees Incurred** | | **785.5** | **$400,657.75** |
| **Blended Attorney Rate** | **$554.99** | | |
| | | | |
| **Total Fees Requested** | | | **$400,657.75** |

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak
Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11** |
|  | : |  |
| **LEXINGTON PRECISION CORP., et al.,** | : | **Case No. 08-11153 (MG)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

------------------------------------------------------------x

**SECOND APPLICATION OF WEIL, GOTSHAL & MANGES LLP,**
**AS ATTORNEYS FOR THE DEBTORS, FOR INTERIM**
**ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES**
**RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY**
**EXPENSES INCURRED FROM AUGUST 1, 2008 THROUGH NOVEMBER 30, 2008**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Weil, Gotshal & Manges LLP ("WGM"), attorneys for Lexington Precision

Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber

Group" and together with Lexington Precision, the "Debtors"), as debtors and debtors in

possession, for its second application (the "Application"), pursuant to sections 330(a) and 331 of

title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), for the interim allowance of compensation

for professional services performed by WGM for the period commencing April 1, 2008  through

and including July 31, 2008 (the "Compensation Period"), and for reimbursement of its actual

and necessary expenses incurred during the Compensation Period, respectfully represents:

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

1.　　　This Application has been prepared in accordance with the Guidelines for

Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

adopted by the Court on June 20, 1991 (the "Fee and Disbursement Guidelines") and the

Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New

York Bankruptcy Cases adopted by the Court on April 19, 1995 (together with the Fee and

Disbursement Guidelines, the "Local Guidelines"), the United States Trustee Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), and the Order Pursuant to

Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Monthly

Compensation and Reimbursement of Expenses of Professionals (the "Administrative Order,"

and collectively with the Local Guidelines and the UST Guidelines, the "Guidelines").  Pursuant

to the Local Guidelines, a certification regarding compliance with the same is annexed hereto as

**Exhibit "A"**.  Pursuant to the UST Guidelines, the Debtors have reviewed this Application and

approved of the entire amount requested by WGM for services performed and expenses incurred

during the Compensation Period.

2.　　　WGM seeks allowance of interim compensation for professional services

rendered to the Debtors during the Compensation Period.  During this period, the Debtors

incurred fees and expenses totaling $400,657.75 and $13,819.61, respectively.  Consistent with

previous practice, the WGM (a) requests interim approval of one-hundred (100%) of its fees in

the amount of $400,657.75 subject to a five percent (5%) hold back in the amount of $20,032.89

and one-hundred percent (100%) of its expenses in the amount of $13,819.61.

|  |  |
|---|---|
| Total Fees Requested | $400,657.75 |
| Subject to a 5% Holdback | ($20,032.89) |
| + Total Expenses | $13,819.61 |
| **Total Requested** | **$414,477.36** |

3.    In accordance with the Administrative Order, WGM has or will soon

receive payments totaling $334,345.81 for the Compensation Period, which consists of

$320,526.20 and $13,819.61 representing eighty percent (80%) of the fees and one-hundred

(100%) of the expenses incurred during the Compensation Period before WGM made a

voluntary reduction of its fees and expenses of $542.50 and $126.89, respectively, as a result of

the Court's concerns raised at the hearing to consider the WGM's first interim fee application.

4.    Other than pursuant to the Administrative Order, WGM has received no

payment and no promises of payment from any source for services rendered or to be rendered in

any capacity whatsoever in connection with the matters covered by this Application.  There is no

agreement or understanding between WGM and any other person, other than members of the

firm, for the sharing of compensation to be received for services rendered in these cases.

5.    WGM bills its fees in accordance with its existing billing rates and

procedures in effect during the Compensation Period.  The rates WGM charges for the services

rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates

WGM charges for professional and paraprofessional services rendered in comparable

nonbankruptcy related matters.  Such fees are reasonable based on the customary compensation

charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive

national legal market.  In November 2008, the hourly rates for certain professionals increased to

reflect their increased seniority and experience since the commencement of these chapter 11 cases.

6.      Pursuant to the UST Guidelines, annexed hereto as **Exhibit "B"** is a schedule that sets forth (a) all WGM professionals and paraprofessionals who have performed services in these chapter 11 cases during the Compensation Period, (b) the capacities in which each such individual is employed by WGM, (c) the department in which each individual practices, (d) the hourly billing rate charged by WGM for services performed by such individual, (e) the year in which each professional was first licensed to practice law and the aggregate number of hours expended in this matter and fees billed therefor.

7.      Annexed hereto as **Exhibit "C"** is a schedule that specifies (a) the categories of expenses for which WGM is seeking reimbursement and (b) the total amount for each such expense category.

8.      In accordance with Section (b)(4) of the UST Guidelines, annexed hereto as **Exhibit "D"** is a summary of WGM's time records billed during the Compensation Period with project categories described below.

9.      WGM maintains computerized records of the time spent by all WGM attorneys and paraprofessionals in connection with the prosecution of the Debtors' chapter 11 cases.  Subject to redaction or modification for the attorney-client privilege where necessary to protect the Debtors' estates, copies of these computerized records will be furnished to the Court, the attorneys for the official committee of unsecured creditors (the "Creditors' Committee"), and the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") in the format specified by the UST Guidelines.

10.     Prior to the commencement of these chapter 11 cases, the Debtors paid WGM an aggregate amount of $750,000 in respect of professional services rendered and to be rendered and for disbursements incurred and to be incurred in connection with (i) the Debtors' efforts prior to the commencement of these chapter 11 cases to restructure their obligations out of court, (ii) the preparation for the Debtors' chapter 11 cases, and (iii) certain other related matters.  In the Affidavit and Disclosure Statement of Richard P. Krasnow Pursuant to Bankrutpcy Code Sections 327, 328(a), 329 and 504 and Federal Rules of Bankruptcy Procedure 2014(a) and 2016(b) in Support of Debtors' Application for a Motion Authorizing The Employment and Retention of Weil, Gotshal & Manges LLP as Attorneys for the Debtors, *Nunc Pro Tunc* to the Commencement Date, dated April 1, 2008, (the "Krasnow Affidavit"), WGM disclosed that it has used this advance to credit the Debtors' account for WGM's estimated charges for professional services performed and expenses incurred up to the time of the commencement of these chapter 11 cases and has reduced the balance of the credit available to the Debtors by the amount of such charges.  As of the Commencement Date, WGM has a remaining credit balance in favor of the Debtors for future professional services to be performed, and expenses to be incurred, in the approximate amount of $97,017.51.  (Krasnow Affidavit ¶ 6). WGM will retain this amount and apply it towards any amounts awarded to it by the Court in connection with its final fee application.

11.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, WGM reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## **BACKGROUND**

12.     On the April 1, 2008 (the "Commencement Date"), each of the Debtors

commenced a case under chapter 11 of the Bankruptcy Code.  Sections 1107(a) and 1108 of the

Bankruptcy Code authorize the Debtors to continue to operate their businesses and manage their

properties as debtors in possession.

13.     On April 2, 2008, the Debtors filed an application for an order, pursuant to

sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) authorizing the

employment and retention of WGM as attorneys for the Debtors.  [Doc. No. 35].  No objections

were filed to WGM's retention and pursuant to an order of this Court dated April 22, 2008, the

Debtors' were authorized to retain WGM as their attorneys to render legal services in the

prosecution of their chapter 11 cases.  [Doc. No. 85].

14.     On April 11, 2008, the U.S. Trustee appointed the Creditors' Committee

pursuant to section 1102(a) of the Bankruptcy Code.  No trustee or examiner has been appointed

in the Debtors' chapter 11 cases.

15.     On June 13, 2008, each of the Debtors filed a Statement of Financial

Affairs and Schedule of Assets and Liabilities (collectively, the "Schedules and Statements").

[Doc. Nos. 173, 174, 175, and 176].

16.     On September 24, 2008, WGM filed its first interim application seeking

approval of $959,601.50 in fees and $31,759.50 in expenses incurred between April 1, 2008 and

July 31, 2008.  On November 6, 2008, the Court approved ninety-five percent (95%) of WGM's

fees in the amount of $897,271.42 and one-hundred percent (100%) of WGM's expenses in the

amount of $31,182.07 for a total of $928,553.49.  Approval of five percent (5%) of WGM's fees

in the amount of $47,230.08 was held back until the completion of these chapter 11 cases.  Upon

further review of the underlying figures, the Debtors calculated that WGM's requested fees of

$959,601.50 were incorrect by $1,000 and were actually $958,601.50. Accordingly, the

approved fees and holdback were reduced to $896,421.43 (a reduction of $949.99) and

$47,180.07 (a $50.01 reduction), respectively. The Debtors have paid WGM the revised total of

$927,601.50, which reflect the corrected amount.

|  | Fees Approved | Corrected Fees |
|---|---|---|
| Total Fees | $959,601.50 | $958,601.50 |
| – 5% Holdback | ($47,230.08) | ($47,180.07) |
| **Total Fees Approved** | **$897,371.42** | **$896,421.43** |
| + Total Expenses Approved | $31,182.07 | $31,182.07 |
| **Total Approved** | **$928,553.49** | **$927,603.50** |

17.    The Debtors have advised WGM that, to date, they have paid all quarterly

fees due to the U.S. Trustee.

## SUMMARY OF SERVICES

18.    During the Compensation Period, the Debtors have rendered professional

services to assist the Debtors with their ongoing reorganization, including, among other matters,

(a) opposing the Creditors' Committee's motion to terminate exclusivity to propose and solicit

acceptances with respect to a chapter 11 plan, (b) preparing and prosecuting a motion to extend

the Debtors' plan exclusivity, (c) preparing a proposed chapter 11 plan and disclosure statement

therefor, (d) engaging in numerous discussions with various parties regarding the proposed plan

and disclosure statement, and revising the plan and disclosure statement to reflect those

discussions, (e) exploring exit financing opportunities, and (f) reviewing and reconciling claims.

In addition, the Debtors have engaged in various activities related to the day-to-day

administration of these chapter 11 cases.

19.     The following is a summary of the significant professional services rendered by WGM during the Compensation Period.  This summary is organized in accordance with WGM's internal system of project or work codes.  As indicated earlier, **Exhibit "D"** provides a more detailed breakdown of the time devoted and fees allocable to each work code.

  a.  **<u>Case Administration (Work Code LP0001)</u>**

- Maintained project list, case calendar, and case docket of documents filed with the Court.

- Prepared and filed agenda letters for each hearing before the Court.

  b.  **Unsecured Creditors Issues/Meetings/
<u>Communications/Creditors' Committee (Work Code LP0002)</u>**

- Prepared for, attended, and participated in meetings with the Creditors' Committee and/or its professionals.

- Conducted teleconferences with the attorneys for the Creditors' Committee regarding the status of the cases.

- Reviewed various extensive document production requests by Creditors' Committee; discussions with Creditors' Committee, Debtors, and other advisors regarding same.

  c.  **<u>General Case Strategy (Work Code LP0004)</u>**

- Held numerous conferences with the Debtors' management regarding strategic issues in the Debtors' chapter 11 cases.

- Held internal meetings to prepare case and develop strategy regarding, among other things, first day hearings, plan formulation, and bankruptcy litigation including motion to terminate exclusivity and prosecuting a motion to extend exclusivity.

- Reviewed and filed monthly operating reports.

  d.  **<u>Hearing and Court Matters (Work Code LP 0005)</u>**

- Attended numerous hearings, including, among others, Debtors' motion to extend exclusivity, Debtors' motion to pay certain due diligence fees, and various interim fee applications of certain professionals.

    e.       **WGM Retention/Billings/Fee Applications (Work Code LP0006)**

- Reviewed monthly billing summary reports of WGM and other professionals.

- Prepared monthly fee statements.

- Drafted, reviewed, revised, and filed first interim fee application.

    f.       **Retention/Fee Applications:**
               **Ordinary Course Professionals (Work Code LP0007)**

- Addressed issues related to ordinary course professionals.

- Reviewed questionnaires and affidavits filed by ordinary course professionals.

    g.       **Retention/Fee Application:**
               **Other Professionals (Work Code LP 0008)**

- Reviewed SRR and Andrews Kurth LLP's fee statements.

- Reviewed W.Y. Campbell's fee statements.

    h.       **U.S. Trustee Related Issues (Work Code LP0010)**

- Teleconferences with the U.S. Trustee's Office regarding various issues pertaining to the Debtors' chapter 11 cases.

    i.       **General Business Operations (Work Code LP 0011)**

- Reviewed drafts of Debtors' Forms 10-Q and 10-K.

- Discussions regarding Debtors' chapter 11 cases and daily business operations.

    j.       **Corporate Governance (Work Code LP 0012)**

- Reviewed corporate governance documents.

    k.       **DIP Financing (Work Code LP 0013)**

- Conferred with client and internally with regards to DIP Financing and obligations related thereto.

- Reviewed prepetition credit agreements with respect to use of cash collateral.

    **l.**    <u>**Exit Financing (Work Code LP0014)**</u>

- Reviewed, revised, finalized, and filed motion to pay certain due diligence fees related to potential exit financing.

- Explored various exit financing opportunities.

    **m.**    <u>**Insurance Issues (Work Code LP 0015)**</u>

- Reviewed issues related to letters of credit with Traveler's insurance.

- Reviewed confidentiality agreement with respect to asbestos-liability insurance.

    **n.**    <u>**Employee/ERISA/Benefits Issues (Work Code LP0016)**</u>

- Conferred with client regarding employment litigation.

    **o.**    <u>**Real Property/365 Issues (Work Code LP0019)**</u>

- Drafted, reviewed, revised, and filed stipulation to extend time to assume and reject non-residential real property leases.

    **p.**    <u>**Bar Motion and Claims Reconciliation Issues (Work Code LP0022)**</u>

- Discussed issues related to asbestos-related claims with counsel for asbestos-related claims.

- Drafted, reviewed, revised, finalized, and filed stipulation with counsel to holders of asbestos-related claims regarding master proof of claim.

- Drafted, reviewed, revised, finalized, and filed stipulation with agents for the prepetition lenders regarding proof of claim.

- Reviewed proofs of claim and began claims reconciliation process.

- Drafted, reviewed, revised, finalized, and filed first omnibus claims objection.

    **q.**    <u>**Disclosure Statement/Solicitation/Voting (Work Code LP0025)**</u>

- Reviewed, revised, finalized, and filed initial disclosure statement and related documents; conferred with client and other constituencies, including, among others, the Creditors' Committee, regarding the same; and revised the disclosure statement.

- Drafted, reviewed, revised, finalized, and filed retention of Financial Balloting Group, LLC as a balloting and solicitation agent.

- Prepared motion to approve disclosure statement, ballots, solicitation procedures, notice of non-voting status, and confirmation hearing notice.

- Researched various disclosure-statement issues.

    **r.**    **Exclusivity (Work Code LP0026)**

- Prepared motion to further extend exclusivity; respond to Creditors' Committee's objection regarding the same; prepared for evidentiary hearing regarding the same.

    **s.**    **Plan of Reorganization/Plan Confirmation (Work Code LP0027)**

- Drafted, reviewed, revised, finalized, and filed chapter 11 plan of reorganization; conferred with client and other constituencies, including, among others, the Creditors' Committee, regarding the same; and revised the chapter 11 plan.

- Researched various plan-confirmation issues.

- Prepared plan and revised amended plan.

    **t.**    **Tax Issues (Work Code LP0029)**

- Reviewed and researched tax-related disclosure issues.

- Research regarding tax implications of stock transfers and the effect of other restructurings.

    **u.**    **Customer/Vendor Issues (Work Code LP0031)**

- Drafted, reviewed, revised, and finalized stipulation with Wacker Chemical regarding claims.

    **v.**    **Non Working Travel (Work Code LP0036)**

- Traveled to and from various destinations including, but not limited to, Court hearings, Debtors' offices, among other things.

20.    The foregoing professional services performed by WGM were necessary and appropriate to the administration of the Debtors' chapter 11 cases. The professional services performed by WGM were in the best interests of the Debtors and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity,

importance, and nature of the problems, issues, or tasks involved.  The professional services were performed with expedition and in an efficient manner.

21.    The majority of the services performed by members and associates of WGM were rendered by the Business Finance & Restructuring Department.  WGM has a preeminent practice in this area and enjoys a national reputation for its expertise in financial reorganizations and restructurings of troubled entities, with approximately 91 attorneys that specialize in this area of law.

22.    The professional services performed by WGM on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 785.50 recorded hours by WGM's members, counsel, associates, and paraprofessionals.  Of the aggregate time expended, 242.30 recorded hours were expended by partners and counsel of WGM, 443.50 recorded hours were expended by associates, and 99.70 recorded hours were expended by paraprofessionals of WGM.

23.    During the Compensation Period, WGM billed the Debtors for time expended by attorneys bases on hourly rates ranging from $355 to $950 per hour.  Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $554.99 (based on 685.80 recorded hours for attorneys at WGM's regular billing rates in effect at the time of the performance of services).  As noted, annexed hereto is a schedule listing each WGM professional and paraprofessional who performed services in these cases during the Compensation Period, the hourly rate charged by WGM for services performed by each such individual, and the aggregate number of hours and charges by each such individual.

## ACTUAL AND NECESSARY DISBURSEMENTS OF WGM

24.    As set forth in **Exhibit "C"** hereto, WGM has disbursed $13,819.61 as expenses incurred in providing professional services during the Compensation Period.  WGM's

disbursement policies pass through all out of pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  For example, with respect to duplication charges, WGM will charge $0.10 per page because the actual cost is difficult to determine.  Similarly, as it relates to computerized research, WGM believes that it does not make a profit on that service as a whole although the cost of any particular search is difficult to ascertain.  Other reimbursable expenses (whether the service is performed by WGM in-house or through a third party vendor) include, but are not limited to, facsimiles, toll calls, overtime, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk fees.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

25.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.  11 U.S.C. § 331.  Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." *Id.* § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)     whether the services were performed within a
reasonable amount of time commensurate with the
complexity, importance, and nature of the problem, issue,
or task addressed; and

(E)     whether the compensation is reasonable based on
the customary compensation charged by comparably skilled
practitioners in cases other than cases under this title.

26.     In the instant case, WGM respectfully submits that the services for which
it seeks compensation and the expenditures for which it seeks reimbursement in this Application
were necessary for and beneficial to the Debtors' orderly administration of their estates and their
rehabilitation and reorganization effort.  WGM worked assiduously to anticipate or respond to
the Debtors' needs and assist in the Debtors' chapter 11 process.  Such services and expenditures
were necessary to and in the best interests of the Debtors' estates and creditors.  Accordingly,
WGM further submits the compensation requested herein is reasonable in light of the nature,
extent, and value of such services to the Debtors, their estates, and all parties in interest.

27.     The foregoing professional services performed by WGM were necessary
and appropriate to the administration of the Debtors' chapter 11 cases.  The professional services
performed by WGM were in the best interests of the Debtors and other parties in interest.
Compensation for the foregoing services as requested is commensurate with the complexity,
importance and nature of the problems, issues or tasks involved.  The professional services were
performed with expedience and in an efficient manner.

28.     Whenever possible, WGM sought to minimize the costs of its services to
the Debtors by utilizing talented junior attorneys and paraprofessionals to handle more routine
aspects of case administration.  A small group of the same WGM attorneys was utilized for the

vast majority of the work in these cases to minimize the costs of intra-WGM communication and education about the Debtors' circumstances.

29.     In sum, the services rendered by WGM were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved, and approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## **CONCLUSION**

WHEREFORE WGM respectfully requests (i) requests interim allowance of one-hundred percent (100%) of its fees in the amount of $400,657.75 subject to a five percent (5%) holdback of $20,032.89 and one-hundred percent (100%) of its expenses in the amount of $13,819.61, (ii) the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to WGM's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which have not been processed; and (iii) such other and further relief as is just.

Dated: January 28, 2008
      New York, New York

                    /s/ Richard P. Krasnow
                    Richard P. Krasnow
                    Adam P. Strochak
                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York  10153-0119
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for the Debtors and
                    Debtors In Possession

## EXHIBIT A

**(Certification)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak
Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
**In re**                                                    :       **Chapter 11**
                                                             :
**LEXINGTON PRECISION CORP., et al.,**                       :       **Case No. 08-11153 (MG)**
                                                             :
                                    **Debtors.**             :       **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND**
**DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF SECOND**
**APPLICATION OF WEIL, GOTSHAL & MANGES LLP FOR**
**INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

I, Richard P. Krasnow, hereby certify that:

1.      I am a partner with the applicant firm, Weil, Gotshal & Manges

LLP ("WGM"), with responsibility for the chapter 11 cases of Lexington Precision

Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington

Rubber" and together with Lexington Precision, the "Debtors"), as debtors and debtors in

possession, in respect of compliance with the Guidelines for Fees and Disbursements for

Professionals in Southern District of New York Bankruptcy Cases adopted by the Court

on June 20, 1991 (the "Fee and Disbursement Guidelines") and the Amended Guidelines

for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases adopted by the Court on April 19, 1995 (together with the Fee and

Disbursement Guidelines, the "<u>Local Guidelines</u>"), the United States Trustee Guidelines

for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "<u>UST Guidelines</u>") and the

Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule

2016(a) Establishing Procedures for Monthly Compensation and Reimbursement of

Expenses of Professionals (the "<u>Administrative Order</u>," and collectively with the

Amended Local Guidelines and UST Guidelines, the "<u>Guidelines</u>").

  2. This certification is made in respect of WGM's application, dated

January 28, 2009 (the "<u>Application</u>"), for interim compensation and reimbursement of

expenses for the period commencing August 1, 2008 through and including

November 30, 2008 (the "<u>Compensation Period</u>") in accordance with the Guidelines.

  3. In respect of section 2 of the Fee and Disbursement Guidelines, I

certify that WGM reviewed the fee application and has approved it.

  4. In respect of section B.1 of the Local Guidelines, I certify that:

   a. I have read the Application;

   b. to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines;

   c. the fees and disbursements sought are billed at rates in accordance with those customarily charged by WGM and generally accepted by WGM's clients; and

   d. in providing a reimbursable service, WGM does not make a profit on that service, whether the service is performed by WGM in-house or through a third party.

5.      In respect of section B.2 of the Local Guidelines and as required by the Administrative Order, I certify that WGM has complied with these provisions requiring it to provide counsel for the official committee of unsecured creditors appointed in these cases and the Debtors, on a monthly basis, with a statement of WGM's fees and disbursements accrued during the previous month.

6.      In respect of section B.3 of the Local Guidelines, I certify that the Debtors, counsel for the statutory creditors' committee, and the United States Trustee for the Southern District of New York are each being provided with a copy of the Application.

Dated: January 28, 2008
      New York, New York


                                        /s/ Richard P. Krasnow
                                        Richard P. Krasnow
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York  10153-0119
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007
                                        Attorneys for the Debtors and
                                        Debtors In Possession

## <u>EXHIBIT B</u>

### SUMMARY OF SECOND INTERIM QUARTERLY FEE APPLICATION OF WEIL, GOTSHAL & MANGES LLP FOR SERVICES RENDERED <u>FOR THE PERIOD AUGUST 1, 2008 THROUGH NOVEMBER 30, 2008</u>

| NAME OF PROFESSIONAL<br><br>PARTNERS & OF COUNSELS: | DEPARTMENT [4] AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Krasnow, Richard P. | BFR – 1972 | $950.00 | 9.70 | $9,215.00 |
| Krasnow, Richard P. | BFR – 1972 | $895.00 | 64.40 | $57,638.00 |
| Waksman, Ted S. | C – 1978 | $895.00 | 2.50 | $2,237.50 |
| Goldring, Stuart J. | T – 1984 | $900.00 | 1.10 | $990.00 |
| Goldring, Stuart J. | T – 1984 | $860.00 | 8.20 | $7,052.00 |
| Hird, David B. | L – 1977 | $750.00 | 14.30 | $10,725.00 |
| Strochak, Adam P. | L – 1993 | $790.00 | 11.40 | $9,006.00 |
| Strochak, Adam P. | L – 1993 | $750.00 | 82.50 | $59,287.50 |
| Gartin, Randell J. | T – 2001 | $580.00 | 10.90 | $6,322.00 |
| Gartin, Randell J. | T – 2001 | $530.00 | 37.30 | $19,769.00 |
| **Total Partners** | | | **242.30** | **$182,242.00** |

---

[4] BFR- Business Finance & Restructuring,  C – Corporate,  L – Litigation,  and T – Tax.

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT [5] AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lucas, John W. | BFR – 2005 | $500.00 | 23.70 | $11,850.00 |
| Lucas, John W. | BFR – 2005 | $465.00 | 60.00 | $27,900.00 |
| Vron, Victoria | BFR – 2005 | $540.00 | 16.40 | $8,856.00 |
| Vron, Victoria | BFR – 2005 | $490.00 | 75.80 | $37,142.00 |
| Tseng, Conray C. | BFR – 2007 | $465.00 | 23.90 | $11,113.50 |
| Tseng, Conray C. | BFR – 2007 | $415.00 | 217.20 | $89,826.75 |
| Levine, Alexander | L – 2006 | $500.00 | .30 | $150.00 |
| Levine, Alexander | L – 2006 | $465.00 | 20.30 | $9,439.50 |
| Benfield, Brianna N. | L – 2008 | $355.00 | 5.90 | $2,094.50 |
| **Total Associates** | | | **443.50** | **$198,372.25** |

---

[5] BFR- Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  SA – Summer Associate,  X – Library  * Not yet admitted to the bar.

| NAME OF PROFESSIONAL<br><br>Paralegals, Clerks, Library Staff and Other Non-Legal Staff | DEPARTMENT | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lee, Kathleen | BFR | $245.00 | 5.80 | $1,421.00 |
| Lee, Kathleen | BFR | $240.00 | 30.60 | $7,344.00 |
| Amponsah, Duke | BFR | $180.00 | 52.20 | $9,396.00 |
| Wilmer, Andrea | BFR | $155.00 | 7.30 | $1,131.50 |
| Seavey, Lori A. | BFR | $205.00 | 2.30 | $471.50 |
| Geeslin, Judy | TAX | $205.00 | 1.10 | $225.50 |
| Cruz, Luis | LIBRARY | $135.00 | .40 | $54.00 |
| **Total Paraprofessionals** | | | **99.70** | **$20,043.50** |

| PROFESSIONALS<br><br>TOTALS: | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Of Counsel | $752.13 | 242.30 | $182,242.00 |
| Associates | $447.29 | 443.50 | $198,372.25 |
| Paraprofessionals | $199.48 | 99.70 | $20,043.50 |
| **Total Fees Incurred** | | **785.50** | **$400,657.75** |
| **Blended Attorney Rate** | **$554.99** | | |
| | | | |
| **Total Fees Requested** | | | **$400,675.75** |

<u>**EXHIBIT C**</u>

**EXPENSE SUMMARY BY WEIL, GOTSHAL
& MANGES LLP FOR THE SECOND INTERIM
<u>PERIOD OF AUGUST 1, 2008 THROUGH NOVEMBER 30, 2008</u>**

| EXPENSES | AMOUNTS |
|---|---|
| Local Transportation | $341.79 |
| Domestic Travel/Domestic Travel Meals | $2,948.71 |
| Meals | $311.85 |
| Meals – Meetings/Conferences | $30.35 |
| Postage | $34.14 |
| Telecommunications | $33.82 |
| Duplicating – Firm | $2,043.70 |
| Air Courier/Express Mail | $357.99 |
| Computerized Research | $5,652.64 |
| Court Reporting | $2,064.62 |
| **Total Expenses Requested:** | **$13,819.61** |

NY2:\1953932\02\26690.0008

## EXHIBIT D

### COMPENSATION BY WORK TASK CODE FOR SERVICES
### RENDERED BY WEIL, GOTSHAL & MANGES LLP FOR
### THE SECOND INTERIM PERIOD AUGUST 1, 2008 THROUGH NOVEMBER 30, 2008

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| LP0001 | Case Administration | 39.90 | $13,140.50 |
| LP0002 | Unsecured Creditors Issues/Meeting/Communications/Creditor's Committee | 12.00 | 7,732.00 |
| LP0004 | General Case Strategy | 18.90 | 8,508.50 |
| LP0005 | Hearings and Court Matters | 2.10 | 401.50 |
| LP0006 | WG&M Retention/Billing/Fee Applications | 71.40 | 25,405.50 |
| LP0007 | Retention/Fee Applications: Ordinary Course Professionals | 1.70 | 622.50 |
| LP0008 | Retention/Fee Applications: Other Professionals | 4.30 | 2,145.50 |
| LP0010 | US Trustee Related Issues | 3.20 | 1,786.50 |
| LP0011 | General Business Operations | 1.40 | 838.00 |
| LP0012 | Corporate Governance | 0.90 | 418.50 |
| LP0013 | DIP Financing | 3.10 | 1,436.50 |
| LP0014 | Exit Financing | 24.20 | 11,630.00 |
| LP0015 | Insurance Issues | 13.60 | 9,032.50 |
| LP0016 | Employee/ERISA/Benefits Issues | 0.40 | 358.00 |
| LP0019 | Real Property/365 Issues | 4.60 | 2,368.50 |
| LP0022 | Bar Date Motion and Claims Reconciliation Issues | 41.00 | 20,376.50 |
| LP0025 | Disclosure Statement/Solicitation/Voting | 293.70 | 150,687.00 |
| LP0026 | Exclusivity | 82.70 | 48,462.00 |
| LP0027 | Plan of Reorganization/Plan Confirmation | 101.60 | 62,767.00 |
| LP0029 | Tax Issues | 30.00 | 16,509.50 |
| LP0031 | Customer/Vendor Issues | 26.40 | 13,132.50 |
| LP0036 | Non-Working Travel | 8.40 | 2,898.75 |
| **Total Fees Requested:** | | **785.50** | **$400,657.75** |