Hearing Date: February 23, 2009 at 10:00 a.m. ET

ANDREWS KURTH LLP
Paul N. Silverstein (PS 5098)
Jonathan I. Levine (JL 9674)
450 Lexington Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

Counsel to the Official Committee
of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                           :    Chapter 11
                                                 :
LEXINGTON PRECISION CORP., et al.,               :    Case No. 08-11153 (MG)
                                                 :
                                                 :
                 Debtors.                        :
-------------------------------------------------------------x

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS
RESPONSE TO DEBTORS' MOTION FOR AN ORDER
AUTHORIZING CONTINUED USE OF CASH COLLATERAL**

TO:   THE HONORABLE MARTIN GLENN
      UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Unsecured Creditors (the "Committee") of Lexington Precision Corporation, et al. (collectively, the "Debtors") for its response (the "Response") to the Debtors' motion for an Order authorizing continued use of cash collateral (the "Motion"), respectfully represents:

1.      The Debtors, as they must, seek authority to continue to use cash collateral in order to continue to operate their businesses.  The Committee (and CapSource) both understand that the Debtors' continued use of cash collateral is necessary to operate their businesses.

2. While the Committee acknowledges that there has been a diminution in the value of the Debtors' businesses and assets since the Petition Date, the secured lenders (CapSource, <u>et al</u>.) are oversecured and adequately protected.  The only question, however, is what conditions, if any, should be imposed in connection with the Debtors' continued use of cash collateral.  From the Committee's prospective, the Debtors' Chapter 11 cases must move towards resolution now.  The Debtors' conduct and performance in these cases has been poor, at best.  As a consequence, the Committee believes that exclusivity must be terminated so as to allow the Committee to propose and confirm a plan.  CapSource, in its objection to the Debtors' motion for an extension of its exclusive periods, which is being heard together with the Motion, summarized the current "state of affairs" as follows:

∗ "The Debtors have remained at the helm of these bankruptcy cases for ten (10) months and are no closer to a resolution than when they first started." (*CapSource Exclusivity Objection, ¶ 1*).

∗ "[T]he time has come for creditors to have a voice in the process of this reorganization." *(CapSource Exclusivity Objection, ¶ 1)*.  "Opening up the plan process to creditors will propel this case forward toward resolution." (*CapSource Exclusivity Objection, ¶ 14*).  "Opening up the plan process to other constituents will force the Debtors to take a realistic look at their businesses and propose a revised plan that addresses some of the Prepetition Senior Lenders' and Committee's concerns." *(CapSource Exclusivity Objection, ¶ 19)*.

∗ "The Debtors . . . have generally rebuffed any attempts to reach a consensual approach that might involve anything other than slight modification of the Debtors' preferred reorganization plan.  The Debtors first filed their Plan on August 8, 2008 and then filed a revised version on December 10, 200[8], indicating four months of negotiations that resulted in a failed

2

attempt at the Proposed Plan. During the interim adjournment, it does not appear that any meaningful movement has been made by the Debtors from the Proposed Plan, and as a result, these cases are no closer to resolution and stuck in neutral. . . ." *(CapSource Exclusivity Objection, ¶ 25).*

∗    "It is time for the Prepetition Senior Lenders and the Committee to have their input into the resolution of these cases." *(CapSource Exclusivity Objection, ¶ 27).*

3.    Ironically, however, CapSource's proposed condition, or resolution, for the Debtors' continued use of cash collateral revolves around CapSource having this Court impose a *sub rosa* liquidating plan upon the Debtors and the Committee. *(CapSource Cash Collateral Objection, ¶ 13(b) and (c)).* There exists no legal authority for this Court, in effect, to terminate exclusivity solely as to CapSource and to impose such a *sub rosa* liquidating plan in Chapter 11.

4.    Prompt resolution of the Debtors' cases must be the focus of the parties' efforts. The goal of such efforts must be to maximize value for all creditors constituencies. Notwithstanding the Debtors' continued poor operating performance, and continued efforts to stall these cases, the Committee believes that, as to the Motion, the evidence will demonstrate that the Debtors' secured creditors are oversecured and adequately protected. Now is not the optimal time to sell the Debtors' businesses and/or assets. The Debtors' continued use of cash collateral, at least on an interim basis, should be conditioned on termination of exclusivity so that the Committee (and CapSource) can constructively prosecute a plan under which the Debtors can exit Chapter 11.

WHEREFORE, for the reasons set forth above, the Committee respectfully requests (a) that the Debtors be authorized to continue to use cash collateral at least on an interim basis on the

3

NYC:186314.1

condition that their exclusive periods under Section 1121 of the Bankruptcy Code be terminated

and (b) such other and further relief consistent therewith.

Dated: New York, New York
February 17, 2009

                                        ANDREWS KURTH LLP

                              By: /s/ Paul N. Silverstein
                                  Paul N. Silverstein (PS 5098)
                                  Jonathan I. Levine (JL 9674)
                                  450 Lexington Avenue, 15th Floor
                                  New York, New York 10017
                                  Telephone: (212) 850-2800
                                  Facsimile: (212) 850-2929

                                  Counsel to the Official Committee of
                                  Unsecured Creditors