IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | |
|---|---|
| LORRAINE L. CERIMELE | ) CASE NO. 00-CV-1997 |
| PLAINTIFF, | ) JUDGE JOHN M. STUARD |
| vs. | ) |
| LEXINGTON PRECISION CORPORATION, et al., | ) <u>JUDGMENT ENTRY</u> |
| DEFENDANTS, | ) |

This matter is before this Court upon Defendants' Motion for Judgment on the Pleadings. The Court has reviewed all the relevant pleadings as well as the applicable law and finds the following.

Plaintiff worked at Lexington Rubber Group from April 9, 1990, through December 17, 1998, at which time her employment was terminated.

Lexington Precision is a foreign corporation doing business in Ohio, and Lexington Rubber Group is its subsidiary. Lexington Rubber Group manufactures seals and other component parts in accordance with customer specifications and QS9000 industry standards.

At the time of Plaintiff's termination, she was the quality control manager at Lexington Rubber Group's Vienna, Ohio, plant. Plaintiff's job required her to implement and supervise the quality of Defendants' products. Among the alleged defective parts were anti-lock brake ("ABS") seals used in motor vehicles.

Plaintiff alleges in her Complaint that she and other employees were ordered to compromise and abandon quality control standards by Lexington Rubber Group's President Keith Blockinger.

Plaintiff alleges that Defendants numerous deceptive trade practices with various customers continued to escalate and Mr. Blockinger required Plaintiff to come up with explanations to placate customers in spite of her rejected attempts to innovate and initiate proper quality control and standards required by the customers and the industry.

Shortly before her discharge Plaintiff attended a required audit meeting with AMP Corporation. During the meeting, which Plaintiff attended but President Blockinger did not, Plaintiff kept Mr. Blockinger advised of the customer's demands, to which Mr. Blockinger told Plaintiff that those demands could not be met and she should deal with it. Shortly after that a meeting was held with Mr. Blockinger and representatives of AMP Corporation, Plaintiff was called into the Defendants' Chief Executive's office and was discharged by Mr. Blockinger from her employment with Defendants.

On or about October 30, 2000, Plaintiff filed her Complaint for Wrongful Termination of Employment. Plaintiff claims that Defendants were engaged in extreme and outrageous deceptive trade practices contrary to Ohio Revised Code Section 4165.02 paragraphs (2), (4), (7), (8) and (9). It is Plaintiff's belief that her termination was due to her unwillingness to violate proper quality standards.

On or about November 27, 2002, Defendants filed a Civil Rule of Procedure 12(C), Motion for Judgment on the Pleadings claiming that Plaintiff's wrongful termination claims fails as a matter of law because Plaintiff has failed to meet the

mandates of the Ohio Whistle Blowers Statute.

Plaintiff asserts, that the protected conduct in which she participated does not fall within the public policy embodied in the Ohio Whistle Blowers Statute as alleged by Defendants, but instead is an action based upon a claim for wrongful discharge in violation of public policy therefore, the mandates of the Whistle Blowers Statute are not applicable and Defendants' motion should be denied.   This Court agrees.

Ohio Rules of Civil Procedure 12(C) states, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In ruling upon a motion under Civ.R. 12(C), the trial court is limited to the face of the pleadings on file with the court; it cannot be supported by facts outside the pleadings. Conant v. Johnson (1964), 1 Ohio App.2d 133,135, 204 N.E.2d 100. Extraneous evidence may not be considered to resolve a motion for judgment on the pleadings.

A claim for wrongful discharge in violation of public policy, must satisfy the following elements: (1) a clear public policy manifested in a state or federal constitution, statute, administrative regulation, or common law (clarity element); (2) the discharge under such circumstances would jeopardize public policy (jeopardy element); (3) the discharge was motivated by conduct related to the public policy (causation element); and (4) the employer lacked an overriding legitimate business justification for the dismissal (overriding justification element). Bentley v. API Pattern Works, Inc., 11th Dist. No.2000-L-140, 2001-Ohio-3921, 2001 Ohio App. LEXIS 4804, at 11-12; Gargas v. Streetsboro, 11th Dist. No.2000-P-0095, 2001-Ohio- 4334, 2001 WL 1077828, at 7.

The clarity and jeopardy elements involve questions of law, while the causation and overriding justification elements are questions of fact.

In reviewing the pleadings, and in considering the necessary elements to file a claim for wrongful discharge in violation of public policy, it is clear to this Court that even if Plaintiff has not met the criteria necessary for the Whistle Blowers Statute, Plaintiff has met the criteria necessary to bring an action for wrongful termination in common law. This Court by no means suggests Plaintiff will prevail in such an action, only that she has thus far presented the *prima facie* case necessary to bring an action for a claim for wrongful discharge in violation of public policy, and by doing so a motion for judgment on the pleadings cannot survive.

Therefore, the Court hereby denies Defendants' Motion for Judgment on the Pleadings.

IT IS SO ORDERED.

DATE  1/28/00

JUDGE JOHN M. STUARD

cc: Frank R. Bodor
    Christopher R. Johnson
    Mark S. Floyd

TO THE CLERK OF COURTS: YOU ARE ORDERED TO SEND COPIES OF THIS JUDGMENT ON ALL COUNSEL OF RECORD OR UPON THE PARTIES WHO ARE UNREPRESENTED FORTH-WITH BY ORDINARY MAIL.

JUDGE JOHN M. STUARD

VOL _____ PAGE _____
FILED RECORDED
JAN 30 10 55 AM '04
MARGARET R O'BRIEN
CLERK OF COURTS
TRUMBULL COUNTY

RECEIVED
FEB 0 2 2004
ATTY. FRANK BODOR

4