```
1                    UNITED STATES BANKRUPTCY COURT
                      SOUTHERN DISTRICT OF NEW YORK
2

3  ----------------------------------------X
   In Re:                                  :   08-11153 (MG)
4                                          :
      LEXINGTON PRECISION CORPORATION,     :   One Bowling Green
5                                          :   New York, New York
                Debtor.                    :   January 23, 2009
6  ----------------------------------------X

7             TRANSCRIPT OF STATUS CONFERENCE
             BEFORE THE HONORABLE MARTIN GLENN
8               UNITED STATES BANKRUPTCY JUDGE

9  APPEARANCES:
   For the Debtors:         ADAM STROCHAK, ESQ.
10                          JOHN LUCAS, ESQ.
                            Weil, Gotshal & Manges LLP
11                          1300 I Street, N.W.
                            Washington, D.C.  20005
12
   For the Ad Hoc:          PAUL SILVERSTEIN, ESQ.
13   Bondholders Committee  GERALD BRACT, ESQ.
                            JONATHAN LEVINE, ESQ.
14                          Andrews Kurth LLP
                            450 Lexington Avenue
15                          New York, New York  10017

16 For Webster:             SCOTT A. ZUBER, ESQ.
                            Day Pitney, LLP
17                          200 Campus Drive
                            Florham Park, New Jersey  07932
18
   For Secured Lenders:     JOHN TISHLER, ESQ.
19                          Waller, Lansden, Dortch & Davis LLP
                            Nashville City Center
20                          511 Union Street
                            Nashville, Tennessee  37219
21
   For the U.S. Trustee:    Office of the United States Trustee
22                          BY:  PAUL SCWARTZBERG, ESQ.
                            Assistant United States Trustee
23                          33 Whitehall Street
                            New York, New York  10004
24
   Court Transcriber:       CARLA NUTTER
25                          TypeWrite Word Processing Service
                            211 N. Milton Road
                            Saratoga Springs, New York  12866

   Proceedings recorded by electronic sound recording,
   transcript produced by transcription service
```

```
 1          MR. STROCHAK:  Yes, Your Honor.  The Court requested
 2   this status and I'm happy to kind of give you an update as to
 3   where we are on things and where we see the case going if you'd
 4   like me to start that way.
 5          THE COURT:  Please.
 6          MR. STROCHAK:  Ten days or so ago or a couple of
 7   weeks ago we asked the Court to adjourn the January 7th hearing
 8   on approval of the disclosure statement and the reason for that
 9   as we articulated in our papers was that in the last weeks of
10   last year we essentially learned from the exit lenders -- that
11   we were exploring exit financing with -- that we were not
12   likely to get a commitment for an amount of financing
13   sufficient to provide adequate working capital and make the
14   payments anticipated by our plan and in light of the objections
15   to the disclosure statement and some of the comments that the
16   Court had made at our telephone status conference, we decided
17   that rather than try and proceed with solicitation when there
18   was still some uncertainty about exit financing that we were
19   better off taking some additional time and doing some
20   operational restructuring of the connector seals business
21   serving primarily the OEM auto market in order to increase the
22   likelihood that we'd be able to get a sufficient exit financing
23   commitment.  So we decided that it made sense to take a step
24   back and do that recognizing, of course, that we were not
25   likely under those circumstances -- you know, unless something
```

1  change dramatically -- we are not likely to be able to
2  consummate a plan by February 25th which was the deadline under
3  the cash collateral order that had been negotiated consensually
4  with the pre-petition lenders at the beginning of the case.
5       So the debtors have developed a plan for
6  consolidation of the operations of the connector seals
7  business.  They are moving forward with implementing that plan.
8  They've had discussions with key customers of that business.
9       THE COURT:  We have a speaker in the background,
10 please mute or stop.  Go ahead, Mr. Strochak.
11      MR. STROCHAK:  Thank you, Judge.
12      So that operation is underway; the plan is to move
13 key equipment and the production of key parts for that business
14 to the debtor's other facilities to reduce overhead costs.  We
15 anticipate that once that's accomplished the business will
16 return to a moderate level of profitability.  For last year, I
17 believe, on revenues of something like $13 million, that
18 business generated about half a million dollars of cash flow
19 so, really, not at a level that was making a contribution to
20 the debtor's financial performance.  So that is underway.
21      I think it's a little difficult to know exactly how
22 long that's going to take.  Our anticipation is that it's going
23 to take several months to accomplish it.  We're probably
24 talking a May/June type time frame in order to consummate that
25 operational restructuring and get those tools moved and

                                                                    4

1   production established in the other facilities.
2           We currently are scheduled for a hearing on the
3   disclosure statement on February 9th.  I don't think that we're
4   going to be able to move forward at that time, Your Honor, so
5   in all likelihood we would need to adjourn that again.
6           In the last couple of weeks we have been in
7   negotiations with the pre-petition lenders to try and work out
8   a consensual extension of the cash collateral order.  I will
9   tell the Court, very candidly, there hasn't been much progress.
10  I mean there have been proposals back and forth and I think I'm
11  constrained Rule 408 from speaking too much about the details
12  of those proposals but I don't think I'd be breaching any
13  confidentiality restrictions by saying that the conditions that
14  the pre-petition lenders have asked for are ones that the
15  debtors don't feel that they can agree to at this point.  So I
16  anticipate right now that we will be filing a motion to extend
17  the use of cash collateral and to continue the adequate
18  protection provisions that have been in place in this case
19  including current pay of interest to the pre-petition lenders
20  and the existing liens that are in place and everything else
21  that we've continued to adhere to during the case.  I
22  anticipate that that will be contested right now, although, we
23  obviously will continue to talk and if we can make progress on
24  something consensual we will but right now I anticipate that
25  that would be recontested and the committee and the pre-

1  petition lenders as well, I believe, have indicated to us that
2  they are likely to oppose the motion to extend exclusivity that
3  we have on file that is currently scheduled for a hearing on
4  February 2nd.
5           I think that's an overall status update as to what we
6  see happening.  A little bit longer term, what our plan is is
7  to work through this operational consolidation of the connector
8  seals business.  We are continuing negotiations with potential
9  exit lenders.  The debtors are talking to two financial
10 institutions, Capital One and a division of Wells Fargo, and
11 continuing to talk.  Those negotiations are ongoing.  Due
12 diligence is underway and those are active discussions that
13 obviously have not yet produced a commitment for exit financing
14 but our hope is that when the operational consolidation is
15 underway and some results can be demonstrated from that, that
16 that will facilitate the process and we are hopeful that we'll
17 be able to move towards completion of the plan reorganization
18 process towards the middle of the year, say the end of June of
19 2009.
20          I think that's probably a summary of what we see
21 happening short-term and long-term and I'd be happy to answer
22 any questions the Court has.
23          THE COURT:  Well, let me give the committee a chance.
24 I don't know whether Mr. Bract or Mr. Silverstein wants to
25 speak.

1       MR. LEVINE:  Your Honor, it's John Levine of Andrews,
2  Kurth on behalf of the committee.
3       Mr. Strochak is correct, the committee will be
4  opposing the extension of exclusivity.  To address the debtor's
5  prospects for exit financing, I think we've heard this song
6  before.  They hope to have exit financing.  Upon its admission
7  and belief, they're basically nowhere with Capital One and the
8  committee just feels that this "operational restructuring"
9  which has all of a sudden come to pass in the last few weeks is
10 really nothing more than a guise to stall these cases in the
11 hopes that they can find exit financing somewhere.  That being
12 said, we will put on our case at the exclusivity hearing.
13      THE COURT:  All right.  Anything else, Mr. Levine?
14      MR. LEVINE:  That's it for the committee.
15      MR. TISHLER:  Your Honor, this is John Tishler.  I'm
16 the agent's counsel.  Mr. Cahn is our local counsel.  We
17 appreciate the opportunity to speak on this.
18      The pre-petition lenders understand that this company
19 will need to use cash collateral past February 25th.  Our
20 issues are relatively numerous.  We have tried to be a good
21 steward of this case.  We have agreed to most of the things all
22 along with the debtors but we have grown increasingly concerned
23 that there seem to be more and more difficulties in moving this
24 case to a resolution.
25      Our position is relatively simple.  While we