UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
LEXINGTON PRECISION CORP., et al., : 08-11153 (MG)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------------x

**ORDER ALLOWING INTERIM COMPENSATION FOR THE PERIOD OF AUGUST 1, 2008 THROUGH NOVEMBER 30, 2008 FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**

Upon the hearing held on April 1, 2009 (the "Hearing") to consider the applications (collectively, the "Applications") for allowance of interim compensation for professional services rendered and reimbursement of actual and necessary expenses incurred during the period of August 1, 2008 through November 30, 2008 (the "Application Period"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), filed by the professionals retained in the above-captioned chapter 11 cases of Lexington Precision Corporation and its wholly-owned subsidiary, Lexington Rubber Group, Inc., as debtors and debtors in possession (together, the "Debtors") and set forth on Exhibit A annexed hereto (the "Professionals"); and the Court having considered the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996, and the Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of

Expenses of Professionals, dated April 22, 2008 (the "Interim Compensation Order"); and the Court having jurisdiction to consider the Applications and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having reviewed the Applications; the Court finds and determines (a) notice of the Applications was due and proper and no further notice is necessary, (b) the fees of the Professionals incurred during the Application Period are reasonable compensation for actual, necessary services rendered by the Professionals, (c) the expenses incurred during the Application Period are actual and necessary expenses, and (d) the relief requested in the Applications is in the best interests of the Debtors, their estates and their creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Applications set forth on Exhibit A annexed hereto are granted to the extent provided in Exhibit A; and it is further

ORDERED that compensation to the Professionals for professional services rendered during the time periods set forth in the Applications is allowed in the amounts set forth on Exhibit A in the column entitled "Fees Allowed" pursuant to section 331 of the Bankruptcy Code and are subject to final approval under section 330 of the Bankruptcy Code; and it is further

ORDERED that reimbursement to the Professionals for expenses incurred during the time period set forth in the Applications is allowed in the amounts set forth on Exhibit A in the column entitled "Expenses Allowed"; and it is further

ORDERED that the Debtors are authorized and directed to make payment to the Professionals in respect of the "Fees Allowed" in the amounts set forth on Exhibit A in the column entitled "Net Fees Payable" and the portion of "Expenses Allowed" set forth on

Exhibit A that have not previously been paid pursuant to the Interim Compensation Order or otherwise.

Dated: **April 7, 2009**
      New York, New York

                                    **/s/Martin Glenn**
                              UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

Second Interim Period

| Applicant | Docket No. | Period | Fees Requested | Expenses Requested | Fees Allowed | Fee Hold Back | Net Fees Payable | Expenses Allowed |
|---|---|---|---|---|---|---|---|---|
| Weil, Gotshal & Manges LLP | 542 | August 1, 2008 to Nov. 30, 2008 | $400,657.75 | $13,819.61 | $400,657.75 | $40,065.77 | $40,065.77 | $13,819.61 |
| W. Y. Campbell & Company | 523 | August 1, 2008 to Nov. 30, 2008 | $200,000.00 | $14,881.04 | $200,000.00 | $20,000.00 | $20,000.00 | $14,881.04 |
| Andrews Kurth LLP | 525 | August 1, 2008 to Nov. 30, 2008 | $405,132.00 | $16,654.50 | $405,132.00 | $40,513.20 | $40,513.20 | $16,654.50 |
| Stout Risius Ross, Inc. | 522 | August 1, 2008 to Nov. 30, 2008 | $200,000.00 | $3,089.52 | $200,000.00 | $20,000.00 | $20,000.00 | $3,089.52 |

Dated: **April 7, 2009**       Initials: **MG** USBJ

All Compensation Periods

| Applicant | Docket No. | Period | Fees Requested | Expenses Requested | Fees Allowed | Expenses Allowed | Hold-Back |
|---|---|---|---|---|---|---|---|
| Weil, Gotshal & Manges LLP | * | April 1, 2008 to Nov. 30, 2008 | $1,360,259.25 | $45,579.11 | $1,298,029.17 | $45,001.68 | $87,295.85 |
| W. Y. Campbell & Company | * | April 1, 2008 to Nov. 30, 2008 | $400,000.00 | $28.658.62 | $390,000.00 | $28,637.03 | $30,000.00 |
| Andrews Kurth LLP | * | April 1, 2008 to Nov. 30, 2008 | $956,616.00 | $35,199.54 | $925,817.02 | $35,199.54 | $67,917.68 |
| Stout Risius Ross, Inc. | * | April 1, 2008 to Nov. 30, 2008 | $380,645.16 | $14,102.58 | $371,161.90 | $14,102.58 | $29,032.26 |

Dated: **April 7, 2009**       Initials: **MG** USBJ

NY2:\1983060\03\16$5003!.DOC\26690.0008