EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re                                           :       Chapter 11 Case No.
                                                :
LEXINGTON PRECISION CORP., et al.,              :       08-11153 (MG)
                                                :
Debtors.                                        :       (Jointly Administered)
                                                :
---------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) AUTHORIZING THE RETENTION OF W.Y. CAMPBELL & COMPANY AS FINANCIAL ADVISORS FOR THE DEBTORS, *NUNC PRO TUNC* TO APRIL 1, 2008

Upon the application, dated April 24, 2008 (the "Application") of Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for approval and authority to employ W.Y. Campbell & Company ("Campbell") as their financial advisors pursuant to that certain Engagement Letter, dated April 1, 2008 (the "Engagement Letter"), all as more fully set forth in the Application; and upon consideration of the affidavit of Andre A. Augier, a Managing Director of Campbell, sworn to on April 23, 2008 (the "Augier Affidavit") and the Court being satisfied, based on the representations made in the Application and the Augier Affidavit, that Campbell represents or holds no interest adverse to the Debtors or their estates and is disinterested under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10,

1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided and no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved; and it is further

ORDERED that pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors' retention of Campbell as their financial advisors pursuant to the Engagement Letter is approved *nunc pro tunc* to April 1, 2008 and the Debtors are authorized to retain Campbell on the terms set forth in the Engagement Letter; and it is further

ORDERED that Campbell shall apply for compensation and reimbursement in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Civil Practice and Procedure of the United States District Court for the Southern District of New York, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), the guidelines established by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court; and it is further

ORDERED that notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any orders of this Court, or any guidelines regarding submission and approval of fee applications, Campbell and its professionals shall only be required to maintain contemporaneous summary time records for services rendered in hourly increments; and it is further

ORDERED that, except as provided in the following decretal paragraph, the terms of the Monthly Fee and the Exit Fee, each as defined in the Engagement Letter, shall not hereafter be subject to challenge except under the standard of review set forth in section 328(a) of the Bankruptcy Code; and it is further

ORDERED that the United States Trustee, CapitalSource Finance LLC, as agent, and CSE Mortgage LLC, as agent, retain all rights to object to Campbell's interim and final fee applications (including expense reimbursements) on all grounds including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that all requests of Campbell for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall Campbell be indemnified in the case of (x) the gross negligence, willful misconduct or fraud of Campbell or (y) a material breach of a term or condition of the Engagement Letter by Campbell; and it is further

ORDERED that in no event shall Campbell be indemnified if the Debtors or a representative of the estates, assert a claim for, and a court determines by final order that such

claim arose out of, (x) the gross negligence, willful misconduct or fraud of Campbell or (y) a material breach of a term or condition of the Engagement Letter by Campbell; and it is further

ORDERED that in the event Campbell seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Campbell's own application (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regards to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Application is satisfied.

Dated: New York, New York
May 28, 2008

           ___/s/Martin Glenn___
           United States Bankruptcy Judge