UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**HEARING DATE: July 30, 2009**
**HEARING TIME: 2:00 p.m.**

------------------------------------------------------x  :

In re                                                    :

                                                         : Case No. 08-11153 (MG)

LEXINGTON PRECISION CORP., et al.,                       :

                                                         : (Jointly Administered)

                                                         :

        Debtors.                                         :

                                                         :

                                                         :

------------------------------------------------------x

## OBJECTION OF THE UNITED STATES TRUSTEE TO INTERIM APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

### TO THE HONORABLE MARTIN GLENN, BANKRUPTCY JUDGE:

Diana G. Adams, the United States Trustee for Region 2 (the "United States Trustee"), has reviewed the following applications (the "Applications") of the below listed retained professionals (collectively, the "Applicants") submitted in these cases for the period from December 1, 2008 to March 31, 2009 (the "Third Interim Application Period") seeking allowance of interim compensation and reimbursement of out of pocket expenses:

| Professional | Fees | Expenses |
|---|---|---|
| Weil, Gotshal & Manges LLP (Debtors' Counsel) | $431,503.00 | $16,575.12 |
| W.Y. Campbell & Company (Debtors' Financial Advisors) | $200,000.00 | $10,609.44 |
| Andrews Kurth LLP (Committee's counsel) | $379,157.50 | $119,039.05 |
| Stout Risius Ross, Inc. (Committee's Financial Advisors) | $200,000.00 | $2,048.12 |

The United States Trustee makes the following comments and objection to the Applications for the Third Interim Application Period.

## Introduction

The Office of the United States Trustee informally communicated with certain of the Applicants regarding the United States Trustee's specific objections to their respective fee application. As a result of those discussions, the respective Applicant agreed to a voluntary reduction which addressed the specific objections of the United States Trustee.

The United States Trustee objects, however, to a full award of interim fees to the professionals in the amounts requested because the approval of a disclosure statement and the confirmation of a plan of reorganization have been significantly delayed. The Debtors and the Committee (as defined below) are involved in ongoing mediation to resolve their issues, and the Debtors are incurring operating losses. Thus, although the Debtors originally anticipated the cases would last approximately 330 days, at this point the Debtors' prospects for reorganizing have been hampered by their unsettled disputes. Accordingly, full payment of the Applicants' interim fees at this time, pursuant to 11 U.S.C. §331, would be premature and inappropriate. For these reasons, and as articulated below, the United States Trustee requests that the Applicants' fees be reduced by a 20 percent reduction at this time.

## Background

### General Background

1.      The Debtors commenced these cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on April 1, 2008.

2.      The Debtors have retained possession of their property and continue to operate and manage their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      The Debtors manufacture large volumes of high-quality rubber and metal components for use primarily in automotive and medical devises. See Affidavit of Dennis J. Welhouse Pursuant to Local Bankruptcy Rule 1007-2 at ¶ 5, Docket No. 3 (the "Welhouse Affidavit").

4.      On April 11, 2008, the United States Trustee appointed an official committee of unsecured creditors (the "Committee") in these cases. Docket No. 49.  The Committee retained Andrews Kurth, LLC as counsel and Stout Risius Ross, Inc. as financial advisors. Docket Nos. 101 & 163.

5.      On April 22, 2008, the Court entered an Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals (the "Monthly Compensation Order"). Docket No. 84. According to the Monthly Compensation Order, professionals in these cases may be paid 80% of their fees and 100% of their expenses on a monthly basis. Id.

Plan and Disclosure Statement

6.      On June 30, 2008, the Debtors filed their Joint Chapter 11 Plan of Reorganization. Docket No. 196. On August 8, 2008, the Debtors filed an Amended Joint Chapter 11 Plan of Reorganization and a proposed disclosure statement thereto (the "Disclosure Statement"). Docket Nos. 305 & 306.

7.      On October 24, 2008, the Debtors moved for approval of the Disclosure Statement. Docket No. 446. The Debtors subsequently filed a Second Amended Joint Plan of Reorganization and a revised Disclosure Statement thereto on December 17, 2008. Docket Nos. 488 & 490.

3

8.    The Disclosure Statement has not been approved and, to date, no hearing has been scheduled for such approval.

9.    On March 17, 2009, the Court entered an order appointing Seymour Preston, Jr. of Goldin Associates as a mediator in these cases to help the Debtors and the Committee reach an amicable resolution on, among other things, the Debtors' enterprise value. Docket No. 592. In the latest joint status report filed on June 22, 2009, however, the Debtors and the Committee reported that a consensual resolution has not been reached, and there is no indication that such a resolution will be reached anytime soon. Docket No. 652. Until an agreement is reached between the Committee and the Debtors on the value of the Debtors' companies, it appears that there is no prospect for the confirmation of a plan.

10.   On January 12, 2009, the Debtors filed their third motion for an order pursuant to section 1121(d) of the Bankruptcy Code seeking the extension of the Debtors' exclusivity periods. Docket No. 517. On February 26, 2009, an order was entered extending the Debtors' exclusive filing period through and including April 30, 2009 and extending the Debtors' solicitation period through and including June 1, 2009. Docket No. 571. No further extension of the exclusivity periods was sought.

Operating Reports

11.   On July 7, 2009, the Debtors filed their consolidated monthly operating report for the month of May, 2009 (the "May Report"). Docket No. 661. According to the Balance Sheet annexed to the May Report, the Debtors' liabilities, which total $100,965,000, exceed the Debtors' assets, which total $48,927,000. Id. Moreover, the Debtors' Monthly Consolidated Statements of Earnings

4

reflect a net loss of $1,534,000, compared to a net loss of $1,007,000 reported for the prior month. Id.

As of May 31, 2009, the Debtors had approximately $3.6 million of cash in hand. Id.

### General Standards

12.    Section 330 of the Bankruptcy Code provides that:

After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103-

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A) and (B).

13.    Section 330 focuses on reasonableness and benefit to the estate of the professionals' services. In re Lederman Enter., Inc., 997 F.2d 1321, 1323 (10th Cir. 1993). Accordingly, an application for compensation and reimbursement of expenses must demonstrate that the professional's services were necessary and made a beneficial contribution to the estate or its creditors. In re Engel, 124 F.3d 567, 573 (3d Cir. 1997).

14.    Under section 330, the bankruptcy court has the authority to reduce fees or expenses requested when they are disproportionate to the benefit to the estate, even if it has already approved the professional's retention under sections 327 and 328 of the Bankruptcy Code. In re Taxman Clothing Co., 49 F.3d 310, 316 (7th Cir. 1995); see Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc., 50 F.3d 253, 262 (3d Cir. 1995) (affirming lower courts' denial of improperly documented and inadequately detailed expenses). Moreover, services of a poor quality which are the consequence of

5

wrongful or unethical conduct, may result in denial of any fee or an order for return of any fee paid. Red Carpet Corp. v. Miller, 708 F.2d 1576 (11th Cir. 1983).

15.    Under Section 330(a)(1)(B) of the Bankruptcy Code, only documented expenses that are actual and necessary are reimbursable.  11 U.S.C. § 330(a)(1)(B).  Professionals must "furnish enough specificity for the Court to establish whether a given expense was both actual and necessary." In re Korea Chosun Daily Times, 337 B.R. 758, 769 (Bankr. E.D.N.Y. 2005) (quoting In re S.T.N. Enters., Inc., 70 B.R. 823, 834 (Bankr. D. Vt. 1987)); see also In re Fibermark, Inc., 349 B.R. 385, 395 (Bankr. D. Vt. 2006) (in order to be compensated from the estate, the professional must demonstrate, "not just recite – that . . . the expenses sought to be reimbursed are actual and necessary and that no other reasonable, less expensive alternatives were available.").  Expenses are "actual" if they are incurred and not based on a formula or pro rata calculation.  Id. at 400.  Moreover, they are "necessary" if they were "reasonably needed to accomplish proper representation of the client." Korea Chosun, 337 B.R. at 769 (quoting In re Pacific Express, Inc., 56 B.R. 859, 865 (Bankr. E.D. Cal. 1985)).

16.    Each applicant bears the burden of proof in all fee matters.  In re Keene Corp., 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997); In re JLM, Inc., 210 B.R. 19, 24 (B.A.P. 2d Cir. 1997).  The burden of proof to show entitlement to fees should "not be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors." In re Spanjer Bros., Inc., 191 B.R. 738, 747 (Bankr. N.D. Ill. 1996) (quoting In re Pettibone Corp., 74 B.R. 293, 299 (Bankr. N.D. Ill. 1987)).  The failure of an applicant to sustain the burden of proof as to

the reasonableness of the compensation may result in the denial of the request for compensation. In re
Beverly Mfg. Corp., 841 F.2d 365 (11ᵗʰ Cir. 1988).

17.     With respect to the interim fee applications, pursuant to 11 U.S.C. 331, interim fee
awards are discretionary, and are subject to reexamination and adjustment during the course of the
case. Spanjer Brothers, Inc., 191 B.R. at 747 (citing In re Jensen-Farley Pictures, Inc., 47 B.R. 557
(Bankr. D. Utah 1985)). Any interim fees awarded or paid are payable on account and are subject to
the Court's review at the time of the final fee applications.

## Objection

A.      All Applicants, Percentage Fee Reduction

18.     These chapter 11 cases have been pending since April of 2008. Based upon
representations in the Welhouse Affidavit and the statements made in the Debtors' Third Motion for
an Order Pursuant to §1112(d) of the Bankruptcy Code Extending the Debtors' Exclusivity Periods,
the Debtors anticipated a brief 330 day stay in bankruptcy to de-leverage the company's balance sheet
without the need for operational restructuring. Docket Nos. 3, ¶47 & 517, ¶3. It is now July 2009,
these cases have been pending in bankruptcy for over fifteen months now and the Debtors have been
engaged in mediation with the Committee over valuation issues. Thus, the Debtors' prospects for
confirming a plan by the end of the year, much less the end of the third quarter of 2009, are unclear.

19.     As set forth above, according to the Monthly Compensation Order, professionals in
these jointly administered cases are paid 80% of their fees and 100% of their expenses on a monthly
basis. The United States Trustee respectfully requests that the Court deny the professionals' request
for a full award of fees until the final resolution of these cases. The results achieved in these cases

7

serve as an important factor in determining the reasonableness of the efforts of the applicants.

Because these results are still unknown as set forth in paragraphs 9 and 18 above and the ultimate

benefit to the estates for the services rendered by the professionals simply cannot be assessed at this

time, the United States Trustee believes a continued 20 percent reduction of fees pending the final

resolutions of these cases is appropriate. In re Child World, Inc., 185 B.R. 14, 18 (Bankr. S.D.N.Y.

1995) (hold backs, while not mandated by statute, are commonly used by courts to moderate

potentially excessive interim allowances and to offer an incentive for timely resolution of the case);

see also In re Bank of New England Corp., 134 B.R. 450, 458-59 (Bankr D. Mass. 1991) (because of

the difficulty in determining whether services were actual and necessary when reviewing interim

applications, bankruptcy courts routinely require percentage reductions until the end of the case),

affirmed, 142 B.R. 584 (D. Mass. 1992).[1]

        B.     Agreed Reductions

        *1.*     *Weil Gotshal & Manges, LLP*

    20.    Based upon concerns informally raised by the Office of the United States Trustee, the

Applicant has agreed to reduce the fees sought in the Third Interim Application Period by $655.50

and the expenses sought by $11.69. Accordingly, subject to this reduction and the general objection

set forth in Section A above, the United States Trustee does not object to the award of fees and

expenses sought by the Applicant.

---

[1]     In their Third Interim Application, Weil Gotshal & Manges LLP has consented to a 10 percent hold back for their fees. Based upon the issues raised in paragraphs 18 and 19 herein, the United States Trustee is of the view that the customary reduction of 20 percent of fees is warranted at this time.

2.    *W.Y. Campbell & Company*

21.    Based upon concerns informally raised by the Office of the United States Trustee, the Applicant has agreed to reduce the expenses sought during the Third Interim Application Period by $654.55. Accordingly, subject to this reduction and the general objection in Section A above, the United States Trustee does not object to the award of fees and expenses sought by the Applicant.

3.    *Andrews Kurth LLP*

22.    Based upon concerns informally raised by the Office of the United States Trustee, the Applicant has agreed to reduce its fees incurred during the Third Interim Application Period by $1,269 and the expenses sought by $3,586.33. Accordingly, subject to these reductions and the general objection in Section A above, the United States Trustee does not object to the award of fees and expenses sought by the Applicant.

C.    No Objections

23.    Except as set forth in Section A above, the United States Trustee does not object to the award of fees and expenses sought by Stout Risius Ross, Inc., the Committee's Financial Advisor.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the United States Trustee prays that the Court sustain the objection contained

herein and grants such other and further relief as is just and proper.

Dated:          New York, New York
                July 15, 2009

                                        Respectfully submitted,

                                        DIANA G. ADAMS
                                        UNITED STATES TRUSTEE

                            By:     /s/ Elisabetta G. Gasparini
                                        Elisabetta G. Gasparini
                                        Paul K. Schwartzberg
                                        Trial Attorneys
                                        33 Whitehall Street, 21st Floor
                                        New York, New York 10004
                                        Tel. No. (212) 510-0500

10

UNITED STATES BANKRUPTCY COURT     **HEARING DATE: July 30, 2009**
SOUTHERN DISTRICT OF NEW YORK     **HEARING TIME: 2:00 p.m.**

-----------------------------------------------------------x

In re           : Case No. 08-11153 (MG)

LEXINGTON PRECISION CORP., et al.,    : (Jointly Administered)

       Debtors.        :

-----------------------------------------------------------x

## AFFIRMATION OF SERVICE

Elisabetta G. Gasparini hereby affirms under penalty of perjury that the foregoing is true and correct:

1.     I am a trial attorney with the Office of the United States Trustee for the Southern District of New York.

2.     On July 15, 2009, I caused a true and correct copy of the Objection of the United States Trustee to Interim Applications for Compensation and Reimbursement of Expenses to be served by first class mail upon the following:

Lexington Precision Corporation
Attn: Michael A. Lubin
880 Third Avenue, 15th Floor
New York, New York 10023

Weil Gotshal & Manges LLP
Attn: John W. Lucas
767 Fifth Avenue
New York, New York 10153

O'Melveny & Meyers, LLP
Attn: Gerald Bender
Time Square Tower
7 Times Square
New York, New York 10036

Waller, Landsden, Dortch & Davis LLP
Attn: John C. Tishler
511 Union Street, Suite 2700
Nashville, Tennessee, 37219

Andrews Kurth LLP
Attn: Paul Silvertstein
450 Lexington Avenue
New York, NY 10017

/s/ Elisabetta G. Gasparini
Elisabetta G. Gasparini