WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                          :

**In re**                           :       **Chapter 11 Case No.**
                                           :

**LEXINGTON PRECISION CORP., et al.,**  :      **08-11153 (MG)**
                                           :

        **Debtors.**              :       **(Jointly Administered)**
                                           :
------------------------------------------------------------x

**DEBTORS' LIMITED OBJECTION TO THE**
**THIRD INTERIM FEE AND EXPENSE APPLICATION OF ANDREWS KURTH LLP**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

        Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber

Group, Inc. ("Lexington Rubber Group" and, together with Lexington Precision, "Lexington"

or the "Debtors"), as debtors and debtors in possession, respectfully submit this limited

objection to Andrews Kurth LLP's ("Andrews Kurth") third interim allowance of

compensation and reimbursement of expenses incurred as counsel to the Official Unsecured

Creditors' Committee (the "Committee") for the period of December 1, 2008 to March 31,

2009 [Docket No. 641] (the "Third Interim Application"), respectfully represent as follows:

## Background

1.    On April 1, 2008 (the "Commencement Date"), the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On April 2, 2008, the Debtors filed the Motion Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) to Establish Procedures For Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 32] (the "Interim Compensation Procedures Motion"). By order, dated April 22, 2008, the Court approved the Interim Compensation Procedures Motion [Docket No. 84] (the "Interim Compensation Procedures Order").

3.    On April 11, 2008, the United States Trustee (the "U.S. Trustee") appointed the Committee to represent the holders of unsecured claims against the Debtors. [Docket No. 49].

4.    On May 13, 2008, the Court entered an order granting the Committee's application to retain Andrews Kurth as counsel for the Committee. [Docket No. 101].

5.    On May 13, 2008, the Committee filed an application seeking authorization to retain Stout Risius Ross, Inc. ("SRR") as its financial advisor in these chapter 11 cases [Docket No. 104] (the "SRR Application"). On June 5, 2008, the Court entered an order authorizing the retention of SRR as the Committee's financial advisor. [Docket No. 163].

## Jurisdiction

6.    This Court has jurisdiction to consider this objection pursuant to 28 U.S.C. §1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Andrews Kurth's Third Interim Fee Application

7.       On May 29, 2009, Andrews Kurth filed the Third Interim Application. The Third Interim Application seeks an allowance of compensation in the amount of $379,157.50 and reimbursement of expenses of $119,039.05.

8.       As part of its monthly fee and expense statement for December 2008, Andrews Kurth billed the Debtors a $25,000 disbursement with the description "Total for Miscellaneous." The relevant portion of Andrews Kurth's December 2008 monthly fee and expense statement is annexed hereto as Exhibit A. When asked for detail to explain this disbursement, Andrews Kurth responded by e-mail that "We hired an expert to consult with the Committee on a discrete issue and, therefore, the costs are being reimbursed as an expense." A copy of the email is annexed hereto as Exhibit B.

9.       As part of its monthly fee and expense statement for January 2009, Andrews Kurth billed the Debtors a $66,250.14 disbursement with the description "Litigation Support Vendor." The relevant portion of Andrews Kurth's January 2009 monthly fee and expense statement is annexed hereto as Exhibit C. When asked for detail to explain this disbursement, Andrews Kurth responded by e-mail that "the Company was Pluris Valuation Advisors, LLC. Pluris is an expert which provides securities valuation services." The relevant portion of the e-mail is annexed hereto as Exhibit D.

10.       Andrews Kurth also supplied a copy of the engagement letter between Andrews Kurth and Pluris Valuation Advisors LLC ("Pluris"). The engagement letter is annexed hereto as Exhibit E. The first paragraph of the engagement letter provides that Pluris is being engaged for the purpose of "rendering of valuation opinions ("Opinions") with respect to that certain Chapter 11 Case No. 08-11153 (MG) (In the United States Bankruptcy Court,

Southern District of New York) ("Bankruptcy Case") in re: Lexington Precision Corp., et al.,

Debtors ("Lexington")." Paragraph 1 of the engagement letter further provides that the

> Opinions shall be with respect to the fair market value of the Series C Preferred
> stock and the common stock of Lexington, as of a mutually agreed upon current
> date ("Valuation Date"). We understand that the Opinions will serve as a
> valuation basis for negotiation, settlement, valuation testimony, or trial purposes
> during the Bankruptcy Case.

Finally, Andrews Kurth supplied the invoices of Pluris for the valuation services it provided to

Andrews Kurth. The invoices are annexed hereto as Exhibit F.

    10.    The Committee represented in the SRR Application that SRR's services

would include

> expert witness report and testimony regarding the Debtors' enterprise valuation,
> the valuation of any securities proposed to be issued under any chapter 11 plan of
> reorganization of the Debtors, confirmation issues, or other matters.

SRR Application at ¶ 9(h). The Committee's engagement letter with SRR also includes a

substantially similar provision regarding the scope of SRR's services. SRR Application at

Exhibit A.

### Objection To Andrews Kurth's Request for Reimbursement of Expenses

    11.    Fee applicants bear the burden of proof for a claim for compensation.

*Howard & Zukin Cap. v. High River Ltd. P'ship*, 369 B.R. 111, 113 (S.D.N.Y. 2007). A

bankruptcy court has an independent duty to protect the estate from overreaching by

professionals. *In re Keene Corp.*, 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997).

    12.    Based on the Third Interim Application, the reasonableness and necessity

of the expenses incurred by Andrews Kurth as they relate to Pluris' services are not apparent

and appear to be entirely duplicative of the services SRR was retained to provide. In addition,

the explanations provided by Andrews Kurth are not sufficient. If Pluris is a prospective expert

witness to testify on valuation issues, Andrews Kurth should be required to explain why SRR's cannot provide the necessary services when the SRR Application demonstrates that SRR was retained to provide these same services. To the extent that Andrews Kurth cannot justify this expense and explain why Pluris was not retained as a professional pursuant to section 327(a) of the Bankruptcy Code, the Court should not approve not these expenses.

## NOTICE

13.     No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have provided notice of this Objection to (i) the U.S. Trustee, (ii) the Debtors, (iii) the attorneys for the Debtors' prepetition lenders, (iv) the attorneys for the Committee, (v) the attorneys for the Prepetition Senior Lenders, and (vi) the attorneys for Debtors' postpetition lenders.

WHEREFORE the Debtors respectfully request entry of an order disapproving of the expenses in the Third Interim Application insofar as they relate to services provided by Pluris, and granting such other and further relief as is just.

Dated: July 23, 2009
        New York, New York

/s/ Adam P. Strochak
Richard P. Krasnow
Adam P. Strochak
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

## EXHIBIT A

**(Andrews Kurth December 2008 Reimbursement Schedule)**

| | |
|---|---|
| Total for Document Services | 665.60 |
| Total for Delivery Expense - FEDEX | 20.51 |
| Total for Hotel & Lodging expense | 494.94 |
| Total for Travel-related Exps, Meals | 80.00 |
| Total for Miscellaneous | 25,000.00 |
| Total for Professional Svcs | 1,809.71 |
| Total for Long Dist Telephone | 23.73 |
| Total for Telephone | 9.22 |
| Total for Travel Expense | 164.24 |
| Total for AMEX Travel Expense | 2,427.00 |
| **Total Disbursements** | $ 30,694.95 |

## EXHIBIT B

**(Andrews Kurth February 6, 2009 E-mail)**



"Silverstein , Paul"
<PaulSilverstein @andrewsku
rth.com>

02/06/2009 05:45 PM

To  <adam.strochak@weil.com>, "Levine, Jonathan"
<JonathanLevine@andrewskurth.com>
cc  <richard.krasnow@weil.com>, <john.lucas@weil.com>,
<conray.tseng@weil.com>
bcc

Subject  RE: Lexington Bill

We hired an expert to consult with the Committee on a discrete issue and, therefore, the costs are being reimbursed as an expense.

**From:** adam.strochak@weil.com [mailto:adam.strochak@weil.com]
**Sent:** Friday, February 06, 2009 5:27 PM
**To:** Silverstein, Paul; Levine, Jonathan
**Cc:** richard.krasnow@weil.com; john.lucas@weil.com; conray.tseng@weil.com
**Subject:** Lexington Bill

Paul/Jonathan,

Can you provide some detail on the $25,000 miscellaneous disbursement on the December bill?

Thanks,

Adam

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (postmaster@weil.com), and destroy the original message. Thank you

Treasury Circular 230 Disclosure - To comply with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this written communication (including any attachment) is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed on the person. If this written communication contains any tax advice that is used or referred to in connection with the promoting, marketing or recommending of any transaction(s) or matter(s), this written communication should be construed as written to support the promoting, marketing or recommending of the transaction(s) or matter(s) addressed by this written communication, and

the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by Andrews Kurth LLP on disclosure of the tax treatment or tax structure of the transaction(s) or matter(s).

## EXHIBIT C

**(Andrews Kurth January 2009 Reimbursement Schedule)**

**SUMMARY OF MONTHLY APPLICATION OF FEES**
**ANDREWS KURTH LLP**
**FOR THE PERIOD OF JANUARY 1, 2009 TO JANUARY 31, 2009**

| Disbursement | Value |
|---|---|
| Local Transportation | $24.91 |
| Photocopies | $1,987.20 |
| Delivery Expense - FEDEX | $178.95 |
| Delivery Expense Outside Vendor | $73.25 |
| Filing Fees | $129.50 |
| Computer Aided Research | $1,744.05 |
| Litigation Support Vendor | $66,250.14 |
| Non-Firm Photocopies | $1,515.50 |
| Postage | $5.00 |
| Telephone | $140.38 |
| Travel Expense (Meals, Lodging and Local Travel) | $840.56 |
| AMEX Travel Expense - Flights | $1,495.20 |
| | |
| | |
| TOTAL | $74,384.64 |

**EXHIBIT D**

**(Andrews Kurth May 15, 2009 E-mail)**



**"Levine, Jonathan"**
**<JonathanLevine @andrewsk**
**urth.com>**

05/15/2009 10:27 AM

To   <john.lucas@weil.com>, "Silverstein, Paul"
     <PaulSilverstein@andrewskurth.com>, "Bracht, Gerald"
     <GeraldBracht@andrewskurth.com>

cc   <adam.strochak@weil.com>

bcc

Subject   RE: Lexington - Andrews Kurth LLP Monthly Fee Statements

History:              🔁 This message has been forwarded.

John/Adam -

Thanks for pointing out the issue regarding Gerry's time.  After bringing that to my attention, it became apparent that to me that the bills which were sent out did not reflect quite a few adjustments which we made to them (including Gerry's travel time as we are well aware of the rules).  Therefore, please ignore the most recent invoices you received and we will endeavor to get the Company new invoices early next week.  Sincere apologies for this -- a new accounting person was just assigned to myself and Paul and for some reason or another the "final" invoices which were sent out did not include the adjustments whereas the "final" proformas did.

As for the Litigation Support Vendor, the Company was Pluris Valuation Advisors, LLC.  Pluris is an expert which provides securities valuation services.  We will provide all of the backup you requested beginning of next week as well.

Regards.

Jon

**From:** john.lucas@weil.com [mailto:john.lucas@weil.com]
**Sent:** Friday, May 15, 2009 9:21 AM
**To:** Silverstein, Paul; Bracht, Gerald; Levine, Jonathan
**Cc:** adam.strochak@weil.com
**Subject:** Lexington - Andrews Kurth LLP Monthly Fee Statements

Paul:

The expense schedule in your January 2009 fee statement shows an expense of $66,250.14 categorized as "Litigation Support Vendor."  Can you please provide:  (i) back-up for this expense, (ii) the name of the company that provided the services, and (iii) the nature of the services.  Also, Gerry Bracht billed 16 hours travel time during February 2009 at his full hourly rate.  See his time entries for February 17, 21, and 25, 2009.  In the SDNY, all non-working travel time is billed at half the hourly rate.  As  result, the fees for the February 2009 fee statement should be reduced by $5,360.

I am available to discuss if you have any questions.

Thank you,

John

_____

John W. Lucas
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Direct: 212-310-8415
Fax: 212-310-8007
Email: john.lucas@weil.com

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (postmaster@weil.com), and destroy the original message. Thank you

Treasury Circular 230 Disclosure - To comply with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this written communication (including any attachment) is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed on the person. If this written communication contains any tax advice that is used or referred to in connection with the promoting, marketing or recommending of any transaction(s) or matter(s), this written communication should be construed as written to support the promoting, marketing or recommending of the transaction(s) or matter(s) addressed by this written communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by Andrews Kurth LLP on disclosure of the tax treatment or tax structure of the transaction(s) or matter(s).

## **EXHIBIT E**

**(Pluris Engagement Letter)**



December 19, 2008

Gerald L. Bracht
Andrews Kurth LLP
600 Travis, Suite 4200
Houston, TX 77002

## RETAINER AGREEMENT FOR LEXINGTON PRECISION CORP.

Dear Mr. Bracht:

This letter, when properly signed, will constitute a retainer agreement (the "Agreement") between Pluris Valuation Advisors LLC, a Delaware limited liability company ("Pluris", "we", or "us"), and Andrews Kurth LLP ("Client") in connection with Pluris providing certain services, which may involve the rendering of valuation opinions ("Opinions") with respect to that certain Chapter 11 Case No. 08-1153 (MG) (In the United States Bankruptcy Court, Southern District of New York) ("Bankruptcy Case") in re: Lexington Precision Corp., et. al., Debtors ("Lexington").

1. **Purpose**. The Opinions shall be with respect to the fair market value of the Series C Preferred stock and the common stock of Lexington, as of a mutually agreed upon current date ("Valuation Date"). We understand that the Opinions will serve as a valuation basis for negotiation, settlement, valuation testimony, or trial purposes during the Bankruptcy Case. The Opinions shall not be used for any other purposes.

2. **Fees; Expenses**. For all of the services contemplated by this Agreement, we will bill the Client, and the Client hereby agrees to pay, a fee ("Fee") as follows:

   1. For all professional hours spent reviewing the case background materials, answering interrogatories, performing valuation analysis, and providing advice, as requested by the Client, with respect to the Bankruptcy Case, our normal hourly rates for the personnel delivering such services at the time of such delivery; plus

Mr. Gerald L. Bracht
Andrews Kurth LLP
December 19, 2008
Page 2 of 6

2.  For all professional hours spent preparing for, or delivering, deposition or trial testimony, a daily rate of $4,000 per day of testimony, plus, for all professional hours spent during such deposition or testimony, or preparations therefor, our normal hourly rates for the personnel delivering such services at the time of such delivery; plus

3.  All reasonable out-of-pocket expenses necessary for delivering the services.

As of the date of this letter, our current hourly rates for professional personnel range from $250 to $550 per hour. The Fee is due and payable as follows: First, a $50,000 refundable retainer amount upon execution of this Agreement and, second, for all Fee amounts incurred beyond the retainer amount, upon submission of periodic billings. Any portion of retainer Fee not spent will be returned to Client. Also, Client agrees to replenish retainer when needed to keep a running retainer amount for Bankruptcy Case at least $10,000 at any time. We do not anticipate the fees and expenses to exceed $100,000. If it appears to Pluris during the course of this engagement that $100,000 of fees and expenses is likely to be exceeded, Pluris will so advise Client immediately. Out-of-pocket expenses shall include, but shall not be limited to, airfare, rental car and hotel expenses, meals, charges for postage, photocopying, etc., and all charges for on-line or other research. To protect our independence, and as a matter of company policy, we cannot offer testimony, whether in deposition or in court, unless all Fee amounts incurred up to and including the date of such testimony are paid prior to the start of such testimony. Also, should any air travel be required for deposition or trial testimony, out-of-pocket expenses for airfare, rental car, and hotel shall be prepaid. For any Fee amount not paid after 30 days from its due and payable date, Pluris shall add a late charge of 1.5 percent per month. No portion of the Fee is contingent upon the conclusions reached by Pluris.

3.  **Information; Limitations on Use**.  All information required by Pluris regarding the subject matter of this Agreement will be provided to Pluris promptly, and shall be accurate and complete in all material respects.  The foregoing shall remain operative and in full force and effect regardless of any investigation made by or on behalf of Pluris or any other Indemnified Person (as hereinafter defined). The Opinions rendered by Pluris during the course of the Bankruptcy Case shall be solely based on information provided by the Client and others, and such Opinions shall be regarded as merely advisory in nature. No opinion, counsel, or interpretation is or shall be intended in matters that require legal, accounting, tax, or other appropriate professional advice; and no such opinion, counsel, or interpretation shall be inferred by anyone relying on the Opinions. We assume that such opinions, counsel, or interpretations have been or will be obtained by you, as deemed necessary, from the appropriate professional sources.

The Opinions and any other conclusions developed by Pluris under this Agreement, whether delivered by oral testimony, in a written report, or by any other means or forms of transmittal, are valid only for the stated purpose and subject matter and only as of the stated valuation date. The Client agrees that any use of our Opinions shall be subject, in each instance, to our prior written approval. Such use shall be hereinafter referred to as an "Approved Use." Such approval is hereby granted for the purpose stated in paragraph 1 above.

Mr. Gerald L. Bracht
Andrews Kurth LLP
December 19, 2008
Page 3 of 6

**4.  Legal Fees; Standard of Care; Indemnification; and Choice of Law.**  If any party to this Agreement brings an action directly or indirectly based upon this Agreement or the matters contemplated hereby, the prevailing party shall be entitled to recover, in addition to any other appropriate amounts, its reasonable costs and expenses in connection with such proceeding, including but not limited to reasonable attorneys' fees and court costs. Any right to trial by jury with respect to any lawsuit, claim or other proceeding arising out of or relating to this Agreement or the services to be rendered by Pluris hereunder is expressly and irrevocably waived. This Agreement shall be governed by the internal laws of the State of New York, without regard to conflict of laws principles.

In no event, regardless of the legal theory advanced, shall Pluris or any of its affiliates be responsible to any person other than for its gross negligence, bad faith, willful misfeasance, or reckless disregard of its obligations or duties. In no event, regardless of the legal theory advanced, shall the aggregate liability of Pluris and its affiliates to all parties in connection with the matters contemplated by this Agreement exceed the aggregate Fee actually received by Pluris hereunder.

If Pluris or any of its past, present, and future directors, managers, officers, shareholders, members, employees, controlling persons, and other affiliates and agents, and their respective successors and assigns (collectively, "Indemnified Persons") become involved in any way in any legal or administrative proceeding relating to the Bankruptcy Case and/or the services hereunder, the Client will indemnify and hold Pluris and such Indemnified Persons harmless from all losses, claims, damages, or liabilities (including reimbursement upon request for any reasonable attorneys' fees and related out-of-pocket expenses and court costs) incurred in connection therewith. The Client agrees that it will not settle, compromise, or discharge any suit, claim, litigation, threatened litigation, or threatened claim arising out of, based upon, or in any way related to the matters contemplated by this Agreement without the prior written consent of Pluris, which shall not be unreasonably withheld, conditioned, or delayed. Similarly, Pluris agrees that it will not settle, compromise, or discharge any such suit, claim, litigation, threatened litigation, or threatened claim without the prior written consent of the Client, which shall not be unreasonably withheld, conditioned, or delayed.

**5.  Corporate Obligations.**  The obligations of Pluris are solely corporate obligations, and no officer, director, manager, employee, agent, shareholder, member, or controlling person shall be subject to any personal liability whatsoever to any person, nor will any such claim be asserted by or on behalf of any other party to this Agreement.

**6.  Confidentiality.**  Pluris agrees that the Confidential Information (as defined below) provided to us by you will not be used by Pluris for any purpose except as described herein and that such Confidential Information will be kept confidential by Pluris and its agents; *provided, however,* that (1) any such Confidential Information may be disclosed to Pluris' directors, managers, officers, employees, agents, and representatives who need to know such information for the purpose described in this Agreement (it being understood that such directors, managers, officers, employees, agents, and representatives shall be informed by Pluris of the confidential nature of

Mr. Gerald L. Bracht
Andrews Kurth LLP
December 19, 2008
Page 4 of 6

such information and shall be directed by Pluris to treat such information confidentially), (2) any disclosure of such Confidential Information may be made to which the Client consents in writing, and (3) any of such Confidential Information may be disclosed if Pluris is required to disclose it by legal or administrative process, or to satisfy requirements of professional organizations to which our professionals belong, or for other appropriate legal reasons or reasons of professional ethics and responsibility. The term "Confidential Information" means all information except such information that (i) is or becomes publicly available or available to a knowledgeable person in the Client's industry other than as a result of disclosure by Pluris, its agents, representatives, or employees, (ii) was known by Pluris prior to its disclosure to Pluris by the Client, or (iii) is or becomes available to Pluris on a non-confidential basis from a source other than the Client or its agents which, to Pluris' knowledge, is not prohibited from disclosing such information by a legal, contractual, or fiduciary obligation to the Client.

7.  **Future Services**. Should future services be required of Pluris related to the Report, whether in relation to audits, litigation, or any other matters, such services shall only be provided after the negotiation and execution of a new retainer agreement. Pluris' fees for such future services shall be based on our then-current hourly rates, plus reasonable and necessary out-of-pocket expenses. To protect our independence, and as a matter of company policy, we cannot offer testimony unless all outstanding invoices are paid as of the date of such testimony.

8.  **Additional Provisions**.

(a)  Nothing in this Agreement, expressed or implied, is intended to confer or does confer on any person or entity other than the parties hereto and their respective successors and assigns any rights or remedies under or by reason of this Agreement or as a result of the services to be rendered by Pluris hereunder.

(b)  The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect pursuant to the terms hereof.

(c)  This Agreement may be executed in counterparts, each of which together shall be considered a single document.

(d)  This Agreement incorporates the entire understanding of the parties and supersedes all previous agreements or understandings, whether written or oral, regarding the subject matter hereof, and may be modified only by an express writing executed by all parties hereto.

(e)  This Agreement has been reviewed by the signatories hereto and their counsel. There shall be no construction of any provision against Pluris because this Agreement was drafted by Pluris, and the parties waive any statute or rule of law to such effect.

(f)  This Agreement shall not only bind Pluris and the Client, but shall also be binding and in full force and effect for all of Pluris' and/or the Client's successors and assigns, if any.

Mr. Gerald L. Bracht
Andrews Kurth LLP
December 19, 2008
Page 5 of 6

9.  **Survival of Certain Provisions**.  The provisions contained herein shall survive any termination of this Agreement.

*[Remainder of page intentionally left blank]*

Aurelian Management, LLC
December 19, 2008
Page 5 of 5

We trust that the foregoing terms and provisions are agreeable to you, and request that you sign and return a copy of this Agreement to Pluris along with the retainer amount via check or wire transfer (instructions attached).

Sincerely,

PLURIS VALUATION ADVISORS LLC

By: _____
      Espen Robak, CFA
      President

The foregoing has been read, understood and approved, and the undersigned agrees to retain Pluris Valuation Advisors LLC upon the terms and provisions contained herein.

_____, 2008

AURELIAN MANAGEMENT, LLC

By: _____
      Brian Horey

PUN080133PVBB



## APPENDIX - WIRE INSTRUCTIONS

Pluris does not normally begin work on any valuation assignment until the retainer agreement and amount has been received in full. For your convenience, or to expedite our receipt of the retainer amount and the start of our work, or to pay an outstanding invoice faster, you may, at your option, use the following wire instructions:

**Pluris Valuation Advisors LLC**

JPMorgan Chase Bank, N.A.
New York, NY
ABA 021000021
Pluris Valuation Advisors
Account 735602724

## EXHIBIT F

**(Pluris Invoices)**

 

# INVOICE

## Pluris Valuation Advisors LLC

26 Broadway
12th Floor
New York, NY 10004

**Bill To:**
Andrews Kurth LLP
Mr. Gerald L. Bracht
600 Travis, Suite 4200
Houston, TX 77002
US

*Duplicate*

| Customer PO | Invoice Number | Invoice Date | File Number |
|---|---|---|---|
| | 0459 | 1/28/09 | PCN080130LITER |

| Description | Amount |
|---|---|
| Litigation support services - Lexington - hourly rate (Junior Analyst) | 15,675.00 |
| Litigation support services - Lexington - hourly rate (Analyst) | 15,437.50 |
| Litigation support services - Lexington - hourly rate (Senior Associate) | 52,062.50 |
| Litigation support services - Lexington - hourly rate (President) | 7,975.00 |
| Litigation support services - Lexington - retainer payment/wire transfer (14 Jan 2009) | -25,000.00 |
| Litigation support services - Lexington - retainer payment/wire transfer (24 Dec 2008) | -25,000.00 |
| Expense re-imbursement | 76.68 |

WIRE INSTRUCTIONS:
JP Morgan Chase Bank, N.A.
New York, NY
ABA 021000021
Pluris Valuation Advisors, LLC
Account: 735602724

| Subtotal | 41,226.68 |
|---|---|
| Total Invoice Amount | 41,226.68 |
| Payment/Credit Applied | |
| **TOTAL** | **41,226.68** |

| Phone # | Fax # |
|---|---|
| (212) 248-4500 | (212) 248-4599 |

| E-Mail |
|---|
| SdelaRosa@plurisvaluation.com |

Page:   1



Pluris Valuation Advisors LLC

26 Broadway
12th Floor
New York, NY 10004

**Statement**

| Date |
|---|
| 12/31/2008 |

| Phone # | Fax # |
|---|---|
| (212) 248-4500 | (212) 248-4599 |

| To: |
|---|
| Andrews Kurth LLP |
| Mr. Gerald L. Bracht |
| 600 Travis, Suite 4200 |
| Houston, TX 77002 |

| | Amount Due | Amount Enc. |
|---|---|---|
| | $25,000.00 | |

| Date | Transaction | Amount | Balance |
|---|---|---|---|
| 12/31/2007 | Balance forward | | 0.00 |
| 12/23/2008 | INV #0403. | 50,000.00 | 50,000.00 |
| | Litigation support services retainer for Lexington valuation | | |
| | --- Litigation Support Services $50,000.00 | | |
| 12/24/2008 | PMT Partial payment of retainer (INV 0403) | -25,000.00 | 25,000.00 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 0.00 | 25,000.00 | 0.00 | 0.00 | 0.00 | $25,000.00 |