Hearing Date: August 18, 2009 at 2:00 p.m. (ET)
Objection Deadline: August 13, 2009 at 2:00 p.m. (ET)

ANDREWS KURTH LLP
Paul N. Silverstein (PS 5098)
Jonathan Levine (JL 9674)
450 Lexington Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

Counsel to the Official Committee
of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re: : Chapter 11
:
LEXINGTON PRECISION CORP, et al., : Case No. 08-11153 (MG)
:
: (Jointly Administered)
Debtors. :
-----------------------------------------------------------x

## SECOND AMENDED APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF STOUT RISIUS ROSS, INC., AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF MAY 13, 2008

The Official Committee of Unsecured Creditors (the "Committee") of Lexington Precision Corporation ("LEXP") and Lexington Rubber Group, Inc. (collectively with LEXP, the "Debtors") for this second amended application (the "Second Amendment Application") for an order authorizing its employment of Stout Risius Ross, Inc. ("SRR"), as financial advisor to the Committee, effective as of May 13, 2008, pursuant to section 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), respectfully represents:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this Second Amendment Application pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

NYC:194607.2

## GENERAL BACKGROUND

2. On April 1, 2008 (the "Petition Date"), the Debtors filed with this Court petitions for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code").

3. The Debtors continue to manage their properties and operate their businesses as debtor-in-possession pursuant to section 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

4. On May 13, 2008, the Committee filed with this Court its Application for Order Authorizing the Employment of Stout Risius Ross, Inc. as Financial Advisors to the Official Committee of Unsecured Creditors, Effective as of May 13, 2008 (the "Original Employment Application").

5. On June 5, 2008, this Court entered its Order Authorizing Employment of Stout Risius Ross, Inc. as Financial Advisors to the Official Committee of Unsecured Creditors, Effective as of May 13, 2008.

6. On March 4, 2009, the Committee filed with this Court its First Amended Application for Order Authorizing the Employment of Stout Risius Ross, Inc. as Financial Advisors to the Official Committee of Unsecured Creditors, Effective as of May 13, 2008 (the "First Amendment Application").

7. On April 1, 2009, this Court entered an Order approving the amendments set forth in the First Amendment Application (the "First Amendment").

## RELIEF REQUESTED

8. By this Second Amendment Application, the Committee seeks authority to amend the terms of SRR employment as its financial advisor, effective as of May 13, 2008, for the purposes set forth and upon the terms and conditions initially set forth in the engagement letter dated May 13, 2008 (the "Engagement Letter") attached hereto as Exhibit A, as modified by the

2

First Amendment attached hereto as <u>Exhibit B</u>, and as now modified by the second addendum letter dated July 17, 2009 (the "Second Amendment") attached hereto as <u>Exhibit C</u> (together, the "Second Amended Engagement Letter").

## BASIS FOR RELIEF REQUESTED

9.  The time allocated and resources provided by SRR in the performance of services to the Committee has surpassed that initially contemplated in the Engagement Letter and the First Amendment.

10. Further, although the Engagement Letter and the First Amendment anticipated a decline in the amount of time allocated to Committee advisement as these chapter 11 cases progressed, SRR now anticipates that its current time allocation will continue to be required for several more months.

11. As such, SRR has requested, and the Committee has agreed, pursuant to Court approval, that the terms of SRR employment be modified as follows:

> The company shall pay SRR a Monthly Fee of $50,000 for a minimum of seventeen (17) months rather than the fourteen (14) months set forth in the First Amendment.

Otherwise, all the terms and conditions of the Engagement Letter and the First Amendment would still be applicable.

<u>SRR Holds No Interest Adverse to the Committee or Its Constituents</u>

12. As represented in the Original Employment Application, to the best of the Committee's knowledge, information and belief: (a) SRR does not hold or represent any interest adverse to the Committee in the matters for which it is to be retained, (b) SRR is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, (c) neither SRR nor its professionals have any connection with the Debtors, their creditors or any other parties in interest, including any United States Bankruptcy Judge in the Southern District of New York,

3

NYC:194607.2

and (d) SRR's employment is necessary and is in the best interests of the Committee and the Debtors' estates.

13. SRR will continue to apply the disclosure procedure if additional information concerning entities having a connection with the Debtors emerges and will file appropriate supplemental disclosure with the Court (if any).

## NOTICE

14. Notice of this Application has been given to the Debtors, the United States Trustee, and will be served on those parties on the Master Service List comprising: (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel for the Debtors; (c) the indenture trustee under the Debtors' senior note indenture; (d) the Debtors' thirty (30) largest unsecured creditors; (e) those persons who have formally appeared and requested service in this proceeding pursuant to Bankruptcy Rule 2002; and (f) government agencies to the extent required by the Bankruptcy Rules and the Local Rules. In light of the nature of the relief requested, the Committee submits that no further notice need be given.

WHEREFORE, the Committee respectfully requests that this Court (i) approve the proposed order attached hereto as Exhibit D; (ii) authorize the Committee to retain and employ SRR as financial advisors pursuant to the terms of the Second Amendment Engagement Letter effective as of July 17, 2009, pursuant to sections 328(a) and 1103 of the Bankruptcy Code, on a final basis; and (iii) provide such other and further relief as is just and proper.

Dated: New York, New York
    July 27, 2009

Respectfully submitted,

**THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
LEXINGTON PRECISION CORPORATION**

By: /s/ Paul N. Silverstein
ANDREWS KURTH LLP
Paul N. Silverstein (PS 5098)
Jonathan Levine (JL 9674)
450 Lexington Avenue
New York, New York 10017
(212) 850-2800

Counsel for the Official
Committee of Unsecured Creditors

5

NYC:194607.2