UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
LEXINGTON PRECISION CORP., et al.,                          :    08-11153 (MG)
                                                            :
           Debtors.                                         :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(a), 362, AND 364(c)(2) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO INCUR SECURED DEBT FROM WESTFIELD BANK, FSB FOR THE PURPOSE OF FINANCING THE DEBTORS' INSURANCE PREMIUMS FOR THEIR WORKMEN'S COMPENSATION LIABILITY, DIRECTOR'S AND OFFICER'S LIABILITY, UMBRELLA LIABILITY, AND EXCESS UMBRELLA LIABILITY

Upon the Motion, dated July 10, 2009 (the "Motion") of Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber" and, together with Lexington Precision, the "Debtors"), as debtors and debtors in possession, seeking authority, pursuant to sections 105(a), 362, and 364(c)(2) of title 11 of the United States Code (the "Bankruptcy Code") to incur secured debt from Westfield Bank, FSB ("Westfield") for the purpose of financing the insurance premiums of the Debtors' workmen's compensation liability, employment practices, fiduciary, crime and kidnap & ransom liability, umbrella liability, and excess umbrella liability policies (the "Insurance Premiums"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' postpetition lenders, (iv) the attorneys for the statutory creditors' committee (the "Committee"), (v) Westfield, and (vi) all other parties entitled to notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 364(c)(2) of the Bankruptcy Code, the Debtors are authorized to (i) enter into, and pay all sums due under, a financing agreement with Westfield (the "Financing Agreement"), a copy of which is annexed hereto as Exhibit A, and (ii) grant Westfield a security interest in all unearned Insurance Premiums which may become payable under the Policies and loss payments which reduce the unearned Insurance Premiums subject to any mortgagee or loss payee interests; and it is further

ORDERED that, in the event that the Debtors default upon the terms of the Financing Agreement, the automatic stay provisions of section 362 of the Bankruptcy Code (the "Automatic Stay") shall be modified solely to the extent necessary to permit Westfield to exercise any rights solely under the Financing Agreement as it may otherwise have under applicable state law but for the pendency of these cases (without prejudice to the Debtors' rights under such state law) and without the necessity of further application to this Court, to cancel the

Policies financed pursuant to this Order, after giving any notice required by applicable state law. Except as provided in the preceding sentence, the provisions of the Automatic Stay shall remain in full force and effect; and it is further

ORDERED that, in the event of a default by the Debtors under the Financing Agreement, Westfield may receive and apply all unearned premiums due to the Debtors upon cancellation of the Policies to any amount owing by the Debtors to Westfield, without further application of this Court; and it is further

ORDERED that the full rights of Westfield under the Financing Agreement and applicable law shall be fully preserved and protected and shall not be impaired by this bankruptcy proceeding, the appointment of a trustee, the conversion of this proceeding to one under chapter 7 of the Bankruptcy Code, or any other provisions of the Bankruptcy Code.

Dated: **July 30, 2009**
New York, New York

          **/s/Martin Glenn**
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT A**

**(Finance Agreement)**