WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                       :

**In re**                      :        **Chapter 11 Case No.**
                                         :

**LEXINGTON PRECISION CORP., et al.,**  :        **08-11153 (MG)**
                                         :

        **Debtors.**                :        **(Jointly Administered)**
                                         :

-------------------------------------------------------------x

### DEBTORS' EX PARTE MOTION PURSUANT TO BANKRUPTCY RULES 2002(a)(1) AND 9006(c) TO SHORTEN THE NOTICE PERIOD WITH RESPECT TO THE DEBTORS' FOURTH MOTION FOR AUTHORIZATION, PURSUANT TO 11 U.S.C. §§ 105, 361, 362, AND 363(c), FOR CONTINUED USE OF CASH COLLATERAL

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

        Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors

and debtors in possession (collectively, "Lexington" or the "Debtors"), respectfully represent:

#### Background

        1.     On April 1, 2008 (the "Commencement Date"), each of the Debtors

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

2.      The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules").

3.      On April 11, 2008, the United States Trustee for the Southern District of

New York appointed the statutory creditors' committee (the "Creditors' Committee").

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5.      By this motion (the "Motion to Shorten Time"), the Debtors request that

the Court shorten the notice period and fix the date and time for an expedited hearing on the

Debtors' Fourth Motion for Authorization, Pursuant to 11 U.S.C. §§ 105, 361, 362, and 363(c),

for Continued Use of Cash Collateral (the "Motion"), which the Debtors filed and served

concurrently with this Motion to Shorten Time.  Specifically, the Debtors request that the Court

consider the relief requested in the Motion prior to August 21, 2009, the expiration of the current

use of Cash Collateral.  Because this Court currently has another motion scheduled to be heard in

these cases on August 18, 2009 at 2:00 p.m. (Eastern Standard Time), the Debtors propose to

have this Motion heard at the August 18, 2009 hearing as well to conserve resources and this

Court's time.  The Debtors submit the Declaration of Adam P. Strochak in support of the Motion

to Shorten Time, attached hereto as Exhibit 1.

**Cause Exists to Shorten the Notice Period for the Motion**

6.      Bankruptcy Rules 2002(a)(2) and 9006(c)(1) authorize this Court, for cause shown, to reduce the notice period required for a hearing.  The Debtors submit that ample cause exists to shorten the notice period with respect to the Motion as requested herein.

7.      As is more fully described in the Motion, the Debtors' use of Cash Collateral currently expires on August 21, 2009 (the "Current Expiration Date").  The Debtors believe that extension of use of Cash Collateral is necessary to allow the Debtors more time to secure exit financing or other form of emergence capital that would result in a consensual resolution of these chapter 11 cases.  The Debtors have requested that the Prepetition Secured Lenders consent to an extension of the use of Cash Collateral, but as of the filing of the Motion, have not yet received a definitive answer from the Prepetition Secured Lenders, although the Prepetition Secured Lenders have indicated that they may agree to a one-month extension.  The Debtors are hopeful that a consensual extension will be reached prior to the hearing on the Motion.

8.      To extend the use of Cash Collateral before the Current Expiration Date, and to avoid any adverse consequences arising from the expiration of such date, the Debtors request that the Court shorten the notice period with respect to the Motion such that the Court may consider the Motion prior to the Current Expiration Date.

9.      Based on the forgoing, the Debtors submit that cause exists for the notice period with respect to the Motion to be shortened and a hearing to consider the Motion to be scheduled for August 18, 2009 at 2:00 p.m., or such later date as the Court has available.

**Notice**

10.      Pursuant to Bankruptcy Rule 9006(c)(1), the Court may shorten time without notice.  Accordingly, no formal notice of this Motion to Shorten Time has been given.

Prior notice of this Motion to Shorten Time has been provided, however, to counsel for the

Prepetition Senior Lenders and the Creditors' Committee (both as defined in the Motion) and

both parties have consented to this Motion to Shorten Time.

11.    No previous request for the relief sought herein has been made to this or

any other court.

WHEREFORE the Debtors respectfully request that the Court approve the

shortened notice periods requested herein, and grant the Debtors such other and further relief as

the Court deems just and proper.

Dated:  August 5, 2009
        New York, New York

                                        /s/ Adam P. Strochak
                                        Richard P. Krasnow
                                        Adam P. Strochak

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York  10153
                                        Telephone:   (212) 310-8000
                                        Facsimile:    (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

## Exhibits

**Exhibit 1 – Declaration of Adam P. Strochak**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x
                                         :

**In re**                                     :          **Chapter 11 Case No.**
                                           :

**LEXINGTON PRECISION CORP., et al.,**    :          **08-11153 (MG)**
                                           :

         **Debtors.**                       :          **(Jointly Administered)**
                                           :

--------------------------------------------------------------x

### DECLARATION OF ADAM P. STROCHAK IN SUPPORT OF THE DEBTORS' EX PARTE MOTION PURSUANT TO BANKRUPTY RULES 2002(a)(1) AND 9006(c) TO SHORTEN THE NOTICE PERIOD WITH RESPECT TO THE DEBTORS' FOURTH MOTION FOR AUTHORIZATION, PURSUANT TO 11 U.S.C. §§ 105, 361, 362, AND 363(c), FOR CONTINUED USE OF CASH COLLATERAL

I, Adam P. Strochak, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

        1.        I am an attorney admitted to practice before the Bankruptcy Court and a member of Weil, Gotshal & Manges LLP, attorneys for Lexington Precision Corporation and its wholly-owned subsidiary, Lexington Rubber Group, Inc., (collectively the "Debtors"), in the above-captioned chapter 11 cases.

        2.        I submit this affidavit in support of the Motion (the "Motion to Shorten Time") of the Debtors Pursuant to Bankruptcy Rules 2002(a)(2) and 9006(c) to Shorten the Notice Period Time With Respect to the Debtors' Fourth Motion for Authorization, Pursuant to 11 U.S.C. §§ 105, 361, 362, and 363(c), for Continued Use of Cash Collateral.

US_ACTIVE:\43122230\04\43122230_4.DOC\26690.0003

3.      All statements contained herein are based on personal knowledge or made upon information and belief.

**The Need for Shortened Notice With Respect to the Motion**

4.      In the Motion to Shorten Time, the Debtors request the Court shorten the notice period with respect to the Debtors' motion (the "Motion") for authorization, pursuant to 11 U.S.C. §§ 105, 361, 362, and 363(c), for continued use of Cash Collateral (as defined in the Motion). The Debtors submit that expedited consideration of the relief requested in the Motion is necessary and cause exists to shorten the notice period with respect to the Motion.

5.      As is more fully described in the Motion, the Debtors' use of Cash Collateral currently expires on August 21, 2009 (the "Current Expiration Date"). The Debtors believe that extension of use of Cash Collateral is necessary to allow the Debtors more time to secure exit financing or other form of emergence capital that would result in a consensual resolution of these chapter 11 cases. The Debtors have requested that the Prepetition Secured Lenders consent to an extension of the use of Cash Collateral, but as of the filing of the Motion, have not yet received a definitive answer from the Prepetition Secured Lenders, although the Prepetition Secured Lenders have indicated that they may agree to a one-month extension. The Debtors are hopeful that a consensual extension will be reached prior to the hearing on the Motion.

6.      To extend the use of Cash Collateral before the Current Expiration Date, and to avoid any adverse consequences arising from the expiration of such date, the Debtors request that the Court shorten the notice period with respect to the Motion such that the Court may consider the Motion prior to the Current Expiration Date.

7.      Based on the forgoing, the Debtors submit that cause exists for the notice period with respect to the Motion to be shortened and a hearing to consider the Motion to be

scheduled for August 18, 2009 at 2:00 p.m. (prevailing Eastern time), or such other date as the

Court has available.

Dated: August 5, 2009
       New York, New York

                                      /s/ Adam P. Strochak
                                      Adam P. Strochak

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
                                :

**In re**                            :          **Chapter 11 Case No.**
                                 :

**LEXINGTON PRECISION CORP., et al.,**    :          **08-11153 (MG)**
                                 :

         **Debtors.**                 :          **(Jointly Administered)**
                                 :

--------------------------------------------------------------x

### ORDER PURSUANT TO BANKRUPTCY RULES 2002(a)(2) AND 9006(c) TO SHORTEN THE NOTICE PERIOD WITH RESPECT TO THE DEBTORS' FOURTH MOTION FOR AUTHORIZATION, PURSUANT TO 11 U.S.C. §§ 105, 361, 362, AND 363(c), FOR CONTINUED USE OF CASH COLLATERAL

Upon the ex parte motion, dated August 5, 2009 (the "Motion to Shorten Time")

of Lexington Precision Corporation and Lexington Rubber Group, Inc. (collectively, the

"Debtors"), pursuant to bankruptcy rules 2002(a)(2) and 9006(c) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") to shorten the notice period with respect to the

Debtors' motion (the "Motion") pursuant to sections 105, 361, 362, and 363(c) of title 11 of the

United States Code (the "Bankruptcy Code") for authority to continue to use Cash Collateral (as

defined in the Motion), all as more fully described in the Motion and the Motion to Shorten

Time; and the Court having jurisdiction to consider the Motion to Shorten Time and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion to

Shorten Time and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

notice of the Motion to Shorten Time having been provided as described in the Motion to

Shorten Time; and upon the declaration of Adam P. Strochak in support of the Motion to Shorten

Time (the "Strochak Declaration"); the Court finds cause exists to expedite consideration of the relief requested in the Motion and such expedited consideration is beneficial to, and in the best interests of, the Debtors, their estates, and their creditors; notice of the Motion to Shorten Time was appropriate and no further notice is necessary; and therefore, it is hereby:

ORDERED that a hearing to consider the relief requested in the Motion will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, on **August 18, 2009 at 2:00 p.m**. (**prevailing Eastern Time)**, at the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, or as soon thereafter as counsel may be heard; and it is further

ORDERED that any objections or responses to the Motion, if any, must (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefore; and it is further

ORDERED that all objections and responses must be filed with the Bankruptcy Court no later than **August 17, 2008 at 12:00 p.m. (prevailing Eastern Time)**; and it is further

ORDERED that, in accordance with General Order M-242, registered users of the Bankruptcy Court's case filing system must file their objections and responses electronically; General Order M-242 may be found at www.nysb.uscourts.gov; and it is further

ORDERED that, all other parties-in-interest must file their objections and responses on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format) and deliver a hard copy directly to the chambers of Judge Martin Glenn; and it is further

ORDERED that, all objections and responses must be served so as to be received no later than **August 17, 2008, at 12:00 p.m. (prevailing Eastern Time)**, upon: (a) the Debtors, Lexington Precision Corporation, 800 Third Ave. 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin), (b) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Adam P. Strochak and Victoria Vron); (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg); (d) the attorneys for the Debtors' prepetition lenders, Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, Tennessee, 37219 (Attn: John C. Tishler); (e) the attorneys for the official Creditors' Committee of unsecured creditors, Andrews Kurth LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Paul Silverstein); and (f) the attorneys for Debtors' postpetition lenders, O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, New York 10036 (Attn: Gerald Bender); and it is further

ORDERED that the Debtors shall serve notice of the Hearing and the other

matters to be heard in connection therewith by sending a copy of this Order, the Strochak

Declaration and the Motion via email, fax or overnight mail, by **August 7, 2009** to:  (a) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street,

21st Floor, New York, New York 10004 (Attn:  Paul Schwartzberg); (b) the attorneys for the

Debtors' prepetition lenders, Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite

2700, Nashville, Tennessee, 37219 (Attn:  John C. Tishler); (c) the attorneys for the official

Creditors' Committee of unsecured creditors, Andrews Kurth LLP, 450 Lexington Avenue, New

York, New York 10017 (Attn:  Paul Silverstein); (d) the attorneys for Debtors' postpetition

lenders, O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, New

York 10036 (Attn:  Gerald Bender); and (e) all other parties requesting service in these chapter

11 cases.

Dated:   August __, 2009
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE