# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :
In re:                                        :     Chapter 11
                                              :
LEXINGTON PRECISION CORP., et al.,            :     Case No. 08-11153 (MG)
                                              :
                   Debtors.                   :     (Jointly Administered)
                                              :
------------------------------------------------------------x

ORDER PURSUANT TO SECTIONS 105, 502, 1125, 1126, AND 1128 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 3003, 3017, 3018 AND
3020, (I) APPROVING THE PREPETITION SECURED LENDERS' PROPOSED
DISCLOSURE STATEMENT, (II) APPROVING THE PROCEDURES TO
SOLICIT ACCEPTANCES OF PREPETITION SECURED LENDERS'
PROPOSED PLANS, AND (III) SCHEDULING A HEARING AND
ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR
CONFIRMATION OF THE PREPETITION SECURED LENDERS' PROPOSED
<u>PLANS</u>

Upon the motion, dated September ___, 2009 (the "<u>Motion</u>"), of CapitalSource Finance LLC, as agent under the Prepetition Credit Agreement[1], and CSE Mortgage LLC, as agent under the Prepetition Loan Agreement (together, the "<u>Agents</u>"), pursuant to sections 105, 502, 1125, 1126 and 1128 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 2002, 3003, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), to (a) approve of the Prepetition Secured Lenders' proposed combined disclosure statement (the "<u>Disclosure Statement</u>") for the following chapter 11 plans proposed by the Prepetition Secured Lenders (collectively, as they may be further modified, supplemented or amended, the "<u>Proposed Plans</u>"): (i) PREPETITION SECURED LENDERS' CHAPTER 11 PLAN (the "<u>LRGI Proposed Plan</u>") for debtor Lexington Rubber Group, Inc. ("<u>LRGI</u>"), and (ii) PREPETITION SECURED LENDERS' CHAPTER 11 PLAN (the "<u>LPC Proposed Plan</u>", together with the LRGI Proposed Plan the "<u>Proposed Plans</u>", and each individually being a "<u>Proposed Plan</u>") for debtor Lexington Precision Corporation ("<u>LPC</u>"), (b) approve certain solicitation procedures for the Proposed Plans; (c) schedule a confirmation hearing (the "<u>Confirmation Hearing</u>") and establish certain notice and objection procedures, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held on _____, 2009 (the "<u>Hearing</u>") to consider the Motion; and the Agents having provided notice as described in the Motion; and the Court having reviewed the Disclosure Statement, the Motion, the papers in support thereof, and the responses thereto, if any;

---

[1] Capitalized terms not otherwise defined herein have the meanings set forth in the Motion.

3074200.3

and upon the Disclosure Statement, the Motion, the papers in support thereof and the responses thereto, if any, and the record of the Hearing and upon all of the proceedings heretofore before the Court,

THE COURT HEREBY FINDS AND DETERMINES THAT:

  A. The Disclosure Statement attached hereto as **Exhibit A** contains "adequate information" about the Agents' Proposed Plans within the meaning of section 1125 of the Bankruptcy Code.

  B. Notice of the Disclosure Statement, the Motion, the Hearing, and the deadline for filing objections to the Disclosure Statement was properly provided and such notice was due and proper to all interested parties and no further notice is necessary.

  C. The members of the following classes (collectively, the "Non-Voting Classes") are not entitled to vote or receive a Ballot:

    (i) With respect to the LRGI Proposed Plan, Class 1 (Other Priority Claims Against LRGI) is unimpaired and conclusively presumed to accept the LRGI Proposed Plan.

    (ii) With respect to the LPC Proposed Plan, Class 1 (Other Priority Claims Against LPC) is unimpaired and is conclusively presumed to accept the LPC Proposed Plan, and Class 10 (Other Equity Interests in LPC) is fully impaired and is conclusively presumed to reject the LPC Proposed Plan.

  D. The members of the following classes (collectively, the "Voting Classes") are entitled to vote and receive an appropriate Ballot:

    (i) With respect to the LRGI Proposed Plan, Class 2(a) (CapitalSource Secured Claims Against LRGI), Class 2(b) CSE Secured Claims Against LRGI), Class 3 (Secured Tax Claims Against LRGI), Class 4 (Other Secured Claims Against LRGI), Class 5 (General Unsecured Claims Against LRGI), and Class 6 (Interest in LRGI) are impaired.

    (ii) With respect to the LPC Proposed Plan, Class 2(a) (CapitalSource Secured Claims Against LPC), Class 2(b) (CSE Secured Claims Against LPC), Class 3 (Secured Tax Claims Against LPC), Class 4 (Other Secured Claims Against LPC), Class 5 (General Unsecured Claims Against LPC), Class 6 (Asbestos Related Claims), Class 7 (Junior Subordinated Note Claims), Class 8 (Series B Preferred Stock Interests in LPC) and Class 9 (LPC Common Stock Interests) are impaired.

Notwithstanding the foregoing, holders of claims in LPC Classes 5-7 and LRGI Class 5 shall <u>not</u> be entitled to vote and receive a Ballot if (a) as of the Record Date, the outstanding amount of such claim is not greater than zero ($0.00), except for counter-parties to executory contracts or unexpired leases with LRGI or LPC, which contracts have not yet been assumed or rejected, and which counter-parties' respective claims shall

be allowed in the amount of $1,00 for voting purposes (collectively, the "Potential Rejection Damage Claims"); (b) as of the Record Date, such claim has been disallowed, expunged, disqualified, or suspended; (c) the Debtors' Schedules show such claim as contingent, unliquidated, or disputed and a proof of claim was not filed by the Bar Date or Government Bar Date, as applicable, or deemed timely filed by order of the Court at least five (5) business days prior to the Voting Deadline; or (d) as of the Record Date, such claim is subject to a pending objection.

        E.      The forms of the ballots attached to the Motion as **Exhibits B-1** through **B-5B**, are consistent with Official Form No. 14, address the particular needs of these chapter 11 cases, and are appropriate for each class of claims or interests entitled to vote to accept of reject the Proposed Plans.

        F.      The voting instructions attached to each of the ballots contain adequate information to instruct all members of the Voting Classes how to vote.

        G.      The Voting Deadline provides reasonable and adequate time for all parties in interest to make an informed decision to accept or reject the Proposed Plans.

        H.      The procedures for the solicitation and tabulation of votes to accept or reject the Proposed Plans (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

        I.      The notice procedures set forth below provide due, proper, and adequate notice of approval of the Disclosure Statement, the Confirmation Hearing, and the procedures for filing objections or responses to the Proposed Plans and complies with Bankruptcy Rules 2002 and 3017(d).

        J.      The proposed timing for the Confirmation Hearing complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and will enable the Agents to pursue to confirmation of the Proposed Plans in a timely fashion.

        K.      The Agents have the right to seek modifications or extensions of the matters governed by this Order.

        L.      The relief requested in the Motion is in the best interests of the Agents and all parties in interest.

        M.      The legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and

NOW, THEREFORE, IT IS ORDERED THAT:

        1.      The Motion is GRANTED as provided herein.

3074200.3

## The Prepetition Secured Lenders' Proposed Disclosure Statement

      2.      The Disclosure Statement, as it may have been or may be further modified to reflect changes made or ordered on the record of the hearing, is APPROVED.

## The Solicitation Procedures

### Cooperation from the Debtors

As reasonably requested by the Plan Proponents or the Solicitation Agent, the Debtors shall cooperate with the Plan Proponents to facilitate solicitation of votes on the Proposed Plans.

### Temporary Allowance of Claims

      3.      Solely for the purposes of voting to accept or reject the Proposed Plans and not for allowance of, or distribution on account of, any claim or interest, and without prejudice to the Debtors' or their respective estate's rights in any other context, each claim of a holder of a claim entitled to vote is temporarily allowed in the amount equal to the amount in the Schedules; provided, however, --

      (a)      if a claim holder has timely and properly filed a proof of claim, the holder may vote the claim amount set forth in the proof of claim subject to any applicable limitation below;

      (b)      if the claim for which a proof of claim has been timely filed is partially liquidated and partially unliquidated, such claim is temporarily allowed for voting purposes in the liquidated amount only;

      (c)      if the Court estimates or otherwise allows a claim for voting purposes, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

      (d)      if the Debtors' Schedules list a claim as contingent, unliquidated, or disputed and a proof of claim was not either(1) filed by the Bar Date or Government Bar Date, as applicable, or(2) deemed timely filed by an order of the Court prior to the Voting Deadline such claim is disallowed for voting, allowance, and distribution purposes pursuant to Bankruptcy Rule 3003(c) absent the Debtors' written consent to the contrary;

      (e)      if a holder of a claim on the Debtors' Schedules is listed as not contingent, unliquidated, or disputed and such holder files an untimely proof of claim, such claim shall be allowed for voting, allowance, and distribution purposes in the amount set forth in the Schedules;

    (f)    if the Agents serve an objection to a claim at least ten (10) days before the Voting Deadline, such claim is temporarily disallowed for voting purposes only, but not allowance or distribution purposes, except to the extent and in the manner as may be set forth in such objection;

    (g)    each Asbestos-Related Claims (as defined in the LPC Plan) in LPC Class 6 shall be allowed in the amount of $1.00;

    (h)    each potential rejection damage claim in Class 5 of the LRGI Proposed Plan and Class 5 of the LPC Proposed Plan, where such potential rejection damage claim is the only source of such holder's general unsecured claim, shall be allowed in the amount of $1.00.

4. If any creditor seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, such creditor shall serve on the Agents, the Debtors, the Creditors' Committee, and the U.S. Trustee and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Proposed Plans on or before the 10th day after the later of (i) service of notice of the Confirmation Hearing and (ii) the Agents' service of notice of an objection or request for estimation, if any, as to such claim. Any creditor filing such a motion, such creditor's Ballot shall not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline.

**Fixing the Record Date**

5. The Record Date is _____, **2009 at \_\_:00 \_.m. (prevailing Eastern Time)**. Holders of claims and interests, as of the Record Date and as determined by the Debtors' books and records, shall be the holders of record and, as such, shall be entitled to vote or otherwise receive a notice of non-voting status. Any claim transfer notices received by the Agents or the Solicitation Agent (a) prior to the Record Date, but with respect to which the twenty (20) day period required pursuant to Bankruptcy Rule 3001(e)(4) has not expired prior to the Record Date or (b) after the Record Date, shall not be recognized for determining the holders of record.

**Solicitation Packages and the Distribution Procedures Therefore**

6. With the exception of certain holders of Asbestos-Related Claims in LPC Class 6 identified in the subsequent decretal paragraph, the Agents shall send each member of a Voting Class the following items (collectively, the "<u>Voting Solicitation Package</u>"):

    (a)    the order approving the Proposed Disclosure Statement;

    (b)    the Confirmation Hearing Notice;

3074200.3

    (c)    the Proposed Disclosure Statement, which shall include the Proposed Plans as exhibits; and

    (d)    a ballot customized for such holder as described below with instructions and a return envelope.

7.    With respect to the LPC Proposed Plan and any holder of an Asbestos-Related Claim against LPC represented by counsel who has previously represented to the Debtors that such holder has authorized counsel to vote the Asbestos-Related Claim on the holder's behalf ("Authorized Counsel"), the Agents shall send such Authorized Counsel a Voting Solicitation Package on behalf of any such holder; provided, however, the Authorized Counsel shall send the Solicitation Agent and the Agents within ten (10) after entry of this Order (a) an affidavit indicating the name and address of each holder of an Asbestos-Related Claim represented by such Authorized Counsel for whom Authorized Counsel is authorized to vote (an "Authorization Affidavit") and (b) a list of the names and addresses of each holder of an Asbestos-Related Claim represented by such Authorized Counsel for whom no such authority exists or such authority has been revoked (a "No Authorization List"). If the Agents or the Solicitation Agent fail to receive an Authorization Affidavit and a No Authorization List within ten (10) days after entry of this Order, the Solicitation Agent shall send a Voting Solicitation Package to each holder of an Asbestos-Related Claim represented by the Authorized Counsel within thirteen (13) business days after entry of this Order. To any holder of an Asbestos-Related Claim on the No Authorization List, the Agent shall send a Voting Solicitation Package within thirteen (13) business days after entry of this Order.

8.    To any holder of an Asbestos-Related Claim not represented by Authorized Counsel, the Agents shall send a Voting Solicitation Package within ten (10) business days.

9.    To each holder of a claim or interest not entitled to vote, the Agents shall send the following items (collectively, the "Non-Voting Solicitation Package"):

    (a)    the Confirmation Hearing Notice; and

    (b)    a Notice of Non-Voting Status; provided, however, the Agents shall provide such holder a Proposed Disclosure Statement upon written request.

10.    If holder of a claim is not entitled to vote as a result of a pending objection, the Agents shall supplement the Non-Voting Solicitation Package and include a Proposed Disclosure Statement. If the pending claim objection is resolved or withdrawn and the holder of the claim becomes eligible to vote at least ten (10) business days prior to the Voting Deadline, the Agents shall mail to such holder, via express or overnight mail, a Voting Solicitation Package within three (3) business days after such member becomes eligible to vote.

3074200.3

11.     If a claim is allowed for voting purposes on or before ten (10) business days before the Voting Deadline, the Agents shall mail, via express or overnight mail, a Voting Solicitation Package to the holder of such claim within three (3) business days after entry of an order temporarily allowing such creditor's claim for voting purposes.

12.     The Agents shall distribute the following materials to (i) the U.S. Trustee, (ii) the attorneys for the Creditors' Committee, and (iii) all other parties requesting service in these chapter 11 cases (collectively, the "Notice Solicitation Package" together with the Voting and Non-Voting Solicitation Packages, the "Solicitation Packages"):

(a)     the order approving the Proposed Disclosure Statement;

(b)     the Confirmation Hearing Notice; and

(c)     the Disclosure Statement, which shall include the Proposed Plan as exhibits.

13.     The Agents shall send the Solicitation Packages in a CD-ROM format instead of printed hard copies; provided, however, the Agents shall provide printed hard copies upon request.

14.     Except as provided above, the Agents shall mail each of the Solicitation Packages described above within seven (7) days of entry of this Order (the "Solicitation Date") to the mailing address listed in the Debtors' books and records as of the Record Date. If the Debtors' books and records reflect multiple addresses for any individual, the Agents shall send the appropriate Solicitation Packages to each address. If any such Solicitation Packages contain a ballot, the ballot shall indicate that "A ballot in respect of the same claim was also sent to you at one or more other addresses." If the Debtors' books and records reflect multiple addresses on account of an attorney or another agent, the ballot shall indicate that "A ballot in respect of the same claim was also sent to your attorney or other agent (or your client, if you are an attorney or other agent for a creditor."

15.     The Agents shall send Solicitation Packages only to known deliverable addresses; provided, however, the Agents shall send a Solicitation Package to any entity who provides written notice of a new mailing address or forwarding addresses prior to the Solicitation Date.

**Form of Ballots and Master Ballots**

16.     The Ballots are APPROVED.

17.     To each member of LRGI Classes 2(a), 2(b), 3, 4 and 5 (with the exception of Potential Rejection Damage Claims), and LPC Classes 2(a), 2(b), 3, 4 and 5 (with the exception of Potential Rejection Damage Claims or Senior Subordinated Note Claims Against LPC), the Plan Proponents shall send a ballot (a "General Ballot")

3074200.3

substantially in the form of **Exhibit B-1A** for the LRGI Proposed Plan and **Exhibit B-3A** for the LPC Proposed Plan.

18.     To each member of LRGI Class 5 and LPC Class 5 holding a Potential Rejection Damage Claim, the Plan Proponents shall send a ballot substantially in the form of **Exhibit B-1B** for the LRGI Proposed Plan and **Exhibit B-3B** for the LPC Proposed Plan.

19.     To each member of LRGI Class 6 (Interests in LRGI), LPC Classes 5 (Senior Subordinated Note Claims Against LPC, a subset of General Unsecured Claims), and 8 (Series B Preferred Stock Interests) who holds the underlying securities for their own benefit, the Debtors shall send a ballot (a "Beneficial Holder Ballot"), substantially in form of **Exhibits B-3D** and **B-5A**, respectively.

20.     If members of LPC Class 5 (Senior Subordinated Note Claims Against LPC, a subset of General Unsecured Claims) or LPC Class 8 (Series B Preferred Stock Interests in LPC)[2] holds the underlying security for the benefit of a third-party (e.g., brokers, banks, dealers, or other agents or nominees) (collectively, the "Voting Nominees"), the Debtors shall provide the Voting Nominee with sufficient Solicitation Packages for distribution to each of the beneficial holders represented by the Voting Nominee.

21.     The Voting Nominee may elect to (a) "prevalidate" the Ballot contained in the Solicitation Package, forward the Solicitation Package to the beneficial holder, and instruct the beneficial holder to return the ballot to the Solicitation Agent or (b) forward the Solicitation Package to the beneficial holder with instructions for the beneficial holder to return the ballot to the Voting Nominee, the Voting Nominee shall tabulate the ballots on a master ballot, substantially in form as **Exhibits B-2B, B-3C, B-4B** and **B-5B** (each a "Master Ballot," and collectively, the "Master Ballots"), and return the Master Ballot to the Solicitation Agent.[3] To be prevalidated, a Ballot shall indicate the name and address of the beneficial holder, the amount of the underlying securities, and the corresponding account numbers. In either instance, the Voting Nominee shall provide the beneficial holder with the appropriate materials within five (5) business days of receipt of the Solicitation Packages.

22.     To be counted, the Ballots or Master Ballots, as applicable, shall be received in accordance with the voting procedures outlined below.

23.     The Agents shall reimburse each Voting Nominee for its reasonable and customary costs and expenses associated with the distribution of the Voting Packages and tabulation of the Beneficial Holders Ballots.

---

[2] Because no members of Class 8 (Series B Preferred Stock Interests) hold such interests for the benefit of third- parties, the procedures contained in this paragraph are inapplicable to Class 8.

[3] Consistent with securities industry practice in bankruptcy solicitations, the Debtors shall provide Master Ballots to Voting Nominees after the Debtors distribute the Solicitation Packages and the Voting Nominee indicates how it intends to proceed.

3074200.3

24. For members of LPC Class 6 (Asbestos-Related Claim) not represented by Authorized Counsel, the Debtors shall send a Ballot substantially in the form of **Exhibit B-4A** (the "Individual Asbestos Ballot").

25. For members of LPC Class 6 represented by Authorized Counsel, the Debtors shall provide such Authorized Counsel with a master ballot substantially in the form of **Exhibit B-4B** (the "Asbestos Master Ballot"); provided, however, if (a) Authorized Counsel fails to send the Debtors and the Solicitation Agent an Authorization Affidavit within ten (10) days of entry of this order or (b) such holder is on the No Authority List, the Debtors shall send such holder an Individual Asbestos Ballot.

**Voting and Tabulation Procedures**

Voting Deadline

26. In order to be counted as a vote to accept or reject the applicable Proposed Plan, each Ballot shall be properly executed, completed, and delivered to the Solicitation Agent as to be received by Solicitation Agent no later than the Voting Deadline of _____, **2009 at 4:00 p.m. (prevailing Eastern Time)**.

Procedures to Tabulate Votes

27. The Debtors propose the following procedures for tabulating votes:

(a) A vote shall be disregarded if the Court determines, after notice and a hearing, that a vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

(b) All votes to accept or reject the Proposed Plan must be cast by using the appropriate Ballot and in accordance with the voting instructions attached to each Ballot and/or as set forth on the Ballot (as may be applicable) and votes cast in any other manner shall not be counted;

(c) Any Ballot that is returned to the Solicitation Agent, but which is unsigned, or has a non-original signature, shall not be counted;

(d) A holder of multiple claims or interests must use a separate Ballot for each class of claims or interests;

(e) A holder of claims shall be deemed to have voted the full amount of its claims in each class and shall not be entitled to split its vote within a particular class;

(f) Any Ballot that partially accepts and partially rejects the applicable Proposed Plan shall be deemed to constitute an acceptance of that Proposed Plan;

3074200.3

(g) Any entity entitled to vote to accept or reject the applicable Proposed Plan may change its vote before the Voting Deadline by casting a superseding Ballot so that it is received on or before the Voting Deadline;

(h) Any entity casting more than one (1) Ballot voting the same claim or interest prior to the Voting Deadline, the Solicitation Agent shall count only the last Ballot timely received;

(i) If the Solicitation Agent receives Ballots on the same day but which are voted inconsistently, such Ballots shall be deemed to constitute an acceptance of the applicable Proposed Plan;

(j) Any executed Ballot timely received by the Solicitation Agent that does not indicate either an acceptance or rejection of the applicable Proposed Plan shall be deemed to constitute an acceptance of that Proposed Plan;

(k) Any executed Ballot, which indicates both acceptance and rejection of the applicable Proposed Plan shall be deemed to constitute an acceptance of that Proposed Plan; and

(m) The Solicitation Agent shall not accept a vote by facsimile or telecopy transmission (the Solicitation Agent may accept votes by electronic mail addressed to tabulation@fbgllc.com).

28. With respect to the tabulation of Ballots cast by Classes 2(a) and 2(b) of the Proposed Plans, as well as Master Ballots cast by Voting Nominees, for purposes of voting, the Solicitation Agent shall use the principal amount held as of the Record Date, as applicable (the "Record Amount").

29. The following additional rules will apply to the tabulation of Master Ballots cast by Voting Nominees:

(a) Votes cast by beneficial holders through a Voting Nominee will be applied against the positions held by such entities in the securities as of Voting Record Date as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, will not be counted in excess of the Record Amount of such securities held by such Voting Nominee.

(b) To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, the Solicitation Agent will attempt and is authorized to reconcile discrepancies with the Voting Nominees.

    (c)    To the extent that overvotes on a Master Ballot or prevalidated Ballots are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and to reject the applicable Proposed Plan in the same proportion as the votes to accept and reject the applicable Proposed Plan submitted on the Master Ballot or prevalidated Ballots that contained the overvote, but only to the extent of the Voting Nominee's position in the security.

    (d)    For purposes of tabulating votes, each Voting Nominee will be deemed to have voted the principal amount relating to such security, although Solicitation Agent may be asked and is authorized to adjust such principal amount to reflect the claim amount, including prepetition interest.

**Notice of Non-Voting Status**

30. The Notice of Non-Voting Status is APPROVED.

31. The Agents shall send a Notice of Non-Voting Status to each holder of a claim or interest not entitled to vote.

**The Confirmation Hearing and the Notice and Objection Procedures in Respect of Confirmation of the Proposed Plans**

**The Confirmation Hearing**

32. The Confirmation Hearing is scheduled for _____ \_\_, **2009 at \_\_:\_\_ \_.m**. The Confirmation Hearing may be continued from time to time by the Court or the Agents without further notice other than adjournments announced in open court at the Confirmation Hearing or any subsequent adjourned Confirmation Hearing and that the Proposed Plan may be modified pursuant to section 1127 of the Bankruptcy Code prior to, during, or as a result of the Confirmation Hearing, in each case without further notice to parties in interest.

33. The Court shall conduct a pre-trial conference 40 days prior to the commencement of the Confirmation Hearing and may schedule other such pre-trial procedures or conferences as it may deem appropriate.

**Notice of the Confirmation Hearing**

34. The Confirmation Hearing Notice is APPROVED.

35. The Agents shall publish the Confirmation Hearing Notice once not less than ten (10) days before the Objection Deadline to confirmation of the Proposed Plan in the national edition of the <u>New York Times</u>.

### D. Objections to Confirmation of the Proposed Plan

36. Objections or responses to confirmation of or proposed modifications to the Proposed Plans, if any, shall (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the Southern District of New York; and (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor.

37. All objections and responses to the confirmation of or proposed modifications to the Proposed Plans shall be filed with the Court no later than the Objection Deadline (_____, **2009 at _:00 _.m. (prevailing Eastern Time))**. In accordance with General Order M-242, registered users of the Court's case filing system must electronically file their objections and responses. All other parties in interest must file their objections and responses on a 3.5 inch floppy disk (preferably in Portable Disk Format (PDF), WordPerfect, or any other Windows-based word processing format) and deliver a hard copy to Chambers.

38. All objections and responses shall be served, so as to be received no later than _____, **2009 at _:00 _.m. (prevailing Eastern Time)**, upon: (a) the attorneys for the Agents, Waller, Lansden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, Tennessee, 37219 (Attn: John C. Tishler); (b)the Debtors, Lexington Precision Corporation, 800 Third Ave. 15th Floor, New York, new York 10023 (Attn: Michael A. Lubin); (c) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Victoria Vron); (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg); (e) the attorneys for the statutory committee of unsecured creditors, Andrews Kurth LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Paul Silverstein); and (f) the attorneys for Debtors' postpetition lenders, O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, New York 10036 (Attn: Gerald Bender).

39. Objections not timely filed and served in accordance with the provisions of this Order shall be overruled on that basis alone.

40. The Agents are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

41. The Agents are authorized to make nonsubstantive changes to the Disclosure Statement, Proposed Plans, Ballots, Confirmation Hearing Notice and related documents, without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Proposed Plans, and any other materials in the Solicitation Package prior to their distribution.

3074200.3

Dated: September __, 2009
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

Submitted for entry by:

*/s/ John Tishler*
John C. Tishler
WALLER LANSDEN DORTCH & DAVIS
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804

    and

*/s/ Aaron Cahn*
Aaron R. Cahn
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232

*Attorneys for the Agents to the Prepetition Secured Lenders*

3074200.3