**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                :

| | |
|---|---|
| In re | :      **Chapter 11 Case No.** |
| | : |
| **LEXINGTON PRECISION CORP., et al.,** | :      **08-11153 (MG)** |
| | : |
| Debtors. | :      **(Jointly Administered)** |
| | : |

----------------------------------------------------------------x

**ORDER ALLOWING INTERIM COMPENSATION**
**FOR THE PERIOD OF DECEMBER 1, 2008 THROUGH**
**MARCH 31, 2009 FOR PROFESSIONAL SERVICES RENDERED AND**
**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**

Upon the hearing held on July 30, 2009 (the "Hearing") to consider the

applications (collectively, the "Applications") for allowance of interim compensation for

professional services rendered and reimbursement of actual and necessary expenses incurred

during the period of December 1, 2008 through March 31, 2009 (the "Application Period"),

pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy

Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

filed by the professionals retained in the above-captioned chapter 11 cases of Lexington

Precision Corporation and its wholly-owned subsidiary, Lexington Rubber Group, Inc., as

debtors and debtors in possession (together, the "Debtors") and listed on Exhibit A annexed

hereto (the "Professionals"); and the Court having considered the Amended Guidelines for Fees

and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

adopted by the Court on April 19, 1995, the United States Trustee Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330,

adopted on January 30, 1996, and the Order Pursuant to Sections 105(a) and 331 of the

Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of

Expenses of Professionals, dated April 22, 2008 (the "Interim Compensation Order"); and the

Court having jurisdiction to consider the Applications and the relief requested therein pursuant to

28 U.S.C. §§ 157 and 1334; and the United States Trustee for the Southern District of New

York[1] and the Debtors[2] having interposed objections (collectively, the "Objections") to certain

Applications; and the Court having reviewed the Applications and Objections; the Court finds

and determines that (a) notice of the Applications was due and proper and no further notice is

necessary, (b) the fees of the Professionals incurred during the Application Period constitute

reasonable compensation for actual, necessary services rendered by the Professionals, (c) the

expenses incurred during the Application Period are actual and necessary expenses, (d) the relief

requested in the Applications is in the best interests of the Debtors, their estates and their

creditors; and (e) the Objections are sustained; and after due deliberation and sufficient cause

appearing therefor, it is hereby

ORDERED that the Applications are granted to the extent provided on Exhibit A;

and it is further

ORDERED that compensation to the Professionals for professional services

rendered during the time periods set forth in the Applications is allowed in the amounts set forth

on Exhibit A in the column entitled "Fees Allowed" pursuant to section 331 of the Bankruptcy

Code and are subject to final approval under section 330 of the Bankruptcy Code; and it is

further

---

[1] Objection of the United States Trustee to Interim Applications for Compensation and Reimbursement of Expenses, dated July 15, 2009 [Docket No. 664].

[2] Debtors Limited Objection to the Third Interim Fee and Expense Application of Andrews Kurth LLP, dated July 23, 2009 [Docket No. 667].

ORDERED that reimbursement to the Professionals for expenses incurred during the time period set forth in the Applications is allowed in the amounts set forth on <u>Exhibit A</u> in the column entitled "Expenses Allowed" and are subject to final approval under section 330 of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized and directed to make payment to the Professionals in respect of the "Net Fees Payable" and "Expenses Allowed/Payable" in the amounts set forth on <u>Exhibit A</u>, to the extent not previously been paid pursuant to the Interim Compensation Order or otherwise; and it is further

ORDERED that this Court hereby retains jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: **September 9, 2009**
     New York, New York

_____**/s/Martin Glenn**_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

### Third Interim Period

| Applicant | Docket No. | Period | Fees Requested | Expenses Requested | Fees Allowed | Fee Hold Back (20%) | Net Fees Payable[3] | Expenses Allowed/ Payable |
|---|---|---|---|---|---|---|---|---|
| Weil, Gotshal & Manges LLP | 646 | Dec. 1, 2008 to March 31, 2009 | $431,503.00 | $16,575.12 | $430,847.50 | $86,169.50 | $344,678.00 | $16,563.43 |
| W. Y. Campbell & Company | 629 | Dec. 1, 2008 to March 31, 2009 | $200,000.00 | $10,609.44 | $200,000.00 | $40,000.00 | $160,000.00 | $9,954.89 |
| Andrews Kurth LLP | 641 | Dec. 1, 2008 to March 31, 2009 | $379,157.50 | $119,039.05[4] | $377,888.50 | $75,577.70 | $302,310.80 | $24,202.58 |
| Stout Risius Ross, Inc. | 627 | Dec. 1, 2008 to March 31, 2009 | $200,000.00 | $2,048.12 | $200,000.00 | $40,000.00 | $160,000.00 | $2,048.12 |

Dated:  **September 9, 2009**          Initials:  _**MG**_  USBJ

### All Compensation Periods

| Applicant | Period | Fees Requested | Expenses Requested | Fees Allowed | Expenses Allowed | Hold-Back |
|---|---|---|---|---|---|---|
| Weil, Gotshal & Manges LLP | April 1, 2008 to March 31, 2009 | $1,791,762.25 | $62,154.23 | $1,728,876.67 | $61,565.11 | $173,465.35 |
| W. Y. Campbell & Company | April 1, 2008 to March 31, 2009 | $600,000.00 | $39,268.06 | $590,000.00 | $38,591.92 | $70,000.00 |
| Andrews Kurth LLP | April 1, 2008 to March 31, 2009 | $1,335,773.50 | $154,238.59 | $1,303,705.52 | $59,322.12 | $143,495.38 |
| Stout Risius Ross, Inc. | April 1, 2008 to March 31, 2009 | $580,645.16 | $16,150.70 | $571,161.90 | $16,150.70 | $69,032.26 |

Dated:  **September 9, 2009**          Initials:  _**MG**_  USBJ

---

[3] "Net Fees Payable" reflects the amounts that the Court has authorized and directed the Debtors to pay.  With respect to Net Fees Payable, because Weil Gotshal & Manges LLP and Andrews Kurth LLP agreed with the United States Trustee for the Southern District of New York to make voluntary reductions in their respective fees of $655.50 and $1,269.00, Weil, Gotshal & Manges LLP and Andrews Kurth LLP owe the Debtors $524.40 and $1,015.20, respectively, for overpayments made during the monthly fee periods.  The Debtors shall deduct such overpayments from the next monthly fee payments payable to Weil, Gotshal, & Manges LLP and Andrews Kurth LLP, respectively.

[4] For the reasons set forth in the record at the Hearing, the Court deferred ruling on expenses sought in the amount of $91,250.14.

5