UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re: | : | Chapter 11 |
| | : | |
| LEXINGTON PRECISION CORP, | : | Case No. 08-11153 (MG) |
| *et al.*, | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | x | |

## NOTICE OF SUBMISSION OF MONTHLY FEE STATEMENT OF W.Y. CAMPBELL AND COMPANY AS FINANCIAL ADVISORS TO DEBTORS FOR THE PERIOD JULY 1, 2009 THROUGH JULY 31, 2009

W.Y. Campbell & Company ("W.Y. Campbell"), by its undersigned counsel, as financial advisor and investment banker for Lexington Precision Corp. and Lexington Rubber Group, Inc., (collectively, "Lexington", the "Debtors" or the "Company") as debtors and debtors-in-possession in the above captioned cases (the "Reorganization Cases"), submits this monthly fee statement for the period July 1, 2009 through July 31, 2009 (the "Compensation Period"), and in support states the following:

1.     On April 1, 2008 (the "Petition Date"), each of the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(b) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

2.      On May 28, 2008, this Court Authorized Retention of W.Y. Campbell &
Company as Financial Advisor for the Debtors, *nunc pro tunc* to April 1, 2008 (the "Retention
Order" attached as **Exhibit A**).

3.      On April 22, 2008, the Bankruptcy Court entered its Fee Order establishing
procedures for interim monthly compensation and reimbursement of expenses of professionals
which requires professionals to submit monthly fee statements to the Notice Parties, as defined in
the Fee Order, attached as **Exhibit B**.

4.      For July 2009, W.Y. Campbell submits its fee statement in the amount of
$56,669.61 consisting of its $50,000 Monthly Fee plus expenses of $6,669.61.

5.      In accordance with the procedures outlined in the Fee Order, if no objection is
served by the Notice Parties within forty five (45) calendar days from service of this Notice,
W.Y. Campbell shall be paid 80% of its fees ($40,000.00) and 100% of its expenses ($6,669.61)
for the Compensation Period.   See **Exhibit C** for a detailed statement of actual time and
expenses incurred by W.Y. Campbell as financial advisors to the Debtors for July 2009.

DICKINSON WRIGHT PLLC

By: /s/ Allison R. Bach
Allison R. Bach (MI P68299)
Counsel for W.Y. Campbell & Company
500 Woodward Ave., Suite 4000
Detroit, MI 48226
(313) 223-3604
abach@dickinsonwright.com

Dated:  September 9, 2009

DETROIT 21924-20 1127799

2

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
                                                   :
In re                                              :    Chapter 11 Case No.
                                                   :
LEXINGTON PRECISION CORP., et al.,                 :    08-11153 (MG)
                                                   :
            Debtors.                               :    (Jointly Administered)
                                                   :
---------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) AUTHORIZING THE RETENTION OF W.Y. CAMPBELL & COMPANY AS FINANCIAL ADVISORS FOR THE DEBTORS, *NUNC PRO TUNC* TO APRIL 1, 2008

Upon the application, dated April 24, 2008 (the "Application") of Lexington

Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession

(collectively, the "Debtors"), pursuant to sections 327(a) and 328(a) of title 11 of the United

States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), for approval and authority to employ W.Y. Campbell &

Company ("Campbell") as their financial advisors pursuant to that certain Engagement Letter,

dated April 1, 2008 (the "Engagement Letter"), all as more fully set forth in the Application; and

upon consideration of the affidavit of Andre A. Augier, a Managing Director of Campbell, sworn

to on April 23, 2008 (the "Augier Affidavit") and the Court being satisfied, based on the

representations made in the Application and the Augier Affidavit, that Campbell represents or

holds no interest adverse to the Debtors or their estates and is disinterested under section 101(14)

of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and the Court

having jurisdiction to consider the Application and the relief requested therein in accordance

with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges

for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10,

1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application

having been provided and no other or further notice need be provided; and a hearing having been

held to consider the relief requested in the Application (the "Hearing"); and upon the record of

the Hearing and all of the proceedings had before the Court; and the Court having found and

determined that the relief sought in the Application is in the best interests of the Debtors, their

estates and creditors, and all parties in interest and that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the Application is approved; and it is further

ORDERED that pursuant to sections 327(a) and 328(a) of the Bankruptcy Code,

the Debtors' retention of Campbell as their financial advisors pursuant to the Engagement Letter

is approved *nunc pro tunc* to April 1, 2008 and the Debtors are authorized to retain Campbell on

the terms set forth in the Engagement Letter; and it is further

ORDERED that Campbell shall apply for compensation and reimbursement in

accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the

Local Rules of Civil Practice and Procedure of the United States District Court for the Southern

District of New York, the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the Southern District of New York (the "Local Rules"), the guidelines

established by the Office of the United States Trustee, and such other procedures as may be fixed

by order of this Court; and it is further

ORDERED that notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any orders of this Court, or any guidelines regarding submission and approval of fee applications, Campbell and its professionals shall only be required to maintain contemporaneous summary time records for services rendered in hourly increments; and it is further

ORDERED that, except as provided in the following decretal paragraph, the terms of the Monthly Fee and the Exit Fee, each as defined in the Engagement Letter, shall not hereafter be subject to challenge except under the standard of review set forth in section 328(a) of the Bankruptcy Code; and it is further

ORDERED that the United States Trustee, CapitalSource Finance LLC, as agent, and CSE Mortgage LLC, as agent, retain all rights to object to Campbell's interim and final fee applications (including expense reimbursements) on all grounds including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that all requests of Campbell for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall Campbell be indemnified in the case of (x) the gross negligence, willful misconduct or fraud of Campbell or (y) a material breach of a term or condition of the Engagement Letter by Campbell; and it is further

ORDERED that in no event shall Campbell be indemnified if the Debtors or a representative of the estates, assert a claim for, and a court determines by final order that such

claim arose out of, (x) the gross negligence, willful misconduct or fraud of Campbell or (y) a

material breach of a term or condition of the Engagement Letter by Campbell; and it is further

        ORDERED that in the event Campbell seeks reimbursement for attorneys' fees

from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records

from such attorneys shall be included in Campbell's own application (both interim and final) and

such invoices and time records shall be subject to the United States Trustee's guidelines for

compensation and reimbursement of expenses and the approval of the Bankruptcy Court under

the standards of sections 330 and 331 of the Bankruptcy Code without regards to whether such

attorney has been retained under section 327 of the Bankruptcy Code and without regard to

whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is

further

        ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for

the filing of a separate memorandum of law in support of the Application is satisfied.

Dated: New York, New York
      May 28, 2008

                        **/s/Martin Glenn**
                    **United States Bankruptcy Judge**

EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————x
                           :

In re                     :        Chapter 11 Case No.
                           :

LEXINGTON PRECISION CORP., et al.,   :      08-11153 (MG)
                           :

       Debtors.           :      (Jointly Administered)
                           :
————————————————————x

### ORDER PURSUANT TO SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016(a) ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion, dated April 2, 2008 (the "Motion") of Lexington Precision

Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession

(collectively, the "Debtors"), for an order pursuant to sections 105(a) and 331 of title 11 of the

United States Code (the "Bankruptcy Code") and Rule 2016(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), establishing procedures for interim monthly

compensation and reimbursement of expenses of professionals (the "Professionals"), all as more

fully described in the Motion; and the Court having jurisdiction to consider the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order

M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided and no other or further notice need be

provided; and a hearing having been held to consider the relief requested in the Motion (the

"Hearing"); and the appearances of all interested parties having been noted in the record of the

Hearing; and upon the Affidavit of Dennis J. Welhouse, sworn to on April 1, 2008 (the

"Welhouse Affidavit"), pursuant to Local Bankruptcy Rule 1007-2, the record of the Hearing,

and all of the proceedings had before the Court; and the Court having found and determined that

the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors,

and all parties in interest and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that except as may otherwise be provided in orders of the Court

authorizing the retention of specific Professionals, all Professionals in these cases may seek

monthly compensation in accordance with the following procedures (the "Interim Compensation

Procedures"):

    (a)    On or before the **thirtieth (30th)** day of each month following the month for which compensation is sought, each Professional seeking compensation shall file with the Court a monthly statement and serve (the "Monthly Statement"), by hand or overnight delivery, on (i) Lexington Precision Corporation, 800 Third Avenue, 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin); (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Christopher J. Marcus and John W. Lucas), attorneys for the Debtors; (iii) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg); (iv) Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, TN, 37219 (Attn: John C. Tishler), attorneys for the Debtors' prepetition lenders; (v) attorneys for the Official Committee of Unsecured Creditors (the "Committee"), Andrews Kurth, LLP, 450 Lexington Avenue, 15th Floor, New York, NY 10017 (Attn: Paul Silverstein); and (vi) O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, NY 10036 (Attn.: Gerald Bender), attorneys for Debtors' postpetition lenders (the "Notice Parties").

    (b)    Each Monthly Statement must contain a list of the individuals and the individuals' respective titles (e.g., attorney, paralegal, etc.) who provided services during the statement period, the individuals' respective billing rates, in the case of attorneys, their respective years of graduation from

law school, and to the extent applicable, their year of partnership, the aggregate hours spent by each individual, a reasonably detailed breakdown of the fees and expenses incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable.

(c)    Each Notice Party shall have **fifteen (15)** days after receiving the Monthly Statement to review the statement and, if the Notice Party objects to the compensation or reimbursement sought in a particular statement, such Notice Party shall, no later than the **forty-fifth (45th)** day following the end of the month for which compensation is sought, file with the Court and serve upon the Professional to whose Monthly Statement the Notice Party objects and the other Notice Parties a written "Notice of Objection to Fee Statement," setting forth the nature of the Notice Party's objection and the amount of fees or expenses at issue.

(d)    At the expiration of the **45** day period, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with paragraph (c) above.

(e)    If the Debtors object or receive an objection to a particular Monthly Statement, the Debtors shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (d).

(f)    If the parties to an objection resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose Monthly Statement was objected to files with the Court and serves on all Notice Parties a statement indicating that the objection is withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay in accordance with paragraph (d) that portion of the Monthly Statement that is no longer subject to an objection.

(g)    All objections that the parties do not resolve shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (i) below.

(h)    The filings and service of an objection in accordance with paragraph (c) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on

any ground regardless of whether the objecting party raised the ground in the objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not waive or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(i)     Commencing with the period ending July 31, 2008, and at four-month intervals thereafter, each of the professionals shall file with the Court, in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov), an application (an "Interim Fee Application") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the fee statements filed during such period (the "Interim Fee Period"). Each professional shall file its Interim Fee Application within forty-five (45) days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each professional shall file its first Interim Fee Application on or before September 15, 2008, and the first Interim Fee Application shall cover the Interim Fee Period from the Commencement Date through and including July 31, 2008.

(j)     The Debtors' attorneys shall obtain a date from the Court for the hearing of fee applications for all retained professionals. At least 30 days prior to such hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all retained professionals, setting forth the time, date and location of the fee hearing, the Interim Fee Period applications cover and the objection deadline. Any retained professional unable to file its own fee application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such application.

(k)     Any professional who fails to file an application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement when due shall be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until the professional files its application.

(l)     The pendency of an objection asserting that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect

on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

; and it is further

ORDERED that the amount of fees and disbursements sought be set out in U.S. dollars; and it is further

ORDERED that the attorneys for the Committee may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of the Committee as part of the attorneys for the Committee's fee applications to the Court; provided, however, that these reimbursement requests comply with this Court's Administrative Orders, dated June 24, 1991 and April 21, 1995; and it is further

ORDERED that any party may object to requests for payments made pursuant to this Order on the grounds that the Debtors have not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of this Court, otherwise, this Order shall continue and shall remain in effect during the pendency of this case; and it is further

ORDERED that the Debtors shall include all payments to professionals on their monthly operating reports, detailed so as to state the amount paid to each professional; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated: April 22, 2008
New York, New York

/s/Martin Glenn
United States Bankruptcy Judge



**W.Y. CAMPBELL & COMPANY**
INVESTMENT BANKING

EXHIBIT C

ONE WOODWARD AVENUE • 26 TH FLOOR • DETROIT, MI 48226
313-496-9000 • *313-496-9001 FAX*

September 4, 2009

Mr. Dennis Wellhouse
Lexington Precision Corporation
800 Third Avenue
15th Floor
New York, NY 10022

| | |
|---|---:|
| Monthly Advisory Fees:   (July  2009)<br>(Monthly Advisory Fee $50,000/month x 1) | $ 50,000.00 |
| 80% of Advisory Fees: | x .80 |
| | $ 40,000.00 |
| **Total amount due:** | **$ 40,000.00** |

Wire Transfer Instructions for the account of:

**W. Y. Campbell & Company**
Comerica Bank
ABA# 072000096 (routing number)
Account # 1850605484



**W.Y. CAMPBELL & COMPANY**
INVESTMENT BANKING

ONE WOODWARD AVENUE • 26 TH FLOOR • DETROIT, MI 48226
313-496-9000 • *313-496-9001 FAX*

Comerica                                                                    9/4/09

### Monthly Client Expense Report
7/1/09 Through 7/31/09

Lexington Precision

| | |
|---|---:|
| 55100-Legal | 1639.00 |
| 55625-Federal Express | 352.08 |
| 55905-Reproduction | 225.00 |
| 56000-Reference | 700.00 |
| 56230-Telephone | 659.25 |
| 56450-Travel | 3048.12 |
| 56460-Meals | 46.16 |

TOTAL EXPENSESDUE                           $6,669.61

Wire Transfer Instructions for the account of:
**W. Y. Campbell & Company**
Comerica Bank
ABA# 072000096 (routing number)
Account # 1850605484
Swift code #MNBDUS33

**Federal Express**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 7/31/2009 | Federal Express | Detroit, MI | 352.08 | vendor | various |
| | | | 352.08 | | |

**LEXINGTON PRECISION**

**Reproduction Costs**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 7/31/2009 | color copies | Detroit, MI | 180.00 | 1.00/page | various |
| 7/31/2009 | b/w copies | Detroit, MI | 45.00 | .10/page | various |
| | | | 225.00 | | |

**LEXINGTON PRECISION**

**Reference/Data Base**



| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 7/10/2009 | Reference | Detroit | 150.00 | vendor | G. McGowan |
| 7/13/2009 | Reference | Detroit | 100.00 | vendor | A.Schroeder |
| 7/20/09 | Reference | Detroit | 150.00 | vendor | G. McGowan |
| 7/22/09 | Reference | Detroit | 100.00 | vendor | A.Schroeder |
| 7/28/09 | Reference | Detroit | 200.00 | vendor | A.Schroeder |
| | | | 700.00 | | |

**LEXINGTON PRECISION**

**Telephone**



| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 7/31/2009 | conference calls | Detroit, MI | 659.25 | vendor | various |
| | | | 659.25 | | |

**LEXINGTON PRECISION**

**Legal**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 07/31/09 | Dickinson Wright | Detroit, MI | 1,639.00 | vendor | |
| | | | 1,639.00 | | |



**LEXINGTON PRECISION**

**Travel**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 7/8 | Cab Fare | Lexington - NYC | $35.00 | vendor | K. Haras |
| 7/9 | Parking | Lexington - NYC | $50.00 | vendor | K. Haras |
| 7/9 | Airfare | Lexington - NYC | $244.20 | vendor | K. Haras |
| 7/9 | Lodging | Lexington - NYC | $288.58 | vendor | K. Haras |
| 7/9 | Cab Fare | Lexington - NYC | $35.00 | vendor | K. Haras |
| 7/9 | Mileage | Lexington - NYC | $21.45 | vendor | K. Haras |
| 7/15 | Cab Fare | Lexington - NYC | $38.00 | vendor | K. Haras |
| 7/15 | Airfare | Lexington - NYC | $542.20 | vendor | K. Haras |
| 7/16 | Airport Parking | Lexington - NYC | $50.00 | vendor | K. Haras |
| 7/16 | Cab Fare | Lexington - NYC | $30.00 | vendor | K. Haras |
| 7/16 | Lodging | Lexington - NYC | $322.86 | vendor | K. Haras |
| 7/16 | Mileage | Lexington - NYC | $21.45 | vendor | K. Haras |
| | | | | | |
| 7/8/09 | Taxi from airport | Lexington - NYC | 35.00 | vendor | A. Augier |
| 7/8/09 | Hotel | Lexington - NYC | 328.58 | vendor | A. Augier |
| 7/8/09 | Airfare + agent fee | Lexington - NYC | 527.20 | vendor | A. Augier |
| 7/8/09 | taxi to airport | Lexington - NYC | 35.00 | vendor | A. Augier |
| 7/8/09 | Airport Parking | Lexington - NYC | 50.00 | vendor | A. Augier |
| 7/21/09 | Airfare + agent fee for change | Lexington - NYC | 105.00 | vendor | A. Augier |
| 7/21/09 | Airport Parking | Lexington - NYC | 25.00 | vendor | A. Augier |
| 7/21/09 | taxi from airport | Lexington - NYC | 35.00 | vendor | A. Augier |
| 7/21/09 | Airfare + agent fee | Lexington - NYC | 193.60 | vendor | A. Augier |
| 7/21/09 | taxi to airport | Lexington - NYC | 35.00 | vendor | A. Augier |

3,048.12

# LEXINGTON PRECISION

## Meals

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 7/9 | Dinner | Lexington - NYC | $10.05 | vendor | K. Haras |
| 7/9 | Breakfast | Lexington - NYC | $20.00 | vendor | K. Haras |
| 7/16 | Dinner | Lexington - NYC | $8.11 | vendor | K. Haras |
| 7/8/09 | Lunch while traveling | Lexington - NYC | 8.00 | vendor | A. Augier |
| | | | 46.16 | | |

Task Codes

**10 Administration**
11 Meeting/Calls (Internal)
12 Meeting/Calls (WYCC/Client)
13 Meeting/Calls (WYCC/Committee)
14 Preparation of Fee Documents
15 Travel
16 Administration Items
17 Legal
18 Correspondence with client

**20 Facility Tours**
21 Facility Tour

**30 Offering Documents**
31 Drafting of Offering Documents
32 Review of Offering Documents
33 Drafting of Management Presentation
34 Review of Management Presentation
39 Data Review - Document Preparation

**40 Financial**
41 Financial Modeling
42 Financial Model Review
43 Review of Financial Data
44 Valuation Report

**50 Marketing**
51 Investor Research
52 Meetings and Discussions - Marketing
53 Discussions with Potential Investors
54 Management Presentations
55 Industry Research

**60 Due Diligence**
61 Due Diligence Data
62 Data Requests

W.Y. CAMPBELL & COMPANY
Lexington Precision Corporation - Chapter 11 Reorganization
Summary of Services Provided
July 2009

| Name | Function | Title | Number of Hours |
|------|----------|-------|-----------------|
| André A. Augier | Investment Banking | Managing Director | 54.0 |
| Kurt L. Haras | Investment Banking | Director | 56.5 |
| Gregory S. McGowan | Investment Banking | Vice President | 67.0 |
| Alexander J. Schroeder | Investment Banking | Associate | 74.5 |
| **Total** | | | **252.0** |

Lexington Precision Corporation - Time Sheet

Confidential



IN ACCOUNT WITH

# DICKINSON WRIGHT PLLC

500 WOODWARD AVENUE, SUITE 4000
DETROIT, MICHIGAN 48226-3425
TELEPHONE: (313) 223-3500
http://www.dickinsonwright.com
FEDERAL I.D. #38-1364333

June 23, 2009
Invoice No. 680580

021924   W.Y. CAMPBELL & COMPANY
021924-00020 LEXINGTON PRECISION FEE APPLICATION
W.Y. CAMPBELL & COMPANY
ONE WOODWARD AVE., 26TH FLOOR
DETROIT, MI  48226

Lexington

ATTN: ANDRE' A. AUGIER

| DATE | | SERVICES | HOURS |
|------|------|----------|-------|
| 05/04/09 | ARB | TC to client re: interim fee application deadline. (.1) Emails with client re: same. (.2) Begin drafting third interim fee application. (.5). | .80 |
| 05/04/09 | ARVG | Conference with A. Bach regarding file. Review on monthly and annual statement filings. Attention to docket. | .50 |
| 05/06/09 | ARB | Confer with W. Rees and A. Vergon re: interim fee application. (.1) Email to client re: same. (.1) | .20 |
| 05/06/09 | ARVG | Review of emails from client and W. Rees. Review of legal expense invoice for statement filing. | .40 |
| 05/07/09 | WWR | Prep of Monthly Fee Application for March 2009 and organization of exhibits; Draft Interim Fee Application for Dec. 2008-March 2009 and organization of exhibits; Email AVG re: status | 1.50 |
| 05/08/09 | ARVG | Review and finalize monthly filing statement. Review and respond to emails from T. McInchak. Coordinate and confirm electronic filing of statement. | 1.30 |
| 05/11/09 | WWR | Discussion with AVG re: March 2009 monthly fee application and information required for Interim Fee Application (.2); Revisions to Interim Fee Application (.1) | .30 |
| 05/12/09 | ARVG | Review of email exchange between client and W. Rees. Attention to docket regarding annual statement filing. | .30 |



500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226-3425
Telephone: (313) 223-3500
http://www.dickinsonwright.com
FEDERAL I.D. #38-1364333

021924-00020
W.Y. CAMPBELL & COMPANY
LEXINGTON PRECISION FEE APPLICATION

Invoice No. 680580
Page    2

| Date | | Description | Value |
|---|---|---|---|
| 05/12/09 | WWR | Email Tracey McInchak regarding time sheet summary for Dec. 2008 and actual timesheets for Dec. 2008 and Jan. 2009(.2); Receipt information and finalize Third Interim Application (.4) | .60 |
| 05/15/09 | ARVG | Review, revise, finalize and coordinate filing of Third Interim Fee Application. Review and update exhibits. | 1.50 |

TOTAL SERVICES. . . . . . . . . .$     1,427.00

| DATE | DISBURSEMENTS | VALUE |
|---|---|---|
| | REPRODUCTION-INSIDE FIRM | 212.00 |

TOTAL DISBURSEMENTS. . . . . . . $     212.00

TOTAL CURRENT CHARGES. . . . . . $     1,639.00

W.Y. CAMPBELL & COMPANY

Confidential

# Lexington Precision Corporation - Chapter 11 Reorganization

*Time Sheet - Andre A. Augier, Managing Director*

| Date | Time | Task Code | Task | Description of Task |
|---|---|---|---|---|
| Wednesday, July 01, 2009 | 2.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Thursday, July 02, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, July 02, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 03, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, July 03, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Monday, July 06, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Tuesday, July 07, 2009 | 4.0 hrs | 15 | Travel | Travel - Detroit, MI to New York, NY |
| Tuesday, July 07, 2009 | 4.0 hrs | 54 | Management Presentations | Management presentation with prospective investor group |
| Wednesday, July 08, 2009 | 4.0 hrs | 54 | Management Presentations | Management presentation with prospective investor group |
| Wednesday, July 08, 2009 | 4.0 hrs | 15 | Travel | Travel - New York, NY to Detroit, MI |
| Thursday, July 09, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, July 13, 2009 | 1.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 13, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, July 13, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Tuesday, July 14, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, July 15, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, July 16, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, July 16, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Monday, July 20, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 20, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, July 21, 2009 | 4.0 hrs | 15 | Travel | Travel - Detroit, MI to New York, NY |
| Tuesday, July 21, 2009 | 3.5 hrs | 54 | Management Presentations | Management presentation with prospective investor group |
| Tuesday, July 21, 2009 | 3.5 hrs | 54 | Management Presentations | Travel - New York, NY to Detroit, MI |
| Tuesday, July 21, 2009 | 4.0 hrs | 15 | Travel | Phone/email correspondence with client |
| Wednesday, July 22, 2009 | 0.5 hrs | 18 | Correspondence with client | Call with potential investor group |
| Wednesday, July 22, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Thursday, July 23, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Internal WYC&C planning meeting |
| Monday, July 27, 2009 | 1.5 hrs | 11 | Meeting/Calls (Internal) | Phone/email correspondence with client |
| Monday, July 27, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, July 28, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, July 30, 2009 | 0.5 hrs | 18 | Correspondence with client | Call with potential investor group |
| Thursday, July 30, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with client |
| Friday, July 31, 2009 | 0.5 hrs | 18 | Correspondence with client | Call with potential investor group |
| Friday, July 31, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | |

**Total Hours - July 2009**    54.0 hrs

W.Y. CAMPBELL & COMPANY

Lexington Precision Corporation - Chapter 11 Reorganization

*Time Sheet - Kurt L. Harris, Director*

| Date | Task | Task Code | Time | Description of Task |
|------|------|-----------|------|---------------------|
| Wednesday, July 01, 2009 | Discussions with Potential Investors | 53 | 2.5 hrs | Call with potential investor group |
| Thursday, July 02, 2009 | Correspondence with client | 18 | 1.0 hrs | Phone/email correspondence with client |
| Thursday, July 02, 2009 | Discussions with Potential Investors | 53 | 0.5 hrs | Call with potential investor group |
| Friday, July 03, 2009 | Correspondence with client | 18 | 0.5 hrs | Phone/email correspondence with client |
| Monday, July 06, 2009 | Meeting/Calls (Internal) | 11 | 1.0 hrs | Internal WYC&C planning meeting |
| Monday, July 06, 2009 | Discussions with Potential Investors | 53 | 0.5 hrs | Call with potential investor group |
| Tuesday, July 07, 2009 | Correspondence with client | 18 | 1.0 hrs | Phone/email correspondence with client |
| Wednesday, July 08, 2009 | Travel | 15 | 4.0 hrs | Travel - Detroit, MI To New York, NY |
| Wednesday, July 08, 2009 | Management Presentations | 54 | 4.0 hrs | Management presentation with prospective investor group |
| Thursday, July 09, 2009 | Management Presentations | 54 | 3.5 hrs | Management presentation with prospective investor group |
| Thursday, July 09, 2009 | Travel | 15 | 4.0 hrs | Travel - New York, NY to Detroit, MI |
| Friday, July 10, 2009 | Discussions with Potential Investors | 53 | 0.5 hrs | Call with potential investor group |
| Monday, July 13, 2009 | Meeting/Calls (Internal) | 11 | 1.5 hrs | Internal WYC&C planning meeting |
| Monday, July 13, 2009 | Correspondence with client | 18 | 0.5 hrs | Phone/email correspondence with client |
| Tuesday, July 14, 2009 | Correspondence with client | 18 | 1.0 hrs | Phone/email correspondence with client |
| Tuesday, July 14, 2009 | Discussions with Potential Investors | 53 | 0.5 hrs | Call with potential investor group |
| Wednesday, July 15, 2009 | Travel | 15 | 4.0 hrs | Travel - Detroit, MI To New York, NY |
| Wednesday, July 15, 2009 | Management Presentations | 54 | 4.5 hrs | Management presentation with prospective investor group |
| Thursday, July 16, 2009 | Management Presentations | 54 | 3.5 hrs | Management presentation with prospective investor group |
| Thursday, July 16, 2009 | Travel | 15 | 4.0 hrs | Travel - New York, NY to Detroit, MI |
| Friday, July 17, 2009 | Correspondence with client | 18 | 0.5 hrs | Phone/email correspondence with client |
| Monday, July 20, 2009 | Meeting/Calls (Internal) | 11 | 1.0 hrs | Internal WYC&C planning meeting |
| Monday, July 20, 2009 | Discussions with Potential Investors | 53 | 1.5 hrs | Call with potential investor group |
| Tuesday, July 21, 2009 | Discussions with Potential Investors | 53 | 1.0 hrs | Call with potential investor group |
| Wednesday, July 22, 2009 | Correspondence with client | 18 | 0.5 hrs | Phone/email correspondence with client |
| Wednesday, July 22, 2009 | Discussions with Potential Investors | 53 | 0.5 hrs | Call with potential investor group |
| Thursday, July 23, 2009 | Correspondence with client | 18 | 1.0 hrs | Phone/email correspondence with client |
| Friday, July 24, 2009 | Correspondence with client | 18 | 0.5 hrs | Phone/email correspondence with client |
| Monday, July 27, 2009 | Meeting/Calls (Internal) | 11 | 1.5 hrs | Internal WYC&C planning meeting |
| Monday, July 27, 2009 | Discussions with Potential Investors | 53 | 0.5 hrs | Call with potential investor group |
| Tuesday, July 28, 2009 | Correspondence with client | 18 | 1.0 hrs | Phone/email correspondence with client |
| Thursday, July 30, 2009 | Correspondence with client | 18 | 1.0 hrs | Phone/email correspondence with client |
| Thursday, July 30, 2009 | Discussions with Potential Investors | 53 | 0.5 hrs | Call with potential investor group |
| Friday, July 31, 2009 | Discussions with Potential Investors | 53 | 1.0 hrs | Call with potential investor group |
| Friday, July 31, 2009 | Correspondence with client | 18 | 0.5 hrs | Phone/email correspondence with client |
| Friday, July 31, 2009 | Discussions with Potential Investors | 53 | 1.5 hrs | Call with potential investor group |

**Total Hours - July 2009**    56.5 hrs

Lexington Precision Corporation - Time Sheet

Confidential

W.Y. CAMPBELL & COMPANY

Confidential

# Lexington Precision Corporation - Chapter 11 Reorganization

*Time Sheet - Gregory S. McGowan, Vice President*

| Date | Time | Task Code | Task | Description of Task |
|---|---|---|---|---|
| Wednesday, July 01, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, July 03, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, July 06, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 06, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, July 06, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Tuesday, July 07, 2009 | 2.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Thursday, July 09, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, July 09, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 10, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, July 10, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 10, 2009 | 2.5 hrs | 61 | Due Diligence Data | Fulfillment of due diligence requests |
| Monday, July 13, 2009 | 1.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 13, 2009 | 3.0 hrs | 61 | Due Diligence Data | Fulfillment of due diligence requests |
| Tuesday, July 14, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, July 14, 2009 | 4.0 hrs | 61 | Due Diligence Data | Fulfillment of due diligence requests |
| Wednesday, July 15, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Wednesday, July 15, 2009 | 2.5 hrs | 61 | Due Diligence Data | Fulfillment of due diligence requests |
| Thursday, July 16, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Thursday, July 16, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, July 17, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 17, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 20, 2009 | 1.0 hrs | 61 | Due Diligence Data | Fulfillment of due diligence requests |
| Monday, July 20, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Tuesday, July 21, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Tuesday, July 21, 2009 | 2.0 hrs | 61 | Due Diligence Data | Fulfillment of due diligence requests |
| Wednesday, July 22, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, July 22, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Thursday, July 23, 2009 | 1.0 hrs | 61 | Due Diligence Data | Fulfillment of due diligence requests |
| Friday, July 24, 2009 | 1.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, July 24, 2009 | 3.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 24, 2009 | 1.5 hrs | 61 | Due Diligence Data | Fulfillment of due diligence requests |
| Monday, July 27, 2009 | 0.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Tuesday, July 28, 2009 | 2.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, July 28, 2009 | 2.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Tuesday, July 28, 2009 | 1.5 hrs | 61 | Due Diligence Data | Fulfillment of due diligence requests |
| Wednesday, July 29, 2009 | 2.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Wednesday, July 29, 2009 | 1.0 hrs | 43 | Review of Financial Data | Analysis of revised financial data |
| Thursday, July 30, 2009 | 3.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, July 30, 2009 | 2.0 hrs | 43 | Review of Financial Data | Analysis of revised financial data |
| Thursday, July 30, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, July 31, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 31, 2009 | 2.0 hrs | 61 | Due Diligence Data | Fulfillment of due diligence requests |
| Friday, July 31, 2009 | 4.0 hrs | 61 | Due Diligence Data | Construction/review of data room |

**Total Hours - July 2009**   67.0 hrs

Lexington Precision Corporation - Time Sheet

W.Y. CAMPBELL & COMPANY

Lexington Precision Corporation - Chapter 11 Reorganization

*Time Sheet - Alexander J. Schroeder, Associate*

| Date | Time | Task Code | Task | Description of Task |
|---|---|---|---|---|
| Wednesday, July 01, 2009 | 2.5 hrs | 53 | Discussions with Potential Investors | Conference call with potential investor group |
| Thursday, July 02, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 03, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Monday, July 06, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 06, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Wednesday, July 08, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 10, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Monday, July 13, 2009 | 1.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 13, 2009 | 5.0 hrs | 61 | Due Diligence Data | Due diligence gathering and data room population |
| Tuesday, July 14, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Tuesday, July 14, 2009 | 2.0 hrs | 61 | Due Diligence Data | Due diligence gathering and data room population |
| Wednesday, July 15, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Thursday, July 16, 2009 | 4.0 hrs | 61 | Due Diligence Data | Due diligence gathering and data room population |
| Friday, July 17, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 17, 2009 | 5.0 hrs | 61 | Due Diligence Data | Due diligence gathering and data room population |
| Monday, July 20, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Tuesday, July 21, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Wednesday, July 22, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Wednesday, July 22, 2009 | 4.0 hrs | 61 | Due Diligence Data | Due diligence gathering and data room population |
| Wednesday, July 22, 2009 | 3.5 hrs | 41 | Financial Modeling | Review/modeling of pro forma financials |
| Thursday, July 23, 2009 | 3.0 hrs | 61 | Due Diligence Data | Due diligence gathering and data room population |
| Thursday, July 23, 2009 | 1.5 hrs | 41 | Financial Modeling | Review/modeling of pro forma financials |
| Friday, July 24, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 24, 2009 | 1.0 hrs | 41 | Financial Modeling | Review/modeling of pro forma financials |
| Monday, July 27, 2009 | 1.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 27, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Monday, July 27, 2009 | 2.0 hrs | 61 | Due Diligence Data | Due diligence gathering and data room population |
| Monday, July 27, 2009 | 2.0 hrs | 41 | Financial Modeling | Review/modeling of pro forma financials |
| Tuesday, July 28, 2009 | 2.5 hrs | 61 | Due Diligence Data | Due diligence gathering and data room population |
| Tuesday, July 28, 2009 | 3.0 hrs | 41 | Financial Modeling | Review/modeling of pro forma financials |
| Wednesday, July 29, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Wednesday, July 29, 2009 | 3.0 hrs | 41 | Financial Modeling | Review/modeling of pro forma financials |
| Wednesday, July 29, 2009 | 1.0 hrs | 61 | Due Diligence Data | Due diligence gathering and data room population |
| Thursday, July 30, 2009 | 1.0 hrs | 41 | Financial Modeling | Review/modeling of pro forma financials |
| Thursday, July 30, 2009 | 6.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 31, 2009 | 1.0 hrs | 61 | Due Diligence Data | Due diligence gathering and data room population |
| Friday, July 31, 2009 | 1.5 hrs | 61 | Due Diligence Data | Review/modeling of pro forma financials |
| Friday, July 31, 2009 | 4.0 hrs | 41 | Financial Modeling |  |

**Total Hours - July 2009**     74.5 hrs

Lexington Precision Corporation - Time Sheet

Confidential