UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x

In re:                                            :        Chapter 11
                                                  :
   LEXINGTON PRECISION CORP,                      :
                                                  :        Case No. 08-11153 (MG)
          *et al.*,                               :
                                                  :        Jointly Administered
                Debtors.                          :
—————————————————————— x

## FOURTH INTERIM APPLICATION OF W.Y. CAMPBELL & COMPANY FOR COMPENSATION AND REIMBURSEMENT EXPENSES

Name of Applicant:                              <u>W.Y. Campbell & Company</u>

Authorized to Provide Professional Services to:  <u>Lexington Precisions Corporation and Lexington Rubber Group, Inc.</u>

Date of Retention:                              <u>As of April 1, 2008</u>

Period for which compensation and
reimbursement are sought:                       <u>April 1, 2009 through July 31, 2009</u>

Amount of compensation sought as actual,
reasonable, and necessary:                      $ 200,000.00

Amount of expense reimbursement sought as
actual, reasonable, and necessary:              $  18,233.42

This is a(n):            ___ Monthly        <u>X</u>  Interim       __ Final Application

If this is not the first application filed, disclose the following for prior application:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 9/15/2008 | Commencement – July 31, 2008 | $200,000 | $13,777.58 | $200,000 | $13,755.99 |
| 1/15/2009 | August 1, 2008 – November 30, 2008 | $200,000 | $14,881.04 | $200,000 | $14,881.04 |
| 5/15/2009 | December 1, 2008- March 31, 2009 | $200,000 | $10,609.44 | $200,000 | $9,954.89 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x

In re:                                             :          Chapter 11
                                                   :
        LEXINGTON PRECISION CORP,                  :    :
                                                   :          Case No. 08-11153 (MG)
                *et al.*,                          :
                                                   :          Jointly Administered
                Debtors.                           :
——————————————————————— x

## FOURTH INTERIM APPLICATION OF W.Y. CAMPBELL & COMPANY FOR COMPENSATION AND REIMBURSEMENT EXPENSES

Dickinson Wright PLLC on behalf of W.Y. Campbell & Company ("W.Y. Campbell") as

financial advisor and investment banker for Lexington Precision Corp. and Lexington Rubber

Group, Inc., (collectively, "Lexington", the "Debtors" or the "Company") as debtors and debtors-

in-possession in the above captioned cases (the "Reorganization Cases"), submits this Fourth

Interim Application (the "Fourth Interim Application") seeking interim allowance and payment

of compensation for the period from April 1, 2009 through July 31, 2009 (the "Application

Period") under (i) 11 U.S.C. §§ 330 and 331 (the "Bankruptcy Code"), (ii) Rules 2014 and 2016

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Administrative

Order M-150, Amended Guidelines for Fees and Disbursements for Professionals in Southern

District of New York Bankruptcy Case (the "Amended Guideline"), (iv) the Order of this Court

dated April 22, 2008   (the "Fee Order") establishing procedures for interim monthly

compensation and reimbursement of expenses of professionals, and (v) the Order of this Court,

dated May 28, 2008 (the "Retention Order") Authorizing Retention of W.Y. Campbell &

Company as Financial Advisor for the Debtors, *nunc pro tunc* to April 1, 2008. See **Exhibit A**, Retention Order.

As more fully described below, W.Y. Campbell submits this Fourth Interim Application for allowance of compensation for professional services as financial advisor and investment banker rendered by W.Y. Campbell to Debtors. W.Y. Campbell certifies that the Debtors and their reorganization counsel have received a copy of this Fourth Interim Application and that a copy has been served on the office of the U.S. Trustee and Counsel for the Official Committee of Unsecured Creditors. In support of this Fourth Interim Application, W.Y. Campbell respectfully represents as follows:

## BACKGROUND

1.      On April 1, 2008 (the "Petition Date"), each of the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(b) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

2.      On April 22, 2008 the Bankruptcy Court entered its Fee Order establishing procedures for interim monthly compensation and reimbursement of expenses of professionals.

## RETENTION OF W.Y. CAMPBELL

3.      By letter agreement dated April 1, 2008 (the "Engagement Letter"), the Debtors retained W.Y. Campbell as final advisors and investment banker to the Debtors in connection with these chapter 11 cases. A copy of the Engagement Letter is attached as **Exhibit B**.

4.     W.Y. Campbell refers this Court to the Engagement Letter for a full recitation of
its terms. In sum, Debtors retained W.Y. Campbell to:

    a.    identify, review, evaluate, and initiate potential financing, or
other transactions;

    b.    to the extent W.Y. Campbell deems necessary, appropriate, and feasible,
or as the Company may request, review and analyze the assets and the
operating and financial strategies of the Company;

    c.    assist in the definition of objectives related to value and terms of
financing or an alternative transaction;

    d.    assist in identification of the Company's proprietary attributes;

    e.    assist in the identification and solicitation of appropriate financing or
transaction parties;

    f.    prepare and distribute confidentiality agreements and appropriate
descriptive materials (to include placement or offering memorandum,
management presentations, and other documentation as may be required
or appropriate);

    g.    initiate discussions and negotiations with prospective financing or
transaction parties;

    h.    assist the Company and its other professionals in reviewing and evaluating
the terms of any proposed financing  or other transaction, in
responding thereto and, if directed, in developing and evaluating
alternative proposals for a financing or other transaction;

    i.    review and analyze any proposals the Company receives from Third
parties in connection with a financing, or other transaction;

    j.    assist or participate in negotiations with the parties in interest in
connection with a financing, or other transaction;

    k.    advise and attend meetings of the Company's Board of Directors, creditor
groups, official constituencies and other interested parties, as the
Company determines to be necessary or desirable;

    l.    if requested, participate in hearings before the United States Bankruptcy
Court for the Southern District of New York (the "Bankruptcy Court") or
such district or other bankruptcy courts as the Company may request and
provide relevant testimony with respect to the matters described herein

3

and issues arising with respect thereto in connection with any proposed
chapter 11 plan;

m.  assist the Debtors' internal and external counsel to enable counsel to
provide legal advise to the Company; and

n.  render such other financial advisory and investment banking services as
may be reasonably requested by the Company in connection with any of
the foregoing.

## COMPENSATION

5.  Pursuant to the Engagement Letter and as more fully set forth in Retention Order,
in consideration for the services provided to the Debtors, the Debtors have agreed to pay W.Y.
Campbell the following amounts, pursuant to Section 328 of the Bankruptcy Code, and subject to
the final approval of the Bankruptcy Court:

a.  Commencing as of the effective date of the Engagement letter, a cash
advisory fee (the "Monthly Fee") of $50,000 per month payable by the
Company in advance on the first day of each month, which in the
aggregate shall not under any circumstance be less than $500,000;
provided, however, that the Monthly Fee for each month preceding entry
of an order of the Bankruptcy Court approving and authorizing this
Agreement shall be paid as soon as practicable after entry of such order.

b.  A fee (the "Exit Fee") of $650,000 shall be due and payable in cash upon
the Company's successful exit from Chapter 11.

c.  To the extent the Debtors request W.Y. Campbell to perform additional
services not contemplated by this Agreement, such additional fees shall be
mutually agreed upon by W.Y. Campbell and the Debtors, in writing, in
advance.

6.  Pursuant to the Engagement Letter and the Retention Order, the Debtors will
reimburse W.Y. Campbell for reasonable out-of-pocket expenses incurred in connection with the
provision of services under the Engagement Letter, including, without limitation, the reasonable
fees, disbursements and other charges of W.Y. Campbell's outside counsel.   Out-of-pocket

4

expense include expenses incurred in connection with travel and lodging, data processing and communication charges, database, research, postage and courier services.

7.     W.Y. Campbell has submitted monthly statement of fees and disbursements covering the period for April 1, 2009 through July 31, 2009 seeking $160,000 representing 80% of its Monthly Advisory Fees from April 1, 2009 through July 31, 2009 and $18,233.42 in out-of-pocket expenses to (i) the Debtors, (ii) counsel for the Debtors, (iii) counsel for the official committee of unsecured creditors, (iv) the Office of the United States Trustee, (v) counsel for the Debtors' pre-petition lenders, and (vi) counsel for Debtors' post-petition lenders.

## RELIEF REQUESTED

8.     By this Application, W.Y. Campbell seeks an Order (i) granting interim allowance and approval of compensation for services rendered during the period April 1, 2009 though and including July 31, 2009 consisting of $200,000.00 of fees plus the reimbursement of reasonable and necessary expenses incurred by W.Y. Campbell during the Application Period in the amount of $18,233.42, (ii) authorizing and directing the Debtors to make payments in respect of 100% of such fees, to the extent not yet received by W.Y. Campbell for the Application Period, including, without limitation, the 20% holdback amount withheld pursuant to the terms of the Fee Order, and (iii) authorizing and directing the Debtors to pay 100% of such expenses, to the extent not yet received by W.Y. Campbell for the Application Period.

9.     W.Y. Campbell performed all services for which it seeks compensation for and on behalf of the Debtors. W.Y. Campbell has not entered into any agreement, express or implied, with any party in interest for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

10.    Attached as **Exhibit C** are invoices for the total compensation and expenses sought by W.Y. Campbell for the Relevant Period and a breakdown of W.Y. Campbell's

5

expenses incurred during the Relevant Period. Attached as **Exhibit D** are daily time logs detailing the activities and services performed by W.Y. Campbell on behalf of the Debtors during the Relevant Period. The resumes of key professional of W.Y. Campbell providing services to the Debtors are attached as **Exhibit E.**

## LEGAL BASIS FOR REQUESTED COMPENSATION

11.     W.Y. Campbell is entitled to receive the fees requested in accordance with the express terms of the Engagement Letter and the provisions of Section 328(a) of the Bankruptcy Code which permits a debtor, with the Court's approval, to employ a professional person "on reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

12.     Moreover, Section 330 of the Bankruptcy Code provides for the award of compensation to professionals "subject to" the provisions of Section 328 of the Bankruptcy Code. 11 U.S.C. § 330.

13.     Congress intended Section 328(a) to enable debtors to retain professionals pursuant to specific fee arrangements to be determined at the time of the court's approval of the retention, subject to reversal only if the terms are found to be improvident in light of "developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a). See also *Donaldson, Lufkin, & Jenrette Sec. Corp. v. Nat'l Gypsum Co.*, 123 F.3d 861, 862-63 (5th Cir. 1997)("[I]f the most competent professionals are to be available for complicated capital restructuring and the development of successful corporate reorganization, they must know what they will receive for their expertise and commitment.").

14.     Pursuant to the Retention Order, this Court approved the retention of W.Y. Campbell under the terms of the Engagement Letter, subject to the standard of review provided under Section 328(a). See Exhibit A.

6

15.    The compensation for services rendered during the Relevant Period has been earned and is due and payable in full under the terms of the Engagement Letter. W.Y. Campbell submits that there have been no developments since the entry of the Retention Order that were "not capable of being anticipated" and that would justify any modification to the terms of W.Y. Campbell's retention. Thus, W.Y. Campbell submits that the fees and expense reimbursements sought should be allowed and approved by the Court under Sections 328(a) and 330 of the Bankruptcy Code.

16.    Senior level professionals with extensive experience in the area of investment banking and bankruptcy have directed W.Y. Campbell's team. The services rendered by W.Y. Campbell have been performed by Andre A. Augier, Managing Director; Kurt Haras, Director; Gregory McGowan, Vice President; and Alexander Schroeder, Analyst. W.Y. Campbell's assigns seniors bankers, experienced junior bankers, and financial analysts to each restructuring assignment. In this case, Andre A. Augier has overall responsibility for the case. His responsibilities include developing strategy with respect to the case, directing negotiations, and interfacing with other senior professionals involved with the case. Kurt Haras is responsible for the day-to-day coordination of the case and the review of the financial analyses. As the experienced junior banker on the case, Gregory McGowan assists in the day-to-day coordination of the case and performs, with the analyst Alexander Schroeder, extensive financial analyses. Mr. Augier, Mr. Haras, Mr. McGowan, and Mr. Schroeder coordinate their actions so as not to duplicate efforts. Given the different roles of these professionals and overlapping responsibilities, there are times where it is appropriate for two or more bankers to be present at a meeting.

17.    The amount of fees and expenses sought in this application and W.Y. Campbell's billing process are consistent with market practices for investment banking firms both in and out of a bankruptcy context.

18.    W.Y. Campbell does not bill its clients based on the number of hours expended by its professionals. It generally bills its client on a retainer basis (generally monthly), plus a transaction fee or fee based upon completion. As a result, W.Y. Campbell does not have hourly rates for its professionals and W.Y. Campbell's professionals generally do not maintain time records for the work performed for its client. Although not required by the Retention Order, W.Y. Campbell has maintained daily time logs detailing the activities and services performed by its professionals on behalf of the Debtors, in half-hour increments, during the Relevant Period. A copy of these records is attached as **Exhibit D**.

19.    In light of the complexity of this case, as well as the corporate and financial structure of the Debtors, the amount of activity during the Relevant period, and the level of services rendered by W.Y. Campbell to the Debtors, W.Y. Campbell considers the compensation sought both fair and reasonable. In addition, it is consistent with the terms of the Engagement Letter.

## SUMMARY OF SERVICES RENDERED

20.    All services rendered by W.Y. Campbell during the Relevant Period were performed at the request or direction of the Debtors or legal professionals of Weil, Gotshal & Manges, LLP ("Weil").

21.    During the Application Period, W.Y. Campbell has provided a broad range of necessary financial advisory services with respect to the formulation, analysis, negotiation, and implementation of strategic initiatives relating to Debtors' Chapter 11 reorganization. Provided below is a summary of the services provided by W. Y. Campbell & Company for Lexington

8

Precision Corporation ("Lexington") in connection with its Chapter 11 reorganization. This work occurred from April 1, 2009 to July 31, 2009 and is described in further detail in the monthly time sheets submitted by W. Y. Campbell & Company, attached as **Exhibit D**.

- Facilitated data requests from advisors to the Committee
- Engaged in extensive discussions with management of Lexington in regards to data requests from advisors to the Committee
- Fulfilled data requests from advisors to the Committee
- Met with and held conference calls with advisors to the Committee
- Analyzed and reviewed Lexington's financial projections
- Engaged in extensive discussions with management of Lexington in regards to financial projections
- Constructed numerous financial models utilized in the valuation of Lexington
- Drafted a valuation report utilized in connection with a mediation hearing
- Performed extensive valuation research in connection with the valuation analysis and valuation reports
- Prepared analyses for mediation hearings
- Attended mediation hearings
- Drafted various financing and restructuring memoranda and reports for use by management of Lexington
- Prepared offering memoranda for distribution to potential investors
- Contacted potential investors and engaged in extensive discussions regarding their interest in investing in Lexington
- Negotiated confidentiality agreements with potential investors
- Distributed confidential information to potential investors
- Facilitated data requests from potential investors
- Met with potential investors in New York for management presentations
- Prepared an online data room for review by potential investors

22.    In sum, W.Y. Campbell has been instrumental in formulating, analyzing and implementing different strategic initiatives for the Debtors' reorganization during the Application Period.

## EXPENSES INCURRED DURING THE RELEVANT PERIOD

23.    W.Y. Campbell incurred reasonable and necessary out-of-pocket expenses aggregating $18,233.42. Details of the expenses incurred during the Relevant Period are also

9

provided in **Exhibit C**. W.Y. Campbell submits that all such expenses were necessarily incurred, are reasonable in the amount and represent only the actual costs incurred.

24.   W.Y. Campbell charges for expenses to the Debtors are determined in the same manner as for clients in non-bankruptcy matters.   Out-of-pocket expenses incurred by W.Y. Campbell are charged to a client or are otherwise necessary in connection with services rendered for such particular client.   W.Y. Campbell does not factor general overhead expenses into disbursements charged to clients in connection with Chapter 11 cases.   W.Y. Campbell follows its general internal policies with respect to out-of-pocket expenses billed to the Debtors as set forth below, with any exceptions fully explained:

(a)   W.Y. Campbell's general policy permits its employees to bill lunch or dinner meals to a client if the employee is required to provide services to the client during such mealtime due to extreme time constraints.   W.Y. Campbell's employees are permitted to order meals in the office if required to work after 8:00 p.m. on weekdays or more than five (5) consecutive hours on weekends or holidays.   Meal expenses incurred during meetings which employees and other meeting participants are required to attend are billed at cost.

(b)   Messengers and couriers are used by W.Y. Campbell to deliver hard copy documents relating to a client matter, which require receipt on an expedited basis; otherwise W.Y. Campbell uses the regular postal system.   Any charges for either messengers or couriers are billed to the client at cost.

(c)   All airfare and other transportation charges incurred by W.Y. Campbell's employees directly in connection with services to the client are billed to client at cost.

(d)   The research/database category consists of the cost of using databases to which W.Y. Campbell subscribes to search for and obtain information used in W.Y. Campbell's financial analyses. W.Y. Campbell pays the vendor's standard rate for such database services. In certain instances, W.Y. Campbell has determined that paying a flat annual or monthly fee for such services is less costly than contracting for such services on a per use basis. Such annual or monthly services are allocated to clients based on such clients' use of each service. The research category also consists of charges from outside services, which supply, for a fee, financial documents from regulatory agencies, which cannot be obtained from databases subscribed to by W.Y. Campbell.

(e)   W.Y. Campbell bills photocopying charges at the rate of $.10 per page for black and white copies and $1.00 per page for color copies.

10

(f)     With respect to local travel, W.Y. Campbell's general policy enables employees to travel by car, to and from meetings while rendering services to a client on a client related matter, for which the client is charged. W.Y. Campbell's employees are not permitted to charge personal commuting expenses to a client unless the employee is traveling after 8:00 p.m. and has been required to work late as a result of the time exigencies of that client's matters.

(g)     Telephone expenses are charged based on W.Y. Campbell's actual costs of telephone charges with respect to client matters. Cellular phone charges are based on vendor's actual invoices.

## CONCLUSION

W.Y. Campbell rendered substantial services as financial advisors and investment banker to Debtors during the Application Period. W.Y. Campbell respectfully submits that the compensation requested by this application is reasonable in light of the nature and value of the services provided to the Debtors.

WHEREFORE, W.Y. Campbell respectfully requests that this Court enter an order (i) granting interim allowance and approval of compensation for services rendered during the Relevant Period, consisting of $200,000 of fees plus the reimbursement of reasonable and necessary expenses incurred by W.Y. Campbell during the Application Period in the amount of $18,233.42 for a total of $218,233.42, (ii) authorizing and directing the Debtors to make payment in respect of 100% of such fees, to the extent not yet received by W.Y. Campbell for the Relevant Period, including, without limitation, the 20% holdback amount withheld pursuant to the terms of the Fee Order; (iii) authorizing and directing the Debtors to pay 100% of such expenses, to the extent not yet received by W.Y. Campbell for the Application Period; and (iv) granting such other and further relief as this court deems just and proper.

DICKINSON WRIGHT PLLC

By: /s/ Allison R. Bach
        Allison R. Bach  (P68299)

11

Attorneys for W.Y. Campbell & Company
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226
(313) 223-3500

Dated:  September 15, 2009

DETROIT 21924-20  1128179


EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------x

In re                                          :

LEXINGTON PRECISION CORP., et al.,             :

Debtors.                                       :

------------------------------------------------x

Chapter 11 Case No.

08-11153 (MG)

(Jointly Administered)

## ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) AUTHORIZING THE RETENTION OF W.Y. CAMPBELL & COMPANY AS FINANCIAL ADVISORS FOR THE DEBTORS, *NUNC PRO TUNC* TO APRIL 1, 2008

Upon the application, dated April 24, 2008 (the "Application") of Lexington

Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession

(collectively, the "Debtors"), pursuant to sections 327(a) and 328(a) of title 11 of the United

States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), for approval and authority to employ W.Y. Campbell &

Company ("Campbell") as their financial advisors pursuant to that certain Engagement Letter,

dated April 1, 2008 (the "Engagement Letter"), all as more fully set forth in the Application; and

upon consideration of the affidavit of Andre A. Augier, a Managing Director of Campbell, sworn

to on April 23, 2008 (the "Augier Affidavit") and the Court being satisfied, based on the

representations made in the Application and the Augier Affidavit, that Campbell represents or

holds no interest adverse to the Debtors or their estates and is disinterested under section 101(14)

of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and the Court

having jurisdiction to consider the Application and the relief requested therein in accordance

with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges

for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10,

1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application

having been provided and no other or further notice need be provided; and a hearing having been

held to consider the relief requested in the Application (the "Hearing"); and upon the record of

the Hearing and all of the proceedings had before the Court; and the Court having found and

determined that the relief sought in the Application is in the best interests of the Debtors, their

estates and creditors, and all parties in interest and that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

>ORDERED that the Application is approved; and it is further

>ORDERED that pursuant to sections 327(a) and 328(a) of the Bankruptcy Code,

the Debtors' retention of Campbell as their financial advisors pursuant to the Engagement Letter

is approved *nunc pro tunc* to April 1, 2008 and the Debtors are authorized to retain Campbell on

the terms set forth in the Engagement Letter; and it is further

>ORDERED that Campbell shall apply for compensation and reimbursement in

accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the

Local Rules of Civil Practice and Procedure of the United States District Court for the Southern

District of New York, the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the Southern District of New York (the "Local Rules"), the guidelines

established by the Office of the United States Trustee, and such other procedures as may be fixed

by order of this Court; and it is further

ORDERED that notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any orders of this Court, or any guidelines regarding submission and approval of fee applications, Campbell and its professionals shall only be required to maintain contemporaneous summary time records for services rendered in hourly increments; and it is further

ORDERED that, except as provided in the following decretal paragraph, the terms of the Monthly Fee and the Exit Fee, each as defined in the Engagement Letter, shall not hereafter be subject to challenge except under the standard of review set forth in section 328(a) of the Bankruptcy Code; and it is further

ORDERED that the United States Trustee, CapitalSource Finance LLC, as agent, and CSE Mortgage LLC, as agent, retain all rights to object to Campbell's interim and final fee applications (including expense reimbursements) on all grounds including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that all requests of Campbell for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall Campbell be indemnified in the case of (x) the gross negligence, willful misconduct or fraud of Campbell or (y) a material breach of a term or condition of the Engagement Letter by Campbell; and it is further

ORDERED that in no event shall Campbell be indemnified if the Debtors or a representative of the estates, assert a claim for, and a court determines by final order that such

claim arose out of, (x) the gross negligence, willful misconduct or fraud of Campbell or (y) a material breach of a term or condition of the Engagement Letter by Campbell; and it is further

ORDERED that in the event Campbell seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Campbell's own application (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regards to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Application is satisfied.

Dated:  New York, New York
        May 28, 2008

                            _____/s/Martin Glenn_____
                            United States Bankruptcy Judge



# W. Y. CAMPBELL & COMPANY
INVESTMENT BANKING

ONE WOODWARD AVENUE • 26TH FLOOR • DETROIT, MI 48226
313-496-9000 • 313-496-9001 FAX

April 1, 2008

Mr. Michael A. Lubin
Chairman of the Board
Lexington Precision Corporation
800 Third Avenue
15th Floor
New York, NY 10022

Dear Mr. Lubin:

This letter agreement (this "Agreement"), by and among Lexington Precision Corporation (together with its direct and indirect subsidiaries, the "Company") and W.Y. Campbell & Co. ("Campbell"), shall confirm the terms and conditions of the retention of Campbell as financial advisor and investment banker to the Company in connection with Chapter 11 bankruptcy proceedings.

**Section 1.** <u>Services to be Rendered</u>. In connection with the formulation, analysis, and negotiation of strategic alternatives relating to the Company, whether pursuant to a single or a series or combination of transactions or otherwise, Campbell will perform the following services, and, in connection therewith advise the Company, as requested by the Company (collectively, the "Services"):

(a)     to the extent deemed desirable by the Company, identify, review, evaluate and initiate potential financing transactions or other transactions;

(b)     to the extent Campbell deems necessary, appropriate and feasible, or as the Company may request, review and analyze the assets and the operating and financial strategies of the Company;

(c)     assist in the definition of objectives related to value and terms of a financing or transaction;

(d)     assist in identification of the Company's proprietary attributes;

(e)     the identification and solicitation of appropriate financing or transaction parties;

(f)     the preparation and distribution of confidentiality agreements and appropriate materials (to include placement or offering memorandums, management presentations, and other documentation as may be required or appropriate);

(g)     the initiation of discussions and negotiations with prospective financing or transaction parties;

(h)    assist the Company and its other professionals in reviewing and evaluating the terms of any proposed transaction, financing or other transaction, in responding thereto and, if directed, in developing and evaluating alternative proposals for a financing, transaction or other transaction;

(i)    review and analyze any proposals the Company receives from third parties in connection with a transaction, financing or other transaction;

(j)    assist or participate in negotiations with the parties in interest in connection with a transaction, financing or other transaction;

(k)    advise and attend meetings of the Company's Board of Directors, creditor groups, official constituencies and other interested parties, as the Company determines to be necessary or desirable;

(l)    if requested, participate in hearings before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") or such district or other bankruptcy courts as the Company may request and provide relevant testimony with respect to the matters described herein and issues arising with respect thereto in connection with any proposed chapter 11 plan;

(m)    assist the Company's internal and external counsel to enable such counsel to provide legal advice to the Company, as contemplated under Section 7 hereof; and

(n)    render such other financial advisory and investment banking services as may be reasonably requested by the Company in connection with any of the foregoing.

In performing its services pursuant to this Agreement, and notwithstanding anything to the contrary herein, Campbell is not assuming any responsibility for the Company's decision to pursue (or not to pursue) or to effect (or not to effect) a transaction, financing or other transaction. Campbell shall not have any obligation or responsibility to provide accounting, audit, "crisis management" or business consultant services to the Company, and shall have no responsibility for designing or implementing operating, organizational, administrative, cash management or liquidity improvements.

**Section 2.**  <u>Information Provided by the Company</u>.

(a)    The Company will cooperate with Campbell and furnish to, or cause to be furnished to, Campbell any and all information reasonably available to the Company which Campbell deems appropriate to enable Campbell to render services hereunder (all such information being the "Information"). The Company recognizes and confirms that Campbell (i) will use and rely on the Information and on information available from generally recognized public sources in performing the services contemplated by this Agreement without having assumed any obligation to verify independently any such information; (ii) does not assume responsibility for the accuracy or completeness of the

Information provided by the Company and such other information, and (iii) will not act in the official capacity of appraiser of specific assets of the Company or any other party. Each party confirms that the information to be furnished by it, when delivered, to the best of its knowledge will be true and correct in all material respects, will be prepared in good faith, and will, to the knowledge of the delivering party, not contain any material misstatement of fact or omit to state any material fact. Each party will promptly notify the other party if it learns of any material inaccuracy or misstatement in, or material omission from, any Information theretofore it delivered to the other party. The Company acknowledges that in the course of this engagement it may be necessary for Campbell and the Company to communicate electronically.

(b)    Each party acknowledges that although it will use commercially reasonable procedures to check for the most commonly known viruses, the electronic transmission of information cannot be guaranteed to be secure or error-free. Furthermore such information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete or otherwise be adversely affected or unsafe to use. Accordingly, each party agrees that the other party shall have no liability with respect to any error or omission arising from or in connection with: (i) the electronic communication of information; or (ii) the other party's reliance on such information.

**Section 3.**  <u>Application for Retention of Campbell</u>. Campbell and the Company hereby acknowledge that the Debtors will apply promptly to the Bankruptcy Court pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, applicable local rules and procedural orders of the Bankruptcy Court and procedural guidelines established by the Office of the United States Trustee, for approval of this Agreement and Campbell's retention by the Debtors under the terms of this Agreement, *nunc pro tunc* to the date of this Agreement, and that the Debtors and their counsel are each satisfied in their reasonable judgment that Campbell is a "disinterested person" as such term is defined in Section 101(14) of the Bankruptcy Code. The Debtors shall continue to use their best efforts to obtain Bankruptcy Court approval and authorization of this Agreement, subject only to the subsequent review by the Bankruptcy Court under the standard of review provided in Section 328(a) of the Bankruptcy Code, and not subject to the standard of review set forth in Section 330 of the Bankruptcy Code. The Debtors and its counsel will supply Campbell with a draft of such application and the proposed order authorizing Campbell's retention sufficiently in advance of the filing of such application and proposed order to enable Campbell and its counsel to review and comment thereon. Campbell shall not have any obligation to provide any services under this Agreement unless its retention under the terms of this Agreement is approved in the manner set forth above by a final order of the Bankruptcy Court no longer subject to appeal, rehearing, reconsideration or petition for certiorari, and which order is reasonably acceptable to Campbell.

Campbell acknowledges that in the event that the Bankruptcy Court approves its retention by the Debtors pursuant to the application process described in this Section 3, payment of Campbell's fees and expenses hereunder shall be subject to the jurisdiction and approval of the Bankruptcy Court under Section 328(a) of the Bankruptcy Code and any order approving such Advisor's retention. In the event that Campbell's engagement hereunder is approved by the Bankruptcy Court, the Company shall pay all fees and expenses hereunder as promptly as practicable in accordance with the terms hereof. In so seeking Campbell's retention under Section 328(a) of the Bankruptcy Code, the

Company acknowledges that it believes that Campbell's general professional experience and expertise, its knowledge of the industry in which the Company operates and the capital markets and its merger and acquisition capabilities will inure to the benefit of the Company in pursuing any transaction which will enable the Company to exit chapter 11 (an "Exit Transaction") or other transaction that the value to the Company of Campbell's services hereunder derives in substantial part from that expertise and experience and that, accordingly, the structure and amount of the Monthly Fees, the Exit Fee, (as each is defined below), the expense reimbursements provided for herein and the indemnification and exculpation provisions provided herein and in Exhibit A hereto are reasonable regardless of the number of hours to be expended by Campbell's professionals in performance of the services to be provided hereunder.

**Section 4.** Campbell's Fees. As compensation for the services rendered hereunder, the Company, and its successors, if any, agree to pay to Campbell (via wire transfer or other mutually acceptable means) the following fees in cash. All amounts to which Campbell becomes entitled under this Agreement, including all fees payable under this Section 4 hereto, all expense reimbursements payable under Section 6 hereof and any amounts that become payable under Section 8 hereof and Exhibit A hereto, shall be paid directly to Campbell.

(a)    Commencing as of the date of this letter, a cash advisory fee (the "Monthly Fee") of $50,000 per month payable by the Company in advance on the first day of each month, which in the aggregate shall not under any circumstance be less than $500,000; provided, however, that the Monthly Fee for each month preceding entry of an order of the Bankruptcy Court approving and authorizing this Agreement shall be paid as soon as practicable after entry of such order.

(b)    A fee (the "Exit Fee") of $650,000 shall be due and payable in cash upon the Company's successful exit from chapter 11.

(c)    To the extent the Company requests Campbell to perform additional services not contemplated by this Agreement, such additional fees as shall be mutually agreed upon by Campbell and the Company, in writing, in advance.

The Company and Campbell acknowledge and agree that (i) the hours worked, (ii) the results achieved and (iii) the ultimate benefit to the Company of the work performed, in each case, in connection with this engagement, may be variable, and that the Company and Campbell have taken such factors into account in setting the fees hereunder; provided, however, that with respect to the hours worked, Campbell shall devote whatever resources as are required to fulfill the purposes of this engagement on a timely basis.

**Section 5.** Credit. Campbell shall credit against the Exit Fee 100% of any Monthly Fees indefeasibly paid in respect of the period from the date of this agreement through August 31, 2008 (the "Monthly Fee Credit").

**Section 6.** Expenses. Without in any way reducing or affecting the Monthly Fees, the Exit Fee or the provisions of Exhibit A hereto, the Company shall reimburse Campbell for its reasonable expenses incurred in connection with the performance of its engagement

hereunder, and the enforcement of this Agreement, including without limitation the reasonable fees, disbursements and other charges of Campbell's counsel. Reasonable expenses shall also include, but not be limited to, expenses incurred in connection with travel and lodging, data processing and communication charges, data base, research, postage and courier services. Consistent with and subject to interim and final approval by the Bankruptcy Court, the Company shall promptly reimburse Campbell for such expenses under this Section 6 upon presentation of an invoice or other similar documentation with reasonable detail. The Company has advised Campbell regarding its expense reimbursement guidelines, and Campbell agrees to make reasonable efforts, as appropriate (but shall not be obligated), to incur expenses consistent with such guidelines.

**Section 7**. <u>Sharing of Information with Counsel</u>. The Company has retained the law firm of Weil, Gotshal & Manges L.L.P. ("Weil Gotshal") to provide legal advice to the Company in connection with the legal aspects of the Chapter 11 Case. The Company believes that from time to time information or analyses prepared by Campbell may be required to enable Weil Gotshal to render appropriate legal services and advice to the Company. The Company also anticipates that from time to time privileged communications may need to be shared with Campbell in order to permit Campbell to provide the most comprehensive advice to the Company and to counsel to the Company in order to support such counsel's provision of legal advice to the Company. In addition, the Company and Campbell share a common interest for this purpose, and the Company intends that any such sharing of privileged information will occur only in pursuit of such common interest and without waiver of the attorney-client privilege or of any other privileges that may apply.

This letter will confirm Campbell's agreement that, to the extent directed by the Company, Campbell will provide information or advice within its field of expertise to assist Weil Gotshal in rendering legal services or advice to the Company.

This letter will also confirm the parties' agreement that, to the extent privileged information is shared with Campbell, such sharing is made solely for the purpose of facilitating Campbell's provision of services pursuant to this Agreement and in recognition that Campbell and the Company share a common interest for that purpose. Campbell will maintain the confidentiality of all privileged communications that are shared with it and will not disclose such privileged matters to any other person without the consent of the Company or as required by law or by court order. In order to assist Campbell in this regard, the Company agrees that privileged communications that are shared with Campbell will be labeled as such.

**Section 8**. <u>Indemnity</u>. The Company agrees to the provisions of Exhibit A hereto which provides for indemnification and exculpation by the Company of Campbell and certain related persons. Such indemnification and exculpation is an integral part of this Agreement and the terms thereof are incorporated by reference as if fully stated herein. Such indemnification and exculpation shall survive any termination, expiration or completion of this Agreement or Campbell's engagement hereunder.

**Section 9**. <u>Term</u>. The term of Campbell's engagement shall extend until the later of the consummation of the Company's chapter 11 plan, provided that this Agreement may be terminated by either the Company or Campbell after two hundred and seventy (270) days from the effective date hereof by providing thirty (30) days advance notice in

writing. If terminated, Campbell shall be entitled to payment of any fees for any monthly period which are due and owing to Campbell upon the effective date of termination; however, such amounts will be prorated for any incomplete monthly period of service, and Campbell will be entitled to reimbursement of any and all reasonable expenses described in Section 6. Termination of Campbell's engagement hereunder shall not affect or impair the Company's continuing obligation to indemnify Campbell and certain related persons as provided in Exhibit A. Without limiting any of the foregoing, if this Agreement is terminated by the Company (other than for a material breach thereof which is not cured within a reasonable period of time, after receipt by Campbell of written notice thereof), the Exit Fee shall be payable in the event that an Exit Transaction for which an Exit Fee would otherwise be due under this Agreement is closed at any time prior to the expiration of eighteen (18) months after such termination, or a letter of intent or definitive agreement with respect thereto is executed at any time prior to eighteen (18) months after such termination (which letter of intent or definitive agreement subsequently results in the consummation at any time of an Exit Transaction).

**Section 10.** Miscellaneous.

(a)    *Administrative Expense Priority.* The Company agrees that Campbell's post petition compensation as set forth herein and payments made pursuant to reimbursement and indemnification provisions of this Agreement shall be entitled to priority as expenses of administration under Sections 503(b)(1)(A) and 507(a)(1) of the Bankruptcy Code and shall be entitled to the benefits of any "carve-outs" for professional fees and expenses in effect in such Chapter 11 Cases pursuant to one or more financing orders entered by the Bankruptcy Court on an equal basis with all other professionals.

(b)    *Survival, Successors & Assigns.* Sections 4 through 10 hereof, inclusive, including the provisions set forth in Exhibit A hereto, shall survive the termination or expiration of this Agreement. The benefits of this Agreement and the indemnification and other obligations of the Company to Campbell shall inure to the respective permitted successors and assigns of Campbell and of the indemnified parties, and the obligations and liabilities assumed in this Agreement and Exhibit A by the Company shall be binding upon its successors and assigns. Campbell shall not have the right to assign any of its rights under this Agreement without the prior written consent of the Company.

(c)    *Benefit of Agreement; No Reliance by Third Parties.* The advice (oral or written) rendered by Campbell pursuant to this Agreement is intended solely for the benefit and use of the Company and its affiliates, and their respective officers and directors in considering the matters to which this Agreement relates, and the Company agrees that such advice may not be relied upon by any other person, used for any other purpose or reproduced, disseminated, quoted or referred to at any time, in any manner or for any purpose without the prior written consent of Campbell, which shall not be unreasonably withheld or delayed, provided that nothing contained herein shall prohibit disclosure of such advice in the event and only to the extent the Company has been advised by counsel that such disclosure is necessary to satisfy applicable legal or regulatory requirements.

(d)    *Nature of Relationship.* The relationship of Campbell to the Company hereunder shall be that of independent contractors and Campbell shall have no authority to bind, represent or otherwise act as agent, executor, administrator, trustee, lawyer or guardian for the Company, nor shall Campbell have the authority to manage money or property of the Company. The parties hereto acknowledge and agree that by providing

the services contemplated hereunder, Campbell will not act, nor will it be deemed to have acted, in any managerial or fiduciary capacity whatsoever with respect to the Company or any third party including security holders, creditors or employees of the Company.

(f)   *Public Announcements.* With the prior written consent of the Company, which shall not be unreasonably withheld, the Company acknowledges that Campbell may at its option and expense, after announcement of a transaction, place announcements and advertisements or otherwise publicize such transaction in such financial and other newspapers and journals as it may choose, stating that Campbell acted as financial advisor and investment banker to the Company in connection with such transaction. The Company further consents to Campbell's public use or display of the Company's logo, symbol or trademark as part of Campbell's general marketing or promotional activities after the announcement of a transaction, provided that such use or display is in the nature of a public record or tombstone announcement in relation to such transaction, and, provided further, that the Company approves of such announcements, advertising or other publication, which approval shall not be unreasonably withheld.

(g)   *CHOICE OF LAW: JURISDICTION.* THIS AGREEMENT HAS BEEN NEGOTIATED, EXECUTED AND DELIVERED AT AND SHALL BE DEEMED TO HAVE BEEN MADE IN MICHIGAN. THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT GIVING EFFECT TO SUCH STATE'S PRINCIPLES OF CONFLICTS OF LAWS.

(h)   *Waiver of Jury Trial.* Each of the parties hereto hereby knowingly, voluntarily and irrevocably waives any right it may have to a trial by jury in respect of any claim upon, arising out of or in connection with this Agreement or other transaction. Each of the parties hereto hereby certifies that no representative or agent of any other party hereto has represented expressly or otherwise that such party would not seek to enforce the provisions of this waiver. Each of the parties hereto hereby acknowledges that it has been induced to enter into this Agreement by and in reliance upon, among other things, the provisions of this paragraph.

(i)   *Entire Agreement.* This Agreement embodies the entire agreement and understanding of the parties hereto and supersedes any and all prior agreements, arrangements and understandings relating to the matters provided for herein. No alteration, waiver, amendment, change or supplement hereto shall be binding or effective unless the same is set forth in writing signed by a duly authorized representative of each of the parties hereto.

(j)   *Authority.* Each party hereto represents and warrants that it has all requisite power and authority to enter into this Agreement, including Exhibit A attached hereto and to consummate the transactions contemplated hereby. Each party hereto further represents that this Agreement has been duly and validly authorized by all necessary corporate action and has been duly executed and delivered by each of the parties hereto and constitutes the legal, valid and binding agreement thereof, enforceable in accordance with its terms. Campbell will assume that any instructions, notices or requests have been properly authorized by the Company if they are given or purported to be given by a director, officer, employee or authorized agent of the Company, or by a person that is reasonably believed by Campbell to be a director, officer, employee or authorized agent of the Company.

(k)    *Counterparts*. This Agreement may be executed in as many counterparts as may be deemed necessary and convenient, and by the different parties hereto on separate counterparts, each of which when so executed shall be deemed an original, but all such counterparts shall constitute one and the same instrument. Delivery of an executed counterpart of a signature page to this Agreement by telecopy shall be effective as delivery of a manually executed counterpart to this Agreement.

If the foregoing correctly sets forth the understanding and agreement between Campbell and the Company, please so indicate by signing the enclosed copy of this letter, whereupon, subject to entry of an order of the Bankruptcy Court approving and authorizing this Agreement, it shall become a binding agreement between the parties hereto as of the date first above written.

Sincerely

W. Y. CAMPBELL & COMPANY


/s/ André A. Augier_____

André A. Augier
Managing Director

Confirmed and agreed by:

LEXINGTON PRECISION CORPORATION


By: /s/ Michael A. Lubin_____
        Mr. Michael A. Lubin

Its:    Chairman of the Board

On:    April 1, 2008

**Exhibit A**

Lexington agrees to indemnify and hold harmless Campbell and its affiliates, counsel and other professional advisors, and the respective directors, officers, controlling persons, agents and employees of each of the foregoing (Campbell and all of such other persons collectively, the "Indemnified Parties"), from and against any losses, claims or proceedings, including without limitation stockholder actions, damages, judgments, assessments, investigation costs, settlement costs, fines, penalties, arbitration awards and any other liabilities, reasonable costs, reasonable fees and reasonable expenses (collectively, "Losses") (a) directly or indirectly related to or arising out of (i) oral or written information provided by the Company, the Company's employees or other agents, which either the Company or an Indemnified Party provides to any person or entity or (ii) any other action or failure to act by the Company, the Company's employees or other agents or any Indemnified Party at the Company's request or with the Company's consent, in each case in connection with, arising out of, based upon, or in any way related to the letter agreement (the "Agreement") entered into between the Company and Campbell regarding the retention of Campbell as financial advisor and investment banker to the Company, the retention of and services provided by Campbell under the Agreement; or (b) otherwise directly or indirectly in connection with, arising out of, based upon, or in any way related to the engagement of Campbell under this Agreement, provided that the Company shall not be required to indemnify an Indemnified Party for such Losses if and only to the extent that it is finally judicially determined by a court of competent jurisdiction that such Losses arose (x) because of the gross negligence, willful misconduct or fraud of such Indemnified Party or (y) because of a material breach of a term or condition of the Agreement by such Indemnified Party.

The Company shall further reimburse any Indemnified Party promptly after obtaining the necessary approval of the Bankruptcy Court, if any, for any legal or other fees, disbursements or expenses as they are incurred (a) in investigating, preparing or pursuing any action or other proceeding (whether formal or informal) or threat thereof, whether or not in connection with pending or threatened litigation or arbitration and whether or not any Indemnified Party is a party, in each case to the extent relating to Losses for which indemnification is available hereunder (each, an "Action") and (b) in connection with enforcing such Indemnified Party's rights under the Agreement; provided, however, that in the event and only to the extent that it is finally judicially determined by a court of competent jurisdiction that the Losses of such Indemnified Party arose (x) because of the gross negligence, willful misconduct or fraud of such Indemnified Party or (y) because of a material breach of a term or condition of the Agreement by such Indemnified Party, such Indemnified Party will promptly remit to the Company any amounts reimbursed under this paragraph.

Upon receipt by an Indemnified Party of notice of any Action, such Indemnified Party shall notify the Company in writing of such Action, but the failure to so notify shall not relieve the Company from any liability hereunder (i) if the Company had actual notice of such Action or (ii) unless and only to the extent that the Company is prejudiced thereby. The Company shall have the right to assume the defense of any such Action including the employment of counsel reasonably satisfactory to Campbell and will not, without the prior written consent of Campbell (which shall not be unreasonably withheld or delayed), settle, compromise, consent or otherwise resolve or seek to terminate any pending or

threatened Action (whether or not any Indemnified Party is a party thereto) unless such settlement, compromise, consent or termination (a) contains an express, unconditional release of each Indemnified Party which is a party to the Action from all liability relating to such Action and (b) does not include an admission of fault, culpability or a failure to act by or on behalf of any Indemnified Party. Any Indemnified Party shall be entitled to retain separate counsel of its choice and participate in the defense of any Action in connection with any of the matters to which the Agreement relates, but the fees and expenses of such counsel shall be at the expense of such Indemnified Party unless (x) the Company has failed promptly to assume the defense and employ counsel or (y) the named parties to any such Action (including any impleaded parties) include such Indemnified Party and the Company, and such Indemnified Party shall have been advised by counsel that there may be one or more legal defenses available to it which are different from or in addition to those available to the Company; provided, that the Company shall not in such event be responsible under the Agreement for the fees and expenses of more than one firm of separate counsel (in addition to local counsel) in connection with any such Action in the same jurisdiction.

The Company agrees that if any right of any Indemnified Party set forth in the preceding paragraphs is finally judicially determined to be unavailable (except by reason of the gross negligence, willful misconduct or fraud of such Indemnified Party or because of a material breach of a term  or condition of the Agreement by such Indemnified Party), or is insufficient to hold such Indemnified Party harmless against such Losses as contemplated herein, then the Company shall contribute to such Losses (a) in such proportion as is appropriate to reflect the relative benefits received by the Company and its creditors and stockholders, on the one hand, and such Indemnified Party, on the other hand, in connection with the transactions contemplated hereby, and (b) if (and only if) the allocation provided  in clause (a) is not permitted by applicable law, in such proportion as is appropriate to reflect not only the relative benefits referred to in clause (a) but also the relative fault of the Company and such Indemnified Party; provided, that, in no event shall the aggregate contribution of all such Indemnified Parties exceed the amount of fees received by Campbell under the Agreement. Benefits received by Campbell shall be deemed to be equal to the compensation paid by the Company to Campbell in connection with the Agreement. Relative fault shall be determined by reference to, among other things, whether any alleged untrue statement or omission or any other alleged conduct relates to information provided by the Company or other conduct by the Company (or the Company's employees or other agents) on the one hand or by Campbell on the other hand.

The Company also agrees that no Indemnified Party shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Company for or in connection with advice or services rendered or to be rendered by any Indemnified Party pursuant to the Agreement, the transactions contemplated hereby or any Indemnified Party's actions or inactions in connection with any such advice, services or transactions except for and only to the extent that such Losses of the Company are finally judicially determined by a court of competent jurisdiction to have arisen (x) because of the gross negligence, willful misconduct or fraud of, or (y) because of a material breach of a term or condition of the Agreement by such Indemnified Party in connection with any such advice, actions, inactions or services.

The rights of the Indemnified Parties and the Company hereunder shall be in addition to any other rights that any Indemnified Party or the Company may have at common law,

by statute or otherwise. Except as otherwise expressly provided for in the Agreement, if any term, provision, covenant or restriction contained in the Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable or against its regulatory policy, the remainder of the terms, provisions, covenants and restrictions contained in the Agreement shall all remain in full force and effect and shall in no way be affected, impaired or invalidated. The reimbursement, indemnity and contribution obligations of the Company set forth herein shall apply to any modification of the Agreement and shall remain in full force and effect regardless of any termination of, or the completion of any Indemnified Party's services under or in connection with, the Agreement.

**W. Y. CAMPBELL & COMPANY**
INVESTMENT BANKING


EXHIBIT C

ONE WOODWARD AVENUE • 26 TH FLOOR • DETROIT, MI 48226
313-496-9000 • *313-496-9001 FAX*

June 16, 2009

Mr. Dennis Wellhouse
Lexington Precision Corporation
800 Third Avenue
15th Floor
New York, NY 10022

| | |
|---|---|
| Monthly Advisory Fees:   (April  2009) | $ 50,000.00 |
| (Montly Advisory Fee $50,000/month x 1) | |
| 80% of Advisory Fees: | x .80 |
| | $ 40,000.00 |
| **Total amount due:** | **$ 40,000.00** |

Wire Transfer Instructions for the account of:

**W. Y. Campbell & Company**
Comerica Bank
ABA# 072000096 (routing number)
Account # 1850605484

# W.Y. CAMPBELL & COMPANY
INVESTMENT BANKING

ONE WOODWARD AVENUE • 26 TH FLOOR • DETROIT, MI 48226
313-496-9000 • *313-496-9001 FAX*

Comerica                                                                6/16/09

## Monthly Client Expense Report
4/1/09 Through 4/30/09

Lexington Precision

| | |
|---|---|
| 55100-Legal | 262.10 |
| 55625-Federal Express | 332.28 |
| 55905-Reproduction | 205.00 |
| 56000-Reference | 385.00 |
| 56230-Telephone | 509.12 |
| 56450-Travel | 4168.79 |
| 56460-Meals | 13.62 |

TOTAL EXPENSESDUE                    $5,875.91

Wire Transfer Instructions for the account of:
**W. Y. Campbell & Company**
Comerica Bank
ABA# 072000096 (routing number)
Account # 1850605484
Swift code #MNBDUS33

**LEXINGTON PRECISION**

**Legal**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 04/30/09 | Dickinson Wright | Detroit, MI | 262.10 | vendor | |
| | | | 262.10 | | |



...OUNT WITH

**DICKINSON WRIGHT**PLLC

500 WOODWARD AVENUE, SUITE 4000
DETROIT, MICHIGAN 48226-3425
TELEPHONE: (313) 223-3500
http://www.dickinsonwright.com
FEDERAL I.D. #38-1364333

March 24, 2009
Invoice No. 668789

021924        W.Y. CAMPBELL & COMPANY
021924-00020  LEXINGTON PRECISION FEE APPLICATION
              W.Y. CAMPBELL & COMPANY
              ONE WOODWARD AVE., 26TH FLOOR
              DETROIT, MI  48226

              ATTN: ANDRE' A. AUGIER

| DATE | SERVICES | HOURS |
|------|----------|-------|
| 02/05/09 ARB | Review monthly fee statement and coordinate filing of same. | .30 |
| 02/05/09 WWR | Prep of Monthly Fee Statement for Dec. 2008 (.6); Brief discussion with ARB (.2); Organization of exhibits (.2) | 1.00 |

============

TOTAL SERVICES. . . . . . . . . .$      225.50

| DATE | DISBURSEMENTS | VALUE |
|------|---------------|-------|
| | REPRODUCTION-INSIDE FIRM | 36.60 |

------------

TOTAL DISBURSEMENTS. . . . . . .$       36.60

------------

TOTAL CURRENT CHARGES. . . . . .$      262.10
============



**LEXINGTON PRECISION**

**Federal Express**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 4/30/2009 | Federal Express | Detroit, MI | 332.28 | vendor | various |
| | | | 332.28 | | |

# LEXINGTON PRECISION

## Reproduction Costs

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 4/30/2009 | color copies | Detroit, MI | 155.00 | 1.00/page | various |
| 4/30/2009 | b/w copies | Detroit, MI | 50.00 | .10/page | various |
| | | | 205.00 | | |

# LEXINGTON PRECISION

## Reference/Data Base

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 4/2/2009 | Reference | Detroit | 100.00 | vendor | A. Schroeder |
| 4/3/09 | Reference | Detroit | 150.00 | vendor | K. Haras |
| 4/17/09 | Reference | Detroit | 60.00 | vendor | G. McGowan |
| 4/28/09 | Reference | Detroit | 75.00 | vendor | A. Schroeder |

385.00

**LEXINGTON PRECISION**

**Telephone**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 4/30/2009 | conference calls | Detroit, MI | 509.12 | vendor | various |
| | | | 509.12 | | |

**LEXINGTON PRECISION**

Travel

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 4/13/2009 | Cabfare | New York,, NY | 45.00 | vendor | K. Haras |
| 4/13/2009 | Mileage | New York,, NY | 21.45 | vendor | K. Haras |
| 4/13/2009 | Airport Parking | New York,, NY | 25.00 | vendor | K. Haras |
| 4/28/2009 | Airport Parking | New York,, NY | 50.00 | vendor | K. Haras |
| 4/28/2009 | Cabfare | New York,, NY | 40.00 | vendor | K. Haras |
| 4/29/2009 | Airfare | New York,, NY | 1,309.00 | vendor | K. Haras |
| 4/29/2009 | Lodging | New York,, NY | 595.32 | vendor | K. Haras |
| 4/29/2009 | Hotel | New York, NY | 684.02 | vendor | A. Augier |
| 4/29/2009 | Taxi to airport | New York, NY | 30.00 | vendor | A. Augier |
| 4/28/2009 | Taxi from airport | New York, NY | 35.00 | vendor | A. Augier |
| 4/27/2009 | Airfare + agent fee | New York, NY | 1,309.00 | vendor | A. Augier |
| 4/29/2009 | Airport Parking | New York, NY | 25.00 | vendor | A. Augier |
| | | | 4,168.79 | | |

## LEXINGTON PRECISION

### Meals

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 4/13/2009 | Dinner | New York, NY | 13.62 | vendor | K. Haras |
| | | | 13.62 | | |





**W.Y. CAMPBELL & COMPANY**
INVESTMENT BANKING

ONE WOODWARD AVENUE • 26 TH FLOOR • DETROIT, MI 48226
313-496-9000 • *313-496-9001 FAX*

July 16, 2009

Mr. Dennis Wellhouse
Lexington Precision Corporation
800 Third Avenue
15th Floor
New York, NY 10022

| | |
|---|---|
| Monthly Advisory Fees:   (May  2009)<br>(Montly Advisory Fee $50,000/month x 1) | $ 50,000.00 |
| 80% of Advisory Fees: | x .80 |
| | $ 40,000.00 |
| **Total amount due:** | **$ 40,000.00** |

Wire Transfer Instructions for the account of:

**W. Y. Campbell & Company**
Comerica Bank
ABA# 072000096 (routing number)
Account # 1850605484



**W.Y. CAMPBELL & COMPANY**
INVESTMENT BANKING

ONE WOODWARD AVENUE • 26 TH FLOOR • DETROIT, MI 48226
313-496-9000 • *313-496-9001 FAX*

Comerica                                                                        7/16/09

## Monthly Client Expense Report
5/1/09 Through 5/31/09

Lexington Precision

| | |
|---|---|
| 55100-Legal | 575.60 |
| 55625-Federal Express | 352.26 |
| 55905-Reproduction | 190.00 |
| 56000-Reference | 425.00 |
| 56230-Telephone | 815.56 |

TOTAL EXPENSESDUE                          $2,358.42

Wire Transfer Instructions for the account of:
**W. Y. Campbell & Company**
Comerica Bank
ABA# 072000096 (routing number)
Account # 1850605484
Swift code #MNBDUS33

**LEXINGTON PRECISION**

**Legal**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 05/31/09 | Dickinson Wright | Detroit, MI | 575.60 | vendor | |
| | | | 575.60 | | |

In Account With



500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226-3425
Telephone: (313) 223-3500
http://www.dickinsonwright.com
FEDERAL I.D. #38-1364333

April 21, 2009
Invoice No. 672099

021924  W.Y. CAMPBELL & COMPANY
021924-00020 LEXINGTON PRECISION FEE APPLICATION
W.Y. CAMPBELL & COMPANY
ONE WOODWARD AVE., 26TH FLOOR
DETROIT, MI  48226

ATTN: ANDRE' A. AUGIER

| DATE | SERVICES | HOURS |
|------|----------|-------|
| 03/03/09 ARB | Emails with client re: monthly fee statement. Review documentation provided by client re: same. | .40 |
| 03/04/09 ARB | Confer with WRR re: preparation of monthly fee statement. | .20 |
| 03/04/09 WWR | Receipt email information from client (.2); Prep of Monthly Fee Report for Jan. 2009 (.5) | .70 |
| 03/05/09 ARB | Review monthly fee statement. Coordinate filing of same. | .30 |
| 03/05/09 WWR | Further follow up re: Jan. 2009 monthly report | .20 |
| 03/06/09 ARB | Email to client re: filing of monthly fee statement; notice of hearing on second interim fee application. | .20 |
| 03/10/09 ARB | Emails with client re: backup information for second interim fee application. | .30 |
| 03/31/09 ARB | Review agenda for hearing on 4/1/2009. Email to client re: same. | .30 |

=============

TOTAL SERVICES. . . . . . . . . .$       539.00

IN ACCOUNT WITH



500 WOODWARD AVENUE, SUITE 4000
DETROIT, MICHIGAN 48226-3425
TELEPHONE: (313) 223-3500
http://www.dickinsonwright.com
FEDERAL I.D. #38-1364333

021924-00020
W.Y. CAMPBELL & COMPANY
LEXINGTON PRECISION FEE APPLICATION

Invoice No. 672099
Page    2

| DATE | DISBURSEMENTS | VALUE |
|------|---------------|-------|
| | REPRODUCTION-INSIDE FIRM | 36.60 |
| | | ------------ |
| | TOTAL DISBURSEMENTS. . . . . . . $ | 36.60 |
| | | ------------ |
| | TOTAL CURRENT CHARGES. . . . . . $ | 575.60 |
| | | ============ |

## LEXINGTON PRECISION

### Federal Express

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 5/31/2009 | Federal Express | Detroit, MI | 352.26 | vendor | various |
| | | | 352.26 | | |

**LEXINGTON PRECISION**

**Reproduction Costs**



| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 5/31/2009 | color copies | Detroit, MI | 160.00 | 1.00/page | various |
| 4/30/2009 | b/w copies | Detroit, MI | 30.00 | .10/page | various |
| | | | 190.00 | | |

**LEXINGTON PRECISION**

**Reference/Data Base**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 5/1/2009 | Reference | Detroit | 150.00 | vendor | G. McGowan |
| 5/5/09 | Reference | Detroit | 150.00 | vendor | G. McGowan |
| 5/5/09 | Reference | Detroit | 100.00 | vendor | A. Schroeder |
| 5/8/09 | Reference | Detroit | 25.00 | vendor | A. Schroeder |
| | | | 425.00 | | |

**LEXINGTON PRECISION**

**Telephone**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 5/31/2009 | conference calls | Detroit, MI | 815.56 | vendor | various |
| | | | 815.56 | | |

W. Y. CAMPBELL & COMPANY
INVESTMENT BANKING

ONE WOODWARD AVENUE • 26 TH FLOOR • DETROIT, MI 48226
313-496-9000 • *313-496-9001 FAX*

August 11, 2009

Mr. Dennis Wellhouse
Lexington Precision Corporation
800 Third Avenue
15th Floor
New York, NY 10022

| | |
|---|---|
| Monthly Advisory Fees:   (June  2009) | $ 50,000.00 |
| (Monthly Advisory Fee $50,000/month x 1) | |
| 80% of Advisory Fees: | x .80 |
| | $ 40,000.00 |

**Total amount due:**                                    $ 40,000.00

Wire Transfer Instructions for the account of:

**W. Y. Campbell & Company**
Comerica Bank
ABA# 072000096 (routing number)
Account # 1850605484



W.Y. CAMPBEL & COMPANY
INVESTMENT BANKING

ONE WOODWARD AVENUE • 26 TH FLOOR • DETROIT, MI 48226
313-496-9000 • *313-496-9001 FAX*

Comerica                                        8/11/09

## Monthly Client Expense Report
6/1/09 Through 6/30/09

Lexington Precision

| | |
|---|---|
| 55100-Legal | 258.90 |
| 55625-Federal Express | 333.73 |
| 55905-Reproduction | 210.00 |
| 56000-Reference | 575.00 |
| 56230-Telephone | 780.65 |
| 56450-Travel | 1171.20 |

TOTAL EXPENSESDUE            $3,329.48

Wire Transfer Instructions for the account of:
**W. Y. Campbell & Company**
Comerica Bank
ABA# 072000096 (routing number)
Account # 1850605484
Swift code #MNBDUS33

**LEXINGTON PRECISION**

**Legal**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 06/30/09 | Dickinson Wright | Detroit, MI | 258.90 | vendor | |
| | | | 258.90 | | |



DICKINSON
WRIGHT PLLC

500 WOODWARD AVENUE, SUITE 4000
DETROIT, MICHIGAN 48226-3425
TELEPHONE: (313) 223-3500
http://www.dickinsonwright.com
FEDERAL I.D. #38-1364333

May 15, 2009
Invoice No. 675704

```
   021924   W.Y. CAMPBELL & COMPANY
021924-00020 LEXINGTON PRECISION FEE APPLICATION
             W.Y. CAMPBELL & COMPANY
             ONE WOODWARD AVE., 26TH FLOOR
             DETROIT, MI  48226

             ATTN: ANDRE' A. AUGIER
```

| DATE | SERVICES | HOURS |
|------|----------|-------|
| 04/03/09 ARB | Draft monthly fee statement for February 2009 (.4). Coordinate filing and service of same (.2) | .60 |
| 04/15/09 ARB | Emails with client re: request from Debtors for document filed in support of February statement; upcoming fee application deadlines. | .30 |

```
                                            ============
         TOTAL SERVICES. . . . . . . . . .$      211.50
```

| DATE | DISBURSEMENTS | VALUE |
|------|---------------|-------|
| | REPRODUCTION-INSIDE FIRM | 47.40 |

```
                                            ------------
         TOTAL DISBURSEMENTS. . . . . . .$       47.40
                                            ------------

         TOTAL CURRENT CHARGES. . . . . .$      258.90
                                            ============
```

**LEXINGTON PRECISION**

**Federal Express**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 6/30/2009 | Federal Express | Detroit, MI | 333.73 | vendor | various |
| | | | 333.73 | | |

**LEXINGTON PRECISION**

**Reproduction Costs**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 6/30/2009 | color copies | Detroit, MI | 170.00 | 1.00/page | various |
| 6/30/2009 | b/w copies | Detroit, MI | 40.00 | .10/page | various |
| | | | 210.00 | | |

**LEXINGTON PRECISION**

**Reference/Data Base**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 6/4/2009 | Reference | Detroit | 200.00 | vendor | G. McGowan |
| 6/5/2009 | Reference | Detroit | 75.00 | vendor | A.Schroeder |
| 6/9/09 | Reference | Detroit | 100.00 | vendor | G. McGowan |
| 6/15/09 | Reference | Detroit | 100.00 | vendor | G. McGowan |
| 6/26/09 | Reference | Detroit | 100.00 | vendor | G. McGowan |
| | | | 575.00 | | |



**LEXINGTON PRECISION**

**Telephone**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 6/30/2009 | conference calls | Detroit, MI | 780.65 | vendor | various |
| | | | 780.65 | | |



# LEXINGTON PRECISION

## Travel

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 6/29/09 | airfare + agent fee | New York, NY | 1,076.20 | | A. Augier |
| 6/29/09 | airport parking | New York, NY | 25.00 | | A. Augier |
| 6/29/09 | taxi from airport | New York, NY | 35.00 | | A. Augier |
| 6/29/09 | taxi to airport | New York, NY | 35.00 | | A. Augier |
| | | | 1,171.20 | | |

**LEXINGTON PRECISION**

**Meals**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| | | | 0.00 | | |

**W. Y. CAMPBELL & COMPANY**
INVESTMENT BANKING

EXHIBIT C

ONE WOODWARD AVENUE • 26 TH FLOOR • DETROIT, MI 48226
313-496-9000 • *313-496-9001 FAX*

September 4, 2009

Mr. Dennis Wellhouse
Lexington Precision Corporation
800 Third Avenue
15th Floor
New York, NY 10022

| | |
|---|---|
| Monthly Advisory Fees:   (July  2009)<br>(Monthly Advisory Fee $50,000/month x 1) | $ 50,000.00 |
| 80% of Advisory Fees: | x .80 |
| | $ 40,000.00 |
| **Total amount due:** | **$ 40,000.00** |

Wire Transfer Instructions for the account of:

**W. Y. Campbell & Company**
Comerica Bank
ABA# 072000096 (routing number)
Account # 1850605484

# W.Y. CAMPBELL & COMPANY
INVESTMENT BANKING

ONE WOODWARD AVENUE • 26 TH FLOOR • DETROIT, MI 48226
313-496-9000 • *313-496-9001 FAX*

Comerica                                                                  9/4/09

## Monthly Client Expense Report
7/1/09 Through 7/31/09

Lexington Precision

| | |
|---|---:|
| 55100-Legal | 1639.00 |
| 55625-Federal Express | 352.08 |
| 55905-Reproduction | 225.00 |
| 56000-Reference | 700.00 |
| 56230-Telephone | 659.25 |
| 56450-Travel | 3048.12 |
| 56460-Meals | 46.16 |

TOTAL EXPENSESDUE                                    $6,669.61

Wire Transfer Instructions for the account of:
**W. Y. Campbell & Company**
Comerica Bank
ABA# 072000096 (routing number)
Account # 1850605484
Swift code #MNBDUS33

**LEXINGTON PRECISION**

**Legal**



| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 07/31/09 | Dickinson Wright | Detroit, MI | 1,639.00 | vendor | |
| | | | 1,639.00 | | |



IN ACCOUNT WITH

# DICKINSON WRIGHT PLLC

500 WOODWARD AVENUE, SUITE 4000
DETROIT, MICHIGAN 48226-3425
TELEPHONE: (313) 223-3500
http://www.dickinsonwright.com
FEDERAL I.D. #38-1364333

June 23, 2009
Invoice No. 680580

021924   W.Y. CAMPBELL & COMPANY
021924-00020 LEXINGTON PRECISION FEE APPLICATION
W.Y. CAMPBELL & COMPANY
ONE WOODWARD AVE., 26TH FLOOR
DETROIT, MI  48226

ATTN: ANDRE' A. AUGIER

*Lexington*

| DATE | SERVICES | HOURS |
|---|---|---|
| 05/04/09 ARB | TC to client re: interim fee application deadline. (.1) Emails with client re: same. (.2) Begin drafting third interim fee application. (.5). | .80 |
| 05/04/09 ARVG | Conference with A. Bach regarding file. Review on monthly and annual statement filings. Attention to docket. | .50 |
| 05/06/09 ARB | Confer with W. Rees and A. Vergon re: interim fee application. (.1) Email to client re: same. (.1) | .20 |
| 05/06/09 ARVG | Review of emails from client and W. Rees. Review of legal expense invoice for statement filing. | .40 |
| 05/07/09 WWR | Prep of Monthly Fee Application for March 2009 and organization of exhibits; Draft Interim Fee Application for Dec. 2008-March 2009 and organization of exhibits; Email AVG re:   status | 1.50 |
| 05/08/09 ARVG | Review and finalize monthly filing statement. Review and respond to emails from T. McInchak.  Coordinate and confirm electronic filing of statement. | 1.30 |
| 05/11/09 WWR | Discussion with AVG re:  March 2009 monthly fee application and information required for Interim Fee Application (.2); Revisions to Interim Fee Application (.1) | .30 |
| 05/12/09 ARVG | Review of email exchange between client and W. Rees.  Attention to docket regarding annual statement filing. | .30 |

DICKINSON
WRIGHT PLLC

500 WOODWARD AVENUE, SUITE 4000
DETROIT, MICHIGAN 48226-3425
TELEPHONE: (313) 223-3500
http://www.dickinsonwright.com
FEDERAL I.D. #38-1364333

021924-00020
W.Y. CAMPBELL & COMPANY
LEXINGTON PRECISION FEE APPLICATION

Invoice No. 680580
Page    2

| | | |
|---|---|---|
| 05/12/09 WWR | Email Tracey McInchak regarding time sheet summary for Dec. 2008 and actual timesheets for Dec. 2008 and Jan. 2009(.2); Receipt information and finalize Third Interim Application (.4) | .60 |
| 05/15/09 ARVG | Review, revise, finalize and coordinate filing of Third Interim Fee Application. Review and update exhibits. | 1.50 |

============

TOTAL SERVICES. . . . . . . . . .$       1,427.00

| DATE | DISBURSEMENTS | VALUE |
|---|---|---|
| | REPRODUCTION-INSIDE FIRM | 212.00 |

------------

TOTAL DISBURSEMENTS. . . . . . .$        212.00

------------

TOTAL CURRENT CHARGES. . . . . .$      1,639.00

============



**Federal Express**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 7/31/2009 | Federal Express | Detroit, MI | 352.08 | vendor | various |
| | | | 352.08 | | |

**LEXINGTON PRECISION**

**Reproduction Costs**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 7/31/2009 | color copies | Detroit, MI | 180.00 | 1.00/page | various |
| 7/31/2009 | b/w copies | Detroit, MI | 45.00 | .10/page | various |
| | | | 225.00 | | |

**LEXINGTON PRECISION**

**Reference/Data Base**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 7/10/2009 | Reference | Detroit | 150.00 | vendor | G. McGowan |
| 7/13/2009 | Reference | Detroit | 100.00 | vendor | A.Schroeder |
| 7/20/09 | Reference | Detroit | 150.00 | vendor | G. McGowan |
| 7/22/09 | Reference | Detroit | 100.00 | vendor | A.Schroeder |
| 7/28/09 | Reference | Detroit | 200.00 | vendor | A.Schroeder |
| | | | 700.00 | | |



**LEXINGTON PRECISION**

**Telephone**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 7/31/2009 | conference calls | Detroit, MI | 659.25 | vendor | various |
| | | | 659.25 | | |

**LEXINGTON PRECISION**

**Travel**

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 7/8 | Cab Fare | Lexington - NYC | $35.00 | vendor | K. Haras |
| 7/9 | Parking | Lexington - NYC | $50.00 | vendor | K. Haras |
| 7/9 | Airfare | Lexington - NYC | $244.20 | vendor | K. Haras |
| 7/9 | Lodging | Lexington - NYC | $288.58 | vendor | K. Haras |
| 7/9 | Cab Fare | Lexington - NYC | $35.00 | vendor | K. Haras |
| 7/9 | Mileage | Lexington - NYC | $21.45 | vendor | K. Haras |
| 7/15 | Cab Fare | Lexington - NYC | $38.00 | vendor | K. Haras |
| 7/15 | Airfare | Lexington - NYC | $542.20 | vendor | K. Haras |
| 7/16 | Airport Parking | Lexington - NYC | $50.00 | vendor | K. Haras |
| 7/16 | Cab Fare | Lexington - NYC | $30.00 | vendor | K. Haras |
| 7/16 | Lodging | Lexington - NYC | $322.86 | vendor | K. Haras |
| 7/16 | Mileage | Lexington - NYC | $21.45 | vendor | K. Haras |
| | | | | | |
| 7/8/09 | Taxi from airport | Lexington - NYC | 35.00 | vendor | A. Augier |
| 7/8/09 | Hotel | Lexington - NYC | 328.58 | vendor | A. Augier |
| 7/8/09 | Airfare + agent fee | Lexington - NYC | 527.20 | vendor | A. Augier |
| 7/8/09 | taxi to airport | Lexington - NYC | 35.00 | vendor | A. Augier |
| 7/8/09 | Airport Parking | Lexington - NYC | 50.00 | vendor | A. Augier |
| 7/21/09 | Airfare + agent fee for change | Lexington - NYC | 105.00 | vendor | A. Augier |
| 7/21/09 | Airport Parking | Lexington - NYC | 25.00 | vendor | A. Augier |
| 7/21/09 | taxi from airport | Lexington - NYC | 35.00 | vendor | A. Augier |
| 7/21/09 | Airfare + agent fee | Lexington - NYC | 193.60 | vendor | A. Augier |
| 7/21/09 | taxi to airport | Lexington - NYC | 35.00 | vendor | A. Augier |

3,048.12

## LEXINGTON PRECISION

### Meals

| Date Incurred | Description | City | Cost | Method of Computation | Incurred By |
|---|---|---|---|---|---|
| 7/9 | Dinner | Lexington - NYC | $10.05 | vendor | K. Haras |
| 7/9 | Breakfast | Lexington - NYC | $20.00 | vendor | K. Haras |
| 7/16 | Dinner | Lexington - NYC | $8.11 | vendor | K. Haras |
| 7/8/09 | Lunch while traveling | Lexington - NYC | 8.00 | vendor | A. Augier |
| | | | 46.16 | | |

Task Codes

**10 Administration**
11 Meeting/Calls (Internal)
12 Meeting/Calls (WYCC/Client)
13 Meeting/Calls (WYCC/Committee)
14 Preparation of Fee Documents
15 Travel
16 Administration Items
17 Legal
18 Correspondence with client

**20 Facility Tours**
21 Facility Tour

**30 Offering Documents**
31 Drafting of Offering Documents
32 Review of Offering Documents
33 Drafting of Management Presentation
34 Review of Management Presentation
39 Data Review - Document Preparation

**40 Financial**
41 Financial Modeling
42 Financial Model Review
43 Review of Financial Data
44 Valuation Report

**50 Marketing**
51 Investor Research
52 Meetings and Discussions - Marketing
53 Discussions with Potential Investors
54 Management Presentations
55 Industry Research

**60 Due Diligence**
61 Due Diligence Data
62 Data Requests

W.Y. CAMPBELL & COMPANY
Lexington Precision Corporation - Chapter 11 Reorganization
Summary of Work Performed
April 2009

| Name | Function | Title | Number of Hours |
|------|----------|-------|-----------------|
| André A. Augier | Investment Banking | Managing Director | 55.5 |
| Kurt L. Haras | Investment Banking | Director | 73.0 |
| Gregory S. McGowan | Investment Banking | Vice President | 56.5 |
| Alexander J. Schroeder | Investment Banking | Associate | 82.0 |
| **Total** | | | **267.0** |

Lexington Precision Corporation - Time Sheet

Confidential

Lexington Precision Corporation - Chapter 11 Reorganization

*Time Sheet - Andre A. Augier, Managing Director*

W.Y. CAMPBELL & COMPANY

| Date | Time | Task Code | Task | Description of Task |
|---|---|---|---|---|
| Wednesday, April 01, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, April 01, 2009 | 2.0 hrs | 44 | Valuation Report | Review of mediation report |
| Thursday, April 02, 2009 | 2.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, April 02, 2009 | 3.5 hrs | 44 | Valuation Report | Review of mediation report |
| Friday, April 03, 2009 | 2.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, April 03, 2009 | 4.0 hrs | 44 | Valuation Report | Review of mediation report |
| Monday, April 06, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, April 06, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, April 07, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, April 08, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, April 09, 2009 | 2.0 hrs | 12 | Meeting/Calls (WYCC/Client) | Call to review medical projections |
| Thursday, April 09, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, April 10, 2009 | 2.0 hrs | 12 | Meeting/Calls (WYCC/Client) | Call to review insulator projections |
| Friday, April 10, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, April 13, 2009 | 1.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Tuesday, April 14, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, April 15, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, April 16, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, April 17, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, April 20, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, April 20, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, April 20, 2009 | 1.0 hrs | 44 | Valuation Report | Review of summary mediation report |
| Tuesday, April 21, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, April 21, 2009 | 1.0 hrs | 44 | Valuation Report | Review of summary mediation report |
| Wednesday, April 22, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, April 22, 2009 | 1.0 hrs | 44 | Valuation Report | Review of summary mediation report |
| Thursday, April 23, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, April 24, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, April 27, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, April 27, 2009 | 1.5 hrs | 43 | Review of Financial Data | Review materials for mediation hearing |
| Monday, April 27, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, April 28, 2009 | 4.0 hrs | 15 | Travel | Travel - Houston to New York City |
| Wednesday, April 29, 2009 | 7.0 hrs | 13 | Meeting/Calls (WYCC/Committee) | Lexington mediation meetings |
| Wednesday, April 29, 2009 | 4.0 hrs | 15 | Travel | Travel - New York City to Detroit |
| Thursday, April 30, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |

**Total Hours - April 2009**    55.5 hrs

Lexington Precision Corporation - Time Sheet    Confidential

Confidential

W.Y. CAMPBELL & COMPANY

Lexington Precision Corporation – Chapter 11 Reorganization

*Time Sheet - Kurt L. Haras, Director*

| Date | Time | Task Code | Task | Description of Task |
|---|---|---|---|---|
| Wednesday, April 01, 2009 | 3.0 hrs | 44 | Valuation Report | Drafting and review of mediation report |
| Wednesday, April 01, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, April 02, 2009 | 2.5 hrs | 44 | Valuation Report | Drafting and review of mediation report |
| Thursday, April 02, 2009 | 2.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, April 03, 2009 | 6.0 hrs | 44 | Valuation Report | Drafting and review of mediation report |
| Friday, April 03, 2009 | 2.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, April 06, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, April 06, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, April 07, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, April 08, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, April 09, 2009 | 2.0 hrs | 12 | Meeting/Calls (WYCC/Client) | Call to review medical projections |
| Thursday, April 09, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, April 10, 2009 | 2.0 hrs | 12 | Meeting/Calls (WYCC/Client) | Call to review insulator projections |
| Friday, April 10, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, April 13, 2009 | 4.0 hrs | 15 | Travel | Travel - Detroit to New York City |
| Monday, April 13, 2009 | 4.0 hrs | 15 | Travel | Travel - New York City to Detroit |
| Monday, April 13, 2009 | 8.0 hrs | 13 | Meeting/Calls (WYCC/Committee) | Meeting with mediator |
| Tuesday, April 14, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, April 15, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, April 16, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, April 17, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, April 20, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, April 20, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, April 20, 2009 | 1.0 hrs | 44 | Valuation Report | Drafting and review of summary mediation report |
| Tuesday, April 21, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, April 21, 2009 | 1.5 hrs | 44 | Valuation Report | Drafting and review of summary mediation report |
| Wednesday, April 22, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, April 22, 2009 | 1.5 hrs | 44 | Valuation Report | Drafting and review of summary mediation report |
| Thursday, April 23, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, April 24, 2009 | 3.0 hrs | 43 | Review of Financial Data | Prepare/review materials for mediation hearing |
| Friday, April 24, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, April 27, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, April 27, 2009 | 1.0 hrs | 43 | Review of Financial Data | Review materials for mediation hearing |
| Monday, April 27, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, April 28, 2009 | 4.0 hrs | 15 | Travel | Travel - Houston to New York City |
| Wednesday, April 29, 2009 | 7.0 hrs | 13 | Meeting/Calls (WYCC/Committee) | Lexington mediation meetings |
| Wednesday, April 29, 2009 | 4.0 hrs | 15 | Travel | Travel - New York City to Detroit |
| Thursday, April 30, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| **Total Hours - April 2009** | **73.0 hrs** | | | |

W.Y. CAMPBELL & COMPANY

Lexington Precision Corporation - Chapter 11 Reorganization

*Time Sheet - Gregory S. McGowan, Vice President*

| Date | Time | Task Code | Task | Description of Task |
|---|---|---|---|---|
| Wednesday, April 01, 2009 | 7.5 hrs | 44 | Valuation Report | Analysis and drafting of mediation report |
| Wednesday, April 01, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, April 02, 2009 | 9.0 hrs | 44 | Valuation Report | Analysis and drafting of mediation report |
| Thursday, April 02, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, April 03, 2009 | 8.5 hrs | 44 | Valuation Report | Analysis and drafting of mediation report |
| Friday, April 03, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, April 06, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Tuesday, April 07, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, April 08, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, April 09, 2009 | 2.0 hrs | 12 | Meeting/Calls (WYCC/Client) | Call to review medical projections |
| Thursday, April 09, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, April 10, 2009 | 2.0 hrs | 12 | Meeting/Calls (WYCC/Client) | Call to review insulator projections |
| Monday, April 13, 2009 | 1.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Tuesday, April 14, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, April 16, 2009 | 0.5 hrs | 44 | Valuation Report | Drafting of summary report requested by mediator |
| Thursday, April 16, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, April 17, 2009 | 2.0 hrs | 44 | Valuation Report | Drafting/review of summary report requested by mediator |
| Friday, April 17, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, April 20, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, April 20, 2009 | 3.0 hrs | 44 | Valuation Report | Drafting/review of summary report requested by mediator |
| Tuesday, April 21, 2009 | 3.5 hrs | 44 | Valuation Report | Drafting/review of summary report requested by mediator |
| Tuesday, April 21, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, April 22, 2009 | 3.0 hrs | 44 | Valuation Report | Drafting/review of summary report requested by mediator |
| Wednesday, April 22, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, April 24, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, April 27, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, April 27, 2009 | 1.0 hrs | 31 | Drafting of Offering Documents | Drafting of memo for potential investors |
| Thursday, April 30, 2009 | 2.0 hrs | 31 | Drafting of Offering Documents | Drafting of memo for potential investors |

**Total Hours - April 2009** 56.5 hrs

W.Y. CAMPBELL & COMPANY

Lexington Precision Corporation - Chapter 11 Reorganization

*Time Sheet - Alexander J. Schroeder, Associate*

| Date | Time | Task Code | Task | Description of Task |
|------|------|-----------|------|---------------------|
| Wednesday, April 01, 2009 | 9.0 hrs | 44 | Valuation Report | Analysis and drafting of mediation report |
| Thursday, April 02, 2009 | 10.5 hrs | 44 | Valuation Report | Analysis and drafting of mediation report |
| Friday, April 03, 2009 | 12.0 hrs | 44 | Valuation Report | Analysis and drafting of mediation report |
| Monday, April 06, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Thursday, April 09, 2009 | 2.0 hrs | 12 | Meeting/Calls (WYCC/Client) | Call to review medical projections |
| Friday, April 10, 2009 | 2.0 hrs | 12 | Meeting/Calls (WYCC/Client) | Call to review insulator projections |
| Monday, April 13, 2009 | 1.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Thursday, April 16, 2009 | 4.0 hrs | 44 | Valuation Report | Drafting of summary report requested by mediator |
| Friday, April 17, 2009 | 5.5 hrs | 44 | Valuation Report | Drafting of summary report requested by mediator |
| Monday, April 20, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, April 20, 2009 | 3.0 hrs | 44 | Valuation Report | Drafting of summary report requested by mediator |
| Tuesday, April 21, 2009 | 6.0 hrs | 44 | Valuation Report | Drafting of summary report requested by mediator |
| Wednesday, April 22, 2009 | 4.0 hrs | 44 | Valuation Report | Drafting of summary report requested by mediator |
| Friday, April 24, 2009 | 2.0 hrs | 43 | Review of Financial Data | Prepare data for mediation hearing |
| Monday, April 27, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, April 27, 2009 | 1.0 hrs | 31 | Drafting of Offering Documents | Drafting of memo for potential investors |
| Monday, April 27, 2009 | 5.0 hrs | 43 | Review of Financial Data | Prepare data for mediation hearing |
| Tuesday, April 28, 2009 | 3.0 hrs | 31 | Drafting of Offering Documents | Drafting of memo for potential investors |
| Wednesday, April 29, 2009 | 3.5 hrs | 31 | Drafting of Offering Documents | Drafting of memo for potential investors |
| Thursday, April 30, 2009 | 5.0 hrs | 31 | Drafting of Offering Documents | Drafting of memo for potential investors |

**Total Hours - April 2009**          82.0 hrs

Task Codes

**10 Administration**
11 Meeting/Calls (Internal)
12 Meeting/Calls (WYCC/Client)
13 Meeting/Calls (WYCC/Committee)
14 Preparation of Fee Documents
15 Travel
16 Administration Items
17 Legal
18 Correspondence with client

**20 Facility Tours**
21 Facility Tour

**30 Offering Documents**
31 Drafting of Offering Documents
32 Review of Offering Documents
33 Drafting of Management Presentation
34 Review of Management Presentation
39 Data Review - Document Preparation

**40 Financial**
41 Financial Modeling
42 Financial Model Review
43 Review of Financial Data
44 Valuation Report

**50 Marketing**
51 Investor Research
52 Meetings and Discussions - Marketing
53 Discussions with Potential Investors
54 Management Presentations
55 Industry Research

**60 Due Diligence**
61 Due Diligence Data
62 Data Requests

W.Y. CAMPBELL & COMPANY

Confidential

# Lexington Precision Corporation - Chapter 11 Reorganization

*Time Sheet - Andre A. Augier, Managing Director*

| Date | Time | Task Code | Task | Description of Task |
|---|---|---|---|---|
| Friday, May 01, 2009 | 2.0 hrs | 32 | Review of Offering Documents | Writing and review of offering memo for potential investors |
| Friday, May 01, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Monday, May 04, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, May 04, 2009 | 1.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, May 04, 2009 | 2.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Tuesday, May 05, 2009 | 1.0 hrs | 32 | Review of Offering Documents | Writing and review of offering memo for potential investors |
| Tuesday, May 05, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, May 05, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Thursday, May 07, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, May 07, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Friday, May 08, 2009 | 2.0 hrs | 32 | Review of Offering Documents | Writing and review of offering memo for potential investors |
| Friday, May 08, 2009 | 1.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, May 08, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Monday, May 11, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, May 11, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, May 12, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Wednesday, May 13, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Wednesday, May 13, 2009 | 1.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, May 14, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Thursday, May 14, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, May 15, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Monday, May 18, 2009 | 0.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, May 18, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Tuesday, May 19, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, May 19, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Wednesday, May 20, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, May 20, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Thursday, May 21, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, May 22, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, May 22, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Tuesday, May 26, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Wednesday, May 27, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, May 27, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Thursday, May 28, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, May 28, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Friday, May 29, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, May 29, 2009 | 2.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |

**Total Hours - May 2009** 43.0 hrs

W.Y. CAMPBELL & COMPANY

Confidential

## Lexington Precision Corporation – Chapter 11 Reorganization

*Time Sheet - Kurt L. Haras, Director*

| Date | Time | Task Code | Task | Description of Task |
|---|---|---|---|---|
| Friday, May 01, 2009 | 4.0 hrs | 32 | Review of Offering Documents | Writing and review of offering memo for potential investors |
| Friday, May 01, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, May 01, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Monday, May 04, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, May 04, 2009 | 1.5 hrs | 32 | Review of Offering Documents | Writing and review of offering memo for potential investors |
| Monday, May 04, 2009 | 1.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, May 04, 2009 | 2.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Tuesday, May 05, 2009 | 2.0 hrs | 32 | Review of Offering Documents | Writing and review of offering memo for potential investors |
| Tuesday, May 05, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Wednesday, May 06, 2009 | 1.5 hrs | 32 | Review of Offering Documents | Writing and review of offering memo for potential investors |
| Wednesday, May 06, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, May 06, 2009 | 2.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Thursday, May 07, 2009 | 3.5 hrs | 32 | Review of Offering Documents | Writing and review of offering memo for potential investors |
| Thursday, May 07, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, May 07, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Friday, May 08, 2009 | 1.0 hrs | 32 | Review of Offering Documents | Writing and review of offering memo for potential investors |
| Friday, May 08, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Monday, May 11, 2009 | 1.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, May 11, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, May 12, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, May 12, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Wednesday, May 13, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, May 13, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Friday, May 15, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, May 15, 2009 | 2.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Monday, May 18, 2009 | 0.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, May 18, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, May 18, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Wednesday, May 20, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, May 20, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Thursday, May 21, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, May 21, 2009 | 2.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Friday, May 22, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Tuesday, May 26, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Tuesday, May 26, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, May 27, 2009 | 2.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Thursday, May 28, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, May 28, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Friday, May 29, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |

**Total Hours - May 2009**    **51.5 hrs**

W.Y. CAMPBELL & COMPANY

Confidential

# Lexington Precision Corporation - Chapter 11 Reorganization

*Time Sheet - Gregory S. McGowan, Vice President*

| Date | Time | Task Code | Task | Description of Task |
|---|---|---|---|---|
| Friday, May 01, 2009 | 4.5 hrs | 31 | Drafting of Offering Documents | Writing and review of offering memo for potential investors |
| Friday, May 01, 2009 | 2.0 hrs | 51 | Investor Research | Research of potential new investors |
| Friday, May 01, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Monday, May 04, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, May 04, 2009 | 2.0 hrs | 31 | Drafting of Offering Documents | Writing and review of offering memo for potential investors |
| Monday, May 04, 2009 | 3.0 hrs | 51 | Investor Research | Research of potential new investors |
| Monday, May 04, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, May 05, 2009 | 5.0 hrs | 31 | Drafting of Offering Documents | Writing and review of offering memo for potential investors |
| Tuesday, May 05, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, May 05, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Wednesday, May 06, 2009 | 7.0 hrs | 31 | Drafting of Offering Documents | Writing and review of offering memo for potential investors |
| Wednesday, May 06, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, May 06, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Thursday, May 07, 2009 | 3.0 hrs | 31 | Drafting of Offering Documents | Writing and review of offering memo for potential investors |
| Thursday, May 07, 2009 | 1.5 hrs | 51 | Investor Research | Research of potential new investors |
| Thursday, May 07, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Friday, May 08, 2009 | 1.5 hrs | 31 | Drafting of Offering Documents | Writing and review of offering memo for potential investors |
| Friday, May 08, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, May 08, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Monday, May 11, 2009 | 1.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, May 11, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, May 11, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Monday, May 11, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, May 13, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, May 14, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Thursday, May 14, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, May 15, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, May 15, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Monday, May 18, 2009 | 0.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, May 18, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, May 18, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Wednesday, May 20, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Friday, May 22, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, May 22, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Tuesday, May 26, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Tuesday, May 26, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, May 28, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, May 28, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |
| Friday, May 29, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, May 29, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with potential investors |

**Total Hours - May 2009**    54.0 hrs

W.Y. CAMPBELL & COMPANY

## Lexington Precision Corporation - Chapter 11 Reorganization

*Time Sheet - Alexander J. Schroeder, Associate*

| Date | Time | Task | Task Code | Description of Task |
|---|---|---|---|---|
| Friday, May 01, 2009 | 3.5 hrs | Drafting of Offering Documents | 31 | Writing and editing of offering memorandum |
| Friday, May 01, 2009 | 4.5 hrs | Investor Research | 51 | Investor research |
| Friday, May 01, 2009 | 1.0 hrs | Review of Financial Data | 43 | Financial update/review for offering memorandum |
| Monday, May 04, 2009 | 1.0 hrs | Meeting/Calls (Internal) | 11 | Internal WYC&C planning meeting |
| Monday, May 04, 2009 | 3.0 hrs | Drafting of Offering Documents | 31 | Writing and editing of offering memorandum |
| Monday, May 04, 2009 | 0.5 hrs | Review of Financial Data | 43 | Financial update/review for offering memorandum |
| Monday, May 04, 2009 | 0.5 hrs | Discussions with Potential Investors | 53 | Correspondence with potential investors |
| Tuesday, May 05, 2009 | 1.0 hrs | Drafting of Offering Documents | 31 | Writing and editing of offering memorandum |
| Tuesday, May 05, 2009 | 4.0 hrs | Investor Research | 51 | Investor research |
| Tuesday, May 05, 2009 | 2.0 hrs | Review of Financial Data | 43 | Financial update/review for offering memorandum |
| Tuesday, May 05, 2009 | 0.5 hrs | Discussions with Potential Investors | 53 | Correspondence with potential investors |
| Wednesday, May 06, 2009 | 3.5 hrs | Drafting of Offering Documents | 31 | Writing and editing of offering memorandum |
| Wednesday, May 06, 2009 | 2.0 hrs | Investor Research | 51 | Investor research |
| Wednesday, May 06, 2009 | 1.5 hrs | Review of Financial Data | 43 | Financial update/review for offering memorandum |
| Thursday, May 07, 2009 | 6.0 hrs | Drafting of Offering Documents | 31 | Writing and editing of offering memorandum |
| Thursday, May 07, 2009 | 3.0 hrs | Review of Financial Data | 43 | Financial update/review for offering memorandum |
| Thursday, May 07, 2009 | 1.5 hrs | Discussions with Potential Investors | 53 | Correspondence with potential investors |
| Friday, May 08, 2009 | 2.0 hrs | Drafting of Offering Documents | 31 | Writing and editing of offering memorandum |
| Friday, May 08, 2009 | 0.5 hrs | Review of Financial Data | 43 | Financial update/review for offering memorandum |
| Monday, May 11, 2009 | 1.5 hrs | Meeting/Calls (Internal) | 11 | Internal WYC&C planning meeting |
| Monday, May 11, 2009 | 5.0 hrs | Drafting of Offering Documents | 31 | Writing and editing of offering memorandum |
| Monday, May 11, 2009 | 0.5 hrs | Review of Financial Data | 43 | Financial update/review for offering memorandum |
| Tuesday, May 12, 2009 | 1.0 hrs | Discussions with Potential Investors | 53 | Correspondence with potential investors |
| Wednesday, May 13, 2009 | 0.5 hrs | Discussions with Potential Investors | 53 | Correspondence with potential investors |
| Friday, May 15, 2009 | 2.0 hrs | Discussions with Potential Investors | 53 | Correspondence with potential investors |
| Monday, May 18, 2009 | 0.5 hrs | Meeting/Calls (Internal) | 11 | Internal WYC&C planning meeting |
| Monday, May 18, 2009 | 1.0 hrs | Discussions with Potential Investors | 53 | Correspondence with potential investors |
| Wednesday, May 20, 2009 | 1.5 hrs | Discussions with Potential Investors | 53 | Correspondence with potential investors |
| Thursday, May 21, 2009 | 1.0 hrs | Discussions with Potential Investors | 53 | Correspondence with potential investors |
| Tuesday, May 26, 2009 | 1.0 hrs | Meeting/Calls (Internal) | 11 | Internal WYC&C planning meeting |
| Tuesday, May 26, 2009 | 1.0 hrs | Discussions with Potential Investors | 53 | Correspondence with potential investors |
| Thursday, May 28, 2009 | 1.0 hrs | Discussions with Potential Investors | 53 | Correspondence with potential investors |
| Friday, May 29, 2009 | 1.0 hrs | Discussions with Potential Investors | 53 | Correspondence with potential investors |

**Total Hours - May 2009**    **60.0 hrs**

Lexington Precision Corporation - Time Sheet

Confidential

Confidential

W.Y. CAMPBELL & COMPANY
Lexington Precision Corporation – Chapter 11 Reorganization
Summary of Services Provided
May 2009

| Name | Function | Title | Number of Hours |
|------|----------|-------|-----------------|
| André A. Augier | Investment Banking | Managing Director | 43.0 |
| Kurt L. Haras | Investment Banking | Director | 51.5 |
| Gregory S. McGowan | Investment Banking | Vice President | 54.0 |
| Alexander J. Schroeder | Investment Banking | Associate | 60.0 |
| **Total** | | | **208.5** |

Lexington Precision Corporation - Time Sheet

W.Y. CAMPBELL & COMPANY
Lexington Precision Corporation - Chapter 11 Reorganization
Summary of Services Provided
June 2009

| Name | Function | Title | Number of Hours |
|---|---|---|---|
| André A. Augier | Investment Banking | Managing Director | 43.5 |
| Kurt L. Haras | Investment Banking | Director | 50.5 |
| Gregory S. McGowan | Investment Banking | Vice President | 60.5 |
| Alexander J. Schroeder | Investment Banking | Associate | 57.0 |
| **Total** | | | **211.5** |

Page 1 of 1

Lexington Precision Corporation - Time Sheet

Confidential

W.Y. CAMPBELL & COMPANY

Confidential

Lexington Precision Corporation - Chapter 11 Reorganization

*Time Sheet - Andre A. Augier, Managing Director*

| Date | Time | Task Code | Task | Description of Task |
|---|---|---|---|---|
| Monday, June 01, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, June 01, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Monday, June 01, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, June 04, 2009 | 1.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, June 05, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Friday, June 05, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, June 08, 2009 | 0.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, June 08, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Monday, June 08, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, June 10, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Wednesday, June 10, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, June 11, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Friday, June 12, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Friday, June 12, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, June 15, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Tuesday, June 16, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Tuesday, June 16, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, June 18, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Thursday, June 18, 2009 | 1.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, June 19, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, June 22, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, June 22, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Wednesday, June 24, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Wednesday, June 24, 2009 | 0.5 hrs | 39 | Data Review - Document Preparation | Review of materials for investor presentations |
| Thursday, June 25, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Thursday, June 25, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, June 25, 2009 | 1.0 hrs | 39 | Data Review - Document Preparation | Review of materials for investor presentations |
| Friday, June 26, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Friday, June 26, 2009 | 1.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, June 26, 2009 | 1.0 hrs | 39 | Data Review - Document Preparation | Review of materials for investor presentations |
| Monday, June 29, 2009 | 4.0 hrs | 15 | Travel | Travel - Detroit, MI to New York, NY |
| Monday, June 29, 2009 | 4.5 hrs | 54 | Management Presentations | Management presentation with prospective investor group |
| Monday, June 29, 2009 | 4.0 hrs | 15 | Travel | Travel - New York, NY to Detroit, MI |
| Monday, June 29, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, June 30, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Tuesday, June 30, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |

**Total Hours - June 2009**   43.5 hrs

Lexington Precision Corporation - Time Sheet

Confidential

Lexington Precision Corporation - Chapter 11 Reorganization

*Time Sheet - Kurt L. Haras, Director*

W.Y. CAMPBELL & COMPANY

| Date | Time | Task Code | Task | Description of Task |
|---|---|---|---|---|
| Monday, June 01, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, June 01, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Monday, June 01, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, June 02, 2009 | 2.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Wednesday, June 03, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Wednesday, June 03, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, June 04, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, June 05, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Friday, June 05, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, June 08, 2009 | 0.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Tuesday, June 09, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Tuesday, June 09, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, June 10, 2009 | 2.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Wednesday, June 10, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, June 11, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Friday, June 12, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Friday, June 12, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, June 15, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, June 15, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Monday, June 15, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, June 16, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Wednesday, June 17, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Wednesday, June 17, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, June 17, 2009 | 2.0 hrs | 33 | Drafting of Management Presentation | Draft/review of marketing materials for potential investors |
| Thursday, June 18, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, June 18, 2009 | 1.5 hrs | 33 | Drafting of Management Presentation | Draft/review of marketing materials for potential investors |
| Friday, June 19, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Monday, June 22, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, June 22, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Monday, June 22, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, June 22, 2009 | 3.0 hrs | 33 | Drafting of Management Presentation | Draft/review of marketing materials for potential investors |
| Tuesday, June 23, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Tuesday, June 23, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, June 23, 2009 | 2.0 hrs | 33 | Drafting of Management Presentation | Draft/review of marketing materials for potential investors |
| Wednesday, June 24, 2009 | 0.5 hrs | 43 | Review of Financial Data | Review of financial materials |
| Thursday, June 25, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Thursday, June 25, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, June 25, 2009 | 2.0 hrs | 33 | Drafting of Management Presentation | Draft/review of marketing materials for potential investors |
| Friday, June 26, 2009 | 2.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Friday, June 26, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, June 26, 2009 | 2.0 hrs | 33 | Drafting of Management Presentation | Draft/review of marketing materials for potential investors |
| Friday, June 26, 2009 | 1.0 hrs | 43 | Review of Financial Data | Review of financial materials |
| Monday, June 29, 2009 | 2.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Monday, June 29, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, June 30, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Tuesday, June 30, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |

Total Hours - June 2009     50.5 hrs

Confidential

W.Y. CAMPBELL & COMPANY

## Lexington Precision Corporation – Chapter 11 Reorganization

*Time Sheet - Gregory S. McGowan, Vice President*

| Date | Time | Task Code | Task | Description of Task |
|---|---|---|---|---|
| Monday, June 01, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, June 01, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Tuesday, June 02, 2009 | 2.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Wednesday, June 03, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, June 04, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Thursday, June 04, 2009 | 4.0 hrs | 33 | Drafting of Management Presentation | Prepare presentation made to potential investors |
| Friday, June 05, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, June 05, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Monday, June 08, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, June 08, 2009 | 0.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Tuesday, June 09, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, June 09, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Tuesday, June 09, 2009 | 2.5 hrs | 33 | Drafting of Management Presentation | Prepare presentation made to potential investors |
| Wednesday, June 10, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, June 10, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Wednesday, June 10, 2009 | 2.0 hrs | 33 | Drafting of Management Presentation | Prepare presentation made to potential investors |
| Thursday, June 11, 2009 | 2.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Friday, June 12, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, June 15, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, June 15, 2009 | 4.0 hrs | 33 | Drafting of Management Presentation | Prepare presentation made to potential investors |
| Monday, June 15, 2009 | 3.0 hrs | 41 | Financial Modeling | Pro forma financial model |
| Monday, June 15, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Tuesday, June 16, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, June 16, 2009 | 2.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Tuesday, June 16, 2009 | 1.0 hrs | 33 | Drafting of Management Presentation | Prepare presentation made to potential investors |
| Wednesday, June 17, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Wednesday, June 18, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, June 18, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Thursday, June 18, 2009 | 1.0 hrs | 33 | Drafting of Management Presentation | Prepare presentation made to potential investors |
| Friday, June 19, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, June 22, 2009 | 4.0 hrs | 41 | Financial Modeling | Pro forma financial model |
| Monday, June 22, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Tuesday, June 23, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, June 23, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Tuesday, June 23, 2009 | 1.5 hrs | 33 | Drafting of Management Presentation | Prepare presentation made to potential investors |
| Wednesday, June 24, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Wednesday, June 24, 2009 | 2.0 hrs | 33 | Drafting of Management Presentation | Prepare presentation made to potential investors |
| Wednesday, June 24, 2009 | 1.5 hrs | 41 | Financial Modeling | Pro forma financial model |
| Thursday, June 25, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, June 25, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Thursday, June 25, 2009 | 1.0 hrs | 33 | Drafting of Management Presentation | Prepare presentation made to potential investors |
| Friday, June 26, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, June 26, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Friday, June 26, 2009 | 2.0 hrs | 41 | Financial Modeling | Pro forma financial model |
| Monday, June 29, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, June 30, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, June 30, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors and interested parties |
| Tuesday, June 30, 2009 | 1.5 hrs | 41 | Financial Modeling | Pro forma financial model |

**Total Hours - June 2009**    **60.5 hrs**

W.Y. CAMPBELL & COMPANY

Lexington Precision Corporation - Chapter 11 Reorganization

*Time Sheet - Alexander J. Schroeder, Associate*

| Date | Time | Task Code | Task | Description of Task |
|---|---|---|---|---|
| Monday, June 01, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, June 01, 2009 | 4.0 hrs | 41 | Financial Modeling | Review financial projections and create pro forma financial model |
| Tuesday, June 02, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors |
| Tuesday, June 02, 2009 | 2.0 hrs | 33 | Drafting of Management Presentation | Draft/review presentation for potential investors |
| Wednesday, June 03, 2009 | 1.0 hrs | 33 | Drafting of Management Presentation | Draft/review presentation for potential investors |
| Thursday, June 04, 2009 | 1.5 hrs | 33 | Drafting of Management Presentation | Draft/review presentation for potential investors |
| Friday, June 05, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors |
| Friday, June 05, 2009 | 0.5 hrs | 41 | Financial Modeling | Review financial projections and create pro forma financial model |
| Monday, June 08, 2009 | 0.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, June 08, 2009 | 3.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors |
| Monday, June 08, 2009 | 1.0 hrs | 33 | Drafting of Management Presentation | Draft/review presentation for potential investors |
| Monday, June 08, 2009 | 1.0 hrs | 41 | Financial Modeling | Review financial projections and create pro forma financial model |
| Wednesday, June 10, 2009 | 1.0 hrs | 33 | Drafting of Management Presentation | Draft/review presentation for potential investors |
| Thursday, June 11, 2009 | 1.5 hrs | 33 | Drafting of Management Presentation | Draft/review presentation for potential investors |
| Thursday, June 11, 2009 | 4.0 hrs | 41 | Financial Modeling | Review financial projections and create pro forma financial model |
| Friday, June 12, 2009 | 2.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors |
| Monday, June 15, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, June 15, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors |
| Monday, June 15, 2009 | 1.0 hrs | 33 | Drafting of Management Presentation | Draft/review presentation for potential investors |
| Tuesday, June 16, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors |
| Wednesday, June 17, 2009 | 2.0 hrs | 33 | Drafting of Management Presentation | Draft/review presentation for potential investors |
| Wednesday, June 17, 2009 | 1.0 hrs | 41 | Financial Modeling | Review financial projections and create pro forma financial model |
| Friday, June 19, 2009 | 2.5 hrs | 33 | Drafting of Management Presentation | Draft/review presentation for potential investors |
| Friday, June 19, 2009 | 2.0 hrs | 41 | Financial Modeling | Review financial projections and create pro forma financial model |
| Monday, June 22, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, June 22, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors |
| Monday, June 22, 2009 | 2.0 hrs | 33 | Drafting of Management Presentation | Draft/review presentation for potential investors |
| Tuesday, June 23, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors |
| Tuesday, June 23, 2009 | 2.0 hrs | 33 | Drafting of Management Presentation | Draft/review presentation for potential investors |
| Tuesday, June 23, 2009 | 3.0 hrs | 41 | Financial Modeling | Review financial projections and create pro forma financial model |
| Wednesday, June 24, 2009 | 3.0 hrs | 33 | Drafting of Management Presentation | Draft/review presentation for potential investors |
| Wednesday, June 24, 2009 | 0.5 hrs | 41 | Financial Modeling | Review financial projections and create pro forma financial model |
| Thursday, June 25, 2009 | 1.0 hrs | 33 | Drafting of Management Presentation | Draft/review presentation for potential investors |
| Thursday, June 25, 2009 | 2.5 hrs | 41 | Financial Modeling | Review financial projections and create pro forma financial model |
| Friday, June 26, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors |
| Friday, June 26, 2009 | 3.5 hrs | 33 | Drafting of Management Presentation | Draft/review presentation for potential investors |
| Tuesday, June 30, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Correspondence with potential investors |

**Total Hours - June 2009**    57.0 hrs

Lexington Precision Corporation - Time Sheet

Confidential

W.Y. CAMPBELL & COMPANY
Lexington Precision Corporation - Chapter 11 Reorganization
Summary of Services Provided
July 2009

| Name | Function | Title | Number of Hours |
|---|---|---|---|
| André A. Augier | Investment Banking | Managing Director | 54.0 |
| Kurt L. Haras | Investment Banking | Director | 56.5 |
| Gregory S. McGowan | Investment Banking | Vice President | 67.0 |
| Alexander J. Schroeder | Investment Banking | Associate | 74.5 |
| **Total** | | | **252.0** |

W.Y. CAMPBELL & COMPANY

Lexington Precision Corporation - Chapter 11 Reorganization

*Time Sheet - Andre A. Augier, Managing Director*

| Date | Time | Task Code | Task | Description of Task |
|---|---|---|---|---|
| Wednesday, July 01, 2009 | 2.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Thursday, July 02, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, July 02, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 03, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, July 03, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Monday, July 06, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Tuesday, July 07, 2009 | 4.0 hrs | 15 | Travel | Travel - Detroit, MI to New York, NY |
| Tuesday, July 07, 2009 | 4.0 hrs | 54 | Management Presentations | Management presentation with prospective investor group |
| Wednesday, July 08, 2009 | 4.0 hrs | 54 | Management Presentations | Management presentation with prospective investor group |
| Wednesday, July 08, 2009 | 4.0 hrs | 15 | Travel | Travel - New York, NY to Detroit, MI |
| Thursday, July 09, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, July 13, 2009 | 1.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 13, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, July 13, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Tuesday, July 14, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, July 15, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, July 16, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, July 16, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Monday, July 20, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 20, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, July 21, 2009 | 4.0 hrs | 15 | Travel | Travel - Detroit, MI To New York, NY |
| Tuesday, July 21, 2009 | 3.5 hrs | 54 | Management Presentations | Management presentation with prospective investor group |
| Tuesday, July 21, 2009 | 3.5 hrs | 54 | Management Presentations | Management presentation with prospective investor group |
| Tuesday, July 21, 2009 | 4.0 hrs | 15 | Travel | Travel - New York, NY to Detroit, MI |
| Wednesday, July 22, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, July 22, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Thursday, July 23, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Monday, July 27, 2009 | 1.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 27, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, July 28, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, July 30, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, July 30, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Phone/email correspondence with client |
| Friday, July 31, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, July 31, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |

**Total Hours - July 2009**  **54.0 hrs**

Lexington Precision Corporation - Time Sheet

Confidential

W.Y. CAMPBELL & COMPANY

Lexington Precision Corporation - Chapter 11 Reorganization

*Time Sheet - Kurt L. Haras, Director*

| Date | Time | Task Code | Task | Description of Task |
|---|---|---|---|---|
| Wednesday, July 01, 2009 | 2.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Thursday, July 02, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, July 02, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 03, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, July 06, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 06, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Tuesday, July 07, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, July 08, 2009 | 4.0 hrs | 15 | Travel | Travel - Detroit, MI To New York, NY |
| Wednesday, July 08, 2009 | 4.0 hrs | 54 | Management Presentations | Management presentation with prospective investor group |
| Thursday, July 09, 2009 | 3.5 hrs | 54 | Management Presentations | Management presentation with prospective investor group |
| Thursday, July 09, 2009 | 4.0 hrs | 15 | Travel | Travel - New York, NY to Detroit, MI |
| Friday, July 10, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Monday, July 13, 2009 | 1.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 13, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, July 14, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, July 14, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Wednesday, July 15, 2009 | 4.0 hrs | 15 | Travel | Travel - Detroit, MI To New York, NY |
| Wednesday, July 15, 2009 | 4.5 hrs | 54 | Management Presentations | Management presentation with prospective investor group |
| Thursday, July 16, 2009 | 3.5 hrs | 54 | Management Presentations | Management presentation with prospective investor group |
| Thursday, July 16, 2009 | 4.0 hrs | 15 | Travel | Travel - New York, NY to Detroit, MI |
| Friday, July 17, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, July 20, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 20, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Tuesday, July 21, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Wednesday, July 22, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, July 22, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Thursday, July 23, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, July 24, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, July 27, 2009 | 1.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 27, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Tuesday, July 28, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, July 30, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, July 30, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 31, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 31, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, July 31, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |

**Total Hours - July 2009**    56.5 hrs

Lexington Precision Corporation - Time Sheet

Confidential

W.Y. CAMPBELL & COMPANY

Lexington Precision Corporation - Chapter 11 Reorganization

*Time Sheet - Gregory S. McGowan, Vice President*

| Date | Time | Task Code | Task | Description of Task |
|---|---|---|---|---|
| Wednesday, July 01, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, July 03, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, July 06, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 06, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Monday, July 06, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Tuesday, July 07, 2009 | 2.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Thursday, July 09, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, July 09, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Thursday, July 09, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, July 10, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 10, 2009 | 2.5 hrs | 61 | Due Diligence Data | Fulfillment of due diligence requests |
| Monday, July 13, 2009 | 1.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 13, 2009 | 3.0 hrs | 61 | Due Diligence Data | Fulfillment of due diligence requests |
| Tuesday, July 14, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, July 14, 2009 | 4.0 hrs | 61 | Due Diligence Data | Fulfillment of due diligence requests |
| Wednesday, July 15, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Wednesday, July 15, 2009 | 2.5 hrs | 61 | Due Diligence Data | Fulfillment of due diligence requests |
| Thursday, July 16, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Thursday, July 16, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, July 17, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 17, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 20, 2009 | 1.0 hrs | 61 | Due Diligence Data | Fulfillment of due diligence requests |
| Monday, July 20, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, July 21, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Tuesday, July 21, 2009 | 2.0 hrs | 61 | Due Diligence Data | Fulfillment of due diligence requests |
| Tuesday, July 21, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Wednesday, July 22, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Wednesday, July 22, 2009 | 2.5 hrs | 61 | Due Diligence Data | Fulfillment of due diligence requests |
| Thursday, July 23, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, July 24, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 24, 2009 | 3.0 hrs | 61 | Due Diligence Data | Fulfillment of due diligence requests |
| Friday, July 24, 2009 | 1.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 27, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Tuesday, July 28, 2009 | 2.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Tuesday, July 28, 2009 | 2.0 hrs | 61 | Due Diligence Data | Fulfillment of due diligence requests |
| Wednesday, July 29, 2009 | 1.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Wednesday, July 29, 2009 | 2.5 hrs | 43 | Review of Financial Data | Analysis of revised financial data |
| Thursday, July 29, 2009 | 1.0 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Thursday, July 30, 2009 | 3.5 hrs | 61 | Due Diligence Data | Construction/review of data room |
| Thursday, July 30, 2009 | 2.0 hrs | 43 | Review of Financial Data | Analysis of revised financial data |
| Thursday, July 30, 2009 | 0.5 hrs | 18 | Correspondence with client | Phone/email correspondence with client |
| Friday, July 31, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 31, 2009 | 2.0 hrs | 61 | Due Diligence Data | Fulfillment of due diligence requests |
| Friday, July 31, 2009 | 4.0 hrs | 61 | Due Diligence Data | Construction/review of data room |

**Total Hours - July 2009**   67.0 hrs

Confidential

W.Y. CAMPBELL & COMPANY

Lexington Precision Corporation - Chapter 11 Reorganization

*Time Sheet - Alexander J. Schroeder, Associate*

| Date | Time | Task Code | Task | Description of Task |
|---|---|---|---|---|
| Wednesday, July 01, 2009 | 2.5 hrs | 53 | Discussions with Potential Investors | Conference call with potential investor group |
| Thursday, July 02, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 03, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Monday, July 06, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 06, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Wednesday, July 08, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 10, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Monday, July 13, 2009 | 1.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 13, 2009 | 5.0 hrs | 61 | Due Diligence Data | Due diligence gathering and data room population |
| Tuesday, July 14, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Tuesday, July 14, 2009 | 2.0 hrs | 61 | Due Diligence Data | Due diligence gathering and data room population |
| Wednesday, July 15, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Thursday, July 16, 2009 | 4.0 hrs | 61 | Due Diligence Data | Due diligence gathering and data room population |
| Friday, July 17, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 17, 2009 | 5.0 hrs | 61 | Due Diligence Data | Due diligence gathering and data room population |
| Monday, July 20, 2009 | 1.0 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Tuesday, July 21, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Wednesday, July 22, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Wednesday, July 22, 2009 | 4.0 hrs | 61 | Due Diligence Data | Due diligence gathering and data room population |
| Wednesday, July 22, 2009 | 3.5 hrs | 41 | Financial Modeling | Review/modeling of pro forma financials |
| Thursday, July 23, 2009 | 3.0 hrs | 61 | Due Diligence Data | Due diligence gathering and data room population |
| Thursday, July 23, 2009 | 1.5 hrs | 41 | Financial Modeling | Review/modeling of pro forma financials |
| Friday, July 24, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 24, 2009 | 1.0 hrs | 41 | Financial Modeling | Review/modeling of pro forma financials |
| Monday, July 27, 2009 | 1.5 hrs | 11 | Meeting/Calls (Internal) | Internal WYC&C planning meeting |
| Monday, July 27, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Monday, July 27, 2009 | 4.0 hrs | 61 | Due Diligence Data | Due diligence gathering and data room population |
| Monday, July 27, 2009 | 2.0 hrs | 41 | Financial Modeling | Review/modeling of pro forma financials |
| Tuesday, July 28, 2009 | 2.5 hrs | 61 | Due Diligence Data | Due diligence gathering and data room population |
| Tuesday, July 28, 2009 | 3.0 hrs | 41 | Financial Modeling | Review/modeling of pro forma financials |
| Wednesday, July 29, 2009 | 0.5 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Wednesday, July 29, 2009 | 3.0 hrs | 41 | Financial Modeling | Review/modeling of pro forma financials |
| Thursday, July 30, 2009 | 1.0 hrs | 61 | Due Diligence Data | Due diligence gathering and data room population |
| Thursday, July 30, 2009 | 6.0 hrs | 41 | Financial Modeling | Review/modeling of pro forma financials |
| Friday, July 31, 2009 | 1.0 hrs | 53 | Discussions with Potential Investors | Call with potential investor group |
| Friday, July 31, 2009 | 1.5 hrs | 61 | Due Diligence Data | Due diligence gathering and data room population |
| Friday, July 31, 2009 | 4.0 hrs | 41 | Financial Modeling | Review/modeling of pro forma financials |

**Total Hours - July 2009**    74.5 hrs

Lexington Precision Corporation - Time Sheet

Confidential

EXHIBIT E

ANDRÉ A. AUGIER – Managing Director



André A. Augier is a Managing Director of W.Y. Campbell & Company
having joined the Company in 1988. Prior to joining W.Y. Campbell &
Company, Mr. Augier was employed as an officer with transactional
responsibility in the Corporate Finance Department at First of Michigan
Corporation where he worked extensively in the divestiture arena.
Previously, Mr. Augier held a position with the firm's Public Finance
Department where, acting as an underwriter and financial advisor, he
initiated and structured tax-exempt public debt offerings. Mr. Augier is
fluent in French, a graduate of Michigan State University's School of
Business where he received his B.A. in Finance and of Walsh College
where he received his Masters of Science in Finance with Honors.

## KURT L. HARAS – Director



Kurt L. Haras is a Director of W.Y. Campbell & Company. Prior to joining W.Y. Campbell & Company in 2001, Mr. Haras served as an officer in the Corporate Finance department at Fahnestock & Company, where he was involved in mergers, acquisitions, public offerings, private placements, and business valuations. Prior to joining Fahnestock, he worked for PricewaterhouseCoopers LLP in the Corporate Value Consulting practice where he performed business valuations for estate, tax, and transaction purposes. Mr. Haras graduated from Michigan State University with a B.A. in Accounting and is a certified public accountant. Mr. Haras is currently enrolled in the Executive M.B.A. program at the University of Michigan.

GREGORY S. McGOWAN – Vice President

Gregory S. McGowan is a Vice President at W.Y. Campbell &
Company. Prior to joining W.Y. Campbell & Company in 2006, Mr.
McGowan served with both Woodward Capital Advisors and
Deloitte & Touche Corporate Finance LLC where he worked on
numerous investment banking advisory assignments with large
public companies and small privately held companies in the
execution of middle market transactions. He specializes in the
advisory of mergers, acquisitions, divestitures, capital raising and
joint ventures.



Mr. McGowan earned a Bachelor of Arts degree with honors in Finance from Michigan State
University where he was elected to Beta Gamma Sigma. He is Series 7 and 63 licensed.

ALEXANDER J. SCHROEDER – Associate

Alexander J. Schroeder is an Associate at W.Y. Campbell &
Company. Prior to joining the firm, Mr. Schroeder was an Analyst at
Duff & Phelps LLC in the Corporate Value Consulting practice. At
Duff & Phelps, Mr. Schroeder performed business valuations for
financial reporting, tax, and transaction purposes. Mr. Schroeder has
also worked for General Motors Corporation and Lear Corporation.
Mr. Schroeder graduated with honors from Michigan State
University with a Bachelor of Arts degree in Finance.

