**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                        :

In re:                       :        Chapter 11
                        :

LEXINGTON PRECISION CORP., et al.,    :        Case No. 08-11153 (MG)
                        :

         Debtors.         :        (Jointly Administered)
                        :

-------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 1124 & 1125 GRANTING MOTION BY AGENTS TO THE PREPETITION SECURED LENDERS TO SET ASIDE CERTAIN STANDSTILL AGREEMENTS, TO PERMIT GORDIAN GROUP TO SOLICIT INTEREST IN POTENTIAL SALES OF THE DEBTORS' BUSINESS UNITS AND/OR ASSETS, AND FOR RELATED RELIEF

Upon that certain *Motion By Agents To The Prepetition Secured Lenders To Set Aside Certain Standstill Agreements, To Permit Gordian Group To Solicit Interest In Potential Sales Of The Debtors' Business Units And/Or Assets, And For Related Relief* (the "Motion"), filed by CapitalSource Finance LLC, as agent under the Prepetition Credit Agreement[1], and CSE Mortgage LLC, as agent under the Prepetition Loan Agreement (together, the "Agents"), pursuant to sections 105, 363, 1124 and 1125 of title 11 of the United States Code (the "Bankruptcy Code"); and the Court having jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held on _____, 2009 (the "Hearing") to consider the Motion; and the Agents having provided notice as described in the Motion, with such notice being sufficient with no other or further notice being required; and the Court having reviewed the Motion, the papers in support thereof,

---

[1] Capitalized terms not otherwise defined herein have the meanings set forth in the Motion.

6509350.1

and the responses thereto, if any; and based upon the record of the Hearing and upon all of the proceedings heretofore before the Court,

THE COURT HEREBY FINDS AND ORDERS, as applicable:

1.    The Standstill Agreements were not entered into in the ordinary course of the Debtors' businesses, and are therefore not valid or enforceable by the Debtors against the counterparties thereto (the "Standstill Counterparties") for the purpose of preventing discussions regarding potential exit transactions ("Potential Transactions") with the Prepetition Secured Lenders, their counsel, or Gordian (the "Permitted Parties"). Without limiting the foregoing, the Standstill Counterparties shall be permitted to discuss Potential Transactions with the Permitted Parties and may base such discussions on any information received from the Debtors under the cover of confidentiality.

2.    Gordian is hereby appointed exclusive agent for sale of the Debtors' respective business units and/or assets.

3.    The Agents and Gordian are permitted to disclose information of the nature typically used in a disclosure statement in the Prepetition Secured Lenders' Disclosure Statement in connection with the pursuit of their Proposed Plans.

4.    The Agents and Gordian are permitted to disclose information of the nature typically used in marketing an entity's business units and/or assets for sale; provided, however, any potential bidder must sign a non-disclosure agreement that limits such usage to exploration of Potential Transactions. The form of non-disclosure agreement shall be subject to the reasonable approval of the Agents, in their sole discretion.

6509350.1

5.      As reasonably requested by the Agents or Gordian, the Debtors shall cooperate with any such request to facilitate the dissemination of adequate information in the Disclosure Statement for the Agents' solicitation of votes on the Proposed Plans and/or the solicitation or exploration of any Potential Transaction.

6.      If the Debtors fail to comply with a reasonable request of the Prepetition Secured Lenders as set forth in the preceding paragraph, the Agents shall be permitted to file a notice of non-cooperation (a "Notice of Non-Cooperation") and a form of "show cause" order (a "Show-Cause Order"), which may be entered by the Bankruptcy Court without notice or a hearing.

7.      Upon entry of the Show-Cause Order by the Bankruptcy Court, the Agents shall cause the Notice of Non-Cooperation and the Show-Cause Order to be served upon the following parties when the notice and order have been docketed by this Court, and the Counsel to the Prepetition Secured Lenders have served the notice and order upon: (a) the party whose failure to cooperate gave rise to the Notice of Non-Cooperation; (b) the Debtors, Lexington Precision Corporation, 800 Third Ave. 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin); (c) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Victoria Vron); (d) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg); (e) the attorneys for the statutory creditors' committee, Andrews Kurth LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Paul Silverstein); and (f) the attorneys for the Debtors' postpetition agents, O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, New York 10036 (Attn: Gerald Bender).

8.      Upon entry of a Show-Cause order by the Bankruptcy Court, a hearing

shall take place not sooner than 5 days after entry of the order, at which the Debtors and

any non-cooperating party shall be required to attend and demonstrate why they should

not be held in contempt of paragraph 5 of this Order.


Dated: September __, 2009
       New York, New York


                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE