Hearing Date: October 6, 2009 at 2:00 p.m.
Objection Deadline: October 1, 2009 at 4:00 p.m.

ANDREWS KURTH LLP
Paul N. Silverstein (PS 5098)
Jonathan Levine (JL 9674)
450 Lexington Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

Counsel to the Official Committee
of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEXINGTON PRECISION CORP, et al., | : | Case No. 08-11153 (MG) |
| | : | |
| | : | |
| Debtors. | : | |

---------------------------------------------------------------x

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION BY AGENTS TO THE PREPETITION SECURED LENDERS TO SET ASIDE CERTAIN STANDSTILL AGREEMENTS, TO PERMIT GORDIAN GROUP TO SOLICIT INTEREST IN POTENTIAL SALES OF THE DEBTORS' BUSINESS UNITS AND/OR ASSETS, AND RELATED RELIEF**

TO:   THE HONORABLE MARTIN GLENN,
      UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Unsecured Creditors (the "Committee") of Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber Group" and together with Lexington Precision, the "Debtors"), for its objection to the Motion By PrePetition Secured Lenders (collectively, "CapSource") To Set Aside Certain Standstill Agreements, To Permit Gordian Group To Solicit Interest In Potential Sales Of The

1

Debtors' Business Units And/Or Assets, And Related Relief (the "CapSource Motion"), respectfully represents:

1. There is truth in many of the factual allegations or statements set forth in the CapSource Motion. CapSource is essentially correct in its assertions that the Debtors' entry into "Standstill Agreements" (defined and identified in Paragraphs 42-46 of the CapSource Motion) with various potential investors was, to say the least, improper. Simply stated, the Standstill Agreements which, upon information and belief, are part of every confidentiality agreement that the Debtors executed with potential investors, demonstrate the Debtors' paramount goal of attempting to retain control over the Debtors' management and businesses.

2. The relief requested in the CapSource Motion, however, is misplaced and cannot be granted. Such relief is predicated on the following statement by CapSource in Paragraph 4 of the Motion: "[B]ecause a sale appears to be the avenue for a successful exit from these cases, the Agents request that Gordian, who is contemplated to serve as "Sale Agent" under [the CapSource] Proposed Plans, be appointed exclusive agent to explore the sale transactions contemplated by [the CapSource] Proposed Plans." Paragraph 48 of the CapSource Motion goes on to state that CapSource seeks "Gordian Group to immediately begin acting as exclusive agent for the sale of the Debtors' business units and/or assets, so that the only reasonably likely avenue for exit from these chapter 11 cases does not lose momentum."

3. Without question, the Debtors have not fulfilled their duties as debtors in possession and fiduciaries to creditors. The Committee and CapSource agree on that. It does not follow, however, that CapSource's proposed chapter 11 plan, which seeks to force a prompt sale of the Debtors' business and assets, can be confirmed or, more importantly, can or should be

NYC:198736.2

implemented at this juncture, as CapSource wishes. No legal or factual basis exists for this Court to authorize CapSource's agent to run a sale process for the Debtors' businesses. CapSource concedes that there exists no legal authority for such relief. (CapSource predicates its request on a bare reference to Section 105(a) of the Bankruptcy Code). No such authority under Section 105(a) exists for such relief. Furthermore, if there even reaches a point where a sale process would be implemented under this Court's jurisdiction, CapSource's agent, Gordian Group, would be the last entity to be selected for such a task. Gordian is not disinterested and is motivated solely to achieve a sale price that would pay CapSource's claim.

WHEREFORE, the Committee respectfully requests that the CapSource Motion be denied together with such other and further relief as is just and proper.

Dated: October 1, 2009
New York, New York

**ANDREWS KURTH LLP**

By: /s/ Paul N. Silverstein
Paul N. Silverstein (PS-5098)
Jonathan Levine (JL-9674)
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 850-2800
Fax: (212) 850- 2929

Counsel to the Official
Committee of Unsecured Creditors

NYC:198736.2