WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                                  :
In re:                                            :          **Chapter 11**
                                                  :
**LEXINGTON PRECISION CORP., et al.,**            :          **Case No. 08-11153 (BRL)**
                                                  :
            **Debtors.**                          :          **(Jointly Administered)**
                                                  :
------------------------------------------------------------------------x

**DEBTORS' SUPPLEMENT TO MOTION TO (I) APPROVE THE PROPOSED**
**DISCLOSURE STATEMENT, (II) APPROVE THE PROCEDURES TO SOLICIT**
**ACCEPTANCES OF THE DEBTORS' PROPOSED PLAN, AND**
**(III) SCHEDULE A HEARING AND ESTABLISH NOTICE AND OBJECTION**
**PROCEDURES FOR CONFIRMATION OF THE DEBTORS' PROPOSED PLAN**

TO THE HONORABLE BURTON R. LIFLAND,
UNITED STATES BANKRUPTCY JUDGE:

Lexington Precision Corporation ("Lexington Precision") and its wholly-owned

subsidiary, Lexington Rubber Group, Inc. ("Lexington Rubber Group" and together with

Lexington Precision, the "Debtors"), as debtors and debtors in possession, in support of their

supplement (the "Supplement") to their motion, dated October 24, 2008, to (i) approve the

proposed disclosure statement, (ii) approve the procedures to solicit acceptances of the Debtors'

proposed plan, and (iii) schedule a hearing and establish notice and objection procedures for

confirmation of the Debtors' proposed plan [Docket No. 446] (the "Disclosure Statement

Motion"), respectfully represent:

## **Background**

1.       On April 1, 2008 (the "Commencement Date"), each of the Debtors

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for

procedural purposes only and are being jointly administered pursuant to rule 1015(b) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to

continue to operate their businesses and manage their properties as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.       On August 8, 2008, the Debtors filed their amended joint plan of

reorganization under chapter 11 of the Bankruptcy Code[1] and the disclosure statement with

respect thereto.[2]  On December 17, 2008, the Debtors filed a second amended joint plan of

reorganization[3] and a revised disclosure statement with respect thereto.[4]

3.       On October 24, 2008, the Debtors filed the Disclosure Statement Motion.

A hearing on the Debtors' proposed disclosure statement (the "Disclosure Statement Hearing")

was originally scheduled for November 24, 2008, but was subsequently adjourned several times

to allow for further plan discussions with the official committee of unsecured creditors appointed

in these chapter 11 cases (the "Creditors' Committee").

---

[1] Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated August 8, 2008 [Docket No. 305].

[2] Proposed Disclosure Statement for Debtors Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, filed August 8, 2008 [Docket No. 306].

[3] Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated December 17, 2008 [Docket No. 490].

[4] Proposed Disclosure Statement for Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated December 17, 2008 [Docket No. 489].

4.      On January 28, 2009, the Debtors filed with the Court a notice (the "Notice of Adjournment") adjourning the Disclosure Statement Hearing to a date to be determined.  The Notice of Adjournment provided that the Debtors may announce the rescheduled Disclosure Statement Hearing by filing a notice with the Court and serving it on (i) the list of parties requesting notice of pleadings in accordance with the Court's order establishing notice procedures, and (ii) all parties that have previously filed an objection or response to the Debtors' proposed disclosure statement.

5.      Contemporaneously herewith, the Debtors have filed their third amended joint plan of reorganization under chapter 11 of the Bankruptcy Code (as may be further amended, the "Proposed Plan")[5] and a revised proposed disclosure statement with respect thereto (as may be further amended, the "Proposed Disclosure Statement").[6]  Pursuant to the Notice of Adjournment, the Debtors seek to reschedule the Disclosure Statement Hearing to a date the Court determines appropriate.

6.      Due to the passage of time and because of certain amendments that have been made in the Plan, the Disclosure Statement Motion is hereby supplemented as follows.

## Supplement

7.      Pursuant to sections 105, 502, 1125, 1126, and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3003, 3017, 3018, and 3020, the Debtors request that the Court –

(a)      approve the Proposed Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code;

---

[5] Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated October 6, 2009.

[6] Proposed Disclosure Statement for Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, filed October 6, 2009.

(b)      approve the following procedures (the "<u>Solicitation Procedures</u>") for the Debtors to solicit the acceptance of the Proposed Plan, which include –

(1)      determining which holders of claims or interests may vote to accept or reject the Proposed Plan;

(2)      temporarily allowing certain claims for voting purposes;

(3)      setting **the date of entry of an order approving the Disclose Statement at 4:00 p.m (prevailing Eastern Time)** (the "<u>Voting Record Date</u>") as the date and time which determines which claim and interest holders may vote to accept or reject the Proposed Plan or receive notice of non-voting status;

(4)      setting **the date that is the tenth (10th) day prior to the Confirmation Hearing (as defined below) at 4:00 p.m. (prevailing Eastern Time)** (the "<u>Voting Deadline</u>") as the deadline by which the solicitation agent must receive a ballot for such ballot to be counted;

(5)      approving the materials to sent to holders of claims and interests;

(6)      approving the forms of ballots (the "<u>Ballots</u>") substantially in the form of **<u>Exhibits B-1, B-2, B-3, B-4A, B-4B, B-5, B-6A, B-6B, B-7A, and B-7B,</u>** revised forms of which are attached to this Supplement**;**

(7)      establishing voting and tabulation procedures; and

(8)      approving a notice to holders of claims and interests not entitled to vote advising of their status (the "<u>Notice of Non-Voting Status</u>") substantially in the form of **<u>Exhibit C</u>**, a revised form of which is attached to this Supplement; and

(c)      approve the following procedures for the confirmation of the Proposed Plan, which include –

(1)      scheduling a hearing to confirm the Proposed Plan **on a date that is no earlier than 47 days after the date of entry of an order approving the Disclose Statement**  (the "<u>Confirmation Hearing</u>");

(2)      approving the form and manner of notice of the confirmation hearing (the "<u>Confirmation Hearing Notice</u>") substantially in the form of **<u>Exhibit D</u>**, a revised form of which is attached to this Supplement; and

(3)      establishing **the date that is the tenth (10th) day prior to the Confirmation Hearing at 4:00 p.m. (prevailing Eastern Time)**

as the deadline to file and serve objections and responses to the Proposed Plan.

8.    To the extent not inconsistent with the above, all other provisions of the Disclosure Statement Motion still apply and are incorporated herein by reference.

**Notice**

9.    No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Supplement has been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' postpetition lenders, (iv) the attorneys for the Committee, (v) any person who has objected or responded to the Debtors' previously filed proposed disclosure statement(s) and their counsel, if known, and (vi) all other parties that have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

WHEREFORE the Debtors respectfully requests the entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: October 6, 2009
         New York, New York

                              /s/ Adam P. Strochak
                              Richard P. Krasnow
                              Adam P. Strochak

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone:    (212) 310-8000
                              Facsimile:     (212) 310-8007
                              Attorneys for Debtors
                              and Debtors in Possession

**Table of Revised Exhibits**

**Ballots**

Exhibit B-1 – Ballot for Holder of Class 6
Junior Subordinated Note Claims

Exhibit B-2 –Ballot for Holders of Class 7
General Unsecured Claims Against Lexington Precision Corp.

Exhibit B-3 – Ballot for Holders of Class 17
General Unsecured Claims Against Lexington Rubber Group, Inc.

Exhibit B-4A – Ballot for Beneficial Holders of Class 5
Senior Subordinated Note Claims

Exhibit B-4B – Master Ballot for Record Holders of Class 5
Senior Subordinated Note Claims

Exhibit B-5 – Ballot for Holders of Class 10
Series B Preferred Stock Interests

Exhibit B-6A – Ballot for Holders of Classes 2(a) and 14(a)
CapitalSource Secured Claims

Exhibit B-6B – Ballot for Holders of Classes 2(b) and 14(b)
CSE Secured Claims

Exhibit B-7A – Ballot for Holders of Class 9
Asbestos Personal Injury Claims

Exhibit B-7B – Master Ballot for Counsel to Holders of Class 9
Asbestos Personal Injury Claims


Exhibit C – Notice of Non-Voting Status

Exhibit D – Confirmation Hearing Notice

Exhibit E – Proposed Disclosure Statement Order

## **Exhibit B-1**

**Ballot for Holders of Class Junior Subordinated Note Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re:                                      :        **Chapter 11**
:
**LEXINGTON PRECISION CORP., et al.,**        :        **Case No. 08-11153 (BRL)**
:
          **Debtors.**                      :        **(Jointly Administered)**
:
---------------------------------------------------------------x

<div align="center">

**BALLOT FOR HOLDERS OF CLASS 6**
**JUNIOR SUBORDINATED NOTE CLAIMS**

</div>

          Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber Group" and together with Lexington Precision, the "Debtors"), as debtors and debtors in possession, each of which is identified below, are soliciting votes with respect to the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated [_____], 2009 (as it may be further amended, the "Proposed Plan"), from the holders of certain impaired claims interests against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan.  If you have any questions on how to properly complete this Ballot, please call Financial Balloting Group LLC (the "Solicitation Agent") at (646) 282-1800.

          Class 6 (Junior Subordinated Note Claims) includes the 13% Junior Subordinated Note due 2009, dated as of January 31, 2006, between Lexington Precision and Michael A. Lubin. **THIS BALLOT IS ONLY FOR THE BENEFICIAL HOLDERS OF THE 13% JUNIOR SUBORDINATED NOTE CLAIMS.**

          In order for your vote to be counted, this Ballot must be properly completed, signed, and returned in the envelope provided.  The deadline for the receipt by the Solicitation Agent of all Ballots (including Ballots and Master Ballots cast on behalf of beneficial holders) is no later than **4:00 p.m. (prevailing Eastern Time) on [_____], 2009 (the "Voting Deadline")**, unless such time is extended in writing by the Debtors.

          PLEASE COMPLETE THE FOLLOWING:

          ITEM 1.  **Principal Amount of 13% Junior Subordinated Note Claims.**  The undersigned hereby certifies that as of [_____], 2009, the undersigned was the beneficial holder (or authorized signatory for a beneficial holder) of 13% Junior Subordinated Note in the following aggregate unpaid principal amount (insert amount in box below).

<div style="border: 1px solid black; padding: 10px; width: 40%;">

Principal amount of 13% Junior
Subordinated Note:
$_____

</div>

ITEM 2. **Vote on the Proposed Plan.** The beneficial holder of the 13% Junior Subordinated Note identified in Item 1 hereby votes to:

<u>Check one box</u>:     ☐     Accept the Proposed Plan

☐     Reject the Proposed Plan

ITEM  3.    **Certification as to 13% Junior Subordinated Note Claims held in Additional Accounts.**  By completing and returning this Ballot, the beneficial holder certifies that either (a) it has not submitted any other Ballots for other Class 6 13% Junior Subordinated Note Claims held in other accounts or other record names or (b) it has provided the information specified in the following table for all other Class 6 13% Junior Subordinated Note Claims for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Proposed Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED 13% JUNIOR SUBORDINATED NOTE BALLOTS OTHER THAN THIS BALLOT

| Account Number | Name of Holder[1] | Amount of 13% Junior Subordinated Notes Voted |
|---|---|---|
|  |  |  |
|  |  |  |

---

[1] Insert your name if the 13% Junior Subordinated Note is held by you in record name or, if held in street name, insert the name of your broker or bank

ITEM 4.  **Acknowledgements and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement for the Proposed Plan, dated [_____], 2009 (as it may be amended, the "Disclosure Statement"), including all exhibits thereto.  The undersigned certifies that (i) it is the holder of the 13% Junior Subordinated Note Claims identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Proposed Plan.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Proposed Plan contained therein.

Print or Type Name of Claimant:_____

Social Security or Federal Tax I.D. No. of
Claimant:_____

Signature: _____

Name of Signatory (if different than claimant):_____

If by Authorized Agent, Title of Agent:_____

Street Address:_____

City, State and Zip Code:_____

Telephone Number:_____

Date Completed:_____

3

**VOTING INSTRUCTIONS FOR COMPLETING THE
BALLOT FOR HOLDERS OF CLASS 6
JUNIOR SUBORDINATED NOTE CLAIMS**

1.      This Ballot is submitted to you to solicit your vote to accept or reject the Proposed Plan.  **PLEASE READ THE PROPOSED PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.      The Proposed Plan will be accepted by Class 6 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 6 voting on the Proposed Plan.  In the event that Class 6 rejects the Proposed Plan, the Bankruptcy Court may nevertheless confirm the Proposed Plan and thereby make it binding on you if the Bankruptcy Court finds that the Proposed Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of Claims in Class 6 and all other Classes of Claims rejecting the Proposed Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Proposed Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Equity Interests in the Debtors (including those holders who abstain from voting on or reject the Proposed Plan, and those holders who are not entitled to vote on the Proposed Plan) will be bound by the confirmed Proposed Plan and the transactions contemplated thereby.

3.      In order for your Class 6 vote to be counted, this Ballot must be properly completed, signed, and returned in the envelope provided.  The deadline for the receipt by the Solicitation Agent of all Ballots (including Beneficial Holder Ballots and Master Ballots cast on behalf of beneficial holders) is no later than **4:00 p.m. (prevailing Eastern Time) on [_____], 2009 (the "<u>Voting Deadline</u>")**, unless such time is extended in writing by the Debtors.  The Solicitation Agent is Financial Balloting Group LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017.

        **Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission.**

4.      To properly complete this Ballot, you must follow the procedures described below:

        a.   make sure that the information contained in Item 1 is correct;

        b.   cast vote to accept or reject the Proposed Plan by checking the appropriate box in Item 2;

        c.   provide the information required by Item 3, if applicable to you;

        d.   if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (<u>e.g.</u>, a power of attorney or a certified copy of board resolutions authorizing you to so act);

        e.   if you also hold other claims or interests in classes that are entitled to vote, you should receive a different Ballot for each such claim and interest.  Your vote will

4

be counted in determining acceptance or rejection of the Proposed Plan by a particular Class of Claims or Interests only if you complete, sign and return the Ballot labeled for that Class in accordance with the instructions on that Ballot;

f.    if you believe that you have received the wrong Ballot, please contact the Solicitation Agent immediately;

g.    provide your name and mailing address;

h.    sign and date your Ballot; and

i.    return your Ballot using the enclosed pre-addressed return envelope.

IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL HOLDER BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BENEFICIAL HOLDER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BENEFICIAL HOLDER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT, FINANCIAL BALLOTING GROUP LLC AT (646) 282-1800.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**Exhibit B-2**

**Ballot for Holders of Class 7**
**General Unsecured Claims Against Lexington Precision Corp.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                            :
In re:                                      :        **Chapter 11**
                                            :
**LEXINGTON PRECISION CORP., et al.,**      :        **Case No. 08-11153 (BRL)**
                                            :
            **Debtors.**                    :        **(Jointly Administered)**
                                            :
-------------------------------------------------------------x

**BALLOT FOR HOLDERS OF CLASS 7**
**GENERAL UNSECURED CLAIMS AGAINST LEXINGTON PRECISION CORP.**

   Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber Group" and together with Lexington Precision, the "Debtors"), as debtors and debtors in possession, each of which is identified below, are soliciting votes with respect to the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated [_____], 2009 (as it may be further amended, the "Proposed Plan"), from the holders of certain impaired claims and interests against the Debtors. All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan. If you have any questions on how to properly complete this Ballot, please call Financial Balloting Group LLC (the "Solicitation Agent") at (646) 282-1800.

   This Ballot is to be used for voting by holders of General Unsecured Claims against LPC.

   In order for your vote to be counted, the Ballot must be properly completed, signed, and returned to the Solicitation Agent so that it is actually received by the Solicitation Agent, Financial Balloting Group LLC, Attn: Lexington Precision Ballot Tabulation, 757 Third Avenue, 3rd Floor, New York, New York 10017, by no later than **4:00 p.m. (prevailing Eastern Time) on [_____], 2009 (the "Voting Deadline")**, unless such time is extended by the Debtors.

PLEASE COMPLETE THE FOLLOWING:

  ITEM 1.  **Amount of General Unsecured Claims Against Lexington Precision.**  For purposes of voting to accept or reject the Proposed Plan, the undersigned holds a General Unsecured Claims against Lexington Precision in the amount set forth below.

```
┌─────────────────────────────────────┐
│                                      │
│   Amount: $_____             │
│                                      │
└─────────────────────────────────────┘
```

ITEM 2.  **Vote on the Proposed Plan.**  The undersigned holder of a General Unsecured Claim against Lexington Precision in the amount set forth in Item 1 above hereby votes to:

Check one box:      ☐     Accept the Proposed Plan

                        ☐     Reject the Proposed Plan

ITEM 3.  **OPTIONAL - Unsecured Convenience Class Election.**  By checking the box below, regardless of the amount of your Allowed Claim, you elect to have your Allowed Claim reduced to $2,000 and to be treated as a Convenience Claim against Lexington Precision, meaning that your Allowed Claim will be reduced to $2,000 and paid in full in Cash.

> ☐
>
> Elect to have Allowed Claim Treated as a Convenience Claim

ITEM 4.  **Acknowledgements and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement for the Proposed Plan, dated [_____], 2009 (as it may be amended, the "Disclosure Statement"), including all exhibits thereto.  The undersigned certifies that (i) it is the holder of the General Unsecured Claim against Lexington Precision identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Proposed Plan.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Proposed Plan contained therein.

Print or Type Name of Claimant:_____

Social Security or Federal Tax I.D. No. of Claimant:_____

Signature: _____

Name of Signatory (if different than claimant):_____

If by Authorized Agent, Title of Agent:_____

Street Address:_____

City, State and Zip Code:_____

Telephone Number:_____

Date Completed:_____

**VOTING INSTRUCTIONS FOR COMPLETING
THE BALLOT FOR HOLDERS OF CLASS 7
GENERAL UNSECURED CLAIM AGAINST LEXINGTON PRECISION**

1.      This Ballot is submitted to you to solicit your vote to accept or reject the Proposed Plan. **PLEASE READ THE PROPOSED PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.      The Proposed Plan will be accepted by Class 7 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 7 voting on the Proposed Plan.  In the event that Class 7 rejects the Proposed Plan, the Bankruptcy Court may nevertheless confirm the Proposed Plan and thereby make it binding on you if the Bankruptcy Court finds that the Proposed Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of Claims in Class 7 and all other Classes of Claims rejecting the Proposed Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Proposed Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Equity Interests in the Debtors (including those holders who abstain from voting or reject the Proposed Plan, and those holders who are not entitled to vote on the Proposed Plan) will be bound by the confirmed Proposed Plan and the transactions contemplated thereby.

3.      To have your vote counted, you must complete, sign, and return this Ballot to Financial Balloting Group (the "Solicitation Agent") so that it is <u>received</u> by the Solicitation Agent by no later than **4:00 p.m. (prevailing Eastern Time) on** [____], **2009 (the "<u>Voting Deadline</u>")**, unless such time is extended in writing by the Debtors. Ballots must be delivered either by mail with the enclosed envelope <u>or</u> by hand delivery or overnight courier to the Solicitation Agent at the following address:

<div align="center">

FINANCIAL BALLOTING GROUP LLC
ATTN: LEXINGTON PRECISION BALLOT TABULATION
757 THIRD AVENUE, 3RD FLOOR
NEW YORK, NEW YORK 10017
(646) 282-1800

</div>

**Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission.**

4.      To properly complete the Ballot, you must follow the procedures described below:

    a.  make sure that the information contained in Item 1 is correct;

    b.  if you have a Claim in Class 7, cast one vote to accept or reject the Proposed Plan by checking the appropriate box in Item 2;

    c.  if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are

signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

d.   if you also hold other claims or interests in classes that are entitled to vote, you should receive a different Ballot for each such claim or interest.  Your vote will be counted in determining acceptance or rejection of the Proposed Plan by a particular Class only if you complete, sign, and return the Ballot labeled for that Class in accordance with the instructions on that Ballot;

e.   if you believe that you have received the wrong Ballot, please contact the Solicitation Agent immediately;

f.   provide your name and mailing address;

g.   sign and date your Ballot; and

h.   return your Ballot using the enclosed pre-addressed return envelope.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT, FINANCIAL BALLOTING GROUP LLC AT (646) 282-1800.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**<u>Exhibit B-3</u>**

**Ballot for Holders of Class 17**
**General Unsecured Claims Against Lexington Rubber Group, Inc.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                            :

In re:                                                                    :    **Chapter 11**
                                            :

**LEXINGTON PRECISION CORP., et al.,**                :    **Case No. 08-11153 (BRL)**
                                            :

          **Debtors.**                                    :    **(Jointly Administered)**
                                            :

-------------------------------------------------------------x

**BALLOT FOR HOLDERS OF CLASS 17**
**GENERAL UNSECURED CLAIMS AGAINST LEXINGTON RUBBER GROUP, INC.**

        Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber Group" and together with Lexington Precision, the "Debtors"), as debtors and debtors in possession, each of which is identified below, are soliciting votes with respect to the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated [_____], 2009 (as it may be further amended, the "Proposed Plan"), from the holders of certain impaired claims against the Debtors. All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan. If you have any questions on how to properly complete this Ballot, please call Financial Balloting Group LLC (the "Solicitation Agent") at (646) 282-1800.

        This Ballot is to be used for voting by holders of General Unsecured Claims against Lexington Rubber Group. In order for your vote to be counted, the Ballot must be properly completed, signed, and returned to the Solicitation Agent so that it is actually received by the Solicitation Agent, Financial Balloting Group LLC, Attn: Lexington Precision Ballot Tabulation, 757 Third Avenue, 3rd Floor, New York, New York 10017, by no later than **4:00 p.m. (prevailing Eastern Time) on** [_____]**, 2009 (the "Voting Deadline")**, unless such time is extended by the Debtors.

        PLEASE COMPLETE THE FOLLOWING:

        ITEM 1. **Amount of General Unsecured Claims Against Lexington Rubber Group.** For purposes of voting to accept or reject the Proposed Plan, the undersigned holds a General Unsecured Claims against Lexington Rubber Group in the amount set forth below.

Amount: $_____

ITEM 2.  **Vote on the Proposed Plan.**  The undersigned holder of a General Unsecured Claim against Lexington Rubber Group in the amount set forth in Item 1 above hereby votes to:

<u>Check one box</u>:        ☐        Accept the Proposed Plan

                          ☐        Reject the Proposed Plan

ITEM 3.  **OPTIONAL - Unsecured Convenience Class Election.**  By checking the box below, regardless of the amount of your Allowed Claim, you elect to have your Allowed Claim reduced to $2,000 and to be treated as a Convenience Claim against Lexington Rubber Group, meaning that your Allowed Claim will be reduced to $2,000 and paid in full in Cash.

| ☐ |
|:--:|
| Elect to have Allowed Claim Treated as a Convenience Claim |

ITEM 4.  **Acknowledgements and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement for the Proposed Plan, dated [_____], 2009 (as it may be amended, the "<u>Disclosure Statement</u>"), including all exhibits thereto.  The undersigned certifies that (i) it is the holder of the General Unsecured Claim against Lexington Precision identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Proposed Plan.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Proposed Plan contained therein.

Print or Type Name of Claimant:        _____

Social Security or Federal Tax I.D. No. of Claimant:_____

Signature:        _____

Name of Signatory (if different than claimant):_____

If by Authorized Agent, Title of Agent:        _____

Street Address:        _____

City, State and Zip Code:        _____

Telephone Number:        _____

Date Completed:        _____

**VOTING INSTRUCTIONS FOR COMPLETING
THE BALLOT FOR HOLDERS OF CLASS 17
GENERAL UNSECURED CLAIM AGAINST LEXINGTON RUBBER GROUP**

1.      This Ballot is submitted to you to solicit your vote to accept or reject the Proposed Plan.  **PLEASE READ THE PROPOSED PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.      The Proposed Plan will be accepted by Class 17 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 17 voting on the Proposed Plan.  In the event that Class 17 rejects the Proposed Plan, the Bankruptcy Court may nevertheless confirm the Proposed Plan and thereby make it binding on you if the Bankruptcy Court finds that the Proposed Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of Claims in Class 17 and all other Classes of Claims rejecting the Proposed Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Proposed Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Equity Interests in the Debtors (including those holders who abstain from voting or reject the Proposed Plan, and those holders who are not entitled to vote on the Proposed Plan) will be bound by the confirmed Proposed Plan and the transactions contemplated thereby.

3.      To have your vote counted, you must complete, sign, and return this Ballot to Financial Balloting Group (the "Solicitation Agent") so that it is received by the Solicitation Agent by no later than **4:00 p.m. (prevailing Eastern Time) on** [_____], **2009 (the "Voting Deadline")**, unless such time is extended in writing by the Debtors. Ballots must be delivered either by mail with the enclosed envelope or by hand delivery or overnight courier to the Solicitation Agent at the following address:

<div align="center">

FINANCIAL BALLOTING GROUP LLC
ATTN: LEXINGTON PRECISION BALLOT TABULATION
757 THIRD AVENUE, 3RD FLOOR
NEW YORK, NEW YORK 10017
(646) 282-1800

</div>

**Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission.**

4.      To properly complete the Ballot, you must follow the procedures described below:

   a.   make sure that the information contained in Item 1 is correct;

   b.   if you have a Claim in Class 17, cast one vote to accept or reject the Proposed Plan by checking the appropriate box in Item 2;

   c.   if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

d.   if you also hold Claims in a Class other than Class 17, you may receive more than one Ballot, labeled for a different Class of Claims.  Your vote will be counted in determining acceptance or rejection of the Proposed Plan by a particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on that Ballot;

e.   if you believe that you have received the wrong Ballot, please contact the Solicitation Agent immediately;

f.   provide your name and mailing address;

g.   sign and date your Ballot; and

h.   return your Ballot using the enclosed pre-addressed return envelope.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT, FINANCIAL BALLOTING GROUP LLC AT (646) 282-1800.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**<u>Exhibit B-4A</u>**

**Ballot for Beneficial Holders of Class 5
Senior Subordinated Note Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                  :
In re:                                            :          **Chapter 11**
                                                  :
**LEXINGTON PRECISION CORP., et al.,**            :          **Case No. 08-11153 (BRL)**
                                                  :
            **Debtors.**                          :          **(Jointly Administered)**
                                                  :
-----------------------------------------------------------------x

## BALLOT FOR BENEFICIAL HOLDERS OF CLASS 5
## SENIOR SUBORDINATED NOTE CLAIMS

Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber Group" and together with Lexington Precision, the "Debtors"), as debtors and debtors in possession, each of which is identified below, are soliciting votes with respect to the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated [_____], 2009 (as it may be further amended, the "Proposed Plan"), from the holders of certain impaired claims interests against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan.  If you have any questions on how to properly complete this Ballot, please call Financial Balloting Group LLC (the "Solicitation Agent") at (646) 282-1800.

Class 5 (Senior Subordinated Note Claims) includes the 12% Senior Subordinated Notes due 2009 pursuant to the indenture, dated as of December 18, 2003, between Wilmington Trust Company, as indenture trustee, and Lexington Precision. **THIS BALLOT IS ONLY FOR THE BENEFICIAL HOLDERS OF THE SENIOR SUBORDINATED NOTE CLAIMS.**

In order for your vote to be counted, this Ballot must be properly completed, signed, and returned in the envelope provided.  The deadline for the receipt by the Solicitation Agent of all Ballots (including Ballots and Master Ballots cast on behalf of beneficial holders) is no later than **4:00 p.m. (prevailing Eastern Time) on** [_____]**, 2009 (the "Voting Deadline"),** unless such time is extended in writing by the Debtors.

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BANK, BROKER, OR OTHER VOTING NOMINEE (EACH OF THE FOREGOING, A "VOTING NOMINEE"), PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE SOLICITATION AGENT BEFORE THE VOTING DEADLINE.**

PLEASE COMPLETE THE FOLLOWING:

ITEM 1.  **Principal Amount of Senior Subordinated Note Claims.**  The undersigned hereby certifies that as of [_____], 2009, the undersigned was the beneficial holder (or authorized

signatory for a beneficial holder), or the Voting Nominee of a beneficial holder, of 12% Senior Subordinated Notes in the following aggregate unpaid principal amount (insert amount in box below).  If your 12% Senior Subordinate Notes are held by a Voting Nominee on your behalf and you do not know the amount of the 12% Senior Subordinated Notes held, please contact your Voting Nominee immediately.

ITEM 2.  **Vote on the Proposed Plan**.  The beneficial holder of the 12% Senior Subordinated Notes identified in Item 1 hereby votes to:

<u>Check one box</u>:        ☐        Accept the Proposed Plan

☐        Reject the Proposed Plan

ITEM  3.    **Certification as to Senior Subordinated Note Claims held in Additional Accounts**.  By completing and returning this Ballot, the beneficial holder certifies that either (a) it has not submitted any other Ballots for other Class 5 Senior Subordinated Note Claims held in other accounts or other record names or (b) it has provided the information specified in the following table for all other Class 5 Senior Subordinated Note Claims for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Proposed Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED CLASS 5 BALLOTS OTHER THAN THIS BALLOT.

| Account Number | Name of Holder[1] | Amount of Other Senior Subordinated Note Claims Voted |
|---|---|---|
|  |  |  |
|  |  |  |

---

[1] Insert your name if the 12% Senior Subordinated Notes are held by you in record name or, if held in street name, insert the name of your broker or bank.

ITEM 4.  **Acknowledgements and Certification**.  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement for the Proposed Plan, dated [_____], 2009 (as it may be amended, the "Disclosure Statement"), including all exhibits thereto.  The undersigned certifies that (i) it is the holder of the Senior Subordinated Note Claims identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Proposed Plan.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Proposed Plan contained therein.

Print or Type Name of Claimant:_____

Social Security or Federal Tax I.D. No. of
Claimant:_____

Signature: _____

Name of Signatory (if different than claimant):_____

If by Authorized Agent, Title of Agent:_____

Street Address:_____

City, State and Zip Code:_____

Telephone Number:_____

Date Completed:_____

**VOTING INSTRUCTIONS FOR COMPLETING THE
BALLOT FOR HOLDERS OF CLASS 5
SENIOR SUBORDINATED NOTE CLAIMS**

1.          This Ballot is submitted to you to solicit your vote to accept or reject the Proposed Plan.  **PLEASE READ THE PROPOSED PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.          The Proposed Plan will be accepted by Class 5 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 5 voting on the Proposed Plan.  In the event that Class 5 rejects the Proposed Plan, the Bankruptcy Court may nevertheless confirm the Proposed Plan and thereby make it binding on you if the Bankruptcy Court finds that the Proposed Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of Claims in Class 5 and all other Classes of Claims rejecting the Proposed Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Proposed Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Equity Interests in the Debtors (including those holders who abstain from voting on or reject the Proposed Plan, and those holders who are not entitled to vote on the Proposed Plan) will be bound by the confirmed Proposed Plan and the transactions contemplated thereby.

3.          In order for your Class 5 vote to be counted, this Ballot must be properly completed, signed, and returned in the envelope provided.  The deadline for the receipt by the Solicitation Agent of all Ballots (including Beneficial Holder Ballots and Master Ballots cast on behalf of beneficial holders) is no later than **4:00 p.m. (prevailing Eastern Time) on [_____], 2009, (the "<u>Voting Deadline</u>")**, unless such time is extended in writing by the Debtors.

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BANK, BROKER, OR OTHER VOTING NOMINEE, PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE SOLICITATION AGENT BEFORE THE VOTING DEADLINE.**  The Solicitation Agent is Financial Balloting Group LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017.

**Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission.**

4.          To properly complete this Ballot, you must follow the procedures described below:

    a.    make sure that the information contained in Item 1 is correct;

    b.    cast a vote to accept or reject the Proposed Plan by checking the appropriate box in Item 2;

    c.    provide the information required by Item 3, if applicable to you;

d.  if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

e.  if you also hold other claims or interests in classes entitled to vote, you should receive a different Ballot for each such claim or interest.  Your vote will be counted in determining acceptance or rejection of the Proposed Plan by a particular class only if you complete, sign and return the Ballot labeled for that class in accordance with the instructions on that Ballot;

f.  if you believe that you have received the wrong Ballot, please contact the Solicitation Agent immediately;

g.  provide your name and mailing address;

h.  sign and date your Ballot; and

i.  return your Ballot using the enclosed pre-addressed return envelope.

IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL HOLDER BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BENEFICIAL HOLDER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BENEFICIAL HOLDER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT, FINANCIAL BALLOTING GROUP LLC AT (646) 282-1800.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

## <u>Exhibit B-4B</u>

**Master Ballots for Record Holders of Class 5
Senior Subordinated Note Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                            :
In re:                                      :        **Chapter 11**
                                            :
**LEXINGTON PRECISION CORP., et al.,**      :        **Case No. 08-11153 (BRL)**
                                            :
            Debtors.                        :        **(Jointly Administered)**
                                            :
------------------------------------------------------------x

## MASTER BALLOTS FOR RECORD HOLDERS OF CLASS 5
## SENIOR SUBORDINATED NOTE CLAIMS

Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber Group" and together with Lexington Precision, the "Debtors"), as debtors and debtors in possession, each of which is identified below, are soliciting votes with respect to the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated [_____], 2009 (as it may be further amended, the "Proposed Plan"), from the holders of certain impaired claims and interests against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan.  If you have any questions on how to properly complete this Ballot, please call Financial Balloting Group LLC (the "Solicitation Agent") at (646) 282-1800.

Class 5 (Senior Subordinated Note Claims) includes the 12% Senior Subordinated Notes due 2009 pursuant to the indenture, dated as of December 18, 2003, between Wilmington Trust Company, as indenture trustee, and Lexington Precision (the "12% Senior Subordinated Notes").  **THIS MASTER BALLOT IS ONLY FOR CASTING VOTES ON BEHALF OF BENEFICIAL HOLDERS OF THE 12% SENIOR SUBORDINATED NOTES.**

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Voting Nominee"); or as the proxy holder of a Voting Nominee or beneficial holder for the 12% Senior Subordinated Notes, to transmit to the Solicitation Agent the votes of such beneficial holders in respect of their Senior Subordinated Note Claims to accept or reject the Proposed Plan.**

PLEASE COMPLETE THE FOLLOWING:

**Item 1.** **Certification of Authority to Vote.** The undersigned certifies that as of [_____], 2009 (the Record Date under the Proposed Plan), the undersigned (please check appropriate box):

☐    Is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the 12% Senior Subordinated Notes listed in Item 2 below, and is the registered holder of such securities, or

☐    Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of the 12% Senior Subordinated Notes listed in Item 2 below, or

☐    Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of 12% Senior Subordinated Notes listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Proposed Plan, on behalf of the Senior Subordinated Note Claims held by the beneficial owners of the 12% Senior Subordinated Notes described in Item 2.

**Item 2.  Vote.** The undersigned transmits the following votes of beneficial holders in respect of their Senior Subordinated Note Claims, and certifies that the following beneficial holders of the 12% Senior Subordinated Notes, as identified by their respective customer account numbers set forth below, are beneficial holders of such securities as of [_____], 2009, the Record Date, and have delivered to the undersigned, as Voting Nominee, their ballots ("Beneficial Holder Ballots") casting such votes.  Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table.  Please note each beneficial holder must vote all of his, her, or its Senior Subordinated Note Claims to accept or to reject the Proposed Plan and may not split such vote.

| Your Customer Account Number for Each Beneficial Holder of Voting 12% Senior Subordinated Notes | Principal Amount of 12% Senior Subordinated Notes Voted to ACCEPT or REJECT Proposed Plan* | |
| --- | --- | --- |
| | ACCEPT | REJECT |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |

| 9. | $ | $ |
|---|---|---|
| TOTALS: | $ | $ |

\*

In order to vote on the Proposed Plan, the beneficial holder must have checked a box in item 2 to ACCEPT or REJECT the Proposed Plan on its individual Beneficial Holder Ballot.  By order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), if the beneficial holder did not check a box in Item 2 on its individual Beneficial Holder Ballot, its vote will not be counted.

**Item 3.   Certification as to Transcription of Information from Item 3 as to Senior Subordinated Note Claims Voted Through Other Beneficial Holder Ballots.**  The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by beneficial holders in Item 3 of the beneficial holder's original Beneficial Holder Ballot, identifying any Senior Subordinated Note Claims for which such beneficial owners have submitted other Beneficial Holder Ballots other than to the undersigned:

| YOUR Customer Account Number for Each Beneficial Owner Who Completed Item 3 of the Beneficial Holder Ballots | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL OWNER BALLOTS: | | |
|---|---|---|---|
| | Account Number | Name of Owner | Amount of Other 12% Senior Subordinated Notes Voted |
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |
| 4. | | | $ |
| 5. | | | $ |
| 6. | | | $ |
| 7. | | | $ |
| 8. | | | $ |
| 9. | | | $ |
| 10. | | | $ |

**Item 4.  Certification.**  By signing this Master Ballot, the undersigned certifies that each beneficial holder of the 12% Senior Subordinated Notes listed in Item 2 above has been provided with a copy of the Disclosure Statement, including the exhibits thereto, and acknowledges that the solicitation of votes for the Proposed Plan is subject to all of the terms and conditions set forth in the Disclosure Statement.

Name of Voting Nominee:

_____
(Print or Type)

Participant Number:_____

Name of Proxy Holder or Agent for Voting Nominee (if applicable):

_____
(Print or Type)

Social Security or Federal Tax I.D. No.:_____

Signature:_____

By:_____
(If Appropriate)

Title:_____
(If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: (____)_____
(Including Area Code)

Date Completed:_____

**INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT
FOR RECORD HOLDERS OF CLASS 5
SENIOR SUBORDINATED NOTE CLAIMS**

**VOTING DEADLINE/SOLICITATION AGENT:**

      **The Voting Deadline is 4:00 p.m. (prevailing Eastern Time) on [_____], 2009, unless extended by the Debtors in writing.** To have the vote of the beneficial holder(s) for whom you act as Voting Nominee count, you must complete, sign, and return the Master Ballot so that it is actually received by the Solicitation Agent, before the Voting Deadline. The Solicitation Agent is:

<div align="center">

FINANCIAL BALLOTING GROUP LLC
ATTN: LEXINGTON PRECISION BALLOT TABULATION
757 THIRD AVENUE, 3RD FLOOR
NEW YORK, NEW YORK 10017
(646) 282-1800

</div>

      The Master Ballot will not be accepted by telecopy, facsimile, or other electronic means of transmission.

**HOW TO VOTE:**

      If you are both the registered owner <u>and</u> the beneficial holder of any principal amount of the 12% Senior Subordinated Notes and you wish to vote any Senior Subordinated Note Claims held on account thereof, you may complete, execute and return to the Solicitation Agent <u>either</u> an individual Beneficial Holder Ballot or a Master Ballot.

      **If you are transmitting the votes of any beneficial holders of Senior Subordinated Note Claims other than yourself, you may <u>either</u>:**

1.    "Prevalidate" the individual Beneficial Holder Ballot contained in the materials sent out in connection with the voting and solicitation of the Proposed Plan (collectively, the "<u>Solicitation Package</u>") and then forward the Solicitation Package to the beneficial owner of the Senior Subordinated Note Claims for voting within five (5) business days after the receipt by such Voting Nominee of the Solicitation Package, with the beneficial owner then returning the individual Beneficial Holder Ballot directly to the Solicitation Agent in the return envelope to be provided in the Solicitation Package. A Voting Nominee "prevalidates" a Beneficial Holder Ballot by indicating thereon the record holder of the Senior Subordinated Note Claims voted, the amount of the 12% Senior Subordinated Notes held by the beneficial holder, and the appropriate account numbers through which the beneficial owner's holdings are derived. The beneficial owner shall return the "prevalidated" Beneficial Holder Ballot to the Solicitation Agent;

OR

2.  Forward the Solicitation Package to the beneficial owner of the Senior Subordinated Note Claims for voting together with a return envelope provided by and addressed to the Voting Nominee, with the beneficial owner then returning the individual Beneficial Holder Ballot to the Voting Nominee.  In such case, the Voting Nominee will tabulate the votes of its respective beneficial owners on a Master Ballot that will be provided to the Voting Nominee separately by the Solicitation Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Solicitation Agent.  The Voting Nominee should advise the beneficial owners to return their individual Beneficial Holder Ballots to the Voting Nominee by a date calculated by the Voting Nominee to allow it to prepare and return the Master Ballot to the Solicitation Agent so that the Master Ballot is <u>actually</u> <u>received</u> by the Solicitation Agent by the Voting Deadline.

With respect to all Beneficial Owner Ballots returned to you, you must properly complete the Master Ballot, as follows:

a.  Check the appropriate box in Item 1 on the Master Ballot;

b.  Indicate the votes to accept or reject the Proposed Plan in Item 2 of the Master Ballot, as transmitted to you by the beneficial owners of the Senior Subordinated Note Claims.  To identify such beneficial holders without disclosing their names, please use the customer account number assigned by you to each such beneficial owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each beneficial owner and the assigned number).  **IMPORTANT:  EACH BENEFICIAL HOLDER MUST VOTE <u>ALL</u> OF HIS, HER, OR ITS SENIOR SUBORDINATED NOTE CLAIMS <u>EITHER</u> TO ACCEPT <u>OR</u> REJECT THE PROPOSED PLAN, AND MAY NOT SPLIT SUCH VOTE.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE SOLICITATION AGENT IMMEDIATELY.**  By order of the Bankruptcy Court, any Beneficial Holder Ballot that is signed, dated, and timely received, but does not indicate acceptance or rejection of the Proposed Plan will not be counted;

c.  Please note that Item 3 of the Master Ballot requests that you transcribe the information provided by each beneficial owner in Item 3 of each completed Beneficial Holder Ballot relating to other Senior Subordinated Note Claims voted;

d.  Review the certification in Item 4 of the Master Ballot;

e.  Sign and date the Master Ballot, and provide the remaining information requested;

f.  If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

g.  Contact the Solicitation Agent if you need any additional information; and

h.  Deliver the completed, executed Master Ballot so as to be <u>received</u> by the Solicitation Agent before the Voting Deadline.  For each completed, executed Beneficial Holder Ballot returned to you by a beneficial owner, either forward such Beneficial Holder Ballot (along with your Master Ballot) to the Solicitation Agent or retain such Beneficial Holder Ballot in your files for one year from the Voting Deadline.

**PLEASE NOTE:**

**The Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Proposed Plan.**  Holders should not surrender, at this time, certificates representing their securities.  Neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates surrendered together with the Master Ballot.

No Beneficial Holder Ballot nor Master Ballot shall constitute or be deemed a proof of claim or interest or an assertion of a claim or interest.

No fees, commissions, or other remuneration will be payable to any Voting Nominee for soliciting votes on the Proposed Plan.  We will, however, reimburse you for reasonable, documented, actual costs and expenses incurred by you in forwarding the Beneficial Holder Ballots and other enclosed materials to the beneficial owners of the 12% Senior Subordinated Notes held by you as a Voting Nominee or in a fiduciary capacity and in tabulating the Beneficial Holder Ballots.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE DEBTORS OR THE SOLICITATION AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PROPOSED PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL OWNER BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT, FINANCIAL BALLOTING GROUP LLC, AT (646) 282-1800.   PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

## Exhibit B-5

**Ballot for Holders of Class 10
Series B Preferred Stock Interests**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                          :
In re:                                                    :        **Chapter 11**
                                                          :
**LEXINGTON PRECISION CORP., et al.,**                    :        **Case No. 08-11153 (BRL)**
                                                          :
            **Debtors.**                                  :        **(Jointly Administered)**
                                                          :
------------------------------------------------------------x

## BALLOT FOR HOLDERS OF CLASS 10
## SERIES B PREFERRED STOCK INTERESTS

Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber Group" and together with Lexington Precision, the "Debtors"), as debtors and debtors in possession, each of which is identified below, are soliciting votes with respect to the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated [____], 2009 (as it may be further amended, the "Proposed Plan"), from the holders of certain impaired claims and interests against the Debtors. All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan. If you have any questions on how to properly complete this Ballot, please call Financial Balloting Group LLC (the "Solicitation Agent") at (646) 282-1800.

Class 10 (Series B Preferred Stock Interests) includes the preferred stock interests of Lexington Precision (the "Preferred Stock").

This Ballot is to be used for voting by holders of Series B Preferred Stock Interests (as defined under the Proposed Plan). In order for your vote to be counted, this Ballot must be properly completed, signed, and returned in the envelope provided. The deadline for the receipt by the Solicitation Agent of all Ballots is no later than **4:00 p.m. (prevailing Eastern Time) on** [____]**, 2009 (the "Voting Deadline")**, unless such time is extended in writing by the Debtors.

PLEASE COMPLETE THE FOLLOWING:

ITEM 1. **Number of Preferred Stock.** The undersigned hereby certifies that as of [____], 2009, the undersigned was the holder (or authorized signatory for the holder) of Preferred Stock in the following amount (insert number of shares in box below).

Enter number
of Preferred       _____
Shares owned.

ITEM 2. **Vote on the Proposed Plan.** The holder of the Preferred Stock identified in Item 1 hereby votes to:

<u>Check one box</u>:        ☐        Accept the Proposed Plan

                  ☐        Reject the Proposed Plan

     ITEM 3.  Acknowledgements and Certification.  By returning this Ballot, the holder of the Preferred Stock identified in Item 1 above (a) acknowledges that it has been provided with a copy of the Disclosure Statement for the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated [____], 2009 (as it may be amended, the "<u>Disclosure Statement</u>"), including all exhibits thereto; (b) certifies that (i) it is the holder of the Preferred Stock identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Proposed Plan; and (c) further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Proposed Plan contained therein.

     Print or Type Name of holder:_____

     Social Security or Federal Tax I.D. No. of holder:_____

     Signature: _____

     Name of Signatory (if different than holder):_____

     If by Authorized Agent, Title of Agent:_____

     Street Address:_____

     City, State and Zip Code:_____

     Telephone Number:_____

     Date Completed:_____

**VOTING INSTRUCTIONS FOR COMPLETING THE
BALLOT FOR HOLDERS OF CLASS 10
SERIES B PREFERRED STOCK INTERESTS**

1.      This Ballot is submitted to you to solicit your vote to accept or reject the Proposed Plan.  **PLEASE READ THE PROPOSED PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.      The Proposed Plan will be accepted by Class 10 if it is accepted by the holders of two-thirds in amount of Series B Preferred Stock Interests in Class 10 voting on the Proposed Plan.  In the event that Class 10 rejects the Proposed Plan, the Bankruptcy Court may nevertheless confirm the Proposed Plan and thereby make it binding on you if the Bankruptcy Court finds that the Proposed Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of Interests in Class 10 and all other classes of claims or interests rejecting the Proposed Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Proposed Plan is confirmed by the Bankruptcy Court, all holders of claims against and Series B Preferred Stock Interests in the Lexington Precision (including those holders who abstain from voting on or reject the Proposed Plan, and those holders who are not entitled to vote on the Proposed Plan) will be bound by the confirmed Proposed Plan and the transactions contemplated thereby.

3.      In order for your Class 10 vote to be counted, this Ballot must be properly completed, signed, and returned in the envelope provided.  T**he deadline for the receipt by the Solicitation Agent of all Ballots is no later than 4:00 p.m. (prevailing Eastern Time) on [_____], 2009 (the "<u>Voting Deadline</u>"), unless such time is extended in writing by the Debtors.**  The Solicitation Agent is Financial Balloting Group LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017.

**Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission.**

4.      To properly complete this Ballot, you must follow the procedures described below:

   a.   make sure that the information contained in Item 1 is correct;

   b.   if you have a Claim in Class 10, cast one vote to accept or reject the Proposed Plan by checking the appropriate box in Item 2;

   c.   if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (<u>e.g.</u>, a power of attorney or a certified copy of board resolutions authorizing you to so act);

   d.   if you also hold other claims or interests that are entitled to vote, you should receive a different Ballot for each such claim or interest.  Your vote will be counted in determining acceptance or rejection of the Proposed Plan by a

particular class only if you complete, sign and return the Ballot labeled for that class in accordance with the instructions on that Ballot;

e.  if you believe that you have received the wrong Ballot, please contact the Solicitation Agent immediately;

f.  provide your name and mailing address;

g.  sign and date your Ballot; and

h.  return your Ballot using the enclosed pre-addressed return envelope.

IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL OWNER BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BENEFICIAL HOLDER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BENEFICIAL HOLDER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT, FINANCIAL BALLOTING GROUP LLC AT (646) 282-1800.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**<u>Exhibit B-6A</u>**

**Ballot for Holders of Classes 2(a) and 14(a)
CapitalSource Secured Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
                                          :
In re:                                    :        **Chapter 11**
                                          :
**LEXINGTON PRECISION CORP., et al.,**    :        **Case No. 08-11153 (BRL)**
                                          :
        **Debtors.**                      :        **(Jointly Administered)**
                                          :
--------------------------------------------------------------x

**BALLOT FOR HOLDERS OF CLASSES 2(a) AND 14(a)**
**CAPITALSOURCE SECURED CLAIMS**

   Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber Group" and together with Lexington Precision, the "Debtors"), as debtors and debtors in possession, each of which is identified below, are soliciting votes with respect to the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated [_____], 2009 (as it may be further amended, the "Proposed Plan"), from the holders of certain impaired claims and interests against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan.  If you have any questions on how to properly complete this Ballot, please call Financial Balloting Group LLC (the "Solicitation Agent") at (646) 282-1800.

   This Ballot is to be used for voting by holders of Capital Source Secured Claims against LPC and LRGI, as applicable.  In order for your vote to be counted, the Ballot must be properly completed, signed, and returned to the Solicitation Agent so that it is actually received by the Solicitation Agent, Financial Balloting Group LLC, Attn: Lexington Precision Ballot Tabulation, 757 Third Avenue, 3rd Floor, New York, New York 10017, by no later than **4:00 p.m. (prevailing Eastern Time) on [_____], 2009 (the "Voting Deadline")**, unless such time is extended by the Debtors.

  PLEASE COMPLETE THE FOLLOWING:

  ITEM 1.  **Amount of Capital Source Secured Claims and Debtor Entity Against Whom the CapitalSource Secured Claims are Held.**  For purposes of voting to accept or reject the Proposed Plan, the undersigned holds Allowed CapitalSource Secured Claims against the Debtor(s) set forth below and in the amount(s) set forth below.

| |
|---|
| Debtor:  Lexington Precision    Amount: $_____ <br> Debtor:  Lexington Rubber Group  Amount: $_____ |

ITEM 2.  **Vote on the Proposed Plan.**  The undersigned holder of Allowed CapitalSource Secured Claim(s) against the Debtor(s) set forth in Item 1 above and in the amount(s) set forth in Item 1 above hereby votes to:

<u>Check one box</u>:          ☐          Accept the Proposed Plan

                          ☐          Reject the Proposed Plan

ITEM 3.  **Acknowledgements and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement for the Proposed Plan, dated [_____], 2009 (as it may be amended, the "<u>Disclosure Statement</u>"), including all exhibits thereto.  The undersigned certifies that (i) it is the holder of an Allowed CapitalSource Secured Claim against the Debtor(s) identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Proposed Plan.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Proposed Plan contained therein.

Print or Type Name of Claimant: _____

Social Security or Federal Tax I.D. No. of Claimant: _____

Signature: _____

Name of Signatory (if different than claimant): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State and Zip Code: _____

Telephone Number: _____

Date Completed: _____

### VOTING INSTRUCTIONS FOR COMPLETING THE
### BALLOT FOR HOLDERS OF CLASSES 2(a) AND 14(a)
### CAPITALSOURCE SECURED CLAIMS

1.      This Ballot is submitted to you to solicit your vote to accept or reject the Proposed Plan.  **PLEASE READ THE PROPOSED PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.      The Proposed Plan will be accepted by Classes 2(a) and Class 14(a), as applicable, if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in each of the Classes 2(a) and 14(a), respectively, voting on the Proposed Plan. In the event that either Class 2(a) or 14(a) rejects the Proposed Plan, the Bankruptcy Court may nevertheless confirm the Proposed Plan and thereby make it binding on you if the Bankruptcy Court finds that the Proposed Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of Claims in Class 2(a) and/or 14(a) and all other Classes of Claims rejecting the Proposed Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Proposed Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Equity Interests in the Debtors (including those holders who abstain from voting or reject the Proposed Plan, and those holders who are not entitled to vote on the Proposed Plan) will be bound by the confirmed Proposed Plan and the transactions contemplated thereby.

3.      In order for your Class 2(a) and/or Class 14(a) vote to be counted, this Ballot must be properly completed, signed, and returned in the envelope provided.  **The deadline for the receipt by the Solicitation Agent of all Ballots is no later than 4:00 p.m. (prevailing Eastern Time) on [_____], 2009 (the "Voting Deadline"), unless such time is extended in writing by the Debtors.**  The Solicitation Agent is Financial Balloting Group LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017.

**Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission.**

4.      To properly complete this Ballot, you must follow the procedures described below:

   a.   make sure that the information contained in Item 1 is correct;

   b.   if you have a Claim in Class 2(a) and/or 14(a), cast one vote to accept or reject the Proposed Plan by checking the appropriate box in Item 2;

   c.   if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

   d.   if you also hold other claims or interests that are entitled to vote, you should receive a different Ballot for each such claim or interest.  Your vote will be counted in determining acceptance or rejection of the Proposed Plan by a

particular class only if you complete, sign and return the Ballot labeled for that class in accordance with the instructions on that Ballot;

e.  if you believe that you have received the wrong Ballot, please contact the Solicitation Agent immediately;

f.  provide your name and mailing address;

g.  sign and date your Ballot; and

h.  return your Ballot using the enclosed pre-addressed return envelope.

IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL OWNER BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BENEFICIAL HOLDER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BENEFICIAL HOLDER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT, FINANCIAL BALLOTING GROUP LLC AT (646) 282-1800.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

## **Exhibit B-6B**

**Ballot for Holders of Classes 2(b) and 14(b)
CSE Secured Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                        :
In re:                                                  :        **Chapter 11**
                                                        :
**LEXINGTON PRECISION CORP., et al.,**                  :        **Case No. 08-11153 (BRL)**
                                                        :
         **Debtors.**                                   :        **(Jointly Administered)**
                                                        :
-------------------------------------------------------------x

**BALLOT FOR HOLDERS OF CLASSES 2(a) AND 14(a)**
**CSE SECURED CLAIMS**


         Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber Group" and together with Lexington Precision, the "Debtors"), as debtors and debtors in possession, each of which is identified below, are soliciting votes with respect to the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated [_____], 2009 (as it may be further amended, the "Proposed Plan"), from the holders of certain impaired claims and interests against the Debtors. All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan. If you have any questions on how to properly complete this Ballot, please call Financial Balloting Group LLC (the "Solicitation Agent") at (646) 282-1800.

         This Ballot is to be used for voting by holders of CSE Secured Claims against LPC and LRGI, as applicable. In order for your vote to be counted, the Ballot must be properly completed, signed, and returned to the Solicitation Agent so that it is actually received by the Solicitation Agent, Financial Balloting Group LLC, Attn: Lexington Precision Ballot Tabulation, 757 Third Avenue, 3rd Floor, New York, New York 10017, by no later than **4:00 p.m. (prevailing Eastern Time) on [_____], 2009 (the "Voting Deadline")**, unless such time is extended by the Debtors.

         PLEASE COMPLETE THE FOLLOWING:

         ITEM 1. **Amount of CSE Secured Claims and Debtor Entity Against Whom the CSE Secured Claims are Held.** For purposes of voting to accept or reject the Proposed Plan, the undersigned holds Allowed CSE Secured Claims against the Debtor(s) set forth below and in the amount(s) set forth below.

| | |
|---|---|
| Debtor: Lexington Precision | Amount: $_____ |
| Debtor: Lexington Rubber Group | Amount: $_____ |

ITEM 2.  **Vote on the Proposed Plan.**  The undersigned holder of Allowed CSE Secured Claim(s) against the Debtor(s) set forth in Item 1 above and in the amount(s) set forth in Item 1 above hereby votes to:

<u>Check one box</u>:    ☐    Accept the Proposed Plan

☐    Reject the Proposed Plan

ITEM 3.  **Acknowledgements and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement for the Proposed Plan, dated [_____], 2009 (as it may be amended, the "<u>Disclosure Statement</u>"), including all exhibits thereto.  The undersigned certifies that (i) it is the holder of an Allowed CSE Secured Claim against the Debtor(s) identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Proposed Plan.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Proposed Plan contained therein.

Print or Type Name of Claimant: _____

Social Security or Federal Tax I.D. No. of Claimant: _____

Signature: _____

Name of Signatory (if different than claimant): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State and Zip Code: _____

Telephone Number: _____

Date Completed: _____

**VOTING INSTRUCTIONS FOR COMPLETING THE
BALLOT FOR HOLDERS OF CLASSES 2(b) AND 14(b)
CSE SECURED CLAIMS**

1.    This Ballot is submitted to you to solicit your vote to accept or reject the Proposed Plan.  **PLEASE READ THE PROPOSED PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.    The Proposed Plan will be accepted by Classes 2(b) and Class 14(b), as applicable, if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in each of the Classes 2(b) and 14(b), respectively, voting on the Proposed Plan. In the event that either Class 2(b) or 14(b) rejects the Proposed Plan, the Bankruptcy Court may nevertheless confirm the Proposed Plan and thereby make it binding on you if the Bankruptcy Court finds that the Proposed Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of Claims in Class 2(b) and/or 14(b) and all other Classes of Claims rejecting the Proposed Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Proposed Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Equity Interests in the Debtors (including those holders who abstain from voting or reject the Proposed Plan, and those holders who are not entitled to vote on the Proposed Plan) will be bound by the confirmed Proposed Plan and the transactions contemplated thereby.

3.    In order for your Class 2(b) and/or Class 14(b) vote to be counted, this Ballot must be properly completed, signed, and returned in the envelope provided.  T**he deadline for the receipt by the Solicitation Agent of all Ballots is no later than 4:00 p.m. (prevailing Eastern Time) on [_____], 2009 (the "Voting Deadline"), unless such time is extended in writing by the Debtors.**  The Solicitation Agent is Financial Balloting Group LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017.

**Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission.**

4.    To properly complete this Ballot, you must follow the procedures described below:

   i.   make sure that the information contained in Item 1 is correct;

   j.   if you have a Claim in Class 2(b) and/or 14(b), cast one vote to accept or reject the Proposed Plan by checking the appropriate box in Item 2;

   k.   if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

   l.   if you also hold other claims or interests that are entitled to vote, you should receive a different Ballot for each such claim or interest.  Your vote will be counted in determining acceptance or rejection of the Proposed Plan by a

particular class only if you complete, sign and return the Ballot labeled for that class in accordance with the instructions on that Ballot;

m.  if you believe that you have received the wrong Ballot, please contact the Solicitation Agent immediately;

n.  provide your name and mailing address;

o.  sign and date your Ballot; and

p.  return your Ballot using the enclosed pre-addressed return envelope.

IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL OWNER BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BENEFICIAL HOLDER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BENEFICIAL HOLDER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT, FINANCIAL BALLOTING GROUP LLC AT (646) 282-1800.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

## <u>Exhibit B-7A</u>

**Ballot for Holders of Class 9
Asbestos Personal Injury Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                          :
In re:                                    :        **Chapter 11**
                                          :
**LEXINGTON PRECISION CORP., et al.,**    :        **Case No. 08-11153 (BRL)**
                                          :
         Debtors.                         :        **(Jointly Administered)**
                                          :
------------------------------------------------------------x

### BALLOT FOR HOLDERS OF CLASS 9
### ASBESTOS PERSONAL INJURY CLAIMS

         Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber Group" and together with Lexington Precision, the "Debtors"), as debtors and debtors in possession, each of which is identified below, are soliciting votes with respect to the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated [_____], 2009 (as it may be further amended, the "Proposed Plan"), from the holders of certain impaired claims and interests against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan.  If you have any questions on how to properly complete this Ballot, please call Financial Balloting Group LLC (the "Solicitation Agent") at (646) 282-1800.

PLEASE COMPLETE THE FOLLOWING:

**Item 1. Asbestos-Related Claim Against Lexington Precision.**  This Beneficial Holder Ballot is to be used by you as a holder of Asbestos-Related Claims (as defined under the Proposed Plan) against Lexington Precision to accept or reject the Proposed Plan. Each vote to either accept or reject the Proposed Plan will be ascribed a value of $1.00 strictly for voting purposes under the Proposed Plan.

**Item 2.  Vote.**  The undersigned holder of an Asbestos-Related Claims against Lexington Precision hereby votes to:

Check one box:        ☐        Accept the Proposed Plan

                      ☐        Reject the Proposed Plan

**Item 3. Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement for the Proposed Plan, dated [_____], 2009 (as it may be amended, the "Disclosure Statement"), including all exhibits thereto.  The undersigned certifies that (i) it is the holder of an Asbestos-Related Claims against Lexington Precision identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Proposed Plan.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Proposed Plan contained therein.

Print or Type Name of Claimant:        _____

Social Security or Federal Tax

I.D. No. of Claimant:        _____

Signature:        _____

Name of Signatory (if different than claimant):_____

If by Authorized Agent, Title of Agent:        _____

Street Address:        _____

City, State and Zip Code:        _____

Telephone Number:        _____

Date Completed:        _____

**VOTING INSTRUCTIONS FOR COMPLETING
THE BALLOT FOR HOLDERS OF CLASS 9
ASBESTOS PERSONAL INJURY CLAIMS**

1.  This Ballot is submitted to you to solicit your vote to accept or reject the Proposed Plan. **PLEASE READ THE PROPOSED PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2**.**  The Proposed Plan will be accepted by Class 9 if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in Class 9 voting on the Proposed Plan.  In the event that Class 9 rejects the Proposed Plan, the Bankruptcy Court may nevertheless confirm the Proposed Plan and thereby make it binding on you if the Bankruptcy Court finds that the Proposed Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of claims in Class 9 and all other classes of claims or interests rejecting the Proposed Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Proposed Plan is confirmed by the Bankruptcy Court, all holders of claims against and interests in the Debtors (including those holders who abstain from voting or reject the Proposed Plan, and those holders who are not entitled to vote on the Proposed Plan) will be bound by the confirmed Proposed Plan and the transactions contemplated thereby.

3.  **To have your vote counted, you must complete, sign, and return this Ballot to Financial Balloting Group (the "Solicitation Agent") so that it is received by the Solicitation Agent by no later than 4:00 p.m. (prevailing Eastern Time) on [_____], 2009 (the "Voting Deadline"), unless such time is extended in writing by the Debtors.**  Ballots must be delivered either by mail with the enclosed envelope or by hand delivery or overnight courier to the Solicitation Agent at the following address:

<div align="center">

FINANCIAL BALLOTING GROUP LLC
ATTN: LEXINGTON PRECISION BALLOT TABULATION
757 THIRD AVENUE, 3RD FLOOR
NEW YORK, NEW YORK 10017
(646) 282-1800

</div>

**Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission.**

4.  To properly complete the Ballot, you must follow the procedures described below:

   a.  make sure that the information contained in Item 1 is correct;

   b.  if you have a Claim in Class 9, cast one vote to accept or reject the Proposed Plan by checking the appropriate box in Item 2;

   c.  if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a

power of attorney or a certified copy of board resolutions authorizing you to so act);

d.  if you also hold other claims or interests in classes that are entitled to vote, you should receive a different Ballot for each such claim and interest.  Your vote will be counted in determining acceptance or rejection of the Proposed Plan by a particular class only if you complete, sign, and return the Ballot labeled for that class in accordance with the instructions on that Ballot;

e.  if you believe that you have received the wrong Ballot, please contact the Solicitation Agent immediately;

f.  provide your name and mailing address;

g.  sign and date your Ballot; and

h.  return your Ballot using the enclosed pre-addressed return envelope.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT, FINANCIAL BALLOTING GROUP LLC AT (646) 282-1800.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

## <u>Exhibit B-7B</u>

**Master Ballot for Counsel to Holders of Class 9
Asbestos Personal Injury Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re:                                        :          **Chapter 11**
:
**LEXINGTON PRECISION CORP., et al.,**        :          **Case No. 08-11153 (BRL)**
:
Debtors.                            :          **(Jointly Administered)**
:
---------------------------------------------------------------x

### MASTER BALLOT FOR COUNSEL TO HOLDERS OF CLASS 9
### ASBESTOS PERSONAL INJURY CLAIMS

       Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber Group" and together with Lexington Precision, the "Debtors"), as debtors and debtors in possession, each of which is identified below, are soliciting votes with respect to the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated [____], 2009 (as it may be further amended, the "Proposed Plan"), from the holders of certain impaired claims against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan.  If you have any questions on how to properly complete this Ballot, please call Financial Balloting Group LLC (the "Solicitation Agent") at (646) 282-1800.

       **This Master Ballot is to be used by you as an authorized representative of the holders of Asbestos-Related Claims (as defined under the Proposed Plan) against Lexington Precision, to transmit to the Solicitation Agent the votes of such beneficial holders (the "Beneficial Holders") in respect of their Asbestos-Related Claims to accept or reject the Proposed Plan.  Each vote to either accept or reject the Proposed Plan will be ascribed a value of $1.00 strictly for voting purposes under the Proposed Plan.**

PLEASE COMPLETE THE FOLLOWING:

**Item 1.  TABULATION OF VOTES WITH RESPECT TO THE PROPOSED PLAN.**  Please note that each holder of an Asbestos-Related Claim that votes must vote its entire claim to accept or reject the Proposed Plan and may not split such vote.  Accordingly, any holder of an Asbestos-Related Claim who attempts partially to reject and partially to accept the Proposed Plan shall not be counted.  If this Master Ballot is signed and timely sent to the Solicitation Agent, but does not designate either acceptance or rejection of the Proposed Plan for any particular claim, such claim shall not be counted as either an acceptance or rejection of the Proposed Plan.

**Please mark one of the boxes below:**

|  | |
|---|---|
|  | All claimants listed on the exhibit accompanying this Ballot **ACCEPT** the Proposed Plan. |
|  | All claimants listed on the exhibit accompanying this Ballot **REJECT** the Proposed Plan. |
|  | All claimants listed on the exhibit accompanying this Ballot **ACCEPT** the Proposed Plan, *except* as marked on such exhibit. |
|  | All claimants listed on the exhibit accompanying this Ballot **REJECT** the Proposed Plan, *except* as marked on such exhibit. |

**ITEM 2.  SUMMARY OF HOLDERS OF ASBESTOS PERSONAL INJURY CLAIMS REPRESENTED BY ATTORNEY.**  Please prepare a summary sheet, to be attached to this Master Ballot as an exhibit, listing each holder of an Asbestos Personal Injury Claim you represent in substantially the same form as the table below.  If possible, please submit an electronic version of the chart below in excel format.  Please note that if all holders of Asbestos Personal Injury Claims represented by you vote to either accept or reject the Proposed Plan, you need not include the last column indicating whether each holder of an Asbestos Personal Injury Claim accepts or rejects the Proposed Plan.

| Name of Holder of an Asbestos Personal Injury Claim | Social Security Number | Accept or Reject (complete if applicable) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**ITEM 3. CERTIFICATIONS.** By signing this Master Ballot, the undersigned certifies, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

- I have been provided with a copy of the Disclosure Statement and the exhibits thereto.

- I have been authorized by each of the holders of Asbestos-Related Claims listed on the exhibit accompanying this Master Ballot to vote his or her claim to accept or reject the Proposed Plan as indicated on the exhibit.

**ITEM 4. RETURN OF EXHIBIT.** The entire exhibit accompanying this Master Ballot must be prepared and returned with this completed Master Ballot to the Solicitation Agent.

Print or Type Name of Attorney:  _____

Name of Law Firm:  _____

Signature:  _____

Street Address:  _____

City, State, and Zip Code:  _____

Telephone Number:  _____

Date Completed:  _____

**INSTRUCTIONS FOR COMPLETING THE
MASTER BALLOT FOR COUNSEL TO HOLDERS OF CLASS 9
ASBESTOS PERSONAL INJURY CLAIMS**

1.  This Master Ballot is submitted to you in connection with the solicitation of votes of individual holders of Asbestos-Related Claims to accept or reject the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated [_____], 2009 (as it may be further amended, the "Proposed Plan"). The terms of the Proposed Plan are described in the Disclosure Statement, dated [_____], 2009, for the Proposed Plan (the "Disclosure Statement"). All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Proposed Plan. **PLEASE READ THE PROPOSED PLAN, THE DISCLOSURE STATEMENT, AND THE PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PROPOSED PLAN APPROVED BY THE BANKRUPTCY COURT ON [_____], 2009 (THE "VOTING PROCEDURES") CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.**

2.  This Master Ballot is to be used by counsel to holders of Asbestos-Related Claims who are authorized to vote on behalf of those clients to accept or reject the Proposed Plan.

3.  The Proposed Plan will be accepted by Class 8 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 8 voting on the Proposed Plan. If the Proposed Plan is confirmed by the Bankruptcy Court, all holders of claims against and interests in the Debtors (including those holders who abstain from voting on or reject the Proposed Plan, and those holders who are not entitled to vote on the Proposed Plan) will be bound by the confirmed Proposed Plan and the transactions contemplated thereby.

4.  **To have the votes reflected on this Master Ballot counted, this Master Ballot must be completed, signed, and returned so that it is received by the Solicitation Agent (set forth below) not later than 4:00 p.m. (Eastern Time) on [_____], 2009, unless such time is extended in writing by the Debtors**. Master Ballots may be delivered by mail to the Voting Agent at the following address:

<div align="center">

FINANCIAL BALLOTING GROUP LLC
ATTN: LEXINGTON PRECISION BALLOT TABULATION
757 THIRD AVENUE, 3RD FLOOR
NEW YORK, NEW YORK 10017
(646) 282-1800

</div>

The Master Ballot will not be accepted by telecopy, facsimile, or other electronic means of transmission.

5.  This Master Ballot may not be used for any purpose other than to transmit the votes to accept or reject the Proposed Plan.

6.   You may be required to provide evidence of authorization of the undersigned by holders of Asbestos-Related Claims to vote to accept or reject the Proposed Plan.

7.   Multiple Master Ballots may be completed and delivered to the Solicitation Agent.  Votes reflected by multiple Master Ballots will be counted except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the last Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, govern unless otherwise ordered by the Bankruptcy Court.  If more than one Master Ballot is submitted and the last Master Ballot(s) supplement(s) rather than duplicate(s) earlier Master Ballot(s), please designate the subsequent Master Ballot(s) as "Supplement" and clearly mark which of those votes reflected thereon are additional votes.

8.   Please note that Item 2 of the Master Ballot requires that you prepare a summary sheet, listing each holder of an Asbestos-Related Claim you represent, which shall become an exhibit to the Master Ballot.  The exhibit must list all holders of Asbestos-Related Claims on whose behalf you are voting by name and social security number, with a separate box next to each entry to note, if necessary, whether such individual holder of an Asbestos-Related Claim accepts or rejects the Proposed Plan.  If all holders of Asbestos-Related Claims represented by you vote to either accept or reject the Proposed Plan, you need not create a separate box next to each entry to note whether the individual accepts or rejects the Proposed Plan.

9.   Each holder of an Asbestos-Related Claim that votes must vote his or her entire claim to accept or reject the Proposed Plan and may not split such vote.  Accordingly, any holder of an Asbestos-Related Claim who attempts partially to reject and partially to accept the Proposed Plan shall not be counted.  If this Master Ballot is signed and timely sent to the Solicitation Agent, but does not designate either acceptance or rejection of the Proposed Plan for any particular claim, such claim shall not be counted as either an acceptance or rejection of the Proposed Plan.

10.  To properly complete the Ballot, you must follow the procedures described below:

     a.   Item 1 of the Master Ballot asks you to indicate which holders of Asbestos-Related Claims listed on the exhibit accept the Proposed Plan and which of your clients listed on the exhibit reject the Proposed Plan.  If all of your clients have authorized you to accept the Proposed Plan, you may check the box indicating the same.  If all your clients have authorized you to reject the Proposed Plan, you may check the box indicating the same.  If some of your clients have authorized you to accept the Proposed Plan, while others have authorized you to reject the Proposed Plan, please check the appropriate box and be certain to specify on the exhibit which clients have rejected the Proposed Plan and which clients have accepted the Proposed Plan.

     b.   Item 2 of the Master Ballot requires that you prepare a summary sheet, listing each holder of an Asbestos-Related Claim you represent, that shall become an exhibit to the Master Ballot.  The exhibit must list all holders of Asbestos-Related Claims on whose behalf you are voting by name, social security number, and disease type,

with a separate box next to each entry to note, if necessary, whether such individual holder of an Asbestos-Related Claim accepts or rejects the Proposed Plan. If all holders of an Asbestos-Related Claims represented by you vote to either accept or reject the Proposed Plan, you need not create a separate box next to each entry to note whether the individual accepts or rejects the Proposed Plan;

c.  Item 3 contains certifications, under penalty of perjury pursuant to 28 U.S.C. § 1746, which are required for you to submit a vote on behalf of one or more holders of Asbestos-Related Claims. Please ensure that you have read and understood the certifications prior to signing the Master Ballot. **If you are unable to make the certification as to the authority to vote on behalf of any holder of an Asbestos-Related Claim, you must either (i) within ten (10) business days after the mailing of the Solicitation Package, furnish the Solicitation Agent with the names and addresses of any such holder(s), to whom the Solicitation Agent will send copies of the Solicitation Package, including Ballots, or (ii) transmit such Solicitation Package to any such clients directly.**

d.  sign and date your Master Ballot;

e.  provide your name and mailing address;

f.  contact the Solicitation Agent if you need any additional information; and

g.  return the completed, executed Master Ballot so as to be <u>received</u> by the Voting Agent before the Voting Deadline ([_____]**, 2009 at 4:00 p.m. (prevailing Eastern Time)**).

**PLEASE NOTE:**

**The Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Proposed Plan.** Holders should not surrender, at this time, certificates representing their securities. Neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates surrendered together with the Master Ballot.

No fees, commissions, or other remuneration will be payable to you for soliciting votes on the Proposed Plan.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE DEBTORS OR THE SOLICITATION AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PROPOSED PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL OWNER BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS'

SOLICITATION AGENT, FINANCIAL BALLOTING GROUP LLC, AT (646) 282-1800.
PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

## **Exhibit C**

**Notice of Non-Voting Status**

]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------------x
                                          :
In re:                                    :        Chapter 11
                                          :
LEXINGTON PRECISION CORP., et al.,        :        Case No. 08-11153 (BRL)
                                          :
            Debtor.                       :        (Jointly Administered)
                                          :
-----------------------------------------------------------------------x
```

## NOTICE OF NON-VOTING STATUS TO UNIMPAIRED CLASSES[1]

PLEASE TAKE NOTICE THAT on the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order, dated [_____], 2009 (the "Disclosure Statement Order"), approving the Disclosure Statement for the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated [_____], 2009 (as it may be amended, the "Disclosure Statement") filed by Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber Group" and together with Lexington Precision, the "Debtors") in the above-referenced chapter 11 cases, as debtors and debtors in possession.

The Disclosure Statement Order also authorizes the Debtors to solicit votes to accept or reject the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated [_____], 2009 (as it may be further amended, the "Proposed Plan") a copy of which is annexed as Exhibit A to the Disclosure Statement.

**UNDER THE TERMS OF THE PROPOSED PLAN, YOUR CLAIM(S) AGAINST OR INTEREST(S) IN THE DEBTORS IS/ARE NOT IMPAIRED, AND THEREFORE, PURSUANT TO SECTION 1126(f) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (i) DEEMED TO HAVE ACCEPTED THE PROPOSED PLAN AND (ii) NOT ENTITLED TO VOTE ON THE PROPOSED PLAN. IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR INTEREST(S), OR YOU WANT TO REQUEST A COPY OF THE PROPOSED PLAN AND DISCLOSURE STATEMENT, YOU SHOULD CONTACT THE DEBTORS' VOTING SOLICITATION AGENT, FINANCIAL BALLOTING GROUP LLC, ATTN: LEXINGTON PRECISION BALLOT TABULATION, 757 THIRD AVENUE, 3RD FLOOR, NEW YORK, NEW YORK 10017, OR BY TELEPHONE AT (646) 282-1800.**

---

[1] Unimpaired Classes include the following: Class 1 (Other Priority Claims), Class 2(a) (CapitalSource Secured Claims against Lexington Precision), Class 2(b) (CSE Secured Claims against Lexington Precision), Class 3 (Secured Tax Claims against Lexington Precision), Class 4 (Other Secured Claims against Lexington Precision), Class 8 (Convenience Claims against Lexington Precision), Class 12 (Other Priority Claims against Lexington Rubber Group), Class 13(a) (CapitalSource Secured Claims against Lexington Rubber Group), Class 13(b) (CSE Secured Claims against Lexington Rubber Group), Class 14 (Secured Tax Claims against Lexington Rubber Group), Class 15 (Other Secured Claims against Lexington Rubber Group), Class 17 (Convenience Claims against Lexington Rubber Group), and Class 18 (Interests in Lexington Rubber Group) under the Proposed Plan.

Dated:  [_____], 2009
        New York, New York

WEIL, GOTSHAL & MANGES LLP

767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for Debtors and
Debtors in Possession

## **Exhibit D**

**Form of Confirmation Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
                                          :
In re:                                    :        **Chapter 11**
                                          :
**LEXINGTON PRECISION CORP., et al.,**     :        **Case No. 08-11153 (BRL)**
                                          :
         **Debtors.**                      :        **(Jointly Administered)**
                                          :
----------------------------------------------------------------------x

## NOTICE OF (A) APPROVAL OF THE DEBTORS' DISCLOSURE STATEMENT FOR THE DEBTORS' PROPOSED PLAN; (B) VOTING PROCEDURES FOR THE PROPOSED PLAN; (C) SCHEDULING OF THE CONFIRMATION HEARING; AND (D) PROCEDURES FOR FILING OBJECTIONS AND RESPONSES TO CONFIRMATION OF THE PROPOSED PLAN

To all parties in interest in Lexington Precision Corporation. ("**LPC**") and Lexington Rubber Group, Inc. ("**LRGI**" together with LPC, the "**Debtors**"), please take notice that:

Approval of Disclosure Statement. By order, dated [ ] __, 2009 (the "Disclosure Statement Order"), the United States Bankruptcy Court for the Southern District of New York (the "Court") approved the Debtors' Proposed Disclosure Statement (as it may be amended, the "Disclosure Statement") for the Debtors' Proposed Amended Joint Plan of Reorganization, dated September [ ], 2009 (as it may be amended or modified, the "Proposed Plan") pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Disclosure Statement Order also authorizes the Debtors to solicit votes to accept the Debtors' Proposed Plan pursuant to chapter 11 of the Bankruptcy Code.

Confirmation Hearing. The Court shall hold a hearing (the "Confirmation Hearing") to consider the confirmation of the Proposed Plan on **[ ] __, 2009 at __:__ _.m. (prevailing Eastern Time)**, before the Honorable Burton R. Lifland, United States Bankruptcy Judge, in Room ___ of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date(s) at the Confirmation Hearing or any continued hearing. The Debtors may modify the Proposed Plan, if necessary, prior to, during, or as a result of the Confirmation Hearing in accordance with the terms of the Proposed Plan without further notice.

Voting Procedures. Holders of impaired claims against or interests in the Debtors' estates as of **[ ], 2009** (the "Record Date") are entitled to vote. If you hold such a claim or interest, you will receive a solicitation package which shall include a copy of (a) the Disclosure Statement Order, (b) this Notice, (c) the Disclosure Statement, attached to which is the Proposed Plan, and (d) a ballot. Please review the ballot of specific instructions as to how to vote. Failure to follow the voting instructions may disqualify your vote.

**Voting Deadline**.  The deadline to vote on the Proposed Plan is **[ ], 2009 at 4:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline").  The Debtors' solicitation agent, Financial Balloting Group LLC, must receive your ballot by the Voting Deadline otherwise your vote will not be counted.

**Parties in Interest Not Entitled to Vote**.  Holders of unimpaired claims against or interests in the Debtors' estates are not entitled to vote.  If you hold such a claim or interest, you will receive a notice of your non-voting status.

**Objections to Confirmation**.  Objections or responses to confirmation of the Proposed Plan, if any, must (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the Southern District of New York; and (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor.

All objections and responses to the confirmation of the Proposed Plan must be filed with the Court no later than **[ ], 2009 at 4:00 p.m. (prevailing Eastern Time)**.  In accordance with General Order M-242, registered users of the Court's case filing system must electronically file their objections and responses.  All other parties in interest must file their objections and responses on a 3.5 inch floppy disk (preferably in Portable Disk Format (PDF), WordPerfect, or any other Windows-based word processing format) and deliver a hard copy to the chambers of Judge Lifland.

All objections and responses must be served, so as to be received no later than **[ ], 2009 at 4:00 p.m. (prevailing Eastern Time)**, upon: (a) the Debtors, Lexington Precision Corporation, 800 Third Ave. 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin), (b) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Richard P. Krasnow and Victoria Vron); (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg); (d) the attorneys for the Debtors' prepetition lenders, Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, Tennessee 37219 (Attn: John C. Tishler); (e) the attorneys for the creditors' committee, Andrews Kurth LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Paul Silverstein and Jonathan Levine); and (f) the attorneys for Debtors' postpetition lenders, O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, New York 10036 (Attn: Gerald Bender).

**Additional Information**.  For more information about the solicitation procedures, please contact Financial Balloting Group LLC, the Debtors' solicitation agent, at (646) 282-1800.  To obtain a copy of the Disclosure Statement Order, the Disclosure Statement, the Proposed Plan, or any related documents, please contact Financial Balloting Group LLC or visit the Debtors' website at http://chapter11.epiqsystems.com/Lexington or the Court's website at http://www.nysb.uscourts.gov.  To access documents on the Court's website, you will need a PACER password and login, which you can be obtained at http://www.pacer.psc.uscourts.gov.

**The Proposed Plan contains an injunction which prevents, among other things, any holder of any claim or interest or any other party in interest in the Debtors' chapter 11 cases from directly or indirectly commencing or continuing, in any manner, any action or other**

**proceeding of any kind against the Debtors, or the reorganized Debtors, enforcing judgments related to such claims or interests, asserting rights of setoff, recoupment or subrogation, or interfering in any way with the Proposed Plan or any schemes of arrangement thereunder.  In addition, except as provided in the Proposed Plan, the Debtors and the reorganized Debtors will not have any liability for any claim or equity interest in the Debtors that are cancelled or terminated under the Proposed Plan or which arose prior to the effective date of the Proposed Plan.**

Dated: [ ] __, 2009
        New York, New York


_____
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for Debtors and
Debtors in Possession

**<u>Exhibit E</u>**

**Proposed Disclosure Statement Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
                                    :
In re:                              :         Chapter 11
                                    :
LEXINGTON PRECISION CORP., et al.,  :         Case No. 08-11153 (BRL)
                                    :
        Debtors.                    :         (Jointly Administered)
                                    :
-----------------------------------------------------------------------x

ORDER PURSUANT TO SECTIONS 105, 502, 1125, 1126, AND
1128 OF THE BANKRUPTCY CODE AND THE BANKRUPTCY
RULES 2002, 3003, 3017, 3018 AND 3020, (I) APPROVING THE PROPOSED
DISCLOSURE STATEMENT, (II) APPROVING THE PROCEDURES TO
SOLICIT ACCEPTANCES OF DEBTORS' PROPOSED PLAN, AND (III)
SCHEDULING A HEARING AND ESTABLISHING NOTICE AND OBJECTION
PROCEDURES FOR CONFIRMATION OF THE DEBTORS' PROPOSED PLAN

Upon the motion, dated October 24, 2008, and the supplement thereto filed on

October [ ], 2009 (the "Motion"),[1] of Lexington Precision Corporation and Lexington Rubber

Group, Inc. (together, the "Debtors"), pursuant to sections 105, 502, 1125, 1126 and 1128 of title

11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 3003, 3017, 3018 and

3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to (a) approve of

the Debtors' proposed disclosure statement (the "Disclosure Statement") for the Debtors' chapter

11 plan (as it may be modified, the "Proposed Plan"), (b) approve certain solicitation procedures

for the Proposed Plan; (c) schedule a confirmation hearing (the "Confirmation Hearing") and

establish certain notice and objection procedures, all as more fully set forth in the Motion; and

the Court having jurisdiction to consider the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the

Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held on

---

[1]     Capitalized terms not otherwise defined herein have the meanings set forth in the Motion, as supplemented.

[ ], 2009 (the "Hearing") to consider the Motion; and the Debtors having provided notice of the Hearing as described in the Motion; and the Court having reviewed the Disclosure Statement, the Motion, the papers in support thereof, and the responses thereto, if any; and upon the Disclosure Statement, the Motion, the papers in support thereof and the responses thereto, if any, and the record of the Hearing and upon all of the proceedings heretofore before the Court,

THE COURT HEREBY FINDS AND DETERMINES THAT:

A.    The Disclosure Statement attached hereto as **Exhibit A** contains "adequate information" about the Debtors' Proposed Plan within the meaning of section 1125 of the Bankruptcy Code.

B.    Notice of the Disclosure Statement, the Motion, the Hearing, and the deadline for filing objections to the Disclosure Statement was properly provided and such notice was due and proper to all interested parties and no further notice is necessary.

C.    Classes 1 (Other Priority Claims), Class 3 (Secured Tax Claims against Lexington Precision), Class 4 (Other Secured Claims against Lexington Precision), Class 8 (Convenience Claims against Lexington Precision), Class 13 (Other Priority Claims against Lexington Rubber Group), Class 15 (Secured Tax Claims against Lexington Rubber Group), Class 17 (Other Secured Claims against Lexington Rubber Group), Class 18 (Convenience Claims against Lexington Rubber Group), and Class 19 (Interests in Lexington Rubber Group) (collectively, the "Non-Voting Classes") are unimpaired and are conclusively presumed to accept the Proposed Plan.  Accordingly, members of the Non-Voting Classes are not entitled to vote or receive a Ballot.

D.    The Proposed Plan impairs Class 2(a) (CapitalSource Secured Claims against Lexington Precision), Class 2(b) (CSE Secured Claims against Lexington Precision), Class 5 (Senior Subordinated Notes Claims against Lexington Precision), Class 6 (Junior

Subordinated Note Claims against Lexington Precision), Class 7 (General Unsecured Claims

against Lexington Precision), Class 9 (Asbestos-Related Claims against Lexington Precision),

Class 10 (Series B Preferred Stock Interests), Class 14(a) (CapitalSource Secured Claims against

Lexington Rubber Group), Class 14(b) (CSE Secured Claims against Lexington Rubber Group),

and Class 17 (General Unsecured Claims against Lexington Rubber Group) (collectively, the

"Voting Classes").  Accordingly, members of the Voting Classes are entitled to vote and receive

an appropriate Ballot; provided, however, holders of claims in classes 2, 5-7, 9, 14 and 17 shall

not be entitled to vote and receive a Ballot if (a) as of the Voting Record Date, the outstanding

amount of such claim is not greater than zero ($0.00); (b) as of the Voting Record Date, such

claim has been disallowed, expunged, disqualified, or suspended; (c) the Debtors' Schedules

show such claim as contingent, unliquidated, or disputed and a proof of claim was not filed by

the Bar Date or Government Bar Date, as applicable, or deemed timely filed by order of the

Court at least five (5) business days prior to the Voting Deadline; or (d) as of the Voting Record

Date, such claim is subject to a pending objection.

> E.    The Proposed Plan also impairs Class 12 (Other Equity Interests in PPC).
However, pursuant to 1126(g), Class 12 is presumed to have rejected the Proposed Plan is not
entitled to vote or to receive a ballot.

> F.    The forms of the ballots attached to the Motion as **Exhibits B-1** through
**B-7B**, are consistent with Official Form No. 14, address the particular needs of these chapter 11
cases, and are appropriate for each class of claims or interests entitled to vote to accept of reject
the Proposed Plan.

> G.    The voting instructions attached to each of the ballots contain adequate
information to instruct all members of the Voting Classes how to vote.

H.    The Voting Deadline provides reasonable and adequate time for all parties in interest to make an informed decision to accept or reject the Proposed Plan.

I.    The procedures for the solicitation and tabulation of votes to accept or reject the Proposed Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

J.    The notice procedures set forth below provide due, proper, and adequate notice of approval of the Disclosure Statement, the Confirmation Hearing, and the procedures for filing objections or responses to the Proposed Plan and complies with Bankruptcy Rules 2002 and 3017(d).

K.    The Debtor has the right to seek modifications or extensions of the matters governed by this Order.

L.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest therein.

M.    The legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein.

NOW, THEREFORE, IT IS ORDERED THAT:

1.    The Motion is GRANTED as provided herein.

**The Debtors' Disclosure Statement**

2.    The Disclosure Statement, as it may have been or may be further modified to reflect changes made or ordered on the record of the hearing, is APPROVED.

**The Solicitation Procedures**

**Temporary Allowance of Claims**

3.    Solely for the purposes of voting to accept or reject the Proposed Plan and not for allowance of, or distribution on account of, any claim or interest, and without prejudice to

5

the Debtors' rights in any other context, each claim of a holder of a claim entitled to vote is

temporarily allowed in the amount equal to the amount in the Schedules; provided, however, --

(a)     if a claim holder has timely and properly filed a proof of claim, the holder may vote the claim amount set forth in the proof of claim subject to any applicable limitation below;

(b)     if the claim for which a proof of claim has been timely filed is partially liquidated and partially unliquidated, such claim is temporarily allowed for voting purposes in the liquidated amount only;

(c)     if the Court estimates or otherwise allows a claim for voting purposes, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(d)     if the Debtors' Schedules list a claim as contingent, unliquidated, or disputed and a proof of claim was not

(1)     filed by the Bar Date or Government Bar Date, as applicable, or

(2)     deemed timely filed by an order of the Court prior to the Voting Deadline

(3)     such claim is disallowed for voting, allowance, and distribution purposes pursuant to Bankruptcy Rule 3003(c) absent the Debtors' written consent to the contrary;

(e)     if a holder of a claim on the Debtors' Schedules is listed as not contingent, unliquidated, or disputed and such holder files an untimely proof of claim, such claim shall be allowed for voting, allowance, and distribution purposes in the amount set forth in the Schedules;

(f)     if the Debtors serve an objection to a claim at least ten (10) days before the Voting Deadline, such claim is temporarily disallowed for voting purposes only, but not allowance or distribution purposes, except to the extent and in the manner as may be set forth in such objection; and

(g)     each Asbestos-Related Claims (as defined in the Plan) in Class 9 shall be allowed in the amount of $1.00.

4.     If any creditor seeks to challenge the allowance of its claim for voting

purposes in accordance with the above procedures, such creditor shall serve on the Debtors, the

Creditors' Committee, and the U.S. Trustee and file with the Court (with a copy to Chambers) a

motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Proposed Plan on or before the 10th day after the later of (i) service of notice of the Confirmation Hearing and (ii) the Debtors' service of notice of an objection or request for estimation, if any, as to such claim.  For any creditor filing such a motion, such creditor's Ballot shall not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline.

**Fixing the Voting Record Date**

5.    The Voting Record Date is **[ ], 2009 at 4:00 p.m. (prevailing Eastern Time)**.  Holders of claims and interests, as of the Voting Record Date and as determined by the Debtors' books and records, shall be the holders of record and, as such, shall be entitled to vote or otherwise receive a notice of non-voting status.  Any claim transfer notices received by the Debtors, Epiq, or the Solicitation Agent (a) prior to the Voting Record Date, but with respect to which the twenty (20) day period required pursuant to Bankruptcy Rule 3001(e)(4) has not expired prior to the Voting Record Date or (b) after the Voting Record Date, shall not be recognized for determining the holders of record.

**Solicitation Packages and the Distribution Procedures Therefor**

6.    With the exception of certain holders of Asbestos-Related Claims in Class 9 identified in the subsequent decretal paragraph, the Debtors shall send each member of a Voting Class:

     (a)    the order approving the Disclosure Statement;

     (b)    the Confirmation Hearing Notice;

     (c)    the Disclosure Statement, which shall include the Proposed Plan as an exhibit;

     (d)    a ballot customized for such holder as described below with instructions and a return envelope; and

(e)    such other materials as the Court may direct (collectively, the "Voting Solicitation Package").

7.    For any holder of an Asbestos-Related Claim represented by counsel who has previously represented to the Debtors that such holder has authorized counsel to vote the Asbestos-Related Claim on the holder's behalf ("Authorized Counsel"), the Debtors shall send such Authorized Counsel a Voting Solicitation Package on behalf of any such holder; provided, however, the Authorized Counsel shall send the Solicitation Agent and the Debtors within ten (10) after entry of this Order (a) an affidavit indicating the name and address of each holder of an Asbestos-Related Claim represented by such Authorized Counsel for whom Authorized Counsel is authorized to vote (an "Authorization Affidavit") and (b) a list of the names and addresses of each holder of an Asbestos-Related Claim represented by such Authorized Counsel for whom no such authority exists or such authority has been revoked (a "No Authorization List").  If the Debtors or the Solicitation Agent fail to receive an Authorization Affidavit and a No Authorization List within ten (10) days after entry of this Order, the Solicitation Agent shall send a Voting Solicitation Package to each holder of an Asbestos-Related Claim represented by the Authorized Counsel within thirteen (13) business days after entry of this Order.  To any holder of an Asbestos-Related Claim on the No Authorization List, the Debtor shall send a Voting Solicitation Package within thirteen (13) business days after entry of this Order.

8.    To any holder of an Asbestos-Related Claim not represented by Authorized Counsel, the Debtors shall send a Voting Solicitation Package within ten (10) business days.

9.    To each holder of a claim or interest not entitled to vote, the Debtors shall send:

(a)    the order approving the Disclosure Statement;

8

(b)  the Confirmation Hearing Notice;

(c)  a Notice of Non-Voting Status; provided, however, the Debtors shall provide such holder a Proposed Disclosure Statement upon written request; and

(d)  such other materials as the Court may direct (collectively, the "Non-Voting Solicitation Package")

10.  If holder of a claim is not entitled to vote as a result of a pending objection, the Debtors shall supplement the Non-Voting Solicitation Package and include a Disclosure Statement.  If the pending claim objection is resolved or withdrawn and the holder of the claim becomes eligible to vote at least ten (10) business days prior to the Voting Deadline, the Debtors shall mail to such holder, via express or overnight mail, a Voting Solicitation Package within three (3) business days after such member becomes eligible to vote.

11.  If a claim is allowed for voting purposes on or before ten (10) business days before the Voting Deadline, the Debtors shall mail, via express or overnight mail, a Voting Solicitation Package to the holder of such claim within three (3) business days after entry of an order temporarily allowing such creditor's claim for voting purposes.

12.  The Debtors shall distribute the following materials to (i) the U.S. Trustee, (ii) the attorneys for the Creditors' Committee, and (iii) all other parties requesting service in these chapter 11 cases:

(a)  the order approving the Disclosure Statement;

(b)  the Confirmation Hearing Notice;

(c)  the Disclosure Statement, which shall include the Proposed Plan as an exhibit; and

(d)  such other materials as the Court may direct (collectively, the "Notice Solicitation Package" together with the Voting and Non-Voting Solicitation Packages, the "Solicitation Packages")

9

13.     The Debtors shall send the Solicitation Packages in a CD-ROM format instead of printed hard copies; provided, however, the Debtors shall provide printed hard copies upon request.

14.     Except as provided above, the Debtors shall mail each of the Solicitation Packages described above within seven (7) days of entry of this Order (the "Solicitation Date") to the mailing address listed in the Debtors' books and records as of the Record Date.  If the Debtors' books and records reflect multiple addresses for any individual, the Debtors shall send the appropriate Solicitation Packages to each address.  If any such Solicitation Packages contain a ballot, the ballot shall indicate that "A ballot in respect of the same claim was also sent to you at one or more other addresses."  If the Debtors' books and records reflect multiple addresses on account of an attorney or another agent, the ballot shall indicate that "A ballot in respect of the same claim was also sent to your attorney or other agent (or your client, if you are an attorney or other agent for a creditor."

15.     The Debtors shall send Solicitation Packages only to known deliverable addresses; provided, however, the Debtors shall send a Solicitation Package to any entity who provides written notice of a new mailing address or forwarding addresses prior to the Solicitation Date.

**Form of Ballots and Master Ballots**

16.     The Ballots are APPROVED.

17.     To each member of Class 2(a) (CapitalSource Secured Claims against Lexington Precision), Class 2(b) (CSE Secured Claims against Lexington Precision), Class 6 (Junior Subordinated Note Claims), Class 7 (General Unsecured Claims against Lexington Precision), Class 14(a) (CapitalSource Secured Claims against Lexington Rubber Group), Class

10

14(b) (CSE Secured Claims against Lexington Rubber Group), and Class 17 (General Unsecured

Claims against Lexington Rubber Group), the Debtors shall send a ballot (a "General Ballot")

substantially in the form of **Exhibits B-1, B-2,** and **B-3**, **B-6(a)**, and **B-6(b)** respectively.  For

members of classes 7 and 16, the General Ballots shall provide an option to reduce their amount

of the claim to $2,000.00.  Such members are not required to vote to accept the Proposed Plan to

exercise such an election; <u>however</u>, upon making such election, the claim shall automatically be

reclassified as a convenience claim in either Class 8 (Convenience Class Claims against

Lexington Precision) or Class 18 (Convenience Class Claims against Lexington Rubber Group),

as appropriate, and the creditor shall no longer be eligible to vote.

18.     To each member of Class 5 (Senior Subordinated Note Claims), and Class

10 (Series B Preferred Stock Interests) who holds the underlying securities for their own benefit,

the Debtors shall send a ballot (a "<u>Beneficial Holder Ballot</u>"), substantially in form of

**Exhibits B-4A** and **B-6A**, respectively.

19.     If member of Class 5 or Class 11[2] holds the underlying security for the

benefit of a third-party (*e.g.*, brokers, banks, dealers, or other agents or nominees) (collectively,

the "<u>Voting Nominees</u>"), the Debtors shall provide the Voting Nominee with sufficient

Solicitation Packages for distribution to each of the beneficial holders represented by the Voting

Nominee.

20.     The Voting Nominee may elect to (a) "prevalidate" the Ballot contained in

the Solicitation Package, forward the Solicitation Package to the beneficial holder, and instruct

the beneficial holder to return the ballot to the Solicitation Agent or (b) forward the Solicitation

Package to the beneficial holder with instructions for the beneficial holder to return the ballot to

---

[2] Because no members of class 10 (Series B Preferred Stock Interests) hold such interests for the benefit of third-parties, the procedures contained in this paragraph are inapplicable to class 10.

the Voting Nominee, the Voting Nominee shall tabulate the ballots on a master ballot, substantially in form as **Exhibits B-4B** (each a "Master Ballot," and collectively, the "Master Ballots"), and return the Master Ballot to the Solicitation Agent.[3]  To be prevalidated, a Ballot shall indicate the name and address of the beneficial holder, the amount of the underlying securities, and the corresponding account numbers.  In either instance, the Voting Nominee shall provide the beneficial holder with the appropriate materials within five (5) business days of receipt of the Solicitation Packages.

21.    To be counted, the Ballots or Master Ballots, as applicable, shall be received in accordance with the voting procedures outlined below.

22.    The Debtors shall reimburse each Voting Nominee for its reasonable and customary costs and expenses associated with the distribution of the Voting Packages and tabulation of the Beneficial Holders Ballots.

23.    For members of Class 9 (Asbestos-Related Claim) not represented by Authorized Counsel, the Debtors shall send a Ballot substantially in the form of **Exhibit B-7A** (the "Individual Asbestos Ballot").

24.    For members of Class 9 represented by Authorized Counsel, the Debtors shall provide such Authorized Counsel with a master ballot substantially in the form of **Exhibit B-7B** (the "Asbestos Master Ballot"); provided, however, if (a) Authorized Counsel fails to send the Debtors and the Solicitation Agent an Authorization Affidavit within ten (10) days of entry of this order or (b) such holder is on the No Authority List, the Debtors shall send such holder an Individual Asbestos Ballot.

---

[3] Consistent with securities industry practice in bankruptcy solicitations, the Debtors shall provide Master Ballots to Voting Nominees after the Debtors distribute the Solicitation Packages and the Voting Nominee indicates how it intends to proceed.

12

**Voting and Tabulation Procedures**

Voting Deadline

25.    In order to be counted as a vote to accept or reject the Proposed Plan, each

Ballot shall be properly executed, completed, and delivered to the Solicitation Agent as to be

received by Solicitation Agent no later than the Voting Deadline of **[ ], 2009 at 4:00 p.m.**

**(prevailing Eastern Time).**

Procedures to Tabulate Votes

26.    The Debtors propose the following procedures for tabulating votes:

(a)    A vote shall be disregarded if the Court determines, after notice and a hearing, that a vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

(b)    All votes to accept or reject the Proposed Plan must be cast by using the appropriate Ballot and in accordance with the voting instructions attached to each Ballot and/or as set forth on the Ballot (as may be applicable) and votes cast in any other manner shall <u>not</u> be counted;

(c)    Any Ballot that is returned to the Solicitation Agent, but which is unsigned, or has a non-original signature, shall <u>not</u> be counted;

(d)    A holder of multiple claims or interests must use a separate Ballot for each class of claims or interests;

(e)    A holder of claims shall be deemed to have voted the full amount of its claims in each class and shall <u>not</u> be entitled to split its vote within a particular class;

(f)    Any Ballot that partially accepts and partially rejects the Proposed Plan shall be deemed to constitute an acceptance of the Proposed Plan;

(g)    Any entity entitled to vote to accept or reject the Proposed Plan may change its vote before the Voting Deadline by casting a superseding Ballot so that it is received on or before the Voting Deadline;

(h)    Any entity casting more than one (1) Ballot voting the same claim or interest prior to the Voting Deadline, the Solicitation Agent shall count only the last Ballot timely received;

13

(i)    If the Solicitation Agent receives Ballots on the same day but which are voted inconsistently, such Ballots shall be deemed to constitute an acceptance of the Proposed Plan;

(j)    Any executed Ballot timely received by the Solicitation Agent that does not indicate either an acceptance or rejection of the Proposed Plan shall be deemed to constitute an acceptance of the Proposed Plan;

(k)    Any executed Ballot, which indicates both acceptance and rejection of the Proposed Plan shall be deemed to constitute an acceptance of the Proposed Plan;

(l)    The vote of any member of classes 7 (General Unsecured Claims against Lexington Precision) and 17 (General Unsecured Claims against Lexington Rubber Group) who elects to reduce their claim to $2,000.00 shall not be counted;  and

(m)    The Solicitation Agent shall not accept a vote by facsimile, telecopy transmission, or electronic mail.

27.    With respect to the tabulation of Master Ballots cast by Voting Nominees, for purposes of voting, the Solicitation Agent shall use the principal amount held as of Voting Record Date, as applicable (the "Record Amount").

28.    The following additional rules will apply to the tabulation of Master Ballots cast by Voting Nominees:

(a)    Votes cast by beneficial holders through a Voting Nominee will be applied against the positions held by such entities in the securities as of Voting Record Date as evidenced by the record and depository listings.  Votes submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, will not be counted in excess of the Record Amount of such securities held by such Voting Nominee.

(b)    To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, the Solicitation Agent will attempt and is authorized to reconcile discrepancies with the Voting Nominees.

(c)    To the extent that overvotes on a Master Ballot or prevalidated Ballots are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and to reject the Proposed Plan in the same proportion as the votes to accept and reject the Proposed Plan submitted on the Master Ballot or prevalidated Ballots that contained

the overvote, but only to the extent of the Voting Nominee's position in the security.

(d)      For purposes of tabulating votes, each Voting Nominee will be deemed to have voted the principal amount relating to such security, although Solicitation Agent may be asked and is authorized to adjust such principal amount to reflect the claim amount, including prepetition interest.

**Notice of Non-Voting Status**

29.      The Notice of Non-Voting Status is APPROVED.

30.      The Debtors shall send a Notice of Non-Voting Status to each holder of a claim or interest not entitled to vote.

**The Confirmation Hearing and the Notice and Objection Procedures in Respect of Confirmation of the Proposed Plan**

**The Confirmation Hearing**

31.      The Confirmation Hearing is scheduled for **[ ], 2009 at __:__ _.m.**  The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open court at the Confirmation Hearing or any subsequent adjourned Confirmation Hearing or any notice of adjournment filed with the Court and served on the master service list in these cases and any party that filed objections to the Proposed Plan and that the Proposed Plan may be modified pursuant to section 1127 of the Bankruptcy Code prior to, during, or as a result of the Confirmation Hearing, in each case without further notice to parties in interest.

**Notice of the Confirmation Hearing**

32.      The Confirmation Hearing Notice is APPROVED.

33.      The Debtors shall publish the Confirmation Hearing Notice once not less than ten (10) days before the Objection Deadline to confirmation of the Proposed Plan in the national edition of The New York Times.

15

A.    <u>**Objections to Confirmation of the Proposed Plan**</u>

34.    Objections or responses to confirmation of or proposed modifications to the Proposed Plan, if any, shall (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the Southern District of New York; and (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor.

35.    All objections and responses to the confirmation of or proposed modifications to the Proposed Plan shall be filed with the Court no later than the Objection Deadline (**[ ], 2009 at 4:00 p.m. (prevailing Eastern Time)**).  In accordance with General Order M-242, registered users of the Court's case filing system must electronically file their objections and responses.  All other parties in interest must file their objections and responses on a 3.5 inch floppy disk (preferably in Portable Disk Format (PDF), WordPerfect, or any other Windows-based word processing format) and deliver a hard copy to Chambers.

36.    All objections and responses shall be served, so as to be received no later than **[ ], 2009 at 4:00 p.m. (prevailing Eastern Time)**, upon: (a) the Debtors, Lexington Precision Corporation, 800 Third Ave. 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin), (b) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Richard P. Krasnow and Victoria Vron); (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg); (d) the attorneys for the Debtors' prepetition lenders, Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, Tennessee 37219 (Attn: John C. Tishler); (e) the attorneys for the statutory committee of unsecured creditors, Andrews Kurth LLP, 450 Lexington Avenue, New York, New York

16

10017 (Attn: Paul Silverstein and Jonathon Levine); and (f) the attorneys for Debtors'

postpetition lenders, O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New

York, New York 10036 (Attn: Gerald Bender).

      37.    Objections not timely filed and served in accordance with the provisions

of this Order shall be overruled on that basis alone.

      38.    The Debtors are authorized to take or refrain from taking any action

necessary or appropriate to implement the terms of and the relief granted in this Order without

seeking further order of the Court.

      39.    The Debtors are authorized to make nonmaterial changes to the Disclosure

Statement, Proposed Plan, Ballots, Confirmation Hearing Notice and related documents, without

further order of the Court, including, without limitation, changes to correct typographical and

grammatical errors and to make conforming changes among the Disclosure Statement, the

Proposed Plan, and any other materials in the Solicitation Package prior to their distribution.

      40.    The Court hereby retains jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2009
      New York, New York

                                _____
                                UNITED STATES BANKRUPTCY JUDGE