ANDREWS KURTH LLP
Paul N. Silverstein (PS 5098)
Jonathan I. Levine (JL 9674)
450 Lexington Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

Counsel to the Official Committee
of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                          :    Chapter 11
                                                :
LEXINGTON PRECISION CORP, et al.,               :    Case No. 08-11153 (MG)
                                                :
                                                :
                    Debtors.                    :
------------------------------------------------------------x

**SUMMARY SHEET FOR ANDREWS KURTH LLP UNDER 11 U.S.C. § 330 FOR FOURTH INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

1. Name of applicant: Andrews Kurth LLP

2. Role of applicant: Counsel for Official Committee of Unsecured Creditors

3. Name of certifying professional: Paul N. Silverstein

4. Date case filed: April 1, 2008

5. Date of application for employment: April 21, 2008

6. Date of order approving employment: May 13, 2008, *nunc pro tunc,* April 11, 2008

7. Period: April 1, 2009 through July 31, 2009

8. Total Fees Requested: $77,993.50

9. Total Expenses Requested: $7,620.11

10. Prior Applications: Three

NYC:200625.3

ANDREWS KURTH LLP
Paul N. Silverstein (PS 5098)
Jonathan I. Levine (JL 9674)
450 Lexington Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

Counsel to the Official Committee
of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                          :    Chapter 11
                                                                :
LEXINGTON PRECISION CORP, et al.,                               :    Case No. 08-11153 (MG)
                                                                :
                                                                :
                                            Debtors.            :
-----------------------------------------------------------------x

### FOURTH INTERIM APPLICATION OF ANDREWS KURTH LLP UNDER 11 U.S.C. § 330 FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Andrews Kurth LLP ("Andrews Kurth"), counsel to the Official Committee of Unsecured Creditors (the "Committee") of Lexington Precision Corporation ("LEXP") and Lexington Rubber Group, Inc. (collectively with LEXP, the "Debtors"), for its fourth interim application (the "Application"), pursuant to 11 U.S.C. § 330 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, for interim allowance of compensation for services rendered and reimbursement of expenses and costs incurred, respectfully represents:

### INTRODUCTION

1.   Andrews Kurth files this Application in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on August 19, 1995 (the "Local Guidelines") and the United States

-2-

NYC:200625.3

Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"). Pursuant to Local Guidelines, a certification regarding compliance with same is attached hereto as Exhibit A.

2. By this Application, Andrews Kurth seeks (i) interim allowance and award of compensation for the professional services rendered by Andrews Kurth as counsel to the Committee for the period from April 1, 2009 through July 31, 2009 (the "Compensation Period") in the amount of $77,993.50 representing 117.10 hours in attorney and paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by Andrews Kurth during the Compensation Period in connection with the rendition of such professional services and paraprofessional services in the amount of $7,620.11.

3. Pursuant to the UST Guidelines, annexed hereto as Exhibit B is a schedule setting forth all Andrews Kurth professionals and paraprofessionals who have performed services in these Chapter 11 cases during the Compensation Period, the capacities in which each is employed by Andrews Kurth, the hourly billing rate charged by Andrews Kurth for service performed by each individual, the aggregate number of hours expended in these matters and fees billed therefor, and the year in which each professional was first licensed to practice law. Attached hereto as Exhibit C is a summary by project category of the services performed by Andrews Kurth during the Compensation Period.

4. Attached hereto as Exhibit D is a schedule specifying the categories of expenses for which Andrews Kurth is seeking reimbursement and the total amount for each such expense category and the detailed backup for such expenses.

-3-

5.   Attached hereto as <u>Exhibit E</u> is the detailed time entries for all Andrews Kurth professionals and paraprofessionals who have performed services in these cases broken out by project category.

## JURISDICTION AND VENUE

6.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. § 330 and the Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

## BACKGROUND OF CASE

**Background of the Debtors**

7.   The Debtors manufacture rubber and metal components for use primarily in automobiles and medical devices. The Debtors operate through two operating segments, the Rubber Group and the Metals Group. The Debtors' components are generally sold to other manufacturers, primarily tier-one automotive parts manufacturers, which supply parts to the industry's leading automobile producers.

8.   The Rubber Group manufactures rubber components for the automotive industry. The Rubber Group also manufacturers and sells rubber components used in a variety of medical devices. The Metals Group manufactures aluminum, brass, steel and stainless steel components primarily for automotive customers.

**Filing for Chapter 11**

9.   On April 11, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Bankruptcy Rule 1015(b), this Court entered an order directing that the Debtors' cases be jointly administered for procedural purposes.

-4-

NYC:200625.3

10. The Debtors continue to manage their properties and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

**The Official Committee of Unsecured Creditors**

11. On April 11, 2008, the United States Trustee for the Southern District of New York, pursuant to Section 1102(a)(1) of the Bankruptcy Code, appointed the Committee to represent the interest of all holders of unsecured claims in this case. The Committee, as appointed, was comprised of Wilmington Trust Company, Jefferies High Yield Trading, Wilfrid Aubrey LLC, Valhalla Capital Partners, LLC, Momentive Performance Materials, Inc., Wacker Chemical Corporation and Environmental Products & Services of Vermont, Inc. On August 22, 2008, the United States Trustee reconstituted the Committee, with all the same members except for Wacker Chemicals Corporation which, on August 20, 2008, resigned from the Committee.

**Andrew Kurth's Retention**

12. On May 13, 2008, the Court entered an order authorizing the Committee to retain Andrews Kurth as its counsel *nunc pro tunc* April 11, 2008.

## THE CHAPTER 11 CASE

13. To date, Andrews Kurth has been involved in every aspect of the Debtors' Chapter 11 cases. A sampling of Andrews Kurth's involvement includes:

    (a) reviewing and commenting on the DIP Financing and cash collateral motions;

    (b) engaging in diligence and negotiations regarding plan issues, including an analysis of the Debtors' proposed plan of reorganization and the corresponding disclosure statement; and

    (c) advising the Committee on all matters in these Chapter 11 cases.

NYC:200625.3

## OVERVIEW OF SERVICES PERFORMED

14. Andrews Kurth's rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the Committee and its constituents. Andrews Kurth's activities fall into the categories set forth below:

**Business Operations (Fees: $1,713.00)**

15. Andrews Kurth worked with the Committee and its financial advisor to understand the Debtors' businesses in a order to facilitate better and more efficient operations. Andrews Kurth spent time on tasks associated with the Debtors' business operations, such as reviewing financial statements, operating reports and director compensation packages.

16. Andrews Kurth requests $1,713.00 for Business Operations matters based on 2.6 hours at an average hourly rate of $658.85 for the period April 1, 2009 through July 31, 2009.

**DIP Financing/Cash Collateral (Fees: $2,528.00)**

17. Andrews Kurth performed analysis regarding the debtor-in-possession credit facility and the Debtors' use of cash collateral.

18. Andrews Kurth requests $2,528.00 for DIP Financing/Cash Collateral matters based on 3.6 hours at an average hourly rate of $702.22 for the period April 1, 2009 through July 31, 2009.

**Case Administration (Fees: $16,436.00)**

19. As counsel to the Committee, Andrews Kurth engaged in routine matters which are necessary with respect to general administration of a Chapter 11 case. Such routine matters include: (i) ensuring that the Committee complied with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules and the United States Trustee Guidelines; (ii) addressing issues relating to mediation, (iii) reviewing the docket for filings; (iv) communicating

NYC:200625.3

with the Committee, the Debtors, the pre-petition Secured Lender and their respective counsel; and (v) miscellaneous day-to-day tasks.

20.   Andrews Kurth requests $16,436.00 for Case Administration matters based on 28.20 hours at an average hourly rate of $582.84 for the period April 1, 2009 through July 31, 2009.

**Committee Matters (Fees: $8,371.00)**

21.   Andrews Kurth has undertaken virtually all legal matters on behalf of the Committee throughout the Debtors' Chapter 11 cases. In particular, Andrews Kurth has (i) advised the Committee on all matters in connection with the Debtors' Chapter 11 cases; (ii) drafted pleadings filed by the Committee; (iii) reviewed all motions, schedules, statements, petitions, and other documents filed by the Debtors and other parties; and (iv) attended numerous meetings. Andrews Kurth has constantly communicated with the Committee, its chairperson and its financial advisor to seek instructions, relay information, and generally keep the Committee updated as to the status of these Chapter 11 cases. Furthermore, Andrews Kurth has regularly communicated with other third parties, including other unsecured creditors, concerning various matters pertaining to the Debtors' Chapter 11 cases.

22.   Andrews Kurth requests $8,371.00 for Committee Matters based on 12.80 hours at an average hourly rate of $653.98 for the period April 1, 2009 through July 31, 2009.

**Employment of Professionals/Applications (Fees: $5,390.00)**

23.   Time billed in this category includes the preparation of Andrews Kurth's and SRR's monthly and interim fee applications and the review of other professionals fee applications. These tasks were necessary for the administration of these cases.

24.   Andrews Kurth requests $5,390.00 for Employment of Professionals/ Applications matters based on 7.0 hours at an average hourly rate of $770.00 for the period April

-7-

NYC:200625.3

1, 2009 through July 31, 2009.

**Plan and Disclosure Statement (Fees: $43,555.50)**

25. The paramount issue in these Chapter 11 cases is the development of a viable plan of reorganization for the Debtors. During the Compensation Period, Andrews Kurth has engaged in analysis of the Debtors' first proposed plan of reorganization, the accompanying disclosure statement and WY Campbell's valuation report. Andrews Kurth spent substantial time and effort in connection with mediation meetings and settlement negotiations with respect thereto. Andrews Kurth engaged in multiple meetings/negotiations with the Debtors, the Committee and other parties-in-interest over plan of reorganization and disclosure statement issues. This analysis and work is central to the Committee's fiduciary duties to the unsecured creditors and, as reflected in the detailed time records submitted herewith, was the primary focus of Andrews Kurth's efforts on behalf of the Committee.

26. Andrews Kurth requests $43,550.50 for Plan and Disclosure Statement matters based on 62.90 hours at an average hourly rate of $692.46 for the period April 1, 2009 through July 31, 2009.

## EXPENSES

27. Andrews Kurth has incurred out-of-pocket disbursements in the amount of $7,620.11 for the period April 1, 2009 through July 31, 2009.

28. The disbursement sum is broken down into categories of charges itemized in Exhibit D and the backup is also attached thereto. Each charge incurred by Andrews Kurth was necessary and incurred as a direct result of Andrews Kurth's representation of the Committee.

## FACTORS TO BE CONSIDERED

29. The applicant believes that the requested fees, of $77,993.50 for 117.10 hours worked, are reasonable considering the twelve factors enumerated in *Johnson v. Georgia*

NYC:200625.3

*Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), as follows:

**The Time and Labor Required**

30.    The time and labor required in the rendition of services to the Committee are reflected in Exhibit C to this Application. Andrews Kurth's professionals and paralegals devoted a total of 117.10 hours to providing services to the Committee for the period from April 1, 2009 through July 31, 2009. All attorneys and paralegals of Andrews Kurth recorded the time expended in the rendition of professional services in this case by recording a detailed description of the services rendered, and diligently attempted to avoid duplication of effort.

**The Novelty and Difficulty of the Services Rendered**

31.    Many of the legal issues arising in the representation of the Committee were complex, and required review of documents and correspondence, as well as the exercise of skill and application of knowledge of bankruptcy, corporate and commercial law relating to the protection and representation of the Committee's interest.

**The Skill Requisite to Perform Legal Services Properly**

32.    In order to properly perform the services rendered for the benefit of the Committee, Andrews Kurth was required to draw upon substantive legal knowledge in the field of bankruptcy, corporate, employee benefits and commercial law.

**The Preclusion of Other Employment by the Professional Due to the Acceptance of the Case**

33.    Andrews Kurth has been precluded from other employment to the extent of the time expended working on these cases. But for these cases, such time would have been expended on other matters. Andrews Kurth has committed a significant amount of time and labor to these Chapter 11 cases which otherwise would have been dedicated to other matters.

NYC:200625.3

**The Customary Fee**

34. The rates charged by Andrews Kurth's attorneys and paralegals are well within the range charged by such professionals, in their respective jurisdictions, of similar skill and reputation. When a more experienced senior attorney, billing at a higher rate, worked on matters in the case, care was taken to avoid both duplication of effort and "layering" the case with additional less experienced junior attorneys.

**Whether the Fee is Fixed or Contingent**

35. Andrews Kurth's compensation in this matter is contingent only in the sense that it is subject to the final approval of the Court and the availability of funds in the estate for payment of same.

**Time Limitations Imposed by the Client or Other Circumstances**

36. The immediate nature of some of the matters involved in this case required Andrews Kurth to devote a substantial amount of time to handling matters concerning the Committee's interest in a compressed time frame. Andrews Kurth's attorneys consistently responded on an expedited basis.

**The Experience, Reputation and Abilities of the Professionals**

37. Andrews Kurth is an established law firm having substantial experience and expertise in the areas of bankruptcy law, corporate/securities law, commercial law, litigation, and other areas.

**The Undesirability of the Case**

38. Andrews Kurth does not consider this matter undesirable.

**The Nature and Length of the Professional Relationship of the Client**

39. Andrews Kurth has pre-existing relationships with certain members of the Committee including Jefferies High Yield Trading, Wilfrid Aubrey, LLC, Valhalla Capital

NYC:200625.3

Partners, Wilmington Trust Company and other bondholders. Each are involved in other reorganization cases in which Andrews Kurth has a role.

**Awards in Similar Cases**

40. Section 330 of the Bankruptcy Code provides that the extent of compensation to professionals shall be reasonable compensation that may be awarded to professionals based on the nature, the extent, and value of such services, the time spent on such services, and the cost of comparable services in other cases under the Bankruptcy Code, and for the reimbursement of actual and necessary expenses incurred on behalf of the Committee.

41. The fees applied for herein are in conformity with the fees allowed in similar reorganization cases for similar services rendered and results obtained. The hourly rates requested by Andrews Kurth are the ordinary and usual hourly rates billed by Andrews Kurth to both bankruptcy and non-bankruptcy clients.

WHEREFORE, Andrews Kurth respectfully requests (i) that the Court enter an Order which provides for (a) an allowance to be made to Andrews Kurth in the sum of $77,993.50 as compensation for necessary professional services rendered to the Committee from April 1, 2009 through July 31, 2009, and the sum of $7,620.11 for reimbursement of actual necessary costs and expenses incurred during such period, and (ii) that the Court grant such other and further relief as this Court may deem just and proper.

NYC:200625.3

Dated: November 10, 2009
      New York, New York

                               ANDREWS KURTH LLP

By: /s/ Paul N. Silverstein
Paul N. Silverstein (PS 5098)
Jonathan I. Levine (JL 9674)
450 Lexington Avenue, 15th Floor
New York, New York  10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

Counsel to the Official Committee of Unsecured Creditors

NYC:200625.3