# EXHIBIT B

# DISCLOSURE STATEMENT ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re:                                       :          **Chapter 11**
                                             :
**LEXINGTON PRECISION CORP., et al.,**        :          **Case No. 08-11153 (BRL)**
                                             :
                                             :          **(Jointly Administered)**
                          Debtors.           :
-------------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105, 502, 1125, 1126, AND 1128 OF THE BANKRUPTCY CODE AND THE BANKRUPTCY RULES 2002, 3003, 3017, 3018 AND 3020, (I) APPROVING THE PROPOSED DISCLOSURE STATEMENT, (II) APPROVING THE PROCEDURES TO SOLICIT ACCEPTANCES OF PROPOSED PLAN, AND (III) SCHEDULING A HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF PROPOSED PLAN

Upon the motion, dated December 16, 2009 (the "Motion"),[1] of the Official Committee of Unsecured Creditors (the "Committee") of Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc.  ("Lexington Rubber Group" and, together, the "Debtors"), CapitalSource Finance LLC, as Agent ("CapitalSource") and CSE Mortgage, LLC, as Agent ("CSE Mortgage" and together with the Committee and CapitalSource, the "Plan Proponents") for an order pursuant to sections 105, 502, 1125, 1126 and 1128 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 3003, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) approving the Plan Proponents' proposed disclosure statement (as it may be modified, the "Proposed Disclosure Statement") for the Plan Proponents' chapter 11 plan (as it may be modified, the "Proposed Plan"), (b) approving certain solicitation procedures for the Proposed Plan; (c) scheduling a confirmation hearing (the "Confirmation Hearing") and establishing certain notice and objection procedures, all as more fully set forth in the Motion; and the Court

---

[1]  Capitalized terms not otherwise defined herein have the meanings set forth in the Motion.

having jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157 and 1334; and venue being proper before the Bankruptcy Court pursuant to 28 U.S.C. § 1408 and 1409; and a hearing having been held on January 11, 2010 (the "Hearing") to consider the Motion; and the Plan Proponents having provided notice as described in the Motion; and the Court having reviewed the Proposed Disclosure Statement, the Motion, the papers in support thereof, and the responses thereto, if any; and upon the Proposed Disclosure Statement, the Motion, the papers in support thereof and the responses thereto, if any, and the record of the Hearing and upon all of the proceedings heretofore before the Court,

THE COURT HEREBY FINDS AND DETERMINES THAT:

A.    The Proposed Disclosure Statement attached hereto as Exhibit A contains "adequate information" about the Plan Proponents' Proposed Plan within the meaning of section 1125 of the Bankruptcy Code.

B.    Notice of the Proposed Disclosure Statement, the Motion, the Hearing, and the deadline for filing objections to the Proposed Disclosure Statement was properly provided and such notice was due and proper to all interested parties and no further notice is necessary.

C.    Class 1 (Other Priority Claims), Class 3 (Secured Tax Claims against Lexington Precision), Class 4 (Other Secured Claims against Lexington Precision), Class 8 (Convenience Claims against Lexington Precision), Class 13 (Other Priority Claims against Lexington Rubber Group), Class 15 (Secured Tax Claims against Lexington Rubber Group), Class 16 (Other Secured Claims against Lexington Rubber Group), Class 18 (Convenience Claims against Lexington Rubber Group), and Class 19 (Interests in Lexington Rubber Group)

(collectively, the "Unimpaired Classes") are unimpaired and are conclusively presumed to accept the Proposed Plan.

D.      Class 6 (Junior Subordinated Note Claims), Class 9 (Asbestos-Related Claims), Class 10 (Series B Preferred Stock Interests), Class 11 (Common Stock Interests), and Class 12 (Other Equity Interests in Lexington Precision), (collectively, the "No-Distribution Classes," and, with the Unimpaired Classes, the "Non-Voting Classes") will not receive any distribution under the Proposed Plan and are deemed to reject the Proposed Plan. Accordingly, members of the Non-Voting Classes are not entitled to vote or receive a Ballot.

E.      The Proposed Plan impairs Class 2(a) (CapitalSource Secured Claims against Lexington Precision), Class 2(b) (CSE Secured Claims against Lexington Precision), Class 5 (Senior Subordinated Notes Claims against Lexington Precision), Class 7 (General Unsecured Claims against Lexington Precision), Class 14(a) (CapitalSource Secured Claims against Lexington Rubber Group), Class 14(b) (CSE Secured Claims against Lexington Rubber Group), and Class 17 (General Unsecured Claims against Lexington Rubber Group) (collectively, the "Voting Classes"). Accordingly, members of the Voting Classes are entitled to vote and receive an appropriate Ballot; provided, however, holders of claims in Classes 2(a)-2(b), 5, 7, 14(a)-14(b), and 17 shall not be entitled to vote and receive a Ballot if (a) as of the Record Date, the outstanding amount of such claim is not greater than zero ($0.00); (b) as of the Record Date, such claim has been disallowed, expunged, disqualified, or suspended; (c) the Debtors' Schedules show such claim as contingent, unliquidated, or disputed and a proof of claim was not filed by the Bar Date or Government Bar Date, as applicable, or deemed timely filed by order of the Court at least five (5) business days prior to the Voting Deadline; or (d) as of the Record Date, such claim is subject to a pending objection.

F.      The forms of the ballots attached to the Motion as <u>Exhibits A-1</u> through <u>A-7</u>, are consistent with Official Form No. 14, address the particular needs of these chapter 11 cases, and are appropriate for each class of claims or interests entitled to vote to accept of reject the Proposed Plan.

G.      The voting instructions attached to each of the ballots contain adequate information to instruct all members of the Voting Classes how to vote.

H.      The Voting Deadline provides reasonable and adequate time for all parties in interest to make an informed decision to accept or reject the Proposed Plan.

I.      The procedures for the solicitation and tabulation of votes to accept or reject the Proposed Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

J.      The notice procedures set forth below provide due, proper, and adequate notice of approval of the Proposed Disclosure Statement, the Confirmation Hearing, and the procedures for filing objections or responses to the Proposed Plan and complies with Bankruptcy Rules 2002 and 3017(d).

K.      The proposed timing for the Confirmation Hearing complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and will enable the Plan Proponents to pursue to confirmation of the Proposed Plan in a timely fashion.

L.      The Plan Proponents have the right to seek modifications or extensions of the matters governed by this Order.

M.      The relief requested in the Motion is in the best interests of the Debtors, their estates, and all parties in interest therein.

NYC:203239.2

N.     The legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein.

NOW, THEREFORE, IT IS ORDERED THAT:

1.     The Motion is GRANTED as provided herein.

## The Proposed Disclosure Statement

2.     The Proposed Disclosure Statement, as it may have been or may be further modified to reflect changes made or ordered on the record of the hearing, is APPROVED.

## The Solicitation Procedures

### Temporary Allowance of Claims

3.     Solely for the purposes of voting to accept or reject the Proposed Plan and not for allowance of, or distribution on account of, any claim or interest, and without prejudice to the Debtors' rights in any other context, each claim of a holder of a claim entitled to vote is temporarily allowed in the amount equal to the amount in the Schedules; provided, however, --

(a)     if a claim holder has timely and properly filed a proof of claim, the holder may vote the claim amount set forth in the proof of claim subject to any applicable limitation below;

(b)     if the claim for which a proof of claim has been timely filed is partially liquidated and partially unliquidated, such claim is temporarily allowed for voting purposes in the liquidated amount only;

(c)     if the Court estimates or otherwise allows a claim for voting purposes, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(d)     if the Debtors' Schedules list a claim as contingent, unliquidated, or disputed and a proof of claim was not

(1)     filed by the Bar Date or Government Bar Date, as applicable, or

(2)     deemed timely filed by an order of the Court prior to the Voting Deadline

(3)     such claim is disallowed for voting, allowance, and distribution purposes pursuant to Bankruptcy Rule 3003(c) absent the Debtors' written consent to the contrary;

(e)     if a holder of a claim on the Debtors' Schedules is listed as <u>not</u> contingent, unliquidated, or disputed and such holder files an untimely proof of claim, such claim shall be allowed for voting, allowance, and distribution purposes in the amount set forth in the Schedules;

(f)     if the Debtors serve an objection to a claim at least ten (10) days before the Voting Deadline, such claim is temporarily disallowed for voting purposes only, but not allowance or distribution purposes, except to the extent and in the manner as may be set forth in such objection; and

4.     If any creditor seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, such creditor shall serve on the Debtors, the Plan Proponents, and the U.S. Trustee and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Proposed Plan on or before the 10th day after the later of (i) service of notice of the Confirmation Hearing and (ii) the Debtors' service of notice of an objection or request for estimation, if any, as to such claim. Any creditor filing such a motion, such creditor's Ballot shall not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline.

**Fixing the Record Date**

5.     The Record Date is [ _____ ] **at 4:00 p.m. (prevailing Eastern Time)**. Holders of claims and interests, as of the Record Date and as determined by the Debtors' books and records, shall be the holders of record and, as such, shall be entitled to vote or otherwise receive a Notice of Non-Voting Status. Any claim transfer notices received by the Debtors, Epiq, or the Solicitation Agent (a) prior to the Record Date, but with respect to which the twenty (20) day period required pursuant to Bankruptcy Rule 3001(e)(4) has not expired

prior to the Record Date or (b) after the Record Date, shall not be recognized for determining the

holders of record.

### Solicitation Packages and the Distribution Procedures Therefor

6.      The Plan Proponents shall send each member of a Voting Class:

(a)      the order approving the Proposed Disclosure Statement;

(b)      the Confirmation Hearing Notice;

(c)      the Proposed Disclosure Statement, which shall include the Proposed Plan
as an exhibit;

(d)      a ballot customized for such holder as described below with instructions
and a return envelope; and

(e)      such other materials as the Court may direct (collectively, the "Voting
Solicitation Package").

7.      To each holder of a claim or interest not entitled to vote, the Plan

Proponents shall send:

(a)      the order approving the Proposed Disclosure Statement;

(b)      the Confirmation Hearing Notice;

(c)      a Notice of Non-Voting Status; provided, however, the Plan Proponents
shall provide such holder a Proposed Disclosure Statement upon written
request; and

(d)      such other materials as the Court may direct (collectively, the "Non-
Voting Solicitation Package")

8.      If holder of a claim is not entitled to vote as a result of a pending

objection, the Plan Proponents shall supplement the Non-Voting Solicitation Package and

include a Proposed Disclosure Statement.   If the pending claim objection is resolved or

withdrawn and the holder of the claim becomes eligible to vote at least ten (10) business days

prior to the Voting Deadline, the Plan Proponents shall mail to such holder, via express or

overnight mail, a Voting Solicitation Package within three (3) business days after such member becomes eligible to vote.

9.       If a claim is allowed for voting purposes on or before ten (10) business days before the Voting Deadline, the Plan Proponents shall mail, via express or overnight mail, a Voting Solicitation Package to the holder of such claim within three (3) business days after entry of an order temporarily allowing such creditor's claim for voting purposes.

10.      The Plan Proponents shall distribute the following materials to (i) the U.S. Trustee, (ii) the attorneys for the Debtors, and (iii) all other parties requesting service in these chapter 11 cases:

(a)      the order approving the Proposed Disclosure Statement;

(b)      the Confirmation Hearing Notice;

(c)      the Proposed Disclosure Statement, which shall include the Proposed Plan as an exhibit; and

(d)      such other materials as the Court may direct (collectively, the "Notice Solicitation Package" together with the Voting and Non-Voting Solicitation Packages, the "Solicitation Packages")

11.      The Plan Proponents shall send the Solicitation Packages in a CD-ROM format instead of printed hard copies; provided, however, the Plan Proponents shall provide printed hard copies upon request.

12.      Except as provided above, the Plan Proponents shall mail each of the Solicitation Packages described above within seven (7) days of entry of this Order (the "Solicitation Date") to the mailing address listed in the Debtors' books and records as of the Record Date.  If the Debtors' books and records reflect multiple addresses for any individual, the Plan Proponents shall send the appropriate Solicitation Packages to each address.  If any such Solicitation Packages contain a ballot, the ballot shall indicate that "A ballot in respect of the

same claim was also sent to you at one or more other addresses." If the Debtors' books and records reflect multiple addresses on account of an attorney or another agent, the ballot shall indicate that "A ballot in respect of the same claim was also sent to your attorney or other agent (or your client, if you are an attorney or other agent for a creditor)."

13.    The Plan Proponents shall send Solicitation Packages only to known deliverable addresses; provided, however, the Plan Proponents shall send a Solicitation Package to any entity who provides written notice of a new mailing address or forwarding addresses prior to the Solicitation Date.

**Form of Ballots and Master Ballots**

14.    The Ballots are APPROVED.

15.    To each member of Class 2(a) (CapitalSource Secured Claims against Lexington Precision), Class 2(b) (CSE Secured Claims against Lexington Precision), Class 7 (General Unsecured Claims against Lexington Precision), Class 14(a) (CapitalSource Secured Claims against Lexington Rubber Group), Class 14(b) (CSE Secured Claims against Lexington Rubber Group), and Class 17 (General Unsecured Claims against Lexington Rubber Group), the Plan Proponents shall send a ballot (a "General Ballot") substantially in the form of Exhibits A-1, A-2 and A-4 - A-7.  For members of Classes 7 and 17, the General Ballots shall provide an option to reduce the amount of the claim to $2,000.00.  Such members are not required to vote to accept the Proposed Plan to exercise such an election; however, upon making such election, the claim shall automatically be reclassified as a convenience claim in either Class 8 (Convenience Class Claims against Lexington Precision) or Class 18 (Convenience Class Claims against Lexington Rubber Group), as appropriate, and the creditor shall no longer be eligible to vote.

16.     To each member of Class 5 (Senior Subordinated Note Claims) who holds the underlying securities for its own benefit, the Plan Proponents shall send a ballot (a "Beneficial Holder Ballot"), substantially in form of Exhibit A-3A.

17.     If member of Class 5 holds the underlying security for the benefit of a third-party (*e.g.*, brokers, banks, dealers, or other agents or nominees) (collectively, the "Voting Nominees"), the Plan Proponents shall provide the Voting Nominee with sufficient Solicitation Packages for distribution to each of the beneficial holders represented by the Voting Nominee.

18.     The Voting Nominee may elect to (a) "prevalidate" the Ballot contained in the Solicitation Package, forward the Solicitation Package to the beneficial holder, and instruct the beneficial holder to return the ballot to the Solicitation Agent or (b) forward the Solicitation Package to the beneficial holder with instructions for the beneficial holder to return the ballot to the Voting Nominee, the Voting Nominee shall tabulate the ballots on a master ballot, substantially in form as Exhibit A-3B (each a "Master Ballot," and collectively, the "Master Ballots"), and return the Master Ballot to the Solicitation Agent.[2]  To be prevalidated, a Ballot shall indicate the name and address of the beneficial holder, the amount of the underlying securities, and the corresponding account numbers.  In either instance, the Voting Nominee shall provide the beneficial holder with the appropriate materials within five (5) business days of receipt of the Solicitation Packages.

19.     To be counted, the Ballots or Master Ballots, as applicable, shall be received in accordance with the voting procedures outlined below.

---

[2] Consistent with securities industry practice in bankruptcy solicitations, the Committee shall provide Master Ballots to Voting Nominees after the Committee distributes the Solicitation Packages and the Voting Nominee indicates how it intends to proceed.

NYC:203239.2

20.     The Debtors shall reimburse each Voting Nominee for its reasonable and customary costs and expenses associated with the distribution of the Voting Packages and tabulation of the Beneficial Holders Ballots.

**Voting and Tabulation Procedures**

<u>Voting Deadline</u>

21.     In order to be counted as a vote to accept or reject the Proposed Plan, each Ballot shall be properly executed, completed, and delivered to the Solicitation Agent as to be received by the Solicitation Agent no later than the Voting Deadline of [ _____ ], **at 4:00 p.m. (prevailing Eastern Time)**.

<u>Procedures to Tabulate Votes</u>

22.     Votes shall be tabulated in accordance with the following procedures:

(a)     A vote shall be disregarded if the Court determines, after notice and a hearing, that a vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

(b)     All votes to accept or reject the Proposed Plan must be cast by using the appropriate Ballot and in accordance with the voting instructions attached to each Ballot and/or as set forth on the Ballot (as may be applicable) and votes cast in any other manner shall <u>not</u> be counted;

(c)     Any Ballot that is returned to the Solicitation Agent, but which is unsigned, or has a non-original signature, shall <u>not</u> be counted;

(d)     A holder of multiple claims or interests must use a separate Ballot for each class of claims or interests;

(e)     A holder of claims shall be deemed to have voted the full amount of its claims in each class and shall <u>not</u> be entitled to split its vote within a particular class;

(f)     Any Ballot that partially accepts and partially rejects the Proposed Plan shall be deemed to constitute an acceptance of the Proposed Plan;

(g)     Any entity entitled to vote to accept or reject the Proposed Plan may change its vote before the Voting Deadline by casting a superseding Ballot so that it is received on or before the Voting Deadline;

-11-

(h)     Any entity casting more than one (1) Ballot voting the same claim or interest prior to the Voting Deadline, the Solicitation Agent shall count only the last Ballot timely received;

(i)     If the Solicitation Agent receives Ballots on the same day but which are voted inconsistently, such Ballots shall be deemed to constitute an acceptance of the Proposed Plan;

(j)     Any executed Ballot timely received by the Solicitation Agent that does not indicate either an acceptance or rejection of the Proposed Plan shall be deemed to constitute an acceptance of the Proposed Plan;

(k)     Any executed Ballot, which indicates both acceptance and rejection of the Proposed Plan shall be deemed to constitute an acceptance of the Proposed Plan;

(l)     The vote of any member of Classes 7 (General Unsecured Claims against Lexington Precision) and 17 (General Unsecured Claims against Lexington Rubber Group) who elects to reduce their claim to $2,000.00 shall not be counted; and

(m)     The Solicitation Agent shall not accept a vote by facsimile or telecopy transmission.

23.     With respect to the tabulation of Master Ballots cast by Voting Nominees, for purposes of voting, the Solicitation Agent shall use the principal amount held as of Record Date, as applicable (the "Record Amount").

24.     The following additional rules will apply to the tabulation of Master Ballots cast by Voting Nominees:

(a)     Votes cast by beneficial holders through a Voting Nominee will be applied against the positions held by such entities in the securities as of the Voting Record Date as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, will not be counted in excess of the Record Amount of such securities held by such Voting Nominee.

(b)     To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, the Solicitation Agent will attempt and is authorized to reconcile discrepancies with the Voting Nominees.

(c)     To the extent that overvotes on a Master Ballot or prevalidated Ballots are not reconcilable prior to the preparation of the vote certification, the

-12-

Solicitation Agent will apply the votes to accept and to reject the Proposed Plan in the same proportion as the votes to accept and reject the Proposed Plan submitted on the Master Ballot or prevalidated Ballots that contained the overvote, but only to the extent of the Voting Nominee's position in the security.

(d)    For purposes of tabulating votes, each Voting Nominee will be deemed to have voted the principal amount relating to such security, although the Solicitation Agent may be asked and is authorized to adjust such principal amount to reflect the claim amount, including prepetition interest.

**Notice of Non-Voting Status**

25.    The Notice of Non-Voting Status is APPROVED.

26.    The Plan Proponents shall send a Notice of Non-Voting Status to each holder of a claim or interest not entitled to vote.

**The Confirmation Hearing and the Notice and Objection
Procedures in Respect of Confirmation of the Proposed Plan**

**The Confirmation Hearing**

27.    The Confirmation Hearing is scheduled for [ _____ ], **at __:___.m.**  The Confirmation Hearing may be continued from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open court at the Confirmation Hearing or any subsequent adjourned Confirmation Hearing and the Proposed Plan may be modified pursuant to section 1127 of the Bankruptcy Code prior to, during, or as a result of the Confirmation Hearing, in each case without further notice to parties in interest.

**Notice of the Confirmation Hearing**

28.    The Confirmation Hearing Notice is APPROVED.

29.    The Plan Proponents shall publish the Confirmation Hearing Notice once not less than ten (10) days before the Objection Deadline to confirmation of the Proposed Plan in the national edition of the *New York Times*.

NYC:203239.2

D.     **Objections to Confirmation of the Proposed Plan**

30.     Objections or responses to confirmation of or proposed modifications to the Proposed Plan, if any, shall (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the Southern District of New York; and (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor.

31.     All objections and responses to the confirmation of or proposed modifications to the Proposed Plan shall be filed with the Court no later than the Objection Deadline ([ _____ ], **at 4:00 p.m. (prevailing Eastern Time)**).   In accordance with General Order M-242, registered users of the Court's case filing system must electronically file their objections and responses.   All other parties in interest must file their objections and responses on a 3.5 inch floppy disk (preferably in Portable Disk Format (PDF), WordPerfect, or any other Windows-based word processing format) and deliver a hard copy to Chambers.

32.     All objections and responses shall be served, so as to be received no later than [ _____ ], **at 4:00 p.m. (prevailing Eastern Time)**, upon: (a) the Debtors, Lexington Precision Corporation, 800 Third Ave., 15th Floor, New York, New York 10023 (Attn: Michael A.  Lubin), (b) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Richard P.  Krasnow and Victoria Vron); (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg); (d) the attorneys for the Debtors' prepetition lenders, Waller Lansden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, Tennessee 37219 (Attn: John C. Tishler); (e) the attorneys for the Committee, Andrews Kurth LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Paul Silverstein and Jonathon Levine); and (f) the attorneys for Debtors' postpetition lenders,

-14-

O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, New York 10036 (Attn: Gerald Bender).

33.    Objections not timely filed and served in accordance with the provisions of this Order shall be overruled on that basis alone.

34.    The Plan Proponents are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

35.    The Plan Proponents are authorized to make nonsubstantive changes to the Proposed Disclosure Statement, Proposed Plan, Ballots, Confirmation Hearing Notice and related documents, without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Proposed Disclosure Statement, the Proposed Plan, and any other materials in the Solicitation Package prior to their distribution.

Dated: New York, New York
        [ _____ ]

_____
UNITED STATES BANKRUPTCY JUDGE

NYC:203239.2