ANDREWS KURTH LLP
Paul N. Silverstein (PS 5098)
Jonathan I. Levine (JL 9674)
450 Lexington Avenue, 15th Floor
New York, New York  10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

Counsel to the Official Committee
of Unsecured Creditors

WALLER LANSDEN DORTCH & DAVIS
John C. Tishler (Pro Hac Vice)
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804

Counsel to CapitalSource Finance LLC
and CSE Mortgage, LLC, as Agents

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **LEXINGTON PRECISION CORP., et al.,** | : | **Case No. 08-11153 (BRL)** |
| | : | |
| | : | **(Jointly Administered)** |
| **Debtors.** | : | |

-----------------------------------------------------------------x

**MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
CAPITALSOURCE FINANCE LLC AND CSE MORTGAGE LLC FOR ORDER
(I) APPROVING PROPOSED DISCLOSURE STATEMENT IN RESPECT OF PLAN
PROPONENTS' JOINT CHAPTER 11 PLAN FOR THE DEBTORS, (II) APPROVING
SOLICITATION PROCEDURES AND (III) SETTING A HEARING AND
ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION**

TO:    THE HONORABLE BURTON R. LIFLAND,
        UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Unsecured Creditors (the "Committee") of Lexington

Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington

Rubber Group" and together with Lexington Precision, the "Debtors"), CapitalSource Finance LLC ("CapitalSource"), as Agent and CSE Mortgage LLC, as Agent ("CSE Mortgage" and together with the Committee and CapitalSource, the "Plan Proponents") respectfully represent:

## BACKGROUND

1.      On April 1, 2008 (the "Petition Date"), each of the Debtors filed with this Court a petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

2.      On April 11, 2008, the United States Trustee for the Southern District of New York ("U.S. Trustee") appointed the Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code.

3.      In late October 2009, the Debtors and Plan Proponents appeared before this Court, each with their own Disclosure Statement. At that hearing, Judge Lifland suggested that the parties get together and try to work consensually on a plan. While the Debtors did not have an interest in negotiating over their plan, the Plan Proponents were able to compromise on the terms of a joint plan.

4.      On December 16, 2009, the Plan Proponents filed their proposed disclosure statement  (as it may be amended, the "Proposed Disclosure Statement") and proposed Joint Chapter 11 plan for the Debtors (as it may be amended, the "Proposed Plan").

## Jurisdiction

5.      This Court has jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

6.      Pursuant to sections 105, 502, 1125, 1126, and 1128 of the Bankruptcy Code and

Bankruptcy Rules 2002, 3003, 3017, 3018, and 3020, the Plan Proponents respectfully request

that the Court –

> (a)   approve the Proposed Disclosure Statement, filed contemporaneously herewith, as containing adequate information pursuant to section 1125 of the Bankruptcy Code;
>
> (b)   approve the following procedures (the "Solicitation Procedures") for the Plan Proponents to solicit the acceptance of the Plan, which include –
>
> > (1)   determining which holders of claims or interests may vote to accept or reject the Proposed Plan;
> >
> > (2)   temporarily allowing certain claims for voting purposes;
> >
> > (3)   setting a date (the "Record Date") as the date and time which determines which claim and interest holders may vote to accept or reject the Proposed Plan or receive notice of non-voting status;
> >
> > (4)   setting a date (the "Voting Deadline" as the deadline by which the Plan Proponents must receive a ballot for such ballot to be counted;
> >
> > (5)   approving the materials sent to holders of claims and interests;
> >
> > (6)   approving the forms of ballots (the "Ballots") substantially in the form of Exhibits A-1 through A-7;
> >
> > (7)   establishing voting and tabulation procedures; and
> >
> > (8)   approving a notice to holders of claims and interests not entitled to vote advising of their status (the "Notice of Non-Voting Status") substantially in the form of Exhibit B; and
>
> (c)   approve the following procedures  for the confirmation of the Proposed Plan, which include –
>
> > (1)   scheduling a hearing date to consider confirmation of the Proposed Plan (the "Confirmation Hearing");
> >
> > (2)   approving the form and manner of notice of the confirmation hearing (the "Confirmation Hearing Notice") substantially in the form of Exhibit C; and

(3)    establishing a date as the deadline to file and serve objections and responses to the Proposed Plan.

# I.
## THE PLAN PROPNENTS' PROPOSED DISCLOSURE STATEMENT CONTAINS ADEQUATE INFORMATION AND SHOULD BE APPROVED

7.    Pursuant to section 1125 of the Bankruptcy Code, prior to soliciting an acceptance or rejection of a plan, the proponent must provide holders of impaired claims with "adequate information" regarding the proposed plan in the form of a court-approved disclosure statement. Section 1125(a)(1) of the Bankruptcy Code provides:

> '[A]dequate information' means information of any kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan,...

11 U.S.C. § 1125(a)(1).  A disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by creditors entitled to vote on the plan.  *See In re Dakota Rail Inc.*, 104 B.R. 138, 142 (Bankr. D. Minn. 1989); *see also In re Copy Crafters Quickprint Inc.*, 92 BR. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of chapter 11 towards fair settlement through a negotiation process between informed interested parties").

8.    In examining the adequacy of the information contained in a disclosure statement, the bankruptcy court has broad discretion.  *See Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988); *see also In re Oxford Homes*, 204 B.R. 264 (Bankr. D. Me. 1997) (Congress intentionally drew vague contours of what

constitutes adequate information so that bankruptcy courts can exercise discretion to tailor them to each case's particular circumstances); *Dakota Rail*, 104 B.R. at 143 (bankruptcy court has wide discretion to determine... whether a disclosure statement contains adequate information without burdensome, unnecessary and cumbersome detail). This grant of discretion was intended to facilitate effective reorganization of a debtor in the broad range of businesses in which chapter 11 debtors engage and the broad range of circumstances that accompany chapter 11 cases. Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001).

9.      The Plan Proponents submit that the Proposed Disclosure Statement contains or, after appropriate and necessary amendments and modifications will contain, information with respect to the types of information courts generally evaluate in determining the adequacy of information contained within a disclosure statement, including, but not limited to:

(a)     an overview of the Proposed Plan (Arts. II.A and IV);

(b)     the operation of the Debtors' businesses (Art. III.A);

(c)     the indebtedness of the Debtors (Art. III.B);

(d)     key events leading to the commencement of the Debtors' chapter 11 cases (Art. III.D);

(e)     events that occurred during the chapter 11 cases (Art. III.E);

(f)     information regarding the future management of the reorganized debtors (Art. IV.L);

(g)     financial projections and valuation analysis (Art. V);

(h)     risk factors affecting the proposed Plan (Art. VI.A);

(i)     confirmation of the proposed Plan (Art. X);

(j)      tax consequences of the proposed Plan (Art. VII).

*See, e.g., In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (listing

factors used in determining the adequacy of disclosure statements).

10.     The Proposed Disclosure Statement contains the information bankruptcy courts

typically consider when determining whether the information in a disclosure statement is

adequate.    Accordingly, the Plan Proponents respectfully request that this Court approve the

Proposed Disclosure Statement as it meets the requirements of section 1125 of the Bankruptcy

Code.

## II.
## SOLICITATION PROCEDURES

**A.      Holders of Claims and Interests Entitled to Vote**

11.     The Proposed Plan provides for twelve (12) classes of claims and interests for

Lexington Precision and seven (7) classes for Lexington Rubber Group, for a total of 19 classes.

The Proposed Plan leaves classes 1, 3-4, 8, 13, 15-16 and 18 (the "Unimpaired Classes")

unimpaired.   Holders of claims in the Unimpaired Classes are deemed to accept the Proposed

Plan and are not entitled to vote.

12.     The Plan impairs classes 2(a)-2(b), 5-7, 9-12, 14(a)-14(b), 17 and 19. However,

classes 6, 9 – 12 and 19 are not receiving any property pursuant to the Proposed Plan (the "No-

Distribution Classes," and collectively with the Unimpaired Classes, the "Non-Voting Classes")

and are not entitled to vote and are deemed to reject the Plan.   Therefore classes 2(a)-2(b), 5, 7,

14(a)-14(b) and 17 comprise the classes of impaired claims receiving a distribution pursuant to

the Proposed Plan (the "Voting Classes").   Accordingly, members of the Voting Classes are

entitled to vote and receive an appropriate ballot: *provided, however,* holders of a claim in

classes shall *not* be entitled to vote and receive a ballot if (a) as of the Record Date, the

outstanding amount of such claim is not greater than zero ($0.00); (b) as of the Record Date, such claim has been disallowed, expunged, disqualified, or suspended; (c) the Debtors' Schedules show such claim as contingent, unliquidated, disputed and a proof of claim was not filed by the applicable proof of claim bar date, or deemed timely filed by order of the Court at least five (5) business days prior to the Voting Deadline; or (d) as of the Record Date, such claim is subject to a pending objection.

**B.**      **Temporary Allowance of Claims for Voting Purposes**

13.      Solely for the purposes of voting to accept or reject the Plan and not for allowance of, or distribution on account of, any claim or interest, and without prejudice to the rights of the Debtors, the Plan Proponents or any other party-in-interest in any other context, the Proposed Plan Proponents propose that each claim of a holder of a claim entitled to vote to accept or reject the Proposed Plan be temporarily allowed in the amount equal to the amount on the Debtors' Schedules; *provided, however*, –

(a)      if a claim holder has timely and properly filed a proof of claim, the holder may vote the claim amount set forth in the proof of claim subject to any applicable limitation below;

(b)      if the claim for which a proof of claim has been timely filed is partially liquidated and partially unliquidated, such claim is temporarily allowed for voting purposes in the liquidated amount only;

(c)      if the Court estimates or otherwise allows a claim for voting purposes, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(d)      if the Debtors' Schedules list a claim as contingent, unliquidated, or disputed and a proof of claim was not

(1)      filed by the Bar Date or Government Bar Date, as applicable, or

(2)      deemed timely filed by an order of the Court prior to the Voting Deadline, then

(3)      such claim is disallowed for voting, allowance, and distribution purposes pursuant to Bankruptcy Rule 3003(c) absent the Debtors' and the Plan Proponents' written consent to the contrary;

(e)      if a holder of a claim on the Debtors' Schedules is listed as *not* contingent, unliquidated or disputed and such holder files an untimely proof of claim, such claim shall be allowed for voting, allowance and distribution purposes in the amount set forth in the Schedules; and

(f)      if the Debtors or any other party-in-interest serve an objection to a claim at least ten (10) days before the Voting Deadline, such claim is temporarily disallowed for voting purposes only, but not allowances or distribution purposes, except to the extent and in the manner as may be set forth in such objection.

14.     Bankruptcy Rule 3018(a) provides that a court "may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." The statutory predicate to Bankruptcy Rule 3018(a) is section 502(c) of the Bankruptcy Code, which permits the estimation of "any contingent or unliquidated claim, the fixing of which, as the cases may be, would unduly delay the administration of the case." 11 U.S.C. § 502(c); *In re Ralph Lauren Womenswear, Inc*., 197 B.R. 771, 775 (Bankr. S.D.N.Y. 1996). Because the Bankruptcy Code and the Bankruptcy Rules do not prescribe a method for estimating a claim, it is left to the discretion of the court and does not entail consideration of the merits of the claim. *Id*. A creditor's voting power should be commensurate with its economic interest in the case. *In re Quigley Co.*, 346 B.R. 647, 654 (Bankr. S.D.N.Y. 2006); *In re Enron Corp.*, 2004 WL 2434928, at *5 (Bankr. S.D.N.Y. Nov. 1, 2004).

15.     If any creditor seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, the Plan Proponents request that the Court direct such creditor to serve on the Debtors, the Plan Proponents and the U.S. Trustee and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject

the proposed Plan on or before the 10th day after the later of (i) service of notice of the Confirmation Hearing and (ii) the Debtors' or other party-in-interest's service or notice of an objection or request for estimation, if any, as to such claim. The Plan Proponents further propose in accordance with Bankruptcy Rule 3018, that as to any creditor filing such a motion, such creditor's Ballot should not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline.

**C.**     **Fixing the Record Date**

16.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with confirmation of a chapter 11 plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

17.     Holders of claims or interests, as of the Record Date as determined by the Debtors' books and records, shall be the holders of the record and, as such, shall be entitled to vote or otherwise receive a notice of non-voting status. Any claim transfer notices received by the Debtors, Epiq, the Plan Proponents or the Solicitation Agent (defined herein) (a) prior to the Record Date, but with respect to which the twenty (20) day period required pursuant to Bankruptcy Rule 3001(e)(4) has not expired prior to the Record Date or (b) after the Record Date, shall not be recognized for purposes of voting. The Record Date shall have no preclusive effect as to distributions under the Proposed Plan.

**D.**     **Approving Solicitation Packages And Procedures for Distribution Thereof**

18.     The Plan Proponents intend to use BMC Group (the "Solicitation Agent") as a solicitation agent in connection with the plan solicitation process.

19.     Bankruptcy Rule 3017(d) sets forth the disclosure and notice requirements for

soliciting votes on a proposed plan:

> Upon approval of a disclosure statement – except to the extent that
> the court orders otherwise with respect to one or more unimpaired
> classes of creditors or equity security holders – the debtor in
> possession . . .   shall mail to all creditors and equity security
> holders, and . . . the United States Trustee,
>
> (1)      the plan or a court-approved summary of the plan;
>
> (2)      the disclosure statement approved by the court;
>
> (3)      notice of the time within which acceptances and rejections
> of such plan may be filed; and
>
> (4)      any other information as the court may direct, including
> any court opinion approving the disclosure statement or a
> court-approved summary of the opinion.

FED. R. BANKR. P. 3017(d).  Accordingly, the Plan Proponents propose to cause the distribution,

through the Solicitation Agent, of the following materials to each of the holders of claims and

interests:

20.     The Plan Proponents shall send each member of a Voting Class:

(a)      the order approving the Proposed Disclosure Statement;

(b)      the Confirmation Hearing Notice;

(c)      the Proposed Disclosure Statement, which shall include the Proposed Plan
as an exhibit;

(d)      a ballot customized for each holder as described below with instructions
and a return envelope; and

(e)      such other materials as the Court may direct (collectively, the "Voting
Solicitation Package").

21.     If a holder of a claim or interest is not entitled to vote, the Plan Proponents shall

cause the following documents to be distributed to each holder of such class:

(a)      the order approving the Proposed Disclosure Statement

-10-

(b)      the Confirmation Hearing Notice;

(c)      Notice of Non-Voting Status; and

(d)      such other materials as the Court may direct (collectively, the "<u>Non-Voting Solicitation Package</u>").

22.      If a holder of a claim is not entitled to vote as a result of a pending objection, the Plan Proponents shall supplement the Non-Voting Solicitation Package (defined herein) to include a copy of the Proposed Disclosure Statement.  If the pending claim objection is resolved or withdrawn and the holder of the claim becomes eligible to vote at least ten (10) business days prior to the Voting Deadline, the Plan Proponents shall mail to such holder, via express or overnight mail, a Voting Solicitation Package within three (3) business days after such member becomes eligible to vote.

23.      If a claim is allowed for voting purposes on or before ten (10) business days before the Voting Deadline, the Plan Proponents shall mail, via express or overnight mail, a Voting Solicitation Package to the holder of such claim within three (3) business days after entry of an order temporarily allowing such creditor's claim for voting purposes.

24.      The Plan Proponents propose to distribute the following materials to (i) the U.S. Trustee; (ii) the attorneys for the Debtors, and (iii) all other parties requesting service in these chapter 11 cases:

(a)      the order approving the Proposed Disclosure Statement;

(b)      the Confirmation Hearing Notice;

(c)      the Proposed Disclosure Statement, which shall include the Proposed Plan as an exhibit; and

(d)      such other materials as the Court may direct (collectively, the "<u>Notice Solicitation Package</u>" together with the Voting Solicitation Package, and Non-Voting Solicitation Package the ("<u>Solicitation Packages</u>").

25.     Because of significantly reduced costs and environmental benefits, the Plan Proponents propose to send the Solicitations Packages in a CD-ROM format instead of printed hard copies; *provided, however,* the Plan Proponents shall provide printed hard copies upon request.

26.     Except as provided above, the Plan Proponents shall mail each of the Solicitation Packages described above within seven (7) days of entry of an order granting the relief requested herein (the "<u>Solicitation Date</u>") to the mailing addresses listed in the Debtor's books and records as of the Record Date or to such address as a party has requested receipt of notice in these chapter 11 cases through their filing of a notice of appearance or a proof of claim.   If the Debtors' books and records reflect multiple addresses for any individual, the Plan Proponents shall send the appropriate Solicitation Packages to each address.   If any such Solicitation Packages contain a ballot, the ballot shall indicate that "A ballot in respect of the same claim was also sent to you at one or more other addresses."   If the Debtors' books and records reflect multiple addresses on account of an attorney or other agent, the ballot shall indicate that "A ballot in respect of the same claim was also sent to your attorney or other agent (or your client, if you are an attorney or other agent for a creditor)."

**E.     <u>Approving Forms of Ballots and Master Ballots</u>**

27.     Bankruptcy Rule 3017(d) requires a plan proponent to mail a form of ballot, substantially in the form of Official Form No. 14 ("<u>Official Form No. 14</u>"), to "creditors and equity security holders entitled to vote on the plan."   Bankruptcy Rule 3018(c) provides that, to be valid a ballot shall be written, signed by the claim holder or interest holder or an authorized agent therefore, and appropriately conform to Official Form No. 14.

28.     As indicated above, the members of the Voting Classes are entitled to vote.   All other classes are either (i) unimpaired and their members are presumed to have accepted the Plan

-12-

or (ii) impaired but receiving no distributions under the Plan such that the members are presumed to have rejected the Plan.  Accordingly, the Plan Proponents propose to distribute to the members of the Voting Classes one or more ballots substantially in the form annexed hereto as Exhibits A-1 through A-7.  To address the particular aspects of these chapter 11 cases, the Plan Proponents have modified the Official Form No. 14 to include certain additional information or procedures that the Plan Proponents believe to be relevant and appropriate for the respective classes.

29.     If a member of Class 5 holds the underlying security for the benefit of a third-party (e.g., brokers, banks, dealers, or other agents or nominees) (collectively, the "Voting Nominees"), the Plan Proponents shall provide the Voting Nominee with sufficient Solicitation Packages for distribution to each of the beneficial holders represented by the Voting Nominee.

30.     The Voting Nominee may elect to (a) "prevalidate" the Ballot contained in the Solicitation Package, forward the Solicitation Package to the beneficial holder, and instruct the beneficial holder to return the ballot to the Solicitation Agent, or (b) forward the Solicitation Package to the beneficial holder with instructions for the beneficial holder to return the ballot to the Voting Nominee, wherein the Voting Nominee shall tabulate the ballots on a master ballot, substantially in the form of Exhibit A-3B (the "Master Ballot"), and return the Master Ballot to the Solicitation Agent.  To be prevalidated, a Ballot must indicate the name and address of the beneficial holder, the amount of the underlying securities, and the corresponding account numbers.  In either instance, the Voting Nominee shall provide the beneficial holder with the appropriate materials within five (5) business days of the receipt of the Solicitation Packages.

31.     To be counted, the Ballots or Master Ballot, as applicable, must be received in accordance with the voting procedures outlined below.

NYC:203222.2

32.    The Debtors shall reimburse each Voting Nominee for its reasonable and customary costs and expenses associated with the distribution of the Voting Packages and tabulation of the Master Ballot.

**F.    Voting and Tabulation Procedures**

(i)    Voting Deadline

33.    Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which the holders of claims or equity security interests may accept or reject a plan.  As noted above, the Plan Proponents shall mail the Solicitation Packages within ten (10) business days of entry of an order granting the relief requested herein.  Based on such schedule, the Plan Proponents propose that in order to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to the Solicitation Agent as to be received by Solicitation Agent no later than the Voting Deadline set by the Court which shall be at least twenty-five (25) days after the anticipated Solicitation Date.  The Plan Proponents submit that such solicitation period is a sufficient period within which holders of claims and interests can make an informed decision whether to accept or reject the Plan.

(ii)    Procedures to Tabulate Votes

34.    Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

35.    The Plan Proponents propose the following procedures for tabulating votes:

-14-

(a)     A vote shall be disregarded if the Court determines, after notice and a hearing, that a vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

(b)     All votes to accept or reject the Proposed Plan must be cast by using the appropriate Ballot and in accordance with the voting instructions attached to each Ballot and/or as set forth on the Ballot (as may be applicable) and votes cast in any other manner shall *not* be counted;

(c)     Any ballot that is returned to the Solicitation Agent, but which is unsigned, or has a non-original signature, shall *not* be counted;

(d)     A holder of multiple claims must use a separate Ballot for each class of claims;

(e)     A holder of claims shall be deemed to have voted the full amount of its claims in each class and shall *not* be entitled to split its vote within a particular class;

(f)     Any ballot that partially accepts and partially rejects the Proposed Plan shall be deemed to constitute an acceptance of the Proposed Plan;

(g)     Any entity entitled to vote to accept or reject the Proposed Plan may change its vote before the Voting Deadline by casting a superseding Ballot so that it is received on or before the Voting Deadline;

(h)     If any entity casts more than one (1) Ballot voting the same claim prior to the Voting Deadline, the Solicitation Agent shall count only the last Ballot timely received;

(i)     If the Solicitation Agent receives Ballots on the same day but which are voted inconsistently, such Ballots shall be deemed to constitute an acceptance of the Proposed Plan;

(j)     Any executed Ballot timely received by the Solicitation Agent that does not indicate either an acceptance or rejection of the Proposed Plan shall be deemed to constitute an acceptance of the Proposed Plan;

(k)     Any executed Ballot, which indicates both acceptance and rejection of the Proposed Plan shall be deemed to constitute an acceptance of the Proposed Plan;

(l)     The vote of any member of Classes 7 (General Unsecured Claims against Lexington Precision) and 17 (General Unsecured Claims against Lexington Rubber Group) who elects to reduce their claim to $2,000.00 shall not be counted; and

(m)     The Solicitation Agent shall not accept a vote by facsimile or telecopy transmission.

36.     With respect to the tabulation of the Master Ballots cast by Voting Nominees, for purposes of voting, the Solicitation Agent shall use the principal amount held as of Record Date, as applicable (The "Record Amount").

37.     The following additional rules will apply to the tabulation of Master Ballots cast by Voting Nominees:

(a)     Votes cast by beneficial holders through a Voting Nominee will be applied against the positions held by such entities in the securities as of Voting Record Date as evidenced by the record and depository listing.  Votes submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, will not be counted in excess of the Record Amount of such securities held by such Voting Nominee.

(b)     To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, the Solicitation Agent will attempt and is authorized to reconcile discrepancies with the Voting Nominees.

(c)     To the extent that overvotes on a Master Ballot or prevalidated Ballots are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and to reject the Proposed Plan in the same proportion as the votes to accept and reject the Proposed Plan submitted on the Master Ballot or prevalidated Ballots that contained the overvote, but only to the extent of the Voting Nominee's position in the security.

(d)     For purposes of tabulating votes, each Voting Nominee will be deemed to have voted the principal amount relating to such security, although the Solicitation Agent may be asked and is authorized to adjust such principal amount to reflect the claim amount, including prepetition interest.

38.     The foregoing tabulation procedures are subject to change and may be amended at any time on or before the Disclosure Statement Hearing.  These tabulation procedures, including any amendment thereto, will be submitted for Court approval at the Proposed Disclosure Statement Hearing and will be incorporated into the voting instructions to be included with each

Ballot and within the Proposed Plan.  The Plan Proponents believe that the foregoing proposed procedures provide for a fair and equitable voting process.

**G.**   **Notices to Non-Voting Classes**

39.   Bankruptcy Rule 3017(d) provides, in relevant part, as follows:

> If the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation.

40.   Classes 1, 3-4, 8, 13, 15-16 and 18 are unimpaired and, thus, are conclusively deemed to accept the Proposed Plan pursuant to Section 1126(f) of the Bankruptcy Code. Additionally, Classes 6, 9 -12 and 19 are impaired but receiving no distributions pursuant to the Plan, and, thus, are conclusively deemed to reject the Proposed Plan.  As noted earlier, the Plan Proponents propose to send to holders of claims and interests in the Non-Voting Classes a Notice of Non-Voting Status, substantially in the form annexed hereto as <u>Exhibit B</u>.  The Notice of Non-Voting Status will indicate that the holder of such claim or interest is deemed to accept or reject the Proposed Plan, as applicable, and is not entitled to vote.

### III.
### THE CONFIRMATION HEARING, AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF THE PROPOSED PLAN

**A.**   **The Confirmation Hearing**

41.   Bankruptcy Rule 3017(c) provides:

> On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

42.     In accordance with Bankruptcy Rules 2002(b) and 3017(c) and in view of the Plan Proponents' proposed solicitation procedures described herein, the Plan Proponents request that the Confirmation Hearing to consider confirmation of the Proposed Plan be scheduled, subject to the Court's availability, on a date which is at least fifty-five (55) days after the Disclosure Statement Hearing.  The Confirmation Hearing may be continued from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open court at the Confirmation Hearing or any subsequent adjourned Confirmation Hearing and that the Proposed Plan may be modified pursuant to section 1127 of the Bankruptcy Code prior to, during, or as a result of the Confirmation Hearing, in each case without further notice to parties in interest.  The Plan Proponents submit that the proposed timing for the Confirmation Hearing complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and will enable the Plan Proponents to pursue confirmation of the Proposed Plan in a timely fashion.

**B.     Notice of the Confirmation Hearing**

43.     Bankruptcy Rule 2002(b) and (d) require not less than twenty-five (25) days' notice to all creditors and equity security holders of the time fixed for filing objections and the hearing to consider confirmation of the chapter 11 plan.  In accordance with Bankruptcy Rules 2002 and 3017(d), the Plan Proponents propose to provide to all creditors and equity security holders as of the Record Date a copy of the Confirmation Hearing Notice setting forth (a) the Record Date, (b) the Voting Deadline, (c) the Objection Deadline, and (d) the time, date, and place for the Confirmation Hearing.  As noted above, all Solicitation Packages shall contain a Confirmation Hearing Notice.

44.     Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."  In addition to mailing the Confirmation Hearing Notice, the Plan proponents propose to publish the

Confirmation Hearing Notice once not less than ten (10) days before the Objection Deadline to confirmation of the Proposed Plan in the national edition of the *New York Times*.  The Plan Proponents believe that publication of the Confirmation Hearing Notice will provide sufficient notice of the Court's approval of the Proposed Disclosure Statement, the Record Date, the Voting Deadline, the Objection Deadline, and the time, date, and place of the Confirmation Hearing to persons who do not otherwise receive notice.

45.    The Plan Proponents submit that the foregoing procedures will provide adequate notice of the Confirmation Hearing and, accordingly, requests that the Court approve such notice as adequate.

**C.    Objections to Confirmation of the Proposed Plan**

46.    Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a proposed plan must be filed and served "within a time fixed by the court."  The Plan Proponents request that the Court implement the following procedures and deadlines for filing objections and responses to the Proposed Plan.  Objections or responses to confirmation of or proposed modifications to the Proposed Plan, if any, must (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the Southern District of New York; and (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor.

47.    All objections and responses to the confirmation of or proposed modifications to the Proposed Plan must be filed with the Court no later than the Objection Deadline set by this Court.  In accordance with General Order M-242, registered users of the Court's case filing system must electronically file their objections and response.  All other parties in interest must file their objections and response on a 3.5 inch floppy disk (preferably in Portable Disk Format

(PDF), WordPerfect, or any other Windows-based word processing format) and deliver a hard copy to Chambers.

48.     All objections and responses must be served, so as to be received no later than the Objection Deadline, upon: (a) the Debtors, Lexington Precision Corporation, 800 Third Avenue, 15th Floor, New York, New York  10023 (Attn: Michael A. Lubin), (b) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York  10153 (Attn: Richard P. Krasnow and Victoria Vron); (c) The Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York  10004 (Attn: Paul Schwartzberg); (d) the attorneys for the Debtors' prepetition lenders, Waller Lansden Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, Tennessee  37219 (Attn: John C. Tishler); (e) the attorneys for the Committee, Andrews Kurth LLP, 450 Lexington Avenue, New York, New York  10017 (Attn: Paul Silverstein and Jonathan Levine); and (f) the attorneys for Debtors' postpetition lenders, O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, New York  10036 (Attn: Gerald Bender).

49.     The proposed timing for filing and service of objections and responses to the confirmation of or modification of the Plan, if any, will afford the Court, the Debtors, and other parties in interest sufficient time to consider the objections and responses prior to the Confirmation Hearing.  Objections not timely filed and served in accordance with the provisions of this Motion may be overruled on that basis alone.  The Plan Proponents respectfully request that the Court approve these procedures for filing objections to the Proposed Plan and replies thereto pursuant to Bankruptcy Rule 3020 and Local Rule 9014-1.

## IV.
## NOTICE

50.     No trustee or examiner has been appointed in these chapter 11 cases.  Notice of this Motion has been provided to (i) the United States Trustee for the Southern district of New York, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' postpetition lenders, (iv) the attorneys for the Debtors, and (v) all other parties that have requested notice in these chapter 11 cases.  The Plan Proponents submit that no other or further notice need be provided.

-21-

WHEREFORE, the Plan Proponents respectfully request the entry of an Order granting

the relief requested herein together with such other and further relief as is just and proper.

Dated: New York, New York
        December 16, 2009

                            ANDREWS KURTH LLP


                            By: /s/  Paul N. Silverstein
                                Paul N. Silverstein (PS 5098)
                                Jonathan I. Levine (JL 9674)
                                450 Lexington Avenue, 15th Floor
                                New York, New York  10017
                                Telephone:  (212) 850-2800
                                Facsimile:  (212) 850-2929

                            Counsel to the Official Committee of Unsecured
                            Creditors


                            WALLER LANSDEN DORTCH & DAVIS

                            By:/s/ John C. Tishler
                                John C. Tishler (Pro Hac Vice)
                                511 Union Street, Suite 2700
                                Nashville, Tennessee 37219
                                Telephone: (615) 244-6380
                                Facsimile: (615) 244-6804

                            Counsel to CapitalSource Finance LLC
                            and CSE Mortgage LLC, as Agents

**<u>Exhibit A-1</u>**

**Ballot for Holders of Class 2(a)**
**CapitalSource Finance LLC Secured Claims against Lexington Precision Corporation**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                          :
In re:                                    :        **Chapter 11**
                                          :
**LEXINGTON PRECISION CORP., <u>et al.</u>,**    :        **Case No. 08-11153 (BRL)**
                                          :
        **Debtors.**                      :        **(Jointly Administered)**
                                          :
-----------------------------------------------------------------x

**BALLOT FOR HOLDERS OF CLASS 2(a)**
**CAPITALSOURCE SECURED CLAIMS AGAINST**
**LEXINGTON PRECISION CORPORATION**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Lexington Precision Corporation, <u>et al.</u> (collectively, the "<u>Debtors</u>"), CapitalSource Finance LLC (in its capacity as agent under the Prepetition Credit Agreement, "<u>CapitalSource</u>") and CSE Mortgage LLC (in its capacity as agent under the Prepetition Loan Agreement, "<u>CSE Mortgage</u>" and together with the Committee and CapitalSource, the "<u>Plan Proponents</u>") are soliciting votes with respect to the Plan Proponents' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated December 16, 2009 (as it may be further amended, the "<u>Proposed Plan</u>"), from the holders of certain impaired claims and interests against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan.  If you have any questions on how to properly complete this Ballot, please call BMC Group (the "<u>Voting Agent</u>") at (888) 909-0100.

This Ballot is to be used for voting by the agent for the holders of the CapitalSource Finance LLC Secured Claims ("<u>CapitalSource Secured Claims</u>") against Lexington Precision Corporation ("<u>Lexington Precision</u>").

In order for your vote to be counted, this Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received by the Voting Agent, [_____] by no later than [        ] **p.m. (prevailing Eastern Time) on [_____], 2010 (the "<u>Voting Deadline</u>")**, unless such time is extended by the Plan Proponents.

        PLEASE COMPLETE THE FOLLOWING:

        ITEM 1.   **Amount of CapitalSource Secured Claims Against Lexington Precision.**  For purposes of voting to accept or reject the Proposed Plan, the undersigned is agent for the holders of the CapitalSource Secured Claims against Lexington Precision in the amount set forth below.

Amount: $_____

ITEM 2.  **Vote on the Proposed Plan.**  The undersigned Agent for the holders of the CapitalSource Secured Claims against Lexington Precision in the amount set forth in Item 1 above hereby votes to:

<u>Check one box</u>: ☐ Accept the Proposed Plan

☐ Reject the Proposed Plan

ITEM 3.  **OPTIONAL - Opt-Out of Releases.**  The undersigned Agent for the holder of the CapitalSource Secured Claims against Lexington Precision in the amount set forth in Item 1 above hereby opts out of the release provisions set forth in Section 10.8 of the Proposed Plan:

☐ Elect to opt out of Section 10.8 of Proposed Plan

ITEM 4. **Acknowledgements and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement for the Proposed Plan, dated December 16, 2009 (as it may be amended, the "<u>Disclosure Statement</u>"), including all exhibits thereto.  The undersigned certifies that (i) it is the agent for the holders of the CapitalSource Secured Claims against Lexington Precision identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Proposed Plan.  The undersigned further acknowledges that the Plan Proponents' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Proposed Plan contained therein.

Print or Type Name of Claimant:_____

Social Security or Federal Tax I.D. No. of Claimant:_____

Signature: _____

Name of Signatory (if different than claimant):_____

If by Authorized Agent, Title of Agent:_____

Street Address:_____

City, State and Zip Code:_____

Telephone Number:_____

Date Completed:_____

**VOTING INSTRUCTIONS FOR COMPLETING
THE BALLOT FOR HOLDERS OF CLASS 2(a)
CAPITALSOURCE SECURED CLAIMS AGAINST LEXINGTON PRECISION**

1.  This Ballot is submitted to you to solicit your vote to accept or reject the Proposed Plan.  **PLEASE READ THE PROPOSED PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Proposed Plan will be accepted by Class 2(a) if it is accepted by the Agent of the holders of the CapitalSource Secured Claims in Class 2(a).  In the event that Class 2(a) rejects the Proposed Plan, the Bankruptcy Court may nevertheless confirm the Proposed Plan and thereby make it binding on you if the Bankruptcy Court finds that the Proposed Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of Claims in Class 2(a) and all other Classes of Claims rejecting the Proposed Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Proposed Plan is confirmed by the Bankruptcy Court, all holders of Claims against and equity interests in the Debtors (including those holders who abstain from voting or reject the Proposed Plan, and those holders who are not entitled to vote on the Proposed Plan) will be bound by the confirmed Proposed Plan and the transactions contemplated thereby.

3.  To have your vote counted, you must complete, sign, and return this Ballot to the Voting Agent so that it is <u>received</u> by the Voting Agent by no later than [        ] **(prevailing Eastern Time) on [_____], 2010 (the "<u>Voting Deadline</u>"),** unless such time is extended in writing by the Plan Proponents.  Ballots must be delivered either by mail with the enclosed envelope <u>or</u> by hand delivery or overnight courier <u>or</u> by electronic mail to the Voting Agent at the following addresses:

Ballots submitted by mail should be directed to the following address:

BMC Group
Attn:  Lexington Precision Balloting
PO Box 3020
Chanhassen, MN 55317-3020

Ballots submitted by overnight and hand delivery should be directed to the following address:

BMC Group
Attn:  Lexington Precision Balloting
18750 Lake Drive East
Chanhassen, MN 55317

Ballots submitted by electronic mail should be directed to the following address:

Info@bmcgroup.com

**Ballots will not be accepted by telecopy or facsimile.**

4.   To properly complete this Ballot, you must follow the procedures described below:

    a.   make sure that the information contained in Item 1 is correct;

    b.   cast one vote to accept or reject the Proposed Plan by checking the appropriate box in Item 2;

    c.   should you wish to opt out of the release provision in Section 10.8 of the Proposed Plan, do so by checking the box in Item 3;

    d.   if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

    e.   if you also hold other claims or interests in Classes that are entitled to vote, you should receive a different Ballot for each such claim or interest.   Your vote will be counted in determining acceptance or rejection of the Proposed Plan by a particular Class only if you complete, sign, and return the Ballot labeled for that Class in accordance with the instructions on that Ballot;

    f.   if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

    g.   provide your name and mailing address;

    h.   sign and date your Ballot; and

    i.   return your Ballot using the enclosed pre-addressed return envelope.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE PLAN PROPONENTS' VOTING AGENT, BMC GROUP AT (888) 909-0100.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**<u>Exhibit A-2</u>**

**Ballot for Holders of Class 2(b)**
**CSE Secured Claims against Lexington Precision Corporation**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                        :
In re:                                                  :            **Chapter 11**
                                                        :
**LEXINGTON PRECISION CORP., et al.,**                  :            **Case No. 08-11153 (BRL)**
                                                        :
                Debtors.                                :            **(Jointly Administered)**
                                                        :
----------------------------------------------------------------x

**BALLOT FOR HOLDERS OF CLASS 2(b)**
**CSE SECURED CLAIMS AGAINST LEXINGTON PRECISION**

The Official Committee of Unsecured Creditors (the "Committee") of Lexington Precision Corporation, et al. (collectively, the "Debtors"), CapitalSource Finance LLC (in its capacity as agent under the Prepetition Credit Agreement, "CapitalSource") and CSE Mortgage LLC (in its capacity as agent under the Prepetition Loan Agreement, "CSE Mortgage" and together with the Committee and CapitalSource, the "Plan Proponents") are soliciting votes with respect to the Plan Proponents' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated December 16, 2009 (as it may be further amended, the "Proposed Plan"), from the holders of certain impaired claims and interests against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan.  If you have any questions on how to properly complete this Ballot, please call BMC Group (the "Voting Agent") at (888) 909-0100.

This Ballot is to be used for voting by the agent for the holders of the CSE Secured Claims against Lexington Precision Corporation ("Lexington Precision").

In order for your vote to be counted, this Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received by the Voting Agent, [_____] by no later than [      ] **p.m. (prevailing Eastern Time) on [_____], 2010 (the "Voting Deadline")**, unless such time is extended by the Plan Proponents.

PLEASE COMPLETE THE FOLLOWING:

ITEM 1.  **Amount of CSE Secured Claims Against Lexington Precision.**  For purposes of voting to accept or reject the Proposed Plan, the undersigned is agent for the holders of the CSE Secured Claims against Lexington Precision in the amount set forth below.

Amount: $_____

ITEM 2.  **Vote on the Proposed Plan.**  The undersigned Agent for the holders of the CSE Secured Claims against Lexington Precision in the amount set forth in Item 1 above hereby votes to:

<u>Check one box</u>:  ☐  Accept the Proposed Plan

☐  Reject the Proposed Plan

ITEM 3.  **OPTIONAL - Opt-Out of Releases.**  The undersigned Agent for the holder of the CSE Secured Claims against Lexington Precision in the amount set forth in Item 1 above hereby opts out of the release provisions set forth in Section 10.8 of the Proposed Plan:

☐  Elect to opt out of Section 10.8 of Proposed Plan

ITEM 4. **Acknowledgements and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement for the Proposed Plan, dated December 16, 2009 (as it may be amended, the "<u>Disclosure Statement</u>"), including all exhibits thereto.  The undersigned certifies that (i) it is the agent for the holders of the CSE Secured Claims against Lexington Precision identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Proposed Plan.  The undersigned further acknowledges that the Plan Proponents' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Proposed Plan contained therein.

Print or Type Name of Claimant:_____

Social Security or Federal Tax I.D. No. of Claimant:_____

Signature: _____

Name of Signatory (if different than claimant):_____

If by Authorized Agent, Title of Agent:_____

Street Address:_____

City, State and Zip Code:_____

Telephone Number:_____

Date Completed:_____

**VOTING INSTRUCTIONS FOR COMPLETING
THE BALLOT FOR HOLDERS OF CLASS 2(b)
CSE SECURED CLAIMS AGAINST LEXINGTON PRECISION**

1.  This Ballot is submitted to you to solicit your vote to accept or reject the Proposed
    Plan.  **PLEASE READ THE PROPOSED PLAN AND THE DISCLOSURE
    STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Proposed Plan will be accepted by Class 2(b) if it is accepted by the Agent of
    the holders of the CSE Secured Claims in Class 2(b).  In the event that Class 2(b)
    rejects the Proposed Plan, the Bankruptcy Court may nevertheless confirm the
    Proposed Plan and thereby make it binding on you if the Bankruptcy Court finds
    that the Proposed Plan does not unfairly discriminate against, and accords fair and
    equitable treatment to, the holders of Claims in Class 2(b) and all other Classes of
    Claims rejecting the Proposed Plan, and otherwise satisfies the requirements of
    section 1129(b) of the Bankruptcy Code.  If the Proposed Plan is confirmed by the
    Bankruptcy Court, all holders of Claims against and equity interests in the
    Debtors (including those holders who abstain from voting or reject the Proposed
    Plan, and those holders who are not entitled to vote on the Proposed Plan) will be
    bound by the confirmed Proposed Plan and the transactions contemplated thereby.

3.  To have your vote counted, you must complete, sign, and return this Ballot to the
    Voting Agent so that it is <u>received</u> by the Voting Agent by no later than [        ]
    **p.m. (prevailing Eastern Time) on [_____], 2010 (the "<u>Voting</u>
    <u>Deadline</u>")**, unless such time is extended in writing by the Plan Proponents.
    Ballots must be delivered either by mail with the enclosed envelope <u>or</u> by hand
    delivery or overnight courier <u>or</u> by electronic mail to the Voting Agent at the
    following addresses:

    Ballots submitted by mail should be directed to the following address:

    BMC Group
    Attn:  Lexington Precision Balloting
    PO Box 3020
    Chanhassen, MN 55317-3020

    Ballots submitted by overnight and hand delivery should be directed to the
    following address:

    BMC Group
    Attn:  Lexington Precision Balloting
    18750 Lake Drive East
    Chanhassen, MN 55317

    Ballots submitted by electronic mail should be directed to the following address:

Info@bmcgroup.com

**Ballots will not be accepted by telecopy or facsimile.**

4.  To properly complete this Ballot, you must follow the procedures described below:

   a.  make sure that the information contained in Item 1 is correct;

   b.  cast one vote to accept or reject the Proposed Plan by checking the appropriate box in Item 2;

   c.  should you wish to opt out of the release provision in Section 10.8 of the Proposed Plan, do so by checking the box in Item 3;

   d.  if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

   e.  if you also hold other claims or interests in Classes that are entitled to vote, you should receive a different Ballot for each such claim or interest.  Your vote will be counted in determining acceptance or rejection of the Proposed Plan by a particular Class only if you complete, sign, and return the Ballot labeled for that Class in accordance with the instructions on that Ballot;

   f.  if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

   g.  provide your name and mailing address;

   h.  sign and date your Ballot; and

   i.  return your Ballot using the enclosed pre-addressed return envelope.

   IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE PLAN PROPONENTS' VOTING AGENT, BMC GROUP AT (888) 909-0100.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**<u>Exhibit A-3A</u>**

**Ballot for Beneficial Holders of Class 5
Senior Subordinated Note Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                        :
In re:                                  :        **Chapter 11**
                                        :
**LEXINGTON PRECISION CORP., et al.,**  :        **Case No. 08-11153 (BRL)**
                                        :
        **Debtors.**                    :        **(Jointly Administered)**
                                        :
---------------------------------------------------------------x

## BALLOT FOR BENEFICIAL HOLDERS OF CLASS 5
## SENIOR SUBORDINATED NOTE CLAIMS

The Official Committee of Unsecured Creditors (the "Committee") of Lexington Precision Corporation, et al. (collectively, the "Debtors"), CapitalSource Finance LLC (in its capacity as agent under the Prepetition Credit Agreement, "CapitalSource") and CSE Mortgage LLC (in its capacity as agent under the Prepetition Loan Agreement, "CSE Mortgage" and together with the Committee and CapitalSource, the "Plan Proponents") are soliciting votes with respect to the Plan Proponents' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated December 16, 2009 (as it may be further amended, the "Proposed Plan"), from the holders of certain impaired claims and interests against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan.  If you have any questions on how to properly complete this Ballot, please call BMC Group (the "Voting Agent") at (888) 909-0100.

        Class 5 (Senior Subordinated Note Claims) includes the 12% Senior Subordinated Notes due August 1, 2009 pursuant to the Indenture, dated as of December 18, 2003, between Wilmington Trust Company, as Indenture Trustee, and Lexington Precision Corporation ("Lexington Precision"). **THIS BALLOT IS ONLY FOR THE BENEFICIAL HOLDERS OF THE SENIOR SUBORDINATED NOTE CLAIMS.**

        In order for your vote to be counted, this Ballot must be properly completed, signed, and returned in the envelope provided.  The deadline for the receipt by the Voting Agent of all Ballots (including Ballots and Master Ballots cast on behalf of beneficial holders) is no later than [            ] **(prevailing Eastern Time) on [_____], 2010 (the "Voting Deadline")**, unless such time is extended in writing by the Plan Proponents.

        **IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BANK, BROKER, OR OTHER VOTING NOMINEE (EACH OF THE FOREGOING, A "VOTING NOMINEE"), PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

PLEASE COMPLETE THE FOLLOWING:

ITEM 1.  **Principal Amount of Senior Subordinated Note Claims.**  The undersigned hereby certifies that as of [_____], the undersigned was the beneficial holder (or authorized signatory for a beneficial holder), or the Voting Nominee of a beneficial holder, of 12% Senior Subordinated Notes in the following aggregate unpaid principal amount (insert amount in box below).  If your 12% Senior Subordinate Notes are held by a Voting Nominee on your behalf and you do not know the amount of the 12% Senior Subordinated Notes held, please contact your Voting Nominee immediately.

```
┌─────────────────────────────────────┐
│                                     │
│   Principal amount of               │
│   Senior Subordinated Notes:        │
│                                     │
│   $_____     │
│                                     │
└─────────────────────────────────────┘
```

ITEM 2.  **Vote on the Proposed Plan**.  The beneficial holder of the 12% Senior Subordinated Notes identified in Item 1 hereby votes to:

<u>Check one box</u>:     ☐     Accept the Proposed Plan

                          ☐     Reject the Proposed Plan

ITEM 3.  **OPTIONAL - Opt-Out of Releases.**  The beneficial holder of the 12% Senior Subordinated Notes identified in Item 1 above hereby opts out of the release provisions set forth in Section 10.8 of the Proposed Plan:

                          ☐     Elect to opt out of Section 10.8 of Proposed Plan

ITEM 4.  **Certification as to Senior Subordinated Note Claims held in Additional Accounts**.  By completing and returning this Ballot, the beneficial holder certifies that either (a) it has not submitted any other Ballots for other Class 5 Senior Subordinated Note Claims held in other accounts or other record names or (b) it has provided the information specified in the following table for all other Class 5 Senior Subordinated Note Claims for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Proposed Plan (please use additional sheets of paper if necessary):

| Account Number | Name of Holder[1] | Amount of Other Senior Subordinated Note Claims Voted |
|---|---|---|
|  |  |  |
|  |  |  |

---

[1]     Insert your name if the 12% Senior Subordinated Notes are held by you in record name or, if held in street name, insert the name of your broker or bank.

ONLY COMPLETE THIS ITEM 4 IF YOU HAVE VOTED CLASS 5 BALLOTS OTHER
THAN THIS BALLOT.

ITEM 5.    **Acknowledgements and Certification**.    By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement for the Proposed Plan, dated December 16, 2009 (as it may be amended, the "Disclosure Statement"), including all exhibits thereto.  The undersigned certifies that (i) it is the holder of the Senior Subordinated Note Claims identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Proposed Plan.  The undersigned further acknowledges that the Plan Proponents' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Proposed Plan contained therein.

Print or Type Name of Claimant:_____

Social Security or Federal Tax I.D. No. of
Claimant:_____

Signature: _____

Name of Signatory (if different than claimant):_____

If by Authorized Agent, Title of Agent:_____

Street Address:_____

City, State and Zip Code:_____

Telephone Number:_____

Date Completed:_____

**VOTING INSTRUCTIONS FOR COMPLETING THE
BALLOT FOR HOLDERS OF CLASS 5
SENIOR SUBORDINATED NOTE CLAIMS**

1.    This Ballot is submitted to you to solicit your vote to accept or reject the Proposed Plan.  **PLEASE READ THE PROPOSED PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.    The Proposed Plan will be accepted by Class 5 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 5 voting on the Proposed Plan.  In the event that Class 5 rejects the Proposed Plan, the Bankruptcy Court may nevertheless confirm the Proposed Plan and thereby make it binding on you if the Bankruptcy Court finds that the Proposed Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of Claims in Class 5 and all other Classes of Claims rejecting the Proposed Plan, and otherwise satisfies the requirements of

section 1129(b) of the Bankruptcy Code.  If the Proposed Plan is confirmed by the Bankruptcy Court, all holders of Claims against and equity interests in the Debtors (including those holders who abstain from voting on or reject the Proposed Plan, and those holders who are not entitled to vote on the Proposed Plan) will be bound by the confirmed Proposed Plan and the transactions contemplated thereby.

3.    In order for your Class 5 vote to be counted, this Ballot must be properly completed, signed, and returned in the envelope provided.  The deadline for the receipt by the Voting Agent of all Ballots (including Beneficial Holder Ballots and Master Ballots cast on behalf of beneficial holders) is no later than [        ] **(prevailing Eastern Time) on [_____], 2010, (the "<u>Voting Deadline</u>")**, unless such time is extended in writing by the Plan Proponents.  Ballots must be delivered either by mail with the enclosed envelope <u>or</u> by hand delivery or overnight courier <u>or</u> by electronic mail to the Voting Agent at the following addresses:

Ballots submitted by mail should be directed to the following address:

BMC Group
Attn:  Lexington Precision Balloting
PO Box 3020
Chanhassen, MN 55317-3020

Ballots submitted by overnight and hand delivery should be directed to the following address:

BMC Group
Attn:  Lexington Precision Balloting
18750 Lake Drive East
Chanhassen, MN 55317

Ballots submitted by electronic mail should be directed to the following address:

Info@bmcgroup.com

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BANK, BROKER, OR OTHER VOTING NOMINEE, PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE VOTING AGENT BEFORE THE VOTING DEADLINE.  THE VOTING AGENT IS BMC GROUP.**

**Ballots will not be accepted by telecopy or facsimile.**

4.    To properly complete this Ballot, you must follow the procedures described below:

a.    make sure that the information contained in Item 1 is correct;

b.      cast a vote to accept or reject the Proposed Plan by checking the appropriate box in Item 2;

c.      should you wish to opt out of the release provision in Section 10.8 of the Proposed Plan, do so by checking the box in Item 3;

d.      provide the information required by Item 4, if applicable to you;;

e.      if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

f.      if you also hold other claims or interests in Classes entitled to vote, you should receive a different Ballot for each such claim or interest.  Your vote will be counted in determining acceptance or rejection of the Proposed Plan by a particular Class only if you complete, sign and return the Ballot labeled for that Class in accordance with the instructions on that Ballot;

g.      if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

h.      provide your name and mailing address;

i.      sign and date your Ballot; and

j.      return your Ballot using the enclosed pre-addressed return envelope.

IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL HOLDER BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BENEFICIAL HOLDER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BENEFICIAL HOLDER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP AT (888) 909-0100.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**<u>Exhibit A-3B</u>**

**Master Ballots for Record Holders of Class 5
Senior Subordinated Note Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                :
In re:                                          :         **Chapter 11**
                                                :
**LEXINGTON PRECISION CORP., et al.,**          :         **Case No. 08-11153 (BRL)**
                                                :
            **Debtors.**                        :         **(Jointly Administered)**
                                                :
-----------------------------------------------------------------x

## MASTER BALLOTS FOR RECORD HOLDERS OF CLASS 5
## SENIOR SUBORDINATED NOTE CLAIMS

The Official Committee of Unsecured Creditors (the "Committee") of Lexington Precision Corporation, et al. (collectively, the "Debtors"), CapitalSource Finance LLC (in its capacity as agent under the Prepetition Credit Agreement, "CapitalSource") and CSE Mortgage LLC (in its capacity as agent under the Prepetition Loan Agreement, "CSE Mortgage" and together with the Committee and CapitalSource, the "Plan Proponents") are soliciting votes with respect to the Plan Proponents' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated December 16, 2009 (as it may be further amended, the "Proposed Plan"), from the holders of certain impaired claims and interests against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan.  If you have any questions on how to properly complete this Ballot, please call BMC Group (the "Voting Agent") at (888) 909-0100.

          Class 5 (Senior Subordinated Note Claims) includes the 12% Senior Subordinated Notes due August 1, 2009 pursuant to the Indenture, dated as of December 18, 2003, between Wilmington Trust Company, as Indenture Trustee, and Lexington Precision Corporation ("Lexington Precision").  **THIS MASTER BALLOT IS ONLY FOR CASTING VOTES ON BEHALF OF BENEFICIAL HOLDERS OF THE SENIOR SUBORDINATED NOTE CLAIMS.**

          **This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Voting Nominee"); or as the proxy holder of a Voting Nominee or beneficial holder for the Senior Subordinated Notes, to transmit to the Voting Agent the votes of such beneficial holders in respect of their Senior Subordinated Note Claims to accept or reject the Proposed Plan.**

PLEASE COMPLETE THE FOLLOWING:

**Item 1. Certification of Authority to Vote.** The undersigned certifies that as of [_____] (the Record Date under the Proposed Plan), the undersigned (please check appropriate box):

☐   Is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the Senior Subordinated Notes listed in Item 2 below, and is the registered holder of such securities, or

☐   Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of the Senior Subordinated Notes listed in Item 2 below, or

☐   Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of the Senior Subordinated Notes listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Proposed Plan, on behalf of the Senior Subordinated Note Claims held by the beneficial owners of the Senior Subordinated Notes described in Item 2.

**Item 2. Vote.** The undersigned transmits the following votes of beneficial holders in respect of their Senior Subordinated Note Claims, and certifies that the following beneficial holders of the Senior Subordinated Notes, as identified by their respective customer account numbers set forth below, are beneficial holders of such securities as of [_____], the Record Date, and have delivered to the undersigned, as Voting Nominee, their ballots ("Beneficial Holder Ballots") casting such votes. Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table. Please note each beneficial holder must vote all of his, her, or its Senior Subordinated Note Claims to accept or to reject the Proposed Plan and may not split such vote.

| Your Customer Account Number for Each Beneficial Holder of Voting Senior Subordinated Notes | Principal Amount of Senior Subordinated Notes Voted to ACCEPT or REJECT Proposed Plan* | |
|---|---|---|
| | ACCEPT | REJECT |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |

| Your Customer Account Number for Each Beneficial Holder of Voting Senior Subordinated Notes | Principal Amount of Senior Subordinated Notes Voted to ACCEPT or REJECT Proposed Plan* | |
|---|---|---|
| | ACCEPT | REJECT |
| TOTALS: | $ | $ |

*In order to vote on the Proposed Plan, the beneficial holder must have checked a box in Item 2 to ACCEPT or REJECT the Proposed Plan on its individual Beneficial Holder Ballot.  By order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), if the beneficial holder did not check a box in Item 2 on its individual Beneficial Holder Ballot, its vote will not be counted.

**Item 3.  Certification as to Transcription of Information from Item 3 as to Senior Subordinated Note Claims Voted Through Other Beneficial Holder Ballots.**  The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by beneficial holders in Item 3 of the beneficial holder's original Beneficial Holder Ballot, identifying any Senior Subordinated Note Claims for which such beneficial owners have submitted other Beneficial Holder Ballots other than to the undersigned:

| YOUR Customer Account Number for Each Beneficial Owner Who Completed Item 3 of the Beneficial Holder Ballots | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL OWNER BALLOTS: | | |
|---|---|---|---|
| | Account Number | Name of Owner | Opted Out of Section 10.8 of the Proposed Plan? [Y/N] |
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |

**Item 4.   Certification as to Transcription of Information from Item 4 as to Senior Subordinated Note Claims Voted Through Other Beneficial Holder Ballots.**   The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by beneficial holders in Item 4 of the beneficial holder's original Beneficial Holder Ballot, identifying any Senior Subordinated Note Claims for which such beneficial owners have submitted other Beneficial Holder Ballots other than to the undersigned:

| YOUR Customer Account Number for Each Beneficial Owner Who Completed Item 3 of the Beneficial Holder Ballots | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL OWNER BALLOTS: | | |
|---|---|---|---|
| | Account Number | Name of Owner | Amount of Other Senior Subordinated Notes Voted |
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |
| 4. | | | $ |
| 5. | | | $ |
| 6. | | | $ |
| 7. | | | $ |
| 8. | | | $ |
| 9. | | | $ |
| 10. | | | $ |

**Item 5.  Certification.**  By signing this Master Ballot, the undersigned certifies that each beneficial holder of the Senior Subordinated Notes listed in Item 2 above has been provided with a copy of the Disclosure Statement, including the exhibits thereto, and acknowledges that the solicitation of votes for the Proposed Plan is subject to all of the terms and conditions set forth in the Disclosure Statement.

Name of Voting Nominee:

_____
(Print or Type)

Participant Number:_____

Name of Proxy Holder or Agent for Voting Nominee (if applicable):

_____
(Print or Type)

Social Security or Federal Tax I.D. No.:_____

Signature:_____

By:_____
(If Appropriate)

Title:_____
(If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: (____)_____

Date Completed:_____

**INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT
FOR RECORD HOLDERS OF CLASS 5
SENIOR SUBORDINATED NOTE CLAIMS**

**VOTING DEADLINE/VOTING AGENT:**

 **The Voting Deadline is [   ] (prevailing Eastern Time) on
[_____], 2010, unless extended by the Plan Proponents in writing.** To
have the vote of the beneficial holder(s) for whom you act as Voting Nominee count, you
must complete, sign, and return the Master Ballot so that it is actually received by the
Voting Agent, before the Voting Deadline.  Ballots must be delivered either by mail with
the enclosed envelope <u>or</u> by hand delivery or overnight courier <u>or</u> by electronic mail to
the Voting Agent at the following addresses:

  Ballots submitted by mail should be directed to the following address:

BMC Group
Attn:  Lexington Precision Balloting
PO Box 3020
Chanhassen, MN 55317-3020

  Ballots submitted by overnight and hand delivery should be directed to the
following address:

BMC Group
Attn:  Lexington Precision Balloting
18750 Lake Drive East
Chanhassen, MN 55317

  Ballots submitted by electronic mail should be directed to the following address:

Info@bmcgroup.com

 **The Master Ballot will not be accepted by telecopy or facsimile.**

**HOW TO VOTE:**

 If you are both the registered owner <u>and</u> the beneficial holder of any principal
amount of the Senior Subordinated Notes and you wish to vote any Senior Subordinated
Note Claims held on account thereof, you may complete, execute and return to the Voting
Agent <u>either</u> an individual Beneficial Holder Ballot or a Master Ballot.

 **If you are transmitting the votes of any beneficial holders of Senior
Subordinated Note Claims other than yourself, you may <u>either</u>:**

1.    "Prevalidate" the individual Beneficial Holder Ballot contained in the materials sent out in connection with the voting and solicitation of the Proposed Plan (collectively, the "Solicitation Package") and then forward the Solicitation Package to the beneficial owner of the Senior Subordinated Note Claims for voting within five (5) business days after the receipt by such Voting Nominee of the Solicitation Package, with the beneficial owner then returning the individual Beneficial Holder Ballot directly to the Voting Agent in the return envelope to be provided in the Solicitation Package.  A Voting Nominee "prevalidates" a Beneficial Holder Ballot by indicating thereon the record holder of the Senior Subordinated Note Claims voted, the amount of the Senior Subordinated Notes held by the beneficial holder, and the appropriate account numbers through which the beneficial owner's holdings are derived.  The beneficial owner shall return the "prevalidated" Beneficial Holder Ballot to the Voting Agent;

OR

2.    Forward the Solicitation Package to the beneficial owner of the Senior Subordinated Note Claims for voting together with a return envelope provided by and addressed to the Voting Nominee, with the beneficial owner then returning the individual Beneficial Holder Ballot to the Voting Nominee.  In such case, the Voting Nominee will tabulate the votes of its respective beneficial owners on a Master Ballot that will be provided to the Voting Nominee separately by the Voting Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Voting Agent.  The Voting Nominee should advise the beneficial owners to return their individual Beneficial Holder Ballots to the Voting Nominee by a date calculated by the Voting Nominee to allow it to prepare and return the Master Ballot to the Voting Agent so that the Master Ballot is actually received by the Voting Agent by the Voting Deadline.

With respect to all Beneficial Owner Ballots returned to you, you must properly complete the Master Ballot, as follows:

a.    Check the appropriate box in Item 1 on the Master Ballot;

b.    Indicate the votes to accept or reject the Proposed Plan in Item 2 of the Master Ballot, as transmitted to you by the beneficial owners of the Senior Subordinated Note Claims.  To identify such beneficial holders without disclosing their names, please use the customer account number assigned by you to each such beneficial owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each beneficial owner and the assigned number).  **IMPORTANT:**

**EACH BENEFICIAL HOLDER MUST VOTE <u>ALL</u> OF HIS, HER, OR ITS SENIOR SUBORDINATED NOTE CLAIMS <u>EITHER</u> TO ACCEPT <u>OR</u> REJECT THE PROPOSED PLAN, AND MAY NOT SPLIT SUCH VOTE. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE VOTING AGENT IMMEDIATELY.** By order of the Bankruptcy Court, any Beneficial Holder Ballot that is signed, dated, and timely received, but does not indicate acceptance or rejection of the Proposed Plan will not be counted;

c.   Please note that Item 3 of the Master Ballot requests that you transcribe the information provided by each beneficial owner in Item 3 of each completed Beneficial Holder Ballot relating to opting out of Section 10.8 of the Proposed Plan;

d.   Please note that Item 4 of the Master Ballot requests that you transcribe the information provided by each beneficial owner in Item 4 of each completed Beneficial Holder Ballot relating to other Senior Subordinated Note Claims voted;

e.   Review the certification in Item 5 of the Master Ballot;

f.   Sign and date the Master Ballot, and provide the remaining information requested;

g.   If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

h.   Contact the Voting Agent if you need any additional information; and

i.   Deliver the completed, executed Master Ballot so as to be <u>received</u> by the Voting Agent before the Voting Deadline. For each completed, executed Beneficial Holder Ballot returned to you by a beneficial owner, either forward such Beneficial Holder Ballot (along with your Master Ballot) to the Voting Agent or retain such Beneficial Holder Ballot in your files for one year from the Voting Deadline.

**PLEASE NOTE:**

**The Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Proposed Plan.** Holders should not surrender, at this time, certificates representing their securities. Neither the Debtors nor the Voting Agent will accept delivery of any such certificates surrendered together with the Master Ballot.

No Beneficial Holder Ballot or Master Ballot shall constitute or be deemed a proof of claim or interest or an assertion of a claim or interest.

No fees, commissions, or other remuneration will be payable to any Voting Nominee for soliciting votes on the Proposed Plan. The Debtors' will, however, reimburse you for reasonable, documented, actual costs and expenses incurred by you in forwarding the Beneficial Holder Ballots and other enclosed materials to the beneficial owners of the Senior Subordinated Notes held by you as a Voting Nominee or in a fiduciary capacity and in tabulating the Beneficial Holder Ballots.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE DEBTORS OR THE VOTING AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PROPOSED PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL OWNER BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, AT (888) 909-0100. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**<u>Exhibit A-4</u>**

**Ballot for Holders of Class 7
General Unsecured Claims Against Lexington Precision Corporation**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                        :
In re:                                                  :        **Chapter 11**
                                                        :
**LEXINGTON PRECISION CORP., et al.,**                  :        **Case No. 08-11153 (BRL)**
                                                        :
              **Debtors.**                              :        **(Jointly Administered)**
                                                        :
----------------------------------------------------------------x

**BALLOT FOR HOLDERS OF CLASS 7**
**GENERAL UNSECURED CLAIMS AGAINST LEXINGTON PRECISION**
**CORPORATION**

The Official Committee of Unsecured Creditors (the "Committee") of Lexington Precision Corporation, et al. (collectively, the "Debtors"), CapitalSource Finance LLC (in its capacity as agent under the Prepetition Credit Agreement, "CapitalSource") and CSE Mortgage LLC (in its capacity as agent under the Prepetition Loan Agreement, "CSE Mortgage" and together with the Committee and CapitalSource, the "Plan Proponents") are soliciting votes with respect to the Plan Proponents' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated December 16, 2009 (as it may be further amended, the "Proposed Plan"), from the holders of certain impaired claims and interests against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan.  If you have any questions on how to properly complete this Ballot, please call BMC Group (the "Voting Agent") at (888) 909-0100.

This Ballot is to be used for voting by holders of General Unsecured Claims against Lexington Precision Corporation ("Lexington Precision").

In order for your vote to be counted, the Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received by the Voting Agent, [_____] by no later than [          ] **(prevailing Eastern Time) on [_____], 2010 (the "Voting Deadline")**, unless such time is extended by the Plan Proponents.

PLEASE COMPLETE THE FOLLOWING:

ITEM 1.  **Amount of General Unsecured Claims Against Lexington Precision.** For purposes of voting to accept or reject the Proposed Plan, the undersigned holds General Unsecured Claims against Lexington Precision in the amount set forth below.

Amount: $_____

ITEM 2.   **Vote on the Proposed Plan.**   The undersigned holder of General Unsecured Claims against Lexington Precision in the amount set forth in Item 1 above hereby votes to:

<u>Check one box</u>:        ☐        Accept the Proposed Plan

                               ☐        Reject the Proposed Plan

ITEM 3.   **OPTIONAL** - **Unsecured Convenience Class Election.**   By checking the box below, regardless of the amount of your Allowed Claim, you elect to have your Allowed Claim reduced to $2,000 and to be treated as a Convenience Claim against Lexington Precision, meaning that your Allowed Claim will be reduced to $2,000 and paid in full in Cash.

☐

Elect to have Allowed Claim Treated as a Convenience Claim

ITEM 4.   **OPTIONAL - Opt-Out of Releases.**   The undersigned holder of General Unsecured Claims against Lexington Precision in the amount set forth in Item 1 above hereby opts out of the release provisions set forth in Section 10.8 of the Proposed Plan:

                               ☐        Elect to opt out of Section 10.8 of Proposed Plan

ITEM 5.  **Acknowledgements and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement for the Proposed Plan, dated December 16, 2009 (as it may be amended, the "Disclosure Statement"), including all exhibits thereto.  The undersigned certifies that (i) it is the holder of the General Unsecured Claims against Lexington Precision identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Proposed Plan.  The undersigned further acknowledges that the Plan Proponents' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Proposed Plan contained therein.

Print or Type Name of Claimant:_____

Social Security or Federal Tax I.D. No. of Claimant:_____

Signature: _____

Name of Signatory (if different than claimant):_____

If by Authorized Agent, Title of Agent:_____

Street Address:_____

City, State and Zip Code:_____

Telephone Number:_____

Date Completed:_____

**VOTING INSTRUCTIONS FOR COMPLETING
THE BALLOT FOR HOLDERS OF CLASS 7
GENERAL UNSECURED CLAIMS AGAINST LEXINGTON PRECISION**

1.  This Ballot is submitted to you to solicit your vote to accept or reject the Proposed Plan. **PLEASE READ THE PROPOSED PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Proposed Plan will be accepted by Class 7 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 7 voting on the Proposed Plan.  In the event that Class 7 rejects the Proposed Plan, the Bankruptcy Court may nevertheless confirm the Proposed Plan and thereby make it binding on you if the Bankruptcy Court finds that the Proposed Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of Claims in Class 7 and all other Classes of Claims rejecting the Proposed Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Proposed Plan is confirmed by the Bankruptcy Court, all holders of Claims against and equity interests in the Debtors (including those holders who abstain from voting or reject the Proposed Plan, and those holders who are not entitled to vote on the Proposed Plan) will be bound by the confirmed Proposed Plan and the transactions contemplated thereby.

3.  To have your vote counted, you must complete, sign, and return this Ballot to BMC Group (the "Voting Agent") so that it is received by the Voting Agent by no later than [            ] **(prevailing Eastern Time) on [_____], 2010 (the "Voting Deadline")**, unless such time is extended in writing by the Plan Proponents.  Ballots must be delivered either by mail with the enclosed envelope or by hand delivery or overnight courier or by electronic mail to the Voting Agent at the following addresses:

Ballots submitted by mail should be directed to the following address:

BMC Group
Attn:  Lexington Precision Balloting
PO Box 3020
Chanhassen, MN 55317-3020

Ballots submitted by overnight and hand delivery should be directed to the following address:

BMC Group
Attn:  Lexington Precision Balloting
18750 Lake Drive East
Chanhassen, MN 55317

Ballots submitted by electronic mail should be directed to the following address:

Info@bmcgroup.com

**Ballots will not be accepted by telecopy or facsimile.**

4. To properly complete this Ballot, you must follow the procedures described below:

    a.    make sure that the information contained in Item 1 is correct;

    b.    if you have a Claim in Class 7, cast one vote to accept or reject the Proposed Plan by checking the appropriate box in Item 2;

    c.    should you wish to opt into treatment as a Convenience Claim, do so by checking the box in Item 3;

    d.    should you wish to opt out of the release provision in Section 10.8 of the Proposed Plan, do so by checking the box in Item 4;

    e.    if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

    f.    if you also hold other claims or interests in Classes that are entitled to vote, you should receive a different Ballot for each such claim or interest. Your vote will be counted in determining acceptance or rejection of the Proposed Plan by a particular Class only if you complete, sign, and return the Ballot labeled for that Class in accordance with the instructions on that Ballot;

    g.    if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

    h.    provide your name and mailing address;

    i.    sign and date your Ballot; and

    j.    return your Ballot using the enclosed pre-addressed return envelope.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE PLAN PROPONENTS' VOTING AGENT, BMC GROUP, AT (888) 909-0100. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**<u>Exhibit A-5</u>**

**Ballot for Holders of Class 14(a)**
**CapitalSource Finance LLC Secured Claims against Lexington Rubber Group, Inc.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                        :
In re:                                  :        **Chapter 11**
                                        :
**LEXINGTON PRECISION CORP., et al.,**  :        **Case No. 08-11153 (BRL)**
                                        :
           Debtors.                     :        **(Jointly Administered)**
                                        :
----------------------------------------------------------------x

**BALLOT FOR HOLDERS OF CLASS 14(a)**
**CAPITALSOURCE SECURED CLAIMS**
**AGAINST LEXINGTON RUBBER GROUP, INC.**

The Official Committee of Unsecured Creditors (the "Committee") of Lexington Precision Corporation, et al. (collectively, the "Debtors"), CapitalSource Finance LLC (in its capacity as agent under the Prepetition Credit Agreement, "CapitalSource") and CSE Mortgage LLC (in its capacity as agent under the Prepetition Loan Agreement, "CSE Mortgage" and together with the Committee and CapitalSource, the "Plan Proponents") are soliciting votes with respect to the Plan Proponents' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated December 16, 2009 (as it may be further amended, the "Proposed Plan"), from the holders of certain impaired claims and interests against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan.  If you have any questions on how to properly complete this Ballot, please call BMC Group (the "Voting Agent") at (888) 909-0100.

This Ballot is to be used for voting by the Agent for the holders of the CapitalSource Finance LLC Secured Claim ("CapitalSource Secured Claim") against Lexington Rubber Group, Inc. ("Lexington Rubber").

In order for your vote to be counted, this Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received by the Voting Agent by no later than [_____ ] **(prevailing Eastern Time) on [_____], 2010 (the "Voting Deadline")**, unless such time is extended by the Plan Proponents.

PLEASE COMPLETE THE FOLLOWING:

ITEM 1.  **Amount of CapitalSource Secured Claims Against Lexington Rubber.**  For purposes of voting to accept or reject the Proposed Plan, the undersigned is Agent for the holders of the CapitalSource Secured Claims against Lexington Rubber in the amount set forth below.

Amount: $_____

ITEM 2.  **Vote on the Proposed Plan.**  The undersigned Agent for the holders of the CapitalSource Secured Claims against Lexington Rubber in the amount set forth in Item 1 above hereby votes to:

<u>Check one box</u>: &#9633;      Accept the Proposed Plan

&#9633;      Reject the Proposed Plan

ITEM 3.  **OPTIONAL - Opt-Out of Releases.**  The undersigned Agent for the holder of the CapitalSource Secured Claims against Lexington Rubber in the amount set forth in Item 1 above hereby opts out of the release provisions set forth in Section 10.8 of the Proposed Plan:

&#9633;      Elect to opt out of Section 10.8 of Proposed Plan

ITEM 4.  **Acknowledgements and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement for the Proposed Plan, dated December 16, 2009 (as it may be amended, the "<u>Disclosure Statement</u>"), including all exhibits thereto.  The undersigned certifies that (i) it is the Agent for the holders of the CapitalSource Secured Claims against Lexington Rubber identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Proposed Plan.  The undersigned further acknowledges that the Plan Proponents' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Proposed Plan contained therein.

Print or Type Name of Claimant:_____

Social Security or Federal Tax I.D. No. of Claimant:_____

Signature: _____

Name of Signatory (if different than claimant):_____

If by Authorized Agent, Title of Agent:_____

Street Address:_____

City, State and Zip Code:_____

Telephone Number:_____

Date Completed:_____

**VOTING INSTRUCTIONS FOR COMPLETING
THE BALLOT FOR HOLDERS OF CLASS 14(a)
CAPITALSOURCE SECURED CLAIMS AGAINST LEXINGTON RUBBER**

1.   This Ballot is submitted to you to solicit your vote to accept or reject the Proposed Plan.  **PLEASE READ THE PROPOSED PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.   The Proposed Plan will be accepted by Class 14(a) if it is accepted by the Agent of the holders of the CapitalSource Secured Claims in Class 14(a).  In the event that Class 14(a) rejects the Proposed Plan, the Bankruptcy Court may nevertheless confirm the Proposed Plan and thereby make it binding on you if the Bankruptcy Court finds that the Proposed Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of Claims in Class 14(a) and all other Classes of Claims rejecting the Proposed Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Proposed Plan is confirmed by the Bankruptcy Court, all holders of Claims against and equity interests in the Debtors (including those holders who abstain from voting or reject the Proposed Plan, and those holders who are not entitled to vote on the Proposed Plan) will be bound by the confirmed Proposed Plan and the transactions contemplated thereby.

3.   To have your vote counted, you must complete, sign, and return this Ballot to BMC Group (the "Voting Agent") so that it is received by the Voting Agent by no later than [         ] **(prevailing Eastern Time) on [_____], 2010 (the "Voting Deadline")**, unless such time is extended in writing by the Plan Proponents.  Ballots must be delivered either by mail with the enclosed envelope or by hand delivery or overnight courier or by electronic mail to the Voting Agent at the following addresses:

Ballots submitted by mail should be directed to the following address:

BMC Group
Attn:  Lexington Precision Balloting
PO Box 3020
Chanhassen, MN 55317-3020

Ballots submitted by overnight and hand delivery should be directed to the following address:

BMC Group
Attn:  Lexington Precision Balloting
18750 Lake Drive East
Chanhassen, MN 55317

Ballots submitted by electronic mail should be directed to the following address:

Info@bmcgroup.com

**Ballots will not be accepted by telecopy or facsimile.**

4.  To properly complete the Ballot, you must follow the procedures described below:

> a.  make sure that the information contained in Item 1 is correct;
>
> b.  cast one vote to accept or reject the Proposed Plan by checking the appropriate box in Item 2;
>
> c.  should you wish to opt out of the release provision in Section 10.8 of the Proposed Plan, do so by checking the box in Item 3;
>
> d.  if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);
>
> e.  if you also hold other claims or interests in Classes that are entitled to vote, you should receive a different Ballot for each such claim or interest.  Your vote will be counted in determining acceptance or rejection of the Proposed Plan by a particular Class only if you complete, sign, and return the Ballot labeled for that Class in accordance with the instructions on that Ballot;
>
> f.  if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;
>
> g.  provide your name and mailing address;
>
> h.  sign and date your Ballot; and
>
> i.  return your Ballot using the enclosed pre-addressed return envelope.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE PLAN PROPONENTS' VOTING AGENT, BMC GROUP, AT (888) 909-0100.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

<u>**Exhibit A-6**</u>

**Ballot for Holders of Class 14(b)**
**CSE Secured Claims against Lexington Rubber Group, Inc.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                        :
In re:                                  :        **Chapter 11**
                                        :
**LEXINGTON PRECISION CORP., et al.,**  :        **Case No. 08-11153 (BRL)**
                                        :
            Debtors.                    :        **(Jointly Administered)**
                                        :
-------------------------------------------------------------x

**BALLOT FOR HOLDERS OF CLASS 14(b)**
**CSE SECURED CLAIMS AGAINST LEXINGTON RUBBER GROUP, INC.**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Lexington Precision Corporation, <u>et al.</u> (collectively, the "<u>Debtors</u>"), CapitalSource Finance LLC (in its capacity as agent under the Prepetition Credit Agreement, "<u>CapitalSource</u>") and CSE Mortgage LLC (in its capacity as agent under the Prepetition Loan Agreement, "<u>CSE Mortgage</u>" and together with the Committee and CapitalSource, the "<u>Plan Proponents</u>") are soliciting votes with respect to the Plan Proponents' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated December 16, 2009 (as it may be further amended, the "<u>Proposed Plan</u>"), from the holders of certain impaired claims and interests against the Debtors. All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan. If you have any questions on how to properly complete this Ballot, please call BMC Group (the "<u>Voting Agent</u>") at (888) 909-0100.

This Ballot is to be used for voting by the Agent for the holders of the CSE Secured Claims against Lexington Rubber Group, Inc. ("<u>Lexington Rubber</u>").

In order for your vote to be counted, this Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received by the Voting Agent by no later than [ _____ ] **(prevailing Eastern Time) on [_____], 2010 (the "<u>Voting Deadline</u>"),** unless such time is extended by the Plan Proponents.

PLEASE COMPLETE THE FOLLOWING:

ITEM 1. **Amount of CSE Secured Claims Against Lexington Rubber.** For purposes of voting to accept or reject the Proposed Plan, the undersigned is Agent for the holders of the CSE Secured Claims against Lexington Rubber in the amount set forth below.

Amount: $_____

ITEM 2.  **Vote on the Proposed Plan.**  The undersigned Agent for the holders of the CSE Secured Claims against Lexington Rubber in the amount set forth in Item 1 above hereby votes to:

<u>Check one box</u>:    ☐    Accept the Proposed Plan

☐    Reject the Proposed Plan

ITEM 3.  **OPTIONAL - Opt-Out of Releases.**  The undersigned Agent for the holder of the CSE Secured Claims against Lexington Rubber in the amount set forth in Item 1 above hereby opts out of the release provisions set forth in Section 10.8 of the Proposed Plan:

☐    Elect to opt out of Section 10.8 of Proposed Plan

ITEM 4.  **Acknowledgements and Certification.**    By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement for the Proposed Plan, dated December 16, 2009 (as it may be amended, the "<u>Disclosure Statement</u>"), including all exhibits thereto.  The undersigned certifies that (i) it is the Agent for the holders of the CSE Secured Claims against Lexington Rubber identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Proposed Plan.  The undersigned further acknowledges that the Plan Proponents' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Proposed Plan contained therein.

Print or Type Name of Claimant:_____

Social Security or Federal Tax I.D. No. of
Claimant:_____

Signature: _____

Name of Signatory (if different than claimant):_____

If by Authorized Agent, Title of Agent:_____

Street Address:_____

City, State and Zip Code:_____

Telephone Number:_____

Date Completed:_____

**VOTING INSTRUCTIONS FOR COMPLETING
THE BALLOT FOR HOLDERS OF CLASS 14(b)
CSE SECURED CLAIMS AGAINST LEXINGTON RUBBER**

1. This Ballot is submitted to you to solicit your vote to accept or reject the Proposed Plan. **PLEASE READ THE PROPOSED PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Proposed Plan will be accepted by Class 14(b) if it is accepted by the Agent of the holders of the CSE Secured Claims in Class 14(b).  In the event that Class 14(b) rejects the Proposed Plan, the Bankruptcy Court may nevertheless confirm the Proposed Plan and thereby make it binding on you if the Bankruptcy Court finds that the Proposed Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of Claims in Class 14(b) and all other Classes of Claims rejecting the Proposed Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Proposed Plan is confirmed by the Bankruptcy Court, all holders of Claims against and equity interests in the Debtors (including those holders who abstain from voting or reject the Proposed Plan, and those holders who are not entitled to vote on the Proposed Plan) will be bound by the confirmed Proposed Plan and the transactions contemplated thereby.

3. To have your vote counted, you must complete, sign, and return this Ballot to BMC Group (the "Voting Agent") so that it is received by the Voting Agent by no later than [ _____ ] **p.m. (prevailing Eastern Time) on [_____], 2010 (the "Voting Deadline")**, unless such time is extended in writing by the Plan Proponents.  Ballots must be delivered either by mail with the enclosed envelope or by hand delivery or overnight courier or by electronic mail to the Voting Agent at the following addresses:

Ballots submitted by mail should be directed to the following address:

BMC Group
Attn:  Lexington Precision Balloting
PO Box 3020
Chanhassen, MN 55317-3020

Ballots submitted by overnight and hand delivery should be directed to the following address:

BMC Group
Attn:  Lexington Precision Balloting
18750 Lake Drive East
Chanhassen, MN 55317

Ballots submitted by electronic mail should be directed to the following address:

Info@bmcgroup.com

**Ballots will not be accepted by telecopy or facsimile.**

4. To properly complete the Ballot, you must follow the procedures described below:

    a. make sure that the information contained in Item 1 is correct;

    b. cast one vote to accept or reject the Proposed Plan by checking the appropriate box in Item 2;

    c. should you wish to opt out of the release provision in Section 10.8 of the Proposed Plan, do so by checking the box in Item 4;

    d. if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

    e. if you also hold other claims or interests in Classes that are entitled to vote, you should receive a different Ballot for each such claim or interest.  Your vote will be counted in determining acceptance or rejection of the Proposed Plan by a particular Class only if you complete, sign, and return the Ballot labeled for that Class in accordance with the instructions on that Ballot;

    f. if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

    g. provide your name and mailing address;

    h. sign and date your Ballot; and

    i. return your Ballot using the enclosed pre-addressed return envelope.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE PLAN PROPONENTS' VOTING AGENT, BMC GROUP, AT (888) 909-0100.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**<u>Exhibit A-7</u>**


**Ballot for Holders of Class 17**
**General Unsecured Claims Against Lexington Rubber Group, Inc.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                              :
In re:                                                        :          **Chapter 11**
                                                              :
**LEXINGTON PRECISION CORP., et al.,**                        :          **Case No. 08-11153 (BRL)**
                                                              :
                        Debtors.                              :          **(Jointly Administered)**
                                                              :
----------------------------------------------------------------x

**BALLOT FOR HOLDERS OF CLASS 17**
**GENERAL UNSECURED CLAIMS AGAINST LEXINGTON RUBBER GROUP, INC.**

The Official Committee of Unsecured Creditors (the "Committee") of Lexington Precision Corporation, et al. (collectively, the "Debtors"), CapitalSource Finance LLC (in its capacity as agent under the Prepetition Credit Agreement, "CapitalSource") and CSE Mortgage LLC (in its capacity as agent under the Prepetition Loan Agreement, "CSE Mortgage" and together with the Committee and CapitalSource, the "Plan Proponents") are soliciting votes with respect to the Plan Proponents' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated December 16, 2009 (as it may be further amended, the "Proposed Plan"), from the holders of certain impaired claims and interests against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan.  If you have any questions on how to properly complete this Ballot, please call BMC Group (the "Voting Agent") at (888) 909-0100.

This Ballot is to be used for voting by holders of General Unsecured Claims against Lexington Rubber Group, Inc. ("Lexington Rubber").  In order for your vote to be counted, this Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received by the Voting Agent by no later than [        ] **(prevailing Eastern Time) on [_____], 2010 (the "Voting Deadline")**, unless such time is extended by the Plan Proponents.

PLEASE COMPLETE THE FOLLOWING:

ITEM 1.  **Amount of General Unsecured Claims Against Lexington Rubber.**  For purposes of voting to accept or reject the Proposed Plan, the undersigned holds General Unsecured Claims against Lexington Rubber in the amount set forth below.

Amount: $_____

ITEM 2.  **Vote on the Proposed Plan.**  The undersigned holder of General Unsecured Claims against Lexington Rubber in the amount set forth in Item 1 above hereby votes to:

<u>Check one box</u>:           ☐           Accept the Proposed Plan

                          ☐           Reject the Proposed Plan

ITEM 3.  **OPTIONAL** - **Unsecured Convenience Class Election.**  By checking the box below, regardless of the amount of your Allowed Claim, you elect to have your Allowed Claim reduced to $2,000 and to be treated as a Convenience Claim against Lexington Rubber, meaning that your Allowed Claim will be reduced to $2,000 and paid in full in Cash.

> ☐
>
> Elect to have Allowed Claim Treated as a Convenience Claim

ITEM 4.  **OPTIONAL - Opt-Out of Releases.**  The undersigned holder of General Unsecured Claims against Lexington Rubber in the amount set forth in Item 1 above hereby opts out of the release provisions set forth in Section 10.8 of the Proposed Plan:

                          ☐           Elect to opt out of Section 10.8 of Proposed Plan

ITEM 5.    **Acknowledgements and Certification.**    By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement for the Proposed Plan, dated December 16, 2009 (as it may be amended, the "Disclosure Statement"), including all exhibits thereto.  The undersigned certifies that (i) it is the holder of the General Unsecured Claim against Lexington Rubber identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Proposed Plan.  The undersigned further acknowledges that the Plan Proponents' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Proposed Plan contained therein.

Print or Type Name of Claimant:    _____

Social Security or Federal Tax I.D. No. of Claimant:_____

Signature:    _____

Name of Signatory (if different than claimant):_____

If by Authorized Agent, Title of Agent:    _____

Street Address:    _____

City, State and Zip Code:    _____

Telephone Number:    _____

Date Completed:    _____

**VOTING INSTRUCTIONS FOR COMPLETING
THE BALLOT FOR HOLDERS OF CLASS 17
GENERAL UNSECURED CLAIM AGAINST LEXINGTON RUBBER**

1.  This Ballot is submitted to you to solicit your vote to accept or reject the Proposed Plan. **PLEASE READ THE PROPOSED PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Proposed Plan will be accepted by Class 17 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 17 voting on the Proposed Plan.  In the event that Class 17 rejects the Proposed Plan, the Bankruptcy Court may nevertheless confirm the Proposed Plan and thereby make it binding on you if the Bankruptcy Court finds that the Proposed Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of Claims in Class 17 and all other Classes of Claims rejecting the Proposed Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Proposed Plan is confirmed by the Bankruptcy Court, all holders of Claims against and equity interests in the Debtors (including those holders who abstain from voting or reject the Proposed Plan, and those holders who are not entitled to vote on the Proposed Plan) will be bound by the confirmed Proposed Plan and the transactions contemplated thereby.

3.  To have your vote counted, you must complete, sign, and return this Ballot to BMC Group (the "Voting Agent") so that it is received by the Voting Agent by no later than [ _____ ] **(prevailing Eastern Time) on [_____], 2010 (the "Voting Deadline")**, unless such time is extended in writing by the Plan Proponents.  Ballots must be delivered either by mail with the enclosed envelope or by hand delivery or overnight courier or by electronic mail to the Voting Agent at the following address:

Ballots submitted by mail should be directed to the following address:

BMC Group
Attn:  Lexington Precision Balloting
PO Box 3020
Chanhassen, MN 55317-3020

Ballots submitted by overnight and hand delivery should be directed to the following address:

BMC Group
Attn:  Lexington Precision Balloting
18750 Lake Drive East
Chanhassen, MN 55317

Ballots submitted by electronic mail should be directed to the following address:

Info@bmcgroup.com

**Ballots will not be accepted by telecopy or facsimile.**

4.    To properly complete the Ballot, you must follow the procedures described below:

      a.          make sure that the information contained in Item 1 is correct;

      b.          if you have a Claim in Class 17, cast one vote to accept or reject the Proposed Plan by checking the appropriate box in Item 2;

      c.          should you wish to opt into treatment as a Convenience Claim, do so by checking the box in Item 3;

      d.          should you wish to opt out of the release provision in Section 10.8 of the Proposed Plan, do so by checking the box in Item 4;

      e.          if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

      f.          if you also hold Claims in a Class other than Class 17, you may receive more than one Ballot, labeled for a different Class of Claims.  Your vote will be counted in determining acceptance or rejection of the Proposed Plan by a particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on that Ballot;

      g.          if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

      h.          provide your name and mailing address;

      i.          sign and date your Ballot; and

      j.          return your Ballot using the enclosed pre-addressed return envelope.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, AT (888) 909-0100.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**<u>Exhibit B</u>**

**Notice of Non-Voting Status**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
                                   :

In re:                             :        **Chapter 11**
                                   :

**LEXINGTON PRECISION CORP., et al.,**   :        **Case No. 08-11153 (BRL)**
                                   :

          Debtor.          :        **(Jointly Administered)**
                                   :

------------------------------------------------------------------------x

## <u>NOTICE OF NON-VOTING STATUS TO UNIMPAIRED CLASSES[1] AND EXTINGUISHED CLASSES[2]</u>

PLEASE TAKE NOTICE THAT on the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") entered an order, dated [_____, 20[ ]](the "<u>Disclosure Statement Order</u>"), approving the Disclosure Statement for the Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of the Official Committee of Unsecured Creditors (the "<u>Committee</u>"), CapitalSource Finance LLC, in its capacity as agent under the Prepetition Credit Agreement ("<u>CS</u>"), and CSE Mortgage LLC, in its capacity as agent under the Prepetition Loan Agreement (collectively together with the Committee and CS, the "<u>Plan Proponents</u>"), dated December 16, 2009 (as it may be amended, the "<u>Disclosure Statement</u>") filed by the Plan Proponents in the above-referenced chapter 11 cases.

The Disclosure Statement Order also authorizes the Plan Proponents to solicit votes to accept or reject the Plan Proponents' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated December 16, 2009 (as it may be further amended, the "<u>Proposed Plan</u>") a copy of which is annexed as Exhibit A to the Disclosure Statement.

**UNDER THE TERMS OF THE PROPOSED PLAN, YOUR CLAIM(S) AGAINST OR INTEREST(S) IN THE DEBTORS IS/ARE EITHER (A) NOT IMPAIRED, AND THEREFORE, PURSUANT TO SECTION 1126(f) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE DEEMED TO HAVE ACCEPTED THE PROPOSED PLAN OR (B) EXTINGUISHED, AND THEREFORE, YOU ARE DEEMED TO HAVE REJECTED THE PROPOSED PLAN. CONSEQUENTLY, YOU ARE NOT ENTITLED TO VOTE ON THE PROPOSED PLAN. IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR INTEREST(S), OR YOU WANT TO**

---

[1]    Unimpaired Classes include the following: Class 1 (Other Priority Claims against LPC), Class 3 (Secured Tax Claims against LPC), Class 4 (Other Secured Claims against LPC), Class 8 (Convenience Claims against LPC), Class 13 (Other Priority Claims against LRGI), Class 15 (Secured Tax Claims against LRGI), Class 16 (Other Secured Claims against LRGI), and Class 18 (Convenience Claims against LRGI) under the Proposed Plan.

[2]    Extinguished Classes include the following: Class 6 (Junior Subordinated Note Claims); Class 9 (Asbestos-Related Claims); Class 10 (Series B Preferred Stock Interests); Class 11 (LPC Common Stock Interests); Class 12 (Other Equity Interests in LPC); and Class 19 (Interests in LRGI) under the Proposed Plan.

**REQUEST A COPY OF THE PROPOSED PLAN AND DISCLOSURE STATEMENT, YOU SHOULD CONTACT THE VOTING AGENT, BMC GROUP, OR BY TELEPHONE AT (888) 909-0100.**

Dated: New York, New York
      [                    ]

ANDREWS KURTH LLP
Paul N. Silverstein (PS 5098)
Jonathan I. Levine (JL 9674)
450 Lexington Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

Counsel to the Official Committee
of Unsecured Creditors

WALLER LANSDEN DORTCH & DAVIS
John C. Tishler (Pro Hac Vice)
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804

Counsel to CapitalSource Finance LLC, as
agent under the Prepetition Credit
Agreement and CSE Mortgage LLC, as
agent under the Prepetition Loan Agreement

**<u>Exhibit C</u>**

**Form of Confirmation Hearing Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x
                                          :
In re:                                    : Chapter 11
                                          :
LEXINGTON PRECISION CORP., et al.,        : Case No. 08-11153 (BRL)
                                          :
          Debtors.                        : (Jointly Administered)
                                          :
-------------------------------------------------------------------------x

## NOTICE OF (A) APPROVAL OF THE DISCLOSURE STATEMENT FOR THE PROPOSED JOINT PLAN OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, CAPITALSOURCE FINANCE LLC AND CSE MORTGAGE LLC; (B) VOTING PROCEDURES FOR THE PROPOSED PLAN; (C) SCHEDULING OF THE CONFIRMATION HEARING; AND (D) PROCEDURES FOR FILING OBJECTIONS AND RESPONSES TO <u>CONFIRMATION OF THE PROPOSED PLAN</u>

TO ALL PARTIES IN INTEREST IN THE CHAPTER 11 CASES OF LEXINGTON PRECISION CORPORATION. ("<u>LPC</u>") AND LEXINGTON RUBBER GROUP, INC. ("<u>LRGI</u>" AND TOGETHER WITH LPC, THE "<u>DEBTORS</u>"), PLEASE TAKE NOTICE THAT:

          **Approval of Disclosure Statement**.  By order, dated _____, (the "<u>Disclosure Statement Order</u>"), the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") approved the Proposed Disclosure Statement (as it may be amended, the "<u>Disclosure Statement</u>") for the Proposed Joint Plan of Reorganization of the Official Committee of Unsecured Creditors(the "<u>Committee</u>"), CapitalSource Finance LLC, in its capacity as agent under the Prepetition Credit Agreement ("<u>CS</u>"), and CSE Mortgage LLC, in its capacity as agent under the Prepetition Loan Agreement (collectively together with the Committee and CS, the "<u>Plan Proponents</u>"), dated December 16, 2009 (as it may be amended or modified, the "<u>Proposed Plan</u>") pursuant to chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").   The Disclosure Statement Order also authorizes the Plan Proponents to solicit votes to accept the Plan Proponents' Proposed Plan pursuant to chapter 11 of the Bankruptcy Code.

          **Confirmation Hearing**.   The Court shall hold a hearing (the "<u>Confirmation Hearing</u>") to consider the confirmation of the Proposed Plan on **_____, at _____. (prevailing Eastern Time) and, if necessary, _____, at _____ (prevailing Eastern Time)**, before the Honorable Burton R. Lifland, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.  The Confirmation Hearing may be continued from time to time without further

notice other than the announcement by the Plan Proponents in open court of the adjourned date(s) at the Confirmation Hearing or any continued hearing. The Plan Proponents may modify the Proposed Plan, if necessary, prior to, during, or as a result of the Confirmation Hearing in accordance with the terms of the Proposed Plan without further notice.

**Voting Procedures**. Holders of impaired claims against or interests in the Debtors' estates as of [_____] (the "Record Date") are entitled to vote. If you hold such a claim or interest, you will receive a solicitation package which shall include a copy of (a) the Disclosure Statement Order, (b) this Notice, (c) the Disclosure Statement, attached to which is the Proposed Plan, and (d) a ballot. Please review the ballot of specific instructions as to how to vote. Failure to follow the voting instructions may disqualify your vote.

**Voting Deadline**. The deadline to vote on the Proposed Plan is **[_____], 2010 at [    ] (prevailing Eastern Time)** (the "Voting Deadline"). The Voting Agent, [    ], must <u>receive</u> your ballot by the Voting Deadline otherwise your vote will not be counted.

**Parties in Interest Not Entitled to Vote**. Holders of unimpaired claims against or interests in the Debtors' estates and holders of claims deemed to have rejected plan are not entitled to vote. If you hold such a claim or interest, you will receive a notice of your non-voting status.

**Objections to Confirmation**. Objections or responses to confirmation of the Proposed Plan, if any, must (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the Southern District of New York; and (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor.

All objections and responses to the confirmation of the Proposed Plan must be filed with the Court no later than **[_____] at [    ](prevailing Eastern Time)**. In accordance with General Order M-242, registered users of the Court's case filing system must electronically file their objections and responses. All other parties in interest must file their objections and responses on a 3.5 inch floppy disk (preferably in Portable Disk Format (PDF), WordPerfect, or any other Windows-based word processing format) and deliver a hard copy to the chambers of Judge Lifland.

All objections and responses must be served, so as to be received no later than **[_____], 2010 at [    ](prevailing Eastern Time)**, upon: (a) the Debtors, Lexington Precision Corporation, 800 Third Ave. 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin), (b) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Richard P. Krasnow and Victoria Vron); (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg); (d) the attorneys for the Debtors' prepetition lenders, Waller Lansden

Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, Tennessee 37219 (Attn: John C. Tishler); (e) the attorneys for the creditors' committee, Andrews Kurth LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Paul Silverstein and Jonathan Levine); and (f) the attorneys for Debtors' postpetition lenders, O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, New York 10036 (Attn: Gerald Bender).

**Additional Information**.  For more information about the solicitation procedures, please contact BMC Group, the Plan Proponents' Voting Agent, at (888) 909-0100.  To obtain a copy of the Disclosure Statement Order, the Disclosure Statement, the Proposed Plan, or any related documents, please contact [_____] or visit the Court's website at http://www.nysb.uscourts.gov.  To access documents on the Court's website, you will need a PACER password and login, which you can be obtained at http://www.pacer.psc.uscourts.gov.

**[The Proposed Plan contains an injunction which prevents, among other things, any holder of any claim or interest or any other party in interest in the Debtors' chapter 11 cases from directly or indirectly commencing or continuing, in any manner, any action or other proceeding of any kind against the Debtors, or the reorganized Debtors, enforcing judgments related to such claims or interests, asserting rights of setoff, recoupment or subrogation, or interfering in any way with the Proposed Plan or any schemes of arrangement thereunder.  In addition, except as provided in the Proposed Plan, the Debtors and the reorganized Debtors will not have any liability for any claim or equity interest in the Debtors that are cancelled or terminated under the Proposed Plan or which arose prior to the effective date of the Proposed Plan.  The Proposed Plan further contains certain exculpation provisions and releases of the Plan Proponents and related parties.]**

HOU:2956092.5

Dated: New York, New York
        [             ]

ANDREWS KURTH LLP
Paul N. Silverstein (PS 5098)
Jonathan I. Levine (JL 9674)
450 Lexington Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

Counsel to the Official Committee
of Unsecured Creditors

WALLER LANSDEN DORTCH &
DAVIS
John C. Tishler (Pro Hac Vice)
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804

Counsel to CapitalSource Finance
LLC, as agent under the Prepetition
Credit Agreement and CSE
Mortgage LLC, as agent under the
Prepetition Loan Agreement

HOU:2956092.5