WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                               :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEXINGTON PRECISION CORP., et al.,** | : | **08-11153 (BRL)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A), 361, 362, AND 363 (I) AUTHORIZING DEBTORS TO USE CASH COLLATERAL AND (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED LENDERS (EIGHTH EXTENSION)

PLEASE TAKE NOTICE that the undersigned will present the annexed proposed Stipulation, Agreement and Order (the "Proposed Stipulation") between Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (collectively, the "Debtors") and CapitalSource Finance LLC, as Revolver Agent to the Prepetition Revolver Lenders and CSE Mortgage LLC, as Term Loan Agent to the Senior Term Loan Lenders (collectively, the "Agents") to the Honorable Burton R. Lifland, United States Bankruptcy Judge, for signature on **January 19, 2010 at 12:00 p.m. (prevailing Eastern time)**.

PLEASE TAKE FURTHER NOTICE that any objections or responses to the Proposed Stipulation, if any, must (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefore. Any objections or responses must be filed with the Bankruptcy Court no later than **January 19, 2010 at 11:30 a.m. (prevailing Eastern Time)**. In accordance with General Order M-242, registered users of the Bankruptcy Court's case filing system must file their objections and responses electronically. General Order M-242 may be found at www.nysb.uscourts.gov. All other parties-in-interest must file their objections and responses on a 3.5 inch disk (preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format) and deliver a hard copy directly to the chambers of Judge Burton R. Lifland.

PLEASE TAKE FURTHER NOTICE that all objections and responses must be served so as to be received no later than **January 19, 2010, at 11:30 a.m. (prevailing Eastern Time)**, upon: (a) the Debtors, Lexington Precision Corporation, 800 Third Ave. 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin), (b) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Richard P. Krasnow and Victoria Vron); (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg); (d) the attorneys for the Agents, Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, Tennessee, 37219 (Attn: John C. Tishler); (e) the attorneys for the official creditors' committee of unsecured creditors, Andrews Kurth LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Paul Silverstein); and (f) the attorneys for Debtors' postpetition lenders, O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, New York 10036 (Attn: Gerald Bender).

PLEASE TAKE FURTHER NOTICE that if a written objection is timely filed, a hearing will be held at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, at a date and time to be established by the Court. The moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  January 12, 2010
        New York, New York

/s/ Adam P. Strochak
Richard P. Krasnow
Adam P. Strochak
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                              :
In re                                         :        **Chapter 11 Case No.**
                                              :
**LEXINGTON PRECISION CORP., et al.,**        :        **08-11153 (BRL)**
                                              :
                    Debtors.                  :        **(Jointly Administered)**
                                              :
-------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER PURSUANT TO BANKRUPTCY**
**CODE SECTIONS 105(A), 361, 362, AND 363 (I) AUTHORIZING DEBTORS**
**TO USE CASH COLLATERAL AND (II) GRANTING ADEQUATE**
**PROTECTION TO PREPETITION SECURED LENDERS (EIGHTH EXTENSION)**

**Recitals**

> A.      Lexington Precision Corporation ("LPC") and Lexington Rubber Group,

Inc. ("LRGI", and together with LPC, the "Debtors") each commenced voluntary chapter 11

cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on April 1,

2008 (the "Commencement Date").  The Debtors' chapter 11 cases have been consolidated for

procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors continue to

operate their businesses and manage their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

> B.      On April 11, 2008, the United States Trustee for the Southern District of

New York appointed the statutory committee of unsecured creditors pursuant to section 1102 of

the Bankruptcy Code (the "Creditors' Committee").

> C.      Prior to the Commencement Date, the Prepetition Senior Lenders (as

defined below) made certain loans and other financial accommodations available to the Debtors

pursuant to, among other things, the following documents (collectively, with any and all other

US_ACTIVE:\43277615\01\44287.0004

agreements, instruments, and related documents, including without limitation, guaranties,

pledges, and discretionary funding letters executed by any Debtor and any Other Documents (as

defined in each of the Credit Agreement (defined below) and the Loan Agreement (defined

below)), the "Prepetition Senior Lender Loan Documents"):

   (i)    that certain Credit and Security Agreement, dated May 31, 2006 (as

amended to date and as may be amended, restated or otherwise modified from time to

time, the "Credit Agreement"), between the Debtors, as borrowers, and CapitalSource

Finance LLC ("CapitalSource"), as a lender, as collateral agent and administrative agent

for itself and other lenders under the Credit Agreement (CapitalSource, when acting in

such capacity, is herein called the "Revolver Agent"), and as Co-Documentation Agent,

and Webster Business Credit Corporation ("Webster") as a lender (CapitalSource and

Webster, as lenders, collectively the "Prepetition Revolver Lenders") and as Co-

Documentation Agent;

   (ii)    that certain Loan and Security Agreement, dated May 31, 2006 (as

amended to date and as may be amended, restated or otherwise modified from time to

time, the "Loan Agreement"), between the Debtors, as borrowers, and CSE Mortgage

LLC ("CSE"), as a lender and as collateral agent for itself and each other lender under the

Loan Agreement (CSE, when acting in such capacity, is herein called the "Term Loan

Agent") (Revolver Agent and Term Loan Agent, collectively, the "Agents"), and DMD

Special Situations Funding LLC, ("DMD"), as a lender under the Loan Agreement (DMD

and CSE, as the Term Loan Agent and a lender under the Loan Agreement, along with

the Revolver Agent and the Prepetition Revolver Lenders, collectively, the "Prepetition

Senior Lenders").

D.      The Court approved the Debtors' use of the Prepetiton Senior Lenders' Cash Collateral (as defined in the First Cash Collateral Order) by order dated April 17, 2008 [Docket No. 61] (the "First Cash Collateral Order") and approved further extensions by orders dated March 4, 2009 [Docket No. 579] (the "Second Cash Collateral Order"), May 20, 2009 [Docket No. 634] (the "Third Cash Collateral Order"), August 17, 2009 [Docket No. 690] (the "Fourth Cash Collateral Order"); September 25, 2009 [Docket No. 725] (the "Fifth Cash Collateral Order"); October 28, 2009 [Docket No. 772] (the "Sixth Cash Collateral Order"); and December 30, 2009 [Docket No. 805] (the "Seventh Cash Collateral Order") .  The Debtors' use of Cash Collateral currently expires on January 14, 2010.

E.      The Debtors have requested that the Prepetition Senior Lenders consent to an extension of the Debtors' use of Cash Collateral, upon substantially the same terms as those set forth in the Sixth Cash Collateral Order.

F.      In light of the foregoing, the Debtors and the Prepetition Senior Lenders have agreed to the terms of this stipulation, agreement, and order (the "Stipulation, Agreement, and Order"), subject to approval of this Court, extending the use of the Cash Collateral on the terms set forth below.

**Agreement**

1.      The Recitals set forth above form an integral part of this Stipulation, Agreement, and Order and are incorporated fully herein.

2.      The Debtors' use of Cash Collateral is hereby extended through and including March 5, 2010, or until the occurrence of a Termination Event, and is subject to the terms and conditions set forth in Paragraphs 3 and 4 below.

3.       The recitals, terms, conditions, and stipulations of the Sixth Cash

Collateral Order (including, without limitation, the provisions for adequate protection and release

of the Prepetition Senior Lenders), are incorporated herein by reference as if fully set forth

herein; *provided, however*, that (i) all references to "December 31, 2009" shall be replaced with

"March 5, 2010"; and (ii) for purposes of the period from January 1, 2010 through February 26,

2010, Paragraph 14(vi) of the Sixth Cash Collateral Order shall be replaced with the following

language:

> (vi) the aggregate total of the Debtors' short-term investments and the cash available in their Master Operating Account and the DIP Account shall not fall below the amounts corresponding to the dates set forth below:

| Week Ending | Minimum Available Cash |
|---|---|
| 1-Jan | $ 3,838,000 |
| 8-Jan | $ 2,296,000 |
| 15-Jan | $ 1,970,000 |
| 22-Jan | $ 2,108,000 |
| 29-Jan | $ 2,200,000 |
| 5-Feb | $ 1,943,000 |
| 12-Feb | $ 2,017,000 |
| 19-Feb | $ 2,249,000 |
| 26-Feb | $ 2,279,000 |
| 5-Mar | $ 2,279,000 |

4.       Notwithstanding anything to the contrary contained herein, both the

Debtors' and the Prepetition Senior Lenders' respective rights are preserved with respect to any

Termination Events, known or unknown, on the terms set forth in Paragraph 11(i)(a) of the Sixth

Cash Collateral Order.

5.       The Parties agree that this Court shall be the exclusive forum with respect

to any disputes or controversies relating to or arising under this Stipulation, Agreement, and

Order.

6.     This Stipulation, Agreement, and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

7.     The person who executes this Stipulation, Agreement, and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such Party.

8.     This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be charged.

9.     This Stipulation, Agreement, and Order is subject to the approval of the Court and upon such approval shall inure to the benefit of the parties hereto and their respective successors and assigns.

8

10.     This Stipulation, Agreement, and Order shall be governed by the laws of

the State of New York, without regard to the application of New York's conflict of law

principles.

Dated: January 12, 2010
       New York, New York


/s/ Adam P. Strochak_____          /s/ John C. Tishler_____
Richard P. Krasnow                           John C. Tishler
Adam P. Strochak


WEIL, GOTSHAL & MANGES LLP                   WALLER LANSDEN DORTCH & DAVIS,
767 Fifth Avenue                             LLP
New York, New York 10153                     511 Union Street, Suite 2700
Telephone: (212) 310-8000                    Nashville, TN 37219
Facsimile:  (212) 310-8007                   Telephone:  (615) 244-6380
                                             Facsimile:  (615) 244-6804

Attorneys for Debtors
and Debtors in Possession                    Attorneys for the Prepetition Senior Lenders




Dated: January __, 2010



                                             _____
                                             UNITED STATES BANKRUPTCY JUDGE