WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                          :
In re                                     :        **Chapter 11**
                                          :
**LEXINGTON PRECISION CORP., et al.,**    :        **Case No. 08-11153 (BRL)**
                                          :
            **Debtors.**                  :        **(Jointly Administered)**
                                          :
------------------------------------------------------------x

**SUMMARY SHEET PURSUANT**
**TO UNITED STATES TRUSTEE GUIDELINES**
**FOR REVIEWING APPLICATIONS FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**

**FIFTH INTERIM APPLICATION**

NAME OF APPLICANT:              Weil, Gotshal & Manges LLP

TIME PERIOD:                    August 1, 2009 to November 30, 2009

ROLE IN THE CASE:              Attorneys for the Debtors

CURRENT APPLICATION:            Total Fees Requested        $170,494.00
                                Subject to 20% Holdback      $34,098.80

                                Total Expenses Requested      $4,445.85
                                     **Total Requested      $140,841.05**

**SUMMARY OF FIFTH INTERIM
QUARTERLY FEE APPLICATION OF
WEIL, GOTSHAL & MANGES LLP FOR SERVICES RENDERED
FOR THE PERIOD AUGUST 1, 2009 THROUGH NOVEMBER 30, 2009[1]**

| NAME OF PROFESSIONAL<br><br>PARTNERS & OF COUNSELS: | DEPARTMENT[2] AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Krasnow, Richard P. | BFR – 1972 | $950.00 | 12.4 | $11,780.00 |
| Goldstein, Marcia L. | BFR – 1976 | $950.00 | 0.7 | $665.00 |
| Waksman, Ted S. | C – 1978 | $925.00 | 0.6 | $555.00 |
| Goldring, Stuart J. | T – 1984 | $900.00 | 2.7 | $2,430.00 |
| Strochak, Adam P. | L – 1993 | $790.00 | 68.2 | $52,495.50 |
| **Total Partners** | | | **84.6** | **$67,925.50** |

| NAME OF PROFESSIONAL<br><br>ASSOCIATES: | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Gartin, Randell J. | T – 2001 | $580.00 | 14.9 | $8,642.00 |
| Vron, Victoria | BFR – 2005 | $540.00 | 115.1 | $62,154.00 |
| Levine, Alexander | L – 2006 | $500.00 | 1.8 | $900.00 |
| Tseng, Conray C. | BFR – 2007 | $465.00 | 18.5 | $8,602.50 |
| Mills, Marvin | BFR – * | $225.00 | 51.6 | $11,610.00 |
| **Total Associates** | | | **201.9** | **$91,908.50** |

---

[1] The figures in the following charts do not reflect a voluntary reduction of fees and expenses by $7,739.00, but do reflect an additional reduction of fees and expenses by $414.00.

[2] BFR- Business Finance & Restructuring, L – Litigation,  and T – Tax., C - Corporate *Not yet admitted to the bar.

| NAME OF PROFESSIONAL<br><br>Paralegals, Clerks, Library Staff and Other Non-Legal Staff | DEPARTMENT | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lee, Kathleen | BFR | $245.00 | 13.2 | $3,234.00 |
| Stauble, Christopher A. | BFR | $245.00 | 0.4 | $98.00 |
| Suthar, Anh N. | L | $200.00 | 3.5 | $700.00 |
| Amponsah, Duke | BFR | $180.00 | 35.0 | $6,300.00 |
| Prindle, Kaitlin C. | BFR | $180.00 | 0.4 | $72.00 |
| Aliseo, Nicole K. | BFR | $160.00 | 0.4 | $64.00 |
| Wilmer, Andrea | BFR | $160.00 | 1.2 | $192.00 |
| **Total Paraprofessionals** | | | **54.1** | **$10,660.00** |

| PROFESSIONALS<br><br>TOTALS: | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Of Counsel | $802.90 | 84.6 | $67,925.50 |
| Associates | $455.22 | 201.9 | $91,908.50 |
| Paraprofessionals | $197.04 | 54.1 | $10,660.00 |
| **Total Fees Incurred** | | **340.6** | **$170,494.00** |
| **Blended Attorney Rate** | **$557.88** | | |
| | | | |
| **Total Fees Requested** | | **681.2** | **$170,494.00** |

**EXPENSE SUMMARY FOR THE FIFTH INTERIM**
**PERIOD OF AUGUST 1, 2009 THROUGH NOVEMBER 30, 2009**

| | |
|---|---:|
| Local Transportation | $53.00 |
| Domestic Travel/Domestic Travel Meals | $508.43 |
| Meals | $177.86 |
| Postage | $20.51 |
| Telephone | $12.40 |
| Duplicating – Firm | $1,092.60 |
| Air Courier/Express Mail | $73.41 |
| Computerized Research | $2,507.64 |
| **Total Expenses Requested:** | **$4,445.85** |

**COMPENSATION BY WORK TASK CODE**
**FOR SERVICES RENDESRED FOR THE FIFTH**
**INTERIM PERIOD AUGUST 1, 2009 THROUGH NOVEMBER 30, 2009[1]**

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| LP0001 | Case Administration | 11.6 | $2,706.00 |
| LP0003 | Secured Creditors Issues/Meetings/Communications | 8.6 | $4,794.00 |
| LP0005 | Hearings and Court Matters | 14.5 | $5,453.50 |
| LP0006 | WG&M Retention/Billing/Fee Applications | 36.7 | $9,826.50 |
| LP0008 | Retention/Fee Applications: Other Professionals | 8.7 | $5,680.50 |
| LP0010 | US Trustee Related Issues | 2.0 | $535.00 |
| LP0011 | General Business Operations | 1.7 | $1,551.00 |
| LP0012 | Corporate Governance | 0.7 | $553.00 |
| LP0013 | DIP Financing/Cash Collateral | 26.9 | $14,428.00 |
| LP0014 | Exit Financing | 0.8 | $632.00 |
| LP0015 | Insurance Issues | 0.3 | $139.50 |
| LP0018 | Executory Contracts/365 Issues | 1.9 | $427.50 |
| LP0022 | Bar Date Motion and Claims Reconciliation Issues | 1.7 | $638.00 |
| LP0023 | Automatic Stay | 0.2 | $93.00 |
| LP0025 | Disclosure Statement/Solicitation/Voting | 150.2 | $77,284.50 |
| LP0027 | Plan of Reorganization/Plan Confirmation | 63.8 | $40,914.50 |
| LP0029 | Tax Issues | 0.3 | $270.00 |
| LP0031 | Customer/Vendor Issues | 6.5 | $3,185.00 |
| LP0036 | Non-Working Travel | 3.5 | $1,382.50 |
| **Total Fees Requested:** | | **340.6** | **$170,494.00** |

---

[1] The figures in this chart do not reflect a voluntary reduction of fees by $659.00.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                    :
In re                               :        Chapter 11
                                    :
LEXINGTON PRECISION CORP., et al.,  :        Case No. 08-11153 (BRL)
                                    :
              Debtors.              :        (Jointly Administered)
                                    :
------------------------------------------------------------x
```

**FIFTH APPLICATION OF WEIL,**
**GOTSHAL & MANGES LLP, AS ATTORNEYS**
**FOR THE DEBTORS, FOR INTERIM ALLOWANCE**
**OF COMPENSATION FOR PROFESSIONAL SERVICES**
**RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY**
**EXPENSES INCURRED FROM AUGUST 1, 2009 THROUGH NOVEMBER 30, 2009**

TO THE HONORABLE BURTON R. LIFLAND,
UNITED STATES BANKRUPTCY JUDGE:

Weil, Gotshal & Manges LLP ("***WGM***"), attorneys for Lexington Precision

Corporation and Lexington Rubber Group, Inc. (together, the "***Debtors***"), as debtors and debtors

in possession, for its fifth application (the "***Application***"), pursuant to sections 330(a) and 331 of

title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 2016 of the Federal Rules

of Bankruptcy Procedure (the "***Bankruptcy Rules***"), for the interim allowance of compensation

for professional services performed by WGM for the period commencing August 1, 2009

through and including November 30, 2009 (the "***Compensation Period***"), and for reimbursement

of its actual and necessary expenses incurred during the Compensation Period, respectfully

represents:

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

1.    This Application has been prepared in accordance with the *Guidelines for

Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*,

adopted by the Court on June 20, 1991 (the "***Fee and Disbursement Guidelines***") and the

*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New*

*York Bankruptcy Cases*, adopted by the Court on April 19, 1995 (together with the Fee and

Disbursement Guidelines, the "***Local Guidelines***"), the *United States Trustee Guidelines for*

*Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11*

*U.S.C. § 330*, adopted on January 30, 1996 (the "***UST Guidelines***"), and the *Order Pursuant to*

*Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing*

*Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals*, dated

April 22, 2008 (the "***Administrative Order***," and collectively with the Local Guidelines and the

UST Guidelines, the "***Guidelines***").  Pursuant to the Local Guidelines, a certification regarding

compliance with the same is annexed hereto as **Exhibit "A."**  Pursuant to the UST Guidelines,

the Debtors have reviewed this Application and approved of the entire amount requested by

WGM for services performed and expenses incurred during the Compensation Period.

2.    WGM seeks allowance of interim compensation for professional services

rendered to the Debtors during the Compensation Period.  During this period, the Debtors

incurred fees and expenses totaling $170,494.00[1] and $4,445.85, respectively.  Consistent with

---

[1] The monthly fee statements for the Compensation Period reflect total fees of $170,494.00.  WGM has made a
voluntary reduction of their fees by $659.00, lowering the requested fees to $169,835.00.

previous practice, WGM requests interim approval of one-hundred (100%) of its fees in the

amount of $170,494.00 subject to a twenty percent (20%) hold back in the amount of $34,098.80

and one-hundred percent (100%) of its expenses in the amount of $4,445.85.

|  |  |
|---|---|
| Total Fees Requested | $170,494.00 |
| Subject to 20% Holdback | $34,098.80 |
| Total Expenses Requested | $4,445.85 |
| **Total Requested** | **$140,841.05** |

3.      In accordance with the Administrative Order, WGM has or will soon

receive payments totaling $136,395.20 for the Compensation Period, which consists of

$34,098.80 and $4,445.85 representing eighty percent (80%) of the fees and one-hundred (100%)

of the expenses incurred during the Compensation Period before WGM made a voluntary

reduction of its fees and expenses of $659.00.

4.      Other than pursuant to the Administrative Order, WGM has received no

payment and no promises of payment from any source for services rendered or to be rendered in

any capacity whatsoever in connection with the matters covered by this Application.  There is no

agreement or understanding between WGM and any other person, other than members of the

firm, for the sharing of compensation to be received for services rendered in these cases.

5.      WGM bills its fees in accordance with its existing billing rates and

procedures in effect during the Compensation Period.  The rates WGM charges for the services

rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates

WGM charges for professional and paraprofessional services rendered in comparable non-

bankruptcy related matters.  Such fees are reasonable based on the customary compensation

charged by comparably skilled practitioners in comparable non-bankruptcy cases in a

competitive national legal market.

6.      Pursuant to the UST Guidelines, annexed hereto as **Exhibit "B"** is a schedule that sets forth (a) all WGM professionals and paraprofessionals who have performed services in these chapter 11 cases during the Compensation Period, (b) the capacities in which each such individual is employed by WGM, (c) the department in which each individual practices, (d) the hourly billing rate charged by WGM for services performed by such individual, (e) the year in which each professional was first licensed to practice law and the aggregate number of hours expended in this matter and fees billed therefor.

7.      Annexed hereto as **Exhibit "C"** is a schedule that specifies (a) the categories of expenses for which WGM is seeking reimbursement and (b) the total amount for each such expense category.

8.      In accordance with Section (b)(4) of the UST Guidelines, annexed hereto as **Exhibit "D"** is a summary of WGM's time records billed during the Compensation Period with project categories described below.

9.      WGM maintains computerized records of the time spent by all WGM attorneys and paraprofessionals in connection with the prosecution of the Debtors' chapter 11 cases.  Subject to redaction or modification for the attorney-client privilege where necessary to protect the Debtors' estates, copies of these computerized records will be furnished to the Court, the attorneys for the official committee of unsecured creditors (the "***Creditors' Committee***"), and the Office of the United States Trustee for the Southern District of New York (the "***U.S. Trustee***") in the format specified by the UST Guidelines.

10.     Prior to the commencement of these chapter 11 cases, the Debtors paid WGM an aggregate amount of $750,000 in respect of professional services rendered and to be rendered and for disbursements incurred and to be incurred in connection with (i) the Debtors'

efforts prior to the commencement of these chapter 11 cases to restructure their obligations out

of court, (ii) the preparation for the Debtors' chapter 11 cases, and (iii) certain other related

matters.  In the *Affidavit and Disclosure Statement of Richard P. Krasnow Pursuant to*

*Bankruptcy Code Sections 327, 328(a), 329 and 504 and Federal Rules of Bankruptcy*

*Procedure 2014(a) and 2016(b) in Support of Debtors' Application for a Motion Authorizing*

*The Employment and Retention of Weil, Gotshal & Manges LLP as Attorneys for the Debtors,*

*Nunc Pro Tunc to the Commencement Date*, dated April 1, 2008, (the "***Krasnow Affidavit***"),

WGM disclosed that it has used this advance to credit the Debtors' account for WGM's

estimated charges for professional services performed and expenses incurred up to the time of

the commencement of these chapter 11 cases and has reduced the balance of the credit available

to the Debtors by the amount of such charges.  As of the Commencement Date, WGM has a

remaining credit balance in favor of the Debtors for future professional services to be performed,

and expenses to be incurred, in the approximate amount of $97,017.51.  (Krasnow Affidavit ¶ 6).

WGM will retain this amount and apply it towards any amounts awarded to it by the Court in

connection with its final fee application.

   11. To the extent that time or disbursement charges for services rendered or

disbursements incurred relate to the Compensation Period, but were not processed prior to the

preparation of this Application, WGM reserves the right to request additional compensation for

such services and reimbursement of such expenses in a future application.

## BACKGROUND

   12. On the April 1, 2008 (the "***Commencement Date***"), each of the Debtors

commenced a case under chapter 11 of the Bankruptcy Code.  Sections 1107(a) and 1108 of the

Bankruptcy Code authorize the Debtors to continue to operate their businesses and manage their

properties as debtors in possession.

13.     On April 2, 2008, the Debtors filed an application for an order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) authorizing the employment and retention of WGM as attorneys for the Debtors.  [Doc. No. 35].  No objections were filed to WGM's retention and pursuant to an order of this Court dated April 22, 2008, the Debtors were authorized to retain WGM as their attorneys to render legal services in the prosecution of their chapter 11 cases.  [Doc. No. 85].

14.     On April 11, 2008, the U.S. Trustee appointed the Creditors' Committee pursuant to section 1102(a) of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

15.     On June 13, 2008, each of the Debtors filed their Statement of Financial Affairs and Schedule of Assets and Liabilities (collectively, the "***Schedules and Statements***"). [Doc. Nos. 173, 174, 175, and 176].

16.     On September 24, 2008, WGM filed its first interim application seeking approval of $959,601.50 in fees and $31,759.50 in expenses incurred between April 1, 2008 and July 31, 2008.  On November 6, 2008, the Court approved ninety-five percent (95%) of WGM's fees in the amount of $897,271.42 and one-hundred percent (100%) of WGM's expenses in the amount of $31,182.07 for a total of $928,553.49.  Approval of five percent (5%) of WGM's fees in the amount of $47,230.08 was held back until the completion of these chapter 11 cases.  Upon further review of the underlying figures, the Debtors calculated that WGM's requested fees of $959,601.50 were incorrect by $1,000 and were actually $958,601.50.  Accordingly, the approved fees and holdback were reduced to $896,421.43 (a reduction of $949.99) and $47,180.07 (a $50.01 reduction), respectively.  The Debtors have paid WGM the revised total of $927,601.50, which reflect the corrected amount.

17.    On January 28, 2009, WGM filed its second interim application seeking approval of $400,657.75 in fees and $13,819.61 in expenses incurred between August 1, 2008 and November 30, 2008 [Docket No 542].  On April 7, 2009, the Court approved ninety percent (90%) of WGM's fees in the amount of $360,591.97 and one-hundred percent (100%) of WGM's expenses in the amount of $13,819.61 for a total of $374,411.58.  Approval of ten percent (10%) of WGM's fees in the amount of $40,065.77 was held back until the completion of these chapter 11 cases.

18.    On June 17, 2009, WGM filed its third interim application seeking approval of $431,503.00 in fees and $16,575.12 in expenses incurred between December 1, 2008 and March 31, 2009 [Docket No. 646].  On July 31, 2009, after WGM made certain voluntary reductions, the Court approved eighty (80%) of WGM's fees in the amount of $86,169.50 and one-hundred percent (100%) of WGM's expenses in the amount of $16,563.43.  Approval of twenty (20%) of WGM's fees in the amount of $86,169.50 was held back until the completion of these chapter 11 cases.

19.    On October 27,2009, WGM filed its fourth interim application (the "**_Fourth Application_**") seeking approval of $112,242.50 in fees and $6,031.52 in expenses incurred between April 1, 2009 and July 31, 2009 [Docket No. 715].  A hearing for approval of both the Fourth Application and this fifth Application is scheduled for March 12, 2010.

20.    The Debtors have advised WGM that, to date, they have paid all quarterly fees due to the U.S. Trustee.

## SUMMARY OF SERVICES

21.    During the Compensation Period, the Debtors have rendered professional services to assist the Debtors with their ongoing reorganization, including, among other matters,

(a) preparing and revising the Debtors' amended reorganization plans and term sheets related thereto, (b) drafting amended disclosure statements, (b) preparing and prosecuting multiple motions to extend use of cash collateral, (c) drafting and filing objections to plans proposed by other parties in interest, (d) reviewing certain contract-related issues, and (e) participating in numerous negotiations with creditors and lenders regarding plan issues and other matters.  In addition, the Debtors have engaged in various activities related to the day-to-day administration of these chapter 11 cases.

      22.     The following is a summary of the significant professional services rendered by WGM during the Compensation Period.  This summary is organized in accordance with WGM's internal system of project or work codes.  As indicated earlier, **Exhibit "D"** provides a more detailed breakdown of the time devoted and fees allocable to each work code.

      a.     <u>**Case Administration (Work Code LP0001)**</u>

- Maintained project list, case calendar, and case docket of documents filed with the Court.

- Prepared and filed agenda letters for each hearing before the Court.

- Participated in numerous conferences with Debtors' management regarding case administration.

      b.     **Unsecured Creditors Issues/Meetings/**
                <u>**Communications/Creditors' Committee (Work Code LP0002)**</u>

- Prepared for, attended, and participated in meetings with the Creditors' Committee and/or its professionals.

- Conducted teleconferences with the attorneys for the Creditors' Committee regarding the status of the cases.

      c.     <u>**Hearing and Court Matters (Work Code LP 0005)**</u>

- Attended numerous hearings, including, among others, Debtors' motion to extend use of cash collateral, numerous Chambers' conferences regarding

the continued use of cash collateral, and the third interim fee applications of certain professionals.

**d.**     **WGM Retention/Billings/Fee Applications (Work Code LP0006)**

- Reviewed monthly billing summary reports of WGM and other professionals.

- Prepared monthly fee statements and letters.

- Drafted, reviewed, revised, and filed fourth interim fee application.

**e.**     **Retention/Fee Applications:**
     **Ordinary Course Professionals (Work Code LP0007)**

- Addressed issues related to ordinary course professionals.

**f.**     **Retention/Fee Application:**
     **Other Professionals (Work Code LP 0008)**

- Drafted and prepared objection to Stout Risius Ross Inc.'s amended retention application.

- Attended hearing on motion to amend Stout Risius Ross Inc.'s retention application.

**g.**     **U.S. Trustee Related Issues (Work Code LP0010)**

- Teleconferences with the U.S. Trustee regarding various issues pertaining to the Debtors' chapter 11 cases.

- Prepared, reviewed, and filed monthly operating reports.

**h.**     **General Business Operations (Work Code LP0011)**

- Prepared audit letter in response to inquiry from the Debtors' auditors.

**i.**     **DIP Financing/Cash Collateral (Work Code LP 0013)**

- Drafted, reviewed, and filed multiple motions for continued use of cash collateral.

- Prepared and filed motion to shorten time to hear motion to extend use of cash collateral.

- Finalized cash collateral stipulation.

  **j.**  **Executory Contracts/365 Issues (Work Code LP0018)**

- Reviewed executory contracts and advised the Debtors and their contract rights with customers.

  **k.**  **Automatic Stay (Work Code LP0023)**

- Participated in call with creditor regarding automatic stay issue.

  **l.**  **Disclosure Statement/Solicitation/Voting (Work Code LP0025)**

- Reviewed proposed disclosure statements and plans, and prepared and drafted objections thereto.

- Drafted supplemental motion to approve Debtors' disclosure statement, prepared for disclosure statement hearing, and participated in conference to reschedule hearing relating thereto.

- Drafted combined notice of hearing regarding disclosure statements, and related correspondence between WGM and other professionals

  **m.**  **Plan Negotiations/Plan Confirmation (Work Code LP0027)**

- Reviewed proposed term sheet to senior lenders, and reviewed revised plan proposal.

- Drafted, revised, and reviewed third amended plan and disclosure statement thereto.

- Prepared for and participated in calls relating to plan strategy and valuation issues.

  **n.**  **Non Working Travel (Work Code LP0036)**

- Traveled to and from various destinations including, but not limited to, Court hearings and the Debtors' offices.

23. The foregoing professional services performed by WGM were necessary and appropriate to the administration of the Debtors' chapter 11 cases. The professional services performed by WGM were in the best interests of the Debtors and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed with expedition and in an efficient manner.

24.    The majority of the services performed by members and associates of
WGM were rendered by the Business Finance & Restructuring Department.  WGM has a
preeminent practice in this area and enjoys a national reputation for its expertise in financial
reorganizations and restructurings of troubled entities, with approximately 100 attorneys that
specialize in this area of law.

25.    The professional services performed by WGM on behalf of the Debtors
during the Compensation Period required an aggregate expenditure of 340.6 recorded hours by
WGM's members, counsel, associates, and paraprofessionals.  Of the aggregate time expended,
84.6 recorded hours were expended by partners and counsel of WGM, 201.9 recorded hours
were expended by associates, and 54.1 recorded hours were expended by paraprofessionals of
WGM.

26.    During the Compensation Period, WGM billed the Debtors for time
expended by attorneys bases on hourly rates ranging from $225 to $950 per hour.  Allowance of
compensation in the amount requested would result in a blended hourly billing rate of
approximately $557.88 (based on 286.5 recorded hours for attorneys at WGM's regular billing
rates in effect at the time of the performance of services).  As noted, annexed hereto is a schedule
listing each WGM professional and paraprofessional who performed services in these cases
during the Compensation Period, the hourly rate charged by WGM for services performed by
each such individual, and the aggregate number of hours and charges by each such individual.

## ACTUAL AND NECESSARY DISBURSEMENTS OF WGM

27.    As set forth in **Exhibit "C"** hereto, WGM has disbursed $4,445.85 as
expenses incurred in providing professional services during the Compensation Period.  WGM's
disbursement policies pass through all out of pocket expenses at actual cost or an estimated
actual cost when the actual cost is difficult to determine.  For example, with respect to

duplication charges, WGM will charge $0.10 per page because the actual cost is difficult to

determine.  Similarly, as it relates to computerized research, WGM believes that it does not make

a profit on that service as a whole although the cost of any particular search is difficult to

ascertain.  Other reimbursable expenses (whether the service is performed by WGM in-house or

through a third party vendor) include, but are not limited to, facsimiles, toll calls, overtime,

overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk

fees.

**THE REQUESTED COMPENSATION SHOULD BE ALLOWED**

28.    Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 to govern the Court's

award of such compensation.  Section 330 provides that a court may award a professional

employed under section 327 of the Bankruptcy Code "reasonable compensation for actual

necessary services rendered . . . and reimbursement for actual, necessary expenses."  Section 330

also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be
> awarded, the court should consider the nature, the extent, and the
> value of such services, taking into account all relevant factors,
> including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the
>          administration of, or beneficial at the time at
>          which the service was rendered toward the
>          completion of, a case under this title;
>
> (D)    whether the services were performed within a
>          reasonable amount of time commensurate with the
>          complexity, importance, and nature of the problem,
>          issue, or task addressed; and

    (E)    whether the compensation is reasonable based on
the customary compensation charged by
comparably skilled practitioners in cases other than
cases under this title.

29.    In the instant case, WGM respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for, and beneficial, to the Debtors' orderly administration of their estates and their rehabilitation and reorganization effort. WGM worked assiduously to anticipate or respond to the Debtors' needs and assist in the Debtors' chapter 11 process. Such services and expenditures were necessary to, and in the best interests of, the Debtors' estates and creditors. Accordingly, WGM further submits the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

30.    The foregoing professional services performed by WGM were necessary and appropriate to the administration of the Debtors' chapter 11 cases. The professional services performed by WGM were in the best interests of the Debtors and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed with expedience and in an efficient manner.

31.    Whenever possible, WGM sought to minimize the costs of its services to the Debtors by utilizing talented junior attorneys and paraprofessionals to handle more routine aspects of case administration. A small group of the same WGM attorneys was utilized for the vast majority of the work in these cases to minimize the costs of intra-WGM communication and education about the Debtors' circumstances.

32.    In sum, the services rendered by WGM were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved, and approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## CONCLUSION

WHEREFORE WGM respectfully requests (i) requests interim allowance of one-hundred percent (100%) of its fees in the amount of $170,494.00 subject to a twenty percent (20%) holdback of $34,098.80 and one-hundred percent (100%) of its expenses in the amount of $4,445.85, (ii) the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to WGM's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which have not been processed; and (iii) such other and further relief as is just.

Dated: February 4, 2010
         New York, New York

                                        /s/ Adam P. Strochak
                                        Richard P. Krasnow
                                        Adam P. Strochak

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York  10153-0119
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for the Debtors and
                                        Debtors In Possession

# EXHIBIT A

**(Certification)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
**In re**                                                    :          **Chapter 11**
                                                             :
**LEXINGTON PRECISION CORP., et al.,**                       :          **Case No. 08-11153 (BRL)**
                                                             :
                         **Debtors.**                        :          **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x

### CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF FIFTH APPLICATION OF WEIL, GOTSHAL & MANGES LLP <u>FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>

I, Adam P. Strochak, hereby certify that:

1.      I am a partner with the applicant firm, Weil, Gotshal & Manges LLP

("***WGM***"), with responsibility for the chapter 11 cases of Lexington Precision Corporation and

Lexington Rubber Group, Inc. (together, the "***Debtors***"), as debtors and debtors in possession, in

respect of compliance with the *Guidelines for Fees and Disbursements for Professionals in*

*Southern District of New York Bankruptcy Cases*, adopted by the Court on June 20, 1991 (the

"***Fee and Disbursement Guidelines***") and the *Amended Guidelines for Fees and Disbursements*

*for Professionals in Southern District of New York Bankruptcy Cases*, adopted by the Court on

April 19, 1995 (together with the Fee and Disbursement Guidelines, the "***Local Guidelines***"), the

*United States Trustee Guidelines for Reviewing Applications for Compensation and*

*Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, adopted on January 30, 1996 (the

"**UST Guidelines**") and the *Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code*

*and Bankruptcy Rule 2016(a) Establishing Procedures for Monthly Compensation and*

*Reimbursement of Expenses of Professionals*, dated April 22, 2008 (the "**Administrative Order**,"

and collectively with the Amended Local Guidelines and UST Guidelines, the "**Guidelines**").

      2.     This certification is made in respect of WGM's application, dated

February 4, 2010 (the "**Application**"), for interim compensation and reimbursement of expenses

for the period commencing August 1, 2009 through and including November 30, 2009 (the

"**Compensation Period**") in accordance with the Guidelines.

      3.     In respect of Section 2 of the Fee and Disbursement Guidelines, I certify

that WGM reviewed the fee application and has approved it.

      4.     In respect of Section B.1 of the Local Guidelines, I certify that:

      a.     I have read the Application;

      b.     to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines;

      c.     the fees and disbursements sought are billed at rates in accordance with those customarily charged by WGM and generally accepted by WGM's clients; and

      d.     in providing a reimbursable service, WGM does not make a profit on that service, whether the service is performed by WGM in-house or through a third party.

      5.     In respect of Section B.2 of the Local Guidelines and as required by the

Administrative Order, I certify that WGM has complied with these provisions requiring it to

provide counsel for the official committee of unsecured creditors appointed in these cases and

the Debtors, on a monthly basis, with a statement of WGM's fees and disbursements accrued

during the previous month.

6.      In respect of Section B.3 of the Local Guidelines, I certify that the

Debtors, counsel for the statutory creditors' committee, and the United States Trustee for the

Southern District of New York are each being provided with a copy of the Application.

Dated: February 4, 2010
        New York, New York


/s/ Adam P. Strochak
Adam P. Strochak

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Debtors and
Debtors In Possession

<u>**EXHIBIT B**</u>

**SUMMARY OF FIFTH INTERIM QUARTERLY FEE APPLICATION**
**FOR THE PERIOD OF AUGUST 1, 2009 THROUGH NOVEMBER 30, 2009[1]**

| NAME OF PROFESSIONAL<br><br>PARTNERS & OF COUNSELS: | DEPARTMENT[2] AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Krasnow, Richard P. | BFR – 1972 | $950.00 | 13.0 | $12,350.00 |
| Goldring, Stuart J. | T – 1984 | $900.00 | 0.5 | $450.00 |
| Strochak, Adam P. | L – 1993 | $790.00 | 37.2 | $28,795.50 |
| **Total Partners** | | | **50.7** | **$41,595.50** |

| NAME OF PROFESSIONAL<br><br>ASSOCIATES: | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Gartin, Randell J. | T – 2001 | $580.00 | 14.9 | $8,642.00 |
| Vron, Victoria | BFR – 2005 | $540.00 | 115.1 | $62,154.00 |
| Levine, Alexander | L – 2006 | $500.00 | 1.8 | $900.00 |
| Tseng, Conray C. | BFR – 2007 | $465.00 | 18.5 | $8,602.50 |
| Mills, Marvin | BFR – * | $225.00 | 51.6 | $11,610.00 |
| **Total Associates** | | | **201.9** | **$91,908.50** |

---

[1] The figures in the following charts do not reflect a voluntary reduction of fees of $659.00.

[2] BFR- Business Finance & Restructuring, L – Litigation,  and T – Tax.,  *Not yet admitted to the bar.

| NAME OF PROFESSIONAL<br><br>Paralegals, Clerks, Library Staff and Other Non-Legal Staff | DEPARTMENT | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lee, Kathleen | BFR | $245.00 | 13.2 | $3,234.00 |
| Stauble, Christopher A. | BFR | $245.00 | 0.4 | $98.00 |
| Suthar, Anh N. | L | $200.00 | 3.5 | $700.00 |
| Amponsah, Duke | BFR | $180.00 | 35.0 | $6,300.00 |
| Prindle, Kaitlin C. | BFR | $180.00 | 0.4 | $72.00 |
| Aliseo, Nicole K. | BFR | $160.00 | 0.4 | $64.00 |
| Wilmer, Andrea | BFR | $160.00 | 1.2 | $192.00 |
| **Total Paraprofessionals** | | | **54.1** | **$10,660.00** |

| PROFESSIONALS<br><br>TOTALS: | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Of Counsel | $802.90 | 84.6 | $67,925.50 |
| Associates | $455.22 | 201.9 | $67,925.50 |
| Paraprofessionals | $197.04 | 54.1 | $135,851.00 |
| **Total Fees Incurred** | | **340.6** | **$170,494.00** |
| **Blended Attorney Rate** | **$557.88** | | |
| | | | |
| **Total Fees Requested** | | **681.2** | **$170,494.00** |

**<u>EXHIBIT C</u>**

**EXPENSE SUMMARY FOR THE FIFTH INTERIM
<u>PERIOD OF AUGUST 1, 2009 THROUGH NOVEMBER 30, 2009</u>**

| | |
|---|---:|
| Local Transportation | $53.00 |
| Domestic Travel/Domestic Travel Meals | $508.43 |
| Meals | $177.86 |
| Postage | $20.51 |
| Telephone | $12.40 |
| Duplicating – Firm | $1,092.60 |
| Air Courier/Express Mail | $73.41 |
| Computerized Research | $2,507.64 |
| **Total Expenses Requested:** | **$4,445.85** |

**EXHIBIT D**

**COMPENSATION BY WORK TASK CODE FOR THE FIFTH
INTERIM PERIOD OF AUGUST 1, 2009 THROUGH NOVEMBER 30, 2009[1]**

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| LP0001 | Case Administration | 11.6 | $2,706.00 |
| LP0003 | Secured Creditors Issues/Meetings/Communications | 8.6 | $4,794.00 |
| LP0005 | Hearings and Court Matters | 14.5 | $5,453.50 |
| LP0006 | WG&M Retention/Billing/Fee Applications | 36.7 | $9,826.50 |
| LP0008 | Retention/Fee Applications: Other Professionals | 8.7 | $5,680.50 |
| LP0010 | US Trustee Related Issues | 2.0 | $535.00 |
| LP0011 | General Business Operations | 1.7 | $1,551.00 |
| LP0012 | Corporate Governance | 0.7 | $553.00 |
| LP0013 | DIP Financing/Cash Collateral | 26.9 | $14,428.00 |
| LP0014 | Exit Financing | 0.8 | $632.00 |
| LP0015 | Insurance Issues | 0.3 | $139.50 |
| LP0018 | Executory Contracts/365 Issues | 1.9 | $427.50 |
| LP0022 | Bar Date Motion and Claims Reconciliation Issues | 1.7 | $638.00 |
| LP0023 | Automatic Stay | 0.2 | $93.00 |
| LP0025 | Disclosure Statement/Solicitation/Voting | 150.2 | $77,284.50 |
| LP0027 | Plan of Reorganization/Plan Confirmation | 63.8 | $40,914.50 |
| LP0029 | Tax Issues | 0.3 | $270.00 |
| LP0031 | Customer/Vendor Issues | 6.5 | $3,185.00 |
| LP0036 | Non-Working Travel | 3.5 | $1,382.50 |
| **Total Fees Requested:** | | **340.6** | **$170,494.00** |

---

[1] The figures in the following charts do not reflect a voluntary reduction of fees of $659.00.