| UNITED STATES BANKRUPTCY COURT | HEARING DATE: March 16, 2010 |
| SOUTHERN DISTRICT OF NEW YORK | HEARING TIME: 10:00 a.m. |

---------------------------------------------------------

In re : Case No. 08-11153 (BRL)

LEXINGTON PRECISION CORP., et al., : (Jointly Administered)

      Debtors.

---------------------------------------------------------

# OBJECTION OF THE UNITED STATES TRUSTEE TO INTERIM APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

**TO THE HONORABLE BURTON R. LIFLAND, BANKRUPTCY JUDGE:**

Diana G. Adams, the United States Trustee for Region 2 (the "United States Trustee"), has reviewed the following applications of the below listed professionals (collectively, the "Applicants") submitted in these cases seeking allowance of interim compensation and reimbursement of out of pocket expenses:

| **Professional** | **Period** | **Fees** | **Expenses** |
|---|---|---|---|
| Weil, Gotshal & Manges LLP (Debtors' Counsel) | 4/1/09 - 7/31/09 | $112,242.50 | $6,031.52 |
| | 8/1/09 - 11/30/09 | $170,484.00 | $4,445.85 |
| W.Y. Campbell & Company (Debtors' Financial Advisors) | 4/1/09 - 7/31/09 | $200,000.00 | $18,233.42 |
| | 8/1/09 - 11/30/09 | $200,000.00 | $15,168.52 |
| Andrews Kurth LLP (Committee's counsel) | 4/1/09 - 7/31/09 | $77,993.50 | $7,620.11 |
| | 8/1/09 - 11/30/09 | $252,637.00 | $29,722.73 |
| Stout Risius Ross, Inc. (Committee's Financial Advisors) | 4/1/09 - 7/31/09 | $200,000.00 | $3,500.85 |
| | 8/1/09 - 11/30/09 | $200,000.00 | $4,780.82 |

The United States Trustee makes the following objection to the applications.

**Introduction**

The United States Trustee objects to a full award of interim fees to the professionals in the amounts requested because the approval of a disclosure statement and the confirmation of a plan of reorganization have been significantly delayed and the Debtors appear to be suffering increasingly larger net losses. Accordingly, full payment of the Applicants' interim fees at this time, pursuant to 11 U.S.C. §331, would be premature and inappropriate.

**Background**

General Background

1.   The Debtors commenced these cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on April 1, 2008.

2.   The Debtors have retained possession of their property and continue to operate and manage their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.   The Debtors manufacture large volumes of high-quality rubber and metal components for use primarily in automotive and medical devises. See Affidavit of Dennis J. Welhouse Pursuant to Local Bankruptcy Rule 1007-2 at ¶ 5, Docket No. 3 (the "Welhouse Affidavit").

4.   On April 11, 2008, the United States Trustee appointed an official committee of unsecured creditors (the "Committee") in these cases. Docket No. 49. The Committee retained Andrews Kurth, LLC as counsel and Stout Risius Ross, Inc. as financial advisors. Docket Nos. 101 & 163.

<u>Plan and Disclosure Statement</u>

5.       A hearing is currently set for March 1, 2010 to consider (i) the motion to approve the Debtors' proposed disclosure statement, and (ii) the joint motion of the Committee and CaptialSource Finance LLC and CSE Mortgage LLC (collectively, the "Creditor Parties") to approve the Creditor Parties' disclosure statement.  Docket No. 824,

<u>Operating Reports</u>

6.       The Debtors have been suffering greater and greater net losses.  On February 16, 2010, the Debtors filed their consolidated monthly operating report for the month of December, 2009 (the "December Report").  Docket No. 838.  According to the Debtors' Monthly Consolidated Statements of Earnings, the Debtors' suffered a net loss of $1,263,000.00.  <u>Id</u>.  This net loss exceeds the net loss of $547,000.00 listed in the Consolidated Statements of Earnings in the Debtors' operating report for the month of November, 2009, <u>see</u>  Docket No. 818, and the net loss of $389,000.00 listed in the Consolidated Statements of Earnings in the Debtors' operating report for the month of October, 2009.  Docket No. 795.

**General Standards**

Section 330 of the Bankruptcy Code provides that:

> After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103-
>
> (A)  reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B)  reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A) and (B).

Section 330 focuses on reasonableness and benefit to the estate of the professionals' services. In re Lederman Enter., Inc., 997 F.2d 1321, 1323 (10th Cir. 1993). Accordingly, an application for compensation and reimbursement of expenses must demonstrate that the professional's services were necessary and made a beneficial contribution to the estate or its creditors. In re Engel, 124 F.3d 567, 573 (3d Cir. 1997).

Under section 330, the bankruptcy court has the authority to reduce fees or expenses requested when they are disproportionate to the benefit to the estate, even if it has already approved the professional's retention under sections 327 and 328 of the Bankruptcy Code. In re Taxman Clothing Co., 49 F.3d 310, 316 (7th Cir. 1995); see Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc., 50 F.3d 253, 262 (3d Cir. 1995) (affirming lower courts' denial of improperly documented and inadequately detailed expenses). Moreover, "[s]ervices of a poor quality which are the consequence of wrongful or unethical conduct, may result in denial of any fee or an order for return of any fee paid." Red Carpet Corp. v. Miller, 708 F.2d 1576 (11th Cir. 1983).

With respect to the interim fee applications, pursuant to 11 U.S.C. 331, interim fee awards are discretionary, and are subject to reexamination and adjustment during the course of the case. In re Spanjer Brothers, Inc., 191 B.R. 738, 747 (Bankr. N.D. Ill. 1996), citing In re Jensen-Farley Pictures, Inc., 47 B.R. 557 (Bankr. D. Utah 1985). Any interim fees awarded or paid are payable on account and are subject to the Court's review at the time of the final fee applications.

**Objection**

<u>All Applicants, Percentage Fee Reduction</u>

These chapter 11 cases have been pending since April of 2008. As of the date hereof, a disclosure statement has not yet been approved and a plan has not been confirmed. In addition, as set forth above, the Debtors appear to be suffering larger and larger monthly net losses.

According to the Monthly Compensation Order, professionals in these jointly administered cases are paid 80% of their fees and 100% of their expenses on a monthly basis. The United States Trustee respectfully requests that the Court deny the professionals' request for a full award of fees until the final resolution of these cases. The results achieved in these cases serve as an important factor in determining the reasonableness of the efforts of the applicants. Because these results are still unknown and the ultimate benefit to the estates for the services rendered by the professionals simply cannot be assessed at this time, the United States Trustee believes a continued percent reduction of fees pending the final resolutions of these cases is appropriate. <u>In re Child World, Inc.</u>, 185 B.R. 14, 18 (Bankr. S.D.N.Y. 1995) (hold backs, while not mandated by statute, are commonly used by courts to moderate potentially excessive interim allowances and to offer an incentive for timely resolution of the case); <u>see also</u> <u>In re Bank of New England Corp.</u>, 134 B.R. 450, 458-59 (Bankr D. Mass. 1991) (because of the difficulty in determining whether services were actual and necessary when reviewing interim applications, bankruptcy courts routinely require percentage reductions until the end of the case), <u>affirmed</u>, 142 B.R. 584 (D. Mass. 1992).[1]

---

[1]   In their Application, Weil Gotshal & Manges LLP has consented to a 20 percent hold back for their fees. The United States Trustee is of the view that the customary reduction of 20 percent of fees is warranted for all professionals at this time.

WHEREFORE, the United States Trustee prays that the Court sustain the objection contained herein and grants such other and further relief as is just and proper.

Dated:    New York, New York
         February 24, 2010

                Respectfully submitted,

                DIANA G. ADAMS
                UNITED STATES TRUSTEE

By:   /s/ *Paul K. Schwartzberg*
        Paul K. Schwartzberg
        Trial Attorney
        33 Whitehall Street, 21st Floor
        New York, New York 10004
        Tel. No. (212) 510-0500