**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                                  :
In re                                                             :    Chapter 11 Case No.
                                                                  :
**LEXINGTON PRECISION CORP., et al.,**                            :    08-11153 (SCC)
                                                                  :
        Debtors.                                           :    (Jointly Administered)
                                                                  :
----------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER
PURSUANT TO 11 U.S.C. §§ 105(a), 361, 362, AND 363 (I) AUTHORIZING
DEBTORS TO USE CASH COLLATERAL AND (II) GRANTING ADEQUATE
PROTECTION TO PREPETITION SECURED LENDERS (TENTH EXTENSION)**

**Recitals**

        A.    Lexington Precision Corporation ("LPC") and Lexington Rubber Group, Inc. ("LRGI", and together with LPC, the "Debtors") each commenced voluntary chapter 11 cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on April 1, 2008 (the "Commencement Date"). The Debtors' chapter 11 cases (the "Cases") have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

        B.    On April 11, 2008, the United States Trustee for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

        C.    Prior to the Commencement Date, the Prepetition Senior Lenders (as defined below) made certain loans and other financial accommodations available to the Debtors pursuant to, among other things, the following documents (collectively, with any and all other

agreements, instruments, and related documents, including without limitation, guaranties, pledges, and discretionary funding letters executed by any Debtor and any Other Documents (as defined in each of the Credit Agreement (defined below) and the Loan Agreement (defined below)), the "Prepetition Senior Lender Loan Documents"):

(i) that certain Credit and Security Agreement, dated May 31, 2006 (as amended to date and as may be amended, restated or otherwise modified from time to time, the "Credit Agreement"), between the Debtors, as borrowers, and CapitalSource Finance LLC ("CapitalSource"), as a lender, as collateral agent and administrative agent for itself and other lenders under the Credit Agreement (CapitalSource, when acting in such capacity, is herein called the "Revolver Agent"), and as Co-Documentation Agent, and Webster Business Credit Corporation ("Webster") as a lender (CapitalSource and Webster, as lenders, collectively the "Prepetition Revolver Lenders") and as Co-Documentation Agent;

(ii) that certain Loan and Security Agreement, dated May 31, 2006 (as amended to date and as may be amended, restated or otherwise modified from time to time, the "Loan Agreement"), between the Debtors, as borrowers, and CSE Mortgage LLC ("CSE"), as a lender and as collateral agent for itself and each other lender under the Loan Agreement (CSE, when acting in such capacity, is herein called the "Term Loan Agent") (Revolver Agent and Term Loan Agent, collectively, the "Agents"), and DMD Special Situations Funding LLC, ("DMD"), as a lender under the Loan Agreement (DMD and CSE, as the Term Loan Agent and a lender under the Loan Agreement, along with the Revolver Agent and the Prepetition Revolver Lenders, collectively, the "Prepetition Senior Lenders").

D.  The Court approved the Debtors' use of the Prepetiton Senior Lenders' Cash Collateral (as defined in the First Cash Collateral Order) by order dated April 17, 2008 [Docket No. 61] (the "First Cash Collateral Order") and approved further extensions by orders dated March 4, 2009 [Docket No. 579] (the "Second Cash Collateral Order"), May 20, 2009 [Docket No. 634] (the "Third Cash Collateral Order"), August 17, 2009 [Docket No. 690] (the "Fourth Cash Collateral Order"); September 25, 2009 [Docket No. 725] (the "Fifth Cash Collateral Order"); October 28, 2009 [Docket No. 772] (the "Sixth Cash Collateral Order"); December 30, 2009 [Docket No. 805] (the "Seventh Cash Collateral Order"); January 19, 2009 [Docket No. 823] (the "Eighth Cash Collateral Order"); March 9, 2010 [Docket No. 851] (the "Ninth Cash Collateral Order").  The Debtors' use of Cash Collateral currently expires on April 2, 2010.

E.  Based upon plans to file a plan of reorganization consented to by the Prepetition Senior Lenders, the Debtors have requested that the Prepetition Senior Lenders consent to an extension of the Debtors' use of Cash Collateral through June 25, 2010, upon substantially the same terms as those set forth in the Sixth Cash Collateral Order.

F.  In light of the foregoing, the Debtors and the Prepetition Senior Lenders have agreed to the terms of this stipulation, agreement, and order (the "Stipulation, Agreement, and Order"), subject to approval of this Court, extending the use of the Cash Collateral on the terms set forth below.

**Agreement**

1.  The Recitals set forth above form an integral part of this Stipulation, Agreement, and Order and are incorporated fully herein.

2.    Subject to the terms and conditions set forth in Paragraphs 3, 4 and 5 below, the Debtors' use of Cash Collateral is hereby extended through and including May 28, 2010, or until the occurrence of a Termination Event; <u>provided</u> <u>that</u> the Debtors' use of Cash Collateral shall be automatically extended through and including June 25, 2010 (provided that no Termination Event occurs prior to such date) <u>in</u> <u>the</u> <u>event</u> that a plan of reorganization consented to by the Agents is confirmed by the Court in an order on or prior to May 28, 2010.  Nothing in the prior sentence shall prejudice the Debtors from seeking further extensions regarding the use of cash collateral either consensually with the Agents or in connection with a contested hearing.

3.    The Debtors shall use Cash Collateral only for (a) working capital and capital expenditures, (b) other general corporate purposes of the Debtors (including, without limitation, the making of Adequate Protection Payments (as defined below)), and (c) the costs of administration of these chapter 11 cases, with each of the foregoing in compliance with the budget (the "<u>Budget</u>"), which is annexed hereto as <u>Exhibit 1</u> and incorporated herein by reference, subject to the permitted variances as provided for in this Stipulation, Agreement, and Order and the Sixth Cash Collateral Order.

4.    The recitals, terms, conditions, and stipulations of the Sixth Cash Collateral Order (including, without limitation, the provisions for adequate protection and release of the Prepetition Senior Lenders), are incorporated herein by reference as if fully set forth herein; <u>provided</u>, <u>however</u>, that (i) all references to "December 31, 2009" shall be replaced with "May 28, 2010", or replaced with "June 25, 2010" upon confirmation of a plan of reorganization in the Cases consented to by the Agents; and (iii) for purposes of the period from April 2, 2010 through June 25, 2010, Paragraph 14(vi) of the Sixth Cash Collateral Order shall be replaced with the following language:

(vi) the aggregate total of the Debtors' short-term investments and the cash available in their Master Operating Account and the DIP Account shall not fall below the amounts corresponding to the dates set forth below:

| Week Ending | Minimum Available Cash |
|---|---|
| 2-Apr | $ 1,687,000 |
| Every Friday thereafter until 28-May (or 25-June, as applicable) | $1,600,000 |

5. Notwithstanding anything to the contrary contained herein, both the Debtors' and the Prepetition Senior Lenders' respective rights are preserved with respect to any Termination Events, known or unknown, on the terms set forth in Paragraph 11(i)(a) of the Sixth Cash Collateral Order.

6. The Parties agree that this Court shall be the exclusive forum with respect to any disputes or controversies relating to or arising under this Stipulation, Agreement, and Order.

7. This Stipulation, Agreement, and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

8. The person who executes this Stipulation, Agreement, and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such Party.

9. This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be charged.

10. This Stipulation, Agreement, and Order is subject to the approval of the Court and upon such approval shall inure to the benefit of the parties hereto and their respective successors and assigns.

[*Remainder of page intentionally left blank.*]

This Stipulation, Agreement, and Order shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

Dated: March 31, 2010
New York, New York

| /s/ Richard P. Krasnow | /s/ John C. Tishler |
|---|---|
| Richard P. Krasnow | John C. Tishler |
| Adam P. Strochak | |
| | |
| WEIL, GOTSHAL & MANGES LLP | WALLER LANSDEN DORTCH & DAVIS, LLP |
| 767 Fifth Avenue | 511 Union Street, Suite 2700 |
| New York, New York 10153 | Nashville, TN 37219 |
| Telephone: (212) 310-8000 | Telephone: (615) 244-6380 |
| Facsimile: (212) 310-8007 | Facsimile: (615) 244-6804 |
| | |
| Attorneys for Debtors and Debtors in Possession | Attorneys for the Prepetition Senior Lenders |

Dated: April 13, 2010

/s/Shelley C. Chapman
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Budget

# LEXINGTON PRECISION CORPORATION

**FORECAST OF CASH RECEIPTS, CASH DISBURSEMENTS, AND NET SALES FROM APRIL 5, 2010 THROUGH JUNE 25, 2010**
(in thousands of dollars)

| | Week Ending | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 9-Apr | 16-Apr | 23-Apr | 30-Apr | 7-May | 14-May | 21-May | 28-May | 4-Jun | 11-Jun | 18-Jun | 25-Jun |
| **Cash receipts** | 1,281 | 1,378 | 1,082 | 1,591 | 1,704 | 1,218 | 1,247 | 1,502 | 1,361 | 1,237 | 1,234 | 1,228 |
| **Cash disbursements:** | | | | | | | | | | | | |
| Debt service: | | | | | | | | | | | | |
| CapitalSource principal | - | - | - | - | 269 | - | - | - | 269 | - | - | - |
| CapitalSource interest | - | - | - | - | 122 | - | - | - | 122 | - | - | - |
| CapitalSource miscellaneous fees | - | - | - | - | 7 | - | - | - | 7 | - | - | - |
| DIP interest and fees | - | - | - | - | 33 | - | - | - | 34 | - | - | - |
| Westfield Bank | 71 | - | - | - | - | - | - | - | - | - | - | - |
| Lubin, Delano & Co. | - | - | - | - | - | - | - | - | - | - | - | - |
| Payroll and payroll taxes | 270 | 497 | 267 | 497 | 271 | 500 | 271 | 500 | 275 | 278 | 509 | 278 |
| Retirement & Savings Plan 401(k) | 14 | 38 | 14 | 38 | 14 | 38 | 14 | 14 | 38 | 14 | 38 | 14 |
| Group Medical Care Plan administrative fees | - | 11 | - | - | - | 11 | - | - | - | - | 11 | - |
| Reorganization professional fees and expenses | 80 | 24 | 86 | 90 | 210 | - | 92 | 36 | 150 | 75 | 75 | 75 |
| DIP legal counsel | - | - | - | - | - | - | - | - | - | - | - | - |
| Ordinary course professionals | 50 | 25 | 10 | 24 | - | 32 | - | 19 | - | - | - | 19 |
| Vendors: | | | | | | | | | | | | |
| Dow Corning | 37 | 37 | 32 | 32 | 37 | 37 | 32 | 32 | 37 | 43 | 38 | 38 |
| Wacker Silicones | 89 | 102 | 69 | 80 | 105 | 107 | 110 | 110 | 102 | 113 | 105 | 105 |
| All other | 545 | 544 | 544 | 566 | 523 | 546 | 452 | 470 | 537 | 579 | 463 | 428 |
| State of Ohio BWC and UMR health disbursements | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 71 | 40 | 40 | 40 | 40 |
| Commercial Traffic | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 |
| Building renovation at Rock Hill, SC facility | - | - | - | - | - | - | - | - | - | - | - | - |
| Total cash disbursed | 1,211 | 1,333 | 1,077 | 1,362 | 1,646 | 1,326 | 1,026 | 1,267 | 1,626 | 1,157 | 1,294 | 1,012 |
| **Net cash received (used)** | 70 | 45 | 5 | 229 | 58 | (108) | 221 | 235 | (265) | 80 | (60) | 216 |
| **Cumulative net cash received (used)** | 70 | 115 | 120 | 349 | 407 | 299 | 520 | 755 | 490 | 570 | 510 | 726 |
| **Ending cash balance from prior period** | 2,032 | 2,032 | 2,032 | 2,032 | 2,032 | 2,032 | 2,032 | 2,032 | 2,032 | 2,032 | 2,032 | 2,032 |
| **Net cash available** | 2,102 | 2,147 | 2,152 | 2,381 | 2,439 | 2,331 | 2,552 | 2,787 | 2,522 | 2,602 | 2,542 | 2,758 |
| **Net sales (based on date shipped)** | 1,236 | 1,255 | 1,333 | 1,332 | 1,355 | 1,354 | 1,522 | 1,528 | 1,206 | 1,370 | 1,456 | 1,516 |
| **Net cumulative sales** | 1,236 | 2,491 | 3,824 | 5,156 | 6,511 | 7,865 | 9,387 | 10,915 | 12,121 | 13,491 | 14,947 | 16,463 |

A:\LEXINGTON - CASH COLLATERAL STIPULATION AND ORDER (10).DOC