WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                                                          :
In re:                                                    :            **Chapter 11**
                                                          :
**LEXINGTON PRECISION CORP., et al.,**                    :            **Case No. 08-11153 (SCC)**
                                                          :
              **Debtors.**                                :            **(Jointly Administered)**
                                                          :
---------------------------------------------------------------------x

**DEBTORS' SECOND SUPPLEMENT TO MOTION TO (I) APPROVE THE**
**PROPOSED DISCLOSURE STATEMENT, (II) APPROVE THE PROCEDURES**
**TO SOLICIT ACCEPTANCES OF THE DEBTORS' PROPOSED PLAN, AND**
**(III) SCHEDULE A HEARING AND ESTABLISH NOTICE AND OBJECTION**
**PROCEDURES FOR CONFIRMATION OF THE DEBTORS' PROPOSED PLAN**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

        Lexington Precision Corporation and its wholly-owned subsidiary, Lexington

Rubber Group, Inc. (collectively, the "**Debtors**"), as debtors and debtors in possession, in

support of their second supplement (the "**Second Supplement**") to their motion, dated October

24, 2008, to (i) approve the proposed disclosure statement, (ii) approve the procedures to solicit

acceptances of the Debtors' proposed plan, and (iii) schedule a hearing and establish notice and

objection procedures for confirmation of the Debtors' proposed plan [Docket No. 446] (the

"**Disclosure Statement Motion**"), respectfully represent:

### Background

1.        On April 1, 2008, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.        On June 30, 2008, the Debtors filed their initial chapter 11 plan.[1]  No disclosure statement was filed for the initial plan.  On August 8, 2008, the Debtors filed their first amended chapter 11 plan[2] and the disclosure statement with respect thereto.[3]  The Debtors have since filed two additional amended chapter 11 plans,[4] and two revised disclosure statements[5] with respect thereto.

3.        On October 24, 2008, the Debtors filed the Disclosure Statement Motion. A hearing on the Debtors' proposed disclosure statement (the "**Disclosure Statement Hearing**")

---

[1] *Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated June 30, 2008 [Docket No. 196].

[2] *Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated August 8, 2008 [Docket No. 305].

[3] *Proposed Disclosure Statement for Debtors Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, filed August 8, 2008 [Docket No. 306].

[4] *See Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated December 17, 2008 [Docket No. 490]; *Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated October 6, 2009 [Docket No. 748].

[5] *See Proposed Disclosure Statement for Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated December 17, 2008 [Docket No. 489]; *Proposed Disclosure Statement for Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, filed October 6, 2009 [Docket No. 749].

2

was originally scheduled for November 24, 2008, but was subsequently adjourned several times

to allow for further plan discussions with the official committee of unsecured creditors appointed

in these chapter 11 cases (the "**Creditors' Committee**") and the Debtors' secured lenders.  On

October 6, 2009, the Debtors supplemented their Disclosure Statement Motion to reflect changes

made from the first amended plan to the third amended plan.[6]

4.        Subsequent to the filing of the Debtors' third amended chapter 11 plan, the

Debtors and the Debtors' secured lenders reached an agreement on a consensual chapter 11 plan.

Accordingly, contemporaneously herewith, the Debtors filed a fourth amended joint plan of

reorganization under chapter 11 of the Bankruptcy Code (as may be further amended or

modified, the "**Proposed Plan**")[7] and a revised proposed disclosure statement with respect

thereto (as may be further revised, the "**Proposed Disclosure Statement**").[8]

5.        Due to the passage of time and because of certain amendments that have

been made to the Debtors' Proposed Plan, the Disclosure Statement Motion is hereby

supplemented as follows.

## Supplement

6.        Pursuant to sections 105, 502, 1125, 1126, and 1128 of the Bankruptcy

Code and Bankruptcy Rules 2002, 3003, 3017, 3018, and 3020, the Debtors request that the

Court –

---

[6] *Debtors' Supplement to Motion to (I) Approve the Proposed Disclosure Statement, (II) Approve the Procedures to Solicit Acceptances of the Debtors' Proposed Plan, and (iii) Schedule a Hearing and Establish Notice and Objection Procedures for Confirmation of the Debtors' Proposed Plan*, dated October 6, 2009 [Docket No. 750].

[7] *Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated April 19, 2010 [Docket No. [___]].

[8] *Proposed Disclosure Statement for the Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated April 19, 2010 [Docket No. [___]].

(a)     approve the Proposed Disclosure Statement, as containing adequate information pursuant to section 1125 of the Bankruptcy Code;

(b)     approve the following procedures (the "**Solicitation Procedures**") for the Debtors to solicit the acceptance of the Proposed Plan, which include –

(1)     determining which holders of claims or interests may vote to accept or reject the Proposed Plan;

(2)     temporarily allowing certain claims for voting purposes;

(3)     setting **the date of entry of an order approving the Disclose Statement at 4:00 p.m (prevailing Eastern Time)** (the "**Voting Record Date**") as the date and time which determines which claim and interest holders may vote to accept or reject the Proposed Plan or receive notice of non-voting status;

(4)     setting **the date that is ten (10) days prior to the Confirmation Hearing (as defined below) at 4:00 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**") as the deadline by which the solicitation agent must receive a ballot for such ballot to be counted;

(5)     approving the materials to send to holders of claims and interests;

(6)     approving the forms of ballots and election forms (collectively, the "Ballots") substantially in the form of **Exhibits A-1A, A-1B, A-2A, A-2B, A-2C, A-3, A-4A, and A-4B,** revised forms of which are attached to this Second Supplement**;**

(7)     establishing voting and tabulation procedures; and

(8)     approving a notice to holders of claims and interests not entitled to vote advising of their status (the "**Notice of Non-Voting Status**") substantially in the form of **Exhibit B**, a revised form of which is attached to this Second Supplement; and

(c)     approve the following procedures for the confirmation of the Proposed Plan, which include –

(1)     scheduling a hearing to confirm the Proposed Plan **on a date that is no earlier than forty-five (45) days after the date of entry of an order approving the Disclose Statement** (the "**Confirmation Hearing**");

(2)     approving the form and manner of notice of the confirmation hearing (the "**Confirmation Hearing Notice**") substantially in the

form of **<u>Exhibit C</u>**, a revised form of which is attached to this Second Supplement; and

(3) establishing **the date that is the ten (10) days prior to the Confirmation Hearing at 4:00 p.m. (prevailing Eastern Time)** as the deadline to file and serve objections and responses to the Proposed Plan.

7. In addition to the aforementioned highlighted changes, the Debtors wish to modify their original proposed Solicitation Procedures as follows:

(a) The Debtors proposed to serve the Confirmation Hearing Notice upon all known creditors and other parties in interest, but not to publish the Confirmation Hearing Notice.

(b) The Debtors propose that to implement "opt-out" balloting procedures for holders of Class 9 Asbestos Personal Injury Claims whereby the Debtors will only provide holders of such claims an individual ballot (substantially in the form of Exhibit A-4A) if counsel to such holder affirmatively indicates to the Debtors that counsel **<u>is not</u>** authorized to vote such claim.

As a precautionary matter, the Confirmation Hearing Notice sent to holders of Class 9 Asbestos Personal Injury Claims will advise holders of such claims that their counsel has been provided with ballots to vote their claim and they should consult their counsel about their voting rights.

(c) Pursuant to the Plan, holders of General Unsecured Claims may elect, in full satisfaction of their claim, to (i) receive an initial cash payment of 51.0% percent of the allowed amount of their claim or (ii) to the extent their claim exceeds $2,000, drop down to a $2,000 Convenience Class Claim, which will be paid in full. Both options provide for payment as soon as reasonably practicable after the later of the effective date of the Proposed Plan and the date the claim is allowed. If the holder of a General Unsecured Claim does not make an election, such holder will receive an initial payment and nine (9) additional quarterly payments, commencing three (3) months after the initial payment. For purposes of voting and tabulation, the ballots state that a creditor may elect either the initial cash payment or drop down to the $2,000 Convenience Class Claim, but cannot elect both. To the extent that a creditor elects both options on its ballot, the Debtors propose that the ballot be deemed as an election of a $2,000 Convenience Class Claim.

8.      To the extent not inconsistent with the above, all other provisions of the
Disclosure Statement Motion still apply and are incorporated herein by reference.  A proposed
order is attached hereto as **Exhibit D**.

**Notice**

9.      No trustee or examiner has been appointed in these chapter 11 cases.
Notice of this Second Supplement has been provided to (i) the United States Trustee for the
Southern District of New York, (ii) the attorneys for the agents for the Debtors' prepetition
lenders, (iii) the attorneys for the Debtors' postpetition lenders, (iv) the attorneys for the
Creditors' Committee, (v) any person who has objected or responded to the Debtors' previously
filed proposed disclosure statement(s) and their counsel, if known, and (vi) all other parties that
have requested notice in these chapter 11 cases.  The Debtors submit that no other or further
notice need be provided.

WHEREFORE the Debtors respectfully requests the entry of an order granting the
relief requested herein and such other and further relief as is just.

Dated:  April 19, 2010
         New York, New York

                                        /s/ Adam P. Strochak
                                        Richard P. Krasnow
                                        Adam P. Strochak

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone:     (212) 310-8000
                                        Facsimile:     (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

**Table of Revised Exhibits**

Exhibit A-1A – Ballot for Holders of
Class 7 General Unsecured Claims Against Lexington Precision Corp.

Exhibit A-1B – Ballot for Holders of
Class 17 General Unsecured Claims Against Lexington Rubber Group, Inc.

Exhibit A-2A – Ballot for Beneficial Holders of
Class 5 Senior Subordinated Note Claims

Exhibit A-2B – Master Ballot for Record Holders of
Class 5 Senior Subordinated Note Claims

Exhibit A-2C – Stock Election Form for Holders of
Class 5 Senior Subordinated Note Claims

Exhibit A-3 – Ballot for Holders of [Classes 2(a) and 14(a)
CapitalSource Secured Claims/Class 2(b) and14(b) CSE Secured Claims]

Exhibit A-4A –Ballot for Holders of
Class 9 Asbestos Personal Injury Claims

Exhibit A-4B – Master Ballot for Counsel to
Holders of Class 9 Asbestos Personal Injury Claims

Exhibit B – Notice of Non-Voting Status

Exhibit C – Confirmation Hearing Notice

Exhibit D – Proposed Disclosure Statement Order

**<u>Exhibit A-1A</u>**

**Ballot for Holders of Class 7 General
Unsecured Claims Against Lexington Precision Corp.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                              :
In re:                                        :        **Chapter 11**
                                              :
**LEXINGTON PRECISION CORP., et al.,**        :        **Case No. 08-11153 (SCC)**
                                              :
           Debtors.                           :        **(Jointly Administered)**
                                              :
----------------------------------------------------------------x

**BALLOT FOR HOLDERS OF CLASS 7 GENERAL**
**UNSECURED CLAIMS AGAINST LEXINGTON PRECISION CORP.**

   Lexington Precision Corporation ("**Lexington Precision**") and Lexington Rubber Group, Inc. ("**Lexington Rubber Group**" and together with Lexington Precision, the "**Debtors**"), as debtors and debtors in possession, are soliciting votes with respect to the Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated April 19, 2010 (as it may be further amended, the "**Proposed Plan**"), from the holders of certain impaired claims and interests against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan.  If you have any questions on how to properly complete this Ballot, please call Financial Balloting Group LLC (the "**Solicitation Agent**") at (646) 282-1800.

   This Ballot is to be used for voting by holders of General Unsecured Claims against Lexington Precision.

   In order for your vote to be counted, the Ballot must be properly completed, signed, and returned to the Solicitation Agent so that it is actually received by the Solicitation Agent, Financial Balloting Group LLC, Attn: Lexington Precision Ballot Tabulation, 757 Third Avenue, 3rd Floor, New York, New York 10017, by no later than **4:00 p.m. (prevailing Eastern Time) on [___], 2010 (the "Voting Deadline")**, unless such time is extended by the Debtors.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1. Amount of General Unsecured Claims.**  For purposes of voting to accept or reject the Proposed Plan, the undersigned holds General Unsecured Claims against the Debtor referenced below in the amount set forth below.

     **Debtor**   _____

     **Amount**   $_____

**Item 2. Vote on the Proposed Plan.** The undersigned holder of the General Unsecured Claim set forth in Item 1 above hereby votes to:

<u>**Check One Box Only**</u>

☐ **Accept** the Proposed Plan

☐ **Reject** the Proposed Plan

**Item 3. OPTIONAL - Convenience Class/Lump Sum Cash Payment Election.** By checking one of the boxes below, you **may** elect to receive in full satisfaction of your claim

(a) if the allowed amount of your claim is greater than $2,000, a **$2,000** claim treated as a Convenience Claim against the above-referenced Debtor and paid in full in cash as soon as reasonably practicable after the later of (i) the effective date of the Proposed Plan and (ii) the date your claim is allowed,

<u>**or**</u>

(b) a lump-sum cash payment equal to **51.0%** of your allowed claim as soon as reasonably practicable after the later of (i) the effective date of the Proposed Plan and (ii) the date your claim is allowed.

If you do not make one of the above elections, you shall receive an initial cash payment equal to **8.0%** of your Allowed Claim payable as soon as reasonably practicable after the later of (i) the effective date of the Proposed Plan and (ii) the date your claim is Allowed **plus nine (9)** additional equal quarterly cash payments, each in an amount equal to **8.6%** of your Allowed Claim commencing **three (3) months** after the later of (x) the effective date of the Proposed Plan and (ii) the date your claim is allowed.

**You may only choose to make one of the above elections. You cannot select both options. If you select both boxes, we will assume you intended to reduce your claim to a $2,000 convenience class claim.**

**Elect to have Allowed Claim     ☐
Treated as a Convenience Claim**

**Elect Lump Sum Cash Payment     ☐**

**Item 4. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement for the Proposed Plan, dated April 19, 2010 (as it may be amended, the "<u>**Disclosure Statement**</u>"), including all exhibits thereto. The undersigned certifies that (i) it is the holder of the General Unsecured Claim against the Debtor identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Proposed Plan. The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Proposed Plan contained therein.

Print or Type Name of Claimant _____

Social Security No./Federal Tax I.D. No. _____

Signature _____

Name of Signatory (if different than claimant) _____

If by Authorized Agent, Title of Agent _____

Street Address _____

_____

City, State and Zip Code _____

Telephone Number _____

Email Address _____

Date Completed _____

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF
GENERAL UNSECURED CLAIMS**

1.    This Ballot is submitted to you to solicit your vote to accept or reject the Proposed Plan.
**PLEASE READ THE PROPOSED PLAN AND THE DISCLOSURE STATEMENT
CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.    The Proposed Plan will be accepted by a Class if it is accepted by the holders of two-thirds in
amount and more than one-half in number of Claims in that Class voting on the Proposed Plan.
In the event that Class rejects the Proposed Plan, the Bankruptcy Court may nevertheless confirm
the Proposed Plan and thereby make it binding on you if the Bankruptcy Court finds that the
Proposed Plan does not unfairly discriminate against, and accords fair and equitable treatment to,
the holders of Claims in that Class and all other Classes of Claims rejecting the Proposed Plan,
and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the
Proposed Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Equity
Interests in the Debtors (including those holders who abstain from voting or reject the Proposed
Plan, and those holders who are not entitled to vote on the Proposed Plan) will be bound by the
confirmed Proposed Plan and the transactions contemplated thereby.

3.    To have your vote counted, you must complete, sign, and return this Ballot to Financial Balloting
Group (the "**Solicitation Agent**") so that it is <u>received</u> by the Solicitation Agent by no later than
**4:00 p.m. (prevailing Eastern Time) on [\_\_], 2010 (the "<u>Voting Deadline</u>")**, unless such time
is extended in writing by the Debtors.  Ballots must be delivered either by mail with the enclosed
envelope <u>or</u> by hand delivery or overnight courier to the Solicitation Agent at the following
address:

> **FINANCIAL BALLOTING GROUP LLC**
> **ATTN: LEXINGTON PRECISION BALLOT TABULATION**
> **757 THIRD AVENUE, 3RD FLOOR**
> **NEW YORK, NEW YORK 10017**
> **(646) 282-1800**

**Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission.**

4.    To properly complete the Ballot, you must follow the procedures described below:

a.    make sure that the information contained in Item 1 is correct;

b.    if you have a Claim in Class referenced in the Ballot, cast one vote to accept or reject the
Proposed Plan by checking the appropriate box in Item 2;

c.    If you wish to make an election to (i) reduce your claim to a $2,000 convenience class
claim or (ii) receive a reduced lump-sum payment rather than periodic payments over
time, you may make such election in Item 3.  You **cannot** elect both options.  If you do,
we will assume you intended to reduce your claim to a $2,000 Convenience Claim;

d.    if you are completing this Ballot on behalf of another person or entity, indicate your
relationship with such person or entity and the capacity in which you are signing and
submit satisfactory evidence of your authority to so act (<u>e.g.</u>, a power of attorney or a
certified copy of board resolutions authorizing you to so act);

e.       if you also hold other claims or interests in classes that are entitled to vote, you should receive a different Ballot for each such claim or interest.  Your vote will be counted in determining acceptance or rejection of the Proposed Plan by a particular Class only if you complete, sign, and return the Ballot labeled for that Class in accordance with the instructions on that Ballot;

f.       if you believe that you have received the wrong Ballot, please contact the Solicitation Agent immediately;

g.       provide your name and mailing address;

h.       sign and date your Ballot; and

i.       return your Ballot (with an original signature) using the enclosed pre-addressed return envelope.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT, FINANCIAL BALLOTING GROUP LLC AT (646) 282-1800.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

## **<u>Exhibit A-1B</u>**

**Ballot for Holders of Class 17 General
Unsecured Claims Against Lexington Rubber Group, Inc.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                             :
In re:                                       :        **Chapter 11**
                                             :
**LEXINGTON PRECISION CORP., et al.,**       :        **Case No. 08-11153 (SCC)**
                                             :
               Debtors.                      :        **(Jointly Administered)**
                                             :
-------------------------------------------------------------x

**BALLOT FOR HOLDERS OF CLASS 17 GENERAL**
**UNSECURED CLAIMS AGAINST LEXINGTON RUBBER GROUP, INC.**

Lexington Precision Corporation ("**Lexington Precision**") and Lexington Rubber Group, Inc. ("**Lexington Rubber Group**" and together with Lexington Precision, the "**Debtors**"), as debtors and debtors in possession, are soliciting votes with respect to the Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated April 19, 2010 (as it may be further amended, the "**Proposed Plan**"), from the holders of certain impaired claims and interests against the Debtors. All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan. If you have any questions on how to properly complete this Ballot, please call Financial Balloting Group LLC (the "**Solicitation Agent**") at (646) 282-1800.

This Ballot is to be used for voting by holders of General Unsecured Claims against Lexington Rubber Group.

In order for your vote to be counted, the Ballot must be properly completed, signed, and returned to the Solicitation Agent so that it is actually received by the Solicitation Agent, Financial Balloting Group LLC, Attn: Lexington Precision Ballot Tabulation, 757 Third Avenue, 3rd Floor, New York, New York 10017, by no later than **4:00 p.m. (prevailing Eastern Time) on [___], 2010 (the "Voting Deadline")**, unless such time is extended by the Debtors.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1. Amount of General Unsecured Claims.** For purposes of voting to accept or reject the Proposed Plan, the undersigned holds General Unsecured Claims against the Debtor referenced below in the amount set forth below.

                    **Debtor**    _____

                    **Amount**    $_____

**Item 2.  Vote on the Proposed Plan.**  The undersigned holder of the General Unsecured Claim set forth in Item 1 above hereby votes to:

<u>**Check One Box Only**</u>

☐ **Accept** the Proposed Plan

☐ **Reject** the Proposed Plan

**Item 3.  OPTIONAL - Convenience Class/Lump Sum Cash Payment Election.**  By checking one of the boxes below, you **<u>may</u>** elect to receive in full satisfaction of your claim

(c)  if the allowed amount of your claim is greater than $2,000, a $2,000 claim treated as a Convenience Claim against the above-referenced Debtor and paid in full in cash as soon as reasonably practicable after the later of (i) the effective date of the Proposed Plan and (ii) the date your claim is allowed,

<u>**or**</u>

(d)  a lump-sum cash payment equal to **51.0%** of your allowed claim as soon as reasonably practicable after the later of (i) the effective date of the Proposed Plan and (ii) the date your claim is allowed.

If you do not make one of the above elections, you shall receive an initial cash payment equal to **10.0%** of the sum of (a) your Allowed Claim and (b) interest on such Allowed Claim from the Commencement Date through and including the Effective Date calculated at the federal judgment rate or such other rate as the Bankruptcy Court may determine, payable as soon as reasonably practicable after the later of (i) the effective date of the Proposed Plan and (ii) the date your claim is Allowed **<u>plus</u> nine (9)** additional equal quarterly cash payments, each in an amount equal to **10.75%** of the sum of (a) your Allowed Claim and (b) interest on such Allowed Claim from the Commencement Date through and including the Effective Date calculated at the federal judgment rate or such other rate as the Bankruptcy Court may determine, and commencing **three (3) months** after the later of (x) the effective date of the Proposed Plan and (y) the date your claim is allowed.

**You may only choose to make one of the above elections.  You cannot select both options.  If you select both boxes, we will assume you intended to reduce your claim to a $2,000 Convenience Claim.**

**Elect to have Allowed Claim
Treated as a Convenience Claim**   ☐

**Elect Lump Sum Cash Payment**   ☐

**Item 4.  Acknowledgements and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement for the Proposed Plan, dated April 19, 2010 (as it may be amended, the "**Disclosure Statement**"), including all exhibits thereto.  The undersigned certifies that (i) it is the holder of the General Unsecured Claim against the Debtor identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Proposed Plan.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and

the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Proposed Plan contained therein.

| | |
|---|---|
| **Print or Type Name of Claimant** | _____ |
| **Social Security No./Federal Tax I.D. No.** | _____ |
| **Signature** | _____ |
| **Name of Signatory (if different than claimant)** | _____ |
| **If by Authorized Agent, Title of Agent** | _____ |
| **Street Address** | _____ |
| | _____ |
| **City, State and Zip Code** | _____ |
| **Telephone Number** | _____ |
| **Email Address** | _____ |
| **Date Completed** | _____ |

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF
GENERAL UNSECURED CLAIMS**

1.    This Ballot is submitted to you to solicit your vote to accept or reject the Proposed Plan.
**PLEASE READ THE PROPOSED PLAN AND THE DISCLOSURE STATEMENT
CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.    The Proposed Plan will be accepted by a Class if it is accepted by the holders of two-thirds in
amount and more than one-half in number of Claims in that Class voting on the Proposed Plan.
In the event that Class rejects the Proposed Plan, the Bankruptcy Court may nevertheless confirm
the Proposed Plan and thereby make it binding on you if the Bankruptcy Court finds that the
Proposed Plan does not unfairly discriminate against, and accords fair and equitable treatment to,
the holders of Claims in that Class and all other Classes of Claims rejecting the Proposed Plan,
and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the
Proposed Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Equity
Interests in the Debtors (including those holders who abstain from voting or reject the Proposed
Plan, and those holders who are not entitled to vote on the Proposed Plan) will be bound by the
confirmed Proposed Plan and the transactions contemplated thereby.

3.    To have your vote counted, you must complete, sign, and return this Ballot to Financial Balloting
Group (the "<u>**Solicitation Agent**</u>") so that it is <u>received</u> by the Solicitation Agent by no later than
**4:00 p.m. (prevailing Eastern Time) on [ __ ], 2010 (the "<u>Voting Deadline</u>")**, unless such time
is extended in writing by the Debtors.  Ballots must be delivered either by mail with the enclosed
envelope <u>or</u> by hand delivery or overnight courier to the Solicitation Agent at the following
address:

> **FINANCIAL BALLOTING GROUP LLC**
> **ATTN: LEXINGTON PRECISION BALLOT TABULATION**
> **757 THIRD AVENUE, 3RD FLOOR**
> **NEW YORK, NEW YORK 10017**
> **(646) 282-1800**

**Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission.**

4.    To properly complete the Ballot, you must follow the procedures described below:

    a.    make sure that the information contained in Item 1 is correct;

    b.    if you have a Claim in Class referenced in the Ballot, cast one vote to accept or reject the
Proposed Plan by checking the appropriate box in Item 2;

    c.    If you wish to make an election to (i) reduce your claim to a $2,000 convenience class
claim or (ii) receive a reduced lump-sum payment rather than periodic payments over
time, you may make such election in Item 3.  You **<u>cannot</u>** elect both options.  If you do,
we will assume you intended to reduce your claim to a $2,000 Convenience Claim;

    d.    if you are completing this Ballot on behalf of another person or entity, indicate your
relationship with such person or entity and the capacity in which you are signing and
submit satisfactory evidence of your authority to so act (<u>e.g.</u>, a power of attorney or a
certified copy of board resolutions authorizing you to so act);

    e.    if you also hold other claims or interests in classes that are entitled to vote, you should receive a different Ballot for each such claim or interest.  Your vote will be counted in determining acceptance or rejection of the Proposed Plan by a particular Class only if you complete, sign, and return the Ballot labeled for that Class in accordance with the instructions on that Ballot;

    f.    if you believe that you have received the wrong Ballot, please contact the Solicitation Agent immediately;

    g.    provide your name and mailing address;

    h.    sign and date your Ballot; and

    i.    return your Ballot (with an original signature) using the enclosed pre-addressed return envelope.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT, FINANCIAL BALLOTING GROUP LLC AT (646) 282-1800.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**<u>Exhibit A-2A</u>**

**Ballot for Beneficial Holders of Class 5
Senior Subordinated Note Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                               :

In re:                          :         **Chapter 11**
                                :

**LEXINGTON PRECISION CORP., et al.,**  :        **Case No. 08-11153 (SCC)**
                                :

                **Debtors.**         :         **(Jointly Administered)**
                                :
-------------------------------------------------------------x

## BALLOT FOR BENEFICIAL HOLDERS OF CLASS 5
## SENIOR SUBORDINATED NOTE CLAIMS

        Lexington Precision Corporation ("**Lexington Precision**") and Lexington Rubber Group, Inc. ("**Lexington Rubber Group**" and together with Lexington Precision, the "**Debtors**"), as debtors and debtors in possession, are soliciting votes with respect to the Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated April 19, 2010 (as it may be further amended, the "**Proposed Plan**"), from the holders of certain impaired claims interests against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan.  If you have any questions on how to properly complete this Ballot, please call Financial Balloting Group LLC (the "**Solicitation Agent**") at (646) 282-1800.

        Class 5 (Senior Subordinated Note Claims) includes the 12% Senior Subordinated Notes due 2009 (the "**Senior Subordinated Notes**") pursuant to the indenture, dated as of December 18, 2003, between Wilmington Trust Company, as indenture trustee, and Lexington Precision. **THIS BALLOT IS ONLY FOR THE BENEFICIAL HOLDERS OF THE SENIOR SUBORDINATED NOTE CLAIMS.**

        In order for your vote to be counted, this Ballot must be properly completed, signed, and returned in the envelope provided.  The deadline for the receipt by the Solicitation Agent of all Ballots (including Ballots and Master Ballots cast on behalf of beneficial holders) is no later than **4:00 p.m. (prevailing Eastern Time) on [__], 2010 (the "Voting Deadline")**, unless such time is extended in writing by the Debtors.

        **IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BANK, BROKER, OR OTHER VOTING NOMINEE (EACH OF THE FOREGOING, A "VOTING NOMINEE"), PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE SOLICITATION AGENT BEFORE THE VOTING DEADLINE.**

<u>**Important Notice Regarding Class 5 Stock Election**</u>

        Instead of a cash payment of 51.0% of its Allowed Claim, a holder of Class 5 Senior Subordinated Note Claims may elect to receive shares of New LPC Common Stock (as defined in the Proposed Plan) in an amount equal to (x) the product of the holder's Allowed Claim and 51.0%, <u>divided by</u> (y) $10.00 (the "Class 5 Stock Election").  Holders who wish to make the Class 5 Stock Election must instruct their nominee to make the Class 5 Stock Election on their behalf.  A Class 5 Stock Election will

only apply to those Senior Subordinated Notes that have been tendered into the Automated Tender Offer Program system at the Depository Trust Company as of the Voting Deadline.  Only a holder's nominee can effect a Class 5 Stock Election on behalf of a holder.

If you wish to make the Class 5 Stock Election, you must follow the directions of your nominee with respect to relaying your instructions to them.  The nominee must have effected the Class 5 Stock Election on your behalf by the Voting Deadline in order for the Class 5 Stock Election to be valid.

IF YOU EXERCISE THE CLASS 5 STOCK ELECTION, YOU WILL BE UNABLE TO TRADE OR OTHERWISE TRANSFER YOUR SENIOR SUBORDINATED NOTES.

MATERIALS RELATING TO THE CLASS 5 STOCK ELECTION ARE BEING DISTRIBUTED SEPARATELY FROM THIS BALLOT.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1. Principal Amount of Senior Subordinated Note Claims.**  The undersigned hereby certifies that as of [_____], 2010, the undersigned was the beneficial holder (or authorized signatory for a beneficial holder), or the Voting Nominee of a beneficial holder, of 12% Senior Subordinated Notes in the following aggregate unpaid principal amount (insert amount in box below).  If your 12% Senior Subordinated Notes are held by a Voting Nominee on your behalf and you do not know the amount of the 12% Senior Subordinated Notes held, please contact your Voting Nominee immediately.

**Principal amount of
Senior Subordinated Notes**    $_____

**Item 2. Vote on the Proposed Plan**.  The beneficial holder of the 12% Senior Subordinated Notes identified in Item 1 hereby votes to:

<u>**Check One Box Only**</u>

☐ **Accept** the Proposed Plan

☐ **Reject** the Proposed Plan

**Item 3. Certification as to Senior Subordinated Note Claims held in Additional Accounts**.  By completing and returning this Ballot, the beneficial holder certifies that either (a) it has not submitted any other Ballots for other Class 5 Senior Subordinated Note Claims held in other accounts or other record names or (b) it has provided the information specified in the following table for all other Class 5 Senior Subordinated Note Claims for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Proposed Plan (please use additional sheets of paper if necessary):

**ONLY COMPLETE THIS SECTION IF YOU HAVE
VOTED CLASS 5 BALLOTS OTHER THAN THIS BALLOT.**

| Account Number | Name of Holder[1] | Amount of Other Senior Subordinated Note Claims Voted | Cusip of Other Senior Subordinated Note Claims Voted |
|---|---|---|---|
| | | | |

**Item 4. Acknowledgements and Certification**.  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement for the Proposed Plan, dated April 19, 2010 (as it may be amended, the "**Disclosure Statement**"), including all exhibits thereto.  The undersigned certifies that (i) it is the holder of the Senior Subordinated Note Claims identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Proposed Plan.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Proposed Plan contained therein.

| | |
|---|---|
| **Print or Type Name of Claimant** | _____ |
| **Social Security No./Federal Tax I.D. No.** | _____ |
| **Signature** | _____ |
| **Name of Signatory (if different than claimant)** | _____ |
| **If by Authorized Agent, Title of Agent** | _____ |
| **Street Address** | _____ |
| | _____ |
| **City, State and Zip Code** | _____ |
| **Telephone Number** | _____ |
| **Email Address** | _____ |
| **Date Completed** | _____ |

---

[1] Insert your name if the 12% Senior Subordinated Notes are held by you in record name or, if held in street name, insert the name of your broker or bank.

**VOTING INSTRUCTIONS FOR COMPLETING THE
BALLOT FOR HOLDERS OF CLASS 5
SENIOR SUBORDINATED NOTE CLAIMS**

1.      This Ballot is submitted to you to solicit your vote to accept or reject the Proposed Plan.
**PLEASE READ THE PROPOSED PLAN AND THE DISCLOSURE STATEMENT
CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.      The Proposed Plan will be accepted by Class 5 if it is accepted by the holders of two-thirds in
amount and more than one-half in number of Claims in Class 5 voting on the Proposed Plan.  In
the event that Class 5 rejects the Proposed Plan, the Bankruptcy Court may nevertheless confirm
the Proposed Plan and thereby make it binding on you if the Bankruptcy Court finds that the
Proposed Plan does not unfairly discriminate against, and accords fair and equitable treatment to,
the holders of Claims in Class 5 and all other Classes of Claims rejecting the Proposed Plan, and
otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Proposed
Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Equity Interests in
the Debtors (including those holders who abstain from voting on or reject the Proposed Plan, and
those holders who are not entitled to vote on the Proposed Plan) will be bound by the confirmed
Proposed Plan and the transactions contemplated thereby.

3.      In order for your Class 5 vote to be counted, this Ballot must be properly completed, signed, and
returned in the envelope provided.  The deadline for the receipt by the Solicitation Agent of all
Ballots (including Beneficial Holder Ballots and Master Ballots cast on behalf of beneficial
holders) is no later than **4:00 p.m. (prevailing Eastern Time) on [___], 2010, (the "<u>Voting
Deadline</u>")**, unless such time is extended in writing by the Debtors.

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BANK,
BROKER, OR OTHER VOTING NOMINEE, PLEASE ALLOW SUFFICIENT TIME
FOR YOUR VOTING NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT
AND RETURN THE MASTER BALLOT TO THE SOLICITATION AGENT BEFORE
THE VOTING DEADLINE.**

**Ballots will not be accepted by telecopy, facsimile, or other electronic means of
transmission.**

4.      To properly complete this Ballot, you must follow the procedures described below:

        a.      make sure that the information contained in Item 1 is correct;

        b.      cast a vote to accept or reject the Proposed Plan by checking the appropriate box in
                Item 2;

        c.      provide the information required by Item 3, if applicable to you;

        d.      if you are completing this Ballot on behalf of another person or entity, indicate your
                relationship with such person or entity and the capacity in which you are signing and
                submit satisfactory evidence of your authority to so act (<u>e.g.</u>, a power of attorney or a
                certified copy of board resolutions authorizing you to so act);

e.      if you also hold other claims or interests in classes entitled to vote, you should receive a different Ballot for each such claim or interest.  Your vote will be counted in determining acceptance or rejection of the Proposed Plan by a particular class only if you complete, sign and return the Ballot labeled for that class in accordance with the instructions on that Ballot;

f.      if you believe that you have received the wrong Ballot, please contact the Solicitation Agent immediately;

g.      provide your name and mailing address;

h.      sign and date your Ballot; and

i.      return your Ballot (with an original signature) using the enclosed pre-addressed return envelope.

IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL HOLDER BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BENEFICIAL HOLDER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BENEFICIAL HOLDER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT, FINANCIAL BALLOTING GROUP LLC AT (646) 282-1800.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

---

**Important Notice Regarding Class 5 Stock Election**

Instead of a cash payment of 51.0% of its Allowed Claim, a holder of Class 5 Senior Subordinated Note Claims may elect to receive shares of New LPC Common Stock (as defined in the Proposed Plan) in an amount equal to (x) the product of the holder's Allowed Claim and 51.0%, divided by (y) $10.00 (the "**Class 5 Stock Election**").  Holders who wish to make the Class 5 Stock Election must instruct their nominee to make the Class 5 Stock Election on their behalf.  A Class 5 Stock Election will only apply to those Senior Subordinated Notes that have been tendered into the Automated Tender Offer Program system at the Depository Trust Company as of the Voting Deadline.  Only a holder's nominee can effect a Class 5 Stock Election on behalf of a holder.

If you wish to make the Class 5 Stock Election, you must follow the directions of your nominee with respect to relaying your instructions to them.  The nominee must have effected the Class 5 Stock Election on your behalf by the Voting Deadline in order for the Class 5 Stock Election to be valid.

IF YOU EXERCISE THE CLASS 5 STOCK ELECTION, YOU WILL BE UNABLE TO TRADE OR OTHERWISE TRANSFER YOUR SENIOR SUBORDINATED NOTES.

MATERIALS RELATING TO THE CLASS 5 STOCK ELECTION ARE BEING DISTRIBUTED SEPARATELY FROM THIS BALLOT.

## **Exhibit B-2B**

**Master Ballots for Record Holders of Class 5
Senior Subordinated Note Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                           :
In re:                                     :        **Chapter 11**
                                           :
**LEXINGTON PRECISION CORP., et al.,**     :        **Case No. 08-11153 (SCC)**
                                           :
            **Debtors.**                   :        **(Jointly Administered)**
                                           :
----------------------------------------------------------------x

### MASTER BALLOTS FOR RECORD HOLDERS OF
### CLASS 5 SENIOR SUBORDINATED NOTE CLAIMS

Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber Group" and together with Lexington Precision, the "Debtors"), as debtors and debtors in possession, are soliciting votes with respect to the Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated April 19, 2010 (as it may be further amended, the "Proposed Plan"), from the holders of certain impaired claims and interests against the Debtors. All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan. If you have any questions on how to properly complete this Ballot, please call Financial Balloting Group LLC (the "Solicitation Agent") at (646) 282-1800.

Class 5 (Senior Subordinated Note Claims) includes the 12% Senior Subordinated Notes due 2009 pursuant to the indenture, dated as of December 18, 2003, between Wilmington Trust Company, as indenture trustee, and Lexington Precision (the "12% Senior Subordinated Notes"). **THIS MASTER BALLOT IS ONLY FOR CASTING VOTES ON BEHALF OF BENEFICIAL HOLDERS OF THE 12% SENIOR SUBORDINATED NOTES.**

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Voting Nominee"); or as the proxy holder of a Voting Nominee or beneficial holder for the 12% Senior Subordinated Notes, to transmit to the Solicitation Agent the votes of such beneficial holders in respect of their Senior Subordinated Note Claims to accept or reject the Proposed Plan.**

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.  Certification of Authority to Vote.**  The undersigned certifies that as of [___], 2010 (the Record Date under the Proposed Plan), the undersigned (please check appropriate box):

☐　　Is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the 12% Senior Subordinated Notes listed in Item 2 below, and is the registered holder of such securities, or

☐　　Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of the 12% Senior Subordinated Notes listed in Item 2 below, or

☐　　Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of 12% Senior Subordinated Notes listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Proposed Plan, on behalf of the Senior Subordinated Note Claims held by the beneficial owners of the 12% Senior Subordinated Notes described in Item 2.

**Item 2.  Vote.**  The undersigned transmits the following votes of beneficial holders in respect of their Senior Subordinated Note Claims, and certifies that the following beneficial holders of the 12% Senior Subordinated Notes, as identified by their respective customer account numbers set forth below, are beneficial holders of such securities as of [___], 2010, the Record Date, and have delivered to the undersigned, as Voting Nominee, their ballots ("Beneficial Holder Ballots") casting such votes.  Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table.  Please note each beneficial holder must vote all of his, her, or its Senior Subordinated Note Claims to accept or to reject the Proposed Plan and may not split such vote.

| Your Customer Account Number for Each Beneficial Holder of Voting 12% Senior Subordinated Notes | Principal Amount of 12% Senior Subordinated Notes | Accept | Reject |
|---|---|---|---|
| 1. | $ | | |
| 2. | $ | | |
| 3. | $ | | |
| 4. | $ | | |
| 5. | $ | | |
| 6. | $ | | |
| 7. | $ | | |
| 8. | $ | | |
| 9. | $ | | |
| TOTALS: | $ | | |

　　*In order to vote on the Proposed Plan, the beneficial holder must have checked a box in Item 2 to ACCEPT or REJECT the Proposed Plan on its individual Beneficial Holder Ballot.  By order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), if the beneficial holder did not check a box in Item 2 on its individual Beneficial Holder Ballot, its vote will not be counted.

**Item 3. Certification as to Transcription of Information from Item 3 as to Senior Subordinated Note Claims Voted Through Other Beneficial Holder Ballots.** The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by beneficial holders in Item 3 of the beneficial holder's original Beneficial Holder Ballot, identifying any Senior Subordinated Note Claims for which such beneficial owners have submitted other Beneficial Holder Ballots other than to the undersigned:

| YOUR Customer Account Number for Each Beneficial Owner Who Completed Item 3 of the Beneficial Holder Ballots | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL OWNER BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number | Name of Owner | Amount of Other 12% Senior Subordinated Notes Voted | Cusip of Other 12% Senior Subordinated Noted Voted |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

**Item 4.   Certification.** By signing this Master Ballot, the undersigned certifies that each beneficial holder of the 12% Senior Subordinated Notes listed in Item 2 above has been provided with a copy of the Disclosure Statement, including the exhibits thereto, and acknowledges that the solicitation of votes for the Proposed Plan is subject to all of the terms and conditions set forth in the Disclosure Statement.

Name of Voting Nominee  _____

Participant Number  _____

Name of Proxy Holder or Agent
for Voting Nominee (if applicable):  _____

Social Security No./Federal Tax I.D. No.  _____

Signature  _____

By (if applicable)  _____

Title (if applicable)  _____

Street Address  _____

City, State and Zip Code  _____

Telephone Number  _____

Email Address  _____

Date Completed  _____

## INSTRUCTIONS FOR COMPLETING THE
## MASTER BALLOT FOR RECORD HOLDERS OF
## CLASS 5 SENIOR SUBORDINATED NOTE CLAIMS

**VOTING DEADLINE/SOLICITATION AGENT:**

**The Voting Deadline is 4:00 p.m. (prevailing Eastern Time) on [__], 2010, unless extended by the Debtors in writing.**  To have the vote of the beneficial holder(s) for whom you act as Voting Nominee count, you must complete, sign, and return the Master Ballot so that it is actually received by the Solicitation Agent, before the Voting Deadline.  The Solicitation Agent is:

> **FINANCIAL BALLOTING GROUP LLC**
> **ATTN: LEXINGTON PRECISION BALLOT TABULATION**
> **757 THIRD AVENUE, 3RD FLOOR**
> **NEW YORK, NEW YORK 10017**
> **(646) 282-1800**

The Master Ballot will not be accepted by telecopy, facsimile, or other electronic means of transmission.

**HOW TO VOTE:**

If you are both the registered owner <u>and</u> the beneficial holder of any principal amount of the 12% Senior Subordinated Notes and you wish to vote any Senior Subordinated Note Claims held on account thereof, you may complete, execute and return to the Solicitation Agent <u>either</u> an individual Beneficial Holder Ballot or a Master Ballot.

**If you are transmitting the votes of any beneficial holders of Senior Subordinated Note Claims other than yourself, you may <u>either</u>:**

1.  "Prevalidate" the individual Beneficial Holder Ballot contained in the materials sent out in connection with the voting and solicitation of the Proposed Plan (collectively, the "<u>Solicitation Package</u>") and then forward the Solicitation Package to the beneficial owner of the Senior Subordinated Note Claims for voting within five (5) business days after the receipt by such Voting Nominee of the Solicitation Package, with the beneficial owner then returning the individual Beneficial Holder Ballot directly to the Solicitation Agent in the return envelope to be provided in the Solicitation Package.  A Voting Nominee "prevalidates" a Beneficial Holder Ballot by indicating thereon the record holder of the Senior Subordinated Note Claims voted, the amount of the 12% Senior Subordinated Notes held by the beneficial holder, and the appropriate account numbers through which the beneficial owner's holdings are derived.  The beneficial owner shall return the "prevalidated" Beneficial Holder Ballot to the Solicitation Agent;

OR

2.  Forward the Solicitation Package to the beneficial owner of the Senior Subordinated Note Claims for voting together with a return envelope provided by and addressed to the Voting Nominee, with the beneficial owner then returning the individual Beneficial Holder Ballot to the Voting Nominee.  In such case, the

Voting Nominee will tabulate the votes of its respective beneficial owners on a Master Ballot that will be provided to the Voting Nominee separately by the Solicitation Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Solicitation Agent.  The Voting Nominee should advise the beneficial owners to return their individual Beneficial Holder Ballots to the Voting Nominee by a date calculated by the Voting Nominee to allow it to prepare and return the Master Ballot to the Solicitation Agent so that the Master Ballot is <u>actually</u> <u>received</u> by the Solicitation Agent by the Voting Deadline.

With respect to all Beneficial Owner Ballots returned to you, you must properly complete the Master Ballot, as follows:

a.      Check the appropriate box in Item 1 on the Master Ballot;

b.      Indicate the votes to accept or reject the Proposed Plan in Item 2 of the Master Ballot, as transmitted to you by the beneficial owners of the Senior Subordinated Note Claims.  To identify such beneficial holders without disclosing their names, please use the customer account number assigned by you to each such beneficial owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each beneficial owner and the assigned number).  **IMPORTANT:  EACH BENEFICIAL HOLDER MUST VOTE <u>ALL</u> OF HIS, HER, OR ITS SENIOR SUBORDINATED NOTE CLAIMS <u>EITHER</u> TO ACCEPT <u>OR</u> REJECT THE PROPOSED PLAN, AND MAY NOT SPLIT SUCH VOTE.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE SOLICITATION AGENT IMMEDIATELY.**  By order of the Bankruptcy Court, any Beneficial Holder Ballot that is signed, dated, and timely received, but does not indicate acceptance or rejection of the Proposed Plan will not be counted;

c.      Please note that Item 3 of the Master Ballot requests that you transcribe the information provided by each beneficial owner in Item 3 of each completed Beneficial Holder Ballot relating to other Senior Subordinated Note Claims voted;

d.      Review the certification in Item 4 of the Master Ballot;

e.      Sign and date the Master Ballot, and provide the remaining information requested;

f.      If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

g.      Contact the Solicitation Agent if you need any additional information; and

h.      Deliver the completed, executed Master Ballot (containing an original signature) so as to be <u>received</u> by the Solicitation Agent before the Voting Deadline.  For each completed, executed Beneficial Holder Ballot returned to you by a beneficial owner, either forward such Beneficial Holder Ballot (along with your

Master Ballot) to the Solicitation Agent or retain such Beneficial Holder Ballot in your files for one year from the Voting Deadline.

**PLEASE NOTE:**

      **The Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Proposed Plan.**  Holders should not surrender, at this time, certificates representing their securities.  Neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates surrendered together with the Master Ballot.

      No Beneficial Holder Ballot nor Master Ballot shall constitute or be deemed a proof of claim or interest or an assertion of a claim or interest.

      No fees, commissions, or other remuneration will be payable to any Voting Nominee for soliciting votes on the Proposed Plan.  We will, however, reimburse you for reasonable, documented, actual costs and expenses incurred by you in forwarding the Beneficial Holder Ballots and other enclosed materials to the beneficial owners of the 12% Senior Subordinated Notes held by you as a Voting Nominee or in a fiduciary capacity and in tabulating the Beneficial Holder Ballots.

      **NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE DEBTORS OR THE SOLICITATION AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PROPOSED PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

      IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL OWNER BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT, FINANCIAL BALLOTING GROUP LLC, AT (646) 282-1800.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**Exhibit A-2C**

**<u>Stock Election Form</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                               :

In re:                           :          **Chapter 11**

                                :

**LEXINGTON PRECISION CORP., et al.,**   :          **Case No. 08-11153 (SCC)**

                                :

             **Debtors.**               :          **(Jointly Administered)**

                                :

------------------------------------------------------------x

### STOCK ELECTION FORM FOR HOLDERS OF
### CLASS 5 SENIOR SUBORDINATED NOTES

        Lexington Precision Corporation ("**Lexington Precision**") and Lexington Rubber Group, Inc. ("**Lexington Rubber Group**" and together with Lexington Precision, the "**Debtors**"), as debtors and debtors in possession, have filed the Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated April 19, 2010 (as it may be further amended, the "**Proposed Plan**").

        Pursuant to the Proposed Plan, instead of receiving a cash payment equal to 51.0% of its Allowed Claim, a holder of Class 5 Senior Subordinated Notes may elect to receive shares of New LPC Common Stock (as defined in the Proposed Plan) in an amount equal to (x) the product of the Allowed Amount of their Claim and fifty-one percent (51.0%), divided by (y) $10.00 (the "**Class 5 Stock Election**").

        Holders of Class 5 Senior Subordinated Note claims who wish to make the Class 5 Stock Election must instruct their nominee to make the Class 5 Stock Election on their behalf.  A Class 5 Stock Election will only apply to those bonds that have been electronically delivered into the Automated Tender Offer Program system at the Depository Trust Company by **5:00 p.m. (prevailing Eastern Time) on [__], 2010 (the "Voting Deadline")**.  Only the holder's nominee can effect a Class 5 Stock Election on behalf of a holder.  Senior Subordinated Notes that make the Class 5 Stock Election and are electronically delivered in accordance with the required procedures will no longer be freely tradeable.  Senior Subordinated Notes that are electronically delivered can be withdrawn up to the Voting Deadline, but cannot be withdrawn after the Voting Deadline.

        **If you wish to make the Class 5 Stock Election, you must follow the directions of your nominee with respect to relaying your instructions to them.  The nominee must have effected the Class 5 Stock Election on your behalf by the Voting Deadline for the Class 5 Stock Election to be valid.**

        **If your Class 5 Stock Election is not received by the nominee that sent you this election form in sufficient time for the nominee to electronically deliver your Senior Subordinated Notes into the account established for that purpose to effectuate your Class 5 Stock Election by the Voting Deadline, your Class 5 Stock Election will not count and your Class 5 Stock Election will not be effective.**

**IF YOU WISH TO MAKE THE CLASS 5 STOCK ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS FORM AND RETURN IT PROMPTLY TO YOUR NOMINEE IN THE ENVELOPE PROVIDED OR OTHERWISE FOLLOW YOUR NOMINEE'S INSTRUCTIONS WITH RESPECT TO SUBMITTING YOUR ELECTION INSTRUCTIONS.**

**ONLY MAKE THE CLASS 5 STOCK ELECTION IF YOU WISH TO EXCHANGE YOUR SENIOR SUBORDINATED NOTES FOR NEW LPC COMMON STOCK.**

**Item 1. Class 5 Stock Election.**  By checking the box below, you elect, to the extent your Class 5 Senior Subordinated Claim is Allowed, to receive New LPC Common Stock in accordance with the Proposed Plan in full satisfaction of your entire Class 5 Senior Subordinated Note Claim.

**Elect to Receive New LPC Common Stock    ☐**

**Item 2. Certification.**

By signing this election form,

The undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement for the Proposed Plan, dated April 19, 2010 (as it may be amended, the "**Disclosure Statement**"), including all exhibits thereto.

The undersigned certifies that (i) it is the holder of the Class 5 Senior Subordinated Notes, and (ii) it has full power and authority to vote to elect the Class 5 Stock Election.

The undersigned authorizes its nominee to treat this election form as a direction to electronically deliver the Senior Subordinated Notes to the account established to make the Class 5 Stock Election.

| | |
|---:|---|
| **Name** | _____ |
| **Signature** | _____ |
| **Name of Signatory (if different than holder)** | _____ |
| **Title** | _____ |
| **Street Address** | _____ |
| **City, State and Zip Code** | _____ |
| **Telephone Number** | _____ |
| **Date Completed** | _____ |

**IF YOU WISH TO MAKE THE CLASS 5 STOCK ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS ELECTION FORM AND RETURN IT PROMPTLY TO YOUR NOMINEE IN THE ENVELOPE PROVIDED OR OTHERWISE FOLLOW YOUR NOMINEE'S INSTRUCTIONS WITH RESPECT TO SUBMITTING YOUR ELECTION INSTRUCTIONS.**

**PLEASE ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO PROCESS YOUR EXCHANGE ELECTION AND ELECTRONICALLY DELIVER YOUR SENIOR SUBORDINATED NOTES BEFORE THE VOTING DEADLINE ON [__], 2010 AT 5:00 P.M. (PREVAILING EASTERN STANDARD).**

## Exhibit A-3

**Form Ballot for Holders of
Classes 2(a) and 14(a) CapitalSource Secured Claims**

**Form Ballot for Holders of
Classes 2(b) and 14(b) CSE Secured Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                        :
In re:                                                  :        **Chapter 11**
                                                        :
**LEXINGTON PRECISION CORP., et al.,**                  :        **Case No. 08-11153 (SCC)**
                                                        :
        **Debtors.**                                    :        **(Jointly Administered)**
                                                        :
-------------------------------------------------------------x

**BALLOT FOR HOLDERS OF**
**[CLASSES [2(a)/14(a)] CAPITALSOURCE SECURED CLAIMS/**
**CLASSES [2(b)/14(b)] CSE SECURED CLAIMS]**

        Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber Group" and together with Lexington Precision, the "Debtors"), as debtors and debtors in possession, are soliciting votes with respect to the Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated April 19, 2010 (as it may be further amended, the "Proposed Plan"), from the holders of certain impaired claims and interests against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan.  If you have any questions on how to properly complete this Ballot, please call Financial Balloting Group LLC (the "Solicitation Agent") at (646) 282-1800.

        This Ballot is to be used for voting by holders of:

                [Class ___] [Capital Source/CSE] Secured Claims

against Lexington Precision and Lexington Rubber Group, as applicable.

        In order for your vote to be counted, the Ballot must be properly completed, signed, and returned to the Solicitation Agent so that it is actually received by the Solicitation Agent, Financial Balloting Group LLC, Attn: Lexington Precision Ballot Tabulation, 757 Third Avenue, 3rd Floor, New York, New York 10017, by no later than **4:00 p.m. (prevailing Eastern Time) on [___], 2010 (the "Voting Deadline")**, unless such time is extended by the Debtors.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1. Amount of Class [___] Claims.**  For purposes of voting to accept or reject the Proposed Plan, the undersigned holds Allowed Class [___] Claims against the Debtor(s) set forth below and in the amount(s) set forth below.

            **Debtor**    _____

            **Amount**    $_____

**Item 2. Vote on the Proposed Plan.** The undersigned holder of Allowed Claim(s) against the Debtor set forth in Item 1 above and in the amount set forth in Item 1 above hereby votes to:

<u>**Check One Box Only**</u>

☐ **Accept** the Proposed Plan

☐ **Reject** the Proposed Plan

**Item 3. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement for the Proposed Plan, dated April 19, 2010 (as it may be amended, the "<u>Disclosure Statement</u>"), including all exhibits thereto. The undersigned certifies that (i) it is the holder of an Allowed Claim against the Debtor identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Proposed Plan. The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Proposed Plan contained therein.

|  |  |
|---|---|
| **Print or Type Name of Claimant** | _____ |
| **Social Security No./Federal Tax I.D. No.** | _____ |
| **Signature** | _____ |
| **Name of Signatory (if different than claimant)** | _____ |
| **If by Authorized Agent, Title of Agent** | _____ |
| **Street Address** | _____ |
| **City, State and Zip Code** | _____ |
| **Telephone Number** | _____ |
| **Email Address** | _____ |
| **Date Completed** | _____ |

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF
CLASS [__] [CLASS DESCRIPTION]**

1.       This Ballot is submitted to you to solicit your vote to accept or reject the Proposed Plan.
         **PLEASE READ THE PROPOSED PLAN AND THE DISCLOSURE STATEMENT
         CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.       The Proposed Plan will be accepted by a Class if it is accepted by the holders of two-thirds in
         amount and more than one-half in number of Claims in that Class voting on the Proposed Plan.
         In the event that Class rejects the Proposed Plan, the Bankruptcy Court may nevertheless confirm
         the Proposed Plan and thereby make it binding on you if the Bankruptcy Court finds that the
         Proposed Plan does not unfairly discriminate against, and accords fair and equitable treatment to,
         the holders of Claims in that Class and all other Classes of Claims rejecting the Proposed Plan,
         and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the
         Proposed Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Equity
         Interests in the Debtors (including those holders who abstain from voting or reject the Proposed
         Plan, and those holders who are not entitled to vote on the Proposed Plan) will be bound by the
         confirmed Proposed Plan and the transactions contemplated thereby.

3.       In order for your vote to be counted, this Ballot must be properly completed, signed, and returned
         in the envelope provided.  **The deadline for the receipt by the Solicitation Agent of all Ballots
         is no later than 4:00 p.m. (prevailing Eastern Time) on [__], 2010 (the "Voting Deadline"),
         unless such time is extended in writing by the Debtors.**  The Solicitation Agent is Financial
         Balloting Group LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017.

**Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission.**

4.       To properly complete this Ballot, you must follow the procedures described below:

         a.       make sure that the information contained in Item 1 is correct;

         b.       if you have a Claim in the Class referenced in the Ballot, cast one vote to accept or reject
                  the Proposed Plan by checking the appropriate box in Item 2;

         c.       if you are completing this Ballot on behalf of another person or entity, indicate your
                  relationship with such person or entity and the capacity in which you are signing and
                  submit satisfactory evidence of your authority to so act (e.g., a power of attorney or a
                  certified copy of board resolutions authorizing you to so act);

         d.       if you also hold other claims or interests that are entitled to vote, you should receive a
                  different Ballot for each such claim or interest.  Your vote will be counted in determining
                  acceptance or rejection of the Proposed Plan by a particular class only if you complete,
                  sign and return the Ballot labeled for that class in accordance with the instructions on that
                  Ballot;

         e.       if you believe that you have received the wrong Ballot, please contact the Solicitation
                  Agent immediately;

         f.       provide your name and mailing address;

g.      sign and date your Ballot; and

h.      return your Ballot (containing an original signature) using the enclosed pre-addressed return envelope.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BENEFICIAL HOLDER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT, FINANCIAL BALLOTING GROUP LLC AT (646) 282-1800.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**<u>Exhibit A-4A</u>**

**Ballot for Holders of Class 9
Asbestos Personal Injury Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                        :
In re:                                                  :        **Chapter 11**
                                                        :
**LEXINGTON PRECISION CORP., et al.,**                  :        **Case No. 08-11153 (SCC)**
                                                        :
          **Debtors.**                                  :        **(Jointly Administered)**
                                                        :
----------------------------------------------------------------x

**BALLOT FOR HOLDERS OF CLASS 9**
**ASBESTOS PERSONAL INJURY CLAIMS**

      Lexington Precision Corporation ("**Lexington Precision**") and Lexington Rubber Group, Inc. ("**Lexington Rubber Group**" and together with Lexington Precision, the "**Debtors**"), as debtors and debtors in possession, each of which is identified below, are soliciting votes with respect to the Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated April 19, 2010 (as it may be further amended, the "**Proposed Plan**"), from the holders of certain impaired claims and interests against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan.  If you have any questions on how to properly complete this Ballot, please call Financial Balloting Group LLC (the "**Solicitation Agent**") at (646) 282-1800.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.  Asbestos-Related Claim Against Lexington Precision.**  This Ballot is to be used by you as a holder of Asbestos-Related Claims (as defined under the Proposed Plan) against Lexington Precision to accept or reject the Proposed Plan. Each vote to either accept or reject the Proposed Plan will be ascribed a value of $1.00 strictly for voting purposes under the Proposed Plan.

**Item 2.  Vote.**  The undersigned holder of an Asbestos-Related Claims against Lexington Precision hereby votes to:

<u>**Check One Box Only**</u>

☐ **Accept** the Proposed Plan

☐ **Reject** the Proposed Plan

**Item 3. Certification.** By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement for the Proposed Plan, dated April 19, 2010 (as it may be amended, the "**Disclosure Statement**"), including all exhibits thereto. The undersigned certifies that (i) it is the holder of an Asbestos-Related Claims against Lexington Precision identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Proposed Plan. The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Proposed Plan contained therein.

| | |
|---:|---|
| **Print or Type Name of Claimant** | _____ |
| **Social Security No./Federal Tax I.D. No.** | _____ |
| **Signature** | _____ |
| **Name of Signatory (if different than claimant)** | _____ |
| **If by Authorized Agent, Title of Agent** | _____ |
| **Street Address** | _____ |
| **City, State and Zip Code** | _____ |
| **Telephone Number** | _____ |
| **Email Address** | _____ |
| **Date Completed** | _____ |

**VOTING INSTRUCTIONS FOR COMPLETING
THE BALLOT FOR HOLDERS OF CLASS 9
ASBESTOS PERSONAL INJURY CLAIMS**

1.      This Ballot is submitted to you to solicit your vote to accept or reject the Proposed Plan. **PLEASE READ THE PROPOSED PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.      The Proposed Plan will be accepted by Class 9 if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in Class 9 voting on the Proposed Plan.  In the event that Class 9 rejects the Proposed Plan, the Bankruptcy Court may nevertheless confirm the Proposed Plan and thereby make it binding on you if the Bankruptcy Court finds that the Proposed Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of claims in Class 9 and all other classes of claims or interests rejecting the Proposed Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Proposed Plan is confirmed by the Bankruptcy Court, all holders of claims against and interests in the Debtors (including those holders who abstain from voting or reject the Proposed Plan, and those holders who are not entitled to vote on the Proposed Plan) will be bound by the confirmed Proposed Plan and the transactions contemplated thereby.

**For Creditors Not Voting through Counsel**

3a.     **To have your vote counted, you must complete, sign, and return this Ballot to Financial Balloting Group (the "Solicitation Agent") so that it is received by the Solicitation Agent by no later than 4:00 p.m. (prevailing Eastern Time) on [___], 2010 (the "Voting Deadline"), unless such time is extended in writing by the Debtors.** Ballots must be delivered either by mail with the enclosed envelope or by hand delivery or overnight courier to the Solicitation Agent at the following address:

        FINANCIAL BALLOTING GROUP LLC
        ATTN: LEXINGTON PRECISION BALLOT TABULATION
        757 THIRD AVENUE, 3RD FLOOR
        NEW YORK, NEW YORK 10017
        (646) 282-1800

        **Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission.**

**For Creditors Voting through by Counsel**

3b.     In order for your vote to be counted, this Ballot must be properly completed, signed, and returned in the envelope provided.  The deadline for the receipt by the Solicitation Agent of all Ballots (including this ballot as well as a master ballot cast on your behalf by your attorney) is no later than **4:00 p.m. (prevailing Eastern Time) on [___], 2010, (the "Voting Deadline")**, unless such time is extended in writing by the Debtors.

        **IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR ATTORNEY, PLEASE ALLOW SUFFICIENT TIME FOR YOUR ATTORNEY TO PROCESS YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE SOLICITATION AGENT BEFORE THE VOTING DEADLINE.**

**Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission.**

4.      To properly complete the Ballot, you must follow the procedures described below:

  a.      make sure that the information contained in Item 1 is correct;

  b.      if you have a Claim in Class 9, cast one vote to accept or reject the Proposed Plan by checking the appropriate box in Item 2;

  c.      if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (<u>e.g.</u>, a power of attorney or a certified copy of board resolutions authorizing you to so act);

  d.      if you also hold other claims or interests in classes that are entitled to vote, you should receive a different Ballot for each such claim and interest.  Your vote will be counted in determining acceptance or rejection of the Proposed Plan by a particular class only if you complete, sign, and return the Ballot labeled for that class in accordance with the instructions on that Ballot;

  e.      if you believe that you have received the wrong Ballot, please contact the Solicitation Agent immediately;

  f.      provide your name and mailing address;

  g.      sign and date your Ballot; and

  h.      return your Ballot (containing an original signature) using the enclosed pre-addressed return envelope.

        IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT, FINANCIAL BALLOTING GROUP LLC AT (646) 282-1800.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**<u>Exhibit A-4B</u>**

**Master Ballot for Counsel to Holders of
Class 9 Asbestos Personal Injury Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                    :
In re:                    :        **Chapter 11**
                    :
**LEXINGTON PRECISION CORP., et al.,**   :        **Case No. 08-11153 (SCC)**
                    :
        Debtors.        :        **(Jointly Administered)**
                    :
-------------------------------------------------------------x

**MASTER BALLOT FOR COUNSEL TO HOLDERS OF**
**CLASS 9 ASBESTOS PERSONAL INJURY CLAIMS**

        Lexington Precision Corporation ("**Lexington Precision**") and Lexington Rubber Group, Inc. ("**Lexington Rubber Group**" and together with Lexington Precision, the "**Debtors**"), as debtors and debtors in possession, each of which is identified below, are soliciting votes with respect to the Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated [__], 2010 (as it may be further amended, the "**Proposed Plan**"), from the holders of certain impaired claims against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Proposed Plan.  If you have any questions on how to properly complete this Ballot, please call Financial Balloting Group LLC (the "**Solicitation Agent**") at (646) 282-1800.

        **This Master Ballot is to be used by you as an authorized representative of the holders of Asbestos-Related Claims (as defined under the Proposed Plan) against Lexington Precision, to transmit to the Solicitation Agent the votes of such beneficial holders (the "Beneficial Holders") in respect of their Asbestos-Related Claims to accept or reject the Proposed Plan.  Each vote to either accept or reject the Proposed Plan will be ascribed a value of $1.00 strictly for voting purposes under the Proposed Plan.**

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1. Tabulation of Votes with Respect to the Proposed Plan.**  Please note that each holder of an Asbestos-Related Claim that votes must vote its entire claim to accept or reject the Proposed Plan and may not split vote.  Accordingly, any holder of an Asbestos-Related Claim who attempts partially to reject and partially to accept the Proposed Plan shall not be counted.  If this Master Ballot is signed and timely sent to the Solicitation Agent, but does not designate either acceptance or rejection of the Proposed Plan for any particular claim, such claim shall not be counted as either an acceptance or rejection of the Proposed Plan.

**Please mark one of the boxes below:**

    All claimants listed on the exhibit accompanying this Ballot **ACCEPT** the Proposed Plan.
    All claimants listed on the exhibit accompanying this Ballot **REJECT** the Proposed Plan.
    All claimants listed on the exhibit accompanying this Ballot **ACCEPT** the Proposed Plan, *except* as marked on an exhibit as set forth in Item 2.
    All claimants listed on the exhibit accompanying this Ballot **REJECT** the Proposed Plan, *except* as marked on an exhibit as set forth in Item 2.

Item 2. **Summary of Holders of Asbestos Personal Injury Claims Represented by Attorney.**  Please prepare a summary sheet, to be attached to this Master Ballot as an exhibit, listing each holder of an Asbestos Personal Injury Claim you represent in substantially the same form as the table below.  If possible, please submit an electronic version of the chart below in excel format saved on a floppy disk, compact disk, or flash drive.  Please note that if all holders of Asbestos Personal Injury Claims represented by you vote to either accept or reject the Proposed Plan, you need not include the last column indicating whether each holder of an Asbestos Personal Injury Claim accepts or rejects the Proposed Plan.

| Name of Holder of an Asbestos Personal Injury Claim | Social Security Number | Accept or Reject (complete if applicable) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

Item 3. **Certifications.**  By signing this Master Ballot, the undersigned certifies, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

- I have been provided with a copy of the Disclosure Statement and the exhibits thereto.

- I have been authorized by each of the holders of Asbestos-Related Claims listed on the exhibit accompanying this Master Ballot to vote his or her claim to accept or reject the Proposed Plan as indicated on the exhibit.

Item 4. **Return of Exhibit.**  The entire exhibit accompanying this Master Ballot must be prepared and returned with this completed Master Ballot to the Solicitation Agent.

Print or Type Name of Attorney:  _____

Name of Law Firm:  _____

Signature:  _____

Street Address:  _____

City, State, and Zip Code:  _____

Telephone Number:  _____

Email Address:  _____

Date Completed:  _____

**INSTRUCTIONS FOR COMPLETING THE
MASTER BALLOT FOR COUNSEL TO HOLDERS OF
CLASS 9 ASBESTOS PERSONAL INJURY CLAIMS**

1.    This Master Ballot is submitted to you in connection with the solicitation of votes of individual holders of Asbestos-Related Claims to accept or reject the Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated April 19, 2010 (as it may be further amended, the "**Proposed Plan**").  The terms of the Proposed Plan are described in the Disclosure Statement, dated April 19, 2010, for the Proposed Plan (the "**Disclosure Statement**"). All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Proposed Plan.  **PLEASE READ THE PROPOSED PLAN, THE DISCLOSURE STATEMENT, AND THE PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PROPOSED PLAN APPROVED BY THE BANKRUPTCY COURT ON [__], 2010 (THE "VOTING PROCEDURES") CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.**

2.    This Master Ballot is to be used by counsel to holders of Asbestos-Related Claims who are authorized to vote on behalf of those clients to accept or reject the Proposed Plan.

3.    The Proposed Plan will be accepted by Class 9 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 9 voting on the Proposed Plan.  If the Proposed Plan is confirmed by the Bankruptcy Court, all holders of claims against and interests in the Debtors (including those holders who abstain from voting on or reject the Proposed Plan, and those holders who are not entitled to vote on the Proposed Plan) will be bound by the confirmed Proposed Plan and the transactions contemplated thereby.

4.    **To have the votes reflected on this Master Ballot counted, this Master Ballot must be completed, signed, and returned so that it is received by the Solicitation Agent (set forth below) not later than 4:00 p.m. (Eastern Time) on [__], 2010, unless such time is extended in writing by the Debtors**.  Master Ballots may be delivered by mail to the Solicitation Agent at the following address:

        FINANCIAL BALLOTING GROUP LLC
        ATTN: LEXINGTON PRECISION BALLOT TABULATION
        757 THIRD AVENUE, 3RD FLOOR
        NEW YORK, NEW YORK 10017
        (646) 282-1800

    The Master Ballot will not be accepted by telecopy, facsimile, or other electronic means of transmission.

5.    This Master Ballot may not be used for any purpose other than to transmit the votes to accept or reject the Proposed Plan.

6.    You may be required to provide evidence of authorization of the undersigned by holders of Asbestos-Related Claims to vote to accept or reject the Proposed Plan.

7.    Multiple Master Ballots may be completed and delivered to the Solicitation Agent.  Votes reflected by multiple Master Ballots will be counted except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the last Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, govern unless

otherwise ordered by the Bankruptcy Court.  If more than one Master Ballot is submitted and the last Master Ballot(s) supplement(s) rather than duplicate(s) earlier Master Ballot(s), please designate the subsequent Master Ballot(s) as "Supplement" and clearly mark which of those votes reflected thereon are additional votes.

8.      Please note that Item 1 and Item 2 of the Master Ballot requires that you prepare a summary sheet, listing each holder of an Asbestos-Related Claim you represent, which shall become an exhibit to the Master Ballot.  The exhibit must list all holders of Asbestos-Related Claims on whose behalf you are voting by name and social security number, with a separate box next to each entry to note, if necessary, whether such individual holder of an Asbestos-Related Claim accepts or rejects the Proposed Plan.  If all holders of Asbestos-Related Claims represented by you vote to either accept or reject the Proposed Plan, you need not create a separate box next to each entry to note whether the individual accepts or rejects the Proposed Plan.

9.      Each holder of an Asbestos-Related Claim that votes must vote his or her entire claim to accept or reject the Proposed Plan and may not split such vote.  Accordingly, any holder of an Asbestos-Related Claim who attempts partially to reject and partially to accept the Proposed Plan shall not be counted.  If this Master Ballot is signed and timely sent to the Solicitation Agent, but does not designate either acceptance or rejection of the Proposed Plan for any particular claim, such claim shall not be counted as either an acceptance or rejection of the Proposed Plan.

10.     To properly complete the Ballot, you must follow the procedures described below:

        a.      Item 1 of the Master Ballot asks you to indicate which holders of Asbestos-Related Claims listed on the exhibit accept the Proposed Plan and which of your clients listed on the exhibit reject the Proposed Plan.  If all of your clients have authorized you to accept the Proposed Plan, you may check the box indicating the same.  If all your clients have authorized you to reject the Proposed Plan, you may check the box indicating the same. If some of your clients have authorized you to accept the Proposed Plan, while others have authorized you to reject the Proposed Plan, please check the appropriate box and be certain to specify on the exhibit which clients have rejected the Proposed Plan and which clients have accepted the Proposed Plan.

        b.      Item 2 of the Master Ballot requires that you prepare a summary sheet, listing each holder of an Asbestos-Related Claim you represent, that shall become an exhibit to the Master Ballot.  The exhibit must list all holders of Asbestos-Related Claims on whose behalf you are voting by name, social security number, and disease type, with a separate box next to each entry to note, if necessary, whether such individual holder of an Asbestos-Related Claim accepts or rejects the Proposed Plan.  If all holders of an Asbestos-Related Claims represented by you vote to either accept or reject the Proposed Plan, you need not create a separate box next to each entry to note whether the individual accepts or rejects the Proposed Plan;

        c.      Item 3 contains certifications, under penalty of perjury pursuant to 28 U.S.C. § 1746, which are required for you to submit a vote on behalf of one or more holders of Asbestos-Related Claims.  Please ensure that you have read and understood the certifications prior to signing the Master Ballot.  **If you are unable to make the certification as to the authority to vote on behalf of any holder of an Asbestos-Related Claim, you must either (i) within ten (10) business days after the mailing of the Solicitation Package, furnish the Solicitation Agent with the names and addresses of any such holder(s), to whom the Solicitation Agent will send copies of the Solicitation Package,**

**including Ballots, or (ii) transmit such Solicitation Package to any such clients directly.**

d.    sign and date your Master Ballot;

e.    provide your name and mailing address;

f.    contact the Solicitation Agent if you need any additional information; and

g.    return the completed, executed Master Ballot (with an original signature) so as to be <u>received</u> by the Solicitation Agent before the Voting Deadline ([__]**, 2010 at 4:00 p.m. (prevailing Eastern Time)**).

**PLEASE NOTE:**

    **The Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Proposed Plan.**  Holders should not surrender, at this time, certificates representing their securities.  Neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates surrendered together with the Master Ballot.

    No fees, commissions, or other remuneration will be payable to you for soliciting votes on the Proposed Plan.

    **NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE DEBTORS OR THE SOLICITATION AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PROPOSED PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PROPOSED PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL OWNER BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT, FINANCIAL BALLOTING GROUP LLC, AT (646) 282-1800.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

## Exhibit B

**Notice of Non-Voting Status**

]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
                                                    :
In re:                                              :        **Chapter 11**
                                                    :
**LEXINGTON PRECISION CORP., et al.,**              :        **Case No. 08-11153 (SCC)**
                                                    :
            Debtor.                                 :        **(Jointly Administered)**
                                                    :
-----------------------------------------------------------------------x

<u>**NOTICE OF NON-VOTING STATUS TO UNIMPAIRED CLASSES**[1]</u>

            PLEASE TAKE NOTICE THAT on the United States Bankruptcy Court for the Southern District of New York (the "**Court**") entered an order, dated [__], 2010 (the "**Disclosure Statement Order**"), approving the Disclosure Statement for the Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated April 19, 2010 (as it may be amended, the "**Disclosure Statement**") filed by Lexington Precision Corporation ("**Lexington Precision**") and Lexington Rubber Group, Inc. ("**Lexington Rubber Group**" and together with Lexington Precision, the "**Debtors**") in the above-referenced chapter 11 cases, as debtors and debtors in possession.

            The Disclosure Statement Order authorizes the Debtors to solicit votes to accept or reject the Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated April 19, 2010 (as it may be further amended, the "**Proposed Plan**"), a copy of which is annexed as <u>Exhibit A</u> to the Disclosure Statement.

            **UNDER THE TERMS OF THE PROPOSED PLAN, YOUR CLAIM(S) AGAINST OR INTEREST(S) IN THE DEBTORS IS/ARE NOT IMPAIRED, AND THEREFORE, PURSUANT TO SECTION 1126(f) AND (g) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (i) DEEMED TO HAVE (a) ACCEPTED THE PROPOSED PLAN IN THE CASE OF CLAIMS AGAINST A DEBTOR, OR (b) REJECTED THE PROPOSED PLAN, IN THE CASE OF INTERESTS IN LEXINGTON PRECISION, AND (ii) NOT ENTITLED TO VOTE ON THE PROPOSED PLAN.  IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR INTEREST(S), OR YOU WANT TO REQUEST A COPY OF THE PROPOSED PLAN AND DISCLOSURE STATEMENT, YOU SHOULD CONTACT THE DEBTORS' VOTING SOLICITATION AGENT, FINANCIAL BALLOTING GROUP LLC,**

---

[1] Unimpaired Classes include the following:  Class 1 (Other Priority Claims against LPC), Class 3 (Secured Tax Claims against LPC), Class 4 (Secured Tax Claims against LPC), Class 8 (Convenience Claims against LPC), Class 12 (Other Priority Claims against LRGI), Class 13 (Other Priority Claims against LRGI), Class 15 (Secured Tax Claims against LRGI), Class 18 (Convenience Claims against LRGI), and Class 19 (Interests in LRGI) under the Proposed Plan.

**ATTN: LEXINGTON PRECISION BALLOT TABULATION, 757 THIRD AVENUE, 3RD FLOOR, NEW YORK, NEW YORK 10017, OR BY TELEPHONE AT (646) 282-1800.**

Dated:  [___], 2010
          New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for Debtors and
Debtors in Possession

**<u>Exhibit C</u>**

**Form of Confirmation Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
                                              :
In re:                                        :        **Chapter 11**
                                              :
**LEXINGTON PRECISION CORP., et al.,**        :        **Case No. 08-11153 (SCC)**
                                              :
              **Debtors.**                    :        **(Jointly Administered)**
                                              :
------------------------------------------------------------------------x

### NOTICE OF (A) APPROVAL OF THE DEBTORS' DISCLOSURE STATEMENT FOR THE DEBTORS' PROPOSED PLAN; (B) VOTING PROCEDURES FOR THE PROPOSED PLAN; (C) SCHEDULING OF THE CONFIRMATION HEARING; AND (D) PROCEDURES FOR FILING OBJECTIONS AND RESPONSES TO CONFIRMATION OF THE PROPOSED PLAN

TO ALL PARTIES IN INTEREST IN LEXINGTON PRECISION CORPORATION. ("**LPC**") AND LEXINGTON RUBBER GROUP, INC. ("**LRGI**" TOGETHER WITH LPC, THE "**DEBTORS**"), PLEASE TAKE NOTICE THAT:

        **Approval of Disclosure Statement**. By order, dated [__], 2010 (the "**Disclosure Statement Order**"), the United States Bankruptcy Court for the Southern District of New York (the "**Court**") approved the Debtors' Proposed Disclosure Statement (as it may be amended, the "**Disclosure Statement**") for the Debtors' Fourth Amended Joint Plan of Reorganization, dated April 19, 2010 (as it may be amended or modified, the "**Proposed Plan**") pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Disclosure Statement Order authorizes the Debtors to solicit votes to accept the Debtors' Proposed Plan pursuant to chapter 11 of the Bankruptcy Code.

        **Confirmation Hearing**. The Court shall hold a hearing (the "**Confirmation Hearing**") to consider the confirmation of the Proposed Plan on **[__], 2010 at __:__ _.m. (prevailing Eastern Time)**, before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Room 610 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date(s) at the Confirmation Hearing or any continued hearing. The Debtors may modify the Proposed Plan, if necessary, prior to, during, or as a result of the Confirmation Hearing in accordance with the terms of the Proposed Plan without further notice.

        **Voting Procedures**. Holders of impaired claims against or interests in the Debtors' estates as of **[__], 2010** (the "**Record Date**") are entitled to vote. If you hold such a claim or interest, you will receive a solicitation package which shall include a copy of (i) the Disclosure Statement Order, (ii) this Notice, (iii) the Disclosure Statement, attached to which is the Proposed Plan, and (iv) a ballot. Please review the ballot of specific instructions as to how to vote. Failure to follow the voting instructions may disqualify your vote. **If you a holder of an Asbestos Personal Injury Claim (as defined in the Plan, please consult with your counsel about your voting rights.**

        **Voting Deadline**. The deadline to vote on the Proposed Plan is **[__], 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**"). The Debtors' solicitation agent, Financial

Balloting Group LLC, must **receive** your ballot by the Voting Deadline, otherwise your vote will not be counted.

    **Parties in Interest Not Entitled to Vote**.  Holders of unimpaired claims against or interests in the Debtors' estates are not entitled to vote.  If you hold such a claim or interest, you will receive a notice of your non-voting status.

    **Objections to Confirmation**.  Objections or responses to confirmation of the Proposed Plan, if any, must (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the Southern District of New York; and (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor.

    All objections and responses to the confirmation of the Proposed Plan must be filed with the Court no later than **[ ], 2010 at 4:00 p.m. (prevailing Eastern Time)**.  In accordance with General Order M-242, registered users of the Court's case filing system must electronically file their objections and responses.  All other parties in interest must file their objections and responses on a 3.5 inch floppy disk (preferably in Portable Disk Format (PDF), WordPerfect, or any other Windows-based word processing format) and deliver a hard copy to the chambers of Judge Shelley C. Chapman.

    All objections and responses must be served, so as to be received no later than **[__], 2010 at 4:00 p.m. (prevailing Eastern Time)**, upon:

| *The Debtors* | *The Attorneys for the Debtors* |
|---|---|
| Lexington Precision Corporation<br>800 Third Ave. 15th Floor<br>New York, New York 10023<br>Attn:  Michael A. Lubin | Weil, Gotshal & Manges LLP<br>767 Fifth Avenue,<br>New York, New York 10153<br>Attn:  Richard P. Krasnow and Victoria Vron |
| *The Office of the United States Trustee for the Southern District of New York* | *The Attorneys for the Secured Lenders* |
| 33 Whitehall Street, 21st Floor,<br>New York, New York 10004<br>Attn:  Paul K. Schwartzberg | Waller, Landsden, Dortch & Davis LLP<br>511 Union Street, Suite 2700<br>Nashville, Tennessee, 37219<br>Attn:  John C. Tishler |
| *The Attorneys for the Committee* | *The Attorneys for the Debtors' Postpetition Lenders* |
| Andrews Kurth LLP,<br>450 Lexington Avenue,<br>New York, New York 10017<br>Attn:  Paul Silverstein and Jonathan I. Levine | O'Melveny & Meyers, LLP<br>Times Square Tower, 7 Times Square<br>New York, New York 10036<br>Attn:  Gerald Bender |
| *The Attorneys for the Plan Investor* | |
| Jones Day<br>222 East 41st Street<br>New York, New York 10017<br>Attn:  Lisa Laukitis | |

    **Additional Information**.  For more information about the solicitation procedures, please contact Financial Balloting Group LLC, the Debtors' solicitation agent, at (646) 282-1800.  To obtain a

copy of the Disclosure Statement Order, the Disclosure Statement, the Proposed Plan, or any related documents, please contact Financial Balloting Group LLC or visit the Debtors' website at http://chapter11.epiqsystems.com/Lexington or the Court's website at http://www.nysb.uscourts.gov.  To access documents on the Court's website, you will need a PACER password and login, which you can be obtained at http://www.pacer.psc.uscourts.gov.

**The Proposed Plan contains an injunction which prevents, among other things, any holder of any claim or interest or any other party in interest in the Debtors' chapter 11 cases from directly or indirectly commencing or continuing, in any manner, any action or other proceeding of any kind against the Debtors, or the reorganized Debtors, enforcing judgments related to such claims or interests, asserting rights of setoff, recoupment or subrogation, or interfering in any way with the Proposed Plan or any schemes of arrangement thereunder.  In addition, except as provided in the Proposed Plan, the Debtors and the reorganized Debtors will not have any liability for any claim or equity interest in the Debtors that are cancelled or terminated under the Proposed Plan or which arose prior to the effective date of the Proposed Plan.**

Dated: [__], 2010
        New York, New York

               _____

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for Debtors and
Debtors in Possession

**Exhibit D**

**Proposed Disclosure Statement Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x
                                          :
In re:                                    :        Chapter 11
                                          :
LEXINGTON PRECISION CORP., et al.,        :        Case No. 08-11153 (SCC)
                                          :
            Debtors.                      :        (Jointly Administered)
                                          :
----------------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105, 502, 1125, 1126, AND 1128 OF THE BANKRUPTCY CODE AND THE BANKRUPTCY RULES 2002, 3003, 3017, 3018 AND 3020 (I) APPROVING THE PROPOSED DISCLOSURE STATEMENT, (II) APPROVING THE PROCEDURES TO SOLICIT ACCEPTANCES OF DEBTORS' PROPOSED PLAN, AND (III) SCHEDULING A HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE DEBTORS' PROPOSED PLAN

Upon the motion, dated October 24, 2008, and the supplements thereto filed on October 6, 2009 and April 19, 2010 (collectively, the "**Motion**"),[1] of Lexington Precision Corporation and Lexington Rubber Group, Inc. (together, the "**Debtors**"), pursuant to sections 105, 502, 1125, 1126 and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 3003, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to (i) approve of the Debtors' proposed disclosure statement (the "**Disclosure Statement**") for the Debtors' fourth amended chapter 11 plan (as it may be amended or modified, the "**Proposed Plan**"), (ii) approve certain solicitation procedures for the Proposed Plan; and (iii) schedule a confirmation hearing (the "**Confirmation Hearing**") and establish certain notice and objection procedures in connection therewith, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue

---

[1] Capitalized terms not otherwise defined herein have the meanings set forth in the Motion.

being proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a

hearing having been held on _____, 2010 (the "**Disclosure Statement Hearing**") to

consider the Motion; and the Debtors having provided notice of the Disclosure Statement

Hearing as described in the Motion; and the Court having reviewed the Disclosure Statement, the

Motion, the papers in support thereof, and the responses thereto, if any; and upon the Disclosure

Statement, the Motion, the papers in support thereof and the responses thereto, if any, and the

record of the Disclosure Statement Hearing and upon all of the proceedings heretofore before the

Court,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A.      The Disclosure Statement contains "adequate information" about the

Debtors' Proposed Plan within the meaning of section 1125 of the Bankruptcy Code.

B.      Notice of the Disclosure Statement, the Motion, the Hearing, and the

deadline for filing objections to the Disclosure Statement was properly provided to all interested

parties and such notice was due and proper and no further notice is necessary.

C.      Classes 1 (Other Priority Claims against LPC), Class 3 (Secured Tax

Claims against LPC), Class 4 (Other Secured Claims against LPC), Class 8 (Convenience Claims

against LPC), Class 13 (Other Priority Claims against LRGI), Class 15 (Secured Tax Claims

against LRGI), Class 17 (Other Secured Claims against LRGI), Class 18 (Convenience Claims

against LRGI), and Class 19 (Interests in LRGI) (collectively, the "**Unimpaired Classes**") are

unimpaired and are conclusively presumed to accept the Proposed Plan.  Accordingly, members

of the Unimpaired Classes are not entitled to vote or receive a Ballot.

D.      The Proposed Plan impairs Class 2(a) (CapitalSource Secured Claims

against Lexington Precision), Class 2(b) (CSE Secured Claims against Lexington Precision),

Class 5 (Senior Subordinated Notes Claims against Lexington Precision), Class 6 (Junior

Subordinated Note Claims against Lexington Precision), Class 7 (General Unsecured Claims

against Lexington Precision), Class 9 (Asbestos-Related Claims against Lexington Precision),

Class 10 (Series B Preferred Stock Interests), Class 14(a) (CapitalSource Secured Claims against

Lexington Rubber Group), Class 14(b) (CSE Secured Claims against Lexington Rubber Group),

and Class 17 (General Unsecured Claims against Lexington Rubber Group) (collectively, the

"**Voting Classes**").  Accordingly, members of the Voting Classes are entitled to vote and receive

an appropriate Ballot; provided, however, holders of claims in Classes 2, 5-7, 9, 14 and 17 shall

not be entitled to vote and receive a Ballot if (i) as of the Voting Record Date, the outstanding

amount of such claim is not greater than zero ($0.00); (ii) as of the Voting Record Date, such

claim has been disallowed, expunged, disqualified, or suspended; (iii) the Debtors' Schedules

show such claim as contingent, unliquidated, or disputed and a proof of claim was not filed by

the Bar Date or Government Bar Date, as applicable, or deemed timely filed by order of the

Court at least five (5) business days prior to the Voting Deadline; or (iv) as of the Voting Record

Date, such claim is subject to a pending objection.

       E.      The Proposed Plan also impairs Class 11 (LPC Common Stock Interests)

and Class 12 (Other Equity Interests in LPC) (together, the "**Deemed to Reject Classes**," and

with the Unimpaired Classes, the "**Non-Voting Classes**").  Because the Deemed to Reject

Classes will not receive a distribution under the Plan, pursuant to section 1126(g) of the

Bankruptcy Code, the Deemed to Reject Classes are presumed to have voted to reject the

Proposed Plan and, as a result, are not entitled to vote or to receive a Ballot.

       F.      The forms of the Ballots and related election form that are attached to the

Motion as **Exhibits A-1** through **A-4B** are consistent with Official Form No. 14, address the

particular needs of these chapter 11 cases, and are appropriate for each class of Claims and Interests entitled to vote to accept of reject the Proposed Plan.

G.    The voting instructions attached to each of the ballots contain adequate information to instruct all members of the Voting Classes how to vote.

H.    The Voting Deadline of **[___], 2010 at 4:00 p.m. (prevailing Eastern Time)** provides reasonable and adequate time for all parties in interest to make an informed decision to accept or reject the Proposed Plan.

I.    The procedures for the solicitation and tabulation of votes to accept or reject the Proposed Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

J.    The notice procedures set forth below provide due, proper, and adequate notice of approval of the Disclosure Statement, the Confirmation Hearing, and the procedures for filing objections or responses to the Proposed Plan and comply with Bankruptcy Rules 2002 and 3017(d).

K.    The Debtors have the right to seek modifications or extensions of the matters governed by this Order.

L.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest therein.

M.    The legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein.

NOW, THEREFORE, IT IS ORDERED THAT:

1.    The Motion is **GRANTED** as provided herein.

**The Debtors' Disclosure Statement**

        2.      The Disclosure Statement, as it may have been or may be further modified to reflect changes made or ordered on the record of the hearing, is **APPROVED**.

**The Solicitation Procedures**

      **Temporary Allowance of Claims**

        3.      Solely for the purposes of voting to accept or reject the Proposed Plan and not for allowance of, or distribution on account of, any claim or interest, and without prejudice to the Debtors' rights in any other context, each claim of a holder of a claim entitled to vote is temporarily allowed in the amount equal to the amount in the Schedules; provided, however,

    (a)    if a claim holder has timely and properly filed a proof of claim, the holder may vote the claim amount set forth in the proof of claim subject to any applicable limitation below;

    (b)    if the claim for which a proof of claim has been timely filed is partially liquidated and partially unliquidated, such claim is temporarily allowed for voting purposes in the liquidated amount only;

    (c)    if the Court estimates or otherwise allows a claim for voting purposes, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

    (d)    if the Debtors' Schedules list a claim as contingent, unliquidated, or disputed and a proof of claim was not

        (1)    filed by the Bar Date or Government Bar Date, as applicable, or

        (2)    deemed timely filed by an order of the Court prior to the Voting Deadline

        (3)    such claim is disallowed for voting, allowance, and distribution purposes pursuant to Bankruptcy Rule 3003(c) absent the Debtors' written consent to the contrary;

    (e)    if a holder of a claim on the Debtors' Schedules is listed as <u>not</u> contingent, unliquidated, or disputed and such holder files an untimely proof of claim, such claim shall be allowed for voting, allowance, and distribution purposes in the amount set forth in the Schedules;

(f)    if the Debtors serve an objection to a claim at least ten (10) days before the Voting Deadline, such claim is temporarily disallowed for voting purposes only, but not allowance or distribution purposes, except to the extent and in the manner as may be set forth in such objection; and

(g)    each Asbestos-Related Claims (as defined in the Plan) in Class 9 shall be allowed in the amount of $1.00.

4.    If any creditor seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, such creditor shall serve on the Debtors, the Creditors' Committee, and the U.S. Trustee and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Proposed Plan on or before the **tenth (10th) day** after the later of (i) service of notice of the Confirmation Hearing and (ii) the Debtors' service of notice of an objection or request for estimation, if any, as to such claim. For any creditor filing such a motion, such creditor's Ballot shall not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline.

### Fixing the Voting Record Date

5.    The Voting Record Date is **[__], 2010 at 4:00 p.m. (prevailing Eastern Time)**. Holders of claims and interests, as of the Voting Record Date and as determined by the Debtors' books and records, shall be the holders of record and, as such, shall be entitled to vote or otherwise receive a notice of non-voting status. Any claim transfer notices received by the Debtors, Epiq, or the Solicitation Agent (i) prior to the Voting Record Date, but with respect to which the **twenty-one (21) day** period required pursuant to Bankruptcy Rule 3001(e)(4) has not expired prior to the Voting Record Date or (ii) after the Voting Record Date, shall not be recognized for determining the holders of record.

**Solicitation Packages and the Distribution Procedures Therefor**

6.      With the exception of certain holders of Asbestos-Related Claims in

Class 9 identified in the subsequent decretal paragraph, the Debtors shall send each member of a

Voting Class:

(a)      the order approving the Disclosure Statement;

(b)      the Confirmation Hearing Notice;

(c)      the Disclosure Statement, which shall include the Proposed Plan as an exhibit;

(d)      a Ballot customized for such holder as described below with instructions and a return envelope; and

(e)      such other materials as the Court may direct (collectively, the "**Voting Solicitation Package**").

7.      For any holder of an Asbestos-Related Claim represented by counsel who

has previously represented to the Debtors that such holder has authorized counsel to vote the

Asbestos-Related Claim on the holder's behalf ("**Authorized Counsel**"), the Debtors shall send

such Authorized Counsel a Voting Solicitation Package on behalf of any such holder; provided,

however, if Authorized Counsel sends the Solicitation Agent and the Debtors within **seven (7)**

**days** after service of this Order an affidavit indicating the name and address of each holder of an

Asbestos-Related Claim represented by such Authorized Counsel for whom Authorized Counsel

is not authorized to vote (a "**No Authorization Affidavit**"), the Debtors or the Solicitation Agent

shall send the holder of an Asbestos-Related Claim listed on the No Authorization Affidavit a

Voting Solicitation Package within **seven (7) days** after receipt of the No Authorization

Affidavit.

8.      To any holder of an Asbestos-Related Claim not represented by

Authorized Counsel, the Debtors shall send a Voting Solicitation Package within **seven (7) days**.

9.      To each holder of a Claim or Interest not entitled to vote, the Debtors shall

send:

    (a)      the order approving the Disclosure Statement;

    (b)      the Confirmation Hearing Notice;

    (c)      a Notice of Non-Voting Status; provided, however, the Debtors shall
provide such holder a Proposed Disclosure Statement upon written
request; and

    (d)      such other materials as the Court may direct (collectively, the "**Non-
Voting Solicitation Package**")

10.     If holder of a Claim is not entitled to vote as a result of a pending

objection, the Debtors shall supplement the Non-Voting Solicitation Package and include a

Disclosure Statement.  If the pending claim objection is resolved or withdrawn and the holder of

the claim becomes eligible to vote at least **ten (10) business days** prior to the Voting Deadline,

the Debtors shall mail to such holder, via express or overnight mail, a Voting Solicitation

Package within **three (3) business days** after such member becomes eligible to vote.

11.     If a claim is allowed for voting purposes on or before **ten (10) business

days** before the Voting Deadline, the Debtors shall mail, via express or overnight mail, a Voting

Solicitation Package to the holder of such claim within **three (3) business days** after entry of an

order temporarily allowing such creditor's claim for voting purposes.

12.     The Debtors shall distribute the following materials to (i) the U.S. Trustee,

(ii) the attorneys for the Creditors' Committee. and (iii) all parties requesting services in these

chapter 11 cases (unless already receiving a Voting Solicitation Package):

    (a)      the order approving the Disclosure Statement;

    (b)      the Confirmation Hearing Notice;

    (c)      the Disclosure Statement, which shall include the Proposed Plan as an
exhibit; and

(d)    such other materials as the Court may direct (collectively, the "**Notice Solicitation Package**" together with the Voting and Non-Voting Solicitation Packages, the "**Solicitation Packages**")

13.    The Debtors shall send the Solicitation Packages in a CD-ROM format instead of printed hard copies; provided, however, that (i) the Confirmation Hearing Notice and the Ballots shall be included as hard copies, and (ii) the Debtors shall provide printed hard copies upon request.

14.    Except as provided above, the Debtors shall mail each of the Solicitation Packages described above within **seven (7) days** of entry of this Order (the "**Solicitation Date**") to the mailing address listed in the Debtors' books and records as of the Record Date.  If the Debtors' books and records reflect multiple addresses for any individual, the Debtors shall send the appropriate Solicitation Packages to each address.  If any such Solicitation Packages contain a Ballot, the Ballot shall indicate that "A ballot in respect of the same claim was also sent to you at one or more other addresses."  If the Debtors' books and records reflect multiple addresses on account of an attorney or another agent, the Ballot shall indicate that "A ballot in respect of the same claim was also sent to your attorney or other agent (or your client, if you are an attorney or other agent for a creditor."

15.    The Debtors shall send Solicitation Packages only to known deliverable addresses; provided, however, the Debtors shall send a Solicitation Package to any entity who provides written notice of a new mailing address or forwarding addresses prior to the Solicitation Date.

**Form of Ballots and Master Ballots**

16.    The Ballots are **APPROVED**.

17.    To each member of Class 2(a) (CapitalSource Secured Claims against LPC), Class 2(b) (CSE Secured Claims against LPC), Class 7 (General Unsecured Claims

against LPC), Class 14(a) (CapitalSource Secured Claims against LRGI), Class 14(b) (CSE Secured Claims against LRGI), and Class 17 (General Unsecured Claims against LRGI), the Debtors shall send a ballot (a "**General Ballot**") substantially in the form of **Exhibits A-1A, A-1B or A-3,** as applicable.

18.    The General Ballots shall provide members of Class 7 (General Unsecured Claims against LPC) and Class 17 (General Unsecured Claims against LRGI) an option to (a) elect to reduce the amount of their claim to $2,000.00.  Creditors are not required to vote to accept the Proposed Plan to exercise such an election.  Upon a creditor electing to reduce its Claim to $2,000.00, the Claim shall automatically be reclassified as a Convenience Claim in either Class 8 (Convenience Class Claims against LPC) or Class 18 (Convenience Class Claims against LRGI), as appropriate, and the creditor shall no longer be eligible to vote.

19.    The General Ballots shall also provide members of Class 7 (General Unsecured Claims against LPC) and Class 17 (General Unsecured Claims against LRGI) an option to elect the Class 7 Cash Election (as defined in the Proposed Plan) and Class 17 Cash Election (as defined in the Proposed Plan).  If a holder of a claim in Class 7 or Class 17 elects the Class 7 Cash Election or Class 17 Cash Election, as applicable, such election shall be deemed to have been made with respect to all Claims in Class 7 or Class 17, as applicable, held by such holder.

20.    If a member of Class 7 (General Unsecured Claims against LPC) or Class 17 (General Unsecured Claims against LRGI) elect both to reduce its Claim to $2,000.00 and a Class 7 Cash Election or Class 17 Cash election, as applicable, such member shall be deemed to have elected to reduce its Claim to $2,000.00.

21.     To each member of Class 5 (Senior Subordinated Note Claims) who holds
Senior Subordinated Notes for their own benefit, the Debtors shall send a ballot (a "**Beneficial
Holder Ballot**"), substantially in form of **Exhibit A-2A**.

22.     If member of Class 5 (Senior Subordinated Note Claims) holds Senior
Subordinated Notes for the benefit of a third-party (*e.g.*, brokers, banks, dealers, or other agents
or nominees) (collectively, the "**Voting Nominees**"), the Debtors shall provide the Voting
Nominee with sufficient Solicitation Packages for distribution to each of the beneficial holders
represented by the Voting Nominee.

23.     The Voting Nominee may elect to (i) "prevalidate" the Ballot contained in
the Solicitation Package, forward the Solicitation Package to the beneficial holder, and instruct
the beneficial holder to return the ballot to the Solicitation Agent or (ii) forward the Solicitation
Package to the beneficial holder with instructions for the beneficial holder to return the ballot to
the Voting Nominee, the Voting Nominee shall tabulate the ballots on a master ballot,
substantially in form of **Exhibit A-2B** (each a "**Master Ballot**," and collectively, the "**Master
Ballots**"), and return the Master Ballot to the Solicitation Agent.[2]  To be prevalidated, a Ballot
shall indicate the name and address of the beneficial holder, the amount of the underlying
securities, and the corresponding account numbers.  In either instance, the Voting Nominee shall
provide the beneficial holder with the appropriate materials within **five (5) business days** of
receipt of the Solicitation Packages.

24.     The Debtors shall also send each member of Class 5 (Senior Subordinated
Note Claims) or their Voting Nominee, as appropriate, a stock election form, substantially in the

---

[2] Consistent with securities industry practice in bankruptcy solicitations, the Debtors shall provide Master Ballots to
Voting Nominees after the Debtors distribute the Solicitation Packages and the Voting Nominee indicates how it
intends to proceed.

form of **Exhibit A-2C** (each a "**Stock Election Form**," and collectively, the "**Stock Election Forms**"), to make the Class 5 Stock Election (as defined in the Proposed Plan). The holder of Class 5 (Senior Subordinated Note Claims) and/or their Voting Nominee shall follow the procedures established by the Solicitation Agent with respect to electronic delivery of the holder's underlying position, which deliveries shall remain in effect until final distributions are made under the Plan.

25.    To be counted, the Ballots, Master Ballots, or Stock Election Forms, as applicable, shall be received in accordance with the voting procedures outlined below.

26.    The Debtors shall reimburse each Voting Nominee for its reasonable and customary costs and expenses associated with the distribution of the Voting Packages and tabulation of the Beneficial Holders Ballots.

27.    For members of Class 9 (Asbestos-Related Claims) not represented by Authorized Counsel, the Debtors shall send a Ballot substantially in the form of **Exhibit A-4A** (the "**Individual Asbestos Ballot**").

28.    For members of Class 9 (Asbestos-Related Claims) represented by Authorized Counsel, the Debtors shall provide such Authorized Counsel with a master ballot substantially in the form of **Exhibit A-4B** (the "Asbestos Master Ballot"); provided, however, if Authorized Counsel sends the Debtors and the Solicitation Agent a No Authorization Affidavit within **seven (7) days** after service of this Order, the Debtors shall send such holder an Individual Asbestos Ballot.

**Voting and Tabulation Procedures**

<u>Voting Deadline</u>

29.     In order to be counted as a vote to accept or reject the Proposed Plan, each

Ballot shall be properly executed, completed, and delivered to the Solicitation Agent as to be

received by Solicitation Agent no later than the Voting Deadline of **[__], 2010 at 4:00 p.m.**

**(prevailing Eastern Time).**

<u>Procedures to Tabulate Votes</u>

30.     The Debtors propose the following procedures for tabulating votes:

(a)     A vote shall be disregarded if the Court determines, after notice and a
        hearing, that a vote was not solicited or procured in good faith or in
        accordance with the provisions of the Bankruptcy Code;

(b)     All votes to accept or reject the Proposed Plan must be cast by using the
        appropriate Ballot and in accordance with the voting instructions attached
        to each Ballot and/or as set forth on the Ballot (as may be applicable) and
        votes cast in any other manner shall <u>not</u> be counted;

(c)     Any Ballot that is returned to the Solicitation Agent, but which is
        unsigned, or has a non-original signature, shall <u>not</u> be counted;

(d)     A holder of multiple claims or interests must use a separate Ballot for each
        class of claims or interests;

(e)     A holder of claims shall be deemed to have voted the full amount of its
        claims in each class and shall <u>not</u> be entitled to split its vote within a
        particular class;

(f)     Any Ballot that partially accepts and partially rejects the Proposed Plan
        shall be deemed to constitute an acceptance of the Proposed Plan;

(g)     Any entity entitled to vote to accept or reject the Proposed Plan may
        change its vote before the Voting Deadline by casting a superseding Ballot
        so that it is received on or before the Voting Deadline;

(h)     Any entity casting more than one (1) Ballot voting the same claim or
        interest prior to the Voting Deadline, the Solicitation Agent shall count
        only the last Ballot timely received;

(i)     If the Solicitation Agent receives Ballots on the same day but which are voted inconsistently, such Ballots shall be deemed to constitute an acceptance of the Proposed Plan;

(j)     Any executed Ballot timely received by the Solicitation Agent that does not indicate either an acceptance or rejection of the Proposed Plan shall be deemed to constitute an acceptance of the Proposed Plan;

(k)     Any executed Ballot, which indicates both acceptance and rejection of the Proposed Plan shall be deemed to constitute an acceptance of the Proposed Plan;

(l)     The vote of any member of Class 7 (General Unsecured Claims against LPC) or Class 17 (General Unsecured Claims against LRGI) who elects to reduce their claim to $2,000.00 shall not be counted; and

(m)    The Solicitation Agent shall not accept a vote by facsimile, telecopy transmission, or electronic mail.

31.    With respect to the tabulation of Master Ballots cast by Voting Nominees, for purposes of voting, the Solicitation Agent shall use the principal amount held as of Voting Record Date, as applicable (the "**Record Amount**").

32.    The following additional rules will apply to the tabulation of Master Ballots cast by Voting Nominees:

(a)     Votes cast by beneficial holders through a Voting Nominee will be applied against the positions held by such entities in the securities as of Voting Record Date as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, will not be counted in excess of the Record Amount of such securities held by such Voting Nominee.

(b)     To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, the Solicitation Agent will attempt and is authorized to reconcile discrepancies with the Voting Nominees.

(c)     To the extent that overvotes on a Master Ballot or prevalidated Ballots are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and to reject the Proposed Plan in the same proportion as the votes to accept and reject the Proposed Plan submitted on the Master Ballot or prevalidated Ballots that contained

the overvote, but only to the extent of the Voting Nominee's position in the security.

(d)     For purposes of tabulating votes, each Voting Nominee will be deemed to have voted the principal amount relating to such security, although Solicitation Agent may be asked and is authorized to adjust such principal amount to reflect the claim amount, including prepetition interest.

### Notice of Non-Voting Status

33.     The Notice of Non-Voting Status is APPROVED.

34.     The Debtors shall send a Notice of Non-Voting Status to each holder of a claim or interest not entitled to vote.

### The Confirmation Hearing and the Notice and Objection Procedures in Respect of Confirmation of the Proposed Plan

#### The Confirmation Hearing

35.     The Confirmation Hearing is scheduled for **[___], 2010 at ___:___ _.m.**  The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open court at the Confirmation Hearing or any subsequent adjourned Confirmation Hearing or any notice of adjournment filed with the Court and served on the master service list in these cases and any party that filed objections to the Proposed Plan and that the Proposed Plan may be modified pursuant to section 1127 of the Bankruptcy Code prior to, during, or as a result of the Confirmation Hearing, in each case without further notice to parties in interest.

#### Notice of the Confirmation Hearing

36.     The Confirmation Hearing Notice is APPROVED.

#### Objections to Confirmation of the Proposed Plan

37.     Objections or responses to confirmation of or proposed modifications to the Proposed Plan, if any, shall (i) be in writing; (ii) conform to the Bankruptcy Rules and the

Local Rules for the United States Bankruptcy Court for the Southern District of New York; and (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor.

38.     All objections and responses to the confirmation of or proposed modifications to the Proposed Plan shall be filed with the Court no later than the Objection Deadline (**[__], 2010 at 4:00 p.m. (prevailing Eastern Time)**).  In accordance with General Order M-242, registered users of the Court's case filing system must electronically file their objections and responses.  All other parties in interest must file their objections and responses on a 3.5 inch floppy disk (preferably in Portable Disk Format (PDF), WordPerfect, or any other Windows-based word processing format) and deliver a hard copy to Chambers.

39.     All objections and responses shall be served, so as to be received no later than **[__], 2010 at 4:00 p.m. (prevailing Eastern Time)**, upon: (i) the Debtors, Lexington Precision Corporation, 800 Third Ave. 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin), (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Richard P. Krasnow and Victoria Vron); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul K. Schwartzberg); (iv) the attorneys for the Debtors' prepetition lenders, Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, Tennessee 37219 (Attn: John C. Tishler); (v) the attorneys for the statutory committee of unsecured creditors, Andrews Kurth LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Paul N. Silverstein and Jonathan I. Levine); and (vi) the attorneys for Debtors' postpetition lenders, O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New

York, New York 10036 (Attn: Gerald Bender) and (vii) the attorneys for the plan investor, Jones

Day LLP, 222 East 41st, New York, New York (Attn: Lisa G. Laukitis).

40.    Objections not timely filed and served in accordance with the provisions

of this Order may be overruled on that basis alone.

41.    The Debtors are authorized to take or refrain from taking any action

necessary or appropriate to implement the terms of and the relief granted in this Order without

seeking further order of the Court.

42.    The Debtors are authorized to make nonmaterial changes to the Disclosure

Statement, Proposed Plan, Ballots, Confirmation Hearing Notice and related documents, without

further order of the Court, including, without limitation, changes to correct typographical and

grammatical errors and to make conforming changes among the Disclosure Statement, the

Proposed Plan, and any other materials in the Solicitation Package prior to their distribution.

43.    The Court hereby retains jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2010
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE