**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
: 
In re:                                                              :        Chapter 11
                                                                    :
**LEXINGTON PRECISION CORP., <u>et al.</u>,**                       :        Case No. 08-11153 (SCC)
                                                                    :
Debtors.                                                            :        (Jointly Administered)
                                                                    :
---------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105, 502, 1125, 1126, AND
1128 OF THE BANKRUPTCY CODE AND THE BANKRUPTCY
RULES 2002, 3003, 3017, 3018 AND 3020 (I) APPROVING THE PROPOSED
DISCLOSURE STATEMENT, (II) APPROVING THE PROCEDURES TO
SOLICIT ACCEPTANCES OF DEBTORS' PROPOSED PLAN, AND (III)
SCHEDULING A HEARING AND ESTABLISHING NOTICE AND OBJECTION
<u>PROCEDURES FOR CONFIRMATION OF THE DEBTORS' PROPOSED PLAN</u>**

Upon the motion, dated October 24, 2008, and the supplements thereto filed on October 6, 2009 and April 19, 2010 (collectively, the "**Motion**"),[1] of Lexington Precision Corporation and Lexington Rubber Group, Inc. (together, the "**Debtors**"), pursuant to sections 105, 502, 1125, 1126 and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 3003, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to (i) approve of the Debtors' proposed disclosure statement (as modified, the "**Disclosure Statement**") for the Debtors' fourth amended chapter 11 plan (as it may be amended or modified, the "**Proposed Plan**"), (ii) approve certain solicitation procedures for the Proposed Plan; and (iii) schedule a confirmation hearing (the "**Confirmation Hearing**") and establish certain notice and objection procedures in connection therewith, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and

---
[1] Capitalized terms not otherwise defined herein have the meanings set forth in the Motion.

US_ACTIVE:\43402909\06\26690.0008

venue being proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held on May 26, 2010 (the "**Disclosure Statement Hearing**") to consider the Motion; and the Debtors having provided notice of the Disclosure Statement Hearing as described in the Motion; and the Court having reviewed the Disclosure Statement, the Motion, the papers in support thereof, and the responses thereto, if any; and upon the Disclosure Statement, the Motion, the papers in support thereof and the responses thereto, if any, and the record of the Disclosure Statement Hearing and upon all of the proceedings heretofore before the Court,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

      A.      The Disclosure Statement contains "adequate information" about the Debtors' Proposed Plan within the meaning of section 1125 of the Bankruptcy Code.

      B.      Notice of the Disclosure Statement, the Motion, the Hearing, and the deadline for filing objections to the Disclosure Statement was properly provided to all interested parties and such notice was due and proper and no further notice is necessary.

      C.      Classes 1 (Other Priority Claims against LPC), Class 3 (Secured Tax Claims against LPC), Class 4 (Other Secured Claims against LPC), Class 8 (Convenience Claims against LPC), Class 13 (Other Priority Claims against LRGI), Class 15 (Secured Tax Claims against LRGI), Class 16 (Other Secured Claims against LRGI), Class 18 (Convenience Claims against LRGI), and Class 19 (Interests in LRGI) (collectively, the "**Unimpaired Classes**") are unimpaired and are conclusively presumed to accept the Proposed Plan. Accordingly, members of the Unimpaired Classes are not entitled to vote or receive a Ballot.

      D.      The Proposed Plan impairs Class 2(a) (CapitalSource Secured Claims against Lexington Precision), Class 2(b) (CSE Secured Claims against Lexington Precision), Class 5 (Senior Subordinated Notes Claims against Lexington Precision), Class 6 (Junior

Subordinated Note Claims against Lexington Precision), Class 7 (General Unsecured Claims against Lexington Precision), Class 9 (Asbestos-Related Claims against Lexington Precision), Class 10 (Series B Preferred Stock Interests), Class 14(a) (CapitalSource Secured Claims against Lexington Rubber Group), Class 14(b) (CSE Secured Claims against Lexington Rubber Group), and Class 17 (General Unsecured Claims against Lexington Rubber Group) (collectively, the "**Voting Classes**").  Accordingly, members of the Voting Classes are entitled to vote and receive an appropriate Ballot; provided, however, holders of claims in Classes 2, 5-7, 9, 14 and 17 shall not be entitled to vote and receive a Ballot if (i) as of the Voting Record Date, the outstanding amount of such claim is not greater than zero ($0.00); (ii) as of the Voting Record Date, such claim has been disallowed, expunged, disqualified, or suspended; (iii) the Debtors' Schedules show such claim as contingent, unliquidated, or disputed and a proof of claim was not filed by the Bar Date or Government Bar Date, as applicable, or deemed timely filed by order of the Court at least five (5) business days prior to the Voting Deadline; or (iv) as of the Voting Record Date, such claim is subject to a pending objection.

    E.  The Proposed Plan also impairs Class 11 (LPC Common Stock Interests) and Class 12 (Other Equity Interests in LPC) (together, the "**Deemed to Reject Classes**," and with the Unimpaired Classes, the "**Non-Voting Classes**").  Because the Deemed to Reject Classes will not receive a distribution under the Plan, pursuant to section 1126(g) of the Bankruptcy Code, the Deemed to Reject Classes are presumed to have voted to reject the Proposed Plan and, as a result, are not entitled to vote or to receive a Ballot.

    F.  The forms of the Ballots and related election form that are attached hereto as **Exhibits A-1A** through **A-4B** are consistent with Official Form No. 14, address the particular

needs of these chapter 11 cases, and are appropriate for each class of Claims and Interests entitled to vote to accept of reject the Proposed Plan.

        G.      The voting instructions attached to each of the ballots contain adequate information to instruct all members of the Voting Classes how to vote.

        H.      The Voting Deadline of **Friday July 2, 2010 at 5:00 p.m. (Eastern Daylight Time)** provides reasonable and adequate time for all parties in interest to make an informed decision to accept or reject the Proposed Plan.

        I.      The procedures for the solicitation and tabulation of votes to accept or reject the Proposed Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

        J.      The notice procedures set forth below provide due, proper, and adequate notice of approval of the Disclosure Statement, the Confirmation Hearing, and the procedures for filing objections or responses to the Proposed Plan and comply with Bankruptcy Rules 2002 and 3017(d).

        K.      The Debtors have the right to seek modifications or extensions of the matters governed by this Order.

        L.      The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest therein.

        M.      The legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein.

NOW, THEREFORE, IT IS ORDERED THAT:

        1.      The Motion is **GRANTED** as provided herein.

**The Debtors' Disclosure Statement**

    2.  The Disclosure Statement, as it may have been or may be further modified to reflect changes made or ordered on the record of the hearing, is **APPROVED**.

**The Solicitation Procedures**

  **Temporary Allowance of Claims**

    3.  Solely for the purposes of voting to accept or reject the Proposed Plan and not for allowance of, or distribution on account of, any claim or interest, and without prejudice to the Debtors' rights in any other context, each claim of a holder of a claim entitled to vote is temporarily allowed in the amount equal to the amount in the Schedules; <u>provided</u>, <u>however</u>,

  (a)  if a claim holder has timely and properly filed a proof of claim, the holder may vote the claim amount set forth in the proof of claim subject to any applicable limitation below;

  (b)  if the claim for which a proof of claim has been timely filed is partially liquidated and partially unliquidated, such claim is temporarily allowed for voting purposes in the liquidated amount only;

  (c)  if the Court estimates or otherwise allows a claim for voting purposes, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

  (d)  if the Debtors' Schedules list a claim as contingent, unliquidated, or disputed and a proof of claim was not

    (1)  filed by the Bar Date or Government Bar Date, as applicable, or

    (2)  deemed timely filed by an order of the Court prior to the Voting Deadline

    (3)  such claim is disallowed for voting, allowance, and distribution purposes pursuant to Bankruptcy Rule 3003(c) absent the Debtors' written consent to the contrary;

  (e)  if a holder of a claim on the Debtors' Schedules is listed as <u>not</u> contingent, unliquidated, or disputed and such holder files an untimely proof of claim, such claim shall be allowed for voting, allowance, and distribution purposes in the amount set forth in the Schedules;

      (f)      if the Debtors serve an objection to a claim at least ten (10) days before the Voting Deadline, such claim is temporarily disallowed for voting purposes only, but not allowance or distribution purposes, except to the extent and in the manner as may be set forth in such objection;

      (g)      each Asbestos-Related Claims (as defined in the Plan) in Class 9 shall be allowed in the amount of $1.00; and

      (h)      if a claim for which a proof of claim has been timely filed is marked as wholly contingent, unliquidated or disputed on its face, or the Debtors determine, after reasonable review of the Claim (including any supporting documentation contained therewith), is wholly contingent, unliquidated or disputed; such claim will be temporarily allowed for voting purposes in the amount of $1.00.

      4.      If any creditor seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, such creditor shall serve on the Debtors, the Creditors' Committee, and the U.S. Trustee and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Proposed Plan on or before the **tenth (10th) day** after the later of (i) service of notice of the Confirmation Hearing and (ii) the Debtors' service of notice of an objection or request for estimation, if any, as to such claim.  For any creditor filing such a motion, such creditor's Ballot shall not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline.

**Fixing the Voting Record Date**

      5.      The Voting Record Date is **Wednesday May 26, 2010 at 5:00 p.m. (Eastern Daylight Time)**.  Holders of claims and interests, as of the Voting Record Date and as determined by the Debtors' books and records, shall be the holders of record and, as such, shall be entitled to vote or otherwise receive a notice of non-voting status.  Any claim transfer notices received by the Debtors, Epiq, or the Solicitation Agent (i) prior to the Voting Record Date, but with respect to which the **twenty-one (21) day** period required pursuant to Bankruptcy Rule

3001(e)(4) has not expired prior to the Voting Record Date or (ii) after the Voting Record Date, shall not be recognized for determining the holders of record.

### Solicitation Packages and the Distribution Procedures Therefor

6. With the exception of certain holders of Asbestos-Related Claims in Class 9 identified in the subsequent decretal paragraph, the Debtors shall send each member of a Voting Class:

    (a) the order approving the Disclosure Statement;

    (b) the Confirmation Hearing Notice;

    (c) the Disclosure Statement, which shall include the Proposed Plan as an exhibit;

    (d) a Ballot customized for such holder as described below with instructions and a return envelope; and

    (e) such other materials as the Court may direct (collectively, the "**Voting Solicitation Package**").

7. For any holder of an Asbestos-Related Claim represented by counsel who has previously represented to the Debtors that such holder has authorized counsel to vote the Asbestos-Related Claim on the holder's behalf ("**Authorized Counsel**"), the Debtors shall send such Authorized Counsel a Voting Solicitation Package on behalf of any such holder; provided, however, if Authorized Counsel sends the Solicitation Agent and the Debtors within **seven (7) days** after service of this Order an affidavit indicating the name and address of each holder of an Asbestos-Related Claim represented by such Authorized Counsel for whom Authorized Counsel is not authorized to vote (a "**No Authorization Affidavit**"), the Debtors or the Solicitation Agent shall send the holder of an Asbestos-Related Claim listed on the No Authorization Affidavit a Voting Solicitation Package within **seven (7) days** after receipt of the No Authorization Affidavit.

8. To any holder of an Asbestos-Related Claim not represented by Authorized Counsel, the Debtors shall send a Voting Solicitation Package within **seven (7) days**.

9. To each holder of a Claim or Interest not entitled to vote, the Debtors shall send:

   (a) the order approving the Disclosure Statement;

   (b) the Confirmation Hearing Notice;

   (c) a Notice of Non-Voting Status; <u>provided</u>, <u>however</u>, the Debtors shall provide such holder a Proposed Disclosure Statement upon written request; and

   (d) such other materials as the Court may direct (collectively, the "**Non-Voting Solicitation Package**")

10. If holder of a Claim is not entitled to vote as a result of a pending objection, the Debtors shall supplement the Non-Voting Solicitation Package and include a Disclosure Statement. If the pending claim objection is resolved or withdrawn and the holder of the claim becomes eligible to vote at least **ten (10) business days** prior to the Voting Deadline, the Debtors shall mail to such holder, via express or overnight mail, a Voting Solicitation Package within **three (3) business days** after such member becomes eligible to vote.

11. If a claim is allowed for voting purposes on or before **ten (10) business days** before the Voting Deadline, the Debtors shall mail, via express or overnight mail, a Voting Solicitation Package to the holder of such claim within **three (3) business days** after entry of an order temporarily allowing such creditor's claim for voting purposes.

12. The Debtors shall distribute the following materials to (i) the U.S. Trustee, (ii) the attorneys for the Creditors' Committee. and (iii) all parties requesting services in these chapter 11 cases (unless already receiving a Voting Solicitation Package):

   (a) the order approving the Disclosure Statement;

  (b)  the Confirmation Hearing Notice;

  (c)  the Disclosure Statement, which shall include the Proposed Plan as an exhibit; and

  (d)  such other materials as the Court may direct (collectively, the "**Notice Solicitation Package**" together with the Voting and Non-Voting Solicitation Packages, the "**Solicitation Packages**")

13. The Debtors shall send the Solicitation Packages in a CD-ROM format instead of printed hard copies; provided, however, that (i) the Confirmation Hearing Notice and the Ballots shall be included as hard copies, and (ii) the Debtors shall provide printed hard copies upon request.

14. Except as provided above, the Debtors shall mail each of the Solicitation Packages described above within **seven (7) days** of entry of this Order (the "**Solicitation Date**") to the mailing address listed in the Debtors' books and records as of the Record Date. If the Debtors' books and records reflect multiple addresses for any individual, the Debtors shall send the appropriate Solicitation Packages to the primary address, and a notice informing such parties that the Solicitation Package containing the individual's applicable Ballot was sent to an alternate address and to contact the Voting Agent, if necessary, to send the applicable materials to a different address.

15. The Debtors shall send Solicitation Packages only to known deliverable addresses; provided, however, the Debtors shall send a Solicitation Package to any entity who provides written notice of a new mailing address or forwarding addresses prior to the Solicitation Date.

**Form of Ballots and Master Ballots**

16. The Ballots are **APPROVED**.

17.  To each member of Class 2(a) (CapitalSource Secured Claims against LPC), Class 2(b) (CSE Secured Claims against LPC), Class 7 (General Unsecured Claims against LPC), Class 14(a) (CapitalSource Secured Claims against LRGI), Class 14(b) (CSE Secured Claims against LRGI), and Class 17 (General Unsecured Claims against LRGI), the Debtors shall send a ballot (a "**General Ballot**") substantially in the form of **Exhibits A-1A, A-1B or A-3,** as applicable.

18.  The General Ballots shall provide members of Class 7 (General Unsecured Claims against LPC) and Class 17 (General Unsecured Claims against LRGI) an option to (a) elect to reduce the amount of their claim to $2,000.00.  Creditors are not required to vote to accept the Proposed Plan to exercise such an election.  Upon a creditor electing to reduce its Claim to $2,000.00, the Claim shall automatically be reclassified as a Convenience Claim in either Class 8 (Convenience Class Claims against LPC) or Class 18 (Convenience Class Claims against LRGI), as appropriate, and the creditor shall no longer be eligible to vote.

19.  The General Ballots shall also provide members of Class 7 (General Unsecured Claims against LPC) and Class 17 (General Unsecured Claims against LRGI) an option to elect the Class 7 Cash Election (as defined in the Proposed Plan) and Class 17 Cash Election (as defined in the Proposed Plan).  If a holder of a claim in Class 7 or Class 17 elects the Class 7 Cash Election or Class 17 Cash Election, as applicable, such election shall be deemed to have been made with respect to all Claims in Class 7 or Class 17, as applicable, held by such holder.

20.  If a member of Class 7 (General Unsecured Claims against LPC) or Class 17 (General Unsecured Claims against LRGI) elect both to reduce its Claim to $2,000.00 and a

Class 7 Cash Election or Class 17 Cash election, as applicable, such member shall be deemed to have elected to reduce its Claim to $2,000.00.

21. To each member of Class 5 (Senior Subordinated Note Claims) who holds Senior Subordinated Notes for their own benefit, the Debtors shall send a ballot (a "**Beneficial Holder Ballot**"), substantially in form of **Exhibit A-2A**.

22. If member of Class 5 (Senior Subordinated Note Claims) holds Senior Subordinated Notes for the benefit of a third-party (*e.g.*, brokers, banks, dealers, or other agents or nominees) (collectively, the "**Voting Nominees**"), the Debtors shall provide the Voting Nominee with sufficient Solicitation Packages for distribution to each of the beneficial holders represented by the Voting Nominee.

23. The Voting Nominee may elect to (i) "prevalidate" the Ballot contained in the Solicitation Package, forward the Solicitation Package to the beneficial holder, and instruct the beneficial holder to return the ballot to the Solicitation Agent or (ii) forward the Solicitation Package to the beneficial holder with instructions for the beneficial holder to return the ballot to the Voting Nominee, the Voting Nominee shall tabulate the ballots on a master ballot, substantially in form of **Exhibit A-2B** (each a "**Master Ballot**," and collectively, the "**Master Ballots**"), and return the Master Ballot to the Solicitation Agent.[2] To be prevalidated, a Ballot shall indicate the name and address of the beneficial holder, the amount of the underlying securities, and the corresponding account numbers. In either instance, the Voting Nominee shall provide the beneficial holder with the appropriate materials within **five (5) business days** of receipt of the Solicitation Packages.

---

[2] Consistent with securities industry practice in bankruptcy solicitations, the Debtors shall provide Master Ballots to Voting Nominees after the Debtors distribute the Solicitation Packages and the Voting Nominee indicates how it intends to proceed.

24. The Debtors shall also send each member of Class 5 (Senior Subordinated Note Claims) or their Voting Nominee, as appropriate, a stock election form, substantially in the form of **Exhibit A-2C** (each a "**Stock Election Form**," and collectively, the "**Stock Election Forms**"), to make the Class 5 Stock Election (as defined in the Proposed Plan). The holder of Class 5 (Senior Subordinated Note Claims) and/or their Voting Nominee shall follow the procedures established by the Solicitation Agent with respect to electronic delivery of the holder's underlying position, which deliveries shall remain in effect until final distributions are made under the Plan.

25. To be counted, the Ballots, Master Ballots, or Stock Election Forms, as applicable, shall be received in accordance with the voting procedures outlined below.

26. The Debtors shall reimburse each Voting Nominee for its reasonable and customary costs and expenses associated with the distribution of the Voting Packages and tabulation of the Beneficial Holders Ballots.

27. For members of Class 9 (Asbestos-Related Claims) not represented by Authorized Counsel, the Debtors shall send a Ballot substantially in the form of **Exhibit A-4A** (the "**Individual Asbestos Ballot**").

28. For members of Class 9 (Asbestos-Related Claims) represented by Authorized Counsel, the Debtors shall provide such Authorized Counsel with a master ballot substantially in the form of **Exhibit A-4B** (the "**Asbestos Master Ballot**"); provided, however, if Authorized Counsel sends the Debtors and the Solicitation Agent a No Authorization Affidavit within **seven (7) days** after service of this Order, the Debtors shall send such holder an Individual Asbestos Ballot.

**Voting and Tabulation Procedures**

Voting Deadline

29.  In order to be counted as a vote to accept or reject the Proposed Plan, each Ballot shall be properly executed, completed, and delivered to the Solicitation Agent as to be received by Solicitation Agent no later than the Voting Deadline of **Friday July 2, 2010 at 5:00 p.m. (Eastern Daylight Time).**

Procedures to Tabulate Votes

30.  The Debtors propose the following procedures for tabulating votes:

(a)  A vote shall be disregarded if the Court determines, after notice and a hearing, that a vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

(b)  All votes to accept or reject the Proposed Plan must be cast by using the appropriate Ballot and in accordance with the voting instructions attached to each Ballot and/or as set forth on the Ballot (as may be applicable) and votes cast in any other manner shall not be counted;

(c)  Any Ballot that is returned to the Solicitation Agent, but which is unsigned, or has a non-original signature, shall not be counted;

(d)  A holder of multiple claims or interests must use a separate Ballot for each class of claims or interests;

(e)  A holder of claims shall be deemed to have voted the full amount of its claims in each class and shall not be entitled to split its vote within a particular class;

(f)  Any Ballot that partially accepts and partially rejects the Proposed Plan shall be deemed to constitute an acceptance of the Proposed Plan;

(g)  Any entity entitled to vote to accept or reject the Proposed Plan may change its vote before the Voting Deadline by casting a superseding Ballot so that it is received on or before the Voting Deadline;

(h)  Any entity casting more than one (1) Ballot voting the same claim or interest prior to the Voting Deadline, the Solicitation Agent shall count only the last Ballot timely received;

(i) If the Solicitation Agent receives Ballots on the same day but which are voted inconsistently, such Ballots shall be deemed to constitute an acceptance of the Proposed Plan;

(j) Any executed Ballot timely received by the Solicitation Agent that does not indicate either an acceptance or rejection of the Proposed Plan shall be deemed to constitute an acceptance of the Proposed Plan;

(k) Any executed Ballot, which indicates both acceptance and rejection of the Proposed Plan shall be deemed to constitute an acceptance of the Proposed Plan;

(l) The vote of any member of Class 7 (General Unsecured Claims against LPC) or Class 17 (General Unsecured Claims against LRGI) who elects to reduce their claim to $2,000.00 shall not be counted; and

(m) The Solicitation Agent shall not accept a vote by facsimile, telecopy transmission, or electronic mail.

31. With respect to the tabulation of Master Ballots cast by Voting Nominees, for purposes of voting, the Solicitation Agent shall use the principal amount held as of Voting Record Date, as applicable (the "**Record Amount**").

32. The following additional rules will apply to the tabulation of Master Ballots cast by Voting Nominees:

(a) Votes cast by beneficial holders through a Voting Nominee will be applied against the positions held by such entities in the securities as of Voting Record Date as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, will not be counted in excess of the Record Amount of such securities held by such Voting Nominee.

(b) To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, the Solicitation Agent will attempt and is authorized to reconcile discrepancies with the Voting Nominees.

(c) To the extent that overvotes on a Master Ballot or prevalidated Ballots are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and to reject the Proposed Plan in the same proportion as the votes to accept and reject the Proposed Plan submitted on the Master Ballot or prevalidated Ballots that contained

    the overvote, but only to the extent of the Voting Nominee's position in the security.

  (d)  For purposes of tabulating votes, each Voting Nominee will be deemed to have voted the principal amount relating to such security, although Solicitation Agent may be asked and is authorized to adjust such principal amount to reflect the claim amount, including prepetition interest.

**Notice of Non-Voting Status**

  33.  The Notice of Non-Voting Status, attached hereto as Exhibit B, is APPROVED.

  34.  The Debtors shall send a Notice of Non-Voting Status to each holder of a claim or interest not entitled to vote.

**The Confirmation Hearing and the Notice and Objection**
**Procedures in Respect of Confirmation of the Proposed Plan**

  **The Confirmation Hearing**

  35.  The Confirmation Hearing is scheduled for **Wednesday July 14, 2010 at 10:00 a.m. (Eastern Daylight Time).** The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open court at the Confirmation Hearing or any subsequent adjourned Confirmation Hearing or any notice of adjournment filed with the Court and served on the master service list in these cases and any party that filed objections to the Proposed Plan and that the Proposed Plan may be modified pursuant to section 1127 of the Bankruptcy Code prior to, during, or as a result of the Confirmation Hearing, in each case without further notice to parties in interest.

  **Notice of the Confirmation Hearing**

  36.  The Confirmation Hearing Notice, a form of which is attached hereto as Exhibit C, is APPROVED.

**Objections to Confirmation of the Proposed Plan**

37. Objections or responses to confirmation of or proposed modifications to the Proposed Plan, if any, shall (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the Southern District of New York; and (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor.

38. All objections and responses to the confirmation of or proposed modifications to the Proposed Plan shall be filed with the Court no later than the Objection Deadline (**Friday July 2, 2010 at 5:00 p.m. (Eastern Daylight Time)**). In accordance with General Order M-242, registered users of the Court's case filing system must electronically file their objections and responses. All other parties in interest must file their objections and responses on a 3.5 inch floppy disk (preferably in Portable Disk Format (PDF), WordPerfect, or any other Windows-based word processing format) and deliver a hard copy to Chambers.

39. All objections and responses shall be served, so as to be received no later than **Friday July 2, 2010 at 5:00 p.m. (Eastern Daylight Time)**, upon: (i) the Debtors, Lexington Precision Corporation, 800 Third Ave. 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin), (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Richard P. Krasnow and Victoria Vron); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul K. Schwartzberg); (iv) the attorneys for the Debtors' prepetition lenders, Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, Tennessee 37219 (Attn: John C. Tishler); (v) the attorneys for the statutory committee of unsecured creditors, Andrews Kurth LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Paul N. Silverstein and Jonathan I. Levine); and (vi) the attorneys

for Debtors' postpetition lenders, O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, New York 10036 (Attn: Gerald Bender) and (vii) the attorneys for the plan investor, Jones Day LLP, 222 East 41st, New York, New York (Attn: Lisa G. Laukitis) (the "**Notice Parties**").

40. Objections not timely filed and served in accordance with the provisions of this Order may be overruled on that basis alone.

41. Any reply to any Objection shall be filed and served upon the objecting party and the Notice Parties by **12:00 p.m. (Eastern Daylight Time) on Friday July 9, 2010.**

42. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

43. The Debtors are authorized to make nonmaterial changes to the Disclosure Statement, Proposed Plan, Ballots, Confirmation Hearing Notice and related documents, without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Proposed Plan, and any other materials in the Solicitation Package prior to their distribution.

44. The Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: May 26, 2010
New York, New York

/s/Shelley C. Chapman
HONORABLE SHELLEY C.CHAPMAN
UNITED STATES BANKRUPTCY JUDGE