**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
:
In re                                                             :    Chapter 11 Case No.
:
**LEXINGTON PRECISION CORP., et al.,**   :    08-11153 (SCC)
:
    Debtors.                                                 :    (Jointly Administered)
:
------------------------------------------------------------------x

### ORDER ALLOWING INTERIM
### COMPENSATION FOR THE PERIODS OF
### (I) APRIL 1, 2009 THROUGH JULY 31, 2009 AND (II) AUGUST 1, 2009
### TO NOVEMBER 30, 2009, FOR PROFESSIONAL SERVICES RENDERED
### AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED

Upon the hearing held on May 26, 2010 (the "**Hearing**") to consider the applications (collectively, the "**Applications**") for allowance of interim compensation for professional services rendered and reimbursement of actual and necessary expenses incurred during the periods of (i) April 1, 2009 through July 31, 2009, and (ii) August 1, 2009 through November 30, 2009 (the "**Application Periods**"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), filed by the professionals retained in the above-captioned chapter 11 cases of Lexington Precision Corporation and its wholly-owned subsidiary, Lexington Rubber Group, Inc., as debtors and debtors in possession (together, the "**Debtors**") and listed on Exhibit A annexed hereto (the "**Professionals**"); and the Court having considered the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, adopted by the Court on April 19, 1995, the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, adopted on January 30, 1996, and the *Order Pursuant to*

*Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated April 22, 2008 (the "**Interim Compensation Order**"); and the Court having jurisdiction to consider the Applications and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the United States Trustee for the Southern District of New York having filed an objection[1] (the "**Objection**") to certain Applications; and the Court having reviewed the Applications and Objection; the Court finds and determines that (a) notice of the Applications was due and proper and no further notice is necessary, (b) the fees of the Professionals incurred during the Application Periods constitute reasonable compensation for actual, necessary services rendered by the Professionals, (c) the expenses incurred during the Application Periods are actual and necessary expenses, (d) the relief requested in the Applications is in the best interests of the Debtors, their estates and their creditors; and (e) the Objection is sustained; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Applications are granted to the extent provided on Exhibit A; and it is further

ORDERED that compensation to the Professionals for professional services rendered during the time periods set forth in the Applications is allowed in the amounts set forth on Exhibit A in the column entitled "Fees Allowed" pursuant to section 331 of the Bankruptcy Code and are subject to final approval under section 330 of the Bankruptcy Code; and it is further

---

[1] *Objection of the United States Trustee to Interim Applications for Compensation and Reimbursement of Expenses*, dated February 24, 2009 [Docket No. 841].

ORDERED that reimbursement to the Professionals for expenses incurred during the time period set forth in the Applications is allowed in the amounts set forth on Exhibit A in the column entitled "Expenses Allowed" and are subject to final approval under section 330 of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized and directed to make payment to the Professionals in respect of the "Net Fees Payable" and "Expenses Allowed/Payable" in the amounts set forth on Exhibit A, to the extent not previously paid pursuant to the Interim Compensation Order or otherwise; and it is further

ORDERED that this Court hereby retains jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: May 28, 2010
      New York, New York

                                        /s/Shelley C. Chapman
                                        HONORABLE SHELLEY C. CHAPMAN
                                        UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

Fourth Interim Period

| Applicant | Docket No. | Period | Fees Requested | Expenses Requested | Fees Allowed | Fee Hold Back (10%) | Net Fees Payable[1] | Expenses Allowed/ Payable |
|---|---|---|---|---|---|---|---|---|
| Weil, Gotshal & Manges LLP | 715 | April 1, 2009 to July 31, 2009 | $112,242.50 | $6,031.52 | $112,242.50 | $11,224.25 | $101,018.25 | $6,031.52 |
| W. Y. Campbell & Company | 713 | April 1, 2009 to July 31, 2009 | $200,000.00 | $18,233.42 | $200,000.00 | $20,000.00 | $180,000.00 | $18,233.42 |
| Andrews Kurth LLP | 784 | April 1, 2009 to July 31, 2009 | $77,993.50 | $7,620.11 | $77,993.50 | $7,799.35 | $70,194.15 | $7,620.11 |
| Stout Risius Ross, Inc. | 769 | April 1, 2009 to July 31, 2009 | $200,000.00 | $3,500.39 | $200,000.00 | $20,000.00 | $180,000.00 | $3,500.39 |

Dated: 5/28/2010                Initials: SCC, USBJ

Fifth Interim Period

| Applicant | Docket No. | Period | Fees Requested | Expenses Requested | Fees Allowed | Fee Hold Back (10%) | Net Fees Payable | Expenses Allowed/ Payable |
|---|---|---|---|---|---|---|---|---|
| Weil, Gotshal & Manges LLP | 833 | August 1, 2009 to November 30, 2009 | $170,494.00 | $4,445.85 | $170,494.00 | $17,049.40 | $153,444.60 | $4,445.85 |
| W. Y. Campbell & Company | 821 | August 1, 2009 to November 30, 2009 | $200,000.00 | $15,168.52 | $200,000.00 | $20,000.00 | $180,000.00 | $15,168.52 |
| Andrews Kurth LLP | 836 | August 1, 2009 to November 30, 2009 | $252,637.00 | $28,086.26 | $252,637.00 | $25,263.70 | $227,373.30 | $28,086.26 |
| Stout Risius Ross, Inc. | 837 | August 1, 2009 to November 30, 2009 | $200,000.00 | $4,780.82 | $200,000.00 | $20,000.00 | $180,000.00 | $4,780.82 |

Dated: 5/28/2010                Initials: SCC, USBJ

---

[1] "Net Fees Payable" reflects the amounts that the Court has authorized and directed the Debtors to pay. Weil Gotshal & Manges LLP has made a voluntary reductions in its fees of $8,153.00 for the period of April 1, 2009 to July 31, 2009.

US_ACTIVE:\43405722\01\26690.0008

## All Compensation Periods

| Applicant | Period | Fees Requested | Expenses Requested | Fees Allowed | Expenses Allowed | Fee Hold Back |
|---|---|---|---|---|---|---|
| Weil, Gotshal & Manges LLP | April 1, 2008 to November 30, 2009 | $2,074,498.75 | $72,631.60 | $2,011,613.17 | $72,042.48 | $427,928.20 |
| W. Y. Campbell & Company | April 1, 2008 to November 30, 2009 | $1,000,000.00 | $72,670.00 | $990,000.00 | $71,993.86 | $430,000.00 |
| Andrews Kurth LLP | April 1, 2008 to November 30, 2009 | $1,666,404.00 | $189,944.96 | $1,634,336.02 | $95,028.49 | $441,062.83 |
| Stout Risius Ross, Inc. | April 1, 2008 to November 30, 2009 | $980,645.16 | $24,431.91 | $971,161.90 | $24,431.91 | $429,032.26 |

Dated: 5/28/2010   Initials: SCC, USBJ