UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                         :

In re                          :        Chapter 11 Case No.
                                     :

LEXINGTON PRECISION CORP., et al.,  :        08-11153 (SCC)
                                     :

        Debtors.                :        (Jointly Administered)
                                     :
---------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER
PURSUANT TO 11 U.S.C. §§ 105(a), 361, 362, AND 363 (I) AUTHORIZING
DEBTORS TO USE CASH COLLATERAL AND (II) GRANTING ADEQUATE
PROTECTION TO PREPETITION SECURED LENDERS (ELEVENTH EXTENSION)**

**Recitals**

      A.      Lexington Precision Corporation ("**LPC**") and Lexington Rubber Group, Inc. ("**LRGI**" and together with LPC, the "**Debtors**") each commenced voluntary chapter 11 cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on April 1, 2008 (the "**Commencement Date**"). The Debtors' chapter 11 cases (the "**Cases**") have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

      B.      On April 11, 2008, the United States Trustee for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "**Creditors' Committee**").

      C.      Prior to the Commencement Date, the Prepetition Senior Lenders (as defined below) made certain loans and other financial accommodations available to the Debtors pursuant to, among other things, the following documents (collectively, with any and all other

agreements, instruments, and related documents, including without limitation, guaranties,

pledges, and discretionary funding letters executed by any Debtor and any Other Documents (as

defined in each of the Credit Agreement (defined below) and the Loan Agreement (defined

below)), the "**Prepetition Senior Lender Loan Documents**"):

> (i)     that certain *Credit and Security Agreement*, dated May 31, 2006 (as amended to date and as may be amended, restated or otherwise modified from time to time, the "**Credit Agreement**"), between the Debtors, as borrowers, and CapitalSource Finance LLC ("**CapitalSource**"), as a lender, as collateral agent and administrative agent for itself and other lenders under the Credit Agreement (CapitalSource, when acting in such capacity, is herein called the "**Revolver Agent**"), and as Co-Documentation Agent, and Webster Business Credit Corporation ("**Webster**") as a lender (CapitalSource and Webster, as lenders, collectively the "**Prepetition Revolver Lenders**") and as Co-Documentation Agent;

> (ii)    that certain *Loan and Security Agreement*, dated May 31, 2006 (as amended to date and as may be amended, restated or otherwise modified from time to time, the "**Loan Agreement**"), between the Debtors, as borrowers, and CSE Mortgage LLC ("**CSE**"), as a lender and as collateral agent for itself and each other lender under the Loan Agreement (CSE, when acting in such capacity, is herein called the "**Term Loan Agent**") (Revolver Agent and Term Loan Agent, collectively, the "**Agents**"), and DMD Special Situations Funding LLC, ("**DMD**"), as a lender under the Loan Agreement (DMD and CSE, as the Term Loan Agent and a lender under the Loan Agreement, along with the Revolver Agent and the Prepetition Revolver Lenders, collectively, the "**Prepetition Senior Lenders**").

D.      The Court approved the Debtors' use of the Prepetition Senior Lenders'

Cash Collateral (as defined in the First Cash Collateral Order) by order dated April 17, 2008

[Docket No. 61] (the "**First Cash Collateral Order**") and approved further extensions by orders

dated March 4, 2009 [Docket No. 579], May 20, 2009 [Docket No. 634], August 17, 2009

[Docket No. 690]; September 25, 2009 [Docket No. 725]; October 28, 2009 [Docket No. 772]

(the "**Sixth Cash Collateral Order**"); December 30, 2009 [Docket No. 805]; January 19, 2009

[Docket No. 823]; March 9, 2010 [Docket No. 851]; and April 13, 2010 [Docket No. 864]. The

Debtors' use of Cash Collateral currently expires on Friday May 28, 2010.

       E.      Based upon a plan of reorganization (as may be amended or modified, the

"**Plan**")[1] consented to by the Prepetition Senior Lenders with a disclosure statement therefor

approved by the Court, the Debtors have requested that the Prepetition Senior Lenders consent to

an extension of the Debtors' use of Cash Collateral through June 25, 2010, upon substantially the

same terms as those set forth in the Sixth Cash Collateral Order.

       F.      In light of the foregoing, the Debtors and the Prepetition Senior Lenders

have agreed to the terms of this stipulation, agreement, and order (the "**Stipulation, Agreement,**

**and Order**"), subject to approval of this Court, extending the use of the Cash Collateral on the

terms set forth below.

**Agreement**

       1.      The Recitals set forth above form an integral part of this Stipulation,

Agreement, and Order and are incorporated fully herein.

       2.      Subject to the terms and conditions set forth in Paragraphs 3, 4, and 5

below, the Debtors' use of Cash Collateral is hereby extended through and including June 25,

2010, or until the occurrence of a Termination Event; **provided that** the Debtors' use of Cash

Collateral may be extended and further extended (provided that no Termination Event occurs

prior to such date) without further order of the Court upon the Debtors filing of a notice (an

"**Extension Notice**") with the consent of the Prepetition Secured Lenders including (a) the date

of the extension, (b) an appropriate budget, and (c) the applicable available minimum cash.

Nothing in the prior sentence shall prejudice the Debtors from seeking further extensions

---

[1] *Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified*, dated May 27, 2010 [Docket No. 894].

regarding the use of cash collateral either consensually with the Agents or in connection with a

contested hearing.

3.       The Debtors shall use Cash Collateral only for (a) working capital and

capital expenditures, (b) other general corporate purposes of the Debtors (including, without

limitation, the making of Adequate Protection Payments (as defined below)), and (c) the costs of

administration of these chapter 11 cases, with each of the foregoing in compliance with the

budget (the "**Budget**"), which is annexed hereto as **Exhibit 1** and incorporated herein by

reference, subject to the permitted variances as provided for in this Stipulation, Agreement, and

Order and the Sixth Cash Collateral Order.

4.       The recitals, terms, conditions, and stipulations of the Sixth Cash

Collateral Order (including, without limitation, the provisions for adequate protection and release

of the Prepetition Senior Lenders), are incorporated herein by reference as if fully set forth

herein; **provided**, **however**, that (i) all references to "December 31, 2009" shall be replaced with

"June 25, 2010," or replaced with the appropriate extension date in an Extension Notice; and

(iii) for purposes of the period from May 28, 2010 through June 25, 2010 or the applicable

extension date, Paragraph 14(vi) of the Sixth Cash Collateral Order shall be replaced with the

following language:

>       (vi) the aggregate total of the Debtors' short-term investments and the
> cash available in their Master Operating Account and the DIP Account shall not
> fall below the amounts corresponding to the dates set forth below:

| Week Ending | Minimum Available Cash |
| --- | --- |
| Every Friday thereafter until 25-June (or the applicable extension date) | $1,600,000 |

5.       Notwithstanding anything to the contrary contained herein, both the

Debtors' and the Prepetition Senior Lenders' respective rights are preserved with respect to any

Termination Events, known or unknown, on the terms set forth in Paragraph 11(i)(a) of the Sixth Cash Collateral Order.

6.    The Parties agree that this Court shall be the exclusive forum with respect to any disputes or controversies relating to or arising under this Stipulation, Agreement, and Order.

7.    This Stipulation, Agreement, and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

8.    The person who executes this Stipulation, Agreement, and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such Party.

9.    This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be charged.

10.    This Stipulation, Agreement, and Order is subject to the approval of the Court and upon such approval shall inure to the benefit of the parties hereto and their respective successors and assigns.

*[Remainder of page intentionally left blank.]*

This Stipulation, Agreement, and Order shall be governed by the laws of the State

of New York, without regard to the application of New York's conflict of law principles.

Dated: May 27, 2010
New York, New York


/s/ Adam P. Strochak                                    /s/ John C. Tishler
Richard P. Krasnow                                      John C. Tishler
Adam P. Strochak

WEIL, GOTSHAL & MANGES LLP              WALLER LANSDEN DORTCH & DAVIS,
767 Fifth Avenue                                            LLP
New York, New York 10153                        511 Union Street, Suite 2700
Telephone: (212) 310-8000                         Nashville, TN 37219
Facsimile:  (212) 310-8007                         Telephone:  (615) 244-6380
                                                                    Facsimile:  (615) 244-6804

Attorneys for Debtors
and Debtors in Possession                          Attorneys for the Prepetition Senior Lenders



New York, New York                                  /s/Shelley C. Chapman
Date: June 9, 2010                                      UNITED STATES BANKRUPTCY JUDGE

## **<u>Exhibit 1</u>**

### **Budget**

# LEXINGTON PRECISION CORPORATION

## FORECAST OF CASH RECEIPTS, CASH DISBURSEMENTS, AND NET SALES FROM APRIL 5, 2010 THROUGH JUNE 25, 2010
(in thousands of dollars)

| | 9-Apr | 16-Apr | 23-Apr | 30-Apr | 7-May | 14-May | 21-May | 28-May | 4-Jun | 11-Jun | 18-Jun | 25-Jun |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Cash receipts** | 1,281 | 1,378 | 1,082 | 1,591 | 1,704 | 1,218 | 1,247 | 1,502 | 1,361 | 1,237 | 1,234 | 1,226 |
| **Cash disbursements:** | | | | | | | | | | | | |
| Debt service: | | | | | | | | | | | | |
| CapitalSource principal | - | - | - | - | 269 | - | - | - | 269 | - | - | - |
| CapitalSource interest | - | - | - | - | 122 | - | - | - | 122 | - | - | - |
| CapitalSource miscellaneous fees | - | - | - | - | 7 | - | - | - | 7 | - | - | - |
| DIP interest and fees | - | - | - | - | 33 | - | - | - | 34 | - | - | - |
| Westfield Bank | 71 | - | - | - | - | - | - | - | - | - | - | - |
| Lubin, Delano & Co. | - | - | - | - | - | - | - | - | - | - | - | - |
| Payroll and payroll taxes | 270 | 497 | 267 | 497 | 271 | 500 | 271 | 500 | 275 | 278 | 509 | 278 |
| Retirement & Savings Plan 401(k) | 14 | 38 | 14 | 38 | 14 | 38 | 14 | 14 | 38 | 14 | 38 | 14 |
| Group Medical Care Plan administrative fees | - | 11 | - | - | - | 11 | - | - | - | - | 11 | - |
| Reorganization professional fees and expenses | 80 | 24 | 86 | 90 | 210 | - | 92 | 36 | 150 | 75 | 75 | 75 |
| DIP legal counsel | - | - | - | - | - | - | - | - | - | - | - | - |
| Ordinary course professionals | 50 | 25 | 10 | 24 | - | 32 | - | 19 | - | - | - | 19 |
| Vendors: | | | | | | | | | | | | |
| Dow Corning | 37 | 37 | 32 | 32 | 37 | 37 | 32 | 32 | 37 | 43 | 38 | 38 |
| Wacker Silicones | 89 | 102 | 69 | 60 | 105 | 107 | 110 | 110 | 102 | 113 | 105 | 105 |
| All other | 545 | 544 | 544 | 566 | 523 | 546 | 452 | 470 | 537 | 579 | 463 | 428 |
| State of Ohio BWC and UMR health disbursements | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 71 | 40 | 40 | 40 | 40 |
| Commercial Traffic | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 |
| Building renovation at Rock Hill, SC facility | - | - | - | - | - | - | - | - | - | - | - | - |
| Total cash disbursed | 1,211 | 1,333 | 1,077 | 1,362 | 1,646 | 1,326 | 1,026 | 1,267 | 1,626 | 1,157 | 1,294 | 1,012 |
| **Net cash received (used)** | 70 | 45 | 5 | 229 | 58 | (108) | 221 | 235 | (265) | 80 | (60) | 216 |
| **Cumulative net cash received (used)** | 70 | 115 | 120 | 349 | 407 | 299 | 520 | 755 | 490 | 570 | 510 | 726 |
| **Ending cash balance from prior period** | 2,032 | 2,032 | 2,032 | 2,032 | 2,032 | 2,032 | 2,032 | 2,032 | 2,032 | 2,032 | 2,032 | 2,032 |
| **Net cash available** | 2,102 | 2,147 | 2,152 | 2,381 | 2,439 | 2,331 | 2,552 | 2,787 | 2,522 | 2,602 | 2,542 | 2,758 |
| **Net sales (based on date shipped)** | 1,236 | 1,255 | 1,333 | 1,332 | 1,355 | 1,354 | 1,522 | 1,528 | 1,206 | 1,370 | 1,456 | 1,516 |
| **Net cumulative sales** | 1,236 | 2,491 | 3,824 | 5,156 | 6,511 | 7,865 | 9,387 | 10,915 | 12,121 | 13,491 | 14,947 | 16,463 |