Hearing Date and Time: July 14, 2010 at 10:00 a.m. (EDT)
Objection Date and Time: July 7, 2010 at 12:00 p.m. (EDT)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                                                :
In re:                                          :    Chapter 11
                                                :
**LEXINGTON PRECISION CORP., et al.,**          :    Case No. 08-11153 (SCC)
                                                :
        Debtors.                                :    (Jointly Administered)
                                                :
---------------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO**
**SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY**
**RULE 3007 TO EXPAND AUTHORITY TO FILE OMNIBUS CLAIMS OBJECTIONS**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lexington Precision Corporation and its wholly-owned subsidiary, Lexington

Rubber Group, Inc. (together, the "**Debtors**"), as debtors and debtors in possession, respectfully

represent as follows:

**Relief Requested**

1.      Pursuant to section 105 of title 11 of the United States Code (the

"**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), the Debtors request authority to file certain omnibus objections of no

more than 100 claims at a time on grounds beyond those authorized by Bankruptcy Rule 3007.

US_ACTIVE:\43414713\02\26690.0008

2. The relief requested is necessary to enable the Debtors to reconcile hundreds of claims filed or scheduled in these chapter 11 cases while avoiding the administrative and financial burden of filing individual objections for each claim. A proposed form of order is attached hereto as **Exhibit "A."**

### Background

3. On April 1, 2008 (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors have authority to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. Pursuant to the order of the Court, dated June 30, 2008 (the "**Bar Date Order**"), August 15, 2008 was the deadline for each person or entity other than a Government Unit (as defined by section 101(27) of the Bankruptcy Code), that asserts a claim (as defined by section 101(5) of the Bankruptcy Code) against any of the Debtors that arose prior to April 1, 2008 to file a proof of claim ("**Proof of Claim**"). Pursuant to the Bar Date Order, September 29, 2008 was the deadline for Government Units to file such Proofs of Claim.

6. On April 11, 2008, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the statutory creditors' committee (the "**Creditors' Committee**").

7. On June 13, 2008, the Debtors filed their schedules and statements of financial affairs [Docket Nos. 174, 176] (collectively, the "**Schedules**").

8.　　On December 5, 2008, the Debtors filed their first omnibus objection to certain claims, including late-filed, duplicative, superseded and equity claims.[1]

9.　　On May 26, 2010, the Debtors filed their *Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified*, dated May 26, 2010 [Docket No. 894] (as may be further amended and modified, the "**Plan**"), and the disclosure statement therefor (the "**Disclosure Statement**").[2]

10.　　On May 26, 2010, the Court approved the Disclosure Statement and the procedures to solicit acceptance of the Plan.[3] The Debtors are now in the process of soliciting acceptances of the Plan.

**Omnibus Claim Objections**

11.　　The Debtors are in the process of reviewing the numerous proofs of claim filed in these cases, and anticipate objecting to a number of such claims. To ease the administrative burden on the Court and the administrative and financial burden on the Debtors' estates during the claims reconciliation process, the Debtors request authorization to object to multiple proofs of claim in an omnibus fashion.

12.　　Pursuant to Bankruptcy Rule 3007(c), "[u]nless otherwise ordered by the court or permitted by subdivision (d)," a debtor may not file a single objection to multiple

---

[1] *Debtors' First Omnibus Objection to Certain (a) Late-Filed Claims, (b) Duplicative Claims, (c) Superseded Claims and (d) Equity Claims*, dated December 5, 2008 [Docket No. 477].

[2] *Disclosure Statement for Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified*, dated May 26, 2010 [Docket No. 895].

[3] *Order Pursuant to Sections 105, 502, 1125, 1126, and 1128 of the Bankruptcy Code and the Bankruptcy Rules 2002, 3003, 3017, 3018 and 3020 (i) Approving the Proposed Disclosure Statement, (ii) Approving the Procedures to Solicit Acceptances of Debtors' Proposed Plan, and (iii) Scheduling a Hearing and Establishing Notice and Objection Procedures for Confirmation of the Debtors' Proposed Plan*, dated May 26, 2010 [Docket No. 897].

claims. Bankruptcy Rule 3007(d) allows a debtor to file an omnibus objection when the basis is that the claims:

    (a)    duplicate other claims;

    (b)    have been filed in the wrong case;

    (c)    have been amended by subsequently filed proofs of claim;

    (d)    were not timely filed;

    (e)    have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;

    (f)    were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;

    (g)    are interests, rather than claims; or

    (h)    assert priority in an amount that exceeds the maximum amount under section 507 of the Code.

Bankruptcy Rule 3007(e) limits omnibus objections to 100 claims at a time. The Debtors have objected to a large number of claims on the foregoing bases.

    13.    The Debtors anticipate also objecting to many claims on additional grounds not set forth in Bankruptcy Rule 3007(d), such as, that a claim does not comport with the Debtors' books and records or that the Debtors are not liable to the claimant for the amount claimed. Preparing and filing individual pleadings for each objection not specifically set forth in Bankruptcy Rule 3007(d) would be a time-consuming and costly process. Accordingly, the Debtors request that, in addition to the grounds enumerated in Bankruptcy Rule 3007(d), they be permitted to file omnibus objections seeking reduction, reclassification, and/or disallowance of claims on one or more of the following additional grounds (collectively, the "**Additional Permitted Grounds**"):

    (a)    the amount claimed contradicts the Debtors' books and records;

(b)     the claims were incorrectly classified (i.e., secured or priority status);

(c)     the claims seek recovery of amounts for which the Debtors are not liable;

(d)     the claims do not include sufficient documentation to ascertain the validity of the claim, or the secured status, priority status thereof; and

(e)     the claims are objectionable under section 502(e)(1) of the Bankruptcy Code.

14.     To preserve due process, the Debtors will comply with Bankruptcy Rule 3007 in all other respects, including that the Debtors will: (i) serve affected claimants with notice of an omnibus objection at least thirty days prior to the hearing on such objection; and (ii) comply with the requirements for omnibus objections set forth in Bankruptcy Rule 3007(e), including that each omnibus objection will:

(a)     state in a conspicuous place that claimants receiving the objection should locate their names and claims in the objection;

(b)     list claimants alphabetically, provide a cross-reference to claim numbers, and, if appropriate, list claimants by category of claims;

(c)     state the grounds of the objection to each claim and provide a cross-reference to the pages in the omnibus objection pertinent to the stated grounds;

(d)     state in the title the identity of the objector and the grounds for the objections;

(e)     be numbered consecutively with other omnibus objections filed by the same objector; and

(f)     contain objections to no more than 100 claims.

## Basis for Relief Requested

15.     Bankruptcy Rule 3007(c) provides that this Court can modify the requirements for filing omnibus objections. In addition, section 105(a) of the Bankruptcy Code provides, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." Under

section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. *See Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) ("Section 105(a) grants broad equitable power to the bankruptcy courts to carry out the provisions of the Bankruptcy Code so long as that power is exercised within the confines of the Bankruptcy Code."); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

16. Authorizing the Debtors to file omnibus objections on the Additional Permitted Grounds is an appropriate use of the Court's power under section 105 of the Bankruptcy Code and conforms with the spirit of Bankruptcy Rule 3007, which is intended to protect the due process rights of creditors while allowing for the efficient administration of large cases.

17. Moreover, allowing the Debtors to file omnibus objections to no more than 100 claims at a time on the Additional Permitted Grounds is not likely to prejudice the rights of creditors. Bankruptcy Rule 3007(e) already allows the Debtors to file omnibus objections to no more than 100 Claims, albeit on other grounds. The Debtors, however, will comply with Bankruptcy Rule 3007 in all other respects to preserve the due process rights of each creditor. The Debtors will serve affected claimants with notice of an omnibus objection at least thirty days prior to the hearing on such objection and continue to comply with the requirements for omnibus objections set forth in Bankruptcy Rule 3007(e).

18. The Debtors submit that granting them authority to file omnibus objections on the Additional Permitted Grounds will allow them to complete the claims

administration process in a timely, cost-effective, and efficient manner.  Hundreds of claims have been filed or scheduled in these chapter 11 cases.  The ability to file omnibus objections on the Additional Permitted Grounds obviates the need for the Debtors to prepare and file and the Court to review numerous individual objections—a time consuming, expensive, and potentially duplicative endeavor for the Debtors and an unnecessarily burdensome task for the Court.

19.     Furthermore, the filing of numerous individual claim objections is likely to materially delay the claims resolutions process, and, ultimately, the distribution to the estates' creditors.  Therefore, allowing the Debtors to file omnibus objections may in fact enhance the rights of creditors by not only preserving the value of the Debtors' estates ultimately available for distribution but also expediting when creditors will be paid.  Accordingly, the Court should authorize the Debtors to file omnibus objections on the Additional Permitted Grounds.

## Jurisdiction

20.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Notice

21.     No trustee or examiner has been appointed in these chapter 11 cases.  Notice of this Motion has been provided to (i) the U.S. Trustee, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' postpetition lenders, (iv) the attorneys for the Creditors' Committee, (v) the attorneys for the plan investor, and (vi) all other parties that have requested notice in these chapter 11 cases (collectively, the "**Notice Parties**").  The Debtors submit that no other or further notice need be provided.

WHEREFORE the Debtors respectfully requests the entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 25, 2010
      New York, New York

/s/ Adam P. Strochak
Richard P. Krasnow
Adam P. Strochak
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:   (212) 310-8000
Facsimile:   (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**<u>Exhibit A</u>**

**Proposed Order**

US_ACTIVE:\43414713\02\26690.0008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
:
In re:                                                  :        Chapter 11
:
LEXINGTON PRECISION CORP., et al.,    :        Case No. 08-11153 (SCC)
:
Debtors.                                :        (Jointly Administered)
:
------------------------------------------------------------------------x

## ORDER EXPANDING AUTHORIZATION FOR
## THE DEBTORS TO FILE OMNIBUS CLAIMS OBJECTIONS

Upon the motion, dated June 25, 2010 (the "**Motion**") Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (together, the "**Debtors**"), to file omnibus objections to claims, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Bankruptcy Court[1] pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, and their creditors; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, notwithstanding anything to the contrary in Bankruptcy Rule 3007, the Debtors are hereby authorized to file omnibus objections to claims seeking

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

US_ACTIVE:\43414713\02\26690.0008

reduction, reclassification and/or disallowance of claims on one or more of the following grounds:

(a) the claims duplicate other claims;

(b) the claims have been filed in the wrong case;

(c) the claims have been amended by subsequently filed proofs of claim;

(d) the claims were not timely filed;

(e) the claims have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;

(f) the claims were presented in a form that does not comply with applicable rules, and the Debtors are unable to determine the validity of the claims because of the noncompliance;

(g) the claims are interests, rather than claims;

(h) the claims assert priority in an amount that exceeds the maximum amount under section 507 of the Code;

(i) the amount claimed contradicts the Debtors' books and records;

(j) the claims were incorrectly classified;

(k) the claims seek recovery of amounts for which the Debtors are not liable;

(l) the claims do not include sufficient documentation to ascertain the validity of the claims, or the secured or priority status thereof; or

(m) the claims are objectionable under section 502(e)(1) of the Bankruptcy Code

(collectively, the "**Permitted Grounds**"); and it is further

ORDERED that the Debtors are authorized to file omnibus objections to no more than 100 claims in any one omnibus objection; and it is further

ORDERED that, except as expressly provided herein, the Debtors shall comply with the requirements for omnibus objections set forth in Bankruptcy Rule 3007(e); and it is further

ORDERED that any order sustaining an omnibus objection shall be a final order with respect to each claim referenced in such omnibus objection as if each claim had been individually objected to; and it is further

ORDERED that nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any claim asserted in these cases; and it is further

ORDERED that entry of this Order is without prejudice to the Debtors' rights to seek entry of an order modifying or supplementing the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated:  June __, 2010
       New York, New York

                                                          _____
                                                         UNITED STATES BANKRUPTCY JUDGE