Hearing Date and Time: July 14, 2010 at 10:00 a.m. (EDT)
Objection Date and Time: July 7, 2010 at 12:00 p.m. (EDT)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
: 
In re: : Chapter 11
: 
**LEXINGTON PRECISION CORP., et al.,** : Case No. 08-11153 (SCC)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY
CODE TO IMPLEMENT PROCEDURES TO DEEM THEIR SCHEDULES AMENDED**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lexington Precision Corporation and its wholly-owned subsidiary, Lexington Rubber Group, Inc. (together, the "**Debtors**"), as debtors and debtors in possession, respectfully represent as follows:

**Relief Requested**

1. Pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002(a)(3) and 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors request the implementation of certain procedures to deem their schedules and statements of financial affairs, filed June 13, 2008 [Docket Nos. 174, 176] (collectively, the "**Schedules**"), amended to reflect postpetition

US_ACTIVE:\43411379\07\26690.0008

payments of prepetition claims pursuant to certain "first-day" orders. The relief requested is necessary to ensure the Schedules accurately reflect amounts owed to creditors for purposes of distribution such that a creditor does not receive duplicate distributions. A proposed form of order is attached hereto as **Exhibit "A"** (the "**Proposed Order**").

## Background

2.  On April 1, 2008 (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.  On April 11, 2008, the United States Trustee for the Southern District of New York appointed the statutory creditors' committee (the "**Creditors' Committee**").

5.  Pursuant to the order of the Court, dated June 30, 2008 (the "**Bar Date Order**"), August 15, 2008 was the deadline for each person or entity other than a Government Unit (as defined by section 101(27) of the Bankruptcy Code), that asserts a claim (as defined by section 101(5) of the Bankruptcy Code) against any of the Debtors that arose prior to April 1, 2008 to file a proof of claim ("**Proof of Claim**"). Pursuant to the Bar Date Order, September 29, 2008 was the deadline for Government Units to file Proofs of Claim.

6.  On May 26, 2010, the Debtors filed their *Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified*, dated May 26, 2010

[Docket No. 894] (as may be further amended and modified, the "**Plan**"), and the disclosure statement therefor (the "**Disclosure Statement**").[1]

7. On May 26, 2010, the Court approved the Disclosure Statement and the procedures to solicit acceptance of the Plan.[2] The Debtors are now in the process of soliciting acceptances of the Plan.

### Amendment of Debtors' Schedules

8. Pursuant to orders of the Court entered in the early stages of these chapter 11 cases, the Debtors made payments postpetition on account of certain prepetition claims, which were listed on the Debtors' Schedules as outstanding as of the Commencement Date. To make distributions pursuant to the Plan, the Debtors will rely upon their existing claims register which contains all scheduled claims and filed proofs of claim. Where a creditor has filed a proof of claim, the proof of claim will supersede the scheduled amount and, accordingly, the Debtors will resolve such claims through the existing claims objection and reconciliation process. For scheduled claims where a creditor did not file a proof of claim, the Debtors will pay pursuant to the Plan all scheduled amounts that are liquidated, noncontingent and not disputed. The Debtors, however, do not have the means to address any postpetition payments that have already been made on account of such scheduled claims, short of amending their Schedules. Amending such schedules, however, will consume significant resources.

---

[1] *Disclosure Statement for Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified*, dated May 26, 2010 [Docket No. 895].

[2] *Order Pursuant to Sections 105, 502, 1125, 1126, and 1128 of the Bankruptcy Code and the Bankruptcy Rules 2002, 3003, 3017, 3018 and 3020 (i) Approving the Proposed Disclosure Statement, (ii) Approving the Procedures to Solicit Acceptances of Debtors' Proposed Plan, and (iii) Scheduling a Hearing and Establishing Notice and Objection Procedures for Confirmation of the Debtors' Proposed Plan*, dated May 26, 2010 [Docket No. 897].

9.  To conserve assets of the Debtors' estates, the Debtors propose to implement the following procedures to deem the Debtors' Schedules amended to reflect postpetition payments made outside of the plan distribution process.

### Proposed Procedures

10. The Debtors are in the process of identifying all scheduled claims for which a creditor has received postpetition payment and compiling a list of such claims (the "**List of Satisfied Claims**").  The List of Satisfied Claims will identify (a) the name of each creditor, (b) the debtor against which the creditor asserts its claim, (c) the amount of each creditor's original claim, and (d) the amount of each creditor's revised claim.  The List of Satisfied Claims will be alphabetical as to allow each affected creditor to more easily locate its claim.

11. The Debtors propose to file the List of Satisfied Claims with the Court and serve it upon each creditor thereon with a notice substantially in the form attached hereto as **Exhibit "B"** (the "**Notice of Satisfied Claims**").  If the creditor does not object to the List of Satisfied Claims within 30 days of the date of service of the List of Satisfied Claims, the Debtors' Schedules will be deemed amended to reflect the amount on the List of Satisfied Claims.  If a creditor timely objects, the Debtors will work with the creditor to resolve the dispute and, as necessary, may seek the appropriate relief from the Court.

12. To the extent the Debtors identify a claim that was satisfied but not included on the List of Satisfied Claims,[3] the Debtors propose to file with the Court and serve upon the affected creditor a Notice of Satisfied Claims and a supplemental List of Satisfied Claims (the "**Supplemental List of Satisfied Claims**") that includes such additional claim.  If the creditor does not object to the Supplemental List of Satisfied Claims within 30 days of the

---

[3] The Debtors submit that it is unlikely that any such claims exist, but seek the requested relief in an abundance of caution.

date of service of the Supplemental List of Satisfied Claims, the Debtors' Schedules will be deemed amended to reflect the amount on the Supplemental List of Satisfied Claims. If a creditor timely objects, the Debtors will work with the creditor to resolve the dispute and, as necessary, may seek the appropriate relief from the Court.

13. The Debtors submit that the foregoing procedures will afford affected parties adequate notice, promote judicial economy, and enable the Debtors to efficiently revise their Schedules, as necessary.

### Deeming the Debtors' Schedules Amended Is Appropriate

14. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." Pursuant to section 105(a), the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. *See, e.g., Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

15. The Debtors submit that the relief requested is both necessary and appropriate to ensure that the amount of each claim listed on the Schedules is true and correct without unduly burdening the Debtors or their estates. The Debtors' Schedules are hundreds of pages in length and list numerous claims and creditors. If the relief requested is not granted, the Debtors will incur substantial administrative and professional costs for the review and revision of each of the Debtors' Schedules and the filing and dissemination thereof. Approval of the above procedures will enable the Debtors to revise their Schedules to reflect accurate claim amounts while allowing for judicial economy and preserving assets of the Debtors' estates.

16. Furthermore, approval of the proposed procedures will inure to the benefit of creditors affected by revisions to the Debtors' Schedules. The proposed procedures require that the Debtors provide each of the affected creditors with the List of the Satisfied Claims or a Supplemental List of Satisfied Claims. Each list will explicitly set forth, among other things, the claims to be deemed amended and the revised amounts of such claims. Instead of searching the Debtors' extensive Schedules, the proposed procedures will enable creditors to quickly identify their claims and determine whether further action is necessary. Thus, creditors will have adequate opportunity to review and dispute any adjustments to their scheduled claims and will benefit from approval of the relief requested.

17. Moreover, courts in other large chapter 11 cases have granted similar relief pursuant to section 105 of the Bankruptcy Code. *See, e.g.*, *In re Stone Barn Manhattan LLC*, Case No. 08-12579 (ALG) (Bankr. S.D.N.Y. May 21, 2010) [Docket No. 1992] (approving motion to deem debtors' schedules amended); *U.S. Shipping Partners L.P., et al.*, Case No. 09-12711 (RDD) (Bankr. S.D.N.Y. Mar. 24, 2010) [Docket No. 563] (same).

## Jurisdiction

18. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Notice

19. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served this Motion on (i) the U.S. Trustee, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' postpetition lenders, (iv) the attorneys for the Creditors' Committee, (v) the attorneys for the plan investor, (vi) all other

parties that have requested notice in these chapter 11 cases, and (vii) each of the creditors identified on the List of Satisfied Claims (collectively, the "**Notice Parties**"). The Debtors submit that no other or further notice need be provided.

WHEREFORE the Debtors respectfully request the entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 25, 2010
      New York, New York

/s/ Adam P. Strochak
Richard P. Krasnow
Adam P. Strochak

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:   (212) 310-8000
Facsimile:    (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## Exhibit A

**Proposed Order**

US_ACTIVE:\43411379\07\26690.0008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
:
In re:                                                                          :    Chapter 11
                                                                                :
LEXINGTON PRECISION CORP., et al.,                       :    Case No. 08-11153 (SCC)
                                                                                :
        Debtors.                                                           :    (Jointly Administered)
                                                                                :
------------------------------------------------------------------------x

### ORDER ESTABLISHING PROCEDURES TO DEEM THE DEBTORS' SCHEDULES AMENDED

Upon the motion, dated June 25, 2010 (the "**Motion**") Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (together, the "**Debtors**"), to implement procedures to deem their Schedules[1] amended, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, and their creditors; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

US_ACTIVE:\43411379\07\26690.0008

ORDERED that the Debtors shall file the Notice of Satisfied Claims and the List of Satisfied Claims with the Court and serve them upon all creditors listed on the List of Satisfied Claims; and it is further

ORDERED that, if a creditor does not object within 30 days after the date of service of the List of Satisfied Claims and the Notice of Satisfied Claims, such creditor's claim shall be deemed amended as reflected in the List of Satisfied Claims; and it is further

ORDERED that to the extent the Debtors have satisfied a prepetition claim outside of the plan process and such claim is not on the List of Satisfied Claims, the Debtors may file with the Court and serve the affected creditor a Notice of Satisfied Claims and a Supplemental List of Satisfied Claims that includes such claim; and it is further

ORDERED that, if a creditor does not object within 30 days after the date of service of the Supplemental List of Satisfied Claims and the Notice of Satisfied Claims, such creditor's claim shall be deemed amended as reflected in the Supplemental List of Satisfied Claims; and it is further

ORDERED that the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions LLC, is authorized and directed to modify the official claims register as necessary to implement the relief granted in this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: June __, 2010
      New York, New York

                                                                       _____
                                                                         UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**Notice of Satisfied Claim**

Objection Deadline: _____, 2010 at 4:00 p.m. (EDT)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
: 
In re:                                                 :    Chapter 11
                                                       :
**LEXINGTON PRECISION CORP., et al.,**  :    Case No. 08-11153 (SCC)
                                                       :
Debtors.                              :    (Jointly Administered)
                                                       :
-------------------------------------------------------------------x

## NOTICE OF SATISFIED CLAIMS

PLEASE TAKE NOTICE that, on June __, 2010, the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**") entered an order[1] (the "**Order**") approving the motion (the "**Motion**") of Lexington Precision Corporation and its wholly owned subsidiary, Lexington Rubber Group, Inc. (together, the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases, dated June __, 2010,[2] establishing procedures to deem the Debtors' Schedules[3] amended.

PLEASE TAKE FURTHER NOTICE that, as reflected on the attached **Exhibit "I"** (the "**List of Satisfied Claims**"), the Debtors originally scheduled you in the

---

[1] *Order Establishing Procedures to Deem Debtors' Schedules Amended*, entered June __, 2010 [Docket No. __]

[2] *Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code to Implement Procedures to Deem Their Schedules Amended*, dated June __, 2010 [Docket No. __].

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

US_ACTIVE:\43411379\07\26690.0008

Schedules as having a claim (the "**Claim**") against one or more of the Debtors. However, because you received postpetition payment(s) from the Debtors in satisfaction of your Claim, the Debtors have identified your Claim as satisfied. If you disagree that your Claim has been satisfied, pursuant to the Order, you must object **no later than _____, 2010 at 4:00 p.m. (prevailing Eastern Time)**, otherwise your Claim shall be deemed amended as reflected in the List of Satisfied Claims attached hereto.

PLEASE TAKE FURTHER NOTICE that any objections or responses must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and (c) set forth your name, the basis for the objection, and specific grounds therefore.

PLEASE TAKE FURTHER NOTICE that all objections and responses must be filed with the Bankruptcy Court **no later than _____, 2010 at 4:00 p.m. (prevailing Eastern Time)**. In accordance with General Order M-242, registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses. General Order M-242 may be found at www.nysb.uscourts.gov. All other parties-in-interest must file their objections and responses on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format) and deliver a hard copy directly to the chambers of Judge Shelley C. Chapman, One Bowling Green, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that all objections and responses must be served, so as to be received **no later than _____, 2010 at 4:00 p.m. (prevailing Eastern Time)**, upon: (i) the Debtors, Lexington Precision Corporation, 800 Third Ave., 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin); (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 1300 Eye Street, NW, Suite 900, Washington, DC 20005 (Attn: Adam P.

Strochak, Esq.), 767 Fifth Avenue, New York, New York 10153 (Attn: Marvin Mills); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul K. Schwartzberg); and (iv) the attorneys for the plan investor, Jones Day LLP, 222 East 41st, New York, New York (Attn: Lisa G. Laukitis).

Dated: June __, 2010
      New York, New York

                    Richard P. Krasnow
                    Adam P. Strochak

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone:    (212) 310-8000
                    Facsimile:    (212) 310-8007

                    Attorneys for Debtors
                    and Debtors in Possession

## Exhibit I

## List of Satisfied Claims

## List of Satisfied Claims

| Name of Creditor | Debtor | Original Scheduled Amount | Amended Scheduled Amount |
|---|---|---|---|
|  |  |  |  |