Hearing Date and Time: July 14, 2010 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: July 4, 2010

Gayle P. Ehrlich (GE 6649)
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109
Telephone: (617) 338-2800
Telecopier: (617) 338-2880, 2883

*Counsel to Wilmington Trust Company
in its capacity as Indenture Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
                                                   :
In re                                              :
                                                   :    Chapter 11
LEXINGTON PRECISION CORP.,                         :
et al.                                             :    Case No. 08-11153(SCC)
                                                   :
            Debtors.                               :    (Jointly Administered)
_____x

## REQUEST FOR PAYMENT OF INDENTURE TRUSTEE FEE CLAIMS

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

In accordance with, and under compulsion of, the *Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified*, dated May 26, 2010 (the "Plan"),[1] Wilmington Trust Company, not in its individual capacity, but solely as trustee (the "Indenture Trustee"), by and through its undersigned counsel, hereby files a request for payment of Indenture Trustee Fee Claims (the "Fee Request"). In support of its Fee Request, the Indenture Trustee states as follows:

---

[1] To the extent undefined herein, all capitalized terms shall have the meaning ascribed in the Plan.

{B1120319; 4}

Pg 2 of 9

## I. BACKGROUND

1.    The Indenture Trustee serves as trustee under that certain Indenture dated as of December 18, 2003, pursuant to which the 12% Senior Subordinated Notes due August 1, 2009 of Lexington Precision Corporation ("LPC" or the "Debtor") were issued. As of the Petition Date, the Noteholders were owed $43,371,501.41, under the terms of the Indenture.

2.    On April 1, 2008 (the "Petition Date"), LPC and its wholly owned subsidiary, Lexington Rubber Group, Inc. (collectively, the "Debtors") filed separate petitions for protection under chapter 11 of title 11 of the U.S. Code, which cases are jointly administered (collectively, the "Chapter 11 Cases").

3.    On May 26, 2010, the Debtors filed the Plan, which provides, among other things, that the Indenture Trustee "shall file a request for payment of Indenture Trustee Fee Claims." Plan, Art. 2.3.

4.    Pursuant to the terms of the Plan, the Fee Request must be filed seventeen (17) days prior to the Confirmation Hearing.

5.    By Order dated May 26, 2010, the Court has scheduled the Confirmation Hearing for July 14, 2010.

6.    The Indenture Trustee believes that its right to payment is governed by the terms of the Indenture and that the filing of a Fee Request and subsequent review by the Bankruptcy Court is contrary to the terms of the Indenture and prevailing law. Accordingly, the Indenture Trustee is filing this Fee Request under compulsion of the Plan.

## II. INDENTURE TRUSTEE'S FEES UNDER THE INDENTURE

7. The Indenture Trustee is statutorily required to be in place so long as the Indenture remains effective. Its duties and obligations are governed by both the Trust Indenture Act of 1939 (15 U.S.C. §§ 77aaa-77bbbb, the "TIA") and the terms of the Indenture itself.

8. Both the TIA and the terms of the Indenture hold the Indenture Trustee to the "prudent man" standard with respect to discharge of its duties after an event of default.

9. Pursuant to the TIA and the terms of the Indenture, the Indenture Trustee Fee Claims were incurred in connection with actions consistent with the "prudent man" standard and as such are fully reimbursable by LPC. To the extent that such fees and expenses are not paid in full, the Indenture provides that the Indenture Trustee may exercise its first priority lien on all money or property received by it, including any distributions made under the Plan, for any shortfall.

*A.    The Trust Indenture Act.*

1. The TIA was "designed to vindicate a federal policy of protecting investors." *Bluebird Partners, L.P. v. First Fidelity Bank, N.A. New Jersey,* 85 F.3d 970, 974 (2nd Cir. 1996) (internal citations omitted); *see also* 15 U.S.C. §77bbb(b) ("... unless regulated, the public offering of notes, bonds, debentures, evidences of indebtedness, and certificates of interest or participation therein ... is injurious to the capital markets, to investors and to the general public ...").

2. To that end, the TIA requires, among other things at least one trustee be appointed for each indenture qualified under the TIA. 15 U.S.C. §77jjj.

3. The TIA further sets forth statutory guidelines governing the duties and obligations of a trustee appointed thereunder.

4.Pursuant to the TIA, in case of a default under a TIA indenture, the trustee "shall exercise ... such rights and powers vested in it by such indenture, and [] use the same degree of care and skill in their exercise, as a prudent man would exercise or use under the circumstances in the conduct of his own affairs." 15 U.S.C. §77ooo.

5.The Indenture is a qualified indenture under the TIA. Accordingly, for so long as the Indenture remains in effect, which it has during the pendency of these Chapter 11 Cases, the Indenture Trustee is statutorily required to be in place to protect the interests of the noteholders.

6.In addition, the Indenture Trustee was both statutorily and contractually (as described below) required to act as a "prudent man" with respect to the discharge of its duties under the Indenture and the TIA after the Debtors commenced the Chapter 11 Cases, which resulted in an Event of Default under the Indenture.

**B.Contractual Right to Payment.**

7.A party's entitlement to recover compensation under a contractual agreement is determined by the terms of that agreement. *In re Revere Copper and Brass, Inc.*, 60 B.R. 890, 895 (Bankr. S.D.N.Y. 1986).

8.Furthermore, an indenture trustee is contractually and statutorily obligated to perform services in connection with protecting the rights of its noteholders and as such is entitled to be compensated for its efforts. *In re W.T. Grant Co.*, 119 B.R. 898, 903 (Bankr. S.D.N.Y. 1990).

9.The terms of the Indenture provide, among other things, that LPC shall reimburse the Indenture Trustee for all reasonable expenses, including the reasonable compensation of its agents and counsel. Indenture, §7.07. In addition, the Indenture provides that LPC indemnifies "the [Indenture] Trustee ... from and against any loss, claim, action, damage, demand, judgment,

decree or expense incurred without gross negligence or bad faith on its part, arising out of or in connection with the acceptance or administration of th[e] Indenture or the trusts [t]hereunder and its duties [t]hereunder." *Id.*

10. In the event of the occurrence of an Event of Default (as defined in the Indenture), and mirroring the applicable provisions of the TIA, the Indenture requires that the Indenture Trustee "shall ... use the same degree of care and skill ... as a prudent man would exercise or use under the circumstances in the conduct of his own affairs." Indenture, §7.01(a).

11. During the course of the Chapter 11 Cases, the Indenture Trustee exercised the same degree of care and skill as a prudent man in the circumstances. In addition to its routine duties under the Indenture, the Indenture Trustee was required to monitor the bankruptcy pleadings and the ongoing activities of the various constituencies within the Chapter 11 Cases, in order to protect the interests of its constituent noteholders, and in accordance with the provisions of the Indenture, retained counsel to assist in those efforts.

12. The Indenture provides that payments received by the Indenture Trustee during the existence of an Event of Default are payable first to the Indenture Trustee for fees and expenses of the Indenture Trustee. Indenture, §6.10. Additionally, the terms of the Indenture provide that any expenses incurred by the Indenture Trustee after the occurrence of an Event of Default which arises as a result of acceleration of other indebtedness in an aggregate principal amount of at least $250,0000, are intended to constitute expense of administration under any bankruptcy law. Indenture, §7.07.

13. The Indenture Trustee Fee Claims represent fees and expenses incurred by the Indenture Trustee and its counsel throughout the Chapter 11 Cases consistent with the "prudent

{B1120319;1}                                  - 5 -

man" standard and during the existence of an Event of Default resulting from acceleration of other indebtedness in an aggregate principal amount of at least $250,000.

14. Accordingly, the Indenture Trustee is entitled to be reimbursed for the full amount of the Indenture Trustee Fee Claims, plus any and all additional fees and expenses to be incurred by the Indenture Trustee in connection with the Chapter 11 Cases.

### C.    *The Charging Lien.*

15. The terms of the Indenture provide that to the extent that the Indenture Trustee is not reimbursed for fees and expenses incurred under the Indenture, it holds a first priority lien on all money or property held or collected by it to secure payment of such unreimbursed fees and expenses. Indenture, §7.07.

16. Exercise of a charging lien does not involve or affect the Debtor, the estate or property of the estate nor does it affect administration of the estate. As such, the Bankruptcy Court does not have jurisdiction over the Indenture Trustee's exercise of the charging lien granted in the Indenture. ("If an action does not involve property of the estate, then not only is it a noncore proceeding, it is an unrelated matter completely beyond the bankruptcy court's subject-matter jurisdiction." *In re Gallucci*, 931 F.2d 738, 742 (11th Cir. 1991)).

17. To the extent that a plan of reorganization does not modify a charging lien provided in an indenture, the bankruptcy court has no jurisdiction over the exercise of such rights. *In re RNI Wind Down Corporation, et al.*, 2007 WL 949647, *21 (Bankr. D.Del. 2007).

18. The Plan specifically provides that it does not modify or amend the provision of the Indenture relating to the Indenture Trustee's charging lien and in fact, specifically preserve it. *See*, Plan Art. 2.3.

19.     The Indenture Trustee Fee Claims are not being sought pursuant to any section of the Bankruptcy Code and as such, the Bankruptcy Court lacks jurisdiction to review them.

20.     Accordingly, to the extent that the Indenture Trustee is not fully reimbursed by LPC or Reorganized LPC, it may exercise the rights granted to it under the Indenture on all money or property collected by it, including any distributions made pursuant to the Plan, without approval of the Bankruptcy Court.

### III.  INDENTURE TRUSTEE FEE CLAIMS

21.     Over the course of the more than two years during which these Chapter 11 Cases have been pending, the Indenture Trustee, in the discharge of its statutory and contractual duty to protect the interests of the noteholders it represents, has: a) monitored the bankruptcy docket; b) filed appropriate pleadings; c) filed proofs of claim for amounts due under the Indenture; and d) kept abreast and knowledgeable of the on-going Chapter 11 Cases' activities, disputes and possible risks to recovery by the noteholders.

22.     In addition, the Indenture Trustee has served on the Official Committee of Unsecured Creditors (the "Creditors' Committee") since its formation on or about April 11, 2008. The Creditors' Committee has been very active throughout the Chapter 11 Cases, at times proposing its own plan for the Debtors' reorganization.

23.     The Chapter 11 Cases have progressed toward confirmation of the Plan through a prolonged process of complex and lengthy disputes and litigation among the Debtors' various constituencies, in which parties were represented by highly qualified counsel and financial advisors.

24.     The Indenture Trustee has incurred $255,394.34 in fees and expenses, comprised of $89,159.00 in trustee fees and expenses through June 23, 2010, and $166,235.34 in fees and

expenses of its legal counsel through June 24, 2010. A detailed breakdown of these fees and expenses is provided on Exhibit A hereto.

## IV. RESERVATION OF RIGHTS

25.  The Indenture Trustee anticipates that it will continue to incur fees and expenses in connection with its duties and obligations under the Indenture through the Effective Date, including continued negotiations regarding the Plan and accompanying disclosure statement, attendance at the Confirmation Hearing, voting activities and delivery of distributions under the Plan.

26.  Accordingly, the Indenture Trustee reserves the right to amend, supplement or modify this Fee Request, to file additional Fee Requests and to exercise any of its rights under the Indenture with respect to any and all fees and expenses incurred in its capacity as trustee under the Indenture.

27.  The filing of this Fee Request shall not be, nor deemed to be, a submission by the Indenture Trustee to the jurisdiction of the Bankruptcy Court for allowance of its fees and expenses under the Indenture.

## V. CONCLUSION

28.  The Indenture Trustee is entitled to be reimbursed for fees and expenses incurred pursuant to the Indenture – either by LPC or Reorganized LPC or through the exercise of its charging lien.

29.  With all due respect to the Court, Bankruptcy Court review is unnecessary and inappropriate under these circumstances. The Indenture Trustee's fees and expenses are governed by the terms of the Indenture and the applicable provisions of the TIA. The Indenture Trustee is both contractually and statutorily obligated to perform under the Indenture, and as

{B1120319;1}                                - 8 -

such "it is entitled to payment for performance of its duties regardless of whether its efforts benefited the estate." *In re W.T. Grant Co.*, 119 B.R. at 901.

30. The Indenture Trustee files this Fee Request under compulsion and in accordance with the terms of the Plan and submits that the Indenture Trustee Fee Claims, plus such other fees and expenses incurred through the Effective Date, are payable in accordance with the terms of the Plan and the Indenture on the Effective Date, either in cash from Reorganized LPC or through the exercise of the Indenture Trustee's charging lien.

WHEREFORE, the Indenture Trustee respectfully requests the Court enter an order (i) approving payment of the Indenture Trustee Fee Claims in the amount of $255,394.34, plus such additional fees and expenses incurred in connection with the Indenture, on the Effective Date as an administrative expense claim of the estate and (ii) granting such other and further relief as is just and appropriate.

Dated:  June 25, 2010

Respectfully submitted,
WILMINGTON TRUST COMPANY,
Not in its individual capacity, but solely as
Indenture Trustee,
By and through its counsel


/s/Gayle P. Ehrlich
Gayle P. Ehrlich (6649)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Telephone:  (617) 338-2800
Telecopier:  (617) 338-2880, 2883