**Hearing Date: July 14, 2010 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: July 2, 2010 at 5:00 p.m. (prevailing Eastern Time)**

ANDREWS KURTH LLP
Paul N. Silverstein (PS 5098)
Jonathan I. Levine (JL 9674)
Abhishek Mathur (AM 1269)
450 Lexington Avenue, 15th Floor
New York, New York  10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

*Counsel to the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
In re:                                                     :    Chapter 11
                                                           :
**LEXINGTON PRECISION CORP., et al.,**                     :    Case No. 08-11153 (SCC)
                                                           :
                                                           :    (Jointly Administered)
                        Debtors.                           :
-------------------------------------------------------------x

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION**
**TO THE CONFIRMATION OF DEBTORS' FOURTH AMENDED**
**JOINT PLAN OF REORGANIZATION**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors, Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber Group" and, collectively with Lexington Precision, the "Debtors"), for its Objection to the Confirmation of the Debtors' Fourth Amended Joint Plan of Reorganization [Docket No. 894] (the "Proposed Plan"),[1] respectfully represents:

1.     The Committee previously filed with this Court an Objection to the Debtors' proposed disclosure statement [Docket No. 879] and a Supplement Objection thereto [Docket No. 891] (collectively, the "Objections"). Those Objections are annexed hereto as Exhibit "A"

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Proposed Plan.

and "B," respectively, and are incorporated by reference as if set forth at length herein.[2] The Objections set forth various objections to confirmation of the Debtors' Proposed Plan, two of which are highlighted below:

> (i)   Improper Treatment of Interest on Claims at Lexington Rubber Group
>
> Claims against Lexington Rubber Group are structurally senior to claims against the parent entity, Lexington Precision. Lexington Rubber Group is a solvent debtor. Unless and until Lexington Rubber Group creditors are paid in full, with all post-petition interest, creditors of Lexington Precision are not entitled to receive any recovery. The Proposed Plan applies an improper market rate – 6.02% – to the delayed (post-Effective Date) payments to Class 17 under the Proposed Plan. By way of example, an interest rate of approximately 15% per annum is provided to the Term B loan, which represents a secured position in the capital structure protected by covenants restricting incurrence of new debt and other matters. The 6.02% per annum post-Effective Date interest to Class 17 is well below the market rate, resulting in such claims not being paid in full. The Proposed Plan also applies the an incorrect interest rate in connection with post-petition interest to Class 17.
>
> (ii)   No Provision for Disputed Claims Reserve
>
> The Bar Date (for unsecured claims) in these cases was established as September 29, 2008. The Proposed Plan would give the Reorganized Debtors the right to object to claims for up to 120 days after the Effective Date. The Proposed Plan contains no mechanism for a cash reserve for the future payments of any disputed claims.

2.    Under Section 1129(b)(1) of the Bankruptcy Code, if any class votes to reject (or is deemed to reject) a plan of reorganization, the plan may only be approved "if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." A plan unfairly discriminates against an impaired dissenting class if the proposed discrimination (i) does not have a reasonable legal basis

---

[2] The Objections also include detailed references to legal citations which are also incorporated by reference as if set forth at length herein.

or (ii) is not necessary for reorganization.[3]  The "fair and equitable" requirement includes the "absolute priority rule," under which no junior class of claims or interests may retain any property (including their interests) under a plan unless all senior classes are paid in full.[4]

3.  The Committee does not yet know the results of voting on the Debtors' Proposed Plan.  If Class 17 votes to accept the Proposed Plan, certain of the items set forth in the Objections may be moot.  Accordingly, the Committee reserves the right to amend or supplement this objection to more precisely focus the issues after reviewing the voting tabulation.

*{Remainder of Page Intentionally Left Blank}*

---

[3] *In re 203 North LaSalle Street Ltd. P'ship*, 190 B.R. 567, 585-86 (Bankr.N.D.Ill. 1995), *aff'd*, 195 B.R. 692 (N.D. Ill. 1996), *aff'd*, 126 F.3d 955 (7th Cir. 1997), *rev'd on other grounds*, 526 U.S. 434 (1999); *In re Exide Techs.*, 303 B.R. 48, 78 (Bankr. D.Del. 2003) (citing *In re Genesis Health Ventures, Inc.*, 266 B.R. 591, 607-08 (Bankr. D.Del. 2001)); *see also In re Lernout & Hauspie Speech Prods.*, N.V., 301 B.R. 651, 661 (Bankr. D.Del. 2003).

[4] *First State Operating Company v. Holbrook (In re Lotspeich)*, 328 B.R. 209, 220 (BAP 10th Cir. 2005); s*ee, e.g., In re Coltex Loop Cent. Three Partners, L.P.*, 138 F.3d 39, 42 (2d Cir. 1998) (finding that a fair and equitable plan must provide that "the holders of any claim or interest that is junior to the claims of [the unsecured creditor] class will not receive or retain [property] under the plan"); *In re Johnston*, 21 F.3d 323, 329 (9th Cir. 1994); *In re Justice*, 972 F.2d 951, 954 (8th Cir. 1992).

-3-

WHEREFORE, the Committee respectfully requests that the Court consider the Objections incorporated by reference herein and discussed briefly above and, if appropriate, deny confirmation of the Debtors' Proposed Plan or require modifications thereto consistent herewith, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 2, 2010

                          ANDREWS KURTH LLP

                          By: /s/ Paul N. Silverstein
                              Paul N. Silverstein (PS 5098)
                              Jonathan I. Levine (JL 9674)
                              Abhishek Mathur (AM 1269)
                              450 Lexington Avenue, 15th Floor
                              New York, New York 10017
                              Telephone: (212) 850-2800
                              Facsimile: (212) 850-2929

                              Counsel to the Official Committee
                              of Unsecured Creditors