Gayle P. Ehrlich (GE 6649)
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109
Telephone: (617) 338-2800
Telecopier: (617) 338-2880, 2883

*Counsel to Wilmington Trust Company
in its capacity as Indenture Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
: 
In re :
: Chapter 11
LEXINGTON PRECISION CORP., :
et al. : Case No. 08-11153(SCC)
:
Debtors. : (Jointly Administered)
---------------------------------------------------x

### LIMITED OBJECTION OF WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE, TO CONFIRMATION OF THE DEBTORS' FOURTH AMENDED JOINT PLAN OF REORGANIZATION, AS AMENDED

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Wilmington Trust Company, not in its individual capacity, but solely as trustee (the "Indenture Trustee"), by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection") to confirmation of the *Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified*, dated May 26, 2010 (the "Plan").[1] In support of the Limited Objection, the Indenture Trustee states as follows:

---

[1] To the extent undefined herein, all capitalized terms shall have the meaning ascribed in the Plan.

## I. BACKGROUND

1. The Indenture Trustee serves as trustee under that certain Indenture dated as of December 18, 2003, pursuant to which the 12% Senior Subordinated Notes due August 1, 2009 of Lexington Precision Corporation ("LPC" or the "Debtor") were issued.

2. On April 1, 2008 (the "Petition Date"), LPC and its wholly-owned subsidiary Lexington Rubber Group, Inc. (collectively, the "Debtors") filed separate petitions for protection under chapter 11 of title 11 of the U.S. Code, which cases are jointly administered (collectively, the "Chapter 11 Cases").

3. On May 26, 2010, the Debtors filed the Plan and the *Proposed Disclosure Statement for Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Amended* (the "Disclosure Statement").

4. By Order dated May 26, 2010, this Court, among other things, approved the Disclosure Statement, scheduled the confirmation hearing for July 14, 2010 and set the deadline for objections to Plan confirmation as July 2, 2010.

5. The Indenture Trustee believes that there are certain areas where clarification is necessary to the Plan as set forth below.

## II. PLAN CLARIFICATIONS

6. <u>Survival of the Indenture for Limited Purposes</u>. The Plan provides for cancellation of, among other things, the Indenture on the Effective Date. In order to effectuate distributions to the beneficial owners of the Senior Subordinated Notes and to preserve the Charging Lien to the extent necessary, the Indenture must survive for these limited purposes. The Indenture Trustee believes that it is the intent of the Debtors for such limited survival of the Indenture and that certain provisions of the Plan evidence this intent. However, to avoid

confusion and possible internal inconsistencies in the Plan, the Indenture Trustee recommends the following clarification noted in underlined text below:

    a. Article 5.2. Cancellation and Surrender of Existing Securities and Agreements:

        (a) Except (i) as otherwise expressly provided in the Plan, (ii) with respect to executory contracts or unexpired leases that have been assumed by the Debtors, (iii) for purposes of evidencing a right to distributions under the Plan <u>or exercising any rights or charging liens under such document, agreement or debt instrument for outstanding fees, costs and expenses in accordance with the terms thereof</u>, or (iv) with respect to any Claim that is reinstated and rendered unimpaired under the Plan, on the Effective Date, any document, agreement, or debt instrument evidencing any Claim or Interest, including without limitation, the Prepetition Credit Agreement, the Prepetition Loan Agreement, the DIP Note, the Indenture and all notes issued thereunder, shall be deemed automatically cancelled, superseded, or amended and restated, as applicable, without further act or action under any applicable agreement, law, regulation, order or rule and the obligations of the Debtors thereunder shall be discharged.

7.     <u>Distributions Deemed Complete When Made to Indenture Trustee</u>. The Indenture Trustee submits that distributions should be deemed complete when made to the Indenture Trustee. This is appropriate given that the terms of the Indenture govern the allocation of any distributions and avoids complication in determining whether a distribution has been "claimed" for purposes of application of Plan Article 6.9 where a distribution might be made through multiple layers of registered, nominee and beneficial holder accounts. Accordingly, the Indenture Trustee requests the following modifications noted in underlined text below relating to distributions made under the Plan:

    a. Article 6.8. Delivery of Distributions:

        ...

        (b) Distributions to Holders of Allowed Senior Subordinated Notes Claims. Reorganized LPC shall deliver all distributions in respect of Allowed Senior Subordinated Note Claims to the Indenture Trustee or such other entity designated by the Debtors as

the Disbursing Agent under the Senior Subordinated Notes. Upon delivery of the foregoing distributions to the Indenture Trustee or such designee, <u>the distribution shall be deemed complete and</u> Reorganized LPC shall be released of all liability with respect to eh delivery of such distributions. The Indenture Trustee or such designee shall transmit the distributions to the holders of the Allowed Senior Subordinated Note Claims. Reorganized LPC shall provide whatever reasonable assistance may be required by the Indenture Trustee or such designee with respect to such distributions.

### III.   RESERVATION OF RIGHTS

8.   The Indenture Trustee reserves the right to further object in all respects to any amended Plan.

### IV.   CONCLUSION

9.   The Indenture Trustee submits that the additional clarifications requested herein are consistent with the Debtors' intent and are necessary and appropriate to avoid confusion and internal inconsistency within the Plan.

WHEREFORE, the Indenture Trustee respectfully requests that this Court enter an order (i) confirming the Plan only to the extent consistent with the modifications requested herein and (ii) granting such other and further relief as is just and proper.

Dated: July 2, 2010

Respectfully submitted,
WILMINGTON TRUST COMPANY,
Not in its individual capacity, but solely as
Indenture Trustee,
By and through its counsel

/s/Gayle P. Ehrlich
Gayle P. Ehrlich (6649)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Telephone: (617) 338-2800
Telecopier: (617) 338-2880, 2883

B1120649

4