**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x
                                                              :
**In re**                                                     :        **Chapter 11**
                                                              :
**LEXINGTON PRECISION CORP., et al.,**                        :        **Case No. 08-11153 (SCC)**
                                                              :
            **Debtors.**                                      :        **(Jointly Administered)**
                                                              :
----------------------------------------------------------------------x

### STIPULATED INTERIM ORDER REGARDING SUPPLEMENTAL DISCLOSURE TO HOLDERS OF CLAIMS IN CLASS 5 (SENIOR SUBORDINATED NOTE CLAIMS)

Upon the oral motion (the "**Motion**") of Lexington Precision Corporation and its

affiliated debtor subsidiary, Lexington Rubber Group, Inc. (together the, "**Debtors**")[1] for

authorization to supplement the disclosure relating to the Plan[2] and to mail such disclosure to

holders of claims in Class 5 (Seniors Subordinated Note Claims) in the form of the disclosure

attached hereto as Exhibit "1" (the "**Supplemental Disclosure**"); and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

the Court having found that the Supplemental Disclosure, together with the Disclosure

Statement, provides "adequate information" as defined by section 1125 of the Bankruptcy Code;

and the relief requested in the Motion being in the best interests of the Debtors' estates and their

creditors; and after due deliberation and just and sufficient cause appearing therefor, it is hereby

---

[1] Capitalized terms not defined herein shall have the meaning attributed to such claims in that certain *Order Pursuant to Sections 105, 502, 1125, 1126, and 1128 of the Bankruptcy Code and the Bankruptcy Rules 2002, 3003, 3017, 3018 and 3020 (i) Approving the Proposed Disclosure Statement, (ii) Approving the Procedures to Solicit Acceptances of Debtors' Proposed Plan, and (iii) Scheduling a Hearing and Establishing Notice and Objection Procedures for Confirmation of the Debtors' Proposed Plan*, entered May 26, 2010 [Docket No. 897].

[2] *Debtors' Fourth Amended Joint Plan under Chapter 11 of the Bankruptcy Code*, dated May 26, 2010 [Docket No. 869] (the "**Plan**").

ORDERED that the Supplemental Disclosure is APPROVED on an INTERIM

BASIS; and it is further

ORDERED that the stock election withdrawal form and instructions related

thereto in the form attached hereto as Exhibit "2" (the "**Withdrawal Form**") is APPROVED on

an INTERIM BASIS; and it is further

ORDERED that the Debtors, through the Solicitation Agent, shall serve the

Supplemental Disclosure, the Withdrawal Form, and this Order on all holders of claims in Class

5 (Senior Subordinated Note Claims) within two (2) business days after entry of this Order; and

it is further

ORDERED that each holder of a claim in Class 5 (Senior Subordinated Note

Claims) that made the Class 5 Stock Election may elect to withdraw such election by following

the instructions set forth on the Withdrawal Form; and it is further

ORDERED that holders of claims in Class 5 (Senior Subordinated Note Claims)

and/or their Voting Nominees shall follow the procedures established by the Solicitation Agent

with respect to electronic withdrawal of the holders' Class 5 Stock Elections; and it is further

ORDERED that to be counted, the electronic withdrawal of the holders' Class 5

Stock Elections must be effectuated by each applicable Voting Nominee through The Depository

Trust Company's Automated Tender Offer Program by **Monday, July 26, 2010 at 5:00 p.m.**

(**Eastern Daylight Time**); and it is further

ORDERED that the Debtors shall reimburse each Voting Nominee for its

reasonable and customary costs and expenses associated with the distribution of the

Supplemental Disclosure and the Withdrawal Form; and it is further

ORDERED that any holder of a claim in Class 5 (Senior Subordinated Note

Claims) who was entitled to vote on the Plan may object to (a) the final approval of the

Supplemental Disclosure, the Withdrawal Form, and the solicitation procedures set forth herein,

and (b) confirmation of the Plan by no later than **Tuesday, July 20, 2010 at 4:00 p.m. (Eastern**

**Daylight Time)** (the "**Objection Deadline**") and the Court shall consider any such objections

(the "**Objections**") at the hearing to consider confirmation of the Plan; and it is further

ORDERED that any Objection must be filed with the Court and served on the

following parties such that the Objection is received by the Objection Deadline:

| | |
|---|---|
| ***The Debtors*** | ***The Attorneys for the Debtors*** |
| Lexington Precision Corporation<br>800 Third Ave. 15th Floor<br>New York, New York 10023<br>Attn:  Michael A. Lubin | Weil, Gotshal & Manges LLP<br>767 Fifth Avenue,<br>New York, New York 10153<br>Attn:  Richard P. Krasnow and Victoria Vron |
| ***The Office of the United States Trustee for the Southern District of New York*** | ***The Attorneys for the Secured Lenders*** |
| 33 Whitehall Street, 21st Floor,<br>New York, New York 10004<br>Attn:  Paul K. Schwartzberg | Waller, Landsden, Dortch & Davis LLP<br>511 Union Street, Suite 2700<br>Nashville, Tennessee, 37219<br>Attn:  John C. Tishler |
| ***The Attorneys for the Creditors' Committee*** | ***The Attorneys for the Debtors' Postpetition Lenders*** |
| Andrews Kurth LLP,<br>450 Lexington Avenue,<br>New York, New York 10017<br>Attn:  Paul Silverstein and Jonathan I. Levine | O'Melveny & Meyers, LLP<br>Times Square Tower, 7 Times Square<br>New York, New York 10036<br>Attn:  Gerald Bender |
| ***The Attorneys for the Plan Investor*** | |
| Jones Day<br>222 East 41st Street<br>New York, New York 10017<br>Attn:  Lisa Laukitis | |

; and it is further

ORDERED this Court shall retain jurisdiction with respect to any matters related

to or arising from the implementation, interpretation, or enforcement of this Order.

Dated: July 15, 2010
     New York, New York

                             /s/Shelley C. Chapman
                             HONORABLE SHELLY C. CHAPMAN
                             UNITED STATES BANKRUPTCY JUDGE

# **Exhibit 1**

Form of Supplemental Disclosure

US_ACTIVE:\43443634\09\26690.0008

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
                       :

**In re:**                     :          **Chapter 11**

                       :

**LEXINGTON PRECISION CORP., et al.,**   :          **Case No. 08-11153 (SCC)**

                       :

         **Debtors.**            :          **(Jointly Administered)**

                       :

---------------------------------------------------------------------x

### SUPPLEMENTAL DISCLOSURE REGARDING THE
### DEBTORS' FOURTH AMENDED JOINT PLAN OF REORGANIZATION

**TO HOLDERS OF CLAIMS IN CLASS 5 (SENIOR SUBORDINATED NOTE CLAIMS):**

On June 2, 2010, Lexington Precision Corporation and its affiliated debtor-subsidiary, Lexington Rubber Group, Inc. (together the "**Debtors**") sent you a ballot and stock election form to vote on the *Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified*, dated May 26, 2010 (as it may be further amended or modified, the "**Plan**") and to make certain elections related thereto.

To help you make an informed decision, the Debtors also sent you a disclosure statement (the "**Disclosure Statement**") containing information about the Plan and how the Plan affects your rights. The Debtors also provided additional information in that certain plan supplement, dated June 22, 2010 (the "**Plan Supplement**"). The Plan, Disclosure Statement, and Plan Supplement are available at **http://chapter11.epiqsystems.com/lexington**.

The United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") will consider confirmation of the Plan on **Wednesday, July 21, 2010 at 11:00 a.m. (Eastern Daylight Time)** (the "**Confirmation Hearing**") before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Room 610 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

**This notice supplements the Disclosure Statement and provides additional information for holders of claims in Class 5 (Senior Subordinated Note Claims). Please carefully review the information below as it may affect your rights.**

**If you wish to object to the Plan, the disclosure provided herein, or the procedures set forth herein to withdraw your Class 5 Stock Election (as defined below), please follow the objection procedures outlined below.**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

As a holder of a Class 5 Senior Subordinated Notes, you may have elected to receive shares of New LPC Common Stock (as defined in the Plan) instead of a cash payment (the "**Class 5 Stock Election**").

In accordance with certain agreements contemplated by the Plan, on the Effective Date, an affiliate of the Plan Investor and the DIP Lenders (each as defined in the Plan) will each receive certain transaction fees in connection with the transactions contemplated by the Plan.  The DIP Lenders are Lubin Partners, LLC, William B. Conner, and ORA Associates, LLC.  Lubin Partners LLC is an affiliate of Michael A. Lubin, the Chairman of the Debtors' Board of Directors and the Debtors' Co-Chief Executive Officer.  William B. Conner currently serves as a member of the Debtors' Board of Directors.  To the Debtors' knowledge, ORA Associates is not an insider of the Debtors.  For more information about the Plan Investor and the DIP Lenders, please review the Disclosure Statement.

The Plan Investor will receive an annual management fee of $500,000.  In addition, an affiliate of the Plan Investor will receive a one-time transaction fee of $1,242,000 payable in cash.  In turn, the Plan Investor will make a parallel investment in the Debtors by purchasing shares of New LPC Common Stock in an amount equal to the one-time transaction fee at $10.00 per share.  **Because of the parallel investment, the Plan Investor's transaction fee has no net cash effect on the Debtors, but will dilute the New LPC Common Stock received by creditors that made the Class 5 Stock Election.**

The DIP Lenders also will receive a transaction fee of $601,600 payable in New LPC Common Stock.  **Because the DIP Lenders' transaction fee is payable in New LPC Common Stock, such payment will dilute the New LPC Common Stock received by creditors that made the Class 5 Stock Election.**

**Together, the transaction fees to the affiliate of the Plan Investor and to the DIP Lenders will dilute the New LPC Common Stock received by creditors that made the Class 5 Stock Election by approximately 5.4%.**

The management fee and the transaction fees were not previously disclosed in the Plan, the Disclosure Statement, or the Plan Supplement.  In accordance with an interim order of the Bankruptcy Court, dated [__], if you made the Class 5 Stock Election and, in light of the disclosure of these fees, wish to withdraw such election, you may do so by completing the enclosed withdrawal form and returning the same in accordance with the instructions provided with the withdrawal form, or by otherwise following the instructions provided to you by your nominee.  If you withdraw your Class 5 Stock Election, you will receive a cash payment equal to 51% of your claim.

**If you do not wish to withdraw your Class 5 Stock Election, you do not need to return the enclosed form or take any other affirmative action.**

**For Holders of Senior Subordinated Notes in Street Name**

For your withdrawal of the Class 5 Stock Election to be valid, you must follow your nominee's instructions to withdraw your Class 5 Stock Election such that your nominee may effect such withdrawal on your behalf before **Monday, July 26, 2010 at 5:00 p.m. (Eastern Daylight Time) (the "Withdrawal Deadline")**.

If your nominee does not receive the withdrawal form with sufficient time for your nominee to electronically withdraw your Senior Subordinated Notes from the account established for the Class 5 Stock Election by the Withdrawal Deadline, your withdrawal of the Class 5 Stock Election will not be effective.

### Objections Procedures

In addition to considering confirmation of the Plan, the Bankruptcy Court will consider final approval of this disclosure and the withdrawal procedures set forth herein at the Confirmation Hearing.  If you wish to object to the Plan, this disclosure, or the withdrawal procedures set forth herein, you must file such objection with the Bankruptcy Court and serve such objection on the notice parties listed below such that your objection **is received** by **Tuesday, July 20, 2010 at 4:00 p.m. (Eastern Daylight Time).**

### Notice Parties

*The Debtors*

Lexington Precision Corporation
800 Third Ave. 15th Floor
New York, New York 10023
Attn:  Michael A. Lubin

*The Office of the United States Trustee for the Southern District of New York*

33 Whitehall Street, 21st Floor,
New York, New York 10004
Attn:  Paul K. Schwartzberg

*The Attorneys for the Creditors' Committee*

Andrews Kurth LLP,
450 Lexington Avenue,
New York, New York 10017
Attn:  Paul Silverstein and Jonathan I. Levine

*The Attorneys for the Plan Investor*

Jones Day
222 East 41st Street
New York, New York 10017
Attn:  Lisa Laukitis

*The Attorneys for the Debtors*

Weil, Gotshal & Manges LLP
767 Fifth Avenue,
New York, New York 10153
Attn:  Richard P. Krasnow and Victoria Vron

*The Attorneys for the Secured Lenders*

Waller, Landsden, Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, Tennessee, 37219
Attn:  John C. Tishler

*The Attorneys for the Debtors' Postpetition Lenders*

O'Melveny & Meyers, LLP
Times Square Tower, 7 Times Square
New York, New York 10036
Attn:  Gerald Bender

Dated:  July __, 2010
New York, New York

Respectfully submitted,

LEXINGTON PRECISION CORPORATION

By:_____
    Name:  Michael A. Lubin
    Title:    Chairman of the Board

LEXINGTON RUBBER GROUP, INC.

By:_____
    Name:  Michael A. Lubin
    Title:    Chairman of the Board

**Exhibit 2**

Form of Withdrawal Form

US_ACTIVE:\43443634\09\26690.0008

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------------x
                                                  :
In re:                                            :          Chapter 11
                                                  :
LEXINGTON PRECISION CORP., et al.,                :          Case No. 08-11153 (SCC)
                                                  :
              Debtors.                            :          (Jointly Administered)
                                                  :
------------------------------------------------------------------------x
```

### STOCK ELECTION WITHDRAWAL FORM FOR HOLDERS OF
### CLAIMS IN CLASS 5 (SENIOR SUBORDINATED NOTE CLAIMS)

On June 2, 2010, Lexington Precision Corporation and its affiliated debtor-subsidiary, Lexington Rubber Group, Inc. (together the "**Debtors**") sent you a ballot and stock election form with respect to the *Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified*, dated May 26, 2010 (as it may be further amended or modified, the "**Plan**") and disclosure statement therefor (the "**Disclosure Statement**"). On July 15, 2010, the Debtors filed a supplement to the Disclosure Statement that contained additional information regarding the Plan (the "**Supplement**"). All holders of Claims in Class 5 (Senior Subordinated Note Claims) should review the Supplement.

Pursuant to the Plan, instead of receiving a cash payment equal to 51% of its allowed claim, you, as a holder of a Class 5 Senior Subordinated Notes, may elect to receive shares of New LPC Common Stock (as defined in the Plan) in an amount equal to (x) the product of the allowed amount of their claim and fifty-one percent (51%) divided by (y) $10.00 (the "**Class 5 Stock Election**"). Because of the additional information contained in the Supplement, the United States Bankruptcy Court for the Southern District of New York entered an interim order, dated July 15, 2010, allowing any holder of a Claim in Class 5 that previously made the Class 5 Stock Election to withdraw such election by completing this form and returning the same by following the instructions set forth below.

### Instructions

**You only need to fill out this form if you previously made the Class 5 Stock Election AND you wish to withdraw such election. If you complete this form and elect to withdraw your Class 5 Stock Election, you will receive a cash payment equal to 51% of the allowed amount of your claim. If you do not wish to withdraw your Class 5 Stock Election, you do not need to complete and return this form.**

### Holders of Senior Subordinated Noted Claims

**For your withdrawal of the Class 5 Stock Election to be valid, you must follow your nominee's instructions to withdraw your Class 5 Stock Election such that your nominee may effect such withdrawal on your behalf before Monday, July 26, 2010 at 5:00 p.m. (Eastern Daylight Time) (the "Withdrawal Deadline").**

**If your nominee does not receive this form with sufficient time for your nominee to electronically withdraw your Senior Subordinated Notes from the account established for the Class 5 Stock Election by the Withdrawal Deadline, your withdrawal of your Class 5 Stock Election will not be effective.**

If you wish to withdraw your Class 5 Stock Election, please complete, sign, and date this form and return it promptly to your nominee in the envelope provided or otherwise follow your nominee's instructions with respect to submitting your withdrawal instructions.

**Item 1. Withdrawal of the Class 5 Stock Election**

Please check the box below if you wish to withdraw your Class 5 Stock Election.

**Withdraw Class 5 Stock Election**          ☐

**Item 2. Certification.**

By signing this form,

The undersigned certifies that (i) it is the holder of the Class 5 Senior Subordinated Notes, and (ii) it has full power and authority to withdraw its prior election of the Class 5 Stock Election.

The undersigned authorizes its nominee to treat this form as a direction to electronically withdraw the Senior Subordinated Notes from the account established to make the Class 5 Stock Election.

| | |
|---:|---|
| **Name** | _____ |
| **Signature** | _____ |
| **Name of Signatory (if different than holder)** | _____ |
| **Title** | _____ |
| **Street Address** | _____ |
| **City, State and Zip Code** | _____ |
| **Telephone Number** | _____ |
| **Date Completed** | _____ |

**Please allow sufficient time for your nominee to process the withdrawal of your Class 5 Stock Election and electronically deliver your instructions before the deadline on Monday, July 26, 2010 at 5:00 p.m. (Eastern Daylight Time).**