**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                              :
In re:                                        :      Chapter 11
                                              :
LEXINGTON PRECISION CORP., et al.,            :      Case No. 08-11153 (SCC)
                                              :
                Debtors.                      :      (Jointly Administered)
                                              :
-----------------------------------------------------------------x
```

### ORDER EXPANDING AUTHORIZATION FOR
### THE DEBTORS TO FILE OMNIBUS CLAIMS OBJECTIONS

Upon the motion, dated June 25, 2010 (the "**Motion**") Lexington Precision Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession (together, the "**Debtors**"), to file omnibus objections to claims, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Bankruptcy Court[1] pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, and their creditors; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, notwithstanding anything to the contrary in Bankruptcy Rule 3007, the Debtors are hereby authorized to file omnibus objections to claims seeking

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

reduction, reclassification and/or disallowance of claims on one or more of the following grounds:

>   (a)   the claims duplicate other claims;
>
>   (b)   the claims have been filed in the wrong case;
>
>   (c)   the claims have been amended by subsequently filed proofs of claim;
>
>   (d)   the claims were not timely filed;
>
>   (e)   the claims have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;
>
>   (f)   the claims were presented in a form that does not comply with applicable rules, and the Debtors are unable to determine the validity of the claims because of the noncompliance;
>
>   (g)   the claims are interests, rather than claims;
>
>   (h)   the claims assert priority in an amount that exceeds the maximum amount under section 507 of the Code;
>
>   (i)   the amount claimed contradicts the Debtors' books and records;
>
>   (j)   the claims were incorrectly classified;
>
>   (k)   the claims seek recovery of amounts for which the Debtors are not liable;
>
>   (l)   the claims do not include sufficient documentation to ascertain the validity of the claims, or the secured or priority status thereof; or
>
>   (m)   the claims are objectionable under section 502(e)(1) of the Bankruptcy Code

(collectively, the "**Permitted Grounds**"); and it is further

ORDERED that the Debtors are authorized to file omnibus objections to no more than 100 claims in any one omnibus objection; and it is further

ORDERED that, except as expressly provided herein, the Debtors shall comply with the requirements for omnibus objections set forth in Bankruptcy Rule 3007(e); and it is further

ORDERED that any order sustaining an omnibus objection shall be a final order with respect to each claim referenced in such omnibus objection as if each claim had been individually objected to; and it is further

ORDERED that nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any claim asserted in these cases; and it is further

ORDERED that entry of this Order is without prejudice to the Debtors' rights to seek entry of an order modifying or supplementing the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: July 15, 2010
      New York, New York

/s/Shelley C. Chapman
UNITED STATES BANKRUPTCY JUDGE