WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                            :
**In re**                                                     :         **Chapter 11 Case No.**
                                                            :
**LEXINGTON PRECISION CORP., et al.,**              :         **08-11153 (SCC)**
                                                            :
        **Debtors.**                                          :         **(Jointly Administered)**
                                                            :
---------------------------------------------------------------x

### DEBTORS' OBJECTION TO PROOF OF CLAIM
### FILED BY WACKER CHEMICAL CORP. (CLAIM NO. 246)

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lexington Precision Corporation ("**Lexington**"), and its wholly-owned

subsidiary, Lexington Rubber Group, Inc., each as debtors and debtors-in-possession (together,

the "**Debtors**"), submit this objection (the "**Objection**") to Proof of Claim No. 246 (the

"**Wacker Claim**"), filed by Wacker Chemical Corp. ("**Wacker**") against Lexington Rubber

Group, Inc., and a proposed order attached hereto as **Exhibit B**, and in support of the objection

respectfully represent as follows:

#### Background

1.      On April 1, 2008 (the "**Commencement Date**"), each of the Debtors

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States

Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their

businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

2.     The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules

of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.     On April 11, 2008, the United States Trustee for the Southern District of

New York (the "**U.S. Trustee**"), appointed the statutory committee of creditors (the "**Creditors'

Committee**").

4.     Pursuant to an order of the Court, dated, April 2, 2008, the Debtors

retained Epiq Bankruptcy Solutions, LLC ("**Epiq**"), as the Debtors' claims agent.

5.     On June 13, 2008, the Debtors filed their schedules and statements of

financial affairs (collectively, the "**Schedules**") [Docket Nos. 174, 176].

6.     By order, dated June 30, 2008, the Court established August 15, 2008 at

5:00 p.m. (prevailing Eastern Time) as the deadline for each person or entity other than a

Government Unit (as defined by section 101(27) of the Bankruptcy Code), that asserts a claim

(as defined by section 101(5) of the Bankruptcy Code) against any of the Debtors that arose prior

to April 1, 1008 to file a proof of claim.

**Jurisdiction**

7.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**The Wacker Claim**

8.      On or about August 13, 2008, Wacker filed the Wacker Claim, a copy of

which is attached hereto as **Exhibit A**.  The Wacker Claim seeks payment from Lexington

Rubber Group, Inc. for "goods sold" in the aggregate amount of $610,753.78.  Wacker is a

supplier of materials used in the production of rubber parts.

**Objection to the Wacker Claim**

9.      The Debtors do not dispute that they purchased goods from Wacker and

that the amount of the Wacker Claim remains unpaid, but object to the Wacker Claim because

any liability to Wacker is subject to setoff in whole or in part due to the counterclaim for

damages set forth below.

10.      Section 502(b)(1) of the Bankruptcy Code provides that a claim shall not

be allowed if it is "unenforceable" against the debtor in accordance with applicable law.  11

U.S.C. § 502(b)(1).  The Debtors have valid counterclaims for which they have the right of setoff

under statute or common law.  The Debtors' right to set off mutual obligations renders the

Wacker Claim unenforceable under section 502(b)(1).

**Counterclaim Against Wacker**

11.      The Debtors assert this counterclaim for damages and assert the right to

setoff damages owed to the estate as a defense to the Wacker Claim.

12.      Lexington Rubber Group, Inc. ("**LRGI**") purchased a silicone product

called Elastosil LR 3088/20 from Wacker.  The Elastosil product was used as a raw material in

the injection molding process in the Debtors' connector seals business.

13.      In approximately mid-2006, without advising LRGI of the change,

Wacker altered the composition of the Elastosil product.  The change resulted in a higher

concentration of large magnesium oxide particles in the product.  The presence of these large

particles in higher-than-usual concentrations caused excessive wear to LRGI's injection molds,

expensive devices critical to the manufacturing process and impossible to replace on short notice.

14.    The Wacker Elastosil LR 3088/20 product supplied to LRGI was defective

due to the presence of high concentrations of large magnesium oxide particles.

15.    The Wacker Elastosil LR 3088/20 product supplied to LRGI was not fit

for its intended purpose.

16.    Wacker knew, or should have known, that it was shipping Elastosil

product to the Debtors with an increased concentration of large magnesium oxide particles.

17.    Wacker knew, or should have known, that an increased concentration of

large magnesium oxide particles would cause damage to the Debtors' injection molds.

18.    Wacker failed to advise LRGI of the change in the Elastosil product.

19.    It is the accepted custom and practice in the injection molding business for

suppliers to notify manufacturers in advance of changes in the composition of raw materials

because, among other reasons, injection molding is a high precision industry, end users have

strict performance standards for rubber parts, and injection molds are sensitive to even minor

variations in raw materials.

20.    LRGI has been damaged by Wacker's delivery of materials that were

defective and/or not fit for their intended purpose.  As a result of the increased concentration of

large magnesium oxide particles in the Elastosil LR 3088/20 product, LRGI suffered damages

including, but not limited to:

a.    Costs to re-tool mold parts that suffered excessive wear;

b.    Lost business due to cancelled orders from a customer;

c.    Increased scrap costs;

        d.      Purchase price of defective or unfit materials;

        e.      Employee labor costs to inspect for and repair damaged parts and to investigate and trace the cause of the problem; and

        f.      Permanent loss of good will with customers.

21.      On account of its counterclaim, LRGI seeks damages from Wacker in an amount to be determined by the Court and set off, in whole or in part, from the Wacker Claim.

## Reservation of Rights

22.      The Debtors reserve their rights to amend this objection.

## Notice

23.      No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have provided notice of this Objection to (i) the U.S. Trustee, (ii) the attorneys for the agents for the Debtors' prepetition lenders, (iii) the attorneys for the Debtors' postpetition lenders, (iv) the attorneys for the Creditors' Committee, (v) counsel for the plan investor, (vi) the current holder of the Wacker Claim, and (vii) all other parties that have requested notice in these chapter 11 cases (collectively, the "**Notice Parties**"). The Debtors submit that no other or further notice need be provided.

WHEREFORE the Debtors respectfully request the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated:  July 20, 2010
        New York, New York

/s/ Adam P. Strochak
Richard P. Krasnow
Adam P. Strochak

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:   (212) 310-8000
Facsimile:    (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## Exhibit A

## Wacker Claim

FORM B10 (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor **Lexington Rubber Group, Inc.** | Case Number **08-11156** | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): **Wacker Chemical Corp.** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent: Attn: Sandy Lewis 3301 Sutton Road Adrian, MI 49221 Telephone number: 517.264.8466 Email: sandy.lewis@wacker.com | ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| Last four digits of account or other number by which creditor identifies debtor: **0396** | Check here if this claim | ☐ replaces X amends | a previously filed claim, dated:**4/28/08** |
|---|---|---|---|

**1. Basis for Claim**

| | |
|---|---|
| ☒ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | Last four digits of SS#: _____ |
| ☐ Personal injury/wrongful death | Unpaid compensation for services performed |
| ☐ Taxes | from _____ to _____ |
| ☐ Other _____ | (date) (date) |

| 2. Date debt was incurred: **Prior to April 1, 2008** | 3. If court judgment, date obtained: **N/A** |
|---|---|

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $610,753.78

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

_____

**Unsecured Priority Claim**

☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(1)(5).

**Secured Claim**

☐ Check this box if claim is secured by collateral (including a right of setoff)

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle    ☐ Other _____
Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:
$_____

_____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| 5. Total Amount of Claim at Time Case Filed: "see attached* | $610,753.78 (unsecured) | _____ (secured) | _____ (priority) | $610,753.78 (Total) |
|---|---|---|---|---|

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

6. **Credits:** The amount of al' claim. **

7. **Supporting Documents:** . itemized statements of run perfection of lien. DO NO documents are voluminous

8. **Date-Stamped Copy:** To ' envelope and copy of this ↓

Filed: USBC - Southern District of New York
Lexington Precision Corporation, Et Al.
08-11153 (MG)     0000000246

[barcode]

purpose of making this proof of

, purchase orders, invoices,
preements, and evidence of
available, explain. If the

stamped, self-addressed

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**

**AUG 1 3 2008**

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date **8/12/08** | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): WACKER CHEMICAL CORP. By:_____ David J. Coyle, Its Attorney |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Except that the claim may constitute a set-off or recoupment against any claim by the estate against CREDITOR.

**ATTACHMENT TO PROOF OF CLAIM
OF WACKER CHEMICAL CROP.
In Re:  Lexington Rubber Group, Inc.
Case No. 08-11156**

        The documents supporting this claim are voluminous and they were attached to Wacker's original Proof of Claim filed on April 28, 2008.  An additional copy of the documents supporting this claim will be made available upon request.

SLK_TOL: #1571008v1

# SHUMAKER

Shumaker, Loop & Kendrick, LLP

1000 Jackson Street            419.241.9000
Toledo, Ohio 43604-5573        419.241.6894 fax

www.slk-law.com

DAVID J. COYLE
419.321.1418
dcoyle@slk-law.com

August 12, 2008

**Via Federal Express**
**Overnight Mail**

Lexington Precision Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY  10017

> Re:    In Re:  Lexington Rubber Group, Inc.
>        Case No.  08-11156
>        Proof of Claim Amount:  $610,753.78
>        Our File No.  **032746**

Dear Sir/Madam:

Enclosed please find the original and three (3) copies of a Proof of Claim to be filed on behalf of Wacker Chemical Corp. in the above-referenced matter.  Please file the Proof of Claim and return file-stamped copies to the undersigned in the envelope provided.

If you have any questions, please contact me.

Very truly yours,

David J. Coyle

DJC/gaf
Enclosures

SLK_TOL: #1571018v1

TOLEDO | TAMPA | CHARLOTTE | COLUMBUS

# Express



6479Z-0706

From:    Origin ID: TDZA   (419)241-9000
Gladys Fischer
SHUMAKER, LOOP & KENDRICK, LLP
1000 JACKSON STREET

TOLEDO, OH 43604

FedEx
Express

CL8013806212/4

E

SHIP TO: 000-000-0000          BILL SENDER
Lexington Precision Claims Processi
c/o Epiq Bankruptcy Solutions, LLC
757 3RD AVE FRNT 3

NEW YORK, NY 100172072

Ship Date: 12AUG08
ActWgt: 2 LB
System#: 5317389/INET8061
Account#: S *********

Delivery Address Bar Code

Ref #    032746
Invoice #
PO #
Dept #

TRK#
0201    7905 5994 0148

ZB OGSA

WED - 13AUG    A1
PRIORITY OVERNIGHT

10017
NY-US
EWR

Page 1 of 2

Press Here   Press Here   Press Here   Press Here   Press Here

**<u>Exhibit B</u>**

**Proposed Order**

US_ACTIVE:\43452688\03\26690.0008

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                              :
**In re**                                     :      **Chapter 11 Case No.**
                                              :
**LEXINGTON PRECISION CORP., et al.,**        :      **08-11153 (SCC)**
                                              :
            **Debtors.**                      :      **(Jointly Administered)**
                                              :
-------------------------------------------------------------x

### ORDER GRANTING DEBTORS' OBJECTION TO PROOF OF
### CLAIM FILED BY WACKER CHEMICAL CORP. (CLAIM NO. 246)

Upon consideration of the objection, dated July 20, 2010 (the "Objection"),[1] of

Lexington Precision Corporation and its wholly-owned subsidiary, Lexington Rubber Group,

Inc., each as debtors and debtors-in-possession (together, the "**Debtors**"), to Proof of Claim

No. 246 (the "**Claim**"), filed by Wacker Chemical Corp.; and the Court having jurisdiction to

consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334

and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for

the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration

of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

the Court having reviewed the Objection; the Court hereby finds and determines that, pursuant to

Rule 3007 of the Federal Rules of Bankruptcy Procedure, due and proper notice has been

provided to the Notice Parties; and no other or further notice is necessary; and the relief

requested in the Objection is in the best interests of the Debtors, their estates, and creditors; and

the legal and factual bases set forth in the Objection establish just cause for the relief granted

herein; and therefore it is

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

US_ACTIVE:\43452688\03\26690.0008

ORDERED that the Claim is hereby disallowed in its entirety; and it is further

ORDERED that Epiq is authorized and directed to delete the Claim from the

official claims registry.

Dated:   New York, New York
          August __, 2010

                                                        _____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE