**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
: 
In re                                                : Chapter 11
:
LEXINGTON PRECISION CORP., et al.,                   : Case No. 08-11153 (SCC)
:
Debtors.                                 : (Jointly Administered)
:
------------------------------------------------------------------------x

### ORDER GRANTING THE REQUEST OF WILMINGTON TRUST COMPANY FOR PAYMENT OF INDENTURE TRUSTEE FEE CLAIMS

Upon the request, dated June 25, 2010 (the "**Request**"), of Wilmington Trust Company (the "**Indenture Trustee**") for payment of certain indenture trustee fee claims, and in accordance with Section 2.3 of the proposed chapter 11 plan (the "**Plan**")[1] of Lexington Precision Corporation, and its affiliated debtor subsidiary, Lexington Rubber Group, Inc. (together, the "**Debtors**" and with the Indenture Trustee, the "**Parties**"); and the Parties have agreed to the terms of this Order as set forth below; and the Court having reviewed the Request and the proposed stipulated order; and after due deliberation and just and sufficient cause appearing therefore; it is

ORDERED that the Request is granted to the extent provided herein; and it is further

ORDERED that the Indenture Trustee's Indenture Trustee Fee Claims (as defined in the Plan) through June 23, 2010 are allowed as follows: (a) Wilmington Trust Company in its capacity as Indenture Trustee - fees $81,700.00, expenses $459.00; (b) Sullivan & Worcester

---

[1] Capitalized terms not defined herein shall have the meaning attributed to them in the Plan.

A:\LEX - ORDER GRANTING WTC FEE REQUEST.DOC

LLP as counsel to the Indenture Trustee – fees $164,916.00, expenses $1,879.34 (the "**Fixed Allowed Claim**"); and it is further

ORDERED that in addition to the Allowed Claim the Indenture Trustee and its counsel shall be entitled to reasonable ordinary course fees and expenses following June 23, 2010 through the Effective Date (the "**Estimated Allowed Claim**" together with the Fixed Allowed Claim, the "**Allowed Claim**"); and it is further

ORDERED that the Debtors will provide the Indenture Trustee seven (7) days notice of the anticipated Effective Date; and it is further

ORDERED that the Indenture Trustee will provide the Debtors with a fixed estimate of the Estimated Allowed Claim at least three (3) days before the anticipated Effective Date; and it is further

ORDERED that the Debtors shall pay the Allowed Claim on or as soon as practicable after the Effective Date of the Plan; and it is further

ORDERED that, in accordance with the terms of the Indenture, the Indenture Trustee shall retain and may exercise its charging lien (the "**Charging Lien**") with respect to any distributions made to holders of claims in Class 5 (Seniors Subordinated Note Claims) until the Indenture Trustee receives payment of its Allowed Claim; **provided**, **however**, the Indenture Trustee shall provide the Debtors at least 7 days notice and an opportunity to pay the Allowed Claim under the Indenture before exercising the Charging Liens; and it is further

ORDERED that, the Debtors shall promptly pay the reasonable fees and expenses of the Indenture Trustee and its counsel incurred after the Effective Date, including, without limitation, those related to distributions, in the ordinary course of business; and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters related to or arising from the implementation of this Order.

Dated: July 21, 2010
      New York, New York

/s/Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE