**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

**LEXINGTON PRECISION**                          Chapter 11
**CORP. et al.,**[1]                               Case No. 08-11153 (MG)

                                                  (jointly administered)

                  Debtors.                        Hon. Martin Glenn

_____/

**NOTICE OF SUBMISSION OF MONTHLY FEE STATEMENT OF**
**STOUT RISIUS ROSS, INC. AS FINANCIAL ADVISORS**
**TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF**
**LEXINGTON PRECISION CORP., ET AL.**
**FOR THE PERIOD JULY 1, 2010 THROUGH JULY 31, 2010**

        Stout Risius Ross, Inc. ("SRR"), financial advisors to the Official Committee of

Unsecured Creditors of Lexington Precision Corp., et al. (the "Committee"), hereby submits its

monthly fee statement for the period July 1, 2010 through July 31, 2010 (the "Compensation

Period"), and in support states the following:

        1.       The Debtors commenced their Chapter 11 proceedings by filing Voluntary

Petitions with this Court on April 1, 2008 (the "Petition Date").  The Debtors are continuing in

possession of their property and operating and managing their businesses as debtor-in-possession

pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

        2.       The United States Trustee appointed a seven-member Committee on April 11,

2008 (Docket No.49).

---

[1] The Debtors are: Lexington Precision Corporation and Lexington Rubber Group, Inc.

3.        On June 5, 2008, the Court Authorized the Retention and Employment of SRR as

Financial Advisors to the Committee *nunc pro tunc* to May 13, 2008, (Docket No. 163) attached

as **Exhibit A**.

4.        In accordance with Paragraph (a) of the Court's April 22, 2008 Order Granting

Motion to Establish Procedures for Interim Monthly Compensation and Reimbursement of

Expenses of Professionals (the "Interim Compensation Order") (Docket No. 84), attached as

**Exhibit B**, and relevant here:

> Each Retained Professional will submit its monthly statement (the "Monthly Statement")
> so that it is received on or before the thirtieth (30) day of each month following the
> month for which compensation is sought.  Each Professional shall serve its Monthly
> Statement on the following parties (collectively, the "Notice Parties"):
>
> (i) Lexington Precision Corporation, 800 Third Avenue, 15th Floor, New York, New
> York 10023 (Attn: Michael A. Lubin)
>
> (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:
> Christopher J. Marcus and John W. Lucas), attorneys for the Debtors
>
> (iii) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York,
> New York 10004 (Attn: Paul Schwartzberg)
>
> (iv) Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville,
> TN, 37219 (Attn: John C. Tishler), attorneys for the Debtors' pre-petition lenders
>
> (v) attorneys for the Official Committee of Unsecured Creditors (the
> "Committee"), Andrews Kurth, LLP, 450 Lexington Avenue, 15th Floor,
> New York, NY 10017 (Attn: Paul Silverstein)
>
> (vi) O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, NY
> 10036 (Attn.: Gerald Bender), attorneys for Debtors' post-petition lenders

5.        SRR submits its fee statement in the amount of $21,485.66 consisting of

$20,000.00 for SRR's Monthly Fee plus expenses of $1,485.66 for the Compensation Period.  In

accordance with the procedures outlined in the Interim Compensation Order, if no objection is

served by the Notice Parties within fifteen (15) calendar days from service of this Notice, SRR

shall be paid 80% of its fees ($16,000.00) and 100% of its expenses ($1,485.66) during the

Compensation Period.  See **Exhibit C** detailed statement of actual time incurred by SRR as

financial advisors to the Official Committee of Unsecured Creditors of Lexington Precision

Corp., *et al.*

Dated:  August 23, 2010

*Jaclyn Parrish*

> JACLYN PARRISH
> Notary Public - Michigan
> Wayne County
> My Commission Expires Mar 6, 2013
> Acting in the County of Oakland

Stout Risius Ross, Inc.

Jeffrey M. Risius
4000 Town Center
20th Floor
Southfield, MI  48075
Telephone:   (248) 432-1240
Facsimile:    (248) 208-8822

*Financial Advisors to the Official Committee
of Unsecured Creditors of Lexington
Precision Corp., et al.*

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                              :          Chapter 11
                                                    :
LEXINGTON PRECISION CORP, et al.,                   :          Case No. 08-11153 (MG)
                                                    :
                                                    :          (Jointly Administered)
                              Debtors.              :
---------------------------------------------------------------x

## ORDER AUTHORIZING EMPLOYMENT OF
## STOUT RISIUS ROSS, INC. AS FINANCIAL ADVISORS TO THE OFFICIAL
## COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF MAY 13, 2008

Upon consideration of the application (the "Application") of the Official Committee of

Unsecured Creditors (the "Committee") of Lexington Precision Corporation ("LEXP") and

Lexington Rubber Group, Inc. (collectively with LEXP, the "Debtors") in the above-captioned

Chapter 11 cases for entry of an order, under sections 328(a) and 1103(a) of title 11 of the United

States Code (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of Stout Risius

Ross, Inc. ("SRR") as its financial advisor, effective as of May 13, 2008, pursuant to the terms of

SRR's engagement letter dated as of May 13, 2008 (the "Engagement Letter"); and the Court

having considered the Application and the Declaration of Jeffrey M. Risius dated May 13, 2008,

in support of the Application; and it appearing that (i) SRR does not hold or represent an interest

adverse to the Committee, (ii) SRR is a "disinterested person" as that term is defined in under

section 101(14) of the Bankruptcy Code, (iii) the retention of SRR by the Committee is

necessary and in the best interest of the Committee, and (iv) the terms and conditions of SRR's

employment as set forth in the Application and the Engagement Letter (as defined in the

Application) are fair and reasonable, including, without limitation, the Fee Structure (as defined

in the Application); and the Court having jurisdiction to consider and determine the Application

as a core proceeding under 28 U.S.C. §§ 157 and 1334; and it appearing that notice has been given and no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that, pursuant to sections 328(a) and 1103 of the Bankruptcy Code, the Application is hereby granted, and SRR is hereby employed as the Committee's financial advisors, as of May 13, 2008, on the terms and conditions set forth in the Engagement Letter; and it is further

ORDERED that, notwithstanding anything in the Engagement Letter to the contrary, SRR's compensation thereunder may not be increased absent further Order of this Court.

ORDERED that SRR shall be compensated and reimbursed in accordance with the terms of the Engagement Letter, pursuant to the standard of review under section 328(a) of the Bankruptcy Code and not subject to review for reasonableness under section 330 of the Bankruptcy Code, except as provided for below, subject to the approval of this Court, and the procedures set forth in the Application, including, without limitation, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and such other procedures as may be fixed by this Court; and it is further

ORDERED that, the United States Trustee, Capital Source Finance LLC, as agent, and CSF Mortgage LLC, as agent, retain all rights to object to SRR's interim and final fee applications (including expense reimbursement) on grounds including, without limitation, the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized and directed to indemnify and hold harmless SRR and the other Indemnified Parties (as defined in the Engagement Letter) pursuant to the indemnification provisions of the Engagement Letter, which requests for payment of indemnity,

NYC:175769.8

if any, pursuant thereto shall be made by means of an application and shall be subject to review by the Court to ensure that any such payment conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall SRR or the other Indemnified Parties be indemnified for (x) their respective gross negligence, willful misconduct or fraud or (y) a material breach of a term or condition of the Engagement Letter by SRR; and it is further

ORDERED that in no event shall SRR be indemnified if the Debtor or a representative of the estates, assert a claim for, and a court determines by final order that such claim arose out of (x) SRR's or the Indemnified Parties' gross negligence, willful misconduct or fraud or (y) a material breach of a term of condition of the Engagement Letter by SRR; and it is further

ORDERED that in the event SRR seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in SRR's own application (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regards to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that SRR shall not, in the course of its engagement by the Committee under this Order, use any information obtained or work product developed in connection with its prior real estate valuation/appraisal engagement by Waller Lansden Dortch & Davis LLP, CapitalSource Finance LLC as agent, CSE Mortgage LLC, as agent, and other Prepetition Senior Lenders (as defined in the Final Order Authorizing Use of Cash Collateral, dated April 17, 2007)

3

and shall keep all such information and work product strictly confidential; and it is further

ORDERED that SRR shall not testify adversely to Waller Lansden Dortch & Davis LLP, CapitalSource Finance LLC, as agent, CSE Mortgage LLC, as agent, or any other Prepetition Senior Lenders, with respect to real estate valuation/appraisal previously performed by SRR for or on behalf of such entities; and it is further

ORDERED that, notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules, Local Rules, any order of this Court or any guidelines regarding submission and approval of fee applications, SRR shall only be required to maintain contemporaneous summary time records for services rendered in hourly increments and shall not be required to file a schedule of rates; and it is further

ORDERED that the Court shall retain jurisdiction with respect to any matters arising from or related to this Order or the implementation hereof.

Dated:  June 5, 2008

New York, NY

/s/ Martin Glenn
UNITED STATES BANKRUPTCY JUDGE

NYC:175769.8

# Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                        :

In re                                  :          **Chapter 11 Case No.**
                                          :

**LEXINGTON PRECISION CORP., <u>et al.</u>,**    :          **08-11153 (MG)**
                                          :

          **Debtors.**                    :          **(Jointly Administered)**
                                          :
------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a) AND 331**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE**
**2016(a) ESTABLISHING PROCEDURES FOR INTERIM MONTHLY**
<u>**COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**</u>

Upon the motion, dated April 2, 2008 (the "<u>Motion</u>") of Lexington Precision

Corporation and Lexington Rubber Group, Inc., as debtors and debtors in possession

(collectively, the "<u>Debtors</u>"), for an order pursuant to sections 105(a) and 331 of title 11 of the

United States Code (the "<u>Bankruptcy Code</u>") and Rule 2016(a) of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), establishing procedures for interim monthly

compensation and reimbursement of expenses of professionals (the "<u>Professionals</u>"), all as more

fully described in the Motion; and the Court having jurisdiction to consider the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order

M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided and no other or further notice need be

provided; and a hearing having been held to consider the relief requested in the Motion (the

"<u>Hearing</u>"); and the appearances of all interested parties having been noted in the record of the

Hearing; and upon the Affidavit of Dennis J. Welhouse, sworn to on April 1, 2008 (the

"Welhouse Affidavit"), pursuant to Local Bankruptcy Rule 1007-2, the record of the Hearing,

and all of the proceedings had before the Court; and the Court having found and determined that

the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors,

and all parties in interest and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

          ORDERED that the Motion is granted; and it is further

          ORDERED that except as may otherwise be provided in orders of the Court

authorizing the retention of specific Professionals, all Professionals in these cases may seek

monthly compensation in accordance with the following procedures (the "Interim Compensation

Procedures"):

(a)    On or before the **thirtieth (30th)** day of each month following the month for which compensation is sought, each Professional seeking compensation shall file with the Court a monthly statement and serve (the "Monthly Statement"), by hand or overnight delivery, on (i) Lexington Precision Corporation, 800 Third Avenue, 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin); (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Christopher J. Marcus and John W. Lucas), attorneys for the Debtors; (iii) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg); (iv) Waller, Landsden, Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, TN, 37219 (Attn: John C. Tishler), attorneys for the Debtors' prepetition lenders; (v) attorneys for the Official Committee of Unsecured Creditors (the "Committee"), Andrews Kurth, LLP, 450 Lexington Avenue, 15th Floor, New York, NY 10017 (Attn: Paul Silverstein); and (vi) O'Melveny & Meyers, LLP, Times Square Tower, 7 Times Square, New York, NY 10036 (Attn.: Gerald Bender), attorneys for Debtors' postpetition lenders (the "Notice Parties").

(b)    Each Monthly Statement must contain a list of the individuals and the individuals' respective titles (e.g., attorney, paralegal, etc.) who provided services during the statement period, the individuals' respective billing rates, in the case of attorneys, their respective years of graduation from

law school, and to the extent applicable, their year of partnership, the aggregate hours spent by each individual, a reasonably detailed breakdown of the fees and expenses incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable.

(c)     Each Notice Party shall have **fifteen (15)** days after receiving the Monthly Statement to review the statement and, if the Notice Party objects to the compensation or reimbursement sought in a particular statement, such Notice Party shall, no later than the **forty-fifth (45th)** day following the end of the month for which compensation is sought, file with the Court and serve upon the Professional to whose Monthly Statement the Notice Party objects and the other Notice Parties a written "Notice of Objection to Fee Statement," setting forth the nature of the Notice Party's objection and the amount of fees or expenses at issue.

(d)     At the expiration of the **45** day period, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with paragraph (c) above.

(e)     If the Debtors object or receive an objection to a particular Monthly Statement, the Debtors shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (d).

(f)     If the parties to an objection resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose Monthly Statement was objected to files with the Court and serves on all Notice Parties a statement indicating that the objection is withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay in accordance with paragraph (d) that portion of the Monthly Statement that is no longer subject to an objection.

(g)     All objections that the parties do not resolve shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (i) below.

(h)     The filings and service of an objection in accordance with paragraph (c) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on

any ground regardless of whether the objecting party raised the ground in the objection or not.  Furthermore, the decision by any party not to object to a Monthly Statement shall not waive or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(i)     Commencing with the period ending July 31, 2008, and at four-month intervals thereafter, each of the professionals shall file with the Court, in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov), an application (an "<u>Interim Fee Application</u>") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the fee statements filed during such period (the "<u>Interim Fee Period</u>").  Each professional shall file its Interim Fee Application within forty-five (45) days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses.  Each professional shall file its first Interim Fee Application on or before September 15, 2008, and the first Interim Fee Application shall cover the Interim Fee Period from the Commencement Date through and including July 31, 2008.

(j)     The Debtors' attorneys shall obtain a date from the Court for the hearing of fee applications for all retained professionals.  At least 30 days prior to such hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all retained professionals, setting forth the time, date and location of the fee hearing, the Interim Fee Period applications cover and the objection deadline.  Any retained professional unable to file its own fee application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline.  The Debtors' attorneys shall file and serve such application.

(k)     Any professional who fails to file an application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement when due shall be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until the professional files its application.

(l)     The pendency of an objection asserting that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect

on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

; and it is further

ORDERED that the amount of fees and disbursements sought be set out in U.S. dollars; and it is further

ORDERED that the attorneys for the Committee may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of the Committee as part of the attorneys for the Committee's fee applications to the Court; provided, however, that these reimbursement requests comply with this Court's Administrative Orders, dated June 24, 1991 and April 21, 1995; and it is further

ORDERED that any party may object to requests for payments made pursuant to this Order on the grounds that the Debtors have not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of this Court, otherwise, this Order shall continue and shall remain in effect during the pendency of this case; and it is further

ORDERED that the Debtors shall include all payments to professionals on their monthly operating reports, detailed so as to state the amount paid to each professional; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is satisfied.

Dated:  **April 22, 2008**
        New York, New York


                                                    __/s/Martin Glenn_____
                                                    United States Bankruptcy Judge

# Exhibit C



August 23, 2010

Official Committee of Unsecured Creditors of Lexington Precision Corp., *et al.*
Attention: Mr. Robert J. Welch
Jefferies & Company, Inc.
One Station Place, Three North
Stamford, CT  06902

In Reference To:          UCC of Lexington Precision Corp., *et al.*
Matter No.                  1016295
Invoice No.                 59621

<u>For the Period July 1, 2010 to July 31, 2010</u>

Billing for professional services and expenses incurred as financial advisors to the Official
Committee of Unsecured Creditors during the above said period.

| | | |
|---|---|---|
| July Monthly Fee for Services Rendered | $ | 20,000.00 |
| Expenses | | 1,485.66 |
| Total Balance Due | **$** | **21,485.66** |

Please include the matter number and invoice number with your payment.

Please remit check and invoice copy to:          **STOUT RISIUS ROSS, INC.**
                                                                       4000 Town Center, 20th Floor
                                                                       Southfield, MI  48075

Payments may be made electronically to:          **STOUT RISIUS ROSS, INC.**
                                                                       Fifth Third Bank
                                                                       Wire ABA Number 042000314
                                                                       ACH ABA Number 072405455
                                                                       Account Number 7911786619

Invoice Payable Upon Receipt
Fed ID 38-3003685

**MONTHLY FEE STATEMENT SUMMARY**

**Summary of Hours by Professional**

**JULY 1, 2010 THROUGH JULY 31, 2010**

| Timekeeper | Titles | Hours |
|------------|--------|-------|
| Jeffrey M. Risius | Managing Director | 21.25 |
| Jesse A. Ultz | Manager | 4.25 |
| Brian A. Hock | Senior Analyst | 54.50 |
| **TOTAL** | | **80.00** |

Please See **Exhibit - A** for a detail of services provided by Stout Risius Ross, Inc.

## MONTHLY FEE STATEMENT SUMMARY

### Summary of Hours Billed by Category

### JULY 1, 2010 THROUGH JULY 31, 2010

| Time Category/Description | Hours |
|---|---:|
| Fee Application | 1.50 |
| Litigation Consulting | 75.50 |
| Teleconferences/Meetings with Committee/Counsel | 3.00 |
| **TOTAL** | **80.00** |

**MONTHLY FEE STATEMENT SUMMARY**

**Summary of Expenses**

**JULY 1, 2010 THROUGH JULY 31, 2010**

| Expense Category | Amount |
|---|---|
| Travel | 1,104.07 |
| Lodging | 356.90 |
| Working Meals | 24.69 |
| **TOTAL** | **1,485.66** |

**MONTHLY FEE STATEMENT SUMMARY**

**JULY 1, 2010 THROUGH JULY 31, 2010**

| | | |
|---|---|---|
| July Monthly Fee for Services Rendered [1] | $ | 20,000.00 |
| Less:  20% Hold Back for the July Monthly Fee | | (4,000.00) |
| Fee Statement in Lieu of Application | | 16,000.00 |
| Expenses | | 1,485.66 |
| ***Total Fees and Expenses*** | | **$17,485.66** |

[1] Pursuant to the Order Authorizing the Employment of Stout Risius Ross, Inc. as Financial Advisors to the Official Committee of Unsecured Creditors, effective as of May 13, 2008, dated June 5, 2008, **"SRR shall be compensated and reimbursed in accordance with the terms of the Engagement Letter, pursuant to the standard of review under section 328(a) of the Bankruptcy Code and not subject to review for reasonableness under section 330 of the Bankruptcy Code, except as provided for below, subject to the approval of this Court, and the procedures set forth in the Application, including, without limitation, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and such other procedures as may be fixed by this Court."** Pursuant to the Stout Risius Ross, Inc. Engagement Letter dated May 13, 2008, as amended October 13, 2009, "SRR shall be paid a monthly fee (the "Monthly Fee") each month in advance for its services of:  (i) $50,000 per month, through December 31, 2009 and (ii) $20,000 per month thereafter through the date of the confirmation hearing.  Notwithstanding any termination of this Engagement, the Company agrees to pay SRR the Monthly Fee for a minimum of 10 months.  The initial Monthly Fee of $50,000 shall be due immediately upon entry by the Bankruptcy Court of an order approving the Committee's retention of SRR.  The Company shall pay the Monthly Fee on each monthly anniversary of the Effective Date of this Engagement, in advance.  SRR may renegotiate its Monthly Fee after December 31, 2009 if the scope of its work at that time has changed beyond what is contemplated in this Agreement."

**Detail of Services Provided By Stout Risius Ross, Inc.**

**Lexington Precision Corp., et al.**

**July 1, 2010 Through July 31, 2010**

Exhibit A-2

| Project Category | Date | Initials | Name | Hours | Description |
|---|---|---|---|---|---|
| Fee Application | 7/29/2010 | BAH | Brian A. Hock | 1.50 | Preparation of monthly fee application |
| | | | | 1.50 | |
| | | | | | |
| Litigation Consulting | 7/8/2010 | JAU | Jesse A. Ultz | 0.50 | Reviewing docket |
| Litigation Consulting | 7/9/2010 | JMR | Jeffrey M. Risius | 2.00 | Trial preparation |
| Litigation Consulting | 7/12/2010 | BAH | Brian A. Hock | 4.50 | Financial analysis |
| Litigation Consulting | 7/13/2010 | JAU | Jesse A. Ultz | 1.00 | Financial analysis |
| Litigation Consulting | 7/13/2010 | BAH | Brian A. Hock | 2.25 | Financial analysis |
| Litigation Consulting | 7/14/2010 | BAH | Brian A. Hock | 4.75 | Financial analysis |
| Litigation Consulting | 7/14/2010 | JAU | Jesse A. Ultz | 1.25 | Interest rate research and analysis |
| Litigation Consulting | 7/14/2010 | JMR | Jeffrey M. Risius | 2.25 | Trial prepration; financial analysis |
| Litigation Consulting | 7/15/2010 | BAH | Brian A. Hock | 5.75 | Financial analysis |
| Litigation Consulting | 7/15/2010 | JAU | Jesse A. Ultz | 1.50 | Interest rate research and analysis |
| Litigation Consulting | 7/15/2010 | JMR | Jeffrey M. Risius | 1.50 | Trial preparation |
| Litigation Consulting | 7/16/2010 | BAH | Brian A. Hock | 7.50 | Financial analysis |
| Litigation Consulting | 7/16/2010 | BAH | Brian A. Hock | 1.00 | Financial analysis |
| Litigation Consulting | 7/16/2010 | BAH | Brian A. Hock | 3.25 | Financial analysis |
| Litigation Consulting | 7/16/2010 | JMR | Jeffrey M. Risius | 3.50 | Review Filings and preparation of rebuttal |
| Litigation Consulting | 7/16/2010 | JMR | Jeffrey M. Risius | 4.00 | Trial preparation |
| Litigation Consulting | 7/17/2010 | BAH | Brian A. Hock | 2.00 | Financial analysis |
| Litigation Consulting | 7/18/2010 | BAH | Brian A. Hock | 4.25 | Financial analysis |
| Litigation Consulting | 7/19/2010 | JMR | Jeffrey M. Risius | 1.50 | Reviewing financial analysis |
| Litigation Consulting | 7/19/2010 | BAH | Brian A. Hock | 9.25 | Financial analysis |
| Litigation Consulting | 7/19/2010 | JMR | Jeffrey M. Risius | 1.50 | Trial preparation and analysis |
| Litigation Consulting | 7/20/2010 | BAH | Brian A. Hock | 7.50 | Financial analysis |
| Litigation Consulting | 7/20/2010 | JMR | Jeffrey M. Risius | 3.00 | Trial preparation |
| | | | | 75.50 | |
| | | | | | |
| Teleconferences/Meetings with Committee/Counsel | 7/13/2010 | BAH | Brian A. Hock | 1.00 | telephone call with counsel |
| Teleconferences/Meetings with Committee/Counsel | 7/19/2010 | JMR | Jeffrey M. Risius | 1.50 | Meeting with counsel |
| Teleconferences/Meetings with Committee/Counsel | 7/20/2010 | JMR | Jeffrey M. Risius | 0.50 | Correspondence with counsel |
| | | | | 3.00 | |