Hearing Date and Time:  Thursday, October 28, 2010 at 10:00 a.m. (prevailing Eastern time)
Objection Deadline:  Thursday, October 21, 2010 at 4:00 p.m. (prevailing Eastern time)

---

**PARTIES RECEIVING NOTICE OF THE SECOND OMNIBUS OBJECTION SHOULD REVIEW THE SECOND OMNIBUS OBJECTION TO SEE IF THEIR NAMES AND/OR CLAIMS ARE LOCATED IN THE SECOND OMNIBUS OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
LEXINGTON PRECISION CORP., et al.,        :        08-11153 (SCC)
                                          :
            Reorganized Debtors.          :        (Jointly Administered)
                                          :
-------------------------------------------------------------x
```

### NOTICE OF REORGANIZED DEBTORS'
### SECOND OMNIBUS OBJECTION TO CERTAIN (A) LATE-FILED
### CLAIMS, (B) BOOKS AND RECORDS CLAIMS, AND (C) NO LIABILITY CLAIMS

        **PLEASE TAKE NOTICE** that a hearing (the "**Hearing**") to consider the second

omnibus objection, dated September 24, 2010 (the "**Second Omnibus Objection**"), of

Lexington Precision Corporation and its wholly-owned subsidiary, Lexington Rubber Group,

Inc., (together, the "**Debtors**" or the "**Reorganized Debtors**") to certain proofs of claim filed in

the Debtors' chapter 11 cases, shall be held before the Honorable Shelley C. Chapman, United

States Bankruptcy Judge, in Room 610 of the United States Bankruptcy Court for the Southern

District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One

Bowling Green, New York, New York 10004, on **Thursday, October 28, 2010 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any objections or responses to the Second Omnibus Objection must (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure and the local rules of the Bankruptcy Court; and (c) set forth the name of the objecting party, the basis for the objection, and specific grounds therefore.

**PLEASE TAKE FURTHER NOTICE** that all objections and responses must be filed with the Bankruptcy Court no later than **Thursday, October 21, 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "**Response Deadline**").  In accordance with General Order M-242, registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses.  General Order M-242 may be found at www.nysb.uscourts.gov.  All other parties-in-interest must file their objections and responses on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format) and deliver a hard copy directly to the chambers of Judge Shelley C. Chapman.

**PLEASE TAKE FURTHER NOTICE** that all objections and responses must be

served, so as to be received no later than the Response Deadline, upon:  (i) the Reorganized

Debtors, Lexington Precision Corporation, 800 Third Ave., 15th Floor, New York, New York

10023 (Attn:  Michael A. Lubin); (ii) the attorneys for the Reorganized Debtors, Weil, Gotshal &

Manges LLP, 1300 I Street, N.W., Suite 900, Washington, D.C. 20005 (Attn:  Adam P.

Strochak), and 767 Fifth Avenue, New York, New York 10153 (Attn:  Marvin Mills); and

(iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn:  Paul K. Schwartzberg).

Dated: September 24, 2010
      New York, New York

                     /s/ Adam P. Strochak
                     Richard P. Krasnow
                     Adam P. Strochak
                     WEIL, GOTSHAL & MANGES LLP
                     767 Fifth Avenue
                     New York, New York 10153
                     Telephone: (212) 310-8000
                     Facsimile: (212) 310-8007

                     Attorneys for Debtors
                     and Debtors in Possession

Hearing Date and Time:  Thursday, October 28, 2010 at 10:00 a.m. (prevailing Eastern time)
Objection Deadline:  Thursday, October 21, 2010 at 4:00 p.m. (prevailing Eastern time)

---

**PARTIES RECEIVING NOTICE OF THE SECOND OMNIBUS
OBJECTION SHOULD REVIEW THE SECOND OMNIBUS OBJECTION TO
SEE IF THEIR NAMES AND/OR CLAIMS ARE LOCATED IN THE SECOND
OMNIBUS OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                              :
In re                                         :        Chapter 11 Case No.
                                              :
**LEXINGTON PRECISION CORP., et al.,**         :        **08-11153 (SCC)**
                                              :
        **Reorganized Debtors.**               :        (Jointly Administered)
                                              :
------------------------------------------------------------x

**REORGANIZED DEBTORS' SECOND**
**OMNIBUS OBJECTION TO CERTAIN (A) LATE-FILED**
**CLAIMS, (B) BOOKS AND RECORDS CLAIMS, AND (C) NO LIABILITY CLAIMS**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

          Lexington Precision Corporation and its wholly-owned subsidiary, Lexington

Rubber Group, Inc. (together, the "**Debtors**" or the "**Reorganized Debtors**"), hereby object on

an omnibus basis (the "**Objection**") to certain proofs of claim, and respectfully represent:

<b><u>Background</u></b>

          1.       On April 1, 2008 (the "**Commencement Date**"), each of the Debtors

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States

Code (the "**Bankruptcy Code**").

2.      The Debtors' chapter 11 cases were consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.      On April 11, 2008, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), appointed the statutory committee of creditors (the "**Creditors' Committee**").

4.      Pursuant to an order of the Court, dated, April 2, 2008, the Debtors retained Epiq Bankruptcy Solutions, LLC ("**Epiq**"), as the Debtors' claims agent.

5.      On July 21, 2010, the Court confirmed the *Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified*, dated May 26, 2010 (as further modified, the "**Plan**").  The effective date of the Plan occurred on July 30, 2010.

**The Bar Date and Schedules**

6.      On June 13, 2008, the Debtors filed their schedules and statements of financial affairs [Docket Nos. 174, 176] (collectively, the "**Schedules**").

7.      By order, dated June 30, 2008 (the "**Bar Date Order**"), the Court established August 15, 2008 (the "**General Bar Date**") as the deadline for each person or entity other than a Government Unit (as defined by section 101(27) of the Bankruptcy Code) to file proofs of claim against the Debtors.  Pursuant to the Bar Date Order, September 29, 2008 (the "**Government Bar Date**," and together with the General Bar Date, the "**Bar Dates**") was the deadline for Government Units to file proofs of claim.

8.          Pursuant to an order of the Court, dated July 15, 2010 (the "**Omnibus Objection Order**"),[1] the Debtors are authorized to file omnibus objections to claims on the bases set forth in Bankruptcy Rule 3007(d), and the additional grounds set forth in the Omnibus Objection Order.  In accordance with the Omnibus Objection Order, the Debtors may file omnibus objections to claims that:

(a)        duplicate other claims;

(b)        have been filed in the wrong case;

(c)        have been amended by subsequently filed proofs of claim;

(d)        were not timely filed;

(e)        have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;

(f)        were presented in a form that does not comply with applicable rules, and the Debtors are unable to determine the validity of the claims because of the noncompliance;

(g)        are interests, rather than claims;

(h)        assert priority in an amount that exceeds the maximum amount under section 507 of the Code;

(i)        claim an amount that contradicts the Debtors' books and records;

(j)        were incorrectly classified;

(k)        seek recovery of amounts for which the Debtors are not liable;

(l)        do not include sufficient documentation to ascertain the validity of the claims, or the secured or priority status thereof; or

(m)        are objectionable under section 502(e)(1) of the Bankruptcy Code.[2]

---

[1] *Order Expanding Authorization for the Debtors to File Omnibus Claims Objections*, dated July 15, 2010 [Docket No. 957.

[2] *Id.*

## Objection to Claims

**Late-Filed Claims**

9.      The Reorganized Debtors object to the proofs of claim identified on

**Exhibit A** attached hereto (the "**Late-Filed Claims**") on the basis that the Late-Filed Claims

were filed after the applicable Bar Date.  The Bar Date Order requires creditors to file proofs of

claim asserting prepetition liabilities by the applicable deadline (i.e., the General and

Government Bar Dates).  The Bar Date Order set the General Bar Date as August 15, 2008, and

the Government Bar Date as September 29, 2008.  The Bar Date Order provides that:

> [A]ny holder of a claim against one or more of the Debtors who is
> required, but fails to file a Proof of Claim in accordance with this
> Order on or before the [General] Bar Date or the Government Bar
> Date, as applicable, shall be forever barred, estopped, and enjoined
> from asserting such claim against the Debtors (or filing a Proof of
> Claim with respect thereto), and the Debtors and their property
> shall be forever discharged from any and all indebtedness or
> liability with respect to such claim, and such holder shall not be
> permitted to vote to accept or reject any plan of reorganization
> filed in these chapter 11 cases, or participate in any distribution in
> any of the Debtors' chapter 11 cases on account of such claim or to
> receive further notices regarding such claim or with respect to the
> Debtors' chapter 11 cases.

10.      Holders of the Late-Filed Claims filed the Late-Filed Claims asserting

prepetition claims after the applicable Bar Date.  The claimants that filed the Late-Filed Claims

did not seek relief to file a proof of claim after the applicable Bar Date.  Accordingly, the

Reorganized Debtors request that the Court disallow and expunge the Late-Filed Claims in their

entirety.

**Books and Records Claims**

11.      Each of the claims listed in **Exhibit B** attached hereto (the "**Books and**

**Records Claims**") assert a liability in an amount and/or priority that contradicts the Debtors'

books and records.  Accordingly, the Debtors object to the Books and Records Claims to the

extent such claims contradict the Debtors' books and records and respectfully request that the

Court reduce and/or recategorize the Books and Records Claims to the amount and priority

indicated on **Exhibit B** hereto in the columns labeled "Modified Administrative/Secured/Priority

Claim Amount" and "Modified General Unsecured Claim Amount," respectively.[3]  In the

instances where neither the Modified Administrative/Secured/Priority Claim Amount nor the

Modified General Unsecured Claim Amount is greater than $0.00, the Debtors respectfully

request that such Books and Records Claims be disallowed and expunged in their entirety.

**No Liability Claims**

12.     The Reorganized Debtors object to each of the proofs of claim identified

on **Exhibit C** attached hereto (the "**No Liability Claims**") on the basis that these claims assert a

liability for which the Debtors do not believe they are liable.  In addition, such claimants have

provided no supporting detail to substantiate, or otherwise establish the *prima facie* validity of,

the No Liability Claims.  Because the No Liability Claims are not valid obligations of the

Debtors, the Debtors request that the No Liability Claims be expunged in their entirety.

**Reservation of Rights**

13.     The Reorganized Debtors limit this Objection to the grounds stated herein

and reserve all rights and defenses, including, among other things, the right to further object to

any of the proofs of claim referenced herein on any basis.  As the Reorganized Debtors continue

to analyze and reconcile claims, the Reorganized Debtors intend to file additional objections as

appropriate.

---

[3] IKON Financial Services filed Proof of Claim No. 48 against Lexington Precision Corporation asserting a claim in the aggregate amount of $59,634.47.  The Debtors' books and records indicate that, of the $59,634.47, $86.73 should be asserted against Lexington Precision Corporation, and that $9,153.59 should be asserted against Lexington Rubber Group, Inc.  Accordingly, the Debtors request that Proof of Claim 48 be reduced to a general unsecured claim of $86.73 asserted only against Lexington Precision Corporation and a new claim be added to the claims register asserting a general unsecured claim of $9,153.59 against Lexington Rubber Group, Inc. in favor of IKON Financial Services.

**Jurisdiction**

14.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Notice**

15.    The Reorganized Debtors have provided notice of this Objection to (i) the

U.S. Trustee, and (ii)  each holder of a claim listed on **Exhibit A**, **Exhibit B**, and **Exhibit C**

hereto, and (vi) all other parties that have requested notice in these chapter 11 cases (collectively,

the "**Notice Parties**").  The Reorganized Debtors submit that no other or further notice need be

provided.

16.    Pursuant to Bankruptcy Rule 3007, the Reorganized Debtors have

provided all claimants affected by the Objection with at least thirty days' notice of the hearing to

consider the Objection.

WHEREFORE the Reorganized Debtors respectfully request the Court grant the

relief requested herein and such other and further relief as is just and proper.

Dated:  September 24, 2010
      New York, New York

                    /s/ Adam P. Strochak
                    Richard P. Krasnow
                    Adam P. Strochak

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York  10153
                    Telephone:   (212) 310-8000
                    Facsimile:    (212) 310-8007

                    Attorneys for the Reorganized Debtors

**EXHIBIT A**

**Late-Filed Claims[1]**

| No. | Creditor Name and Address | Claim No. | Applicable Bar Date | Date Filed | Amount to Be Disallowed and Expunged | Amount of Remaining Claim |
|-----|---------------------------|-----------|---------------------|------------|--------------------------------------|---------------------------|
| 1. | GEI of Columbiana, Inc. c/o Frederich S. Coombs III, Esq. P.O. Box 6077 Youngstown, OH 44501-6077 | 4500 | 8/15/2008 | 2/2/2009 | $12,906.16 | $0.00 |
| 2. | General Electric Capital Corp 1010 Thomas Edison Blvd SW Cedar Rapids, IA 52404 | 4502 | 8/15/2008 | 1/11/10 | $23,680.00 | $0.00 |
| 3. | General Electric Capital Corp 1010 Thomas Edison Blvd SW Cedar Rapids, IA 52404 | 4503 | 8/15/2008 | 1/11/10 | $1,746.04 | $0.00 |
| 4. | General Extrusions Inc. c/o Frederick S. Coombs III, Esq. P.O. Box 6077 Youngstown, OH 44501-6077 | 4499 | 8/15/2008 | 2/2/2009 | $8,228.30 | $0.00 |
| 5. | Heritage Crystal Clean, LLC Attn: Gary M. Vanek, Esq. 1250 Larkin Avenue, Suite 100 Elgin, IL 60123 | 4498 | 8/15/2008 | 9/5/2009 | $320.85 | $0.00 |
| 6. | New York State Dept of Tax and Finance Bankruptcy Section P.O. Box 5300 Albany, NY 12205-0300 | 4496 | 9/29/2008 | 2/17/2008 | $217.41 | $0.00 |

---

[1] Second Omnibus Objection, p. 4.

**EXHIBIT B**

**Books and Records Claims[1]**

| No. | Claimant | Claim No. | Asserted Secured / Administrative / Priority Claim Amount | Asserted General Unsecured Claim Amount | Modified Secured / Administrative / Priority Claim Amount | Modified General Unsecured Claim Amount | Basis of Objection |
|---|---|---|---|---|---|---|---|
| 1. | EZ-Kote, Inc. Attn: Patricia Stephens 224 Brown Industrial Parkway Suite 104 Canton, GA 30114 | 130 | | $5,778.00 | | $0.00 | The Debtors' books and records reflect that claimant is not entitled to the amount claimed. |
| 2. | Georgia Department of Revenue Compliance Division Bankruptcy Section P.O. Box 161108 Atlanta, GA 30321 | 4495 | $2,791.16 | $1,888.51 | $0.00 | $0.00 | The Debtors' books and records reflect that the Debtors already have paid the taxes for which claimant seeks payment. |
| 3. | Georgia Natural Gas P.O. Box 659411 San Antonio, TX 78265-9411 | 209 | | $14,296.98 | | $11,191.60 | The Debtors' books and records reflect that claimant is not entitled to the full amount claimed. |
| 4. | IKON Financial Services Bankruptcy Administration P.O. Box 13708 Macon, GA 31208 | 48[2] | | $59,634.47 | | $86.73 | The Debtors' books and records reflect that claimant is not entitled to the full amount claimed. |

---

[1] Second Omnibus Objection, p. 4-5.

[2] IKON Financial Services filed Proof of Claim No. 48 against Lexington Precision Corporation asserting a claim in the aggregate amount of $59,634.47. The Debtors' books and records indicate that, of the $59,634.47, $86.73 should be asserted against Lexington Precision Corporation, and that $9,153.59 should be asserted against Lexington Rubber Group, Inc. Accordingly, the Debtors request that Proof of Claim 48 be reduced to a general unsecured claim of $86.73 asserted only against Lexington Precision Corporation and a new claim be added to the claims register asserting a general unsecured claim of $9,153.59 against Lexington Rubber Group, Inc. in favor of IKON Financial Services.

| No. | Claimant | Claim No. | Asserted Secured / Administrative / Priority Claim Amount | Asserted General Unsecured Claim Amount | Modified Secured / Administrative / Priority Claim Amount | Modified General Unsecured Claim Amount | Basis of Objection |
|---|---|---|---|---|---|---|---|
| 5. | MSC Industrial Supply Company 75 Maxess Road Attn: Daisy Walrond Melville, NY 11747 | 10 | | $14,995.45 | | $14,433.42 | The Debtors' books and records reflect that claimant is not entitled to the full amount claimed. |
| 6. | MSC Industrial Supply Company 75 Maxess Road Attn: Daisy Walrond Melville, NY 11747 | 11 | | $12,288.19 | | $11,924.18 | The Debtors' books and records reflect that claimant is not entitled to the full amount claimed. |
| 7. | Pepper Pike Place Associates, LLC 30195 Chagrin Blvd. Pepper Pike, OH 44124 | 252 | | $39,877.53 | | $0.00 | The Debtors' books and records reflect that this claim has been satisfied in full |
| 8. | Tennessee Department of Revenue c/o Attorney General P.O. Box 20207 Nashville, TN 37202-0207 | 190 | $1,250.00 | | $0.00 | | The Debtors' books and records reflect that the Debtors already have paid the taxes for which claimant seeks payment. |
| 9. | Ohio Bureau Of Workers' Compensation Legal Division Bankruptcy Unit P.O. Box 15567 Columbus, OH 43215-0567 | 4501 | $329,251.80 | | $0.00 | | The Debtors' books and records reflect that the Debtors already have paid the amounts for which claimant seeks payment. |
| 10. | State of Michigan Department of Treasury c/o Attorney General Cadillace Place, Ste. 10-200 3030 W. Grand Blvd. Detroit, MI 48202 | 4504 | $136,519.00 | | $0.00 | | The Debtors' books and records reflect that the Debtors already have paid the amounts for which claimant seeks payment. |
| 11. | State of Michigan Department of Treasury c/o Attorney General Cadillace Place, Ste. 10-200 3030 W. Grand Blvd. Detroit, MI 48202 | 4505 | $136,519.00 | | $0.00 | | The Debtors' books and records reflect that the Debtors already have paid the amounts for which claimant seeks payment. |

| No. | Claimant | Claim No. | Asserted Secured / Administrative / Priority Claim Amount | Asserted General Unsecured Claim Amount | Modified Secured / Administrative / Priority Claim Amount | Modified General Unsecured Claim Amount | Basis of Objection |
|---|---|---|---|---|---|---|---|
| 12. | Technical Machine Products 5500 Walworth Avenue Cleveland, OH 44102 | 161 | | $50,776.53 | | $25,776.53 | The Debtors' books and records reflect that claimant is not entitled to the full amount claimed. |
| 13. | United Telephone Company of Ohio/Embarq P.O. Box 7971 Shawnee Mission, KS 66207-0971 | 20 | | $2,304.04 | | $777.38 | The Debtors' books and records reflect that claimant is not entitled to the full amount claimed. |
| 14. | Joseph Caplea/CSC Partnership P.O. Box 357 Greentown, OH 44630-0357 | 36 | | $3,316.31 | | $0.00 | The Debtors' books and records reflect that claimant is not entitled to the amount claimed. |

## EXHIBIT C

## No Liability Claims[1]

| No. | Creditor Name and Address | Claim No. | Filed Claim Amount |
|---|---|---|---|
| 1. | Caroline Hazen<br>450 N Mcdonald Av Apt 196<br>Deland, FL 32724-3607 | 167 | $302.99 |
| 2. | Kenneth C. Baker<br>1410 Hickory Court<br>Stillwater, OK 74075 | 268 | Unliquidated |
| 3. | Edward W. Lincoln<br>6256 South Rd<br>Cherry Creek, NY 14723-9716 | 261 | $198.31 |
| 4. | Pennsylvania Department of Revenue<br>Bankruptcy Division<br>P.O. Box 280946<br>Harrisburg, PA 17128-0946 | 225 | $824.56 |
| 5. | Blaise V. Rizzo<br>21 Park Square #21<br>Hilton, NY 14468 | 151 | Unliquidated |

---

[1] Second Omnibus Objection, p. 5.

## **Exhibit D**

### **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
:
In re                                       :       **Chapter 11 Case No.**
:
**LEXINGTON PRECISION CORP., et al.,**      :       **08-11153 (SCC)**
:
            **Reorganized Debtors.**        :       **(Jointly Administered)**
:
-----------------------------------------------------------x

### ORDER GRANTING REORGANIZED DEBTORS' SECOND OMNIBUS OBJECTION TO CERTAIN (A) LATE-FILED CLAIMS, (B) BOOKS AND RECORDS, AND (C) NO LIABILITY CLAIMS

Upon consideration of the second omnibus objection to proofs of claim, dated September 24, 2010 (the "**Objection**")[1] of Lexington Precision Corporation and its wholly-owned subsidiary, Lexington Rubber Group, Inc. (together, the "**Debtors**" or the "**Reorganized Debtors**"); and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Objection; the Court having found and determined that, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, due and proper notice has been provided to the Notice Parties; and no other or further notice is necessary; and the relief requested in the Objection is in the best interests of the Debtors, their estates, and creditors; and the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and therefore it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

ORDERED that each Late-Filed Claim listed on **Exhibit 1** attached hereto is hereby disallowed and expunged in its entirety; and it is further

ORDERED that each claim listed on **Exhibit 2** attached hereto is reduced and, where applicable, recategorized to the amount and priority indicated in the columns labeled "Modified Administrative/Secured/Priority Claim Amount" and "Modified General Unsecured Claim Amount," as applicable; and it is further

ORDERED that each claim for which neither the "Modified Administrative/Secured/Priority Claim Amount" nor the "Modified General Unsecured Claim Amount," as indicated on **Exhibit 2**, is greater than $0.00 is hereby disallowed and expunged in its entirety; and it is further

ORDERED that each No Liability Claim listed on **Exhibit 3** attached hereto is hereby disallowed and expunged in its entirety; and it is further

ORDERED that Epiq is authorized and directed to delete those claims disallowed and expunged pursuant to this Order from the official claims registry in these chapter 11 cases and to make other changes to the official claims registry as necessary to reflect the terms of this Order; and it is further

ORDERED that this Court hereby retains jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated:   October __, 2010
         New York, New York

                                        _____
                                        HONORABLE SHELLEY C. CHAPMAN
                                        UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

## Late-Filed Claims

| No. | Creditor Name and Address | Claim No. | Applicable Bar Date | Date Filed | Amount to Be Disallowed and Expunged | Amount of Remaining Claim |
|---|---|---|---|---|---|---|
| 1. | GEI of Columbiana, Inc. c/o Frederich S. Coombs III, Esq. P.O. Box 6077 Youngstown, OH 44501-6077 | 4500 | 8/15/2008 | 2/2/2009 | $12,906.16 | $0.00 |
| 2. | General Electric Capital Corp 1010 Thomas Edison Blvd SW Cedar Rapids, IA 52404 | 4502 | 8/15/2008 | 1/11/10 | $23,680.00 | $0.00 |
| 3. | General Electric Capital Corp 1010 Thomas Edison Blvd SW Cedar Rapids, IA 52404 | 4503 | 8/15/2008 | 1/11/10 | $1,746.04 | $0.00 |
| 4. | General Extrusions Inc. c/o Frederick S. Coombs III, Esq. P.O. Box 6077 Youngstown, OH 44501-6077 | 4499 | 8/15/2008 | 2/2/2009 | $8,228.30 | $0.00 |
| 5. | Heritage Crystal Clean, LLC Attn: Gary M. Vanek, Esq. 1250 Larkin Avenue, Suite 100 Elgin, IL 60123 | 4498 | 8/15/2008 | 9/5/2009 | $320.85 | $0.00 |
| 6. | New York State Dept of Tax and Finance Bankruptcy Section P.O. Box 5300 Albany, NY 12205-0300 | 4496 | 9/29/2008 | 2/17/2008 | $217.41 | $0.00 |

## EXHIBIT 2

### Books and Records Claims

| No. | Claimant | Claim No. | Asserted Secured / Administrative / Priority Claim Amount | Asserted General Unsecured Claim Amount | Modified Secured / Administrative / Priority Claim Amount | Modified General Unsecured Claim Amount | Basis of Objection |
|---|---|---|---|---|---|---|---|
| 1. | EZ-Kote, Inc. Attn: Patricia Stephens 224 Brown Industrial Parkway Suite 104 Canton, GA 30114 | 130 | | $5,778.00 | | $0.00 | The Debtors' books and records reflect that claimant is not entitled to the amount claimed. |
| 2. | Georgia Department of Revenue Compliance Division Bankruptcy Section P.O. Box 161108 Atlanta, GA 30321 | 4495 | $2,791.16 | $1,888.51 | $0.00 | $0.00 | The Debtors' books and records reflect that the Debtors already have paid the taxes for which claimant seeks payment. |
| 3. | Georgia Natural Gas P.O. Box 659411 San Antonio, TX 78265-9411 | 209 | | $14,296.98 | | $11,191.60 | The Debtors' books and records reflect that claimant is not entitled to the full amount claimed. |
| 4. | IKON Financial Services Bankruptcy Administration P.O. Box 13708 Macon, GA 31208 | 48[1] | | $59,634.47 | | $86.73 | The Debtors' books and records reflect that claimant is not entitled to the full amount claimed. |
| 5. | MSC Industrial Supply Company 75 Maxess Road Attn: Daisy Walrond Melville, NY 11747 | 10 | | $14,995.45 | | $14,433.42 | The Debtors' books and records reflect that claimant is not entitled to the full amount claimed. |
| 6. | MSC Industrial Supply Company 75 Maxess Road Attn: Daisy Walrond Melville, NY 11747 | 11 | | $12,288.19 | | $11,924.18 | The Debtors' books and records reflect that claimant is not entitled to the full amount claimed. |

[1] Proof of Claim 48 is hereby reduced to a general unsecured claim of $86.73 asserted only against Lexington Precision Corporation and a new claim shall be added to the claims register asserting a general unsecured claim of $9,153.59 against Lexington Rubber Group, Inc. in favor of IKON Financial Services.

| No. | Claimant | Claim No. | Asserted Secured / Administrative / Priority Claim Amount | Asserted General Unsecured Claim Amount | Modified Secured / Administrative / Priority Claim Amount | Modified General Unsecured Claim Amount | Basis of Objection |
|---|---|---|---|---|---|---|---|
| 7. | Pepper Pike Place Associates, LLC 30195 Chagrin Blvd. Pepper Pike, OH 44124 | 252 | | $39,877.53 | | $0.00 | The Debtors' books and records reflect that this claim has been satisfied in full |
| 8. | State of Michigan Department of Treasury c/o Attorney General Cadillace Place, Ste. 10-200 3030 W. Grand Blvd. Detroit, MI 48202 | 4504 | $136,519.00 | | $0.00 | | The Debtors' books and records reflect that the Debtors already have paid the amounts for which claimant seeks payment. |
| 9. | State of Michigan Department of Treasury c/o Attorney General Cadillace Place, Ste. 10-200 3030 W. Grand Blvd. Detroit, MI 48202 | 4505 | $136,519.00 | | $0.00 | | The Debtors' books and records reflect that the Debtors already have paid the amounts for which claimant seeks payment. |
| 10. | Tennessee Department of Revenue c/o Attorney General P.O. Box 20207 Nashville, TN 37202-0207 | 190 | $1,250.00 | | $0.00 | | The Debtors' books and records reflect that the Debtors already have paid the taxes for which claimant seeks payment. |
| 11. | Ohio Bureau Of Workers' Compensation Legal Division Bankruptcy Unit P.O. Box 15567 Columbus, OH 43215-0567 | 4501 | $329,251.80 | | $0.00 | | The Debtors' books and records reflect that the Debtors already have paid the amounts for which claimant seeks payment. |
| 12. | Technical Machine Products 5500 Walworth Avenue Cleveland, OH 44102 | 161 | | $50,776.53 | | $25,776.53 | The Debtors' books and records reflect that claimant is not entitled to the full amount claimed. |
| 13. | United Telephone Company of Ohio/Embarq P.O. Box 7971 Shawnee Mission, KS 66207-0971 | 20 | | $2,304.04 | | $777.38 | The Debtors' books and records reflect that claimant is not entitled to the full amount claimed. |

| No. | Claimant | Claim No. | Asserted Secured / Administrative / Priority Claim Amount | Asserted General Unsecured Claim Amount | Modified Secured / Administrative / Priority Claim Amount | Modified General Unsecured Claim Amount | Basis of Objection |
|---|---|---|---|---|---|---|---|
| 14. | Joseph Caplea/CSC Partnership P.O. Box 357 Greentown, OH 44630-0357 | 36 | | $3,316.31 | | $0.00 | The Debtors' books and records reflect that claimant is not entitled to the amount claimed. |

## EXHIBIT 3

### No Liability Claims

| No. | Creditor Name and Address | Claim No. | Filed Claim Amount |
|---|---|---|---|
| 1. | Caroline Hazen<br>450 N Mcdonald Av Apt 196<br>Deland, FL 32724-3607 | 167 | $302.99 |
| 2. | Kenneth C. Baker<br>1410 Hickory Court<br>Stillwater, OK 74075 | 268 | Unliquidated |
| 3. | Edward W. Lincoln<br>6256 South Rd<br>Cherry Creek, NY 14723-9716 | 261 | $198.31 |
| 4. | Pennsylvania Department of Revenue<br>Bankruptcy Division<br>P.O. Box 280946<br>Harrisburg, PA 17128-0946 | 225 | $824.56 |
| 5. | Blaise V. Rizzo<br>21 Park Square #21<br>Hilton, NY 14468 | 151 | Unliquidated |