UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Re: | Chapter 11 |
| | Case No. 08-11153 (MG) |
| | (Jointly Administered) |
| Lexington Precision Corp. *et al.*, | In proceedings for a reorganization, application for a final allowance of fees for financial advisors to the Official Committee of Unsecured Creditors |
| Debtor: | |

## FEES AND EXPENSES APPLICATION
## COVER SHEET

NAME OF APPLICANT:       STOUT RISIUS ROSS, INC.
NAME OF CLIENT:          THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEXINGTON PRECISION CORP., *ET AL.*

PERIOD COVERED:          DECEMBER 1, 2009 THROUGH JULY 21, 2010

FINAL APPLICATION:

## SECTION I:  FEE SUMMARY

| PERIOD | | TO DATE | CURRENT |
|---|---|---|---|
| 1. | Total fees and expenses requested: | $1,190,137.17 | $ 185,060.10 |
| 2. | Total fees and expenses allowed: | $ 896,044.81 | N/A |
| 3. | Total retainer (if applicable): | N/A | N/A |
| 4. | Total allowed holdback (if applicable): | $ 109,032.26 | N/A |
| 5. | Total received by applicant[1]: | $1,032,070.86 | $ 136,026.05 |
| 6. | Total fees and expenses due (1 less 5): | $ 158,066.31 | $  49,034.05 |

---

[1] Payments received as of September 27, 2010.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Re:

Lexington Precision Corp. *et al.*,

Chapter 11
Case No. 08-11153 (MG)
(Jointly Administered)
In proceedings for a reorganization,
application for a final allowance of fees for
financial advisors to the Official Committee
of Unsecured Creditors

Debtor:

## SUMMARY COVER SHEET
## FEES AND EXPENSES APPLICATION

A. Your Applicant's retention order was signed on or about June 5, 2008 effective as of May 13, 2008.

B. Your Applicant represents the Official Committee of Unsecured Creditors.

C. This compensation is the Final Allowance for the period December 1, 2009 through July 21, 2010.

D. The total amount of the compensation requested is $183,548.39 which consists of $50,000.00 for the "December Monthly Fee," $20,000.00 for the "January Monthly Fee," $20,000.00 for the "February Monthly Fee," $20,000.00 for the "March Monthly Fee," $20,000.00 for the "April Monthly Fee," $20,000.00 for the "May Monthly Fee," $20,000.00 for the "June Monthly Fee," and $13,548.39 for the "July Monthly Fee."

E. The total amount of expenses of which reimbursement is sought is $1,511.71.

F. The total amount of previous compensation paid as of September 27, 2010 was $1,007,612.90.

G. The total amount of previous expenses paid as of September 27, 2010 was $24,457.96.

H. The amount of retainer is not applicable.

STOUT RISIUS ROSS, INC.

Jeffrey M. Risius, CFA, ASA

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

Re:

Lexington Precision Corp. *et al.*,

Chapter 11
Case No. 08-11153 (MG)
(Jointly Administered)
In proceedings for a reorganization,
application for a final allowance of
fees for financial advisors to the Official
Committee of Unsecured Creditors

Debtor:

---

STATE OF NEW YORK        )
                         )  ss:
COUNTY OF NEW YORK       )

Stout Risius Ross, Inc. hereby applies to the court for a final allowance of fees and expenses, and represents as follows:

1.  The bankruptcy case of Lexington Precision Corp. *et al.* was commenced by a voluntary petition filed on April 1, 2008.

2.  Lexington Precision Corp. *et al.* is a corporation organized and existing under the laws of the State of Delaware.  The executive office is currently located at 800 Third Avenue, New York, New York 10022.

3.  By order dated on or about June 5, 2008, the court approved the retention of Stout Risius Ross, Inc. as financial advisors to the Official Committee of Unsecured Creditors.  A copy of said Order is attached as Exhibit C.

4.  The engagement of Stout Risius Ross, Inc. is under the direct supervision of Jeffrey M. Risius, CFA, ASA, a Managing Director of the firm with familiarity in the bankruptcy and insolvency area of valuation and accounting.

5.  Stout Risius Ross, Inc. maintains records of time it expended in the rendition of all professional services.  The firm's time records were made concurrently with the rendition of professional services, and all such records are available for inspection.  Exhibit A-1 hereto sets forth a schedule showing the name, position, hours worked from December 1, 2009 through July 21, 2010 of services rendered for all professionals of Stout Risius Ross, Inc. having devoted time to this case.  Exhibit A-2 hereto is a breakdown of all professionals' daily time details, by project category.

6.    Following is a description of the firm's services provided to the Committee of Unsecured Creditors' ("Committee") along with the aggregate time expended by category:

|  | **Hours** |
|---|---|
| **A.    CASE ADMINISTRATION**<br>Prepare information request lists and correspondence in connection with the case. Organize and document electronic files received from the Debtors and the Debtors' financial advisor. | 20.00 |
| **B.    BUSINESS ANALYSIS**<br>Review of the Debtors' weekly actual cash flow for comparison with projections from December 1, 2009 through July 21, 2010 and analysis of the Debtors' updated cash flow projections. Also, review and analysis of the Debtors' November 2009 through June 2010 operating reports. Preparation of comments and various analyses that were distributed to Counsel and to the Committee. | 27.50 |
| **C.    LITIGATION CONSULTING**<br>Reviewing the financial performance of the Debtors. Providing analysis to potential management candidates. Reviewing and assisting in preparation of the Committee's joint proposed disclosure statement. Preparation and consulting for confirmation hearing. Market interest rate research and analysis. Updating analysis to reflect current financial performance of the Debtors. Preparation of comments and various analyses that were distributed to Counsel and to the Committee. | 253.50 |

**D.  PLAN AND DISCLOSURE STATEMENT**
Review and analysis of Committee's proposed Plan of                              23.50
Reorganization.  Preparation of comments and various analyses
that were distributed to Counsel and the Committee.  Preparation
for disclosure statement hearing.

**E.  TELECONFERENCES/MEETINGS – COMMITTEE OF
UNSECURED CREDITORS/COUNSEL**
Preparation for and attendance at meetings and teleconferences                  14.00
with the Committee and the Committee's professionals to discuss
the Debtors' financial condition, status of DIP operations,
estimated claims base, disclosure statements, and other matters.
Includes various teleconferences and meetings with Committee
Counsel to discuss on-going case matters, preparation for
Committee calls and case strategy.

**F.  TELECONFERENCES/MEETINGS – DEBTOR/COUNSEL**
Preparation for and attendance in teleconferences with the                       1.00
Debtors' management and the Debtors' financial advisors.  Issues
discussed include historical financial results, DIP operations,
actual vs. projected results, financial forecasts, status of
information requests and ongoing requests for information,
amongst other matters.

**G.  FEE APPLICATION**
Preparation of monthly fee statements and time detail for the                   51.75
period December 1, 2009 through July 21, 2010, in advance of
completing an interim and final fee application in accordance
with the U.S. Trustee's guidelines, as well as preparation of the
fifth interim and final fee application.

                                                                            _____
                                                                             **391.25**
                                                                            ========

7.   The total hours worked by the professional staff of Stout Risius Ross, Inc. for the period December 1, 2009 through July 21, 2010 in performing the work described above in paragraph 6 is as follows:

|  | Hours |
|---|---|
| Managing Director | 75.50 |
| Director and Manager | 106.50 |
| Senior Analyst and Analysts | 209.25 |
|  | **391.25** |

8.   Applicant makes this final application for allowance of fees in the total amount of $183,548.39, for 391.25 hours of work, which it deems to be fair and reasonable, and submits that all professional services for which fees are sought were necessary in performing its fiduciary obligations in connection with these matters. The final application for allowance of fees consists of $50,000.00 for the "December Monthly Fee," $20,000.00 for the "January Monthly Fee," $20,000.00 for the "February Monthly Fee," $20,000.00 for the "March Monthly Fee," $20,000.00 for the "April Monthly Fee," $20,000.00 for the "May Monthly Fee," $20,000.00 for the "June Monthly Fee," and $13,548.39 for the "July Monthly Fee."

9.   Reimbursement of expenses:  The Applicant has disbursed sums for actual and necessary expenses in the rendition of professional services in this case, and requests that it be reimbursed for out-of-pocket expenses aggregating $1,511.71, listed in Exhibit B.

10.   Wherefore, Applicant respectfully requests this court to grant total compensation in the amount of $183,548.39, and for reimbursement of out-of-pocket expenses in the amount of $1,511.71.

_____
Jeffrey M. Risius, CFA, ASA

Sworn to and subscribed to before
me this 28th day of September 2010

_____
Notary Public

JACLYN PARRISH
Notary Public - Michigan
Wayne County
My Commission Expires Mar 6, 2013
Acting in the County of Oakland

<u>**EXHIBIT A-1**</u>

## LEXINGTON PRECISION CORP. *ET AL.*

TIME SUMMARY
December 1, 2009 through July 21, 2010

| Name/Title | Time |
|---|---|
| Jeffrey M. Risius, Managing Director | 75.50 |
| Jesse A. Ultz, Manager | 106.50 |
| Brian A. Hock, Senior Analyst | 209.25 |
| | **391.25** |

**EXHIBIT A-2**

**LEXINGTON PRECISION CORP.** *ET AL.*

DAILY TIME BY PROFESSIONAL
BY CATEGORY

See attached details of all professionals' time from December 1, 2009 through July 21, 2010.

Detail of Services Provided by Stout Risius Ross, Inc.
Lexington Precision Corp., et al.
December 1, 2009 Through July 21, 2010

Exhibit - A

| Project Category | Date | Initials | Name | Hours | Description |
|---|---|---|---|---|---|
| Business Analysis | 12/15/2009 | BAH | Brian A. Hock | 1.25 | Cash flow analysis |
| Business Analysis | 12/16/2009 | BAH | Brian A. Hock | 2.00 | Cash flow analysis |
| Business Analysis | 12/22/2009 | BAH | Brian A. Hock | 2.00 | Cash flow analysis |
| Business Analysis | 12/23/2009 | BAH | Brian A. Hock | 0.75 | Cash flow analysis |
| Business Analysis | 12/30/2009 | BAH | Brian A. Hock | 3.00 | Cash flow analysis |
| Business Analysis | 2/2/2010 | BAH | Brian A. Hock | 1.00 | Cash flow analysis |
| Business Analysis | 2/9/2010 | BAH | Brian A. Hock | 2.00 | Cash flow analysis |
| Business Analysis | 2/16/2010 | BAH | Brian A. Hock | 1.25 | Cash flow analysis |
| Business Analysis | 2/23/2010 | BAH | Brian A. Hock | 1.00 | Cash flow analysis |
| Business Analysis | 3/2/2010 | BAH | Brian A. Hock | 2.00 | Cash flow analysis |
| Business Analysis | 3/11/2010 | BAH | Brian A. Hock | 1.50 | Cash flow analysis |
| Business Analysis | 3/16/2010 | BAH | Brian A. Hock | 1.00 | Cash flow analysis |
| Business Analysis | 3/23/2010 | BAH | Brian A. Hock | 1.25 | Cash flow analysis |
| Business Analysis | 3/30/2010 | BAH | Brian A. Hock | 1.00 | Cash flow analysis |
| Business Analysis | 4/13/2010 | BAH | Brian A. Hock | 1.75 | Cash flow analysis |
| Business Analysis | 4/20/2010 | BAH | Brian A. Hock | 1.50 | Cash flow analysis |
| Business Analysis | 4/27/2010 | BAH | Brian A. Hock | 1.50 | Cash flow analysis |
| Business Analysis | 5/11/2010 | BAH | Brian A. Hock | 1.00 | Cash flow analysis |
| Business Analysis | 5/19/2010 | BAH | Brian A. Hock | 1.25 | Cash flow analysis |
| | | | | 27.50 | |
| | | | | | |
| Case Administration | 12/7/2009 | BAH | Brian A. Hock | 2.00 | Work paper organization for document retention purposes |
| Case Administration | 12/17/2009 | BAH | Brian A. Hock | 2.50 | Work paper organization for document retention purposes |
| Case Administration | 12/28/2009 | BAH | Brian A. Hock | 1.50 | Work paper organization for document retention purposes |
| Case Administration | 1/4/2010 | BAH | Brian A. Hock | 3.25 | Work paper organization for document retention purposes |
| Case Administration | 1/15/2010 | BAH | Brian A. Hock | 1.75 | Work paper organization for document retention purposes |
| Case Administration | 1/20/2010 | BAH | Brian A. Hock | 1.00 | Work paper organization for document retention purposes |
| Case Administration | 2/2/2010 | BAH | Brian A. Hock | 1.50 | Work paper organization for document retention purposes |
| Case Administration | 2/5/2010 | BAH | Brian A. Hock | 1.25 | Work paper organization for document retention purposes |
| Case Administration | 3/6/2010 | BAH | Brian A. Hock | 1.00 | Work paper organization for document retention purposes |
| Case Administration | 3/20/2010 | BAH | Brian A. Hock | 2.00 | Work paper organization for document retention purposes |
| Case Administration | 4/19/2010 | BAH | Brian A. Hock | 1.00 | Work paper organization for document retention purposes |
| Case Administration | 5/23/2010 | BAH | Brian A. Hock | 1.25 | Work paper organization for document retention purposes |
| | | | | 20.00 | |
| | | | | | |
| Fee Application | 12/16/2009 | BAH | Brian A. Hock | 3.00 | Preparation of fee application |
| Fee Application | 12/17/2009 | BAH | Brian A. Hock | 2.50 | Preparation of fee application |
| Fee Application | 12/18/2009 | JAU | Jesse A. Ultz | 0.50 | Preparation of fee Application |
| Fee Application | 1/6/2010 | BAH | Brian A. Hock | 1.00 | Preparation of interim fee application |
| Fee Application | 1/7/2010 | BAH | Brian A. Hock | 1.75 | Preparation of interim fee application |
| Fee Application | 1/8/2010 | BAH | Brian A. Hock | 2.50 | Preparation of interim fee application |
| Fee Application | 1/11/2010 | BAH | Brian A. Hock | 2.00 | Preparation of interim fee application |
| Fee Application | 1/12/2010 | BAH | Brian A. Hock | 1.25 | Preparation of interim fee application |
| Fee Application | 1/13/2010 | BAH | Brian A. Hock | 1.25 | Preparation of interim fee application |
| Fee Application | 1/14/2010 | BAH | Brian A. Hock | 3.75 | Preparation of interim fee application |
| Fee Application | 1/14/2010 | BAH | Brian A. Hock | 3.50 | Preparation of interim fee application |
| Fee Application | 1/14/2010 | JAU | Jesse A. Ultz | 1.50 | Preparation of interim fee application |
| Fee Application | 1/25/2010 | BAH | Brian A. Hock | 7.00 | Preparation of interim fee application |
| Fee Application | 1/25/2010 | JAU | Jesse A. Ultz | 0.50 | Preparation of fee application |
| Fee Application | 1/25/2010 | JMR | Jeffrey M. Risius | 1.25 | Preparation of fee application |
| Fee Application | 5/24/2010 | JAU | Jesse A. Ultz | 0.75 | Preparation of fee application |
| Fee Application | 6/2/2010 | BAH | Brian A. Hock | 1.50 | Preparation of monthly fee applications |
| Fee Application | 6/7/2010 | BAH | Brian A. Hock | 1.50 | Preparation of monthly fee applications |
| Fee Application | 6/15/2010 | BAH | Brian A. Hock | 2.00 | Preparation of monthly fee applications |
| Fee Application | 6/16/2010 | BAH | Brian A. Hock | 2.50 | Preparation of monthly fee applications |
| Fee Application | 6/17/2010 | BAH | Brian A. Hock | 1.00 | Preparation of monthly fee applications |
| Fee Application | 6/17/2010 | JAU | Jesse A. Ultz | 1.00 | Preparation of monthly fee applications |
| Fee Application | 6/18/2010 | BAH | Brian A. Hock | 5.25 | Preparation of monthly fee applications |
| Fee Application | 6/18/2010 | JAU | Jesse A. Ultz | 1.00 | Preparation of monthly fee applications |
| Fee Application | 6/18/2010 | JMR | Jeffrey M. Risius | 2.00 | Reviewing monthly fee applications |
| | | | | 51.75 | |
| | | | | | |
| Litigation Consulting | 12/1/2009 | BAH | Brian A. Hock | 1.50 | Reviewing financial projections |
| Litigation Consulting | 12/1/2009 | JAU | Jesse A. Ultz | 1.00 | Financial analysis |
| Litigation Consulting | 12/1/2009 | JMR | Jeffrey M. Risius | 1.50 | Document review and analysis |
| Litigation Consulting | 12/2/2009 | BAH | Brian A. Hock | 1.50 | Financial analysis |
| Litigation Consulting | 12/2/2009 | JAU | Jesse A. Ultz | 1.75 | Financial analysis |
| Litigation Consulting | 12/2/2009 | JMR | Jeffrey M. Risius | 1.50 | Review of financial analysis |
| Litigation Consulting | 12/3/2009 | JAU | Jesse A. Ultz | 1.50 | Financial analysis |
| Litigation Consulting | 12/4/2009 | JAU | Jesse A. Ultz | 1.25 | Financial analysis |
| Litigation Consulting | 12/7/2009 | BAH | Brian A. Hock | 2.00 | Industry research |
| Litigation Consulting | 12/7/2009 | BAH | Brian A. Hock | 1.25 | Financial analysis |
| Litigation Consulting | 12/7/2009 | JAU | Jesse A. Ultz | 0.75 | Analysis of historical results to budgets |
| Litigation Consulting | 12/7/2009 | JMR | Jeffrey M. Risius | 1.25 | Reviewing financial analysis |
| Litigation Consulting | 12/7/2009 | JMR | Jeffrey M. Risius | 1.75 | Document review and analysis |
| Litigation Consulting | 12/8/2009 | JAU | Jesse A. Ultz | 1.00 | Industry research |
| Litigation Consulting | 12/8/2009 | JAU | Jesse A. Ultz | 0.75 | Financial analysis |
| Litigation Consulting | 12/9/2009 | BAH | Brian A. Hock | 3.75 | Financial analysis |
| Litigation Consulting | 12/9/2009 | JAU | Jesse A. Ultz | 1.25 | Calls with management candidates |
| Litigation Consulting | 12/9/2009 | JAU | Jesse A. Ultz | 1.75 | Financial analysis |
| Litigation Consulting | 12/9/2009 | JMR | Jeffrey M. Risius | 2.25 | Document review and analysis |
| Litigation Consulting | 12/10/2009 | JAU | Jesse A. Ultz | 1.00 | Financial analysis |
| Litigation Consulting | 12/11/2009 | JAU | Jesse A. Ultz | 1.00 | Analysis of historical financials and discussions with potential management |
| Litigation Consulting | 12/14/2009 | JAU | Jesse A. Ultz | 0.50 | Financial analysis |
| Litigation Consulting | 12/14/2009 | JMR | Jeffrey M. Risius | 3.00 | Document review and analysis |
| Litigation Consulting | 12/15/2009 | BAH | Brian A. Hock | 5.00 | Financial analysis |
| Litigation Consulting | 12/16/2009 | JAU | Jesse A. Ultz | 0.75 | Reviewing and compiling information for new consultant to review |
| Litigation Consulting | 12/17/2009 | JAU | Jesse A. Ultz | 0.50 | Discussions with new consultant |
| Litigation Consulting | 12/17/2009 | JAU | Jesse A. Ultz | 0.75 | Reviewing filed disclosure statement |
| Litigation Consulting | 12/17/2009 | JMR | Jeffrey M. Risius | 2.50 | Review of report |
| Litigation Consulting | 12/18/2009 | JAU | Jesse A. Ultz | 1.75 | Industry research |

**Detail of Services Provided by Stout Risius Ross, Inc.**
**Lexington Precision Corp., et al.**
**December 1, 2009 Through July 21, 2010**

Exhibit - A

| Project Category | Date | Initials | Name | Hours | Description |
|---|---|---|---|---|---|
| Litigation Consulting | 12/18/2009 | JAU | Jesse A. Ultz | 1.00 | Financial analysis |
| Litigation Consulting | 12/18/2009 | JMR | Jeffrey M. Risius | 2.50 | Reviewing analysis |
| Litigation Consulting | 12/23/2009 | JAU | Jesse A. Ultz | 0.50 | Reviewing docket |
| Litigation Consulting | 12/28/2009 | JAU | Jesse A. Ultz | 1.75 | Reviewing valuation reports and disclosure statements |
| Litigation Consulting | 1/4/2010 | BAH | Brian A. Hock | 1.00 | Financial analysis |
| Litigation Consulting | 1/4/2010 | JAU | Jesse A. Ultz | 1.75 | Financial analysis and preparation for disclosure statement hearing |
| Litigation Consulting | 1/4/2010 | JAU | Jesse A. Ultz | 0.50 | Reviewing docket |
| Litigation Consulting | 1/5/2010 | JAU | Jesse A. Ultz | 2.00 | Financial analysis |
| Litigation Consulting | 1/6/2010 | BAH | Brian A. Hock | 1.50 | Industry research |
| Litigation Consulting | 1/6/2010 | JAU | Jesse A. Ultz | 1.50 | Reviewing analyses |
| Litigation Consulting | 1/7/2010 | BAH | Brian A. Hock | 0.50 | Financial analysis |
| Litigation Consulting | 1/7/2010 | JAU | Jesse A. Ultz | 1.00 | Industry research |
| Litigation Consulting | 1/8/2010 | JAU | Jesse A. Ultz | 1.25 | Industry research |
| Litigation Consulting | 1/12/2010 | BAH | Brian A. Hock | 2.75 | Financial analysis |
| Litigation Consulting | 1/12/2010 | JAU | Jesse A. Ultz | 1.50 | Financial analysis |
| Litigation Consulting | 1/12/2010 | JMR | Jeffrey M. Risius | 1.75 | Reviewing financial analysis |
| Litigation Consulting | 1/12/2010 | JMR | Jeffrey M. Risius | 1.00 | Reviewing financial information |
| Litigation Consulting | 1/13/2010 | JAU | Jesse A. Ultz | 2.25 | Financial analysis |
| Litigation Consulting | 1/14/2010 | JMR | Jeffrey M. Risius | 0.75 | Reviewing financial information |
| Litigation Consulting | 1/15/2010 | BAH | Brian A. Hock | 3.25 | Financial analysis |
| Litigation Consulting | 1/15/2010 | JAU | Jesse A. Ultz | 1.75 | Review of financial analysis |
| Litigation Consulting | 1/18/2010 | JAU | Jesse A. Ultz | 1.50 | Financial analysis |
| Litigation Consulting | 1/18/2010 | JMR | Jeffrey M. Risius | 1.25 | Reviewing financial information |
| Litigation Consulting | 1/19/2010 | JAU | Jesse A. Ultz | 0.50 | Reviewing docket |
| Litigation Consulting | 1/21/2010 | JAU | Jesse A. Ultz | 1.00 | Financial analysis |
| Litigation Consulting | 1/25/2010 | JAU | Jesse A. Ultz | 1.50 | Financial analysis |
| Litigation Consulting | 1/25/2010 | JMR | Jeffrey M. Risius | 1.50 | Reviewing financial information |
| Litigation Consulting | 1/26/2010 | BAH | Brian A. Hock | 1.00 | Industry research |
| Litigation Consulting | 1/27/2010 | JAU | Jesse A. Ultz | 1.50 | Financial analysis |
| Litigation Consulting | 1/28/2010 | JMR | Jeffrey M. Risius | 1.75 | Reviewing financial information |
| Litigation Consulting | 2/2/2010 | JAU | Jesse A. Ultz | 0.50 | Reviewing financial information |
| Litigation Consulting | 2/9/2010 | JAU | Jesse A. Ultz | 0.50 | Reviewing docket |
| Litigation Consulting | 2/9/2010 | JAU | Jesse A. Ultz | 0.50 | Reviewing financial information |
| Litigation Consulting | 2/9/2010 | JMR | Jeffrey M. Risius | 0.75 | Reviewing docket |
| Litigation Consulting | 2/16/2010 | JAU | Jesse A. Ultz | 1.00 | Reviewing updated financial information |
| Litigation Consulting | 2/17/2010 | JMR | Jeffrey M. Risius | 1.25 | Reviewing financial information |
| Litigation Consulting | 2/22/2010 | JAU | Jesse A. Ultz | 1.00 | Reviewing dockets and filings |
| Litigation Consulting | 2/23/2010 | JAU | Jesse A. Ultz | 0.50 | Reviewing financial information |
| Litigation Consulting | 2/24/2010 | JMR | Jeffrey M. Risius | 1.50 | Reviewing financial information |
| Litigation Consulting | 3/2/2010 | JAU | Jesse A. Ultz | 0.50 | Reviewing financial information |
| Litigation Consulting | 3/3/2010 | JMR | Jeffrey M. Risius | 1.00 | Reviewing financial information |
| Litigation Consulting | 3/10/2010 | JAU | Jesse A. Ultz | 1.00 | Reviewing updated financial information |
| Litigation Consulting | 3/11/2010 | JAU | Jesse A. Ultz | 2.00 | Reviewing dockets and filings |
| Litigation Consulting | 3/11/2010 | JAU | Jesse A. Ultz | 0.50 | Reviewing financial information |
| Litigation Consulting | 3/11/2010 | JMR | Jeffrey M. Risius | 1.00 | Reviewing financial information |
| Litigation Consulting | 3/16/2010 | JAU | Jesse A. Ultz | 0.50 | Reviewing financial information |
| Litigation Consulting | 3/17/2010 | JMR | Jeffrey M. Risius | 0.75 | Reviewing financial information |
| Litigation Consulting | 3/23/2010 | JAU | Jesse A. Ultz | 0.50 | Reviewing financial information |
| Litigation Consulting | 3/24/2010 | JMR | Jeffrey M. Risius | 0.75 | Reviewing financial information |
| Litigation Consulting | 3/30/2010 | JAU | Jesse A. Ultz | 0.50 | Reviewing financial information |
| Litigation Consulting | 3/30/2010 | JMR | Jeffrey M. Risius | 1.25 | Reviewing financial information |
| Litigation Consulting | 4/5/2010 | JAU | Jesse A. Ultz | 1.00 | Reviewing updated financial information |
| Litigation Consulting | 4/13/2010 | JAU | Jesse A. Ultz | 0.50 | Reviewing financial information |
| Litigation Consulting | 4/13/2010 | JMR | Jeffrey M. Risius | 1.00 | Reviewing financial information |
| Litigation Consulting | 4/20/2010 | JAU | Jesse A. Ultz | 0.50 | Reviewing financial information |
| Litigation Consulting | 4/20/2010 | JMR | Jeffrey M. Risius | 1.25 | Reviewing financial information |
| Litigation Consulting | 4/27/2010 | JAU | Jesse A. Ultz | 0.50 | Reviewing financial information |
| Litigation Consulting | 4/27/2010 | JMR | Jeffrey M. Risius | 1.75 | Review of analysis |
| Litigation Consulting | 5/6/2010 | JAU | Jesse A. Ultz | 1.00 | Reviewing updated financial information |
| Litigation Consulting | 5/11/2010 | JAU | Jesse A. Ultz | 0.50 | Reviewing financial information |
| Litigation Consulting | 5/12/2010 | BAH | Brian A. Hock | 4.50 | Financial analysis |
| Litigation Consulting | 5/12/2010 | JAU | Jesse A. Ultz | 2.00 | Financial analysis |
| Litigation Consulting | 5/12/2010 | JMR | Jeffrey M. Risius | 1.50 | Review of analysis |
| Litigation Consulting | 5/13/2010 | BAH | Brian A. Hock | 7.25 | Financial analysis |
| Litigation Consulting | 5/13/2010 | JAU | Jesse A. Ultz | 1.50 | Financial analysis |
| Litigation Consulting | 5/13/2010 | JAU | Jesse A. Ultz | 2.00 | Financial analysis |
| Litigation Consulting | 5/13/2010 | JMR | Jeffrey M. Risius | 2.00 | Review of analysis |
| Litigation Consulting | 5/14/2010 | BAH | Brian A. Hock | 8.50 | Financial analysis |
| Litigation Consulting | 5/14/2010 | JMR | Jeffrey M. Risius | 2.00 | Review of financial analysis |
| Litigation Consulting | 5/15/2010 | JAU | Jesse A. Ultz | 2.00 | Financial analysis |
| Litigation Consulting | 5/17/2010 | BAH | Brian A. Hock | 6.25 | Financial analysis |
| Litigation Consulting | 5/17/2010 | JAU | Jesse A. Ultz | 1.00 | Financial analysis |
| Litigation Consulting | 5/17/2010 | JMR | Jeffrey M. Risius | 2.00 | Review of financial analysis |
| Litigation Consulting | 5/18/2010 | BAH | Brian A. Hock | 6.75 | Financial analysis |
| Litigation Consulting | 5/18/2010 | JAU | Jesse A. Ultz | 1.50 | Financial analysis |
| Litigation Consulting | 5/18/2010 | JAU | Jesse A. Ultz | 0.50 | Reviewing financial information |
| Litigation Consulting | 5/19/2010 | JAU | Jesse A. Ultz | 1.00 | Reviewing dockets and filings |
| Litigation Consulting | 5/21/2010 | JAU | Jesse A. Ultz | 1.00 | Review of filings |
| Litigation Consulting | 5/22/2010 | JMR | Jeffrey M. Risius | 0.75 | Review of financial analysis |
| Litigation Consulting | 5/26/2010 | JAU | Jesse A. Ultz | 1.00 | Reviewing dockets and filings |
| Litigation Consulting | 5/27/2010 | JAU | Jesse A. Ultz | 1.00 | Reviewing dockets and filings |
| Litigation Consulting | 6/7/2010 | JAU | Jesse A. Ultz | 1.00 | Reviewing dockets and filings |
| Litigation Consulting | 6/25/2010 | JAU | Jesse A. Ultz | 1.00 | Valuation analysis |
| Litigation Consulting | 6/25/2010 | JMR | Jeffrey M. Risius | 1.00 | Reviewing valuation analysis |
| Litigation Consulting | 6/28/2010 | BAH | Brian A. Hock | 1.50 | Reviewing liquidation analysis and financial statements |
| Litigation Consulting | 6/28/2010 | JAU | Jesse A. Ultz | 0.50 | Reviewing docket and filings |
| Litigation Consulting | 6/28/2010 | JAU | Jesse A. Ultz | 1.00 | Valuation analysis |
| Litigation Consulting | 6/28/2010 | JMR | Jeffrey M. Risius | 1.00 | Reviewing valuation analysis |
| Litigation Consulting | 7/8/2010 | JAU | Jesse A. Ultz | 0.50 | Reviewing docket |
| Litigation Consulting | 7/9/2010 | JMR | Jeffrey M. Risius | 2.00 | Trial preparation |
| Litigation Consulting | 7/12/2010 | BAH | Brian A. Hock | 4.50 | Financial analysis |

Detail of Services Provided by Stout Risius Ross, Inc.          Exhibit - A
Lexington Precision Corp., et al.
December 1, 2009 Through July 21, 2010

| Project Category | Date | Initials | Name | Hours | Description |
|---|---|---|---|---|---|
| Litigation Consulting | 7/13/2010 | BAH | Brian A. Hock | 2.25 | Financial analysis |
| Litigation Consulting | 7/13/2010 | JAU | Jesse A. Ultz | 1.00 | Financial analysis |
| Litigation Consulting | 7/14/2010 | BAH | Brian A. Hock | 4.75 | Financial analysis |
| Litigation Consulting | 7/14/2010 | JAU | Jesse A. Ultz | 1.25 | Interest rate research and analysis |
| Litigation Consulting | 7/14/2010 | JMR | Jeffrey M. Risius | 2.25 | Trial preparation; financial analysis |
| Litigation Consulting | 7/15/2010 | BAH | Brian A. Hock | 5.75 | Financial analysis |
| Litigation Consulting | 7/15/2010 | JAU | Jesse A. Ultz | 2.25 | Interest rate research and analysis |
| Litigation Consulting | 7/15/2010 | JMR | Jeffrey M. Risius | 1.50 | Trial preparation |
| Litigation Consulting | 7/16/2010 | BAH | Brian A. Hock | 7.50 | Financial analysis |
| Litigation Consulting | 7/16/2010 | BAH | Brian A. Hock | 1.00 | Financial analysis |
| Litigation Consulting | 7/16/2010 | BAH | Brian A. Hock | 3.25 | Financial analysis |
| Litigation Consulting | 7/16/2010 | JMR | Jeffrey M. Risius | 3.50 | Review Filings and preparation of rebuttal |
| Litigation Consulting | 7/16/2010 | JMR | Jeffrey M. Risius | 4.00 | Trial preparation |
| Litigation Consulting | 7/17/2010 | BAH | Brian A. Hock | 2.00 | Financial analysis |
| Litigation Consulting | 7/18/2010 | BAH | Brian A. Hock | 4.25 | Financial analysis |
| Litigation Consulting | 7/19/2010 | BAH | Brian A. Hock | 9.25 | Financial analysis |
| Litigation Consulting | 7/19/2010 | JMR | Jeffrey M. Risius | 1.50 | Reviewing financial analysis |
| Litigation Consulting | 7/19/2010 | JMR | Jeffrey M. Risius | 1.50 | Trial preparation and analysis |
| Litigation Consulting | 7/20/2010 | BAH | Brian A. Hock | 7.50 | Financial analysis |
| Litigation Consulting | 7/20/2010 | JMR | Jeffrey M. Risius | 3.00 | Trial preparation |
| | | | | 253.50 | |
| | | | | | |
| Plan and Disclosure Statement | 12/15/2009 | JAU | Jesse A. Ultz | 2.75 | Review and analysis of new proposed plan and disclosure statement for UCC and CapSource |
| Plan and Disclosure Statement | 12/22/2009 | JAU | Jesse A. Ultz | 1.00 | Preparation for disclosure statement hearing |
| Plan and Disclosure Statement | 12/23/2009 | JAU | Jesse A. Ultz | 3.00 | Preparation for disclosure statement hearing |
| Plan and Disclosure Statement | 12/28/2009 | JAU | Jesse A. Ultz | 2.00 | Preparation for disclosure statement hearing |
| Plan and Disclosure Statement | 12/29/2009 | JAU | Jesse A. Ultz | 2.50 | Preparation for disclosure statement hearing |
| Plan and Disclosure Statement | 1/11/2010 | JAU | Jesse A. Ultz | 1.75 | Reviewing reports and filings in preparation for disclosure statement hearing |
| Plan and Disclosure Statement | 1/14/2010 | JAU | Jesse A. Ultz | 1.50 | Preparation for disclosure statement hearing |
| Plan and Disclosure Statement | 4/19/2010 | JAU | Jesse A. Ultz | 1.00 | Reviewing new disclosure statement and plan |
| Plan and Disclosure Statement | 4/20/2010 | BAH | Brian A. Hock | 3.00 | Reviewing new disclosure statement  and plan |
| Plan and Disclosure Statement | 4/20/2010 | JAU | Jesse A. Ultz | 2.00 | Reviewing new disclosure statement  and plan |
| Plan and Disclosure Statement | 4/21/2010 | JAU | Jesse A. Ultz | 1.00 | Reviewing new disclosure statement  and plan |
| Plan and Disclosure Statement | 4/27/2010 | JAU | Jesse A. Ultz | 1.00 | Reviewing new disclosure statement  and plan |
| Plan and Disclosure Statement | 5/21/2010 | JAU | Jesse A. Ultz | 1.00 | Reviewing plan and objections |
| | | | | 23.50 | |
| | | | | | |
| Teleconferences/Meetings with Committee/Counsel | 12/7/2009 | JAU | Jesse A. Ultz | 0.25 | Phone call with UCC |
| Teleconferences/Meetings with Committee/Counsel | 12/9/2009 | JMR | Jeffrey M. Risius | 0.75 | Phone call with UCC counsel |
| Teleconferences/Meetings with Committee/Counsel | 12/11/2009 | BAH | Brian A. Hock | 0.75 | Phone call with UCC counsel |
| Teleconferences/Meetings with Committee/Counsel | 12/11/2009 | BAH | Brian A. Hock | 0.75 | Phone call with UCC counsel |
| Teleconferences/Meetings with Committee/Counsel | 1/12/2010 | JAU | Jesse A. Ultz | 1.00 | Conference call with management candidate |
| Teleconferences/Meetings with Committee/Counsel | 1/14/2010 | JAU | Jesse A. Ultz | 0.50 | Conference call with UCC counsel |
| Teleconferences/Meetings with Committee/Counsel | 1/14/2010 | JAU | Jesse A. Ultz | 0.50 | Correspondence with UCC |
| Teleconferences/Meetings with Committee/Counsel | 2/1/2010 | JAU | Jesse A. Ultz | 0.50 | Correspondence with UCC counsel |
| Teleconferences/Meetings with Committee/Counsel | 2/2/2010 | JAU | Jesse A. Ultz | 0.50 | Conference call with UCC |
| Teleconferences/Meetings with Committee/Counsel | 2/3/2010 | BAH | Brian A. Hock | 1.00 | Conference call with sub debt purchaser |
| Teleconferences/Meetings with Committee/Counsel | 2/3/2010 | JAU | Jesse A. Ultz | 1.00 | Conference call with sub debt purchaser |
| Teleconferences/Meetings with Committee/Counsel | 2/3/2010 | JMR | Jeffrey M. Risius | 1.00 | Conference call with sub debt purchaser |
| Teleconferences/Meetings with Committee/Counsel | 4/27/2010 | JAU | Jesse A. Ultz | 0.50 | Correspondence with UCC and counsel |
| Teleconferences/Meetings with Committee/Counsel | 5/12/2010 | JAU | Jesse A. Ultz | 1.00 | Conference call with UCC counsel |
| Teleconferences/Meetings with Committee/Counsel | 5/12/2010 | JMR | Jeffrey M. Risius | 0.25 | Conference calls with UCC |
| Teleconferences/Meetings with Committee/Counsel | 5/12/2010 | JMR | Jeffrey M. Risius | 0.25 | Conference calls with UCC counsel |
| Teleconferences/Meetings with Committee/Counsel | 6/25/2010 | JAU | Jesse A. Ultz | 0.50 | Call with UCC counsel |
| Teleconferences/Meetings with Committee/Counsel | 7/13/2010 | BAH | Brian A. Hock | 1.00 | telephone call with counsel |
| Teleconferences/Meetings with Committee/Counsel | 7/19/2010 | JMR | Jeffrey M. Risius | 1.50 | Meeting with counsel |
| Teleconferences/Meetings with Committee/Counsel | 7/20/2010 | JMR | Jeffrey M. Risius | 0.50 | Correspondence with counsel |
| | | | | 14.00 | |
| | | | | | |
| Teleconferences/Meetings with Debtors/Counsel | 12/2/2009 | JAU | Jesse A. Ultz | 0.50 | Correspondence with Debtors |
| Teleconferences/Meetings with Debtors/Counsel | 6/29/2010 | BAH | Brian A. Hock | 0.25 | Correspondence with Debtors |
| Teleconferences/Meetings with Debtors/Counsel | 6/29/2010 | JAU | Jesse A. Ultz | 0.25 | Correspondence with Debtors |
| | | | | 1.00 | |

**EXHIBIT B-1**

**LEXINGTON PRECISION CORP.** *ET AL.*

EXPENSE SUMMARY
December 1, 2009 through July 21, 2010

| Expense Category | Amount |
| --- | --- |
| Travel | $ 1,104.07 |
| Lodging | 356.90 |
| Federal Express | 26.05 |
| Working Meals | 24.69 |
| **TOTAL** | **$ 1,511.71** |

**EXHIBIT B-2**

**LEXINGTON PRECISION CORP. *ET AL.***

DAILY EXPENSES AND AMOUNTS

See attached details of all expenses incurred from December 1, 2009 through July 21, 2010.

**Expense Detail for Stout Risius Ross, Inc.**
**Final Fee Application**

Exhibit B-2

| Date | Amount | Description |
|------|--------|-------------|
| 12/29/2009 | $ 12.74 | Chargeable - Delivery - - VENDOR: Federal Express Corporation |
| **Total December Federal Express Expense** | **$ 12.74** | |
| **Total December Expenses** | **$ 12.74** | |
| 1/11/2010 | $ 5.08 | Chargeable - Delivery - - VENDOR: Federal Express Corporation |
| **Total January Federal Express Expense** | **$ 5.08** | |
| **Total January Expenses** | **$ 5.08** | |
| 2/15/2010 | $ 8.23 | Chargeable - Delivery - - VENDOR: Federal Express Corporation |
| **Total February Federal Express Expense** | **$ 8.23** | |
| **Total February Expenses** | **$ 8.23** | |
| 7/19/2010 | $ 24.69 | Dinner for Jeff Risius while in New York for meetings |
| **Total July Working Meals Expense** | **$ 24.69** | |
| 7/6/2010 | $ 356.90 | Hotel for Jeff Risius in New York for meetings |
| **Total July Lodging Expense** | **$ 356.90** | |
| 7/6/2010 | $ 961.40 | Airfare for Jeff Risius to New York for meetings |
| 7/19/2010 | 39.30 | Cab fare for Jeff Risius from LaGuardia Airport to Midtown for meetings |
| 7/20/2010 | 39.37 | Cab fare for Jeff Risius from Midtown to LaGuardia Airport |
| 7/20/2010 | 40.00 | Parking for Jeff Risius at Metro Airport for meetings in New York |
| 7/20/2010 | 24.00 | Mileage for Jeff Risius to and from Metro Airport for meetings in New York |
| **Total July Travel Expense** | **$ 1,104.07** | |
| **Total July Expenses** | **$ 1,485.66** | |

**EXHIBIT C**

LEXINGTON PRECISION CORP. *ET AL.*

RETENTION ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                          :        Chapter 11
                                                :
LEXINGTON PRECISION CORP, et al.,               :        Case No. 08-11153 (MG)
                                                :
                                                :        (Jointly Administered)
                              Debtors.          :
-------------------------------------------------------------x

### ORDER AUTHORIZING EMPLOYMENT OF
### STOUT RISIUS ROSS, INC. AS FINANCIAL ADVISORS TO THE OFFICIAL
### COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF MAY 13, 2008

Upon consideration of the application (the "Application") of the Official Committee of

Unsecured Creditors (the "Committee") of Lexington Precision Corporation ("LEXP") and

Lexington Rubber Group, Inc. (collectively with LEXP, the "Debtors") in the above-captioned

Chapter 11 cases for entry of an order, under sections 328(a) and 1103(a) of title 11 of the United

States Code (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of Stout Risius

Ross, Inc. ("SRR") as its financial advisor, effective as of May 13, 2008, pursuant to the terms of

SRR's engagement letter dated as of May 13, 2008 (the "Engagement Letter"); and the Court

having considered the Application and the Declaration of Jeffrey M. Risius dated May 13, 2008,

in support of the Application; and it appearing that (i) SRR does not hold or represent an interest

adverse to the Committee, (ii) SRR is a "disinterested person" as that term is defined in under

section 101(14) of the Bankruptcy Code, (iii) the retention of SRR by the Committee is

necessary and in the best interest of the Committee, and (iv) the terms and conditions of SRR's

employment as set forth in the Application and the Engagement Letter (as defined in the

Application) are fair and reasonable, including, without limitation, the Fee Structure (as defined

in the Application); and the Court having jurisdiction to consider and determine the Application

as a core proceeding under 28 U.S.C. §§ 157 and 1334; and it appearing that notice has been given and no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that, pursuant to sections 328(a) and 1103 of the Bankruptcy Code, the Application is hereby granted, and SRR is hereby employed as the Committee's financial advisors, as of May 13, 2008, on the terms and conditions set forth in the Engagement Letter; and it is further

ORDERED that, notwithstanding anything in the Engagement Letter to the contrary, SRR's compensation thereunder may not be increased absent further Order of this Court.

ORDERED that SRR shall be compensated and reimbursed in accordance with the terms of the Engagement Letter, pursuant to the standard of review under section 328(a) of the Bankruptcy Code and not subject to review for reasonableness under section 330 of the Bankruptcy Code, except as provided for below, subject to the approval of this Court, and the procedures set forth in the Application, including, without limitation, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and such other procedures as may be fixed by this Court; and it is further

ORDERED that, the United States Trustee, Capital Source Finance LLC, as agent, and CSF Mortgage LLC, as agent, retain all rights to object to SRR's interim and final fee applications (including expense reimbursement) on grounds including, without limitation, the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized and directed to indemnify and hold harmless SRR and the other Indemnified Parties (as defined in the Engagement Letter) pursuant to the indemnification provisions of the Engagement Letter, which requests for payment of indemnity,

NYC:175769.8

if any, pursuant thereto shall be made by means of an application and shall be subject to review by the Court to ensure that any such payment conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall SRR or the other Indemnified Parties be indemnified for (x) their respective gross negligence, willful misconduct or fraud or (y) a material breach of a term or condition of the Engagement Letter by SRR; and it is further

ORDERED that in no event shall SRR be indemnified if the Debtor or a representative of the estates, assert a claim for, and a court determines by final order that such claim arose out of (x) SRR's or the Indemnified Parties' gross negligence, willful misconduct or fraud or (y) a material breach of a term of condition of the Engagement Letter by SRR; and it is further

ORDERED that in the event SRR seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in SRR's own application (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regards to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that SRR shall not, in the course of its engagement by the Committee under this Order, use any information obtained or work product developed in connection with its prior real estate valuation/appraisal engagement by Waller Lansden Dortch & Davis LLP, CapitalSource Finance LLC as agent, CSE Mortgage LLC, as agent, and other Prepetition Senior Lenders (as defined in the Final Order Authorizing Use of Cash Collateral, dated April 17, 2007)

NYC:175769.8

and shall keep all such information and work product strictly confidential; and it is further

ORDERED that SRR shall not testify adversely to Waller Lansden Dortch & Davis LLP, CapitalSource Finance LLC, as agent, CSE Mortgage LLC, as agent, or any other Prepetition Senior Lenders, with respect to real estate valuation/appraisal previously performed by SRR for or on behalf of such entities; and it is further

ORDERED that, notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules, Local Rules, any order of this Court or any guidelines regarding submission and approval of fee applications, SRR shall only be required to maintain contemporaneous summary time records for services rendered in hourly increments and shall not be required to file a schedule of rates; and it is further

ORDERED that the Court shall retain jurisdiction with respect to any matters arising from or related to this Order or the implementation hereof.


Dated:  June 5, 2008

New York, NY


/s/ Martin Glenn
UNITED STATES BANKRUPTCY JUDGE

NYC:175769.8

<u>VERIFICATION</u>

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NEW YORK         )


Jeffrey M. Risius, CFA, ASA, being duly sworn, deposes and says that I am a Managing Director of the firm of Stout Risius Ross, Inc., Applicant herein; I am acquainted with the facts upon which this application is based; I have read the foregoing application and know the contents thereof: the same is true to the knowledge of the deponent, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.


_____
Jeffrey M. Risius, CFA, ASA


Sworn to and subscribed to before
me this 27 day of September 2010

_____
Notary Public,

```
JACLYN PARRISH
Notary Public - Michigan
Wayne County
My Commission Expires Mar 6, 2013
Acting in the County of Oakland
```

## CERTIFICATION

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NEW YORK         )


Jeffrey M. Risius, CFA, ASA, being duly sworn, deposes and says that:

1.    I am a Managing Director of the firm of Stout Risius Ross, Inc., Applicant herein.

2.    I have read the application.

3.    All interested parties have received and are reviewing or have reviewed the application.

4.    In providing a reimbursable service, Applicant does not make a profit on that service.

5.    In charging for a particular service, Applicant does not include the amortization of the cost
      of any investment equipment or capital outlay.

6.    In seeking reimbursement for third-party services, Applicant requests reimbursement only
      for the amount billed to the applicant by the third party.


_____
Jeffrey M. Risius, CFA, ASA


Sworn to and subscribed to before
me this 27th day of September 2010

_____
Notary Public,

JACLYN PARRISH
Notary Public - Michigan
Wayne County
My Commission Expires Mar 6, 2013
Acting in the County of Oakland

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Re:                                                          Chapter 11
                                                             Case No. 08-11153 (MG)
                                                             (Jointly Administered)
Lexington Precision Corp. *et al.*,                          In proceedings for a reorganization,
                                                             application for a final allowance of
                                                             fees for financial advisors to the Official
                                                             Committee of Unsecured Creditors

                        Debtor:

STATE OF NEW YORK                        )
                                         )  ss:
COUNTY OF NEW YORK                       )


Jeffrey M. Risius, CFA, ASA, being duly sworn, deposes and says that:

1.   Deponent is a Managing Director of the Applicant named in the foregoing Application for a
     final allowance of Fees, for services rendered by Stout Risius Ross, Inc. as financial advisors
     to the above-named Official Committee of Unsecured Creditors.

2.   No arrangement prohibited by 18 U.S.C. Sec. 155 has been made by me or to any member of
     the said firm of Stout Risius Ross, Inc.

3.   Applicant is a disinterested person and represents or holds no interest adverse to the Debtor.

4.   No agreements or understandings in any form or guise have been made or exist between
     Applicant and any other person for a division or sharing of compensation allowed or to be
     allowed, or paid or to be paid, for services rendered in connection with this proceeding and
     no agreement has been made which is contrary to the provisions of the Bankruptcy Code.

                                                 _____
                                                 Jeffrey M. Risius, CFA, ASA

Sworn to and subscribed to before
me this 27th day of September 2010

_____
Notary Public,

JACLYN PARRISH
Notary Public - Michigan
Wayne County
My Commission Expires Mar 6, 2013
Acting in the County of Oakland