ANDREWS KURTH LLP
Paul N. Silverstein (PS 5098)
Jonathan I. Levine (JL 9674)
Jeremy B. Reckmeyer (JR 7536)
450 Lexington Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

*Counsel to the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **LEXINGTON PRECISION CORP, et al.,** | : | **Case No. 08-11153 (SCC)** |
| | : | |
| | : | |
| **Debtors.** | : | |

------------------------------------------------------------x

**SUMMARY SHEET FOR ANDREWS KURTH LLP UNDER 11 U.S.C. § 330 FOR**
**FINAL ALLOWANCE OF COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES AS COUNSEL TO**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

1. Name of applicant:  Andrews Kurth LLP

2. Role of applicant:  Counsel for Official Committee of Unsecured Creditors

3. Name of certifying professional:  Paul N. Silverstein

4. Date case filed:  April 1, 2008

5. Date of application for employment:  April 21, 2008

6. Date of order approving employment:  May 13, 2008, *nunc pro tunc,* April 11, 2008

7. Period: April 11, 2008 through September 28, 2010[1]

8. Total Fees Requested:  $1,867,011.00[2]

---

[1] In addition to fees and expenses incurred prior to July 30, 2010, the effective date of the Plan (as defined herein), Andrews Kurth also seeks final allowance of compensation and reimbursement of expenses incurred following July 30, 2010, in connection with preparing this Application and certain case administration matters.

9.  Total Expenses Requested: $209,378.18[3]

10. Prior Applications:  Five

11. Prior Fees Allowed: $ 1,634,336.02

12. Prior Expenses Allowed: $ 95,028.49[4]

13. Date of Orders Awarding Prior Fees and Expenses: November 6, 2008; April 7, 2009; September 9, 2009; May 28, 2010.

14. Amount of Prepetition Retainer: N/A

15. Total Fees Previously Paid: $1,583,934.33

16. Total Expenses Previously Paid: $112,163.57

17. Blended Rate for Application Period: $571.53 per hour

---

[2] Includes $17,153.00 in fees incurred following July 30, 2010 in connection with preparing this Application and certain case administration matters.

[3] Includes $51.91 in expenses incurred following July 30, 2010 in connection with preparing this Application and certain case administration matters.

[4] At the Third Interim Application Hearing (as defined herein), the Court deferred its ruling with respect to certain expenses incurred by Andrews Kurth in connection with its retention of Pluris Valuation Advisors, LLC as an expert witness. See the memorandum attached as Exhibit F (and filed separately) with respect thereto.

NYC:215470.3

**Hearing Date and Time: October 27, 2010 at 10:00 a.m.**
**Objection Deadline: October 20, 2010 at 4:00 p.m.**

ANDREWS KURTH LLP
Paul N. Silverstein (PS 5098)
Jonathan I. Levine (JL 9674)
Jeremy B. Reckmeyer (JR 7536)
450 Lexington Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

*Counsel to the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:                                                  :          **Chapter 11**
                                                        :
**LEXINGTON PRECISION CORP, et al.,**        :          **Case No. 08-11153 (SCC)**
                                                        :
                                                        :
                                                        :
                    Debtors.                            :
-----------------------------------------------------------------x

### FINAL APPLICATION OF ANDREWS KURTH LLP
### UNDER 11 U.S.C. § 330 FOR ALLOWANCE OF COMPENSATION AND
### REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE
### OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Andrews Kurth LLP ("Andrews Kurth"), counsel to the Official Committee of Unsecured

Creditors (the "Committee") of Lexington Precision Corporation ("Lexington Precision") and

Lexington Rubber Group, Inc. ("Rubber Group" and, collectively with Lexington Precision, the

"Debtors"), for its final application (the "Application"), pursuant to 11 U.S.C. § 330 and Rule

2016 of the Federal Rules of Bankruptcy Procedure, for allowance of compensation for services

rendered and reimbursement of expenses and costs incurred, respectfully represents:

### INTRODUCTION

1.        Andrews Kurth files this Application in accordance with the Amended Guidelines

for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy

Cases adopted by the Court on November 25, 2009 (the "Local Guidelines") and the United

NYC:215470.3

States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"). Pursuant to Local Guidelines, a certification regarding compliance with same is attached hereto as Exhibit A.

2.      By this Application, Andrews Kurth seeks: (i) allowance and award of compensation for the professional services rendered by Andrews Kurth as counsel to the Committee for the period from April 11, 2008 through September 28, 2010[5] (the "Compensation Period") in the amount of $1,867,011.00, representing 3,266.7 hours in attorney and paraprofessional services, including an amount of $200,607.00 for 364.5 hours in attorney and paraprofessional services expended during the period of December 1, 2009 through September 28, 2010[6] (the "Final Interim Period"); and (ii) reimbursement of actual and necessary expenses incurred by Andrews Kurth during the Compensation Period[7] in the amount of $209,378.18, including the amount of $14,920.49 incurred by Andrews Kurth during the Final Interim Period.[8]

3.      Pursuant to the UST Guidelines, annexed hereto as Exhibit B is a schedule setting forth all Andrews Kurth professionals and paraprofessionals who have performed services in these Chapter 11 cases during the Compensation Period and the Final Interim Period, respectively, the capacities in which each is employed by Andrews Kurth, the hourly billing rate charged by Andrews Kurth for service performed by each individual, the aggregate number of hours expended in these matters (for each of the Compensation Period and the Final Interim

---

[5] In addition to fees incurred prior to July 30, 2010, the effective date of the Plan, Andrews Kurth also seeks final allowance of compensation incurred following July 30, 2010, in connection with preparing this Application and certain case administration matters.

[6] In addition to fees incurred prior to July 30, 2010, the effective date of the Plan, Andrews Kurth also seeks final allowance of compensation incurred following July 30, 2010, in connection with preparing this Application and certain case administration matters.

[7] In addition to expenses incurred prior to July 30, 2010, the effective date of the Plan, Andrews Kurth also seeks final allowance of reimbursement of expenses incurred following July 30, 2010, in connection with preparing this Application and certain case administration matters.

[8] In addition to expenses incurred prior to July 30, 2010, the effective date of the Plan, Andrews Kurth also seeks final allowance of reimbursement of expenses incurred following July 30, 2010, in connection with preparing this Application and certain case administration matters.

Period, respectively) and fees billed therefor, and the year in which each professional was first licensed to practice law.  Attached hereto as <u>Exhibit C</u> is a summary by project category of the services performed by Andrews Kurth during the Compensation Period and the Final Interim Period, respectively.

4.      Attached hereto as <u>Exhibits D</u> and <u>E</u> are schedules specifying, with respect to the Compensation Period and the Final Interim Period, respectively, the categories of expenses for which Andrews Kurth is seeking reimbursement, the total amount for each such expense category and the detailed backup for such expenses.

5.      Andrews Kurth maintains computerized records of the time spent by all Andrews Kurth professionals and paraprofessionals in connection with these Chapter 11 cases.  Subject to redaction or modification for the attorney-client privilege where necessary, copies of these computerized records will be furnished to the Court, the attorneys for the Debtors, and the Office of the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>") in the format specified by the UST Guidelines.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of these cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are 11 U.S.C. § 330 and the Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

## BACKGROUND

**Background of the Debtors**

7.      The Debtors manufacture rubber and metal components for use primarily in automobiles and medical devices.  The Debtors operate through two operating segments, the Rubber Group and the Metals Group.  The Debtors' components are generally sold to other

NYC:215470.3

manufacturers, primarily tier-one automotive parts manufacturers, which supply parts to the industry's leading automobile producers.

8.      The Rubber Group manufactures rubber components for the automotive industry. The Rubber Group also manufacturers and sells rubber components used in a variety of medical devices.  The Metals Group manufactures aluminum, brass, steel and stainless steel components primarily for automotive customers.

**Filing for Chapter 11**

9.      On April 1, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  Pursuant to Bankruptcy Rule 1015(b), this Court entered an order directing that the Debtors' cases be jointly administered for procedural purposes.

10.      The Debtors continue to manage their properties and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

**The Official Committee of Unsecured Creditors**

11.      On April 11, 2008, the U.S. Trustee, pursuant to Section 1102(a)(1) of the Bankruptcy Code, appointed the Committee to represent the interest of all holders of unsecured claims in this case.   The Committee, as appointed, was comprised of Wilmington Trust Company, Jefferies High Yield Trading, Wilfrid Aubrey LLC, Valhalla Capital Partners, LLC, Momentive Performance Materials, Inc., Wacker Chemical Corporation and Environmental Products & Services of Vermont, Inc.  On August 22, 2008, the U.S. Trustee reconstituted the Committee, with all the same members except for Wacker Chemicals Corporation which, on August 20, 2008, resigned from the Committee.   On November 16, 2009, the U.S. Trustee appointed Sandler Capital Management to the Committee.   On February 12, 2010, the U.S.

Trustee reconstituted the Committee, with all the same members except for Jefferies High Yield Trading and Wilfrid Aubrey LLC, which each resigned from the Committee.

**Entry of Interim Compensation Order**

12.     On April 22, 2008, the Court entered the Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals (the "Interim Compensation Order").

**Andrews Kurth's Retention**

13.     On May 13, 2008, the Court entered an order authorizing the Committee to retain Andrews Kurth as its counsel *nunc pro tunc* April 11, 2008.

**Confirmation of Debtor's Plan of Reorganization**

14.     On July 21, 2010, the Court confirmed the Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified, dated May 26, 2010 (as amended, the "Plan").  On July 30, 2010, the Plan became effective.

## ANDREWS KURTH'S PRIOR FEE APPLICATIONS

15.     On September 15, 2008, Andrews Kurth filed the First Interim Application of Andrews Kurth LLP under 11 U.S.C. § 330 for Interim Allowance of Compensation and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors (the "First Interim Application") for the period of April 11, 2008 through July 31, 2008, requesting allowance of legal fees in the amount of $551,484.00 and expenses in the amount of $18,545.04. On October 28, 2008, the Court conducted a hearing on the First Interim Application and, on November 6, 2008, the Court entered an order (the "First Interim Application Order") allowing, on an interim basis, legal fees in the amount of $520,685.02 and expenses in the amount of $18,545.04 in connection therewith.

16.     On January 15, 2009, Andrews Kurth filed the Second Interim Application of Andrews Kurth LLP under 11 U.S.C. § 330 for Interim Allowance of Compensation and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors (the "Second Interim Application") for the period of August 1, 2008 through November 30, 2008, requesting allowance of legal fees in the amount of $405,132.00 and expenses in the amount of $16,654.50.  On April 1, 2009, the Court conducted a hearing on the Second Interim Application and, on April 7, 2009, the Court entered an order (the "Second Interim Application Order") allowing, on an interim basis, legal fees in the amount of $405,132.00 and expenses in the amount of $16,654.50 in connection therewith.

17.     On May 29, 2009, Andrews Kurth filed the Third Interim Application of Andrews Kurth LLP under 11 U.S.C. § 330 for Interim Allowance of Compensation and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors (the "Third Interim Application") for the period of December 1, 2008 through March 31, 2009, requesting allowance of legal fees in the amount of $379,157.50 and expenses in the amount of $119,039.05.  On July 30, 2009, the Court conducted a hearing on the Third Interim Application and, on September 9, 2009, the Court entered an order (the "Third Interim Application Order") allowing, on an interim basis, legal fees in the amount of $377,888.50 and expenses in the amount of $24,202.50 in connection therewith.  The Court deferred ruling on expenses sought by Andrews Kurth in the amount of $91,250.14, relating to the retention by Andrews Kurth of Pluris Valuation Advisors, LLC ("Pluris") to provide expert testimony at the then-scheduled confirmation hearing in connection with the fair market value of the Debtors' proposed series C preferred stock that was to be distributed to unsecured bondholders on account of their claims pursuant to the Debtors' Second Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated December 17, 2008. Attached hereto as Exhibit F (and filed separately) is a memorandum setting

forth the circumstances surrounding the incurrence of such expenses by Andrews Kurth and the

reasons why approval of the reimbursement of such expenses by the Court is appropriate.

18.    On November 10, 2009, Andrews Kurth filed the Fourth Interim Application of

Andrews Kurth LLP under 11 U.S.C. § 330 for Interim Allowance of Compensation and

Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors (the

"Fourth Interim Application") for the period of April 1, 2009 through July 31, 2009, requesting

allowance of legal fees in the amount of $77,993.50 and expenses in the amount of $7,620.11.

On May 26, 2010, the Court conducted a hearing on the Fourth Interim Application and the Fifth

Interim Application (as defined below) and, on May 28, 2010, the Court entered an order (the

"Fourth and Fifth Interim Applications Order") allowing, on an interim basis, legal fees in the

amount of $77,993.50 and expenses in the amount of $7,620.11 with respect to the Fourth

Interim Application.

19.    On February 12, 2010, Andrews Kurth filed the Fifth Interim Application of

Andrews Kurth LLP under 11 U.S.C. § 330 for Interim Allowance of Compensation and

Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors (the

"Fifth Interim Application" and, together with the First Interim Application, the Second Interim

Application, the Third Interim Application and the Fourth Interim Application, the "Interim

Applications") for the period of August 1, 2009 through November 30, 2009, requesting

allowance of legal fees in the amount of $252,637.00 and expenses in the amount of $28,086.26.

On May 26, 2010, the Court conducted a hearing on the Fourth Interim and Application and the

Fifth Interim Application and, on May 28, 2010, the Court entered an order (the "Fifth Interim

Application Order" and, together with the First Interim Application Order, the Second Interim

Application Order, the Third Interim Application Order and the Fourth Interim Application

Order, the "Interim Application Orders") allowing, on an interim basis, legal fees in the amount

-10-

of $252,637.00 and expenses in the amount of $28,086.26 with respect to the Fifth Interim

Application.

20.     In addition, pursuant to the Interim Compensation Order, during the period of

December 1, 2009 through July 30, 2010, Andrews Kurth sent to the Debtors and the appropriate

notice parties its: (i) monthly fee statement for compensation of fees and reimbursement of

expenses for services rendered during the period from December 1, 2009 through December 31,

2009 in the amounts of $34,267.50 for legal fees and $2,058.34 for expenses (the "December

Monthly Fee Statement"); (ii) monthly fee statement for compensation of fees and

reimbursement of expenses for services rendered during the period from January 1, 2010 through

January 31, 2010 in the amounts of $15,192 for legal fees and $257.89 for expenses (the

"January Monthly Fee Statement"); (iii) monthly fee statement for compensation of fees and

reimbursement of expenses for services rendered during the period from February 1, 2010

through February 28, 2010 in the amounts of $5,754 for legal fees and $1,239.29 for expenses

(the "February Monthly Fee Statement"); (iv) monthly fee statement for compensation of fees

and reimbursement of expenses for services rendered during the period from March 1, 2010

through March 31, 2010 in the amounts of $1,898.50 for legal fees and $239.70 for expenses (the

"March Monthly Fee Statement"); (v) monthly fee statement for compensation of fees and

reimbursement of expenses for services rendered during the period from April 1, 2010 through

April 30, 2010 in the amounts of $19,408.50 for legal fees and $341.28 for expenses (the "April

Monthly Fee Statement"); and (vi) monthly fee statement for compensation of fees and

reimbursement of expenses for services rendered during the period from May 1, 2010 through

May 31, 2010 in the amounts of $47,281.50 for legal fees and $8,070.75 for expenses (the "May

Monthly Fee Statement" and, together with the December Monthly Fee Statement, the January

-11-

Monthly Fee Statement, the February Monthly Fee Statement, the March Monthly Fee Statement and the April Monthly Fee Statement, , the "Monthly Fee Statements").

21.     Pursuant to the Interim Compensation Order, as of the date of this Application, Andrews Kurth has received payment of 80% of the fees requested and 100% of the expenses requested, respectively, with respect to the Monthly Fee Statements.

22.     The Interim Applications, the Monthly Fee Statements, the Interim Compensation Order and the Interim Applications are each incorporated herein by reference.

## OVERVIEW OF SERVICES PERFORMED

23.     During the Compensation Period, Andrews Kurth was involved in every aspect of the Debtors' Chapter 11 cases.  A sampling of Andrews Kurth's involvement includes:

(a)     reviewing and commenting on the DIP Financing and cash collateral motions;

(b)     engaging in diligence and negotiations regarding plan issues, including an analysis of (i) the Debtors' proposed plan of reorganization and the corresponding disclosure statement and (ii) the Debtors' pre-petition secured lenders' proposed plan of reorganization and the corresponding disclosure statement;

(c)     drafting a proposed plan of reorganization and corresponding disclosure statement on behalf of the Committee;

(d)     reviewing proposed plans of reorganization and corresponding disclosure statements filed by the Debtors and the Debtors' pre-petition secured lenders;

(e)     preparing for disclosure statement and confirmation hearings; and

(f)     advising the Committee on all matters in these Chapter 11 cases.

-12-

24.     Andrews Kurth rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the Committee and its constituents. During the Compensation Period, Andrews Kurth's activities fall into the categories set forth below:

**Business Operations (Total Fees: $18,396.50; Final Interim Period Fees: $189.50)**

25.     During the Compensation Period and the Final Interim Period, Andrews Kurth worked with the Debtors, counsel for the Debtors, the Committee and the Committee's financial advisor, Stout Risius Ross, Inc. ("SRR"), to understand the Debtors' businesses in order to facilitate better and more efficient operations.  Andrews Kurth spent time on tasks associated with the Debtors' business operations, such as reviewing financial statements, operating reports and director compensation packages and having discussions with management concerning operational issues.

26.     Andrews Kurth requests final approval of $18,396.50 for Business Operations matters, based on 28.6 hours at an average hourly rate of $643.23, for the Compensation Period, including $189.50 for Business Operations matters, based on 0.3 hours at an average hourly rate of $631.67, for the Final Interim Period.

**Financing/Cash Collateral (Total Fees: $44,319.50; Final Interim Period Fees: $0)**

27.     During the Compensation Period, Andrews Kurth expended time on various Financing and Cash Collateral matters.  In particular, Andrews Kurth: (i) performed analysis regarding the debtor-in-possession credit facility and the Debtors' use of cash collateral; (ii) performed analysis regarding requisite exit financing under proposed plans of reorganization; and (iii) performed analysis regarding the Debtors' pre-petition secured credit facility.

28.     Andrews Kurth requests final approval of $44,319.50 for DIP Financing/Cash Collateral matters, based on 69.8 hours at an average hourly rate of $634.95, for the

-13-

Compensation Period, including $0 for DIP Financing/Cash Collateral matters for the Final Interim Period.

**Case Administration (Total Fees: $74,288.50; Final Interim Period Fees: $6,695.50)**

29.     During the Compensation Period and the Final Interim Period, Andrews Kurth engaged in routine matters which are necessary with respect to general administration of a Chapter 11 case.  Such routine matters include: (i) ensuring that the Committee complied with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules and the UST Guidelines; (ii) addressing general unsecured creditor inquiries; (iii) reviewing the docket for filings; (iv) communicating with the Committee, the Debtors, the Debtors' pre-petition secured lenders and their respective counsel; and (v) miscellaneous day-to-day tasks.

30.     Andrews Kurth requests final approval of $74,288.50 for Case Administration matters, based on 164.4 hours at an average hourly rate of $451.88, for the Compensation Period, including $6,695.50 for Case Administration matters, based on 20.7 hours at an average hourly rate of $323.45, for the Final Interim Period.

**Claims (Total Fees: $47,219.00; Final Interim Period Fees: $1,508.50)**

31.     During the Compensation Period, Andrews Kurth conducted an in-depth review and analysis of the asbestos claims that were filed in these cases as well as other claims against the Debtors.  Andrews Kurth communicated with the asbestos claimants' counsel to better understand such claims and the Debtors' potential exposure thereto.

32.     Andrews Kurth requests final approval of $47,219.00 for Claims matters, based on 81.9 hours at an average hourly rate of $576.54, for the Compensation Period, including $1,508.50 for Claims matters, based on 2.7 hours at an average hourly rate of $558.70, for the Final Interim Period.

-14-

**Committee Matters (Total Fees: $272,224.50; Final Interim Period Fees: $21,533.50)**

33.    During the Compensation Period and the Final Interim Period, Andrews Kurth undertook virtually all legal matters on behalf of the Committee.  In particular, Andrews Kurth: (i) advised the Committee on all matters in connection with the Debtors' Chapter 11 cases; (ii) drafted pleadings filed by the Committee; (iii) reviewed all motions, schedules, statements, petitions, and other documents filed by the Debtors and other parties; and (iv) attended numerous meetings.  Andrews Kurth communicated constantly with the Committee, its chairperson and SRR to seek instructions, relay information, and generally keep the Committee updated as to the status of these Chapter 11 cases.  Furthermore, Andrews Kurth communicated regularly with other third parties, including other unsecured creditors, concerning various matters pertaining to the Debtors' Chapter 11 cases.

34.    Andrews Kurth requests final approval of $272,224.50 for Committee matters, based on 458.7 hours at an average hourly rate of $593.47, for the Compensation Period, including $21,533.50 for Committee matters, based on 33.2 hours at an average hourly rate of $648.60, for the Final Interim Period.

**Employment of Professionals/Applications (Total Fees: $116,086.50; Final Interim Period Fees: $21,383.50)**

35.    During the Compensation Period and the Final Interim Period, Andrews Kurth, on behalf of the Committee, expended time on matters relating to the employment of professionals by the Committee and the Debtors.  In particular, Andrews Kurth: (i) assisted the Committee in connection with its retention of SRR; (ii) prepared Andrews Kurth's retention application and Andrews Kurth's and SRR's monthly fee statements and interim fee applications; and (iii) reviewed the employment applications of other professionals.  These tasks were necessary for the administration of this case.  Additionally, Andrews Kurth reviewed and analyzed the Debtors' motion to retain DeWolff, Boberg & Associates ("DeWolff") as operational consultants.  In

respect thereof, Andrews Kurth interviewed the professionals leading the DeWolff engagement and, based upon results of the analysis and interview, filed a limited objection to DeWolff's retention on behalf of the Committee.

36.     Andrews Kurth requests final approval of $116,086.50 for Employment of Professionals matters, based on 217.3 hours at an average hourly rate of $534.22, for the Compensation Period, including $21,383.50 for Employment of Professionals matters, based on 41.3 hours at an average hourly rate of $517.76, for the Final Interim Period.

**Plan and Disclosure Statement (Total Fees: $1,213,140.00; Final Interim Period Fees: $149,296.50)**

37.     The paramount issue in these Chapter 11 cases was the development of a viable plan of reorganization for the Debtors.  During the Compensation Period and the Final Interim Period, Andrews Kurth expended time on various plan of reorganization and disclosure statement matters.  In particular, Andrews Kurth: (i) drafted several plans of reorganization and corresponding disclosure statements on behalf of the Committee; (ii) analyzed the Debtors' various proposed plans of reorganization (including the Plan) and the accompanying disclosure statements and valuation reports; (iii) analyzed the Debtors' pre-petition secured lenders' proposed plans of reorganization and the accompanying disclosure statements; (iv) prepared for various contested disclosure statement and confirmation hearings in connection with such plans and disclosure statements; (v) objected to the Debtors' request to extend exclusive periods for filing a plan of reorganization; (vi) engaged in initial discovery with the Debtors and participated in multiple meetings/negotiations with the Debtors, the Debtors' prep-petition secured lenders, the Committee, SRR and other parties-in-interest in connection with plan and disclosure statement issues; (vii) objected to confirmation of the Plan (on the basis that the interest rate to be paid to the Debtors' unsecured creditors under the Plan was in violation of the Bankruptcy Code); and (viii) successfully negotiated a settlement with the Debtors with respect to the

treatment of the Debtors' unsecured creditors under the Plan (resulting in an increase in the interest rate payable to Rubber Group's unsecured creditors).  This analysis and work is central to the Committee's fiduciary duties to the unsecured creditors and, as reflected in the detailed time records submitted herewith, was the primary focus of Andrews Kurth's efforts on behalf of the Committee.  This work also led to consensual confirmation of the Plan, pursuant to which (i) Rubber Group's general unsecured creditors received 100% of the amount of their claims and (ii) Lexington Precision's general unsecured creditors received 85.4% of the amount of their claims.

38.    Andrews Kurth requests final approval of $1,123,140.00 for Plan and Disclosure Statement matters, based on 2,125.3 hours at an average hourly rate of $528.46, for the Compensation Period, including $149,296.50 for Plan and Disclosure Statement matters, based on 266.3 hours at an average hourly rate of $560.63, for the Final Interim Period.

**Trustee/Examiner (Total Fees: $1,163.00; Final Interim Period Fees: $0)**

39.    During the Compensation Period, at the Committee's request, Andrews Kurth drafted a motion to appoint a Chapter 11 trustee and analyzed the case law in connection therewith.  Following lengthy discussions with the Committee, the Committee decided not pursue such remedy.

40.    Andrews Kurth requests final approval of $1,163.00 for Trustee/Examiner matters, based on 2.0 hours at an average hourly rate of $581.50, for the Compensation Period, including $0 for Trustee/Examiner matters for the Final Interim Period.

**Tax Matters (Total Fees: $80,173.50; Final Interim Period Fees: $0)**

41.    During the Compensation Period, Andrews Kurth expended time on various Tax matters.  In particular, Andrews Kurth: (i) performed an in-depth analysis of the Debtors' Net Operating Losses; and (ii) performed an in-depth analysis of the tax disclosures contained in the

-17-

disclosure statements accompanying the plans of reorganization filed by the Committee, the Debtors and the Debtors' pre-petition secured lenders.

42.    Andrews Kurth requests final approval of $80,173.50 for Tax matters, based on 118.7 hours at an average hourly rate of $683.50, for the Compensation Period, including $0 for Tax matters for the Final Interim Period.

## EXPENSES

43.    During the Compensation Period, Andrews Kurth incurred out-of-pocket disbursements in the amount of $209,378.18,[9] including out-of-pocket disbursements in the amount of $14,920.49 for the Final Interim Period.

44.    The disbursement sum is broken down into categories of charges itemized in Exhibit D and the backup is also attached thereto.  Each charge incurred by Andrews Kurth was necessary and incurred as a direct result of Andrews Kurth's representation of the Committee.

## FACTORS TO BE CONSIDERED

45.    The applicant believes that the requested fees, of $1,867,011.00 for 3,266.7 hours worked, with respect to the Compensation Period, and $200,607.00 for 364.5 hours worked, with respect to the Final Interim Period, respectively, are reasonable considering the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), as follows:

**The Time and Labor Required**

46.    The time and labor required in the rendition of services to the Committee are reflected in Exhibit C to this Application.  Andrews Kurth's professionals and paralegals devoted

---

[9] The amount requested includes $91,250.14 relating to Andrews Kurth's retention of Pluris to provide expert witness testimony.  The Committee previously requested allowance of such amount in connection with the Third Interim Application and, pursuant to the Third Interim Application Order, the Court deferred ruling on the approval of such expenses. See Exhibit F attached hereto.

NYC:215470.3

a total of 3,266.7 hours to providing services to the Committee during the Compensation Period,

including a total of 364.5 hours during the Final Interim Period.  All attorneys and paralegals of

Andrews Kurth recorded the time expended in the rendition of professional services in this case

by recording a detailed description of the services rendered, and diligently attempted to avoid

duplication of effort.

**The Novelty and Difficulty of the Services Rendered**

47.    Many of the legal issues arising in the representation of the Committee were

complex, and required review of documents and correspondence, as well as the exercise of skill

and application of knowledge of bankruptcy, corporate and commercial law relating to the

protection and representation of the Committee's interest.

**The Skill Requisite to Perform Legal Services Properly**

48.    In order to properly perform the services rendered for the benefit of the

Committee, Andrews Kurth was required to draw upon substantive legal knowledge in the field

of bankruptcy, corporate, employee benefits, tax and commercial law.

**The Preclusion of Other Employment by the Professional Due to the Acceptance of the Case**

49.    Andrews Kurth has been  precluded from other employment to the extent of the

time expended working on these cases. But for these cases, such time would have been expended

on other matters.  Andrews Kurth has committed a significant amount of time and labor to these

Chapter 11 cases which otherwise would have been dedicated to other matters.

**The Customary Fee**

50.    The rates charged by Andrews Kurth's attorneys and paralegals are well within

the range charged by such professionals, in their respective jurisdictions, of similar skill and

reputation.  When a more experienced senior attorney, billing at a higher rate, worked on matters

NYC:215470.3

in the case, care was taken to avoid both duplication of effort and "layering" the case with additional less experienced junior attorneys.

**Whether the Fee is Fixed or Contingent**

51.     Andrews Kurth's compensation in this matter is contingent only in the sense that it is subject to the final approval of the Court and the availability of funds in the estate for payment of same.

**Time Limitations Imposed by the Client or Other Circumstances**

52.     The immediate nature of some of the matters involved in this case required Andrews Kurth to devote a substantial amount of time to handling matters concerning the Committee's interest in a compressed time frame.   Andrews Kurth's attorneys consistently responded on an expedited basis.

**The Experience, Reputation and Abilities of the Professionals**

53.     Andrews Kurth is an established law firm having substantial experience and expertise in the areas of bankruptcy law, corporate/securities law, commercial law, litigation, and other areas.

**The Undesirability of the Case**

54.     Andrews Kurth does not consider this matter undesirable.

**The Nature and Length of the Professional Relationship of the Client**

55.     Andrews Kurth has pre-existing relationships with certain present and former members of the Committee, including Jefferies High Yield Trading, Wilfrid Aubrey, LLC, Valhalla Capital Partners, Wilmington Trust Company, and other bondholders.   Each are involved in other reorganization cases in which Andrews Kurth has a role.

**Awards in Similar Cases**

56.    Section 330 of the Bankruptcy Code provides that the extent of compensation to professionals shall be reasonable compensation that may be awarded to professionals based on the nature, the extent, and value of such services, the time spent on such services, and the cost of comparable services in other cases under the Bankruptcy Code, and for the reimbursement of actual and necessary expenses incurred on behalf of the Committee.

57.    The fees applied for herein are in conformity with the fees allowed in similar reorganization cases for similar services rendered and results obtained.   The hourly rates requested by Andrews Kurth are the ordinary and usual hourly rates billed by Andrews Kurth to both bankruptcy and non-bankruptcy clients.

WHEREFORE, Andrews Kurth respectfully requests (i) that the Court enter an Order which provides for (a) an allowance to be made to Andrews Kurth in the sum of $200,607.00 as compensation for necessary professional services rendered to the Committee from December 1, 2009 through September 28, 2010 and the sum of $14,920.49 for reimbursement of actual necessary costs and expenses incurred by Andrews Kurth during such period, and (b) final approval of an amount in the sum of $1,867,011.00 as compensation for necessary professional services rendered to the Committee from April 11, 2008 through September 28, 2010 and the sum of $209,378.18 for reimbursement of actual necessary costs and expenses incurred by Andrews Kurth during such period, and (ii) that the Court grant such other and further relief as this Court may deem just and proper.

NYC:215470.3

Dated:  September 28, 2010
        New York, New York

                                    ANDREWS KURTH LLP

                            By:  /s/ Paul N. Silverstein
                                 Paul N. Silverstein (PS 5098)
                                 Jonathan I. Levine (JL 9674)
                                 Jeremy B. Reckmeyer (JR 7536)
                                 450 Lexington Avenue, 15th Floor
                                 New York, New York  10017
                                 Telephone:  (212) 850-2800
                                 Facsimile:   (212) 850-2929

                                 *Counsel to the Official Committee of
                                 Unsecured Creditors*

NYC:215470.3