Hearing Date and Time: October 27, 2010 at 10:00 a.m.
Objection Deadline: October 20, 2010 at 4:00 p.m.

ANDREWS KURTH LLP
Paul N. Silverstein (PS 5098)
Jonathan I. Levine (JL 9674)
Jeremy B. Reckmeyer (JR 7536)
450 Lexington Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

*Counsel to the Official
Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                          :   Chapter 11
                                                :
LEXINGTON PRECISION CORP., et al.,              :   Case No. 08-11153 (SCC)
                                                :
                                                :
                         Debtors.               :
-----------------------------------------------------------x

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MEMORANDUM IN SUPPORT OF FINAL APPLICATION OF ANDREWS KURTH LLP UNDER 11 U.S.C. § 330 FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

TO:    THE HONORABLE SHELLEY CHAPMAN,
       UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Unsecured Creditors (the "Committee") of Lexington Precision Corporation ("Lexington Precision") and Lexington Rubber Group, Inc. ("Lexington Rubber" and, together with Lexington Precision, the "Debtors") for its Memorandum in Support of Final Application of Andrews Kurth LLP Under 11 U.S.C. § 330 for Allowance of Compensation and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors (the "Final Application"), respectfully represents:

NYC:217977.4

## I. BACKGROUND

1.     On May 29, 2009, Andrews Kurth LLP ("Andrews Kurth"), counsel to the Committee, filed the Third Interim Application of Andrews Kurth LLP under 11 U.S.C. § 330 for Interim Allowance of Compensation and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors (the "Third Interim Application"). The Third Interim Application sought allowance by the Court of legal fees in the amount of $379,157.50 and expenses in the amount of $119,039.05 for services performed, and costs incurred, respectively, by Andrews Kurth for the period of December 1, 2008 through March 31, 2009. On July 30, 2009, the Court conducted a hearing (the "Third Interim Application Hearing") on the Third Interim Application and, on September 9, 2009, the Court entered an order (the "Third Interim Application Order") allowing, on an interim basis, legal fees in the amount of $377,888.50 and expenses in the amount of $24,202.50 in connection therewith.

2.     At the Third Interim Application Hearing, Andrews Kurth sought reimbursement of certain expenses, in the amount of $91,250.14, relating to Andrews Kurth's retention of Pluris Valuation Advisors, LLC ("Pluris") to provide expert testimony at the then-scheduled confirmation hearing in connection with the fair market value of the Debtors' proposed series C preferred stock that was to be distributed to unsecured bondholders on account of their claims pursuant to the Debtors' Second Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated December 17, 2008. Pluris was not retained pursuant to Section 327 of the Bankruptcy Code because, based on controlling legal precedent, expert witnesses are not deemed "professional persons" within the meaning of Section 327 and, accordingly, prior court approval was not required. The Debtors disagreed with the Committee's interpretation and objected to such reimbursement. At the Third Interim Application Hearing, the Court deferred

ruling on whether Andrews Kurth could be reimbursed for the costs of retaining Pluris as an expense under Section 330 of the Bankruptcy Code (without the need to retain Pluris as a professional person under Section 327 of the Bankruptcy Code). The Court stated that it would defer its ruling until the Committee filed a memorandum setting forth the controlling precedent on the subject; and the Debtors could respond (if they continued to disagree with the cited precedent).

## II. Argument & Authorities

**A.    Court approval is only required for the employment of "professional persons."**

3.    Section 327(a) of the Bankruptcy Code states that "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons ... to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Section 328(a) of the Bankruptcy Code states that "a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment ..." 11 U.S.C. § 328(a).

4.    The threshold question is whether a particular person is a "professional person" whose employment must be approved by the Court. *See In re Artra Group, Inc.*, 308 B.R. 858, 860 (Bankr. N.D. Ill. 2003). Section 327(a) is limited and "is quite obviously not intended to cover without limitation all those persons of education, ability and accomplishment in any calling who may be regarded as professionals based upon considerations of societal, governmental or academic accreditation, or their own self esteem." *In re Johns-Manville Corp.*, 60 B.R. 612, 620-21 (Bankr. S.D.N.Y. 1986). In making that determination, courts have "looked beyond labels ... by looking at the role the party played in the administration of the bankruptcy estate." *In re Bicoastal Corp.*, 149 B.R. 216, 218 (Bankr. M.D. Fla. 1991). Courts have generally

limited the scope to persons whose occupations play a fundamental or essential role in the administration of the debtor's estate, 3 COLLIER ON BANKRUPTCY ¶ 327.02[6][a] (16th ed. 1998). However, some courts have formulated specific tests or definitions to determine whether a person qualified as a "professional." *Id.*

5.  For example, in *In re First Merchants Acceptance Corp.*, the court formulated a list of six nonexclusive factors to be considered: (1) whether the employee controls, manages, administers, invests purchases or sells assets that are significant to the debtor's reorganization; (2) whether the employee is involved in negotiating the terms of a plan of reorganization; (3) whether the employee is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations; (4) whether the employee is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate, i.e., the qualitative approach; (5) the extent of the employee's involvement in the administration of the debtor's estate, i.e., the quantitative approach; and (6) whether the employee's services involves some degree of special knowledge or skill, so that the employee can be considered a "professional" within the ordinary meaning of the term. 1997 Bankr. LEXIS 2245, at *8-9 (Bankr. D. Del. Dec. 15, 1997). In other cases, courts have looked to whether the person occupies a central role or is intimately involved in the administration of the debtor's estate, *See In re Seatrain Lines, Inc.*, 13 B.R. 980, 981 (Bankr. S.D. N.Y. 1981), possesses discretion or autonomy over some part of the debtor's estate, *See In re ACandS, Inc.*, 297 B.R. 395 (Bankr. D. Del. 2003), or provides necessary services. *See In re Kingsway Purchasing Inc.*, 69 B.R. 713 (Bankr. E.D. Mich. 1987).

**B.    Court approval is not required for retention of an expert witness.**

6.  Using the tests noted above, Courts have uniformly come to the conclusion that an expert witness is not a "professional person" within the meaning of Section 327 of the

- 4 -

NYC:217977.4

Bankruptcy Code. *In re Napoleon*, 233 B.R. 910, 913 (Bankr. D. N.J. 1999); *See In re Argus Group 1700, Inc.*, 199 B.R. 525 (Bankr. E.D. Pa. 1996); *In re First Am. Health Care of Ga., Inc.*, 208 B.R. 996 (Bankr. S.D. Ga. 1996); *In re That's Entertainment Marketing Group, Inc.*, 168 B.R. 226 (N.D. Cal. 1994); *In re Babcock Dairy Co. of Ohio*, 70 B.R. 691 (Bankr. N.D. Ohio 1987). In *In re That's Entertainment Mktg. Group, Inc.*, the court explained its reasoning for holding that an accountant that was retained solely to testify as an expert witness was not a "professional person" under Section 327:

> An expert witness is not in the position to formulate strategy or to manage the estate and the liabilities of the estate. While one could argue that the litigation involves an attempt to "acquire assets on behalf of the estate," the expert witness plays only a tangential role in this process, and thus under these circumstances the accountants were not "professionals" within the meaning of § 327.

168 B.R. at 230.

The Court further explained its reasoning in a footnote, stating:

> Although the litigation itself could be considered central to the administration of the estate, the attorney controls the litigation - the expert witness merely offers evidence in that case. Further, the attorneys are required to be approved by the court under § 327. Such approval is required in part because the position carries with it responsibility and discretion to effectively carry out necessary litigation. *These responsibilities include engaging necessary expert witnesses for the litigation.* It should also be noted that this discretion is limited by § 330 of the Bankruptcy Code which provides that the bankruptcy court shall review (and may deny) all applications for expenses.

168 B.R. at n. 4 (citation omitted).

7. Here, Pluris was retained by Andrews Kurth solely to provide expert testimony with respect to the fair market value of the Debtors' proposed series C preferred stock at a then-scheduled contested confirmation hearing. Pluris had no role in the administration of the Debtors' estate, was not involved in the negotiation or formulation of the Debtors' plan of

- 5 -

NYC:217977.4

reorganization, did not have any discretion or autonomy with respect to the Debtors' estate or the Committee and had no connection with the Debtors' business operations. Accordingly, Pluris would not be considered a "professional person" under any of the tests that courts have used to interpret Section 327. As a consequence, court approval was not required prior to retention of Pluris by Andrews Kurth and, as such, is reimbursable as an expense of Andrews Kurth in its role as counsel to the Committee pursuant to Section 330 of the Bankruptcy Code.

Dated: New York, New York
September 28, 2010

ANDREWS KURTH LLP

By:/s/ Paul N. Silverstein
Paul N. Silverstein (PS 5098)
Jonathan I. Levine (JL 9674)
Jeremy B. Reckmeyer (JR 7536)
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850- 2929

*Counsel to the Official
Committee of Unsecured Creditors*

NYC:217977.4