WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x
  :
In re:                                 :           **Chapter 11**
  :
**LEXINGTON PRECISION CORP., et al.,**    :          **Case No. 08-11153 (SCC)**
  :
              **Debtors.**       :          **(Jointly Administered)**
  :
-----------------------------------------------------------------------x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE**
**GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**

Name of Applicant:          Weil, Gotshal & Manges LLP ("**WG&M**")

Role in the Case:            Attorneys for the Debtors

Date of Retention:          April 22, 2008, *nunc pro tunc* to April 1, 2008

| SIXTH INTERIM FEE APPLICATION | |
|---|---|
| Period for which compensation and reimbursement are sought: | December 1, 2009 through and including July 30, 2010 |
| Amount of compensation sought: | $665,766.75 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $12,685.28 |

| FINAL FEE APPLICATION | |
|---|---|
| Period for which compensation and reimbursement are sought: | April 1, 2008 through and including July 30, 2010 |
| Amount of compensation sought: | $2,723,609.99[1] |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $84,727.76[1] |

### PRIOR INTERIM APPLICATIONS

| Date of Application | Docket No. | Application Period | Fees Requested | Expenses Requested | Fees Allowed and Paid | Fee Hold-Back | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|---|
| 9/24/08 | 412 | 4/1/08 – 7/31/08 | $958,601.50 | $31,759.50 | $896,421.43 | $47,180.07 | $31,182.07 |
| 1/28/09 | 542 | 8/1/08 – 11/30/08 | $400,657.75 | $13,819.61 | $360,591.97 | $40,065.77 | $13,819.61 |
| 6/17/09 | 646 | 12/1/08 – 3/31/09 | $431,503.00 | $16,575.12 | $344,678.00 | $86,169.50 | $16,563.43 |
| 10/27/09 | 715 | 4/1/09 – 7/31/09 | $112,242.50 | $6,031.52 | $101,018.25 | $11,224.25 | $6,031.52 |
| 2/4/10 | 833 | 8/1/09 – 11/30/09 | $170,494.00 | $4,445.85 | $153,444.60 | $17,049.40 | $4,445.85 |
| **Total** | | | **$2,073,498.75** | **$72,6311.60** | **$1,856,154.25** | **$201,688.99** | **$72,042.48** |

---

[1] The numbers listed in the "Total Compensation" column reflect reductions to fees and expenses taken by WG&M. WG&M's time records reflect total fees and expenses incurred of $2,748,013.50 and $85,316.88, respectively. Prior to filing certain of its interim fee applications, WG&M made reductions of its fees of $8,748.00. At the hearings to consider its interim fee applications, WG&M made further reductions of its fees and expenses of $15,655.51 and $589.12, respectively. WG&M has made a total reduction of its fees and expenses of $24,403.51 and $589.12, respectively, which reduced the total fees and expenses sought to $2,723,609.99 and $84,727.76, respectively.

### SUMMARY OF THE SIXTH INTERIM FEE APPLICATION OF
### WEIL, GOTSHAL & MANGES LLP FOR SERVICES RENDERED FOR
### THE COMPENSATION PERIOD OF DECEMBER 1, 2009 THROUGH JULY 30, 2010[2]

| Partners<br><br>Name of Professional: | Department and Year Admitted[3] | Hourly Billing Rate[4] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Goldstein, Marcia L. | BFR – 1975 | $950.00 - $990.00 | 1.20 | $1,188.00 |
| Krasnow, Richard P. | BFR – 1972 | $950.00 - $990.00 | 4.50 | $4,423.00 |
| Waksman, Ted S. | CORP – 1978 | $925.00 | 1.30 | $1,202.50 |
| Goldring, Stuart J. | TAX – 1984 | $900.00 - $990.00 | 17.30 | $16,956.00 |
| Rusman, Jared M. | TAX – 1997 | $770.00 - $900.00 | 3.10 | $2,790.00 |
| Strochak, Adam P. | BFR – 1993 | $750.00 - $845.00 | 151.40 | $126,117.25 |
| **TOTAL** | | | **178.80** | **$152,676.75** |

| Associates<br><br>Name of Professional: | Department and Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jarmer, Christine T. | CORP – 1999 | $630.00 - $695.00 | 7.30 | $4,625.00 |
| Gartin, Randell J. | TAX – 2001 | $530.00 - $665.00 | 77.60 | $50,703.00 |
| Vron, Victoria | BFR – 2005 | $490.00 - $630.00 | 197.90 | $122,094.00 |
| Tseng, Conray C. | BFR – 2007 | $415.00 - $550.00 | 323.00 | $174,621.00 |
| Litvack, David | BFR – 2010 | $395.00 | 0.40 | $158.00 |
| Mills, Marvin | BFR – 2010 | $395.00 | 332.70 | $131,416.50 |
| **TOTAL** | | | **938.90** | **$483,617.50** |

| Law Clerk<br><br>Name of Professional: | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Mills, Marvin[5] | BFR | $225.00 | 5.10 | $1,147.50 |
| **TOTAL** | | | **5.10** | **$1,147.50** |

---

[2] The numbers listed in the "Total Compensation" column reflect voluntary reductions to fees and expenses taken by WG&M after monthly fee applications were served.

[3] BFR – Business Finance & Restructuring, LR – Litigation, and CORP – Corporate.

[4] WG&M's hourly billing rates for professionals and paraprofessionals increased on November 1, 2008 and January 1, 2010.

[5] As of January 19, 2010, Mr. Mills is employed as an associate. Prior to this date, he was employed as a law clerk.

| Paralegals & Legal Staff<br><br>Name of Professional: | Department | Hourly<br>Billing Rate | Total<br>Billed Hours | Total<br>Compensation |
|---|---|---|---|---|
| Metz, Suzin I. | CORP | $275.00 | 3.50 | $962.50 |
| Lee, Kathleen | BFR | $240.00 - $275.00 | 21.90 | $5,980.50 |
| Stauble, Christopher | BFR | $245.00 - $275.00 | 6.00 | $1,650.00 |
| Amponsah, Duke | BFR | $180.00 - $200.00 | 89.40 | $17,828.00 |
| Prindle, Kaitlin C. | BFR | $180.00 | 2.70 | $486.00 |
| Wilmer, Andrea | BFR | $155.00 - $180.00 | 6.50 | $1,170.00 |
| Etienne, Donald | BFR | $155.00 - $160.00 | 1.60 | $144.00 |
| Pugh, Daniela M. | Library | $145.00 | .20 | $29.00 |
| Bettini, Elio | Library | $125.00 | .60 | $75.00 |
| **TOTAL** | | | **132.40** | **$28,325.00** |

| Professional | Blended Rate | Total<br>Billed<br>Hours | Total<br>Compensation |
|---|---|---|---|
| Partners and Counsel | $853.90 | 178.80 | $152,676.75 |
| Associates | $515.09 | 938.90 | $483,617.50 |
| Paraprofessionals | $213.93 | 132.40 | $28,325.00 |
| Law Clerk | $225.00 | 5.10 | $1,147.50 |
| Attorney Blended Rate | $569.29 | | |
| **Total** | | **1,255.20** | **$665,766.75** |

## SUMMARY OF SERVICES BY TASK CODE
## FOR SERVICES RENDERED BY WEIL, GOTSHAL & MANGES LLP
## ON BEHALF OF THE DEBTORS FOR DECEMBER 1, 2009 THROUGH JULY 30, 2010

| Task Code | Description | Hours | Amount |
|---|---|---|---|
| LP0001 | Case Administration | 34.70 | $6,933.00 |
| LP0003 | Secured Creditors Issues/Meetings /Communications | 1.40 | $1,032.50 |
| LP0005 | Hearing and Court Matters | 15.20 | $5,080.50 |
| LP0006 | WG&M Retention/Billing/Fee Applications | 79.10 | $26,171.50 |
| LP0008 | Retention/Fee Applications: Other Professionals | 2.90 | $1,453.50 |
| LP0009 | Schedules/Statement of Financial Affairs | 15.40 | $6,857.00 |
| LP0010 | US Trustee Related Issues | 10.90 | $3,623.50 |
| LP0011 | General Business Operations | 6.30 | $2,502.50 |
| LP0012 | Corporate Governance | 1.30 | $1,027.00 |
| LP0013 | DIP Financing/Cash Collateral | 42.10 | $21,623.00 |
| LP0015 | Insurance Issues | 5.10 | $2,343.50 |
| LP0017 | Asset Dispositions/363 Issues | 0.10 | $54.00 |
| LP0021 | Claims Objections Litigation | 83.60 | $39,201.00 |
| LP0022 | Bar Date Motion & Claims Reconciliation Issues | 14.80 | $6,916.00 |
| LP0023 | Automatic Stay | 6.70 | $2,856.50 |
| LP0025 | Disclosure Statement/Solicitation/Voting | 297.00 | $169,134.50 |
| LP0027 | Plan Negotiations/Plan Confirmation | 554.00 | $320,284.00 |
| LP0028 | Plan Implementation | 16.10 | $7,520.50 |
| LP0029 | Tax Issues | 39.60 | $28,787.00 |
| LP0035 | Non-Bankruptcy Litigation | 23.20 | $10,637.00 |
| LP0036 | Non-working Travel | 5.70 | $1,728.75 |
| **TOTAL** | | **1,255.20** | **$665,766.75** |

**ACTUAL AND NECESSARY DISBURSEMENTS**
**INCURRED BY WEIL, GOTSHAL & MANGES LLP ON BEHALF**
**OF THE DEBTORS FOR DECEMBER 1, 2009 THROUGH JULY 30, 2010**

| EXPENSES | AMOUNTS |
|---|---|
| Domestic Travel and Travel Meals | $2,664.21 |
| Local Transportation | $636.49 |
| Facsimile (External) | $8.00 |
| Duplicating – Firm | $3,100.50 |
| Air Courier/Express Mail | $401.73 |
| Meals (Attorneys and Support Staff) | $594.37 |
| Postage | $0.44 |
| Meals -Meeting/Conference Costs | $633.60 |
| Computerized Research | $4,482.59 |
| Court Reporting | $163.35 |
| **TOTAL** | **$12,685.28** |

## SUMMARY OF THE FINAL FEE APPLICATION OF
## WEIL, GOTSHAL & MANGES LLP FOR SERVICES RENDERED FOR
## THE COMPENSATION PERIOD APRIL 1, 2008 THROUGH JULY 30, 2010[6]

| Partners<br><br>Name of Professional: | Department and Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Goldstein, Marcia L. | BFR – 1975 | $950.00 - $990.00 | 14.70 | $14,013.00 |
| Krasnow, Richard P. | BFR – 1972 | $895.00 - $990.00 | 326.20 | $296,354.00 |
| Waksman, Ted S. | CORP – 1978 | $895.00 - $925.00 | 14.10 | $12,676.50 |
| Goldring, Stuart J. | TAX – 1984 | $860.00 - $990.00 | 58.30 | $52,496.00 |
| Rusman, Jared M. | TAX – 1997 | $770.00 - $900.00 | 7.90 | $6,542.00 |
| Strochak, Adam P. | BFR – 1993 | $750.00 - $845.00 | 673.70 | $522,359.25 |
| Buhle, Warren T. | CORP – 1976 | $860.00 | 3.30 | $2,838.00 |
| Hird, David B. | LR - 1977 | $750.00 | 24.70 | $18,525.00 |
| Marcus, Christopher J. [7] | BFR – 2000 | $650.00 | 131.80 | $85,670.00 |
| **TOTAL** | | | **1254.70** | **$1,011,473.75** |

| Associates<br><br>Name of Professional: | Department and Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Vron, Victoria | BFR – 2005 | $490.00 - $630.00 | 739.40 | $395,244.00 |
| Gartin, Randell J. | TAX – 2001 | $530.00 - $665.00 | 213.10 | $124,608.00 |
| Tseng, Conray C. | BFR – 2007 | $415.00 - $550.00 | 1,123.30 | $510,718.25 |
| Jarmer, Christine T. | CORP – 1999 | $630.00 - $695.00 | 7.30 | $4,625.00 |
| Lucas, John W. | BFR – 2005 | $465.00 - $500.00 | 655.80 | $315,429.00 |
| Levine, Alexander | LR - 2006 | $465.00 - $500.00 | 227.00 | $110,264.00 |
| Benfield, Brianna N. | LR - 2008 | $355.00 | 5.90 | $2,094.50 |
| Mann, Tracy T. | LR - 2008 | $355.00 | 2.90 | $1,029.50 |
| Solaimani, Farbod | TAX – 2008 | $355.00 | 0.30 | $106.50 |
| Litvack, David | BFR – 2010 | $395.00 | 0.40 | $158.00 |
| Mills, Marvin | BFR – 2010 | $395.00 | 332.70 | $131,416.50 |

---

[6] The numbers listed in the "Total Compensation" column reflect reductions to fees and expenses taken by WG&M after monthly fee applications were served.

[7] Mr. Marcus no longer is a partner of WG&M.  Mr. Lucas no longer is an employee of WG&M.

| Associates Name of Professional: | Department and Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Nagar, Roshelle A | CORP – 1989 | $595.00 | 0.60 | $357.00 |
| **TOTAL** | | | **3,308.70** | **$1,596,050.25** |

| Law Clerk Name of Professional: | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Mills, Marvin[8] | BFR | $225.00 | 56.70 | $12,757.50 |
| **TOTAL** | | | **56.70** | **$12,757.50** |

| Paralegals & Legal Staff Name of Professional: | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Lee, Kathleen | BFR | $240.00 - $275.00 | 133.80 | $33,036.50 |
| Stauble, Christopher | BFR | $245.00 - $275.00 | 8.50 | $2,262.50 |
| Rodriguez, Ilusion | BFR | $155.00 - $180.00 | 3.90 | $634.50 |
| Wilmer, Andrea | BFR | $155.00 - $180.00 | 29.30 | $4,730.50 |
| Amponsah, Duke | BFR | $180.00 - $200.00 | 427.20 | $78,632.00 |
| Etienne, Donald | BFR | $155.00 - $160.00 | 11.80 | $1,727.50 |
| Greco, Maximiliano | Library | $85.00 | 1.70 | $144.50 |
| Santiago, Yesenia | Library | $85.00 | 0.10 | $8.50 |
| Bettini, Elio | Library | $125.00 | 0.60 | $75.00 |
| Cruz, Luis | Library | $135.00 | 1.30 | $175.50 |
| Burdette, Leslie A. | MC | $140.00 | 3.00 | $420.00 |
| Paison, Luis L. | MC | $140.00 | 2.00 | $280.00 |
| Pugh, Daniela M. | Library | $145.00 | 0.20 | $29.00 |
| Aliseo, Nicole K. | BFR | $160.00 | 1.80 | $288.00 |
| Matiteyahu, Gillad | BFR | $160.00 | 0.70 | $112.00 |
| Ribaudo, Maek | MC | $170.00 | 2.00 | $340.00 |
| Prindle, Kaitlin C. | BFR | $180.00 | 3.70 | $666.00 |
| Koul, Yashomati B. | BFR | $180.00 | 2.70 | $486.00 |
| Roth, Debra | LR | $180.00 | 2.30 | $414.00 |
| Potter, Lougran | LR | $180.00 | 2.90 | $522.00 |

---

[8] As of January 19, 2010, Mr. Mills is employed as an associate. Prior to this date, he was employed as a law clerk.

| Paralegals & Legal Staff Name of Professional: | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Fredrick, Frances | Library | $195.00 | 0.20 | $39.00 |
| Losick, Merill | Library | $195.00 | 0.50 | $97.50 |
| Suthar, Anh N. | LR | $200.00 | 3.50 | $700.00 |
| Seavey, Lori A. | BFR | $205.00 | 2.30 | $471.50 |
| Geeslin, Judy | Library | $205.00 | 1.10 | $225.50 |
| George, Camille A. | LR | $210.00 | 1.20 | $252.00 |
| Metz, Suzin I. | CORP | $275.00 | 3.50 | $962.50 |
| **TOTAL** | | | **651.80** | **$127,732.00** |

| Professional | Blended Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|
| Partners and Counsel | $806.15 | 1,254.70 | $1,011,473.75 |
| Associates | $482.38 | 3,308.70 | $1,596,050.25 |
| Paraprofessionals | $195.97 | 651.80 | $127,732.00 |
| Law Clerk | $225.00 | 56.70 | $12,757.50 |
| Attorney Blended Rate | $571.40 | | |
| **Subtotal** | | **5,271.90** | **$2,748,013.50** |
| Less Reductions[9] | | | ($24,403.51) |
| **Total** | | | **$2,723.609.99** |

---

[9] WG&M's time records reflect total fees incurred of $2,748,013.50. Prior to filing certain of its interim fee applications, WG&M made reductions of its fees of $8,748.00. At hearings to consider its interim fee applications, WG&M made further reductions of its fees of $15,655.51. WG&M has made a total reduction of its fees of $24,403.51, which reduced the total fees sought to $2,723,609.99.

**SUMMARY OF SERVICES BY TASK CODE**
**FOR SERVICES RENDERED BY WEIL, GOTSHAL & MANGES LLP**
**ON BEHALF OF THE DEBTORS FOR APRIL 1, 2008 THROUGH JULY 30, 2010**

| Task Code | Description | Hours | Amount |
|---|---|---|---|
| LP0001 | Case Administration | 351.60 | $119,518.50 |
| LP0002 | Unsecured Creditors Issues/Meeting/Communications/Creditors' | 39.50 | $26,308.50 |
| LP0003 | Secured Creditors Issues/Meetings /Communications | 10.60 | $6,300.50 |
| LP0004 | General Case Strategy | 38.80 | $20,479.50 |
| LP0005 | Hearing and Court Matters | 216.80 | $97,426.00 |
| LP0006 | WG&M Retention/Billing/Fee Applications | 336.30 | $114,781.00 |
| LP0007 | Retention/Fee Applications: Ordinary Course Professionals | 18.10 | $6,222.00 |
| LP0008 | Retention/Fee Applications: Other Professionals | 104.30 | $53,750.00 |
| LP0009 | Schedules/Statement of Financial Affairs | 127.60 | $55,992.50 |
| LP0010 | US Trustee Related Issues | 61.50 | $25,958.50 |
| LP0011 | General Business Operations | 19.80 | $10,553.50 |
| LP0012 | Corporate Governance | 4.80 | $3,699.00 |
| LP0013 | DIP Financing/Cash Collateral | 414.70 | $239,516.50 |
| LP0014 | Exit Financing | 43.40 | $23,478.00 |
| LP0015 | Insurance Issues | 39.90 | $23,569.50 |
| LP0016 | Employee/ERISA/Benefits Issues | 1.80 | $1,034.50 |
| LP0017 | Asset Dispositions/363 Issues | 43.00 | $22,569.00 |
| LP0018 | Executory Contracts/365 Issues | 32.70 | $16,399.00 |
| LP0019 | Real Property/365 Issues | 16.90 | $7,569.00 |
| LP0021 | Claims Objections Litigation | 120.80 | $57,337.00 |
| LP0022 | Bar Date Motion & Claims Reconciliation Issues | 117.70 | $56,600.50 |
| LP0023 | Automatic Stay | 34.60 | $16,989.50 |

| Task Code | Description | Hours | Amount |
|---|---|---|---|
| LP0025 | Disclosure Statement/Solicitation/Voting | 1,060.40 | $561,791.00 |
| LP0026 | Exclusivity | 625.90 | $377,804.00 |
| LP0027 | Plan Negotiations/Plan Confirmation | 1,005.90 | $590,865.00 |
| LP0028 | Plan Implementation | 16.10 | $7,520.50 |
| LP0029 | Tax Issues | 111.50 | $69,774.00 |
| LP0031 | Customer/Vendor Issues | 41.60 | $20,555.00 |
| LP0032 | Utility Issues | 15.60 | $7,699.50 |
| LP0033 | Reclamation/503(B)(9) Claims | 15.60 | $8,114.50 |
| LP0035 | Non-Bankruptcy Litigation | 46.60 | $23,498.50 |
| LP0036 | Non-working Travel | 73.60 | $33,369.50 |
| LP0038 | Discovery/Document Review and Production | 16.00 | $9,453.00 |
| LP0040 | Mediation | 47.90 | $31,517.00 |
| **Subtotal** | | **5,271.90** | **$2,748,013.50** |
| Less Reductions[10] | | | ($24,403.51) |
| **Total** | | | **$2,723,609.99** |

---

[10] WG&M's time records reflect total fees incurred of $2,748,013.50. Prior to filing certain of its interim fee applications, WG&M made reductions of its fees of $8,748.00. At hearings to consider its interim fee applications, WG&M made further reductions of its fees of $15,655.51. WG&M has made a total reduction of its fees of $24,403.51, which reduced the total fees sought to $2,723,609.99.

**ACTUAL AND NECESSARY DISBURSEMENTS
INCURRED BY WEIL, GOTSHAL & MANGES LLP ON BEHALF
OF THE DEBTORS FOR APRIL 1, 2008 THROUGH JULY 30, 2010**

| EXPENSES | AMOUNTS |
|---|---|
| Domestic Travel and Travel Meals | $12,614.83 |
| Local Transportation | $2,774.31 |
| Business Meals | $208.29 |
| Facsimile | $10.00 |
| Duplicating – Firm | $14,732.85 |
| Air Courier/Express Mail | $1,403.30 |
| Meals (Attorneys and Support Staff) | $2,457.40 |
| Postage | $102.84 |
| O/S Messenger – Courier & Taxi | $356.92 |
| Telephone/Teleconference | $173.91 |
| Meals –Meeting/Conference Costs | $2,013.09 |
| Computerized Research | $38,014.57 |
| Court Reporting | $8,172.57 |
| Document Processing | $204.00 |
| Filing Fees | $2,078.00 |
| **Subtotal** | **$85,316.88** |
| Less Reductions[11] | ($589.12) |
| **Total** | **$84,727.76** |

---

[11] WG&M's time records reflect total expenses incurred of $85,316.88. At hearings to consider its interim fee applications, WG&M made reductions of its expenses of $589.12, which reduced the total expenses sought to $84,727.76.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------------x
                                          :
In re:                                    :        Chapter 11
                                          :
LEXINGTON PRECISION CORP., et al.,        :        Case No. 08-11153 (SCC)
                                          :
              Debtors.                    :        (Jointly Administered)
                                          :
-----------------------------------------------------------------------x
```

**SIXTH INTERIM AND FINAL FEE APPLICATION OF**
**WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE**
**DEBTORS FOR ALLOWANCE OF COMPENSATION FOR**
**PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT**
**OF ACTUAL AND NECESSARY EXPENSES INCURRED DURING THE (I) INTERIM**
**COMPENSATION PERIOD DECEMBER 1, 2009 THROUGH JULY 30, 2010**
**AND (II) TOTAL COMPENSATION PERIOD APRIL 1, 2008 THROUGH JULY 30, 2010**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

        Weil, Gotshal & Manges LLP ("**WG&M**"), attorneys for Lexington Precision

Corporation ("**LPC**") and Lexington Rubber Group, Inc. ("**LRGI**," and together with LPC, the

"**Debtors**"), for its sixth interim and final application (the "**Application**"), pursuant to

sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**") and

Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for

(i) allowance of compensation for professional services rendered to the Debtors during the

interim compensation period from December 1, 2009 through July 30, 2010 (the "**Sixth Interim Compensation Period**") in the amount of $665,766.75 and reimbursement of actual, reasonable and necessary expenses disbursed in connection with the rendition of services in the amount of $12,685.28, which amounts have not been the subject of previous interim fee applications, and (ii) final allowance of compensation for professional services rendered to the Debtors during the period commencing April 1, 2008 through and including July 30, 2010 (the "**Total Compensation Period**") in the aggregate amount of $2,723,609.99 and reimbursement of actual, reasonable and necessary expenses disbursed in connection with the rendition of services in the amount of $84,727.76; and (iii) final allowance of all amounts previously held back in the aggregate amount of $201,688.99 (the "**Holdback**").  In support of this Application, WG&M respectfully represents as follows:

**SUMMARY OF PROFESSIONAL COMPENSATION
AND REIMBURSEMENT OF EXPENSES REQUESTED**

1.      This Application has been prepared in accordance with the *Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, adopted by the Court on June 20, 1991 (the "**Fee and Disbursement Guidelines**") and the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, adopted by the Court on April 19, 1995 (together with the Fee and Disbursement Guidelines, the "**Local Guidelines**"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, adopted on January 30, 1996 (the "**UST Guidelines**"), and the *Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals*, dated April 22, 2008 (the "**Administrative Order**," and collectively with the Local Guidelines and the

UST Guidelines, the "**Guidelines**").  Pursuant to the Local Guidelines, a certification regarding

compliance with the same is annexed hereto as **Exhibit A.**  Pursuant to the UST Guidelines,

WG&M has provided a copy of this Application to the Debtors and anticipate their approval

prior to the hearing on this Application.

2.      As set forth above, by this Application, WG&M requests (i) allowance of

interim compensation for professional services rendered to the Debtors during the Sixth Interim

Compensation Period in the amount of $665,766.75 and reimbursement of actual, reasonable and

necessary expenses disbursed in connection with the rendition of services in the amount of

$12,685.28, (ii) final allowance of compensation for professional services rendered to the

Debtors throughout these chapter 11 cases during the Total Compensation Period in the

aggregate amount of $2,723,609.99 and reimbursement of actual, reasonable and necessary

expenses disbursed in connection with the rendition of services in the amount of $84,727.76; and

(iii) final allowance of the Holdback.

3.      Other than pursuant to the Administrative Order, WG&M has received no

payment and no promises of payment from any source for services rendered or to be rendered in

any capacity whatsoever in connection with the matters covered by this Application.  There is no

agreement or understanding between WG&M and any other person, other than members of the

firm, for the sharing of compensation to be received for services rendered in these cases.

4.      Prior to the commencement of these chapter 11 cases, the Debtors paid

WG&M an aggregate amount of $750,000 in respect of professional services rendered and to be

rendered and for disbursements incurred and to be incurred in connection with (i) the Debtors'

efforts prior to the commencement of these chapter 11 cases to restructure their obligations out

of court, (ii) the preparation for the Debtors' chapter 11 cases, and (iii) certain other related matters (the "**Advance Payment**").

5.    As set forth in the *Affidavit and Disclosure Statement of Richard P. Krasnow Pursuant to Bankruptcy Code Sections 327, 328(a), 329 and 504 and Federal Rules of Bankruptcy Procedure 2014(a) and 2016(b) in Support of Debtors' Application for a Motion Authorizing The Employment and Retention of Weil, Gotshal & Manges LLP as Attorneys for the Debtors, Nunc Pro Tunc to the Commencement Date*, dated April 1, 2008, (the "**Krasnow Affidavit**"), WG&M used the Advance Payment to credit the Debtors' account for WG&M's estimated charges for professional services performed and expenses incurred up to the time of the commencement of these chapter 11 cases and has reduced the balance of the credit available to the Debtors by the amount of such charges.  As of the Commencement Date, WG&M has a remaining credit balance in favor of the Debtors for future professional services to be performed, and expenses to be incurred, in the approximate amount of $97,017.51.  (Krasnow Affidavit ¶ 6).

6.    The fees charged by WG&M in these cases are billed in accordance with its existing billing rates and procedures in effect during the Total Compensation Period.  The rates WG&M charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates WG&M charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

7.    In accordance with the UST Guidelines, annexed hereto as **Exhibit B** and **Exhibit E** are schedules setting forth the following information for the Sixth Interim Compensation Period and the Total Compensation Period, respectively:  (i) all WG&M

professionals and paraprofessionals who performed services in these chapter 11 cases during the Total Compensation Period; (ii) the capacities in which each such individual was employed during the applicable period; (iii) the department in which each individual performed professional or paraprofessional services; (iv) the hourly billing rate charged by WG&M for services performed by the individual; (v) the year in which each professional received a license to practice law; and (vi) the aggregate number of hours expended by each individual.

8.     Annexed hereto as **Exhibit C** and **Exhibit F** are schedules for the Sixth Interim Compensation Period and the Total Compensation Period, respectively, setting forth: (i) the project categories of expenses for which WG&M is seeking reimbursement, and (ii) the total amount for each such category.

9.     Pursuant to section (b)(4) of the UST Guidelines, annexed hereto as **Exhibit D** and as **Exhibit G** are summaries of WG&M's time records billed during the Sixth Interim Compensation Period and the Total Compensation Period, respectively, categorized according to WG&M's internal system of task codes.

10.     WG&M maintains computerized records of the time spent by all WG&M attorneys and paraprofessionals in connection with the prosecution of the Debtors' chapter 11 cases.  Subject to redaction or modification for the attorney-client privilege where necessary to protect the Debtors' estates, copies of these computerized records will be furnished to the Court and the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") in the format specified by the UST Guidelines.

## BACKGROUND

11.     On April 1, 2008 (the "**Commencement Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

12.     The Debtors' chapter 11 cases were consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

13.     On April 11, 2008, the U.S. Trustee appointed the statutory committee of creditors (the "**Creditors' Committee**").

14.     Pursuant to an order of the Court, dated, April 2, 2008, the Debtors retained Epiq Bankruptcy Solutions, LLC ("**Epiq**"), as the Debtors' claims agent.

15.     On July 21, 2010, the Court entered an order (the "**Confirmation Order**") confirming the *Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified*, dated May 26, 2010 (as further modified, the "**Plan**").  The effective date of the Plan occurred on July 30, 2010.

### Retention of WG&M and Prior Fee Applications

16.     On April 2, 2008, the Debtors filed an application for an order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) authorizing the employment and retention of WG&M as attorneys for the Debtors.  [Docket No. 35].  No party objected to WG&M's retention.  By order dated April 22, 2008, the Court authorized the Debtors to retain WG&M as their attorneys to render legal services in the prosecution of their chapter 11 cases.  [Docket No. 85].

17.     On September 24, 2008, WG&M filed its first interim application (the "**First Interim Fee Application**") seeking approval of $958,601.50 in fees and $31,759.50 in expenses incurred between April 1, 2008 and July 31, 2008 [Docket No. 412].  On November 6, 2008, the Court approved 95% of $959,601.50, in the amount of $897,271.42 and 100% of WG&M's expenses in the amount of $31,182.07 for a total of $928,553.49.  Approval of 5% of WG&M's fees in the amount of $47,230.08 was held back until the completion of these chapter 11 cases.  Upon further review of the underlying figures, the Debtors calculated that the

amount of fees listed in the order approving WG&M's fees ($959,601.50) was incorrect by

$1,000 and should have been $958,601.50.  Accordingly, the approved fees and holdback were

reduced to $896,421.43 (a reduction of $949.99) and $47,180.07 (a $50.01 reduction),

respectively.  The Debtors have paid WG&M the revised total of $927,601.50, which reflect the

corrected amount.

18.      On January 28, 2009, WG&M filed its second interim (the "**Second**

**Interim Fee Application**") application seeking approval of $400,657.75 in fees and $13,819.61

in expenses incurred between August 1, 2008 and November 30, 2008 [Docket No 542].  On

April 7, 2009, the Court approved 90% of WG&M's fees in the amount of $360,591.97 and

100% of WG&M's expenses in the amount of $13,819.61 for a total of $374,411.58.  Approval

of 10% of WG&M's fees in the amount of $40,065.77 was held back until the completion of

these chapter 11 cases.

19.      On June 17, 2009, WG&M filed its third interim application (the "**Third**

**Interim Fee Application**") seeking approval of $431,503.00 in fees and $16,575.12 in expenses

incurred between December 1, 2008 and March 31, 2009 [Docket No. 646].  On July 31, 2009,

after WG&M made certain voluntary reductions, the Court approved 80% of WG&M's fees in

the amount of $344,678.00 and 100% of WG&M's expenses in the amount of $16,563.43.

Approval of 20% of WG&M's fees in the amount of $86,169.50 was held back until the

completion of these chapter 11 cases.

20.      On October 27,2009, WG&M filed its fourth interim application (the

"**Fourth Interim Fee Application**") seeking approval of $112,242.50 in fees and $6,031.52 in

expenses incurred between April 1, 2009 and July 31, 2009 [Docket No. 715].  Thereafter,

WG&M voluntarily reduced the amount of fees requested in the Fourth Interim Fee Application

by $8,153.00.

21.     On February 4, 2010, WG&M filed its fifth interim application (the "**Fifth Interim Fee Application,**" and together with the First, Second, Third, and Fourth Interim Fee Applications, the "**Prior Applications**") seeking approval of $170,494.00 in fees and $4,445.85 in expenses incurred between August 1, 2009 and November 30, 2009 [Docket No. 715].

22.     By order dated May 28, 2010, the Court approved payment of 90% of the fees requested in both the Fourth and Fifth Interim Fee Applications (subject to WG&M's voluntary reduction), in the amounts of $101,018.25, and $153,444.60, respectively, and 100% of the requested expenses.  The Court held back payment of 10% of the fees WG&M requested in the Fourth and Fifth Interim Fee Applications, in the respective amounts of $11,224.25 and $17,049.40, until the completion of these chapter 11 cases.

23.     The Debtors have advised WG&M that, to date, they have paid all quarterly fees due to the U.S. Trustee.

**SUMMARY OF SERVICES**

24.     Throughout the Sixth Interim Compensation Period and the Total Compensation Period, WG&M rendered a substantial amount of professional services in furtherance of the Debtors' chapter 11 cases.

Sixth Interim Compensation Period

25.     Below is a general, non-exhaustive summary of the professional services rendered by WG&M during the Sixth Interim Compensation Period only.[12]

---

[12] The Prior Applications include summaries of the professional services rendered during the respective interim compensation periods.

a.    <u>Case Administration (Task Code LP0001)</u>

- Maintained project list, case calendar, and case docket of documents filed with the Court.

- Prepared and filed agenda letters for each hearing before the Court.

- Participated in numerous conferences with Debtors' regarding case administration.

b.    Unsecured Creditors Issues/Meetings/
<u>Communications/Creditors' Committee (Task Code LP0002)</u>

- Prepared for, attended, and participated in meetings with the Creditors' Committee and/or its professionals.

- Conducted teleconferences with the attorneys for the Creditors' Committee regarding the status of the cases.

c.    <u>Hearing and Court Matters (Task Code LP 0005)</u>

- Attended numerous hearings, including, among others, Debtors' motion to extend use of cash collateral, numerous Chambers' conferences regarding the continued use of cash collateral, and the third interim fee applications of certain professionals.

d.    <u>WG&M Retention/Billings/Fee Applications (Task Code LP0006)</u>

- Reviewed monthly billing summary reports of WG&M and other professionals for compliance with the UST Guidelines.

- Prepared monthly fee statements and letters.

- Drafted, reviewed, revised, and filed Fourth and Fifth Interim Fee Applications.

e.    Retention/Fee Application:
<u>Other Professionals (Task Code LP 0008)</u>

- Communications between WG&M personnel and other professionals regarding the creditors' committee consultant and Andrews & Kurth LLP's invoices.

f.    <u>Schedules/Statement of Financial Affairs (Task Code LP0009)</u>

- Prepared motion to deem schedules amended [Docket No. 923].

g.    U.S. Trustee Related Issues (Task Code LP0010)

- Teleconferences with the U.S. Trustee regarding various issues pertaining to the Debtors' chapter 11 cases.

- Prepared, reviewed, and filed monthly operating reports.

h.    General Business Operations (Task Code LP0011)

- Prepared audit letter in response to inquiry from the Debtors' auditors.

i.    Corporate Governance (Task Code LP0012)

- Participated in telephonic board meeting.

j.    DIP Financing/Cash Collateral (Task Code LP 0013)

- Drafted, reviewed, and filed multiple motions for continued use of cash collateral.

- Prepared cash collateral stipulations and reviewed term sheets.

k.    Insurance Issues (Task Code LP0015)

- Prepared notice of presentment of insurance premium financing agreement motion and order [Docket No. 972].

l.    Asset Dispositions/363 Issues (Task Code LP0015)

- Communications with Creditors' Committee regarding request for non-disclosure agreement.

m.    Claims Objection Litigation (Task Code LP0021)

- Prepared objection to proof of claim filed by Bank of New York Mellon.

- Prepared and filed motion to extend authority to file omnibus claims objections [Docket No. 922], and communications related thereto.

- Prepared and filed objection to proof of claim filed by Wacker Chemical Corp. [Docket No. 973], and communications related thereto.

- Prepared second and third omnibus claims objections [Docket Nos. 1004, 1005].

n.    <u>Bar Date Motion & Claims Reconciliation Issues (Task Code LP0022)</u>

- Reviewed Zurich American Insurance Company confidentiality agreement, and communications related thereto.

- Prepared memorandum addressing state tax claim issues, and research related thereto.

o.    <u>Automatic Stay (Task Code LP0023)</u>

- Prepared letter to DPH Holdings Corporation with regard to automatic stay violation, and researched issues in connection therewith.

- Prepared and filed notice of bankruptcy in DPH Holdings Corporation's chapter 11 case.

- Communications between WG&M personnel and other professionals regarding automatic stay issues.

p.    <u>Disclosure Statement/Solicitation/Voting (Task Code LP0025)</u>

- Prepared, reviewed, and filed disclosure statement [Docket No. 870] and notice of hearing to approve the same [Docket No. 872], and communications related thereto.

- Prepared and filed disclosure statement motion supplement [Docket No. 871].

- Communications between WG&M personnel and recipients of notice of hearing on motion to approve disclosure statement.

- Prepared, revised, and filed reply to disclosure statement objections [Docket No. 885], and communications related thereto.

- Reviewed solicitation materials, and communications related thereto.

q.    <u>Plan Negotiations/Plan Confirmation (Task Code LP0027)</u>

- Prepared and reviewed confirmation brief in support of the Plan [Docket No. 959], and researched issues related thereto.

- Prepared confirmation order.

- Communications between WG&M personnel and other professionals regarding plan status and negotiation issues.

- Reviewed pleadings and prepared for confirmation hearing on July 21, 2010.

    r.     <u>Plan Implementation (Task Code LP0028)</u>

- Communications between WG&M professionals, the Reorganized Debtors, and other professionals regarding plan implementation issues, including, among other things, distributions to creditors.

    s.     <u>Tax Issues (Task Code LP0029)</u>

- Communications between personnel and the Company regarding net operating losses, tax elections, cancellation of debt income, and certain carry-over rules.

    t.     <u>Non-Bankruptcy Litigation (Task Code LP0035)</u>

- Prepared and filed response to DPH Holdings Corporation claim objection.

- Communications between WG&M and the Company regarding Delphi Corporation preference action.

    u.     <u>Non Working Travel (Task Code LP0036)</u>

- Traveled to and from various destinations including, but not limited to, Court hearings and the Debtors' offices.

26.    The professional services performed by WG&M on behalf of the Debtors during the Sixth Interim Compensation Period required an aggregate expenditure of 1,255.2 recorded hours by WG&M's members, counsel, associates, and paraprofessionals.  Of the aggregate time expended, 178.8 recorded hours were expended by partners and counsel of WG&M, 938.9 recorded hours were expended by associates, and 132.4 recorded hours were expended by paraprofessionals of WG&M.

27.    During the Sixth Interim Compensation Period, WG&M billed the Debtors for time expended by attorneys bases on hourly rates ranging from $225 to $950 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $569.29 (based on 1,117.7 recorded hours for attorneys at WG&M's regular billing rates in effect at the time of the performance of services).  As noted, annexed hereto is a

schedule listing each WG&M professional and paraprofessional who performed services in these

cases during the Compensation Period, the hourly rate charged by WG&M for services

performed by each such individual, and the aggregate number of hours and charges by each such

individual.

28.     The foregoing professional services performed by WG&M were necessary

and appropriate to the administration of the Debtors' chapter 11 cases.  The professional services

performed by WG&M were in the best interests of the Debtors and other parties in interest.

Compensation for the foregoing services as requested is commensurate with the complexity,

importance, and nature of the problems, issues, or tasks involved.  The professional services

were performed with expedience and in an efficient manner.

<u>Total Compensation Period</u>

29.     Throughout the Total Compensation Period, WG&M rendered a

substantial amount of professional services in furtherance of the Debtors' chapter 11 cases, and

assisted the Debtors in negotiating and executing a reorganization plan that maximized the value

of their estates for the benefit of all parties in interest.

30.     Among other things, WG&M devoted a substantial amount of time toward

addressing numerous issues in connection with (i) preparing the Debtors' first day motions, and

the Debtors' schedules and statements of financial affairs [Docket Nos. 174, 176], and reviewing

and filing monthly operating reports; (ii) representing the Debtors in hearings and negotiations

with parties in interest, and participating in numerous meetings with the attorneys for the

Creditors' Committee and counsel for the Debtors' prepetition secured lenders; (iii) preparing

and filing, on behalf of the Debtors, numerous motions, applications, and related court pleadings

regarding, among other things, the retention of professionals, the establishment of a date by

which to file proofs of claims, and the reclassification of claims; (iv) analyzing and reconciling

hundreds of administrative, secured, priority, and unsecured claims, preparing omnibus claims

objections; and (v) preparing and negotiating a plan of reorganization, the disclosure statement

thereto, and prosecuting confirmation of the Plan.

31.    Services rendered by WG&M during the Total Compensation Period have

been grouped into different project categories or task codes.  The number of hours and total

compensation requested for each of the task codes during the Total Compensation Period is set

forth on **Exhibit G**.  The services rendered during the Total Compensation Period encompass

those rendered during the Sixth Interim Compensation Period.

32.    The majority of the services performed by members and associates of

WG&M were rendered by the Business Finance & Restructuring Department.  WG&M has a

preeminent practice in this area and enjoys a national reputation for its expertise in financial

reorganizations and restructurings of troubled entities.  WG&M has been actively involved in

major chapter 11 cases, and currently represents or has represented, among others, the following

debtors:  Texas Rangers Baseball Partners; Hawkeye Renewables LLC; Extended Stay Inc.;

Simmons Bedding Company; General Motors Corporation; General Growth Properties, Inc.;

Magna Entertainment Corp.; BearingPoint, Inc.; Lehman Brothers Holdings Inc.; Lexington

Precision Corp.; LandSource Communities Development LLC; Vertis Holdings, Inc.; PRC, LLC;

Charys Holding Co., Inc. and Crochet & Borel Services, Inc.; Sharper Image Corporation;

Silicon Graphics, Inc.; Atkins Nutritionals, Inc.; Footstar, Inc.; New World Pasta Company;

Parmalat USA Corp.; Loral Space & Communications Ltd.; TL Administration Corporation;

Republic Engineered Product Holdings; WestPoint Stevens Inc.; Worldcom, Inc.; Adelphia

Business Solutions, Inc.; Enron Corp.; APW Ltd., Agway, Inc.; Formica Corp.; and Global

Crossing Ltd.  As a consequence, WG&M has brought to these cases a high level of expertise and experience that inures to the benefit of the Debtors and all parties in interest.

33.    Overall, of the 5,271.9 recorded hours expended during the Total Compensation Period, 1,254.7 recorded hours were expended by partners of WG&M, 3,308.7 recorded hours were expended by associates, and 651.8 recorded hours were expended by paraprofessionals.  Allowance of compensation in the amount requested for the Total Compensation Period would result in a blended hourly billing rate of approximately $571.4 (based on 4,563.4 recorded hours for attorneys at WG&M's regular billing rates in effect at the time of the performance of services).

## ACTUAL AND NECESSARY DISBURSEMENTS

34.    As set forth in **Exhibit C and Exhibit F** hereto, WG&M has disbursed $12,685.28 as expenses incurred in providing professional services during the Sixth Interim Compensation Period, and $84,727.76 during the Total Compensation Period.  WG&M's disbursement policies pass through all out of pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  For example, with respect to duplication charges, WG&M charged $0.10 per page because the actual cost is difficult to determine.  Similarly, as it relates to computerized research, WG&M believes that it does not make a profit on that service as a whole although the cost of any particular search is difficult to ascertain.  Other reimbursable expenses (whether the service is performed by WG&M in-house or through a third party vendor) include, but are not limited to, facsimiles, toll calls, overtime, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk fees.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

35.    Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 to govern the Court's

award of such compensation.  Section 330 provides that a court may award a professional

employed under section 327 of the Bankruptcy Code "reasonable compensation for actual

necessary services rendered . . . and reimbursement for actual, necessary expenses."  Section 330

also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be
> awarded, the court should consider the nature, the extent, and the
> value of such services, taking into account all relevant factors,
> including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the
> administration of, or beneficial at the time at which the
> service was rendered toward the completion of, a case
> under this title;
>
> (D)    whether the services were performed within a
> reasonable amount of time commensurate with the
> complexity, importance, and nature of the problem, issue,
> or task addressed; and
>
> (E)    whether the compensation is reasonable based on
> the customary compensation charged by comparably skilled
> practitioners in cases other than cases under this title.

36.    In the instant case, WG&M respectfully submits that the services for

which it seeks compensation and the expenditures for which it seeks reimbursement in this

Application were necessary for, and beneficial, to the Debtors' orderly administration of their

estates and their rehabilitation and reorganization effort.  WG&M worked assiduously to

anticipate or respond to the Debtors' needs and assist in the Debtors' chapter 11 process.  Such

services and expenditures were necessary to, and in the best interests of, the Debtors' estates and creditors.

37.    WG&M's fees are reasonable based on the successful outcome of the chapter 11 cases and the level of effort necessary to accomplish the Debtors' financial restructuring.  Although the cases started in April 2008 with the anticipation that a speedy balance-sheet restructuring could be accomplished, the financial and credit crisis in the fall of 2008 made a longer stay in chapter 11 necessary.  The credit crisis required the Debtors to refocus their exit financing strategy on an equity investment rather than debt financing, a process that required much more time and an attendant increase in professionals fees as the cases became more complicated and lengthier.  In addition, the cases were very contentious from the very start and litigation with the Creditors' Committee over issues both large (motions to terminate and extend exclusivity) and small (motion to extend the time to file schedules and statement of financial affairs) required significant effort by WG&M.  Likewise, disputes between the Debtors and their prepetition secured lenders required WG&M to devote substantial efforts to litigation. Competing plans of reorganization filed by the Creditors' Committee and the secured lenders similarly required extensive efforts by WG&M.  As the Court is aware, notwithstanding the adverse circumstances of the credit crisis, the deep recession, and the collapse of the North American automobile manufacturing segment, the Debtors were able to reorganize and ultimately confirmed a plan of reorganization which provides a full recovery for secured creditors, full recovery for unsecured creditors of the subsidiary debtor, LRGI, and a substantial recovery for unsecured creditors of the parent company, LPC.  This successful outcome demonstrates that WG&M's services were necessary and beneficial to the estates, as well as

reasonable in light of the complexity, importance and nature of the legal problems the Debtors

faced.

38.     Furthermore, WG&M sought to minimize the costs of its services to the

Debtors, whenever possible, by utilizing talented junior attorneys and paraprofessionals to

handle more routine aspects of case administration.  A small group of the same WG&M

attorneys performed the vast majority of the work in these cases to minimize the costs of intra-

WG&M communication and education about the Debtors' circumstances.

39.     In sum, the services rendered by WG&M were necessary and beneficial to

the Debtors' estates and were consistently performed in a timely manner commensurate with the

complexity, importance, and nature of the issues involved, and approval of the compensation for

professional services and reimbursement of expenses sought herein is warranted.

## **CONCLUSION**

WHEREFORE WG&M respectfully requests approval of (i) the compensation for professional services rendered to the Debtors during the Sixth Interim Compensation Period in the amount of $665,766.75 and reimbursement of actual, reasonable and necessary expenses disbursed in connection with the rendition of services in the amount of $12,685.28, and (ii) final allowance of compensation for professional services rendered to the Debtors during the Total Compensation Period in the aggregate amount of $2,723,609.99 and reimbursement of actual, reasonable and necessary expenses disbursed in connection with the rendition of services in the amount of $84,727.76, (iii) final allowance of the Holdback, in the aggregate amount of $201,688.99, and (iv) such other and further relief as is just.

Dated: September 28, 2010
       New York, New York

/s/ Adam P. Strochak
Richard P. Krasnow
Adam P. Strochak

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Debtors
and Debtors in Possession

# EXHIBIT A

**Certification**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                        :
In re                                   :        Chapter 11
                                        :
LEXINGTON PRECISION CORP., et al.,      :        Case No. 08-11153 (SCC)
                                        :
            Debtors.                    :        (Jointly Administered)
                                        :
-------------------------------------------------------------x
```

### CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF SIXTH INTERIM AND FINAL FEE APPLICATION OF WEIL, GOTSHAL & MANGES LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

I, Adam P. Strochak, hereby certify that:

1.      I am a partner with the applicant firm, Weil, Gotshal & Manges LLP

("**WG&M**"), with responsibility for the chapter 11 cases of Lexington Precision Corporation and

Lexington Rubber Group, Inc. (together, the "**Debtors**"), as debtors and debtors in possession, in

respect of compliance with the *Guidelines for Fees and Disbursements for Professionals in*

*Southern District of New York Bankruptcy Cases*, adopted by the Court on June 20, 1991 (the

"**Fee and Disbursement Guidelines**") and the *Amended Guidelines for Fees and Disbursements*

*for Professionals in Southern District of New York Bankruptcy Cases*, adopted by the Court on

April 19, 1995 (together with the Fee and Disbursement Guidelines, the "**Local Guidelines**"),

the *United States Trustee Guidelines for Reviewing Applications for Compensation and*

*Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, adopted on January 30, 1996 (the "**UST Guidelines**") and the *Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals*, dated April 22, 2008 (the "**Administrative Order**," and collectively with the Amended Local Guidelines and UST Guidelines, the "**Guidelines**").

2.       This certification is made in respect of WG&M's application, dated September 28, 2010 (the "**Application**"), for (i) allowance of interim compensation for professional services rendered to the Debtors for the period from December 1, 2009 through July 30, 2010 in the amount of $665,766.75 and reimbursement of actual, reasonable and necessary expenses disbursed in connection with the rendition of services in the amount of $12,685.28, which amounts have not been the subject of previous interim fee applications, (ii) final allowance of compensation for professional services rendered to the Debtors during the period commencing April 1, 2008 through and including July 30, 2010 in the aggregate amount of $2,723,609.99 and reimbursement of actual, reasonable and necessary expenses disbursed in connection with the rendition of services in the amount of $84,727.76, and (iii) final allowance of all amounts previously held back in the aggregate amount of $201,688.99 in accordance with the Guidelines.

3.       In respect of Section 2 of the Fee and Disbursement Guidelines, I certify that WG&M reviewed the fee application and has approved it.

4.       In respect of Section B.1 of the Local Guidelines, I certify that:

a.       I have read the Application;

b.      to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines;

c.      the fees and disbursements sought are billed at rates in accordance with those customarily charged by WG&M and generally accepted by WG&M's clients; and

d.      in providing a reimbursable service, WG&M does not make a profit on that service, whether the service is performed by WG&M in-house or through a third party.

5.      In respect of Section B.2 of the Local Guidelines and as required by the Administrative Order, I certify that WG&M has complied with these provisions requiring it to provide counsel for the official committee of unsecured creditors appointed in these cases and the Debtors, on a monthly basis, with a statement of WG&M's fees and disbursements accrued during the previous month.

6.      In respect of Section B.3 of the Local Guidelines, I certify that the Debtors, counsel for the statutory creditors' committee, and the United States Trustee for the Southern District of New York are each being provided with a copy of the Application.

Dated: September 28, 2010
        New York, New York

/s/ Adam P. Strochak
Adam P. Strochak

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Debtors and
Debtors In Possession

**EXHIBIT B**

### SUMMARY OF THE SIXTH INTERIM FEE
### APPLICATION OF WEIL, GOTSHAL & MANGES LLP
### FOR SERVICES RENDERED FOR THE SIXTH INTERIM
### COMPENSATION PERIOD OF DECEMBER 1, 2009 THROUGH JULY 30, 2010[1]

| Partners<br><br>Name of Professional: | Department and Year Admitted[2] | Hourly Billing Rate[3] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Goldstein, Marcia L. | BFR – 1975 | $950.00 - $990.00 | 1.20 | $1,188.00 |
| Krasnow, Richard P. | BFR – 1972 | $950.00 - $990.00 | 4.50 | $4,423.00 |
| Waksman, Ted S. | CORP – 1978 | $925.00 | 1.30 | $1,202.50 |
| Goldring, Stuart J. | TAX – 1984 | $900.00 - $990.00 | 17.30 | $16,956.00 |
| Rusman, Jared M. | TAX – 1997 | $770.00 - $900.00 | 3.10 | $2,790.00 |
| Strochak, Adam P. | BFR – 1993 | $750.00 - $845.00 | 151.40 | $126,117.25 |
| **TOTAL** | | | **178.80** | **$152,676.75** |

| Associates<br><br>Name of Professional: | Department and Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jarmer, Christine T. | CORP – 1999 | $630.00 - $695.00 | 7.30 | $4,625.00 |
| Gartin, Randell J. | TAX – 2001 | $530.00 - $665.00 | 77.60 | $50,703.00 |
| Vron, Victoria | BFR – 2005 | $490.00 - $630.00 | 197.90 | $122,094.00 |
| Tseng, Conray C. | BFR – 2007 | $415.00 - $550.00 | 323.00 | $174,621.00 |
| Litvack, David | BFR – 2010 | $395.00 | 0.40 | $158.00 |
| Mills, Marvin | BFR – 2010 | $395.00 | 332.70 | $131,416.50 |
| **TOTAL** | | | **938.90** | **$483,617.50** |

---

[1] The numbers listed in the "Total Compensation" column reflect voluntary reductions to fees and expenses taken by WG&M after monthly fee applications were served.

[2] BFR – Business Finance & Restructuring, LR – Litigation, and CORP – Corporate.

[3] WG&M's hourly billing rates for professionals and paraprofessionals increased on November 1, 2008 and January 1, 2010.

| Law Clerk<br><br>Name of Professional: | Department | Hourly<br>Billing Rate | Total<br>Billed Hours | Total<br>Compensation |
|---|---|---|---|---|
| Mills, Marvin[4] | BFR | $225.00 | 5.10 | $1,147.50 |
| **TOTAL** | | | **5.10** | **$1,147.50** |

| Paralegals & Legal Staff<br><br>Name of Professional: | Department | Hourly<br>Billing Rate | Total<br>Billed Hours | Total<br>Compensation |
|---|---|---|---|---|
| Metz, Suzin I. | CORP | $275.00 | 3.50 | $962.50 |
| Lee, Kathleen | BFR | $240.00 - $275.00 | 21.90 | $5,980.50 |
| Stauble, Christopher | BFR | $245.00 - $275.00 | 6.00 | $1,650.00 |
| Amponsah, Duke | BFR | $180.00 - $200.00 | 89.40 | $17,828.00 |
| Prindle, Kaitlin C. | BFR | $180.00 | 2.70 | $486.00 |
| Wilmer, Andrea | BFR | $155.00 - $180.00 | 6.50 | $1,170.00 |
| Etienne, Donald | BFR | $155.00 - $160.00 | 1.60 | $144.00 |
| Pugh, Daniela M. | Library | $145.00 | .20 | $29.00 |
| Bettini, Elio | Library | $125.00 | .60 | $75.00 |
| **TOTAL** | | | **132.40** | **$28,325.00** |

| Professional | Blended Rate | Total<br>Billed<br>Hours | Total<br>Compensation |
|---|---|---|---|
| Partners and Counsel | $853.90 | 178.80 | $152,676.75 |
| Associates | $515.09 | 938.90 | $483,617.50 |
| Paraprofessionals | $213.93 | 132.40 | $28,325.00 |
| Law Clerk | $225.00 | 5.10 | $1,147.50 |
| Attorney Blended Rate | $569.29 | | |
| **Total** | | **1,255.20** | **$665,766.75** |

---

[4] As of January 19, 2010, Mr. Mills is employed as an associate.  Prior to this date, he was employed as a law clerk.

<u>**EXHIBIT C**</u>

**EXPENSE SUMMARY BY WEIL, GOTSHAL & MANGES LLP FOR THE SIXTH
<u>INTERIM COMPENSATION PERIOD DECEMBER 1, 2009 THROUGH JULY 30, 2010</u>**

| EXPENSES | AMOUNTS |
|---|---:|
| Domestic Travel and Travel Meals | $2,664.21 |
| Local Transportation | $636.49 |
| Facsimile (External) | $8.00 |
| Duplicating – Firm | $3,100.50 |
| Air Courier/Express Mail | $401.73 |
| Meals (Attorneys and Support Staff) | $594.37 |
| Postage | $0.44 |
| Meals -Meeting/Conference Costs | $633.60 |
| Computerized Research | $4,482.59 |
| Court Reporting | $163.35 |
| **TOTAL** | **$12,685.28** |

**EXHIBIT D**

**COMPENSATION BY WORK TASK CODE FOR SERVICES
RENDERED BY WEIL, GOTSHAL & MANGES LLP FOR
THE PERIOD OF DECEMBER 1, 2009 THROUGH JULY 30, 2010**

| Task Code | Description | Hours | Amount |
|---|---|---|---|
| LP0001 | Case Administration | 34.70 | $6,933.00 |
| LP0003 | Secured Creditors Issues/Meetings /Communications | 1.40 | $1,032.50 |
| LP0005 | Hearing and Court Matters | 15.20 | $5,080.50 |
| LP0006 | WG&M Retention/Billing/Fee Applications | 79.10 | $26,171.50 |
| LP0008 | Retention/Fee Applications: Other Professionals | 2.90 | $1,453.50 |
| LP0009 | Schedules/Statement of Financial Affairs | 15.40 | $6,857.00 |
| LP0010 | US Trustee Related Issues | 10.90 | $3,623.50 |
| LP0011 | General Business Operations | 6.30 | $2,502.50 |
| LP0012 | Corporate Governance | 1.30 | $1,027.00 |
| LP0013 | DIP Financing/Cash Collateral | 42.10 | $21,623.00 |
| LP0015 | Insurance Issues | 5.10 | $2,343.50 |
| LP0017 | Asset Dispositions/363 Issues | 0.10 | $54.00 |
| LP0021 | Claims Objections Litigation | 83.60 | $39,201.00 |
| LP0022 | Bar Date Motion & Claims Reconciliation Issues | 14.80 | $6,916.00 |
| LP0023 | Automatic Stay | 6.70 | $2,856.50 |
| LP0025 | Disclosure Statement/Solicitation/Voting | 297.00 | $169,134.50 |
| LP0027 | Plan Negotiations/Plan Confirmation | 554.00 | $320,284.00 |
| LP0028 | Plan Implementation | 16.10 | $7,520.50 |
| LP0029 | Tax Issues | 39.60 | $28,787.00 |
| LP0035 | Non-Bankruptcy Litigation | 23.20 | $10,637.00 |

| LP0036 | Non-working Travel | 5.70 | $1,728.75 |
|---|---|---|---|
| **TOTAL** | | **1,255.20** | **$665,766.75** |

**EXHIBIT E**

## SUMMARY OF THE FINAL FEE APPLICATION OF
## WEIL, GOTSHAL & MANGES LLP FOR SERVICES RENDERED FOR THE
## COMPENSATION PERIOD OF APRIL 1, 2008 THROUGH JULY 30, 2010[17]

| Partners<br><br>Name of Professional: | Department and Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Goldstein, Marcia L. | BFR – 1975 | $950.00 - $990.00 | 14.70 | $14,013.00 |
| Krasnow, Richard P. | BFR – 1972 | $895.00 - $990.00 | 326.20 | $296,354.00 |
| Waksman, Ted S. | CORP – 1978 | $895.00 - $925.00 | 14.10 | $12,676.50 |
| Goldring, Stuart J. | TAX – 1984 | $860.00 - $990.00 | 58.30 | $52,496.00 |
| Rusman, Jared M. | TAX – 1997 | $770.00 - $900.00 | 7.90 | $6,542.00 |
| Strochak, Adam P. | BFR – 1993 | $750.00 - $845.00 | 673.70 | $522,359.25 |
| Buhle, Warren T. | CORP – 1976 | $860.00 | 3.30 | $2,838.00 |
| Hird, David B. | LR - 1977 | $750.00 | 24.70 | $18,525.00 |
| Marcus, Christopher J. [18] | BFR – 2000 | $650.00 | 131.80 | $85,670.00 |
| **TOTAL** | | | **1254.70** | **$1,011,473.75** |

| Associates<br><br>Name of Professional: | Department and Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Vron, Victoria | BFR – 2005 | $490.00 - $630.00 | 739.40 | $395,244.00 |
| Gartin, Randell J. | TAX – 2001 | $530.00 - $665.00 | 213.10 | $124,608.00 |
| Tseng, Conray C. | BFR – 2007 | $415.00 - $550.00 | 1,123.30 | $510,718.25 |
| Jarmer, Christine T. | CORP – 1999 | $630.00 - $695.00 | 7.30 | $4,625.00 |
| Lucas, John W. | BFR – 2005 | $465.00 - $500.00 | 655.80 | $315,429.00 |
| Levine, Alexander | LR - 2006 | $465.00 - $500.00 | 227.00 | $110,264.00 |
| Benfield, Brianna N. | LR - 2008 | $355.00 | 5.90 | $2,094.50 |
| Mann, Tracy T. | LR - 2008 | $355.00 | 2.90 | $1,029.50 |
| Solaimani, Farbod | TAX – 2008 | $355.00 | 0.30 | $106.50 |

---

[17] The numbers listed in the "Total Compensation" column reflect voluntary reductions to fees and expenses taken by WG&M after monthly fee applications were served.

[18] Mr. Marcus no longer is a partner of WG&M.  Mr. Lucas no longer is an employee of WG&M.

| Associates<br><br>Name of Professional: | Department and Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Litvack, David | BFR – 2010 | $395.00 | 0.40 | $158.00 |
| Mills, Marvin | BFR – 2010 | $395.00 | 332.70 | $131,416.50 |
| Nagar, Roshelle A | CORP – 1989 | $595.00 | 0.60 | $357.00 |
| **TOTAL** | | | **3,308.70** | **$1,596,050.25** |

| Law Clerk<br><br>Name of Professional: | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Mills, Marvin[19] | BFR | $225.00 | 56.70 | $12,757.50 |
| **TOTAL** | | | **56.70** | **$12,757.50** |

| Paralegals & Legal Staff<br><br>Name of Professional: | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Lee, Kathleen | BFR | $240.00 - $275.00 | 133.80 | $33,036.50 |
| Stauble, Christopher | BFR | $245.00 - $275.00 | 8.50 | $2,262.50 |
| Rodriguez, Ilusion | BFR | $155.00 - $180.00 | 3.90 | $634.50 |
| Wilmer, Andrea | BFR | $155.00 - $180.00 | 29.30 | $4,730.50 |
| Amponsah, Duke | BFR | $180.00 - $200.00 | 427.20 | $78,632.00 |
| Etienne, Donald | BFR | $155.00 - $160.00 | 11.80 | $1,727.50 |
| Greco, Maximiliano | Library | $85.00 | 1.70 | $144.50 |
| Santiago, Yesenia | Library | $85.00 | 0.10 | $8.50 |
| Bettini, Elio | Library | $125.00 | 0.60 | $75.00 |
| Cruz, Luis | Library | $135.00 | 1.30 | $175.50 |
| Burdette, Leslie A. | MC | $140.00 | 3.00 | $420.00 |
| Paison, Luis L. | MC | $140.00 | 2.00 | $280.00 |
| Pugh, Daniela M. | Library | $145.00 | 0.20 | $29.00 |
| Aliseo, Nicole K. | BFR | $160.00 | 1.80 | $288.00 |
| Matiteyahu, Gillad | BFR | $160.00 | 0.70 | $112.00 |
| Ribaudo, Maek | MC | $170.00 | 2.00 | $340.00 |
| Prindle, Kaitlin C. | BFR | $180.00 | 3.70 | $666.00 |
| Koul, Yashomati B. | BFR | $180.00 | 2.70 | $486.00 |

---

[19] As of January 19, 2010, Mr. Mills is employed as an associate. Prior to this date, he was employed as a law clerk.

| Paralegals & Legal Staff Name of Professional: | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Roth, Debra | LR | $180.00 | 2.30 | $414.00 |
| Potter, Lougran | LR | $180.00 | 2.90 | $522.00 |
| Fredrick, Frances | Library | $195.00 | 0.20 | $39.00 |
| Losick, Merill | Library | $195.00 | 0.50 | $97.50 |
| Suthar, Anh N. | LR | $200.00 | 3.50 | $700.00 |
| Seavey, Lori A. | BFR | $205.00 | 2.30 | $471.50 |
| Geeslin, Judy | Library | $205.00 | 1.10 | $225.50 |
| George, Camille A. | LR | $210.00 | 1.20 | $252.00 |
| Metz, Suzin I. | CORP | $275.00 | 3.50 | $962.50 |
| **TOTAL** | | | **651.80** | **$127,732.00** |

| Professional | Blended Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|
| Partners and Counsel | $806.15 | 1,254.70 | $1,011,473.75 |
| Associates | $482.38 | 3,308.70 | $1,596,050.25 |
| Paraprofessionals | $195.97 | 651.80 | $127,732.00 |
| Law Clerk | $225.00 | 56.70 | $12,757.50 |
| Attorney Blended Rate | $571.40 | | |
| **Subtotal** | | **5,271.90** | **$2,748,013.50** |
| Less Reductions[20] | | | ($24,403.51) |
| **Total** | | | **$2,723.609.99** |

---

[20] WG&M's time records reflect total fees incurred of $2,748,013.50. Prior to filing certain of its interim fee applications, WG&M made reductions of its fees of $8,748.00. At hearings to consider its interim fee applications, WG&M made further reductions of its fees of $15,655.51. WG&M has made a total reduction of its fees of $24,403.51, which reduced the total fees sought to $2,723,609.99.

## **EXHIBIT F**

### **EXPENSE SUMMARY BY WEIL, GOTSHAL & MANGES LLP FOR THE TOTAL COMPENSATION PERIOD APRIL 1, 2008 THROUGH JULY 30, 2010**

| EXPENSES | AMOUNTS |
|---|---|
| Domestic Travel and Travel Meals | $12,614.83 |
| Local Transportation | $2,774.31 |
| Business Meals | $208.29 |
| Facsimile | $10.00 |
| Duplicating – Firm | $14,732.85 |
| Air Courier/Express Mail | $1,403.30 |
| Meals (Attorneys and Support Staff) | $2,457.40 |
| Postage | $102.84 |
| O/S Messenger – Courier & Taxi | $356.92 |
| Telephone/Teleconference | $173.91 |
| Meals –Meeting/Conference Costs | $2,013.09 |
| Computerized Research | $38,014.57 |
| Court Reporting | $8,172.57 |
| Document Processing | $204.00 |
| Filing Fees | $2,078.00 |
| **Subtotal** | **$85,316.88** |
| Less Reductions[21] | ($589.12) |
| **Total** | **$84,727.76** |

---

[21] WG&M's time records reflect total expenses incurred of $85,316.88. At hearings to consider its interim fee applications, WG&M made reductions of its expenses of $589.12, which reduced the total expenses sought to $84,727.76.

## EXHIBIT G

### COMPENSATION BY WORK TASK CODE FOR SERVICES RENDERED BY WEIL, GOTSHAL & MANGES LLP FOR THE PERIOD OF APRIL 1, 2008 THROUGH JULY 30, 2010

| Task Code | Description | Hours | Amount |
|---|---|---|---|
| LP0001 | Case Administration | 351.60 | $119,518.50 |
| LP0002 | Unsecured Creditors Issues/Meeting/Communications/Creditors' | 39.50 | $26,308.50 |
| LP0003 | Secured Creditors Issues/Meetings /Communications | 10.60 | $6,300.50 |
| LP0004 | General Case Strategy | 38.80 | $20,479.50 |
| LP0005 | Hearing and Court Matters | 216.80 | $97,426.00 |
| LP0006 | WG&M Retention/Billing/Fee Applications | 336.30 | $114,781.00 |
| LP0007 | Retention/Fee Applications: Ordinary Course Professionals | 18.10 | $6,222.00 |
| LP0008 | Retention/Fee Applications: Other Professionals | 104.30 | $53,750.00 |
| LP0009 | Schedules/Statement of Financial Affairs | 127.60 | $55,992.50 |
| LP0010 | US Trustee Related Issues | 61.50 | $25,958.50 |
| LP0011 | General Business Operations | 19.80 | $10,553.50 |
| LP0012 | Corporate Governance | 4.80 | $3,699.00 |
| LP0013 | DIP Financing/Cash Collateral | 414.70 | $239,516.50 |
| LP0014 | Exit Financing | 43.40 | $23,478.00 |
| LP0015 | Insurance Issues | 39.90 | $23,569.50 |
| LP0016 | Employee/ERISA/Benefits Issues | 1.80 | $1,034.50 |
| LP0017 | Asset Dispositions/363 Issues | 43.00 | $22,569.00 |
| LP0018 | Executory Contracts/365 Issues | 32.70 | $16,399.00 |
| LP0019 | Real Property/365 Issues | 16.90 | $7,569.00 |
| LP0021 | Claims Objections Litigation | 120.80 | $57,337.00 |
| LP0022 | Bar Date Motion & Claims Reconciliation Issues | 117.70 | $56,600.50 |

| Task Code | Description | Hours | Amount |
|-----------|-------------|-------|--------|
| LP0023 | Automatic Stay | 34.60 | $16,989.50 |
| LP0025 | Disclosure Statement/Solicitation/Voting | 1,060.40 | $561,791.00 |
| LP0026 | Exclusivity | 625.90 | $377,804.00 |
| LP0027 | Plan Negotiations/Plan Confirmation | 1,005.90 | $590,865.00 |
| LP0028 | Plan Implementation | 16.10 | $7,520.50 |
| LP0029 | Tax Issues | 111.50 | $69,774.00 |
| LP0031 | Customer/Vendor Issues | 41.60 | $20,555.00 |
| LP0032 | Utility Issues | 15.60 | $7,699.50 |
| LP0033 | Reclamation/503(B)(9) Claims | 15.60 | $8,114.50 |
| LP0035 | Non-Bankruptcy Litigation | 46.60 | $23,498.50 |
| LP0036 | Non-working Travel | 73.60 | $33,369.50 |
| LP0038 | Discovery/Document Review and Production | 16.00 | $9,453.00 |
| LP0040 | Mediation | 47.90 | $31,517.00 |
| **Subtotal** | | **5,271.90** | **$2,748,013.50** |
| Less Reductions[22] | | | ($24,403.51) |
| **Total** | | | **$2,723,609.99** |

---

[22] WG&M's time records reflect total fees incurred of $2,748,013.50. Prior to filing certain of its interim fee applications, WG&M made reductions of its fees of $8,748.00. At hearings to consider its interim fee applications, WG&M made further reductions of its fees of $15,655.51. WG&M has made a total reduction of its fees of $24,403.51, which reduced the total fees sought to $2,723,609.99.