Hearing Date and Time: Wednesday, December 8, 2010 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: Wednesday, December 1, 2010 at 4:00 p.m. (prevailing Eastern Time)

> **PARTIES RECEIVING NOTICE OF THE FOURTH OMNIBUS OBJECTION SHOULD REVIEW THE FOURTH OMNIBUS OBJECTION TO SEE IF THEIR NAMES AND/OR CLAIMS ARE LOCATED IN EXHIBIT A ATTACHED THERETO.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
**LEXINGTON PRECISION CORP., et al.,** : 08-11153 (SCC)
: 
Reorganized Debtors. : (Jointly Administered)
: 
------------------------------------------------------------x

**NOTICE OF REORGANIZED DEBTORS'**
**FOURTH OMNIBUS OBJECTION TO CLAIMS (BOOKS AND RECORDS)**

**PLEASE TAKE NOTICE** that a hearing (the "**Hearing**") to consider the fourth omnibus objection, dated October 25, 2010 (the "**Fourth Omnibus Objection**"), of Lexington Precision Corporation and its wholly-owned subsidiary, Lexington Rubber Group, Inc., (together, the "**Debtors**" or the "**Reorganized Debtors**") to certain proofs of claim filed in the Debtors' chapter 11 cases, shall be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Room 610 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **Wednesday, December 8, 2010 at 10:00 a.m. (prevailing Eastern Time)**.

US_ACTIVE:\43538489\02\26690.0009

**PLEASE TAKE FURTHER NOTICE** that any objections or responses to the Fourth Omnibus Objection must (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure and the local rules of the Bankruptcy Court; and (c) set forth the name of the objecting party, the basis for the objection, and specific grounds therefore.

**PLEASE TAKE FURTHER NOTICE** that all objections and responses must be filed with the Bankruptcy Court no later than **Wednesday, December 1, 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "**Response Deadline**").  In accordance with General Order M-242, registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses.  General Order M-242 may be found at www.nysb.uscourts.gov.  All other parties-in-interest must file their objections and responses on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format) and deliver a hard copy directly to the chambers of Judge Shelley C. Chapman.

**PLEASE TAKE FURTHER NOTICE** that all objections and responses must be served, so as to be received no later than the Response Deadline, upon:  (i) the Reorganized Debtors, Lexington Precision Corporation, 800 Third Ave., 15th Floor, New York, New York 10023 (Attn:  Michael A. Lubin); (ii) the attorneys for the Reorganized Debtors, Weil, Gotshal & Manges LLP, 1300 I Street, N.W., Suite 900, Washington, D.C. 20005 (Attn:  Adam P. Strochak), and 767 Fifth Avenue, New York, New York 10153 (Attn:  Marvin Mills); and (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn:  Paul K. Schwartzberg).

**PLEASE TAKE FURTHER NOTICE** that, in the event that no objections or responses are timely received, the Bankruptcy Court may enter an order granting the relief requested in the Fourth Omnibus Objection without a hearing.

Dated: October 25, 2010
      New York, New York

/s/ Adam P. Strochak
Richard P. Krasnow
Adam P. Strochak
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: Wednesday, December 8, 2010 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: Wednesday, December 1, 2010 at 4:00 p.m. (prevailing Eastern Time)

> **PARTIES RECEIVING NOTICE OF THE FOURTH OMNIBUS OBJECTION SHOULD REVIEW THE FOURTH OMNIBUS OBJECTION TO SEE IF THEIR NAMES AND/OR CLAIMS ARE LOCATED IN EXHIBIT A ATTACHED THERETO.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| **LEXINGTON PRECISION CORP., et al.**, | : | 08-11153 (SCC) |
| Reorganized Debtors. | : | (Jointly Administered) |

**REORGANIZED DEBTORS'**
**FOURTH OMNIBUS OBJECTION TO CLAIMS (BOOKS AND RECORDS)**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lexington Precision Corporation and its wholly-owned subsidiary, Lexington Rubber Group, Inc. (together, the "**Debtors**" or the "**Reorganized Debtors**"), hereby object on an omnibus basis (the "**Objection**") to certain proofs of claim, and respectfully represent:

**Background**

1. On April 1, 2008 (the "**Commencement Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

US_ACTIVE:\43538489\02\26690.0009

2. The Debtors' chapter 11 cases were consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. On April 11, 2008, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), appointed the statutory committee of creditors (the "**Creditors' Committee**").

4. Pursuant to an order of the Court, dated, April 2, 2008, the Debtors retained Epiq Bankruptcy Solutions, LLC ("**Epiq**"), as the Debtors' claims agent.

5. On July 21, 2010, the Court confirmed the *Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified*, dated May 26, 2010 (as further modified, the "**Plan**"). The effective date of the Plan occurred on July 30, 2010.

### The Bar Date and Schedules

6. On June 13, 2008, the Debtors filed their schedules and statements of financial affairs [Docket Nos. 174, 176] (collectively, the "**Schedules**").

7. By order, dated June 30, 2008 (the "**Bar Date Order**"), the Court established August 15, 2008 (the "**General Bar Date**") as the deadline for each person or entity other than a Government Unit (as defined by section 101(27) of the Bankruptcy Code) to file proofs of claim against the Debtors. Pursuant to the Bar Date Order, September 29, 2008 (the "**Government Bar Date**," and together with the General Bar Date, the "**Bar Dates**") was the deadline for Government Units to file proofs of claim.

8. Pursuant to an order of the Court, dated July 15, 2010 (the "**Omnibus Objection Order**"),[1] the Debtors are authorized to file omnibus objections to claims on the bases set forth in Bankruptcy Rule 3007(d), and the additional grounds set forth in the Omnibus Objection Order. In accordance with the Omnibus Objection Order, the Debtors may file omnibus objections to claims that:

(a) duplicate other claims;

(b) have been filed in the wrong case;

(c) have been amended by subsequently filed proofs of claim;

(d) were not timely filed;

(e) have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;

(f) were presented in a form that does not comply with applicable rules, and the Debtors are unable to determine the validity of the claims because of the noncompliance;

(g) are interests, rather than claims;

(h) assert priority in an amount that exceeds the maximum amount under section 507 of the Code;

(i) claim an amount that contradicts the Debtors' books and records;

(j) were incorrectly classified;

(k) seek recovery of amounts for which the Debtors are not liable;

(l) do not include sufficient documentation to ascertain the validity of the claims, or the secured or priority status thereof; or

(m) are objectionable under section 502(e)(1) of the Bankruptcy Code.[2]

---

[1] *Order Expanding Authorization for the Debtors to File Omnibus Claims Objections,* dated July 15, 2010 [Docket No. 957.

[2] *Id.*

### Objection Based on the Debtors' Books and Records

9. Each of the claims listed in **Exhibit A** attached hereto (the "**Books and Records Claims**") assert a liability in an amount that contradicts the Debtors' books and records. The Debtors' book and records provide that no amounts are owed with respect to either of the Books and Records Claims. Accordingly, the Debtors object to the Books and Records Claims, and respectfully request that the Books and Records Claims be disallowed and expunged in their entirety.

### Reservation of Rights

10. The Reorganized Debtors limit this Objection to the grounds stated herein and reserve all rights and defenses, including, among other things, the right to further object to any of the proofs of claim referenced herein on any basis. As the Reorganized Debtors continue to analyze and reconcile claims, the Reorganized Debtors intend to file additional objections as appropriate.

### Jurisdiction

11. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Notice

12. The Reorganized Debtors have provided notice of this Objection to (i) the U.S. Trustee, and (ii) each holder of a claim listed on **Exhibit A** hereto, and (iii) all other parties that have requested notice in these chapter 11 cases (collectively, the "**Notice Parties**"). The Reorganized Debtors submit that no other or further notice need be provided.

13. Pursuant to Bankruptcy Rule 3007, the Reorganized Debtors have provided all claimants affected by the Objection with at least thirty days' notice of the hearing to consider the Objection.

WHEREFORE the Reorganized Debtors respectfully request the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: October 25, 2010
      New York, New York

/s/ Adam P. Strochak
Richard P. Krasnow
Adam P. Strochak

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Reorganized Debtors

## EXHIBIT A

### Books and Records Claims[1]

| Claimant | Claim No. | Asserted Administrative Claim Amount | Asserted General Unsecured Claim Amount | Modified Administrative Claim Amount | Basis of Objection |
|---|---|---|---|---|---|
| Commerce and Industry Insurance Co., et al. c/o Zeichner Ellman & Krause LLP 575 Lexington Avenue New York, NY 10022 (Attn: Michael S. Davis, Mary G. McCarthy) | 4512 | Unliquidated | $0.00 | $0.00 | The Debtors' books and records reflect that claimant is not entitled to the amount claimed. |
| Tennessee Department of Revenue c/o Attorney General P.O. Box 20207 Nashville, TN 37202-0207 (Attn: Wilbur E. Hooks, Director) | 4510 | $500.00 | $0.00 | $0.00 | The Debtors' books and records reflect that claimant is not entitled to the amount claimed. |

---

[1] Fourth Omnibus Objection, p. 4.

# Exhibit B

# Proposed Order

US_ACTIVE:\43538489\02\26690.0009

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                          :

In re                                   :         Chapter 11 Case No.

LEXINGTON PRECISION CORP., et al.,    :         08-11153 (SCC)

        Reorganized Debtors.           :         (Jointly Administered)
------------------------------------------------------------x

### ORDER GRANTING REORGANIZED DEBTORS' FOURTH OMNIBUS OBJECTION TO CLAIMS (BOOKS AND RECORDS)

Upon consideration of the Fourth Omnibus objection to proofs of claim, dated October 25, 2010 (the "**Objection**")[1] of Lexington Precision Corporation and its wholly-owned subsidiary, Lexington Rubber Group, Inc. (together, the "**Debtors**" or the "**Reorganized Debtors**"); and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Objection; the Court having found and determined that, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, due and proper notice has been provided to the Notice Parties; and no other or further notice is necessary; and the relief requested in the Objection is in the best interests of the Debtors, their estates, and creditors; and the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and therefore it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

ORDERED that each claim listed on **Exhibit 1** is hereby disallowed and expunged in its entirety; and it is further

ORDERED that Epiq is authorized and directed to delete those claims disallowed and expunged pursuant to this Order from the official claims registry in these chapter 11 cases and to make other changes to the official claims registry as necessary to reflect the terms of this Order; and it is further

ORDERED that this Court hereby retains jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: October __, 2010
       New York, New York

                                        HONORABLE SHELLEY C. CHAPMAN
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## Books and Records Claims

| Claimant | Claim No. | Asserted Administrative Claim Amount | Asserted General Unsecured Claim Amount | Modified Administrative Claim Amount | Basis of Objection |
|---|---|---|---|---|---|
| Commerce and Industry Insurance Co., et al.<br>c/o Zeichner Ellman & Krause LLP<br>575 Lexington Avenue<br>New York, NY 10022<br>(Attn: Michael S. Davis, Mary G. McCarthy) | 4512 | Unliquidated | $0.00 | $0.00 | The Debtors' books and records reflect that claimant is not entitled to the amount claimed. |
| Tennessee Department of Revenue<br>c/o Attorney General<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>(Attn: Wilbur E. Hooks, Director) | 4510 | $500.00 | $0.00 | $0.00 | The Debtors' books and records reflect that claimant is not entitled to the amount claimed. |