UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                :
In re                                           :   Chapter 11 Case No.
                                                :
LEXINGTON PRECISION CORP., <u>et al.</u>,       :   08-11153 (SCC)
                                                :
           Debtors.                             :   (Jointly Administered)
                                                :
------------------------------------------------------------------x

### ORDER ALLOWING INTERIM AND FINAL COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED

Upon the hearing held on November 16, 2010 (the "**Hearing**") to consider the applications (collectively, the "**Applications**") for allowance of interim and final compensation and professional services rendered and reimbursement of actual and necessary expenses incurred, pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), filed by the professionals retained in the above-captioned chapter 11 cases of Lexington Precision Corporation and its wholly-owned subsidiary, Lexington Rubber Group, Inc., as debtors and debtors in possession (together, the "**Debtors**") and listed on **Exhibit A** annexed hereto (the "**Professionals**"); and the Court having considered the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, adopted by the Court on April 19, 1995, the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, adopted on January 30, 1996, and the *Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated April 22, 2008; and the Court having jurisdiction to consider

the Applications and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Debtors having filed a limited objection (the "**Objection**")[1] to the Application filed by Andrews Kurth LLP ("**A&K**"); and the Court having reviewed the Applications and the Objection; and the Debtors and A&K having resolved the Objection; the Court finds and determines that (a) notice of the Applications was due and proper and no further notice is necessary, (b) the fees of the Professionals incurred during the periods set forth in the Applications (the "**Application Periods**"), constitute reasonable compensation for actual, necessary services rendered by the Professionals, (c) the expenses incurred during the Application Periods are actual and necessary expenses, and (d) the relief requested in the Applications is in the best interests of the Debtors, their estates and their creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Applications are granted to the extent provided on **Exhibit A**; and it is further

ORDERED that compensation to the Professionals for professional services rendered during the Application Periods is allowed in the amounts set forth on **Exhibit A** in the column entitled "Fees Allowed" pursuant to sections 330 and 331 of the Bankruptcy Code; and it is further

ORDERED that reimbursement to the Professionals for expenses incurred during the Application Periods is allowed in the amounts set forth on **Exhibit A** in the column entitled "Expenses Allowed" pursuant to sections 330 and 331 of the Bankruptcy Code; and it is further

---

[1] *Debtors' Limited Objection to the Final Fee Application of Andrews Kurth LLP*, dated October 20, 2010 (ECF No. 841).

ORDERED that the Debtors are authorized and directed to pay any (i) fees previously held back pursuant to the orders of this Court; and (ii) amounts owed to the Professionals in accordance with the *Order Confirming Debtors' Fourth Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code, as Modified*, dated July 21, 2010; and it is further

ORDERED that this Court hereby retains jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: November 19, 2010
      New York, New York

/s/Shelley C. Chapman
SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit A**

| Applicant | Period | Fees Requested | Expenses Requested | Fees Allowed | Expenses Allowed |
|---|---|---|---|---|---|
| Weil, Gotshal & Manges LLP | April 1, 2008 to July 30, 2010 | $2,723,609.99 | $84,727.76 | $2,723,609.99 | $84,727.76 |
| W. Y. Campbell & Company | April 1, 2008 to July 30, 2010 | $1,400,000.00 | $71,993.86 | $1,400,000.00 | $71,993.86 |
| Andrews Kurth LLP | April 1, 2008 to July 30, 2010 | $1,867,011.00 | $209,378.18 | $1,857,011.00 | $209,378.18 |
| Stout Risius Ross, Inc. | May 13, 2008 to July 30, 2010 | $1,164,193.55 | $25,943.62 | $1,154,193.55 | $25,943.62 |

Dated:  November 19, 2010                                        Initials:  SCC, USBJ