**Presentment Date: Tuesday, January 4, 2011, at 12:00 p.m. (Eastern Standard Time)**
**Objection Deadline: Tuesday, December 28, 2010, at 12:00 p.m. (Eastern Standard Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for the Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                :

**In re**                         :         **Chapter 11 Case No.**
                                :

**LEXINGTON PRECISION CORP., <u>et</u> <u>al.</u>,**  :        **08-11153** (SCC)
                                :

          **Reorganized Debtors.**      :         **(Jointly Administered)**
                                :
----------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF PRETRIAL
### SCHEDULING ORDER REGARDING REORGANIZED DEBTORS'
### OBJECTION TO PROOF OF CLAIM 263 OF LORRAINE CERIMELE

        **PLEASE TAKE NOTICE** that Lexington Precision Corporation and
Lexington Rubber Group, Inc. (together, the "**Reorganized Debtors**") will present the
annexed proposed scheduling order (the "**Scheduling Order**") establishing a time line
for discovery and pretrial motions related to the adjudication to the Debtors' objection to
Proof of Claim 262 filed by Lorraine Cerimele[1] to the Honorable Shelley C. Chapman,
United States Bankruptcy Judge of the United States Bankruptcy Court for the Southern
District of New York (the "**Bankruptcy Court**"), for signature on **Tuesday, January 4,
2011 at 12:00 p.m. (Eastern Standard Time)**. If no objections or responses are timely
and properly interposed, the Bankruptcy Court may enter the Scheduling Order without a
hearing.

        **PLEASE TAKE FURTHER NOTICE** that any objections or responses
to the Scheduling Order, if any, must (a) be in writing; (b) conform to the Federal Rules
of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for
the Southern District of New York; and (c) set forth the name of the objecting party, the
basis for the objection, and the specific grounds therefore. Any objections or responses

---

[1] *Debtors' Objection to Proof of Claim 262 of Lorraine Cerimele*, dated December 30, 2008 [Docket
No. 503].

must be filed with the Bankruptcy Court no later than **Tuesday, December 28, 2010 at
12:00 p.m. (Eastern Standard Time)** (the "**Objection Deadline**").  In accordance with
General Order M-242, registered users of the Bankruptcy Court's case filing system must
file their objections and responses electronically.  General Order M-242 may be found at
www.nysb.uscourts.gov.  All other parties-in-interest must file their objections and
responses with the Bankruptcy Court on a 3.5 inch floppy disk (preferably in Portable
Document Format (PDF), WordPerfect, or any other Windows-based word processing
format) and deliver a hard copy directly to the chambers of the Honorable Shelley C.
Chapman.

        **PLEASE TAKE FURTHER NOTICE** that all objections and responses
must be served so as to be received no later than the Objection Deadline, upon:  (a) the
Reorganized Debtors, Lexington Precision Corporation, 800 Third Ave. 15th Floor, New
York, New York 10023 (Attn:  Michael A. Lubin); (b) the attorneys for the Reorganized
Debtors, Weil, Gotshal & Manges LLP, 1300 Eye Street, NW, Suite 900, Washington,
DC 20005 (Attn:  Adam P. Strochak), 767 Fifth Avenue, New York, New York 10153
(Attn:  Marvin Mills); (c) the Office of the United States Trustee for the Southern District
of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn:  Paul
Schwartzberg); and (d) counsel for Cerimele, Frank R. Bodor, 157 Porter Street NE
Warren, Ohio 44483.

        **PLEASE TAKE FURTHER NOTICE** that if a written objection is
timely and properly filed, a hearing will be held at the Bankruptcy Court, Alexander
Hamilton Custom House, One Bowling Green, New York, New York 10004, at a date
and time to be established by the Bankruptcy Court.  If a hearing is necessary, the
Reorganized Debtors will provide notice of the hearing when a date and time is set.  The
moving and objecting parties are required to attend the hearing, and failure to appear may
result in relief being granted or denied upon default.

Dated:  December 20, 2010
     New York, New York

                  /s/ Adam P. Strochak
                  Richard P. Krasnow
                  Adam P. Strochak
                  WEIL, GOTSHAL & MANGES LLP
                  767 Fifth Avenue
                  New York, New York  10153
                  Telephone:   (212) 310-8000
                  Facsimile:   (212) 310-8007

                  Attorneys for the Reorganized Debtors

Presentment Date:  Tuesday, January 4, 2011, at 12:00 p.m. (Eastern Standard Time)
Objection Deadline:  Tuesday, December 28, 2010, at 12:00 p.m. (Eastern Standard Time)

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
|   |   |
| :--- | :--- |
| | : |
| **In re** | :   **Chapter 11 Case No.** |
| | : |
| **LEXINGTON PRECISION CORP., et al.,** | :   **08-11153 (SCC)** |
| | : |
| **Reorganized Debtors.** | :   **(Jointly Administered)** |
| | : |

----------------------------------------------------------------x

**REORGANIZED DEBTORS' MOTION FOR ENTRY OF A**
**PRETRIAL SCHEDULING ORDER REGARDING THEIR**
**OBJECTION TO PROOF OF CLAIM 263 OF LORRAINE CERIMELE**

TO THE HONORABLE SHELLEY C. CHAPMAN:

Lexington Precision Corporation and, its wholly-owned debtor subsidiary,

Lexington Rubber Group, Inc. (together as debtors and debtors in possession, the "**Debtors**" and,

as reorganized entities, the "**Reorganized Debtors**") respectfully represents as follows:

**Relief Requested**

1.      By this motion (the "**Motion**"), the Reorganized Debtors request entry of a

scheduling order establishing a time line for discovery and pretrial motions related to the

adjudication to the Debtors' objection to Proof of Claim 262 filed by Lorraine Cerimele.[1]

**Background**

2.      On April 1, 2010, the Debtors commenced voluntary petitions under

---

[1] *Debtors' Objection to Proof of Claim 262 of Lorraine Cerimele*, dated December 30, 2008 [Docket No. 503].

chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  In accordance with

an order of the Court, the Debtors' cases have been jointly administered pursuant to

Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

   3.  On July 21, 2010, the Court entered an order confirming the Debtors'

fourth amended joint plan of reorganization.[2]  On July 30, 2010, the Debtors effectuated their

plan.

<b>Cerimele vs. Lexington Connector Seals</b>

   4.  Cerimele is a former employee of Lexington Precision Corporation d/b/a

Lexington Connector Seals ("**Lexington**") responsible for quality control of certain Lexington

products.  The proof of claim filed in these chapter 11 cases relates to the termination of her

employment, for cause, 12 years ago.  Over the course of more than a year, Lexington advised

Cerimele of performance deficiencies due to the lack of interpersonal skills, an inability to work

well with co-workers, and customer complaints showing dissatisfaction with the service she

provided, and requested that she improve her work performance.  After Cerimele's conduct

continued unabated, Lexington terminated her employment for cause on December 17, 1998.

   5.  On October 30, 2000, Cerimele commenced a state court action[3] against

Lexington and alleged that (a) Lexington terminated Cerimele's employment in violation of Ohio

public policy, which Cerimele claims is founded on Ohio Rev. Code § 4165.02 and

(b) Lexington's acts were motivated by malice.  Specifically, Cerimele alleges that Lexington

violated Ohio Rev. Code § 4165.02, a deceptive trade practices statute, by misrepresenting the

quality of its products sold to customers.  Cerimele alleges that she complained about

---

[2] *Order Confirming Debtors' Fourth Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code, as Modified*, dated July 21, 2010 [Docket No. 975].

[3] *Lorraine Cerimele v. Lexington Precision Corp., et al.*, Case No. 00-CV-1997 (OH Trumbull County Ct. C.P.).

Lexington's conduct and such complaints led to her termination. Cerimele alleges that, in

terminating her, Lexington jeopardized the "safety and welfare" of the general public.

   6.  Beginning in March 2001, Lexington served a series of discovery requests

upon Cerimele. Cerimele did not respond for more than five years until Lexington moved to

dismiss the case for failure to prosecute in April 2006. The state court denied that motion and

the case progressed slowly until the commencement of the Debtors' chapter 11 cases

automatically stayed further proceedings pursuant to section 362 of the Bankruptcy Code.

   7.  On August 14, 2008, Cerimele filed Proof of Claim 262 alleging claims

substantially similar to those alleged in the state court action. The Reorganized Debtors dispute

Cerimele's allegations and, on December 30, 2008, objected to Cerimele's claim.

   8.  Through her counsel, Cerimele responded to the objection and moved for

relief from the stay.[4] Judge Glenn adjudicated the stay relief motion and denied it, finding that

stay relief was not appropriate.[5]

### Basis for Relief Requested

   9.  Since interposing their objection, the Reorganized Debtors have attempted

consensually establish a schedule for discovery and pretrial motions prior to adjudication of the

objection. Cerimele's counsel, however, has been unresponsive to repeated requests for

comment. Cerimele's claims is one of the few remaining claims pending resolution before the

Debtors may close their chapter 11 cases. To adjudicate the objection in a timely and orderly

manner, the Reorganized Debtors request the Court enter the proposed scheduling order

establishing a timeline for discovery and pretrial motions.

---

[4] *Claimant's Response to Debtors' Objection to Proof of Claim #262 of Lorraine Cerimele and Motion of Claimant for Relief from Automatic Stay*, dated February 18, 2009 [Docket No. 559].

[5] Ordered on the record at the July 30, 2009 hearing.

10.     Section 105(a) of the Bankruptcy Code provides in relevant part that

"[t]he Court may issue any order, process, or judgment that is necessary to carry out the

provisions of this title."  Further, Bankruptcy Rule 1015(c) grants the Court authority to enter

any order necessary to avoid unnecessary costs or delay in the administration of these chapter 11

cases.  In light of the foregoing, the Reorganized Debtors submit that entry of the proposed

scheduling order is necessary and appropriate to adjudicate the Reorganized Debtors' objection

to Cerimele's claim in a timely manner and well within the Court's powers under section 105(a)

and Bankruptcy Rule 1015(c).

## Jurisdiction

11.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Notice

12.     The Reorganized Debtors shall serve notice of this motion on (a) the

Office of the United States Trustee for the Southern District of New York, (b) counsel to

Cerimele, and (c) all parties requesting notice in these chapter 11 cases.  The Debtors submit that

such notice is sufficient and no other or further notice is necessary.

WHEREFORE the Reorganized Debtors respectfully request that the Court enter

an order granting the relief requested herein and any other and further relief as is just.

Dated:  December 20, 2010
      New York, New York

              /s/ Adam P. Strochak
              Richard P. Krasnow
              Adam P. Strochak

              WEIL, GOTSHAL & MANGES LLP
              767 Fifth Avenue
              New York, New York 10153
              Telephone:    (212) 310-8000
              Facsimile:    (212) 310-8007

              Attorneys for the
              Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                              :
**In re**                                     :          **Chapter 11 Case No.**
                                              :
**LEXINGTON PRECISION CORP., et al.,**        :          **08-11153 (SCC)**
                                              :
             **Reorganized Debtors.**         :          **(Jointly Administered)**
                                              :
-------------------------------------------------------------x

**SCHEDULING ORDER FOR PRETRIAL**
**PROCEEDINGS REGARDING THE REORGANIZED DEBTORS'**
**OBJECTION TO PROOF OF CLAIM 263 OF LORRAINE CERIMELE**

Upon the motion, dated December 20, 2010 of Lexington Precision Corporation

and its wholly-owned subsidiary, Lexington Rubber Group, Inc. (together as debtors and debtors

in possession, the "**Debtors**" and, as reorganized entities, the "**Reorganized Debtors**") for entry

of a scheduling order to establish a time line for pretrial proceedings related to the adjudication

of their objection to Proof of Claim 263 filed by Lorraine Cerimele (the "**Objection**"),[1] all as

more fully set forth in the motion; and the Court having jurisdiction to consider the motion and

the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and

venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the motion having been provided; and no other or further notice is necessary;

and the Court having determined the relief sought in the motion is in the best interest of the

Debtors, their estates, and their creditors; and the Court having determined that the legal and

factual bases set forth in the motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therfor; it is

---

[1] *Debtors' Objection to Proof of Claim 262 of Lorraine Cerimele*, dated December 30, 2008 [Docket No. 503].

ORDERED that all written discovery related to the Objection shall be served no later than 30 days after the entry of this Order.

ORDERED that depositions of all witnesses other than expert witnesses shall be completed no later than **February 28, 2011.**

ORDERED that the Cerimele's expert report, if any, must be provided to the Reorganized Debtors no later than **March 14, 2011**; the Reorganized Debtors' expert report, if any, must be provided to Plaintiff no later than **April 14, 2011**.

ORDERED that any motions for summary judgment regarding the Objection must be filed no later than **April 29, 2011.**

ORDERED that the Court shall hold a further status conference on **May___, 2011**, by which counsel may appear telephonically.

Dated: December __, 2010
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE