Presentment Date: Tuesday, January 4, 2011, at 12:00 p.m. (Eastern Standard Time)
Objection Deadline: Tuesday, December 28, 2010, at 12:00 p.m. (Eastern Standard Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                            :
                                                 :        **Chapter 11 Case No.**
**LEXINGTON PRECISION CORP., et al.,**           :        **08-11153 (SCC)**
                                                 :
                                                 :        **(Jointly Administered)**
        Debtors.                                 :
---------------------------------------------------------------x

## STIPULATION AND AGREEMENT
## BETWEEN THE DEBTORS AND WACKER CHEMICAL CORPORATION

Lexington Precision Corporation ("LPC") and Lexington Rubber Group, Inc. ("LRGI", and together with LPC, the "Debtors") and Wacker Chemical Corporation ("Wacker," and together with the Debtors, the "Parties") hereby stipulate and agree (the "Stipulation and Agreement") as follows:

A.   The Debtors each commenced voluntary chapter 11 cases on April 1, 2008 (the "Commencement Date") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). On July 21, 2010, this Court entered an order confirming the Debtors' Fourth Amended Plan of Reorganization, as modified ("Plan"). The effective date of the Plan occurred on July 30, 2010.

A:\WACKER_LEXINGTON_STIPULATION 11-11-10.docx

B.  Prior to the Commencement Date, Wacker supplied certain goods to the Debtors in the ordinary course of business. Wacker has continued to supply goods to the Debtors subsequent to the Commencement Date.

C.  On May 16, 2008, Wacker filed a motion (the "Motion") for entry of an order awarding administrative expense status pursuant to section 503(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") with respect to certain goods in the amount of $483,744.09 allegedly received by the Debtors within 20 days prior to the Commencement Date and requiring immediate payment thereof under section 503(a) of the Bankruptcy Code.

D.  On or about August 12, 2008, Wacker filed Proof of Claim No. 246 against LRGI asserting a general unsecured claim in the amount of $610,753.78 for good sold to LRGI ("Claim No. 246").

E.  On or about August 13, 2008, Wacker filed Proof of Claim No. 247 against LRGI asserting a general unsecured claim in the amount of $387,658.76 in the event that its claim under section 503(b)(9) of the Bankruptcy Code was disallowed ("Claim No. 247").

F.  On or about September 25, 2008, after good faith, arm's-length negotiations, the Parties entered into a stipulation to, among other things, resolve the Motion and Claim No. 247 (the "Stipulation").

G.  On or about October 6, 2008, after further negotiations, Wacker and the Debtors agreed to amend the Stipulation to provide for an improvement in the payment terms to be provided by Wacker to the Debtors (the "Amended Stipulation").

H.  On October 14, 2008, the Court so-ordered the Amended Stipulation.

I.  On or about July 20, 2010, the Debtors filed an objection to Claim No. 246 (the "Objection").

J. After good-faith, arm's-length negotiations, the Parties have reached an agreement to, among other things, resolve Claim No. 246 and the Objection thereto.

K. In furtherance of such agreement, on or about October 26, 2010, the Debtors paid Wacker the amount of $514,941.78.

L. Also in furtherance of such agreement, on or about October 28, 2010, the Debtors withdrew the Objection to Claim No. 246.

**NOW, THEREFORE,** in consideration of the foregoing, the Parties agree as follows:

1. The Debtors' payment of $514,941.78 to Wacker is hereby deemed payment in full of Claim No. 246.

2. The Debtors hereby irrevocably waive and release any and all Claims (as defined in section 101(5) of the Bankruptcy Code) against Wacker related to Claims for mold wear and discrepancies in delivery costs and all other Claims, other than the right to enforce the terms of this Stipulation and Agreement.

3. This Stipulation and Agreement contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

4. This Stipulation and Agreement may not be modified other than by a signed writing executed by the Parties hereto or by order of the Court.

5. Each person who executes this Stipulation and Agreement represents that he or she is duly authorized to execute this Stipulation and Agreement on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation and Agreement.

6. This Stipulation and Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Agreement to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

7. This Stipulation and Agreement shall be governed by, and construed and enforced in accordance with the laws of the State of New York, without giving effect to the principles of conflict of laws thereof. The Parties hereby irrevocably and unconditionally agree that the Court shall retain exclusive jurisdiction over all matters relating to the construction, interpretation or enforcement of this Stipulation and Agreement. Should the Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation and Agreement, such matter shall be adjudicated in either a federal district court or state court in the State of New York.

Dated: December 13, 2010
      New York, New York

| By: /s/ Adam P. Strochak | By: /s/ Debora J. Piazza |
|---|---|
| Richard P. Krasnow, Esq.<br>Adam P. Strochak, Esq.<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>Attorneys for the<br>Debtors and Debtors in Possession | Deborah J. Piazza, Esq.<br>Abrams Fensterman, et al.<br>630 Third Avenue, 5th floor<br>New York, New York 10017<br>Telephone: (212) 279-9200<br>Facsimile: (212) 279-0600<br><br>Attorneys for Wacker Chemical Corporation |

Dated: January 4, 2010

/s/Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE