Presentment Date: Thursday, May 26, 2011, at 12:00 p.m. (Eastern Daylight Time)
Objection Deadline: Wednesday, May 25, 2011, at 12:00 p.m. (Eastern Daylight Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for the Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------x
                                          :
In re                                     :     Chapter 11 Case No.
                                          :
LEXINGTON PRECISION CORP., et al.,        :     08-11153 (SCC)
                                          :
           Reorganized Debtors.           :     (Jointly Administered)
                                          :
-------------------------------------------------------x
```

**NOTICE OF PRESENTMENT OF STIPULATION
AND AGREEMENT BY AND BETWEEN ZURICH AMERICAN
INSURANCE COMPANY, ET AL. AND LEXINGTON PRECISION CORPORATION**

     **PLEASE TAKE NOTICE** that Lexington Precision Corporation and Lexington Rubber Group, Inc. (together, the "**Reorganized Debtors**") will present the annexed proposed stipulated agreement and order (the "**Proposed Stipulation**") by and among the Reorganized Debtors and Zurich Insurance Company, et al. ("**Zurich**") to the Honorable Shelley C. Chapman, United States Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), for signature on **Thursday, May 26, 2011 at 12:00 p.m. (Eastern Daylight Time)**. If no objections or responses are timely and properly interposed, the Bankruptcy Court may enter the Proposed Stipulation without a hearing.

     **PLEASE TAKE FURTHER NOTICE** that any objections or responses to the Proposed Stipulation, if any, must (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York; and (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefore. Any objections or responses must be filed with the Bankruptcy Court no later than **Wednesday, May 25, 2011 at 12:00 p.m. (Eastern Daylight Time)** (the "**Objection Deadline**"). In accordance with General Order M-242, registered users of the Bankruptcy Court's case filing system must file their objections and responses electronically. General Order M-242 may be found at www.nysb.uscourts.gov. All

other parties-in-interest must file their objections and responses with the Bankruptcy Court on a 3.5 inch floppy disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format) and deliver a hard copy directly to the chambers of the Honorable Shelley C. Chapman.

**PLEASE TAKE FURTHER NOTICE** that all objections and responses must be served so as to be received no later than the Objection Deadline, upon: (a) the Reorganized Debtors, Lexington Precision Corporation, 800 Third Ave. 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin); (b) the attorneys for the Reorganized Debtors, Weil, Gotshal & Manges LLP, 1300 Eye Street, NW, Suite 900, Washington, DC 20005 (Attn: Adam P. Strochak), 767 Fifth Avenue, New York, New York 10153 (Attn: Marvin Mills); (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg); and (d) Zurich, 1400 American Lane, Schaumburg, Illinois 60166 (Attn: Barbara S. Riedinger, Douglas Hatlestad, Esq.).

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely and properly filed, a hearing will be held at the Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, at a date and time to be established by the Bankruptcy Court. If a hearing is necessary, the Reorganized Debtors will provide notice of the hearing when a date and time is set. The moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 12, 2011
    New York, New York

/s/ Adam P. Strochak
Richard P. Krasnow
Adam P. Strochak
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for the Reorganized Debtors

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Adam P. Strochak

Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
In re:                                                             :       Chapter 11
                                                                   :
**LEXINGTON PRECISION CORP., et al.,**                             :       Case No. 08-11153 (SCC)
                                                                   :
       Debtors.                                                    :       (Jointly Administered)
                                                                   :
-------------------------------------------------------------------x

### STIPULATION AND AGREEMENT BY AND BETWEEN ZURICH AMERICAN INSURANCE COMPANY, ET AL. AND LEXINGTON PRECISION CORPORATION

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lexington Precision Corporation ("**Lexington**"), and Zurich American Insurance Company and its subsidiaries and affiliated companies ("**Zurich**"), hereby stipulate and agree (the "**Agreement**") as follows:

**RECITALS**

WHEREAS, Zurich issued certain Workers Compensation and Employers' Liability insurance policies to Lexington for the periods from June 30, 1995 through June 30, 1996 (the "**Policies**"); and

WHEREAS, under certain Policies, Lexington is required to pay a $250,000.00 deductible or retention with respect to each incident covered under certain of the Workers' Compensation and Employer's Liability policies; and

WHEREAS, Lexington is required to pay retrospective premium for losses up to $250,000.00 with respect to each incident covered by certain of the Worker's Compensation and Employer's Liability policies; and

WHEREAS, Lexington's obligations with regard to amounts owed with respect to the Policies was supported by one letter of credit issued by Wachovia Bank National Association ("**Wachovia**"), in the amount of $57,575.75 (the "**Letter of Credit**"); and

WHEREAS, on April 1, 2008, Lexington filed its voluntary petition pursuant to chapter 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), and

WHEREAS, on or about May 12, 2008, Zurich filed proofs of claim (Claim Nos. 30 and 31) in unliquidated amounts against Lexington (the "**Zurich Claims**"); and

WHEREAS, the Bankruptcy Court entered an order, dated July 21, 2010, approving the Debtors' *Fourth Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code*, dated May 26, 2010 (as modified, the "**Plan**"), the effective date of which was July 30, 2010; and

WHEREAS, pursuant to Section 7.4 of the Plan, the Debtors are authorized to compromise, settle, or otherwise resolve any claims without approval of the Bankruptcy Court.

NOW, THEREFORE, in consideration of the mutual covenants and promises contained in this Agreement, the sufficiency of which Lexington and Zurich acknowledge, the parties hereby agree as follows:

1. The foregoing recitals are incorporated herein as if fully set forth in the text of the Agreement.

2. On the date hereof, or as soon as reasonably practicable thereafter, Zurich will return to Lexington $13,382.00 from the proceeds of its draws on the Letter of Credit and contemporaneously with the issuance of such payment, the Zurich Claims shall be deemed withdrawn.

3. Lexington and Zurich acknowledge and expressly agree that upon the payment of the amount set forth in paragraph 2, Zurich shall have fulfilled any and all obligations it has to reimburse Lexington or any other party that may have an interest in the Letter of Credit, including but not limited to Wachovia, for amounts drawn on the Letter of Credit.

4. Except as provided for herein, Lexington on behalf of itself and its affiliates, hereby releases and forever discharges Zurich and all its affiliates, subsidiaries, officers, directors, partners, employees, agents, attorneys, shareholders, successors, assigns, and other representatives from liability for any and all claims, controversies, actions, causes of action, demands, debts, damages, costs, attorneys' fees, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past or present, in contract, in tort or otherwise, whether or not now or heretofore known, suspected, or claimed against Zurich, relating to the Policies or the Letter of Credit, and any claims under any of the avoidance provisions of the Bankruptcy Code, _provided_, _however_, that Zurich will continue to defend and pay all claims insured under the Policies in accordance with the terms, conditions, limitation and exclusions of the Policies and the applicable law.

5. Except as provided for herein, Zurich hereby releases and forever discharges Lexington and all its affiliates, subsidiaries, officers, directors, partners, employees, agents,

attorneys, shareholders, successors, assigns, and other representatives from liability for any and all claims, controversies, actions, causes of action, demands, debts, damages, costs, attorneys' fees, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past or present, in contract, in tort or otherwise, whether or not now or heretofore known, suspected, or claimed against Lexington relating to reimbursement of deductibles owed under the Policies or payment of retrospective premium owed with respect to the Policies.

6. Lexington and Zurich acknowledge and expressly agree that upon the payment of the amount set forth in paragraph 2, Zurich shall retain the balance of the Letter of Credit and Lexington shall have no further obligations, except as set forth in paragraph 7 below.

7. Nothing in this Agreement alters the parties' rights and obligations under the Policies, including any duties of cooperation.

8. This Agreement shall be interpreted and governed by the laws of the State of Illinois, without regard to principles of conflicts of law. In the event that this paragraph is deemed unenforceable in any judicial, arbitration or governmental proceeding, the remaining provisions of this Agreement shall remain in full force and effect.

9. Each party hereto shall have the right at any time to enforce the provisions of this Agreement in strict accordance with the terms hereof, notwithstanding any conduct or custom on the part of such party in refraining from so doing at any time or times. The failure of any party at any time or times to enforce its rights under such provisions shall not be construed as having created a custom in any way or manner contrary to specific provisions of this Agreement or as having in any way or manner modified or waived the same.

10. Lexington Precision Corporation warrants that: (a) it has been advised by counsel in the negotiation, execution and delivery of this Agreement and the releases herein; (b) it is duly

authorized to enter into, execute, deliver and perform this Agreement and to give the releases set forth herein; and (c) it has voluntarily, with full knowledge and without fraud, coercion, duress or undue influence of any kind, entered into this Agreement.

11.     Zurich represents and warrants that: (a) it has been advised by counsel in the negotiation, execution and delivery of this Agreement and the releases herein; (b) it is duly authorized to enter into, execute, deliver and perform this Agreement and to give the releases set forth herein; and (c) it has voluntarily, with full knowledge and without fraud, coercion, duress or undue influence of any kind, entered into this Agreement.

12.     The Agreement contains the entire agreement between the parties as respects its subject matter. All discussions and agreements previously entertained between the parties concerning the subject matter of the Agreement are merged into this Agreement. This Agreement may not be modified or amended, nor any of its provisions waived, except by an instrument in writing, signed by all parties hereunder.

13.     This Agreement and any amendment hereto may be executed in several counterparts and by each party on a separate counterpart, each of which, when so executed and delivered shall be an original, but all of which together shall constitute but one and the same instrument. In proving this Agreement, it shall not be necessary to produce or account for more than one such counterpart signed by the party against whom enforcement is sought. A facsimile signature shall be treated as an original signature.

14.     This Agreement shall be binding upon all successors and assigns of each of the parties to the Agreement.

15.     The Bankruptcy Court shall retain jurisdiction over the parties to hear and determine any matter arising from or related to the making, interpretation, and enforcement of this Agreement. This Agreement shall be deemed to have been executed and delivered in the

State of Illinois and shall be governed by and construed in accordance with Illinois law (without regard to its principles concerning conflicts of law).

AGREED TO THIS 12TH DAY OF MAY, 2011

| /s/ Adam P. Strochak | /s/ Barbara S. Riedinger |
|---|---|
| Richard P. Krasnow | Barbara S. Riedinger |
| Adam P. Strochak | Assistant Secretary |
| WEIL, GOTSHAL & MANGES LLP | ZURICH AMERICAN INSURANCE COMPANY |
| 767 Fifth Avenue | 1400 American Lane |
| New York, New York 10153 | Schaumburg, IL 60166 |
| Telephone:    (212) 310-8000 | Telephone:    (847) 605-4296 |
| Facsimile:    (212) 310-8007 | Facsimile:    (866) 328-7439 |

Attorneys for the Reorganized Debtors

Dated: May __, 2011

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE