Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
150 East 42nd Street
New York, New York 10017
Telephone: (212) 490-3000
Facsimile: (212) 490-3038
Thomas W. Hyland
Andrew R. DiConza

*Attorneys for Defendants*
*Chad McGowan, Esq. and McGowan*
*Hood & Felder, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>**LEXINGTON PRECISION CORP., et al.,**<br><br>Reorganized Debtors. | Chapter 11 Case No.<br>08-11153(SCC)<br><br>(Jointly Administered) |
| **TRUSTEE OF LEXINGTON PRCISION CORPORATION GROUP MEDICAL CARE PLAN**<br><br>and<br><br>**LEXINGTON PRECISION CORPORATION,**<br><br>Plaintiffs,<br><br>v.<br><br>**CHAD MCGOWAN, ESQ., MCGOWAN HOOD & FELDER, LLC, AND JUSTIN E. PRESLEY**<br><br>Defendants. | Adv. Proc. No. 10-_____ |

**ANSWER TO ADVERSARY COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF AND TURNOVER OF ESTATE PROPERTY**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Defendants, CHAD MCGOWAN, ESQ. and MCGOWAN HOOD & FELDER, LLC ("Defendants" and/or Answering Defendants"), by their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, hereby files its Answer to Adversary Complaint ("Complaint") and allege and states as follows:

## SUMMARY OF THIS ACTION[1]

1. Notwithstanding the narrative character of this paragraph, Defendant denies any allegations which may be contained therein as either not true or not supported by applicable law, for the reasons set forth in the following portions of Defendant's Answer and Affirmative Defenses.

2. Defendants deny each and every allegation set forth in paragraph "2" of the Complaint.

3. Defendants deny each and every allegation set forth in paragraph "3" of the Complaint.

## JURISDICTION AND VENUE

4. Defendant admits this is a civil proceeding under 11 U.S.C. § 542 and 29 U.S.C. § 1132(a)(3), arising under title 11 and arising in a case under the Bankruptcy Code, within the meaning of 28 U.S.C. § 1334. Defendant admits that this adversary proceeding is brought pursuant to Fed. R. Bankr. P. 7001.

5. Defendant admits that this Court has jurisdiction over some of the claims asserted herein pursuant to 28 U.S.C. §§ 157 and 1334. Defendant denies that this is a core proceeding under 28 USC 157(b)(2). If anything, some of the claims alleged in this proceeding may be

---

[1] Any headings used herein are intended to track those of the Complaint and are for ease of reference only. No substantive admission is intended by Defendant by the use of any such headings.

- 2 -

related to the Debtor's bankruptcy case. As to all such claims, Defendant respectfully declines to consent to the entry of final orders and judgments by the Bankruptcy Court.

6. Defendant admits this Court has personal jurisdiction over Defendant's pursuant to Bankruptcy Rule 7004(f) and 29 U.S.C. § 1132.

## THE PARTIES

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "7" of the Complaint and therefore denies such allegation.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "8" of the Complaint and therefore denies such allegations.

9. Defendants admit each and every allegation set forth in paragraph "9" of the Complaint.

10. Defendants admit each and every allegation set forth in paragraph "10" of the Complaint.

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "11" of the Complaint and therefore denies such allegations.

## FACTUAL ALLEGATIONS

A. **The Contractual Relationship Between Presley and Lexington**

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "12" of the Complaint and therefore denies such allegations.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "13" of the Complaint and therefore denies such allegations.

14. Defendants admit each and every allegation set forth in paragraph "14" of the Complaint.

15. Defendants admit each and every allegation set forth in paragraph "15" of the Complaint.

16. Defendants admit each and every allegation set forth in paragraph "16" of the Complaint.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "17" of the Complaint and therefore denies such allegations.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "18" of the Complaint and therefore denies such allegations. Defendants respectfully refer the Court to the document referenced for the terms and wording therein.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "19" of the Complaint and therefore denies such allegations. Additionally, Defendants respectfully refer the Court to the document referenced for the terms and wording therein.

20. Defendants deny each and every allegation set forth in paragraph "20" of the Complaint

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "21" of the Complaint and therefore denies such allegations.

22. Defendants admit each and every allegation set forth in paragraph "22" of the Complaint.

23. Defendants deny the allegations as phrased in each in paragraph "23" of the Complaint.

B.   **The Settlement Amount**

24.   Defendants admit each and every allegation set forth in paragraph "24" of the Complaint. Additionally, Defendants respectfully refer the Court to the document referenced for the terms and wording therein.

25.   Defendants admit each and every allegation set forth in paragraph "25" of the Complaint.

26.   Defendants deny the allegations as phrased in paragraph "26" of the Complaint. Additionally, Defendants respectfully refer the Court to the document referenced for the terms and wording therein.

27.   Defendants deny the allegations as phrased in paragraph "27" of the Complaint.

28.   Defendants admit each and every allegation set forth in paragraph "28" of the Complaint.

29.   Defendants admit each and every allegation set forth in paragraph "29" of the Complaint.

30.   Defendants deny each and every allegation set forth in paragraph "30" of the Complaint.

C.   **The Plan's Demand for the Subrogation Funds.**

31.   Defendants admit each and every allegation set forth in paragraph "31" of the Complaint.

32.   Defendants deny the allegations as phrased in paragraph "32" of the Complaint.

33.   Defendants admit each and every allegation set forth in paragraph "33" of the Complaint.

34. Defendants deny each and every allegation set forth in paragraph "34" of the Complaint.

35. Defendants deny the allegations as phrased in paragraph "35" of the Complaint.

## COUNT I

### (Turnover Pursuant to Section 542 of the Bankruptcy Code)

36. No response required.

37. Defendants deny each and every allegation set forth in paragraph "37" of the Complaint. Additionally, Defendants respectfully refer the Court to the document referenced for the terms and wording therein.

38. No response required. Additionally, Defendants respectfully refer the Court to the document referenced for the terms and wording therein.

39. Defendants deny each and every allegation set forth in paragraph "38" of the Complaint. Additionally, Defendants respectfully refer the Court to the document referenced for the terms and wording therein.

## COUNT II

### (Declaratory Judgment That Defendants have Violated the Plan's Rights to Reimbursement And An Injunction Directing Defendants To Immediately Pay To Plaintiffs, In Full, The Subrogation Funds And All Accrued Interest Thereon)

40. No response required.

41. Defendants admit each and every allegation set forth in paragraph "41" of the Complaint.

42. Defendants deny each and every allegation set forth in paragraph "42" of the Complaint.

43. Defendants deny the allegations as phrased in paragraph "43" of the Complaint.

44. Defendants deny each and every allegation set forth in paragraph "44" of the Complaint.

45. Defendants deny each and every allegation set forth in paragraph "45" of the Complaint. Additionally, Defendants respectfully refer the Court to the document referenced for the terms and wording therein.

46. Defendants admit each and every allegation set forth in paragraph "46" of the Complaint. Additionally, Defendants respectfully refer the Court to the document referenced for the terms and wording therein.

47. Defendants deny each and every allegation set forth in paragraph "47" of the Complaint.

## COUNT III

### (Defendants McGowan and McGowan Hood Have Tortiously Interfered With The Contractual Relations Between The Plan And Presley)

48. No response required.

49. Defendants admit each and every allegation set forth in paragraph "49" of the Complaint. Additionally, Defendants respectfully refer the Court to the document referenced for the terms and wording therein.

50. Defendants admit each and every allegation set forth in paragraph "50" of the Complaint. Additionally, Defendants respectfully refer the Court to the document referenced for the terms and wording therein.

51. Defendants deny the allegations as phrased in paragraph "51" of the Complaint. Additionally, Defendants respectfully refer the Court to the document referenced for the terms and wording therein.

52. Defendants admit each and every allegation set forth in paragraph "52" of the

Complaint.

53. Defendants deny and every allegation set forth in paragraph "53" of the Complaint.

54. Defendants deny the allegations as phrased in paragraph "54" of the Complaint.

55. Defendants deny each and every allegation set forth in paragraph "55" of the Complaint.

56. Defendants deny each and every allegation set forth in paragraph "56" of the Complaint.

57. Defendants deny each and every allegation set forth in paragraph "57" of the Complaint.

58. Defendants deny each and every allegation set forth in paragraph "58" of the Complaint.

## COUNT IV

**(Defendants Have Converted The Subrogation Funds In
Which Defendants Acknowledged The Plan has an Interest)**

59. No response required.

60. Defendants deny the allegation as phrased in paragraph "60" of the Complaint

61. Defendants deny each and every allegation as set forth in paragraph "61" of the Complaint.

62. Defendants admit each and every allegation set forth in paragraph "62" of the Complaint.

63. Defendants deny each and every allegation set forth in paragraph "63" of the Complaint.

64. Defendants deny and every allegation set forth in paragraph "64" of the

- 8 -

Complaint.

## COUNT V

### (ERISA And State law Promissory Estoppel)

65. No response required.

66. Defendants deny each and every allegation set forth in paragraph "66" of the Complaint.

67. Defendants deny and every allegation set forth in paragraph "67" of the Complaint.

68. Defendants deny and every allegation set forth in paragraph "68" of the Complaint.

69. Defendants admit each and every allegation set forth in paragraph "69" of the Complaint.

70. Defendants deny and every allegation set forth in paragraph "70" of the Complaint.

## COUNT VI

### (Constructive Trust Under 29 U.S.C. § 1132(a)(3))

71. No response required.

72. Defendants deny each and every allegation set forth in paragraph "72" of the Complaint. Additionally, Defendants respectfully refer the Court to the document referenced for the terms and wording therein.

73. Defendants deny each and every allegation set forth in paragraph "73" of the Complaint. Additionally, Defendants respectfully refer the Court to the document referenced for the terms and wording therein.

74. Defendants deny each and every allegation set forth in paragraph "74" of the Complaint.

## PRAYER FOR RELIEF

Notwithstanding the narrative character of this paragraph, Defendant denies any allegations and prayers for relief contained therein as either not true or not supported by applicable law, for the reasons set forth in the following portions of Defendant's Answer and Affirmative Defenses.

## AFFIRMATIVE DEFENSES[2]

### FIRST AFFIRMATIVE DEFENSE--FAILURE TO STATE A CLAIM

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE--STATUTE OF LIMITATIONS

2. One or more of the claims or causes of action asserted in the Complaint are barred under the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE--EQUITABLE DEFENSES

3. One or more of the claims or causes of action asserted in the Complaint are barred under the doctrines of laches, estoppel, unclean hands, and/or in pari delicto.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred because, upon information and belief, the funds which were used to make one or more of the alleged transfers were not the property of the Debtor.

---

[2] The inclusion of any "defense" herein which is not otherwise an "Affirmative Defense" is not intended by Defendant to assume the burden of proof for any element or claim which is otherwise the obligation of Plaintiff. Rather, such inclusion is intended for the convenience of the Court and parties in order to identify those issues that are relevant to this action. Moreover, by setting forth herein certain Affirmative Defenses, Defendant does not waive its right to assert additional defenses as the facts in this action develop.

### FIFTH AFFIRMATIVE DEFENSE

5. Any damages sustained by the Plaintiff were a result of the acts or omissions of third persons or entities over whom the Answering Defendant exercised no control.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff failed to mitigate their damages.

### SEVENTH AFFIRMATIVE DEFENSE

7. Answering Defendant reserve the right to allege such other and further defenses as they may discover in the course of the defense of this action.

**WHEREFORE**, Defendants respectfully request that the Court enter judgment dismissing the Complaint with prejudice, and awarding Defendants costs, interest, attorney fees, and such other relief as the Court may deem appropriate

Dated:   New York, New York
         June 19, 2011

        **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
By: */s/ Thomas W. Hyland*
Thomas W. Hyland
Andrew R. DiConza
150 East 42nd Street
New York, NY 10017-5639
(212)-915-5690 (Telephone)
(212)-490-3038 (Facsimile)
Thomas.Hyland@wilsonelser.com
Andrew.DiConza@wilsonelser.com


Attorneys for Defendants
*Chad McGowan, Esq. and McGowan Hood & Felder, LLC*

## CERTIFICATE OF SERVICE

Thomas W. Hyland, an attorney duly admitted to practice before this Court in this matter, hereby certifies that on June 20, 2011, I caused a true and correct copy of the foregoing pleading to be served upon plaintiff's counsel by electronic mail and by the Court's CM/ECF system upon all other parties in interest.

Dated: June 20, 2011

                        **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
By: /s/ Thomas W. Hyland
Thomas W. Hyland
150 East 42nd Street
New York, NY 10017-5639
(212)-915-5690 (Telephone)
(212)-490-3038 (Facsimile)
Thomas.Hyland@wilsonelser.com