Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
150 East 42nd Street
New York, New York 10017
Telephone: (212) 490-3000
Facsimile: (212) 490-3038
Thomas W. Hyland
Anastasios P. Tonorezos
Andrew R. DiConza

*Attorneys for Defendants*
*Chad McGowan, Esq. and McGowan*
*Hood & Felder, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEXINGTON PRECISION CORP., et al.,<br><br>Reorganized Debtors. | Chapter 11 Case No.<br>08-11153(SCC)<br><br>(Jointly Administered) |
| TRUSTEE OF LEXINGTON PRCISION CORPORATION GROUP MEDICAL CARE PLAN<br><br>and<br><br>LEXINGTON PRECISION CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>CHAD MCGOWAN, ESQ., MCGOWAN HOOD & FELDER, LLC, AND JUSTIN E. PRESLEY<br><br>Defendants. | Adv. Proc. No. 11-02103 (SCC) |

**MEMORANDUM OF LAW IN OPPOSITION TO THE TRUSTEE OF LEXINGTON PRECISION CORPORATION GROUP MEDICAL CARE PLAN AND LEXINGTON PRECISION CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

4744814v.1

Defendants, CHAD MCGOWAN, ESQ. and MCGOWAN HOOD & FELDER, LLC (hereafter collectively referred to as "McGowan" or "Defendants"), by their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, hereby submit their opposition to Lexington Precision Corporation ("Lexington") and the Lexington Precision Corporation Group Medical Plan's (the "Plan") (collectively "Plaintiffs") motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7056 of the Federal Rules of Bankruptcy for the Southern District of New York.

## STATEMENT OF FACTS

The Court is respectfully referred to McGowan's Response to Plaintiffs' 56.1 Statement as well as the Declaration of Chad McGowan dated September 13, 2011 for a statement of facts.

## ARGUMENT

Plaintiffs' motion for summary judgment incorrectly places two independent defendants into a single category setting forth an identical set of allegations. The motion does not draw any distinction between the parties and does not recognize or address that McGowan and McGowan Hood ("McGowan") have completely independent defenses and stand in separate shoes than other defendants.

We shall address those deficiencies seriatim. Preliminarily, however, it is appropriate at this juncture to review the general principles governing summary judgment to facilitate this Honorable Court's task in determining whether Lexington has met the criteria for such relief under Fed. R. Civ. P. 56. Those criteria are well established and summary adjudication is reserved only for a case in which the rule's criteria are clearly satisfied. This is not such a case.

In light of the remedy being a drastic one Selva & Sons, Inc., v. Nina Footwear, Inc., 705 F. 2d 1316, 1323 (Fed. Cir 1983), movant bears the burden of proving there is no material factual

issue genuinely in dispute and that he is entitled to judgment as a matter of law. American Int'l Group, Inc. v. London Am. Int't Corp., Ltd.,, 664 F.2d 348, 351 (2d Cir. 1981); Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1319-20 (2d Cir. 1975); Friedman v. Meyers, 482 F.2d 435, 438-39 (2d Cir. 1973). In so doing, movant must prove that there is no credibility issue concerning any material fact. Schoenbaum v. Firstbrook, 405 F.2d 215, 218 (2d Cir. 1968), cert. denied sub nom Manley v. Schoenbaum, 395 U.S. 906 (1969); Colby v. Klune, 178 F.2d 872, 873 (2d Cir 1946).

The movant's burden can be satisfied only by evidence in admissible form and not by conclusory assertion. Sartor v. Ark. Natural Gas Corp., 321 U.S. 620, 624-25 (1944); Holtz v. Rockefeller & & Co., 258 F.3d 62, 73-73 (2001); Kletschka v. Driver, 411 F.2d 436 (2d Cir. 1969); 11 Jeffrey W. Stempel, Moore's Fed. Practice, P 56.11 (3d ed. 1997) Thus, self-serving statements in a memorandum may not be considered. British Airways Board v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978); Schoenbaum v. Firstbrook, 268 F. Supp. 385, 390 (S.D.N.Y. 1967), aff'd in part, rev'd in part on other grounds, 405 F.2d 215 (2d Cir. 1968) cert. denied sub nom Manley v. Schoenbaum, 395 U.S. 906 (1969); United States v. Malkin, 317 F. Supp. 612, 614 (E.D.N.Y. 1970).

The Court should resolve all ambiguities and draw all reasonable inferences against movant. Reail Clerks Union Local 648 v. Hub Pharmacy, 707 F. 2d 1030, 1033 (9th Cir. 1983); American Int'l. Group, Inc. v. London Am. Int'l Corp., Ltd.., 664 F.2d 348, 351 (2d Cir. 1981) and summary judgment is inappropriate where conflicting inferences can be drawn from the facts. Robertson v. Seidman & Seidman, 609 F.2d 583, 591 (2d Cir. 1979); Sperry v. Barggren, 523 F.2d 708, 710 (7th Cir 1975); Benjamin v. Western Boat Building Corp., 475 F.2d 1085, 1086 (9th Cir. 1973). If the party opposing the motion "generates uncertainty as to the true state

of any material fact, the procedural weapon of summary judgment is inappropriate" Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 444-45 (2d Cir 1980).

Summary judgment is likewise improper when the court merely believes that the opposing party is unlikely to prevail on the merits after trial. Jaroslawicz v. Seedman, 528 F.2d 727, 731 (2d Cir. 1975); FLL1 Moretti Cereali v. Continental Grain Co., 563 F.2d 563, 565 (2d Cir. 1977). The responsibility of a court on the motion is issue determination, not issue resolution. American Int'l. Group, Inc. v. London Am. Int'l Corp., Ltd.., 664 F.2d 348, 351 (2d Cir. 1981); United States v. Matheson, 532 F. 2d 809, 813 (2d Cir. 1976); Jaroslawicz v. Seedman, 528 F.2d 727, 731 (2d Cir. 1975); in other words, there should not be "trial by affidavit" Colby v. Klune, 178 F.2d 872, 873 (2d Cir. 1946).

### PLAINTIFFS' MOTION MUST BE DENIED AS MCGOWAN AND HIS LAW FIRM ARE NOT RESPONSIBLE FOR ANY PAYMENT TO PLAINTIFFS

McGowan was not a participant, beneficiary, or fiduciary under the Plan, and thus, is not responsible for payments towards the Plan's Subrogation lien. (See Hotel Employees & Rest. Employees Int'l Union Welfare Fund v. Gentner, 50 F.3d 719, 721 (9th Cir. 1994) (absent a specific statutory directive, a beneficiary's attorney is not bound to the terms of a client's subrogation agreement to which he is not a signatory), citing Travelers Ins. Co. v. Haden, 418 A.2d 1078, 1084-85 (D.C. 1980) (determining that absent an express or implied contract with the beneficiary's attorney, an insurer cannot hold the attorney liable for disbursing settlement proceeds to the beneficiary); Michigan Mut. Ins. Co. v. Smoot, 128 F. Supp. 2d 917, 924 (E.D. Va. 2000)(granted attorneys' motion to dismiss the Carrier's breach of duty claim, because attorneys did not owe duty to the Carrier or have a duty to protect the Carrier's claim against the settlement proceeds and ensure that the Carrier was reimbursed); see E. States Health & Welfare Fund v. Philip Morris V. Puerto Rican Ilgwu Health & Welfare Fund, 11 F. Supp. 2d 384, 405

- 4 -

4744814v.1

(S.D.N.Y. 1998) (the key to understanding the preemptive force of ERISA is recognizing that ERISA "comprehensively regulates certain relationships: for instance, the relationship between plan and plan member, between plan and employer, between employer and employee (to the extent an employee benefit plan is involved), and between plan and trustee); see also Blue Cross v. Travaline, 398 Mass. 582, 499 N.E.2d 1195, 1200 (Mass. 1986) (holding that unless funds or property received by an attorney are earmarked for the insurer or a statute requires otherwise, the "attorney is not required to serve as a collection agent for his client's insurance carrier"); see also Great Am. Ins. Co. v. Spoden, 316 N.W.2d 740, 743 (Minn. 1982) (concluding that beneficiary's law firm is not liable because it has no duty to preserve insurance carrier's subrogation interest); see also Hartford Accident & Indem. Co. v. Rogers, 96 Nev. 576, 613 P.2d 1025, 1027 (Nev. 1980) (finding that absent a professional relationship between a beneficiary's attorney and insurer, the insurer has no action against the attorney to recover proceeds of a check sent for payment of the beneficiary's hospital bills).

In Hotel Employees, plaintiff Union Fund alleged that the defendant attorney failed to honor a subrogation agreement obligating defendant's client to reimburse plaintiff for medical expenses paid by plaintiff pending the resolution of defendant's client's personal injury case. Hotel Employees, 50 F.3d at 720. The court held that a subrogation agreement or lien can be enforced against the attorney only if the attorney agrees with the client and creditor to protect the lien. Id. The court further held that the mere notice or knowledge of the subrogation agreement or lien does not constitute an implied contract. Id. citing Travelers, 418 A.2d at 1085.

Here, as in Hotel Employees, McGowan is not liable to Lexington under ERISA because McGowan had no professional or contractual relationship with the Plan. Hotel Employees, 50 F.3d at 723. It is not disputed that at the time of the underlying accident, and prior to Presley's

retention of McGowan, Presley was employed at Lexington Precision Corporation (hereafter "Lexington) and was a member of Lexington Precision Corporation Medical Care Plan (hereafter the "Plan"). (See Plaintiff's Statement of Facts ¶¶ 4-5). It is also undisputed that McGowan was not a party or a signatory to the Plan entered into by and between Presley and Lexington pursuant to Presley's employment with Lexington. (See Plaintiff's Exhibit "A"). It is also not in dispute that McGowan never executed any document recognizing any rights the Plan may have against the Settlement Funds. (See McGowan Decl. ¶8). Accordingly, McGowan is not bound by the terms of the Plan and is not liable to Lexington for funds allegedly owed by Mr. Presley.

Additionally, Lexington cannot argue that McGowan received any benefits under the Plan as McGowan is currently holding $150,000 is trust while the remaining $49,911.94 of the funds were distributed to Mr. Presley soon after settlement. (See McGowan Decl. ¶ 14). The only reason $150,000 (75%) of the $199,911.94 in medical expenses was held in trust was because of McGowan's reasonable expectation that Lexington had policy provisions allowing for a reasonable deduction to Mr. Presley. (See McGowan Decl. ¶ 13). The $150,000 held in trust by McGowan was not held at the request of Lexington or pursuant to any notice that Lexington provided McGowan to hold certain amounts in trust.

Lexington has not and cannot provide any evidence that McGowan was ever notified, prior to distribution of the Settlement Funds, of any purported obligation to retain certain funds for the subrogation lien or that the Plan was seeking 100% reimbursement. (See McGowan Decl. ¶¶ 9,10,12,17 ). Even assuming *arguendo* McGowan was notified of the Plans provisions and its intentions of collecting 100% of its lien, McGowan is still not liable to Lexington for the remaining amount. Supra Michigan Mut. Ins. Co., 128 F. Supp. 2d at 924 (granting attorneys' motion to dismiss because attorneys did not have a duty to protect the Carrier's claim against the

settlement proceeds). Finally, it is clear Plaintiffs did not provide a copy or advise of the Plan's provisions relating to subrogation of liens and did not communicate a specific amount of subrogation until after the settlement was finalized and the funds dispersed to Mr. Presley. (See McGowan Decl. ¶15).

Accordingly, as McGowan is not the collection agent for Lexington and had no contractual or implied duty to preserve Lexington's subrogation interest, Lexington cannot sustain any cause of action against McGowan. The only legal inference provided by Plaintiffs suggests that certain clauses are enforceable by good faith assignees against sophisticated parties to a lease. (See Plaintiffs' Memorandum of Law page 6-7, citing, Wells Fargo Bank, N.A. v. Brooks America Mortgage Corp., 419 F.3d 107 (2nd Cir. 2005))[1]. Plaintiffs' reliance on Wells Fargo is misplaced. Here, Mr. McGowan and his law firm were not parties to a contract. The rules of professional conduct and ethics applicable to South Carolina attorneys do not simply allow the disbursement of client funds without the client's consent or a court order. Mr. Presley never gave his consent and there is no court order.

Therefore, Lexington's summary judgment is inappropriate as conflicting inferences can be drawn from the facts of this case. Robertson v. Seidman & Seidman, 609 F.2d 583, 591 (2d Cir. 1979). In fact, it is clear from the law cited herein that if summary judgment is appropriate, the claims against McGowan must be dismissed as there is no question that McGowan does not owe any duty to Plaintiffs.

---

[1] Although Plaintiffs' cite to Second Circuit law, it is apparent that substantive law of South Carolina should apply to this claim as the underlying litigation was commenced, litigated, and settled in South Carolina, and the situs of Mr. Presley's underlying accident and presumably his medical care was South Carolina. Accordingly, South Carolina law and Fourth Circuit case law are among those jurisdictions cited herein.

WHEREFORE, for the reasons stated above, Defendants respectfully request Plaintiffs' motion for summary judgment be denied.

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
By: /s/ Thomas W. Hyland
Thomas W. Hyland
Anastasios P. Tonorezos
Andrew R. DiConza
150 East 42nd Street
New York, NY 10017-5639
(212)-915-5690 (Telephone)
(212)-490-3038 (Facsimile)
Thomas.Hyland@wilsonelser.com

## CERTIFICATE OF SERVICE

Thomas W. Hyland, an attorney duly admitted to practice before this Court in this matter, hereby certifies that on September 13, 2011, I caused a true and correct copy of the foregoing pleading to be served upon plaintiff's counsel by mail and by the Court's CM/ECF system upon all other parties in interest.

Dated: September 13, 2011

                                              **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
By: */s/ Thomas W. Hyland*
    Thomas W. Hyland
    150 East 42nd Street
    New York, NY 10017-5639
    (212)-915-5690 (Telephone)
    (212)-490-3038 (Facsimile)
    Thomas.Hyland@wilsonelser.com

4744814v.1