Presentment Date: **Tuesday, October 18, 2011, at 12:00 p.m. (Eastern Daylight Time)**
Objection Deadline: **Monday, October 17, 2011, at 12:00 p.m. (Eastern Daylight Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Adam P. Strochak

Attorneys for the Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x
:
In re                                                                        :        Chapter 11
:
**LEXINGTON PRECISION CORP., et al.,**       :        Case No. 08-11153 (SCC)
:
Debtors.                                                           :        (Jointly Administered)
:
-----------------------------------------------------------------------x

**NOTICE OF REORGANIZED DEBTORS' MOTION
FOR A FINAL DECREE CLOSING THEIR CHAPTER 11
CASES PURSUANT TO SECTION 350(a) OF THE BANKRUPTCY
CODE, BANKRUPTCY RULE 3022, AND LOCAL BANKRUPTCY RULE 3022-1**

**PLEASE TAKE NOTICE** that, in accordance with the *Reorganized Debtors' Motion for a Final Decree Closing their Chapter 11 Cases Pursuant to Section 350(A) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Bankruptcy Rule 3022-1*, filed contemporaneously herewith (the "**Motion**"), Lexington Precision Corporation and Lexington Rubber Group, Inc. (together, the "**Reorganized Debtors**") will present the proposed order annexed to the Motion as Exhibit B (the "**Proposed Order**") to Honorable Shelley C. Chapman, United States Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), for signature on **Tuesday, October 18, 2011 at 12:00 p.m. (Eastern Daylight Time)**.  If no objections or responses are timely and properly interposed, the Bankruptcy Court may enter the Proposed Order without a hearing.

**PLEASE TAKE FURTHER NOTICE** that any objections or responses to the Motion, if any, must (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York; and (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefore.  Any objections or responses must be filed with the Bankruptcy Court no later than **Monday, October 17, 2011 at 12:00 p.m. (Eastern Daylight Time)** (the "**Objection Deadline**").  In accordance with General Order M-242, registered users of the Bankruptcy Court's case filing system must file their objections and responses electronically.  General Order M-242 may be found at www.nysb.uscourts.gov.  All other parties-in-interest must file their objections and responses with the Bankruptcy Court on a 3.5 inch floppy disk (preferably in Portable Document Format

(PDF), WordPerfect, or any other Windows-based word processing format) and deliver a hard copy directly to the chambers of the Honorable Shelley C. Chapman.

**PLEASE TAKE FURTHER NOTICE** that all objections and responses must be served so as to be received no later than the Objection Deadline, upon: (a) the Reorganized Debtors, Lexington Precision Corporation, 800 Third Ave. 15th Floor, New York, New York 10023 (Attn: Michael A. Lubin); (b) the attorneys for the Reorganized Debtors, Weil, Gotshal & Manges LLP, 1300 Eye Street, NW, Suite 900, Washington, DC 20005 (Attn: Adam P. Strochak), 767 Fifth Avenue, New York, New York 10153 (Attn: Marvin Mills); and (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg).

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely and properly filed, a hearing will be held at the Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, at a date and time to be established by the Bankruptcy Court. If a hearing is necessary, the Reorganized Debtors will provide notice of the hearing when a date and time is set. The moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: October 10, 2011
      New York, New York

                                    /s/ Adam P. Strochak

                                    Adam P. Strochak
                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for the Reorganized Debtors

**Presentment Date: Tuesday, October 18, 2011, at 12:00 p.m. (Eastern Daylight Time)**
**Objection Deadline:  Monday, October 17, 2011, at 12:00 p.m. (Eastern Daylight Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Adam P. Strochak

Attorneys for the Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                                                        :
In re                                                                   :   Chapter 11
                                                                        :
**LEXINGTON PRECISION CORP., et al.,**                                  :   Case No. 08-11153 (SCC)
                                                                        :
      Debtors.                                                          :   (Jointly Administered)
                                                                        :
------------------------------------------------------------------------x

### REORGANIZED DEBTORS' MOTION FOR A FINAL DECREE CLOSING THEIR CHAPTER 11 CASES PURSUANT TO SECTION 350(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3022, AND LOCAL BANKRUPTCY RULE 3022-1

Lexington Precision Corporation ("**Lexington**") and Lexington Rubber Group, Inc. (together, the "**Reorganized Debtors**"), submit this motion (the "**Motion**"), and respectfully represent:

**RELIEF REQUESTED**

1. By this Motion, the Reorganized Debtors request entry of a final decree closing the above-captioned chapter 11 cases pursuant to section 350(a) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3022-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**").  In support of the Motion, the Reorganized Debtors rely upon the closing report, dated October 10, 2011, attached hereto as

**Exhibit A** (the "**Closing Report**"). A proposed form of final decree is attached hereto as **Exhibit B**.

## BACKGROUND

2. On April 1, 2008 (the "**Commencement Date**"), each of the Reorganized Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Chapter 11 Cases were consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee or examiner has been appointed in the Chapter 11 Cases.

3. Pursuant to an order of the Court, dated, April 2, 2008, the Reorganized Debtors retained Epiq Bankruptcy Solutions, LLC ("**Epiq**") as their claims agent.

4. On July 21, 2010, the Court entered an order (the "**Confirmation Order**") confirming the *Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified*, dated May 26, 2010 (as modified, the "**Plan**").[1] On July 30, 2010, the Effective Date occurred and the Plan was substantially consummated. No party filed an appeal, timely or otherwise, with respect to confirmation of the Plan and, accordingly, the Confirmation Order became a final order on July 30, 2010.

5. On May 17, 2011, Lexington and the Lexington Precision Corporation Group Medical Care Plan (the "**Plaintiffs**") commenced the adversary proceeding styled *Trustee of Lexington Precision Corp. Group Medical Plan v. McGowan (In re Lexington Precision Corp.)*, Adv. Proc. No. 11-02103 (SCC) (Bankr. S.D.N.Y.) (the "**Turnover Proceeding**"). On October 10, 2011, the Plaintiffs filed a settlement agreement that provides, among other things, that Lexington will withdraw its complaint, without prejudice, upon receipt of certain funds and approval of the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

settlement agreement by the Court.  The Court's decision regarding approval of the agreement is pending.

6. As of the date hereof, the Reorganized Debtors have resolved all disputed claims in the Chapter 11 Cases.

## CLOSING THE CHAPTER 11 CASES IS WARRANTED

7. In accordance with the Plan, the Reorganized Debtors have made all required distributions to holders of Allowed Administrative Expense Claims, Indenture Trustee Fee Claims, and Other Priority Claims as of the Effective Date.  Furthermore, beginning October, 2010, the Reorganized Debtors commenced making distributions to holders of Allowed General Unsecured Claims.

8. In accordance with Section 13.5 of the Plan, and pursuant to section 1930 of chapter 123 of title 28 of the United States Code, the Reorganized Debtors have paid to the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") all fees and accrued interest, if any, that accrued prior to the Effective Date.  The Reorganized Debtors also have paid the applicable quarterly fees incurred from the Effective Date through June 30, 2011.  Within ten business days of the date of entry of an order granting this Motion, the Reorganized Debtors will (i) provide the U.S. Trustee with all relevant disbursement information for the period between July 1, 2011 through the date that the final decree is entered, and (ii) pay any outstanding quarterly fees for such period.

## BASIS FOR RELIEF REQUESTED

9. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

10. The Advisory Committee Note to Bankruptcy Rule 3022 provides, in relevant part:

> Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.
>
> The court should not keep the case open only because of the possibility that the court's jurisdiction may be involved in the future. A final decree closing the case . . . does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code.

11. Courts generally use the six factors listed in the Advisory Committee Note to determine whether a case has been fully administered. See, e.g., In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc., 238 B.R. 531, 541 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether or not to close a case); In re Jay Bee Enter., Inc., 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (considering Advisory Committee Note factors); In re Mold Makers, Inc., 124 B.R. 766, 768-69 (Bankr. N.D. Ill.

1990) (same). Importantly, not all the factors set forth in the Advisory Committee Note need to be present to establish that a case is fully administered for final decree purposes. See id. at 768.

12. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether a chapter 11 plan has been substantially consummated. See, e.g., In re Gates Cmty. Chapel of Rochester, Inc., 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); Walnut Assocs. v. Saidel, 164 B.R. 487, 493 (E.D. Pa. 1994) (same). Section 1101 of the Bankruptcy Code defines "substantial confirmation" as:

> (A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan.

13. These chapter 11 cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing the cases. The Plan has been fully consummated and the order confirming the Plan became final on July 21, 2010. Following the entry of the Confirmation Order, the Reorganized Debtors worked diligently and in good faith to ensure that the conditions to the effectiveness of the Plan, as set forth in Article XI of the Plan, were met. On July 30, 2010, the Plan became effective. The Reorganized Debtors have since assumed control and management of the Debtors' businesses.

14. All property contemplated to be transferred or distributed under the Plan has been, or is in the process of being transferred or disbursed, including, among other things, cash payments to all creditors on account of their Allowed Claims, which Claims include, without limitation, Administrative Expense Claims, Indenture Trustee Fee Claims, Other Priority Claims, and General Unsecured Claims.

15. As of the date hereof, all motions, and contested matters have been finally resolved. The Turnover Proceeding has been resolved and will be dismissed upon Court approval of the settlement. Accordingly, the Chapter 11 Cases have been fully administered.

16. In addition, section 1930(a)(6) of title 28 of the United States Code requires that quarterly fees be paid to the U.S. Trustee after confirmation and consummation of a chapter 11 plan until a debtor's case is closed. Prompt entry of a final decree will minimize the Reorganized Debtors' obligation to pay further U.S. Trustee fees.

## CLOSING REPORT

17. The Closing Report has been filed and served upon the U.S. Trustee in accordance with Local Rule 3022-1, which report describes, among other things, the fees and expenses awarded to the Reorganized Debtors' attorneys and other professionals retained by the Reorganized Debtors in their chapter 11 cases.

## JURISDICTION AND VENUE

18. This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334. Moreover, pursuant to the Confirmation Order and the Plan, this Court has retained jurisdiction, among other things, to enter a final decree closing the Chapter 11 Cases. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## NOTICE

19. Although a final decree pursuant to Bankruptcy Rule 3022 may be entered without notice, see In re Greater Jacksonville Transp. Co., 169 B.R. 221, 224 (Bankr. M.D. Fla. 1994), the Reorganized Debtors have served a copy of this Motion on the (i) U.S. Trustee, and (ii) all other parties that have requested to receive notice in these Chapter 11 Cases. The Reorganized Debtors submit that no further notice of the relief requested is necessary or required under the circumstances.

**WHEREFORE,** the Reorganized Debtors respectfully request entry of a final decree, in the proposed form attached hereto, granting the relief requested herein and such other and further relief as is just.

Dated: October 10, 2011
      New York, New York

/s/ Adam P. Strochak
Adam P. Strochak

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:    (212) 310-8000
Facsimile:    (212) 310-8007

Attorneys for the Reorganized Debtors

**<u>Exhibit A</u>**

**Closing Report**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
:
In re                                                                   :     Chapter 11
                                                                        :
LEXINGTON PRECISION CORP., et al.,                                      :     Case No. 08-11153 (SCC)
                                                                        :
        Debtors.                                                       :     (Jointly Administered)
                                                                        :
------------------------------------------------------------------------x

TO THE CLERK OF THE BANKRUPTCY COURT:

        This closing report is prepared and filed in accordance with the requirements of Local Bankruptcy Rule 3022-1 of the United States Bankruptcy Court for the Southern District of New York.

## PROFESSIONAL FEES AND EXPENSES

        1.    On April 1, 2008 (the "**Commencement Date**"), Lexington Precision Corporation and Lexington Rubber Group, Inc. (together, the "**Reorganized Debtors**"), each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Chapter 11 Cases**").

        2.    On July 21, 2010 (the "**Confirmation Date**"), the Court entered an order (the "**Confirmation Order**") confirming the *Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified*, dated May 26, 2010 (as modified, the "**Plan**").[1]

        3.    The following fees and expenses of professionals (excluding ordinary course professionals), for services rendered beginning from the Commencement Date to the Effective Date of the Plan, were approved for payment pursuant to orders of the Court:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

| Professional | Fees Allowed | Expenses Allowed | Total |
|---|---|---|---|
| **Weil, Gotshal & Manges LLP** | $2,723,609.99 | $84,727.76 | $2,808,337.75 |
| **W. Y. Campbell & Company** | $1,400,000.00 | $71,993.86 | $1,471,993.86 |
| **Andrews Kurth LLP** | $1,857,011.00 | $209,378.18 | $2,066,389.18 |
| **Stout Risius Ross, Inc.** | $1,154,193.55 | $25,943.62 | $1,180,137.17 |

### STEPS TAKEN TO CONSUMMATE PLAN

4. The conditions to the effectiveness of the Plan were either waived or satisfied and the Plan was substantially consummated in accordance with its terms on July 30, 2010 (the "**Effective Date**").

5. In addition, the Reorganized Debtors have made or are in the process of making distributions to all creditors entitled to receive such distributions on account of their Allowed Claims, including, without limitation, the holders of Administrative Expense Claims, Indenture Trustee Fee Claims, and General Unsecured Claims Claims in Class 7 (General Unsecured Claims against LPC) and Class 17 (General Unsecured Claims against LRGI).

Dated: October 10, 2011
      New York, New York

                                     /s/ Adam P. Strochak
                                     Adam P. Strochak

                                     WEIL, GOTSHAL & MANGES LLP
                                     767 Fifth Avenue
                                     New York, New York 10153
                                     Telephone:   (212) 310-8000
                                     Facsimile:    (212) 310-8007

                                     Attorneys for Debtors
                                     and Debtors in Possession

**<u>Exhibit B</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
In re                                                             :     Chapter 11
                                                                  :
**LEXINGTON PRECISION CORP., et al.,**                            :     Case No. 08-11153 (SCC)
                                                                  :
           Debtors.                                               :     (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

**FINAL DECREE CLOSING
THE REORGANIZE DEBTORS' CHAPTER 11 CASES
PURSUANT TO SECTION 350(a) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 3022, AND LOCAL BANKRUPTCY RULE 3022-1**

Upon the motion (the "**Motion**"),[1] of Lexington Precision Corporation and Lexington Rubber Group, Inc. (together, the "**Reorganized Debtors**") for entry of a final decree closing the chapter 11 cases of the Debtors pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Bankruptcy Rule 3022-1, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion; the Court hereby finds and determines that (a) the relief sought in the Motion and granted herein is in the best interests of the Reorganized Debtors, their estates and creditors, and all parties in interest, (b) due and proper notice of the Motion has been given, and (c) the legal and factual

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

bases set forth in the Motion demonstrate sufficient and just cause for the relief granted herein; therefore, it is

ORDERED that, pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the chapter 11 cases of the Reorganized Debtors are hereby closed, **provided**, **however**, that the Court shall retain such jurisdiction as is provided in Article XII (Retention of Jurisdiction) of the Plan, and the entry of this final decree is without prejudice to the rights of the Reorganized Debtors or any party in interest to seek to reopen these chapter 11 cases for good cause shown.

Dated: October __, 2011

---

HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE